LATHAM & WATKINS LLP
Wayne S. Flick (Bar No. 149525)
  wayne.s.flick@lw.com
Manuel A. Abascal (Bar No. 171301)
  manny.abascal@lw.com
James H. Moon (Bar No. 268215)
  james.moon@lw.com
Kristin P. Housh (Bar No. 286651)
  kristin.housh@lw.com
Robin A. Kelley (Bar No. 287696)
  robin.kelley@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, California  90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

AMERICAN IMMIGRATION COUNCIL
Melissa Crow (*pro hac vice* pending)
  mcrow@immcouncil.org
Karolina Walters (*pro hac vice* pending)
  kwalters@immcouncil.org
Kathryn Shepherd (*pro hac vice* pending)
  kshepherd@immcouncil.org
1331 G Street, NW, Suite 200
Washington, DC  20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy (*pro hac vice* pending)
  bazmy@ccrjustice.org
Ghita Schwarz (*pro hac vice* pending)
  gschwarz@ccrjustice.org
Angelo Guisado (*pro hac vice* pending)
  aguisado@ccrjustice.org
666 Broadway, 7th Floor
New York, NY  10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>John F. Kelly, *et al.*,<br><br>       Defendants. | Case No.: 2:17-cv-5111<br><br>**NOTICE OF RELATED CASE**<br><br>**[L.R. 83-1.3]**<br><br>[C.D. Cal. Case No. 2:13-cv-03972-JAK-PLA] |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 83-1.3.1, Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, and Jose Doe (collectively, "Plaintiffs") hereby give notice to the Court and all parties of the previously filed action, *Lopez-Venegas v. Johnson*, No. 2:13-cv-03972-JAK-PLA, filed in the United States District Court for the Central District of California and assigned to the Honorable John A. Kronstadt. While Plaintiffs are not certain that the *Lopez-Venegas* action is related to the present case, Plaintiffs have filed this notice out of an abundance of caution as both cases involve allegations of U.S. immigration officers engaging in coercive practices to deny noncitizens rights under U.S. immigration laws. *Cf.* L.R. 83-1.3.1(a)-(b) (notice of related case to be filed when cases "arise from the same or a closely related transaction, happening, or event" or "call for determination of the same or substantially related or similar questions of law and fact").

In *Lopez-Venegas*, the plaintiffs challenged a pattern and practice of coercive tactics used by immigration officers in Southern California to convince noncitizens to accept an "administrative voluntary departure" to Mexico. Among other claims, the plaintiffs alleged that agents of the U.S. Border Patrol, a law enforcement arm of U.S. Customs and Border Protection ("CBP"), used threats and misstatements to pressure noncitizens to accept voluntary departure. For example, the plaintiffs alleged that Border Patrol agents would falsely tell noncitizens that they would be incarcerated for months if they did not agree to voluntary departure. The plaintiffs alleged claims for violations of the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.* ("INA"); the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.* ("APA"); and the Due Process Clause of the Fifth Amendment to the U.S. Constitution. The final settlement executed by the parties in *Lopez-Venegas* implemented specific procedural changes to the federal government's voluntary

departure practices, including requiring immigration officials to provide noncitizens oral advisals of the consequences of accepting voluntary departure, as well as access to resources – such as an advisal hotline and contact information for free legal service providers – during the voluntary departure process.

In the present case, Plaintiffs challenge the practices of CBP officers and other government officials in systematically denying asylum seekers access to the U.S. asylum process at various ports of entry along the U.S.-Mexico border. Like the class in *Lopez-Venegas*, Plaintiffs assert violations of the INA, APA, and Fifth Amendment Due Process Clause. While the present case challenges different procedural practices and addresses separate provisions of the INA than those at issue in *Lopez-Venegas*, it nevertheless involves similar allegations of CBP officials using threats and misstatements – including the threat of incarceration – to deny noncitizens their rights under U.S. immigration laws. Specifically, Plaintiffs allege, among other claims, that CBP officers employed these illegal tactics to turn asylum seekers away at the border, instead of providing them access to the asylum process, or to coerce them into abandoning their requests for asylum entirely. Like the *Lopez-Venegas* plaintiffs, Plaintiffs here seek an injunction requiring CBP officials to reform their practices to come into compliance with U.S. laws and regulations.

Should this Court determine that the present case is related to the *Lopez-Venegas* action, Plaintiffs request that the above-captioned action be assigned to Judge John A. Kronstadt.

Dated: July 12, 2017

LATHAM & WATKINS LLP
Manuel A. Abascal
Wayne S. Flick
James H. Moon
Kristin P. Housh
Robin A. Kelley

By /s/ Manuel A. Abascal
Manuel A. Abascal

*Attorneys for Plaintiffs*