**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 17-5111-JFW (JPRx)**                    Date: November 21, 2017

Title:   Al Otro Lado, Inc., et al. -v- John F. Kelly

---

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
    None                                                        None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE [filed 10/25/17; Docket No. 71];**

    **ORDER DENYING WITHOUT PREJUDICE CLASS REPRESENTATIVES' UNOPPOSED MOTION TO PROCEED PSEUDONYMOUSLY [filed 10/16/17; Docket No. 61];**

    **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) [filed 10/12/17; Docket No. 58];**

    **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO STAY DISCOVERY OR GRANT PROTECTIVE RELIEF, PENDING DECISION ON MOTION TO DISMISS AND MOTION TO TRANSFER VENUE [filed 10/25/17; Docket No. 72]; and**

    **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [filed 11/13/17; Docket No. 98]**

    On October 25, 2017, Defendants Elaine C. Duke, Kevin K. McAleenan, and Todd C. Owen (collectively, "Defendants") filed a Motion to Transfer Venue ("Motion"). On November 6, 2017, Plaintiffs Al Otro Lado, Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, and Jose

Doe (collectively, "Plaintiffs") filed their Opposition.  On November 13, 2017, Defendants filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for November 27, 2017 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I.     Factual and Procedural Background

On July 12, 2017, Plaintiffs filed a Complaint in this Court, alleging claims for relief for: (1) violation of the Immigration and Nationality Act,8 U.S.C. § 1101, *et seq.;* violation of the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.*; (3) violation of the Fifth Amendment to the United States Constitution (Procedural Due Process); and (4) violation of the Non-Refoulement Doctrine.  In the Complaint, Plaintiffs allege that since late 2016, U.S. Customs and Border Protection ("CBP") officials have systematically prevented asylum seekers arriving at ports of entry along the United States-Mexico border from accessing the United States asylum process through misrepresentations, threats and intimidation, verbal and physical abuse, and coercion by border patrol agents.  Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, and Jose Doe (collectively, the "Class Representatives") are citizens of Mexico or Honduras who claim they arrived at a port of entry at the United States-Mexico border seeking asylum but were prevented from accessing the United States asylum process by CBP officials.  Five of the six Class Representatives sought entry into the United States at either the Otay Mesa or San Ysidro Ports of Entry, both of which are located within the Southern District of California.[1]

## II.    Legal Standard

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  28 U.S.C. § 1404(a).  The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  "Under § 1404(a), the district court has discretion to adjudicate motions for transfer 'according to an individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

"To support a motion for transfer the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice."[2]  *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp.

---

[1] Jose Doe sought entry at the Laredo Port of Entry, which is located within the Southern District of Texas.

[2] The parties do not dispute that this action might have been brought in the Southern District of California or that venue is proper in this District.  However, the parties dispute whether

503, 506 (C.D. Cal. 1992). Once the Court has determined that venue is proper in the transferor and transferee districts, the Court turns to "the central inquiry of a § 1404(a) motion" - the convenience of the parties and witnesses and the interests of justice." *Joe Boxer Corp. v. R. Siskind & Co., Inc.*, 1999 WL 429549, at *8 (N.D. Cal. June 8, 1999). In determining the convenience of the parties and witnesses and the interests of justice, the Court may consider multiple factors, including, *inter alia*: (1) the plaintiffs' choice of forum; (2) the respective parties' contacts with the forum; (3) the contacts relating to the plaintiffs' claims for relief in the chosen forum; (4) the ease of access to sources of proof; (5) familiarity of each forum with applicable law; and (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses. *See, e.g., Jones*, 211 F.3d at 498-99.

### III. Discussion

After applying the statutory and non-statutory factors to be considered in a Section 1404(a) transfer analysis, the Court concludes that those factors favor transfer of this case to the Southern District of California. Generally, courts afford the plaintiff's choice of forum substantial weight in a Section 1404(a) analysis. *See, e.g., Decker*, 805 F.2d at 843. However, in this case, Plaintiffs' choice of forum is given less weight because this is a class action. *See, e.g., Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum, . . . when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight"). In addition, Plaintiffs' choice of forum is entitled to minimal deference because this District has no interest in the parties or this action. Specifically, the conduct of the border patrol agents as alleged in the Complaint occurred almost exclusively in the Southern District of California; six of the seven Plaintiffs are non-citizens seeking asylum in the United States and have no ties to this District and the remaining Plaintiff, Al Otro Lado (with questionable standing), is a non-profit incorporated in California; Defendants are not residents of California; and the subject matter of this litigation lacks any meaningful connection to this District. *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009); *see also IP LLC v. Volkswagen Group of America, Inc.*, 2013 WL 9935572, *3 (C.D. Cal. May 10, 2013) ("The plaintiff's choice of forum is accorded less deference when, as here, the plaintiff pursues an action outside of its home forum"). For example, Plaintiffs have not alleged that any of the operative facts pertaining to this action occurred in this District. Instead, the systemic denial of access to the United States asylum process occurred primarily at the Otay Mesa or San Ysidro Ports of Entry, which are located in the Southern District of California. *See, e.g., CBD v. Kempthorne*, 2007 WL 2023515 (N.D. Cal. July 12, 2007) (holding that the plaintiffs' choice of forum was afforded no deference where the connection between the plaintiffs, the controversy, and the chosen forum was attenuated). Moreover, although Al Otro Lado has an office in this District, it conducts a significant portion of its work in Tijuana, Mexico, which borders the Southern District of California.

In addition, the Southern District of California appears to be the more convenient forum for both the parties and the witnesses. *Los Angeles Memorial Coliseum Commission v. National Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981) (holding that the convenience of the parties

---

the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice.

and the witnesses are often the most important factors considered by the Court when deciding a motion to transfer under Section 1404(a)).  In fact, the overwhelming majority of witnesses, including the border patrol agents at the Otay Mesa and San Ysidro Ports of Entry who allegedly denied the Class Representatives the opportunity to apply for asylum in the United States and Plaintiff Dinora Doe who is being detained at the Otay Mesa Port of Entry, are located in the Southern District of California.

Finally, "[c]onsideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'"  *Regents of the University of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir.1986) and citing *Allen v. Scribner*, 812 F.2d 426, 436-37 (9th Cir.1987)).  In this case, the overwhelming majority of the documentary evidence and the places of the Class Representatives' alleged injuries are located in the Southern District of California.  Accordingly, the Southern District of California is the forum that would provide the easiest access to the documents and other physical evidence necessary to defend this action.  In addition, the Southern District of California is more convenient for the parties and witnesses and the Southern District of California, which is located along the United States-Mexico border, has strong ties to the issues in this case.  Therefore, after carefully weighing all of the relevant factors, the Court concludes that transferring this case to the Southern District of California would promote the interest of justice and judicial economy by preventing "the waste of time, energy, and money and [protecting the] litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

## IV.     Conclusion

For all the foregoing reasons, Defendants' Motion is **GRANTED**.  This action is hereby **TRANSFERRED** to the United States District Court for the Southern District of California.

In light of this action being transferred to the Southern District of California, the Class Representatives' Unopposed Motion to Proceed Pseudonymously, Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants' Motion to Stay Discovery or Grant Protective Relief, Pending Decision on Motion to Dismiss and Motion to Transfer Venue, and Plaintiffs' Motion for Class Certification are **DENIED without prejudice**.

IT IS SO ORDERED.