CHAD A. READLER
Principal Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
GISELA A. WESTWATER
Assistant Director, NE Bar No. 21801
*gisela.westwater@usdoj.gov*
United States Department of Justice
Civil Division, Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4174
Facsimile: (202) 616-8962
Email: gisela.westwater@usdoj.gov
YAMILETH G. DAVILA
Assistant Director
*yamileth.g.davila@usdoj.gov*
GENEVIEVE M. KELLY
Trial Attorney, VA Bar No. 86183
*genevieve.m.kelly@usdoj.gov*

SAIRAH G. SAEED
Trial Attorney, IL Bar No. 6290644
*sairah.saeed@usdoj.gov*
DANIELLE K. SCHUESSLER
Trial Attorney, MD Bar (No. N/A)
*danielle.schuessler@usdoj.gov*
ALEXANDER J. HALASKA
Trial Attorney, IL Bar No. 6327002
*alexander.j.halaska@usdoj.gov*

Attorneys for Named Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
(San Diego)

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>Elaine C. DUKE, Acting Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, <br><br>Defendants. | Case No. 3:17-cv-02366-BAS-KSC <br><br>**DEFENDANTS' EX PARTE MOTION FOR EXTENSION OF TIME TO FILE THEIR RESPONSIVE PLEADING** <br><br>Hon. Cynthia Bashant |

# DEFENDANTS' EX PARTE MOTION FOR EXTENSION OF TIME TO FILE THEIR RESPONSIVE PLEADING

Pursuant to Local Rules 7.1 and 12.1 of the District Court for the Southern District of California, Defendants hereby request a modest extension of time, up to and including December 15, 2017, to file their responsive pleading in this transferred litigation. On December 4, 2017, the parties conferred regarding this request. *See* Declaration of Gisela A. Westwater.

## BACKGROUND

On November 21, 2017, the District Court for the Central District of California issued an order granting Defendants' Motion to Transfer Venue. *See* Docket No. 2:17-CV-05111-JFW-JPR, ECF No. 113. In the same order, a court of the Central District of California denied, without prejudice, Defendants' pending Motion to Dismiss and Motion to Stay Discovery, as well as Plaintiffs' pending Motion for Class Certification. *Id.* Consistent with the order, on November 22, 2017, the matter was transferred to this Court and docketed in the District Court for the Southern District of California. *See* Docket No. 3:17-cv-02366-BAS-KSC, ECF No. 114. Following transfer, on November 29, 2017, a telephonic Status Conference was set for December 15, 2017, before Magistrate Judge Karen S. Crawford. ECF No. 117.

On December 4, 2017, the parties conferred telephonically to discuss relevant proposed deadlines in this litigation including the timeline for filing and responding to Defendants' forthcoming Motion to Dismiss. *See* Declaration of Gisela A. Westwater (Westwater Decl.). In an attempt to reach stipulation on appropriate deadlines, Defendants proposed a filing deadline for their Motion to Dismiss of December 15, 2017. *Id.* Defendants also offered to agree to Plaintiffs' selection of a satisfactory response filing date to account for the upcoming holidays,

and offered Defendants' complete flexibility in this regard. *Id.* Defendants advised Plaintiffs to respond as soon as possible to the offer because Defendants intended to file a motion ex parte for an extension of any applicable deadline in the event an agreement was not reached. *Id.* The parties concluded their call about 4:45 p.m. Eastern Time.

On the same date at 6:03 p.m. Eastern Time (3:03 p.m. for Plaintiffs' counsel), via electronic mail Plaintiffs rejected Defendants' suggestion and counter proposed that Defendants' Motion to Dismiss be filed by December 8, 2017, with a hearing on Monday, February 12, 2018, notwithstanding Defendants specific request for filing on December 15, 2017. *Id.*

Finding Plaintiffs' proposed schedule lopsided (four days for Defendants to finalize their revised motion, about seven weeks for Plaintiffs to oppose, and one week for Defendants to reply), Defendants counter-proposed a schedule that would allow Defendants a few more days to prepare their motion (with a filing date of December 11), allow Plaintiffs appropriate response time in light of the holiday schedule, and allow the same for Defendants. *Id.* Defendants sent this email at 10:21 p.m. Eastern Time. *Id.*

Because Plaintiffs maintain that Defendants' answer deadline passed on Friday or will pass today (contentions that Defendants deny) and previously stated (when they thought the deadline had passed) that they would oppose a re-filed Motion on the basis of default, Defendants are forced to file this *ex parte* motion without waiting to hear from Plaintiffs regarding Defendants' latest counter proposal. Accordingly, because the parties were unable to come to a mutually agreeable proposal and Defendants cannot wait any longer to reach a stipulation, Defendants respectfully request leave to file their responsive pleading on December 15, 2017.

**DISCUSSION**

Defendants submit that good cause is shown for a modest extension of time to December 15, 2017, to file their responsive pleading. Defendants' Motion to Transfer Venue was granted and transfer completed during the Thanksgiving Holiday, ahead of a previously scheduled hearing on the Motion to Transfer Venue on November 27, 2017. *See* ECF No. 113. Thus, Defendants have had insufficient time to confer with their clients regarding this change in posture. Defendants also seek additional time to update their Motion to Dismiss to incorporate local case law and to reflect the more nuanced positions taken by the parties in subsequent filings. Both types of revisions will benefit the Court.

Neither the Federal Rules of Civil Procedure nor the local rules address the exact posture of a case after it has been transferred from one jurisdiction to another. Defendants researched this issue and found that, under similar circumstances, periods of months to years before re-filing of motions has not constituted default. *See*, *e.g.*, *Pitman v. U.S. Citizenship and Immigration Servs.*, 2:17-cv-00166-DW-EJF (Memorandum Order, Doc. 43, Dec. 1, 2017) (attached herewith as Exhibit A). Defendants had not yet resolved the ambiguity when the Court scheduled a status hearing. *See* ECF No. 117. Upon receiving the notice of the hearing in only two weeks, Defendants determined to have their motion to dismiss on file at the time of the status hearing. *See* Westwater Declaration.

Nevertheless, Plaintiffs assert that Rule 12(a)(4)(A) controls here. Fed. R. Civ. P. 12(a)(4)(A) (providing "if the court denies [a Rule 12(b) motion] or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action"). *Id*. When counsel for Plaintiffs thought that Defendants had missed the ten day response time (incorrectly calculating the date as Friday, December 1, 2017), they informed counsel for Defendants that they would negotiate a briefing schedule on Defendants'

3

forthcoming Motion to Dismiss but reserved their right to oppose the motion on the ground of default. *Id.*

Accordingly, Defendants seek a modest extension of 11 days, up to and including December 15, 2017, to file their responsive pleading. Defendants' motion is not made for the purpose of delay and would align with the Court's scheduled Status Conference on December 15, 2017. Plaintiffs would not be prejudiced by ta filing date of December 15 since it is not clear that the ten day period under Rule 12 applies and, even if it does, the requested extension is only eleven additional days beyond December 4, 2017. Finally, this is Defendants' first request for extension of time to file their responsive pleading.

For the foregoing reasons, Defendants have established good cause for an extension of time of 11 days, to and including December 15, 2017, to file their responsive pleading and respectfully request the Court grant their request pursuant to Local Rule 12.1.

## CONCLUSION

The Court should grant Defendants' Ex Parte Motion for Extension of Time to File Their Responsive Pleading.

Dated: December 5, 2017 (Eastern)   Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

By: *s/ Gisela A. Westwater*
GISELA A. WESTWATER
United States Department of Justice

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Civil Division, Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4174
Facsimile: (202) 616-8962
Email: gisela.westwater@usdoj.gov

*Attorneys for Named Defendants*

# CERTIFICATE OF SERVICE

Case No. 3:17-cv-02366-BAS-KSC

I certify that on December 5, 2017, I served a copy of the foregoing EX PARTE MOTION FOR EXTENSION OF TIME TO FILE THEIR RESPONSIVE PLEADING filing this document with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

/s/ Gisela A. Westwater
Gisela A. Westwater
gisela.westwater@usdoj.gov
Trial Attorney
United States Department of Justice