IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TYLER PITMAN and LILIANA DAMASCHIN,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:17-cv-0166-CW-EJF<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

Defendants have filed a Motion to Dismiss this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and Plaintiffs' have filed a Motion to Strike Defendants' Motion to Dismiss. (*See* Defs.' Mot. to Dismiss, ECF No. 35; Pls.' Mot. to Strike, ECF No. 37.) Upon consideration of the parties' briefing and arguments therein, the court first **DENIES** Plaintiffs' Motion to Strike, (ECF No. 37), and then **DENIES** Defendants' Motion to Dismiss, (ECF No. 35). The court will address the Motion to Strike first.

A. *Motion to Strike*

Plaintiffs argue that DUCiv R 7-4 precludes Defendants' refiling their Motion to Dismiss after transfer of the case to this court. Though DUCiv R 7-4 generally applies to actions for administrative review, the court finds the rule does not preclude the Defendants' re-filing their Motion to Dismiss in the circumstances.

The parties do not dispute that Defendants timely brought a motion to dismiss in the District of Colorado, where Plaintiffs originally filed this case. (ECF No. 9.) Defendants sought dismissal in that district under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). (*See id.*)

EXHIBIT A

In resolving the motion, the District of Colorado ordered the case transferred to this district and denied Defendants' motion to dismiss under 12(b)(6) without prejudice and without reaching the merits of those arguments. (ECF No. 17, p. 5.) Defendants' renewed Motion to Dismiss relates back to the timely filing in Colorado, as it raises the 12(b)(6) arguments that remain unexamined by the District of Colorado.

Plaintiffs make much of the fact that Defendants did not refile this Motion until over six months after the case was transferred. (*See* ECF No. 37, p. 4.) Though Defendants delayed in refiling their Motion, ultimately the burden lies with the Plaintiffs to prosecute their case. Neither party made any attempt to move the case forward until the court's Docket Text Order (DTO) requesting that the parties submit a proposed scheduling order by September 29, 2017. (*See* ECF No. 34.)[1] Defendants responded by refiling their unresolved Motion, which is now fully briefed.

The language of DUCiv R 7-4(a)(4) does not address this situation, where a timely motion to dismiss is denied without prejudice due to a court's decision to transfer the action, and where the parties do not act promptly after the action is transferred. The local rule does not appear on point to this scenario, and neither side has acted particularly diligently in this case. Moreover, Plaintiffs do not claim any prejudice to them from the renewed motion, and the motion is fully briefed. Thus, the court will proceed to resolve the Motion to Dismiss on its merits. *See Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (unpublished) (observing that "litigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits").

Accordingly, the court **DENIES** Plaintiffs' Motion to Strike, (ECF No. 37).

---

[1] The DTO did nothing more than request a proposed scheduling order. It did not determine, as Plaintiffs suggest, that Defendants' Motion to Dismiss was untimely under the local rules.

EXHIBIT A

*B. Motion to Dismiss*

Upon review of the parties' arguments in the Motion to Dismiss, as well as the record in this case, the court finds that Defendants' dismissal arguments will be more properly addressed after the filing of the administrative record.

This action seeks review of the United States Citizenship and Immigration Services' (USCIS) denial of Plaintiff Pittman's I-130 "immediate relative" petition filed on behalf of Plaintiff Damaschin. The court's jurisdiction over this action arises from the Administrative Procedure Act (APA), which entitles those "adversely affect or aggrieved by agency action" to judicial review, 5 U.S.C. § 702, and requires a reviewing court to set aside an agency decision when the administrative record shows that the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *id.* § 706(2)(A).

"This means, of course, that judicial review of the agency's decision must proceed on the administrative record." *Atieh v. Riordan*, 727 F.3d 73, 75 (1st Cir. 2013) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). Though not controlling in the Tenth Circuit, *Atieh* is directly on point here. The defendants in *Atieh* sought dismissal of an action for review of an USCIS decision denying an I-130 petition because of the marriage fraud bar for failure to state a claim upon which relief could be granted. 727 F.3d at 76. The district court reviewed the complaint and dismissed after finding the Atiehs' allegations of arbitrary and capricious decisionmaking implausible. *Id.* The First Circuit reversed, holding that "the plausibility standard does not apply to a complaint for judicial review of final agency action" because "[t]he plausibility standard is a screening mechanism designed to weed out cases that do not warrant either discovery or trial," and neither discovery nor trial occur during APA review. *Id.* The First Circuit explained,

EXHIBIT A

> The focal point of APA review is the existing administrative record. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam). Allowing the allegations of a complaint to become the focal point of judicial review introduces an unnecessary and inevitably unproductive step into the process. The relevant inquiry is—and must remain—not whether the facts set forth in a complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision. *Cf. Mass. Dep't of Pub. Welfare v. Sec'y of Agric.*, 984 F.2d 514, 525 (1st Cir.1993) (explaining, in summary judgment context, that "the real question is . . . whether the administrative record, now closed, reflects a sufficient dispute concerning the factual predicate on which [the agency] relied . . . to support a finding that the agency acted arbitrarily or capriciously").

*Id.* The First Circuit noted that Rule 12(b)(6) dismissal arguments may be relevant in some cases for APA review, such as when "the underlying premise of the complaint is legally flawed (rather than factually unsupported)," but that review of agency action under the arbitrary and capricious standard is not such a case. *Id.* n.4. Moreover, the First Circuit chastised the parties for failing to file the administrative record below or on appeal, noting that the attachments the Atiehs' included with their complaint did not constitute the full administrative record. *Id.* at 77. Instead, it is the government's burden to file the administrative record in APA review cases and to certify that it is complete. *Id.*; *see* Fed. R. App. P. 17(b)(1)(A) (stating that, unless the parties stipulate in writing otherwise, the agency must file "the original or a certified copy of the entire record or parts designated by the parties"); DUCiv R 7-4(a)(5)(A) (stating that the agency must file the indexed administrative record). "When parties ignore this customary practice, they undermine a court's ability to perform meaningful review of agency action." *Atieh*, 727 F.3d at 77.

The First Circuit's logic makes sense and the court finds it persuasive. The court cannot determine whether the USCIS decision was arbitrary or capricious in this case without the full administrative record (or those parts designated and stipulated to by both parties). The allegations of the complaint and pieces of the record attached thereto are insufficient to conduct an APA review. The Tenth Circuit agrees. "The duty of a court reviewing agency action under

the 'arbitrary or capricious' standard is to ascertain whether the agency examined the relevant data and articulated a rational connection between the facts found and the decision made." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1574 (10th Cir. 1994) (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43 (1983)). "With respect to the factual support for the agency's action," the Tenth Circuit requires that agency action be supported by "substantial evidence," a test that imposes "affirmative duties on a district court: the court must consider conflicts in the record and 'define, specifically, those facts which it deems supportive of the agency decision if that is the court's resolution of the matter.'" *Olenhouse*, 42 F.3d at 1576 (quoting *Hill v. Morton*, 525 F.2d 327, 328 (10th Cir. 1975)). "This requires a plenary review of the record as it existed before the agency. The district court may not rely on counsel's statements as to what was in the record; the district court *itself* must examine the administrative record and *itself* must find and identify facts that support the agency's action." *Olenhouse*, 42 F.3d at 1576 (citations omitted).

Rather than rely on Defendants' assertions of what was in the record or Plaintiffs' alleged concessions, the court must undertake its own review of the administrative record as a whole. Even if the court were to review the complaint for failure to state a claim, the court cannot reconcile the directly opposing standards of review at this point. On a motion to dismiss, the court must accept the Plaintiffs' well-pled factual allegations as true and resolve all reasonable inferences in the Plaintiffs' favor. *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). But review of an agency's decision is usually deferential. *See Citizens' Comm. to Save Our Canyons v. U.S. Forest Serv.*, 297 F.3d 1012, 1021 (10th Cir. 2002). The court does not see how it can make inferences and draw conclusions in the Plaintiffs' favor while also paying deference to the agency's conclusions. Defendants seek to substitute pleading standards for a merits review

EXHIBIT A

of whether the agency's action was arbitrary or capricious on the record before it. The court cannot make any determination on this issue until it reviews the administrative record and receives the parties' arguments on that record.

For these reasons, the court **DENIES** Defendants' Motion to Dismiss, (ECF No. 35). **Within fourteen (14) days of this order**, the parties must submit a proposed scheduling order setting forth the dates by which the filings required in DUCiv R 7-4(a)(5) will be made.

DATED this 1st day of December, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

EXHIBIT A