UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, Acting Secretary, U.S. Department of Homeland Security, in her official capacity, et al.<br><br>Defendants. | Case No.: 3:17-cv-02366-BAS-KSC<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY; (2) VACATING SCHEDULING ORDER; (3) DENYING JOINT MOTION RE DISCOVERY DISPUTE WITHOUT PREJUDICE**<br><br>**[Doc. Nos. 87, 127, 136]** |

Before the Court is defendants' Motion to Stay Discovery [Doc. No. 136]. Therein, defendants assert discovery should be stayed in light of a dispositive Motion to Dismiss pending before the District Court [*Id.*]. Plaintiffs rejoin that fact discovery has been underway since November, 2017 and neither the recent transfer of venue from the Central District of California nor the pending Motion to Dismiss warrants a stay. [Doc. No. 139]. For the reasons explained in greater detail below, defendants' Motion is **GRANTED**.

## BRIEF FACTUAL & PROCEDURAL BACKGROUND

The individual plaintiffs in this case are non-U.S. citizens who allege they were denied access to the asylum process in the United States because of defendants' policies,

practices, and procedures for handling individuals that present themselves at ports of entry along the U.S.-Mexico border. [Doc. No. 1 at pp. 1-2]. Plaintiff, Al Otro Lado, Inc. is an organization alleging that defendants' policies, practices, and procedures have forced it to divert substantial resources from other efforts to counteract defendants' alleged illegal actions. [*Id.* at p. 4].

This case was originally filed in the Central District of California. [Doc. No. 1]. Before defendants' Motion to Transfer Venue was granted by the Court [Doc. No. 113] on November 21, 2017, the parties filed a Joint Report of Rule 26(f) [Doc. No. 83]. Initial disclosures were exchanged in late October, 2017 [*Id.* at p. 5], and an initial round of requests for production and responses thereto have been exchanged. [*Id.* at pp. 5-6]. Even prior to transfer, defendants consistently maintained that discovery should be stayed [Doc. Nos. 51, 71, 72]. Defendants renewed their position with the instant Motion to Stay, filed on December 18, 2017. [Doc. No. 136]. Plaintiffs filed their Opposition on January 5, 2018 [Doc. No. 139] and defendants filed a Reply on January 12, 2018 [Doc. No. 142].

## **DISCUSSION**

### **I. Legal Standard**

The Court has the discretion to stay discovery as part of its "inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Moser v. Encore Capital Grp., Inc.*, 2007 WL 1114113, *3 (S.D. Cal. Mar. 27, 2007) (citing *Filtrol Corp. v. Kelleher*, 467 F.2d 242 (9th Cir. 1972). Any decision to stay discovery should take into consideration the court's obligation "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Proc. 1. The Supreme Court has stated:

> A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."

1   *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Shift4 Corp. v. Martin*, 2012 WL 3206027, *2 (D. Nev. Aug. 3, 2012) (citing *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) (stating that if the Federal Rules contemplated that a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would have explicitly so stated, and finding that a stay of discovery was directly at odds with the need for the expeditious resolution of litigation)).

While the Ninth Circuit has not set out an exact standard, courts in this district have generally followed a two pronged analysis. A moving party meets the good cause requirement of Federal Rule of Civil Procedure 26(c) when the Court finds (1) the pending motion is potentially dispositive of the entire case, and (2) it can be decided absent additional discovery. *See Adams v. AllianceOne, Inc.*, 2008 WL 11336721 (S.D. Cal. Oct. 22, 2008). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Skellerup*, 163 F.R.D. at 600 (C.D. Cal. 1995). Both prongs must be satisfied to stay discovery.

### A. Is the Pending Motion to Dismiss Potentially Dispositive?

Defendants persuasively argue that a favorable ruling on the pending Motion to Dismiss would prove dispositive. The Motion to Dismiss addresses, *inter alia*, issues concerning plaintiffs' statutory standing, mootness of plaintiffs' claims brought under 5 U.S.C. § 706(1), and failure to state a claim upon which relief can be granted. [Doc. No. 135-1]. Taken together, defendants' arguments would result in dismissal of the Complaint in its entirety. Notably, plaintiffs do not argue to the contrary in their Opposition to the instant Motion to Stay. [Doc. No. 139].

To act fully on the requirements of the first prong, the Court is obligated to take a "preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *GTE Wireless v. Qualcomm, Inc.*, 192 F.R.D. 284, 285, 286 (S.D. Cal. 2000). In doing so, the Court is cautious of conducting a detailed evaluation of the merits as the Motion to Dismiss is

3

currently pending before the District Court. In no way does the "preliminary peek" predetermine the outcome of the Motion to Dismiss, particularly when this Court has not had an opportunity to review plaintiffs' soon-to-be-filed Opposition.

First, defendants argue that the Complaint fails to allege live, justiciable claims, rendering plaintiffs' allegations moot. [Doc. No. 135-1 at pp. 4-5]. Plaintiffs allege they were denied access to the asylum process when defendants failed to process them at ports of entry in accordance with the law. [Doc. No. 1 at p. 53]. Defendants argue that because plaintiffs were later given "the opportunity to be properly processed under the [Immigration and Nationality Act]", the plaintiffs received "[a]ll the Court could have offered." *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *America Cargo Transport, Inc. v. U.S.*, 625 F.3d 1176, 1179 (9th Cir. 2010).

Second, defendants assert that organizational plaintiff, Al Atro Lado, lacks standing to bring the allegations contained in the Complaint. [Doc. No. 135-1 at p. 10]. A reasonable reading of 8 U.S.C. § 1225(b)(1)(A)(ii) indicates that the purpose of the statutory provision is to protect undocumented immigrants, not organizations that advocate on their behalf. Because the "zone of interest" acts as a limit on judicial review "for all statutorily created causes of action", it appears that plaintiff, Al Atro Lado's, standing is inadequate. *Lexmark Intern, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1388 (2014); *see also Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 883 (1990) (holding judicial review is appropriate only in cases brought by a person whose alleged injuries are "within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint.").

Third, defendants argue to the extent the Complaint alleges a violation of 5 U.S.C. § 706(2) of the Administrative Procedure Act ("APA"), such allegations must be dismissed because any agency action is neither "final" nor the "consummation of [an] agency's decisionmaking process." [Doc. No. 135-1 at p. 12]. The Complaint contains numerous statements from individual plaintiffs [Doc. No. 1 at pp. 26-28], as well as reports from non-governmental organizations [*Id.* at pp. 29-33], documenting alleged misconduct

4

1 by CBP officials. The Court cannot find any pleading regarding a final agency action
2 regarding the alleged behavior contained in the Complaint. As such, defendants assert a
3 strong argument in favor of dismissal on the grounds that no final agency actions exists has
4 occurred which might give rise to a cause of action under the APA.

5 Taken together, defendants' Motion to Dismiss poses strong arguments that present
6 a "clear possibility" the pending Motion might be granted by the District Court. Therefore
7 the first prong is satisfied.

### B. Is Discovery Needed to Decide the Motion to Dismiss?

Upon determining the first prong is satisfied, the Court turns to whether discovery is necessary to decide the Motion to Dismiss. As noted above, the Motion turns entirely on questions of law, the answers to which do not depend on discovery. While plaintiffs have yet to file their opposition to the Motion to Dismiss, at no point do they disagree with defendants' contentions in the instant Motion that "neither the parties nor the Court have any need for discovery before the Court rules on [d]efendants's [M]otion to Dismiss." [Doc. No. 135-1 at p. 9]. The Court agrees with defendants and concludes prong two is also satisfied.

### C. Vacating the Existing Scheduling Order

Upon transfer to this District, the Scheduling Order set out by the District Court in the Central District remained in effect. [Doc. No. 87]. The deadlines and discovery cut-off date contemplated in the Scheduling Order have been impacted by the motions, which were re-filed and re-briefed in this District. In light of the Court's decision to grant defendants' Motion to Stay, *supra*, the current Scheduling Order is **VACATED**.

///
///
///
///
///
///

## CONCLUSION

IT IS HEREBY ORDERED that defendants' Motion to Stay Discovery [Doc. No. 136] is **GRANTED**. All discovery is stayed until the District Court rules on the pending Motion to Dismiss and a renewed Scheduling Order is issued by this Court. A telephonic Status Conference to that end is set for **March 16, 2018** at **11:00AM**. Counsel for plaintiffs are to call Judge Crawford's Chambers at the appointed time with all counsel on the line.

IT IS FURTHER ORDERED that the Scheduling Order [Doc. No. 87] is **VACATED**.

IT IS FURTHER ORDERED that the Joint Motion re Discovery Dispute [Doc. No. 127] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: January 31, 2018

Hon. Karen S. Crawford
United States Magistrate Judge