
1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   AL OTRO LADO, INC., *et al.*,                  Case No.: 3:17-cv-02366-BAS-KSC

12                                 Plaintiffs,     **ORDER REGARDING PLAINTIFF'S**
13   v.                                            **MOTION TO FILE DOCUMENTS**
                                                   **UNDER SEAL**
14   KIRSTEN NIELSEN, Secretary, U.S.
     Department of Homeland Security, in her
15   official capacity, *et al.*,                  **[Doc. No. 158]**

16                                 Defendants.
17
18

19          Before the Court is defendants' Motion to File Documents Under Seal. [Doc. No.

20   159]. Specifically, defendants have submitted Supplemental Briefing Regarding

21   Defendants' Motion for Protective Order, the Supplemental Declaration of Johnny L.

22   Armijo, and the Supplemental Declaration of Heather M Robinson. [Doc. No. 158].

23   Defendants brings this Motion pursuant to Local Rule 79.2(c) asserting that good cause

24   exists in favor of sealing the documents. For the reasons explained in more detail below,

25   defendants Motion to File Documents Under Seal is **GRANTED**.

26          Documents filed under seal are not accessible to the public. In the Ninth Circuit,

27   there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49

28   F.3d 1430, 1434 (9th Cir. 1995) (recognizing strong presumption in context of civil trial).

1  A party seeking to seal a judicial record bears the burden of overcoming this strong

2  presumption by meeting the "compelling reasons" standard. *Foltz v. State Farm Mut. Auto.*

3  *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). That is, the party must "articulate[ ]

4  compelling reasons supported by specific factual findings." *Id.* (internal citation omitted).

5  The court must "conscientiously balance[ ] the competing interests" of the public and the

6  party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After

7  considering these interests, if the court decides to seal certain judicial records, it must "base

8  its decision on a compelling reason and articulate the factual basis for its ruling, without

9  relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (internal citation omitted).

10  In general, "compelling reasons" sufficient to outweigh the public's interest in

11  disclosure and justify sealing court records exist when "court files might have become a

12  vehicle for improper purposes," such as the use of records to gratify private spite, promote

13  public scandal, circulate libelous statements, or release trade secrets. *Nixon v. Warner*

14  *Commc'ns, Inc.*, 435 U.S. 589, 598 & n. 7 (1978).

15  Here, the information defendants seeks to file under seal relates to the technical

16  surveillance capabilities of the U.S. Customs and Border Patrol ("CBP") at ports of entry

17  ("POEs") across the U.S. southern border and specific information regarding CBP

18  contracts and cost estimates. [Doc. No. 158 at pp. 1-2]. The documents also describe in

19  detail the surveillance infrastructure at certain POEs, "as well as potential vulnerabilities

20  related to the cybersecurity of [said] infrastructure." [*Id.* at p. 3]. Defendants contend that

21  the release of the information "would jeopardize not only operations at those [POEs], but

22  also the safety and security of those working in and around the [POEs]." [*Id.*]. The

23  supporting declarations and briefing also contain specific and confidential "contracting

24  information." [*Id.*]. Defendants contend the disclosure of cost estimates for "information

25  technology support services and equipment at various ports of entry" provided by certain

26  contractors would "harm [the] contractor's competitiveness." [*Id.*].

27  Accordingly, because the Court finds the above-mentioned grounds to be compelling

28  reasons that outweigh the public's interest in disclosure, the Court **GRANTS** plaintiff's

3:17-cv-02366-BAS-KSC

motion to file under seal.    Defendants' may file the following under seal: Supplemental Brief Regarding Defendants' Motion for Protective Order; (2) Supplemental Declaration of Johnny L. Armijo; and (3) the Supplemental Declaration of Heather M. Robinson. [Doc. No. 155]

**IT IS SO ORDERED**.

Dated:  March 9, 2018

Hon. Karen S. Crawford
United States Magistrate Judge