UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., et al., | Case No.: 3:17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| | **ORDER ENTERING STIPULATED PROTECTIVE ORDER** |
| v. | |
| KIRSTJEN NIELSEN, | **[Doc. No. 163]** |
| Defendants. | |

I.      PREAMBLE

On March 12, 2018, the U.S. District Court for the Southern District of California granted Defendants' motion to file under seal (1) the Supplemental Brief Regarding Defendants' Motion for Protective Order; (2) the Supplemental Declaration of Johnny L. Armijo; and (3) the Supplemental Declaration of Heather M. Robertson in the above-captioned matter. The Confidential Information contained in these Protected Documents is of a sensitive and highly confidential nature, for which special protection from public disclosure is warranted. Such sensitive and confidential material includes, but is not limited to, the technical surveillance capabilities of the United States at ports of entry along the U.S.-Mexico border; detailed descriptions of the United States' video

1

surveillance infrastructure at ports of entry along the U.S.-Mexico border; potential vulnerabilities related to the cybersecurity of said infrastructure; and specific information regarding U.S. Customs and Border Protection's contracts and cost estimates with private vendors.

To expedite the flow of information between the parties, to adequately protect information Defendants are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such Confidential Information is justified.

II.   DEFINITIONS

A.   Action: *Al Otro Lado, Inc., et al., v. Kirstjen Nielsen, et al.*, No. 3:17-cv-02366 (BAS)(KSC), filed on July 12, 2017, in the U.S. District Court for the Central District of California, and transferred on November 21, 2017, to the U.S. District Court for the Southern District of California.

B.   Confidential Information: The information contained in the Protected Documents that is redacted in the publicly-filed copies of the documents (ECF Nos. 156 to 156-6).

C.   Counsel: Attorneys who have entered an appearance in the Action.

D.   Defendants: Kirstjen Nielsen, Secretary of the U.S. Department of Homeland Security, in her official capacity; Kevin K. McAleenan, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; and Todd C. Owen, Executive Assistant Commissioner of CBP's Office of Field Operations, in his official capacity.

E.   Party: Any Plaintiff or any Defendant.

F.   Plaintiffs: Al Otro Lado, Inc., and its employees; Abigail Doe; Beatrice Doe; Carolina Doe; Dinora Doe; Ingrid Doe; and Jose Doe.

G.   Protected Documents: The Supplemental Brief Regarding Defendants' Motion for a Protective Order; the Supplemental Declaration of Johnny L. Armijo, dated

March 8, 2018; and the Supplemental Declaration of Heather M. Robertson, dated March 8, 2018; which have all been filed under seal. *See* ECF No. 155.

III.   <u>SCOPE</u>

The protections conferred and procedures created by this Stipulation and Order cover not only the Confidential Information, but also (1) any information copied or extracted from the Confidential Information; (2) all copies, excerpts, summaries, or compilations of the Confidential Information; and (3) any testimony, conversations, presentations, or communications by Parties or their Counsel that might reveal the Confidential Information. Any use of the Confidential Information at trial shall be governed by the orders of the trial judge.

IV.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a duly authorized representative of any of the Defendants agrees otherwise in writing or a court orders otherwise. The Parties and any other person(s) or entities subject to the terms of this Stipulated Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Stipulated Protective Order.

V.   <u>ACCESS TO AND USE OF PROTECTED DOCUMENTS</u>

A.   Basic Principles

Plaintiffs' Counsel may use the Confidential Information only for prosecuting or attempting to settle this Action. Plaintiffs' Counsel may not disclose the Confidential Information to anyone other than the persons or entities described in section V-B. Counsel are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control access to and secure distribution of the Confidential Information consistent with this Stipulated Protective Order.

B.   Disclosure of the Confidential Information

Unless otherwise ordered by the Court or permitted in writing by a duly authorized representative of Defendants, the Confidential Information may only be disclosed to

Plaintiffs' Counsel and their paid employees who are actively engaged in the Action and have a specific need to know the Confidential Information to perform their duties.

C.      In addition to prohibitions on disclosure to third parties, Plaintiffs' Counsel may not disclose the Confidential Information to the named Plaintiffs, any future Plaintiffs, or any future class members.

VI.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED DOCUMENTS</u>

If Plaintiffs' Counsel learn that, by inadvertence or otherwise, they have disclosed the Protected Documents to any person or entity or in any circumstance not authorized by this Stipulated Protective Order, Plaintiffs' Counsel shall, upon learning of the unauthorized disclosure:

1.      promptly notify the person(s) or entity to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Stipulated Protective Order;

2.      promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosure of the Confidential Information, including requesting the person(s) or entity who received the unauthorized disclosure to agree to be bound by the terms of this Stipulated Protective Order by executing a declaration in the form attached as "Exhibit A;" and

3.      within five (5) calendar days notify Defendants of the identity of the person(s) or entity to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of unauthorized disclosure.

VII.   <u>MISCELLANEOUS</u>

A.     Right to Further Relief

Nothing stated herein shall preclude any Party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances, provided, however, that prior to such application, the Parties involved shall make a good faith effort to resolve the matter by agreement.

B.     Right to Assert Other Objections

Entering into, agreeing to, producing or receiving Confidential Information pursuant to, or otherwise complying with the terms of this Stipulated Protective Order, shall not operate as or constitute an admission by any Party that any particular Confidential Information contains or reflects sensitive information or any other type of confidential matter, or prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Confidential Information.

C.     Filing Protected Material

To the extent Plaintiffs wish to include any Confidential Information or any derivative information in any Court filing or other Court presentation in this Action, Plaintiffs shall (1) obtain the advance written consent of Defendants to the disclosure of such materials; or (2) obtain an order of the Court, after reasonable written notice and a reasonable opportunity for Defendants to respond, permitting the disclosure of such materials.

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, and the chambers' rules, with respect to filing documents under seal.

VIII.   FINAL DISPOSITION

Within 90 days of the conclusion of the Action (defined as the exhaustion of all appeals by any Party to the Action), Plaintiffs' Counsel must take reasonable steps to destroy or return the Confidential Information to Defendants. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, but instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, Plaintiffs' Counsel will take reasonable steps to limit access, if any, to the persons necessary to conduct

5

routine IT and cybersecurity functions. Counsel may retain that counsel's work product materials and their file copies of all expert reports, papers filed with the Court, correspondence, transcripts, or deposition or trial exhibits, provided that the Confidential Information contained within any such work product materials or papers shall continue to be treated pursuant to the terms of this Stipulated Protective Order and shall not be released to the named Plaintiffs, any future Plaintiffs, or any future class members.

IX.   MODIFICATION BY THE COURT

The Court may modify this Stipulated Protective Order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED**.

Dated:  May 25, 2018

Hon. Karen S. Crawford
United States Magistrate Judge

6

3:17-cv-02366-BAS-KSC