# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*,<br><br>Defendants. | Case No. 17-cv-02366-BAS-KSC<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW**<br><br>**[ECF No. 175]** |

Before the Court is a notice of withdrawal of Kathryn E. Shepherd as an attorney of record for Plaintiffs, pursuant to Local Rule 83.3(f)(3). (ECF No. 175.) In this District, withdrawal of attorneys is by motion only and thus the notice has been designated as a motion. For the reasons below, the Court denies the motion without prejudice.

## DISCUSSION

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co.*,

1  No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013).
2  The current motion purports to seek withdrawal of an attorney who has neither filed,
3  nor signed the motion.  There is also no indication on the face of the notice which
4  would justify this, such as the attorney's death or resignation from the organization.
5  The Court finds that the notice is therefore improper.

6       The motion also fails to provide meaningful detail regarding the requested
7  withdrawal.  Courts consider the following factors when ruling upon a motion to
8  withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice
9  withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the
10 administration of justice; and (4) the degree to which withdrawal will delay the
11 resolution of the case.  *Curtis v. Illumination Arts, Inc*., No. C12-0991JLR, 2014 WL
12 556010, at *4 (W.D. Wash. Feb. 12, 2014); *Deal v. Countrywide Home Loans*, No.
13 C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).  While a
14 motion to withdraw need not provide an extensive analysis of all these factors, the
15 notice provides no information regarding why withdrawal is sought and sheds no light
16 on any factors.

17      Lastly, the motion is procedurally deficient under the Local Rule regarding
18 withdrawal of attorneys.  Local Rule 83.3(f) requires that "[a] notice of motion to
19 withdraw as attorney of record must be served on the adverse party and on the moving
20 attorney's client."  Civ. L.R. 83.3(f)(3)(a).  The Rule also requires that a declaration
21 pertaining to the service required under subsection (a) be filed.  Civ. L.R.
22 83.3(f)(3)(b).  Failure to either complete the required service or file the required
23 declaration "will result in the denial of the motion."  *Id*.  There is no indication that
24 service of the request was effected on Plaintiffs and the motion is not accompanied
25 by a declaration pertaining to the service required by the Local Rule.  The motion is
26 therefore subject to procedural denial under the Local Rule.

27                         **CONCLUSION & ORDER**

28      For the foregoing reasons, the motion to withdraw is **DENIED WITHOUT**

**PREJUDICE** to the refiling of a new motion that satisfies the Local Rule and this order. (ECF No. 175.)[1]

    **IT IS SO ORDERED.**

**DATED: October 17, 2018**

Hon. Cynthia Bashant
United States District Judge

---

[1] The Court observes that two other attorneys for Plaintiffs have previously filed notices of withdrawal on the docket, which were not designated as motions. (ECF No. 146, 165.) Both attorneys were terminated without further action. As a technical matter, these notices were procedurally improper and the Clerk of the Court should not have terminated these attorneys in the absence of a motion. All parties are advised that any future withdrawal requests should comply with Local Rule 83.3(f)(3) in its entirety and, absent an appropriate justification, the withdrawing attorney should be the attorney seeking withdrawal.