# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., *et al*., <br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN NIELSEN, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al*., <br><br> Defendants. | Case No. 17-cv-02366-BAS-KSC <br><br> **ORDER:** <br><br> **(1) GRANTING JOINT MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** <br><br> **AND** <br><br> **(2) APPROVING MODIFIED EXCESS BRIEFING** <br><br> **[ECF No. 186]** |

The parties have jointly moved to permit Plaintiffs to file a Second Amended Complaint ("SAC"). (ECF No. 186.) Plaintiffs seek to (1) "provide updated State Bar and *pro hac vice* information and status on the caption page;" (2) "incorporate grammar, spelling and stylistic edits," (3) "revise certain citations"; and (4) "provide updated Plaintiff descriptions." (*Id*. at 1.) Although the Court does not view the first through third reasons as necessitating amendment of the pleadings, the Court will grant the joint request to file the SAC. Plaintiffs shall file the SAC on the docket **no**

**later than November 14, 2018**.

Pursuant to Local Rule 7.1(h), the parties also request leave to file excess briefing in connection with Defendants' apparent forthcoming motion to dismiss. Specifically, they request that Defendants receive up to 50 pages for their motion, Plaintiffs receive 50 pages for their opposition, and Defendants receive up to 20 pages for a reply. (ECF No. 186 at 1.) The Court will not grant the parties the full excess briefing they seek, which reflects twice the normal limits.

Courts generally look with disfavor on motions to exceed page limits for briefs or memoranda, and grants to exceed such limits are the exception. *See, e.g., Santos v. Baca*, No. 2:11-cv-01252-KJD-NJK, 2017 WL 773874, at *1 (D. Nev. Feb. 28, 2017). Excessive briefs are ill-advised considering the strains on judicial dockets and potential prejudice to the opposing party. *See Murray v. City of Bonners Ferry*, No. 2:15-cv-00081-REB, 2016 WL 3198232, at *2 n.3 (D. Idaho June 8, 2016). Moreover, excessive briefs "may actually hurt a party's case, making it 'far more likely that meritorious arguments will be lost amid the mass of detail.'" *Elec. Frontier Found. v. CIA*, No. C 09-03351 SBA, 2012 WL 112359, at *1 (N.D. Cal. April 3, 2012) (quoting *Fleming v. Cty. of Kane, State of Ill.*, 855 F.2d 496, 497 (7th Cir. 1988)). In contrast, shorter briefs are typically more helpful to the Court "because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them." *Id.* (quoting *In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir. 1989)).

Having considered the parties' request[1], the Court **GRANTS** the request and **MODIFIES** the permitting briefing as follows: Defendants may file a motion to

---

[1] To the extent the parties have requested excess briefing in order to re-argue claims and issues already decided in the Court's previous order on Defendants' refiled first motion to dismiss, the Court advises the parties that the request is not appropriate. The only claim the Court dismissed without prejudice was Plaintiffs' APA policy claim. Although an amended pleading supersedes the original, it is generally not an opportunity to argue for a second time—outside of a timely motion for reconsideration—issues and claims that carry over into the operative complaint.

1  dismiss **not to exceed 35 pages**. Plaintiffs may file an opposition **not to exceed 35**
2  **pages**. Defendants may file a reply **not to exceed 15 pages**. Briefs that exceed these
3  limits will be disregarded to the extent of the excess, if not stricken from the docket.
4      Although the parties previously indicated they would do so (ECF No. 184), the
5  parties have not identified a briefing schedule for the anticipated motion to dismiss
6  and related papers. The parties shall file a notice regarding the briefing schedule they
7  seek **no later than Friday, November 16, 2018**.
8      IT IS SO ORDERED.
9  DATED: November 13, 2018

Hon. Cynthia Bashant
United States District Judge