# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*,<br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*,<br><br>Defendants. | Case No. 17-cv-02366-BAS-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR STAY IN LIGHT OF LAPSE IN APPROPRIATIONS**<br><br>**[ECF No. 198]** |

Presently before the Court is Defendants' motion to stay this action in light of a lapse in appropriations for the U.S. Department of Justice. (ECF No. 198.) Plaintiffs oppose. (ECF No. 199.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is "'an exercise of judicial discretion,' and '[t]he propriety of its issue

is dependent upon the circumstances of the particular case.' The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (alteration in original) (citations omitted) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)).

Here, having read and considered the moving papers, opposition, and reply, the Court concludes a stay under its inherent authority is appropriate. *See Landis*, 299 U.S. at 254; *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Consequently, the Court **GRANTS** Defendants' motion (ECF No. 198). The Court **STAYS** this action. The stay will be lifted automatically when appropriations are restored. Further, in the event of a protracted lapse in appropriations, the Court will consider a request by Plaintiffs to lift the stay.

**IT IS SO ORDERED.**

DATED: January 8, 2019

Hon. Cynthia Bashant
United States District Judge