MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1666 Connecticut Ave. NW, Suite 100
Washington, DC 20009
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiff Al Otro Lado, Inc.*

**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al*., | Case No.: 17-cv-02366-BAS-KSC |
| | Hon. Karen S. Crawford |
| Plaintiffs, | |
| v. | **EXHIBIT 4 TO DECLARATION OF ORI LEV IN SUPPORT OF JOINT MOTION REGARDING PLAINTIFF AL OTRO LADO INC.'S REQUEST FOR EXPEDITED DISCOVERY** |
| Kirstjen M. Nielsen, *et al*., | |
| Defendants. | |
| | Judge: Hon. Cynthia Bashant |
| | Courtroom: 4B |

EXHIBIT 4 TO DECLARATION OF ORI LEV

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy  (NY Bar No. 2860740)
   (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz  (NY Bar No. 3030087)
   (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688)
   (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Mary Bauer (VA Bar No. 31388)
   (*pro hac vice*)
   *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
   Sarah Rich (GA Bar No. 281985)
   (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309)
   (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113)
   (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

EXHIBIT 4 TO DECLARATION OF ORI LEV

MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1666 Connecticut Ave. NW, Suite 100
Washington, DC 20009
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiff Al Otro Lado, Inc.*

**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>    Plaintiffs,<br>v.<br>Kirstjen M. Nielsen, *et al.*,<br><br>    Defendants. | Case No.: 17-cv-02366-BAS-KSC<br>Hon. Karen S. Crawford<br><br>**PLAINTIFFS' EXPEDITED SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS CONCERNING TRAVEL RESTRICTIONS**<br><br>Judge: Hon. Cynthia Bashant<br>Courtroom: 4B |

EXHIBIT 4 TO DECLARATION OF ORI LEV

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy  (NY Bar No. 2860740)
  (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz  (NY Bar No. 3030087)
  (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688)
  (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388)
  (*pro hac vice*)
  *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
  Sarah Rich (GA Bar No. 281985)
  (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309)
  (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113)
  (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

DECLARATION IN SUPPORT OF PLAINTIFFS'
MOTION FOR EXPEDITED DISCOVERY

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | Plaintiffs Al Otro Lado, Inc., *et al.* |
| 2 | **RESPONDING PARTIES:** | All Defendants |
| 3 | **SET NO.:** | First Expedited Set of Requests |

Pursuant to Federal Rule of Civil Procedure 26 and the Court's Order concerning expedited discovery, Plaintiffs hereby request that Defendants Kirstjen M. Nielsen, or her successor pursuant to Fed. R. Civ. P. 25(d); Kevin K. McAleenan, or his successor pursuant to Fed. R. Civ. P. 25(d); and Todd C. Owen, or his successor pursuant to Fed. R. Civ. P. 25(d) (collectively, "Defendants"), respond to the following expedited requests for production. Unless otherwise agreed upon by counsel, production of responsive documents and other materials shall be made at the law offices of Mayer Brown LLP, 350 South Grand Avenue, Suite 2500, Los Angeles, California 90071.

## **DEFINITIONS**

The following definitions shall apply to each of the requests for production of documents set forth below.

A. "You" and "your" shall mean and refer to Defendant Kirstjen M. Nielsen and, where appropriate in the context, her agents, representatives, employees, attorneys and investigators.

B. "CBP" shall mean and refer to U.S. Customs and Border Protection and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein; CBP offices at ports of entry, including any divisions, subdivisions or sections therein; or any other CBP organizational structures, including but not limited to U.S. Border Patrol, U.S. Office of Field Operations or private contractors hired by CBP.

C. "DHS" shall mean and refer to the U.S. Department of Homeland Security, and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein, or any other DHS organizational structures.

  D. "Person(s)" shall mean and refer to any individual or entity, including, without limitation, any government official (elected or appointed) or entity, including, without limitation, any government agency, division, subdivision or section therein, sole proprietorship, association, company, partnership, joint venture, corporation, trust, estate or any other entity.

  E. "Communication(s)" shall mean and refer to the exchange of information by or through any mode or medium including, but not limited to, spoken word, written correspondence, any form of technology, face-to-face meetings or conveying of information through third person(s) to some other intended recipient.

  F. "Document(s)" is used in its customary broad sense, and includes, but is not limited to, any written, printed, typed, recorded, videotaped, filmed, punched, transcribed, taped, electronically-created or other graphic matter of any kind or nature held or produced or reproduced, whether sent or received, including the original, and includes, but is not limited to, all correspondence, emails, records, drawings, calculations, memoranda, reports, financial statements, telegrams, cables, contracts, tabulations, studies, analyses, evaluations, work appointment books, diaries, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets, articles, magazines, newspapers, microfilm, microfiche, photographs, tapes or other recordings, punched cards, magnetic tapes, discs, printouts, computer generated reports and printouts, other data compilations from which information can be obtained, and includes all such document(s) that are in your possession, custody or control. The term document(s) encompasses all communications available in the foregoing formats.

  G. Any request for "all documents" is meant to include all documents in your possession, custody or control (including, without limitation, documents which may be in the physical possession of persons such as your affiliates, partners, agents, consultants, employees, advisors, attorneys, investigators and

representatives), whether the documents were compiled by you or by any other person for any reason whatsoever.

H.   "Relating to" as used herein, shall mean constituting, comprising, pertaining to, in connection with, reflecting, respecting, regarding, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, setting forth, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in whole or in part.

I.   The term "including" means "including but not limited to."

J.   The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive, and each shall include the other wherever such dual construction will serve to bring within the scope of these requests any document which would otherwise not be brought within its scope. Furthermore, wherever the word "any" appears, it shall be read and applied so as to include the word "all," and vice versa. Except as specifically provided herein, words imparting the singular shall include the plural and vice versa, where appropriate.

## INSTRUCTIONS

1.   Pursuant to Federal Rule of Civil Procedure 34(b), all documents shall be produced in the form in which they are maintained in the normal course of business or in the form in which they were found in their normal filing places, including file folders or other bindings in which such documents were found; documents attached to each other should not be separated. If for any reason the container cannot be produced, produce copies of all labels or other identifying markings. Documents may also be produced by an electronic database provided that it is clear and unambiguous as to the source, date, and any other applicable metadata of each document.

2. With respect to any document responsive to these requests that you contend you are not required to produce because of an alleged privilege (which you are not presently prepared to waive), describe each such alleged privileged document as follows:

    (a) Give the date of each such document;

    (b) Identify each person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document;

    (c) Identify each person to whom the original or copy of the document was sent;

    (d) Identify each person who has custody of the original or a copy of the document;

    (e) Identify each document that refers to, discusses, analyzes or comments upon it, in whole or in part, or which contains any or all of its contents;

    (f) State any basis for claiming privilege, and provide sufficient information regarding the document to explain the claim of privilege and to permit the adjudication of the propriety of that claim; and

    (g) State the request to which such document is responsive.

3. With respect to any document responsive to these requests that is no longer in your control, has been destroyed, lost or otherwise disposed of or not produced, please provide the following information:

    (a) the date of each such document;

    (b) the date the document was destroyed, lost or otherwise disposed of;

    (c) the type of document (e.g., letter, memorandum, note);

    (d) the number of pages of the document;

    (e)    the title and subject matter of the document;

    (f)    the reason for loss, destruction or disposal of the document;

    (g)    identify the custodian of the document at the time of loss, destruction or disposal;

    (h)    identify each person who has knowledge of the circumstances of such loss, destruction or disposal, and state the knowledge each such person has;

    (i)    identify each person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document;

    (j)    identify each person to whom the original or a copy of the document was sent;

    (k)    identify each person who has knowledge of the contents of the document;

    (l)    identify each person who had custody of the original or a copy of the document; and

    (m)    identify every document that refers to, discusses, analyzes or comments upon it, in whole or in part, or which contains any or all of its contents.

4.    If you object to any term or phrase as vague, ambiguous, or indefinite, then provide your understanding of the term or phrase and respond accordingly.

5.    Unless otherwise specified, each request seeks documents created or in effect between January 1, 2018 to the date of these requests.

## REQUESTS FOR PRODUCTION

1.    All documents and communications related to any alerts, notices, holds, revocations, or other restrictions placed on the passport or travel documents of AOL Director of Litigation Erika Pinheiro.

2. All documents and communications related to the January 29, 2019 detention of Erika Pinheiro by Mexican immigration officials at the San Ysidro East Port of Entry, including but not limited to all communications with any Mexican governmental entities or officials concerning Ms. Pinheiro.

3. All documents and communications related to any alerts, notices, holds, revocations, or other restrictions placed on the passport or travel documents of AOL Legal Director Nora Phillips.

4. All documents and communications related to the January 31, 2019 detention of Nora Phillips by Mexican immigration officials at the Guadalajara Airport, including but not limited to all communications with any Mexican governmental entities or officials concerning Ms. Phillips.

5. All documents and communications related to any alerts, notices, holds, revocations, or other restrictions placed on the passport or travel documents of AOL Director of Border Rights Project Nicole Ramos, including but not limited to all communications with any Mexican governmental entities or officials concerning Ms. Ramos.

6. All documents and communications related to the January 10, 2019 seizure of Nicole Ramos's SENTRI card at the San Ysidro vehicle crossing and the suspension and subsequent revocation of Nicole Ramos's SENTRI card, including but not limited to documents concerning the reasons for the seizure, confiscation, suspension, and/or revocation of Ms. Ramos's SENTRI card.

7. All documents relating to investigations of Al Otro Lado, Al Otro Lado employees, or the named plaintiffs on account of their association with Al Otro Lado.

8. All documents and communications relating to actions taken against Al Otro Lado, Al Otro Lado employees, or the named plaintiffs on account of their association with Al Otro Lado, including but not limited to seizing SENTRI cards or placing any alerts, notices, holds, revocations, or other restrictions on passports or

1  other travel documents.

2      9.    All documents and communications relating to CBP, DHS, or Mexican authorities detaining employees or representatives of Al Otro Lado at or near the U.S.-Mexico border.

    10.    All documents relating to any statements, accusations, or claims made by CBP or DHS employees concerning Al Otro Lado or its employees.

DATED: February   , 2019

MAYER BROWN LLP
Matthew H. Marmolejo
*mmarmolejo@mayerbrown.com*
Ori Lev
*olev@mayerbrown.com*
Stephen M. Medlock
*smedlock@mayerbrown.com*

SOUTHERN POVERTY LAW CENTER
Melissa Crow
*melissa.crow@splcenter.org*
Mary Bauer
*mary.bauer@splcenter.org*
Sarah Rich
*sarah.rich@splcenter.org*
Rebecca Cassler
*rebecca.cassler@splcenter.org*

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
*bazmy@ccrjustice.org*
Ghita Schwarz
*gschwarz@ccrjustice.org*
Angelo Guisado
*aguisado@ccrjustice.org*

LATHAM & WATKINS LLP
Manuel A. Abascal
*manny.abascal@lw.com*

AMERICAN IMMIGRATION COUNCIL
Karolina Walters
*kwalters@immcouncil.org*

by: _____
Matthew H. Marmolejo

*Attorneys for Plaintiffs*
*AL OTRO LADO, INC., et al.*

# CERTIFICATE OF SERVICE

The undersigned certifies that on February __, 2019, a copy of the above and foregoing Plaintiffs' Expedited Set of Requests for Production to all Defendants has been sent by electronic mail to each of the following:

Alexander James Halaska
202-307-8704
Email: alexander.j.halaska@usdoj.gov

Gisela Ann Westwater
202-532-4174
Fax: 202-616-8962
Email: gisela.westwater@usdoj.gov

Brian Ward
202-616-9121
Fax: 202-305-7000
Email: brian.c.ward@usdoj.gov

Danielle K. Schuessler
202-305-9698
Fax: 202-305-7000
Email: danielle.k.schuessler@usdoj.gov

Genevieve M Kelly
202-532-4705
Fax: 202-305-7000

Sairah G. Saeed
202-532-4067
Email: sairah.g.saeed@usdoj.gov

Yamileth G. Davila
 (202)305-0137
Fax: (202)616-4950
Email: yamileth.g.davila@usdoj.gov

/s/
Matthew H. Marmolejo
Attorneys for Plaintiffs Al Otro Lado, Inc.
mmarmolejo@mayerbrown.com