JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
GISELA A. WESTWATER (NE 21801)
Assistant Director
YAMILETH G. DAVILA (FL 47329)
Assistant Director
SAIRAH G. SAEED (IL 6290644)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4067 | Fax: (202) 305-7000
sairah.g.saeed@usdoj.gov

BRIAN C. WARD (IL 6304236)
Senior Litigation Counsel
DANIELLE LINDERMUTH (MD Bar)
Trial Attorney
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
KATHERINE SHINNERS
Senior Litigation Counsel

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Kirstjen NIELSEN, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, <br><br> *Defendants*. | Case No. 3:17-cv-02366-BAS-KSC <br><br> Hon. Karen S. Crawford <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF AL OTRO LADO INC.'S [EX PARTE] MOTION FOR EXPEDITED DISCOVERY** <br><br> Hearing Date: None. <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> [*Declaration of Sairah G. Saeed Filed Concurrently*] |

## INTRODUCTION

Defendants submit this brief in opposition to Plaintiffs' ex parte motion for expedited discovery. Despite Defendants' request for three additional business days to respond to the allegations lodged in Plaintiffs' motion, the substantial amount of time that Defendants had to devote last week to preparing for the parties' 26(f) conference, and the Court's specific request that the parties present the dispute jointly, Plaintiffs filed their motion ex parte on February 22, 2019, the fifth day after service of their portion on Defendants. Defendants' request was not unreasonable, and Defendants therefore ask this Court to deny Plaintiffs' ex parte motion and direct Plaintiffs' to refile their request as a joint stipulation once they receive Defendants' portion, which Defendants will send to Plaintiffs on Wednesday, February 27, 2019.

## BACKGROUND

On February 4, 2019, Plaintiffs first raised the issue of expedited discovery to Defendants. Declaration of Sairah G. Saeed ("Saeed Decl.") ¶ 4. Despite asserting that the information sought by Ms. Ramos, Ms. Pinheiro, and Ms. Phillips is outside the scope of this litigation, counsel for Defendants agreed to look into the individuals' claims and, to facilitate the sharing of information, requested that Plaintiffs' counsel provide executed Privacy Act waivers. Saeed Decl. ¶ 5. Plaintiffs' counsel did not provide Privacy Act waivers for these individuals until after the close of business on Friday, February 8, 2019. Saeed Decl. ¶ 6. On February 12, 2019, counsel for both parties met and conferred regarding Plaintiffs' requests, after which Defendants continued to confer with their clients. Saeed Decl. ¶¶ 7-8.

On Wednesday, February 14, 2019, at 4:50 PM PST, Plaintiffs provided Defendants with their portion of a joint stipulation regarding discovery. In their email, Plaintiffs' counsel stated that they had contacted the Court and "that Magistrate Judge Crawford would prefer this dispute presented as a joint motion."

1

DEFENDANTS' OPPOSITION TO PLAINTIFF AL OTRO LADO INC.'S [EX PARTE] MOTION FOR EXPEDITED DISCOVERY
Case No. 3:17-cv-02366-BAS-KSC

1  ECF No. 227-7 at 6-.  Plaintiffs' counsel further directed that "Defendants <u>will</u>
2  provide their draft sections on or before close of business on Wednesday, February
3  20."  Saeed Decl. ¶ 8; ECF No. 227-7 at 6-7 (emphasis added).

4  Judge Crawford's Standing Order provides that "the party initiating a joint
5  motion to resolve a discovery dispute must provide opposing counsel with a
6  complete draft of the joint motion and any exhibits or supporting declarations ***at***
7  ***least*** 5 business days prior to the anticipated filing date."  Chambers Rules §V.D.

8  Thus, on Thursday, February 15, 2019, Defendants' counsel informed
9  Plaintiffs' counsel that five business days from their service at close of business on
10 February 14, 2019 would be close of business on Friday, February 22, 2019.[1]
11 Saeed Decl. ¶ 9.  Moreover, given the nature of the claims raised, the potential
12 implication of law enforcement and foreign relations considerations, and the need
13 for counsel to work closely with their clients on the response, Defendants informed
14 Plaintiffs that they would need until the close of business on Wednesday, February
15 27, 2019, to finalize their portion.  Saeed Decl. ¶ 9.  Plaintiffs rejected this
16 timeframe as unreasonable and stated that they "will go ahead and file" if
17 Defendants did "not provide [their] response by COB on Friday the 22nd …."
18 Saeed Decl. ¶ 10; ECF No. 227-7 at 5.

19 On Wednesday, February 20, 2019, Defendants' counsel identified and
20 informed Plaintiffs of a missing exhibit and an incomplete declaration in Plaintiffs'
21 portion of the joint motion.  Saeed Decl. ¶ 11.  Plaintiffs' counsel provided the
22 missing document, which was in Spanish, without a translation, on February 20,
23 2019.  Saeed Decl. ¶ 12; ECF No. 227-7 at 4.

24 Despite having only provided their "complete draft of the joint motion and
25 any exhibits or supporting declarations" (without translation) on February 20,

---

[1] Monday, February 18, 2019, was not included in the calculation of the deadline because it was a Federal holiday.  Saeed Decl. ¶ 9.

2

DEFENDANTS' OPPOSITION TO
PLAINTIFF AL OTRO LADO
INC.'S [EX PARTE] MOTION
FOR EXPEDITED DISCOVERY
Case No. 3:17-cv-02366-BAS-KSC

2019, Plaintiffs filed a motion for expedited discovery at 8:45 PM PST on February 22, 2019.  Saeed Decl. ¶ 13; *see* Ex. A.  Although filing what is in substance an "ex parte" motion, Plaintiffs captioned their filing in the CM/ECF system as a "Joint Motion to Expedite Joint Motion Regarding Plaintiff Al Otro Lado Inc.'s Request for Expedited Discovery."  *See* Ex. A.  As is clear, however, the filing is not "joint" and does not serve to facilitate the Court's expeditious consideration of the dispute.

## EX PARTE FILING

Courts disfavor ex parte filings, especially in the discovery context.  Chambers Rule V.D ("***An ex parte motion or application to compel is only appropriate under circumstances where the opposing party refuses to participate in contributing to a joint motion after a reasonable opportunity has been provided***, ….").  Because Defendants did not refuse to participate in the preparation of a joint motion but only asked for a reasonable amount of time to fully research, brief, and consult with clients, the Court should deny Plaintiffs' ex parte motion.  Three additional business days is not an unreasonable extension.  Defendants devoted a significant portion of this time to preparing for and participating in the Rule 26(f) conference held by the parties on Friday, February 21, 2019 – the earliest day on which Defendants would be expected to return their portion to Plaintiffs under Chambers Rule V (if Plaintiffs' failure to provide all of their exhibits until February 20, 2019, is overlooked).

In their filing, Plaintiffs lodged far-reaching claims of retaliation against the government, claims that Plaintiffs did not allege in their Second Amended Complaint.  The Court's consideration of this dispute will benefit greatly from fully researched and coordinated briefing by both parties.  Plaintiffs nowhere explain why a delay of three business days would prejudice them.  As such, Plaintiffs failed to satisfy the high standard for filing ex parte.

3

DEFENDANTS' OPPOSITION TO PLAINTIFF AL OTRO LADO INC.'S [EX PARTE] MOTION FOR EXPEDITED DISCOVERY
Case No. 3:17-cv-02366-BAS-KSC

# CONCLUSION

For the reasons stated above, the Court should deny Plaintiffs' ex parte filing and direct Plaintiffs to refile their request as a true "Joint Motion for Determination of a Discovery Dispute" after receiving Defendants' portion on Wednesday, February 27, 2019.

Dated: February 25, 2019          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section

GISELA A. WESTWATER
Assistant Director

*/s/ Sairah G. Saeed*
SAIRAH G. SAEED
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4067 | Fax: (202) 305-7000
sairah.g.saeed@usdoj.gov

*Counsel for Defendants*

4

DEFENDANTS' OPPOSITION TO PLAINTIFF AL OTRO LADO INC.'S [EX PARTE] MOTION FOR EXPEDITED DISCOVERY
Case No. 3:17-cv-02366-BAS-KSC

# CERTIFICATE OF SERVICE

Case No. 3:17-cv-02366-BAS-KSC

I certify that on February 25, 2019, I served a copy of the foregoing document by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

> */s/ Sairah G. Saeed*
> SAIRAH G. SAEED
> Trial Attorney
> United States Department of Justice
> Civil Division
> Office of Immigration Litigation
> District Court Section
> P.O. Box 868, Ben Franklin Station
> Washington, D.C. 20044
> Tel: (202) 532-4067 | Fax: (202) 305-7000
> sairah.g.saeed@usdoj.gov
>
> *Counsel for Defendants*

5

DEFENDANTS' OPPOSITION TO PLAINTIFF AL OTRO LADO INC.'S [EX PARTE] MOTION FOR EXPEDITED DISCOVERY
Case No. 3:17-cv-02366-BAS-KSC