1  MAYER BROWN LLP
     Matthew H. Marmolejo (CA Bar No. 242964)
2     *mmarmolejo@mayerbrown.com*
   350 S. Grand Avenue
3  25th Floor
   Los Angeles, CA 90071-1503
4     Ori Lev (DC Bar No. 452565)
     (*pro hac vice*)
5     *olev@mayerbrown.com*
     Stephen M. Medlock (VA Bar No. 78819)
6     (*pro hac vice*)
     *smedlock@mayerbrown.com*
7  1999 K Street, N.W.
   Washington, D.C. 20006
8  Telephone:  +1.202.263.3000
   Facsimile:   +1.202.263.3300
9
   SOUTHERN POVERTY LAW CENTER
10    Melissa Crow (DC Bar No. 453487)
     (*pro hac vice*)
11    *melissa.crow@splcenter.org*
   1666 Connecticut Ave. NW, Suite 100
12  Washington, DC 20009
   Telephone: +1.202.355.4471
13  Facsimile: +1.404.221.5857

14  *Additional counsel listed on next page*
   *Attorneys for Plaintiff Al Otro Lado, Inc.*

15              **UNITED STATES DISTRICT COURT**

16            **SOUTHERN DISTRICT OF CALIFORNIA**

17

18  Al Otro Lado, Inc., *et al.*,          Case No.:  17-cv-02366-BAS-KSC
                                           Hon. Karen S. Crawford
19              Plaintiffs,
                                           [DISCOVERY MATTER]
20       v.
                                           **PLAINTIFF AL OTRO LADO'S**
21  Kirstjen M. Nielsen, *et al.*,         **REPLY IN SUPPORT OF THE**
                                           **JOINT MOTION REGARDING ITS**
22              Defendants.                **REQUEST FOR EXPEDITED**
                                           **DISCOVERY**
23
                                           **NO ORAL ARGUMENT UNLESS**
24                                         **REQUESTED BY THE COURT**

25
                                           [*Declaration of Erika Pinheiro Filed*
26                                         *Concurrently*]

27

28

1

2
CENTER FOR CONSTITUTIONAL RIGHTS

3
    Baher Azmy  (NY Bar No. 2860740)
    (*pro hac vice*)

4
    *bazmy@ccrjustice.org*
    Ghita Schwarz  (NY Bar No. 3030087)

5
    (*pro hac vice*)
    *gschwarz@ccrjustice.org*

6
    Angelo Guisado (NY Bar No. 5182688)

7
    (*pro hac vice*)
    *aguisado@ccrjustice.org*

8
666 Broadway, 7th Floor
New York, NY 10012

9
Telephone: +1.212.614.6464

10
Facsimile: +1.212.614.6499

11
SOUTHERN POVERTY LAW CENTER
    Mary Bauer (VA Bar No. 31388)

12
    (*pro hac vice*)
    *mary.bauer@splcenter.org*

13
1000 Preston Ave.
Charlottesville, VA

14
    Sarah Rich (GA Bar No. 281985)

15
    (*pro hac vice*)
    *sarah.rich@splcenter.org*

16
    Rebecca Cassler (MN Bar No. 0398309)
    (*pro hac vice*)

17
    *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340

18
Decatur, GA 30030

19
AMERICAN IMMIGRATION COUNCIL
    Karolina Walters (DC Bar No. 1049113)

20
    (*pro hac vice*)

21
    *kwalters@immcouncil.org*
1331 G St. NW, Suite 200

22
Washington, DC 20005
Telephone: +1.202.507.7523

23
Facsimile: +1.202.742.5619

24

25

26

27

28

Plaintiff Al Otro Lado, Inc. ("Plaintiff" or "AOL") files this reply to inform the Court that just hours before the Government filed its opposition brief, **_AOL's Director of Litigation and Policy, Erika Pinheiro, was again detained at the U.S.-Mexico border despite having a valid travel visa,_** due to an "alert" placed on her passport presumably by the U.S. government.  Ex. A ¶¶ 3-7. This latest detention further demonstrates the exigent circumstances at issue and why, having fully complied with this Court's Chambers Rules when it filed the Joint Motion seeking expedited discovery, AOL did not agree to the Government's request to further delay getting this issue before the Court.  As AOL explained in the Joint Motion (Dkt. 227), the evidence indicates that the Government has retaliated against AOL and caused AOL's employees to be improperly detained and harassed when traveling to Mexico.  *See id.*  This campaign of harassment and arbitrary detention targeted at AOL has prevented AOL from effectively meeting and communicating with its clients—immigrants who have traveled hundreds of miles and find themselves living in unsafe and unsanitary conditions on the U.S.-Mexico border because of the artificial bottleneck caused by the Government's illegal turnback policy.  *Id.* at 2; *see also E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838, 851 (N.D. Cal. 2018) ("The record reveals that the government has an established policy of limiting the number of people who may present asylum claims at ports of entry—called 'metering'—and that this policy currently results in lengthy delays, some eclipsing six weeks. . . . Under this practice, border officials at official ports of entry turn away asylum seekers and other migrants and force them to return at a later date." (internal citations omitted)).

While AOL would typically extend to the Government the professional courtesy of allowing the Government three extra days to complete its portion of the joint motion, that was not possible in this case in light of the Government's apparent retaliatory scheme, which directly impedes AOL's ability to assist its clients and participate in this lawsuit.  Nor was this latest event *sui generis*; Ms. Pinheiro has

1  learned that she will be detained and questioned any time she attempts to cross the
2  border into Mexico—at least until the unwarranted alert that was placed on her
3  passport is removed.  Ex. A ¶ 10.

4      Under these circumstances, AOL requires immediate resolution of its Motion.
5  It should not be made to jump through the meaningless procedural hoop of re-filing
6  its Motion while the Government continues to harass its personnel and impede its
7  ability to serve vulnerable asylum seekers on the U.S.-Mexico border.

8  **I.    THE GOVERNMENT'S PROCEDURAL OBJECTIONS ARE**
9  **MERITLESS**

10      ***AOL Was Justified in Refusing to Provide an Extension Because its***
11  ***Employees Continue to be Harassed and Detained at the U.S.-Mexico Border.***
12  Under normal circumstances, AOL readily would have agreed to extend the deadline
13  for the Government's portion of a joint motion from February 25, 2019 (AOL's
14  proposed compromise) to February 27, 2019. But these are not normal
15  circumstances.  As AOL explained in the joint motion, shortly after the stay on
16  discovery was lifted in this case, the U.S. Government and the Mexican immigration
17  authorities (acting at the behest of another government that is most likely the United
18  States) began to detain and harass AOL's employees.  This pattern of conduct is
19  ongoing.  Yesterday, AOL's Director of Litigation and Policy, Erika Pinheiro, was
20  again detained by Mexican immigration authorities based upon a passport "alert"
21  likely issued by the U.S. government.  Ex. A ¶¶ 3-7.

22      As detailed in Ms. Pinheiro's attached declaration, on February 21, 2019, she
23  was informed by the Mexican Consulate in San Diego that an alert had been placed
24  on her passport which prevented her from receiving temporary residence status in—
25  and traveling to—Mexico.  Ex. A ¶ 3.  She was later informed by Mexican officials
26  that this alert had been lifted and was thereafter instructed to present herself at the
27  Mexican immigration office located at the San Ysidro-Tijuana Port of Entry to

28

REPLY IN SUPPORT OF JOINT MOTION
REGARDNG EXPEDITED DISCOVERY

obtain a temporary residence permit. *Id.* ¶¶ 4-5. However, when Ms. Pinheiro presented herself at the Mexican immigration office on February 25, 2019, she was detained because of an alert on her passport that was placed by a foreign (*i.e.*, non-Mexican) government. *Id.* ¶¶ 5-7. After approximately one hour of detention, Mexican authorities, acknowledging that "'political nature of the situation" leading to her detainment, allowed Ms. Pinheiro to enter the country notwithstanding the alert on her passport. *Id.* ¶ 8-9. Ms. Pinheiro was subsequently advised by her Mexican attorney that an "alerta informative" had been placed on her passport and she will likely be detained and questioned each time she tries to cross from the United States into Mexico, unless the alert is somehow expunged. *Id.* ¶ 10.

As AOL explained in the joint motion, AOL believes that this detention is a part of a campaign of retribution designed to make it more difficult for AOL, a prominent advocate for asylum-seekers on the U.S.-Mexico border, to do its job and prosecute this lawsuit. *See* Dkt. 227 at 6. Traveling between the U.S. and Mexico is essential to Ms. Pinheiro's work for AOL and the welfare of the vulnerable asylum seekers she serves. Ex. A ¶ 11. Because this conduct is going on in real time, AOL could not consent to the Government's request for a delay in briefing the joint motion.

***AOL Provided the Government with Five Business Days to Participate in the Briefing of the Joint Motion.*** The continuing saga of harassment alone is reason enough for the Court resolve the Joint Motion without unnecessary procedural delay. In any event, the Government's attempt to suggest that some procedural impropriety on AOL's part justified further delay is unavailing. AOL complied with this Court's rules and provided the Government sufficient time to draft its portion of the joint motion. Chambers Rule V(D) states that "[a] party seeking to bring a discovery dispute before the Court must provide the opposing party a reasonable opportunity to contribute to the joint motion. . . . This Court considers a minimum of 5 business

REPLY IN SUPPORT OF JOINT MOTION
REGARDNG EXPEDITED DISCOVERY

days prior to the anticipated filing date of the joint motion to be a reasonable time period for a party to participate meaningfully in the preparation of the joint motion." Chambers Rule V(D).  AOL did just that.

- On February 14, 2019, AOL provided the Government with a draft of its sections of the joint motion and all of the witness declarations that accompanied the final draft of the motion.  Dkt. 228; Dkt. 227-7 at 4-5.
- The Government confirmed that "five business days" under Chambers Rule V(D) made its portion of the joint motion due by "COB on Friday, February 22, 2019." Dkt. 227-7 at 4.
- On February 15, 2019, the Government requested an extension for its section of the joint motion until February 27, 2019.  Dkt. 227-7 at 4.
- AOL responded to the Government the same day, offering to delay filing until February 25, 2019 to accommodate the Government.  *Id.*
- On February 20, 2019, the Government rejected AOL's proposed compromise.  Dkt. 227-7 at 2-3.
- AOL filed the Joint Motion to Expedite Discovery on February 22, 2019—five business days after it provided the Government with a copy of the joint motion and declarations.  Dkt. 227.

Indeed, the Government has known that AOL was requesting information concerning the arbitrary detention and harassment of AOL employees since January 11, 2019—over a month before the joint motion was filed.  Dkt. 227-7 at 14-15.  And the Government and AOL met-and-conferred about the substance of the joint motion on February 11, 2019.  *Id.* at 6-7.  Notably, in the weeks that have passed since first being made aware of these incidents, the Government has not disavowed any retaliatory motive behind its actions.  Given these circumstances, AOL provided the Government with more than adequate notice of the basis for its argument and ample opportunity to participate in drafting the joint motion.

***The Government Has Not Been Harmed or Disadvantaged by AOL's Filing of the Joint Motion***. The Government implies that AOL misled the Court by filing the joint motion as a joint motion, instead of styling it as an ex parte motion. Dkt. 228 at 3. This is untrue. In the joint motion, AOL informed the Court why the Government was not able to participate in the drafting of the joint motion within five business days and provided the Court with the entire email correspondence between AOL and the Government regarding the joint motion. *See* Dkt. 227 at 1; Dkt. 227-7.

The Government suggests that AOL did not provide the Government with the complete draft of the joint motion papers until February 20, 2019. Dkt. 228 at 2. This is incorrect. On February 14, 2019, AOL provided the Government with a complete draft of the joint motion and supporting declarations, including a 40-paragraph declaration from Nora Phillips, the Legal Director and Co-Founder of AOL, containing all the information that AOL relied on in its portion of the motion. *See* Dkt. 227, 227-2 ¶¶ 2-39. AOL inadvertently omitted a single, two-page exhibit to Ms. Phillips' declaration—a copy of the removal documents that Ms. Phillips received from the Mexican government that corroborated portions of her declaration. Six days later, on February 20, 2019, the Government informed AOL that the exhibit was missing and AOL quickly corrected this error by providing the exhibit to the Government. *See* Dkt. 227 at 1 n.1. The Government has not explained why it waited nearly a week to request this supporting exhibit or how it has been harmed or disadvantaged in any way by this delay. The Government also asserts obliquely that AOL provided it with an "incomplete declaration." Dkt. 228 at 2; Dkt. 228-1 ¶ 11. This is incorrect too. The Government appears to be complaining that the final pages of Ms. Phillips' declaration were duplicated to allow for her signature on the document; AOL explained this apparent discrepancy to the Government on February 21, 2019. Dkt. 227-7 at 1. Again, there is no suggestion as that the Government was somehow harmed by receiving two copies of one page of Ms. Phillips declaration.

## II.    CONCLUSION

For the foregoing reasons the Court should reject the Government's procedural arguments and grant the motion for expedited discovery.

Dated:  February 26, 2019

MAYER BROWN LLP
    Ori Lev
    Matthew H. Marmolejo
    Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
    Melissa Crow
    Mary Bauer
    Sarah Rich
    Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy
    Ghita Schwarz
    Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters


By _/s/ Matthew H. Marmolejo_____


*Attorneys for Plaintiff Al Otro Lado, Inc.*

REPLY IN SUPPORT OF JOINT MOTION
REGARDNG EXPEDITED DISCOVERY

1

## CERTIFICATE OF SERVICE

2    I certify that I caused a copy of the foregoing document to be served on all

3  counsel via the Court's CM/ECF system.

4  Dated:  February 26, 2019                    MAYER BROWN LLP

5

6                                              By _/s/ Matthew H. Marmolejo_____

7                                              *Attorney for Plaintiff Al Otro Lado,*
                                               *Inc.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF JOINT MOTION
REGARDNG EXPEDITED DISCOVERY