MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
   Melissa Crow (DC Bar No. 453487)
   (*pro hac vice*)
   *melissa.crow@splcenter.org*
1666 Connecticut Ave. NW, Suite 100
Washington, DC 20009
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiff Al Otro Lado, Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>                Plaintiffs,<br><br>      v.<br><br>Kirstjen M. Nielsen, *et al.*,<br><br>                Defendants. | Case No.:  17-cv-02366-BAS-KSC<br>Hon. Karen S. Crawford<br><br>[DISCOVERY MATTER]<br><br>**PLAINTIFF AL OTRO LADO'S REPLY IN SUPPORT OF THE JOINT MOTION REGARDING ITS REQUEST FOR EXPEDITED DISCOVERY**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740)
  (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087)
  (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688)
  (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388)
  (*pro hac vice*)
  *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
  Sarah Rich (GA Bar No. 281985)
  (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309)
  (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113)
  (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................ii
I.   EXPEDITED DISCOVERY IS PROPER IN LIGHT OF THE GOVERNMENT'S APPARENT RETALIATION. ........................................ 1
II.   AOL'S POSITION IS NOT SPECULATIVE. .............................................. 3
III.   THE GOVERNMENT'S REMAINING OBJECTIONS LACK MERIT. .........................................................................................................5
IV.   CONCLUSION .............................................................................................. 6

# TABLE OF AUTHORITIES

**Page**(s)

**Cases**

*Am. LegalNet, Inc. v. Davis*,
 673 F. Supp. 2d 1063 (C.D. Cal. 2009) .................................................................. 6

*Apple Inc. v. Samsung Elecs. Co.*,
 768 F. Supp. 2d 1040 (N.D. Cal. 2011) .................................................................. 5

*Ben David v. Travisono*,
 495 F.2d 562 (1st Cir. 1974) .................................................................................. 2

*Bona Fide Conglomerate, Inc. v. SourceAmerica*,
 2014 WL 12515242 (S.D. Cal. 2014) .................................................................... 5

*Childs v. State*,
 2016 WL 4126720 (E.D. Cal. 2016) ...................................................................... 3

*Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*,
 2018 WL 1150836 (S.D. Cal. 2018) ................................................................. 5, 6

*EEOC v. Int'l Union of Operating Eng'rs*,
 438 F. Supp. 876 (S.D.N.Y. 1977) ......................................................................... 2

*Hardney v. Rosario*,
 2007 WL 2481635 (E.D. Cal. 2007) ...................................................................... 2

*Interserve Inc. v. Fusion Garage PTE, Ltd.*,
 2010 WL 143665 (N.D. Cal. 2010) ........................................................................ 5

*Light Salt Invs., LP v. Fisher*,
 2013 WL 3205918 (S.D. Cal. 2013) ...................................................................... 5

*Moore v. Derwinski*,
 1 Vet. App. 83 (1990) ............................................................................................. 3

**Statutes, Rules and Regulations**

Fed. R. Civ. P. 26(f) ..................................................................................................... 6

**Other Authorities**

Al Otro Lado, *Our Board of Directors* (2019), https://goo.gl/AyKPDz ................... 3

Al Otro Lado, *Our Staff* (2019), https://goo.gl/baV51w ........................................... 3

U.S. Customs & Border Protection, *SENTRI Eligibility Requirements*,
 https://goo.gl/HdVvNU (Aug. 31, 2018) ............................................................... 4

The government's opposition to the joint motion for expedited discovery is most notable for what it does not say. Plaintiff Al Otro Lado ("AOL") has laid out a plausible case that the government is using its nearly unlimited power over the U.S.-Mexico border to retaliate against a legal services organization for challenging an unlawful government policy in court. And while it acknowledges that "these allegations are serious" (Opp. 1), **not once** in its twenty-one-page opposition does the government represent that the actions taken against AOL's Legal Director, Litigation and Policy Director, and Border Rights Project Director were **not** the result of unlawful retaliatory animus by the government. Rather than offer an explanation for its conduct, or cooperate with AOL's requests to resolve this matter without the Court's intervention, the government has steadfastly refused to disclose any facts regarding why AOL's leadership has seemingly been targeted for harassment and detention. That silence speaks volumes.

Indeed, even since the filing of the joint motion, AOL's Litigation and Policy Director Erika Pinheiro has **again been detained** at the U.S.-Mexico border despite having a valid travel visa, again because an unnamed government (not Mexico) has placed an alert on her passport. *See generally* Dkt. 231, at 1, 2-3. In addition, AOL has learned that the U.S. Department of Homeland Security's Office of Inspector General is in the preliminary stages of investigating harassment and detention of activists at the border—precisely what AOL believes happened here. Particularly in light of these new developments, AOL's belief that this conduct represents government retaliation is far from speculative. Expedited discovery is warranted to allow AOL to protect its rights and its ability to zealously prosecute this litigation.

## I. EXPEDITED DISCOVERY IS PROPER IN LIGHT OF THE GOVERNMENT'S APPARENT RETALIATION.

The government's principal contention is that the requested discovery is inappropriate because it is not relevant to proving the claims currently at issue in this case. *See* Opp. 3-5, 7-9. This argument fails on two grounds: (1) the government's

1  conduct makes it harder for AOL to represent its clients who are seeking asylum in
2  the United States and AOL's recognized standing in this litigation is based upon this
3  work, and (2) this Court has the inherent authority to enjoin retaliation against
4  litigants appearing before it, and AOL is entitled to discovery to substantiate its
5  allegations in that regard.

6  First, the government's illegal Turnback Policy has hampered AOL's ability
7  to represent its clients. *See, e.g.*, Dkt. 189 ¶¶ 17-23. The Court previously found that
8  these harms "are sufficient for Article III standing." Dkt. 166 at 13. Here, the
9  government has engaged in further conduct designed to hamper AOL's mission of
10 assisting vulnerable asylum seekers along the U.S.-Mexico border and to dissuade
11 AOL from challenging the legality of the government's Turnback Policy. Therefore,
12 this conduct is plainly related to the harms alleged in the Second Amended
13 Complaint and the implementation of the Turnback Policy.

14 Second, "[t]he inherent power of a federal district court to prevent or remedy
15 actions designed to or having the effect of deterring the use of the courts, ***or***
16 ***punishing one for such use***, has been recognized and incorporated into the court's
17 contempt power and its power under the All Writs Statute." *EEOC v. Int'l Union of*
18 *Operating Eng'rs*, 438 F. Supp. 876, 879-80 (S.D.N.Y. 1977) (emphasis added)
19 (asserting jurisdiction over retaliation allegations because "[p]art of [the] duty of the
20 government to provide the protection of law is that litigants and witnesses who
21 appear before federal courts do so secure in the knowledge that they cannot be
22 harassed, intimidated, punished or otherwise suffer harm because they availed
23 themselves of the judicial system").

24 Courts thus properly exercise their powers by enjoining retaliatory conduct—
25 and by conducting factfinding into allegations of retaliation—quite apart from the
26 claims pleaded in the complaint. *See Hardney v. Rosario*, 2007 WL 2481635, at *3
27 (E.D. Cal. 2007) ("[T]his court is compelled to invoke the All Writs Act to ascertain
28

REPLY IN SUPPORT OF JOINT MOTION
REGARDNG EXPEDITED DISCOVERY

2

the veracity of plaintiff's allegations" that "certain correctional officers at CSP-Lancaster are retaliating against plaintiff based on the instant lawsuit."); *Ben David v. Travisono*, 495 F.2d 562, 563, 565 (1st Cir. 1974) (upholding district court's All Writs Act injunction barring government "from taking any action in retaliation against plaintiffs . . . on account of plaintiffs . . . participating . . . in the furtherance of this lawsuit"); *Moore v. Derwinski*, 1 Vet. App. 83, 84 (1990) ("Mr. Moore appears to argue he is being retaliated against [by the U.S. Department of Veterans Affairs] for exercising his right of appeal to this Court. . . . Mr. Moore's allegations, if true, would establish an effort to restrict the jurisdiction of this Court through intimidation. Therefore, under the All Writs Act, this Court would have jurisdiction to issue an injunction in defense of our jurisdiction.") (internal quotation marks omitted); *cf. Childs v. State*, 2016 WL 4126720, at *2 (E.D. Cal. 2016) (court required government defendants to respond to prisoner's allegations of retaliation "so that the court may evaluate whether an order under the All Writs Act is necessary."). The requested discovery is proper.

## II. AOL'S POSITION IS NOT SPECULATIVE.

The government also suggests that AOL's allegations of retaliation are too speculative to warrant discovery. Opp. 10-17; *see also id.* at 5 (characterizing the instant motion as a "fishing expedition"). But it is hard to see how the evidence of retaliation could be any more clear, short of DHS officials coming out and admitting to the retaliation. Again, each of AOL's three most prominent individuals—the faces of the organization[1]—have been subjected to detention at the border or confiscation of travel documents. Mexican officials informed both Ms. Phillips and Ms. Pinheiro that they were detained because of alerts placed on their passports by a government,

---

[1] *See* Al Otro Lado, *Our Staff* (2019), https://goo.gl/baV51w (listing Nora Phillips, Erika Pinheiro, and Nicole Ramos as the first three names on the public list of AOL's employees); *see also* Al Otro Lado, *Our Board of Directors* (2019), https://goo.gl/AyKPDz (Nora Phillips and Erika Pinheiro also listed as board members). Ms. Phillips, Ms. Pinheiro, and Ms. Ramos are more than mere "non-party employees" of AOL, as the government would have it. *E.g.*, Opp. 11.

and that it was not the government of Mexico. *See* Joint Mot. 4. While defendants attempt to cast this fact as a call for speculation, the process of elimination suggests a different result: the only plausible implication is that the United States government placed the alerts. Defendants do not propose any possible reason why a government *other than* the United States government would have an interest in restricting the travel of Ms. Phillips and Ms. Pinheiro. AOL should be allowed to propound limited discovery requests to investigate this matter.

As to the revocation of Ms. Ramos's SENTRI card, the government provides several pages of background information on the SENTRI program. Opp. 13-17.[2] What those pages do not contain is even a shred of justification for the government's action; indeed, the government intends to claim law enforcement privilege with respect to the reasons for the revocation. Decl. of Pete R. Acosta ¶ 3, Dkt. 233-2. What we do know is that USCIS sent Ms. Ramos a one-sentence explanation for the revocation: "You do not meet the program eligibility requirements." Ex. A to Acosta Decl., Dkt. 233-3. USCIS provided this justification for the revocation even though Ms. Ramos had been approved for and participated in SENTRI since 2016—and for Global Entry since 2014. Acosta Decl. ¶ 3. The government would have the Court believe it was mere coincidence that after five years of eligibility, Ms. Ramos suddenly no longer "me[]t the program eligibility requirements" in the same three-week span that AOL's other prominent directors were being detained. The government offers no explanation for this sequence of events.

The government suggests that "there could be any number of reasons" for the things that are happening to AOL personnel when they attempt to do their jobs by advocating for the rights of powerless asylum-seekers. Opp. 11. Curiously, though,

---

[2] The background information that the government does provide appears to conflict with publicly available information regarding the SENTRI program, which states that membership in the SENTRI program may be revoked only "due to becoming guilty of a criminal offense, charged with a customs or immigration offense, or declared inadmissible to the U.S. under immigration law." *See* U.S. Customs & Border Protection, *SENTRI Eligibility Requirements*, https://goo.gl/HdVvNU (Aug. 31, 2018).

the government does not propose ***even one*** potential alternative explanation for these instances of apparently retaliatory conduct—let alone the confluence of all of them. And again, ***nowhere*** in its brief does the government represent that the conduct to which AOL's directors are being subjected is ***not*** retaliation by the United States government.

Finally, the DHS Office of Inspector General recently began investigating alleged harassment of attorneys and activists by U.S. Customs & Border Protection—exactly what AOL contends happened, and continues to happen, here. The media and Congress are also investigating. *See* Joint Mot. 13 n.8. In the end, there is simply too much smoke here for the government to persist in saying "no fire" with a straight face.

### III. THE GOVERNMENT'S REMAINING OBJECTIONS LACK MERIT.

The government offers several additional arguments, but none persuades. First, the government objects that AOL has not yet sought a preliminary injunction. Opp. 6-9. But as AOL explained in the joint motion, courts frequently grant expedited discovery precisely because plaintiffs need access to the discovered information in order to evaluate and prepare a future motion for injunctive relief. Joint Mot. 10-11; *see, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011); *Interserve Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 143665, at *2 (N.D. Cal. 2010); *Light Salt Invs., LP v. Fisher*, 2013 WL 3205918, at *2 (S.D. Cal. 2013); *Bona Fide Conglomerate, Inc. v. SourceAmerica*, 2014 WL 12515242, at *2 (S.D. Cal. 2014). The government's only response is to observe that the discovery in these cases went to the merits of the claims at issue (Opp. 6)—but that is a distinction without a difference, in light of the Court's power to enjoin retaliatory conduct. *See supra* at 1-2.

Next, the government complains that the requested discovery is too broad and too burdensome. Opp. 18-21. In the joint motion, AOL represented that it was

willing to meet and confer with the government regarding the scope of the requested discovery. Joint Mot. 8 n.7. If government counsel had a problem with the breadth or burden of the discovery requests, they could have picked up the phone and called AOL's attorneys, rather than involving the Court in the minutiae of the requests. That offer still stands. Moreover, any overbreadth of the discovery requests would be a reason to narrow them, not to deny expedited discovery wholesale. *See Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, 2018 WL 1150836, at *4-6 (S.D. Cal. 2018) (Bashant, J.) ("modif[ying]" the scope of expedited discovery requests, "rather than preclud[ing] any expedited discovery on this ground").[3]

Finally, the fact that the Rule 26(f) conference has now taken place is no grounds to deny expedited discovery—as demonstrated by the government's failure to cite a single authority for that proposition. Opp. 21. To the contrary, the relief AOL is asking for now (discovery conducted quickly) is *less* of a departure from normal discovery procedures—and therefore more reasonable, all things considered—than the relief requested by an expedited discovery motion prior to the Rule 26(f) conference (discovery that is both fast *and* early). *See Citizens for Quality Educ.*, 2018 WL 1150836, at *2 ("Courts examine the reasonableness of" an expedited discovery request by looking to factors including "how far in advance of the typical discovery process the request was made."); *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (party seeking expedited discovery must justify "the requested departure from usual discovery procedures.") (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Expedited discovery is proper.

## IV.  CONCLUSION

The Court should grant the motion for expedited discovery.

---

[3] Because the government has not served objections to AOL's proposed expedited discovery requests and has not met and conferred with AOL regarding the scope of those requests, the government's privilege and burden arguments are not ripe.

| | | |
|---|---|---|
| 1 | Dated: March 4, 2019 | MAYER BROWN LLP |
| 2 | |   Ori Lev |
| | |   Matthew H. Marmolejo |
| 3 | |   Stephen M. Medlock |

Dated: March 4, 2019

MAYER BROWN LLP
  Ori Lev
  Matthew H. Marmolejo
  Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
  Melissa Crow
  Mary Bauer
  Sarah Rich
  Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy
  Ghita Schwarz
  Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters


By */s/ Matthew H. Marmolejo*

*Attorneys for Plaintiff Al Otro Lado, Inc.*

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: March 4, 2019                    MAYER BROWN LLP

By */s/ Matthew H. Marmolejo*

*Attorney for Plaintiff Al Otro Lado, Inc.*