# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, et al.,, <br><br> Defendants. | Case No.: 17CV2366-BAS(KSC) <br><br> **ORDER DENYING PLAINTIFF AL OTRO LADO'S EX PARTE MOTION FOR EXPEDITED DISCOVERY** <br> **[DOC. NO. 227]** |

Currently pending before the Court is an ex parte Motion, mis-captioned as a Joint Motion, that was filed by plaintiff Al Otro Lado, Inc. ("AOL") and pursuant to which AOL seeks leave to conduct expedited discovery.[1] [Doc. No. 227.] The Motion is opposed by

---

[1] Plaintiff's misleading caption necessitates explanation. Prior to filing this Motion, AOL's counsel contacted the undersigned's Chambers regarding procedural requirements for their intended filing and was instructed to comply with the undersigned's Chambers Rules. In pertinent part, the Chambers Rules require discovery disputes be brought to the Court's attention through the filing of a Joint Motion for Determination of Discovery Dispute which is prepared in collaboration with counsel for the opposing party, who must be given a reasonable opportunity to contribute to the Joint Motion. See the *Hon. Karen S. Crawford's Civil Pretrial Procedures*, V.D. The Court has expressly defined a reasonable opportunity to contribute to the Joint Motion as "a ***minimum*** of 5 business days." *Id*. (emphasis in original) AOL's counsel then provided opposing counsel with AOL's portion of the Joint Motion on February 14, 2019, and proposed a filing date of February 22, 2019. When defense counsel requested an additional three business days to provide an opposition argument, AOL filed the Motion unilaterally on the 22nd, without correcting the caption. AOL's unilateral filing has resulted in an unnecessary expenditure of resources by both the parties and the Court, in the form of subsequent piecemeal filings by the parties [Doc. Nos.

1

defendants [Doc. No. 228 & 233] and Reply briefs have been filed by AOL [Doc. No. 231 & 236].

AOL contends in the weeks since the Court lifted the discovery stay in this case, AOL's Legal Director, Litigation and Policy Director, and Refugee Program Director, each of whom previously traveled between the U.S. and Mexico without incident, have had their travel restricted by U.S. and Mexican immigration authorities. Specifically, AOL reports that on January 10, 2019, Nicole Ramos, the Director of AOL's Border Rights Project, passed through the Tijuana-San Ysidro vehicle crossing into the United States, at which point she was sent to secondary inspection, where her SENTRI card was confiscated. [Doc. No. 227-3, (Ramos Decl.) ¶¶ 1, 3, 4.] Since then Ms. Ramos has twice crossed the U.S.-Mexico border and has had to wait in line two to three hours each time. *Id*. ¶ 5.

Later that month, on January 29, 2019, Mexican immigration officials detained Erika Pinheiro, AOL's Director of Litigation and Policy, as she attempted to enter Mexico at the pedestrian crossing at the San Ysidro East point of entry. [Doc. No. 227-4 (Pinheiro Decl.) ¶¶ 1, 3.] The Mexican immigration officials informed Ms. Pinheiro that a foreign government—i.e., not Mexico—had issued a migratory alert on her passport. *Id*. ¶ 3. Mexican officials provided no additional information to Ms. Pinheiro about the nature of the alert or the government that issued it. *Id*. After detaining Ms. Pinheiro for two hours, the Mexican government denied her entry into Mexico. *Id*. ¶ 7.

Thereafter, on January 31, 2019, the Legal Director and co-founder of AOL, Nora Phillips, attempted to fly to Guadalajara for a personal trip with her husband, a friend, and her seven-year-old daughter. [Doc. No. 227-2 (Phillips Decl.) ¶¶ 3, 7.] Upon arriving at the Guadalajara airport after midnight, Mexican immigration officers informed Ms. Phillips that her passport had an "alert" placed on it by a non-Mexican government. *Id.* ¶¶ 8-12.

---

228, 231, 233 & 236] and the issuance of a briefing schedule [Doc. No. 232], and has caused this matter to be handled less efficiently and less expeditiously than if the parties had filed a true Joint Motion, as required. Counsel for all parties are cautioned, therefore, that the Court expects strict compliance with its Chambers Rules and for counsel to work cooperatively in this regard.

She and her daughter were detained overnight and returned to the United States the following morning. *Id*. ¶¶ 24-38.

A fourth incident occurred after the filing of AOL's ex parte application. On February 21, 2019, Ms. Pinheiro was informed by the Mexican Consulate in San Diego that an alert had been placed on her passport which prevented her from receiving temporary residence status in—and traveling to—Mexico. [Doc. No. 231-1, ¶ 3.] She was later informed by Mexican officials the alert had been lifted and was instructed to go to the Mexican immigration office located at the San Ysidro-Tijuana border in order to obtain a temporary residence permit. *Id*. ¶¶ 4-5. When Ms. Pinheiro presented herself at the Mexican immigration office on February 25, 2019, she was again detained due to an alert on her passport that was placed by a foreign (i.e., non-Mexican) government. *Id*. ¶¶ 5-7. After approximately one hour of detention, Mexican authorities allowed Ms. Pinheiro to enter the country. *Id*. ¶ 8-9. Ms. Pinheiro was subsequently advised by her Mexican attorney that an "alerta informative" had been placed on her passport and she will likely be detained and questioned each time she tries to cross from the United States into Mexico, unless the alert is somehow expunged. *Id*. ¶ 10.

AOL now seeks leave to conduct expedited discovery, which it contends is warranted to ascertain (a) whether these actions by U.S. and Mexican immigration officials constitute retaliation for AOL's prosecution of this lawsuit; (b) whether they are an attempt to deny AOL access to asylum seekers in Mexico; and (c) the scope of any retaliatory scheme. [Doc. No. 227, p. 8.]

"'Expedited discovery is not the norm' and therefore, the moving party 'must make some prima facie showing of need for expedited discovery." *Citizens for Quality Educ. San Diego v. San Diego Unified School Dist*., No. 17-cv-1054-BAS-JMA, 2018 WL 1150836, at *2 (S.D. Cal. Mar. 5, 2018) (Bashant, J.) (quoting *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)) (emphasis in original) (granting limited expedited discovery in a case where a preliminary injunction was pending, and the documents sought were relevant to the claims that the defendant was implementing a policy

3

that it had previously publicly rescinded). "A court should examine the requested discovery based on the entirety of the record to date and the reasonableness of the request in light of all surrounding circumstances." *Id.* (citing *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) and *Merrill Lynch*, 194 F.R.D. at 624)). In determining whether requests are reasonable, courts consider the following non-exhaustive list of factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the party responding to the requested discovery, and (5) how far in advance of the typical discovery process the request was made. *Id.* (citing *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)) (emphasis omitted). Generally, expedited discovery is only permitted when "the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." *Id.* (citing *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1066).

AOL's allegations of an alleged retaliatory scheme by the government are serious and, if true, deeply troubling, but AOL has not established a basis for expedited discovery in to this subject matter. Acknowledging the discovery it seeks to conduct is outside the scope of the Second Amended Complaint[2], AOL contends it is appropriate because the Court is "broadly empowered" to order an injunction under the All Writs Act and the Court's inherent equitable powers "to address retaliatory conduct." AOL, however, has neither filed a motion requesting injunctive relief, or meaningfully briefed the requirements for the issuance of an injunction under either authority based on retaliatory conduct that is outside the claims of the case and perpetuated on non-parties.

"The All Writs Act, 28 U.S.C. § 1651(a), provides that '[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid

---

[2] The Second Amended Complaint is predicated on allegations that U.S. Customs and Border Patrol Protection ("CBP") is limiting aliens' access to the asylum process by adopting a formal policy to "restrict" the flow of aliens without travel documents who can cross the border into POEs to apply for asylum in the United States. [Doc. No. 189.]

of their respective jurisdictions and agreeable to the usages and principles of law.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31 (2002). Indeed, a "court may not rely on the Act to enjoin conduct that is 'not shown to be detrimental to the court's jurisdiction,' instead, any order under the Act must be 'directed at conduct which, left unchecked, would have had the practical effect of diminishing the court's power to bring the litigation to its natural conclusion.'" *In re Am. Online Spin-Off Accounts Litig.*, No. 03-cv-697, 2005 WL 5747463, at *4 (C.D. Cal. May 9, 2005) (quoting *ITT Community Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978)).

Additionally, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)) (remanding case to the district court for a reassessment of attorneys' fees sanctions). Yet "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citing *Gompers v. Bucks Stove & Range Co*., 221 U.S. 418, 450-51 (1911)) (finding that in limited circumstances court had inherent power to assess attorneys' fees).

The authorities may serve as a basis for courts to enjoin retaliatory conduct against witnesses to a case. See e.g. *EEOC v. Int'l Union of Operating Eng'rs*, 438 F. Supp. 876, 879-80 (S.D.N.Y. 1977) (emphasis added) (asserting jurisdiction over retaliation allegations because "[p]art of [the] duty of the government to provide the protection of law is that litigants and witnesses who appear before federal courts do so secure in the knowledge that they cannot be harassed, intimidated, punished or otherwise suffer harm because they availed themselves of the judicial system"). Here, however, AOL does not adequately explain how allegations of retaliatory travel restrictions, if true, would "be detrimental to [this] [C]ourt's jurisdiction," would preclude this Court's power "to bring the litigation to its natural conclusion," or how discovery into this subject area would achieve the orderly and expeditious disposition of this case. Nor has AOL articulated any

imminent irreparable harm that could be prevented by the Court allowing expedited discovery, as opposed to discovery conducted under the typical timing requirements of the Federal Rules of Civil Procedure. Furthermore, the type of information called for in AOL's proposed expedited discovery requests may implicate qualified privileges that are available to governmental and law enforcement agencies. [Doc. No. 233.] The privilege concerns place an additional burden on defendants in responding to the discovery requests and also weigh against conducting discovery on an expedited basis.

Based on the foregoing, AOL's ex parte application for expedited discovery is DENIED. This Order is limited to AOL's request to conduct the aforementioned discovery on an expedited basis. The Court makes no finding regarding whether the requested discovery is appropriate under the standard timing requirements.

**IT IS SO ORDERED.**

Dated: March 6, 2019

Hon. Karen S. Crawford
United States Magistrate Judge

6

17CV2366-BAS(KSC)