1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15

AL OTRO LADO, INC. et al.,

Plaintiff,

v.

KIRSTEN M. NIELSEN, et al.,

Defendant.

Case No.:  17CV2366-BAS(KSC)

**ORDER FOLLOWING CASE MANAGEMENT CONFERENCE AND SETTING CASE MANAGEMENT DATES**

16

17    A Case Management Conference was held on March 22, 2019.  As discussed with

18  counsel, the Court hereby ORDERS:

19        1.  Defendant shall produce organizational charts for DHS and CBP no later than

20  **March 29, 2019**. These documents are preliminarily subject to "attorneys' eyes only"

21  protection. The attorneys' eyes only designation may be modified pursuant to the parties'

22  agreement or order of the Court.

23        2.  Counsel are to continue their efforts to reach a complete agreement as to the

24  terms of a proposed protective order and a proposed order regarding ESI discovery.

25  Efforts to meet and confer should continue through **April 5, 2019**. Irrespective of

26  whether the parties have reached a partial or complete agreement as to the terms, the

27

28

1

1    parties are to file a joint motion for entry of protective order and order regarding ESI

2    discovery no later than **April 12, 2019**.[1]

3          3.   The deadline to file a motion to add new parties is **April 15, 2019**.

4          4.   A telephonic Status Conference is set for **June 7, 2019,** at **11:00 a.m.**

5    Plaintiffs' counsel shall make arrangements for the conference call and either initiate the

6    conference call to the Court's chambers or provide the Court with call-in instructions.  A

7    Joint Status Conference Statement shall be lodged with the Court's chambers by **May 31,**

8    **2019**. The Joint Status Conference Statement can be lodged via email at

9    efile_crawford@casd.uscourts.gov.

10         5.   An Early Neutral Evaluation Conference ("ENE") will be held on **August 5,**

11   **2019,**  at **9:30 a.m.** in the Court's chambers, United States District Court, 333 West

12   Broadway, Suite 1010, San Diego, California 92101. The purpose of the ENE is to permit

13   an informal discussion between the attorneys, parties, and the settlement judge of every

14   aspect of the lawsuit in an effort to achieve an early resolution of the case.  All

15   conference discussions will be informal, off the record, privileged and confidential.

16   Counsel for any non-English speaking parties is responsible for arranging for the

17   appearance of an interpreter at the conference.

18         Personal Appearance of Parties Is Required:  All parties, adjusters for insured

19   defendants, and other representatives of a party having full and complete authority to

20   enter into a binding settlement, and the principal attorneys responsible for the litigation,

21   must be present in person and legally and factually prepared to discuss settlement of the

22   case.  Full authority to settle means that the individuals at the ENE be authorized to fully

23   explore settlement options and to agree at that time to any settlement terms acceptable to

24   the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir.

25

26   _____

27   [1]  Counsel should refer to the undersigned's Chambers Rules, available through the Court's website, for
     the Court's requirements for protective orders, as well as the Court's requirements relating to discovery
28   disputes.

17CV2366-BAS(KSC)

1   1989).  The person needs to have "unfettered discretion and authority" to change the

2   settlement position of a party.  *Pitman v. Brinker Int'l, Inc*., 216 F.R.D. 481, 485-486 (D.

3   Ariz. 2003).  One of the purposes of requiring a person with unlimited settlement

4   authority to attend the conference is that the person's view of the case may be altered

5   during the face-to-face conference.  *Pitman*, 216 F.R.D. at 486.  Limited or sum certain

6   authority is not adequate.  *Nick v. Morgan's Foods, Inc*., 270 F.3d 590, 595-597 (8th Cir.

7   2001).  Counsel appearing without their clients (whether or not counsel has been given

8   settlement authority) will be cause for immediate imposition of sanctions and will also

9   result in the immediate termination of the conference.

10         Full Settlement Authority Required:  In addition to counsel who will try the case, a

11   party or party representative with full settlement authority must be present for the

12   conference.  In the case of a corporate entity, an authorized representative of the

13   corporation who is not retained outside counsel must be present and must have

14   discretionary authority to commit the company to pay an amount up to the amount of the

15   plaintiff's prayer (excluding punitive damage prayers).  The purpose of this requirement

16   is to have representatives present who can settle the case during the course of the

17   conference without consulting a superior.  Counsel for a government entity may be

18   excused from this requirement so long as the government attorney who attends the ENE

19   conference (1) has primary responsibility for handling the case; and (2)  may negotiate

20   settlement offers which the attorney is willing to recommend to the  government official

21   having ultimate settlement authority.

22         6.  No later than **July 29, 2019**, the parties shall submit confidential ENE statements

23   of five pages or less directly to the chambers of Magistrate Judge Crawford outlining the

24   nature of the case, the claims, and the defenses.  These statements shall not be filed or

25   served   on   opposing   counsel.   They   can   be   lodged   via   email   at

26   efile_crawford@casd.uscourts.gov.   If exhibits are attached and the total submission

27   amounts to more than 20 pages, a hard copy must be delivered directly to chambers.

28

17CV2366-BAS(KSC)

1    Concurrent with the submission of ENE briefs, each party shall provide the Court with the
2    names and party association of all individuals attending the ENE on its behalf.

3         7.  On or before **August 16, 2019**, any party intending to utilize expert opinion to
4    support or oppose plaintiff's motion for class certification shall serve on the opposing side
5    a list of experts whom that party expects to rely for class certification related issues.  Any
6    party may supplement its designation in response to any other party's designation by
7    **August 30, 2019**, so long as that party has not previously retained an expert to testify on
8    that subject.  Expert designations shall include the name, address, and telephone number
9    of each expert, and a reasonable summary of the testimony the expert is expected to
10   provide.  The list shall also include the normal rates the expert charges for deposition and
11   trial testimony. This designation requirement applies to all persons retained or specially
12   employed to provide expert testimony, or whose duties as an employee of the party
13   regularly involve the giving of expert testimony.

14        8.  Expert disclosures required by Fed. R. Civ. P. 26(a)(2) for any expert designated
15   to opinion on class certification related matters, shall be served on all parties on or before
16   **September 13, 2019**.  Any contradictory or rebuttal information shall be disclosed on or
17   before **October 11, 2019**.  Like the designation requirement, this disclosure requirement
18   applies to all persons retained or specially employed to provide expert testimony, or whose
19   duties as an employee of the party regularly involve the giving of expert testimony.

20        9.  The deadline for the filing of plaintiff's motion for class certification is
21   **November 11, 2019**.  A further Case Management Conference to discuss scheduling dates
22   for the remainder of the case will be held after a ruling is issued on the class certification
23   motion.

24        IT IS SO ORDERED.
25   Dated:  March 26, 2019

26
27                                        Hon. Karen S. Crawford
                                          United States Magistrate Judge
28