MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  mmarmolejo@mayerbrown.com
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  olev@mayerbrown.com
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  smedlock@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  melissa.crow@splcenter.org
1666 Connecticut Ave. NW, Suite 100
Washington, DC 20009
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiff Al Otro Lado, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kirstjen M. Nielsen, *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br> Hon. Karen S. Crawford <br><br> [DISCOVERY MATTER] <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS'** *EX PARTE* **MOTION FOR PROTECTIVE ORDER REGARDING RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy  (NY Bar No. 2860740)
  (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz  (NY Bar No. 3030087)
  (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688)
  (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388)
  (*pro hac vice*)
  *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
  Sarah Rich (GA Bar No. 281985)
  (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309)
  (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113)
  (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................... 1
II. THE GOVERNMENT FAILED TO MEET AND CONFER ....................... 2
III. THE GOVERNMENT FAILED TO FILE A JOINT MOTION ................... 3
IV. THE GOVERNMENT HAS NOT SHOWN GOOD CAUSE FOR TAKING 59 DAYS TO RESPOND TO REQUESTS FOR PRODUCTION ................................................................................................ 5
V. CONCLUSION ............................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acosta v. Wellfleet Commc'ns, LLC*,
  2018 WL 664779 (D. Nev. 2018) .......................................................................... 5

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ................................................................................ 5

*Century Sur. Co. v. Cal-Regent Ins. Servs. Corp.*,
  2015 WL 11539504 (S.D. Cal. 2015) ................................................................... 3

*Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n*,
  2017 WL 2375489 (S.D. Cal. 2017) ..................................................................... 4

*Enter. Tech. Holdings, Inc. v. Noveon Sys., Inc.*,
  2008 WL 2265264 (S.D. Cal. 2008) ..................................................................... 3

*Kassab v. San Diego Police Dep't*,
  2008 WL 11357754 (S.D. Cal. 2008) ................................................................... 3

*Linlor v. Chase BankCard Servs., Inc.*,
  2018 WL 3611102 (S.D. Cal. 2018) ..................................................................... 4

*Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*,
  316 F.R.D. 327 (D. Nev. 2016) ............................................................................ 6

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) .............................................................................. 5

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
  2009 WL 1423577 (S.D. Cal. 2009) ..................................................................... 3

**Statutes, Rules and Regulations**

Civ. L.R. 26.1(a) ........................................................................................................ 2

Fed. R. Civ. P. 26 ...................................................................................................... 1

Fed. R. Civ. P. 26(c)(1) ......................................................................................... 2, 5

Fed. R. Civ. P. 26(d)(2) ............................................................................................ 6

Chambers R. V(B) ................................................................................................. 3

Chambers R. V(D) ............................................................................................ 4, 5

## I. INTRODUCTION

The Government's *ex parte* motion for protective order violates this Court's Chambers Rules, the Local Rules, and Federal Rule of Civil Procedure 26. These rules require that parties meet and confer via telephone or in person to resolve their discovery disputes prior to bringing them before the Court. This Court also requires the parties to cooperate with one another in the drafting of a joint motion for the resolution of a discovery dispute, which also may narrow the scope of discovery disputes brought before the Court. Here, Plaintiffs cooperated with the Government to extend the deadline for the Government's responses and objections to Plaintiffs' Second Set of Requests for Production three times and offered a fourth extension to the Government if major case deadlines such as trials and evidentiary hearings prevented the Government from serving these responses and objections in a timely manner. *See* Dkt. 247-5 at 1, 4, 6. Rather than meeting and conferring with Plaintiffs via telephone or participating in drafting a joint motion, the Government rushed to file an *ex parte* motion for a protective order, believing that a joint motion "would not have been productive." Dkt. 247-1 ¶ 22. But nothing in this Court's Rules or Federal Rule of Civil Procedure 26 allows the Government to substitute its judgment for the judgment of this Court and the Federal Rules Advisory Committee regarding the most "productive" means of resolving discovery disputes. In short, the Government's *ex parte* motion violates a host of rules governing discovery disputes and should be denied on that basis alone.

The Government's motion also fails on the merits. The Government's sole argument in support of its motion for protective order is that it would be unduly burdensome for the Government to respond to Plaintiffs' Second Set of Requests for Production because of the complexity of this case and the obligations of the Government's counsel in this and other cases. *See* Dkt. 247-1 ¶ 19; *see also* Dkt. 247 at 7. But the Government has had Plaintiffs' Second Set of Requests for Production for **48 days** and Plaintiffs have already granted the Government **three**

**extensions** of the deadline for responding to those requests for production. In fact, Plaintiffs were prepared to offer the Government a **fourth extension** if the Government could cite evidence of undue burdens in other cases that would necessitate a further delay, such as trials and class certification hearings. *See* Dkt. 247-5 at 1 ("To be clear, we would have been willing to consider a modest further delay based on obligations such as a trial or evidentiary hearing on class certification."). Rather than taking yes for an answer, the Government filed this motion, relying on evidence of burdens that all busy litigators face (e.g., working on multiple cases and balancing hearings and briefing in multiple matters). This is not the sort of undue burden that necessitates **59 days** to respond to a set of requests for production. The Government's improper *ex parte* motion should be rejected on this basis as well.

## II.   THE GOVERNMENT FAILED TO MEET AND CONFER

A motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). This Court's Local Rules warn that "[t]he court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel . . . have previously met and conferred concerning all disputed issues." Civ. L.R. 26.1(a). This meet and confer may occur in person or by telephone. *Id.* However, "[u]nder no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." *Id.* Likewise, this Court's Chambers Rules state:

> Counsel must meet and confer on all issues **before** contacting the Court. If counsel are in the same district, the meet and confer must be in person. If counsel are located in different districts, then telephone or video conference may be used for meet and confer discussions. **In no**

> **event will meet and confer letters, facsimiles or emails satisfy this requirement**.

Chambers R. V(B) (second emphasis added). As a result, courts in this district have routinely denied discovery motions where the moving party did not meet and confer with the opposing party via telephone or in person. *See, e.g.*, *Century Sur. Co. v. Cal-Regent Ins. Servs. Corp.*, 2015 WL 11539504, at *1-2 (S.D. Cal. 2015) (denying motion because "counsel did not meet and confer about any of the issues raised in [plaintiff's] motion"); *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 2009 WL 1423577, at *3 (S.D. Cal. 2009) (denying motion for failure to meet and confer); *Enter. Tech. Holdings, Inc. v. Noveon Sys., Inc.*, 2008 WL 2265264, at *1 (S.D. Cal. 2008) (denying motion for failure to meet and confer); *Kassab v. San Diego Police Dep't*, 2008 WL 11357754, at *1 (S.D. Cal. 2008) (denying discovery motion because of "failure to meet and confer in-person or telephonically").

Here, the Government's motion contains no certification that the parties have met and conferred in person or by telephone. As the Government concedes, all of the discussions between counsel regarding this *ex parte* motion for temporary protective order occurred via email. *See* Dkt. 247-1 ¶¶ 17, 20, 21. Because the Government did not attempt to meet and confer with Plaintiffs via telephone or in person, the Government's motion for protective order should be denied on this basis alone.

**III.   THE GOVERNMENT FAILED TO FILE A JOINT MOTION**

During the recent Rule 16(b) conference, the Court reminded the Parties of the Court's preference that discovery disputes be submitted as joint motions. The Government ignores this guidance entirely.

This Court's Chambers Rules require that nearly all discovery disputes be presented in a joint motion.

> ***An ex parte motion . . . is only appropriate under circumstances where the opposing party refuses to participate in contributing to a joint motion after a reasonable opportunity has been provided***[.] . . . This means that that the party initiating a joint motion to resolve a discovery dispute must provide opposing counsel with a complete draft of the joint motion and any exhibits or supporting declarations ***at least*** 5 business days prior to the anticipated filing date.

Chambers R. V(D).  This Court has not hesitated to deny discovery *ex parte* discovery motions that should have been brought as joint motions. *See, e.g.*, *Linlor v. Chase BankCard Servs., Inc.*, 2018 WL 3611102, at *4 (S.D. Cal. 2018) (denying discovery motion because "[i]t is also apparent based on the papers submitted that defendants submitted their dispute as an ex parte application without making any attempt to obtain plaintiff's cooperation in the preparation and submission of a joint motion").  Indeed in the single case cited in the Government's *ex parte* motion, *Cross-Fit, Inc. v. National Strength and Conditioning Association*, the parties filed a joint motion concerning their dispute regarding the designation of certain documents as "confidential" under the parties' protective order and the production of certain documents.  2017 WL 2375489, at *1 (S.D. Cal. 2017).

In this case, the Government's motion papers contain no justification for bringing this dispute before the Court as an *ex parte* application rather than a joint motion.  Plaintiffs told the Government that this Court's rules and practice strongly disfavor the filing of *ex parte* discovery motions.  *See* Dkt. 247-5 at 1 ("Plaintiffs are disappointed to hear that the Government intends to file an ex parte application seeking a delay in its discovery obligations.  Judge Crawford already made clear her preference for joint motions.").  The Government's sole rationale for filing its motion on an *ex parte* basis is that "it would not have been productive to begin the joint motion process." Dkt. 247-1 ¶ 22.  But nothing in the Court's Chambers Rules

allows parties to unilaterally opt-out of the joint motion process simply because they believe that it would be "more productive" to file discovery motions in a different form. *See* Chambers R. V(D). Indeed, as the Government noted 6 weeks ago in response to Defendants' motion for expedited discovery, "Courts disfavor ex parte filings, especially in the discovery context." Dkt. 228 at 3. Because the Government did not attempt to bring this dispute as a joint motion, and violated this Court's rules, its *ex parte* motion should be rejected.

## IV. THE GOVERNMENT HAS NOT SHOWN GOOD CAUSE FOR TAKING 59 DAYS TO RESPOND TO REQUESTS FOR PRODUCTION

Federal Rule of Civil Procedure 26(c) states that a party "from whom discovery is sought may move for a protective order" and the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm [that] will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). This showing must be "particularized." *Id.* at 1211. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted).

Here, the Government advances no argument concerning annoyance, embarrassment, oppression, or expense. Instead, the Government appears to argue that responding to Plaintiffs' requests for production would constitute an undue burden. "The party claiming undue burden 'must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.'" *Acosta v. Wellfleet Commc'ns, LLC*, 2018 WL 664779, at *8 (D. Nev. 2018)

(quoting *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997)). "Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient." *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016) (citing *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 268 (N.D. Cal. 2012)).

While the Government's motion papers indicate that discovery has been burdensome, the Government does not cite specific facts showing an undue burden that would require a **fourth extension** of the deadline for the Government's responses and objections to Plaintiffs' requests for production.

With respect to the Plaintiffs' First Set of Requests for Production, the Government argues that it has been unduly burdensome to answer the 25 "substantially identical" requests for production that were served on all Defendants. Dkt. 247-1 ¶ 3. However, *the Government already responded to these requests for production on September 15, 2017 — 571 days ago.* Id. ¶ 4. The Government never explains why it needed three extensions to provide Plaintiffs with the same responses and objections that it served over 18 months ago.

With respect to Plaintiffs' Second Set of Requests for Production, the Government acknowledges that Plaintiffs' delivered these requests to Defendants pursuant to Fed. R. Civ. P. 26(d)(2) on February 19, 2019. Dkt. 247-1 ¶ 10. The Government also concedes that Plaintiffs have granted Defendants three extensions to the deadline for responding to these requests for production, totaling 15 days. *Id.* ¶¶ 14, 16, 18. The Government's basis for asking for a fourth extension of 9 days is that this case is complex and that the attorneys working on this matter have a heavy workload, obligations in other cases, and that the Government does not currently have as many attorneys working on this matter as it would like. *Id.* ¶ 19; *see also* Dkt. 247 at 7. But the number of attorneys working on this matter and the amount of resources dedicated to this case are matters entirely within the control of the

Department of Justice. The Government should not be given a pass (and a fourth extension of its deadline to respond to Plaintiffs' Second Set of Requests for Production) simply because of the unilateral decision-making of the Department of Justice. Holding otherwise would allow parties to manufacture "undue burden" and take advantage of motions for protective order, simply by devoting fewer resources to a case.

Ultimately, the Government cites evidence of burdens that all busy litigators face, not evidence of undue burden. The Federal Rules of Civil Procedure set a deadline for responding to requests for production that apply uniformly to all litigants—including the Government and other frequent litigants. If the parties believe that the deadlines set by the Rules Advisory Committee are not sufficient, they can negotiate extensions of those deadlines. The parties in this case did so three times. Dkt. 247-1 ¶¶ 14, 16, 18. Plaintiffs even stated that they would consider a fourth extension. *See* Dkt. 247-5 at 1 ("To be clear, we would have been willing to consider a modest further delay based on obligations such as a trial or evidentiary hearing on class certification."). But the Government filed this *ex parte* motion instead. Because the Government has failed to cite evidence of undue burden and the normal litigation burdens that it cites are entirely of the Department of Justice's own making, the Government's motion fails on the merits.[1]

## V. CONCLUSION

For the foregoing reasons the Court should deny the Government's improper *ex parte* motion for protective order.

---

[1] In its motion papers, the Government refers to isolated examples of Plaintiffs' Second Set of Requests for Production as "extremely broad." Dkt. 247 at 6. At a minimum, it is ironic that the Government can preview its objections to Plaintiffs' requests for production in its motion papers, but claims that it would be unduly burdensome to provide them to Plaintiffs for another 9 days. At any rate, the Government has not served its objections and responses on Plaintiffs or met and conferred regarding those objections. Accordingly, the Government's objections are far from ripe.

| | | |
|---|---|---|
| 1 | Dated: April 9, 2019 | MAYER BROWN LLP |
| 2 | |    Ori Lev |
| | |    Matthew H. Marmolejo |
| 3 | |    Stephen M. Medlock |
| 4 | | SOUTHERN POVERTY LAW |
| | | CENTER |
| 5 | |    Melissa Crow |
| | |    Mary Bauer |
| 6 | |    Sarah Rich |
| 7 | |    Rebecca Cassler |
| 8 | | CENTER FOR CONSTITUTIONAL |
| | | RIGHTS |
| 9 | |    Baher Azmy |
| 10 | |    Ghita Schwarz |
| | |    Angelo Guisado |
| 11 | | |
| 12 | | AMERICAN IMMIGRATION |
| | | COUNCIL |
| 13 | |    Karolina Walters |
| 14 | | |
| 15 | | By /s/ Matthew H. Marmolejo |
| 16 | | |
| 17 | | *Attorneys for Plaintiffs* |

PLAINTIFFS' OPPOSITION TO EX PARTE MOTION
FOR PROTECTIVE ORDER

8

# CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: April 9, 2019                    MAYER BROWN LLP

                                        By /s/ Matthew H. Marmolejo
                                        *Attorney for Plaintiffs*