UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC. et al.,<br><br>Plaintiff,<br><br>v.<br><br>KIRSTEN M. NIELSEN, et al.,<br><br>Defendants. | Case No.: 17cv2366-BAS(KSC)<br><br>**ORDER DENYING DEFENDANTS' EX PARTE MOTION & CAUTIONING COUNSEL AGAINST FUTURE VIOLATIONS OF THE FEDERAL RULES OF CIVIL PROCEDURE, CIVIL LOCAL RULES, & THE COURT'S CHAMBERS RULES** |

Currently pending before the Court is an ex parte Motion for Protective Order filed by defendants, pursuant to which they request the Court grant them an extension of time to respond to Requests for Production propounded by plaintiff Al Otro Lado. [Doc. No. 247.] Plaintiffs filed a brief in opposition to the ex parte Motion and the following day, defendants requested their Motion be withdrawn because they have since served written responses and documents responsive to the Requests for Production. [Doc. Nos. 248 & 249.] Although defendants' request for an extension of time is now moot, the Court is compelled to address their flagrant violation of the Federal Rules of Civil Procedure, Civil Local Rules and the undersigned's Chambers Rules.

## I.     Meet and Confer Requirement

A motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Likewise, this District's Civil Local Rules require parties to meet and confer "concerning all disputed issues" before filing a discovery related motion with the Court. CivLR 26.1.a. Counsel and parties are cautioned "[t]he court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel . . . have previously met and conferred concerning all disputed issues." *Id*. This meet and confer may occur in person or, if counsel are located in different counties, by telephone. *Id*. "Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence." *Id*.

The undersigned's Chambers Rules echo these requirements, stating:

> Counsel must meet and confer on all issues before contacting the Court. If counsel are in the same district, the meet and confer must be in person. If counsel are located in different districts, then telephone or video conference may be used for meet and confer discussions. In no event will meet and confer letters, facsimiles or emails satisfy this requirement.

Chambers Rule V(B).

## II.    Joint Motion Requirement

If, after thoroughly meeting and conferring, the parties are unable to resolve their dispute in full the appropriate procedure for seeking protective order relative to discovery is through the filing of a Joint Motion for Determination of Discovery Dispute. Chambers Rule V(A) & (D). "[T]he Court prefers that all discovery disputes and requests for protective orders or continuances be submitted as joint motions" rather than as ex parte applications or motions. Chambers Rule VI. "***An ex parte motion or application is only appropriate under circumstances where the opposing party refuses to participate in contributing to a joint motion after a reasonable opportunity has been provided, or if the motion to compel is directed to a non-party.***" Chambers Rule V(D) (emphasis in original). "[T]he party initiating a joint motion to resolve a discovery dispute must provide opposing

counsel with a complete draft of the joint motion and any exhibits or supporting declarations at least 5 business days prior to the anticipated filing date. Ex parte motions or applications to compel discovery that do not contain a declaration stating the opposing party has been given a meaningful opportunity to participate in a Joint Motion will be rejected by the Court." Chambers Rule V(D)  (emphasis omitted).

### III.  Defendants' Conduct

Counsel for defendants is very much aware of the meet and confer and joint motion requirements. When plaintiffs disregarded the joint motion requirement earlier this year with the filing of their ex parte Motion for Early Discovery [Doc. No. 227], defendants urged the Court to deny plaintiffs' request due to their procedural violation. [Doc. Nos. 227 & 228.]  Just a little more than one month ago, defendants made the argument:

> Courts disfavor ex parte filings, especially in the discovery context. Chambers Rule V.D ("***An ex parte motion or application to compel is only appropriate under circumstances where the opposing party refuses to participate in contributing to a joint motion after a reasonable opportunity has been provided***, …."). Because Defendants did not refuse to participate in the preparation of a joint motion but only asked for a reasonable amount of time to fully research, brief, and consult with clients, the Court should deny Plaintiffs' ex parte motion.

[Doc. No. 228, p. 3, lns. 9-16. (emphasis in original)]  In the Court's Order Denying Plaintiff's Ex Parte Motion, the Court discussed how the violation of this rule created delay and inefficiency and explicitly stated "[c]ounsel for all parties are cautioned, therefore, that the Court expects strict compliance with its Chambers Rules and for counsel to work cooperatively in this regard." [Doc. No. 237, p. 2. fn. 1.] The Court then reiterated this message to counsel during the Case Management Conference held two weeks ago, on March 26, 2019.

Nonetheless, defendants apparently think it is appropriate to ignore the Federal Rules of Civil Procedure, Civil Local Rules, or the Court's Chambers Rules.  They disregarded the meet and confer requirements of Civil Local Rule 26.1.a. and Chambers Rule V(B), as all discussions between counsel preceding the filing of defendants' ex parte Motion

apparently occurred via email, and not by telephone.[1]  [Doc. No. 247-1, ¶¶ 17, 20 & 21.] Then, because counsel did not meet and confer, defendants' ex parte Motion lacks the certification required by Fed. R. Civ. P. 26(c)(1), CivLR 26.1.a. and Chambers Rule V(D).

Defendants also failed to comply with the joint motion requirement. The circumstances in which an ex parte motion would be appropriate are not in play here. Defendant's motion is directed to plaintiffs, not a third-party, and there is no allegation the ex parte Motion was necessary because plaintiffs would not cooperate with the joint motion process. In fact, the sole rationale offered for defendants bypassing the joint motion requirement and filing their Motion on an ex parte basis is "it would not have been productive to begin the joint motion process, a minimum of five business days before defendant's then April 8, deadline." [Doc. No. 247-1, ¶ 22.]  This explanation is wholly inadequate and, if accepted, would completely undermine the purpose of the Court's Chambers Rules.

**This is the Court's final warning to counsel on this issue.  None of the aforementioned Rules, or any other rules of the Court or the Federal Rules of Civil Procedure, are optional. Any further deviance from the Chambers Rules, Civil Local Rules or Federal Rules of Civil Procedure will very likely result in the offending motion or brief being rejected for filing and the possible imposition of sanctions.**

Defendants' ex parte Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 11, 2019

Hon. Karen S. Crawford
United States Magistrate Judge

---

[1] Defendants' ex parte Motion includes as exhibits copies of correspondence between counsel, which also runs afoul of CivLR 83.9. ("Except as authorized by the judge, attorneys must not send copies to the judge of letters sent to others.")  **Counsel for both parties shall refrain from including copies of communications between counsel in all future filings.**