# Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONCELY DEL CARMEN MENDEZ ROJAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN F. KELLY, SECRETARY OF HOMELAND SECURITY, et al., <br><br> Defendants. | CASE NO. C16-1024 RSM <br><br> **STIPULATED PROTECTIVE ORDER** |

## I.  PURPOSES AND LIMITATIONS

Disclosure and discovery in this action is likely to involve production of confidential, privileged information, including law enforcement information protected from disclosure by the Freedom of Information Act, 5 U.S.C. § 552 et seq., the Privacy Act, 5 U.S.C. § 552a, and the Immigration and Nationalization Act, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords

STIPULATED PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM    - 1

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II. DEFINITIONS

a. Challenging Party: A Party that challenges the designation of information or items under this Order.

b. "CONFIDENTIAL" Information or Items:

1. Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, et seq., if the subject of the information is a U.S. citizen or a person lawfully admitted for permanent residence.

2. Personally identifiable information, and any information that is protected or restricted from disclosure by statute or regulation, but which the Court may order to be produced.

3. Information, documents or tangible things, which would be protected from disclosure under FOIA, 5 U.S.C. § 552, et seq., including under the exemption found at 5 U.S.C. § 552(b)(7)(E).

4. Information contained in or pertaining to: (1) an individual's asylum, statutory withholding of removal, refugee, or Convention Against Torture ("CAT") claims or applications, or credible fear or reasonable fear determinations; (2) legalization applications under 8 U.S.C. § 1255a; (3) Special Agricultural Worker applications under 8 U.S.C. § 1160; (4) applications for temporary protected status ("TPS") under 8 U.S.C. § 1254a.

5. Information which relates to an alien who is the beneficiary of an application for relief under paragraph (15)(T), (15)(U), or (51) of section 101(a) of the Immigration and Nationality Act [8 U.S.C. 1101(a)(15)(T), (U), (51)] or section 240A(b)(2) of such Act [8 U.S.C. 1229b(b)(2)]; information contemplated

STIPULATED PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM    - 2

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

  by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child (see 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii)).

  6. All other protected documents, information or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

  7. If a designating party determines that information not described above should be designated "CONFIDENTIAL," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information.

 c. Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

 d. Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

 e. Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

 f. Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

 g. Party:  Any party to this action.

 h. Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

 i. Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

STIPULATED
PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM - 3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

      organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      j.     Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

      k.     Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## III. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

The Parties do not waive their right to assert other or further privileges over Protected Material and redact such information. For instance, Defendants may withhold or redact information that is subject to a claim of privilege such as withholding classified national security information or withholding or redacting any other information subject to a claim of privilege or exemption from disclosure, including but not limited to the Deliberative Process Privilege, Law Enforcement Privilege, Attorney Client Privilege, or Attorney Work Product.

## IV. DURATION

STIPULATED PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM    - 4

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

V. **DESIGNATING PROTECTED MATERIAL**

a. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

b. <u>Manner and Timing of Designations</u>.

Parties should use their best efforts to clearly designate Disclosure or Discovery Material that qualifies for protection under this Order before the material is disclosed or produced.

Designation in conformity with this Order requires:

STIPULATED
PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM      - 5

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

1       (1) <u>For information in documentary form</u>: (*e.g.*, paper or electronic
2 documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the
3 Producing Party affix the legend "CONFIDENTIAL" to each page that contains confidential
4 material. If only a portion or portions of the material on a page qualifies for protection, the
5 Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate
6 markings in the margins).

7     A Party or Non-Party that makes original documents or materials available for inspection
8 need not designate them for protection until after the inspecting Party has indicated which
9 material it would like copied and produced. During the inspection and before the designation, all
10 of the material made available for inspection shall be deemed "CONFIDENTIAL." After the
11 inspecting Party has identified the documents it wants copied and produced, the Producing Party
12 must determine which documents, or portions thereof, qualify for protection under this Order.
13 Then, before producing the specified documents, the Producing Party must affix the appropriate
14 "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or
15 portions of the material on a page qualifies for protection, the Producing Party also must clearly
16 identify the protected portion(s) (e.g., by making appropriate markings in the margins).

17       (2) <u>For testimony given during a deposition or in other pretrial or trial
18 proceedings</u>, any Party may designate a deposition or portion thereof as "CONFIDENTIAL" by
19 doing so on the record at the deposition or by serving written notice of the page and line of the
20 confidential deposition portions. Such designations must be made within twenty (20) days of
21 receiving the final transcript. Until the aforesaid period to designate the deposition has passed,
22 the entire transcript shall be deemed as Confidential Information under the terms of this
23 Agreement unless the Party waives designation in writing. A Party may also orally designate
24 testimony during the course of a deposition by making a statement to that effect, on the record at
25 the deposition. In this case, the court reporter shall transcribe the designated pages in a separate
26 volume marked with the appropriate designation. Any individual attending the deposition must

STIPULATED
PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM    - 6

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

1 leave the room prior to discussion of whether material is designable if that person is not
2 authorized to view Confidential Information under the terms of this Order.

3    (3)   <u>For information produced in some form other than documentary and for
4 any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of
5 the container or containers in which the information or item is stored the legend
6 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
7 the Producing Party, to the extent practicable, shall identify the protected portion(s).

8    c.   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
9 designate qualified information or items does not, standing alone, waive the designating party's
10 right to secure protection under this Order for such material. Upon timely correction of a
11 designation, the Receiving Party must make reasonable efforts to assure that the material is
12 treated in accordance with the provisions of this Order.

13 **VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

14    a.   <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality
15 at any time, but no later than seven (7) days before the date of hearing or trial. Unless a prompt
16 challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable,
17 substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the
18 litigation, a Party does not waive its right to challenge a confidentiality designation by electing
19 not to mount a challenge promptly after the original designation is disclosed.

20    b.   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution
21 process by providing written notice of each designation it is challenging and describing the basis
22 for each challenge. To avoid ambiguity as to whether a challenge has been made, the written
23 notice must recite that the challenge to confidentiality is being made in accordance with this
24 specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith
25 and must begin the process by conferring directly (in voice-to-voice dialogue attempted within
26 the normal business day (9:00 a.m. to 5:00 p.m., Monday through Friday, Eastern time) of

STIPULATED
PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM   - 7

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

1  counsel for the parties; other forms of communication are not sufficient) within ten (10) business
2  days of the date of service of notice. In conferring, the Challenging Party must explain the basis
3  for its belief that the confidentiality designation was not proper and must give the Designating
4  Party an opportunity to review the designated material, to reconsider the circumstances, and, if
5  no change in designation is offered, to explain the basis for the chosen designation.  Any motion
6  regarding confidential designations or for a protective order must include a certification, in the
7  motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and
8  confer conference with other affected parties in an effort to resolve the dispute without court
9  action. The certification must list the date, manner, and participants to the conference.

10      c.   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court
11  intervention after a good-faith effort to resolve the disagreement, either the Designating or the
12  Challenging Party may apply to the Court for a ruling that the Confidential Material objected to
13  shall (as applicable) be treated or not treated as Confidential. Until this Court enters an order
14  determining the status of the information whose designation under this Order is being objected
15  to, such material shall be treated as designated under this Order, unless the Parties otherwise
16  agree by written stipulation. The burden of persuasion in any such motion shall be on the
17  Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass
18  or impose unnecessary expenses and burdens on other parties) may expose the challenging party
19  to sanctions.

20  **VII.   ACCESS TO AND USE OF PROTECTED MATERIAL**
21      a.   Basic Principles.  A Receiving Party may use Protected Material that is disclosed
22  or produced by another Party or by a Non-Party in connection with this case only for
23  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be
24  disclosed only to the categories of persons and under the conditions described in this Order.
25  When the litigation has been terminated, a Receiving Party must comply with the provisions of
26  section XII(d) below ("Return of Documents").

STIPULATED
PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM      - 8

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

1    Protected Material must be stored and maintained by a Receiving Party at a location and
2    in a secure manner that ensures that access is limited to the persons authorized under this Order.
3        b.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
4    ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may
5    disclose any information or item designated "CONFIDENTIAL" only to:
6        (1)    Counsel of record in this action;
7        (2)    Secretarial, clerical, or paralegal personnel employed full-time or part-time by
8    counsel of record for a Party, provided such counsel deems the disclosure reasonably necessary
9    for the conduct of this litigation;
10       (3)    The Parties to this action and those employees, officers, and directors of the
11   parties who reasonably need access to the Confidential Information in connection with and to
12   assist with the prosecution or defense of this action, and who have signed the "Acknowledgment
13   and Agreement to Be Bound" (Exhibit A);
14       (3)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is
15   reasonably necessary for this litigation and who have signed the "Acknowledgment and
16   Agreement to Be Bound" (Exhibit A);
17       (4)    The Court (whether District or Appellate) and its personnel;
18       (5)    Court reporters and their staff, professional jury or trial consultants, and
19   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who
20   have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
21       (6)    During their depositions, witnesses in the action to whom disclosure is reasonably
22   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
23   A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of
24   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be
25   separately bound by the court reporter and may not be disclosed to anyone except as permitted
26   under this Stipulated Protective Order;

STIPULATED PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM     - 9

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

(7)     Any mediator who may be selected jointly by the parties to provide mediation services.

**VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

a     Notify in writing within three (3) days of service of the subpoena the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     Notify in writing within three (3) days of service of the subpoena the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     Cooperate with respect to all reasonable procedures sought by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**IX.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a.     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

STIPULATED PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM     - 10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

1  Nothing in these provisions shall be construed as prohibiting a Non-Party from seeking
2  additional protections.
3        b.      In the event that a Party is required, by a valid discovery request, to produce a
4  Non-Party's confidential information in its possession, and the Party is subject to an agreement
5  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:
6              (1)      Promptly notify in writing the Requesting Party and the Non-Party that
7  some or all of the information requested is subject to a confidentiality agreement with a Non-
8  Party;
9              (2)      Promptly provide the Non-Party with a copy of this Order in this
10  litigation, the relevant discovery request(s), and a reasonably specific description of the
11  information requested; and
12              (3)      Make the information requested available for inspection by the Non-Party.
13        c.      If the Non-Party fails to object or seek a protective order from this Court within
14  fourteen (14) days of receiving the notice and accompanying information, the Receiving Party
15  may produce the Non-Party's confidential information responsive to the discovery request. If the
16  Non-Party timely seeks a protective order, the Receiving Party shall not produce any information
17  in its possession or control that is subject to the confidentiality agreement with the Non-Party
18  before a determination by the Court.[1] Absent a court order to the contrary, the Non-Party shall
19  bear the burden and expense of seeking protection in this Court of its Protected Material.
20  **X.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
21        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
22  Material to any person or in any circumstance not authorized under this Order, the Receiving
23  Party must immediately (a) notify in writing the Designating Party of the unauthorized
24  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

STIPULATED
PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM    - 11

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

## XII. MISCELLANEOUS

a. <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

c. <u>Filing Protected Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is

STIPULATED PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM    - 12

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      d.    <u>Return of Documents</u>.  Within three (3) months of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no Party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), all materials that continue to be designated as Confidential Information and all copies thereof shall either be returned to the Producing Party or destroyed.  A Party who elects to destroy the copies shall submit a certification to the disclosing Party, attesting that all copies were destroyed, within fourteen (14) days of the destruction of the copies.  In no event may any materials that continue to be designated as Confidential Information or any copies thereof – obtained in connection with this litigation – be used in any other litigation or administrative action against a Plaintiff, class member, or the federal government, its agencies or department, or any of its agents or officers in their official or individual capacity.  Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation. Copies that contain markings constituting attorney work product need not be returned or destroyed, provided they remain subject to the provisions of this Protective Order.

      e.    <u>Use at Trial</u>.  In the event any Party desires to exhibit documents or disclose material covered under this Order to witnesses during trial or pretrial proceedings, such Party shall meet and confer with opposing counsel to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure. If the Parties cannot reach an agreement, the dispute shall be submitted to the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: August 28, 2017                              Respectfully submitted,

STIPULATED PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM     - 13

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

| | |
|---|---|
| s/Matt Adams<br>Matt Adams, WSBA No. 28287<br>s/Glenda Aldana<br>Glenda M. Aldana Madrid, WSBA No. 46987<br><br>Northwest Immigrant Rights Project<br>615 Second Avenue, Suite 400<br>Seattle, WA 98104<br>(206) 957-8611<br>(206) 587-4025 (fax)<br><br>s/Vicky Dobrin<br>Vicky Dobrin, WSBA No. 28554<br>s/Hilary Han<br>Hilary Han, WSBA No. 33754<br><br>Dobrin & Han, PC<br>705 Second Avenue, Suite 610<br>Seattle, WA 98104<br>(206) 448-3440<br>(206) 448-3466 (fax)<br><br>s/Trina Realmuto<br>Trina Realmuto, pro hac vice<br>s/Kristin Macleod-Ball<br>Kristin Macleod-Ball, pro hac vice<br><br>National Immigration Project<br>of the National Lawyers Guild<br>14 Beacon Street, Suite 602<br>Boston, MA 02108<br>(617) 227-9727<br>(617) 227-5495 (fax)<br><br>s/Mary Kenney<br>Mary Kenney, pro hac vice<br>s/Karolina Walters<br>Karolina J. Walters, pro hac vice<br><br>American Immigration Council<br>1331 G Street, NW, Suite 200<br>Washington, D.C. 20005<br>(202) 507-7512 | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division<br><br>WILLIAM C. PEACHEY<br>Director<br><br>COLIN A. KISOR<br>Deputy Director<br><br>/s/ J. Max Weintraub<br>J. MAX WEINTRAUB<br>Senior Litigation Counsel<br>United States Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 305-7551<br>Facsimile: (202) 305-7000<br>E-mail: jacob.weintraub@usdoj.gov<br><br>GLADYS M. STEFFENS GUZMÁN<br>Trial Attorney<br>United States Department of Justice<br><br>*Attorneys for Defendants* |

STIPULATED
PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM       - 14

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

(202) 742-5619 (fax)

*Attorneys for Plaintiffs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED** this 31st day of August 2017.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated this 31st day of August 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented this 28th day of August, 2017 by:

*s/Glenda Aldana*
Glenda M. Aldana Madrid, WSBA No. 46987
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611
(206) 587-4025 (fax)
*Counsel for Plaintiffs*

STIPULATED PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM  - 15

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Mendez Rojas, et al. v. Kelly, et al.,* Case No. 2:16-cv-01024-RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
Case No. 2:16-cv-01024-RSM      - 16

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611