# Exhibit E

Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.L.B., a minor, by and through his Next Friend, Casey Trupin; et al.,<br><br>　　　　　Plaintiffs-Petitioners,<br><br>　v.<br><br>Loretta E. LYNCH, Attorney General, United States; et al.,<br><br>　　　　　Defendants-Respondents, | Case No.  2:14-cv-01026-TSZ<br><br>STIPULATED PROTECTIVE ORDER |

STIPULATED
PROTECTIVE ORDER
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA  90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, for official use only, law enforcement sensitive, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties state that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL INFORMATION"

As used in this Protective Order, the term "Confidential Information" constitutes the following:

(a) an individual's social security number, tax identification number, alien registration number ("A number"), passport numbers, driver license numbers, and any similar numbers assigned to an individual by a federal/national, state, or local government of the United States or any other country;

(b) names, locations of, any other identifying information which would allow the identification of the particular individual(s) to whom the information relates, or testimony on the record, of individuals not related to this litigation;

(c) birth dates;

(d) any information that is protected or restricted from disclosure by state or federal statute or regulation, but which the Court may order to be produced, such as information protected by the Privacy Act, 5 U.S.C. § 552a, and other statutes or regulations that may prevent disclosure of specific alien information, including but not limited to, 8 U.S.C. §§ 1160(b)(5), (6); 1186A(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5);

STIPULATED
PROTECTIVE ORDER - 1
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C), 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(iii), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

(e) Photographs of the Plaintiffs, including both Named Plaintiffs and all unnamed class members;

(f) names of any individuals known to be under 18 years of age;

(g) addresses and telephone numbers of individuals with whom a member of the putative class resides and/or to whom a member of the putative class was released from Office of Refugee Resettlement custody;

(h) any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2 and LCR 5.2(a); and

(i) any law enforcement sensitive or for official use only information, including but not limited to, investigative files and techniques.

If a designating party determines that information not described in this paragraph should be designated "Confidential Information," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information. If the parties are unable to resolve the dispute within 14 calendar days, the designating party shall designate the material as containing "Confidential Information" and produce it. The receiving party can then challenge the confidentiality designation(s) pursuant to Section 6 of this Stipulated Order.

Information that is publicly available, aggregate information concerning class members, and information that does not permit the identification of the particular individuals to whom the information relates is not considered "Confidential Information."

3. SCOPE

The protections conferred by this Stipulated Order cover not only those portions of any

STIPULATED
PROTECTIVE ORDER - 2
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

documents containing Confidential Information (as defined above), but also (a) any information copied or extracted from those portions of any documents containing Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information.

4. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

    4.1    Basic Principles.  A receiving party may use confidential information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Information only to:

    (a) Defendants' Counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any of Defendants' Counsel, support staff, or other employees cease to represent Defendants in this action for any reason, such counsel shall no longer have access or be authorized to receive any "Confidential Information";

    (b) Plaintiffs' Counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any of Plaintiffs' Counsel cease to represent plaintiffs or class members in this action for any reason, such counsel shall no longer have access or be authorized to receive any "Confidential Information";

    (c) Defendants, Defendants' employees with an appropriate need to know, and

STIPULATED
PROTECTIVE ORDER - 3
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA  90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

Named Plaintiffs (including Next Friends);

(d) any experts or consultants retained for this action by counsel to a party or support staff or employees for such an expert or consultant with an appropriate need to know;

(e) any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know;

(f) during their depositions, witnesses in the action with an appropriate need to know. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Order;

(g) the Court and its personnel, including court reporters;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information;

(i) copying or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential information to third parties and to immediately return all originals and copies of any confidential material.

All persons listed in subparagraphs 4.2(c)-(f), and (i), to whom "Confidential Information" is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as EXHIBIT A. This requirement does not apply to the disclosure of "Confidential Information" to the Court and its personnel, including court reporters.

4.3 Filing Confidential Material. The Parties shall redact all information as required under LCR 5.2 prior to filing. Confidential Information not covered by LCR 5.2 shall either be redacted or filed under seal. If either party wishes to file documents containing Confidential Information under seal, the other party hereby stipulates to such motion, except as set forth below. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

STIPULATED
PROTECTIVE ORDER - 4
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

1  that will be applied when a party seeks permission from the court to file materials under seal;

2  provided, however, that this Stipulated Order satisfies the parties' meet-and-confer

3  requirements with respect to sealing documents containing the Confidential Information

4  identified in paragraph 2 of this Stipulated Order.

5        If the Court denies any motion to seal filed by either side, the document will remain

6  under seal, but will not be considered by the Court, unless a redacted version of the document

7  is subsequently filed or was contemporaneously filed with the document under seal.

8        4.4    Filing Motions, Oppositions, and Replies Under Seal. In the event that either

9  party files a motion, opposition, or reply under seal, the provisions of LCR 5(g)(5) shall apply,

10 except that parties shall have seven (7) days from the date of their under-seal filing to file the

11 redacted versions required under that rule.

12       4.5    Use Of Information Subject To Protective Order. Use of any information or

13 documents subject to this Protective Order, including all information derived therefrom, shall

14 be restricted to use in this litigation (subject to the applicable rules of evidence and subject to

15 the confidentiality of such materials being maintained) and shall not be used by anyone subject

16 to the terms of this agreement, for any purpose outside of this litigation or any other proceeding

17 between the parties. Without limiting the generality of the foregoing sentence, no one subject to

18 this Protective Order shall use Confidential Information obtained in this litigation to retaliate

19 against, intimidate, report or refer an individual to any governmental authorities, discriminate

20 against any individual in any manner, or harass any other party or witness, relatives of any

21 other party or witness, including domestic partners of a party or witness; or any individuals

22 associated with the parties in any way. Nothing in this Protective Order shall limit or in any

23 way restrict the use of information obtained outside of this litigation.

24       5.    DESIGNATION OF PROTECTED INFORMATION

25       5.1    Exercise of Restraint and Care in Designating Information for Protection. Each

26 party or non-party that designates information or items for protection under this agreement

STIPULATED
PROTECTIVE ORDER - 5
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a

STIPULATED
PROTECTIVE ORDER - 6
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If a Party inadvertently fails to designate material as "Confidential Information" at the time of production, it shall take reasonable steps to notify all Receiving Persons of its failure within five business days of discovery. The Producing Party shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations, and the Receiving Party shall return or destroy the original materials, and certify in writing to the Producing Party that such information has been destroyed.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge the designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Challenge to Confidential Designation</u>. Notwithstanding the agreement to stipulate to a motion to seal, the parties reserve the right to file a motion to unseal or unredact if either party believes that documents filed under seal or redacted: (a) do not contain Confidential Information identified in paragraph 2 of this Stipulated Order and therefore should be neither sealed nor redacted; or (2) do contain Confidential Information identified in paragraph 2 of this Stipulated Order, but should be redacted rather than sealed, or redacted differently. The parties shall make a good faith effort to meet and confer regarding any such

STIPULATED
PROTECTIVE ORDER - 7
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

proposed motion.

6.3 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.4 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) Promptly notify the other party in writing and include a copy of the subpoena or court order so that the producing party has sufficient time to commence an action in the appropriate court to enjoin disclosure.

(b) Promptly notify the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject

STIPULATED
PROTECTIVE ORDER - 8
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

                to this Stipulated Order and provide a copy of this Stipulated Order with that notification;

    (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the designating party or parties whose confidential information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order issued; and

    (d)    Decline to produce the Confidential Material if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who receives "Confidential Information" shall abide by all terms and conditions set forth herein unless otherwise permitted by Court Order.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

STIPULATED
PROTECTIVE ORDER - 9
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

order or agreement that provides for production without prior privilege review. The parties stipulate to the entry of an order regarding the applicability of Fed. R. Evid. 502(d) to this case, in the language set forth in the Order below.

10. <u>USE OF CONFIDENTIAL MATERIAL</u>

The limitations and restrictions on "Confidential Information" in this Protective Order shall not apply with respect to information:

(a) If it is publicly-available information, whether it becomes public before or after production in this litigation.

(b) If the person to whom the information refers has the legal authority to allow the nonconfidential treatment of the information and has affirmatively consented to such non-confidential treatment. If the person to whom the information refers has the legal authority to allow the non-confidential treatment of the information and has affirmatively consented to such non-confidential treatment, and either parties' counsel has stated in writing to the other party that it has received such consent<u>.</u>

(c) If the parties have a dispute arising from the use of public information, the parties agree to resolve the dispute pursuant to Section 6 of this Stipulated Order.

11. <u>TERMINATION OF LITIGATION AND RETURN OR DESTRUCTION OF DOCUMENTS</u>

Anyone to whom "Confidential Information" has been disclosed in accordance with Section 4 of this Stipulated Order shall maintain "Confidential Information" pursuant to the terms of this Protective Order, subject to further order by this Court (this provision does not apply to Confidential Information disclosed to and maintained by the Court and its personnel, including court reporters).

Within ten (10) days after the final disposition of this action, including any and all appeals, all "Confidential Information" and copies thereof shall be returned to the producing parties or destroyed, at the option of the disclosing party, except as this Court may otherwise

STIPULATED
PROTECTIVE ORDER - 10
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

order. If destroyed, the receiving party shall certify in writing to the producing party that such information has been destroyed.

Notwithstanding this provision, counsel of record may maintain a complete set of discovery for their records through the final disposition of this action, including any and all appeals or the time during which an appeal is possible, and for a period of 8 years after resolution of the case or after any judgment becomes final, whichever is later, provided that such counsel maintain the confidential nature of the discovery, as set forth in this Protective Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

12. MISCELLANEOUS

    12.1    Enforceability Upon Signing. By signing the Stipulated Protective Order, the parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

    12.2    Right to Further Relief. Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

    12.3    Right to Assert Other Objections. By stipulating to entry of this Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    12.4 This order shall constitute a court order authorizing disclosure of information designated as confidential, subject to the protections described herein, for purposes of the Privacy Act, 5 U.S.C. § 552a(b)(11) (authorizing disclosure pursuant to the order of a court of competent jurisdiction) and any other state or federal statute or regulation that provides for disclosure pursuant to court order.

STIPULATED
PROTECTIVE ORDER - 11
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  DATED: October 2, 2015

3                                   ACLU IMMIGRANTS' RIGHTS PROJECT
                                 ACLU OF SOUTHERN CALIFORNIA

4  By s/ Ahilan Arulanantham
     Ahilan Arulanantham (*pro hac vice*)

6  K & L GATES LLP

7  By s/ Heidi Craig Garcia
     Heidi Craig Garcia, WSBA No. 41399

8  Attorneys for Plaintiffs

10  UNITED STATES DEPARTMENT OF JUSTICE

11  By s/ William C. Silvis (with permission)
     Leon Fresco Nicole Murley
     William C. Silvis

13  Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 9th day of October, 2015.

Thomas S. Zilly
United States District Judge

STIPULATED
PROTECTIVE ORDER - 12
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of F.L.B. v. Lynch, No. 2:14-cv-01026-TSZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED
PROTECTIVE ORDER - 13
Case No. 2:14-cv-01026-TSZ

ACLU OF SOUTHERN CALIFORNIA
1313 WEST 8TH STREET
LOS ANGELES, CA 90017
TELEPHONE: (213) 977-5211
FACSIMILE: (213) 977-5297