# Exhibit F

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDORA LOPEZ-VENEGAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RAND BEERS, *et al.*, <br><br> Defendants. | No. CV 13-03972-JAK (PLAx) <br><br> **PROTECTIVE ORDER** |

**[PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL**

**Good Cause Statement**

**I.** Discovery in the above captioned action *Isidora Lopez-Venegas, et al. v. Rand Beers, et al.*, Case No. CV 13-03972-JAK ("Litigation" or "Action"), may involve documents, information and tangible things that Plaintiffs or Defendants (collectively, the "Parties") may reasonably believe in good faith to be protected from disclosure to the public or to one or more of the Parties under Rule 26(c) of the Federal Rules of Civil Procedure.

**II.** This order seeks to facilitate the discovery process by protecting against the unauthorized disclosure of confidential information.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

No. CV 13-03972-JAK (PLAx)

[PROPOSED]
PROTECTIVE ORDER

1   **III.**     This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment.

**IV.**     Good cause exists for approving the Order because it protects against injury caused by dissemination of confidential documents, information or tangible things.

   **a.**     The confidential documents, information or tangible things to be protected identified *infra* in paragraph 2, subpart a, include personally identifiable information about individuals other than the named Plaintiffs, the disclosure of which could be prohibited by the Privacy Act or other law. However, the Privacy Act provides, as an exception, that such records may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). An order of this Court, therefore, would provide a basis for release of the requested documents and records pursuant to the Privacy Act and Fed. R. Civ. P. 26(c), as well as insulate Defendants from potential liability for improper disclosure. *See* 5 U.S.C. § 552(g)(1).

   **b.**     The confidential documents, information or tangible things to be protected identified *infra* in paragraph 2, subpart b, include Government records that might contain tactical information not available to the general public that, if in the wrong hands, could be adversely used against law enforcement by non-law abiding groups or individuals. These records could also contain sensitive information about the relevant agencies' internal investigations, staffing, priorities, resources, intelligence and/or methods, which is law enforcement sensitive and should not be released to the public.

   **c.**     The confidential documents, information or tangible things to be protected identified *infra* in paragraph 2, subpart c, include identifying information regarding material witnesses for Plaintiffs (including but not limited to a witness's

1  true name, date of birth, phone number, address, and date of first entry into the
2  United States) which if disclosed would result in a material witness for Plaintiffs
3  deciding not to testify out of fear of adverse immigration or criminal consequences.

**d.**  The confidential documents, information or tangible things to be protected identified *infra* in paragraph 2, subpart d, include all other confidential documents, information or tangible things not identified above that qualify for protection under Federal Rule of Civil Procedure 26(c), including sensitive and private information of Parties and non-parties, including sensitive and private information of natural persons (e.g., social security numbers, names of minor children) and documents and information of non-natural entities (*e.g.*, corporations, organizations, partnerships) that in the ordinary course of business the non-natural entity does not or would not publicly disclose.

## ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or Third Parties, or filed with the Court, in *Isidora Lopez-Venegas, et al. v. Rand Beers, et al.*, Case No. CV 13-03972-JAK shall be provided subject to the conditions set forth in this order (hereafter "Protective Order" or "Order").

**1.  Scope.**  The following terms, conditions, procedures, and restrictions govern with respect to documents, electronic data, and any other forms of information produced or voluntarily exchanged in the Litigation by any Party or non-parties ("Third Parties" or singularly, "Third Party"), including any "Writings" (as that term is defined in Rule 1001 of the Federal Rules of Evidence); all discovery contemplated by Rules 26 through 36 of the Federal Rules of Civil Procedure, including responses to all written discovery requests and demands, and deposition testimony and exhibits, however recorded; and any other written, recorded, or graphic matters (collectively "Protected Material").

2. **Protected Material.** The categories of Protected Material include:

    **a.** Information, documents or tangible things protected by federal privacy laws and regulations, including, but not limited to, the Privacy Act, 5 U.S.C. § 552a, *et seq*.

    **b.** Information, documents or tangible things, which may include, among other things, Department of Homeland Security, U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, and/or U.S. Border Patrol records regarding law enforcement activities and operations, guidelines for law enforcement operations, training materials, and internal investigations.

    **c.** Information, documents or tangible things, disclosing or containing identifying information of certain of Plaintiffs' witnesses who have a fear of removal or criminal prosecution if their identities are disclosed.

    **d.** All other [] documents, information or tangible things not identified above that **any party to this action contends in good faith contain confidential information, as well as copies or summaries of such information or materials that otherwise reveal the contents of such information, that the party would not ordinarily disclose and which should be protected from disclosure** under Federal Rule of Civil Procedure 26(c).

3. **Designations.** It shall be the duty of the party producing the Protected Material ("Producing Party") to give notice of material that is to be considered covered by this Protective Order in the manner set forth in paragraphs 5, 8 and 11 below. Protected Material may be designated as CONFIDENTIAL if the Producing Party believes in good faith that such material is covered by this Protective Order. A Party may designate material that it obtained from a Third Party pursuant to this Protective Order, if it believes in good faith that it qualifies as Protected Material under this Order.

4. **Duties.** The duty of the Party or Parties receiving the Protected Material ("Receiving Party") and of all other persons bound by this Protective

Order to maintain the confidentiality of Protected Material so designated shall commence with such notice. Protected Material shall be designated by the Producing Party, subject to the provisions of this Order, with the designation of "CONFIDENTIAL." No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by a Party as "CONFIDENTIAL," except as provided for in this Protective Order or as further ordered by the Court.

**5. Method Of Designation.** Each page of any material the Producing Party wishes to designate as Protected Material must be labeled CONFIDENTIAL, at the time the material, or a copy thereof, is provided to the Receiving Party. In the case of material contained in or on media other than paper, the Producing Party shall affix such a label to the material or use its best efforts to identify the material as Protected Material and affix the applicable designation.

**6. Access To Protected Material.** Only the following persons shall have access to or retain material designated as CONFIDENTIAL pursuant to this Order:

    **a.** The Court and its official personnel;

    **b.** The Parties and the employees, officers, directors, and executives of the Parties to this Action, including the Parties' inside counsel;

    **c.** Outside counsel for a Party. For the purposes of this Protective Order, "Outside Counsel" means the attorneys representing the Parties for this Action, the ACLU Foundation of San Diego and Imperial Counties, the ACLU of Southern California, and Cooley LLP for Plaintiffs and the United States Department of Justice for Defendants, including paralegals, office clerks, secretaries, and other support staff assisting those attorneys, working on the Action;

    **d.** Outside experts and consultants retained by the Receiving Party's Outside Counsel to assist in this Litigation (and the experts' or consultants' staff whose duties and responsibilities require access to such materials), who are not

1  past or present employees of the Receiving Party or of an affiliate of the Receiving
2  Party or any other Party;

3       **e.**     Court reporters and translators;

4       **f.**     Outside litigation support personnel retained by Outside Counsel
5  to assist in the preparation and/or litigation of the Action, including contract
6  attorneys or outside copying service vendors or electronic document management
7  vendors;

8       **g.**     Any person not otherwise covered by subparagraph (a), (b), or
9  (c), who was involved in the preparation of such material or who received or
10 reviewed such material for purposes other than this Action or who has been alleged
11 to have received or reviewed such material for purposes other than this Action;

12      **h.**     Witnesses at deposition not otherwise covered by subparagraphs
13 (a), (b), or (c); and

14      **i.**     Persons whom the Producing Party agrees in writing or on the
15 record at a deposition may be shown CONFIDENTIAL material.

16     **7.**    **Agreement By Persons Accessing Protected Materials.** All persons
17 identified in paragraph 6 (d), (e), (f), (g), (h) and (i) who in the course of the case
18 may be given access to Protected Material shall be required to read this Protective
19 Order and agree, in writing, to be bound by this Protective Order by executing an
20 acknowledgment in the form of Exhibit A that is annexed to this Protective Order.
21 All such acknowledgments shall be maintained in the files of the counsel allowing
22 access by such person to the Protected Material.

23     **8.**    **Designation Of Protected Material At Depositions.** In the case of
24 depositions, designation of the portion of the transcript (including exhibits) which
25 contains Protected Material shall be made by a statement to such effect on the
26 record in the course of the deposition; or upon review of such transcript, by counsel
27 for the party to whose Protected Material the deponent has had access, said counsel
28 designating within fourteen (14) calendar days after counsel's receipt of the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**No. CV 13-03972-JAK (PLAx)**      -6-      **[PROPOSED]
PROTECTIVE ORDER**

transcript, and listing on a separate piece of paper the numbers of the pages of the transcript containing Protected Material designated CONFIDENTIAL, inserting the page number list at the end of the transcript, and mail serving copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL. If no designation is made within fourteen (14) calendar days after receipt of the transcript, the transcript shall be considered not to contain any Protected Material other than those portions designated on the record during the deposition, if any.

**9. Use Of Protected Material At A Deposition.** If, during the course of any deposition, (a) an attorney-of-record for any Party desires to make inquiry into information subject to the designation of CONFIDENTIAL or (b) an attorney-of-record for any Party asserts that an answer to a specific inquiry is subject to the foregoing designation, the attorney shall make such inquiry only in the presence of those persons authorized to access to such information. Such testimony shall be designated as CONFIDENTIAL as appropriate, and the Parties to this Protective Order shall treat it as subject to the provision for disclosure set forth in this Protective Order. Counsel for either Party shall have the right to exclude from oral depositions, other than the deponent and the reporter, any person who is not authorized by this Protective Order to receive documents or information designated CONFIDENTIAL. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising CONFIDENTIAL information.

**10. Court Reporter At Deposition.** Any court reporter at a deposition shall agree, before transcribing any testimony designated as protected, that all Protected Material is and shall remain CONFIDENTIAL and shall not be disclosed except as provided under this Order.

1   **11.   Treatment Of Protected Material During Inspection Of Documents.** It is contemplated that a Party might make available certain of its files for inspection by other Parties, which files may contain confidential as well as non-confidential material, and that following such inspection, the inspecting party will designate documents to be copied and the copies will be furnished or produced to it. All documents and their contents made available for such inspection shall be treated as CONFIDENTIAL until the Party allowing inspection has had a reasonable opportunity, not to exceed fourteen (14) calendar days, to designate and mark those documents which were copied as CONFIDENTIAL.

**12.   Copies, Summarizations, Extracts Protected.** Protected Material designated under this Order shall include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things, or information so designated; (b) portions of deposition transcripts and exhibits to deposition transcripts that contain, summarize, or reflect the content of any such documents, things, or information; and (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information.

**13.   Pleadings And Briefs Containing Protected Material.** To the extent that any Party seeks to file any paper with the Court that contains, summarizes, or reflects any Protected Material, the Party shall request that the material be filed under seal pursuant to the procedures set forth in Central District of California Local Civil Rule 79-5.1, unless the Parties agree that the documents can be redacted to remove the Protected Material. **The request to file under seal must demonstrate good cause for the under seal filing**.

**14.   Court Hearings And Other Proceedings.** Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use before the Court any Protected Material. However, before doing so, to the extent not otherwise authorized to be so used hereunder, the Party intending to use Protected

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

No. CV 13-03972-JAK (PLAx)   -8-   **[PROPOSED]
PROTECTIVE ORDER**

Material shall so inform the Court and the Producing Party, and any Party or Third Party may apply to the Court for appropriate protection, including clearing the hearing room or courtroom of persons not entitled to receive Protected Material pursuant to paragraph 6.

**15. Testimony At Pretrial Court Hearings And Other Proceedings.** All testimony elicited during hearings and other proceedings that counsel for a Party or Third Party indicated on the record may be subject to the protections of this Order shall be deemed CONFIDENTIAL until the expiration of twenty one (21) calendar days after delivery of a copy of the transcript of the testimony by the court reporter to counsel who requested a copy of the transcript. Within the twenty one (21) calendar day period following such mailing of the transcript, any Party may move to seal the transcript under Local Civil Rule 79-5.1, designating all or any portion of the testimony as CONFIDENTIAL. Upon being informed that certain portions of a transcript are designated as CONFIDENTIAL, each Party must have each copy in their custody, possession or control immediately marked with the appropriate designation at the appropriate pages. Such designation must remain until the Court rules on the motion to seal.

**16. This Order Only Applies To Pretrial Discovery.** Nothing contained in this Order shall restrict or limit any Party's right to present Protected Material to the Court during a trial in the Action. The use of Protected Material at trial shall be governed by the pretrial order.

**17. This Order Does Not Apply To Non-Private Information.** The restrictions set forth in this Protective Order shall not apply to documents, things, or information that: (a) have been publicly disclosed or become public knowledge in a manner other than through a violation of this Order; or (b) have been independently obtained by the Receiving Party. If the Producing Party challenges the Receiving Party's invocation of this provision, then **the Receiving Party shall provide**

**written documentation showing the material falls within categories of non-private information referenced in this provision**.

18. **Challenge To Designations.** If a Receiving Party seeks removal of protection for particular items designated as Protected Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

    **a.** The Receiving Party seeking such removal shall give counsel of record for the Producing Party, notice thereof, in writing by facsimile or email followed by a hard copy sent next business day courier, specifying the documents, things, or information for which such removal is sought and the reasons for the request. The Producing Party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Protective Order. Any such objection shall be made in writing (by facsimile or email followed by a hard copy sent next business day courier). Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

    **b.** If the Producing Party objects to the removal of the protection afforded by this Protective Order and the Receiving Party intends to submit the dispute to the Court for a ruling, the Receiving Party shall request to meet-and-confer with the Producing Party. Local Civil Rule 37-1 shall govern the meet-and-confer process.

    **c.** If the Parties cannot reach agreement concerning the matter, the Receiving Party seeking such removal may submit to the Court for ruling a noticed motion to be relieved entirely or in part from the provisions of this Protective Order. The noticed motion shall be made in accordance with Local Civil Rule 37. The designated material shall continue to be treated in accordance with the original designation until the issue is resolved by Order of this Court or by agreement of the Parties.

1  **19. No Waiver By Failure To Challenge Designation.** For purposes of
2  the Action or any other action, no Party concedes that any Protected Material
3  designated as CONFIDENTIAL does in fact contain or reflect Protected Material.
4  A Party shall not be obligated to challenge the propriety of the designation of
5  Protected Material at the time made, and failure to do so shall not preclude a
6  subsequent challenge.

7  **20. Inadvertent Disclosure Of Protected Material.** The failure by a
8  Producing Party to designate specific documents or materials as Protected Material
9  shall not, by itself, be deemed a waiver in whole or in part of a claim of
10 confidentiality as to such documents or materials. Upon written notice to the
11 Receiving Party of such failure to designate, or of incorrect designation, the
12 Receiving Party shall cooperate to retrieve disseminated copies, and restore the
13 confidentiality of the inadvertently disclosed information beyond those persons
14 authorized to review such information pursuant to paragraph 6, and shall thereafter
15 take reasonable steps to ensure that the Protected Material is treated in accordance
16 with the designation. No person or Party shall incur any liability under this
17 Protective Order with respect to disclosure that occurred prior to the receipt of
18 written notice of the mistaken designation.

19 **21. Disclosure To Producing Party's Personnel.** Nothing in this
20 Protective Order shall affect the right of the Producing Party to disclose to its
21 officers, directors, employees, consultants, or experts, any documents, things, or
22 information designated by it as Protected Material pursuant to this Order; such
23 disclosure shall not waive the protection of this Protective Order and shall not entitle
24 other Parties or their attorneys to disclose such information, documents, things, or
25 information in violation of this Order.

26 **22. Disclosure To Unauthorized Persons.** If information subject to this
27 Protective Order is disclosed to any unauthorized person either through
28 inadvertence, mistake, or otherwise without authorization by the Producing Party,

or other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately (a) inform the Producing Party of all pertinent facts relating to such disclosure, including without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the declaration attached to this Protective Order as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material.

**23. "Admissibility" Of Protected Material.** This Protective Order shall not constitute a waiver of any Party's or non-party's right to object to the admissibility into evidence of any Protected Material under Federal law.

**24. All Objections Preserved.** This Protective Order is intended to provide a mechanism for handling the disclosure or production of Protected Material to which there is no objection other than confidentiality. The protection afforded by this Order shall in no way affect a Producing Party's right to withhold or redact documents as: (a) privileged under the attorney-client or other privilege, (b) protected by the work product doctrine, or (c) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil Procedure under any law. Additionally, this Protective Order shall not prejudice the right of a Party to: (a) seek additional protective treatment for any information it considers to be very highly sensitive, or otherwise exempt from disclosure, such that the protections in this Protective Order would be insufficient, (b) object to the designation of any document or information as CONFIDENTIAL, or (c) seek any modification of or relief from any provision of this Protective Order, either generally or as to any

1  particular Protected Material, by properly noticed motion with notice to all Parties
2  and their respective counsel.

3      **25.**   **Advice To Client.** Nothing in this Protective Order shall prevent or
4  otherwise restrict counsel from rendering legal advice to the clients in this
5  Litigation and, in the course of this Litigation, relying generally on examination of
6  designated Protected Materials; provided, however, that in rendering such advice
7  and otherwise communicating with such client, counsel shall not disclose the
8  specific contents of Protected Materials to persons not authorized to receive such
9  material pursuant to the Protective Order.

10     **26.**   **Inadvertent Disclosure Of Privileged Information.**

11         **a.**   The inadvertent disclosure of Material covered by the attorney-
12 client privilege, the work-product doctrine, or any other recognized privilege shall
13 be governed by Federal Rule of Evidence 502 and this Protective Order.

14         **b.**   If, in connection with the pending Litigation, a Producing Party
15 inadvertently discloses information subject to a claim of a privilege or protection
16 described in paragraph 26(a) ("Inadvertently Disclosed Information"), the
17 disclosure of the Inadvertently Disclosed Information shall not constitute or be
18 deemed a waiver or forfeiture of any claim of privilege or work-product protection
19 that the Producing Party would otherwise be entitled to assert with respect to the
20 Inadvertently Disclosed Information and its subject matter.

21         **c.**   If a claim of inadvertent disclosure is made by a Producing Party
22 with respect to Inadvertently Disclosed Information, the Receiving Party shall,
23 within five (5) business days, return or destroy all copies of the Inadvertently
24 Disclosed Information and provide a certification of counsel that all such
25 Inadvertently Disclosed Information has been returned or destroyed.

26         **d.**   Within twenty-one (21) calendar days of the notification that
27 such Inadvertently Disclosed Information has been returned or destroyed, or within
28 a different time upon written agreement of the Parties or order of the Court, the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**No. CV 13-03972-JAK (PLAx)**     -13-     **[PROPOSED]**
**PROTECTIVE ORDER**

1  Producing Party shall produce a privilege log with respect to the Inadvertently
2  Disclosed Information.

3  **e.** Nothing in this Protective Order shall limit the right of any Party
4  to petition the Court**, pursuant to Local Rule 37,** for an order compelling
5  production of such Inadvertently Disclosed Information, or for an in-camera review
6  of the Inadvertently Disclosed Information.

7  **27. Good Faith Designations.** Each Party agrees that designation of
8  Protected Material and responses to requests to permit further disclosure of
9  Protected Material shall be made in good faith and not: (a) to impose burden or
10 delay on an opposing Party, or (b) for tactical or other advantage in litigation.
11 Further, each Party agrees to make best efforts to avoid as much as possible
12 inclusion of Protected Material in briefs and other captioned documents filed in
13 court, in order to minimize sealing and designating such documents as Protected
14 Material.

15 **28. Use Of Information Subject To Protective Order.** Use of any
16 information or documents subject to this Protective Order, including all information
17 derived therefrom, shall be restricted to use in this Litigation (subject to the
18 applicable rules of evidence and subject to the confidentiality of such materials
19 being maintained) and shall not be used by anyone subject to the terms of this
20 agreement, for any purpose outside of this Litigation or any other proceeding
21 between the Parties. Without limiting the generality of the foregoing sentence, no
22 one subject to this Protective Order shall use information deemed
23 CONFIDENTIAL obtained in this Litigation to retaliate against, intimidate, report
24 or refer an individual to any governmental authorities, discriminate against in any
25 manner, or harass any other Party or witness, relatives of any other Party or witness,
26 including domestic partners of a party or witness, or any individuals associated with
27 the Parties in any way.

28

**29. Meet And Confer.** Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify the other Party(ies) in writing and meet and confer in good faith in an attempt to resolve their dispute(s). Local Civil Rule 37-1 shall govern the meet-and-confer process.

**30. Injunctive Relief.** In the event anyone violates or threatens to violate any of the terms of this Protective Order, the the aggrieved party may, subject to the "meet and confer" requirement set forth above, apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order. The motion shall be made in accordance with Local Civil Rule 37. In the event the aggrieved party brings such motion or application, the responding person subject to the provisions of this Protective Order shall not employ as a defense the claim that the aggrieved party possesses an adequate remedy at law. The Parties and Third Parties shall not use or reveal, directly or indirectly, any information in violation of this Protective Order.

**31. Other Actions.** If any Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a Party, or (c) served with any legal process by one not a party to this action, seeking information or material which was produced or designated as CONFIDENTIAL by someone other than that Party, the Party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) calendar days of receipt of such subpoena, demand, or legal process, to those who produced the Protected Material as CONFIDENTIAL prior to compliance with the subpoena so as to allow the Producing Party to seek protection from the relevant court(s). Nothing in this Protective Order shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**32. Survival And Final Disposition Of Designated Material.** Final termination of the Litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by the Protective Order.

   **a.** Upon final termination of the Litigation by final judgment (whether by settlement, trial, or otherwise), including the time for filing and resolution of all appeals, or within such other period as the Parties may agree upon, and upon written request of the producing Party, all Protected Material and copies of Protected Material, including such material in the hands of outside experts or consultants, shall be delivered to counsel of record for the Producing Party of such material. In the absence of any such written request, any Protected Material shall be destroyed within sixty (60) calendar days of final termination of the Litigation. In the event of destruction, the producing Party shall promptly be advised in writing that such Protected Material has been destroyed.

   **b.** Any Protected Material filed or lodged with and retained by the Court shall not be subject to the provisions of this paragraph 31.

   **c.** Notwithstanding the foregoing, in-house counsel and Outside Counsel may retain copies of briefs and other papers filed with the Court, deposition transcripts, discovery responses, and attorney work product that contains or constitutes Protected Material. Further, in-house counsel and Outside Counsel are not required to delete information that may reside on their firm's electronic back-up systems that are over-written in the normal course of business. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

**33. Amendment Or Termination Of Protective Order.** No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each Producing Party or by an Order of this Court for good cause shown. The terms of this Protective Order shall survive termination of the Action.

**34. Jurisdiction For Enforcement.** The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order. Each person to whom disclosure of any Protected Information is made agrees to subject himself to the jurisdiction of the Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

**35. Limitations**. Nothing in this Order shall be deemed to restrict in any manner the use by any party of its own documents or materials. Nothing in this Protective Order should be construed as prohibiting a non-party from seeking additional protections of records or information that it owns or controls.

**IT IS SO ORDERED**

Date: February 6, 2014

_____
Hon. Paul L. Abrams
U.S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

**1.** My name is _____ (first, middle initial, last).

**2.** I live at _____ (street address), _____ (city), _____ (state) _____ (zip code).

**3.** I am employed as a/an _____ by _____ (company), which is located at _____ (street address), _____ (city), _____ (state) _____ (zip code). Its telephone number is _____.

**4.** I have read the attached Protective Order entered in the action of *Isidora Lopez-Venegas, et al. v. Rand Beers, et al.*, pending in the Central District of California and bearing Case No. CV 13-03972-JAK, and a copy of the Protective Order has been given to me.

**5.** I agree to be bound by the terms of the Protective Order, and agree that any Protected Material, within the meaning of the Protective Order, will be used by me only to assist counsel in connection with the above-referenced litigation or as otherwise authorized by the Protective Order.

**6.** I agree that I will not disclose or discuss Protected Material designated as CONFIDENTIAL with anyone other than the persons described in paragraph 6 of the Protective Order.

1  **7.** I understand that any disclosure or use of Protected Material in any
2  manner contrary to the provisions of the Protective Order may subject me to
3  sanctions for contempt of the Court's Order.

4  **8.** I agree to be subject *in personam* to the jurisdiction of the Central
5  District of California in connection with any proceeding relating to the enforcement
6  of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
         (date)                                        (signature)