# Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIANA AGUILAR, ANDRES LEON, ELENA LEON, ERIKA GABRIELA GARCIA-LEON through her Next Friend Adriana Aguilar, CARSON AGUILAR through his Next Friend Adriana Aguilar, NELLY AMAYA, MARIO PATZAN DeLEON, DAVID LAZARO PEREZ, WILLIAM LAZARO, TARCIS SAPON-DIAZ, SONIA BONILLA, BEATRIZ VELASQUEZ through her Next Friend Sonia Bonilla, DALIA VELASQUEZ through her Next Friend Sonia Bonilla, ELDER BONILLA, DIANA RODRIGUEZ, YONI REVOLORIO, JUAN JOSE MIJANGOS, GONZALO ESCALANTE, VICTOR PINEDA MORALES, YANET MARTINEZ, RAUL AMAYA, GLORIA VANESSA AMAYA, JOHN DOE #1, JANE DOE #1, JOHN DOE #2 through his Next Friend Jane Doe #1, JOHN DOE #3 through his Next Friend Jane Doe #1, JOHN DOE #4, JOHN DOE #5, PELAGIA DE LA ROSA-DELGADO, ANTHONY JIMENEZ, CHRISTOPHER JIMENEZ, through his Next Friend Pelagia De La Rosa-Delgado, and BRYAN JIMENEZ, through his Next Friend Pelagia De La Rosa-Delgado, on behalf of themselves and all others similarly situated,

      Plaintiffs,

-against-

IMMIGRATION AND CUSTOMS ENFORCEMENT DIVISION OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, MICHAEL CHERTOFF, United States Secretary of the Department of Homeland Security, JULIE L. MYERS, Assistant Secretary of Homeland Security for Immigration and Customs Enforcement, JOHN P. TORRES, Director of the Office of Detention and Removal Operations, Immigration and Customs Enforcement, CHRISTOPHER SHANAHAN, New York Field Office Director for Detention and Removal Operations, PETER J. SMITH, JOSEPH A. PALMESE, DARREN WILLIAMS, JEFFREY KNOPF, ICE 1, ICE 2, ICE 3, ICE 4, ICE 5, ICE 6, ICE 7, ICE 8, ICE 9, ICE 10, ICE 11, ICE 12, ICE 13, ICE 14, ICE 15, ICE 16, ICE 17, ICE 18, ICE 19, ICE 20, ICE 21, ICE 22, ICE 23, ICE 24, ICE 25, ICE 26, ICE 27, ICE 28, ICE 29, ICE 30, ICE 31, ICE 32, ICE 33, ICE 34, ICE 35, ICE 36, ICE 37, ICE 38, ICE 39, ICE 40, ICE 41, ICE 42, ICE 43, ICE 44, ICE 45, ICE 46, ICE 47, ICE 48, ICE 49, ICE 50, ICE 51, ICE 52, JOHN and JANE DOE ICE AGENTS, and JOHN ROE and JANE ROE ICE SUPERVISORS,

      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/09

ECF Case
Civil Action No.
07 CIV 8224 (JGK) (FM)

[PROPOSED]
CONFIDENTIALITY
ORDER

ORIGINAL

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Confidentiality Order upon the joint motion of the parties, for the purpose of assuring the confidentiality of certain information disclosed by the plaintiffs.

IT IS HEREBY ORDERED THAT:

1. As used in this Confidentiality Order, the term "Confidential Information" includes any information that is disclosed by the plaintiffs in this action and which at or before the time of disclosure has been designated as "Confidential Information" by plaintiffs in one or more of the following ways:

    a. Information set forth in a response to an interrogatory may be so designated by including the word "Confidential" in the response.

    b. Information contained in any document or part thereof may be so designated by marking the word "Confidential" on the document or by giving written notice to counsel for defendants describing the document or part thereof either specifically or by category.

    c. Information contained in any statement made during an oral deposition shall be so designated as set forth in paragraphs 5 and 6 below.

2. In accordance with the Privacy Act Order entered by this Court on March 6, 2008, any records related to individuals other than the named plaintiffs in the action shall be protected under this Confidentiality Order or the Confidentiality Order approved by the Court on November 9, 2007.

3. "Confidential Information" disclosed to defendants or their counsel in this action:

    a. May be used by defendants or their counsel involved in the defense of this action solely for the conduct of this litigation and not for any other purpose or proceeding;

  b. Shall not be published to the public in any form by defendants or their counsel, nor used by them for any business, commercial, or private purpose;

  c. May be disclosed by counsel for defendants only to the following persons:

   i. named defendants;

   ii. attorneys in the U.S. Attorneys' Office for the Southern District of New York and attorneys employed by the Department of Homeland Security ("DHS") who are involved in the defense of this action but who are not involved in litigating or supervising litigation in the removal cases of named plaintiffs or third-party witnesses in this action;

   iii. secretarial, clerical, paralegal or student personnel employed full-time or part-time involved in the defense of this action by the U.S. Attorney's Office;

   iv. independent (non-employee) expert witnesses or consulting experts retained by the defendants or the U.S. Attorney's Office;

   v. the Court and Court personnel and any court reporters, stenographers, or translators engaged to record or assist in the recording of testimony and proceedings at deposition, trial, other judicial proceeding, or other testimony in this action (including persons operating video recording equipment) and their employees;

   vi. such other persons as hereafter may be authorized by the Court upon motion of either party.

4. "Confidential Information" may be further designated "Highly Confidential Material" indicating that such information is "Highly Confidential – Attorneys' Eyes Only" and is to be afforded such treatment under this Order. Highly Confidential Material shall not be used or disclosed for any purpose except for the conduct of this case (including any appeals of this case), nor shall "Highly Confidential Material" ever be used in, or for the purpose of initiating, a removal proceeding or for the purpose of initiating or in furtherance of an investigation or prosecution of any immigration-related criminal offense against any known plaintiff or other person identified during pre-trial proceedings in this litigation unless such information is deemed admissible during trial itself. Highly Confidential Material may not be disclosed to any persons other than:

    a. attorneys employed by the U.S. Attorney's Office for the Southern District of New York <u>provided that</u> disclosure is deemed by counsel as reasonably necessary solely for the conduct of this litigation and not for any other purpose or proceeding;

    b. attorneys employed by the DHS involved in the defense of this action to whom such disclosure is deemed by the U.S. Attorney's Office for the Southern District of New York as reasonably necessary solely for the conduct of this litigation, <u>provided that</u> Highly Confidential Material may not be disclosed to DHS attorneys involved in litigating or supervising litigation in the removal cases of named plaintiffs or third-party witnesses in this action;

    c. secretarial, clerical, paralegal or student personnel employed full-time or part-time by the U.S. Attorney's Office involved in the defense of this action to whom such disclosure is deemed reasonably necessary by counsel solely for the conduct of this litigation;

    d. independent non-employee expert witnesses or consulting experts retained by the U.S. Attorney's Office in connection with the defense of this action to whom such disclosure

- 4 -

is deemed reasonably necessary by counsel solely for the conduct of this litigation, <u>provided that</u> Highly Confidential Material may not be disclosed to expert witnesses or consulting experts involved in the litigation of any removal cases of named plaintiffs or third-party witnesses in this action;

    e. the Court and Court personnel and any court reporters, stenographers, or translators engaged to record or assist in the recording of testimony and proceedings at deposition, trial, other judicial proceeding, or other testimony in this action (including persons operating video recording equipment), while in performance of their official duties, provided, however, that the U.S. Attorney's Office, if it wishes to file such materials with the Court, shall comply with paragraphs 11-12 herein.

  5. All depositions shall presumptively be treated as Highly Confidential Material and subject to this Order during the deposition and for a period of five (5) days after a transcript of the deposition is received by counsel for each of the parties. At or before the end of such five-day period, the deposition and/or any portion thereof may be designated by plaintiffs as Confidential Information or Highly Confidential Material.

  6. Plaintiffs may designate as Confidential Information or Highly Confidential Material subject to this Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying defense counsel in writing of those documents which are to be stamped and treated as such at any time up to five (5) days after actual receipt of copies of those documents asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying defense counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to five (5) days after the transcript is received by counsel. Prior to the expiration of such five (5) day period (or until a designation is

- 5 -

made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Highly Confidential Material.

7. Any person receiving Confidential Information or Highly Confidential Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

8. Extracts and summaries of Confidential Information or Highly Confidential Material shall also be treated as Confidential Information and Highly Confidential Material, respectively, in accordance with the provisions of this Order.

9. A copy of this Confidentiality Order shall be delivered to each of the defendants and to each person identified in paragraph 3(c)(i)-(iv) and (vi) and in paragraph 4(a)-(d) above to whom a disclosure of confidential information is made, at or before the time of disclosure, by the U.S. Attorney's Office. The provisions of this Confidentiality Order shall be binding upon each person to whom disclosure is made, and each person authorized to receive Confidential Information or Highly Confidential Material shall execute a written and signed undertaking in the form of that annexed to this Order as Exhibit I, stating that he or she has read the Confidentiality Order, understands the terms thereof, and agrees to submit himself or herself to the Court's jurisdiction for the purposes of enforcing the Confidentiality Order. Counsel for the party seeking to disclose the Confidential Information or Highly Confidential Material to the person executing the undertaking shall retain the undertaking and shall make the undertaking available to the producing party if requested by the producing party. After termination or conclusion of this action, counsel shall continue to retain all undertakings retained by that counsel for a period of three years.

10. The provisions of this Order shall not be construed to prevent:

    a. Any disclosure of plaintiff-designated Confidential Information or Highly Confidential Material by plaintiffs;

    b. Any disclosure of plaintiff-designated Confidential Information or Highly Confidential Material to any judge, magistrate, Judge employee of this Court for purposes of this action, or court reporter.

  11. Neither plaintiff-designated Confidential Information nor plaintiff-designated Highly Confidential Material shall be filed with the court by counsel for defendants unless it is necessary to do so for the purposes of trial, motions for summary judgment, or other relief. Before counsel for defendants may file with the Court any pleadings, motions or other papers disclosing Confidential Information or Highly Confidential Material provided by plaintiffs, it shall give no less than four (4) business days' notice to plaintiffs identifying Confidential Information or Highly Confidential Material that would be disclosed. Plaintiffs or others may make an application to the Court requesting that the papers or confidential portions thereof be filed under seal. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. In addition, plaintiffs may make an application to the Court requesting that any pleadings, motions or other papers disclosing their own Confidential Information or Highly Confidential Material be filed under seal and the papers in question shall not be filed until the Court renders a decision on that application.

  12. Any disclosure of plaintiff-designated Confidential Information or Highly Confidential Material in any court hearing or proceeding herein, not including any trial in this case, shall be made *in camera* unless the Court orders otherwise. Prior to the commencement of trial, the parties may seek direction from the Court on the handling of Confidential Information or Highly Confidential Material at trial.

13. Any inadvertent failure to assert confidentiality shall not preclude plaintiffs or witnesses from designating any document, information and/or testimony as Confidential Information or Highly Confidential Material, in which event the items subject to such designations shall thereafter be treated as Confidential Information or Highly Confidential Material subject to the terms of this Confidentiality Order.

14. Neither this Confidentiality Order nor the disclosure of Confidential Information or Highly Confidential Material shall be construed as a waiver by plaintiffs in this action or any other action of (a) any claim or defense; (b) any objection to the admissibility in evidence of such material; (c) any objection to production of any such material on any ground other than by reason of the confidential or proprietary nature of the material; or (d) any objection to production of the document on the ground that it contains such highly sensitive and confidential information that it should not be produced at all, and that any necessary information concerning the contents of the document can be discovered in other ways. In the event that Confidential Information or Highly Confidential Material is used in any pre-trial proceeding herein, it shall not lose its confidential status through such use, and the parties, witnesses and counsel hereto shall take all steps reasonably required to protect its confidentiality during such use. Nothing in this paragraph shall be construed to waive any plaintiff's rights under 5 U.S.C. § 552a (the Privacy Act of 1974, as amended).

15. Any plaintiff's or defendant's inadvertent disclosure in connection with this action of one or more documents that such plaintiff or defendant believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity in this case or, pursuant to Federal Rule of Evidence 502, any other action. If a

defendant or counsel for defendants or a plaintiff or counsel for plaintiffs receives materials that obviously appear to be subject to the attorney-client privilege or otherwise protected by a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the defendant or defense counsel or plaintiff or plaintiffs' counsel receiving such materials must refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the plaintiff or defendant in writing that he or she possesses material that appears to be privileged. In the event of alleged inadvertent disclosure of alleged Privileged Documents, the plaintiff or defendant may provide notice to the opposing party advising of the disclosure and request return of the alleged Privileged Documents. Upon such notice, the plaintiff or defendant shall make no further use of the alleged Privileged Documents, and within five (5) days of receiving such notice of inadvertent production of Privileged Documents, shall return all documents identified by the plaintiffs or defendants in such notice and shall expunge from any other document information or material derived from the inadvertently produced Privileged Documents. In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, all counsel shall undertake reasonable efforts to resolve the issue without court intervention within ten (10) days of such notice of inadvertent production of Privileged Documents. To the extent counsel cannot resolve the issue within ten (10) days, the plaintiffs or the defendants may bring a motion to compel production of the alleged Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents have already been produced. In the event of a motion to compel production of the alleged Privileged Documents, it shall be the responsibility of the plaintiff(s) or defendant(s) to provide, in its opposition to the motion to compel, information regarding the content and context of the alleged Privileged Documents sufficient to

establish the applicability of any asserted privilege or immunity from discovery, and if the Court so requests the plaintiff(s) or defendant(s) shall provide the alleged Privileged Documents to the Court for *in camera* review.

16. If any third party (including a governmental agency) subpoenas, requests or moves to compel disclosure by a defendant (including any person to whom a defense counsel discloses Confidential Information or Highly Confidential Material pursuant to paragraphs 3 and 4, respectively) of any of the Confidential Information or Highly Confidential Material, or if any defendant is otherwise requested or required (by oral questions, interrogatories, request for information or documents, civil investigative demand or similar process) to disclose any Confidential Information or Highly Confidential Material, such defendant shall give notice to plaintiffs' counsel via electronic mail and facsimile not more than three (3) business days after the defendant receives such subpoena or other discovery request, and which notice shall include or attach a complete copy of the subpoena or other discovery request; provided, however, that there shall be no obligation to provide notice of such subpoena or other discovery request where such notice is prohibited by regulation, court order, or operation of law. Upon plaintiffs' receipt of notice by defendants of defendants' intent to comply with the subpoena or other discovery request, defendants will not interfere with plaintiffs' right to seek appropriate action to protect the confidentiality of the information requested and to otherwise protect their interests. No defendant shall disclose Confidential Information or Highly Confidential Material in response to a subpoena or other discovery request before providing plaintiffs with notice of their intent to comply with the request or subpoena, and, if practicable, the defendant or defendants shall provide to plaintiffs' counsel at least five (5) business days notice of defendants' intention to comply with the request or subpoena before so complying. If, failing the entry of a protective order, a defendant is compelled to disclose Confidential Information or Highly Confidential

Material, that defendant may, without liability hereunder, disclose such portion of the Confidential Information or Highly Confidential Material as it is so compelled to disclose. The provisions of this paragraph do not apply to any information that loses its Confidential Information or Highly Confidential Material designation.

17. If Confidential Information or Highly Confidential Material is disclosed in violation of this Confidentiality Order, the defendant or defendant's counsel responsible for such disclosure must immediately notify plaintiffs' counsel and must cooperate in supplying the facts relating to such disclosure and in making all reasonable efforts to prevent further disclosure.

18. Upon the conclusion of this litigation, all Confidential Information or Highly Confidential Material supplied by plaintiffs and third-party witnesses, and all copies thereof, including deposition testimony that has been designated Confidential Information or Highly Confidential Material, shall be returned to plaintiffs' counsel, or shall be certified to have been destroyed.

19. Nothing in this Order shall prevent ICE from using in any other proceeding information that is independently obtained, per Judge Maas's Memorandum Decision and Order dated June 23, 2009.

**Objections to Confidential Treatment**

20. A party to this Order shall not be obligated to challenge the propriety of the designation of information as Confidential Information or Highly Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof, provided that such challenge is made prior to the execution of the final pre-trial order.

21. If defendants dispute the designation of any information as Confidential Information or Highly Confidential Material, the parties to this Order shall attempt to resolve by agreement the questions whether or on what terms the information is entitled to treatment as

Confidential Information or Highly Confidential Material. If the parties are unable to resolve the issue, counsel for defendants may file an appropriate motion with the Court. Such motion shall specify the documents or information defendants contend should not be designated Confidential Information or Highly Confidential Material and why the defendants seek to change or remove the Confidential Information or Highly Confidential Material designation or use Confidential Information or Highly Confidential Material beyond this order. Until a resolution of any dispute is achieved through consent or court order, all persons shall treat the documents or information in question as Confidential Information or Highly Confidential Material, according to the proposed designation.

22. This Order may be modified if the parties to this Order agree to such modification or if such modification is ordered by the Court. Any modification must be in writing and signed by all parties.

23. Any person may at any time move, on notice to all parties, for modification of, or other relief from, this Order.

24. Nothing set forth above shall bind the Court which may make such use of Confidential Information or Highly Confidential Material as it deems appropriate.

DEWEY & LEBOEUF LLP

DONNA GORDON
KELLY TSAI
KELLY LIBRERA
JENNIFER WHITENER

1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

LEV L. DASSIN
Acting United States Attorney for the Southern District of New York

SHANE CARGO
KRISTIN VASSALLO
ELIZABETH WOLSTEIN
ALLISON PENN
BRANDON COWART
DAVID BOBER

Assistant United States Attorney
86 Chambers Street
New York, New York 10007

- 12 -

LATINOJUSTICE PRLDEF

By: _____
FOSTER MAER
GHITA SCHWARZ
CHRISTINA ITURRALDE

99 Hudson Street, 14th Floor
New York, New York 10013
Tel: (212) 739-7504
Fax: (212) 431-4276

Attorneys for Plaintiffs

Tel: (212) 637-2711/2758/2822
Fax: (212) 637-2786

Attorneys for Defendants

SO ORDERED on this 30th day of July, 2009.

_____
FRANK MAAS
United States Magistrate Judge

- 13 -