JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
GISELA A. WESTWATER (NE 21801)
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
SAIRAH G. SAEED (IL 6290644)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>            *Plaintiffs*,<br><br>       v.<br><br>Kevin K. McALEENAN,[1] Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>            *Defendants* | Case No. 3:17-cv-02366-BAS-KSC<br><br>Hon. Karen S. Crawford<br><br>**JOINT STATUS CONFERENCE STATEMENT** |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Federal Rule of Civil Procedure 25(d).

*732593199*

The parties respectfully submit this Joint Status Conference Statement in advance of the telephonic Status Conference set for June 7, 2019. *See* Order Following Case Management Conference and Setting Case Management Dates ¶ 4 ("Order") (ECF No. 246).

## JOINT STATUS REPORT

**I.     Plaintiffs' Status Report**

**A.     STATUS OF DISCOVERY FROM THE GOVERNMENT**

Since the Court lifted the stay of discovery in this matter, Plaintiffs have sought to expeditiously gather the discovery necessary for class certification and the merits phase of this case.  Plaintiffs have also engaged in discussions with the Government about the best ways to prioritize discovery related to class certification issues.

On February 19, 2019, Plaintiffs delivered their First and Second Sets of Requests for Production to the Government.[2]  Since then, Plaintiffs have served two sets of interrogatories, a third set of requests for production, and a set of requests for admission on the Government.  As noted below, subject to two disputes, the parties have negotiated an ESI Order and Protective Order covering discovery produced in this case.

With respect to Plaintiffs' Requests for Production, Plaintiffs have already agreed to 14 custodians and a set of non-custodial sources proposed by the Government.  On May 29, 2019, Plaintiffs provided the Government with proposed revisions to the Government's search terms and requested a meet and confer to finalize those search terms.

---

[2] As the Government notes below, Plaintiffs previously served these requests on the Government in 2017 when this matter was before the U.S. District Court for the Central District of California.  To remove any doubt about whether these requests were mooted by the transfer of venue to this Court, Plaintiffs re-delivered them on February 19, 2019.

1

JOINT STATUS CONFERENCE STATEMENT
Case No. 3:17-cv-02366-BAS-KSC

*In the intervening 14 weeks the Government has not produced a single email that was in the possession, custody, or control of its agreed-upon document custodians*. To make matters worse, a recently filed declaration seems to indicate that Plaintiffs should not expect to see any documents any time soon. In her May 24, 2019 declaration, Elaine Dismuke, an eDiscovery Team Lead at U.S. Customs and Border Protection, states:

> Additionally, because of the government shutdown from December 22, 2018 through January 25, 2019, work on many cases has been signifi-
> cantly delayed. Specifically, for any cases that were pending at the time
> of the shutdown, the team is twelve weeks behind schedule.

Dkt. 263-8 at ¶ 10. *This means that even if all discovery disputes were resolved today, the Government may not be prepared to produce documents taken from the files of its custodians and non-custodial sources until late August 2019*.

This is an untenable delay. If Plaintiffs do not begin to receive documents until August 23, 2019, Plaintiffs will have to lodge an Early Neutral Evaluation statement (due on July 29, 2019), attend an ENE conference (on August 5, 2019), and designate its class certification experts (on August 16, 2019) *before* the Government produces a single email taken from the files of its custodians and non-custodial sources since the Court lifted its stay on discovery. Moreover, Plaintiffs will have less than a month to review the Government's document production and schedule and take the depositions of CBP and DHS employees in order to use the facts disclosed in those documents and depositions in its expert reports concerning class certification, which are due on September 13, 2019.

Other Courts have admonished the Department of Homeland Security for failing to devote adequate resources toward producing documents in a timely manner. For example, in *Hernandez v. Sessions*, a Special Master appointed to oversee discovery in another civil action challenging the Government's enforcement of immigration policy found that "the production of documents by [the Government] has

been neither complete nor prompt.  It has been a trickle."  Slip Op. at 2, Case No. 5:16-00620-JGB-KK (C.D. Cal. Jul. 10, 2018) (Dkt. No. 195).  The Special Master "strongly advised [the Government] that [it] should immediately hire additional staff and technical personnel to promptly review documents and to assure a complete and prompt production of documents."  *Id.*

This Court should avoid a similar discovery quagmire by setting reasonable rolling deadlines for the Government's document production in response to Plaintiffs' First and Second Sets of Requests for Production.  Plaintiffs respectfully suggest the following deadlines:

- June 28, 2019: First Rolling Production
- July 14, 2019: Second Rolling Production
- July 28, 2019: Third Rolling Production
- August 16, 2019: Deadline for Government to Complete its Document Production in Response to Plaintiffs' First and Second Sets of Requests for Production.[3]

**B.    STATUS OF DISCOVERY FROM PLAINTIFFS**

On April 24, 2019, the Government served 65 requests for production on Plaintiff Al Otro Lado, Inc.  On May 24, 2019, Al Otro Lado responded stating, in summary, that it would produce documents in response to 61 of these requests and that it was willing to meet and confer with the Government regarding the remaining four requests for production.  As of the date of this joint report, the Government has not yet reached out to Plaintiffs to schedule a conference regarding these four requests for production.

Although under the forthcoming ESI Order it was not required to do so until June 7, 2019, on May 31, 2019 Al Otro Lado disclosed its list of custodians, non-

---

[3] Once the Government provides its objections and responses to Plaintiffs' Third Set of Requests for Production on June 21, 2019, Plaintiffs intend to seek a similar set of rolling production deadlines.

JOINT STATUS CONFERENCE STATEMENT
Case No. 3:17-cv-02366-BAS-KSC

*732593199*

custodial sources, and proposed search terms to the Government.[4]   The Government has not yet reached out to Plaintiffs to meet and confer about these proposed custodians, non-custodial sources, and search terms.

In anticipation that the parties will agree on these proposed custodians and non-custodial sources, Plaintiffs have retained an e-discovery consultant and are in the process of collecting documents responsive to the Government's requests.  Al Otro Lado anticipates making its first document production to the Government on or before June 7, 2019.

## C.   PENDING JOINT MOTIONS

There are currently two joint motions pending with the Court: (1) the parties' Joint Motion for Entry of a Protective Order and ESI Order (Dkt. No. 251), and (2) the parties' Joint Motion for Determination of Discovery Dispute with Respect to Plaintiffs' First and Second Sets of Requests for Production (Dkt. No. 263).

In order to move discovery forward on the schedule set out by the Court, it is important that these joint motions be resolved in a timely manner.  During an April 30, 2019 meet and confer, the Government represented that it is not willing to produce documents until an ESI Order and Protective Order are in place.  This position is particularly untenable because the Government can produce many documents that will be entirely unaffected by the parties' present disputes over the ESI Order and Protective Order, such as non-confidential documents.[5]

---

[4] To be transparent with the Government, Plaintiffs also disclosed the precise technology platforms that they intend to use to collect, search, and review documents and electronically-stored information and how those search technologies address issues such as "noise" words that are excluded from search strings and proximity-based searching.  To date, the Government has not disclosed this information to Plaintiffs.

[5] The Government has taken other positions that have delayed its production of documents.  For example, on April 30, 2019, Plaintiffs asked the Government to provide them with the privacy act form necessary for the Government to produce the named

In addition, the joint motion concerning Plaintiffs' First and Second Sets of Requests for Production raise important questions regarding the scope of discovery, including (a) whether the Government will produce on a class-wide basis or whether the Government can artificially limit the scope of discovery to four ports of entry; (b) whether, despite the fact that Plaintiffs have pled more than an Administrative Procedure Act (APA) claim, the Court should treat this case as a run-of-the-mill "APA case" and limit discovery accordingly; and (c) whether documents regarding the Government's intent are relevant to undermining the Government's assertion that its Turnback Policy was justified by the lack of capacity and resources at ports of entry along the U.S.-Mexico border.

## D.   ANTICIPATED JOINT MOTIONS

Plaintiffs also anticipate filing one additional joint motion in the next week. In brief, the basis for that motion is as follows. In its responses and objections to Plaintiffs' First and Second Sets of Requests for Production, the Government claimed that it would be unduly burdensome to produce documents on a class-wide basis (i.e., from each port of entry along the U.S.-Mexico border). On April 29, 2019, Plaintiffs sent the Government a letter that, amongst other things, observed that an undue burden objection must be backed up with specific facts and asked the Government to provide the factual basis for the undue burden objection. On April 30, 2019, the parties met and conferred about Plaintiffs' First and Second Sets of Requests for Production, but the Government failed to provide a factual basis for its undue burden objection. In subsequent written correspondence concerning Plaintiffs' First and Second Sets of Requests for Production, the Government never disclosed the factual basis for its undue burden objection. It was not until 7:52pm ET on the date that the joint motion was due that the Government disclosed the factual basis for its undue burden objection in the declarations of Elaine Dismuke (Dkt. No.

---

Plaintiffs' alien files (commonly known as "A-Files"). Over a month later, the Government still has not provided Plaintiffs with this form.

263-8) and Randy Howe (Dkt. No. 263-9).[6]  Because Civ. L. R. 26.1.a. and Chambers Rule V(B) require the Government to meet and confer on all disputed issues before filing a joint motion, including the factual basis for its undue burden objection, these declarations and the Government's argument based upon them should be struck.  *See* Dkt. No. 250 at 1 (issuing the Court's "final warning" and stating that the Court's Local Civil Rules and Chambers Rules are not optional).

The parties met and conferred about this joint motion to strike the declarations by telephone on May 28, 2019. On May 29, 2019, Plaintiffs provided their portion of the joint motion papers to the Government.  The Government has indicated that it will provide Plaintiffs with its portion of the joint motion papers on June 7, 2019.

## E.     THE FORTHCOMING ENE CONFERENCE

An ENE Conference is currently scheduled for August 5, 2019 at 9:30 a.m. *See* Dkt. No. 246 at ¶ 5.  The Court's Case Management Order directs that "[a]ll parties . . . must be present in person and legally and functionally prepared to discuss settlement of the case." *Id.*  While a director of Al Otro Lado, Inc. will be present at the ENE Conference, pursuant to Chamber Rule 3(A), Plaintiffs respectfully request that the Court release Plaintiffs Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Roberto Doe, Maria Doe, Juan Doe, Úrsula Doe, Victoria Doe, Bianca Doe, Emiliana Doe, and César Doe from this obligation.  Roberto Doe and Beatrice Doe are both living outside of the United States due to the Government's Turnback Policy.  Unless the Government facilitates their entry into the United States, it will be impossible for Plaintiffs' counsel to guarantee their attendance at the ENE Conference. The remaining individual plaintiffs live in Arkansas,

---

[6] As a courtesy to all counsel, on May 31, 2019, Plaintiffs asked the Government to stipulate that all future joint submissions would be exchanged during normal business hours.  Less than two hours later, the Government rejected the stipulation.

California,[7] Florida, Louisiana, New Jersey, Oregon, and Texas.  These Plaintiffs are indigent and travelling to the courthouse would be a considerable hardship for them. Plaintiffs' counsel will have full settlement authority on behalf of these Plaintiffs.

**F.    RESPONSE TO THE GOVERNMENT'S BRIEF STATEMENT**

Below, the Government makes several statements regarding the status of the case that lack important context.

1.    The Government notes that it produced organization charts on May 14, 2019, but fails to explain that it initially attempted to withhold organizational charts related to ports of entry along the U.S.-Mexico border other than the San Ysidro, Otay Mesa, Hidalgo, and Laredo ports of entry.  It was only after Plaintiffs served the Government with their portion of a joint motion seeking to compel the production of organizational charts for all ports of entry that the Government relented and produced the documents.

2.    The Government claims that the parties have "substantially agreed" on the terms of an ESI Order and Protective Order. This is not accurate.  Important disputes remain with respect to both proposed orders.  With respect to the ESI Order, the Government has refused to produce emails and attachments as a "family," which even the Government acknowledges is the standard practice in modern litigation. With respect to the Protective Order, the Government is still seeking a one-way Protective Order—it wants Plaintiffs to be prohibited from sharing information produced subject to the Protective Order, but the Government wants to freely share the information subject to the Protective Order with other executive branch agencies.

3.    The Government implies that Plaintiffs revisions to the Government's search terms may be onerous because Plaintiffs' counter-proposal contains "226 separate search terms."  But the Government ignores the fact that these revisions were

---

[7] The named Plaintiffs that currently live in California reside in Clearlake, Los Angeles, and Reseda, none of which is within a 2-hour drive of the Courthouse.

1   necessary because the Government's own hit reports show that 13 of the Govern-
2   ment's proposed search strings identified less than 25 documents for review.

3       4.    The Government claims that it is working on a response to Plaintiffs'
4   draft Stipulation of Fact and Law. However, Plaintiffs provided the Government
5   with a draft of this stipulation on March 15, 2019 and the Government has not pro-
6   vided a substantive response to the draft for 77 days.

7       5.    Under the guise of raising "concerns" about the scope of discovery, the
8   Government repeats its arguments from the Joint Motion concerning Plaintiffs' First
9   and Second Sets of Requests for Production.  The parties have already briefed these
10  issues and the Plaintiffs will not repeat them here.  *See* Dkt. No. 263.  As to the
11  Government's argument that it will take a "substantial time to complete" its docu-
12  ment review, the length of the Government's document review is entirely within the
13  control of the Government.  For example, a team of 20 document reviewers review-
14  ing on average 60 documents per hour could complete the Government's review of
15  253,565 documents in 27 days—substantially before the rolling deadlines that Plain-
16  tiffs propose above.  In addition, Plaintiffs are prepared to meet and confer with the
17  Government regarding additional ways to reduce the purported burden of the Gov-
18  ernment's search for responsive materials.  The Government also has other means at
19  its disposal to expedite the review of documents, such as making particular sets of
20  materials available for inspection, using technology-assisted review tools, threading
21  emails prior to review, and identifying and excluding categories of duplicative and
22  non-responsive emails from the review population.  Plaintiffs have been, and remain,
23  willing to meet and confer with the Government about these potential solutions to
24  the Government's asserted burden issues.

25                                  * * *

26      Plaintiffs have aggressively sought discovery on matters related to class cer-
27  tification and the merits of this action.   To date, the Government has produced only
28  a trickle of documents in response to these discovery requests.  Deadlines related to

JOINT STATUS CONFERENCE STATEMENT
Case No. 3:17-cv-02366-BAS-KSC

class certification will soon be looming in this case. Discovery needs to get moving. Despite Plaintiffs' best efforts to reach compromises with the Government to move discovery forward, the Government has refused to produce large categories of documents, asserted that document review will take a considerable amount of time, and stated that it will not produce any documents until the Court enters a Protective Order and ESI Order. Therefore, Plaintiffs respectfully request that this Court grant the pending joint motions in their favor and set schedule for rolling documents productions in this case.

## II.   DEFENDANTS' STATEMENT[8]

### A. Organizational Charts

Following the March 22, 2019 Case Management Conference, Defendants produced organizational charts for ports of entry along the U.S.-Mexico border to Plaintiffs from April 18–23, 2019, subject to an Attorneys' Eyes Only confidentiality designation, in accordance with the Order. Defendants produced additional organizational charts to Plaintiffs on May 14, 2019, subject to the same confidentiality designation. Defendants represent that they do not believe there are any additional responsive organizational charts, but will supplement their production if additional responsive organizational charts are located.

### B. Protective Order and Electronically Stored Information ("ESI") Protocol

The parties have substantially agreed to the terms of a Protective Order and an ESI Protocol. The parties filed a Joint Motion for Determination of Discovery

---

[8] On May 30, 2019, Defendants' counsel sent Plaintiffs' counsel a draft of the following neutral statement as a proposed joint recital of the status of discovery in this case. Plaintiffs opted instead to provide their own status report as set forth above, and returned it to Defendants on May 31, 2019, at 1:32 PM (ET), the day of this filing. With respect to joint filings generally, and contrary to Plaintiffs' assertion, *see supra* at n.6, Defendants have made clear that they "are always happy to consider a request from Plaintiffs that joint motions be exchanged by a specific time in the context of each joint motion."

JOINT STATUS CONFERENCE STATEMENT
Case No. 3:17-cv-02366-BAS-KSC

Dispute relating to the disputed terms of the Protective Order and the ESI Protocol on April 12, 2019. *See* ECF No. 251. That Joint Motion is currently pending before the Court.

### C. Plaintiffs' Document Requests

Plaintiffs initially served their First Set of Requests for Production ("RFPs") (Nos. 1–25) to each Defendant in August 2017. Plaintiffs served their Second Set of RFPs to All Defendants (Nos. 26–109) to Defendants on February 19, 2019. By agreement of the parties, Defendants served their first amended and supplemented objections and responses to Plaintiffs' First Set of RFPs (Nos. 1–25) on April 9, 2019, at 10:04 PM (Pacific). Defendants served their objections and responses to Plaintiffs' Second Set of RFPs (Nos. 26–109) on April 9, 2019, at 8:51 PM (Pacific).

Defendants served Plaintiffs with a list of proposed custodial and non-custodial sources on April 23, 2019. The parties met and conferred about Defendants' RFP responses and about Defendants' proposed list of custodial and non-custodial sources on April 30, 3019. Defendants provided Plaintiffs with a supplemented list of custodians and non-custodial sources on May 6, 2019.

Defendants served amended and supplemented objections and responses to both sets of RFPs on May 9, 2019.

Defendants served Plaintiffs with a proposed list of 176 separate search terms on May 21, 2019. On May 24, 2019, Defendants served Plaintiffs with two search term reports showing the application of those 176 proposed search terms to the emails of six of Defendants' proposed custodians. On May 29, 2019, Plaintiffs served Defendants with a counter-proposal of 226 separate search terms. The parties intend to meet and confer on the proposed search terms on June 6, 2019.

The parties filed a Joint Motion for Determination of Discovery Dispute relating to Plaintiffs' RFPs on May 24, 2019. *See* ECF No. 263. That Joint Motion is

currently pending before the Court.[9]

Plaintiffs served their Third Set of RFPs to All Defendants (Nos. 110–152) on May 22, 2019.

## D. Plaintiffs' Interrogatories and Requests for Admission

Plaintiffs served their First Set of Interrogatories to All Defendants (Nos. 1–4) on March 29, 2019. Defendants served objections and responses to those Interrogatories on April 29, 2019. The parties met and conferred about Defendants' Interrogatory responses on May 13, 2019. Defendants anticipate that they will be able to provide Plaintiffs with amended and/or supplemented objections to Plaintiffs' First Set of Interrogatories within the next week, but do not anticipate substantially amending or supplementing their responses.

Plaintiffs served their First Set of Requests for Admission ("RFAs") to All Defendants (Nos. 1–4) on May 22, 2019.

Plaintiffs served their Second Set of Interrogatories to All Defendants (Nos. 5–16) on May 22, 2019.

## E. Defendants' Discovery Requests

Defendants served their First Set of Requests for Production to Plaintiff Al Otro Lado, Inc. (Nos. 1–65) on April 24, 2019. Plaintiff Al Otro Lado responded to those Requests on May 24, 2019. Defendants represent that they are currently reviewing Plaintiff Al Otro Lado's objections and responses.[10]

---

[9] Plaintiffs served Defendants with their portion of a Joint Motion for Determination of Discovery Dispute on May 29, 2019, seeking to strike the declarations of Elaine Dismuke and Randy Howe (ECF No. 263-8 and 263-9, respectively). Defendants anticipate providing Plaintiffs with their portion of that Joint Motion on June 7, 2019.

[10] On May 31, 2019, at 1:48 PM (ET), the date of this filing, undersigned counsel received an email from Plaintiffs containing Plaintiffs' proposed search terms and custodians. Defendants are still evaluating those search terms and custodians, but have proposed that the parties meet and confer concerning Plaintiffs' proposal on June 11, 2019.

JOINT STATUS CONFERENCE STATEMENT
Case No. 3:17-cv-02366-BAS-KSC

**F. Potential Joint Stipulations of Law and Fact**

Plaintiffs served Defendants with a proposed set of Joint Stipulations of Fact and Law on March 15, 2019. Defendants represent that they are actively reviewing those proposed stipulations and developing their own proposed stipulations.

## DEFENDANTS' BRIEF STATEMENT

As set forth in their portion of the Joint Motion for Determination of Discovery Dispute (ECF No. 263), Defendants remain concerned that the scope of the discovery Plaintiffs seek in this case is unduly burdensome and grossly out of proportion to the needs of this case. This is particularly so given that the scope of relevant discovery may still be narrowed after a ruling on Defendants' pending Motion to Dismiss (ECF No. 192). Even the document discovery Defendants had agreed to provide in response to the Plaintiffs' First and Second Sets of RFPs will take substantial time to complete, given the general and specific burdens involved in collection, review, and production. Defendants' proposed search terms applied to just the emails of just six custodians resulted in 253,565 separate items for review. Joint Motion, ECF No. 263, at 43. Further, the factual stipulations proposed by Plaintiffs appear unlikely to reduce the scope of discovery in any meaningful way, and Plaintiffs have continued to propound overly broad and unduly burdensome document requests instead of diligently and efficiently prioritizing RFPs necessary for a motion for class certification. *See* ECF No. 196 at 2.

Defendants are committed to continuing to try to work with Plaintiffs to develop ways to reduce the burden of discovery in this matter as well as to prioritize certain discovery. Plaintiffs, meanwhile, continue their concededly aggressive push to both broaden and expedite discovery from Defendants. In their statement above, Plaintiffs, for the first time, request that Defendants complete *all* document production in response to 109 Requests for Production by impossibly soon dates. In fact, the rolling production dates that Plaintiffs now propose are just as aggressive as those they initially proposed at the parties' Rule 26(f) conference, where Defendants

told Plaintiffs that such a schedule simply was not feasible considering the number and scope of Plaintiffs' document requests. *See* ECF No. 239 at 11–14, 22–29. Plaintiffs' proposed schedule above does not make sense, particularly considering that there are discovery disputes pending before the Court that will affect the scope of collection and review, that Plaintiffs have proposed significantly increasing the volume of documents to be reviewed, and that the parties are still negotiating search terms in accordance with the agreed-upon terms of the ESI Protocol. Plaintiffs are well aware and have agreed that those search terms will be used to collect documents from many of Defendants' custodial sources, and that collection and processing must occur before responsiveness and privilege review of those documents can begin. Moreover, Defendants also await the entry of a confidentiality protective order that would obviate the need for certain types of redactions before producing documents.[11] Defendants thus anticipate that they may have difficulty producing discovery in sufficient time to be useful for the currently-scheduled Early Neutral Evaluation or class certification briefing.

//

//

---

[11] Producing documents before the entry of a confidentiality protective order will mean that many documents would have to be reproduced after the entry of such an order, when Defendants can remove certain redactions related to privacy and law enforcement concerns, resulting in duplicative efforts and cost.

JOINT STATUS CONFERENCE STATEMENT
Case No. 3:17-cv-02366-BAS-KSC

Respectfully submitted,

| | |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division | MAYER BROWN LLP<br>  Matthew H. Marmolejo<br>  Ori Lev<br>  Stephen S. Medlock |
| WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>District Court Section | SOUTHERN POVERTY LAW<br>CENTER<br>  Melissa Crow<br>  Mary Bauer<br>  Sarah Rich<br>  Rebecca Cassler |
| GISELA A. WESTWATER<br>Assistant Director | |
| KATHERINE J. SHINNERS<br>Senior Litigation Counsel | CENTER FOR CONSTITUTIONAL<br>RIGHTS<br>  Baher Azmy<br>  Ghita Schwarz<br>  Angelo Guisado |
| */s/ Alexander J. Halaska*<br>SAIRAH G. SAEED<br>ALEXANDER J. HALASKA<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 307-8704<br>Fax: (202) 305-7000<br>alexander.j.halaska@usdoj.gov | AMERICAN IMMIGRATION<br>COUNCIL<br>  Karolina Walters<br><br>*/s/ Matthew H. Marmolejo*<br><br>*Counsel for Plaintiffs* |

*Counsel for Defendants*

DATED: May 31, 2019

1

## **CERTIFICATE OF SERVICE**

2

Case No. 3:17-cv-02366-BAS-KSC

3

    I certify that on May 31, 2019, I served a copy of the foregoing Joint Status

4

Conference Statement on the Court and all parties of record by filing this document

5

with the Clerk of the Court through the CM/ECF system, which will provide elec-

6

tronic notice and an electronic link to this document to all attorneys of record.

7

8

          */s/Alexander J. Halaska*

9

          ALEXANDER J. HALASKA
          Counsel for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*732593199*

15