1  MAYER BROWN LLP
   Matthew H. Marmolejo (CA Bar No. 242964)
2    *mmarmolejo@mayerbrown.com*
  350 S. Grand Avenue
3  25th Floor
  Los Angeles, CA 90071-1503
4    Ori Lev (DC Bar No. 452565)
   *olev@mayerbrown.com*
5    (admitted *pro hac vice*)
  Stephen M. Medlock (VA Bar No. 78819)
6    *smedlock@mayerbrown.com*
  (admitted *pro hac vice*)
7  1999 K Street, N.W.
  Washington, D.C. 20006
8  Telephone:  +1.202.263.3000
  Facsimile:   +1.202.263.3300
9
  SOUTHERN POVERTY LAW CENTER
10    Melissa Crow (DC Bar No. 453487)
   *melissa.crow@splcenter.org*
11    (admitted *pro hac vice*)
  1701 17th Street, N.W., Suite 705
12  Washington, DC 20036
  Telephone:  +1.202.355.4471
13  Facsimile:   +1.404.221.5857

14  *Additional counsel listed on next page*
  *Attorneys for Plaintiffs*
15

16        **UNITED STATES DISTRICT COURT**

17      **SOUTHERN DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
|      Plaintiffs, | Hon. Karen S. Crawford |
| | [DISCOVERY MATTER] |
|   v. | **DECLARATION OF ORI LEV IN SUPPORT OF JOINT MOTION TO STRIKE EXHIBITS 5 AND 6 TO DECLARATION OF GISELA WESTWATER (DKT. NOS. 236-8 & 236-9) AND RELATED ARGUMENT** |
| Kevin K. McAleenan,[1] *et al.*, | |
|      Defendants. | |

---

[1]  Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740)
  *bazmy@ccrjustice.org*
  (admitted *pro hac vice*)
  Ghita Schwarz (NY Bar No. 3030087)
  *gschwarz@ccrjustice.org*
  (admitted *pro hac vice*)
  Angelo Guisado (NY Bar No. 5182688)
  *aguisado@ccrjustice.org*
  (admitted *pro hac vice*)
666 Broadway, 7th Floor
New York, NY 10012
Telephone:  +1.212.614.6464
Facsimile:  +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388)
  *mary.bauer@splcenter.org*
  (admitted *pro hac vice*)
1000 Preston Avenue
Charlottesville, VA  22903
  Sarah Rich (GA Bar No. 281985)
  *sarah.rich@splcenter.org*
  (admitted *pro hac vice*)
  Rebecca Cassler (MN Bar No. 0398309)
  *rebecca.cassler@splcenter.org*
  (admitted *pro hac vice*)
150 East Ponce de Leon Avenue
Suite 340
Decatur, GA  30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113)
  *kwalters@immcouncil.org*
  (admitted *pro hac vice*)
1331 G Street, NW, Suite 200
Washington, DC 20005
Telephone:  +1.202.507.7523
Facsimile:  +1.202.742.5619

I, Ori Lev, state the following under penalty of perjury:

1.    I am a partner at the law firm Mayer Brown LLP, a member of the District of Columbia bar, admitted *pro hac vice* to this Court for this action, and counsel to Plaintiffs in this action.

2.    I make this declaration in support of the Joint Motion to Strike Exhibits 5 and 6 to the Declaration of Gisela Westwater (Dkt. Nos. 236-8 & 236-9) and Related Argument.

3.    On April 9 and 10, 2019, the Government served its responses and objections to Plaintiffs' First and Second Sets of Requests for Production.  In its discovery responses, the Government objected to providing discovery from all of the ports of entry along the U.S.-Mexico border and attempted to limit discovery to four ports of entry located in California and Texas—namely, San Ysidro, Otay Mesa, Hidalgo, and Laredo.  The Government argued that "[a]ny discovery from other ports of entry along the U.S.-Mexico border would be duplicative and unduly burdensome."  Despite this general statement, the Government's objections did not provide a factual basis for why it would be burdensome or costly to collect, search, review, and produce documents from all ports of entry along the U.S.-Mexico border.  The Government subsequently amended its responses and objections to Plaintiffs' First and Second Sets of Requests for Production, but did not provide any further factual support for its undue burden objection in these amended responses and objections.

4.    After receiving the Government's objection and responses to Plaintiffs' First and Second Sets of Requests for Production, the parties agreed to meet and confer about them on April 30, 2019.  In advance of this discovery conference, Plaintiffs sent the Government a letter challenging the factual basis for the Government's objection that producing class-wide document discovery would be unduly burdensome.  This letter stated, in part: "The parties have not yet completed their negotiations regarding the scope of discovery, custodians, non-

1

custodial sources, and search terms. Therefore, it is entirely premature and inappropriate for the Government to assume that providing class-wide discovery would be unduly burdensome. ***If the Government has a basis for its position that regardless of the custodians, non-custodial sources, and search terms that the parties negotiate it will be unduly burdensome to provide Plaintiffs with class-wide discovery, please explain it to us during our conference on April 30, 2019.***"

5.      On April 30, 2019, the parties met and conferred by telephone for approximately two hours regarding Defendants' Responses and Objections to Plaintiffs' First and Second Sets of Requests for Production. During this meet and confer, the Government referred to technological limitations that would make it difficult for the parties to prioritize discovery based on search terms. However, during the telephone conference, the Government never explained the factual basis for its objection that it would be unduly burdensome to produce discovery on a class-wide basis.

6.      Thereafter, the parties exchanged additional correspondence in an effort to further resolve the remaining disputes concerning the Defendants' Responses and Objections to Plaintiffs' First and Second Sets of Requests for Production. For example, on April 30, 2019, Plaintiffs sent the Government an email summarizing the discussions at the parties' telephonic meet-and-confer. In this email, Plaintiffs noted that the parties were at an impasse on whether the Government would provide class-wide discovery. The email contains no discussion of the factual basis for the Government's undue burden objection. This email stated, in part: "If I have mischaracterized any of our discussions, please let me know." The Government never responded to this email stating that Plaintiffs had mischaracterized the April 30, 2019 discovery conference.

7.      At 7:52pm ET on May 24, 2019, the deadline for filing the parties' now-pending Joint Motion concerning Plaintiffs' First and Second Sets of

2

Requests for Production (*see* Dkt. No. 263),[2] the Government sent Plaintiffs an email that disclosed for the first time the existence of the Declarations of Elaine Dismuke (Dkt. No. 263-8) and Randy Howe (Dkt. No. 263-9).

8.    Prior to May 24, 2019, the Government never provided Plaintiffs with any factual basis for its undue burden objection.  For example, the Government never disclosed the following facts to Plaintiffs during the April 30, 2019 telephone conference or in any correspondence sent to Plaintiffs prior to May 24, 2019:

- CBP's emails are archived by a third-party contractor on a series of "journal" servers.
- CBP is in the process of migrating from "journal" email servers to Office 365 email servers.
- CBP uses Discovery Accelerator to run search terms on CBP's email servers.
- CBP's primary tool for applying search terms, Discovery Accelerator, does not support the use of proximity-based keyword searches.
- CBP is currently running 12 weeks—i.e., 3 months—behind in applying search terms for litigation and FOIA matters.  This means that, even if the parties resolved all of their discovery disputes on June 7, 2019, the Government would not be able to produce documents until at least August 30, 2019.  Therefore, despite the fact that Plaintiffs delivered their First and Second Sets of Requests for Production in February 2019, the Government will not be able to produce a single email from its agreed-upon

---

[2] May 24, 2019 was the deadline for filing the Joint Motion by operation of Chambers Rule V(A), which requires that "discovery motions shall be filed no later than 45 days after the event giving rise to the dispute."

3

1    custodians until after the August 5, 2019 Early Neutral Evaluation
2    conference, after the August 16, 2019 deadline for Plaintiffs'
3    disclosure of its class certification expert, and two weeks prior to
4    the deadline for the submission of Plaintiffs' expert reports
5    concerning class certification.

6    • The mere act of searching for relevant discovery would distract
7    CBP employees from their jobs.

8    9.    On May 28, 2019, the parties met and conferred about this joint
9    motion via telephone.  On the call were counsel from Washington, D.C. and New
10   York.  The parties were unable to resolve this dispute.  During the telephone
11   conference, the Government suggested that it had complied with the Court's Local
12   Civil Rules and Chambers Rules by providing Plaintiffs with written
13   correspondence explaining the factual basis for its undue burden objection and that
14   the factual basis for the objection should have been clear from the text of the
15   Government's discovery responses. The Government also claimed that Plaintiffs
16   should have filed a motion to extend the deadline for filing the Joint Motion
17   concerning Plaintiffs' First and Second Sets of Requests for Production.  Finally,
18   the Government asserted that it had provided some information on the
19   technological limitations of its e-discovery tools during a telephone conference
20   concerning the ESI Protocol in this case.

21   10.    During prior telephone conferences concerning the ESI Protocol in
22   this case, the Government referred generally to the fact that its e-discovery tools
23   had unspecified limitations.  Prior to providing Plaintiffs with the Dismuke and
24   Howe declarations on May 24, 2019, the Government never provided any factual
25   information substantiating these statements, such as (a) the identity of the e-
26   discovery tools that the Government was using the collect emails, (b) the type of
27   email servers that the Government's email was stored on, (c) the limitations on the
28   search strings that can be used in the Government's e-discovery tools, and (d) the

4

1   amount of available server space for hosting and searching emails using the

2   Government's e-discovery tools.

3        I declare under penalty of perjury under the laws of the United States that

4   the foregoing is true and correct.  This declaration is executed on May 29, 2019 in

5   Washington, D.C.

6                                    By: */s/ Ori Lev*

7                                         Ori Lev

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5