MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1701 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiff Al Otro Lado, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kevin K. McAleenan,[1] *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br> Hon. Cynthia A. Bashant <br><br> **PLAINTIFFS' UNOPPOSED MOTION TO ALLOW REMOTE ELECTRONIC ACCESS TO THE DOCKET** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy  (NY Bar No. 2860740)
  (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz  (NY Bar No. 3030087)
  (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688)
  (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388)
  (*pro hac vice*)
  *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
  Sarah Rich (GA Bar No. 281985)
  (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309)
  (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113)
  (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

This case—a suit for declaratory and injunctive relief related to the U.S. Government's policy and practice of restricting access to the asylum process—has been classified in the court's CM/ECF program as an "Immigration Action." Accordingly, the Federal Rules impose certain restrictions on remote access to the docket by members of the public. Fed. R. Civ. P. 5.2(c) (providing that restrictions to remote electronic access in immigration matters apply "[u]nless the court orders otherwise"); *see also* Advisory Committee Notes to Fed. R. Civ. P. 5.2(c) (explaining the limitation on remote electronic access by non-parties in immigration matters stems from "the prevalence of sensitive information and the volume of filings"). In light of the presumption of public access to judicial records, the public interest in this matter, and the protections afforded to Plaintiffs' privacy by the forthcoming Protective Order, Plaintiffs request that the Court unseal the docket to allow for remote electronic access by members of the public.

The "common law right of access to inspect various judicial documents is well settled in the law of the Supreme Court and this circuit." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). *See also Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon,* 920 F.2d 1462, 1465 (9th Cir. 1990) ("Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents."). This case in particular concerns issues of great public interest and has attracted attention from local and national press.[2]

---

[2] *See, e.g.,* Molly Hennessy-Fiske, *Asylum Seekers Turned Away From Border Bridges Ahead of Caravan,* Los Angeles Times (Oct. 31, 2018), https://www.latimes.com/nation/la-na-border-immigrants-asylum-20181031-story.html; Rafael Carranza, *U.S., Mexico Officials Working Together to Turn Away Asylum Seekers, Lawsuit Alleges*, Arizona Republic (Oct. 17, 2018), https://www.azcentral.com/story/news/politics/border-issues/2018/10/17/turnback-policy-working-hand-hand-their-mexican-counterparts-deter-migrants-seeking-asylum-united/1654204002/; Kate Smith, *The Country's Busiest Border Crossing Will Allow 20 People to Claim Asylum A Day. They Used to Take Up to 100*, CBS News (Jan. 25, 2019), https://www.cbsnews.com/news/tijuana-port-of-entry-san-ysidro-allows-20-immigrants-claim-asylum-immigration-advocates-2019-01-25/.

Courts in similar contexts have also recognized "the heightened importance of making court files accessible where the government is a party." *Jimenez v. Nielsen*, 2018 U.S. Dist. LEXIS 19781, at *2 (D. Mass. 2018) (authorizing "remote electronic access to the full record of [the] case" in immigration action brought against DHS and other government entities); *see also* Order, *East Bay Sanctuary Covenant v. Trump,* Case No. 18-cv-6810, Dkt. 21 (Nov. 15, 2018) (ordering that "the limitations on nonparty access to court filings set forth in Rule 5.2(c) of the Federal Rules of Civil Procedure shall not apply to this action."). Granting members of the public and the press full access to the docket in this case ensures that these issues of national importance are litigated in an open and public manner.

Finally, any concerns about the disclosure of sensitive or personal information about the individual Plaintiffs or Government employees can be adequately addressed through the procedures set forth in the parties' proposed Protective Order. *See* Dkt. 251.

For these reasons, we ask the Court to remove the limitations on non-party access to court filings set forth in Fed. R. Civ. P. 5.2(c) and authorize members of the public to have remote electronic access to the full record of this case. The Government does not oppose this motion.

Dated:  June 27, 2019

MAYER BROWN LLP
　Ori Lev
　Matthew H. Marmolejo
　Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
　Melissa Crow
　Mary Bauer
　Sarah Rich
　Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
　Baher Azmy
　Ghita Schwarz

Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters


By /s/ *Matthew H. Marmolejo*
   *Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH MEET-AND-CONFER REQUIREMENT

I certify that on May 28, 2019 the counsel for the parties meet and conferred via telephone to discuss Plaintiffs' Motion to Allow Remote Electronic Access to the Docket. This conference occurred via telephone because counsel were located in New York, the District of Columbia, and Georgia. On June 3, 2019, counsel for Defendants informed Plaintiffs via email that Defendants do not oppose this motion.

Dated:  June 27, 2019                                         MAYER BROWN LLP

By  */s/ Matthew H. Marmolejo*
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: June 27, 2019                            MAYER BROWN LLP


                                                By */s/ Matthew H. Marmolejo*

                                                *Attorney for Plaintiffs*