# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kevin McAleenan, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br><br> **PROTECTIVE ORDER** |

## I. PREAMBLE

### A. PURPOSES AND LIMITATIONS

This Protective Order is entered into between and among: Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Maria Doe, Roberto Doe, Juan Doe, Ursula Doe, Victoria Doe, Bianca Doe, Emiliana Doe and Cesar Doe (collectively, "Plaintiffs"), by and through their counsel, Mayer Brown LLP, Southern Poverty Law Center, American Immigration Council, and Center for Constitutional Rights, and Defendants Kevin K. McAleenan and Todd C. Owen (collectively, "Defendants"), by and through their counsel at the Office of Immigration Litigation at the U.S. Department of Justice, with respect to the litigation referenced herein (each of Plaintiffs and Defendants is referred to herein as a "Party," and collectively they are referred to as the "Parties").

### B. GOOD CAUSE STATEMENT

The Parties agree that good cause exists to grant this Protective Order because the Parties will be required to produce and to use documents, and to give testimony, during the course of the Action captioned above that contain sensitive and confidential information.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information that the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

## II. DEFINITIONS

**A.** Action: *Al Otro Lado, Inc. et al. v. Kevin McAleenan, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, et al.*, Case No. 17-cv-02366-BAS-KSC (S.D. Cal.).

  **B.** Agency Counsel:  attorneys who are employees of an agency that a Defendant to this Action leads.  Agency Counsel does not include Counsel of Record or any other outside counsel.

  **C.** Challenging Party:  a Party that challenges the designation of information or items under this Order.

  **D.** CONFIDENTIAL Information or Items:  a Protected Information designation that applies to Protected Information that does not qualify for CONFIDENTIAL – ATTORNEYS EYES ONLY designation.

  **E.** CONFIDENTIAL – ATTORNEYS EYES ONLY Information or Items:  a Protected Information designation that may be used only for sensitive law enforcement information, the disclosure of which to non-qualified people the Producing Party reasonably and in good faith believes would likely jeopardize the safety of law enforcement officers or the public or threaten law enforcement operations.

  **F.** Counsel:  Counsel of Record and Agency Counsel (as well as their support staff) and specifically excluding all Parties.

  **G.** Counsel of Record:  attorneys who are not employees of a Party to this Action but represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are employed by the organization or law firms who represent that Party, and includes support staff.

  **H.** Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY."

  **I.** Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

  **J.** Expert:  a person with specialized knowledge or experience in a

matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    **K.**   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    **L.**   <u>Party</u>:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

    **M.**   <u>Producing Party</u>:  a Party or Non-Party that produces Discovery Material in this Action.

    **N.**   <u>Protected Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), such as:

        1.   information, documents, or tangible things, which may include, among other things, records of the U.S. Department of Homeland Security, including but not limited to documents of U.S. Customs and Border Protection, regarding law enforcement activities and operations, internal policies, processes, and procedures; training materials; and internal investigations, which contain information that is sensitive and confidential, including law enforcement sensitive, for instance, information which could be protected from disclosure under the FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E), or other applicable law;

        2.   information, documents, or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;

        3.   identifying or other personal information regarding any Plaintiff or third party that would be protected or restricted from disclosure by statute or regulation, but disclosure of which may be authorized by an order of this Court;

       4.    all documents or tangible things protected from disclosure by Fed. R. Civ. P. 26(c)(1)(G); and

       5.    all other protected documents, information, or tangible things not identified above which the Parties agree in writing or which the Court orders as qualifying for protection under Federal Rule of Civil Procedure 26(c).

    **O.**    <u>Protected Material</u>:  any Disclosure or Discovery Material from a Producing Party that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," including, without limitation, documents and information produced in response to discovery requests (including third-party subpoenas) and testimony given in deposition or at a hearing (including summaries and compilations thereof), regardless of whether the Disclosure or Discovery Material was produced before the issuance of this Stipulation and Order.

    **P.**    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.  SCOPE

The protections and procedures conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

## IV.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  The Parties and any other person(s) or entity subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

//

## V. DESIGNATING PROTECTED MATERIAL

### A. Exercise of Restraint and Care in Designating Material for Protection.

Documents, things, or information do not qualify for designation as Protected Material if they: (a) have been publicly disclosed by either Party; (b) have been independently obtained by the Receiving Party through lawful means, and are not subject to separate confidentiality orders or obligations; or (c) the Parties agree or the Court rules that the documents, things, or information have become public knowledge other than as a result of disclosure by the Receiving Party.  If the Producing Party challenges the Receiving Party's invocation of this provision, then the Receiving Party shall provide written documentation showing the material falls within the categories of non-Protected Information referenced in this provision.  This paragraph does not purport to waive or in any other way limit any protection that exists under law.

### B. Manner and Timing of Designations. 

Designation in conformity with this Order requires:

1. *for information in documentary form* (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the term "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" (hereinafter "Protected legend") to each page that contains protected material; designate the document or portion thereof as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by subsequent written notice; or designate as "CONFIDENTIAL" " or "CONFIDENTIAL –ATTORNEYS EYES ONLY" the document or portion thereof by written notice identifying the Bates number of the affected document(s).

2. *for any deposition or examination testimony*, when a line of questioning is likely to result in the disclosure of Protected Information, that the deponent or examinee, or any Party or their counsel, must either:

    a. state on the record that the question and answer are subject to this Protective Order, whereupon that portion of the transcript so designated shall be separately bound and marked with the appropriate Protected legend;

    b. prior to the conclusion of the deposition, designate the entirety of the deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" with the right to identify more specific portions of the deposition as to which protection is sought within thirty (30) days following the receipt of the official deposition transcript; or

    c. by letter from Counsel of Record within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Protected Information.

  The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Protected Material under this Protective Order until 30 days after the receipt of the transcript by both parties. The 30-day period will begin to run when the last transcript copy is received. In circumstances where portions of the deposition are designated for protection, the transcript pages containing Protected Material may be separately bound by the court reporter, who must affix to the top of each page the Protected legend as instructed by the Designating Party.

  During the deposition, the Producing Party will have the right to exclude from attendance at the deposition, during such time as the Protected Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) otherwise agreed upon.

    3. <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is

stored the appropriate Protected legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**C.  Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items as Protected Material does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.  ACCESS TO AND USE OF PROTECTED MATERIALS

**A.  Basic Principles.** Nothing in this Protective Order shall prohibit the Defendants or their legal counsel from using or disclosing materials or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as Defendants or their legal counsel would otherwise be authorized to do by law absent entry of the Protective Order. Notwithstanding the foregoing sentence, Plaintiffs may request, in writing to counsel for Defendants that specific "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information designated and being disclosed by Plaintiff not be disclosed to persons other than those described in Section VI.C of this Protective Order. Plaintiffs shall make such written request at the time that they serve a written response to a request for written discovery to which Protected Material is responsive or at the time that Plaintiff produces documents or electronically-stored information that includes Protected Material. If the specific Protected Material is disclosed during a deposition, Plaintiffs shall make the request orally at the time of the disclosure and submit a written request (described in the second sentence of this paragraph) before the end of the business day after the court reporter issues the final transcript of the deposition. In the event that Defendants reject Plaintiffs' request, Defendants shall so advise Plaintiffs'

counsel in writing within five (5) business days of Plaintiffs' request.  Plaintiffs shall request that the parties meet and confer within three (3) business days of receiving Defendants' written notice rejecting Plaintiffs' request.  If, after engaging in a thorough and substantive effort to meet and confer, the parties cannot resolve their dispute, Plaintiffs shall serve Defendants within five (5) business days or at another agreed-upon time with their portion of a Joint Motion for Determination of Discovery Dispute for an order prohibiting Defendants, notwithstanding the first sentence of this paragraph, from disclosing the specified Protected Material to persons other than those described in Section VI.C of this Protective Order.  Defendants shall serve Plaintiffs with their responsive portion of such Joint Motion for Determination of Discovery Dispute within five (5) business days of the date of service or at another agreed-upon time.  From the time Defendants receive a timely written or oral request as detailed in this paragraph, they shall not disclose the specified Protected Material to persons other than those described in Section VI.C of this Protective Order until the Court rules that they are permitted to do so, Plaintiffs fail to make a timely application to the Court for an order prohibiting disclosure as detailed in this paragraph, or Plaintiffs withdraw their request.

**B.     Meet And Confer.**  Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify the other Party(ies) in writing and meet and confer in good faith in an attempt to resolve their dispute(s).

**C.     Disclosure of Protected Material**.  Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Protected Material only as follows: (1) Protected Material designated as CONFIDENTIAL may be disclosed to the persons and entities identified below as well as the Named Parties and their officers, directors, and employees to whom disclosure is reasonably necessary to

assist with the prosecution or defense of this Action; (2) Protected Material designated as CONFIDENTIAL – ATTORNEYS EYES ONLY may be disclosed to the persons and entities identified below **but not** to the Named Parties and their officers, directors, and employees:

  1. The Parties' Counsel of Record and Agency Counsel who are actively engaged in the Action, including their associates, clerks, paralegals, in-house investigators, stenographic personnel, litigation support contractors and such other regular and temporary employees who assist counsel in connection with the Action, including employees of any firm retained to reproduce the Discovery Material for use in accordance with this Protective Order;

  2. Any court adjudicating this matter, including its judges, law clerks, judicial assistants, clerks, interpreters and stenographic personnel in connection with the Action, in accordance with the terms of this Protective Order;

  3. The individuals and entities described below, provided that, in advance of disclosure, each reads this Protective Order and agrees in writing to be bound by its terms in the form attached hereto as Exhibit A:

    a. Any designated arbitrator or mediator who is assigned to hear this matter;

    b. Any expert or consultant retained by Counsel or a Party to assist in the preparation of this case, or to testify at trial or any other proceeding in the Action;

    c. Actual and potential deposition or trial witnesses (including use in connection with the preparation of said witnesses); and

    d. Any other person or entity upon such terms and conditions as the Parties may agree or as the Court may hereafter order.

  4. Proof of each written agreement provided for under paragraph VI.C.3 shall be preserved by each of the Parties while the Action is pending and be turned over to the other Parties if ordered to do so by the Court.

### D. Filing Protected Material.

To the extent that a Party wishes to include any Protected Material, or any information derived from Protected Material, in any Court filing or other Court presentation in this Action, the Party shall (i) obtain the advance written consent of the Designating Party to the disclosure of such materials; (ii) obtain an order of the Court, after reasonable written notice and a reasonable opportunity for the Designating Party to be heard, permitting the disclosure of such materials; or (iii) apply to file, and then, if permission is granted by the Court, subsequently file the materials under seal pursuant to Local Rule 2.2 and the Court's Standing Order.

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j. and the chambers' rules, with respect to filing documents under seal.

### VII. CHALLENGING PROTECTED DESIGNATIONS

**A.   Timing of Challenges:** Any Party or Non-Party may challenge a designation as Protected at any time that is consistent with the Court's Scheduling Order and Section V of the Court's Chamber's Rules.

**B.   Meet and Confer:** The Challenging Party shall initiate the dispute resolution process by providing the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

The Parties shall then meet and confer in good faith within 5 business days of receipt of such notice in an attempt to resolve the dispute. Such meet-and-confer shall comply in all respects with Section V of the Court's Chamber's Rules.

**C.   Judicial Determination:** Following such consultation, if the Parties are unable to agree on whether the Discovery Material is appropriately designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS EYES ONLY,"

then either Party may initiate the joint motion procedures discussed in Section V of the Court's Chamber's Rules.

**D.** Until the Court rules on the challenged designation, all parties must continue to treat the Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," under the terms of this Order.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Protective Order, seeking production or other disclosure of such Protected Material, then that Party shall give electronic notice to the Designating Party that produced the Protected Material within five (5) business days after receipt of the subpoena or other compulsory process identifying the Protected Material sought and enclosing a copy of the subpoena or other compulsory process. If the Designating Party timely seeks a protective order, then the Party to which the subpoena or other compulsory process was issued or served shall not produce the Protected Material called for prior to receiving a court order or the consent of the Designating Party. In the event that such Protected Material is produced to the non-party, such material shall still be treated as Protected Material as appropriate by the Parties to this Protective Order.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**A.** The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order, and is subject to the conditions on disclosure provided in this Order.

**B.** In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information that is in the Party's possession,

and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party or other confidentiality limitations;

    2.    promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3.    make the information requested available for inspection by the Non-Party, if requested.

**D.**    If the Non-Party fails to authorize the Party to invoke a privilege on its behalf or fails to seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Party in possession of the Non-Party's confidential information may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party in possession of the Non-Party's confidential information shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**X.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

**A.**    If a Receiving Party learns that, by inadvertence or otherwise, it, or a person or entity to whom it has disclosed Protected Information in accordance with this Protective Order, has disclosed Protected Information to any person or entity or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

    1.    promptly notify the person(s) or entity to whom the unauthorized disclosure was made that the unauthorized disclosure contains

Protected Information subject to this Protective Order;

    2.    promptly make all reasonable efforts to obtain the return of the Protected Information and to prevent further unauthorized disclosure of the Protected Information, including requesting the person(s) or entity who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A;" and

    3.    within five (5) business days notify the Producing Party and all other Parties of the identity of the person(s) or entity to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Information was the subject of unauthorized disclosure.

## XI.   MISCELLANEOUS

### A.   Right to Further Relief.

Nothing stated herein shall preclude any Party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances, provided, however, that prior to such application, the Parties involved shall make a good faith effort to resolve the matter by agreement.

### B.   Right to Assert Other Objections.

Entering into, agreeing to, producing or receiving Protected Material, or otherwise complying with the terms of this Protective Order, shall not operate as or constitute an admission by any Party that any particular Protected Material contains or reflects information of a sensitive or personal nature or any other type of confidential matter, or prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Protected Material.

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony or other matter at any proceeding related to this Action. The designation of certain information as Protected Material

pursuant to this Protective Order shall not, for that reason alone, bar its introduction or use in the Action; provided, however, that every effort shall be made to preserve the confidentiality of the Protected Material.

Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this case, and the entry of this Protective Order shall not be construed as the waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

Nothing in this Protective Order shall limit or reduce the Parties' appellate rights arising from any order or judgment arising in connection with the Action.

Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material.

### C. Modification By The Court.

The Court may modify this Protective Order in the interests of justice or for public policy reasons.

## XII. FINAL DISPOSITION

Unless otherwise agreed in writing, within 90 days of the conclusion of the Action (defined as the exhaustion of all appeals by any Party to the Action), a Receiving Party must take reasonable steps to destroy or return Protected Material to the Designating Party Counsel may retain that counsel's work product materials and their file copies of all expert reports, papers filed with the Court, correspondence, transcripts, or deposition or trial exhibits. Any such work product materials or papers shall continue to be treated pursuant to the terms of this Protective Order. Attorneys for the United States may maintain copies of any Protected Material in their case file for this case, and may maintain copies of any

notes or summaries derived from such Protected Materials, subject to 44 U.S.C. § 3101, et seq., and 5 U.S.C. § 552, et seq.

Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

Dated: July 12, 2019

MAYER BROWN LLP
   Ori Lev
   Matthew H. Marmolejo
   Stephen M. Medlock

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Mary Bauer
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

By */s/ Matthew H. Marmolejo*

*Attorneys for Plaintiffs*

Dated: July 12, 2019

U.S. DEPARTMENT OF JUSTICE
Joseph H. Hunt
William C. Peachey
Gisela A. Westwater
Katherine M. Shinners
Sairah G. Saeed
Alexander J. Halaska

By */s/ Gisela A. Westwater*
    Gisela A. Westwater

*Attorneys for Defendants*

**IT IS SO ORDERED:**

\
Dated: July 18, 2019

Hon. Karen S. Crawford
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kevin McAleenan, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> Defendants. | Case No.: 17-cv-2366-BAS-KSC <br><br> **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

     I, _____, have read and understood the Protective Order entered in the case of *Al Otro Lado, Inc. et al. v. Kevin McAleenan, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, et al.*, Case No. 17-cv-2366-BAS(KSC), and agree to be bound by all of its terms, and further agree, without limitation, to be subject to the jurisdiction of the Court pursuant to Paragraph 15 of the Protective Order.

Dated: _____     _____
                                                    Signature