MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kevin K. McAleenan,[1] *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br> Hon. Karen S. Crawford <br><br> [DISCOVERY MATTER] <br><br> **DECLARATION OF STEPHEN M. MEDLOCK IN SUPPORT OF JOINT MOTION TO COMPEL TIMELY PRODUCTION OF DOCUMENTS** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy  (NY Bar No. 2860740)
  (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz  (NY Bar No. 3030087)
  (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688)
  (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388)
  (*pro hac vice*)
  *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
  Sarah Rich (GA Bar No. 281985)
  (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309)
  (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113)
  (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

I, Stephen M. Medlock, state the following under penalty of perjury:

1. I am a partner at the law firm Mayer Brown LLP, a member of the District of Columbia and Virginia bars, admitted *pro hac vice* to this Court for this action, and counsel to Plaintiffs in this action.

2. I make this declaration in support of the Joint Motion to Compel the Government's Timely Production of Documents.

3. Pursuant to Civil Local Rule 83.9, this declaration does not attach copies of the correspondence between the parties. Should the Court desire to review any of this correspondence, Plaintiffs are happy to provide it to the Court.

4. Plaintiffs delivered their First Set of Requests for Production to the Government pursuant to Fed. R. Civ. P. 26(d)(2) on August 9, 2017. Out of an abundance of caution, after this case was transferred to this Court, Plaintiffs re-delivered their First Set of Requests for Production on February 19, 2019.

5. On the same day, Plaintiffs delivered their Second Set of Requests for Production to the Government pursuant to Fed. R. Civ. P. 26(d)(2).

6. On April 9 and 10, 2019, the Government served its responses and objections to Plaintiffs' First and Second Sets of Requests for Production. However, those responses and objections did not state when the Government would produce documents responsive to these requests.

7. Since April 10, 2019, the parties have engaged in extensive negotiations concerning the scope of discovery, custodians, non-custodial sources, and search terms. As a result of these negotiations, the Government has agreed to produce documents from 14 custodians and 8 non-custodial sources using over 150 search terms.

8. The Court held a joint status conference concerning the progress of discovery in this case on June 7, 2019. During the joint status conference, the Government asserted, amongst other things, that its document production had been

1  delayed due to resource and technological constraints.  The Court stated that it did
2  not "buy" these arguments.

3        9.    On June 11, 2019, the Government emailed Plaintiffs, stating that the
4  Government would begin its document production on July 3, 2019 and make
5  rolling document productions every four weeks thereafter.  Plaintiffs responded by
6  noting that Rule 34(b)(2)(B) requires the Government to state the end date of its
7  document production.

8        10.    On June 11, 2019, the parties held a telephone conference to discuss,
9  amongst other things, the date by which the Government would complete its
10 document production.  This telephone conference was attended by counsel from
11 the District of Columbia, Georgia, and New York.  During that telephone
12 conference, the Government informed Plaintiffs that it did not anticipate
13 completing its document production until January 2020.  The Government
14 explained that it would take until January 2020 to complete its document
15 production because of the Government's asserted technological limitations,
16 resource constraints, and the burden associated with completing a privilege log.  In
17 response, Plaintiffs told the Government that the Government's proposed schedule
18 for producing documents was unacceptable, and the parties noted that they were at
19 an impasse on this issue.

20       11.    Because the Government did not provide a date certain for the
21 completion of its document production, Plaintiffs requested a second telephonic
22 meet and confer on July 3, 2019.  This telephone conference was attended by
23 counsel from the District of Columbia and New York.  In email correspondence
24 prior to that conference, the Government stated that its document review would be
25 completed on January 31, 2020.  During the parties' telephone conference,
26 Plaintiffs and the Government agreed that they were at an impasse concerning
27 whether the Government would complete its document production by October 1,
28

2

2019. On July 3, 2019, the Government began producing documents responsive to Plaintiffs' First and Second Sets of Requests for Production. The Government indicated that it would make further document productions on a rolling basis.

12. During the July 3, 2019 telephone conference, Plaintiffs stated that the Government could complete its privilege log 30 days after completing its document production (i.e., by November 1, 2019). Plaintiffs also explained that their proposal only applied to the parties' currently agreed-upon custodians, non-custodial sources, and search terms—if subsequent Court rulings affected the scope of discovery, the parties would meet and confer about additional document productions from the Government.

13. The parties also met and conferred by telephone on July 10, 2019. During this telephone conference, the Government reiterated its position that it cannot complete its production of documents until January 31, 2020. To justify this deadline for its document production, the Government stated, among other things, that it does not have enough resources for various litigation-related tasks and that the Government's document collection and processing itself is proceeding more slowly than expected. With respect to the Government's document collection, the Government explained that there are "many buckets" of documents that it has yet to collect and process, let alone review or produce. Specifically, the Government stated that as of July 10, it had collected and processed documents from only 6 of the 14 agreed-upon custodians for a limited time period. The Government also explained that it reserved the right to revise its proposed January 31, 2020, deadline for its document production at a later date. In a final attempt to avoid motion practice, Plaintiffs proposed that the Government could substantially produce all documents responsive to Plaintiffs' First and Second Sets of Requests for Production by October 1, 2019, except for the documents that the Government is reviewing further to determine whether they are, in whole or in part, privileged.

14. On July 12, 2019, the Court held a joint status conference concerning discovery in this case. During the status conference, Magistrate Judge Crawford asked the Government several questions regarding the amount of resources that the Government had dedicated to collecting, reviewing, and producing documents in this litigation.

15. On July 12, 2019, the Court issued its Order Following Status Conference, Resetting Early Neutral Evaluation Conference and Setting Further Status Conference (Dkt. 275). The Court stated that it "continues to be concerned with the slow pace of defendant's document production. Thus far defendants have not devoted adequate time and resources to ensure discovery is accomplished in a timely manner. Defendants' representation they cannot complete document production for the currently negotiated custodians and non-custodial sources until January 31, 2020, after every deadline set by the Court for class related discovery and class certification, is unacceptable." Dkt. 275 at 1.

16. On July 15, 2019, Plaintiffs' counsel emailed the Government's counsel proposing that the Government should substantially complete its document production by October 1, 2019.

17. On July 17, 2019, the Government rejected Plaintiffs' proposed deadline of October 1, 2019. The Government stated, "With respect to Plaintiffs' request that the Government complete its document production by October 1, 2019, Defendants still cannot stipulate to that request because we still do not anticipate that we can complete collection, review, and production by that date, although we continue to work on refining our proposed deadline as we obtain more volume information and to respond to the Court's concerns."

18. On July 17, 2019, Plaintiffs asked the Government to provide a date certain by which it would complete its document production.

19. On July 19, 2019, the Government sent an email to Plaintiffs

proposing that December 20, 2019, should be the deadline for the Government to substantially complete its production of documents in response to Plaintiffs' First and Second Sets of Requests for Production. The Government stated, "Defendants' alternate proposed date for substantial completion of document production in response to the First and Second RFPs, based on the currently agreed-upon custodians and search terms, is December 20, 2019. This is an estimate of the time needed for completion based on the information we have at this time, and accounting for the substantial volume of documents that Defendants are collecting and reviewing[.]"

20. On July 21, 2019, Plaintiffs' counsel informed the Government that December 20, 2019, was not a reasonable deadline for the Government's document production.

21. On July 25, 2019, Plaintiffs and the Government met and conferred via telephone concerning the schedule for the Government's document production. Counsel on the telephone were located in Georgia, New York, and the District of Columbia. During the telephone conference, the parties confirmed that they were at an impasse concerning the overall deadline for the Government's production of documents in response to Plaintiffs' First and Second Sets of Requests for Production. However, the parties agreed to meet-and-confer about a schedule that prioritized certain portions of the Government's document production in order to attempt to narrow their dispute.

22. On July 30, 2019, Plaintiffs emailed the Government, proposing the following prioritized document production deadlines:

- Defendants shall substantially complete production of responsive, non-privileged documents from Randy Howe, Todd Hoffman, Todd Owen, Carlos Rodriguez, and Sidney Aki on or before September 6, 2019.

5

- Defendants shall substantially complete production of responsive, non-privileged case files from HRBE, EDS, and their consolidated secondary inspection system on or before September 20, 2019.
- Defendants would substantially complete production of responsive, non-privileged documents from CBP non-custodial sources 1-4 (see attached letter) and the OIG Share Drive on or before October 4, 2019.
- Defendants shall substantially complete their document production from all remaining agreed-upon or court-ordered custodians on or before October 25, 2019.

23. On August 2, 2019, the Government responded to Plaintiffs' proposed schedule for document production. The Government agreed to produce certain sets of non-custodial documents by September 25, 2019, and October 23, 2019. The Government rejected Plaintiffs' proposed deadlines for the production of custodial documents. With respect to the deadline for the production of custodial documents, the Government stated that, "Defendants cannot agree to this deadline for substantial completion of document production from all agreed-upon custodians for the same reasons previously discussed." The Government also stated that it could not agree to Plaintiffs' proposed deadlines for the production of custodial documents because "we are still in the process of collecting and/or uploading emails from some of these custodians." The Government provided no reason why it was still collecting documents from agreed-upon document custodians.

24. On August 5, 2019, Plaintiffs wrote to the Government confirming that the parties appeared to be at an impasse on the schedule for the Government's production of custodial documents.

25. On August 12, 2019, the parties met and conferred about the schedule

for the Government's document production that is presented in the accompanying joint motion. Counsel on the telephone were located in New York and the District of Columbia. The parties were unable to resolve their dispute concerning the deadline for the production of custodial documents.

26. On August 14, 2019, Plaintiffs wrote to the Government to summarize the matters discussed during the August 12, 2019, telephone conference, including the parties' impasse concerning the schedule for the Government's production of documents.

27. On August 15, 2019, the Government confirmed that the parties are at an impasse concerning the schedule for the Government's production of documents. The Government maintained that it could not complete its production of custodial documents until December 20, 2019.

28. As of August 27, 2019, the Government has produced 13,967 pages of documents in this case. These documents consist of an approximately 200-page document production that the Government made in 2017, plus 80 document preservation policies, 26 copies of Congressional testimony, 28 A-Files, and 270 emails and attachments from the period of April 2, 2018 to April 30, 2018 that were in the possession of six custodians.

29. Throughout discovery in this case, Plaintiffs have consistently expressed to the Government that they are willing to explore means of reducing the burden of reviewing and producing these materials. Plaintiffs remain willing to discuss ways to prioritize the production of documents related to class certification, but the Government has not made a proposal about which search strings related to class certification it will prioritize.

30. In April 2019, Plaintiffs proposed that the Government should prioritize searching particular search strings related to class certification issues. But the Government told Plaintiffs it could not prioritize particular search

terms. Then, in June 2019, the Government reversed course and told Plaintiffs that it could prioritize certain search strings—although the Government has not explained how it can do so or what search terms it proposes prioritizing.

31.  In April 2019, Plaintiffs inquired into whether the Government planned to use technology-assisted review ("TAR") to cut down on the length of its document review. But the Government told Plaintiffs that it did not plan on using TAR. Then, on July 2, 2019, the Government reversed course and stated that it intends to use TAR. Since July 2, 2019, the parties have had multiple email and telephone conferences regarding the Government's TAR protocol. As of August 19, 2019, the Government still refuses to utilize accepted standards for validating the results of its TAR process and refuses to file its TAR protocol as a stipulated Court order.

32.  On May 6, 2019, the Government agreed to produce documents from 14 custodians and 8 non-custodial sources. During the parties' telephone conference on July 10, 2019—65 days after agreeing to produce documents from these custodians—the Government has only collected documents from six custodians. When asked about the reasons for this delay during the parties' July 10, 2019, telephone conference, the Government cited its claimed lack of litigation resources and technological limitations of its document collection platform. During the parties' August 12, 2019. telephone conference—98 days after the parties came to an agreement on custodians—the Government indicated that it is still collecting documents from those custodians. As of August 19, 2019, the Government still has not confirmed that it has actually completed its collection of documents from the Government's agreed-upon document custodians.

33.  The Government first proposed search terms that would apply to its documents on May 20, 2019. Despite several rounds of meet-and-confers and the exchange of several emails, the Government did not reach an agreement with

8

1  Plaintiffs on search terms until July 31, 2019—72 days later.

2      I declare under penalty of perjury under the laws of the United States that
3  the foregoing is true and correct.  This declaration is executed on August 30, 2019
4  in Washington, D.C.

By: */s/ Stephen M. Medlock*

Stephen M. Medlock