1
2
3
4
5
6
7
8
9
10
11
12

MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

13

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

14

15

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

16

17

18

19

20

21

22

23

Al Otro Lado, Inc., *et al.*,

Plaintiffs,

v.

Kevin K. McAleenan,[1] *et al.*,

Defendants.

Case No.:  17-cv-02366-BAS-KSC

**JOINT MOTION FOR ENTRY OF SCHEDULING ORDER**

24

25

26

27

28

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388) (*pro hac vice*)
  *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

2

JOINT MOTION FOR ENTRY OF
SCHEDULING ORDER

Pursuant to the Court's Order Following Status Conference, Resetting Early Neutral Evaluation Conference, and Setting Further Status Conference, the parties provide the following joint motion proposing an amended schedule for the filing of Plaintiffs' motion for class certification and the related discovery deadlines.  *See* Dkt. 275 at 2.

## PLAINTIFFS' ARGUMENT

### I.    PLAINTIFFS' PROPOSED SCHEDULE

During the July 12, 2019 joint status conference in this case, the Court found that the Government's "representation [it] cannot complete document production for the currently negotiated custodians and non-custodial sources until January 31, 2020, after every deadline set by the Court for class related discovery and class certification, is unacceptable."  Dkt. 275 at 1.  Recognizing that the Government's delayed document production had thrown off the Court's prior schedule for class certification proceedings, the Court directed the parties to "file a joint motion in which they propose an amended schedule for the filing of plaintiffs' motion for class certification and the related discovery deadlines."  *Id.* at 2.

Since July 12, 2019, the parties have conferred in an effort to reach an agreement concerning a new schedule.  However, the parties have been unable to come to an agreement on the schedule for class certification and related discovery deadlines, because they continue to disagree on when the Government should complete its document production.

Plaintiffs propose the following schedule:

- On or before **October 1, 2019**, any party intending to utilize expert opinion(s) to support or oppose plaintiffs' forthcoming motion for class certification shall serve on opposing counsel a list of the experts whom that party intends to rely upon for class certification purposes.

- Any party may supplement its designation in response to any other party's designation by **October 22, 2019**, so long as that party has not previously

JOINT MOTION FOR ENTRY OF
SCHEDULING ORDER

1    retained an expert to testify on that subject.  Expert designations shall include

2    the name, address, and telephone number of each expert, and a reasonable

3    summary of the testimony the expert is expected to provide.  The list shall also

4    include the normal rates that the expert charges for deposition and trial

5    testimony.  This designation requirement applies to all persons retained or

6    specifically employed to provide expert testimony, or whose duties as an

7    employee of the party regularly include providing expert testimony.

8    • The Government shall substantially complete its production of documents

9    responsive to Plaintiffs' First and Second Set of Requests for Production on or

10    before **November 1, 2019**.

11    • Expert disclosures required by Fed. R. Civ. P. 26(a)(2) for any expert

12    designated to provide an opinion on class certification related matters shall be

13    served on all parties on or before **November 18, 2019**.  Any contradictory or

14    rebuttal information shall be disclosed on or before **December 13, 2019**.  Like

15    the designation requirement, the disclosure requirement applies to all persons

16    retained or specifically employed to provide expert testimony, or whose duties

17    as an employee of the party regularly involve giving expert testimony.

18    • The deadline for Plaintiffs' motion for class certification is **December 20,**

19    **2019**.[2]

20    **II. THE GOVERNMENT'S PROPOSED SCHEDULE IS UNREASONABLE**

21    The Government proposes nearly the same deadlines for class certification and

22    expert reports, but is not willing to complete its document production until December

23    20, 2019.  The Government's schedule is below.

24    • On or before **October 1, 2019**, any party intending to utilize expert opinion(s)

25    to support or oppose plaintiffs' forthcoming motion for class certification shall

26

27    [2] Due to the intervening holidays, the Government has proposed that its opposition to class
certification should be due in mid-January 2020.  Plaintiffs have no objection to a reasonable
28    extension of the briefing deadline for opposition and reply briefs in light of the year-end holidays.

JOINT MOTION FOR ENTRY OF
SCHEDULING ORDER

serve on opposing counsel a list of the experts whom that party intends to rely upon for class certification purposes.

- Any party may supplement its designation in response to any other party's designation by **October 22, 2019**, so long as that party has not previously retained an expert to testify on that subject.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates that the expert charges for deposition and trial testimony.  This designation requirement applies to all persons retained or specifically employed to provide expert testimony, or whose duties as an employee of the party regularly include providing expert testimony.

- Expert disclosures required by Fed. R. Civ. P. 26(a)(2) for any expert designated to provide an opinion on class certification related matters shall be served on all parties on or before **November 18, 2019**.  Any contradictory or rebuttal information shall be disclosed on or before **December 13, 2019**.  Like the designation requirement, the disclosure requirement applies to all persons retained or specifically employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony.

- The deadline for Plaintiffs' motion for class certification is **December 20, 2019**.

- The Government shall substantially complete its production of documents responsive to Plaintiffs' First and Second Set of Requests for Production on or before **December 20, 2019**.

The Government's proposed schedule creates precisely the same problem that the parties were tasked with solving. Under the Government's schedule, the Government is once again representing that it cannot complete is document production until *after* the deadlines for the disclosure of expert reports and *on the same day* that Plaintiffs' motion for class certification is due.  Plaintiffs will once

JOINT MOTION FOR ENTRY OF
SCHEDULING ORDER

1  again be unable to take depositions regarding class certification matters with a full

2  document record prior to filing their motion for class certification.

3  　　　　As an alternative, the Government proposes a schedule that delays class

4  certification briefing until February 7, 2020.  This alternate schedule is as follows:

5  　　• On or before **November 1, 2019**, any party intending to utilize expert

6  　　　 opinion(s) to support or oppose plaintiffs' forthcoming motion for class

7  　　　 certification shall serve on opposing counsel a list of the experts whom that

8  　　　 party intends to rely upon for class certification purposes.

9  　　• Any party may supplement its designation in response to any other party's

10 　　　 designation by **November 21, 2019**, so long as that party has not previously

11 　　　 retained an expert to testify on that subject.  Expert designations shall include

12 　　　 the name, address, and telephone number of each expert, and a reasonable

13 　　　 summary of the testimony the expert is expected to provide.  The list shall also

14 　　　 include the normal rates that the expert charges for deposition and trial

15 　　　 testimony.  This designation requirement applies to all persons retained or

16 　　　 specifically employed to provide expert testimony, or whose duties as an

17 　　　 employee of the party regularly include providing expert testimony.

18 　　• The Government shall substantially complete its production of documents

19 　　　 responsive to Plaintiffs' First and Second Set of Requests for Production on or

20 　　　 before **December 20, 2019**.

21 　　• Expert disclosures required by Fed. R. Civ. P. 26(a)(2) for any expert

22 　　　 designated to provide an opinion on class certification related matters shall be

23 　　　 served on all parties on or before **January 10, 2020**.  Any contradictory or

24 　　　 rebuttal information shall be disclosed on or before **January 31, 2020**.  Like

25 　　　 the designation requirement, the disclosure requirement applies to all persons

26 　　　 retained or specifically employed to provide expert testimony, or whose duties

27 　　　 as an employee of the party regularly involve giving expert testimony.

28 　　• The deadline for Plaintiffs' motion for class certification is **February 7, 2020**.

JOINT MOTION FOR ENTRY OF
SCHEDULING ORDER

1    This alternative schedule is equally unworkable because it delays class

2  certification briefing from November 11, 2019 (the original deadline set by the court)

3  until February 7, 2020—88 days later.  The Government should not be allowed to

4  benefit from its continued discovery delays.  Class certification is supposed to occur

5  "[a]t an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A); *see also China Agritech,*

6  *Inc. v. Resh*, 138 S. Ct. 1800, 1807 (2018) ("Rule 23 . . . instruct[s] that class

7  certification should be resolved early on."); David F. Herr, *Manual on Complex*

8  *Litigation* § 21.133 (4th ed. May 2019) ("an early resolution" of class certification

9  "is generally desirable").  As Plaintiffs have explained in several joint motions and

10  status conference statements concerning the timeliness of the Government's

11  document production, the class that Plaintiffs seek to represent simply cannot wait

12  while discovery and class certification are delayed for months because the

13  Government has not taken steps to produce its documents in a timely fashion.  As a

14  result, the Government's proposed alternate schedule should be rejected as well.

15  **III.    CONCLUSION**

16    For the foregoing reasons, the Court should adopt Plaintiffs' proposed

17  schedule for class certification briefing and related expert discovery deadlines.

18  **DEFENDANTS' ARGUMENT**

19  **I.  DEFENDANTS' PROPOSED SCHEDULE**

20    Defendants propose the following schedule for class certification briefing and

21  related expert disclosures and discovery.  This schedule extends the overall initial

22  schedule by approximately three months to account for completion of document

23  production and the taking of depositions by both parties, as well as the Thanksgiving,

24  Christmas and New Year's holidays (and likely limited availability of experts and

25  fact witnesses during that time period).  It also includes a briefing schedule for

26  Plaintiffs' motion for class certification:

27    • On or before **November 1, 2019**, any party intending to utilize expert

28      opinion(s) to support or oppose Plaintiffs' forthcoming motion for class

JOINT MOTION FOR ENTRY OF
SCHEDULING ORDER

certification shall serve on opposing counsel a list of the experts whom that party intends to rely upon for class certification purposes.

- Any party may supplement its designation in response to any other party's designation on or before **November 21, 2019**, so long as that party has not previously retained an expert to testify on that subject.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates that the expert charges for deposition and trial testimony.  This designation requirement applies to all persons retained or specifically employed to provide expert testimony, or whose duties as an employee of the party regularly include providing expert testimony.

- Expert disclosures required by Fed. R. Civ. P. 26(a)(2) for any expert designated to provide an opinion on class certification related matters shall be served on all parties on or before **January 10, 2020**. Any contradictory or rebuttal information shall be disclosed on or before **January 31, 2020**. Like the designation requirement, the disclosure requirement applies to all persons retained or specifically employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony.

- Plaintiffs shall file their class certification motion by **February 7, 2020**.

- Defendants shall file their opposition to Plaintiffs' motion for class certification by **March 6, 2020**.

- Plaintiffs shall file their reply in support of the class certification motion by **March 20, 2020**.

As set forth in Defendants' opposition to Plaintiffs' request for an order setting a November 1 deadline for Defendants to substantially complete document production (ECF Dkt. No. 284), the sheer volume of documents that Defendants

JOINT MOTION FOR ENTRY OF SCHEDULING ORDER

1    are collecting and reviewing for potential production counsels for allowing

2    Defendants until December 20, 2019 to substantially complete their document

3    production.  Although Defendants have been responsive to interim deadlines and

4    Plaintiffs' requests for prioritization, Defendants simply cannot guarantee

5    production of documents by November 1, 2019.  The parameters of Defendants'

6    search and the resulting volume of documents subject to responsiveness review

7    have only increased in response to Plaintiffs' demands as the parties negotiate the

8    scope of discovery.  At the same time, Defendants have also spent significant time

9    litigating discovery disputes and responding to seven sets of written discovery

10    requests, as well as conducting other aspects of litigation in this case and others.

11    Accordingly, Defendants maintain that their proposed schedule for class

12    certification briefing and related expert disclosures is more realistic for both parties

13    to this case.

14    **II.    DEFENDANTS' ALTERNATIVE SCHEDULE IN RESPONSE TO**

15    **PLAINTIFFS' SCHEDULE.**

16    However, as Plaintiffs note above, the parties have discussed Plaintiffs'

17    alternative schedule, and Defendants do not object in principle to the dates in

18    Plaintiffs' proposed schedule so long as (1) the schedule does not require

19    Defendants to substantially complete their production of documents in response to

20    Plaintiffs' First and Second Sets of Requests for Production by November 1, 2019;

21    and (2) the schedule sets in advance a briefing schedule that provides additional

22    time for Defendants' opposition, given that Plaintiffs propose to file their motion

23    just before the Christmas and New Year's holidays.[3]  Accordingly, if the Court

24    determines to set the schedule proposed by Plaintiffs, Defendants request that it do

25    so with the following modifications:

26

27    [3] Although Plaintiffs state above that they will not oppose a reasonable extension
       of the briefing deadline for opposition and reply briefs, it is more efficient for the
28    briefing schedule to be set in advance.

JOINT MOTION FOR ENTRY OF
                                                         SCHEDULING ORDER

- On or before **October 1, 2019**, any party intending to utilize expert opinion(s) to support or oppose plaintiffs' forthcoming motion for class certification shall serve on opposing counsel a list of the experts whom that party intends to rely upon for class certification purposes.

- Any party may supplement its designation in response to any other party's designation by **October 22, 2019**, so long as that party has not previously retained an expert to testify on that subject.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates that the expert charges for deposition and trial testimony.  This designation requirement applies to all persons retained or specifically employed to provide expert testimony, or whose duties as an employee of the party regularly include providing expert testimony.

- Expert disclosures required by Fed. R. Civ. P. 26(a)(2) for any expert designated to provide an opinion on class certification related matters shall be served on all parties on or before **November 18, 2019**.  Any contradictory or rebuttal information shall be disclosed on or before **December 13, 2019**.  Like the designation requirement, the disclosure requirement applies to all persons retained or specifically employed to provide expert testimony, or whose duties as an employee of the party regularly involve giving expert testimony.

- The deadline for Plaintiffs' motion for class certification is **December 20, 2019**.

- Defendants shall file their opposition to Plaintiffs' motion for class certification by **January 24, 2020**.

- Plaintiffs shall file their reply in support of their class certification motion by **February 14, 2020**.

JOINT MOTION FOR ENTRY OF
SCHEDULING ORDER

1   **III.    CONCLUSION**

2       For the foregoing reasons, the Court should enter Defendants' proposed

3   schedule as set forth in Defendants' proposed order.  Alternatively, should the Court

4   determine to enter a schedule more similar to Plaintiffs' proposed schedule,

5   Defendants respectfully request that the Court make the foregoing modifications to

6   that schedule set forth in Part II above.

7   Dated: August 30, 2019                                    MAYER BROWN LLP

8                                                                     Matthew H. Marmolejo
                                                                      Ori Lev
9                                                                     Stephen S. Medlock

10                                                               SOUTHERN POVERTY LAW

11                                                              CENTER
                                                                      Melissa Crow
12                                                                    Mary Bauer
                                                                      Sarah Rich
13                                                                    Rebecca Cassler

14

15                                                              CENTER FOR CONSTITUTIONAL
                                                               RIGHTS
16                                                                    Baher Azmy
                                                                      Ghita Schwarz
17                                                                    Angelo Guisado

18

19                                                              AMERICAN IMMIGRATION
                                                               COUNCIL
20                                                                    Karolina Walters

21

                                                               By: */s/ Stephen M. Medlock*
22                                                                    Stephen M. Medlock

23                                                              *Attorneys for Plaintiffs*

24

25                                                              JOSEPH H. HUNT
                                                               Assistant Attorney General
26                                                             Civil Division

27

                                                               WILLIAM C. PEACHEY
28

JOINT MOTION FOR ENTRY OF
                                                                           SCHEDULING ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Director, Office of Immigration
Litigation
District Court Section

s/ *Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-
7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
SAIRAH G. SAEED
        Trial Attorneys

*Counsel for Defendants*

JOINT MOTION FOR ENTRY OF
SCHEDULING ORDER

# CERTIFICATE OF COMPLIANCE WITH MEET-AND-CONFER REQUIREMENT

I certify that on August 12, 2019 the counsel for the parties met and conferred via telephone to discuss the dispute raised in this joint motion. This conference occurred via telephone because counsel were located in New York and the District of Columbia. While the parties have resolved many disputes between them concerning the schedule for class certification briefing and experts reports, they were unable to resolve the dispute presented in this motion.

Dated: August 29, 2019                                    MAYER BROWN LLP


By _/s/ Stephen M. Medlock_____
*Attorney for Plaintiffs*

JOINT MOTION FOR ENTRY OF
SCHEDULING ORDER

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated:  August 29, 2019                          MAYER BROWN LLP


                                                  By _/s/ Stephen M. Medlock_

                                                  2                          JOINT MOTION FOR ENTRY OF
                                                                             SCHEDULING ORDER