MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Kevin K. McAleenan,[1] *et al.*,<br><br>　　　　Defendants. | Case No.:  17-cv-02366-BAS-KSC<br>Hon. Karen S. Crawford<br><br>[DISCOVERY MATTER]<br><br>**DECLARATION OF STEPHEN M. MEDLOCK IN SUPPORT OF JOINT MOTION TO COMPEL LIMITED CLASS-WIDE DISCOVERY**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
 Baher Azmy  (NY Bar No. 2860740)
 (*pro hac vice*)
 *bazmy@ccrjustice.org*
 Ghita Schwarz  (NY Bar No. 3030087)
 (*pro hac vice*)
 *gschwarz@ccrjustice.org*
 Angelo Guisado (NY Bar No. 5182688)
 (*pro hac vice*)
 *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
 Mary Bauer (VA Bar No. 31388)
 (*pro hac vice*)
 *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
 Sarah Rich (GA Bar No. 281985)
 (*pro hac vice*)
 *sarah.rich@splcenter.org*
 Rebecca Cassler (MN Bar No. 0398309)
 (*pro hac vice*)
 *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
 Karolina Walters (DC Bar No. 1049113)
 (*pro hac vice*)
 *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

I, Stephen M. Medlock, state the following under penalty of perjury:

1. I am a partner at the law firm Mayer Brown LLP, a member of the District of Columbia and Virginia bars, admitted *pro hac vice* to this Court for this action, and counsel to Plaintiffs in this action.

2. I make this declaration in support of the Joint Motion to Compel Limited Class-Wide Discovery.

3. Pursuant to Civil Local Rule 83.9, this declaration does not attach copies of the correspondence between the parties. Should the Court desire to review any of this correspondence, Plaintiffs are happy to provide it to the Court.

4. Plaintiffs delivered their First Set of Requests for Production to the Government pursuant to Fed. R. Civ. P. 26(d)(2) on August 9, 2017. Out of an abundance of caution, after this case was transferred to this Court, Plaintiffs re-delivered their First Set of Requests for Production on February 19, 2019.

5. On the same day, Plaintiffs delivered their Second Set of Requests for Production to the Government pursuant to Fed. R. Civ. P. 26(d)(2).

6. On April 9 and 10, 2019, the Government served its responses and objections to Plaintiffs' First and Second Sets of Requests for Production. However, those responses and objections did not state when the Government would produce documents responsive to these requests.

7. After receiving the Government's responses and objections, the parties began a series of telephonic meet-and-confers that spanned late April 2019 and early May 2019. The parties were unable to resolve many of these disputes and submitted them to the Court in a joint motion on May 24, 2019.

8. On July 15, 2019, while the May 24, 2019 joint motion was still pending, Plaintiffs offered to limit the scope of discovery from custodian outside of the San Ysidro, Otay Mesa, Hidalgo, and Laredo POEs to five custodians:

- Hector Mancha, Director of Field Operations, El Paso Field Office;

- Tater G. Ortiz, Port Director, Brownsville Port of Entry;
- Michael Humphries, Port Director, Nogales Port of Entry;
- David Salazar, Port Director, Calexico Port of Entry; and
- Jud Murdock, Acting Assistant Commissioner of CBP.

9. Plaintiffs requested these additional custodians because a large number of asylum seekers have attempted to present themselves at the Brownsville, Nogales, Calexico, and El-Paso-area POEs and been turned away by CBP officers. The port directors and director of field operations for those ports will have information concerning the implementation of the Turnback Policy at those POEs.

10. On July 17, 2019, the Government rejected Plaintiffs' proposal, stating that the joint motion was "still pending" and that the Government already had "enough on [its] plate."

11. On July 29, 2019, the Court substantially denied the Government's motion to dismiss Plaintiffs' Second Amended Complaint. On July 31, 2019, Plaintiffs wrote to the Government requesting that the Government withdraw some of the arguments raised in the May 24, 2019 joint motion in light of the Court's motion to dismiss opinion.

12. On August 1, 2019, the Court denied the May 24, 2019 joint motion without prejudice and directed the parties to meet and confer further in light of the Court's motion to dismiss ruling. That same day, Plaintiffs' counsel reached out to the Government's counsel to set up a meet-and-confer.

13. On August 12, 2019, the parties met and conferred about the Government's objections to Plaintiffs' First and Second Sets of Requests for Production and the proper scope of discovery in light of the Court's motion to dismiss opinion. Counsel on the telephone were located in New York and the District of Columbia. The parties were able to substantially narrow the scope of

1  their disputes, but were not able to resolve the issue of whether discovery should
2  be limited to four ports of entry and CBP's Office of Field Operations.

3      14.  On August 22, 2019, the Government sent a letter to Plaintiffs that
4  further limited the scope of the parties' disputes.  The Government "maintain[ed]
5  that discovery relating to other ports of entry [was] improper and/or
6  disproportionate to the needs of the case, and is thus unduly burdensome."  In the
7  same letter, the Government stated that it has already collected over 3 million
8  documents from the 14 custodians and 8 non-custodial sources that the parties have
9  previously agreed upon, and that this will result in the Government reviewing
10 approximately 200,000 documents for privilege and confidentiality.  The
11 Government also claims that adding four custodians "will substantially increase the
12 already heavy burden" on the Government.

13   I declare under penalty of perjury under the laws of the United States that
14 the foregoing is true and correct.  This declaration is executed on September 5,
15 2019 in Washington, D.C.

                                   By: */s/ Stephen M. Medlock*
                                        Stephen M. Medlock