MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kevin K. McAleenan,[1] *et al.*, <br><br> Defendants. | Case No.:  17-cv-02366-BAS-KSC <br><br> **MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' PRELIMINARY INJUNCTION AND CLASS CERTIFICATION MOTION PAPERS** <br><br> Hearing Date: November 11, 2019 <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388) (*pro hac vice*)
  *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file under seal portions of Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Provisional Class Certification and Memorandum of Points and Authorities in Support of Their Motion for Preliminary Injunction and certain exhibits to the Memoranda to exclude sensitive law enforcement information contained therein.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, these documents consist of:

1) a February 25, 2018 internal CBP email with the subject line "CBP_MCAT_REPORT for February 25, 2018,"

2) a January 22, 2019 internal CBP email with the subject line "Field Office Queue Management Report 1.22.2018,"

3) a February 8, 2019 email chain with the subject line "CBP MCAT C-1 Notes 2/8," and

4) a copy of CBP's Laredo Field Office Contingency Plan.

The Government designated these documents as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.[2] As a consequence of these confidentiality designations, Plaintiffs also seek to seal limited portions of pages 6-7 of their Memorandum of Points and Authorities in Support of Their Motion for Provisional Class Certification and pages 16-17 of their Memorandum of Points and Authorities in Support of Their Motion for Preliminary Injunction.

While Plaintiffs acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner*

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

*Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal. Fed. R. Civ. P. 26(c) sets forth the "good cause" standard for sealing documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988).

Here, Plaintiffs seek to seal four exhibits and descriptions of those exhibits that would reveal CBP's immigration enforcement techniques, contingency planning, and the personal telephone numbers and email addresses of senior CBP officials. For instance, CBP's Laredo Field Office Contingency Plan contains detailed information regarding how particular portions of the Laredo Field Office plan to respond to a spike in migrants arriving at particular ports of entry. Similarly, the remaining emails subject to this sealing motion describe non-public information about CBP's immigration enforcement operations.

Plaintiffs therefore request that the Court grant this motion to seal portions of the Memoranda.

Plaintiffs have conferred with the Government regarding this motion. Plaintiffs understand that the Government does not oppose this motion. Indeed,

Plaintiffs understand that the Government is considering joining this motion by filing a factual declaration further explaining the basis for their belief that these documents should be sealed.

Dated: September 26, 2019

MAYER BROWN LLP
 Matthew H. Marmolejo
 Ori Lev
 Stephen S. Medlock

SOUTHERN POVERTY LAW CENTER
 Melissa Crow
 Mary Bauer
 Sarah Rich
 Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
 Baher Azmy
 Ghita Schwarz
 Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
 Karolina Walters


By: */s/ Stephen M. Medlock*
 Stephen M. Medlock

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on September 26, 2019, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*