```
 1  JOSEPH H. HUNT
    Assistant Attorney General
 2  WILLIAM C. PEACHEY
 3  Director
    KATHERINE J. SHINNERS (DC 978141)
 4  Senior Litigation Counsel
 5  SAIRAH G. SAEED (IL 6290644)
    ALEXANDER J. HALASKA (IL 6327002)
 6  Trial Attorneys
 7  United States Department of Justice
    Civil Division
 8  Office of Immigration Litigation
 9  District Court Section
    P.O. Box 868, Ben Franklin Station
10  Washington, D.C. 20044
11  Tel: (202) 307-8704 | Fax: (202) 305-7000
    alexander.j.halaska@usdoj.gov
12
13  *Counsel for Defendants*
```

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
## (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | |
| Kevin K. McALEENAN,* Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | **DECLARATION OF ALEXANDER J. HALASKA** |
| *Defendants* | |

---

\* Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Federal Rule of Civil Procedure 25(d).

**DECLARATION OF ALEXANDER J. HALASKA**

I, Alexander J. Halaska, declare as follows:

1. I am an attorney for the United States Department of Justice. I represent the federal government Defendants in their official capacities in the above-captioned matter. I am a member in good standing of the bar of the State of Illinois, and I am authorized to practice in the U.S. District Court for the Southern District of California pursuant to Local Civil Rule 83.3(c)(3).

2. Plaintiffs' counsel Stephen Medlock contacted Defendants' counsel via email on Tuesday, September 17, 2019, at 2:00 PM (Eastern). Mr. Medlock informed Defendants' counsel that Plaintiffs intended to file Motion(s) for Provisional Class Certification and a Preliminary Injunction and an *Ex Parte* Application to Expedite the Briefing Schedule on those Motion(s). Mr. Medlock requested that the parties meet and confer in person that same day or the following day, September 18.

3. Defendants' counsel Katherine Shinners responded at 5:02 PM (Eastern) requesting information about Plaintiffs' intended Motion(s) and informing Mr. Medlock that Defendants' counsel were unavailable to meet and confer in person that same day. Ms. Shinners emailed Mr. Medlock again at 6:18 PM (Eastern) to inform him that Defendants' counsel were available to meet on Thursday, September 19, at 2:00 PM (Eastern) or later, but that Defendants' counsel were not available to meet in person any earlier. Ms. Shinners was out of the office on Wednesday, September 18, and I was preparing for a court appearance on Thursday, September 19, at 10:30 AM (Eastern), and drafting a class action motion for summary judgment due Friday, September 20.

4. Plaintiffs' counsel and Defendants' counsel met and conferred in person on Thursday, September 19, 2019, at 2:00 PM (Eastern) at Mayer Brown LLP's Washington, D.C. office. The parties discussed Plaintiffs' forthcoming Motion(s) for Provisional Class Certification and a Preliminary Injunction. Plaintiffs' counsel did not state that Plaintiffs intended to support their Motion(s) with material that

1 Defendants have designated confidential.

2 5. On Monday, September 23, 2019, at 9:28 PM (Eastern), Mr. Medlock informed Defendants' counsel via email that Plaintiffs intended to support their Motion(s) for Provisional Class Certification and a Preliminary Injunction with materials Defendants have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (ECF No. 276), and that they intended to move to file those documents under seal pursuant to section VI.D of the Protective Order.

6. I responded to Mr. Medlock on Tuesday, September 24, 2019, at 11:11 AM (Eastern). I explained that while Defendants agreed in principle that such information should be filed under seal, Defendants would need time to prepare declarations from U.S. Customs and Border Protection ("CBP") personnel justifying the confidentiality designations, as required by section 5 of this Court's Standing Order for Civil Cases.

7. Mr. Medlock responded to my email at 11:30 AM (Eastern). He provided Bates numbers identifying several dozen documents (or pages of documents) on which Plaintiffs intended to rely. Mr. Medlock stated that he understood Defendants' concerns about timing, and that if Defendants could provide their position by the next morning, Plaintiffs would delay filing the Motion to File Under Seal until the morning of Thursday, September 26. Defendants immediately began preparing declarations supporting the confidentiality designations.

8. I responded to Mr. Medlock's email on Wednesday, September 25, 2019, at 12:03 PM (Eastern). I explained that the earliest Defendants would be able to provide Plaintiffs with their supporting declarations and their portion of a potential joint motion to file under seal was late Thursday night, such that Plaintiffs could file their Motion(s) for Provisional Class Certification and a Preliminary Injunction on the morning of Friday, September 27. I explained that this was an optimistic timeline, and that Defendants were working as quickly as possible to prepare declarations

1 from multiple CBP declarants who could attest to the sensitivity of the documents. I
2 also informed Mr. Medlock that at least one declarant from the Laredo Field Office
3 was not in the office on Wednesday, September 25.

4     9.    Mr. Medlock responded on Wednesday, September 25, at 12:14 PM
5 (Eastern). He stated that Plaintiffs would be filing their Motion to File Under Seal,
6 along with the sealed documents, on the morning of Thursday, September 26. Mr.
7 Medlock stated that he did not believe Defendants needed to file declarations sup-
8 porting the confidentiality designations, and that Plaintiffs' declaration supporting
9 the Motion to File Under Seal would be sufficient.

10     10.    I responded to Mr. Medlock on Wednesday, September 25, at 1:01 PM
11 (Eastern). I explained that Defendants were concerned that if Plaintiffs filed the Mo-
12 tion to Seal without Defendants' supporting declarations, there was a risk that the
13 Motion could be denied for failure to meet the standard laid out in this Court's Stand-
14 ing Order, § 5, which potentially risked public disclosure of sensitive information. I
15 informed Mr. Medlock that if Plaintiffs indeed filed the Motion to File Under Seal
16 on Thursday morning, Defendants would notify the Court immediately thereafter
17 that they did not receive a reasonable opportunity to support the justification for their
18 confidentiality designations, and Defendants would file a response in support of the
19 Motion that did contain those justifications. Mr. Medlock did not respond to my
20 email prior to filing the Motion to File Under Seal (ECF No. 290).

22     I declare under penalty of perjury that the foregoing is true and correct to the
23 best of my knowledge. Executed on September 26, 2019, in Washington, D.C.

25                                   */s/ Alexander J. Halaska*
26                                   ALEXANDER J. HALASKA