MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kevin K. McAleenan,[1] *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br><br> **DECLARATION OF STEPHEN M. MEDLOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR PROVISIONAL CLASS CERTIFICATION** |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

DECLARATION OF STEPHEN M. MEDLOCK

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Mary Bauer (VA Bar No. 31388) (*pro hac vice*)
   *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA 22903
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# DECLARATION OF STEPHEN M. MEDLOCK

I, Stephen M. Medlock, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner at the law firm Mayer Brown LLP and co-lead counsel for the Plaintiffs in this case.

**Fed. R. Civ. P. 23(g) Factors**

2. Plaintiffs' counsel has done considerable work identifying and investigating the claims in this action. This work has included multiple trips to border cities in Mexico, including Tijuana to interview asylum seekers and employees of Al Otro Lado, Inc.; interviewing former officials from the U.S. Customs and Border Protection ("CBP") regarding their recollections of the existence of and justification for the Defendants' Turnback Policy; interviewing Mexican government officials concerning the Turnback Policy; reviewing the public statements of Government officials regarding the Turnback Policy; reviewing Congressional testimony concerning the Turnback Policy; reviewing audio and video recordings of CBP officials turning back asylum seekers at ports of entry; and propounding multiple rounds of discovery requests in this litigation. Plaintiffs' counsel have also committed substantial resources to this litigation, including retaining expert witnesses, e-discovery vendors, and trial graphics providers.

3. Plaintiffs' counsel has extensive experience in handling class actions, other complex litigation, and the type of claims asserted in this action.

4. Plaintiffs' counsel has been integrally involved in the following class actions or complex litigation matters:

   a. *A.B.T., et al., v. U.S. Citizenship and Immigration Services, et al.*, No. CV11-2016-RAJ (W.D.Wash.) (challenging USCIS' employment authorization policy for asylum applicants);

   b. *Innovation Law Lab v. McAleenan*, No. 19-15716 (9th Cir.) (challenge to CBP's Migration Protection Protocols);

c. *East Bay Sanctuary Covenant v. Trump*, No. 18-17274 (9th Cir.) (challenge to Asylum Ban);

d. *East Bay Sanctuary Covenant v. Barr*, No. 3:19-cv-04073 (N.D. Cal.) (challenge to Asylum Ban);

e. *Ngwaniya v. Ashcroft*, 302 F. Supp. 2d 1076 (D. Minn. 2004) (certified nationwide class of asylees seeking lawful permanent residence in the United States);

f. *B-H- v. USCIS*, No. C11-2108RA (W.D. Wash. settlement approved Nov. 4, 2013) (certified nationwide class of asylum applicants seeking work authorization);

g. *Duran Gonzalez v. DHS*, No. CV 06-1411 (W.D. Wash. settlement approved July 21, 2014) (certified Ninth Circuit-wide class challenging DHS' refusal to allow removed or deported individuals to apply for adjustment of status under 8 U.S.C. § 1255(i));

h. *Brown v. CBP*, No. 15-cv-01180 (N.D. Cal. settlement approved Oct. 5, 2016) (nationwide putative class action challenging U.S. Customs and Border Protection's extensive delays in responding to FOIA requests);

i. *Doe v. Johnson*, No. 2:16-cv-01024 (W.D. Wash. class certification granted Jan. 10, 2017) (challenging obstacles to meeting the one-year filing deadline for asylum applications);

j. *Nw. Immigrant Rights Project v. USCIS*, No. 2:15-cv-00813-JLR (W.D. Wash. class certification granted July 18, 2017) (challenging delays in U.S. Citizenship and Immigration Services' adjudication of asylum seekers' initial application for employment authorization);

k. *Make the Road New York v. McAleenan*, No. 1:19-cv-02369 (D.D.C. filed Aug. 6, 2019) (class action – challenge to the expansion of

expedited removal);

l. *Mendez Rojas v. Nielsen*, No. 2:16-cv-01024-RSM (W.D. Wash. filed June 30, 2016) (class action – challenge to lack of adequate notice of and a procedural mechanism for compiling with one-year asylum filing deadline);

m. *J.E.F.M. v. Whiatker*, 908 F.3d 1157 (9th Cir. 2018) (class action – right to appointed counsel for children in immigration proceedings);

n. *Gonzalez Corrado et al. v. Tempo, Inc., et al.*, No. 1:2008-cv-02759 (D. Md.) (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act);

o. *Lopez, et al v. NTI, LLC, et al.*, No. 8:2008-cv-01579 (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act);

p. *Castellanos-Contreras, et al. v. Decatur Hotels, LLC*, 622 F.3d 393 (E.D. La. 2010) (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act);

q. *Texas v. Holder*, 888 F. Supp. 2d 113 (D.D.C. 2012) (challenging federal pre-clearance of Texas' voter ID law);

r. *Arizona v. ITCA*, 133 S. Ct. 2247 (2013) (federal preemption challenge to state voter registration law);

s. *Jornaleros de Las Palmas v. City of League City*, 2013 WL 2180013 (S.D. Tex. 2013) (challenge to municipal anti-solicitation ordinance under the First and Fourteenth Amendments);

t. *Perez v. Perry*, 26 F. Supp. 3d 612 (W.D. Tex. 2014) (challenge to the implementation of Texas's 2011 redistricting plans under the Fourteenth Amendment and Section 2 of the Voting Rights Act);

u. *Vulcan Society v. City of New York*, 717 F.3d 72 (2d Cir. 2013) (class action successfully challenging long-term employment

discrimination in New York City Fire Department);

    v. *Hassan v. City of New York*, 804 F.3d 277 (3d Cir. 2015) (challenging New York Police Department's discriminatory program of suspicionless surveillance of Muslims);

    w. *Aguilar v. ICE*, 07 Civ. 8224 (S.D.N.Y. 2007) (class action challenging the policy and practice of warrantless home raids by officers of Immigration and Customs Enforcement);

    x. *In re Broiler Chicken Antitrust Litigation*, Civil No. 1:16-cv-08637 (N.D. Ill.) (currently pending);

    y. *PDVSA US Litigation Trust v. Lukoil Pan Americas LLC*, 372 F. Supp. 3d 1353 (S.D. Fla. 2019), *appeal docketed at* No. 19-10950 (11th Cir.);

    z. *In re Chocolate Confectionary Antitrust Litigation*, 999 F. Supp. 2d 777 (M.D. Pa. 2014), *aff'd* 801 F.3d 383 (3d Cir. 2015);

    aa. *Masimo Corporation v. Philips Electronics North America Corporation*, 2015 WL 2406155 (D. Del. 2014);

    bb. *Nespresso USA v. Ethical Coffee Company SA*, 263 F. Supp. 3d 498 (D. Del.);

    cc. *Sterling Merchandising, Inc. v. Nestle SA*, 656 F.3d 112 (1st Cir. 2011);

    dd. *Zayed v. Associated Bank, N.A.*, 2017 WL 424855 (D. Minn. 2017), *aff'd* 913 F.3d 709 (8th Cir. 2019); and

    ee. *Benisek v. Lamone*, 348 F. Supp. 3d 493 (D. Md.), *rev'd sub nom. Rucho v. Common Cause*, 139 S. Ct. 2484 (2019).

5. Plaintiffs' counsel has considerable knowledge of the substantive law involved in this matter and has been involved in numerous other cases concerning U.S. immigration law, including:

    a. *A.B.T., et al., v. U.S. Citizenship and Immigration Services, et al.*,

No. CV11-2016-RAJ (W.D.Wash.) (challenging USCIS' employment authorization policy for asylum applicants);

b. *Innovation Law Lab v. McAleenan*, No. 19-15716 (9th Cir.) (challenge to CBP's Migration Protection Protocols);

c. *East Bay Sanctuary Covenant v. Trump*, No. 18-17274 (9th Cir.) (challenge to Asylum Ban);

d. *East Bay Sanctuary Covenant v. Barr*, No. 3:19-cv-04073 (N.D. Cal.) (challenge to Asylum Ban);

e. *Ngwaniya v. Ashcroft*, 302 F. Supp. 2d 1076 (D. Minn. 2004) (certified nationwide class of asylees seeking lawful permanent residence in the United States);

f. *B-H- v. USCIS*, No. C11-2108RA (W.D. Wash. settlement approved Nov. 4, 2013) (certified nationwide class of asylum applicants seeking work authorization);

g. *Duran Gonzalez v. DHS*, No. CV 06-1411 (W.D. Wash. settlement approved July 21, 2014) (certified Ninth Circuit-wide class challenging DHS' refusal to allow removed or deported individuals to apply for adjustment of status under 8 U.S.C. § 1255(i));

h. *Brown v. CBP*, No. 15-cv-01180 (N.D. Cal. settlement approved Oct. 5, 2016) (nationwide putative class action challenging U.S. Customs and Border Protection's extensive delays in responding to FOIA requests);

i. *Doe v. Johnson*, No. 2:16-cv-01024 (W.D. Wash. class certification granted Jan. 10, 2017) (challenging obstacles to meeting the one-year filing deadline for asylum applications);

j. *Nw. Immigrant Rights Project v. USCIS*, No. 2:15-cv-00813-JLR (W.D. Wash. class certification granted July 18, 2017) (challenging delays in U.S. Citizenship and Immigration Services' adjudication

of asylum seekers' initial application for employment authorization);

    k. *Make the Road New York v. McAleenan*, No. 1:19-cv-02369 (D.D.C. filed Aug. 6, 2019) (class action – challenge to the expansion of expedited removal);

    l. *Mendez Rojas v. Nielsen*, No. 2:16-cv-01024-RSM (W.D. Wash. filed June 30, 2016) (class action – challenge to lack of adequate notice of and a procedural mechanism for compiling with one-year asylum filing deadline); and

    m. *J.E.F.M. v. Whiatker*, 908 F.3d 1157 (9th Cir. 2018) (class action – right to appointed counsel for children in immigration proceedings).

6. Plaintiffs' counsel has already devoted considerable resources to this litigation and anticipates doing so through a final judgment on the merits. For instance, Plaintiffs' counsel has already retained consulting and testifying expert witnesses, electronic discovery vendors, and trial graphics vendors. As of August 31, 2019, Plaintiffs' counsel anticipates that they have collectively devoted 6,760.45 hours to this matter. None of the counsel to Plaintiffs in this matter are receiving reimbursement from the Plaintiffs or putative class members in this case.

7. I am aware of no conflicts of interest between any Plaintiff's counsel and the provisional class. I am aware of no conflicts of interest between the Named Plaintiffs in this case and the provisional class members.

**Exhibits**

8. Attached hereto as Exhibit 1 is a true and accurate copy of Dkt. 283-1.

9. Attached hereto as Exhibit 2 is a true and accurate copy of a report from the U.S. Department of Homeland Security's Office of Inspector General dated September 27, 2018 entitled *Special Review – Initial Observations Regarding Family Separation Issues Under the Zero Tolerance Policy*.

10. Attached hereto as Exhibit 3 is a true and accurate copy of a document

bearing the Bates stamps AOL-DEF-00012000. Exhibit 3 is designated "Highly Confidential" under the Court's Protective Order (Dkt. 276).

11. Attached hereto as Exhibit 4 is a true and accurate copy of a document bearing the Bates stamps AOL-DEF-00012012-17. Exhibit 4 is designated "Confidential" under the Court's Protective Order (Dkt. 276).

12. Attached hereto as Exhibit 5 is a true and accurate copy of a document bearing the Bates stamps AOL-DEF-00012141. Exhibit 5 is designated "Highly Confidential" under the Court's Protective Order (Dkt. 276).

13. Attached hereto as Exhibit 6 is a true and accurate copy of the declaration of Stephanie Leutert.

14. Attached hereto as Exhibit 7 is a true and accurate copy of the declaration of O.S. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

15. Attached hereto as Exhibit 8 is a true and accurate copy of the declaration of M.G. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

16. Attached hereto as Exhibit 9 is a true and accurate copy of the declaration of J.R. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

17. Attached hereto as Exhibit 10 is a true and accurate copy of the declaration of C.P. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

18. Attached hereto as Exhibit 11 is a true and accurate copy of the declaration of King Doe. This individual has signed the declaration using a

pseudonym because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

19. Attached hereto as Exhibit 12 is a true and accurate copy of the declaration of Jordan Doe. This individual has signed the declaration using a pseudonym because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

20. Attached hereto as Exhibit 13 is a true and accurate copy of the declaration of Djamal Doe. This individual has signed the declaration using a pseudonym because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

21. Attached hereto as Exhibit 14 is a true and accurate copy of the declaration of Bianka Doe. This individual has signed the declaration using a pseudonym because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

22. Attached hereto as Exhibit 15 is a true and accurate copy of the declaration of Named Plaintiff Roberto Doe. This individual has signed the declaration using a pseudonym because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

23. Attached hereto as Exhibit 16 is a true and accurate copy of the declaration of S.N. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

24. Attached hereto as Exhibit 17 is a true and accurate copy of the declaration of S.M.R.G. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

25. Attached hereto as Exhibit 18 is a true and accurate copy of the declaration of K.S. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

26. Attached hereto as Exhibit 19 is a true and accurate copy of the declaration of Courtney Collins. This individual has signed the declaration using a pseudonym because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

27. Attached hereto as Exhibit 20 is a true and accurate copy of the declaration of China. This individual has signed the declaration using a pseudonym because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

28. Attached hereto as Exhibit 21 is a true and accurate copy of the declaration of A.V.M.M. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

29. Attached hereto as Exhibit 22 is a true and accurate copy of the declaration of A.N.H. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

30. Attached hereto as Exhibit 23 is a true and accurate copy of the declaration of B.B. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

31. Attached hereto as Exhibit 24 is a true and accurate copy of the declaration of Mowha Doe. This individual has signed the declaration using

pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

32. Attached hereto as Exhibit 25 is a true and accurate copy of the declaration of Marlon Doe. This individual has signed the declaration using pseudonymous initials because he or she fears retaliation by U.S. immigration authorities. If the Court requests, Plaintiffs are willing to identify this individual in camera.

33. Attached hereto as Exhibit 26 is a true and accurate copy of the declaration of Nicole Ramos.

34. Attached hereto as Exhibit 27 is a true and accurate copy of a document bearing the Bates stamps AOL-DEF-00011122-11232. Exhibit 27 is designated "Highly Confidential" under the Court's Protective Order (Dkt. 276).

35. Attached hereto as Exhibit 28 is a true and accurate copy of the declaration of Adam Isacson.

36. Attached hereto as Exhibit 29 is a true and accurate copy of a May 2019 report from the American Immigration Council entitled *The Cost of Immigration Enforcement and Border Security*.

37. Attached hereto as Exhibit 30 is a true and accurate copy of U.S. Customs and Border Protection's *Border Security Report Fiscal Year 2018*, dated March 2019.

38. Attached hereto as Exhibit 31 is a true and accurate copy of a report entitled *San Ysidro LPOE Project Facts*, which was published by the U.S. General Services Administration.

39. Attached hereto as Exhibit 32 is a true and accurate copy of the *Mexico* chapter of the Human Rights Watch's *World Report 2019*.

40. Attached hereto as Exhibit 33 is a true and accurate copy of a November 2018 Human Rights Watch report entitled *Is Mexico Safe for Refugees and Asylum*

*Seekers?*

41. Attached hereto as Exhibit 34 is a true and accurate copy of a May 22, 2019 Reuters article entitled *Mexico Refugee Agency Turns to U.S. Amid Asylum Surge, Funding Cuts*.

42. Attached hereto as Exhibit 35 is a true and accurate copy of an April 2019 report entitled *Mexico – Fact Sheet* published by the United Nations High Commissioner for Refugees.

43. Attached hereto as Exhibit 36 is a true and accurate copy of a September 16, 2019 Reuters article entitled *Trump Asylum Lockdown Turns Up Heat on Tiny Mexican Migrant Agency*.

44. Attached hereto as Exhibit 37 is a true and accurate copy of an August 31, 2018 article from UPI entitled *Mexico Facing Two-Year Backlog as Asylum Requests Soar*.

45. Attached hereto as Exhibit 38 is a true and accurate copy of a December 17, 2018 letter from U.S. Representatives Jerrold Nadler, Bennie G. Thompson, and Zoe Lofgren to Defendant Kevin K. McAleenan.

46. Attached hereto as Exhibit 39 is a true and accurate copy of a July 29, 2019 article from NBC News entitled *Stephen Miller Want Border Patrol, Not Asylum Officers, to Determine Migrant Asylum Claims*.

47. Attached hereto as Exhibit 40 is a true and accurate copy of a January 28, 2019 article from The Atlantic entitled *An Obscure White House Staffer's Jaw-Dropping Trump Tell-All*.

48. Attached hereto as Exhibit 41 is a true and accurate copy of April 5, 2019 Remarks by President Trump Before Marine One Departure.

49. Attached hereto as Exhibit 42 is a true and accurate copy of April 15, 2019 Remarks by President Trump in Roundtable Discussion on the Economy and Tax Reform.

50. Attached hereto as Exhibit 43 is a true and accurate copy of a transcript

of President Trump's April 6, 2019 speech to the Republican Jewish Coalition.

51. Attached hereto as Exhibit 44 is a true and accurate copy of the declaration of Alejandra Macias Delgadillo on behalf of Asylum Access Mexico.

52. Attached hereto as Exhibit 45 is a true and accurate copy of the declaration of Michelle Brané.

53. Attached hereto as Exhibit 46 is a true and accurate copy of a September 12, 2019 email from Edward Gordin, Associate General Counsel of the Executive Office of Immigration Review of the U.S. Department of Justice ("EOIR"). To protect non-public information regarding EOIR officials, Plaintiffs have redacted the email addresses and telephone numbers of EORI personnel from this exhibit.

I declare under penalty of perjury under the laws of the United States of America that the proceeding declaration is true and correct.

Executed on this 26th day of September 2019 at Washington, D.C.

*/s/ Stephen M. Medlock*

Stephen M. Medlock

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF STEPHEN M. MEDLOCK