1 | MAYER BROWN LLP
2 | Matthew H. Marmolejo (CA Bar No. 242964)
   | *mmarmolejo@mayerbrown.com*
3 | 350 S. Grand Avenue
   | 25th Floor
4 | Los Angeles, CA 90071-1503
   | Ori Lev (DC Bar No. 452565)
5 | (*pro hac vice*)
   | *olev@mayerbrown.com*
6 | Stephen M. Medlock (VA Bar No. 78819)
   | (*pro hac vice*)
7 | *smedlock@mayerbrown.com*
   | 1999 K Street, N.W.
8 | Washington, D.C. 20006
   | Telephone:  +1.202.263.3000
   | Facsimile:  +1.202.263.3300

10 | SOUTHERN POVERTY LAW CENTER
   | Melissa Crow (DC Bar No. 453487)
11 | (*pro hac vice*)
   | *melissa.crow@splcenter.org*
12 | 1101 17th Street, N.W., Suite 705
   | Washington, D.C. 20036
13 | Telephone: +1.202.355.4471
   | Facsimile: +1.404.221.5857

14 | *Additional counsel listed on next page*
   | *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **EXHIBIT 38 TO MOTION FOR PROVISIONAL CLASS CERTIFICATION** |
| Kevin K. McAleenan,[1] *et al.*, | |
| Defendants. | |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388) (*pro hac vice*)
  *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.561

# Congress of the United States
## Washington, DC 20515

December 17, 2018

The Honorable Kevin K. McAleenan
Commissioner
U.S. Customs and Border Protection
1300 Pennsylvania Ave., N.W.
Washington, D.C. 20229

Dear Commissioner McAleenan:

We write to express our concern about comments made by Acting Assistant Commissioner, Office of Intelligence, Jud Murdock regarding the processing of asylum seekers at ports of entry during a joint Department of Homeland Security (DHS) and Department of Defense (DOD) staff briefing on December 6, 2018. Those comments clearly indicated that DHS is choosing to limit its processing capacity for asylum seekers at ports of entry as a means of deterring additional migration. These comments not only contradict previous statements by the Administration on this issue, but also raise significant questions about the Department's compliance with existing statutory authority.

Specifically, during the question and answer portion of the briefing, one of our staffers asked Mr. Murdock about DHS efforts to increase its processing capacity at ports of entry. In response, he stated that DHS had chosen to limit processing to 100 asylum seekers per day at the San Ysidro Port of Entry because "[t]he more we process, the more will come." During follow up questioning, Mr. Murdock again repeated this assertion and clearly indicated, given the context, that the Department's decision to limit processing was primarily motivated by its desire to deter migrants from seeking asylum at ports of entry.

These comments call into question prior statements by DHS officials indicating that the Department's decision to "meter" asylum seekers at ports of entry was required by capacity and resource constraints.[1] The comments also call into question the Department's compliance with current legal requirements. Under the Immigration and Nationality Act (INA), DHS must process and provide a credible fear screening for any arriving alien with "an intention to apply

---

[1] *CBP Addresses False Claims of Separation for Those Seeking Asylum at U.S. Ports of Entry*, U.S. Customs and Border Protection, July 9, 2018, available at: https://www.cbp.gov/newsroom/national-media-release/cbp-addresses-false-claims-separation-those-seeking-asylum-us-ports.

for asylum."[2] International law, such as the 1951 Convention and the 1967 Protocol Relating to the Status of Refugees, which the United States is a signatory to and has been implemented into U.S. law, also requires government officials to process individuals who seek protection at our border.[3] In a written response to a congressional letter of May 27, 2017, DHS stated that Customs and Border Protection (CBP) officers who encounter individuals seeking admission and expressing a fear of persecution, at or between ports of entry, would refer such individuals for an interview with an asylum officer. Whatever capacity constraints may limit such processing, a decision to intentionally limit capacity as a deterrent is inconsistent with the letter and intent of the statute.[4]

These statements by CBP officials are particularly disturbing considering clear instructions from you that asylum seekers should present themselves at ports of entry, instead of crossing between the ports.[5] Secretary Nielsen's repeated message to asylum seekers has been: "if you are seeking asylum, go to a port of entry."[6]

On October 18, 2018, Representatives Nadler, Thompson, Lofgren, Vela, and Jayapal sent a letter to Secretary Nielsen concerning asylum seekers encountered at ports of entry. In light of the above and lack of response by the Department, we request that CBP immediately respond to the letter. We also seek responses to the following questions:

1. What does DHS understand to be required by 8 U.S.C. § 1225 and 1158 regarding the processing of individuals seeking asylum at ports of entry?

2. Does the Department understand there to be any limits with regards to its obligations under 8 U.S.C. § 1225 and 1158? If so, what are those limits?

3. What does the Department believe its obligations are with respect to allocation of resources and personnel to ensure compliance with 8 U.S.C. § 1225 and 1158?

---

[2] 8 U.S.C. § 1225(b)(1)(iii); 8 U.S.C. § 1225(a)(3) ("All [noncitizens] . . . who are applicants for admission or otherwise seeking admission . . . *shall be inspected* by immigration officers.") (emphasis added).

[3] United Nations High Commissioner for Refugees, *The 1951 Convention Relating to the Status of Refugees and its 1967 Protocol*, Article 33, available at http://www.unhcr.org/en-us/3b66c2aa10.

[4] *See R.I.L.R. v. Johnson*, 80 F. Supp 3d 164 (D.D.C. 2015). The Government was enjoined from detaining migrants for the purpose of deterring future migration to the United States and from considering deterrence as a factor in custody determinations for those individuals.

[5] Neena Satija, *The Trump administration is not keeping its promises to asylum seekers who come to ports of entry*, Texas Tribune (July 5, 2018), available at https://www.texastribune.org/2018/07/05/migrants-seeking-asylum-legally-ports-entry-turned-away-separated-fami/.

[6] *Kirstjen Nielsen Addresses Families Separation at Border: Full Transcript*, New York Times (June 18, 2018), available at https://www.nytimes.com/2018/06/18/us/politics/dhs-kirstjen-nielsen-families-separated-border-transcript.html.

4. Does DHS understand 8 U.S.C. § 1225 and 1158 to allow the Department to limit processing of asylum seekers as a means of deterring migration? If so, does DHS understand there to be any limitations on its ability to limit such processing? Does DHS, for example, understand 8 U.S.C. § 1225 and 1158to allow the Department to intentionally process one person per day, or per week, at any port of entry?

Thank you for your prompt attention to this matter, and we look forward to your timely response. Should you have any questions, please contact Joshua Breisblatt at joshua.breisblatt@mail.house.gov.

Sincerely,

Jerrold Nadler
Ranking Member
House Committee on the
Judiciary

Bennie G. Thompson
Ranking Member
House Committee on
Homeland Security

Zoe Lofgren
Ranking Member
Subcommittee on
Immigration and Border
Security

CC: The Honorable Bob Goodlatte, Chairman, House Judiciary Committee
The Honorable Kirstjen M. Nielsen, Secretary, U.S. Department of Homeland Security
Judson W. Murdock II, Acting Assistant Commissioner, Office of Intelligence, U.S. Customs and Border Protection