MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **EXHIBIT 46 TO MOTION FOR PROVISIONAL CLASS CERTIFICATION** |
| Kevin K. McAleenan,[1] *et al.*, | |
| Defendants. | |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

Case 3:17-cv-02366-BAS-KSC   Document 293-48   Filed 09/26/19   PageID.7841
Page 2 of 4

1   CENTER FOR CONSTITUTIONAL RIGHTS
        Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
2       *bazmy@ccrjustice.org*
        Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
3       *gschwarz@ccrjustice.org*
        Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
4       *aguisado@ccrjustice.org*
    666 Broadway, 7th Floor
5   New York, NY 10012
    Telephone: +1.212.614.6464
6   Facsimile: +1.212.614.6499

7   SOUTHERN POVERTY LAW CENTER
        Mary Bauer (VA Bar No. 31388) (*pro hac vice*)
8       *mary.bauer@splcenter.org*
    1000 Preston Ave.
9   Charlottesville, VA
        Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
10      *sarah.rich@splcenter.org*
        Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
11      *rebecca.cassler@splcenter.org*
    150 E. Ponce de Leon Ave., Suite 340
12  Decatur, GA 30030

13  AMERICAN IMMIGRATION COUNCIL
        Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
14      *kwalters@immcouncil.org*
    1331 G St. NW, Suite 200
15  Washington, D.C. 20005
    Telephone: +1.202.507.7523
16  Facsimile: +1.202.742.561

17

18

19

20

21

22

23

24

25

26

27

28



**From:** Grodin, Edward (EOIR)
**Sent:** Thursday, September 12, 2019 1:38 PM
**To:** McHenry, James (EOIR) ; Owen, Sirce E. (EOIR) ; Gupta, Dimple (EOIR) ; Alder Reid, Lauren (EOIR) ; Neal, David L. (EOIR) ; Adkins-Blanch, Chuck (EOIR) ; Santoro, Christopher A (EOIR) ; Maggard, Print (EOIR) ; Cheng, Mary (EOIR) ; Lin, Austin (EOIR)
**Cc:** Anderson, Jill (EOIR) ; Baptista, Christina (EOIR) ; Hartman, Alexander (EOIR) ; Robbins, Laura (EOIR)
**Subject:** RE: Updated Guidance: Ninth Circuit Stay Order - Asylum Transit Interim Final Rule Litigation
**Importance:** High

Good afternoon EOIR Leadership,

Late yesterday, the Supreme Court issued the attached order in *Barr v. East Bay Sanctuary Covenant*, No. 19A230, staying two orders issued by the district court that had enjoined nationwide the application of the DOJ/DHS joint interim final rule, "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019)—i.e., the third-country-transit rule. The Supreme Court's order provides: "The district court's July 24, 2019 order granting a preliminary injunction and September 9, 2019 order restoring the nationwide scope of the injunction are stayed in full pending disposition of the Government's appeal in the United States Court of Appeals for the Ninth Circuit and disposition of the Government's petition for a writ of certiorari, if such writ is sought. If a writ of certiorari is sought and the Court denies the petition, this order shall terminate automatically. If the Court grants the

petition for a writ of certiorari, this order shall terminate when the Court enters its judgment."

In light of the Supreme Court's order, OIL advises that the third-country-transit rule now applies nationwide to:

- (1) All credible-fear screenings, or immigration-judge reviews of such screenings, that are either conducted after or remain pending after September 11, 2019; and

- (2) All asylum applications filed by aliens who entered, attempted to enter, or arrive in the United States on or after July 16, 2019—whether filed affirmatively with USCIS or defensively in removal proceedings—that remain pending (whether before USCIS, before an immigration judge, or before the Board of Immigration Appeals) after September 11, 2019.

OIL further advises, in line with the above, that the rule should not be applied to any alien who has a final administrative decision granting asylum on or before September 11, 2019. However, if the case is still pending on appeal before the Board, the rule may apply. Additionally, as a reminder, the rule applies only to an alien who enters, attempts to enter, or arrives in the United States across the southern land border on or after July 16, 2019.

Thank you for bearing with the several updates in our guidance these past few weeks.

Best,

Edward

Edward Grodin
Associate General Counsel
Office of the General Counsel
Executive Office for Immigration Review
United States Department of Justice
Telephone:
Email: