JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
SAIRAH G. SAEED (IL 6290644)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Kevin K. McALEENAN,* Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br> Hon. Cynthia A. Bashant <br><br> **DEFENDANTS' RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL PORTIONS OF PLAINTIFFS' PRELIMINARY INJUNCTION AND CLASS CERTIFICATION PAPERS** |

---

* Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Federal Rule of Civil Procedure 25(d).

# DEFENDANTS' RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION TO FILE UNDER SEAL

Defendants hereby respond in support of Plaintiffs' Motion to Seal Portions of Their Preliminary Injunction and Class Certification Papers (ECF No. 290). As set forth in the accompanying Declarations of Randy Howe, Executive Director for Operations, Office of Field Operations ("OFO"), U.S. Customs and Border Protection ("CBP"), and Rodney H. Harris, Deputy Assistant Director of Field Operations, Border Security, Laredo Field Office, OFO, CBP, there are compelling reasons to keep Defendants' documents under seal.

Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party may still overcome the presumption of access. *Heldt v. Guardian Life Ins. Co. of America*, No. 16-cv-885, 2018 WL 5920029, at *1 (S.D. Cal. Nov. 13, 2018). When the documents to be protected are "more than tangentially related to the merits," as is the situation here, parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at *1 (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–98 (9th Cir. 2016)); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). The Court has the discretion to seal documents "upon consideration of 'the relevant facts and circumstances of the particular case.'" *Heldt*, 2018 WL 5920029 at *1 (quoting *Nixon*, 435 U.S. at 599).

Here, Plaintiffs have moved to seal portions of their Motions for Provisional Class Certification and Preliminary Injunction and four documents Defendants produced during the course of discovery. The specific nature of each of these documents and the information contained therein provide compelling reasons to grant Plaintiffs' Motion to Seal.

First, the Court should seal the February 25, 2018 internal email with the subject line "CBP_MCAT_REPORT for February 25, 2018" (AOL-DEF-00012000–

01), which is marked "Highly Confidential/Attorneys' Eyes Only." *See* Pls.' Mot. for Provisional Class Certification Ex. 3 (ECF No. 293-5); Pls.' Mot. for Prelim. Inj. Ex. 41 (ECF No. 294-43). The MCAT Report is compiled from data contained exclusively in internal databases or internal agency records, or compiled from non-public intragovernmental communications between CBP and other federal government entities, such as U.S. Immigration and Customs Enforcement ("ICE") or the U.S. Department of Health and Human Services. Howe Decl. ¶ 5. The Report is designed to provide up-to-date, detailed information for high-level agency personnel, who rely on the information to make "sensitive operational decisions." *Id.* Disclosure of this information could expose "particular operational vulnerabilities" along the U.S.-Mexico border, thereby allowing bad actors to exploit those vulnerabilities and circumvent the law. *Id*. The Court should therefore keep this document sealed, as the specific facts provide compelling reasons to protect the law enforcement-sensitive information contained in this document. *Cf. Motley v. City of Fresno, California*, No. 15-cv-905, 2016 WL 1060144, at *2 (E.D. Cal. Mar. 17, 2016) (court should evaluate the specific facts of the law enforcement sensitive document to determine whether it should be sealed).

Second, the Court should keep the email dated January 22, 2019, with the subject line "Field Office Queue Management Report 1.22.2018," which is marked "Confidential" (AOL-DEF-00012012–17), filed under seal. *See* Pls.' Mot. for Provisional Class Certification Ex. 4 (ECF No. 293-6); Pls.' Mot. for Prelim. Inj. Ex. 41 (ECF No. 294-43). OFO's Field Queue Management Reports contain data compiled from Field Offices along the U.S.-Mexico border and a host of other CBP and external sources. Howe Decl. ¶¶ 3, 4. The Reports are "generated strictly for internal CBP and [U.S. Department of Homeland Security] use" to "make plain any resource vulnerabilities." *Id.* ¶ 4. This, in turn, allows the agency to change its resource allocation or mission-set prioritization to mitigate those vulnerabilities. *Id.* The Reports contain data that, if made public, could provide "hostile actors actionable information about

which ports of entry are facing certain operational challenges, and thus reveal when/where/under what conditions someone or something should try to affect entry, should create diversions or distractions, or should makes moves to create operational difficulties for the ports, all of which would put the security of our border in a more vulnerable posture." *Id*. The sensitive nature of this law enforcement information warrants filing the document under seal. *Cf. Motley* 2016 WL 1060144 at *2.

Third, the February 8, 2019 email chain to CBP leadership, which is marked "Highly Confidential/Attorneys' Eyes Only" (AOL-DEF-00012141–43), should also remain under seal. *See* Pls.' Mot. for Provisional Class Certification Ex. 5 (ECF No. 293-7). The email chain contains internal agency information reflecting the agency's custody capacity and discloses internal opinions and reactions of agency officials to the information provided. Howe Decl. ¶ 6. Additionally, the exhibit contains agency officials' email addresses. *Id*. Preventing public disclosure of those email addresses provides a compelling reason to seal the document. *See, e.g.*, *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-cv-3874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (citing *Benedict v. Hewlett-Packard Co.*, No. 13-cv-119, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014)); *Darisse v. Nest Labs, Inc.*, No. 14-cv-1363, 2016 WL 11474174, at *2 (N.D. Cal. June 2, 2016).

Finally, the Court should keep the "Laredo Field Office Contingency Plan," which is marked "Highly Confidential/Attorneys' Eyes Only" (AOL-DEF-00011122–232), under seal. *See* Pls.' Mot. for Provisional Class Certification Ex. 27 (ECF No. 293-29); Pls.' Mot. for Prelim. Inj. Ex. 43 (ECF No. 294-45). The document "contains specific operation plans to handle possible mass migration influxes for all ports within the Laredo Field Office" and describes how the Field Office will allocate its resources during urgent and emergent events. Harris Decl. ¶ 3. The plan contains crucial information that could allow bad actors to frustrate important law enforcement functions at the Laredo Field Office, and thereby undermine CBP's law

enforcement personnel. Harris Decl. ¶¶ 3–6. Because of the sensitive nature of this information, the Court should allow this document to remain under seal. *Cf. Motley*, 2016 WL 1060144, at *2.

Thus, for the reasons discussed above and in the accompanying declarations, the Court should seal these sensitive documents and the portions of Plaintiffs' briefs that rely on them. *See* Pls.' Mem. in Support of Provisional Class Certification, at 4–7; Pls.' Mem. in Support of Prelim. Inj., at 16–17.

DATED: September 27, 2019       Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: September 27, 2019          Respectfully submitted,

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*