UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br>     *Plaintiffs*, <br><br> v. <br><br> Kevin K. McAleenan, *et al.*, <br>     *Defendants*. | No. 3:17-cv-02366-BAS-KSC |

**DECLARATION OF RODNEY H. HARRIS**

I, Rodney H. Harris, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information known to me from official records and reasonably relied upon the course of my employment, hereby declare as follows relating to the above-captioned matter.

1. I am currently the Deputy Assistant Director of Field Operations, Border Security, Laredo Field Office (LFO), Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP), U.S. Department of Homeland Security (DHS). Prior to serving in this role, I was a Supervisory Program Manager for Border Security at the Laredo Field Office. I began my career as a Customs Inspector in Laredo, TX.

2. I make this Declaration in support of the pending Motion to File Documents Under Seal. Specifically, I make this declaration to support the filing of one document under seal, indexed as AOL-DEF-00011011 through AOL-DEF-00011121, the Laredo Field Office Mass Migration Contingency Plan.

3. The Laredo Field Office Mass Migration Contingency Plan is a contingency plan designed to ensure that the CBP, Office of Field Operations area of responsibility known

1

as the Laredo Field Office is provided with the necessary resources to address a possible influx of unaccompanied alien children, family units, or other alien populations. The Mass Migration Contingency Plan contains specific operational plans to handle possible mass migration influxes for all ports within the Laredo Field Office, which includes the ports of Brownsville, Del Rio, Eagle Pass, Laredo, Hidalgo, Rio Grande City, Progresso, and Roma. The Mass Migration Contingency Plan addresses not only issues that may arise across the entire field office, but also contains specific port operational plans. The Mass Migration Contingency Plan generally outlines how the Laredo Field Office would reorganize its resources in order to address an urgent and emergent issue. It includes how the Field Office will ensure that the inspection process remains secure, as well as the particular thresholds at which specific ports will seek additional assistance. Should those thresholds be made public, it would permit those seeking to frustrate the important law enforcement function of CBP to know what type and level of traffic could overwhelm or weaken the ability of CBP to address a particular situation. The plan has detailed descriptions of when more sophisticated law enforcement tools and personnel may be called upon to provide protection and assistance. It also has descriptions of the nature of equipment and protection available to law enforcement officers. All of this information, if made public, would dramatically undermine the ability of the Laredo Field Office to effectively respond not only to emergent situations, but also to those who would seek to undermine law enforcement personnel.

4. The Mass Migration Operations Plan also includes specific contact information for all senior leadership within the ports, as well as state, local and other law enforcement partners. While, individually, some of this information may already be public, providing

all of the information, including which offices will assist in an emergent situation, would allow bad actors to know where and how to target efforts to disrupt effective responses. This is particularly true with respect to international partners.

5. Moreover, the Mass Migration Contingency Plan also contains port specific information related to capacity of individual holding cells, processing times, transportation logistics, and staffing and resource deployment. For example, the port-specific plans explain how staffing and resources would shift in the face of an emergent situation, as well as how they would be deployed and when. Such information, were it to be made public, could facilitate the ability of bad actors to circumvent the law enforcement efforts of the Laredo Field Office and understand where the greatest vulnerabilities may be, leading to a heightened risk with respect to those vulnerabilities.

6. If any of this sensitive information were to be disclosed to the public, it would serve to bring any vulnerabilities in processing, staffing, and resource limitations to the attention of those who may wish to exploit them. Hostile actors could use the detailed procedures in handling a migratory influx event to determine what our "breaking points" are on a number of operational fronts at each represented port. Put another way, releasing this information could give hostile actors actionable information about which ports of entry are facing certain operational challenges, and thus reveal when/where/under what conditions someone or something should try to affect entry or avoid entry, should create diversions or distractions, or should make moves to create operational difficulties for the ports, that would put the security of our border in a more vulnerable posture.

7. Any alternative remedy, other than filing under seal, would restrict the parties from ably advocating their positions, since the document would need to be so dramatically redacted

      in order to remove the risk to the law enforcement mission of Defendants. For these reasons, AOL-DEF-00011011 through AOL-DEF-00011121, should be filed under seal and kept confidential.

8.     I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 26 day of September, 2019.

*[signature]*
Rodney H. Harris
Deputy Assistant Director of Field Operations- Border Security
Laredo Field Operations
Office of Field Operations
U.S. Customs and Border Protection