JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
SAIRAH G. SAEED (IL 6290644)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Kevin K. McALEENAN,* Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>*Defendants* | Case No. 3:17-cv-02366-BAS-KSC<br><br>Hon. Cynthia A. Bashant<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO SHORTEN THE BRIEFING SCHEDULE** |

---

\* Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Federal Rule of Civil Procedure 25(d).

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
***EX PARTE* APPLICATION**

For several reasons, the Court should deny Plaintiffs' *Ex Parte* Application to Shorten the Briefing Schedule for the Motions for Provisional Class Certification and Preliminary Injunction ("Application") (ECF No. 295), which together seek to enjoin the U.S. Department of Justice ("DOJ") and U.S. Department of Homeland Security ("DHS") from applying the interim final rule Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829 (July 16, 2019), to certain aliens waiting to enter ports of entry along the U.S.-Mexico border. *See* Pls.' Mot. for Provisional Class Certification, at 1 (ECF No. 293); Pls.' Mot. for Prelim. Inj., at 1 (ECF No. 294).

*First*, the Supreme Court has already permitted the interim final rule to go into effect over similar objections raised by one of the same Plaintiffs on behalf of an even broader group of aliens. *See Barr v. East Bay Sanctuary Covenant*, No. 19A230, 2019 WL 4292781 (U.S. Sept. 11, 2019) (staying orders granting nationwide preliminary injunction of the interim final rule). This Court should not order an expedited motion schedule when the Supreme Court has already denied the relief that those Motions seek.

*Second*, Plaintiffs have not shown good cause for an expedited motion schedule. Plaintiffs claim that expedited briefing and argument is "necessary" because the putative provisional class members "face life-threatening conditions in Mexican border towns as a result of the government's metering policy and July 16, 2019 interim final rule." *Ex Parte* App., at 1. But Plaintiffs do not seek an end to Defendants' metering practices through their Motions. They ask only that a lesser standard of review be applied to their eventual claims of persecution once they arrive in the United States. *See* Pls.' Mot. for Prelim. Inj., at 1; Pls.' Mem. in Support of Mot. for Prelim. Inj., at 24–25 (ECF No. 294-1). The Court should not order an expedited schedule when the relief Plaintiffs request would not resolve the harm they complain

of.

*Third*, Defendants would be prejudiced by entering an expedited schedule. Because of the upcoming legal holiday, Defendants are already required to file their opposition brief on October 11 instead of October 14, as they normally would be required to for a motion noticed for October 28. *See* CivLR 7.1(e)(2); Fed. Rs. Civ. P. 6(a)(1)(C), 6(a)(5). Requiring Defendants to file their opposition brief even earlier only exacerbates this already-tight briefing window.

*Finally*, Defendants would also be prejudiced by the *Ex Parte* Application's effective circumvention of the Local Rules' page limits. Plaintiffs' Motion for Provisional Class Certification is noticed for October 28, and their Motion for Preliminary Injunction is noticed for November 4. Because the Motions are noticed for different days, the Local Rules permit Plaintiffs to file a 25-page brief in support of each Motion, and would normally permit Defendants to file a 25-page brief in opposition to each Motion. *See* CivLR 7.1(h). However, were the Motions consolidated onto the same hearing schedule per Plaintiffs' request in the *Ex Parte* Application, the Local Rules would presumptively limit Defendants to a single 25-page brief in opposition to *both* Motions. *See id.* ("Briefs or memoranda . . . in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion."). Granting Plaintiffs' *Ex Parte* Application would thus unfairly force Defendants to oppose 50 pages of argument in only 25 pages.[1]

Thus, for the reasons discussed above, the Court should deny Plaintiffs' *Ex Parte* Application.

---

[1] If the Court grants the *Ex Parte* Application or otherwise consolidates the Motions, Defendants request that the Court allow them to file an equal number of pages (50) in opposition to the Motions. *See, e.g.*, *ViaSat, Inc. v. Acacia Communications, Inc.*, No. 16-cv-463, 2018 WL 3416639, at *1 (S.D. Cal. June 26, 2018) (remedying moving party's excessive briefing by allowing opposing party to file the same number of pages in opposition, rather than striking the briefs in support).

| | |
|---|---|
| DATED: September 27, 2019 | Respectfully submitted, |
| | |
| | JOSEPH H. HUNT |
| | Assistant Attorney General |
| | |
| | WILLIAM C. PEACHEY |
| | Director |
| | |
| | KATHERINE J. SHINNERS |
| | Senior Litigation Counsel |
| | |
| | <u>/s/ Alexander J. Halaska</u> |
| | ALEXANDER J. HALASKA |
| | Trial Attorney |
| | United States Department of Justice |
| | Civil Division |
| | Office of Immigration Litigation |
| | P.O. Box 868, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel: (202) 307-8704 | Fax: (202) 305-7000 |
| | alexander.j.halaska@usdoj.gov |
| | |
| | *Counsel for Defendants* |

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: September 27, 2019

Respectfully submitted,

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*