MAYER BROWN LLP
Matthew H. Marmolejo (CA Bar No. 242964)
*mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Ori Lev (DC Bar No. 452565)
(*pro hac vice*)
*olev@mayerbrown.com*
Stephen M. Medlock (VA Bar No. 78819)
(*pro hac vice*)
*smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
Melissa Crow (DC Bar No. 453487)
(*pro hac vice*)
*melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

Al Otro Lado, Inc., *et al.*,

Plaintiffs,

v.

Kevin K. McAleenan,[1] *et al.*,

Defendants.

Case No.: 17-cv-02366-BAS-KSC

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR UNOPPOSED MOTION FOR LEAVE TO LODGE SUPPLEMENTAL EVIDENCE**

Hearing Date: November 18, 2019

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
*bazmy@ccrjustice.org*
Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
*gschwarz@ccrjustice.org*
Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
*aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
Mary Bauer (VA Bar No. 31388) (*pro hac vice*)
*mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA 22903
Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
*sarah.rich@splcenter.org*
Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
*rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
*kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Plaintiffs seek leave to file a single supplemental exhibit in support of their motion for preliminary injunction. *See* Dkts. 292, 294. On September 26, 2019, as Plaintiffs were filing these motions, the Office of Inspector General of the U.S. Department of Homeland Security ("DHS OIG") was releasing a report entitled *Investigation of Alleged Violations of Immigration Laws at the Tecate, California Port of Entry by U.S. Customs and Border Protection Personnel*. *See* Ex. A (the "OIG Report").

According to the OIG Report, in July 2018 a whistleblower "raised several concerns regarding asylum processing practices at the Tecate Port of Entry, where he is assigned." Ex. A at 3. Amongst other things, the whistleblower stated that:

1. Since 2016, CBP managers have instructed CBP officers to physically escort asylum seekers arriving at the Tecate Port of Entry back to Mexico[.]
2. In July 2018, CBP managers at the Tecate Port of Entry established a practice where CBP officers stand at the United States international border with Mexico to physically deny asylum seekers entry onto U.S. soil[.]
3. CBP officers at the Tecate Port of Entry do not maintain a record or physical documentation when encountering asylum seekers.

Ex. A at 3.

On August 23, 2018, DHS OIG agreed to investigate these allegations. *Id.* Between August 2018 and March 2019, DHS OIG interviewed 24 current and former CBP officials and reviewed emails collected from an unspecified number of CBP officials. *See* Ex. A at 4-5. The Government never disclosed the existence of this seven-month DHS OIG investigation to Plaintiffs during discovery.

On July 9, 2019, Jennifer Costello, the Acting Inspector General of DHS, wrote a memorandum regarding the investigation. *See* Ex. A at 3. Ms. Costello wrote that DHS OIG "found instances of CBP officials" at the Tecate Port of Entry "returning some asylum applicants to Mexico after they has already entered the

United States" and that this practice was "contrary to Federal law and CBP policy." *Id.* at 4. Tellingly, personnel at the Tecate Port of Entry kept no documentation of this practice, *see id.*, and did not install security cameras in locations that would have captured these turnbacks. *See id.* at 10, n.19. Furthermore, DHS OIG determined that "at many ports of entry along the Southwest border, CBP has used a practice known as 'metering' or 'queue management.'" *Id.*at 4. Although DHS OIG attempted to justify this practice as "prevent[ing] overcrowiding within the port[s]," the OIG Report cites no evidence that the Tecate Port was actually overcrowded. *Id.*

Good cause exists for granting Plaintiffs leave to supplement the evidence in support of their motions for preliminary injunction with the OIG Report. Until September 26, 2019, the Government had not publicly acknowledged the existence of this DHS OIG investigation or the whistleblower. The OIG Report was disclosed the same day that Plaintiffs filed their motions for preliminary injunction and provisional class certification. The OIG Report is also material. It concedes that metering is occurring at several ports of entry and that CBP officials at the Tecate Port of Entry interpreted the metering policy broadly to shut down nearly all processing of asylum seekers at the Tecate Port of Entry. *See* Ex. A at 13. Moreover, it acknowledges that CBP officers at the Tecate Port engaged in conduct with respect to asylum seekers that violated federal law. *See* Ex. A at 3-4. This non-duplicative information is directly relevant to whether Plaintiffs are likely to succeed on the merits of their claims.

Plaintiffs have met and conferred with the Government regarding this motion and understand that the Government does not oppose this motion.

Therefore, the Court should grant Plaintiffs leave to supplement the evidence in support of their motion for preliminary injunction with the OIG Report attached as Exhibit A.

Dated: October 2, 2019

MAYER BROWN LLP
Matthew H. Marmolejo
Ori Lev
Stephen S. Medlock

SOUTHERN POVERTY LAW CENTER
Melissa Crow
Mary Bauer
Sarah Rich
Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Ghita Schwarz
Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
Karolina Walters

By: *<u>/s/ Stephen M. Medlock</u>*
Stephen M. Medlock

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH MEET-AND-CONFER REQUIREMENT**

Pursuant to Section 4(A) of the Court's Standing Order for Civil Cases, this motion is made following the telephonic conference of counsel that took place on October 1, 2019. During this conference, Defendants stated that they do not oppose this motion.

Dated: October 2, 2019

MAYER BROWN LLP

By */s/ Stephen M. Medlock*
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: October 2, 2019

MAYER BROWN LLP

By */s/ Stephen M. Medlock*