JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation –
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
SAIRAH G. SAEED (IL 6290644)
Trial Attorney

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, INC., *et al*, | Case No. 3:17-cv-02366-BAS-KSC |
| | Hon. Karen S. Crawford |
| Plaintiffs, | |
| | **[DISCOVERY MATTER] JOINT MOTION TO PARTIALLY MODIFY SEPTEMBER 9, 2019 ORDER (UNOPPOSED)** |
| v. | |
| KEVIN K. MCALEENAN,[1] Secretary, U.S. DHS, in his official capacity; *et al.*, | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| Defendants. | **[*Declaration of Katherine J. Shinners Filed Concurrently*]** |

[1] Kevin K. McAleenan is automatically substituted for Former Secretary Nielsen pursuant to Federal Rule of Civil Procedure 25(d).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JOINT MOTION TO PARTIALLY MODIFY
## SEPTEMBER 9, 2019 ORDER

### I.    DEFENDANTS' ARGUMENT

Defendants respectfully request that the Court partially modify its September 9, 2019 Order Re: Joint Motion to Compel Defendants' Production of Documents & Joint Motion for Entry of Scheduling Order (ECF Dkt. No. 288) ("September 9 Order").  Defendants request to modify only the deadline for Defendants to produce documents from U.S. Customs and Border Protection custodians Randy Howe, Todd Hoffman, Todd Owen, Carlos Rodriguez, and Sidney Aki ("Priority Custodians") from October 8, 2019, to October 25, 2019. Specifically, Defendants request that the Court modify Paragraph 1 of the September 9 Order as follows:

> 1.    Defendants shall produce all responsive, non-privileged documents from custodians Randy Howe, Todd Hoffman, Todd Owen, Carlos Rodriguez, and Sidney Aki by October 25, 2019.

Defendants submit that good cause exists to grant this relatively brief extension for a subset of documents from their overall production.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s "good cause" standard [for modification of a scheduling order] primarily considers the diligence of the party seeking the amendment.").  Defendants have worked diligently to review and produce documents from the Priority Custodians. However, they require additional time to complete the production from those custodians, whose documents represent much more than half the volume of Defendants' collection.  This requested extension will not affect any other case management deadlines.  Defendants also still currently expect to meet the overall production deadline of November 19, 2019.  Moreover, Plaintiffs do not oppose

this request and will not be prejudiced by this brief extension, because Defendants anticipate producing the majority of the responsive, non-privileged documents from these custodians on or before October 8, 2019.

**A. Defendants Have Been Diligent in Their Collection, Review and Production, But Require a Brief Extension of the October 8 Deadline.**

The volume of documents subject to review from the Priority Custodians is extremely high. Defendants have made substantial progress on review and production in efforts to meet the October 8 deadline for Priority Custodians, all while balancing those efforts with significant litigation responsibilities in this case (including other agreed-upon production deadlines and recent motions for preliminary injunctive and related relief) and the other missions of their attorneys. *See generally* Declaration of Scott Falk (attached as Exhibit 1 to the Declaration of Katherine J. Shinners). As a result, on October 8, 2019, Defendants anticipate that they will have produced the majority of non-privileged documents from these custodians.

**Production Status:** Since their last status report, Defendants have made the following productions:

(1) On September 25, 2019, Defendants produced documents from three non-custodial sources (as agreed between the parties), at AOL-DEF-00013948 to AOL-DEF-00016544.

(2) On September 30, 2019, Defendants produced documents from various custodians, at AOL-DEF-00016545 to AOL-DEF-00042014. This

production consists of 9,817 documents; <u>8,646 of those documents are from the Priority Custodians</u>.[2]

Shinners Decl. ¶¶ 19-20.

Defendants intend to make another document production on or before the current October 8 deadline. As of September 30, 2019, at 12:41 p.m. (Eastern Time), there were 31,294 non-privileged documents from the Priority Custodians in the queue for the next production.  Shinners Decl. ¶ 21.  Defendants cannot promise a particular number of documents that will be produced by October 8, 2019, because they cannot definitively predict the number of documents that will be ultimately determined to be responsive and non-privileged in the documents currently remaining for privilege review or undergoing quality control measures. However, based on the current rate of privilege and confidentiality review (discussed *infra* p. 6), and the lead time needed to prepare documents for production (*see* Shinners Decl. ¶ 22), Defendants anticipate producing approximately 40,000 additional documents from the Priority Custodians on or before October 8, 2019, for a total of approximately 49,000 documents from these custodians.

**Status of collection and review.**  The volume of documents from the five Priority Custodians represents a large percentage of the total volume of documents for review.  For example, the number of emails collected from these five custodians represent 67% of the total number of emails collected from the main fourteen custodians.  *See* Shinners Decl. ¶ 6.[3]  After application of the agreed-

---

[2] Of the total number of documents, 841 consist of placeholders for privileged documents that have been withheld in full.  Shinners Decl. ¶ 20.

[3] The table set forth in Paragraph 6 of the Declaration shows that there were 2,914,012 emails collected from the principal custodians; 1,794,187 are from the Priority Custodians.

upon search terms, there were 457,404 emails and attachments from the Priority Custodians subject to review.  Shinners Decl. ¶ 8.  Defendants have also collected non-email ESI and other hard-copy documents from the Priority Custodians totaling 166,655 documents.  *See* Shinners Decl. ¶¶ 10-11.  Assuming a 22% search term hit-rate, *see* ECF Dkt. No. 242-2 ¶ 20 (setting forth historical hit rates), Defendants anticipate that the number of such documents subject to review for responsiveness will be approximately 36,500.  Accordingly, the total number of documents for responsiveness review from these custodians is estimated to be approximately 494,000.

As evidenced by the number of documents already produced or in line for production from the Priority Custodians, Defendants have already reviewed many of these documents.  Defendant CBP has assigned numerous attorneys to conduct document review in this case in an effort to meet the Court's deadlines and the parties' agreed-upon deadlines, including to review the above-described documents from the Priority Custodians.  Shinners Decl. ¶ 18.  These document reviewers are primarily working on one of three projects: (1) responsiveness review in Active Learning; (2) responsiveness review on items that are not included in the Active Learning project; and (3) privilege and confidentiality review of those items designated responsive.  Shinners Decl. ¶¶ 12, 15, 16.  None of these attorneys can conduct this review full-time, in light of their other responsibilities, *see generally* Falk Decl., and it took time to train and bring on board the number of reviewers necessary to meet the various deadlines in the Court's September 9 Order.  Defendants nonetheless continue to increase their review and production output.

Responsiveness review of the Priority Custodians' documents is ongoing. As explained in Defendants' Active Learning Protocol, the Active Learning tool is used to assist in identifying responsive documents across custodians.  *See*

Shinners Decl. ¶ 12 & Ex. 2.  Accordingly, Defendants cannot segregate and prioritize the identification of the responsive documents from particular custodians (such as the Priority Custodians) within Active Learning, but must review documents from all custodians.  *Id*.  Nonetheless, Defendants have made substantial progress in review of documents to train Active Learning.  Since September 4, 2019, Defendants have reviewed approximately 1,500 documents in Active Learning per business day.  Shinners Decl. ¶ 13.  Once this review/training phase is complete, Defendants can continue to step two of the Active Learning process: validation and determination of the appropriate relevance rank.  Shinners Decl. ¶ 13.  Defendants estimate that, as of September 30, 2019, approximately 10,000 documents remain for review before the step-two validation process can occur.  *See* Shinners Decl. ¶ 14.  As for those documents that are not included in the Active Learning project, Defendants have nearly completed their review of the Priority Custodians' documents: as of September 30, 2019, only 3,543 documents out of 27,924 from the Priority Custodians remained to be reviewed for responsiveness.  *See* Shinners Decl. ¶ 15. Defendants also need to review the Priority Custodians' non-email ESI and hard copy documents for responsiveness.[4]

Documents that are designated as responsive, as well as their family members, must then be reviewed for proper privilege and confidentiality designations or redactions.  Assuming that approximately 20 percent of the approximate total number of documents subject to responsiveness review (494,000) will be designated as responsive through Active Learning review or through other forms of responsiveness review, the total number of documents

---

[4] It is possible, given the timing of collection and the Plaintiffs' request for an earlier deadline for the Priority Custodians' documents, that none of these non-email documents will be included in the Active Learning project.

from the Priority Custodians to be reviewed for privilege and confidentiality is projected to be approximately 98,800.[5]  As of September 30, 2019, CBP had completed privilege and confidentiality review on 54,878 documents from the Priority Custodians.[6]  Shinners Decl. ¶ 17.

CBP reviewers are currently completing privilege and confidentiality review on almost 6,000 documents from the Priority Custodians per business day; these documents are fed to reviewers from the ongoing responsiveness reviews described above (both in Active Learning and outside of Active Learning). Shinners Decl. ¶ 17.  Based on this pace, Defendants expect to have completed privilege and confidentiality review of approximately 67,000 documents from the Priority Custodians by October 2, 2019 (the lead time necessary to prepare documents for production on or before October 8, 2019).  *See* Shinners Decl. ¶¶ 17, 22.  Defendants cannot definitively say at this time how many more documents from the Priority Custodians will remain to be reviewed for privilege and confidentiality after the production cut-off date of October 2, 2019.  However, based on their estimate of total documents from the Priority Custodians to be reviewed for privilege (98,800), they estimate that approximately 31,800 documents from those custodians will remain for privilege and confidentiality review after that date.

---

[5] Importantly, this is not an estimate of the number of non-privileged documents that will be produced.  Some of these documents may ultimately be determined to be privileged or non-responsive.

[6] Some of these documents may be subject to further review, such as by governmental third parties or other third parties who may need to assert a privilege over the document.

Accordingly, a brief extension to October 25, 2019, will enable Defendants to complete production from these Priority Custodians, including allowing adequate time to complete all levels of review.

**B. Plaintiffs Do Not Oppose this Extension.**

Moreover, Plaintiffs do not oppose, and will not be prejudiced by, this brief extension. On October 1, Plaintiffs will have received close to 10,000 documents from these Priority Custodians. Defendants will then produce approximately 40,000 total documents from their chosen Priority Custodians on or before the original deadline of October 8, 2019. Under Defendants' requested extension, Plaintiffs will then receive the remainder of those custodians' documents on or before October 25, 2019. Based on the resources devoted to document review, Defendants currently expect to meet other production deadlines and to complete their document production by the November 19, 2019 deadline.

Accordingly, given that Plaintiffs will be receiving the majority of the documents from the Priority Custodians by the deadline—which will certainly take some time for Plaintiffs to review and analyze—it is difficult to imagine that Plaintiffs will be prejudiced as a result of a 17-day extension for Defendants to produce the remainder of those documents.

**C. Conclusion**

Defendants have exercised due diligence to meet the October 8 deadline but, due primarily to the volume of the documents involved, are unable to meet that deadline. Accordingly, they respectfully request the Court grant a brief 17-day extension of that deadline.

**II.    PLAINTIFFS' ARGUMENT**

While Plaintiffs dispute the Government's claim that it has worked diligently to produce documents in this case, *see* Dtks. 269, 275, 284, Plaintiffs do not oppose

1   a one-time extension of the deadline for production of documents from priority cus-

2   todians from October 8, 2019 to October 25, 2019.  However, Plaintiffs are con-

3   cerned that, although the Government is not seeking an extension of other document

4   production deadlines at this time, this will be the beginning of a series of requests

5   to delay document production in this matter.  Accordingly, Plaintiffs respectfully

6   request that, at the upcoming October 8, 2019 joint status conference, the Govern-

7   ment be prepared to represent to the Court that it has sufficient resources to com-

8   plete its document production on the timetable set forth in the remainder of the

9   Court's September 9, 2019 order.  *See* Dkt. 288.

Dated: October 3, 2019

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
SAIRAH G. SAEED
Trial Attorneys

*Counsel for Defendants*

Dated: October 2, 2019

MAYER BROWN LLP
Matthew H. Marmolejo
Ori Lev
Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
Melissa Crow
Mary Bauer
Sarah Rich
Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Ghita Schwarz

9

Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
Karolina Walters

By: */s/ Stephen M. Medlock*
Stephen M. Medlock

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH
## MEET-AND-CONFER REQUIREMENT

I certify that on September 27, 2019, the counsel for the parties met and conferred via telephone to discuss the dispute raised in this joint motion.  This conference occurred via telephone because undersigned Defendants' counsel, who initiated the call, believed that Plaintiffs' counsel attend would be located in both New York and the District of Columbia, and because undersigned counsel was ill and unable to attend an in-person conference before the deadline for service of a Joint Motion on Plaintiffs.  Counsel for the parties subsequently conferred via email on September 27, September 30, 2019, and October 2, 2019.  On October 2, 2019, Plaintiffs indicated that they do not oppose the relief requested in this motion.


Dated:  October 3, 2019                    By  /s/ Katherine J.  Shinners
                                           Senior Litigation Counsel
                                           United States Department of Justice
                                           Civil Division
                                           Office of Immigration Litigation

1

**CERTIFICATE OF SERVICE**

2      I certify that on October 3, 2019, I served a copy of this document on the

3  Court and all parties of record by filing it with the Clerk of the Court through the

4  CM/ECF system, which will provide notice and an electronic link to this document

5  to all counsel of record.

6

7  Dated:  October 3, 2019                    */s/ Katherine J.  Shinners*

8                                                      Senior Litigation Counsel
                                                       United States Department of Justice
9                                                      Civil Division
                                                       Office of Immigration Litigation
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28