JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
SAIRAH G. SAEED (IL 6290644)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Karen S. Crawford |
| v. | **DECLARATION OF KATHERINE J. SHINNERS** |
| KEVIN K. McALEENAN,[1] Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Federal Rule of Civil Procedure 25(d).

**DECLARATION OF KATHERINE J. SHINNERS**

I, Katherine J. Shinners, declare as follows:

1. I am Senior Litigation Counsel in the District Court Section of the U.S. Department of Justice's Office of Immigration Litigation. I am an attorney for the federal Defendants in their official capacities in the case entitled *Al Otro Lado, Inc. v. McAleenan*, No. 3:17-cv-02366-BAS-KSC, which is currently pending in the U.S. District Court for the Southern District of California. I submit this declaration in support of Defendants' Joint Motion to partially modify the Court's September 9, 2019 Order (Joint Motion). These statements are based upon my personal knowledge, my review of Defendants' document productions, my review of Defendants' document review platform, my review of emails, letters, and other correspondence, and, where specifically noted, discussions with colleagues at the Department of Justice (DOJ) or with employees of U.S. Customs and Border Protection (CBP).

2. Attached hereto as **Exhibit 1** is a true and correct copy of the August 28, 2019 Declaration of Scott Falk, Chief Counsel for CBP, previously submitted at ECF Dkt. No. 284-4.

3. On Wednesday, September 25, 2019, I sent an email to Plaintiffs' counsel proposing a joint motion to extend the deadline for Defendants to produce documents from certain custodians in Paragraph 1 of the Court's September 9, 2019 Order. I sought to meet and confer on Thursday or Friday, September 26 or 27, 2019. I requested to meet and confer by telephone, as the parties have done for all discovery-related motions, because I anticipated that Plaintiffs' counsel from outside Washington, D.C. would be participating in the conference.

4. On Friday, September 27, 2019, the parties conferred via telephone regarding the relief requested in the Joint Motion. Defendants' counsel Alexander Halaska and I, and Plaintiffs' counsel Stephen Medlock attended this conference. Although these particular counsel are located in Washington D.C., this conference could not have been conducted in person because Mr. Medlock informed me that he

was traveling that day, and I was suffering from an illness that required me to stay at home.

5. On Friday, September 27, 2019, Plaintiffs' counsel sent an email to Defendants' counsel, stating that Plaintiffs would not be able to take a position on the proposed Joint Motion until seeing Defendants' section of the Motion. Plaintiffs' counsel stated: "We would be inclined to state that we do not oppose the motion if we can get a concrete representation in the joint motion regarding the number of documents that the Government anticipates producing prior to the original October 8, 2019 deadline."

6. According to information provided to me by Elaine Dismuke, eDiscovery Team Lead, Security Operations Division, Cyber Security Directorate, Office of Information and Technology, Enterprise Services, of CBP, the number of email messages collected from the main 14 agreed-upon CBP custodians are as follows[2]:

| Custodian/Source | Volume (Email message count) |
|---|---:|
| Sidney Aki | 273,977 |
| Frank S. Longoria | 79,789 |
| Carlos Rodrigues | 839,367 |
| Todd Owen | 265,358 |
| Andres Guerra | 170,180 |
| Luis Mejia | 186,260 |
| Randy Howe | 330,451 |
| Bryan Molnar | 35,646 |
| David John Gonzalez | 70,170 |
| David Higgerson | 95,817 |
| Alberto Flores | 153,215 |
| Pete Romero Flores | 156,575 |
| Mariza Marin | 172,173 |
| Todd Hoffman | 85,034 |
| TOTAL | **2,914,012** |

---

[2] Defendants have also agreed to a fifteenth CBP custodian, Jud Murdock, but for a limited time frame.

Ms. Dismuke informed me that the message count only reflects the number of email messages, and does not count each family member or item attached to an email message.

7. Defendants are using DOJ Civil Division's Relativity 9.6 review platform ("Relativity" or "review platform") to apply search terms to documents, review and, if necessary, redact documents for production.

8. According to information provided to me by contractors for the Office of Litigation Support, Civil Division, DOJ, the number of total items that hit on the agreed-upon search terms, plus family members, for the emails collected from custodians Todd Hoffman, Randy Howe, Sidney Aki, Carlos Rodriguez, and Todd Owen ("Priority Custodians") was 457,404.

9. According to information provided to me by Elaine Dismuke and counsel for CBP, CBP has also collected non-email electronic documents from the Priority Custodians.

10. According to information provided to me by contractors for the Office of Litigation Support, Civil Division, DOJ, these non-email electronic documents from the Priority Custodians are currently being processed for uploading to the review platform, and total 166,572 items after deduplication but before the application of search terms (which will occur after processing and uploading is complete).

11. Based on my review of the documents in the review platform and conversations with counsel for CBP, I understand that CBP has also collected and provided DOJ with 83 hard-copy documents from custodian Todd Owen, which are the only hard-copy documents for collection from the Priority Custodians. These documents have been uploaded to Relativity.

12. Documents that hit on search terms are being reviewed for responsiveness. Many of these CBP documents are being reviewed in the Active Learning project, as set forth in CBP's Active Learning protocol, a true and correct copy of which

is attached hereto as **Exhibit 2**. As described in that protocol, knowledgeable individuals ("Subject Matter Experts") manually code documents for responsiveness to train the Active Learning tool to identify responsive documents. Active Learning Protocol § III(1). This process relies on a prioritized review queue that does not, to my knowledge, distinguish documents by custodians. *See id.*; https://help.relativity.com/9.6/Content/Relativity/Active_Learning/Prioritized_review.htm.

13. Based on my review of information on Relativity regarding the number of documents that have been manually coded in Active Learning, CBP and DOJ Subject Matter Experts have coded an average of 1,546 documents per business day since September 4, 2019, to train the Active Learning tool.

14. Once the training phase in Active Learning is complete, then step two of the process, validation and determination of the appropriate Cutoff Rank (or relevance rank), can occur. Active Learning Protocol § III(2). Additional training may be required if validation is not successful. *See id.* Based on information provided to me by our E-Discovery Project Coordinator, a contractor for the Office of Litigation Support, Civil Division, DOJ, Defendants anticipate that they may be able to reach step two after review of approximately 10,000 more documents.

15. Documents that are excluded from Active Learning, as set forth in §II(1) of the Active Learning Protocol, are reviewed in a separate responsiveness review. Based on my review of information in Relativity, there are 27,924 such documents from the emails of the Priority Custodians. As of September 30, 2019, only 3,543 of these documents remain to be reviewed for responsiveness.

16. Documents that are manually coded responsive within Active Learning or in the separate responsiveness review or that are ranked above a certain relevance rank by the Active Learning project, as well as that document's family members, are sent to privilege and confidentiality review.

17. Based on my review of information in Relativity, as of September 30, 2019, CBP has completed privilege and confidentiality review of 54,878 documents from the Priority Custodians. Since September 23, 2019, CBP reviewers have completed privilege and confidentiality review on an average of 5,900 documents from the Priority Custodians per business day.

18. Based on my review of information in Relativity regarding the work completed by particular reviewers, CBP has devoted numerous attorney resources to these three phases of document review. From September 23 to September 30, 2019, CBP had 93 reviewers devoting various amounts of time to document review.

19. On September 25, 2019, Defendants produced documents to Plaintiffs from non-custodial sources from CBP and the Department of Homeland Security Office of Inspector General, at AOL-DEF-00013948 to AOL-DEF-00016544.

20. On September 30, 2019, Defendants produced documents to Plaintiffs from various CBP custodians, at AOL-DEF-00016545 to AOL-DEF-00042014. This production consists of 9,817 documents; 8,646 of those documents are from the Priority Custodians. Of the total number of documents, 841 consist of placeholders for privileged documents that have been withheld in full.

21. Based on my review of information in Relativity, as of September 30, 2019, at 12:41 p.m. (Eastern Time), there were 31,294 non-privileged documents from the Priority Custodians in the queue for the next production.

22. Based on my experience finalizing document productions in coordination with the Office of Litigation Support for DOJ's Civil Division, I anticipate that at least four business days are required to prepare a document production of 30,000-40,000 documents.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration was executed on September 30, 2019, in Washington, D.C.

1
2                                    */s/ Katherine J. Shinners*
                                     KATHERINE J. SHINNERS
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28