1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT
9           SOUTHERN DISTRICT OF CALIFORNIA
10

11   AL OTRO LADO, INC. et al.,                  Case No.:  17CV2366-BAS(KSC)
12                          Plaintiffs,
                                                 **ORDER RE: JOINT MOTION FOR**
13   v.                                           **DETERMINATION OF DISCOVERY**
                                                  **DISPUTE [DOC. NO. 286]**
14   KEVIN K. MCALEENAN, Secretary,
     U.S. DHS, in his official capacity, et al.,
15
16                          Defendants.
17

18        Currently pending before the Court is a Joint Motion for Determination of Discovery
19   Dispute, which raises the discrete issue as to how many ports of entry ("POE") should be
20   the subject of discovery at the pre-class certification stage. [Doc. No. 286.] In response to
21   document requests calling for documents to be produced for all POEs on the U.S.-Mexico
22   border,  defendants have selectively produced discovery limited to the San Ysidro, Otay
23   Mesa, Hidalgo and Laredo POEs and U.S. Customs and Border Protection's ("CBP's")
24   Office of Field Operations ("OFO"). Plaintiffs contend that because they allege a border-
25   wide putative class, discovery is appropriate and necessary for additional POEs. They have
26   since limited their request for discovery regarding other POEs to four custodians - one each
27   for the El Paso, Brownsville, Nogales and Calexico POEs.
28   / /

**Legal Standard re: Scope of Discovery**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

If a party fails to answer written interrogatories or produce documents in response to written requests, the party seeking discovery may move for an order compelling disclosure. Fed. R. Civ. P. 37(a)(3)&(4). "While the party seeking to compel discovery has the burden of establishing that its request satisfies relevancy requirements, the party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015).

**Discussion**

As plaintiffs explain, the documents they seek from the four additional POEs are relevant to class certification and, more generally, to this case in order to ascertain whether defendants implemented a common policy with respect to asylum seekers attempting to present themselves for inspection at POEs along the U.S.-Mexico border. Expanding the scope of discovery beyond the four POEs to include the additional four POEs that are the subject of this Motion will allow the parties to better ascertain whether a common policy with respect to asylum seekers exists, as plaintiffs contend. Conversely, this discovery may also show defendants' metering policy was not uniformly implemented across all POEs, or that port directors at some POEs effectively adopted different policies with respect to asylum seekers. In either case, the discovery sought is clearly relevant. *See e.g. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("What matters to class certification . . . [is] the capacity of a classwide proceeding to generate common answers apt to drive

17CV2366-BAS(KSC)

1   resolution of the litigation. Dissimilarities within the proposed class . . . have the potential

2   to impede the generation of common answers.")

3            Defendants argue that producing documents for the four additional custodians/POEs

4   is overly burdensome and not proportional to the needs of the case, given that they have

5   already collected a large volume of documents from the 24 custodial and non-custodial

6   sources agreed upon by the parties. [Doc. No. 286, p. 15.]  Defendants contend, without

7   offering specifics or corroboration, documents obtained from the additional four custodians

8   are likely to be duplicative of documents they have agreed to voluntarily produce. [*Id*., p.

9   16.] Additionally, defendants explain the process of collecting emails is labor-intensive

10  and time-consuming and is complicated by the fact that the server housing CBP's

11  eDiscovery tool is low on space. [*Id*., p. 18, Ex. 2, Dismuke Decl. ¶¶ 4-5.] The declarations

12  offered in support of defendants' argument describe the effort that would be required for

13  defendants to produce documents for all POEs along the U.S.-Mexico. [*Id*., Ex. 2, Dismuke

14  Decl. ¶¶ 11-14; Ex. 3 Howe Decl. ¶ 10.] Plaintiffs' Motion, however, is limited to only

15  four POEs. Defendants have not offered any facts regarding the burden of producing

16  documents for just these four custodians. Nor has it shown the burden of producing

17  documents from the four additional custodians is undue. Furthermore, with respect to

18  defendants' comments about having inadequate server space to conduct discovery, the

19  Court finds this explanation entirely unsatisfactory and reminds defendants they have

20  already been ordered to "devote adequate time and resources to ensure discovery is

21  accomplished in a timely manner…." [Doc. No. 269.]

22           Based on the foregoing, plaintiff's Motion is GRANTED. Counsel are to promptly

23  meet and confer regarding the timeframe for defendants' production of documents from

24  / /

25  / /

26  / /

27  / /

28

17CV2366-BAS(KSC)

1  the custodians for the El Paso, Brownsville, Nogales and Calexico POEs and to jointly

2  submit a proposed schedule for the Court's approval no later than **October 30, 2019**.

3        **IT IS SO ORDERED.**

4  Dated:  October 9, 2019

5

6        Hon. Karen S. Crawford
      United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17CV2366-BAS(KSC)