JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
SAIRAH G. SAEED (IL 6290644)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Kevin K. McALEENAN,[*] Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br> Hon. Cynthia A. Bashant <br><br> **DEFENDANTS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

---

[*] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Federal Rule of Civil Procedure 25(d).

## INTRODUCTION

Pursuant to Section VI(D) of the Protective Order (ECF No. 276) and Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual, Defendants move the Court for leave to seal portions of their opposition to Plaintiffs' Motion for Preliminary Injunction.

## BACKGROUND

Plaintiffs filed Motions for Provisional Class Certification (ECF No. 293) and a Preliminary Injunction ("PI Motion") (ECF No. 294) on September 26, 2019. Those Motions rely on documents that Defendants have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Plaintiffs moved to seal those exhibits and the portions of their briefs that rely on the Confidential or Highly Confidential Information contained therein on September 26, 2019. *See* ECF No. 290. On September 27, 2019, Defendants submitted in support of Plaintiffs' Motion to File Under Seal declarations from Randy Howe, Executive Director for Operations, Office of Field Operations ("OFO"), U.S. Customs and Border Protection ("CBP") (ECF No. 297-1), and Rodney H. Harris, Deputy Assistant Director of Field Operations, Border Security, Laredo Field Office, OFO, CBP (ECF No. 297-2), to show that there are compelling reasons to keep those documents sealed. Plaintiffs' Motion to Seal remains pending before the Court.

The Court ordered Defendants to file their opposition to Plaintiffs' Motion for Preliminary Injunction by October 10, 2019. *See* ECF No. 299. Defendants intend to support their opposition brief with Confidential and Highly Confidential information. Specifically, Defendants request the Court's permission to seal the following exhibits in support of their opposition:

(1) a Confidential "Field Queue Management Report" email. This document is discussed in, but not attached to, Plaintiffs' PI Motion, and the information contained in the document is already the subject of Plaintiffs' pending Motion to Seal;

(2) the portions of a declaration from Rodney Harris (specifically, the sixth through tenth sentences of paragraph 12) that discuss the contents of a Highly Confidential "Laredo Field Office Contingency Plan," which is attached to Plaintiffs' PI Motion and is already the subject of Plaintiffs' pending Motion to Seal; and

(3) the portions of Defendants' opposition brief that discuss Confidential or Highly Confidential information that is the subject of this Motion or Plaintiffs' pending Motion to Seal, specifically, the figures on page 14, lines 25, 26, and 27; the figures and statements on page 15, lines 1–4, 6–10, 14–20, and portions of footnote 3; and the figures and statements on page 16, lines 2–6.

## **ARGUMENT**

As previously set forth in the September 27 declarations of Randy Howe and Rodney Harris, there are compelling reasons to keep Defendants' documents under seal. Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party may still overcome the presumption of access. *Heldt v. Guardian Life Ins. Co. of America*, No. 16-cv-885, 2018 WL 5920029, at *1 (S.D. Cal. Nov. 13, 2018). When the documents to be protected are "more than tangentially related to the merits," as is the situation here, parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–98 (9th Cir. 2016)); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). The Court has the discretion to seal documents "upon consideration of 'the relevant facts and circumstances of the particular case.'" *Heldt*, 2018 WL 5920029 at *1 (quoting *Nixon*, 435 U.S. at 599).

The specific nature of the documents and the information contained therein

provide compelling reasons to grant this Motion to Seal. As explained in Defendants' Response in Support of Plaintiffs' Motion to Seal, the Court should seal the February 22, 2018 internal email with the subject line "Field Queue Management Report February 22, 2019" (AOL-DEF-00012236–41), which is marked "Confidential." OFO's Field Queue Management Reports contain data compiled from Field Offices along the U.S.-Mexico border and a host of other CBP and external sources. Howe Decl. ¶¶ 3, 4 (ECF No. 297-1). The Reports are "generated strictly for internal CBP and [U.S. Department of Homeland Security] use" to "make plain any resource vulnerabilities." *Id.* ¶ 4. This, in turn, allows the agency to change its resource allocation or mission-set prioritization to mitigate those vulnerabilities. *Id.* The Reports contain data that, if made public, could provide "hostile actors actionable information about which ports of entry are facing certain operational challenges, and thus reveal when/where/under what conditions someone or something should try to affect entry or avoid entry, should create diversions or distractions, or should make moves to create operational difficulties for the ports, all of which would put the security of our border in a more vulnerable posture." *Id.* The sensitive nature of this law enforcement information warrants filing these document under seal. *Cf. Motley v. City of Fresno, California*, No. 15-cv-905, 2016 WL 1060144, at *2 (E.D. Cal. Mar. 17, 2016) (court should evaluate the specific facts of the law enforcement sensitive document to determine whether it should be sealed).

Second, the Court should allow Defendants to seal portions of the Declaration of Rodney Harris that discuss the "Laredo Field Office Contingency Plan," which is marked "Highly Confidential/Attorneys' Eyes Only" (AOL-DEF-00011122–232). The Contingency Plan "contains specific operational plans to handle possible mass migration influxes for all ports within the Laredo Field Office" and describes how the Field Office will allocate its resources during urgent and emergent events. Harris Decl. ¶ 3 (ECF No. 297-2). The plan contains crucial information that could allow

1  bad actors to frustrate important law enforcement functions at the Laredo Field Office, and thereby undermine CBP's law enforcement personnel. *Id.* ¶¶ 3–6. Because of the sensitive nature of this information, the Court should allow this document and the portions of the forthcoming declaration that discuss it to remain under seal. *Cf. Motley*, 2016 WL 1060144, at *2.

Finally, for the same reasons discussed above, the Court should allow Defendants to seal the portions of their opposition brief that discuss this Confidential or Highly Confidential Information to keep that Information protected.

## CONCLUSION

For the compelling reasons discussed above, in the previously submitted Motion to Seal and supporting response (*see* ECF Nos. 290, 297), and in the previously submitted declarations (*see* ECF Nos. 297-1, 297-2), the Court should seal these sensitive documents and the portions of the parties' briefs that rely on them.

DATED: October 10, 2019         Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: October 10, 2019        Respectfully submitted,

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*