# EXHIBIT 20

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
800 DOLOROSA STREET-SUITE 300
SAN ANTONIO, TX 78207

This hearing was conducted telephonically in San Antonio, Texas. Pursuant to 8 C.F.R. § 1003.11, all motions, correspondence, and filings pertaining to this case must be filed with the San Antonio Immigration Court.

IN THE MATTER OF

Roberto Doe

RESPONDENT

CASE NO. A███████

IN REMOVAL PROCEEDINGS

CHARGE(S):   [✓] Section 212(a)(6)(A)(i) - Present in the U.S. without having been admitted or paroled after inspection.

[ ] Section 212(a)(  )(  )(  ) -

[ ] Section 237(a)(  )(  )(  ) -

ON BEHALF OF RESPONDENT:
Roberto Doe
NO ADDRESS

ON BEHALF OF THE DEPT. OF HOMELAND SECURITY:

DISTRICT COUNSEL
Asst. District Counsel,
Dept. of Homeland Security
P.O. Box 1939
San Antonio, TX 78297-1939

MEMORANDUM AND ORDER

The above-entitled matter was scheduled for a hearing at 8:30 A.M. on Jun 15, 2005. The Department of Homeland Security (the Department) appeared by and through its Assistant District Counsel.

✓ Respondent was not present and no reasonable cause was provided for respondent's failure to appear.

_____ Respondent's counsel of record was present but could offer no reasonable cause for respondent's failure to appear.

Page 1 of 2

KMO

A 98-908-723

The charging document, the Notice to Appear (Exhibit 1), indicates that it was personally served upon the respondent. A notice of the hearing was

\_\_\_\_\_ mailed to respondent. The address to which the notice was mailed is the last known address of record and is an Exhibit.

\_\_\_\_\_ mailed to respondent's counsel of record.

\_\_\_\_\_ personally served upon the respondent/respondent's counsel at a previous hearing.

✓ not given to the respondent because the respondent failed to provide the court with his/her address as required under Section 239(a)(1)(F) of the Act after having been advised of that requirement in the Notice to Appear.

The hearing notice (and any attachment thereto) is entered into the hearing record as an Exhibit. The Immigration Judge determined to proceed with a hearing in absentia pursuant to Section 240 of the Act.

In an in absentia hearing held pursuant to Section 240(b)(5)(A) of the Act the Department has the burden of proving the alien is removable by evidence which is clear, unequivocal and convincing. To meet its burden of proof the Department offered:

✓ Form I-213 Record of Inadmissible/Deportable Alien.
\_\_\_\_\_ Conviction documents.
\_\_\_\_\_ Other: _____

The Immigration Judge finds that the evidence offered by the Department relates to the respondent and it is entered into the record as an Exhibit.

The respondent, not being present, was unable to meet any applicable burden of proof or to apply for or establish eligibility for any relief to prevent removal from the United States. Any previously filed relief application is deemed abandoned by respondent's failure to appear.

Upon consideration of all the evidence of record, which the Immigration Judge finds to be clear, unequivocal and convincing, the Immigration Judge concludes that the respondent is subject to being removed from the United States for the reason(s) charged in the Notice to Appear.

WHEREFORE, IT IS HEREBY ORDERED that respondent be removed from the United States to Nicaragua

Dated: 10/15/05

*[signature]*
CHARLES ADKINS-BLANCH
Immigration Judge            S5

Page 2 of 2

This hearing was conducted telephonically in San Antonio, Texas. Pursuant to 8 C.F.R. § 1003.11, all motions, correspondence, and filings pertaining to this case must be filed with the San Antonio Immigration Court.

Confidential                                                            AOL-DEF-00005140