MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kevin K. McAleenan,[1] *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED JOINT MOTION TO SEAL PORTIONS OF PLAINTIFFS' PRELIMINARY INJUNCTION AND CLASS CERTIFICATION REPLY PAPERS** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> [*Declarations of Stephen M. Medlock and Randy Howe Filed Concurrently*] |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Mary Bauer (VA Bar No. 31388) (*pro hac vice*)
   *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

JOINT MOT. TO SEAL.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED JOINT MOTION TO SEAL PORTIONS OF PLAINTIFFS' PRELIMINARY INJUNCTION AND CLASS CERTIFICATION REPLY PAPERS**

**I. PLAINTIFFS' ARGUMENT**

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), the parties jointly move this Court to file under seal portions of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Their Motion for Provisional Class Certification and Reply Memorandum of Points and Authorities in Support of Their Motion for Preliminary Injunction and certain exhibits to the Reply Memoranda to exclude sensitive law enforcement information contained therein.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, these documents consist of:

1) a December 19, 2018 internal Customs and Border Protection ("CBP") email with the subject line "LFO Queue Management Report for December 19, 2018";

2) a December 20, 2018 internal CBP email with the subject line "LFO Queue Management Report for December 20, 2018";

3) a December 21, 2018 internal CBP email with the subject line "LFO Queue Management Report for December 21, 2018 @ 1000 hours CST";

4) a February 2, 2019 internal CBP email with the subject line "LFO Queue Management Report for February 2, 2019";

5) a March 6, 2019 internal CBP email with the subject line "Field Office Queue Management Report March 6, 2019"; and

6) a spreadsheet dated March 14, 2019 with the title, "Laredo Field Office."

The Government designated these documents as "Confidential" under the Protective Order.[2] As a consequence of these confidentiality designations, the parties also seek to seal limited portions of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Their Motion for Provisional Class Certification and pages 4-6 of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Their Motion for Preliminary Injunction

While Plaintiffs acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal. Fed. R. Civ. P. 26(c) sets forth the "good cause" standard for sealing documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988).

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

Here, Plaintiffs seek to seal six exhibits and descriptions of those exhibits that would reveal sensitive CBP information regarding the number and categorization of detainees and migrants presenting at certain ports of entry, and the personal telephone numbers and email addresses of senior CBP officials. For instance, the February 2, 2019 LFO Queue Management Report contains detailed information regarding the number of detainees at ports of entry overseen by the Laredo Field Office, the migrant capacity at each port of entry, and the impact of the capacity level to port operations, among other types of sensitive data. Similarly, the remaining documents subject to this sealing motion describe similarly sensitive, non-public data about CBP's immigration enforcement operations.

Plaintiffs therefore request that the Court grant this joint motion to seal portions of the Reply Memoranda.

Plaintiffs have conferred with the Government, who joins in the motion below.

## II.     DEFENDANTS' ARGUMENT

Defendants also request that the Court grant this joint motion to seal. As set forth in the accompanying declaration of Randy Howe, Executive Director for Operations, Office of Field Operations ("OFO"), U.S. Customs and Border Protection ("CBP") ("Oct. 16 Howe Decl."), there are compelling reasons to seal the six documents that are the subject of this motion. Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party may still overcome the presumption of access, *Heldt v. Guardian Life Ins. Co. of America*, No. 16-cv-885, 2018 WL 5920029, at *1 (S.D. Cal. Nov. 13, 2018). When the documents to be protected are "more than tangentially related to the merits," as is the situation here, parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–98 (9th Cir. 2016)); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL

3629945, at *2 (S.D. Cal. July 31, 2018). The Court has the discretion to seal documents "upon consideration of 'the relevant facts and circumstances of the particular case.'" *Heldt*, 2018 WL 5920029 at *1 (quoting *Nixon*, 435 U.S. at 599).

The specific nature of the six documents under consideration and the information contained therein provide compelling reasons to grant this motion. The documents that are indexed as Bates numbers AOL-DEF-00012335–36 and AOL-DEF-00012407–10 are Field Queue Management Reports from March 6, 2019, and March 14, 2019, respectively. Oct. 16 Howe Decl. ¶¶ 8–9. OFO's Field Queue Management Reports contain data compiled from Field Offices along the U.S.-Mexico border and a host of other CBP and external sources. *Id.* ¶ 10. The Reports are "generated strictly for internal CBP and [U.S. Department of Homeland Security] use" to "make plain any resource vulnerabilities." This allows the agency to change its resource allocation or mission-set prioritization to mitigate those vulnerabilities. *Id.* The Reports contain data that, if made public, could give "hostile actors actionable information about which ports of entry are facing certain operational challenges, and thus reveal when/where/under what conditions someone or something should try to affect entry or avoid entry, should create diversions or distractions, or should make moves to create operational difficulties for the ports, all of which would put the security of our border in a more vulnerable posture." *Id*. The Court should keep these documents sealed to ensure that OFO can continue using this law enforcement-sensitive data for security and operational purposes.

The documents that are indexed as Bates numbers AOL-DEF-00038929, AOL-DEF-00038927, AOL-DEF-00038923, and AOL-DEF-00038931 are emails dated December 20, 2018, December 21, 2018, February 2, 2019, and December 19, 2018, respectively, from the Laredo Field Office containing information to be included in OFO's Field Queue Management Reports. *Id.* ¶¶ 3–7. The same compelling reasons that warrant sealing OFO's Field Queue Management Reports

also warrant sealing the Laredo Field Office's submissions for those Reports. As noted, the data in the Reports is compiled for strictly internal purposes to make OFO's resource vulnerabilities plain, which allows CBP to reallocate its resources to address those vulnerabilities. *Id.* ¶ 10. Making this information public could allow bad actors to also identify those resource vulnerabilities and exploit them for unlawful purposes. *Id.* Thus, the Laredo submissions to the Queue Management Reports should be kept sealed, too.

Finally, the Court should also allow the parties to seal the portions of their briefing that refer to or rely on the confidential data contained in the six documents discussed above. The data itself is relevant to the parties' arguments on the merits, so the parties must be able to use that data in those arguments. There is no remedy besides sealing portions of the briefs that would permit the parties to make arguments about what the data shows while also keeping that law enforcement-sensitive data out of the hands of potential bad actors. Thus, for the reasons discussed above, the Court should grant this motion to seal the six documents discussed above.

Dated: October 17, 2019

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen S. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Mary Bauer
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters

By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
– District Court Section

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
SAIRAH G. SAEED
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
Email: alexander.j.halaska@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on October 17, 2019, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*