MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>                    Plaintiffs,<br><br>      v.<br><br>Kevin K. McAleenan,[1] *et al.*,<br><br>                    Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' CLASS CERTIFICATION REPLY PAPERS**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>[***Declarations of Stephen M. Medlock Filed Concurrently***] |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Mary Bauer (VA Bar No. 31388) (*pro hac vice*)
  *mary.bauer@splcenter.org*
1000 Preston Ave.
Charlottesville, VA
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED JOINT MOTION TO SEAL PORTIONS OF PLAINTIFFS' CLASS CERTIFICATION REPLY PAPERS

## I.    PLAINTIFFS' ARGUMENT

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), the parties jointly move this Court to file under seal portions of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Their Motion for Provisional Class Certification to exclude sensitive law enforcement information and personally identifiable information contained therein.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, these documents consist of:

1) An October 2, 2018 email and attachment entitled "Filed Office Queue Management 10.02.18";

2) A copy of the waitlist kept for asylum seekers in Ciudad Juarez, Mexico.

The Government designated the first of these documents as "Confidential" under the Protective Order.[2]  As a consequence of this confidentiality designation and the highly sensitive nature of the Juarez waitlist, the parties also seek to seal limited portions of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Their Motion for Provisional Class Certification.

While Plaintiffs acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal.  Fed. R. Civ. P. 26(c) sets forth the "good cause" standard

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative.  *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

for sealing documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988).

Here, Plaintiffs seek to seal two exhibits and descriptions of those exhibits that would reveal sensitive CBP information regarding the number and categorization of detainees and migrants presenting at certain ports of entry, and the personally identifiable information of asylum seekers waiting in Ciudad Juarez, Mexico. For instance, the October 2, 2018 email contains detailed information regarding the number of detainees at ports of entry overseen by the Laredo Field Office, the migrant capacity at each port of entry, and the impact of the capacity level to port operations, among other types of sensitive data. *See* Dkt. 311-3 at ¶¶ 2-11 (Executive Director for Operations, Office of Field Operations, U.S. Department of Homeland Security). Similarly, the Juarez waitlist contains personally identifiable information about noncitizens that have fled persecution in their home counties and who may be targeted for further persecution if it is revealed that they are currently in Ciudad Juarez.

Plaintiffs have conferred with the Government, which has provided the following position: Defendants join this motion as to the first document Plaintiffs

seek to keep sealed, the October 2, 2018 Field Queue Management Report. As explained in the October 16, 2019 declaration of Randy Howe (ECF No. 311-3), OFO's Field Queue Management Reports contain data compiled from Field Offices along the U.S.-Mexico border and a host of other CBP and external sources. *Id.* ¶ 10. The Reports are "generated strictly for internal CBP and [U.S. Department of Homeland Security] use" to "make plain any resource vulnerabilities." The Reports allow the agency to change its resource allocation or mission-set prioritization to mitigate those vulnerabilities. *Id.* The Reports contain data that, if made public, could give "hostile actors actionable information about which ports of entry are facing certain operational challenges, and thus reveal when/where/under what conditions someone or something should try to affect entry or avoid entry, should create diversions or distractions, or should make moves to create operational difficulties for the ports, all of which would put the security of our border in a more vulnerable posture." *Id*. Defendants request that the Court keep this document sealed to ensure that OFO can continue using this law enforcement-sensitive data for security and operational purposes. Defendants do not oppose this motion as to the second document Plaintiffs seek to keep sealed.

Plaintiffs therefore request that the Court grant this joint motion to seal portions of the Reply Memoranda.

Dated: October 21, 2019

MAYER BROWN LLP
Matthew H. Marmolejo
Ori Lev
Stephen S. Medlock

SOUTHERN POVERTY LAW CENTER
Melissa Crow
Mary Bauer
Sarah Rich
Rebecca Cassler

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CENTER FOR CONSTITUTIONAL
RIGHTS
    Baher Azmy
    Ghita Schwarz
    Angelo Guisado

AMERICAN IMMIGRATION
COUNCIL
    Karolina Walters


By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*


JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
– District Court Section

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
SAIRAH G. SAEED
Trial Attorneys
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
Email: alexander.j.halaska@usdoj.gov

*Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I certify that on October 21, 2019, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*

MOT. TO SEAL