1    MAYER BROWN LLP
        Matthew H. Marmolejo (CA Bar No. 242964)
2        *mmarmolejo@mayerbrown.com*
     350 S. Grand Avenue
3    25th Floor
     Los Angeles, CA 90071-1503
4        Ori Lev (DC Bar No. 452565)
         (*pro hac vice*)
5        *olev@mayerbrown.com*
         Stephen M. Medlock (VA Bar No. 78819)
6        (*pro hac vice*)
         *smedlock@mayerbrown.com*
7    1999 K Street, N.W.
     Washington, D.C. 20006
8    Telephone:  +1.202.263.3000
     Facsimile:   +1.202.263.3300
9
     SOUTHERN POVERTY LAW CENTER
10       Melissa Crow (DC Bar No. 453487)
         (*pro hac vice*)
11       *melissa.crow@splcenter.org*
     1101 17th Street, N.W., Suite 705
12   Washington, D.C. 20036
     Telephone: +1.202.355.4471
13   Facsimile: +1.404.221.5857

14   *Additional counsel listed on next page*
     *Attorneys for Plaintiffs*

15              **UNITED STATES DISTRICT COURT**

16            **SOUTHERN DISTRICT OF CALIFORNIA**

17

18   Al Otro Lado, Inc., *et al.*,          Case No.:  17-cv-02366-BAS-KSC

19                  Plaintiffs,             **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PROVISIONAL CLASS CERTIFICATION**

20          v.

21   Kevin K. McAleenan,[1] *et al.*,       ***PORTIONS FILED UNDER SEAL***

22                  Defendants.

23                                          Hearing Date: October 28, 2019

24                                          **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

25

26

27   [1] Acting Secretary McAleenan is automatically substituted for former Secretary
28   Nielsen pursuant to Fed. R. Civ. P. 25(d).

1    CENTER FOR CONSTITUTIONAL RIGHTS
2        Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
         *bazmy@ccrjustice.org*
3        Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
         *gschwarz@ccrjustice.org*
4        Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
         *aguisado@ccrjustice.org*
5    666 Broadway, 7th Floor
     New York, NY 10012
6    Telephone: +1.212.614.6464
7    Facsimile: +1.212.614.6499

8    SOUTHERN POVERTY LAW CENTER
         Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
9        *sarah.rich@splcenter.org*
         Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
10       *rebecca.cassler@splcenter.org*
     150 E. Ponce de Leon Ave., Suite 340
11   Decatur, GA 30030

12   AMERICAN IMMIGRATION COUNCIL
13       Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
         *kwalters@immcouncil.org*
14   1331 G St. NW, Suite 200
     Washington, D.C. 20005
15   Telephone: +1.202.507.7523
16   Facsimile: +1.202.742.5619

17

18

19

20

21

22

23

24

25

26

27

28

REPLY  IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

1

# <u>TABLE OF CONTENTS</u>

2

**Page**

3

I.    INTRODUCTION ............................................................. 1

4

II.   PLAINTIFFS EASILY SATISFY RULES 23(A) AND 23(B)(2) ............... 2

5

    A.    THE CUT-AND-PASTE MERITS ARGUMENTS FAIL ................. 2

6

    B.    DEFENDANTS' TYPICALITY ARGUMENT FAILS .................... 2

    C.    THE CLASS REPRESENTATIVE IS ADEQUATE ......................... 4

7

    D.    DEFENDANTS' COMMONALITY ARGUMENTS FAIL .............. 5

8

    E.    THE CLASS IS ASCERTAINABLE .................................................. 9

III.  CONCLUSION ......................................................................... 10

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Abdullah v. U.S. Sec. Assocs., Inc.*,
   731 F.3d 952 (9th Cir. 2013) ................................................................ 5

*Astiana v. Ben & Jerry's Homemade, Inc.*,
   2014 WL 60097 (N.D. Cal. 2014) ........................................................ 9

*Bee, Denning, Inc. v. Capital Alliance Grp.*,
   2016 WL 3952153 (S.D. Cal. 2016) ..................................................... 9

*Canales-Robles v. Peters*,
   2018 WL 4762899 (D. Or. 2018) ......................................................... 5

*Cole v. City of Memphis*,
   839 F.3d 530 (6th Cir. 2016) ............................................................... 9

*Comcast Corp. v. Behrend*,
   596 U.S. 27 (2013) ............................................................................... 8

*E. Texas Freight Sys. v. Rodriquez*,
   431 U.S. 395 (1977) ............................................................................. 4

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ............................................................... 5

*Inland Empire - Immigrant Youth Collective v. Nielsen*,
   2018 U.S. Dist. LEXIS 34871 (C.D. Cal. 2018) ................................ 10

*LaReau v. Manson*,
   383 F. Supp. 214 (D. Conn. 1974) ...................................................... 5

*Lucas v. Berg, Inc.*,
   212 F. Supp. 3d 950 (S.D. Cal. 2016) ................................................. 9

*Lujan v. Cabana Mgmt.*,
   284 F.R.D. 50 (E.D.N.Y. 2012) .......................................................... 8

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ............................................................... 5

*McCurley v. Royal Seas Cruises, Inc.*
   331 F.R.D. 142 (S.D. Cal. 2019) ......................................................... 9

*O'Connor v. Boeing N. Am., Inc.*,
   184 F.R.D. 311 (C.D. Cal. 1998) ........................................................ 9

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) .................................................... 2, 3, 4

REPLY IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

*Romero v. Securus Techs.*,
  331 F.R.D. 391 (S.D. Cal. 2018) ........................................................... 10

*Sethavanish v. ZonePerfect Nutrition Co.*,
  2014 WL 580696 (N.D. Cal. 2014) ......................................................... 9

*The Civil Rights Education & Enforcement Ctr. v. RLJ Lodging Trust*,
  2016 WL 314400 (N.D. Cal. 2016) ........................................................ 10

*Torres v. Goddard*,
  314 F.R.D. 644 (D. Ariz. 2010) ............................................................... 4

*Unknown Parties v. Johnson*,
  163 F. Supp. 3d 630 (D. Ariz. 2016) .................................................. 5, 6

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ................................................................................ 5

*Walters v. Reno*,
  145 F.3d 1032 (9th Cir. 1998) ................................................................ 8

*Wolph v. Acer Am. Corp.*,
  272 F.R.D. 477 (N.D. Cal. 2011) ............................................................ 9

*Woods v. Google LLC*,
  2018 WL 4030570 (N.D. Cal. 2018) ....................................................... 5

*Xavier v. Philip Morris USA, Inc.*,
  787 F. Supp. 2d 1075 ............................................................................. 9

**Statutes**

8 U.S.C. § 1225 ............................................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 23 ............................................................................... 1, 5, 8, 9

Mary J. Kane, *Fed. Prac. & Proc. Civ.* (3d ed. 2018) ................................. 5

REPLY  IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

# **CITATION FORM**

"Op. Br." refers to Plaintiffs' opening brief regarding provisional class certification. *See* Dkts. 292, 293-1.

"Opp." refers to Defendants' opposition to provisional class certification. *See* Dkts. 306, 308.

"Ex." refers to the exhibits offered in support of Plaintiffs' Motion for Provisional Class Certification. *See* Dkts. 292, 293-3 to 293-48.

"Opp. Ex." refers to the exhibits to Defendants' Opposition to Provisional Class Certification. *See* Dkts. 306, 308-1 to 308-25.

"Rep. Ex." refers to exhibits to this reply brief.

REPLY  IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

# I.    INTRODUCTION

Citing numerous declarations, CBP's own internal documents, and the contemporaneous admissions of key Government officials, the Named Plaintiffs have shown that a large group of migrants at the U.S.-Mexico border, whom Defendants subjected to their metering policy, risk losing the ability to obtain meaningful relief if they prevail in challenging the metering policy. This is precisely the sort of cohesive class of plaintiffs that Rule 23(b)(2) was written to address.

Instead of addressing these straightforward class certification issues, Defendants attempt to change the subject and cut-and-paste their arguments in opposition to the preliminary injunction here as well. But Defendants' weak merits arguments do not benefit from repetition. For instance, Defendants attempt to recast Plaintiffs' claims as seeking a particular result in provisional class members' immigration proceedings. Not so. Plaintiffs' claims have always been about meaningful *access* to the U.S. asylum process, not the *outcome* of that process.

Defendants' arguments on the Rule 23 factors do not fare any better. Defendants argue that there might be evidence suggesting that Roberto Doe is not a typical and adequate class representative, that there might be differences between ports of entry that defeat commonality, and that there may not be sufficient information to make the provisional class ascertainable. Each of these arguments is baseless. ***First,*** Roberto Doe was metered prior to July 16, 2019, the justification given for his metering was a lie, he was returned to Mexico, and he is still waiting for the opportunity to seek asylum in the U.S. Defendants' belief that Roberto Doe might have a weak asylum claim is immaterial; regardless of the strength of his asylum claim, Roberto Doe—like the provisional class members—is entitled by law to access the U.S. asylum process at a port of entry. ***Second***, Plaintiffs have offered overwhelming evidence, in the form of witness declarations and CBP documents, showing that Defendants issued and implemented a metering policy and Asylum Ban that—taken together—impede all members of the provisional class from accessing

REPLY IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

1   the asylum process to which they were entitled when Defendants unlawfully metered

2   them.  The Defendants present no countervailing evidence on commonality other

3   than self-serving declarations that do not provide any facts showing that metering

4   differs between ports of entry.  Defendants cannot defeat commonality through

5   guesswork.  ***Third,*** as this Court has held and Defendants' own cases acknowledge,

6   ascertainability is not a requirement for certification of a Rule 23(b)(2) class.  Even

7   if ascertainability were a requirement, the waitlist submitted by Plaintiffs shows that

8   the provisional class is ascertainable.  Therefore, Defendants' arguments should be

9   rejected and the provisional class should be certified.

10   **II.    PLAINTIFFS EASILY SATISFY RULES 23(a) AND 23(b)(2)[2]**

11   **A.    THE CUT-AND-PASTE MERITS ARGUMENTS FAIL**

12   Defendants begin their opposition by cribbing from their preliminary

13   injunction opposition the argument that provisional class members are seeking a

14   particular outcome in their asylum cases.  *Compare* Opp. at 7-9 *with* Dkt. 307 at 6-

15   10.  As Plaintiffs have previously explained, Plaintiffs' preliminary injunction

16   motion is about Defendants denying Plaintiffs meaningful access to the U.S. asylum

17   process; Plaintiffs are not seeking an injunction granting them asylum in the U.S.

18   Dkt. 313 at 10-13.  Therefore, Defendants' attempt to recast this case fails.

19   **B.    DEFENDANTS' TYPICALITY ARGUMENT FAILS**

20   Defendants claim that typicality is not satisfied because none of the Named

21   Plaintiffs are members of the provisional class.  *See* Op. Br. at 11-14.  That is not

22   the case.  "The typicality requirement is permissive and requires only that the

23   representative's claims are reasonably coextensive with those of absent class

24   members; they need not be substantially identical."  *Rodriguez v. Hayes*, 591 F.3d

25   1105, 1124 (9th Cir. 2010).  Typicality is satisfied "'when each class member's

26

27   _____

28   [2] Defendants advance no argument that the provisional class is not sufficiently
     numerous or that class counsel is inadequate.  *See* Op. Br. at 13-16, 20-22.  As a
     result, Defendants have conceded these points.

REPLY  IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

1    claim arises from the same course of events, and each class member makes similar

2    legal arguments to prove the defendant's liability.'" *Id.*

3          Here, Plaintiffs define the provisional class as "[a]ll non-Mexican noncitizens

4    who were denied access to the U.S. asylum process before July 16, 2019 as a result

5    of the Government's metering policy and continue to seek access to the U.S. asylum

6    process." *See* Op. Br. at 13.  Named Plaintiff Roberto Doe fits precisely into this

7    class definition.  He is a Nicaraguan citizen.  Ex. 15 ¶ 2.  Fearing death threats from

8    the government and government-aligned paramilitaries, he traveled from Nicaragua

9    to Reynosa, Mexico.  *Id.* at ¶¶ 3-4.  After arriving in Reynosa, he attempted to present

10   himself at the Hidalgo POE.  *Id.* at ¶ 4.  On October 2, 2018—*i.e.* prior to July 16,

11   2019—Roberto Doe was denied access to the U.S. asylum process due to

12   Defendants' metering policy.  *Id.* at ¶ 5.  A CBP officer at the mid-point of the bridge

13   refused to inspect and process him, claiming that the POE was "full."  *Id.*  This CBP

14   officer's statement was a lie. ████████████████████████████████████████

15   ████████████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████████████

18   ████████████████████████.  Rep. Ex. 1 at AOL-DEF-00027614-15.  After being

19   metered, Roberto Doe was forced to return to Mexico.  Ex. 15 at ¶ 10.  He applied

20   for asylum in Mexico, but was denied based on the thirty day rule and was deported

21   from Mexico to another Latin American country.  *See id.* at  ¶ 7.[3]  Roberto Doe is

22   living in hiding while awaiting another opportunity to present himself at a POE along

23   the U.S.-Mexico border.  *See* Rep. Ex. 2 at ¶ 6.  He is not presently in the U.S. and

24   _____

25   [3] Roberto Doe's application for asylum in Mexico does not render him an inadequate
     class representative. Opp. at 13. First, he would still be forced to establish his efforts

26   to seek asylum in Mexico, which would not have been the case had he not been
     illegally metered. Second, Defendants may well take the position that his denial in

27   Mexico was not "final" because it was not appealed. The Government's failure to
     issue sufficient guidance on its Asylum Ban for Plaintiffs to ascertain whether

28   Roberto Doe would be barred by its terms should not redound to the Government's
     benefit in class certification.

REPLY  IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

1    has not permanently resettled in Mexico.  *Id.*

2    Defendants' remaining arguments regarding typicality are mere speculation

3    that is untethered from the class definition.  For example, Defendants suggest that

4    Roberto Doe may have resettled in Mexico or received asylum from the Mexican

5    government.  Opp. at 13.  Neither of Defendants' guesses is correct.  *See* Rep. Ex. 2

6    ¶¶ 6-7.  In a similar vein, Defendants insinuate that Roberto Doe may have a weak

7    asylum claim due to his prior immigration proceedings.  Opp. at 6-7.  But, as

8    previously explained, the provisional class members' claims are about *access* to the

9    U.S. asylum process; they do not seek a particular *outcome* in an individual's asylum

10    case.  *Supra* at 2.  As a result, Roberto Doe's claims are co-extensive with those of

11    the other members of the provisional class, and he fits directly into the provisional

12    class definition.  Typicality is satisfied.  *Rodriguez*, 591 F.3d at 1124.

13    **C.    THE CLASS REPRESENTATIVE IS ADEQUATE**

14    Defendants' adequacy argument merely restates their belief that none of the

15    Named Plaintiffs has claims that are reasonably co-extensive with the claims of the

16    provisional class.  *See* Opp. at 14-16.[4]  However, Roberto Doe suffered precisely the

17    same injury as the other class members and fits precisely into the class definition.

18    *See supra* at 3.  This case is nothing like the cases Defendants cite where the class

19    representative plainly did not fit into the proposed class definition.  *See, e.g.*, *E.*

20    *Texas Freight Sys. v. Rodriquez*, 431 U.S. 395, 403-04 (1977) (named plaintiffs were

21    not in class of Mexican-American truck drivers allegedly discriminated against by a

22    trucking company and labor union).  As a result, Roberto Doe is a member of the

23    provisional class and has an interest in vigorously pursuing claims on behalf of the

24    provisional class.

25    Should the Court determine that Roberto Doe is not an adequate class

26

27    [4] The fact that Defendants are merely restating their typicality argument is well-illustrated by the fact that Defendants cite to the typicality portion of the opinion in

28    *Torres v. Goddard*, 314 F.R.D. 644, 656 (D. Ariz. 2010), and not to any analysis of adequacy.

REPLY  IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

representative, Plaintiffs can amend their complaint to add one or several of the noncitizens that offered declarations in support of Plaintiffs' opening brief. *See, e.g.*, Ex. 7 ¶¶ 9-10; Ex. 8 ¶¶ 8-9; Ex. 9 ¶¶ 9-10; Ex. 10 ¶¶ 9-10; Ex. 11 ¶¶ 7-8; Ex. 12 ¶ 9; Ex. 13 ¶¶ 9-12; Ex. 14 ¶¶ 5-7; Ex. 15 ¶¶ 4-11; Ex. 16 ¶¶ 14-17; Ex. 17 ¶¶ 7-11; Ex. 18 ¶¶ 14-16; Ex. 19 ¶¶ 9-12; Ex. 20 ¶¶ 7-11; Ex. 21 ¶¶ 7-10; Ex. 22 ¶¶ 6-18; Ex. 23 ¶¶ 8-10. As Defendants admit in their opposition (at 15), district courts have allowed Plaintiffs to amend class action complaints or allow a new class representative to intervene where no class representative can adequately represent a class. *See, e.g.*, *Canales-Robles v. Peters*, 2018 WL 4762899, at \*5 (D. Or. 2018); *Woods v. Google LLC*, 2018 WL 4030570, at \*3 (N.D. Cal. 2018); *LaReau v. Manson*, 383 F. Supp. 214, 218 (D. Conn. 1974).

### D.    DEFENDANTS' COMMONALITY ARGUMENTS FAIL

Defendants contend that commonality cannot exist because each port of entry on the U.S.-Mexico border faces unique conditions and meters as a result of those conditions. *See* Opp. at 16-22. This argument fails as a matter of law and fact.

***First***, Defendants ignore the binding Rule 23 standard. All questions of law and fact do not need to be common to the proposed class in order to satisfy Rule 23(a). *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). Characterizing commonality as presenting a "limited burden," the Ninth Circuit has explained that "commonality only requires a single significant question of law and fact." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012); *see also Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (same); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("for purposes of Rule 23(a)(2), even a single common question will do"). Therefore, commonality can easily be shown "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Unknown Parties v. Johnson*, 163 F. Supp. 3d 630, 635 (D. Ariz. 2016) (quotation omitted). Such suits "by their very nature often present common questions satisfying Rule 23(a)(2)." 7A Mary J. Kane, *Fed. Prac.*

1  *& Proc. Civ.* § 1763 (3d ed. 2018).

2      In their opening brief, Plaintiffs analyzed *Unknown Parties v. Johnson*, 163

3  F. Supp. 3d 630 (D. Ariz. 2016).  In that case, Plaintiffs moved to certify a class of

4  all individuals detained at CBP facilities in the U.S. Border Patrol's Tucson Sector.

5  *Id.* at 634.  As Defendants do here, the Government argued that class certification

6  was inappropriate because "detainees are held for different lengths of time, at

7  different hours, . . . at different Border Patrol stations" and "putative class members

8  are likely to experience different conditions[.]"  *Id.* at 638.  The district court rejected

9  these arguments because "Plaintiffs need not demonstrate that all class members

10  have been or will be subjected to identical harms" so long as the provisional class

11  challenges "system-wide conditions . . . [that] underlie the various alleged harms."

12  *Id.*  In response, ***Defendants ignore this case entirely*** and make no effort to

13  distinguish its facts which are directly analogous to this motion.  *See* Opp. at 16-22.

14  Because Defendants ignore this authority, its commonality argument must fail.

15      Plaintiffs have identified multiple common questions of law and fact,

16  including whether Defendants metered asylum seekers and whether the metering

17  policy is illegal.  Op. Br. at 18-19.  Plaintiffs offered 17 declarations establishing the

18  systemic harm caused by Defendants' metering policy and that Defendants adopted

19  a metering policy and Asylum Ban.  *See, e.g.*, Ex. 1; Ex. 6 ¶ 6; Ex. 7 ¶¶ 9-10; Ex. 8

20  ¶¶ 8-9; Ex. 9 ¶¶ 9-10; Ex. 10 ¶¶ 9-10; Ex. 11 ¶¶ 7-8; Ex. 12 ¶ 9; Ex. 13 ¶¶ 9-12; Ex.

21  14 ¶¶ 5-7; Ex. 15 ¶¶ 4-11; Ex. 16 ¶¶ 14-17; Ex. 17 ¶¶ 7-11; Ex. 18 ¶¶ 14-16; Ex. 19

22  ¶¶ 9-12; Ex. 20 ¶¶ 7-11; Ex. 21 ¶¶ 7-10; Ex. 22 ¶¶ 6-18; Ex. 23 ¶¶ 8-10; Rep. Ex. 3

23  at ¶¶ 6-9 (Asylum Ban being used to deny asylum to metered asylum seekers).

24  Moreover, Plaintiffs and Defendants have cited multiple internal CBP documents

25  showing that metering was systemic on the U.S.-Mexico border.  *See, e.g.*, Opp. Exs.

26  2-3; Exs. 4-5.  Because metering is illegal regardless of Defendants' proffered

27  justification for it, this class-wide evidence establishes commonality.  *See* Dkt. 280

28  at 65 ("[T]he Executive cannot 'amend the INA' . . . through executive action to

establish a procedure at variance with the scheme Congress chose."); *id.* at 38, 45-46, 59 (8 U.S.C. § 1225 requires CBP to inspect and process all noncitizens "in the process of arriving" in the United States); Dkt. 294-1 at 19-20; Dkt. 210 at 17-22.

Even if actual capacity constraints could be a valid justification for metering, that has no impact on provisional class certification. Evidence common to the class shows that Defendants' metering policy cannot be justified by capacity constraints.

SOURCES: AOL-DEF-00012013; AOL-DEF-00012023; AOL-DEF-00012040; AOL-DEF-00012042; AOL-DEF-00012052; AOL-DEF-00012062; AOL-DEF-00012072; AOL-DEF-00012081; AOL-DEF-00012100; AOL-DEF-00012110; AOL-DEF-00016778; AOL-DEF-00012120; AOL-DEF-00012130; AOL-DEF-00012144; AOL-DEF-00012155; AOL-DEF-00012166; AOL-DEF-00012177; AOL-DEF-00012187; AOL-DEF-00012198; AOL-DEF-00012208; AOL-DEF-00012218; AOL-DEF-00012228; AOL-DEF-00012236; AOL-DEF-00012247; AOL-DEF-00016872; AOL-DEF-00012257; AOL-DEF-00012268; AOL-DEF-00012285; AOL-DEF-00012308; AOL-DEF-00012318; AOL-DEF-00012336; AOL-DEF-00012346; AOL-DEF-00012356; AOL-DEF-00012367; AOL-DEF-00012377; AOL-DEF-00012395; AOL-DEF-00012406

---

[5] These class-wide figures are indicative of the validity of Defendants' capacity justification because ▮▮▮▮▮

REPLY IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

1

2    In response, Defendants argue that there may be individual inquiries regarding

3    metering at particular POEs due to the varying capacity of POEs to inspect and

4    process asylum seekers.  *See* Opp. at 19-20.  This argument fails for two reasons.

5    ***First***, Defendants appear to be attempting to argue that individual issues will

6    predominate over common questions, but "[a]lthough common issues must

7    predominate for class certification under Rule 23(b)(3), no such requirement exists

8    under [Rule] 23(b)(2)."  *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998).

9        ***Second***, even if lack of capacity were a valid defense, Defendants' invocation

10   of the capacity excuse does not survive the thorough inquiry that Rule 23 requires.

11   Class certification requires a district court to conduct a "rigorous analysis" and to

12   resolve factual disputes necessary to determining whether the plaintiff has met the

13   requirements of Rule 23.  *See Comcast Corp. v. Behrend*, 596 U.S. 27, 33-34 (2013).

14   By providing declarations with "conclusory or cookie-cutter statements,"

15   Defendants' factual support is due little, if any, weight—particularly when Plaintiffs

16   have offered extensive evidence cataloguing the existence and effect of the metering

17   policy. *Lujan v. Cabana Mgmt.*, 284 F.R.D. 50, 63 (E.D.N.Y. 2012).  But that is all

18   Defendants offer here.  Defendants *assume* that there *might be* differences in whether

19   metering is justified at a particular port of entry.  *See* Opp. at 19-20.  Defendants

20   offer no analysis of facts to support this assumption.  *See* Opp. at 20.  For example,

21   in a recycled affidavit addressing a discovery motion that is not germane here (and

22   that Defendants ultimately lost), Randy Howe states, "Each field office along the

23   southwest border, and each land POE within those field offices, has a unique

24   operating environment and unique resources and staffing requirements."  Opp. Ex.

25   1 at ¶ 5.  Likewise, Mariza Marin claims that several factors may affect the holding

26   capacity of a port of entry.  Opp. Ex. 6 at ¶¶ 5-10.  Ms. Marin also provides some

27

28   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

REPLY IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

details concerning the number of noncitizens held at the San Ysidro POE during a two-day period. *Id.* at ¶ 12.[6] However, Defendants never offer any factual or statistical analysis showing that the capacity of any POE justified metering, much less that these justifications varied from port to port. *See* Opp. at 19-20. Because Plaintiffs have offered evidence showing that the questions in this case can be addressed by common proof, and Defendants have offered no meaningful evidence to the contrary, the commonality requirement is satisfied.

### E.    THE CLASS IS ASCERTAINABLE

Defendants argue that the class is not ascertainable because CBP does not keep records concerning whom it has metered. *See* Opp. at 24-25. This argument is mistaken for two reasons. First, Defendants entirely ignore this Court's prior conclusion that "ascertainability should not be required when determining whether to certify a class in the 23(b)(2) context." *Bee, Denning, Inc. v. Capital Alliance Grp.*, 2016 WL 3952153, at *5 (S.D. Cal. 2016) (Bashant, J.); *McCurley v. Royal Seas Cruises, Inc.* 331 F.R.D. 142, 162 n.11 (S.D. Cal. 2019) (Bashant, J.) ("ascertainability is not a free-standing requirement of class certification"); *see also Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016) ("The decisions of other federal courts and the purpose of Rule 23(b)(2) persuade us that ascertainability is not an additional requirement for certification of a (b)(2) class seeking only injunctive and declaratory relief."). Defendants' cases—largely outdated and invoking Rule 23(b)(3)—are not to the contrary.[7]

---

[6] Defendants also cite two documents that were drafted months prior to the April 27, 2018 metering policy as justification for the metering policy. *See* Opp. Exs. 2-3. At any rate, all that these documents show is that the San Ysidro POE was experiencing increased numbers of asylum seekers. *See* Opp. Exs. 2-3. Neither document states that the San Ysidro POE exceeded its capacity to process asylum seekers. *See* Opp. Exs. 2-3.

[7] *See, e.g.*, *Lucas v. Berg, Inc.*, 212 F. Supp. 3d 950, 968-69 (S.D. Cal. 2016) (Rule 23(b)(3) class); *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 487-88 (N.D. Cal. 2011) (same); *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 339-40 (C.D. Cal. 1998) (plaintiff sought certification of 23(b)(2) class and 23(b)(3) class); *Xavier v. Philip Morris USA, Inc.*, 787 F. Supp. 2d 1075, 1088 (same); *Astiana v. Ben & Jerry's Homemade, Inc.*, 2014 WL 60097, at *8-9 (N.D. Cal. 2014) (Rule 23(b)(3) class);

REPLY IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

Furthermore, Defendants' citation to *The Civil Rights Education and Enforcement Center v. RLJ Lodging Trust*, 2016 WL 314400 (N.D. Cal. 2016) is misleading. Defendants fail to state that *RLJ Lodging* involved a *settlement class*, not a contested motion for class certification. 2016 WL 314400, at *5. Defendants' block quote (at 25) also omits the sentence immediately following the quoted text, which reads: "***Identification of individual class members is not required; to the contrary, the fact that class members are difficult or impossible to identify individually supports class certification under Rule 23(b)(2).***" *Id.*

At any rate, to allay Defendants' apparent concern, a representative waitlist containing detailed information about each individual on the list, is attached to this brief. Rep. Ex. 4. This is an example of the very waitlists that Defendants rely upon when implementing their metering policy. *See* Ex. 26 at ¶¶ 11-13; Ex. 6-A at 2 (waitlists "account for 72 percent of all asylum seekers waiting to enter the United States through ports of entry"). Moreover, this Court has held that similar objective evidence can satisfy ascertainability. *Romero v. Securus Techs.*, 331 F.R.D. 391, 408 (S.D. Cal. 2018) (class produced spreadsheet to establish ascertainability). Furthermore, to the extent this Court is concerned about administrative feasibility, it is well established that certification is acceptable if there is an objective and reliable way to establish membership at a later date. *See, e.g., Inland Empire - Immigrant Youth Collective v. Nielsen*, 2018 U.S. Dist. LEXIS 34871, at *39 (C.D. Cal. 2018) ("some administrative effort" does not defeat class certification). Therefore, even though Defendants have invented an ascertainability standard out of whole cloth, Plaintiffs satisfy that standard.

## III.    CONCLUSION

For the foregoing reasons and those explained in Plaintiffs' opening brief, the Court should provisionally certify the class.

---

*Sethavanish v. ZonePerfect Nutrition Co.*, 2014 WL 580696, at *2 (N.D. Cal. 2014) (same ).

REPLY IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

Dated: October 21, 2019

MAYER BROWN LLP
    Matthew H. Marmolejo
    Ori Lev
    Stephen S. Medlock

SOUTHERN POVERTY LAW CENTER
    Melissa Crow
    Sarah Rich
    Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy
    Ghita Schwarz
    Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters


By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*

REPLY IN SUPP. OF MOT. FOR
PROVISIONAL CLASS CERT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated:  October 21, 2019                                MAYER BROWN LLP


By  */s/ Stephen M. Medlock*