MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **EXHIBIT 3 TO PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PROVISIONAL CLASS CERTIFICATION** |
| Kevin K. McAleenan,[1] *et al.*, | |
| Defendants. | *FILED UNDER SEAL* |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

1  CENTER FOR CONSTITUTIONAL RIGHTS
      Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
2     *bazmy@ccrjustice.org*
      Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
3     *gschwarz@ccrjustice.org*
      Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
4     *aguisado@ccrjustice.org*
   666 Broadway, 7th Floor
5  New York, NY 10012
   Telephone: +1.212.614.6464
6  Facsimile: +1.212.614.6499

7  SOUTHERN POVERTY LAW CENTER
      Mary Bauer (VA Bar No. 31388) (*pro hac vice*)
8     *mary.bauer@splcenter.org*
   1000 Preston Ave.
9  Charlottesville, VA
      Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
10    *sarah.rich@splcenter.org*
      Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
11    *rebecca.cassler@splcenter.org*
   150 E. Ponce de Leon Ave., Suite 340
12 Decatur, GA 30030

13 AMERICAN IMMIGRATION COUNCIL
      Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
14    *kwalters@immcouncil.org*
   1331 G St. NW, Suite 200
15 Washington, D.C. 20005
   Telephone: +1.202.507.7523
16 Facsimile: +1.202.742.561

17

18

19

20

21

22

23

24

25

26

27

28

**Declaration of Bridget Cambria**

I, Bridget Cambria, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.  I serve as the Executive Director of Aldea – The People's Justice Center ("Aldea"), a 501(c)(3) non-profit located in Reading, Pennsylvania in the County of Berks. Our organization, Aldea, provides universal representation to families detained at the Berks County Residential Center ("BCRC") in Leesport, Pennsylvania. In the last four years, we have represented more than one thousand parents and children who have been detained in family detention in the BCRC.

2.  For more than 12 years, I have exclusively practiced immigration law, working with children, families and adults, both in the detained and non-detained settings. In my practice, I have represented immigrants, children and families before Immigration Courts nationwide, the Board of Immigration Appeals, Federal District Courts and the Third Circuit Court of Appeals. I am a graduate of the Roger Williams School of Law, where my studies focused on immigration and public interest law. Prior to law school, on or about 2002, I was employed by the County of Berks as a staff member at the Berks County Residential Center.

3.  For more than four years Aldea has offered any family detained in the state of Pennsylvania pro bono legal assistance by implementing a universal representation program within the BCRC. We have recently expanded our outreach to provide pro bono legal services to adults detained at the York County Prison, in York PA.

4.  Aldea, with volunteers and pro bono attorneys, has provided free legal services at BCRC since the expansion of family detention in 2014. The program conducts consultations and intakes, prepares detainees for their credible fear interviews, and represents detainees at their credible fear interviews. Additionally, the program represents detainees in appealing negative

decisions from their credible fear interviews before an immigration judge, and in seeking reconsideration of negative credible fear decisions. We assist families in reopening removal proceedings where they are detained during an interior enforcement as well as during regular removal proceedings, should the family be detained for immigration court proceedings, including through the appellate process, the Board of Immigration Appeals, and Federal District Court.

5. Aldea is the primary non-profit legal services provider at Berks, the only *pro bono* legal services organization operating on the ground at BCRC, and the primary source of free legal representation for Berks detainees.

6. On the night of October 11, 2019, Berks received three non-Mexican, asylum-seeking families whom the government subjected to metering at the San Ysidro, California, port of entry prior to July 16, 2019. I know these families were subjected to metering prior to July 16, 2019, because they each described being placed on "la lista" for between four and six months before being called to be received at the San Ysidro port of entry.

7. The government ultimately processed all three families at the U.S. southern border after July 16, 2019. Each family spent at least four months waiting in Mexico. One family waited as long as six months. Of the three families, one Honduran family who waited six months in Tijuana to be permitted to present for asylum to U.S. immigration authorities, traveled with a baby who turned one year old in September of 2019.

8. I represented these families in their credible fear interviews which all took place on October 17, 2019. Since the implementation of the new rule ("Asylum Ban") making an individual ineligible for asylum in the United States if that individual passed through a third country on the way to the United States and did not seek and receive a final judgment denying protection there, before applying for asylum here, the structure of the credible fear interview has changed. Before,

a person who claimed a fear of return to their country of origin would participate in a credible fear interview to determine whether the person could establish a threshold determination of eligibility for asylum. Prior to the asylum ban, the credible fear interview would focus on one's fears of return to their country, the level of persecution, the reasons they fear return, what he/she believes would happen to them should the applicant be removed, as well as their government's ability to protect the applicant. However, following the Asylum Ban, applicants instead are immediately asked questions concerning which countries they transited, whether they sought protection in those countries, and then are told that they are banned from asylum. This is a very shocking and jarring statement for any person, adult or child, who participates in a fear screening.

9.    All of the families were notified at their credible fear interviews, that they are banned from seeking asylum and will receive negative credible fear determinations as a result of the application of the Asylum Transit Ban.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 21st day of October, 2019.

                                                                Bridget Cambria

3