JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation –
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
SAIRAH G. SAEED (IL 6290644)
Trial Attorney

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, INC., *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN K. MCALEENAN,[1] Secretary, U.S. DHS, in his official capacity; *et al.*,<br><br>Defendants. | Case No. 3:17-cv-02366-BAS-KSC<br>Hon. Karen S. Crawford<br><br>**[DISCOVERY MATTER] JOINT MOTION TO MODIFY PARAGRAPH 4 OF SEPTEMBER 9, 2019 ORDER (UNOPPOSED)**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>**[*Declaration of Katherine J. Shinners Filed Concurrently*]** |

---

[1] Kevin K. McAleenan is automatically substituted for Former Secretary Nielsen pursuant to Federal Rule of Civil Procedure 25(d).

# JOINT MOTION TO MODIFY PARAGRAPH 4 OF SEPTEMBER 9, 2019 ORDER

## DEFENDANTS' POSITION

Defendants respectfully request that the Court partially modify its September 9, 2019 Order Re: Joint Motion to Compel Defendants' Production of Documents & Joint Motion for Entry of Scheduling Order (ECF Dkt. No. 288) ("September 9 Order"). Defendants request to modify the deadline for Defendants to produce documents from the remaining agreed-upon custodians from U.S. Customs and Border Protection (CBP) from November 19, 2019, to December 3, 2019. These remaining, agreed-upon custodians are (1) Bryan Molnar; (2) Luis Mejia; (3) Pete R. Flores; (4) Alberto Flores; (5) Mariza Marin; (6) David Higgerson; (7) David John Gonzalez; (8) Andres Guerra; (9) Frank Longoria; and (10) Judson Murdock (the "Non-Priority Custodians"). Specifically, Defendants request that the Court modify Paragraph 4 of the September 9 Order as follows:

> 4. Defendants shall substantially complete production of responsive, non-privileged documents from custodians Bryan Molnar, Luis Mejia, Pete R. Flores, Alberto Flores, Mariza Marin, David Higgerson, David John Gonzalez, Andres Guerra, Frank Longoria, and Judson Murdock by December 3, 2019.[2]

Defendants submit that good cause exists to grant this relatively brief extension for a subset of documents from their overall production. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s "good cause" standard [for modification of a scheduling order] primarily

---

[2] Although Paragraph 4 of the September 9 Order initially also included "court-ordered custodians," the Court provided for different deadlines for the custodians ordered by the Court (the "New Custodians"). *See* ECF Dkt. Nos. 304, 319, 320; attached Declaration of Katherine J. Shinners ("Shinners Decl.") ¶ 8.

1

considers the diligence of the party seeking the amendment."). This is the first request for an extension of the November 19 deadline; Defendants previously sought and received an unopposed extension of the deadline to produce documents from the "Priority Custodians" listed in Paragraph 1 of the Court's Order to October 25, 2019. Defendants have worked diligently to review and produce documents from the Priority Custodians as well as the Non-Priority Custodians. However, due to certain collection and processing difficulties it has encountered, Defendant CBP requires additional time to complete the production from those custodians. This requested extension should not affect any other case management deadlines because Plaintiffs will have received the majority of the responsive, non-privileged documents from the Priority and Non-Priority Custodians on or before November 19, 2019. Further, the parties have agreed to particular dates for the 30(b)(6) deposition of Defendant CBP that account for the proposed amended deadlines, and Plaintiffs have reserved the right to supplement their expert report on class certification based on documents produced after November 19, 2019. *See* Shinners Decl. ¶¶ 5-6. Accordingly, Plaintiffs have stated that they do not oppose the proposed extension.

### A. Defendants Have Been Diligent in Their Collection, Review and Production, But Require a Brief Extension of the November 19 Deadline.

Defendants have made substantial progress on review and production in efforts to meet the November 19 deadline for the Non-Priority Custodians, all while balancing those efforts with significant litigation responsibilities in this case (including other agreed-upon production deadlines, adding four new custodians to their collection and review, unexpected motions for preliminary injunctive and related relief, and affirmative discovery from the named Plaintiffs) and the other missions of their attorneys. As a result, on November 19, 2019, Defendants will

2

have produced the majority of non-privileged documents from these custodians. On or before November 19, 2019, Defendants expect to have largely completed production of responsive, non-privileged documents from custodians Bryan Molnar and Pete Flores, and to have largely completed the production of responsive, non-privileged emails from Luis Mejia, Alberto Flores, Mariza Marin, David John Gonzalez, and Andres Guerra.[3] *See* Shinners Decl. ¶ 20 (setting forth data in review in Defendants' review platform). Thus, by November 19, 2019, Defendants will have largely completed production of responsive, non-privileged emails from seven of the ten of the Non-Priority Custodians. Overall, by November 19, 2019, Plaintiffs will have received a large percentage of the responsive, non-privileged emails from four custodians from the headquarters of CBP's Office of Field Operations (OFO); one custodian from CBP's Office of Professional Responsibility; three custodians from within OFO's San Diego Field Office—which encompasses the San Ysidro, Calexico, and Otay Mesa ports of entry, among others; and former custodians from within OFO's Laredo Field Office, including current and former Port Directors from both the Hidalgo and the Laredo ports of entry. *See* Shinners Decl. ¶ 9 (listing agreed-upon custodians and their titles).

---

[3] This excludes a small percentage of emails from these custodians that were affected by an email collection issue relating to CBP's email migration, as explained below and in the accompanying declaration of Alma Cole, Chief Information Security Officer, Executive Director, Cyber Security Directorate, Office of Information and Technology, Enterprise Services, CBP ("Cole Decl."). Further, some documents from these custodians—in particular from Custodian Marin, whose emails were most recently uploaded for review—may not be produced by November 19, 2019 because they are undergoing further review due to technical issues or potential third-party privileges.

3

**Status of review and document productions.** Defendants CBP has devoted substantial resources to review and has been working diligently to review and produce hundreds of thousands of documents. Shinners Decl. ¶¶ 12, 18; Cole Decl. ¶ 25. As of November 12, 2019, Defendants have completed initial privilege and confidentiality review on 213,405 documents that were coded or designated as responsive. Shinners Decl. ¶ 18. Defendants have produced 119,506 documents, totaling 529,101 pages. *Id.* ¶ 12. Of those 119,506 documents, at least 4,996 are from the Non-Priority Custodians. *Id.*

Defendants intend to make another document production on or before the current November 19, 2019 deadline. With that production, Defendants anticipate that they will be able to largely complete production of responsive, non-privileged documents from the following data sets within the parameters of the parties' agreed-upon search: email data from Bryan Molnar, Pete Flores, Luis Mejia, Alberto Flores, Mariza Marin, David John Gonzalez, and Andres Guerra (excluding a small percentage of emails that may have been affected by an email collection issue described below); any identified non-email electronic files from Bryan Molnar, Pete Flores, and David Higgerson; and any identified hard copy files from Bryan Molnar, Pete Flores, Luis Mejia, Alberto Flores, Mariza Marin, David John Gonzalez, Andres Guerra, Frank S. Longoria, and Judson Murdock. *See generally* Shinners Decl. ¶¶ 20-24 (listing status of collection and review of identified data sets). There are approximately 60,000 documents in line for production from these data sets from the non-Priority Custodians. *See* Shinners Decl. ¶ 19.[4]

---

[4] Defendants cannot promise a particular number of documents that will be produced on November 19, 2019, because they cannot definitively predict the number

**Status of Collection.**  Despite diligence, Defendants have encountered a few issues related to the collection and processing of certain documents that have necessitated this extension request.

First, Defendants determined on Friday, November 8, 2019, that, due to the existence of two individuals named Frank Longoria who have worked for CBP OFO, Defendants mistakenly collected the emails for Frank C. Longoria, rather than from the intended custodian, Frank S. Longoria.  Cole Decl. ¶ 22.  CBP has re-collected the emails from the correct custodian and as of November 12, 2019, those emails were being processed.  Shinners Decl. ¶ 23; Cole Decl. ¶ 22.

Second, Defendant CBP had processed the email data for custodians Higgerson and Murdock; however, the initial exports had errors in the load files that needed to be corrected before the data could be uploaded for review.  Cole Decl. ¶ 20.  New exports have been provided to DOJ and are or will be uploaded for review.  Cole Decl.  ¶¶ 21-22; Shinners Decl. ¶¶ 21-22.

Third, Defendant CBP discovered the need to re-collect emails from the January 1, 2019 to March 18, 2019 time frame for certain Priority and Non-Priority custodians, because of issues relating to CBP's 2019 migration to an Office 365 email system.  As explained in the accompanying declaration of Alma Cole, CBP migrated from journaled email to Office 365 beginning in January 2019.  Cole Decl. ¶ 5.  Thus, for most custodians, CBP initially conducted two email collections from two different systems: (1) journal servers from January 1, 2016 to December 31, 2018; and (2) Office365 from January 1, 2019 to the date

---

of documents that will be ultimately determined to be responsive and non-privileged in the documents currently remaining for privilege review or undergoing quality control measures.

5

of collection. Cole Decl. ¶ 13.[5] However, CBP recently discovered that certain emails that were stored in an individual's inbox in archived form at the time of the individuals migration to Office 365 would appear in "stub" or partial form in Office 365. Cole Decl. ¶ 11. Thus, although a full version of this stub email existed on the journal server, a collection from Office 365 would not retrieve the full version of that email. Accordingly, to ensure that the collection from the impacted custodians was complete, CBP has re-collected from the journal server for each impacted custodian covering the time period of January 1, 2019 to the date of each custodian's migration to Office 365. Cole Decl. ¶¶ 16, 18; Shinners Decl. ¶ 23(b).

Fourth, in part due to the time spent addressing the issues described above, CBP experienced some delay in the identification and collection of non-email ESI from certain custodians. *See* Cole Decl. ¶ 23; Shinners Decl. ¶¶ 21, 23-25.

Accordingly, a brief extension to December 3, 2019, will enable Defendants to complete production from these Non-Priority Custodians, including allowing adequate time to complete all levels of review. *See generally* Shinners Decl. ¶¶ 15-18.

**B. Plaintiffs Will Not Be Prejudiced by this Extension.**

As explained above, Defendants intend to make a production on or before November 19, 2019, that includes most of the data from the Non-Priority Custodians. Thus, by that date, Plaintiffs will have received a large percentage of the documents from custodians from the headquarters of CBP OFO, a custodian from CBP's Office of Professional Responsibility, and custodians from within both of the Field Offices that are implicated by the individual Plaintiffs'

---

[5] This applies to all custodians except for Judson Murdock, Frank S. Longoria, and the four New Custodians. Cole Decl. ¶¶ 10, 13.

allegations (San Diego and Laredo), including custodians from the San Ysidro, Laredo, and Hidalgo Ports of Entry. Accordingly, given that Plaintiffs will have received tens of thousands of documents from custodians from each of these subdivisions of CBP by November 19, 2019 deadline, Defendants maintain that Plaintiffs will not be prejudiced as a result of a 14-day extension for Defendants to produce the remainder of the documents from the Non-Priority Custodians.

However, to alleviate any concerns Plaintiffs may have about the extension, Defendants have agreed to particular dates for the 30(b)(6) deposition of Defendant CBP that account for the proposed amended deadlines (barring any unforeseen emergency affecting the deponent(s) availability), and Plaintiffs have reserved the right to supplement their expert report on class certification based on documents produced after November 19, 2019. *See* Shinners Decl. ¶¶ 5-6. Accordingly, Plaintiffs have stated that they do not oppose the proposed extension under these circumstances.

### C. Conclusion

Defendants have exercised diligence to meet the November 19 deadline but, due to unforeseen collection issues, are unable to meet that deadline. Accordingly, they respectfully request the Court grant a brief, 14-day extension of that deadline.

### PLAINTIFFS' POSITION

Plaintiffs do not oppose the Government's request for a limited extension. However, Plaintiffs would note that this is the second time that they have agreed to extend the deadline for the Government's document production deadlines in this case. Because further extensions of these deadlines may impact the existing schedule for class certification briefing and pending depositions, Plaintiffs reserve the right to object to further delays of the document production schedule.

| | | |
|---|---|---|
| 1 | Dated: November 14, 2019 | JOSEPH H. HUNT |
| 2 | | Assistant Attorney General |
| | | Civil Division |
| 3 | | |
| 4 | | WILLIAM C. PEACHEY |
| | | Director |
| 5 | | |
| 6 | | */s/ Katherine J. Shinners* |
| | | KATHERINE J. SHINNERS |
| 7 | | Senior Litigation Counsel |
| 8 | | United States Department of Justice |
| | | Civil Division |
| 9 | | Office of Immigration Litigation |
| 10 | | P.O. Box 868, Ben Franklin Station |
| | | Washington, D.C. 20044 |
| 11 | | Tel: (202) 598-8259 \| Fax: (202) 305-7000 |
| 12 | | katherine.j.shinners@usdoj.gov |
| 13 | | ALEXANDER J. HALASKA |
| 14 | | SAIRAH G. SAEED |
| | | Trial Attorneys |
| 15 | | |
| 16 | | *Counsel for Defendants* |
| 17 | | |
| 18 | Dated: November 14, 2019 | MAYER BROWN LLP |
| 19 | |    Matthew H. Marmolejo |
| | |    Ori Lev |
| 20 | |    Stephen M. Medlock |
| 21 | | SOUTHERN POVERTY LAW CENTER |
| 22 | |    Melissa Crow |
| 23 | |    Mary Bauer |
| | |    Sarah Rich |
| 24 | |    Rebecca Cassler |
| 25 | | |
| 26 | | CENTER FOR CONSTITUTIONAL RIGHTS |
| 27 | |    Baher Azmy |
| | |    Ghita Schwarz |
| 28 | | |

8

Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
Karolina Walters

By: */s/ Stephen M. Medlock*
Stephen M. Medlock

*Attorneys for Plaintiffs*

9

**CERTIFICATE OF COMPLIANCE WITH
MEET-AND-CONFER REQUIREMENT**

The parties conferred via email regarding the issues raised in this motion on November 8, 11, 12, and 13, 2019. On November 8 and 11, I requested a telephonic conference with Plaintiffs' counsel. Because the parties were able to reach agreement on the relief requested in the Joint Motion, however, the parties did not engage in further conferences on the issues raised in this motion.

Dated: November 14, 2019         By /s/ Katherine J. Shinners
                                 Senior Litigation Counsel
                                 United States Department of Justice
                                 Civil Division
                                 Office of Immigration Litigation

**CERTIFICATE OF SERVICE**

I certify that on November 14, 2019, I served a copy of this document on the Court and all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide notice and an electronic link to this document to all counsel of record.

Dated: November 14, 2019    /s/ Katherine J. Shinners
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation