JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
SAIRAH G. SAEED (IL 6290644)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Karen S. Crawford |
| v. | |
| KEVIN K. McALEENAN,[1] Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | **DECLARATION OF KATHERINE J. SHINNERS IN SUPPORT OF MOTION TO MODIFY PARAGRAPH 4 OF SEPTEMBER 9, 2019 ORDER** |
| *Defendants* | |

---

[1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant to Federal Rule of Civil Procedure 25(d).

# DECLARATION OF KATHERINE J. SHINNERS

I, Katherine J. Shinners, declare as follows:

1. I am Senior Litigation Counsel in the District Court Section of the U.S. Department of Justice (DOJ) Office of Immigration Litigation. I am an attorney for the federal Defendants in their official capacities in the case entitled *Al Otro Lado, Inc. v. McAleenan*, No. 3:17-cv-02366-BAS-KSC, which is currently pending in the U.S. District Court for the Southern District of California. I submit this declaration in support of Defendants' Joint Motion to partially modify the Court's September 9, 2019 Order (Joint Motion). These statements are based upon my personal knowledge, my review of Defendants' document productions, my review of Defendants' document review platform, my review of emails, letters, and other correspondence, and, where specifically noted, discussions with colleagues at the Department of Justice (DOJ) or with employees of U.S. Customs and Border Protection (CBP).

2. On Friday, November 8, 2019, I sent an email to Plaintiffs' counsel proposing an extension to December 3, 2019, of the November 19, 2019 deadline for Defendants to produce documents from certain custodians referenced in Paragraph 4 of the Court's September 9, 2019 Order. Those custodians are ten various current or former CBP officials: (1) Bryan Molnar; (2) Luis Mejia; (3) Pete R. Flores; (4) Alberto Flores; (5) Mariza Marin; (6) David Higgerson; (7) David John Gonzalez; (8) Andres Guerra; (9) Frank Longoria; and (10) Judson Murdock. These custodians are referred to herein as the "Non-Priority Custodians." In that email, I requested a conference with Plaintiffs' counsel on Tuesday, November 12, 2019, if possible for Plaintiffs' counsel.

3. On Friday, November 8, 2019, Plaintiffs' counsel responded that they were conferring regarding the request.

4. On Monday, November 11, 2019, I sent an email to Plaintiffs' detailing the data sets from the Non-Priority Custodians from which Defendants anticipated largely completing production by November 19, 2019, and providng information

1  concerning the status of certain data sets. I requested that Plaintiffs' counsel advise
2  me if they had time to discuss the matter on Tuesday, November 12, 2019.
3      5.  I received a response email from Plaintiffs' counsel at 11:02 p.m. ET
4  November 12, 2019, stating that Plaintiffs would "agree to an extension through De-
5  cember 3, 2019, as long as the Government agrees to hold the 30(b)(6) deposition
6  [of CBP] on or after the week of December 16, 2019 and before January 10, 2020.
7  In the event that Plaintiffs are not able to fully review these documents prior to De-
8  cember 10, 2019, Plaintiffs also reserve the right to supplement their expert report
9  on class certification to include new facts contained in those documents."
10     6.  I responded via email to Plaintiffs' counsel at 4:23 p.m. ET on Novem-
11 ber 13, 2019, stating that Defendants agree to the proposal and to hold the 30(b)(6)
12 deposition of CBP, between December 16, 2019 and January 9, 2020 (likely the
13 week of December 16, 2019, and/or the week of January 6, 2020), barring any un-
14 foreseen circumstances.
15     7.  Because the parties had reached an agreement regarding the proposed
16 extension and there was thus no dispute between the parties, I did not further pursue
17 my request for a conference on these issues.

**Defendants' Custodians and Non-Custodial Sources**

19     8.  During negotiations regarding Defendants' responses to Plaintiffs' First
20 and Second Sets of Requests for Production, the parties agreed that Defendants
21 would search for responsive documents from the following custodians and non-cus-
22 todial sources.
23     9.  The parties agreed that Defendants would search for responsive docu-
24 ments from the following custodians, who are or were CBP employees: (1) Pete R.
25 Flores, Director of Field Operations, San Diego Field Office, Office of Field Opera-
26 tion (OFO); (2) David P. Higgerson, Director of Field Operations, Laredo Field Of-
27 fice, OFO; (3) Frank S. Longoria, Assistant Director of Field Operations, Laredo

Field Office, OFO; (4) Alberto A. Flores, Acting Port Director, Laredo Port of Entry, Laredo Field Office, OFO; (5) Andres Guerra, Acting Port Director, Hidalgo Port of Entry (September 2018-October 2018), Laredo Field Office, OFO; (6) David John Gonzalez, Acting Port Director, Hidalgo Port of Entry (October 2018-April 2019), Laredo Field Office, OFO; (7) Todd A. Hoffman, Executive Director, Admissibility and Passenger Programs, OFO; (8) Randy Howe, Executive Director, Operations, OFO; (9) Luis Mejia, Director, Enforcement Programs Division, Admissibility and Passenger Programs, OFO; (10) Mariza Marin, Supervisory CBP Officer (Watch Commander), San Ysidro Port of Entry, San Diego Field Office, OFO; (11) Bryan Molnar, Assistant Director, Intake and Analysis, Office of Professional Responsibility, Investigative Operations Division; (12) Todd C. Owen, Executive Assistant Commisser, OFO; (13) Sidney Aki, Port Director, Say Ysidro Port of Entry, San Diego Field Office, OFO; (14) Carlos Rodriguez, Port Director, Hidalgo Port of Entry, Laredo Field Office, OFO; and (15) Judson Murdock, former Acting Assistant Commissioner, Office of Intelligence.

10. The parties agreed that Defendants would search for responsive documents within 8 non-custodial sources from CBP and the Office of Inspector General of the Department of Homeland Security.

11. The Court recently ordered that Defendants search for responsive documents from four additional CBP custodians, Michael Humphries, Tater Ortiz, David Salazar, and Hector Mancha (the "New Custodians"). The parties agreed that Defendants would substantially complete production of documents from custodians Salazar and Mancha by December 3, 2019, and from custodians Humphries and Ortiz by December 20, 2019 (see ECF Dkt Nos. 319 and 320).

**Defendants' Document Productions**

12. As of November 12, 2019, Defendants had produced 119,506 documents, totaling 529,101 pages. Of those 119,506 documents, at least 4,996 are from the Non-Priority Custodians.[2]

13. As set forth below, Defendants continue to upload and review data from these Non-Priority Custodians, as well as from the New Custodians.

**Defendants' Review Process and Efforts**

14. Defendants are using DOJ Civil Division's Relativity 9.6 review platform ("Relativity" or "review platform") to apply search terms to documents, review and, if necessary, redact documents for production.

15. Documents that hit on search terms are being reviewed for responsiveness. Many of these CBP documents are being reviewed in the Active Learning project, as set forth in CBP's Active Learning protocol (see ECF Dkt. No. 284-3).

16. Documents that are excluded from Active Learning, as set forth in §II(1) of the Active Learning Protocol, are reviewed in a separate responsiveness review.

17. Documents that are manually coded responsive within Active Learning or in the separate responsiveness review or that are ranked above a certain relevance rank by the Active Learning project, as well as that document's family members, are sent to privilege and confidentiality review.

18. As of 11:05 a.m. ET on November 12, 2019, Defendant CBP had completed initial privilege and confidentiality review on 213,405 CBP documents for which a family member or family members were initially coded as responsive.

19. Based on my review of information in Relativity as of 10:00 p.m. ET on November 12, 2019, there were 31,688 documents from the Non-Priority Custodians that were ready to submit for production. This number includes placeholders for privileged documents that will be withheld from the production. At that time, there were

---

[2] These figures include placeholders for privileged documents that were withheld in full.

1. 29,251 additional documents from these custodians that had been designated responsive and had completed initial privilege and confidentiality review, although some of these documents were still undergoing further privilege review, including third-party privilege review.

**Defendant CBP's Collection Efforts**

20. According to information provided to me by contractors for the Office of Litigation Support, Civil Division, DOJ, as well as my review of the review platform, as of 10:40 a.m. on November 12, 2019, the following data sets from the Non-Priority Custodians had been uploaded to Relativity and are in various stages of review:

    a.    Email data for custodian Bryan Molnar;
    b.    Email data for custodian Luis Mejia;
    c.    Email data for custodian Pete Flores;
    d.    Email data for custodian Alberto Flores;
    e.    Email data for custodian Mariza Marin;
    f.    Email data for custodian David John Gonzalez;
    g.    Email data for custodian Andres Guerra;
    h.    Non-Email ESI for custodian Bryan Molnar;
    i.    Hard copy documents for custodian Bryan Molnar;
    j.    Hard copy documents for custodian Pete Flores;
    k.    Hard copy documents for custodian Mariza Marin;
    l.    Hard copy documents for custodian Judson Murdock.

21. According to information provided to me by contractors for the Office of Litigation Support, Civil Division, DOJ, as of 10:40 a.m. on November 12, 2019, the following data sets had been processed and uploaded to Relativity and were being prepared for responsiveness and privilege review:

    a.    Email data for custodian Judson Murdock;
    b.    Non-email ESI for custodian Judson Murdock (partial);
    c.    Non-email ESI for custodian Alberto Flores;

  d. Non-email ESI for custodian Mariza Marin;

  e. Non-email ESI for custodian David John Gonzalez (partial);

  f. Non-email ESI for custodian Andres Guerra;

  g. Non-email ESI for custodian Bryan Molnar;

  h. Email data and non-email ESI for the New Custodians;

22. According to information provided to me by contractors for the Office of Litigation Support, Civil Division, DOJ, and employees of CBP, as of 10:40 a.m. on November 12, 2019, the following data sets had been processed and were to begin uploading to Relativity for responsiveness and privilege review later in the day on November 12, 2019:

  a. Email data for custodian David Higgerson;

23. According to information provided to me by contractors for the Office of Litigation Support, Civil Division, DOJ, as of 10:40 a.m. on November 12, 2019, the following documents had been received by DOJ's Office of Litigation Support and are being processed for uploading to Relativity:

  a. Email data for custodian Frank S. Longoria;

  b. Limited email data pulled from CBP's journal servers from January 1, 2019 through March 18, 2019 for custodians Todd Owen, Todd Hoffman, Sidney Aki, Randy Howe, Carlos Rodriguez, David John Gonzalez, Pete Flores, Alberto Flores, Luis Mejia, Andres Guerra, Bryan Molnar, Mariza Marin, and David Higgerson.

  c. Hard-copy documents for custodian David Higgerson;

  d. Non-email ESI for custodian David John Gonzalez (partial);

  e. Non-email ESI for custodian Judson Murdock (partial).

24. According to information provided to me by CBP Counsel and employees of CBP, as of 10:40 a.m. on November 12, 2019, the following documents had been collected and were pending transfer to DOJ for processing:

  a. Non-email ESI for Frank S. Longoria (approximately 4 files).

1  25. As set forth in the Declaration of Alma Cole, Chief Information Security Officer, Executive Director, Cyber Security Directorate, Office of Information and Technology, Enterprise Services, CBP, a true and correct copy of which is attached hereto as **Exhibit 1,** CBP encountered some difficulties with collection and/or processing of the above-listed data sets that are not yet fully uploaded for review.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration was executed on November 14, 2019, in Washington, D.C.

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS