MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Chad F. Wolf,[1] *et al.*, <br><br> Defendants. | Case No.:  17-cv-02366-BAS-KSC <br><br> Hon. Cynthia A. Bashant <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO SHORTEN TIME** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Acting Secretary Wolf is automatically substituted for former Secretary Nielsen pursuant to Fed. R. Civ. P. 25(d).

**CENTER FOR CONSTITUTIONAL RIGHTS**
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

**SOUTHERN POVERTY LAW CENTER**
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

**AMERICAN IMMIGRATION COUNCIL**
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

This Court issued the preliminary injunction at issue here on November 19. The Government waited 16 days to decide it wanted to appeal the injunction,[2] but now contends that the injunction must be stayed immediately and that Plaintiffs be given only three business days to oppose the motion to stay. The Government has not shown good cause to so drastically shorten the briefing schedule, and in fact has demonstrated by its delay in seeking an appeal that the injunction is not causing the harm alleged. The Court should deny the *ex parte* application for an expedited briefing schedule, or, if one is granted, afford Plaintiffs until December 12 to respond to the Government's motion.

Notwithstanding the hyperbolic claims of the "substantial burdens" that the injunction is allegedly imposing on the Government, *see, e.g.*, Dkt. 337 at 1:6, the Government has provided no evidence of the impact of the injunction or why that impact requires deviation from the carefully calibrated briefing requirements provided in Local Civil Rule 7.1. The conclusory statements included in its *ex parte* application certainly do not constitute such evidence, nor do they provide the required good cause for the Government's requested relief. *Langer v. McHale*, No. 13CV2721-CAB-NLS, 2014 WL 4922351, at *2 (S.D. Cal. Aug. 20, 2014) ("Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief.").

And even the materials that the Government relies upon in its Stay Motion fall short of establishing good cause for an immediate stay to be heard on truncated briefing. Those materials pre-date the issuance of the injunction and therefore cannot support the proposition that the injunction itself is causing such substantial harm. And this Court has already ruled that any difficulties in identifying class members, which are of the Government's own making, are not so substantial as to

---

[2] Apparently, the Government decided to appeal the Court's order on December 3, but did not inform Plaintiffs of this decision until the following day. See Dkt 337-1, par. 3.

preclude the relief granted. *See* Dkt. 330 at 27:17-29:4. The Government's unsupported arguments about the allegedly "extensive fact finding burdens [imposed] on multiple agencies," *see* Dkt. 336 at 3:22-23—which runs counter to this Court's ruling that class membership can be readily determined by cross-checking a name against the waitlists or submission of declarations—does not change this conclusion.

In fact, the Government's purported "crushing burden" is a mess of the Government's own making. First, the Government made the choice to meter asylum seekers without providing them with any documentation indicating that they had been turned back. *See* Dkt. 330 at 27:17-29:4. Now, as the Government informed Plaintiffs during a December 4, 2019 meet-and-confer, the Government has not asked Mexican authorities for copies of the waitlists and has no plans to do so. *See* Ex. A (Marmolejo Decl.) at ¶ 2. After failing to take reasonable steps to comply with the injunction, the Government cannot claim that the injunction is somehow burdensome.

The Government's dramatic claim that the Court's injunction "is causing significant harm to the government and the public," Dkt. 337 at 1:8, likewise is unsubstantiated. To the extent that the Government is referring to the purported purpose of the July 16, 2019, asylum ban (the "Asylum Ban") "to discourage fraudulent or frivolous asylum claims," of course, the Court's injunction does not impact the Asylum Ban's application to individuals currently heading to the border. Any deterrent effect that the Asylum Ban might have on those individuals presumably would be unaffected.

Finally, the Government has no explanation for why—in the wake of a supposedly "crushing" burden and the significant harm occasioned by the Court's injunction—it waited *over two weeks* to seek a stay. Nor does it explain why, when it had two weeks to deliberate the propriety of its stay request, Plaintiffs must now oppose that stay in just three business days. Presumably, if the impact of the

injunction was so severe, the Government would have moved to stay the injunction immediately after it issued on November 19. During the meet-and-confer concerning the motion to stay, the only rationale that the Government could offer for its delay was that it had certain administrative processes to follow before determining whether to seek an appeal. *See* Ex. A (Marmolejo Decl.) at ¶ 3. But this response raises more questions than it answers. Why did the Government engage in two weeks of internal deliberations regarding appealing the injunction and seeking a stay if it is purportedly laboring under an arduous injunction? The Government has no response to this very obvious question.

Because the Government has not come anywhere close to meeting its burden of demonstrating that the continued pendency of the injunction is causing any harm—let alone the severe harm alleged—the Court should deny the ex parte application to shorten the briefing schedule on the Government's motion for a stay pending appeal. Alternatively, Plaintiffs request that they be given until December 12 to file an opposition to the application.

Dated: December 5, 2019

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen S. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters

1
2   By: */s/ Matthew H. Marmolejo*
3   Stephen M. Medlock
    *Attorneys for Plaintiffs*
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO EX PARTE
APPLICATION TO SHORTEN TIME

4

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: December 5, 2019          MAYER BROWN LLP

By */s/ Matthew H. Marmolejo*