MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Chad F. Wolf,[1] *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' TEMPORARY RESTRAINING ORDER PAPERS** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> *Declaration of Stephen M. Medlock Filed Concurrently* |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

MEM. OF P & A ISO MOT. TO SEAL.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' TEMPORARY RESTRAINING ORDER PAPERS

## I. PLAINTIFFS' ARGUMENT

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file under seal portions of Plaintiffs' Memorandum of Points and Authorities in support of their Motion for Temporary Restraining Order Prohibiting Application of Asylum Cooperative Agreement Rule to Provisional Class Members, and various exhibits thereto, in order to exclude sensitive law enforcement information and personally identifiable information contained therein.

As is explained in more detail in the accompanying Declaration of Stephen M. Medlock, these documents consist of:

1) Portions of Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Temporary Restraining Order Prohibiting Application of Asylum Cooperative Agreement Rule to Provisional Class Members, specifically portions of pages 5-7 of that Memorandum that cite, quote from, and discuss the below-mentioned documents;

2) The transcript of a deposition of a CBP whistleblower conducted on November 21, 2019 (Ex. 1);

3) A letter dated August 23, 2018, from the U.S. Department of Homeland Security's Office of Special Counsel to then-Secretary of Homeland Security Kirstjen Nielsen, which is marked as Exhibit 14 to the whistleblower's deposition (Ex. 2);

4) An unredacted copy of a report dated September 26, 2019 from the U.S. Department of Homeland Security's Office of Inspector General entitled *Investigation of Alleged Violations of Immigration Laws at the*

*Tecate, California, Port of Entry by U.S. Customs and Border Protection Personnel*, which is marked as Exhibit 19 to the whistleblower's deposition (Ex. 3);

5) The statement of a CBP officer, which is marked as Exhibit 18 to the whistleblower's deposition (Ex. 4);

6) An email containing a Field Office Queue Management Report dated March 21, 2019, which is marked as Exhibit 5 to the whistleblower's deposition (Ex. 5);

7) An email dated June 16, 2018, containing a SWB (South-West Border) queue management update, which is marked as Exhibit 6 to the whistleblower's deposition (Ex. 6);

8) An email containing a Field Office Queue Management Report dated May 2, 2019, which is marked as Exhibit 7 to the whistleblower's deposition (Ex. 7);

9) An email containing a Field Office Queue Management Report dated February 5, 2019, which is marked as Exhibit 8 to the whistleblower's deposition (Ex. 8);

10) An email containing a Field Office Queue Management Report dated January 10, 2018, which is marked as Exhibit 9 to the whistleblower's deposition (Ex. 9); and

11) An email containing a Field Office Queue Management Report dated December 26, 2018, which is marked as Exhibit 10 to the whistleblower's deposition (Ex. 10).

Exhibit 1, the transcript of a recent deposition in which Protected Material was discussed, is automatically deemed Protected Material pursuant to Protective Order Section V.B.2 for the first 30 days after its receipt. *See* Dkt. 276. The Government designated Exhibits 2 and 5 through 10 as "Confidential" and designated Exhibit 4

as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.[2] Plaintiffs seek to file Exhibit 3 under seal out of an abundance of caution and pursuant to the Government's request to do so in order to protect the identity of a CBP whistleblower.

While Plaintiffs acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that the above-listed documents should be filed under seal. Fed. R. Civ. P. 26(c) sets forth the "good cause" standard for sealing documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988).

Here, Plaintiffs seek to file under seal ten exhibits, and quotations from and descriptions of those exhibits in Plaintiffs' Memorandum, that would reveal sensitive CBP information regarding the number and categorization of detainees and migrants

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

presenting at certain ports of entry, and the personally identifiable information of two CBP officers who made internal reports of what they suspected to be unlawful conduct. For instance, Exhibit 5—a March 21, 2019, email and attachment entitled "Field Office Queue Management Report 3.21.19"—contains detailed information regarding the number of detainees at ports of entry overseen by the Laredo Field Office, the migrant capacity at each port of entry, and the impact of the capacity level to port operations, among other types of sensitive data. Exhibits 6 through 10 contain similar information: Exhibit 6 compiles such data for ports of entry across the entire southwest border, while Exhibits 7, 8, 9, and 10 include "Field Office Queue Management Reports" for four additional dates. Similarly, in addition to Exhibit 1 being automatically deemed Protected Material pursuant to the Protective Order, Exhibits 1 through 4 contain personally identifying information for a CBP whistleblower and one additional CBP officer who made an internal report of unlawful activity.

Plaintiffs have conferred with the Government, which does not oppose the motion.

Plaintiffs therefore request that the Court grant this unopposed motion to seal portions of their Memorandum of Points and Authorities in support of their Motion for Temporary Restraining Order Prohibiting Application of Asylum Cooperative Agreement Rule to Provisional Class Members, and various exhibits thereto.

Dated: December 6, 2019

    MAYER BROWN LLP
      Matthew H. Marmolejo
      Ori Lev
      Stephen M. Medlock

    SOUTHERN POVERTY LAW CENTER
      Melissa Crow
      Sarah Rich
      Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters


By: */s/ Stephen M. Medlock*
   Stephen M. Medlock

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 6, 2019, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*