1   MAYER BROWN LLP
       Matthew H. Marmolejo (CA Bar No. 242964)
2       *mmarmolejo@mayerbrown.com*
    350 S. Grand Avenue
3   25th Floor
    Los Angeles, CA 90071-1503
4       Ori Lev (DC Bar No. 452565)
        *olev@mayerbrown.com*
5       Stephen M. Medlock (VA Bar No. 78819)
        *smedlock@mayerbrown.com*
6   1999 K Street, N.W.
    Washington, D.C. 20006
7   Telephone:  +1.202.263.3000
    Facsimile:   +1.202.263.3300
8
    SOUTHERN POVERTY LAW CENTER
9       Melissa Crow (DC Bar No. 453487)
        (*pro hac vice*)
10      *melissa.crow@splcenter.org*
    1101 17th Street, N.W., Suite 705
11  Washington, D.C. 20036
    Telephone: +1.202.355.4471
12  Facsimile: +1.404.221.5857

13  *Additional counsel listed on next page*
    *Attorneys for Plaintiffs*
14
                  UNITED STATES DISTRICT COURT
15
                 SOUTHERN DISTRICT OF CALIFORNIA
16

17  Al Otro Lado, Inc., *et al.*,          Case No.:  17-cv-02366-BAS-KSC

18              Plaintiffs,

19      v.                                 **DECLARATION OF STEPHEN M.
                                           MEDLOCK IN SUPPORT OF
20  Chad F. Wolf,[1] *et al.*,             UNOPPOSED MOTION TO SEAL
                                           PORTIONS OF PLAINTIFFS'
21              Defendants.                TEMPORARY RESTRAINING
                                           ORDER PAPERS**
22

23

24

25

26

27

28  ─────────────────
    [1] Acting Secretary Wolf is automatically substituted for former Acting Secretary
    McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
    *bazmy@ccrjustice.org*
    Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
    *gschwarz@ccrjustice.org*
    Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
    *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
    Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
    *sarah.rich@splcenter.org*
    Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
    *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
    *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

2

1     **DECLARATION OF STEPHEN M. MEDLOCK**

2     I, Stephen M. Medlock, hereby declare under penalty of perjury pursuant to

3     28 U.S.C. § 1746:

4     1.    I am a partner at the law firm Mayer Brown LLP, a member of the

5     District of Columbia and Virginia bars, admitted *pro hac vice* to this Court for this

6     action, and co-lead counsel for the Plaintiffs in this case.

7     2.    I make this declaration in support of Plaintiffs' Unopposed Motion to

8     Seal Portions of Plaintiffs' Temporary Restraining Order Papers.

9     3.    Plaintiffs seek to seal ten exhibits: (Ex. 1) the transcript of a deposition

10    of a CBP whistleblower conducted on November 21, 2019; (Ex. 2) a letter dated

11    August 23, 2018, from the U.S. Department of Homeland Security's Office of

12    Special Counsel to then-Secretary of Homeland Security Kirstjen Nielsen, which is

13    marked as Exhibit 14 to the whistleblower's deposition; (Ex. 3) an unredacted copy

14    of a report dated September 26, 2019, from the U.S. Department of Homeland

15    Security's Office of Inspector General entitled *Investigation of Alleged Violations of*

16    *Immigration Laws at the Tecate, California, Port of Entry by U.S. Customs and*

17    *Border Protection Personnel*, which is marked as Exhibit 19 to the whistleblower's

18    deposition; (Ex. 4) the statement of a CBP officer, which is marked as Exhibit 18 to

19    the whistleblower's deposition; (Ex. 5) an email containing a Field Office Queue

20    Management Report dated March 21, 2019, which is marked as Exhibit 5 to the

21    whistleblower's deposition; (Ex. 6) an email dated June 16, 2018, containing a SWB

22    (South-West Border) queue management update, which is marked as Exhibit 6 to

23    the whistleblower's deposition; (Ex. 7) an email containing a Field Office Queue

24    Management Report dated May 2, 2019, which is marked as Exhibit 7 to the

25    whistleblower's deposition; (Ex. 8) an email containing a Field Office Queue

26    Management Report dated February 5, 2019, which is marked as Exhibit 8 to the

27    whistleblower's deposition; (Ex. 9) an email containing a Field Office Queue

28    Management Report dated January 10, 2018, which is marked as Exhibit 9 to the

1  whistleblower's deposition; and (Ex. 10) an email containing a Field Office Queue

2  Management Report dated December 26, 2018, which is marked as Exhibit 10 to the

3  whistleblower's deposition. In addition, Plaintiffs seek to seal portions of pages 5,

4  6, and 7 of Plaintiffs' Memorandum of Points and Authorities in Support of Their

5  Motion for Temporary Restraining Order, which reference, quote from, and discuss

6  those documents.

7      4.     Plaintiffs seek to seal Exhibit 1 pursuant to Section V.B.2. of the

8  Protective Order (Dkt. 276), because it is the transcript of a deposition in which

9  Protected Information was discussed, received less than 30 days ago, and therefore

10 is deemed Protected Material.

11     5.     Plaintiffs seek to seal Exhibit 2, which was produced in discovery and

12 designated "Confidential," because it contains the CBP whistleblower's personally

13 identifying information.

14     6.     Plaintiffs seek to seal Exhibit 3, although it has previously been filed in

15 this case (Dkt. 300-2), out of an abundance of caution, as Defendants have recently

16 moved to seal certain documents including Exhibit 3. Exhibit 3 contains personally

17 identifying information about the CBP whistleblower that Plaintiffs understand was

18 inadvertently released to the public, and therefore, Plaintiffs agree to file this

19 document under seal in order to protect the CBP whistleblower's privacy.

20     7.     Plaintiffs seek to seal Exhibit 4, which was produced in discovery and

21 designated "Highly Confidential – Attorneys' Eyes Only," because it contains

22 personally identifying information of the CBP whistleblower as well as of another

23 CBP officer.

24     8.     Plaintiffs seek to seal Exhibits 5 through 10, which were produced in

25 discovery and designated "Confidential," because they would reveal sensitive CBP

26 information regarding the number and categorization of detainees and migrants

27 presenting at certain ports of entry, and the personal telephone numbers and email

28 addresses of senior CBP officials.  For instance, Exhibit 5—a March 21, 2019, email

4                    DECLARATION OF STEPHEN M. MEDLOCK

and attachment entitled "Field Office Queue Management Report 3.21.19"—contains detailed information regarding the number of detainees at ports of entry overseen by the Laredo Field Office, the migrant capacity at each port of entry, and the impact of the capacity level to port operations, among other types of sensitive data. Exhibits 6 through 10 contain similar information: Exhibit 6 compiles such data for ports of entry across the entire southwest border, while Exhibits 7, 8, 9, and 10 include "Field Office Queue Management Reports" for four additional dates.

9. The parties have conferred regarding the motion, and Defendants do not oppose this motion.

I declare under penalty of perjury under the laws of the United States of America that the proceeding declaration is true and correct.

Executed on this 6th day of December 2019 at Washington, D.C.


*/s/ Stephen M. Medlock*

Stephen M. Medlock

DECLARATION OF STEPHEN M. MEDLOCK