1    MAYER BROWN LLP
        Matthew H. Marmolejo (CA Bar No. 242964)
2        *mmarmolejo@mayerbrown.com*
      350 S. Grand Avenue
3      25th Floor
      Los Angeles, CA 90071-1503
4        Ori Lev (DC Bar No. 452565)
        (*pro hac vice*)
5        *olev@mayerbrown.com*
        Stephen M. Medlock (VA Bar No. 78819)
6        (*pro hac vice*)
        *smedlock@mayerbrown.com*
7      1999 K Street, N.W.
      Washington, D.C. 20006
8      Telephone:  +1.202.263.3000
      Facsimile:   +1.202.263.3300
9
      SOUTHERN POVERTY LAW CENTER
10        Melissa Crow (DC Bar No. 453487)
        (*pro hac vice*)
11        *melissa.crow@splcenter.org*
      1101 17th Street, N.W., Suite 705
12      Washington, D.C. 20036
      Telephone: +1.202.355.4471
13      Facsimile: +1.404.221.5857

14    *Additional counsel listed on next page*
      *Attorneys for Plaintiffs*

15                  **UNITED STATES DISTRICT COURT**

16                  **SOUTHERN DISTRICT OF CALIFORNIA**

17

18    Al Otro Lado, Inc., *et al.*,          Case No.:  17-cv-02366-BAS-KSC

19                  Plaintiffs,

20          v.                              **EXHIBIT 11 TO MOTION FOR
                                            TEMPORARY  RESTRAINING
21    Chad F. Wolf,[1] *et al.*,            ORDER:**

22                  Defendants.             **GUATEMALA ACA
                                            GUIDANCE**
23

24

25

26

27    _____

28    [1] Acting Secretary Wolf is automatically substituted for former Secretary Nielsen
      pursuant to Fed. R. Civ. P. 25(d).

1
2
3
4
5
6

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
    *bazmy@ccrjustice.org*
    Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
    *gschwarz@ccrjustice.org*
    Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
    *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

7
8
9
10

SOUTHERN POVERTY LAW CENTER
    Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
    *sarah.rich@splcenter.org*
    Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
    *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

11
12
13
14

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
    *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.56

15
16
17
18
19
20
21
22
23
24
25
26
27
28



# US – Guatemala Asylum Cooperation Agreement (ACA) Threshold Screening



## Guidance for Asylum Officers and Asylum Office Staff

11/19/2019

# Roadmap



- Background/Legal Framework

- Overview of the Agreement

- Threshold Screening Process

- Exceptions to the Agreement

- Eliciting Evidence to Support Exception

- Review Process

- Post-Decision and Service

# Background/Legal Framework



- ACA – On July 26, 2019, the U.S. and Guatemala entered into an agreement, the Asylum Cooperation Agreement (ACA), "Agreement between the Government of the United States of America and the Government of the Republic of Guatemala on Cooperation Regarding the Examination of Protection Claims."

- Under 208(a)(2)(A) of the INA, an alien who may be removed, pursuant to a bilateral or multilateral agreement, to a country where the alien's life or freedom would not be threated and which has a full and fair process for determining a claim to asylum or equivalent protection is not eligible to apply for asylum in the U.S.

- Language added at 8 CFR § 208.30(e)(7)

# Overview of the ACA



- Prohibits certain asylum seekers from pursuing a request for protection in the U.S. and allows the U.S. to remove them to Guatemala to seek protection.

- Applies to individuals who are subject to expedited removal, regardless of whether the individual arrives at a POE, and who express a fear of persecution or torture, a fear of return, or an intention to apply for asylum.

- Certain populations are exempt from the Agreement.

- Individuals who establish during an interview with an AO that they are more likely than not to be persecuted or tortured in Guatemala are exempt from the Agreement.

- Implementing regulations apply only prospectively to aliens who enter or arrive in the United States on or after Tuesday, November 19.

- Exceptions may apply

- Affirmative asylum cases are NOT subject to the Agreement.

# Interview Procedures



- **Most relevant CF interview procedures in 208.30(d) apply:**

    - Officer may reschedule if the individual is unable to participate effectively in the interview due to illness, fatigue, or other impediments

    - Individual is <u>not entitled</u> to a consultant

    - Asylum Division will provide interpreter as needed

    - AO must create a summary of material facts as stated by the individual and at the end of the interview the AO must review the summary with the alien and give him or her an opportunity to correct errors

# Threshold Screening Process



- CBP processes individual for ER and generates I-213, I-860, I-867 Parts A&B.

- CBP makes an initial determination whether the individual is amenable to ACA

- CBP provides Tear Sheet with information about the threshold screening (similar to M-621)

- CBP refers the case to Asylum. Asylum receives I-213, I-860, I-867 Parts A&B, and Tear Sheet

# Tear Sheet



- Explains:

  - The individual is potentially amenable to removal to Guatemala under section 208(a)(2) pursuant to the "Agreement between the Government of the United States and the Government of the Republic of Guatemala on Cooperation in the Examination of Protection Claims." They will be referred to an asylum officer for an assessment on whether they meet an exception to the US – Guatemala ACA.

  - Interview will take place over the phone or in person.

  - If the aliens do not meet an exception to the ACA they may not apply for asylum or other protection in the U.S. and will be removed to Guatemala where they may apply for asylum or protection.

  - Aliens may express a fear of removal to Guatemala or a fear of persecution or torture in Guatemala. If they express a fear of removal to Guatemala they will be afforded the appropriate process.

# Threshold Screening Process Cont.



- Asylum office receives I-860, I-867 A&B, I-213, and copy of Tear Sheet

- Case entry into Global

- The individual's accompanying spouse and qualifying children (immediately family members) are processed together

- AO interviews to: 1) verify Asylum Division-relevant aspects of CBP amenable population determination, 2) validate CBP's determination of exceptions, 3) determine if public interest exception applies

- If individual affirmatively expresses a fear of removal to Guatemala, the AO will screen him or her to determine if the individual is more likely than not to be persecuted or tortured in Guatemala

- AO must create a summary of material facts as stated by the individual, review the summary with the individual, and provide him or her with an opportunity to correct any errors

FOUO

8

# Standard of Proof



- The individual must show by <u>preponderance of the evidence</u> that he or she qualifies for an exception under the terms of the Agreement.

- If the individual affirmatively expresses a fear of removal to Guatemala, he or she must show it is <u>more likely than not</u> that he or she will be persecuted on account of a protected ground or tortured in Guatemala.

# ACA Amenable Population and Exceptions



- AOs conduct a threshold screening to determine amenable population, meaning the individual:
  1) Is not a Citizen or national of Guatemala
  2) Is a national of Honduras or El Salvador
  3) Claims a fear of return to their home country
  4) Arrived or entered the U.S. on or after the effective date of the ACA IFR
  5) Has not been admitted to the U.S.
  6) Has not been returned to the U.S. from Canada under the STCA
  7) Not stateless and habitually residing in Guatemala
  8) Has not been convicted of a felony in the U.S. or any crime in Guatemala.
- AOs determine if the alien meets a public interest/discretionary exception
- Other exceptions or limits on amenability could be applicable based on agreement with Guatemala

# Exception 1: Unaccompanied Alien Child



- UACs are not subject to INA § 208(a)(2)(A) and should not be referred to USCIS for ACA Threshold Screening

- UACs are unmarried, under 18 years of age, and do not have a parent or legal guardian in the United States (as defined in 8 CFR 208.30(6)(iii)(D))

# Exception 2: Validly issued visa or no visa required



■ The individual demonstrates:

1.  He or she arrived in the U.S. with a validly issued visa or other valid admission document, other than for transit.

    •   Validly issued = genuine and issued by the U.S. government. Individual's admission to using false identity may affect determination of "genuineness." A finding of immigrant intent does <u>not</u> mean the visa was not validly issued.

2.  He or she was not required to obtain a travel document – citizens or nationals of Visa Waiver Program (VWP) countries

# Exception 3: Public Interest



- The Director of USCIS or his or her designee determines, in the exercise of unreviewable discretion, that it is in the public interest to allow the individual to pursue a claim for asylum, withholding of removal, or protection under the Convention Against Torture, in the U.S.

- Public interest is undefined in U.S. regulations and agreement

- AO must elicit relevant testimony and evidence

- Complete "Decision Memorandum: Review of Public Interest Exception Determination"

- HQASM concurrence required

# Post Interview Processing



- Document interview and exceptions in Global

- Complete Worksheet and Notice if no fear of Guatemala affirmatively claimed

- Supervisor must review determination

# Fear of Removal to Guatemala



- If individual <u>affirmatively expresses</u> a fear of removal to Guatemala, AOs assess fear of removal to Guatemala

- Burden is on individual to establish credibility and meet standard of proof

- More likely than not standard – standard is higher than well-founded fear but lower than "beyond a reasonable doubt"

- More likely than not standard also used in MPP assessments

- [This standard provides for protection] "only if the alien's life or freedom 'would' be threatened in the country to which he would be deported; it does not require withholding if the alien 'might' or 'could' be subject to persecution." *INS v. Stevic*, 467 U.S. 407, 422 (1984)

# Relevant Case Law - Nexus



## We primarily see cases in the 5th and 9th Circuits – <u>QA Case Law ECN</u>

- 9th circuit: "a reason"

  1. *Barajas-Romero*, 846 F.3d 351 (9th Cir. 2017)

  2. *Parussimova v. Mukasey*, 555 F.3d 734 (9th Cir. 2009) (compares "one central reason" to "at least in part," which is similar to "a reason")

- All other circuits: "one central reason"

# Credibility



- In conducting the interview, the asylum officer should take into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer.

17

# Persecution Claims



- Alien's testimony, if credible, may be sufficient for the individual to meet his or her burden of proof

- Nexus to one of the five grounds is required

- Government Actor OR Government Unable/Unwilling to Control Private Actor

- If past persecution established, presumption would not apply, but past persecution would be considered strong evidence of likelihood of future persecution

- Internal Relocation – if individual has not established past, burden is on individual to establish unless persecutor is government or government-sponsored

- May <u>not</u> make a positive assessment solely on past persecution or other serious harm

# Convention Against Torture (CAT)



- Assessment that there is no basis for statutory withholding does not necessarily mean the individual is ineligible for CAT protection

- AO must make separate CAT assessment if withholding of removal based on persecution is not established

- Evidence to Consider

    1. Past Torture

    2. Internal Relocation

    3. Gross, Flagrant, Mass Human Rights Violations

    4. Other Relevant Information

- Standard is more likely than not

- No presumption of future torture if past torture established

- No nexus to a protected ground required



# Country Conditions Resources



See the RAIO Research Unit's Guatemala Resource Guide at
**https://ecn.uscis.dhs.gov/team/raio/Research/RU_Resources
/SitePages/Resources%20-%20Guatemala.aspx**.

# Post-Interview and Service



- Document Guatemala fear interview in Global

- AO prepares Worksheet and Assessment Notice

- SAO reviews Worksheet and Assessment Notice

- HQ reviews public interest exception cases

- CBP receives:

    - Guatemala ACA Threshold Screening Worksheet

    - Guatemala ACA Threshold Screening Assessment Notice

- CBP will serve the Guatemala ACA Assessment Notice to the individual

- No IJ review of Threshold Screening, including fear of removal to Guatemala

# Next Steps



- Individual receives Threshold Screening Assessment Notice indicating:

  1. Individual is not subject to removal to Guatemala and will be screened for credible fear.

  2. Individual is subject to removal to Guatemala under the U.S. – Guatemala Asylum Cooperation Agreement for consideration of his or her asylum or other protection claim(s).

     ➢ Individual may withdraw or dissolve his or her request for asylum or protection from return to his or her country and be removed to his or her country under an ER order.

# Questions?



## U.S. – Guatemala ACA Flowchart – FOR OFFICIAL USE ONLY (FOUO)

