MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | **EXHIBIT 12 TO MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | **DECLARATION OF STEPHEN MEDLOCK** |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

I, Stephen M. Medlock, state the following under penalty of perjury:

1. I am a partner at the law firm Mayer Brown LLP, a member of the District of Columbia and Virginia bars, admitted *pro hac vice* to this Court for this action, and co-lead counsel for Plaintiffs in this action.

2. I make this declaration based on my own personal knowledge and, if called as a witness, I could and would testify competently to the information set forth herein.

3. On December 4, 2019, the parties met and conferred telephonically for approximately 45 minutes and discussed Plaintiffs' plan to file a motion seeking a temporary restraining order related to the Asylum Cooperation Agreement Interim Final Rule ("ACA Rule") recently published in the Federal Register, along with other pending matters in this litigation. I participated in that meet-and-confer call, along with my co-counsel Karolina Walters of the American Immigration Council and opposing counsel Katherine Shinners, Alexander Halaska, and other attorneys from the Department of Justice.

4. During the December 4 meet-and-confer, I explained that Plaintiff Roberto Doe could serve as a class representative for the new provisional class we will seek to certify in relation to this TRO motion because he arrived and was metered at the U.S.-Mexico border prior to November 19, 2019, and if he enters the United States at any point in the future he will be subject to the asylum cooperation agreement with Guatemala or to some future agreement. Defendants' counsel did not dispute this statement.

5. Also during the December 4 meet-and-confer, I explained that there are more than 20,000 individuals who have been metered and are currently waiting in Mexico outside ports of entry for their chance to access the U.S. asylum process. I explained that those individuals have already arrived in the United States but will nonetheless be subject to the ACA Rule. Defendants' counsel did not dispute that

statement.

6. Finally, during the December 4 meet-and-confer, I noted that Plaintiffs' counsel were aware of a number of individuals who have already been sent to Guatemala under the ACA Rule. I told Defendants' counsel that if they would represent that the ACA Rule would not be applied further to additional asylum seekers, we could have a different discussion regarding the planned TRO motion, but that on its face the ACA Rule applies to everyone currently waiting at the border. In response to my statement, Defendants' counsel did not represent that application of the ACA Rule would be limited in any way.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct. This declaration is executed on December 5, 2019 in Washington, D.C.

By:   */s/ Stephen M. Medlock*
      Stephen M. Medlock