# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>                      Plaintiffs,<br><br>  v.<br><br>Kevin K. McAleenan, *et al.*,<br><br>                      Defendants. | Case No. 17-cv-02366-BAS-KSC<br><br>**ORDER DENYING DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR AN EXPEDITED BRIEFING SCHEDULE AND DECISION ON THEIR MOTION TO STAY**<br><br>**[ECF NO. 337]** |

    Before the Court is Defendants' *Ex Parte* Application for an order shortening the time for Plaintiffs to respond to, and for the Court to issue a decision on, Defendants' Emergency Motion to Stay Preliminary Injunction Pending Appeal ("Stay Motion"). (Stay Mot., ECF No. 336; *Ex Parte* App., ECF No. 337.)

    Defendants claim that this *ex parte* relief is necessary because of the "substantial burdens" involved in their compliance with this Court's November 19, 2019 order granting Plaintiffs' Motions for Preliminary Injunction and Class Certification ("Order"). (ECF No. 330.) Plaintiffs oppose the Application on the grounds that Defendants have failed to support their claims of "substantial burden" with evidence and have created the burdens on which they now rely to justify their request for an expedited briefing schedule. (Pls.' Opp'n to Defs.' *Ex Parte* App. at 1–2, ECF No. 339.)

    *Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the

circumstances occurred as a result of excusable neglect. *Id.* at 492. Defendants have failed to make either showing in their Application.

As to the first element, Defendants offer only conclusory statements about preventing irreparable harm, which does not satisfy the *ex parte* standard. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (holding that a party's "perception of the urgency" to obtain relief is insufficient under the *ex parte* standard). Defendants offer no other argument, including by reference to any specific merits of their Stay Motion. *See Mission Power*, 883 F. Supp. at 492 ("A showing of irreparable prejudice usually requires reference to the merits of the underlying motion.").

In any case, the irreparable injury argument in the Stay Motion does not provide a basis for the requested *ex parte* relief because the alleged injury was caused by Defendants. In their Stay Motion, Defendants allege that the Order, which requires them to identify class members, imposes a "crushing burden" because CBP "does not keep records of which individuals are subject to metering/queue management," and, as a result, "extensive fact-finding" is necessary to locate them. (Mem. of P. & A. in support of Stay Mot. at 2, ECF No. 336-1.) However, as stated in the Order, the class is defined by the very system Defendants created to advance their own metering policy. (Order at 27.) The consequent burden of identifying those class members is therefore the result of Defendants' own making. Thus, Defendants have also failed to satisfy the second element for *ex parte* relief.

Accordingly, the Court **DENIES** Defendants' *Ex Parte* Application for an Expedited Briefing Schedule (ECF No. 337) and **SETS** the hearing on the Stay Motion for **January 3, 2020**. This hearing date is solely for purposes of setting the briefing schedule for the Stay Motion. *See* Judge Bashant's Standing Order for Civil Cases, § 4B. The schedule for filing the Opposition and Reply must comply with Civil Local Rule 7.1(e). *See id.*

IT IS SO ORDERED.

**DATED: December 6, 2019**

Hon. Cynthia Bashant
United States District Judge