JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
SAIRAH G. SAEED (IL 6290644)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | |
| Chad F. WOLF,* Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO SHORTEN THE BRIEFING SCHEDULE** |
| *Defendants* | |

---

* Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Federal Rule of Civil Procedure 25(d).

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION

The Court should deny Plaintiffs' *Ex Parte* Application to Shorten the Briefing Schedule for the Motion for Temporary Restraining Order Prohibiting Application of the Asylum Cooperative Agreement Rule to Provisional Class Members ("Application") (ECF No. 344), which seeks to enjoin the U.S. Department of Homeland Security ("DHS") from applying the interim final rule Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act ("ACA Rule"), 84 Fed. Reg. 63,994 (November 19, 2019), to certain aliens. *See* Pls.' Mot. for TRO (ECF No. 344) at 2. Plaintiffs have not demonstrated the existence of an emergency situation to justify such a short briefing timeline; the briefing schedule they seek results in substantial prejudice to Defendants, who were not served with the full motion and exhibits until Monday, December 9, 2019, and who still have not seen the accompanying motion for provisional class certification that is necessary to fully understand Plaintiffs' request for emergency relief; and the briefing schedule imposes substantial burdens and prejudice in light of ongoing discovery that Plaintiffs have refused to re-schedule.

*First*, Plaintiffs seek an expedited briefing schedule without substantiating that there is an emergency. They have not identified any putative class member to whom this new rule has been applied. *See id*. at 2 n.5, 4, 10, 11, 14, 15-16, 18 (failing to identify any specific putative class members who have been harmed as a result of the ACA Rule). That is, Plaintiffs have not shown that the ACA Rule has been applied to anyone who was subject to metering practices before the effective date of the ACA Rule but entered the United States through a port of entry after its effective date. As this Court recently noted, "conclusory statements" of preventing irreparable harm are insufficient to warrant *ex parte* relief. ECF No. 347 at 2 (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001)). Plain-

tiffs' request is entirely based on "conclusory statements" of irreparable harm. Moreover, Plaintiffs argue that implementation of this new rule requires urgency, which is why expedited briefing is needed. Plaintiffs, however, offer no explanation as to why they waited over two weeks after the rule was implemented to file their Motion for a TRO (and then filed it incompletely). Defendants should not be forced to respond to Plaintiffs' TRO Motion in less than five business days when Plaintiffs waited almost three weeks to complete their filing. By delaying their filing, Plaintiffs created the circumstances leading to their request for expedited briefing, thereby making *ex parte* relief improper. *See* ECF No. 347 at 1 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)) (holding that the moving party must show that it did not create the circumstances warranting *ex parte* relief).

*Second*, under the circumstances, the briefing schedule Plaintiffs seek is unfairly prejudicial to Defendants. By their own admission, on December 6, 2019, Plaintiffs filed an incomplete motion for a temporary restraining order because they failed to file and serve numerous exhibits—including declarations of putative class members and other individuals—on that date. *See* ECF No. 346 (acknowledging that Plaintiffs inadvertently failed to file Exhibits 11-21 on December 6, 2019). As to TROs, the Court has a "strong preference" for "the opposing party to be served and afforded a reasonable opportunity to file an opposition." Judge Bashant's Standing Order for Civil Cases § 9. Plaintiffs' actions, albeit inadvertent, effectively shorten Defendants' response time by three days.

Defendants are prejudiced in briefing their opposition because Plaintiffs have not yet filed their Motion for Provisional Class Certification. *See* Pls. Mot. for TRO at 4-5, 20 (seeking relief on behalf of "ACA provisional class members"). Because Plaintiffs are seeking emergency relief on behalf of a class, Defendants cannot fully understand Plaintiffs' arguments or their request for relief without seeing that mo-

tion. Although Plaintiffs have stated that they believe their class-certification motion cannot be filed until seven days after the conference of counsel, *see* Judge Bashant's Standing Order for Civil Cases § 4(A), Plaintiffs have not asked Defendants or the Court to waive this requirement. Under Plaintiffs' proposed expedited briefing schedule, if Plaintiffs file their Motion for Provisional Class Certification at the end of the day on Wednesday, December 11, 2019, Defendants will be afforded only two business days to review that briefing and incorporate their arguments before filing their TRO opposition.

*Third*, the proposed expedited briefing schedule creates a substantial and prejudicial burden on Defendants and their counsel because the underlying litigation is ongoing. Plaintiffs have thus far refused to discuss moving out the litigation schedule to accommodate Plaintiffs' second motion for extraordinary relief to enjoin a rule that is not the subject of the underlying lawsuit. Indeed, Plaintiffs have refused to discuss rescheduling the deposition of Todd Owen, CBP's Executive Assistant Commissioner for the Office of Field Operations and a named Defendant in this case, scheduled for December 13, 2019, the same day Plaintiffs request that Defendants' opposition brief be due, thereby requiring counsel to prepare for and defend this important deposition while opposing the TRO.

Accordingly, the Court should deny Plaintiffs' *Ex Parte* Application and Defendants' opposition to the TRO should be due on December 23, 2019, in accordance with the regular briefing schedule.

DATED: December 10, 2019        Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS

Senior Litigation Counsel

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: December 10, 2019

Respectfully submitted,

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*