MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' PROVISIOANL CLASS CERTIFICATION PAPERS** |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| | [*Declarations of Stephen M. Medlock Filed Concurrently*] |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' PROVISIONAL CLASS CERTIFICATION PAPERS

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), the parties jointly move this Court to file under seal portions of Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Provisional Class Certification to exclude sensitive law enforcement information and personally identifiable information contained therein.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, these documents consist of:

1) The transcript of the November 21, 2019 deposition of a CBP Officer who has blown the whistle on misconduct with respect to asylum seekers;

2) Exhibit 14 to the whistleblower's November 21, 2019 deposition transcript;

3) Exhibit 19 to the whistleblower's November 21, 2019 deposition transcript;

4) Exhibit 18 to the whistleblower's November 21, 2019 deposition transcript;

5) Exhibit 5 to the whistleblower's November 21, 2019 deposition transcript;

6) Exhibit 6 to the whistleblower's November 21, 2019 deposition transcript;

7) Exhibit 7 to the whistleblower's November 21, 2019 deposition transcript;

8) Exhibit 8 to the whistleblower's November 21, 2019 deposition transcript;

9) Exhibit 9 to the whistleblower's November 21, 2019 deposition transcript;

10) Exhibit 10 to the whistleblower's November 21, 2019 deposition transcript; and

11) The December 10, 2019 expert report of Stephanie Leutert.

The Government designated the first of these documents as "Confidential" under the Protective Order.[2] As a consequence of this confidentiality designation, the parties also seek to seal limited portions of Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Provisional Class Certification.

While Plaintiffs acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal. Fed. R. Civ. P. 26(c) sets forth the "good cause" standard for sealing documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

investigation." *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988).

Here, Plaintiffs seek to seal eleven exhibits and descriptions of those exhibits that would reveal sensitive CBP information regarding the physical layout, capacities, and operations of ports of entry on the U.S.-Mexico border. As the Government explains in its recently filed Amended Motion to Seal, the disclosure of this sensitive information could compromise the secure operations of those ports of entry and could expose the email accounts of CBP Officers to threats and harassment. *See* Dkt. 340-1 at 7-21. In particular the Expert Report of Stephanie Leutert, provides detailed information regarding the operations and capacities of ports of entry for several months based on a review of hundreds of documents that the Government designated as "Highly Confidential" or "Confidential."

Plaintiffs have conferred with the Government, and understand that the Government does not oppose this motion.

Plaintiffs therefore request that the Court grant this unopposed motion to seal limited portions of their Provisional Class Certification Papers.

Dated: December 11, 2019

    MAYER BROWN LLP
      Matthew H. Marmolejo
      Ori Lev
      Stephen M. Medlock

    SOUTHERN POVERTY LAW CENTER
      Melissa Crow
      Sarah Rich
      Rebecca Cassler

    CENTER FOR CONSTITUTIONAL RIGHTS
      Baher Azmy
      Ghita Schwarz
      Angelo Guisado

1  AMERICAN IMMIGRATION COUNCIL
2  Karolina Walters
3
4  By: */s/ Stephen M. Medlock*
   Stephen M. Medlock
5
   *Attorneys for Plaintiffs*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4                                                          MOT. TO SEAL

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 11, 2019, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*
