MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **DECLARATION OF STEPHEN M. MEDLOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR PROVISIONAL CLASS CERTIFICATION** |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

DECLARATION OF STEPHEN M. MEDLOCK

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
    *bazmy@ccrjustice.org*
    Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
    *gschwarz@ccrjustice.org*
    Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
    *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
    Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
    *sarah.rich@splcenter.org*
    Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
    *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
    *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# DECLARATION OF STEPHEN M. MEDLOCK

I, Stephen M. Medlock, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner at the law firm Mayer Brown LLP and co-lead counsel for the Plaintiffs in this case.

**Fed. R. Civ. P. 23(g) Factors**

2. Plaintiffs' counsel has done considerable work identifying and investigating the claims in this action. This work has included multiple trips to border cities in Mexico, including Tijuana to interview asylum seekers and employees of Al Otro Lado, Inc.; interviewing former officials from the U.S. Customs and Border Protection ("CBP") regarding their recollections of the existence of and justification for the Defendants' Turnback Policy; interviewing Mexican government officials concerning the Turnback Policy; reviewing the public statements of Government officials regarding the Turnback Policy; reviewing Congressional testimony concerning the Turnback Policy; reviewing audio and video recordings of CBP officials turning back asylum seekers at ports of entry; and propounding multiple rounds of discovery requests in this litigation. Plaintiffs' counsel have also committed substantial resources to this litigation, including retaining expert witnesses, e-discovery vendors, and trial graphics providers.

3. This Court previously found that Plaintiffs' counsel satisfy the requirements of Fed. R. Civ. P. 23(g)(2).

4. Plaintiffs' counsel has extensive experience in handling class actions, other complex litigation, and the type of claims asserted in this action.

5. Plaintiffs' counsel has been integrally involved in the following class actions or complex litigation matters:

   a. *A.B.T., et al., v. U.S. Citizenship and Immigration Services, et al.*, No. CV11-2016-RAJ (W.D.Wash.) (challenging USCIS' employment authorization policy for asylum applicants);

b. *Innovation Law Lab v. McAleenan*, No. 19-15716 (9th Cir.) (challenge to CBP's Migration Protection Protocols);

c. *East Bay Sanctuary Covenant v. Trump*, No. 18-17274 (9th Cir.) (challenge to Asylum Ban);

d. *East Bay Sanctuary Covenant v. Barr*, No. 3:19-cv-04073 (N.D. Cal.) (challenge to Asylum Ban);

e. *Ngwaniya v. Ashcroft*, 302 F. Supp. 2d 1076 (D. Minn. 2004) (certified nationwide class of asylees seeking lawful permanent residence in the United States);

f. *B-H- v. USCIS*, No. C11-2108RA (W.D. Wash. settlement approved Nov. 4, 2013) (certified nationwide class of asylum applicants seeking work authorization);

g. *Duran Gonzalez v. DHS*, No. CV 06-1411 (W.D. Wash. settlement approved July 21, 2014) (certified Ninth Circuit-wide class challenging DHS' refusal to allow removed or deported individuals to apply for adjustment of status under 8 U.S.C. § 1255(i));

h. *Brown v. CBP*, No. 15-cv-01180 (N.D. Cal. settlement approved Oct. 5, 2016) (nationwide putative class action challenging U.S. Customs and Border Protection's extensive delays in responding to FOIA requests);

i. *Doe v. Johnson*, No. 2:16-cv-01024 (W.D. Wash. class certification granted Jan. 10, 2017) (challenging obstacles to meeting the one-year filing deadline for asylum applications);

j. *Nw. Immigrant Rights Project v. USCIS*, No. 2:15-cv-00813-JLR (W.D. Wash. class certification granted July 18, 2017) (challenging delays in U.S. Citizenship and Immigration Services' adjudication of asylum seekers' initial application for employment authorization);

k. *Make the Road New York v. McAleenan*, No. 1:19-cv-02369 (D.D.C. filed Aug. 6, 2019) (class action – challenge to the expansion of expedited removal);

l. *Mendez Rojas v. Nielsen*, No. 2:16-cv-01024-RSM (W.D. Wash. filed June 30, 2016) (class action – challenge to lack of adequate notice of and a procedural mechanism for compiling with one-year asylum filing deadline);

m. *J.E.F.M. v. Whiatker*, 908 F.3d 1157 (9th Cir. 2018) (class action – right to appointed counsel for children in immigration proceedings);

n. *Gonzalez Corrado et al. v. Tempo, Inc., et al.*, No. 1:2008-cv-02759 (D. Md.) (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act);

o. *Lopez, et al v. NTI, LLC, et al.*, No. 8:2008-cv-01579 (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act);

p. *Castellanos-Contreras, et al. v. Decatur Hotels, LLC*, 622 F.3d 393 (E.D. La. 2010) (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act);

q. *Texas v. Holder*, 888 F. Supp. 2d 113 (D.D.C. 2012) (challenging federal pre-clearance of Texas' voter ID law);

r. *Arizona v. ITCA*, 133 S. Ct. 2247 (2013) (federal preemption challenge to state voter registration law);

s. *Jornaleros de Las Palmas v. City of League City*, 2013 WL 2180013 (S.D. Tex. 2013) (challenge to municipal anti-solicitation ordinance under the First and Fourteenth Amendments);

t. *Perez v. Perry*, 26 F. Supp. 3d 612 (W.D. Tex. 2014) (challenge to the implementation of Texas's 2011 redistricting plans under the Fourteenth Amendment and Section 2 of the Voting Rights Act);

    u. *Vulcan Society v. City of New York*, 717 F.3d 72 (2d Cir. 2013) (class action successfully challenging long-term employment discrimination in New York City Fire Department);

    v. *Hassan v. City of New York*, 804 F.3d 277 (3d Cir. 2015) (challenging New York Police Department's discriminatory program of suspicionless surveillance of Muslims);

    w. *Aguilar v. ICE*, 07 Civ. 8224 (S.D.N.Y. 2007) (class action challenging the policy and practice of warrantless home raids by officers of Immigration and Customs Enforcement);

    x. *In re Broiler Chicken Antitrust Litigation*, Civil No. 1:16-cv-08637 (N.D. Ill.) (currently pending);

    y. *PDVSA US Litigation Trust v. Lukoil Pan Americas LLC*, 372 F. Supp. 3d 1353 (S.D. Fla. 2019), *appeal docketed at* No. 19-10950 (11th Cir.);

    z. *In re Chocolate Confectionary Antitrust Litigation*, 999 F. Supp. 2d 777 (M.D. Pa. 2014), *aff'd* 801 F.3d 383 (3d Cir. 2015);

    aa. *Masimo Corporation v. Philips Electronics North America Corporation*, 2015 WL 2406155 (D. Del. 2014);

    bb. *Nespresso USA v. Ethical Coffee Company SA*, 263 F. Supp. 3d 498 (D. Del.);

    cc. *Sterling Merchandising, Inc. v. Nestle SA*, 656 F.3d 112 (1st Cir. 2011);

    dd. *Zayed v. Associated Bank, N.A.*, 2017 WL 424855 (D. Minn. 2017), *aff'd* 913 F.3d 709 (8th Cir. 2019); and

    ee. *Benisek v. Lamone*, 348 F. Supp. 3d 493 (D. Md.), *rev'd sub nom. Rucho v. Common Cause*, 139 S. Ct. 2484 (2019).

6. Plaintiffs' counsel has considerable knowledge of the substantive law involved in this matter and has been involved in numerous other cases concerning

U.S. immigration law, including:

a. *A.B.T., et al., v. U.S. Citizenship and Immigration Services, et al.*, No. CV11-2016-RAJ (W.D.Wash.) (challenging USCIS' employment authorization policy for asylum applicants);

b. *Innovation Law Lab v. McAleenan*, No. 19-15716 (9th Cir.) (challenge to CBP's Migration Protection Protocols);

c. *East Bay Sanctuary Covenant v. Trump*, No. 18-17274 (9th Cir.) (challenge to Asylum Ban);

d. *East Bay Sanctuary Covenant v. Barr*, No. 3:19-cv-04073 (N.D. Cal.) (challenge to Asylum Ban);

e. *Ngwaniya v. Ashcroft*, 302 F. Supp. 2d 1076 (D. Minn. 2004) (certified nationwide class of asylees seeking lawful permanent residence in the United States);

f. *B-H- v. USCIS*, No. C11-2108RA (W.D. Wash. settlement approved Nov. 4, 2013) (certified nationwide class of asylum applicants seeking work authorization);

g. *Duran Gonzalez v. DHS*, No. CV 06-1411 (W.D. Wash. settlement approved July 21, 2014) (certified Ninth Circuit-wide class challenging DHS' refusal to allow removed or deported individuals to apply for adjustment of status under 8 U.S.C. § 1255(i));

h. *Brown v. CBP*, No. 15-cv-01180 (N.D. Cal. settlement approved Oct. 5, 2016) (nationwide putative class action challenging U.S. Customs and Border Protection's extensive delays in responding to FOIA requests);

i. *Doe v. Johnson*, No. 2:16-cv-01024 (W.D. Wash. class certification granted Jan. 10, 2017) (challenging obstacles to meeting the one-year filing deadline for asylum applications);

j. *Nw. Immigrant Rights Project v. USCIS*, No. 2:15-cv-00813-JLR

(W.D. Wash. class certification granted July 18, 2017) (challenging delays in U.S. Citizenship and Immigration Services' adjudication of asylum seekers' initial application for employment authorization);

k. *Make the Road New York v. McAleenan*, No. 1:19-cv-02369 (D.D.C. filed Aug. 6, 2019) (class action – challenge to the expansion of expedited removal);

l. *Mendez Rojas v. Nielsen*, No. 2:16-cv-01024-RSM (W.D. Wash. filed June 30, 2016) (class action – challenge to lack of adequate notice of and a procedural mechanism for compiling with one-year asylum filing deadline); and

m. *J.E.F.M. v. Whiatker*, 908 F.3d 1157 (9th Cir. 2018) (class action – right to appointed counsel for children in immigration proceedings).

7. Plaintiffs' counsel has already devoted considerable resources to this litigation and anticipates doing so through a final judgment on the merits. For instance, Plaintiffs' counsel has already retained consulting and testifying expert witnesses, electronic discovery vendors, and trial graphics vendors. As of August 31, 2019, Plaintiffs' counsel anticipates that they have collectively devoted 6,760.45 hours to this matter. None of the counsel to Plaintiffs in this matter are receiving reimbursement from the Plaintiffs or putative class members in this case.

8. I am aware of no conflicts of interest between any Plaintiff's counsel and the provisional class. I am aware of no conflicts of interest between the Named Plaintiffs in this case and the provisional class members.

**Exhibits**

9. Attached hereto as Exhibit 1 is a true and accurate copy of the transcript of the November 21, 2019 deposition of CBP Officer Brandon Gibbons. By operation of the Protective Order in this case, this deposition transcript is considered "Protected Material" until December 23, 2019.

10. Attached hereto as Exhibit 2 is a true and accurate copy of Exhibit 14 to the November 21, 2019 deposition of CBP Officer Brandon Gibbons. This document is designated as "Confidential" under the Protective Order.

11. Attached hereto as Exhibit 3 is a true and accurate copy of Exhibit 19 to the November 21, 2019 deposition of CBP Officer Brandon Gibbons. Plaintiffs understand that the Government intends to move to seal this document.

12. Attached hereto as Exhibit 4 is a true and accurate copy of Exhibit 18 to the November 21, 2019 deposition of CBP Officer Brandon Gibbons. This document is designated as "Highly Confidential" under the Protective Order.

13. Attached hereto as Exhibit 5 is a true and accurate copy of Exhibit 5 to the November 21, 2019 deposition of CBP Officer Brandon Gibbons. This document is designated as "Confidential" under the Protective Order.

14. Attached hereto as Exhibit 6 is a true and accurate copy of Exhibit 6 to the November 21, 2019 deposition of CBP Officer Brandon Gibbons. This document is designated as "Confidential" under the Protective Order.

15. Attached hereto as Exhibit 7 is a true and accurate copy of Exhibit 7 to the November 21, 2019 deposition of CBP Officer Brandon Gibbons. This document is designated as "Confidential" under the Protective Order.

16. Attached hereto as Exhibit 8 is a true and accurate copy of Exhibit 8 to the November 21, 2019 deposition of CBP Officer Brandon Gibbons. This document is designated as "Confidential" under the Protective Order.

17. Attached hereto as Exhibit 9 is a true and accurate copy of Exhibit 9 to the November 21, 2019 deposition of CBP Officer Brandon Gibbons. This document is designated as "Confidential" under the Protective Order.

18. Attached hereto as Exhibit 10 is a true and accurate copy of Exhibit 10 to the November 21, 2019 deposition of CBP Officer Brandon Gibbons. This document is designated as "Confidential" under the Protective Order.

19. Attached hereto as Exhibit 11 is a true and accurate copy of the expert

report of Stephanie Leutert. Because this report relies on an analysis of documents that Defendants' have designated at "Confidential" and "Highly Confidential," out of an abundance of caution, Plaintiffs have designated this expert report as "Highly Confidential."

I declare under penalty of perjury under the laws of the United States of America that the proceeding declaration is true and correct.

Executed on this 11th day of December 2019 at Washington, D.C.

*/s/ Stephen M. Medlock*

Stephen M. Medlock

DECLARATION OF STEPHEN M. MEDLOCK