# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Kevin K. McAleenan, *et al.*,<br><br>　　　　　Defendants. | Case No. 17-cv-02366-BAS-KSC<br><br>**ORDER GRANTING PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO SHORTEN THE BRIEFING SCHEDULE FOR THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>**[ECF No. 345]** |

Before the Court is Plaintiffs' *Ex Parte* Application for an order shortening the briefing schedule for Plaintiffs' Motion for a Temporary Restraining Order ("Motion for a TRO" or "Motion"). (Mot. for TRO, ECF No. 344; *Ex Parte* App., ECF No. 345.)

Plaintiffs claim that this *ex parte* relief is necessary because "members of the provisional class could imminently be denied meaningful access to the U.S. asylum system because they are subject to and may be removed under" a newly promulgated regulation known as the "Asylum Cooperative Agreements" ("ACA") Rule. (ECF No. 344.) Defendants oppose the Application because Plaintiffs "have not identified any putative class member to whom this new rule has been applied" and because the proposed expedited schedule prejudices Defendants . (Defs.' Opp'n to *Ex Parte* App. at 1–3, ECF No. 349.)

*Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule

- 1 -

and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Id.* at 492.

As to the first element, Plaintiffs refer to the Motion wherein they explain that Defendants intend to apply the ACA, as they did the Asylum Ban, to prevent the provisional class from accessing the asylum process. In their Motion for a TRO, Plaintiffs justify this expectation by noting that, during a telephonic meet and confer on December 4, 2019, "Defendants' counsel did not disclaim, in response to direct inquiries from Plaintiffs' counsel, that the ACA Rule would be applied to individuals metered before November 19, 2019." (Mem. of P. & A. at 11, ECF No. 344-1.) Specifically, Plaintiffs' counsel expressed concerns to Defendants' counsel that both the previously certified class (*see* ECF No. 330) and the class representative would be subject to the ACA if they entered the United States in the future, which Defendants' counsel did not dispute. (Dec. of Stephen Medlock ("Medlock Dec.") ¶¶ 4–5, ECF No. 346-2.) Further, Plaintiffs' counsel proposed "that if [Defendants' counsel] would represent that the ACA Rule would not be applied further to additional asylum seekers, [they] could have a different discussion regarding the planned TRO motion, but that on its face the ACA Rule applies to everyone currently waiting at the border." (Medlock Dec. ¶ 6.) Plaintiffs' counsel states that, in response, "Defendants' counsel did not represent that application of the ACA Rule would be limited in any way." (*Id.*)

The Court finds that Plaintiff's statement of irreparable harm is sufficient to meet the *ex parte* standard for a shortened schedule. *See Mission Power*, 883 F. Supp. at 492 ("A showing of irreparable prejudice usually requires reference to the merits of the underlying motion."). As Plaintiffs point out, the language of the ACA Rule mirrors that of the Asylum Ban, applying to asylum-seekers who "arrive at" a United States port of entry on or after the effective date of the rule, without providing a carve-out for those metered at the border. (Mem. of P. & A. at 3.) Defendants' refusal to limit the application of the rule to exclude the provisional class of metered asylum-seekers creates the same type of emergency that warranted the recently-issued preliminary injunction.

Further, notwithstanding Defendants' claims to the contrary, the Court does not find Plaintiffs created the circumstances warranting *ex parte* relief. Rather, Plaintiffs filed the Motion for a TRO two days after Defendants refused to provide assurances that the ACA Rule would not apply to asylum-seekers metered at the border before the Rule's effective date. (ECF No. 344.) Although Defendants claim that Plaintiffs' "waited over two weeks after the rule was implemented to file their Motion," it appears that Plaintiffs' decision to file was not based on the promulgation of the ACA Rule itself but on Defendants' unwillingness to represent that the Rule would not be applied to asylum-seekers who had been metered at the border before the effective date. The Court therefore does not find that Plaintiffs created the circumstances making *ex parte* relief necessary.

Accordingly, the Court **GRANTS** Plaintiffs' Ex Parte Application to Shorten the Briefing Schedule for their Motion for a TRO (ECF No. 345) and **SETS** the following briefing schedule for the Motion:

- Defendants' opposition shall be due on or before **December 17, 2019**;
- Plaintiffs' reply shall be due on or before **December 20, 2019**.

**IT IS SO ORDERED.**

**DATED: December 11, 2019**

Hon. Cynthia Bashant
United States District Judge