MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  mmarmolejo@mayerbrown.com
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  olev@mayerbrown.com
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  smedlock@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  melissa.crow@splcenter.org
1101 17th Street, N.W., Suite 750
Washington, DC 20036
Telephone:  +1.202.355.4471
Facsimile:  +1.404.221.5857

*Attorneys for Plaintiffs*
*Additional counsel listed on next page*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>           Plaintiffs,<br><br>     v.<br><br>Chad Wolf[1], *et al.*,<br><br>           Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION TO SUSPEND THE BRIEFING SCHEDULE FOR DEFENDANTS' EMERGENCY MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL (ECF No. 336)** |

---

[1] Acting Secretary Wolf is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740)
  (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087)
  (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688)
  (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone:  +1.212.614.6464
Facsimile:   +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985)
  (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309)
  (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 East Ponce de Leon Avenue
Suite 340
Decatur, GA  30030

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113)
  (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G Street, NW, Suite 200
Washington, DC 20005
Telephone:  +1.202.507.7523
Facsimile:   +1.202.742.5619

# EX PARTE APPLICATION

PLEASE TAKE NOTICE that Plaintiffs, by and through undersigned counsel, hereby apply to this Court for an order suspending the briefing schedule set for Defendants' Emergency Motion to Stay the Preliminary Injunction Pending Appeal (ECF. No. 336), pending the resolution of Defendants' motion to the Ninth Circuit for identical relief.

On November 19, the Court preliminarily enjoined Defendants from applying the Asylum Ban to a provisionally certified class. Dkt. 330. On December 4, Defendants moved in this Court to stay the preliminary injunction pending their appeal of it to the Ninth Circuit. Dkt. 336. On December 6, the Court ordered Plaintiffs to respond to the motion by this Friday, December 20. Dkt. 347. Dissatisfied with that briefing schedule, on December 12, Defendants bypassed the Court and filed an emergency motion for stay pending appeal in the Ninth Circuit. Dkt. 354. That motion is pending and Plaintiffs' opposition to that motion is currently due Monday, December 23.

1. When Defendants filed their second stay motion to the Ninth Circuit, this Court lost jurisdiction over their original motion. "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc. ("NRDC")*, 242 F.3d 1163, 1166 (9th Cir. 2001). This rule's "purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Id*.

Although there is an exception to this rule for certain orders related to an injunction (Fed. R. Civ. P. 62(d)), the Rule 62 exception "grants the district court no broader power than . . . to preserve the status quo during the pendency of an appeal." *NRDC*, 242 F.3d at 1166. The relevant status quo is that "as of the filing of [the] appeal." *Id.* In other words, modifications under Rule 62 must "not

materially alter the status of the [] appeal" and must "le[ave] unchanged the core questions before the appellate panel." *Id.* at 1167.

Defendants are currently appealing whether the preliminary injunction should be stayed. Thus, this Court now lacks jurisdiction to stay the injunction. Rule 62 does not apply here, because a stay by this Court would "materially alter the status" of the Government's appeal to the greatest extent imaginable—by rendering it entirely moot.

2. Even if this Court did have jurisdiction to rule on Defendants' motion, it should decline to do so. Considering the motion would engender confusion and require needlessly duplicative briefing. Defendants chose not to await this Court's ruling on their stay motion and instead seek relief in the Court of Appeals. They should not be permitted to game the system by seeking relief from two courts at once. Nor should Plaintiffs have to respond to different motions seeking the same relief in two different courts.

Accordingly, Plaintiffs request that the Court suspend the briefing schedule on the motion to stay that is pending in this Court until after the Ninth Circuit rules on Defendants' stay motion that is pending in that court. Once the Ninth Circuit rules on Defendants' motion, this Court can enter an appropriate scheduling order, if necessary.[2] In light of the pending deadline for Plaintiffs' opposition, Plaintiffs respectfully request that this Court enter an order granting the relief requested as soon as possible.

On December 16, 2019, Plaintiffs sought Defendants' consent to suspend the briefing schedule. On December 17, 2019, Plaintiffs met-and-conferred with

---

[2] If the Ninth Circuit grants or denies Defendants' motion on the merits, there will be no need for further briefing of the stay motion in this Court. If, on the other hand, the Ninth Circuit denies Defendants' motion as improper or premature and remands the matter to this Court (and Defendants do not seek review in the Supreme Court), then Plaintiffs request that this Court provide them with one week to file an opposition to the stay motion.

2

PLAINTIFFS' *EX PARTE* APPLICATION TO SUSPEND THE BRIEFING SCHEDULE FOR DEFENDANTS' EMERGENCY MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL

defense counsel regarding this *ex parte* application.  Defense counsel indicated that Defendants oppose this application.

Dated: December 17, 2019

MAYER BROWN LLP
   Ori Lev
   Matthew H. Marmolejo
   Stephen S. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters

By: */s/   Matthew H. Marmolejo*
     Matthew H. Marmolejo

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2019, I caused this to be electronically filed using the CM/ECF system. I certify that service will be accomplished by the CM/ECF system, which will send notice to all users registered with CM/ECF.

Dated: December 17, 2019

                Respectfully submitted,

                */s/ Matthew H. Marmolejo*
                Matthew H. Marmolejo
                Mayer Brown LLP
                350 S. Grand St., 25th Floor
                Los Angeles, CA 90071
                (213) 621-9483