JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
ARI NAZAROV (CT 414491)
SAIRAH G. SAEED (IL 6290644)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4067 | Fax: (202) 305-7000
sairah.g.saeed@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION TO SUSPEND THE BRIEFING SCHEDULE FOR DEFENDANTS' EMERGENCY MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL (ECF No. 336)** |
| CHAD F. WOLF,[*] Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

---

[*] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Federal Rule of Civil Procedure 25(d).

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION

The Court should deny Plaintiffs' *Ex Parte* Application to Suspend the Briefing Schedule for Defendants' Emergency Motion to Stay Preliminary Injunction Pending Appeal (ECF No. 356) ("Pls.' Application"). Defendants are seeking a stay of the Court's preliminary-injunction order to prevent irreparable harm to the United States pending appeal of that order. Defendants have reasonably asked both this Court and the Ninth Circuit for a stay. Plaintiffs' arguments for staying the briefing schedule as to Defendants' Emergency Motion to Stay (ECF No. 336) lack merit.

*First*, Plaintiffs contend that this Court "lost jurisdiction over" Defendants' stay motion when Defendants filed a stay motion in the Ninth Circuit. Pls.' Application 3. Plaintiffs cite no authority for that proposition. The one case that they cite says that a district court loses of jurisdiction "over the matters being appealed" after a "notice of appeal is filed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). The "matter[] being appealed" here is this Court's November 19 order granting a preliminary injunction. *See* Notice of Appeal (ECF No. 335). Defendants are *not* "appealing whether the preliminary injunction should be stayed." Pls.' Application 4. The pendency of an appeal from the preliminary-injunction order does not deprive this Court of jurisdiction to grant a stay. "[A] notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment." *Rakovich v. Wade*, 834 F.2d 673, 673–74 (7th Cir. 1987) (per curiam) (citations omitted); *see also Fed. Trade Comm'n v. Neovi, Inc.*, No. 06-CV-1952, 2016 WL 9076233, at *2 (S.D. Cal. May 27, 2016) ("[T]he court clearly retains jurisdiction to resolve postjudgment motions, including a motion to stay pending appeal.") (quoting *Ryan v. Editions Ltd. W., Inc.*, No. 06-CV-04812, 2013 WL 417814, at *1 n.7 (N.D. Cal. Feb. 1, 2013). Thus, although Defendants properly sought stay relief from the Ninth Circuit when this Court declined to issue an expedited briefing schedule and stay decision, the pendency of an appeal does not deprive

the District Court of jurisdiction to grant a stay.

*Second*, Plaintiffs contend that the Court should "decline" to rule on Defendants' stay motion even if it does have jurisdiction, purportedly because it would cause "confusion," "duplicative briefing," and a "gam[ing] [of] the system." Pls.' Application 4. There is again no basis for any of those claims. Defendants sought stay relief from this Court and explained the time by which it needed a ruling on that request. After the Court made clear—at Plaintiffs' behest—that it would not rule within that requested timeline, Defendants appropriately moved the Ninth Circuit for that relief. That is not "gam[ing] the system." *Id.* And this Court granting a stay would not cause "confusion"—it would simply eliminate the need for the Ninth Circuit to issue a stay of its own. As to "duplicative briefing": Plaintiffs' assertion does not pass the straight-face test, because Plaintiffs are doing all that they can to avoid briefing the stay in the Ninth Circuit too. There, Plaintiffs have argued that Defendants "improperly circumvent[ed]" the District Court by seeking a stay from the Ninth Circuit. *See* Appellees' Opp'n to Mot. for Admin. Stay 7, *Al Otro Lado v. Wolf*, No. 19-56417 (9th Cir. Dec. 13, 2019) (attached hereto as Exhibit 1). They argue that the Ninth Circuit should dismiss Defendants' emergency stay motion "with instructions to refile, if they wish, after the district court rules on the stay motion." *Id.* In this Court, however, Plaintiffs argue the opposite: that this Court now lacks jurisdiction to consider the stay request and should suspend briefing and a ruling pending the Ninth Circuit's decision on a stay pending appeal. Plaintiffs are merely seeking to prolong the time before Defendants can potentially obtain the relief of a stay. That is exactly the sort of attempt to "game the system" that this Court should reject.

Accordingly, this Court should deny Plaintiffs' request to stay the briefing on the Emergency Stay Motion.

| | |
|---|---|
| December 19, 2019 | Respectfully submitted, |
| | |
| | JOSEPH H. HUNT |
| | Assistant Attorney General |
| | Civil Division |
| | |
| | WILLIAM C. PEACHEY |
| | Director |
| | |
| | KATHERINE J. SHINNERS |
| | Senior Litigation Counsel |
| | |
| | */s/ Sairah G. Saeed* |
| | SAIRAH G. SAEED |
| | Trial Attorney |
| | United States Department of Justice |
| | Civil Division |
| | Office of Immigration Litigation |
| | P.O. Box 868, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel: (202) 532-4067 | Fax: (202) 305-7000 |
| | sairah.g.saeed@usdoj.gov |
| | |
| | *Counsel for Defendants* |

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: December 19, 2019         Respectfully submitted,

*/s/ Sairah G. Saeed*
SAIRAH G. SAEED
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4067 | Fax: (202) 305-7000
sairah.g.saeed@usdoj.gov

*Counsel for Defendants*