No. 19-56417

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

AL OTRO LADO, INC., *et al.*,
                                           *Appellees*,

v.

CHAD WOLF, Acting Secretary of Homeland Security, *et al.*,
                                             *Appellants*.

APPEAL FROM DECISION OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA
No. 17-cv-02366-BAS-KSC

## APPELLEES' OPPOSITION TO APPELLANTS' MOTION FOR AN ADMINISTRATIVE STAY

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street, N.W., Suite 705
Washington, DC 20036
(202) 355-4471

Baher Azmy*
Ghita Schwarz*
Angelo Guisado*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464

Matthew H. Marmolejo
Mayer Brown LLP
350 S. Grand St., 25th Floor
Los Angeles, CA 90071
(213) 621-9483

Ori Lev*
Stephen M. Medlock*
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
(202) 263-3270

Sarah Rich*  
Rebecca Cassler*  
SOUTHERN POVERTY LAW CENTER  
150 E. Ponce de Leon Ave., Suite 340  
Decatur, GA 30030  
(678) 954-4996  

Karolina Walters*  
AMERICAN IMMIGRATION COUNCIL  
1331 G St. NW, Suite 200  
Washington, DC 20005  
(202) 507-7523  

*Pro hac vice

*Counsel for Appellees*

## CORPORATE DISCOSURE STATEMENT

Appellees are individuals and a non-profit entity with no parent corporation. No publicly held corporation owns ten percent or more of any stake or stock in Appellees.

## APPELLEES' OPPOSITION TO APPELLANTS' MOTION FOR AN ADMINSITRATIVE STAY

On November 19, 2019, the district court enjoined Defendants from applying the Asylum Ban to a provisional subclass of Plaintiffs because the Ban—even if perfectly legal—simply does not cover them. *Al Otro Lado v. McAleenan*, No. 17-cv-02366-BAS-KSC, 2019 WL 6134601 (S.D. Cal. Nov. 19, 2019). Plaintiffs had sought this injunction because it was necessary to preserve the district court's authority to order effective relief in this case, and under traditional preliminary injunction factors.

Defendants sat on their hands for two weeks.

Finally, on the fifteenth day after the injunction went into effect, Defendants moved the district court for an emergency motion for stay of the injunction pending their appeal, an administrative stay of the injunction pending briefing on the motion for stay, and an ex parte motion for expedited briefing on the motion for stay pending appeal. *Al Otro Lado v. Wolf*, No. 17-cv-02366-BAS-KSC, Dkts. 336, 337. Defendants did not provide any post-injunction declarations to the district court in support of their motion. On December 6, the court declined to enter an administrative stay or to order expedited briefing. It observed that, besides some "conclusory statements about preventing irreparable harm," Defendants

2

had "no other argument" for why there should be expedited briefing. *Al Otro Lado v. Wolf*, Dkt. 347, at 2. And further, to the extent that the injunction would cause any irreparable injuries meriting expedited briefing, those injuries were "*caused by Defendants.*" *Ibid.* (emphasis added). Thus, the Court denied the ex parte motion and ordered a normal briefing schedule. The Defendants' district court motion for stay pending appeal remains pending.

Defendants then sat on their hands for five more days.

Finally, yesterday, Defendants moved this Court for an "emergency" administrative stay of the injunction, pending full briefing on the stay. Defendants justifiably face a daunting burden to get such relief. *See* Circuit Rule 27-3 (noting that emergency motions are for movants who "need[] relief within 21 days to avoid irreparable harm" and that movants must "make every practicable effort to . . . serve the motion[ ] at the earliest possible time"); Advisory Committee Note to 9th Circuit Rule 27-3 (providing that emergency motions are for "parties facing significant harm," like "imminent removal"—not for "procedural relief").

Here, an emergency stay would be manifestly improper, for four reasons.

3

*First*, Defendants cannot plausibly contend that they need this relief given their own leisurely approach to this case. The injunction was issued almost a *month* ago, and yet Defendants first asked for the administrative stay yesterday, and only after dragging their feet for two weeks before seeking a stay in the district court. After failing to object for weeks, it beggars belief that they will be so injured over the next week that they need emergency ex parte relief.

*Second*, whatever injuries the injunction will cause Defendants, the irreparable harm to Plaintiffs of staying the injunction will be vastly worse. The district court concluded that an injunction was necessary to prevent Plaintiffs from experiencing "substantial harm," possibly including "physical danger, torture or death." *Al Otro Lado v. McAleenan*, 2019 WL 6134601, at *18-19. By contrast, it determined that the Defendants' assertions of harm were "conclusory." Dkt. 347, at 2.

Defendants, of course, disagree about that. But in the presence of these competing assertions of irreparable harm, the Court should not rule for Defendants simply because they are the only party to have filed a brief so far. Until, at the very least, Plaintiffs can brief the issue, the Court has the best chance of minimizing irreparable harm over the next

4

week by deferring to the district court, which presided over all the relevant arguments and is immersed in the case. This Court should defer to the district court's judgment to avoid creating more irreparable harm than it solves.

The self-serving declarations that Defendants attached to their motion make no difference. First, this Court cannot consider them, because Defendants failed to present them to the district court. *See Nat. Res. Def. Council, Inc. v. Winter,* 502 F.3d 859, 865 (9th Cir. 2007) (granting plaintiffs' motion to strike a declaration submitted along with an application for a stay of an injunction "because it contains new evidence not presented to the district court."). In any case, the declarations undermine the Defendants' argument. They are purely conjectural, speculating that an injunction "*would*" cause serious problems.[1] The injunction has now

---

[1] *E.g.* App 213 ("*If* any such individuals are not detained, coordinating follow-up interviews *would* present additional logistical challenges, as USCIS *would* likely need to obtain addresses for such individuals from ICE, mail out follow-up interview notices, and rely on the individuals to appear for their interviews."); *id.* at 212-213 ("The interview process alone, depending on the case composition and the issues involved, *could* take up to several hours per case on average and USCIS *will* need to fit these interviews into its existing heavy workload."); *id.* at 210 (If "a high number of individuals arrive at their interviews only to ask to reschedule in order to draft a declaration or obtain other documentary evidence to prove class membership, USCIS *may* not be able to substitute a different individual for an immediate interview."); *id.* at

5

been in effect for three weeks. The Court must assume, therefore, that Defendants have been complying with it.[2] And if the injunction is causing so much immediate irreparable harm that an ex parte administrative stay is necessary, Defendants presumably would have been able to muster by now an affidavit documenting that harm. Their failure to do so, even as they were improperly supplementing the record, suggests that they *have* no such evidence.

Even were the Court to credit Defendants' declarations, at most they establish that allowing the injunction to remain in effect pending further briefing on Defendants' motion will at most impose some delay on asylum processing. Whatever delay may accrue in the course of briefing on the motion certainly does not constitute irreparable harm.

*Third*, an administrative stay will lead to disarray at the border. If the court grants the stay, it very well might retract it after hearing full briefing on the issue. But this will require the Defendants to implement

---

218 ("In removal proceedings, the alien may require additional time to obtain evidence, which *would* necessitate continuing the case to a later date and filing docket space with an additional hearing.") (emphases added).

[2] Although the only evidence of such compliance that Plaintiffs have seen is the leaked guidance issued by the Department of Justice. Dara Lind (@DLind), Twitter, (Nov. 27, 2019, 9:37 A.M.), https://twitter.com/DLind/status/1199698671656415233?ref_src=twsrc%5Egoogle%7Ctwcamp %5Eserp%7Ctwgr%5Etweet (linking to a version of the leaked guidance).

6

one policy last week, a different one this week, and yet another the next. An administrative stay changing the rules for one week only will inject unnecessary confusion into this case.

*Fourth*, Defendants' motion improperly circumvents the district court. Rule 8 of the Federal Rules of Appellate Procedure requires motions for staying an injunction pending appeal to "state that[] the district court denied the[ir stay] motion or failed to afford the relief requested and state any reasons given by the district court for its action." F.R.A.P. 8(2)(A) (emphasis added). Defendants did not comply with this provision—because they *could* not. That is because what Defendants are really appealing is the district court's briefing scheduling order. But that order is plainly within the court's reasonable discretion, and Defendants have provided no compelling reason why this Court should interfere.

The Court should dismiss the Defendants' motion, with instructions to refile, if they wish, after the district court rules on the stay motion pending before it. But should the Court wish to receive briefing, Plaintiffs respectfully request that their opposition be due Friday, December 20, 2019, at 5:00 Pacific Time. Plaintiffs are, however, prepared to file an opposition as quickly as the Court wishes.

7

# CONCLUSION

The court should deny the motion for an administrative stay.

Dated: December 13, 2019

                                    Respectfully submitted,

| | |
|---|---|
| Melissa Crow* | /s/ Matthew H. Marmolejo |
| SOUTHERN POVERTY LAW CENTER | Matthew H. Marmolejo |
| 1101 17th Street, N.W., Suite 705 | Mayer Brown LLP |
| Washington, DC 20036 | 350 S. Grand St., 25th Floor |
| (202) 355-4471 | Los Angeles, CA 90071 |
| | (213) 621-9483 |
| Baher Azmy* | |
| Ghita Schwarz* | Ori Lev* |
| Angelo Guisado* | Stephen M. Medlock* |
| CENTER FOR CONSTITUTIONAL RIGHTS | MAYER BROWN LLP |
| 666 Broadway, 7th Floor | 1999 K Street, N.W. |
| New York, NY 10012 | Washington, DC 20006 |
| (212) 614-6464 | (202) 263-3270 |
| | |
| Sarah Rich* | |
| Rebecca Cassler* | Karolina Walters* |
| SOUTHERN POVERTY LAW CENTER | AMERICAN IMMIGRATION COUNCIL |
| 150 E. Ponce de Leon Ave., Suite 340 | 1331 G St. NW, Suite 200 |
| Decatur, GA 30030 | Washington, DC 20005 |
| (678) 954-4996 | (202) 507-7523 |

*Pro hac vice

                                    *Counsel for Appellees*

8

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that:

    1.    The brief is proportionally spaced, has a typeface of 14 points or more, and contains 1318 words, exclusive of the exempted portions of the brief.

    2.    The brief has been prepared in proportionally-spaced typeface using Microsoft Word in 14-point Century Schoolbook font. As permitted by Fed. R. App. P. 32, the undersigned has relied upon the word-count feature of this word-processing system in preparing this certificate.

Dated: December 13, 2019

    Respectfully submitted,

<u>/s/ Matthew H. Marmolejo</u>
Matthew H. Marmolejo
Mayer Brown LLP
350 S. Grand St., 25th Floor
Los Angeles, CA 90071
(213) 621-9483

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2019, I caused this to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system. I certify that service will be accomplished by the CM/ECF system, which will send notice to all users registered with CM/ECF.

Dated: December 13, 2019

                                    Respectfully submitted,

                                    <u>/s/ Matthew H. Marmolejo</u>
                                    Matthew H. Marmolejo
                                    Mayer Brown LLP
                                    350 S. Grand St., 25th Floor
                                    Los Angeles, CA 90071
                                    (213) 621-9483