UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> Chad F. Wolf, et. al., <br><br> Respondents. | Case No. 17-cv-02366-BAS-KSC <br><br> **DECLARATION OF MICHAEL RINGLER** |

I, Michael Ringler, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby declare as follows:

1. I am the Assistant Chief for Border Patrol's Specialty Programs/Planning Division in the Law Enforcement Operations Directorate. I have held this position since July 22, 2018. Prior to occupying this position, I was the Special Operations Supervisor for Strategic Planning and Operations at Yuma Sector from 2014 to 2018. I have held various other positions since joining Border Patrol in 2003.

2. In my current position, I am responsible for supporting enforcement operations by facilitating a national perspective of operational strategies, including the implementation of the interim final rule Implementing Bilateral and Multilateral Asylum Cooperative Agreements under the Immigration and Nationality Act ("ACA Rule"), 84 Fed. Reg. 63,994 (November 19, 2019).

3. This declaration is based upon my personal knowledge, information obtained from other individuals employed by U.S. Border Patrol and U.S. Customs and Border Protection (CBP). I submit this revised declaration to explain Border Patrol's processing of aliens nationwide pursuant to the ACA Rule and to correct the statistics provided in my December 13, 2019 declaration. The statistics in that declaration inadvertently omitted cases from the Rio Grande Valley Sector.

4. From November 19, 2019 through December 15, 2019, the U.S. Border Patrol referred to U.S. Citizenship and Immigration Services (USCIS) approximately 100 individuals amenable to the Rule.

5. In my official capacity, I've received information indicating that approximately 53 of those individuals were determined by USCIS to be eligible for removal to Guatemala. In my official capacity, I've received information from U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, the majority of those individuals have been removed to or scheduled for removal to Guatemala.

6. Of the remaining individuals, fewer than five have received positive fear screenings for removal to Guatemala and were placed into other pathways.

7. Approximately 41 of the individuals originally identified for ACA Rule application withdrew their claims of fear and were processed for removal to their home country. One individual was determined to not be amenable for ACA and was processed under an alternate pathway. Another individual was still pending determination from USCIS.

8. These numbers are unofficial approximates from the U.S. Border Patrol's operational records and reflect information that is current as of December 19, 2019. These numbers are subject to change based on the date they are pulled. Other agencies may have more accurate records about those individuals who were actually processed under the ACA Rule, such as USCIS. The U.S. Border Patrol's unofficial approximates are based on the numbers of individuals who were referred to USCIS.

9. The U.S. Border Patrol is currently applying the ACA Rule in two Sectors: El Paso (as of November 19, 2019) and Rio Grande Valley (as of December 3, 2019).

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

    Executed this 19th day of December, 2019.

_____
MICHAEL RINGLER
Assistant Chief, Border Patrol

3