JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
SAIRAH G. SAEED (IL 6290644)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Chad Wolf,* Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br> **[DISCOVERY MATTER] JOINT MOTION TO PARTIALLY MODIFY SEPTEMBER 9, 2019 ORDER TO EXTEND TIME TO PRODUCE PRIVILEGE LOG (UNOPPOSED)** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> [Declaration of Katherine J. Shinners filed concurrently] |

---

* Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Federal Rule of Civil Procedure 25(d).

# JOINT MOTION TO PARTIALLY MODIFY SEPTEMBER 9, 2019 ORDER TO EXTEND TIME TO PRODUCE PRIVILEGE LOG

## I. DEFENDANTS' ARGUMENT

Defendants respectfully request that the Court partially modify its September 9, 2019 Order Re: Joint Motion to Compel Defendants' Production of Documents & Joint Motion for Entry of Scheduling Order (ECF No. 288) ("September 9 Order"). Specifically, Defendants request to extend the deadline for Defendants to complete production of its privilege log for documents in response to Plaintiffs' First and Second Sets of Requests for Production from December 20, 2019, to February 18, 2020. Specifically, Defendants request that the Court modify Paragraph 5 of the September 9 Order as follows:

> 5. Defendants shall produce any privilege log for documents responsive to plaintiff's First and Second Sets of Requests for Production by February 18, 2020.

Defendants submit that good cause exists to grant this extension to complete the privilege log for their overall document production. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s "good cause" standard [for modification of a scheduling order] primarily considers the diligence of the party seeking the amendment."). Defendants have worked diligently to review and produce documents from their numerous custodians and non-custodial sources in this case all while balancing other litigation needs. However, in light of the extremely large volume of documents Defendants have reviewed and produced, the ongoing nature of their productions, and the other litigation responsibilities consuming attorney and client resources, and in order to include adequate descriptions of privilege claims that minimize the risk of future disputes over log entries, Defendants require additional time to complete production of their privilege log.

Plaintiffs do not oppose this request and will not be prejudiced by this brief

extension. The requested extension will not affect any other case management deadlines, as discovery has not closed and the status of the privilege log should not prevent the parties from proceeding with class-certification briefing on schedule. Although Defendants have requested some extensions of Court-ordered production deadlines, they have worked diligently to meet their production deadlines—even as both the litigation workload and the volume of documents for review and production has increased—and have supplemented their productions if and when corrections were needed.

### A. Defendants' Document Production and Privilege Log Creation.

Defendants have been diligent in producing documents from their 27 agreed-upon or Court-ordered data sources in response to Plaintiffs' Five Sets of Requests for Production. *See* Shinners Decl. ¶¶ 5-7 (listing data sources). Defendants have engaged numerous attorney resources in document review and have made substantial document productions amounting to almost 300,000 documents totaling over 1.3 million pages from these sources. *See* Shinners Decl ¶ 11.

Although the initial schedule provided that this document production to be complete on November 19, 2019, *see* September 9 Order ¶ 4, this deadline has been extended for two main reasons. <u>First</u>, as explained in Defendants' extension request filed on November 14, 2019, Defendant CBP experienced various technical and collection issues that required Defendants to seek an extension of the November 19, 2019 deadline to December 3, 2019. *See* ECF No. 326; Shinners Decl. ¶ 8. Defendants then sought and received a limited extension of that December 3, 2019 deadline due to technical issues with one custodian's documents. *See* ECF No. 333, 334; Shinners Decl. ¶ 9. <u>Second</u>, on October 9, 2019, the Court ordered production from four additional custodians. ECF No. 304. The parties agreed that Defendants would substantially complete production from two of these custodians on December 3, 2019, and the two remaining custodians on December 20, 2019. *See* ECF Nos. 319, 320. Thus, Defendants' document production continued past

November 19, 2019, and Defendants intend to substantially complete production from these agreed-upon and Court-ordered sources on December 20, 2019.

Defendants' current deadline to produce their privilege log for these documents is also December 20, 2019. Defendants have begun serving privilege logs for these productions. They have already served the privilege log for certain production volumes on November 18, 2019. Shinners Decl. ¶ 13. However, there are approximately 54,000 documents that have been partially redacted or withheld for privilege or other protections from disclosure. Shinners Decl. ¶ 12. It will take time to adequately prepare the privilege descriptions for this number of documents. In light of the recent and upcoming deadlines outlined below, Defendants request an extension of time to complete the careful creation of their privilege logs.

### B. Defendants Have Been Required to Devote Significant Resources to Numerous Litigation Tasks.

In addition to their substantial document productions and other discovery-related tasks, there has been a surge of additional litigation activities in this matter since the Court's initial order that have rendered Defendants unable to devote as many resources toward completion of their privilege logs.

On September 26, 2019, Plaintiffs filed Motions for Provisional Class Certification and Preliminary Injunction, which were heard on an expedited briefing schedule. *See* ECF Nos. 293, 294, 295, 299. On November 19, 2019, the District Court granted Plaintiffs' motions and ordered a preliminary injunction that has required Defendants to devote resources to both implementation and appeal of that order. *See* ECF No. 330 (Order Granting Plaintiffs' Motions for Provisional Class Certification and Preliminary Injunction); *Al Otro Lado v. Wolf*, Appeal No. 19-56417 (9th Cir.).

On December 6, 2019, Plaintiffs filed a Motion for a Temporary Restraining Order that is also being heard on an expedited briefing schedule. ECF Nos. 344, 353. On December 11, 2019, Plaintiffs also filed another Motion for Provisional

3    DEFS.' MOT. TO EXTEND TIME TO
PRODUCE PRIVILEGE LOG

Class Certification relating to their TRO request. ECF No. 352. That Motion is noted for January 13, 2020, which means Defendants' response is due December 30, 2019. *See* ECF No. 352; Local Civil Rule 7.1(e)(2).

Further, this substantial litigation workload continues into January 2020. Plaintiffs are taking two depositions in early January, and Defendants intend to notice two depositions in January as well. Shinners Decl. ¶¶ 14-16. The deadline for Plaintiffs to file their motion for class certification is January 14, 2020. *See* September 9 Order ¶ 7.

### C. Plaintiffs Do Not Oppose an Extension of the Privilege Log Deadline.

In light of the above, Defendants request an extension of the privilege log deadline to February 18, 2020. This extension will not delay the class-certification briefing schedule. This extension will not prejudice Plaintiffs, who do not oppose the extension. Discovery has not closed, and the parties will have time to engage in discussions regarding privilege claims as necessary. Moreover, Defendants have agreed to produce their privilege log on a rolling basis, providing Plaintiffs with continued access to Defendants' privilege assertions.

## II. PLAINTIFFS' POSITION

Plaintiffs do not oppose the requested extension.

Dated: December 20, 2019

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice

Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
SAIRAH G. SAEED
Trial Attorneys
*Counsel for Defendants*

Dated: December 20, 2019

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters

By: */s/ Stephen M. Medlock*
   Stephen M. Medlock

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that on December 20, 2019 I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: December 20, 2019

Respectfully submitted,

*/s/ Katherine J. Shinners*
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation