1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Kevin K. McAleenan, *et al.*, <br><br> Defendants. | Case No.:  17-cv-02366-BAS-KSC <br><br> **ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION TO SUSPEND BRIEFING SCHEDULE FOR MOTION TO STAY** <br><br> **[ECF No. 356]** |

On December 12, 2019, Defendants filed a Notice informing the Court of Defendants' intention to seek an emergency stay of the preliminary injunction with the Ninth Circuit in light of this Court's denial of Defendants' request to expedite the briefing schedule.  (ECF No. 354.)  In response, Plaintiffs moved *ex parte* to suspend the briefing schedule for Defendants' Emergency Motion to Stay the Preliminary Injunction Pending Appeal ("Motion to Stay" or "Motion") before this Court on grounds that Defendants' decision to seek an emergency stay in the Ninth Circuit divests this Court of jurisdiction. (Mot. to Stay, ECF No. 336; *Ex parte* App. ECF No. 356.)  Defendants opposed Plaintiffs' *ex parte* application on December 19, 2019.  (ECF No. 358.)

Plaintiffs argue that good cause exists to suspend briefing because the Court lacks jurisdiction due to Defendants' filing of an emergency stay motion with the Ninth Circuit, and, alternatively, that the Defendants' decision to seek relief in the Court of Appeals

17cv2366

would require "needless[] duplicative briefing." (*Ex Parte* App. at 2.) The Court recognizes the existence of thorny jurisdictional issues given the complicated procedural posture of this action. However, since this Court has previously set a briefing schedule on the Motion and Plaintiffs have timely filed their opposition to the Motion (ECF No. 361), the Court sees little reason, at this juncture, to suspend briefing.

Thus, the Court **DENIES** Plaintiff's Ex Parte Application. Defendants' reply, the only remaining briefing on the Motion to Stay, remains due by December 27, 2019. The Court further reminds the parties that *ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). As such, unjustified ex parte applications "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D.Cal.1989).

**IT IS SO ORDERED.**

**DATED: December 20, 2019**

Hon. Cynthia Bashant
United States District Judge

- 2 -

17cv2366