JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
SAIRAH G. SAEED (IL 6290644)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4067 | Fax: (202) 305-7000
sairah.g.saeed@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHAD F. WOLF,* Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO STAY PRELIMINARY INJUNCTION (ECF No. 330) PENDING APPEAL** <br><br> Hearing Date: January 3, 2020 <br><br> NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

---

* Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Federal Rule of Civil Procedure 25(d).

The Court should grant Defendants' Emergency Motion to Stay the Court's preliminary-injunction order ("Order," ECF No. 330) barring enforcement of the interim final rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019) ("Third Country Transit Rule" or "Rule"), pending the resolution of Defendants' appeal from that Order. The Ninth Circuit has already issued an administrative stay of the preliminary injunction to preserve the status quo, recognizing that the injunction "could cause complications at the border in the period before the motion for stay pending appeal is decided." Order at 2, *Al Otro Lado v. Wolf*, No. 19-56417, Dkt. 24 (9th Cir. Dec. 20, 2019). For that reason, and because considerations of irreparable harm and the equities support Defendants and because Defendants are likely to succeed in appeal, this Court should stay its preliminary injunction pending resolution of the government's appeal. Plaintiffs' arguments to the contrary ignore the detrimental impact of the broad injunctive relief this Court has ordered.

## ARGUMENT[1]

### I. A Stay Pending Appeal Will Preserve the Status Quo and Prevent Irreparable Harm to the Public Interest and the Government that Outweighs Any Harm to the Provisional Class.

A stay will preserve the status quo and prevent irreparable harm to the federal government and to the public interest pending consideration of the government's

---

[1] The Court should reject Plaintiffs' request to deny Defendants' motion based solely on claimed "procedural deficiencies." Opp. 3 (ECF No. 361). Plaintiffs argue that Defendants' failure to wait seven days after a conference of counsel before filing their emergency motion to stay the preliminary injunction warrants denial of this motion. *Id.* at 3-4. As Defendants explained in their motion, they are seeking a stay of a preliminary injunction, which constitutes emergency relief. This Court's Standing Order for Civil Cases (*see* § 4.A) thus did not require a conference of counsel. And if the Court thinks otherwise, Defendants previously requested that the Court waive such requirement in light of the nature of the relief requested. *See* ECF No.

1

DEFS.' REPLY IN SUPPORT OF
MOT. TO STAY
Case No. 3:17-cv-02366-BAS-KSC

appeal from the preliminary injunction. The Ninth Circuit itself issued an administrative stay to "preserve the status quo pending a decision on the motion for stay pending appeal." Order at 2, *Al Otro Lado v. Wolf*, No. 19-56417, Dkt. 24. The court of appeals explained that "[t]he Third Country Transit Rule has been in effect since July 16, 2019[] [and] [p]rohibit[ing] the government from applying the Rule to the proposed class members could cause complications at the border in the period before the motion for stay pending appeal is decided." *Id*. These "complications at the border" are precisely the hardships and the harm to the public interest that require a stay pending appeal. Without a stay in this case, the irreparable burdens associated with the injunction—the undermining of the sound functioning of the Third Country Transit Rule and reintroduction of the burdens that the Rule sought to alleviate—will occur before the appeal is resolved.

Plaintiffs' arguments to the contrary seek to minimize the legitimate, irreparable harms to the government and the public interest and improperly presume that the Rule or Defendants' metering practices are unlawful. *See* Pls.' Opp. to Mot. to Stay 8-11 ("Opp.," ECF No. 361).

To start, Plaintiffs argue that the public interest lies not in enforcing the Rule's aims but in preventing "executive fiat" through the Rule. Opp. 8. But the Rule is a proper exercise of executive authority in line with the asylum statute, and the Supreme Court has allowed it to go into effect without restriction pending challenges thereto. *Barr v. East Bay Sanctuary Covenant*, No. 19A230, 2019 WL 4292781 (U.S. Sept. 11, 2019). And the injunction is contrary to the public interest in the

---

336 at 1 n.1 and ECF No. 336-1 at 1 n.1. Defendants also informed Plaintiffs on December 4, 2019, of their intent to file their emergency stay motion, and Plaintiffs informed Defendants that they opposed the relief requested. *Id.* Plaintiffs do not suggest that waiting an additional seven days would have obviated the need for Defendants to seek emergency relief in this Court or for the parties to brief these issues. There is no reason to deny Defendants' motion on this basis.

efficient enforcement of immigration laws and preventing irregular migration. As the Supreme Court has recognized, harms imposed on the government by a court order are by their very nature contrary to the public interest. *Nken v. Holder*, 556 U.S. 418, 435 (2009) ("[T]he traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest. These factors merge when the Government is the opposing party.").

Next, Plaintiffs cast the impact of the Order on the immigration system as "limited" or "minimal." Opp. 9, 10. This too is wrong. The Order prospectively enjoins application of the Rule to what Plaintiffs claim are 26,000 or more individuals ; some of them may still not have entered the United States to seek asylum. *See* Pls. Mem. in support of Provisional Class Certification 9 (ECF No. 293-1). The Rule was issued to address a massive backlog in the asylum system. 84 Fed. Reg. at 33,838. Many aliens who initially claim to seek asylum are released from detention into the United States, and then never apply for asylum, never appear for their immigration court hearings, or ultimately have their asylum claims rejected as meritless. *Id.* at 33,839-41. When the government is precluded from applying the Rule to tens of thousands of individuals, these very burdens and harms that the Rule sought to be alleviated are reintroduced into the system. Many of these individuals' immigration proceedings will be prolonged at great cost to the functioning of the immigration system.

Further, the process of ascertaining exactly which individuals were subject to metering practices only adds to these burdens by placing a further backlog on the system by requiring additional factfinding and adjudications by both asylum officers and immigration judges at various stages of proceedings. Defs.' Opp. to Mot. for Prelim. Inj. 22 (ECF No. 308). And Plaintiffs have made no meaningful effort to identify the provisional class members. Although Plaintiffs claim that the government can simply review waitlists maintained by non-U.S. entities to determine who are members of the class, these waitlists are obviously insufficient to establish class

membership. In addition to the problems with the waitlists that Plaintiffs pointed out in the prior briefing, Pls.' Mem. in Support of Mot. for Prelim. Inj. 3-4 & n.4 (ECF No. 294-1), public reports have indicated that individuals can join waitlists from afar before ever approaching the U.S.-Mexico border. *See* Defs.' Opp. to Mot. for TRO 4 & Ex. 2 (ECF Nos. 357, 357-3). Such individuals cannot possibly be part of the provisional class certified by this Court. Defendants would thus need to verify any information on waitlists through factfinding. Plaintiffs' assertion that the additional burden imposed by implementation of the injunction would be "limited" is belied by their own representations in prior briefing before this Court. *See* ECF No. 361 at 9.[2]

Defendants have met their burden of establishing "a probability of irreparable injury" to themselves, the public, and other government agencies, "if the stay is not granted." *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012). These harms outweigh any harms to the provisional class members, who are still entitled to the "asylum process" provided by statute and regulation and may still be eligible to seek asylum in Mexico. *See* ECF No. 336-1 at 5-6. As the Supreme Court rightly recognized by allowing the Rule to go into effect without restrictions, any purported harm that Plaintiffs may endure if the injunction is stayed is far outweighed by the harm to the Government and public if the injunction is not stayed.

## II. The Government Is Likely to Succeed on the Merits of Its Appeal

Defendants are likely to succeed on the merits of their appeal. *See* ECF No. 336-1 at 6-7. Plaintiffs' arguments that the Rule should not be applied to them have no basis in the language of the Rule or in the statute or other regulations. *See* ECF No. 361 at 6-7. Individuals are not subject to any statutory or regulatory immigration processes until they are physically within the United States. *Id.* at 6-7. An alien who

---

[2] Plaintiffs assert that the unauthenticated list they have provided to the Government is sufficient for Defendants to identify class members. ECF No. 361 at 10 n.5. But Defendants must verify the information provided by Plaintiffs, providing no respite from the burdens imposed on Defendants by the injunction.

was not physically within the United States before July 16, 2019, cannot be exempted from the Third Country Transit Rule. *Id.* But even under the Court's theory, the Rule does not exempt anyone who attempted to enter before July 16, 2019, from application of the Rule if they ultimately enter after July 16, 2019. *Id.* at 6. This argument does not mean that that the government could "bus all asylum seekers currently awaiting processing in the United States to Mexico, drive them back across the border," and subject them to the Rule. Opp. 6. Aliens who are "in the United States" may apply for asylum in accordance with the statutory and regulatory scheme. 8 U.S.C. § 1158(a)(1). Aliens who are not "in the United States" may not.

The All Writs Act does not provide "an alternative and sufficient ground" for the Court's injunction. *See* Opp. 7. The All Writs Act allows a court to "preserve [its] jurisdiction or maintain the status quo by injunction." *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966). The Act does not expand the scope of a court's original jurisdiction to enjoin government action that is not challenged anywhere in the pleadings. *See Hamilton v. Nakai*, 453 F.2d 152, 157 (9th Cir. 1971) (All Writs Act "does not confer original jurisdiction, but rather, prescribes the scope of relief that may be granted when jurisdiction otherwise exists"). Moreover, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only when the rights of the applicants are "indisputably clear." *Brown v. Gilmore*, 533 U.S. 1301, 1302 (2001) (internal quotations omitted); *see also Makekau v. State*, 943 F.3d 1200, 1204 (9th Cir. 2019) ("Under the All Writs Act, a court may issue an injunction only where it is "necessary or appropriate in aid" of the court's jurisdiction, 28 U.S.C. § 1651(a), and "the legal rights at issue are indisputably clear."). Although this Court held that the All Writs Act provided a jurisdictional basis to enjoin "Defendants' issuance of policies and practices barring access to the asylum process" writ large, Order 20, that ruling is incorrect for those reasons.

## CONCLUSION

For the reasons set forth above and in Defendants' Memorandum in Support of their Emergency Stay Motion (ECF No. 336-1), the Court should grant Defendants' motion to stay the preliminary injunction pending appeal.

December 27, 2019                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Sairah G. Saeed*
SAIRAH G. SAEED
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4067 | Fax: (202) 305-7000
sairah.g.saeed@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: December 27, 2019        Respectfully submitted,

*/s/ Sairah G. Saeed*
SAIRAH G. SAEED
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4067 | Fax: (202) 305-7000
sairah.g.saeed@usdoj.gov

*Counsel for Defendants*