MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>    Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**DECLARATION OF STEPHEN M. MEDLOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

DECLARATION OF STEPHEN M. MEDLOCK

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# DECLARATION OF STEPHEN M. MEDLOCK

I, Stephen M. Medlock, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner at the law firm Mayer Brown LLP and co-lead counsel for the Plaintiffs in this case.

**Fed. R. Civ. P. 23(g) Factors**

2. Plaintiffs' counsel has done considerable work identifying and investigating the claims in this action. This work has included multiple trips to border cities in Mexico, including Tijuana to interview asylum seekers and employees of Al Otro Lado, Inc.; interviewing former officials from the U.S. Customs and Border Protection ("CBP") regarding their recollections of the existence of and justification for the Defendants' Turnback Policy; interviewing Mexican government officials concerning the Turnback Policy; reviewing the public statements of Government officials regarding the Turnback Policy; reviewing Congressional testimony concerning the Turnback Policy; reviewing audio and video recordings of CBP officials turning back asylum seekers at ports of entry; and propounding multiple rounds of discovery requests in this litigation. Plaintiffs' counsel have also committed substantial resources to this litigation, including retaining expert witnesses, e-discovery vendors, and trial graphics providers.

3. This Court previously found that Plaintiffs' counsel satisfy the requirements of Fed. R. Civ. P. 23(g)(2). *See* Dkt. 330.

4. Plaintiffs' counsel has extensive experience in handling class actions, other complex litigation, and the type of claims asserted in this action.

5. In addition to this case, Plaintiffs' counsel has been integrally involved in the following class actions or complex litigation matters:

   a. *A.B.T., et al., v. U.S. Citizenship and Immigration Services, et al.*, No. CV11-2016-RAJ (W.D.Wash.) (challenging USCIS' employment authorization policy for asylum applicants);

b. *Innovation Law Lab v. McAleenan*, No. 19-15716 (9th Cir.) (challenge to CBP's Migration Protection Protocols);

c. *East Bay Sanctuary Covenant v. Trump*, No. 18-17274 (9th Cir.) (challenge to Asylum Ban);

d. *East Bay Sanctuary Covenant v. Barr*, No. 3:19-cv-04073 (N.D. Cal.) (challenge to Asylum Ban);

e. *Ngwaniya v. Ashcroft*, 302 F. Supp. 2d 1076 (D. Minn. 2004) (certified nationwide class of asylees seeking lawful permanent residence in the United States);

f. *B-H- v. USCIS*, No. C11-2108RA (W.D. Wash. settlement approved Nov. 4, 2013) (certified nationwide class of asylum applicants seeking work authorization);

g. *Duran Gonzalez v. DHS*, No. CV 06-1411 (W.D. Wash. settlement approved July 21, 2014) (certified Ninth Circuit-wide class challenging DHS' refusal to allow removed or deported individuals to apply for adjustment of status under 8 U.S.C. § 1255(i));

h. *Brown v. CBP*, No. 15-cv-01180 (N.D. Cal. settlement approved Oct. 5, 2016) (nationwide putative class action challenging U.S. Customs and Border Protection's extensive delays in responding to FOIA requests);

i. *Doe v. Johnson*, No. 2:16-cv-01024 (W.D. Wash. class certification granted Jan. 10, 2017) (challenging obstacles to meeting the one-year filing deadline for asylum applications);

j. *Nw. Immigrant Rights Project v. USCIS*, No. 2:15-cv-00813-JLR (W.D. Wash. class certification granted July 18, 2017) (challenging delays in U.S. Citizenship and Immigration Services' adjudication of asylum seekers' initial application for employment authorization);

k. *Make the Road New York v. McAleenan*, No. 1:19-cv-02369 (D.D.C. filed Aug. 6, 2019) (class action – challenge to the expansion of expedited removal);

l. *Mendez Rojas v. Nielsen*, No. 2:16-cv-01024-RSM (W.D. Wash. filed June 30, 2016) (class action – challenge to lack of adequate notice of and a procedural mechanism for compiling with one-year asylum filing deadline);

m. *J.E.F.M. v. Whiatker*, 908 F.3d 1157 (9th Cir. 2018) (class action – right to appointed counsel for children in immigration proceedings);

n. *Gonzalez Corrado et al. v. Tempo, Inc., et al.*, No. 1:2008-cv-02759 (D. Md.) (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act);

o. *Lopez, et al v. NTI, LLC, et al.*, No. 8:2008-cv-01579 (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act);

p. *Castellanos-Contreras, et al. v. Decatur Hotels, LLC*, 622 F.3d 393 (E.D. La. 2010) (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act);

q. *Texas v. Holder*, 888 F. Supp. 2d 113 (D.D.C. 2012) (challenging federal pre-clearance of Texas' voter ID law);

r. *Arizona v. ITCA*, 133 S. Ct. 2247 (2013) (federal preemption challenge to state voter registration law);

s. *Jornaleros de Las Palmas v. City of League City*, 2013 WL 2180013 (S.D. Tex. 2013) (challenge to municipal anti-solicitation ordinance under the First and Fourteenth Amendments);

t. *Perez v. Perry*, 26 F. Supp. 3d 612 (W.D. Tex. 2014) (challenge to the implementation of Texas's 2011 redistricting plans under the Fourteenth Amendment and Section 2 of the Voting Rights Act);

u. *Vulcan Society v. City of New York*, 717 F.3d 72 (2d Cir. 2013) (class action successfully challenging long-term employment discrimination in New York City Fire Department);

v. *Hassan v. City of New York*, 804 F.3d 277 (3d Cir. 2015) (challenging New York Police Department's discriminatory program of suspicionless surveillance of Muslims);

w. *Aguilar v. ICE*, 07 Civ. 8224 (S.D.N.Y. 2007) (class action challenging the policy and practice of warrantless home raids by officers of Immigration and Customs Enforcement);

x. *In re Broiler Chicken Antitrust Litigation*, Civil No. 1:16-cv-08637 (N.D. Ill.) (currently pending);

y. *In re Turkey Antitrust Litigation*, Civil No. 1:19-cv-08318 (N.D. Ill.) (currently pending);

z. *In re Delta Dental Antitrust Litigation*, Civil No. 1:19-cv-06734 (N.D. Ill.) (currently pending);

aa. *PDVSA US Litigation Trust v. Lukoil Pan Americas LLC*, 372 F. Supp. 3d 1353 (S.D. Fla. 2019), *appeal docketed at* No. 19-10950 (11th Cir.);

bb. *In re Chocolate Confectionary Antitrust Litigation*, 999 F. Supp. 2d 777 (M.D. Pa. 2014), *aff'd* 801 F.3d 383 (3d Cir. 2015);

cc. *Masimo Corporation v. Philips Electronics North America Corporation*, 2015 WL 2406155 (D. Del. 2014);

dd. *Nespresso USA v. Ethical Coffee Company SA*, 263 F. Supp. 3d 498 (D. Del.);

ee. *Sterling Merchandising, Inc. v. Nestle SA*, 656 F.3d 112 (1st Cir. 2011);

ff. *Zayed v. Associated Bank, N.A.*, 2017 WL 424855 (D. Minn. 2017), *aff'd* 913 F.3d 709 (8th Cir. 2019); and

DECLARATION OF STEPHEN M. MEDLOCK

Case 3:17-cv-02366-BAS-KSC   Document 390-2   Filed 01/14/20   PageID.29387
                                  Page 7 of 20

gg. *Benisek v. Lamone*, 348 F. Supp. 3d 493 (D. Md.), *rev'd sub nom. Rucho v. Common Cause*, 139 S. Ct. 2484 (2019).

6. Plaintiffs' counsel has considerable knowledge of the substantive law involved in this matter and has been involved in numerous other cases concerning U.S. immigration law, including:

a. *A.B.T., et al., v. U.S. Citizenship and Immigration Services, et al.*, No. CV11-2016-RAJ (W.D.Wash.) (challenging USCIS' employment authorization policy for asylum applicants);

b. *Innovation Law Lab v. McAleenan*, No. 19-15716 (9th Cir.) (challenge to CBP's Migration Protection Protocols);

c. *East Bay Sanctuary Covenant v. Trump*, No. 18-17274 (9th Cir.) (challenge to Asylum Ban);

d. *East Bay Sanctuary Covenant v. Barr*, No. 3:19-cv-04073 (N.D. Cal.) (challenge to Asylum Ban);

e. *Ngwaniya v. Ashcroft*, 302 F. Supp. 2d 1076 (D. Minn. 2004) (certified nationwide class of asylees seeking lawful permanent residence in the United States);

f. *B-H- v. USCIS*, No. C11-2108RA (W.D. Wash. settlement approved Nov. 4, 2013) (certified nationwide class of asylum applicants seeking work authorization);

g. *Duran Gonzalez v. DHS*, No. CV 06-1411 (W.D. Wash. settlement approved July 21, 2014) (certified Ninth Circuit-wide class challenging DHS' refusal to allow removed or deported individuals to apply for adjustment of status under 8 U.S.C. § 1255(i));

h. *Brown v. CBP*, No. 15-cv-01180 (N.D. Cal. settlement approved Oct. 5, 2016) (nationwide putative class action challenging U.S. Customs and Border Protection's extensive delays in responding to FOIA requests);

      i. *Doe v. Johnson*, No. 2:16-cv-01024 (W.D. Wash. class certification granted Jan. 10, 2017) (challenging obstacles to meeting the one-year filing deadline for asylum applications);

      j. *Nw. Immigrant Rights Project v. USCIS*, No. 2:15-cv-00813-JLR (W.D. Wash. class certification granted July 18, 2017) (challenging delays in U.S. Citizenship and Immigration Services' adjudication of asylum seekers' initial application for employment authorization);

      k. *Make the Road New York v. McAleenan*, No. 1:19-cv-02369 (D.D.C. filed Aug. 6, 2019) (class action – challenge to the expansion of expedited removal);

      l. *Mendez Rojas v. Nielsen*, No. 2:16-cv-01024-RSM (W.D. Wash. filed June 30, 2016) (class action – challenge to lack of adequate notice of and a procedural mechanism for compiling with one-year asylum filing deadline); and

      m. *J.E.F.M. v. Whiatker*, 908 F.3d 1157 (9th Cir. 2018) (class action – right to appointed counsel for children in immigration proceedings).

7. Plaintiffs' counsel has already devoted considerable resources to this litigation and anticipates doing so through a final judgment on the merits. For instance, Plaintiffs' counsel has already retained consulting and testifying expert witnesses, electronic discovery vendors, and trial graphics vendors. As of December 31, 2019, Plaintiffs' counsel anticipates that they have collectively devoted more than 8,000 hours to this matter. None of the counsel to Plaintiffs in this matter are receiving reimbursement from the Plaintiffs or putative class members in this case.

8. I am aware of no conflicts of interest between any Plaintiff's counsel and the provisional class. I am aware of no conflicts of interest between the Named Plaintiffs in this case and the provisional class members.

**Exhibits**

9. Attached hereto as Exhibit 1 is a true and accurate copy of the January 9, 2020 deposition of Randy Howe. Per the terms of the Court's Protective Order, the transcript of this deposition is designated "Confidential" for a period of 30 days after the delivery of the final transcript to the parties.

10. Attached hereto as Exhibit 2 is a true and accurate copy of the December 13, 2019 deposition of Todd Owen. Per the terms of the Court's Protective Order, the transcript of this deposition is designated "Confidential" for a period of 30 days after the delivery of the final transcript to the parties.

11. Attached hereto as Exhibit 3 is a true and accurate copy of the November 21, 2019 deposition of a whistleblower employed by U.S. Customs and Border Protection. A redacted copy of this deposition transcript will be filed on the public docket.

12. Attached hereto as Exhibit 4 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00615546-63. Although the document is not designated "Confidential" or "Highly Confidential," Plaintiffs will file a version of this document that redacts the name of the CBP whistleblower to protect his or her identity.

13. Attached hereto as Exhibit 5 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00014041-77. The document is designated as "Confidential" pursuant to the Court's Protective Order.

14. Attached as Exhibit 6 is a true and accurate copy of a document bearing the Bates number NTEU – 000132.

15. Attached as Exhibit 7 is a true and accurate copy of the expert report of Stephanie Leutert. Because Ms. Leutert's report cites and summarizes many documents that are designated as "Confidential" or "Highly Confidential," Plaintiffs will seek leave to file Ms. Leutert's report under seal.

16. Attached hereto as Exhibit 8 is a true and accurate copy of a document

1  bearing the Bates numbers AOL-DEF-00217179-247.

2      17.    Attached hereto as Exhibit 9 is a true and accurate copy of the
3  declaration of Plaintiff Abigail Doe.

4      18.    Attached hereto as Exhibit 10 is a true and accurate copy of the
5  declaration of Plaintiff Beatrice Doe.

6      19.    Attached hereto as Exhibit 11 is a true and accurate copy of the
7  declaration of Plaintiff Carolina Doe.

8      20.    Attached hereto as Exhibit 12 is a true and accurate copy of the
9  declaration of Plaintiff Dinora Doe.

10      21.    Attached hereto as Exhibit 13 is a true and accurate copy of the
11  declaration of Plaintiff Ingrid Doe.

12      22.    Attached hereto as Exhibit 14 is a true and accurate copy of the
13  declaration of Plaintiff Jose Doe.

14      23.    Attached hereto as Exhibit 15 is a true and accurate copy of a document
15  bearing the Bates numbers NTEU – 000110-31.

16      24.    Attached hereto as Exhibit 16 is a true and accurate copy of a document
17  bearing the Bates numbers AOL-DEF-00328857-58.  The document is designated
18  as "Highly Confidential" pursuant to the Court's Protective Order.

19      25.    Attached hereto as Exhibit 17 is a true and accurate copy of a document
20  bearing the Bates numbers AOL-DEF-00020023-24.  The document is designated
21  as "Confidential" pursuant to the Court's Protective Order.

22      26.    Attached hereto as Exhibit 18 is a true and accurate copy of a document
23  bearing the Bates numbers AOL-DEF-00002262-608.

24      27.    Attached hereto as Exhibit 19 is a true and accurate copy of a document
25  bearing the Bates numbers AOL-DEF-00029916-18.  The document is designated
26  as "Confidential" pursuant to the Court's Protective Order.

27      28.    Attached hereto as Exhibit 20 is a true and accurate copy of a document
28  bearing the Bates numbers AOL-DEF-00761338-39.  The document is designated

1  as "Confidential" pursuant to the Court's Protective Order.

2     29.   Attached hereto as Exhibit 21 is a true and accurate copy of a document
3  bearing the Bates numbers AOL-DEF-00243099-100.  The document is designated
4  as "Highly Confidential" pursuant to the Court's Protective Order.

5     30.   Attached hereto as Exhibit 22 is a true and accurate copy of a document
6  bearing the Bates numbers AOL-DEF-00046740-43.  The document is designated
7  as "Confidential" pursuant to the Court's Protective Order.

8     31.   Attached hereto as Exhibit 23 is a true and accurate copy of a document
9  bearing the Bates numbers AOL-DEF-00372629-34.  The document is designated
10 as "Highly Confidential" pursuant to the Court's Protective Order.

11    32.   Attached hereto as Exhibit 24 is a true and accurate copy of a document
12 bearing the Bates numbers AOL-DEF-00525116-18.  The document is designated
13 as "Highly Confidential" pursuant to the Court's Protective Order.

14    33.   Attached hereto as Exhibit 25 is a true and accurate copy of a document
15 bearing the Bates numbers AOL-DEF-00000004-16.

16    34.   Attached hereto as Exhibit 26 is a true and accurate copy of a
17 document bearing the Bates numbers AOL-DEF-00041757-58.  The document is
18 designated as "Confidential" pursuant to the Court's Protective Order.

19    35.   Attached hereto as Exhibit 27 is a true and accurate copy of the April
20 27, 2018 Metering Policy.

21    36.   Attached hereto as Exhibit 28 is a true and accurate copy of a
22 document bearing the Bates numbers AOL-DEF-00205051-75.

23    37.   Attached hereto as Exhibit 29 is a true and accurate copy of a document
24 bearing the Bates numbers AOL-DEF-00041825-36.  The document is designated
25 as "Highly Confidential" pursuant to the Court's Protective Order.

26    38.   Attached hereto as Exhibit 30 is a true and accurate copy of a document
27 bearing the Bates numbers AOL-DEF-00027054-55.  The document is designated
28 as "Highly Confidential" pursuant to the Court's Protective Order.

39. Attached hereto as Exhibit 31 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00060695-96. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

40. Attached hereto as Exhibit 32 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00028127-30. The document is designated as "Confidential" pursuant to the Court's Protective Order.

41. Attached hereto as Exhibit 33 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00274287-91. The document is designated as "Confidential" pursuant to the Court's Protective Order.

42. Attached hereto as Exhibit 34 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00063246-47. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

43. Attached hereto as Exhibit 35 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00041455-57. The document is designated as "Confidential" pursuant to the Court's Protective Order.

44. Attached hereto as Exhibit 36 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00060768-69. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

45. Attached hereto as Exhibit 37 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00027740-43. The document is designated as "Confidential" pursuant to the Court's Protective Order.

46. Attached hereto as Exhibit 38 is a true and accurate copy of a document bearing the Bates numbers CBPALOTRO000303-08. The document is designated as "Confidential" pursuant to the Court's Protective Order.

47. Attached hereto as Exhibit 39 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00190370-74. The document is designated as "Confidential" pursuant to the Court's Protective Order.

48. Attached hereto as Exhibit 40 is a true and accurate copy of a document

bearing the Bates numbers AOL-DEF-00090513-15. The document is designated as "Confidential" pursuant to the Court's Protective Order.

49. Attached hereto as Exhibit 41 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00517231-33. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

50. Attached hereto as Exhibit 42 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00041453-54. The document is designated as "Confidential" pursuant to the Court's Protective Order.

51. Attached hereto as Exhibit 43 is a true and accurate copy of a document bearing the Bates number AOL-DEF-00039597. The document is designated as "Confidential" pursuant to the Court's Protective Order.

52. Attached hereto as Exhibit 44 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00058200-310. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

53. Attached hereto as Exhibit 45 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00205966-74. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

54. Attached hereto as Exhibit 46 is a true and accurate copy of the declaration of Nicole Ramos.

55. Attached hereto as Exhibit 47 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00205420-22. The document is designated as "Confidential" pursuant to the Court's Protective Order.

56. Attached hereto as Exhibit 48 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00036343-44. The document is designated as "Confidential" pursuant to the Court's Protective Order.

57. Attached hereto as Exhibit 49 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00087160-61. The document is designated as "Confidential" pursuant to the Court's Protective Order.

58. Attached hereto as Exhibit 50 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00170598. The document is designated as "Confidential" pursuant to the Court's Protective Order.

59. Attached hereto as Exhibit 51 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00086900-01. The document is designated as "Confidential" pursuant to the Court's Protective Order.

60. Attached hereto as Exhibit 52 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00205672-74. The document is designated as "Confidential" pursuant to the Court's Protective Order.

61. Attached hereto as Exhibit 53 is a true and accurate copy of metadata from a document bearing the Bates numbers AOL-DEF-00205672-74. The document is designated as "Confidential" pursuant to the Court's Protective Order.

62. Attached hereto as Exhibit 54 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00022783-84. The document is designated as "Confidential" pursuant to the Court's Protective Order.

63. Attached hereto as Exhibit 55 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00566881. The document is designated as "Confidential" pursuant to the Court's Protective Order.

64. Attached hereto as Exhibit 56 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00036004-05. The document is designated as "Confidential" pursuant to the Court's Protective Order.

65. Attached hereto as Exhibit 57 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00038633-34. The document is designated as "Confidential" pursuant to the Court's Protective Order.

66. Attached hereto as Exhibit 58 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00028457-59. The document is designated as "Confidential" pursuant to the Court's Protective Order.

67. Attached hereto as Exhibit 59 is a true and accurate copy of a document

bearing the Bates numbers AOL-DEF-00028473-75. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

68. Attached hereto as Exhibit 60 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00028469-70. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

69. Attached hereto as Exhibit 61 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00050247-50. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

70. Attached hereto as Exhibit 62 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-000602802-03. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

71. Attached hereto as Exhibit 63 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00012000-01. The document is designated as "Highly Confidential" pursuant to the Court's Protective Order.

72. Attached hereto as Exhibit 64 is a true and accurate copy of the September 23, 2019 declaration of Stephanie Leutert.

73. Attached hereto as Exhibit 65 is a true and accurate copy of the declaration of OS, an asylum seeker whose name has been redacted to protect his or her identity.

74. Attached hereto as Exhibit 66 is a true and accurate copy of the declaration of MG, an asylum seeker whose name has been redacted to protect his or her identity.

75. Attached hereto as Exhibit 67 is a true and accurate copy of the declaration of JR, an asylum seeker whose name has been redacted to protect his or her identity.

76. Attached hereto as Exhibit 68 is a true and accurate copy of the declaration of CP, an asylum seeker whose name has been redacted to protect his or her identity.

77. Attached hereto as Exhibit 69 is a true and accurate copy of the declaration of King Doe, an asylum seeker whose name has been redacted to protect his or her identity.

78. Attached hereto as Exhibit 70 is a true and accurate copy of the declaration of Jordan Doe, an asylum seeker whose name has been redacted to protect his or her identity.

79. Attached hereto as Exhibit 71 is a true and accurate copy of the declaration of Djamal Doe, an asylum seeker whose name has been redacted to protect his or her identity.

80. Attached hereto as Exhibit 72 is a true and accurate copy of the declaration of Bianka Doe, an asylum seeker whose name has been redacted to protect his or her identity.

81. Attached hereto as Exhibit 73 is a true and accurate copy of the first declaration of Plaintiff Roberto Doe, an asylum seeker whose name has been redacted to protect his or her identity.

82. Attached hereto as Exhibit 74 is a true and accurate copy of the declaration of SN, an asylum seeker whose name has been redacted to protect his or her identity.

83. Attached hereto as Exhibit 75 is a true and accurate copy of the declaration of SMRG, an asylum seeker whose name has been redacted to protect his or her identity.

84. Attached hereto as Exhibit 76 is a true and accurate copy of the declaration of SMRG, an asylum seeker whose name has been redacted to protect his or her identity.

85. Attached hereto as Exhibit 77 is a true and accurate copy of the declaration of Courtney Collins, an asylum seeker whose name has been redacted to protect his or her identity.

86. Attached hereto as Exhibit 78 is a true and accurate copy of the

declaration of China, an asylum seeker whose name has been redacted to protect his or her identity.

87. Attached hereto as Exhibit 79 is a true and accurate copy of the declaration of AVMM, an asylum seeker whose name has been redacted to protect his or her identity.

88. Attached hereto as Exhibit 80 is a true and accurate copy of the declaration of ANH, an asylum seeker whose name has been redacted to protect his or her identity.

89. Attached hereto as Exhibit 81 is a true and accurate copy of the declaration of BB, an asylum seeker whose name has been redacted to protect his or her identity.

90. Attached hereto as Exhibit 82 is a true and accurate copy of the declaration of CSO, an asylum seeker whose name has been redacted to protect his or her identity.

91. Attached hereto as Exhibit 83 is a true and accurate copy of the declaration of GY, an asylum seeker whose name has been redacted to protect his or her identity.

92. Attached hereto as Exhibit 84 is a true and accurate copy of the declaration of YSR, an asylum seeker whose name has been redacted to protect his or her identity.

93. Attached hereto as Exhibit 85 is a true and accurate copy of the declaration of YSR, an asylum seeker whose name has been redacted to protect his or her identity.

94. Attached hereto as Exhibit 86 is a true and accurate copy of the declaration of VVRL, an asylum seeker whose name has been redacted to protect his or her identity.

95. Attached hereto as Exhibit 87 is a true and accurate copy of the declaration of SPHM, an asylum seeker whose name has been redacted to protect

his or her identity.

96. Attached hereto as Exhibit 88 is a true and accurate copy of the declaration of SNRR, an asylum seeker whose name has been redacted to protect his or her identity.

97. Attached hereto as Exhibit 89 is a true and accurate copy of the declaration of Adam Isacson.

98. Attached hereto as Exhibit 90 is a true and accurate copy of Remarks by President Trump Before Marine One Departure, dated April 5, 2019.

99. Attached hereto as Exhibit 91 is a true and accurate copy of Remarks by President Trump in Burnsville, Minnesota, dated April 15, 2019.

100. Attached hereto as Exhibit 92 is a true and accurate copy of Remarks by President Trump to the Republican Jewish Coalition, dated April 15, 2019.

101. Attached hereto as Exhibit 93 is a true and accurate copy of an article from NBC News entitled "Stephen Miller Wants Border Patrol, Not Asylum Officers, to Determine Migrant Asylum Claims," dated July 29, 2019.

102. Attached hereto as Exhibit 94 is a true and accurate copy of an article from The Atlantic entitled "An Obscure White House Staffer's Jaw-Dropping Tell-All," dated January 28, 2019.

103. Attached hereto as Exhibit 95 is a true and accurate copy of the second declaration of Plaintiff Roberto Doe, an asylum seeker whose name has been redacted to protect his or her identity.

104. Attached hereto as Exhibit 96 is a true and accurate copy of a document bearing the Bates numbers AOL-DEF-00027614-15. The document is designated as "Confidential" pursuant to the Court's Protective Order.

105. Attached hereto as Exhibit 97 is a true and accurate copy of the declaration of Plaintiff Maria Doe, an asylum seeker whose name has been redacted to protect his or her identity.

106. Attached hereto as Exhibit 98 is a true and accurate copy of the

declaration of Plaintiff Bianca Doe, an asylum seeker whose name has been redacted to protect his or her identity.

107. Attached hereto as Exhibit 99 is a true and accurate copy of the declaration of Plaintiff César Doe, an asylum seeker whose name has been redacted to protect his or her identity.

108. Attached hereto as Exhibit 100 is a true and accurate copy of the declaration of Plaintiff Victoria Doe, an asylum seeker whose name has been redacted to protect his or her identity.

109. Attached hereto as Exhibit 101 is a true and accurate copy of the declaration of Plaintiff Juan Doe, an asylum seeker whose name has been redacted to protect his or her identity.

110. Attached hereto as Exhibit 102 is a true and accurate copy of the declaration of Plaintiff Úrsula Doe, an asylum seeker whose name has been redacted to protect his or her identity.

111. Attached hereto as Exhibit 103 is a true and accurate copy of the declaration of Plaintiff Emiliana Doe, an asylum seeker whose name has been redacted to protect his or her identity.

I declare under penalty of perjury under the laws of the United States of America that the proceeding declaration is true and correct.

Executed on this 14th day of January 2020 at Washington, D.C.

*/s/ Stephen M. Medlock*

Stephen M. Medlock