MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICAITON** |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| | [*Declaration of Stephen M. Medlock Filed Concurrently*] |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICAITON

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file under seal limited portions of Plaintiffs' Reply in Support of Their Motion for Class Certification to exclude sensitive law enforcement information contained therein.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, these documents consist of:

1) A document bearing the Bates numbers AOL-DEF-00026892 through AOL-DEF-00026896, which Defendants have designated as Confidential under the Court's Protective Order;

2) A document bearing the Bates numbers AOL-DEF-00026897 through AOL-DEF-0002690, which Defendants have designated as Confidential under the Court's Protective Order;

3) A document bearing the Bates numbers AOL-DEF-00026902 through AOL-DEF-00026906, which Defendants have designated as Confidential under the Court's Protective Order;

4) A document bearing the Bates number AOL-DEF-00018087, which Defendants have designated as Confidential under the Court's Protective Order; and

5) The transcript of the deposition of Stephanie Leutert.

Defendants designated each of these documents as "Confidential" under the Protective Order.[2] Moreover, Ms. Leutert's deposition testimony contains detailed

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

information concerning the operations of ports of entry on the U.S.-Mexico border that is not publicly known.  As a consequence, the parties also seek to seal limited portions of Plaintiffs' Reply In Support of Their Motion for Class Certification that reference and discuss these documents.

While Plaintiffs acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal.  Fed. R. Civ. P. 26(c) sets forth the "good cause" standard for sealing documents.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'"  *Kamakana*, 447 F.3d at 1179.  For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation."  *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988).

Here, Plaintiffs seek to seal four documents and one deposition transcript that would reveal sensitive CBP information regarding the physical layout, capacities, and operations of ports of entry on the U.S.-Mexico border.  As the Government explains in its Amended Motion to Seal, the disclosure of this sensitive information could compromise the secure operations of those ports of entry and could expose the

email accounts of CBP Officers to threats and harassment. *See* Dkt. 340-1 at 7-21; 370 at 3-13.[3]

Plaintiffs have conferred with the Government, and understand that the Government does not oppose this motion.

Therefore, Plaintiffs request that the Court grant this unopposed motion to seal limited portions of their Plaintiffs' Reply in Support of Their Motion for Class Certification.

Dated: February 26, 2020

MAYER BROWN LLP
  Matthew H. Marmolejo
  Ori Lev
  Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
  Melissa Crow
  Sarah Rich
  Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy
  Ghita Schwarz
  Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters

By: */s/ Stephen M. Medlock*
  Stephen M. Medlock

*Attorneys for Plaintiffs*

---

[3] Pursuant to the Court's November 21, 2019 Order (*see* Dkt. 323), Plaintiffs have also filed copies of three waitlists with the names and addresses of asylum seekers redacted.

**CERTIFICATE OF SERVICE**

I certify that on January 14, 2020, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*