JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ARI NAZAROV (CT 414491)
DHRUMAN SAMPAT (NJ 270892018)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*,[*] <br><br>*Defendants* | Case No. 3:17-cv-02366-BAS-KSC<br><br>Hon. Cynthia A. Bashant<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE DECLARATIONS OF 23 UNIDENTIFIED DECLARANTS FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

---

[*] Acting Secretary Wolf and Acting Commissioner Morgan are automatically substituted as Defendants pursuant to Federal Rule of Civil Procedure 25(d).

## INTRODUCTION

This Court should strike the declarations of 23 unidentified declarants filed in support of Plaintiffs' Motion for Class Certification (ECF Nos. 390-67–390-74 and 390-76–390-90). These declarants never requested or received the Court's permission to submit their declarations anonymously or pseudonymously, nor have Plaintiffs shared the declarants' identities with Defendants to allow the government to properly investigate their allegations. Plaintiffs have refused to share the individuals' identities with Defendants despite the existence of a confidentiality Protective Order endorsed by Judge Crawford (ECF No. 276) that sets forth terms to protect this information from broader disclosure. While Defendants would take no position on a request for putative class members to proceed anonymously or pseudonymously vis-à-vis the public, Plaintiffs' unilateral decision to withhold the witnesses' identities from the Court and Defendants—even under the terms of the Protective Order—significantly prejudices the government's ability to oppose Plaintiffs' Motion and runs counter to the fundamental principle that "witnesses do not testify anonymously under our system of laws." *Doe v. Los Angeles Unified School District*, No. 16-cv-305, 2017 WL 797152, at *9 (C.D. Cal. Feb. 27, 2017) (internal quotation marks omitted). This Court should accordingly strike the unidentified individuals' declarations and decline to consider them when ruling on Plaintiffs' Motion for Class Certification.

## STATEMENT OF FACTS

Plaintiffs filed a Motion for Class Certification on January 14, 2020 (ECF No. 390). Twenty-three of the exhibits filed in support of Plaintiffs' Motion are declarations submitted by individual aliens who claim to be members of the putative class or putative sub-class. *See* Pls.' Exs. 65–72 (ECF Nos. 390-67–390-74), Pls.' Exs. 74–88 (ECF Nos. 390-76–390-90). These 23 witnesses' assertions are integral to Plaintiffs' Motion: Plaintiffs cite to the witnesses' statements in support of their arguments that a "Turnback Policy" exists, Class Cert. Mem. 17–18, 19; that the

proposed class and sub-class are so numerous that joinder would be impracticable, *id.* at 23; that Plaintiffs' claims are amenable to class-wide adjudication by common proof, *id.* at 27; and that the individual Doe Plaintiffs' claims are typical of the putative class members' claims, *id.* at 29.

None of these 23 declarations include the declarants' true identities. Their names and signatures are either replaced with initials or pseudonyms, as in the case of O.S., M.G., J.R., C.P., King Doe, Jordan Doe, Djamal Doe, Bianka Doe, S.N., S.M.R.G., K.S., Courtney Collins, China, A.V.M.M., A.N.H., and B.B (*see* Pls.' Exs. 65–72, 74–81), or are redacted entirely, as in the case of the seven unnamed "Class Members" (*see* Pls.' Exs. 82–88).

Because the declarations contain no identifying information, the government was unable to investigate the declarants' allegations before filing its Opposition to Plaintiffs' Motion for Class Certification (ECF No. 406). The parties met and conferred on January 16, 2020, to discuss whether Plaintiffs would be amenable to providing the witnesses' names, dates of birth, and A numbers (if they exist) to the government so that it could attempt to locate the individuals' records in its internal databases and investigate whether their declarations are inconsistent with information in these files. Decl. of Alexander J. Halaska ¶ 2 (filed concurrently). Plaintiffs declined based on unspecified First Amendment concerns. *Id.* ¶ 3. Plaintiffs also refused to provide the requested information pursuant to the terms of the Protective Order (ECF No. 276). Halaska Decl. ¶¶ 3–5. The Protective Order allows a party to designate information as Confidential if the party believes that the information is "protected by the Privacy Act" or "would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence," or contains "identifying or other personal information regarding any Plaintiff or third party that would be protected or restricted from disclosure by statute or regulation." Protective Order § II.N. Generally, information that is des-

1 ignated as Confidential may be disclosed only to "the Named Parties and their officers, directors, and employees to whom disclosure is reasonably necessary to assist with the prosecution or defense of this Action." *Id.* § VI.C. Notwithstanding this general restriction on internal dissemination and public disclosure, "[n]othing in th[e] Protective Order shall prohibit the Defendants or their counsel from using or disclosing materials or information designated as 'CONFIDENTIAL' ... as Defendants or their legal counsel would otherwise be authorized to do by law absent entry of the Protective Order." *Id.* § VI.A. Such authorized uses include, for example, sharing the information with "another agency or instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law," 5 U.S.C. § 552a(b)(7), or sharing the information "for routine use," meaning "the use of such record for a purpose which is compatible with the purpose for which it was created," *id.* § 552a(b)(3), (a)(7).

This term of the Protective Order was entered by Judge Crawford after the parties filed a Joint Motion for Determination of Discovery Dispute (Joint Mot.; ECF No. 251). Plaintiffs had sought to insert terms into the Protective Order that would entirely prohibit Defendants from disclosing Confidential information to other government personnel for use in other criminal or civil proceedings without first seeking the Court's permission. *See* Joint Mot. 9–12. But Defendants explained that such a preemptive restriction on intra-governmental information-sharing would impede the government's statutory and regulatory obligations and wrongly shift the burden of persuasion from Plaintiffs to Defendants to show why specific pieces of information warrant protection from disclosure. *Id.* at 22–23. Judge Crawford "agree[d] with defendants to the extent they argue[d] that the language proposed by plaintiffs, which does not allow for any intra- or inter-governmental sharing of confidentially designated information, is unduly restrictive when balanced against defendants' law enforcement related interests," and entered an Order that allows Defendants to continue

sharing information received in the course of this litigation as permitted by statute and regulation. Order Re: Joint Mot. for Entry of ESI and Protective Orders 9–10 (ECF No. 272); *see* Protective Order § VI.A.

Judge Crawford also established a procedure for Plaintiffs to follow if they do wish to restrict Defendants from sharing specific Confidential information outside of this litigation: "Plaintiffs may request, in writing to counsel for Defendants that specific 'CONFIDENTIAL' ... information designated and being disclosed by Plaintiff not be disclosed to persons other than those described in Section VI.C of this Protective Order." *Id.* § VI.A. (Section VI.C allows a party to share Confidential information with "the Named Parties and their officers, directors, and employees to whom disclosure is reasonably necessary to assist with the prosecution or defense of this Action.") Plaintiffs "shall make such written request" to Defendants "at the time that Plaintiff[s] produce[]" the information. *Id.* § VI.A. After Defendants receive the Confidential information and the written request, they have five business days to agree or reject the request. *Id.* If Defendants reject the request, Plaintiffs may request that the parties meet and confer, and if the parties are unable to resolve their dispute, they may file a Joint Motion for Determination of Discovery Dispute in accordance with Judge Crawford's Standing Order. *Id.* But even then, the Protective Order contemplates that the parties may, at all times, disclose Confidential information with "the Named Parties and their officers, directors, and employees to whom disclosure is reasonably necessary to assist with the prosecution or defense of this Action." *Id.* § VI.C.

Plaintiffs refused to provide the names, dates of birth, and A numbers of the undisclosed witnesses under these terms of the Protective Order, stating that they believed that the Protective Order "does not work" for this information. Halaska Decl. ¶¶ 4–5.

**ARGUMENT**

The Court should strike the 23 undisclosed individuals' declarations based on

Plaintiffs' refusal to identify the declarants to the Court and Defendants' counsel.

**I.   Plaintiffs' Unilateral Failure to Identify Their Witnesses Violates the Common Law Right of Access to Judicial Proceedings and 28 U.S.C. § 1746.**

Plaintiffs' unilateral decision to withhold the witnesses' identities from the Court and Defendants violates several provisions of law. *First*, the decision to withhold the witnesses' identities runs afoul of the public's "common law right of access to judicial proceedings." *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-2366, 2017 WL 6541446, at *2 (S.D. Cal. Dec. 20, 2017). "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation marks omitted).

"Lawsuits are public events." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (citation omitted). "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Parties may seek to proceed pseudonymously "in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 241 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). District courts in this Circuit have similarly held that witnesses must justify a request to testify or offer declarations pseudonymously with "compelling reason[s]" that are "sufficient to override the significant public interest in access to judicial proceedings. Absent extraordinary circumstances, witnesses do not testify anonymously under our system of laws." *Diamond Pleasanton*

*Enterprise, Inc. v. City of Pleasanton*, No. 12-cv-254, 2015 WL 74946, at *1 (N.D. Cal. Jan. 5, 2015).

*Second*, the decision to withhold the witnesses' identities runs afoul of 28 U.S.C. § 1746. Section 1746 "requires that unsworn declarations be signed by the declarant under penalty of perjury." *Doe*, 2017 WL 797152, at *9. But "[w]ithout any record whatsoever of a witness's identity or their signature, a declarant cannot be held to their statements under 'penalty of perjury.'" *Id.*; *see also, e.g.*, *McGehee v. Neb. Dept. of Correctional Servs.*, No. 18-cv-3092, 2019 WL 266423, at *5 (D. Neb. Jan. 17, 2019) ("the court's reasoning in *Doe* is persuasive"); *Diamond Pleasanton Enterprise, Inc.*, 2015 WL 74946, at *1 ("Absent extraordinary circumstances, witnesses do not testify anonymously under our system of laws."). Plaintiffs' decision to withhold the witnesses' identities similarly violates section 1746.

Here, Plaintiffs' refusal to identify the witnesses to the Court or Defendants and their failure to seek a Court order allowing them to file the declarations partially under seal violates the common law and 28 U.S.C. § 1746. Plaintiffs were required to file a motion to demonstrate compelling reasons why the 23 declarants should be permitted to proceed pseudonymously or anonymously, but they did not. They instead filed redacted versions of the declarations without providing the Court or Defendants with any identifying information for the declarants. Accordingly, the Court should strike the anonymous and pseudonymous declarations.

## II. Plaintiffs' Decision to Withhold the Declarants' Identities Significantly Prejudices the Government.

Plaintiffs' decision to withhold the declarants' identities also prejudices the government's ability to defend against Plaintiffs' Motion for Class Certification.

As this Court explained in its decision permitting the named Plaintiffs to proceed under pseudonym, "a court must always consider the precise prejudice to the opposing party of permitting a party to proceed pseudonymously at the particular stage of the proceedings, and whether the public interest is best served by requiring

the litigants seeking anonymity to reveal their true identities or permitting non-disclosure." *Al Otro Lado, Inc.*, 2017 WL 6541446, at *2. So too here, any interest the declarants might have in proceeding anonymously or pseudonymously must be weighed against the harm to the opposing party. *See Diamond Pleasanton Enterprise, Inc.*, 2015 WL 74946, at *1 (applying the "compelling reasons" standard where a witness, rather than a party, sought to seal her name).

The harm to Defendants is manifest because Defendants must be able to investigate the allegations in the declarations. By withholding the declarants' identities, Plaintiffs have deprived Defendants of the opportunity to do so. *See Al Otro Lado, Inc.*, 2017 WL 6541446, at *7 ("Anonymity must have a limited prejudicial impact on the opposing party's ability to ... investigate the claims[] and mount a defense."). Indeed, withholding this information from Defendants violates the default rule requiring the identification of witnesses to the opposing side: "[A] party must, without awaiting a discovery request, provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(i). "As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses ... ." Advisory Committee Notes to Fed. R. Civ. P. 26, 1993 Amendment.

Had Plaintiffs provided the names, dates of birth, and A numbers (where they exist) of the declarants, Defendants could have examined the declarants' records in the government's internal databases to assess whether there are fatal dissimilarities between the putative class members that bear on the commonality or typicality of their claims, as it was able to do with Roberto Doe's A-file when opposing one of Plaintiffs' prior motions for provisional class certification. *See* Gov't Opp. to Mot.

for Provisional Class Certification 6–7 (ECF No. 308) (citing to documents in Roberto's A-file to show that, on at least one occasion, Roberto did not claim a fear of return to Nicaragua). Potentially, Defendants also could have compared the statements made in the declarations against statements in the government's records to assess the declarants' truthfulness and credibility, which is always at issue. *See United States v. Green*, 617 F.3d 233, 252 (3d Cir. 2010). But without the opportunity to examine those records, Defendants cannot say with certainty what information they were deprived of learning. This plainly prejudices Defendants' ability to oppose Plaintiffs' Motion for Class Certification because, if they knew the declarants' identities, they could have easily investigated their claims. *See Al Otro Lado, Inc.*, 2017 WL 6541446, at *7 ("The Court finds no prejudice here because Defendants know the true identities of the Individual Plaintiffs.").

Moreover, there is no legitimate reason to withhold this information from Defendants. Plaintiffs could have sought leave to proceed pseudonymously while still disclosing their witnesses' identities to Defendants. They could have invoked the terms of the Protective Order that allow Plaintiffs to disclose this information to Defendants while still limiting both internal dissemination and public disclosure of this information. The Protective Order specifically includes a procedure for Plaintiffs to follow if they wish to request that Defendants refrain from sharing the information with other government personnel outside of this litigation. The Court should reject Plaintiffs' attempt to re-litigate the terms of that Protective Order and should strike the undisclosed witnesses' declarations.

## **CONCLUSION**

The Court should strike the 23 undisclosed individuals' declarations and decline to consider them when ruling on Plaintiffs' Motion for Class Certification.

| | |
|---|---|
| DATED: February 26, 2020 | Respectfully submitted, |

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: February 26, 2020        Respectfully submitted,

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice