JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ARI NAZAROV (CT 414491)
DHRUMAN Y. SAMPAT (NJ 270892018)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DECLARATION OF ALEXANDER J. HALASKA IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE** |
| Chad F. WOLF, Acting Secretary of Homeland Security, *et al.*, in their official capacities, | |
| *Defendants* | |

# DECLARATION OF ALEXANDER J. HALASKA

I, Alexander J. Halaska, declare as follows:

1. I am an attorney for the United States Department of Justice. I represent the federal government Defendants in their official capacities in the above-captioned matter. I am a member in good standing of the bar of the State of Illinois, and I am authorized to practice in the U.S. District Court for the Southern District of California pursuant to Local Civil Rule 83.3(c)(3).

2. On January 16, 2020, the parties met and conferred by telephone to discuss whether Plaintiffs were amenable to providing the names, dates of birth, and A numbers for the 23 unidentified individuals who submitted declarations in support of Plaintiffs' Motion for Class Certification. Alexander Halaska, Katherine Shinners, and Dhruman Sampat were present for the government. Stephen Medlock handled the call for Plaintiffs.

3. Plaintiffs' counsel stated that they could not provide the requested information based on First Amendment concerns. In a follow-up email dated January 16, 2020, I asked Plaintiffs' counsel why Plaintiffs were not designating the requested information as Confidential under the Protective Order. Plaintiffs' counsel responded via email the same day that their concern was that "absent class members will be retaliated against if they are forced to disclose their names, A numbers, and dates of birth and that information can be shared with anyone other than DOJ counsel and agency counsel." Plaintiffs' counsel stated that they were "also concerned that the forced disclosure of this information will chill the participation of absent class members in litigation that could vindicate their rights."

4. In an email response dated January 17, 2020, I asked whether Plaintiffs' position was that a Confidential designation under the Protective Order did not resolve their concerns. Plaintiffs stated via email dated January 21, 2020, that "the Protective Order does not work for the names, A numbers, and dates of birth of the declarants because the Government cannot guarantee that the information will be

1  used solely for retrieving the A files for the declarants and will not be shared with
2  non-attorneys." Plaintiffs' counsel asked whether the government was willing to
3  make such an assurance.

4      5. In response via email dated January 22, 2020, I explained to Plaintiffs'
5  counsel that the government could not agree to the request before having an oppor-
6  tunity to investigate the unnamed witnesses' assertions. I also explained that the
7  government could not agree to withhold the information from non-attorneys because
8  it was my understanding that agency counsel does not have access to the relevant
9  databases, so non-attorneys would be required to search and retrieve information. I
10 also stated the government disagreed that the Protective Order does not work for the
11 requested information, and that the Protective Order instead sets out a procedure for
12 Plaintiffs to request that the government limit its sharing of specific Confidential
13 information.

15     I declare under penalty of perjury that the foregoing is true and correct to the
16 best of my knowledge. Executed on February 26, 2020, in Washington, D.C.

                                           */s/ Alexander J. Halaska*
                                           ALEXANDER J. HALASKA
                                           Trial Attorney
                                           U.S. Department of Justice