# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*,<br><br>                       Plaintiffs,<br><br>  v.<br><br>CHAD F. WOLF, *et al.*,<br><br>                       Defendants. | Case No.: 17-cv-02366-BAS-KSC<br><br>**ORDER DENYING DEFENDANTS' AMENDED MOTION TO SEAL**<br><br>**[ECF No. 340]** |

    On November 21, 2019, the Court denied four Motions to Seal various exhibits related to Plaintiff's Motions for Preliminary Injunction and Provisional Class Certification. (ECF No. 332.) The Court permitted both parties to file amended motions "that more fully address the 'compelling reasons'" to support sealing. (*Id.* at 9.) Consistent with this order, Defendants filed an Amended Motion to Seal ("Amended Motion") 12 documents, the email addresses of CBP employees in these documents, and the portions of the parties' briefs that rely on these documents. (Mem. of P. & A. in support of Am. Mot. ("Am. Mot.") at 3–4, ECF No. 340-1.)

    On February 24, 2020, however, the Ninth Circuit denied a motion filed by Defendants in the pending appeal seeking to re-seal certain exhibits attached to the Opposition to Motion for Stay Pending Appeal that were inadvertently left unsealed

1

after the 21-day provisional seal expired. (*See Al Otro Lado, et al. v. Chad F. Wolf, et al.*, Case No. 19-56417 (9th Cir. Dec. 5. 2019), Order on Mot. to Re-Seal, Dkt. No. 82.) Upon review, the Court notes that many of the exhibits that are the subject of the Ninth Circuit's order overlap with the exhibits Defendants seek to seal in their Amended Motion before this Court.[1]

Defendants filed a Notice in this Court regarding these unsealed documents on March 5, 2020, indicating that their position in support of sealing these same documents before this Court has not changed because "the additional public release of these documents may cause additional, distinct harm to Defendants' operations." (ECF No. 417.)

The Court disagrees and denies Defendants' Amended Motion as to these overlapping exhibits for the same reasons stated by the Ninth Circuit regarding their Motion to Re-Seal. The information has previously been made publicly available on the Ninth Circuit after the provision seal expired. This generally moots any later

---

[1] In their Motion to Re-Seal filed with the Ninth Circuit, Defendants requested to seal "Volumes 4 and 5 of the exhibits to Plaintiffs-Appellees' (Plaintiffs) Opposition to the Motion for Stay Pending Appeal," which included the following nine exhibits and the portions of the parties' briefings that refer to them:
  (1) Exhibits 1–6 of Plaintiffs' Reply in Support of the Motion for Preliminary Injunction ("Reply"), "which consist of CBP Queue Management Reports";
  (2) Exhibits 41–43 of Plaintiffs' Motion for Preliminary Injunction ("PI Motion"), which include a CBP Migration Crisis Action Team (MCAT) report, a Queue Management Report, and a version of the Laredo Field Office Mass Migration Contingency Plan (Contingency Plan).
(*See Al Otro Lado*, Case No. 19-56417, Dk. No. 73, Mot. to Re-Seal at 2.)

In their Amended Motion before this Court, Defendants request to seal 12 exhibits, in part or in their entirety, and the portions of the parties' briefings that refer to them. Nine of the 12 are the above-mentioned Exhibits 1–6 to Plaintiffs' Reply and Exhibits 41–43 to Plaintiffs' PI Motion. (Am. Mot. at 2–4.) The following three exhibits included in the Amended Motion do not appear to be the subject of the Order on the Motion to Re-Seal:
  (1) an internal CBP email with subject line "Field Office Queue Management Report February 22, 2019" (Ex. 8 to Opp'n to Mot. for Prelim. Inj.);
  (2) an email and attachment entitled "Field Office Queue Management 10.02.18" (Ex. 1 to Reply Br. ISO Mot. for Provisional Class Certification);
  (3) a February 8, 2019 email chain with subject line "CBP MCAT C-1 Notes 2/8" (Ex. 5 to Mot. for Provisional Class Certification).
(Am. Mot. at 3–4.)

attempt to seal the documents from public view. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) (affirming an unsealing order because the information at issue was "already publicly available"); *Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016) ("[W]e are similarly without power to affect the dissemination of the unsealed documents' contents in any meaningful way" where "[f]ive prominent news organizations published articles about the documents."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("[H]owever confidential it may have been beforehand, subsequent to publication it [i]s confidential no longer. . . . [A court] simply do[es] not have the power . . . to make what has thus become public private again.").

The remaining three exhibits—two Field Office Queue Management Reports from late 2018 and early 2019, and correspondence regarding CBP's Migration Crisis Action Team (MCAT) from February 2019—are of the same type and contain the same information as those that the Ninth Circuit declined to re-seal. The Court does not find that unsealing these three documents in this forum will result in any particularized harm independent of that potentially caused by the previous disclosure of the vast majority of this information on the appellate docket.

Given these circumstances, the Court sees no good cause to seal the requested exhibits. Thus, the Court **DENIES WITH PREJUDICE** Defendants' Amended Motion to Seal. However, the Court permits redactions of the email addresses of CBP employees from the exhibits that contain them. Defendants must submit the relevant exhibits with redactions by **March 19, 2020**.

**IT IS SO ORDERED.**

**Dated: March 12, 2020**

Hon. Cynthia Bashant
United States District Judge