JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ARI NAZAROV (CT 414491)
DHRUMAN SAMPAT (NJ 270892018)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE DECLARATIONS OF 44 ANONYMOUS DECLARANTS FILED IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*,* | |
| *Defendants* | |

---

* Acting Secretary Wolf and Acting Commissioner Morgan are automatically substituted as Defendants pursuant to Federal Rule of Civil Procedure 25(d).

1

## **INTRODUCTION**

2    On January 14, 2020, Plaintiffs filed a Motion for Class Certification (ECF
3    No. 390) and attached almost two dozen supporting declarations with the names of
4    the declarants either redacted entirely or replaced with pseudonyms or initials. *See*
5    Pls.' Class Cert. Exs. 65–72 (ECF Nos. 390-67–390-74); Pls.' Class Cert. Exs. 74–
6    88 (ECF Nos. 390-76–390-90). Plaintiffs never moved this Court for permission to
7    submit the declarations anonymously or pseudonymously, and Plaintiffs' counsel
8    refused to provide Defendants' counsel with the declarants' identities. On February
9    26, 2020, Defendants moved to strike those declarations because Plaintiffs' unilat-
10   eral decision to withhold the declarants' identities violates multiple provisions of
11   law and significantly prejudiced Defendants' ability to oppose Plaintiffs' Class Cer-
12   tification Motion. *See* Defs.' Mem. in Support of Mot. to Strike (First Mot. to Strike)
13   4–8 (ECF No. 411-1).

14   Now, Plaintiffs have attached 44 additional declarations to their Reply in Sup-
15   port of Their Motion for Class Certification, again with the declarants' identities
16   redacted or replaced with the declarants' initials. *See* Exs. 7–50 to Plaintiffs' Reply
17   in Support of Their Motion for Class Certification (Pls.' Reply Exs.) (ECF Nos. 413-
18   8–413-51). The Court should strike these reply declarations for the same reasons:
19   Plaintiffs' unilateral decision to withhold the declarants' identities violates the pub-
20   lic's common law right of access to judicial proceedings and 28 U.S.C. § 1746, and
21   significantly prejudices Defendants' ability to oppose Plaintiffs' Class Certification
22   Motion because it deprives Defendants of the opportunity to independently investi-
23   gate the allegations. *See* First Mot. to Strike 4–8. The declarations should also be
24   struck for the independent reason that they were submitted with Plaintiffs' Reply—
25   despite being available to Plaintiffs well before their affirmative motion was due—
26   which wholly deprives Defendants of the opportunity to address the substance of the
27   allegations themselves.

28

MEM. IN SUPPORT OF DEFS.'
MOT. TO STRIKE
Case No. 3:17-cv-02366-BAS-KSC

This Court should accordingly strike the 44 anonymous declarations and decline to consider them when ruling on Plaintiffs' Motion for Class Certification.

## STATEMENT OF FACTS

Plaintiffs filed their Motion for Class Certification on January 14, 2020, and attached 23 declarations from individual aliens who claim to be members of the putative class or putative sub-class. *See* Pls.' Class Cert. Exs. 65–72, 74–88. These 23 witnesses' assertions are integral to Plaintiffs' Motion. *See* First Mot. to Strike 1–2. None of these 23 declarations include the declarants' true identities. Rather, their names and signatures are either replaced with initials or pseudonyms or are redacted entirely. *See* Pls.' Class Cert. Exs. 65–72, 74–88. When Defendants' counsel requested the declarants' names, dates of birth, and A numbers (if they exist), Plaintiffs refused to provide them based on unspecified First Amendment concerns. First Mot. to Strike 2. Plaintiffs also declined to follow the procedure ordered by Judge Crawford that applies when Plaintiffs wish to ask Defendants to limit their internal sharing of information. *See id.* at 1–4; Protective Order §§ VI.A, VI.C (ECF No. 276).

Defendants filed their Opposition to Plaintiffs' Motion for Class Certification (ECF No. 406) on February 12, 2020. Because Plaintiffs refused to share the declarants' identities, Defendants were unable to locate and examine any governmental records for information that is potentially relevant to the declarants' allegations prior to filing their Class Certification Opposition. *See* First Mot. to Strike 6–8. Defendants filed a Motion to Strike the 23 declarations on February 26, 2020.

Plaintiffs then filed their Reply in Support of Their Motion for Class Certification (Class Cert. Reply) (ECF No. 413) on February 26, 2020. They attached to their Reply 44 additional declarations from individual aliens who also claim to be putative class or sub-class members. *See* Pls.' Reply Exs. 7–50. These declarants' names and signatures are also redacted entirely, or (in a few cases) are replaced with the declarants' initials. *See id.* The parties met and conferred on March 5, 2020, and Plaintiffs declined to share the declarants' identities for the same reasons that they

refused to share the identities of the 23 individuals whose declarations are attached to Plaintiffs' Class Certification Motion. Decl. of Alexander J. Halaska ¶¶ 2–3 (filed concurrently). Plaintiffs also declined to withdraw the declarations. Halaska Decl. ¶ 3.

## **ARGUMENT**

The Court should strike the 44 additional undisclosed individuals' declarations based on Plaintiffs' refusal to identify the declarants to the Court and Defendants' counsel, and because they constitute new evidence presented in a reply brief.

## I.   **Plaintiffs' Unilateral Failure to Identify Their Witnesses Violates the Common Law Right of Access to Judicial Proceedings and 28 U.S.C. § 1746.**

As Defendants explained in their earlier Motion to Strike, Plaintiffs' unilateral decision to withhold the witnesses' identities from the Court and Defendants violates several provisions of law. *First*, the decision to withhold the witnesses' identities runs afoul of the public's "common law right of access to judicial proceedings." *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-2366, 2017 WL 6541446, at *2 (S.D. Cal. Dec. 20, 2017). "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation marks omitted).

"Lawsuits are public events." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (citation omitted). "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Parties may seek to proceed pseudonymously "in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment,

MEM. IN SUPPORT OF DEFS.'
MOT. TO STRIKE
Case No. 3:17-cv-02366-BAS-KSC

injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 241 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Non-party witnesses also must justify a request to testify or offer declarations pseudonymously with "compelling reason[s]" that are "sufficient to override the significant public interest in access to judicial proceedings. Absent extraordinary circumstances, witnesses do not testify anonymously under our system of laws." *Diamond Pleasanton Enterprise, Inc. v. City of Pleasanton*, No. 12-cv-254, 2015 WL 74946, at *1 (N.D. Cal. Jan. 5, 2015).

*Second*, the decision to withhold the 44 declarants' identities runs afoul of 28 U.S.C. § 1746. Section 1746 "requires that unsworn declarations be signed by the declarant under penalty of perjury." *Doe*, 2017 WL 797152, at *9. But "[w]ithout any record whatsoever of a witness's identity or their signature, a declarant cannot be held to their statements under 'penalty of perjury.'" *Id.*; *see also, e.g.*, *McGehee v. Neb. Dept. of Correctional Servs.*, No. 18-cv-3092, 2019 WL 266423, at *5 (D. Neb. Jan. 17, 2019) ("the court's reasoning in *Doe* is persuasive"); *Diamond Pleasanton Enterprise, Inc.*, 2015 WL 74946, at *1 ("Absent extraordinary circumstances, witnesses do not testify anonymously under our system of laws."). Plaintiffs' decision to withhold the witnesses' identities similarly violates section 1746.

Here, Plaintiffs' refusal to identify the witnesses to the Court or Defendants and their failure to seek a Court order allowing them to file the declarations partially under seal violates the common law and 28 U.S.C. § 1746. Plaintiffs were required to file a motion to demonstrate compelling reasons why the 44 declarants should be permitted to proceed pseudonymously or anonymously, but they did not. They instead filed redacted versions of the declarations without providing the Court or Defendants with any identifying information for the declarants. Accordingly, the Court should strike the 44 anonymous declarations.

1  **II.  Plaintiffs' Decision to Withhold the Declarants' Identities Significantly**
2      **Prejudices the Government.**

3          Plaintiffs' decision to withhold the 44 declarants' identities also prejudices
4  Defendants' ability to defend against Plaintiffs' Motion for Class Certification.

5          As this Court explained in its decision permitting the named Plaintiffs to pro-
6  ceed under pseudonym, "a court must always consider the precise prejudice to the
7  opposing party of permitting a party to proceed pseudonymously at the particular
8  stage of the proceedings, and whether the public interest is best served by requiring
9  the litigants seeking anonymity to reveal their true identities or permitting non-dis-
10 closure." *Al Otro Lado, Inc.*, 2017 WL 6541446, at *2. So too here, any interest the
11 declarants might have in proceeding anonymously or pseudonymously must be
12 weighed against the harm to the opposing party. *See Diamond Pleasanton Enter-*
13 *prise, Inc.*, 2015 WL 74946, at *1 (applying the "compelling reasons" standard
14 where a witness, rather than a party, sought to seal her name).

15         The harm to Defendants is manifest because Defendants must be able to in-
16 vestigate the allegations in the declarations. By withholding the 44 declarants' iden-
17 tities, Plaintiffs have deprived Defendants of the opportunity to do so. *See Al Otro*
18 *Lado, Inc.*, 2017 WL 6541446, at *7 ("Anonymity must have a limited prejudicial
19 impact on the opposing party's ability to ... investigate the claims[] and mount a
20 defense."). Indeed, withholding this information from Defendants violates the de-
21 fault rule requiring the identification of witnesses to the opposing side: "[A] party
22 must, without awaiting a discovery request, provide to the other parties the name
23 and, if known, the address and telephone number of each individual likely to have
24 discoverable information—along with the subjects of that information—that the dis-
25 closing party may use to support its claims or defenses, unless the use would be
26 solely for impeachment." Fed. R. Civ. P. 26(a)(1)(i). "As officers of the court, coun-
27 sel are expected to disclose the identity of those persons who may be used by them

5

1    as witnesses ... ." Advisory Committee Notes to Fed. R. Civ. P. 26, 1993 Amend-

2    ment.

3          Had Plaintiffs provided the names, dates of birth, and A numbers (where they

4    exist) of the declarants, Defendants could have examined the declarants' records in

5    the government's internal databases to assess whether there are fatal dissimilarities

6    between the putative class members that bear on the commonality or typicality of

7    their claims, as it was able to do with Roberto Doe's A-file when opposing one of

8    Plaintiffs' prior motions for provisional class certification. *See* Gov't Opp. to Mot.

9    for Provisional Class Certification 6–7 (ECF No. 308) (citing to Roberto's records

10   to show that, on at least one occasion, Roberto did not claim a fear of return to Nic-

11   aragua). Potentially, Defendants also could have compared the statements in the dec-

12   larations against statements in the government's records to assess the declarants'

13   truthfulness and credibility, which is always at issue. *See United States v. Green*,

14   617 F.3d 233, 252 (3d Cir. 2010). Defendants could have then assessed whether to

15   move the Court for permission to file a sur-reply to address those issues. But without

16   the opportunity to examine those records, Defendants cannot say with certainty what

17   information they were deprived of learning. This plainly prejudices Defendants'

18   ability to oppose Plaintiffs' Motion for Class Certification because, if they knew the

19   declarants' identities, they could have investigated their claims. *See Al Otro Lado,*

20   *Inc.*, 2017 WL 6541446, at *7 ("The Court finds no prejudice here because Defend-

21   ants know the true identities of the Individual Plaintiffs.").

22         Moreover, there is no legitimate reason to withhold this information from De-

23   fendants. Plaintiffs could have sought leave for their witnesses to proceed pseudon-

24   ymously while still disclosing the witnesses' identities to Defendants. They could

25   have invoked the terms of the Protective Order that allow Plaintiffs to disclose this

26   information to Defendants while still limiting both internal dissemination and public

27   disclosure of this information. The Protective Order specifically includes a proce-

28   dure for Plaintiffs to follow if they wish to request that Defendants refrain from

1  sharing the information with other government personnel outside of this litigation.

2  The Court should reject Plaintiffs' attempt to re-litigate the terms of that Protective

3  Order and should strike the anonymous declarations.

4  **III.  Plaintiffs' Submission of the 44 Declarations Was Improper and Preju-**
    **dicial.**

5      Further, Plaintiffs' decision to wait to submit these 44 declarations until their

6  Class Certification Reply compounds the prejudice to Defendants, because it de-

7  prived Defendants of the opportunity to address the substance of those declarations

8  in their opposition brief. Generally, "[i]t is not acceptable legal practice to present

9  new evidence or new argument in a reply brief." *Roth v. BASF Corp.*, No. C07-

10 106MJP, 2008 WL 2148803, at *3 (W.D. Wash. May 21, 2008); *see also United*

11 *States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not

12 be introduced in a reply brief."); CivLR 7.1(f)(2) (stating that "copies of all docu-

13 mentary evidence which the movant intends to submit in support of the motion ...

14 must be served and filed with the motion," and that the "movant's failure to file any

15 papers required under the local rules may be deemed as a waiver of the motion").

16 This is a separate and independent reason to strike the 44 declarations. *See, e.g.*, *Bell*

17 *v. Addus Healthcare, Inc.*, No. C06-5188RJB, 2007 WL 2463303, at *7 (W.D.

18 Wash. Aug. 27, 2007) (striking declarations submitted with a reply brief "because a

19 party should not submit new facts in a reply brief").

20     Here, the reply declarations include descriptions of the declarants' attempts to

21 enter various United States ports of entries at various times and various dates in 2017

22 and 2018. They show that some individuals waited to enter a port of entry for hours,

23 that some waited for days, that some waited for longer periods of time, and that some

24 were able to enter immediately at a nearby port of entry. *E.g.*, Pls.' Reply Ex. 18

25 ¶¶ 2, 8 (declarant approached the Eagle Pass port of entry on June 2, 2019, at around

26 8:00 AM, and was permitted to enter the port on June 4, 2019, at around 4:00 PM);

27 Pls.' Reply Ex. 19 ¶¶ 2, 7 (declarant approached the Hidalgo port of entry on May

28

31, 2018, and waited seven days to enter); Pls.' Reply Ex. 21 ¶¶ 2, 7, 10 (declarant approached the Eagle Pass port of entry on May 12, 2018, at around 7:30 AM, and was permitted to enter on May 24, 2018, at around 11:00 AM); Pls.' Reply Ex. 20 ¶¶ 2, 3, 6 (declarant was not permitted to enter the San Ysidro port of entry immediately on December 21, 2017, because it "had about 360 people inside," but took a taxi to the Calexico port of entry and entered without delay). Plaintiffs also cite to the declarations in support of the argument that "thousands of noncitizens were subjected to the Turnback Policy." Class Cert. Reply 14 & n.8. But the disparities in the declarant's accounts are highly relevant to class certification—particularly certification of Plaintiffs' unreasonable-delay claim under the Administrative Procedure Act, 5 U.S.C. § 706(1), and whether a "Turnback Policy" exists at all. Defendants would have developed these arguments if the declarations were submitted with Plaintiffs' Motion. Instead, Plaintiffs held them back and filed them only when Defendants had no opportunity to respond. And there is no reason why Plaintiffs could not have submitted these declarations with their Class Certification Motion, since they were all signed in 2017, 2018, or early 2019, long before Plaintiffs filed their Motion in January 2020. *See, e.g.*, *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

## CONCLUSION

The Court should strike the 44 reply declarations and decline to consider them when ruling on Plaintiffs' Motion for Class Certification.

8

DATED: March 17, 2020                    Respectfully submitted,

                                         JOSEPH H. HUNT
                                         Assistant Attorney General
                                         Civil Division

                                         WILLIAM C. PEACHEY
                                         Director

                                         KATHERINE J. SHINNERS
                                         Senior Litigation Counsel

                                         */s/ Alexander J. Halaska*
                                         ALEXANDER J. HALASKA
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division
                                         Office of Immigration Litigation
                                         District Court Section
                                         P.O. Box 868, Ben Franklin Station
                                         Washington, D.C. 20044
                                         Tel: (202) 307-8704 | Fax: (202) 305-7000
                                         alexander.j.halaska@usdoj.gov

                                         *Counsel for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: March 17, 2020           Respectfully submitted,

                               */s/ Alexander J. Halaska*
                               ALEXANDER J. HALASKA
                               Trial Attorney
                               United States Department of Justice

MEM. IN SUPPORT OF DEFS.'
MOT. TO STRIKE
Case No. 3:17-cv-02366-BAS-KSC