IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, *et al.*,<br>    *Plaintiffs,*<br><br>v.<br><br>Chad Wolf, *et al.*,<br>    *Defendants.* | No. 3:17-cv-02366-BAS-KSC |

### DECLARATION OF SCOTT FALK

I, Scott Falk, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows, relating to the above-captioned matter:

1. I am the Chief Counsel for U.S. Customs and Border Protection (CBP). I have held this position since 2013.

2. In my role as Chief Counsel, I am the principal legal advisor for the Commissioner of CBP. Within CBP's Office of Chief Counsel (OCC), I manage a staff of approximately 317 attorneys in 31 offices nationwide. Currently, my staff are handling nearly 20,000 ongoing, distinct legal matters.

3. I am familiar with *Al Otro Lado v. Wolf.* 3:17-cv-02366, as approximately 120 attorneys in my office, as well as several paralegals, have already devoted substantial time to document production in this case. Between September 9, 2019 and December 20, 2019, attorneys from across the country spent nearly 10,000 hours reviewing approximately 530,000 documents to prepare them ready for production. Additionally, between February 7 and March 13, 2020, a team of approximately 50 attorneys in my office, reviewed approximately 50,000 documents in Relativity for purposes of creating the

1

        privilege log in this case. I understand that these documents constituted documents that were part of Volumes 9-20, as well as 21-23, of the privilege log in this case.

4. I understand that all volumes of the privilege log are due to plaintiffs on Tuesday, March 17, 2020. I understand that the Department of Justice (DOJ) has provided plaintiffs with Volumes 1-13 of the privilege logs, and that Volumes 14, 15, 17, 18, 19, and 22 will be provided shortly. However, given CBP's current operating posture, CBP is unable to be provide volumes 20, 21, and 23 by the deadline. I provide this declaration to explain current resource constraints within CBP OCC, and why an extension of this deadline is needed.

5. I understand that, following review of each volume of documents in Relativity, DOJ generated an Excel version of the privilege log for that volume. DOJ, as well as a team of attorneys on my staff, then conducted a review of those logs, to ensure that privileges were properly and consistently asserted and descriptions were accurate.

6. Conducting review of the privilege logs is a time-consuming process. Attorneys must cross-reference the description provided in the privilege log with the document in Relativity, often perform research to assess whether the privileges asserted are both sufficient and accurate, and, if not, update any needed privilege claims or privilege descriptions. Then, to ensure consistency, the attorney must seek out similar documents to ensure that they, too, have appropriate privilege claims, and if not, the attorney must revise descriptions for those similar documents, as well. This step is highly labor intensive, especially because the attorneys must describe each change in the appropriate privilege log, rather than simply making appropriate changes to the document in Relativity.

7. Many of these volumes are quite large, with Volume 14 and Volume 18, for instance, totaling approximately 12,000 entries. Even Volume 17, which consisted of approximately 3,700 entries, took a team of four CBP attorneys nearly two full days to complete.

8. Additionally, as a result of the 2019 novel coronavirus outbreak (COVID-19), my team's ability to devote this degree of time to reviewing these logs has been sufficiently diminished over the past few days, and will be diminished in the days to come. Specifically, two of the attorneys working on reviewing the log have children whose schools are currently closed, and thus have been required to take leave, or to use a combination of leave and telework for the foreseeable future. In addition, my attorneys, like everyone else in the United States today, are facing public transit and other disruptions caused by the nationwide response to the virus.

9. Additionally, and most critically, as explained in a previous declaration I filed in this court, CBP, particularly OFO, is at the forefront of the U.S. government's overall response to the COVID-19 outbreak, as CBP is responsible for inspection of all individuals who arrive in the United States at ports of entry (land, air, and seas). Thus, CBP, as well as others in DHS, is responsible for the "funneling" of flights to certain airports so that passengers can be screened by the Centers for Disease Control and Prevention. Additionally, CBP is responsible for implementing the Presidential Proclamations suspending the entry of certain travelers to help prevent the spread of COVD-19, at all ports of entry.

10. Each of these Proclamations has various waiver and exceptions, and it is of critical importance for the safety and security of the country that these Proclamations are

implemented in a consistent and legally sound manner. Thus, CBP operators work closely with attorneys in my office, and it is critical that my office is able to provide answers to their legal questions in a time-sensitive manner, and that the legal advice be accurate, clear, and concise.

11. In addition to the implementation of these Proclamations, CBP must be prepared to address a number of other issues related to COVID-19, including, for instance, ensuring the health and safety of all of CBP's employees, including, most critically, CBP's frontline officers and agents; and preventing the spread of COVID-19 among individuals in CBP custody. Given the fluidity of the current operational environment, as well as the very real and serious threat posed by the virus, CBP attorneys must be available to respond to urgent, time-sensitive questions from the clients, and such questions could come at any hour of the day or night. Thus, given the need to respond to such questions, we have not been able to devote a larger team to conducting privilege log review, and are not able to in the coming days (in order to ensure that we have sufficient staff available to address these urgent questions from the clients).

12. I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 17th day of March, 2020.

_____
Scott Falk
Chief Counsel
Office of Chief Counsel
U.S. Customs and Border Protection