MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO STRIKE** |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| | [*Declaration of Stephen M. Medlock Filed Concurrently*] |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857


AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO STRIKE

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file under seal limited portions of Plaintiffs' Opposition to Defendants' Motions to Strike Declarations of Unidentified Declarants Filed in Support of Plaintiffs' Motion for Class Certification to exclude sensitive law enforcement information and confidential, personally identifying information contained therein.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, these documents consist of:

1) A document bearing the Bates numbers AOL-DEF-00070361 through AOL-DEF-00070362, which Defendants have designated as Confidential under the Court's Protective Order;

2) A document bearing the Bates numbers AOL-DEF-00283080 through AOL-DEF-00283086, which Defendants have designated as Highly Confidential under the Court's Protective Order;

3) A document bearing the Bates numbers AOL-DEF-00283226 through AOL-DEF-00283233, which Defendants have designated as Highly Confidential under the Court's Protective Order;

4) A document bearing the Bates numbers AOL-DEF-00516605 through AOL-DEF-00516623, which Defendants have designated as Confidential under the Court's Protective Order;

5) A document bearing the Bates numbers AOL-DEF-00528691 through AOL-DEF-00528707, which Defendants have designated as Highly Confidential under the Court's Protective Order;

6) A document bearing the Bates numbers AOL-DEF-00556914 through

AOL-DEF-00556918, which Defendants have designated as Highly Confidential under the Court's Protective Order; and

7) A document bearing the Bates number AOL-DEF-00556928, which Defendants have designated as Confidential under the Court's Protective Order.

Defendants designated each of these documents as "Confidential" or "Highly Confidential" under the Protective Order.[2] Moreover, these documents contain sensitive law enforcement information regarding the operations of ports of entry on the U.S.-Mexico border. The documents also contain sensitive and personally identifying information of individuals being monitored by the government. As a consequence, the parties also seek to seal limited portions of Plaintiffs' opposition brief that reference and discuss these documents.

While Plaintiffs acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal. Fed. R. Civ. P. 26(c) sets forth the "good cause" standard for sealing documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

Case 3:17-cv-02366-BAS-KSC   Document 432-1   Filed 03/31/20   PageID.32634
Page 5 of 8

1179. For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988).

Here, Plaintiffs seek to seal seven documents that would reveal sensitive CBP information regarding the monitoring of high-priority individuals at the border and the granting or denial of access rights to those individuals. The disclosure of this sensitive information could compromise CBP's investigatory efforts and secure operations at ports of entry on the border.

Plaintiffs have conferred with the Government and understand that the Government does not oppose this motion. The Government represents below that that it clawed back the document bearing the Bates number AOL-DEF-00516605 in part and the documents bearing the Bates numbers AOL-DEF-00528691, AOL-DEF-00556914, and AOL-DEF-00556928 in full prior to Plaintiffs' filing of this motion. Plaintiffs were surprised to receive Defendants' clawback letter at 5:36pm ET on the day of filing after, earlier in the day, Defense counsel asked Plaintiffs to wait several hours so that it could confer with its west coast clients regarding the motion to seal. It appears that Defendants were using this time to draft a clawback letter instead. Plaintiffs dispute Defendants' claims of law enforcement privilege over the documents in question. Plaintiffs maintain that by filing these documents under seal while the dispute over Defendants' claw back is pending, they do so in accordance with the terms of the ESI Protocol (ECF No. 277). In any case, both parties support the sealing of the documents in question.

Therefore, Plaintiffs request that the Court grant this unopposed motion to seal limited portions of Plaintiffs' Opposition to Defendants' Motions to Strike

Declarations of Unidentified Declarants Filed in Support of Plaintiffs' Motion for Class Certification.

**Defendants' Position**

Defendants join this motion to file under seal and will respond in support of the motion. Defendants represent that Defendants clawed back the document bearing the Bates number AOL-DEF-00516605 in part and the documents bearing the Bates numbers AOL-DEF-00528691, AOL-DEF-00556914, and AOL-DEF-00556928 in full (and other documents not attached to this motion) prior to Plaintiffs' filing of this motion in accordance with the ESI Protocol (ECF No. 277). Defendants represent that they only became aware that they had inadvertently produced these law-enforcement privileged documents after Plaintiffs notified them on March 30, 2020 at 9:53 PM (Eastern) that Plaintiffs intended to attach them as exhibits to their Opposition to Defendants' Motions to Strike. Defendants maintain that Plaintiffs are not permitted to file these documents, under seal or otherwise, under the ESI Protocol while the dispute over Defendants' clawback is pending. In any case, both parties support the sealing of the documents in question.

Dated: March 31, 2020

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
Karolina Walters

By: */s/ Stephen M. Medlock*
Stephen M. Medlock

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on March 31, 2020, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*