MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO STRIKE THE DECLARATIONS OF UNIDENTIFIED DECLARANTS FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>***DECLARATION OF STEPHEN M. MEDLOCK FILED CONCURRENTLY*** |

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

## **INTRODUCTION**

Defendants' motions to strike present an exceedingly narrow dispute.  On January 14, 2020 and February 26, 2020, Plaintiffs filed their briefs in support of class certification.    ECF Nos. 390, 413.    In addition to expert testimony, contemporaneous business records, and deposition testimony, Plaintiffs supported their motion for class certification with 67 declarations from asylum seekers who wished to remain anonymous due to their legitimate fear that the Government would retaliate against them in pending immigration proceedings or that the governments that persecuted the declarants could discover their whereabouts.  After the class certification briefing was complete, Defendants asked Plaintiffs to disclose the names, dates of birth, and A numbers of each of these declarants.  Plaintiffs agreed to provide this information if Defendants would agree to limit its disclosure to the attorneys representing Defendants in this case and the officials necessary to retrieve data from any case files regarding the declarants.  Rather than taking "yes" for an answer and avoiding unnecessary motion practice, Defendants filed two motions to strike all 67 declarations.  Defendants' motions fail because Defendants never explain why this compromise was insufficient.

More specifically, the Court should deny Defendants' motions for three reasons. *First*, Defendants' motions to strike and the accompanying Halaska Declaration mischaracterize the dialogue between the parties on the issue. Importantly, Plaintiffs were willing to disclose the names of the declarants, provided Defendants could ensure that the declarants' identities would be disclosed only to attorneys and government officials necessary to perform the data retrieval of any CBP or DHS case files regarding the declarants.  *See* Medlock Decl. ¶¶ 6-7.  This would have allowed Defendants to investigate the veracity of the declarations.  But Defendants would not agree to limit the disclosure of the declarants' identities in that way, seemingly wanting to leave the door open to target the declarants for retribution in future immigration proceedings.

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

*Second*, this Court has previously and consistently found that the named Plaintiffs and other class members should be allowed to proceed pseudonymously or otherwise keep their identities sealed. This is because the named Plaintiffs and other class members have genuine concerns that revealing their names will cause them to be retaliated against by the Government in immigration enforcement proceedings. The declarations at issue here are no different. Indeed, Defendants' own documents show that, in the case of the one named Plaintiff, Al Otro Lado, Defendants have engaged in considerable efforts to surveil principals of Al Otro Lado and target them for retaliation.

*Third*, Defendants' claim of prejudice rings hollow. Defendants assert that they were unable to fully investigate the veracity of the unnamed declarants' allegations, which hurt their arguments against class certification. This assertion is belied by the fact that Defendants not only failed to make any mention of the issue in their Opposition briefing, *see* ECF No. 406, but they have failed to raise it on a number of other occasions when Plaintiffs have filed the same or substantially similar declarations, such as with Plaintiffs' Motion for Preliminary Injunction and Motion for Temporary Restraining Order. *See* ECF Nos. 294, 344. Moreover, despite now crying foul, the Government has not sought any discovery concerning the pseudonymous declarations.

Defendants' motions to strike are simply a distraction from the merits of Plaintiffs' pending Motion for Class Certification and a meritless attempt to undermine that motion from any conceivable direction. Accordingly, the Court should deny Defendants' motions to strike and consider the declarations along with Plaintiffs' Motion for Class Certification in the normal course.

## STATEMENT OF FACTS

Plaintiffs have filed multiple documents using pseudonyms without objection since the inception of this case. On October 16, 2017, Plaintiffs filed a motion to allow the class representatives named in the complaint to proceed pseudonymously.

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

1  *See* ECF No. 61.  Defendants did not oppose the motion.  *See id.* at 2; ECF No. 88.

2  This motion was denied without prejudice when the U.S. District Court for the

3  Central District of California transferred the case to this Court.  *See* ECF No. 113.

4  On December 13, 2017, after the case was transferred to this Court, Plaintiffs

5  again filed a motion seeking leave for the named class representatives to proceed

6  pseudonymously.  *See* ECF No. 128.  Again, Defendants did not oppose this motion.

7  *See id.* at 1-2.

8  On September 26, 2019, Plaintiffs filed a motion for preliminary injunction.

9  *See* ECF No. 294.   This motion was supported by 21 declarations from

10  pseudonymous asylum seekers.  *See* ECF Nos. 294-7 to 294-24, 294-49 to 294-51.

11  Defendants did not object to these declarations in any manner.

12  On the same day, Plaintiffs filed a motion for provisional class certification.

13  *See* ECF No. 293.  This motion was supported by 19 declarations from asylum

14  seekers that were referred to only by pseudonyms.  *See* ECF Nos. 293-9 to 293-27.

15  Again, Defendants did not seek to strike these declarations.

16  On December 6, 2019, Plaintiffs filed a motion for a temporary restraining

17  order.  *See* ECF No. 344.  This motion was supported by seven declarations from

18  asylums seekers who wished to be referenced only by pseudonyms.  *See* ECF Nos.

19  346-3 to 346-10.  Defendants did not object to these declarants using pseudonyms.

20  Defendants' stance regarding asylum seekers remaining pseudonymous

21  changed in January 2020.  On January 14, 2020, Plaintiffs filed their Motion for

22  Class Certification.  ECF No. 390.  Accompanying that motion are 23 declarations

23  made by putative class members through the use of initials or pseudonyms.  *See* ECF

24  Nos. 390-67 to 390-74; 390-76 to 390-90.  Similarly, Plaintiffs' Reply in Support of

25  Motion for Class Certification, filed on February 26, 2020, was accompanied by 44

26  additional declarations made by putative class members through the use of initials

27  or pseudonyms.  *See* ECF Nos. 413-8 to 413-51.  As Plaintiffs have communicated

28  to Defendants, those declarations were filed anonymously or pseudonymously for

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

the same reason that Plaintiffs have articulated in prior proceedings—named Plaintiffs and other class members have genuine concerns that revealing their names will lead to retaliation by the Government in immigration enforcement proceedings, may allow individuals from their home countries to locate and further persecute them, and will chill the participation of absent class members in litigation that could vindicate their rights. *See* Medlock Decl. ¶ 4.

On January 16, 2020, the parties began meeting and conferring on the issue. Plaintiffs explained their concerns with releasing the names, dates of birth, and A numbers of the declarants to Defendants. On January 16 and again on January 22, Plaintiffs offered to share the information Defendants sought if Defendants could ensure that the declarants' information would be used only by attorneys and officials necessary to perform the data retrieval of any CBP or DHS case files regarding the declarants. *See* Medlock Decl. ¶¶ 6-7. Defendants would not agree to that arrangement.

Notably, Defendants made no mention of the issue or the parties' discussions in their Opposition to Plaintiffs' Motion for Class Certification, which was filed on February 12. *See* ECF No. 406. Instead, Defendants ignored Plaintiffs' proposed workaround and filed their Motion to Strike the Declarations of 23 Unidentified Declarants in Support of Plaintiffs' Motion for Class Certification on February 26. *See* ECF No. 411. On March 17, Defendants filed a substantially similar Motion to Strike the Declarations of 44 Anonymous Declarants Filed in Support of Plaintiffs' Reply in Support of their Motion for Class Certification. *See* ECF No. 425. Pursuant to the Court's March 13 Order (*see* ECF No. 423), Plaintiffs address both motions herein.

## **ARGUMENT**

So what exactly is going on here? For years, Defendants did not oppose asylum seekers in this case being referred to by pseudonyms. As a result, and because the Court has repeatedly and in several different contexts granted class

MEM. IN OPPOSITION TO DEFS.' MOT. TO STRIKE

members this right, Plaintiffs did not move to proceed pseudonymously with these particular declarants.  Then, after Plaintiffs filed their January 2020 motion for class certification, Defendants abruptly changed course and insisted that asylum seekers disclose their full names, dates of birth, and A numbers if they intended to testify in support of Plaintiffs.  After Plaintiffs *agreed* to provide Defendants with this information subject to limitations on its dissemination, Defendants refused this compromise and filed these motions.

The explanation is simple.  Plaintiffs filed a strong motion for class certification that establishes each of the Rule 23 elements with overwhelming evidence.  Rather than dealing with this evidence directly, Defendants seek to exclude it via collateral motions.  Indeed, in addition to these motions to strike, Defendants are also seeking to claw back exhibits to the class certification motion that contain particularly damning contemporaneous statements regarding the intent of CBP's senior management.  That joint motion will soon be filed with Magistrate Judge Crawford.

But seeking tactical advantage through serial motions practice rarely works, and fails here as well.  The Court should deny Defendants' motions to strike for three reasons.  First, Defendants' motions and the Halaska Declaration fail to acknowledge the solution that Plaintiffs offered to cure the purported issue that Defendants now complain of.  Second, the declarants' retaliation concerns justify filing their declarations anonymously or pseudonymously.  Third, Defendants have failed to show that they suffered any demonstrable prejudice that deprived them of information needed to oppose class certification.

## I.    Defendants' Motions and the Halaska Declaration Omit The Reasonable Solution Offered By Plaintiffs.

Defendants' motions to strike should be denied because Plaintiffs offered a workable solution that would have alleviated the concerns that Defendants now complain of and avoided motion practice altogether.  On January 16, 2020, the

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

parties began meeting and conferring on the issue of anonymous and pseudonymous declarations. Plaintiffs explained their concerns with releasing the names, dates of birth, and A numbers of the declarants to Defendants. Defendants' motions and the accompanying Halaska Declaration omit the fact that on that date, and again on January 22, Plaintiffs offered to share the declarants' information if Defendants could ensure that it would be used only by attorneys and officials necessary to perform the data retrieval of any CBP or DHS case files regarding the declarants. *See* Medlock Decl. ¶¶ 6-7. Defendants would not provide such an assurance. This would have allowed Defendants to search their files for information regarding the declarants that they claim was important for their class certification opposition brief.

Should the Court disagree with Plaintiffs and find that the declarants' identities were integral to Defendants' class certification arguments, Plaintiffs respectfully request that as an alternative to striking the declarations at issue, Plaintiffs be compelled to produce the declarants' identifying information with the restriction that it will be used only by Defendants' attorneys or officials necessary to perform the data retrieval of any CBP or DHS case files regarding the declarants.

## II. Anonymous or Pseudonymous Declarations Are Justified By Putative Class Members' Fear Of Retaliation And Are Consistent With This Court's Prior Rulings.

Since the inception of this case, the putative class members have consistently articulated their concerns about disclosing personally identifying information such as their names, A numbers, and dates of birth. Those concerns include both a fear of being persecuted if located, as well as a fear that revealing such information will cause them to be retaliated against by the Government in immigration enforcement proceedings. The Government argues that the witness' anonymous and pseudonymous declarations violate the common law right of access to judicial proceedings and "run afoul" of 28 U.S.C. § 1746 and thus must be stricken. But the common law right of access has important exceptions that apply in this case, and this

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

Court has already twice held that Plaintiffs or other putative class members could proceed anonymously or pseudonymously.  And as with the common law right of access, there are exceptions to the general rule set forth in 28 U.S.C. § 1746 where proceeding anonymously or pseudonymously would protect the witness from retaliation, harassment, injury, ridicule or personal embarrassment.  As a result, the Court should allow the declarants to proceed anonymously or pseudonymously and should consider their declarations.

It is true that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978).  It is also true that "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  However, where there are "compelling reasons" that outweigh the public's interest in disclosure, such as where "court files might have become a vehicle for improper purposes," a court is justified in sealing those files.  *Kamakana*, 447 F.3d at 1179.

Such compelling reasons exist in this case.  From this case's inception, the Court has allowed the named Plaintiffs and other putative class members to proceed anonymously or pseudonymously.  For instance, on December 20, 2017, this Court found that the named Plaintiffs' very real fear of retaliation, including physical and mental harm, outweighed any prejudice to Defendants and the public's interest in knowing their identities.  *See Al Otro Lado v. Nielsen*, 2017 WL 6541446, at *2-8 (S.D. Cal. Dec. 20, 2017).  In so doing, the Court performed a thorough analysis detailing not only the significant fears faced by asylum seekers, but also the reasonableness of those fears and the named Plaintiffs' particular vulnerability.  *Id.* In that opinion, the Court also astutely pointed out that the nexus between the retaliation that the party fears and the lawsuit itself is "especially strong when the

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

1  retaliation a party fears is from the opposing party." *Id.* at *4 (citing and discussing

2  *Doe v. Cty. of El Dorado*, 2013 WL 6230342, at *2 (E.D. Cal. Dec. 2, 2013), and

3  *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000)).

4  That is precisely the case here.  The putative class members who submitted

5  declarations in support of Plaintiffs' Motion for Class Certification are fearful of

6  disclosing their identifying information because they fear not only retaliation from

7  third parties, but retaliation by the Government in future immigration proceedings.

8  Specifically, the declarants share a real concern that other Government officials,

9  upon learning the declarants' identities, will deny them or their family members

10  asylum or take other retaliatory action against them based solely on their

11  participation in and assistance with this lawsuit.[2]  Such retaliation would constitute

12  the sort of "improper purpose" that creates a "compelling reason" to keep this

13  information from the public.  *Kamakana*, 447 F.3d at 1178-79.

14  The reasonableness of this fear is illustrated by how Defendants have tracked

15  and retaliated against the principals of Al Otro Lado, the only named Plaintiff in this

16  litigation not proceeding pseudonymously.  For instance, in February 2017, after an

17  article regarding Nicole Ramos, the director of Al Otro Lado's Border Rights

18  Project, appeared in the San Diego Union-Tribune, ████████████████████████

19

---

20  [2] The Government argues that the Protective Order in this case should be sufficient

21  to assuage the declarants' concerns.  As Plaintiffs have expressed to Defendants on

22  several occasions, that is not the case.  Defendants have been unwilling and unable

23  to assure Plaintiffs that they would not share the declarants' personally identifying

   information outside of the attorneys and officials necessary to perform the data

24  retrieval of any CBP or DHS case files regarding the declarants.  Under the terms of

   the Protective Order, much broader information sharing throughout the U.S.

25  Government—including with the enforcement arms of Defendants' own agencies—

   would be permissible even if the declarations were designated as Confidential.

26  Defendants surely realize that the Protective Order is not a panacea for the treatment

   of sensitive information, given that Defendants themselves have argued that the

27  Protective Order cannot fully protect against certain harms and have sought

28  additional protections for their own employees.

8

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

*See* Ex. 1 (AOL-DEF-00070361) at 361-63.

*See, e.g.*, Ex. 2 (AOL-DEF-00283080) 080-81 (████); Ex. 3 (AOL-DEF-00283226) at 226 (same); Ex. 4 (AOL-DEF-00516605) at 618 (███); Ex. 5 (AOL-DEF-00528691) at 698-700 (███).

Ex. 7 (AOL-DEF-00556928) at 928.

*See* Ex. 6 (AOL-DEF-00556914) at 914. This decision smacks of retaliation.

*See CBP National Targeting Center*, U.S. CUSTOMS & BORDER PROTECTION, https://www.cbp.gov/frontline/cbp-national-targeting-center (last visited Mar. 31, 2020).

Ex. 6 (AOL-DEF-00556914) at 914-16.

*Id.* at 917. In other words,

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

1 ████████████████████████████████████████████████████████

2 ████████████████████████ *See id.* at 914-17.

3    It is objectively reasonable for the pseudonymous declarants to believe that
4 they will be treated similarly if they are forced to identify themselves. Like Ms.
5 Ramos, they are all now associated with this litigation challenging the Government's
6 policies with respect to asylum seekers. And, unlike Ms. Ramos, they are not U.S.
7 citizens (with citizenship's attendant protections) and are actively engaged in
8 immigration proceedings where the Government has ample opportunity to retaliate
9 against them. The declarants' fear, which is not only objectively reasonable but also
10 underscores the vulnerability of putative class members' situation, far outweighs any
11 public interest in the declarants' identities.

12    This Court further allowed putative class members to proceed anonymously
13 on November 21, 2019, when the Court concluded that, in order to protect putative
14 class members' privacy interests and ensure their safety, their personal information
15 should be redacted from asylum waitlists before that information was publicly filed.
16 *See* ECF No. 332 at 8-9 ("The Court must balance these individuals' privacy interest
17 . . . with the interest in public access to this record. These individuals' interest in
18 ensuring their personal safety by preventing public disclosure of this information is
19 critically important."). The declarations here are no different. Plaintiffs have
20 already filed the declarations publicly and withheld only the most sensitive
21 information—the putative class members' identifying information. As discussed,
22 this is because of their legitimate concerns of being persecuted if located, as well as
23 a fear that revealing such information will cause them to be retaliated against by the
24 Government in their own or their family members' individual immigration
25 enforcement proceedings. These privacy and safety interests are "compelling
26 reasons" that overcome any interest the public has in the actual identifying
27 information of putative class members for the reasons the Court has already
28 thoroughly discussed.

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

The Government's argument that the declarations at issue "run afoul" of 28 U.S.C. § 1746 and thus must be stricken fail for the same reasons, and the analysis is the same—although 28 U.S.C. § 1746 does require that unsworn declarations be signed by the declarant under penalty of perjury, this general rule yields where proceeding anonymously or pseudonymously is necessary to protect a person from retaliation, harassment, injury, ridicule or personal embarrassment. *Todd v. Lovecruft*, 2020 WL 60199, at *10 (N.D. Cal. Jan. 6, 2020) (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1980), and citing *Advanced Textile Corp.*, 214 F.3d at 1070). Accordingly, for the reasons discussed above, the Court should find that the public's right of access and 28 U.S.C. § 1746 are outweighed by the declarants' need to proceed anonymously or pseudonymously.

### III.    Defendants Have Failed To Show Prejudice Resulting From The Anonymous Or Pseudonymous Declarations.

In order to prevail on their motions to strike, Defendants must show that the prejudice they experienced as a result of being denied access to the declarants' identities outweighs the declarants' fear of retaliation. Defendants have failed to do so. To demonstrate prejudice, Defendants make two arguments. First, Defendants claim they were deprived of the opportunity to examine the declarants' files in order to assess inconsistencies and each declarant's veracity. Second, Defendants claim that the 44 declarations attached to Plaintiffs' Reply In Support of Motion for Class Certification constitute an improper attempt to introduce new facts or new arguments on reply. Neither argument is legitimate.

First, Defendants have not made clear how access to the declarants' identities would assist Defendants in arguing the Rule 23 factors or determining "whether there are fatal dissimilarities between the putative class members that bear on the

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

commonality or typicality of their claims." ECF No. 425-1 at 6.[3] As the Court knows, the putative class consists of thousands of asylum seekers who, Plaintiffs allege, sought asylum at the U.S.-Mexico border but were illegally turned back. The Government has countless records at its own disposal—including the identities of asylum seekers on waitlists in Mexican cities along the border (three of which have been produced by Plaintiffs and filed publicly)—that it may use in support of its Rule 23 arguments on commonality and typicality. Contrary to the Defendants' assertion, the veracity of the declarants and the declarations themselves is *not* at issue as part of the Court's assessment of the Rule 23 factors. *See, e.g.*, *Johns v. Bayer Corp.*, 280 F.R.D. 551, 556 n.3 (S.D. Cal. 2012) (noting that the court disfavors separately filed objections or motions on class certification and denying motions to strike because veracity of exhibits had no bearing on class certification); *see also Krueger v. Wyeth, Inc.*, 2016 WL 3981125, at *10-11 (S.D. Cal. Apr. 4, 2016) (explaining that the class certification stage does not require defendants to test class membership for each prospective class member). In fact, Defendants' opposition brief itself shows Defendants were capable of arguing the application of the Rule 23 factors to the anonymous and pseudonymous declarations in the absence of the declarants' identities. *See* ECF No. 406 at 18, 21, 32-33. Accordingly, it is not clear what prejudice Defendants suffered with respect to their ability to argue the Rule 23 factors.

Second, Defendants' argument regarding "new arguments" or "new evidence" from the 44 declarations filed with Plaintiffs' reply brief is misplaced and a gross mischaracterization.[4] These declarations constitute neither "new arguments" nor "new evidence." To be clear, the only place in Plaintiffs' reply brief where these 44

---

[3] It is also not clear why Defendants think they are entitled to the declarants' A numbers or dates of birth. These are not a pieces of information that are typically submitted with a declaration.

[4] This argument notably has nothing to do with the fact that the declarations were filed anonymously or pseudonymously.

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

declarations are cited is in a footnote in support of the argument that Plaintiffs have met the Rule 23 numerosity requirement. *See* ECF No. 413 at 14 & n.8. The declarations are not substantively discussed at all. That Plaintiffs have easily met the numerosity requirement is not a new argument. Plaintiffs argued in their opening brief that the putative class likely included at least 57,000 asylum seekers. *See* ECF No. 390-1 at 23. Plaintiffs saw no need to attach thousands of declarations with their opening brief, and attached the additional declarations on reply only in order to rebut Defendants' argument that numerosity had not been met. *See* ECF No. 406 at 17-18. As such, the declarations constitute neither "new argument" nor "new evidence." *See Chloe SAS v. Sawabeh Information Servs. Co.*, 2015 WL 12734005, at *1 (C.D. Cal. June 3, 2015) (collecting cases and explaining that arguments or evidence is not "new" on reply if they are simply noting problems with the other party's evidentiary support or submitted in direct response to proof included on opposition).[5]

Moreover, Defendants complain that they did not have an opportunity to address the 44 declarations in their opposition briefing. Defendants should not have been surprised by the fact that other potential class members existed at the southern border who could be counted in satisfying the numerosity requirement. And during the two weeks between the time that Plaintiffs filed their reply brief (and declarations) and the time that the parties moved to consolidate briefing on Defendants' two motions to strike on the basis that the motions would be substantially similar, Defendants never sought the opportunity for sur-reply.

Accordingly, Defendants have failed to show any resulting prejudice from the

---

[5] Should the Court disagree with Plaintiffs and find that the 44 declarations submitted on reply do constitute "new" evidence, the Court need not strike them but can give Defendants a chance to respond at oral argument on the motion, for which Plaintiffs made an ex parte request (ECF No. 419). *See Smith v. Microsoft Corp.*, 2013 WL 6497073, at *2 (S.D. Cal. Dec. 10, 2013) (opportunity to respond to "new" argument or evidence need not be in writing but can be at oral argument).

MEM. IN OPPOSITION TO DEFS.' MOT. TO STRIKE

inclusion of anonymous or pseudonymous declarations with Plaintiffs' class certification briefing.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motions to strike and consider the declarations filed with Plaintiffs' Motion for Class Certification and Reply in support thereof.

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

Dated: March 31, 2020

MAYER BROWN LLP
    Matthew H. Marmolejo
    Ori Lev
    Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
    Melissa Crow
    Sarah Rich
    Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy
    Ghita Schwarz
    Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters

By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*

MEM. IN OPPOSITION TO DEFS.'
MOT. TO STRIKE

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated:  March 31, 2020                    MAYER BROWN LLP


                                          By  */s/ Stephen M. Medlock*