JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
ALEXANDER J. HALASKA (IL 6327002)
ARI NAZAROV (CT 414491)
DHRUMAN Y. SAMPAT(NJ 270892018)
Trial Attorneys

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br> Hon. Karen S. Crawford <br><br> **[DISCOVERY MATTER] JOINT MOTION TO FILE UNDER SEAL PORTIONS OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE CONCERNING DEFENDANTS' JANUARY 30 CLAWBACK NOTICE (PARTIALLY OPPOSED)** |

## I. DEFENDANTS' SECTION

Defendants hereby move to seal portions of their Joint Motion for Determination of Discovery Dispute Concerning Defendants' January 30 Clawback Notice ("Joint Motion"). That Joint Motion concerns Plaintiffs' challenge to Defendants' deliberative-process privilege assertions over nine documents (or portions thereof), which Defendants sought to claw back on January 30, 2020. Although Defendants will lodge the nine documents with the Court for *in camera* review should the Court so request, the parties' memorandum of law in support of the Joint Motion quotes and discusses the substance of those documents that Defendants maintain are privileged and/or confidential and should be protected from public disclosure. Specifically, Defendants seek to seal: (1) limited portions of the Joint Motion that quote or discuss the nine documents; and (2) Plaintiffs' Exhibit C, the report of Plaintiffs' expert witness, Stephanie Leutert (the Leutert Report), which is still the subject of pending motions to seal (ECF Nos. 350, 388). Plaintiffs do not oppose the request to file the unredacted Joint Motion under seal, but Plaintiffs oppose the request to file the Leutert Report under seal.

**Joint Motion.** Defendants assert that there are compelling reasons to seal these limited portions of the Joint Motion that quote or discuss the nine documents. Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party may still overcome the presumption of access. *Heldt v. Guardian Life Ins. Co. of America*, No. 16-cv-885, 2018 WL 5920029, at *1 (S.D. Cal. Nov. 13, 2018). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Thus, when the documents to be protected are "more than tangentially related to the merits," parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029

1  at *1 (quoting *Ctr. for Auto Safety*, 809 F.3d 1092, 1096–98); *see also McCurley v.*
2  *Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at *2 (S.D. Cal. July
3  31, 2018). "When the underlying motion does not surpass the tangential relevance
4  threshold, the 'good cause' standard applies." *Heldt*, 2018 WL 5920029 at *1 (quot-
5  ing *Ctr. for Auto Safety, LLC*, 809 F.3d 1092, 1096–98 (9th Cir. 2016)).

6      Here, the Court should allow the portions of the Joint Motion that quote or
7  discuss the substance of the nine documents at issue to be filed under seal. Defend-
8  ants assert the deliberative-process privilege over the majority of that material. *See*
9  *generally* Shinners Declaration Exhibit A, Declaration of Todd Owen. The deliber-
10 ative process privilege protects against disclosure of deliberative material that would
11 "expose an agency's decisionmaking process in such a way to discourage candid
12 discussion within the agency and thereby undermine the agency's ability to perform
13 its function." *Carter v. U.S. Dept. of Commerce*, 307 F.3d 1084, 1089 (9th Cir.
14 2002). Defendants maintain that the cited and quoted material should be protected
15 from public filing on this basis. Although Plaintiffs disagree with the assertions of
16 privilege, Plaintiffs have agreed not to publicly disclose the contents of those docu-
17 ments under the clawback provisions of the ESI Order (ECF No. 277). *See* ESI Order
18 § VI(G)(5)(b) ("The receiving party's motion challenging the assertion must not
19 publicly disclose the information claimed to be privileged.").

20     Further, the cited portions of the documents, and the documents themselves,
21 should nonetheless receive confidential treatment because they contain law-enforce-
22 ment sensitive information and other sensitive information that could harm the op-
23 erations of U.S. Customs and Border Protection (CBP) and other government entities
24 if disclosed. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-
25 03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015) ("In certain circum-
26 stances, courts have allowed the *government* to file under seal material that contains
27 confidential and sensitive government information that might endanger or under-
28 mine law enforcement's activities . . . where the government identifies the particular

harm that may result from the specific disclosure." (internal citations omitted; emphasis in original)). All documents consist of emails discussing CBP's efforts or proposals to address migrant surges. *E.g.*, Shinners Decl. Ex. B, Declaration of Vernon Foret ¶ 18.  The emails include CBP's assessments of challenges it was facing in responding to the surges, as well challenges faced by U.S. Immigration and Customs Enforcement (ICE), and frank discussions of strengths and weakness of particular courses of action. *See id*. ¶¶ 12, 18. The release of such information could harm the interests of the United States because they reveal specific factors of concern to CBP management and others, as well as resource limitations, and would have a chilling effect on agency officials' willingness to communicate policy goals and opinions. Foret Decl. ¶¶ 20-21.  The privileged and non-privileged portions of Document 1 also deal with additional sensitive information, including assessments of anticipated actions by foreign government partners, public disclosure of which could have a significant chilling effect on those governments' willingness to share information with the U.S. Department of Homeland Security and CBP. Foret Decl. ¶ 12-13.

**Leutert Report**. The Leutert Report, which references and discusses information designated by Defendants as confidential, is the subject of two motions to seal pending before Judge Bashant. *See* ECF Nos. 350, 388. Defendants continue to assert that various sensitive documents and information underlying the Leutert Report, if publicized, would harm Defendants' operations, and do not waive these arguments. *See* ECF No. 350 pp. 5-9 (Response in Support of Plaintiffs' Motion to Seal). Although this report has been made public in some places, Defendants maintain that any additional publication of this document may cause additional harm to Defendants' operations by making the report more available to potential bad actors. *See* ECF No. 417; ECF No. 474, at p. 17 n. 1 (Response in Support of Plaintiffs' Motion to Seal).

**Conclusion.** For these reasons, Defendants respectfully request that the Court

1 permit the filing of the Joint Motion for Determination of Discovery Dispute and Leutert Report under seal. Defendants will file a redacted version of the Joint Motion on the public docket.

## II. PLAINTIFFS' SECTION

Plaintiffs oppose sealing the expert report of Stephanie Leutert because it is publicly available and the Ninth Circuit recently issued an opinion unsealing it.[1] The public's interest in accessing court documents is a fundamental constitutional right. *Courthouse News Serv. v. Planet*, 947 F.3d 581, 590-91 (9th Cir. 2020).[2] Defendants "bear[] the burden of overcoming th[e] strong presumption [in favor of access] by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). That is, Defendants must make a "particularized showing" that the sealing would serve a compelling interest. *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1138 (9th Cir. 2003). Defendants have not met their burden.

Once a document has been publicly disseminated, sealing it on a court docket serves no interest. "[H]owever confidential it may have been beforehand . . . it [i]s confidential no longer. [A court] simply do[es] not have the power . . . to make what has [] become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) (affirming a sealing order because the information at issue was "already publicly available"); *Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016) ("[W]e are similarly without power to affect the dissemination of the unsealed doc-

---

[1] Plaintiffs take no position, for or against, sealing portions of the clawback motion other than Ms. Leutert's expert report.

[2] It is also a right under the common law, *see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).

1  uments' contents in any meaningful way" where "[f]ive prominent news organiza-
2  tions published articles about the documents.").

3      In this case, the Ninth Circuit unsealed Ms. Leutert's report, making it pub-
4  licly available on its docket. *See* Dkt. No. 33-6. On February 13, 2020, the Associ-
5  ated Press published an article stating that it had obtained the unsealed volumes from
6  the Ninth Circuit. *See* Elliot Spagat, *Holding-cell stats raise questions about Trump*
7  *asylum policy*, Associated Press (Feb. 13, 2020), https://perma.cc/7APM-J4VK.
8  The article summarized the volumes, mentioning in particular that they contain a
9  report by Plaintiffs' expert Stephanie Leutert. *Id.* On February 14, the AP posted a
10 complete copy of the volumes to DocumentCloud, a document-sharing website. *See*
11 https://perma.cc/99BE-Z8UZ; https://perma.cc/G7YZ-3AHW. An AP reporter also
12 shared a link to them over Twitter. *See* Elliot Spagat (@elliotspagat) (Feb. 14, 2020,
13 4:09 PM), https://twitter.com/elliotspagat/status/1228426134645137408. The same
14 day, Buzzfeed News published an article discussing the documents. Adolfo Flores,
15 *A Border Officer Said They Were Told To Lie About Not Having Enough Space to*
16 *Process Asylum-Seekers*, BuzzFeed News (Feb. 14, 2020), https://perma.cc/APW8-
17 JY7R.

18     The government claims that "any additional publication of this document may
19 cause additional harm to Defendants' operations by making the report more availa-
20 ble to potential bad actors." *supra* at 3. But the government already tried this argu-
21 ment when seeking the resealing of the report on the Ninth Circuit docket, and that
22 court rejected it. *Al Otro Lado, Inc. v. Wolf*, No. 19-56417 (9th Cir. Feb. 24, 2020),
23 Dkt. No. 82 at 1 (denying the government's motion because the "information is al-
24 ready publicly available"). And their case for sealing the report has become only
25 worse since then, as Defendants identify no harm that has befallen them in the weeks
26 since Ms. Leutert's expert report was made public and widely disseminated by two
27 national news outlets. *See id.*

28     Thus, "[a]ny balancing of the interests here . . . would be academic . . . ; the

cat is out of the bag, the genie is out of the bottle." *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) (citing *Gambale*, 377 F.3d at 144). Ms. Leutert's report should not be sealed.

Dated: April 2, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
ARI NAZAROV
Trial Attorneys

*Counsel for Defendants*


MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
    Melissa Crow
    Sarah Rich
    Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy
    Ghita Schwarz
    Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters


By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: April 2, 2020          Respectfully submitted,

*/s/ Katherine Shinners*
KATHERINE SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section

*Counsel for Defendants*