JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section
SAMUEL GO
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
ALEXANDER J. HALASKA
ARI NAZAROV
DHRUMAN SAMPAT
Trial Attorneys

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br> Hon. Karen S. Crawford <br><br> **DECLARATION OF KATHERINE J. SHINNERS WITH RESPECT TO JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE CONCERNING DEFENDANTS' JANUARY 30, 2020 CLAWBACK LETTER** |

# DECLARATION OF KATHERINE J. SHINNERS

I, Katherine J. Shinners, declare as follows:

1. I am Senior Litigation Counsel in the District Court Section of the U.S. Department of Justice (DOJ) Office of Immigration Litigation. I am an attorney for the federal Defendants in their official capacities in the case entitled *Al Otro Lado, Inc. v. Wolf*, No. 3:17-cv-02366-BAS-KSC, which is currently pending in the U.S. District Court for the Southern District of California.

2. I submit this declaration to certify compliance with the Court's meet-and-confer requirements with respect to the parties' Joint Motion for Determination of Discovery Dispute concerning Defendants' January 30 Clawback Notice (Clawback Motion), and to provide additional information in support of Defendants' arguments. These statements are based upon my personal knowledge.

3. Counsel for the parties met and conferred on March 5, 2020, for over an hour, regarding the issues in dispute in the Clawback Motion. The parties conducted this conference via telephone because certain of Plaintiffs' counsel in attendance are not located in the same district as Defendants' counsel. The parties were able to narrow the areas of dispute as a result of this conference.

4. On January 30, 2020, I sent a letter to Plaintiffs' counsel via email that identified 20 documents, or portions thereof, that had been produced to Plaintiffs and that Defendants were seeking to claw back in order to protect material that is privileged or otherwise protected from disclosure ("January 30 Clawback Letter"). As evidenced by that letter, Defendants asserted various, overlapping claims of privilege over these documents. For example, seven documents were being clawed back based on overlapping claims of attorney-client and deliberative process privilege; three documents were being clawed back based on work product protection.

5. Also on January 30, 2020, Plaintiffs' counsel sent Defendants' counsel an unrelated letter enumerating various general arguments regarding Defendants' assertions of deliberative process and law enforcement privilege.

6. On Friday, January 31, 2020, at 11:31 p.m., Plaintiffs responded to that letter via email, stating, in relevant part: "For the reasons discussed in the letter that I sent to you yesterday, the Government's deliberative process and law enforcement privilege claims are unsupported. Accordingly, I am writing to inform you that pursuant to Section IV(G)(5)(b) of the Court's ESI Order (Dkt. 277), Plaintiffs will be challenging the claim of privilege with respect to each of these documents."

7. On February 4, 2020, I responded via email stating, in relevant part: "We are a little confused about the parameters of Plaintiffs' challenge. The clawback letter (attached) includes assertions of privileges other than deliberative process and law enforcement privilege. . . . Can you let us know by February 6 precisely which claims of privilege Plaintiffs are challenging and the reason for the challenge, to aid in a productive conference?"

8. On February 6, 2020, Plaintiffs responded via email, stating, in relevant part: "We challenge all of the invocations of the deliberative process privilege in the chart attached to your letter for the previously-stated reasons. We also challenge the invocations of the law enforcement privilege with respect to email addresses of current and former employees that could be produced on an outside-counsel-only basis." This email still did not identify which particular documents were at issue.

9. In February, Defendants had many litigation responsibilities, including but not limited to their Opposition to Plaintiffs' class-certification motion (ECF No. 406), a motion to strike anonymous and pseudonymous declarants (ECF No. 411), and a reply brief and a motion to re-seal in their Ninth Circuit appeal from the Court's order granting a preliminary injunction. Defendants also devoted a significant amount of time in February working on their privilege logs and preparing a response to the privilege arguments set forth in Plaintiffs' 10-page January 30, 2020 letter.

10. On February 27, 2020, I revisited the conversation regarding Defendants' January 30 Clawback Letter by sending an email to Plaintiffs' counsel seeking

again to clarify which documents Plaintiffs were destroying and which documents they were continuing to challenge and to schedule a conference on March 2 or 4, 2020, to discuss. I also advised Plaintiffs that "[w]e are interpreting the 30 days to notify the Court of the parties' dispute to run from your February 6, 2020 email clarifying which documents you are challenging under Section VI(G)(5)(b) of the ESI Protocol (that is, to run until March 9, 2020). Please let us know if Plaintiffs disagree."

11. On February 28, 2020, Plaintiffs responded via email that they were available for a telephonic conference on March 5 or 6, 2020. At that time, they did not advise Defendants that they disagreed with Defendants' position that the 30-day clock began on February 6, 2020.

12. On March 4, 2020, Plaintiffs served a letter in which they argued, for the first time, that "any forthcoming motion" related to this dispute would be untimely because "Defendants should have contacted the Court via telephone regarding the dispute on or before March 2, 2020."

13. In this case, Defendants have produced at least 287,370 documents using their Relativity review platform, totaling 1,385,402 pages.[1] Defendants have also produced a number of additional documents, including organizational charts, outside of the Relativity platform. Of these 287,370 documents, approximately 56,000 were redacted or withheld for privilege or other protections from disclosure.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration was executed on March 30, 2020, in Washington, D.C.

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS

---

[1] These figures include placeholders for privileged documents that were withheld in full.