MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **DECLARATION OF STEPHEN M. MEDLOCK CONCERNING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE CONCERNING DEFENDANTS' JANUARY 30 CLAWBACK NOTICE** |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

DECLARATION OF STEPHEN M. MEDLOCK

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# DECLARATION OF STEPHEN M. MEDLOCK

I, Stephen M. Medlock, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner at the law firm Mayer Brown LLP, a member of the Virginia State Bar, admitted *pro hac vice* to this Court for this action, and co-lead counsel for the Plaintiffs in this case.

2. Pursuant to Civ. L. R. 83.3(g), I make this declaration concerning the parties' Joint Motion for Determination of Discovery Dispute Concerning Defendants' January 30 clawback notice.

**Defendants' Clawback Request**

3. During the course of depositions in this case, Defendants have attempted to clawback multiple documents. During the December 13, 2019 deposition of Todd Owen, Defendants indicated that they would be clawing back all, or portions of, four documents.

4. During the December 20, 2019 deposition of Brian Molnar, Defendants indicated that they would be clawing back one document.

5. During the January 9, 2020 deposition of Randy Howe, Defendants indicated that they would be clawing back one document.

6. During these depositions, Defendants indicated that they would need to review a formal privilege log for the clawed back documents before taking a position on Defendants' attempted clawback. For example, during the deposition of Randy Howe, Plaintiffs' counsel made an offer of proof regarding the portion of the document that his questions would have focused on and stated that Defendants needed to serve a supplemental privilege log for the document at issue.

7. On January 14, 2020, Plaintiffs filed their motion for class certification along with 103 supporting exhibits. *See* Dkts. 389, 390.

8. On January 17, 2020, Plaintiffs wrote to Defendants, stating: "Counsel clawed back several documents during the course of [their] depositions. . . .

Defendants still have not provided Plaintiffs with a supplemental privilege log for the clawed back documents or indicated whether the clawed back documents (with one exception) will be produced in redacted form."

9. On January 27, 2020, Defendants responded to Plaintiffs' letter, stating: "Defendants anticipate providing privilege logs for documents for which they notified Plaintiffs on the record at depositions of their intent to claw back such documents . . . by January 29, 2020."

10. The parties met and conferred regarding multiple issued via telephone on January 27, 2020. During this telephone conference, Defendants again stated that they intended to make a formal claw back request pursuant to the Court's ESI Protocol (*see* Dkt. 277 at § VI(G)(5)) by January 29, 2020.

11. At 9:23pm ET on January 29, 2020, Defendants emailed Plaintiffs explaining that they would serve their formal claw back request on January 30, 2020.

12. The same evening, Plaintiffs sent Defendants a letter explaining Plaintiffs' position regarding Defendants' invocation of the deliberative process privilege in its privilege logs.

13. On January 30, 2020, Defendants served their formal claw back request regarding multiple documents, including the nine documents at issue in this motion. Defendants' claw back request relied on the deliberative process privilege with respect to several documents, or portions thereof.

14. On January 31, 2020, Plaintiffs wrote to Defendants stating: "For the reasons discussed in the letter that I sent you yesterday, the Government's deliberative process . . . privilege claim[] [is] unsupported. Accordingly, I am writing to inform you that pursuant to Section VI(G)(5)(b) of the Court's ESI Order (Dkt. 277), Plaintiffs will be challenging the claim of privilege with respect to each of these documents."

15. On February 4, 2020, Defendants emailed Plaintiffs, stating that they were "a little confused about the parameters of Plaintiffs' challenge" to the January

30, 2020 clawback request.

16. On February 6, 2020, Plaintiffs wrote to Defendants clarifying their privilege arguments.

17. Defendants did not respond to this email until February 27, 2020—21 days later. In their February 27, 2020 email, for the first time, Defendants requested a telephone conference regarding the clawback request. On February 28, 2020, Plaintiffs responded that they were available for a telephone conference on March 5 or March 6, 2020.

18. On March 5, 2020, the parties, including counsel in Washington, D.C., Chicago, and Georgia, met and conferred via telephone regarding Defendants' January 30, 2020 clawback request.

19. On March 9, 2020, the parties contacted the Court regarding the January 30, 2020 clawback request.

**Exhibits**

20. Attached hereto as Exhibit A is a true and correct copy of excerpts from the December 13, 2020 deposition of Todd Owen.

21. Attached hereto as Exhibit B is a true and correct copy of excerpts from the November 21, 2019 deposition of a whistleblower, whose name the parties have agreed not to disclose.

22. Attached hereto as Exhibit C is a true and correct copy of the December 10, 2019 expert report of Stephanie Leutert.

I declare under penalty of perjury under the laws of the United States of America that the proceeding declaration is true and correct.

Executed on this 2nd day of April 2020 at Washington, D.C.

/s/ *Stephen M. Medlock*

Stephen M. Medlock

DECLARATION OF STEPHEN M. MEDLOCK