# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Chad F. Wolf,[1] *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br><br> **ORDER GRANTING JOINT MOTIONFOR ENTRY OF STIPULATED DEPOSITION PROTOCOL FOR THE DEPOSITION OF RULE 30(B)(6) REPRESENTATIVE MICHAEL HUMPHRIES** |

Pursuant to Fed. R. Civ. P. 1 and 29, and in response to the Court's comments during the March 27, 2020 telephonic joint status conference, the parties have met, conferred, and agreed upon the following deposition protocol for the initial remote deposition to take place on April 29, 2020 (subject to schedule modifications, if necessary, agreed upon by counsel for both parties). The parties submit that, given the ongoing COVID-19 pandemic, good cause exists for entry of the stipulated deposition protocol outlined in this unopposed motion and proposed order. *See, e.g.*, *Sinceno v. Riverside Church in the City of N.Y.*, 2020 U.S. Dist. LEXIS 47859, at *1

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

(S.D.N.Y. Mar. 18, 2020) (approving all depositions being taken by "telephone, videoconference, or other remote means" in view of the COVID-19 pandemic); *see also Pearlstein v. Blackberry Ltd.*, 2020 U.S. Dist. LEXIS 47032, at *2-3 (S.D.N.Y. Mar. 16, 2020) (same); *Thomas v. Wallace, Rush, Schmidt, Inc.*, 2020 U.S. Dist. LEXIS 46925, at *6 (M.D. La. Mar. 18, 2020) (same). *Cf. Automatic Equip. Mfg. Co. v. Danko Mfg.*, 2020 U.S. Dist. LEXIS 47350, at *6 (D. Neb. Mar. 12, 2020) (permitting parties to hold *Markman* hearing by videoconference); *ResCap Liquidating Tr. v. Primary Residential Mortg.*, 2020 U.S. U.S. Dist. LEXIS 44607, at *3 (D. Minn. Mar. 13, 2020) (COVID-19 "establish[ed] good cause for remote testimony."). If the parties' initial remote deposition goes smoothly, they anticipate asking the Court to enter a similar order governing the remaining depositions to be taken in the case.

**IT IS HEREBY ORDERED:**

**I.   DEFINITIONS**

A. "Attending counsel" shall mean any legal counsel for a party that is attending the deposition of a non-party.

B. "Court reporter" shall mean an individual retained by the deposing party to transcribe the oral testimony offered at a deposition in the litigation and who is authorized to administer oaths either by federal law or by the law of the place of examination.

C. "Deposition" shall mean any deposition upon oral examination taken pursuant to Fed. R. Civ. P. 27, Fed. R. Civ. P. 30, Fed. R. Civ. P. 45, or any court order.

D. "Deposing counsel" shall mean the legal counsel of the party or parties noticing and taking a deposition in the litigation.

E. "Defending counsel" shall mean the legal counsel (including counsel of record and agency/in-house counsel) of the party, parties, non-party, or non-parties defending a deposition in the litigation.

F. "Document" carries its broadest meaning consistent with Fed. R. Civ. P. 34 and includes both ESI and Hard Copy Document.

G. "Electronically Stored Information" or "ESI" carries its broadest possible meaning consistent with Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001.

H. "Exhibit" shall mean any Document or Electronically Stored Information that is marked as an exhibit during a Deposition.

I. "Hard Copy Document" means any document or thing discoverable under Fed. R. Civ. P. 26(b)(l) and Fed. R. Civ. P. 34 that cannot be characterized as ESI.

J. "Litigation" shall mean the case captioned above.

K. "Parties" shall mean Plaintiffs, Defendants, and their current and former employees, executives, officers, and directors.

L. "Non-parties" shall mean all natural or legal persons that are not Parties from whom a Party is seeking testimony at a deposition in the litigation.

## II. GENERAL PRINCIPLES AND DURATION OF THIS ORDER

A. This Order is intended to allow the parties to continue deposition discovery in light of the ongoing COVID-19 pandemic, with the goal of completing discovery by the current June 19, 2020 fact discovery deadline.

B. The Court and counsel recognize that the COVID-19 pandemic requires the parties to be flexible in completing deposition discovery in this litigation. The parties are encouraged to take steps that will enable deponents, deposing counsel, defending counsel, and attending counsel to complete depositions in a manner that also takes into account the needs of dependent care and personal health care. In light of the developing public health situation, the parties and non-parties shall meet, confer, and cooperate with one another regarding the scheduling of depositions and the procedures for taking depositions. In doing so, the parties and non-parties shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions due to illnesses or dependent care needs of attorneys, deponents, or the

court reporter. Such continuances may include taking previously-scheduled depositions after the fact discovery deadline, if necessary.

  C. Deposing counsel and defending counsel agree to notice depositions sufficiently early to allow defending counsel time to prepare the deponent to testify remotely and agree to accommodate reasonable scheduling requests. Fourteen days' notice shall typically be considered reasonable notice of the deposition.

  D. Unless otherwise stated, this Order is not intended to alter, expand, or limit the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and/or court orders.

## III. PROCEDURES FOR TAKING THE INITIAL DEPOSITION

  A. Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), the 30(b)(6) deposition of Michael Humphries shall be taken by remote means that comply with local, state and federal guidance, regulations, and orders concerning social distancing and public health. "Remote means" shall include (a) telephone, (b) video-conferencing platforms that allow for the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without attending the deposition in-person, and (c) any other means that the deposing counsel, defending counsel, and attending counsel agree to.

  B. Pursuant to Fed. R. Civ. P. 30(f)(2), deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness in a manner that enables the witness to review the exhibits during the course of the deposition. Such means of marking and using exhibits for the initial deposition shall include (a) sending via Fed Ex, U.S. Postal Service, or UPS pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter in advance of the deposition; (b) emailing pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter in advance of the deposition, (c) using a video conferencing platform that enables deposing counsel to share exhibits with the deponent, court reporter, defending

counsel, and attending counsel, and (d) any other means that the deposing counsel, defending counsel, and attending counsel agree to. The parties reserve the right to request exhibits be emailed sufficiently in advance of the deposition to enable the deponent or counsel to print them out for use during the deposition. If the remote means utilized does not permit for the court reporter to mark exhibits remotely, deposing counsel shall be responsible for pre-marking exhibits.

  C. As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent. A court reporter may administer an oath concerning a deposition via remote means.

  D. The Fed. R. Civ. P. 30(b)(6) deposition of Michael Humphries on 30(b)(6) Topics 2 and 15 will be limited to 4 hours on the record, unless Plaintiffs elect to notice Mr. Humphries as a 30(b)(1) witness.

  E. Deposing counsel and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means. If necessary, this shall include arranging for the deponent to participate in a "test run" of the deposition video conferencing software being utilized at the expense of the deposing party.

  F. Deposing counsel is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony. Either deposing counsel or defending counsel may elect to have a technical specialist attend a deposition taken by remote means to ensure that technical issues are dealt with in a timely manner.

  G. Deposing counsel shall bear the cost of ensuring that the deponent has the proper software, hardware and other relevant equipment to attend a deposition by video conference.

  H. Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken pursuant to this order and such technical issue cannot be remedied in a timely manner, deposing counsel, defending

counsel, and attending counsel shall meet, confer, and cooperate with one another regarding the rescheduling of the deposition.

I. In addition to recording deposition testimony by stenographic means, the deposing party may record the deposition via video.

J. All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this order based on the fact that the deposition was taken by remote means are deemed waived.

K. Deposing counsel and defending counsel shall be responsible for ensuring that they have a means of communicating with co-counsel or the deponent, as the case may be, during breaks in the deposition; the parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications between co-counsel during the deposition.

L. All persons attending depositions taken by remote means are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this order who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending depositions taken pursuant to this order shall ensure that they can do so in a space that is relatively free from distractions that would inhibit the course of the deposition.

**IV. SCHEDULING OF DEPOSITION**

A. The parties shall cooperate in the scheduling of an initial deposition of 30(b)(6) representative Michael Humphries, which will take place on April 29, 2020 (subject to schedule modifications, if necessary, that are agreed upon by counsel for both parties). This deposition shall be a trial run of the parties' chosen video conferencing platform.

B. After the completion of this initial deposition, the parties shall meet, confer, and cooperate on the scheduling of other pending depositions and on a remote deposition protocol to govern remaining depositions.

## V. MODIFICATION

This order may be modified by a Stipulated Order of the Parties or by Order of the Court.

**IT IS SO ORDERED.**

Dated April 13, 2020

_____
Hon. Karen S. Crawford
United States Magistrate Judge