JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ARI NAZAROV (CT 414491)
DHRUMAN SAMPAT (NJ 270892018)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTIONS TO STRIKE THE DECLARATIONS OF UNIDENTIFIED DECLARANTS** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*,* | |
| *Defendants* | |

---

* Acting Secretary Wolf and Acting Commissioner Morgan are automatically substituted as Defendants pursuant to Federal Rule of Civil Procedure 25(d).

# INTRODUCTION

Plaintiffs' Opposition to Defendants' Motions to Strike (Opp.) (ECF No. 434) fails to explain why this Court should consider the statements of 67 anonymous declarants whose identities Plaintiffs unilaterally and improperly withheld from the Court and Defendants.

Plaintiffs' unsupported claim that the anonymous declarants fear U.S. government retaliation simply does not justify their failures to disclose witnesses' identities and to follow negotiated and court-ordered procedures for safeguarding what they claim is confidential information. Not a single declarant attests to Plaintiffs' counsel's assertion that the declarants have a "[f]ear of [r]etaliation" by the United States government because of their participation in this litigation. Opp. 6. Nor do Plaintiffs explain why the procedures under the Protective Order did not suffice to address such fears.

Because Plaintiffs cannot explain these failures, their Opposition attempts only to distract from them. Plaintiffs attempt to sweep their total lack of evidence under the rug by improperly submitting unrelated, law-enforcement privileged, and clawed-back documents showing that Nicole Ramos, an Al Otro Lado principal, had her SENTRI trusted traveler privileges revoked in January 2019—eighteen months after Al Otro Lado initiated this litigation—claiming that it is "objectively reasonable for the pseudonymous declarants to believe that they will be treated similarly if they are forced to identify themselves." Opp. 10. But the improperly-submitted documents—which are the subject of a pending clawback dispute that will soon be submitted to Judge Crawford—do not mention this lawsuit and on their face have nothing to do with retaliation for this lawsuit. And it defies belief that Ramos's SENTRI revocation actually played a role in any of the declarants' decisions to provide anonymous declarations: 51 of the declarations were signed *before* Ramos says she learned that her enrollment was revoked, meaning that the declarants objectively did not know about it at the time of signing. And there is no evidence that any of the

declarants learned of the revocation and developed a fear of retaliation prior to the declarations being filed. But even if these purported concerns had any weight, they do not explain why Plaintiffs did not agree to employ the procedures in the Protective Order to limit dissemination of confidential information.

Plaintiffs ask, "So what exactly is going on here?" Opp. 4. The answer is simple: Plaintiffs shielded the identities of 67 declarants who claim to be putative class members from the Court and Defendants based on unsupported claims of future "retaliation" that prevented Defendants from fully opposing Plaintiffs' Class Certification Motion, without explaining why the directly-applicable procedures that Judge Crawford ordered the parties to follow should be ignored. There is no justification for this. The Court should strike the 67 declarations from the docket and decline to consider them when ruling on Plaintiffs' Motion for Class Certification.

## **ARGUMENT**

The Court should grant Defendants' Motions to Strike (ECF Nos. 411 & 425) because submitting anonymous declarations without prior approval violates the common law right of access to judicial proceedings and 28 U.S.C. § 1746, prejudiced Defendants by preventing them from fully opposing Plaintiffs' Motion for Class Certification, and does not comply with the procedures that Judge Crawford ordered the parties to follow in this case's Protective Order (ECF No. 276). Plaintiffs' submission of 44 of those anonymous declarations with their Class Certification Reply Brief (ECF No. 413) compounds that prejudice because it precluded Defendants from responding to the substance of those declarations at all. Plaintiffs make several arguments to the contrary, *see* Opp. 4–14, but those arguments are meritless.

*First*, Plaintiffs' unilateral decision to withhold the declarants' identities from the Court and Defendants violates the common law right of access to judicial proceedings and 28 U.S.C. § 1746. *See* Mem. in Support of Defs.' Mot. to Strike the

2

REPLY IN SUPPORT OF DEFS.'
MOT. TO STRIKE
Case No. 3:17-cv-02366-BAS-KSC

1  Decls. of 23 Unidentified Declarants Filed in Support of Pls.' Mot. for Class Certi-
2  fication (First Mot. to Strike) 5–6 (ECF No. 411-1); Mem. in Support of Defs.' Mot.
3  to Strike the Decls. of 44 Anonymous Declarants Filed in Support of Pls.' Reply in
4  Support of Their Mot. for Class Certification (Second Mot. to Strike) 3–4 (ECF No.
5  425-1).

6  Plaintiffs do not dispute this. *See* Opp. 7–8, 11; *see also id.* at 6–11. They
7  argue instead that "the common law right of access" and 28 U.S.C. § 1746 "ha[ve]
8  important exceptions" that they believe are satisfied here, namely, that the anony-
9  mous declarants "fear not only retaliation from third parties, but retaliation by the
10 Government in future immigration proceedings." Opp. 6–7, 8, 11. Plaintiffs are cor-
11 rect that the common law right of access and 28 U.S.C. § 1746 have exceptions, but
12 the decision whether an exception applies "is a matter of a court's discretion," not
13 Plaintiffs'. *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-2366, 2017 WL 6541446, at *2
14 (S.D. Cal. Dec. 20, 2017) (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214
15 F.3d 1058, (9th Cir. 2000)). Plaintiffs were required to move the Court to permit the
16 declarants to proceed anonymously in an exercise of its discretion. They did not do
17 that. The declarations should be struck for that reason alone.

18 *Second*, Plaintiffs imply that Defendants' Motions should be denied because
19 Defendants did not "object to" or "seek to strike" the redacted declarations when
20 Plaintiffs submitted them with their earlier provisional motions for class certifica-
21 tion. Opp. 3. But those motions were briefed and resolved on an expedited basis, and
22 in any event, there is no waiver of the right to seek information necessary to defend
23 against a case, and there should be no requirement that Defendants seek discovery
24 of information to which they are entitled under Rule 26(a)(1)(A)(i).

25 *Third*, Plaintiffs argue that they should be permitted to withhold the declar-
26 ants' identities from Defendants because the declarants "fear ... retaliation by the
27 Government in future immigration proceedings." Opp. 7. Specifically, they fear that
28 "other Government officials, upon learning the declarants' identities, will deny them

or their family members asylum or take other retaliatory action against them based solely on their participation in and assistance with this lawsuit." Opp. 8; *see also id.* at 6–11. But this alleged "fear" of immigration judges or asylum officers is wholly unsupported by the evidence. Plaintiffs point to no statements from the declarants that they fear U.S. government retaliation, *see* Opp. 1–14, nor do any of the declarants say that they fear U.S. government retaliation in their declarations, *see* ECF Nos. 390-67–390-74, 390-76–390-90, 413-8–413-51. Nor do Plaintiffs submit any evidence that individual aliens have experienced any such retaliation as a result of their participation as witnesses in lawsuits. The only evidence that Plaintiffs offer in support of their claim are privileged and clawed-back documents relating to the revocation in January 2019 of Al Otro Lado principal Nicole Ramos's SENTRI enrollment privileges, which are reserved for "low-risk travelers." *See* Pls.' Exs. 1–6; CBP, Secure Electronic Network for Travelers Rapid Inspection, https://www.cbp.gov/travel/trusted-traveler-programs/sentri. But those documents do not show that the government retaliated against Ramos because of her participation in this litigation. The timing of the revocation does not support an inference of retaliation, either. If Defendants had retaliated against Ramos because of this litigation, it makes little sense that they would allow her to freely cross the border with expedited-crossing privileges for eighteen months after Plaintiffs filed the Complaint.

But even if these retaliation allegations were somehow true, there is no evidence that any of the declarants knew that when they signed their declarations and could have formed an "objectively reasonable" fear of similar retaliation, as Plaintiffs suggest. Opp. 10. Indeed, 51 of the 67 declarations were signed *before* January 10, 2019, the date that Ramos says she learned of the revocation, *see* Decl. of Nicole Ramos ¶ 3 (ECF No. 227-3), meaning that the declarants could not possibly have known about the revocation when they signed their declarations, *see* ECF Nos. 390-84–390-90, 413-8–413-51. There is also no evidence showing that the declarants expressed a fear of retaliation at any time prior to the declarations being filed. The

only "evidence" of such fear is Plaintiffs' counsel's own arguments.

But even if the declarants did fear that immigration judges and asylum officers might "retaliate" against them and deny them asylum solely for the improper reason that they participated in this lawsuit, Plaintiffs could have employed the procedures in the Protective Order to limit dissemination of the information. Further, immigration proceedings are subject to levels of administrative and/or appellate review to protect aliens against unlawful retaliation. A denial of asylum by an immigration judge may be appealed to the Board of Immigration Appeals, followed by judicial review in a United States Court of Appeals, and an adverse credible fear determination by an asylum officer is subject to review by an immigration judge. *See* 8 U.S.C. §§ 1252(a)(5), 1252(b)(9); 8 C.F.R. § 1003.38(a); *cf. Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [the alien] must show error and substantial prejudice.").[1]

In any event, this purported fear does not justify Plaintiffs' decision to withhold the declarants' identities from the Court and Defendants. If Plaintiffs had filed a motion as required, "[t]he fundamental question a court [would have] s[ought] to answer is whether the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Al Otro Lado, Inc.*, 2017 WL 6541446, at *2 (quotation marks omitted). As Defendants explained, the harm from withholding the identities is manifest: Defendants must be able to investigate the allegations in the declarations, and withholding the declarants' identities deprived Defendants of the opportunity to do so. First Mot. to Strike 6–8; *see also Advanced Textile*, 214 F.3d at 1069 n.11 ("[W]hatever knowledge defendants have of plaintiffs' identities ... lessens their claims to be prejudiced by the use of

---

[1] Plaintiffs' counsel informed Defendants' counsel during the parties' meet-and-confer efforts that Plaintiffs' actions were motivated by vague "First Amendment concerns," *see* Halaska Decl. ¶ 3 (ECF No. 411-2), but Plaintiffs do not make a First Amendment argument in their Opposition. Accordingly, that argument is waived.

pseudonyms."). Indeed, in its order permitting the Doe Plaintiffs to proceed under pseudonym, this Court pointed to the fact that Plaintiffs had shared the Doe Plaintiffs' names and A numbers with Defendants as a paramount reason why there was no prejudice. *See Al Otro Lado, Inc.*, 2017 WL 6541446, at *6. Defendants are plainly prejudiced by not knowing this information here, as are they prejudiced by Plaintiffs' decision to hold back 44 additional declarations and submit them with their reply, when Defendants had no opportunity to respond.

*Fourth*, Plaintiffs say that Defendants' prejudice arguments are not "legitimate." Opp. 11; *see also id.* at 11–14. They are wrong. "An opposing party is in the best position to articulate the specific prejudices it may face if a party proceeds pseudonymously." *Al Otro Lado, Inc.*, 2017 WL 6541446, at *6. As Defendants explained, Defendants need the declarants' A numbers to look up the declarants' records, which may have contained information bearing on Plaintiffs' class certification arguments. *See, e.g.*, First Mot. to Strike 7–8. For example, Defendants would possess a Form I-213, Record of Deportable/Inadmissible Alien, for any declarant whom CBP had previously encountered. *See, e.g.*, Form I-213 for Carolina Doe (ECF No. 308-9); Form I-213 for Roberto Doe (ECF No. 308-23). The I-213 contains a narrative section describing the CBP officer's encounter with the alien and may include information such as whether the alien was seeking "access to the U.S. asylum process," Pls.' Mot. for Class Certification 5 (ECF No. 390-1); Roberto I-213 at 3 ("Subject states he entered the United States to reside and work in Phoenix, Arizona."), or whether any other class member can corroborate Plaintiffs' allegations of a "Turnback Policy" when compared to the representative Doe Plaintiffs' records, *see* Carolina Doe I-213 at 3. Those facts go to whether there is or is not a "Turnback Policy" and whether sufficiently numerous aliens were subjected to that alleged "policy" to warrant class treatment. Defendants were unable to investigate any records relating to the declarants to make those arguments before filing their Class Certification Opposition. There is plainly prejudice.

*Fifth*, Plaintiffs say that Defendants do not need to access the declarants' records because "[t]he Government has countless records at its own disposal ... that it may use in support of its Rule 23 arguments." Opp. 12. This is a red herring. Such documents could not substitute for the opportunity to address and potentially refute the allegations of the declarants themselves.

*Sixth*, Plaintiffs disagree that their reply declarations constitute "new arguments" or "new evidence" that is improperly submitted with a reply, and contend that Defendants have offered a "gross mischaracterization" by labeling the declarations as such. Opp. 12–13. This is plainly wrong. The declarations are new evidence in support of Plaintiffs' numerosity argument that "thousands of noncitizens were subjected to the Turnback Policy." Class Cert. Reply 14 & n.8. The opportunity for Plaintiffs to submit those declarations—all of which were signed before Plaintiffs filed their Class Certification Motion—in support of their numerosity argument was with their Motion, not their reply brief. And contrary to Plaintiffs' misplaced criticism, *see* Opp. 13, Defendants did not move for a sur-reply to address the reply declarations because Plaintiffs' counsel had already told Defendants' counsel that they would not be providing the declarants' identities, which means that Defendants would have suffered the same prejudice discussed above.

*Finally*, Plaintiffs argue that Defendants' Motions to Strike should be denied because Plaintiffs "offered to share the declarants' information if Defendants could ensure that it would be used only by attorneys and officials necessary to perform the data retrieval of any CBP or DHS case files regarding the declarants." Opp. 6; *see id.* at 5–6.[2] But the mere existence of Plaintiffs' belated "offer" is not a reason to

---

[2] Plaintiffs claim that government counsel "omit[ted] th[is] fact" from Defendants' motion papers. Opp. 6. Not so. Government counsel's declaration quotes Plaintiffs' counsel's emails, including recounting Plaintiffs' unelaborated "concern that 'absent class members will be retaliated against if they are forced to disclose their names, A numbers, and dates of birth and that information can be shared with anyone other

deny Defendants' Motions to Strike. The issue is not whether Plaintiffs offered a post-hoc workaround for their unilateral decision to file the anonymous declarations without disclosing the declarants' identities to the Court or Defendants. The issue is that the law requires parties to identify their witnesses—to the Court and to each other—unless a court permits otherwise. *See* First Mot. to Strike 5–6; Second Mot. to Strike 3–4. Plaintiffs never moved for such permission here.

Further, there is no reason why Plaintiffs' proposed "solution" should supplant the Protective Order that Judge Crawford entered in this case. The Protective Order allows Plaintiffs to designate the declarants' identifying information as Confidential. *See* Protective Order § II.N. The Protective Order further states:

> Plaintiffs may request, in writing to counsel for Defendants that specific "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information designated and being disclosed by Plaintiff not be disclosed to persons other than those described in Section VI.C of this Protective Order. Plaintiffs **_shall_** make such written request at the time that they serve a written response to a request for written discovery to which Protected Material is responsive or **_at the time that Plaintiff produces documents or electronically-stored information that includes Protected Material_**. ... In the event that Defendants reject Plaintiffs' request, Defendants shall so advise Plaintiffs' counsel in writing within five (5) business days of Plaintiffs' request,

after which time the parties will begin the meet-and-confer process in anticipation of potentially filing a discovery motion with Judge Crawford. Protective Order § VI.A (emphasis added). Plaintiffs say only that this provision of the Protective Order is "not sufficient to assuage the declarants' concerns" because Defendants "have been unwilling and unable to assure Plaintiffs that they would not share the

---

than DOJ counsel and agency counsel,'" Halaska Decl. ¶ 3 (ECF No. 411-2), and Plaintiffs' query "whether the government was willing make ... an assurance" that "'the information will be used solely for retrieving the A files for the declarants and will not be shared with non-attorneys,'" *id.* ¶ 4.

8 REPLY IN SUPPORT OF DEFS.'
MOT. TO STRIKE
Case No. 3:17-cv-02366-BAS-KSC

1  declarants' personally identifying information outside of attorneys and officials nec-
2  essary to perform the data retrieval of any CBP or DHS case files regarding the de-
3  clarants." Opp. 8 n.2. But the data retrieval could lead to other information that De-
4  fendants would want to investigate; Defendants should not have to restrict their abil-
5  ity to discover information before they know fully what they are agreeing to. The
6  parties litigated this term of the Protective Order. Plaintiffs lost. Defendants are en-
7  titled to stand on the terms of that Order. Plaintiffs are not entitled to ignore it.

## CONCLUSION

None of Plaintiffs' arguments justify their unilateral decision to withhold the declarants' identities from the Court and Defendants prior to filing them with their class certification papers. The Court should strike those declarations from the docket and refuse to consider them when ruling on Plaintiffs' Motion for Class Certification.

DATED: April 14, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

<u>/s/ Alexander J. Halaska</u>
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: April 14, 2020          Respectfully submitted,

/s/ Alexander J. Halaska
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice