JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ARI NAZAROV (CT 414491)
DHRUMAN SAMPAT (NJ 270892018)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
(San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **EXHIBIT 4** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Chad WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>*Defendants*. | Case No. 3:17-cv-02366-BAS-KSC |

## DECLARATION OF AARON HEITKE

I, Aaron Heitke, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me in the course of my employment, hereby declare as follows relating to the above-captioned matter.

1. I am the Chief Patrol Agent for San Diego Sector, U.S. Border Patrol (BP), U.S. Custom and Border Protection (CBP). I have held this position since November 2019. Prior to my current position, I served in a number of other management positions, including as Deputy Chief Patrol Agent for San Diego Sector, as Chief Patrol Agent for Grand Forks Sector in North Dakota, as Deputy Chief Patrol Agent for Havre Sector in Montana, as Associate Chief of the Arizona Corridor's Alliance to Combat Transnational Threats, as Associate Chief of the Enforcement and Technology Division at BP's Headquarters in Washington, D.C., and as Assistant Chief Patrol Agent of Houlton Sector in Maine. I have been employed by the BP for over 22 years.

2. As the Chief Patrol Agent, San Diego Sector, I am a member of the Senior Executive Service and the highest-ranking BP official for San Diego Sector. San Diego Sector encompasses over 56,000 square miles. Within that area, San Diego Sector's primary area of responsibility encompasses 7,000 square miles, including 60 linear miles of international boundary with Mexico, and 114 coastal border miles along the Pacific Ocean. I oversee approximately 2,500 Border Patrol Agents and 200 support personnel. I am responsible for the planning, management, direction and coordination of operations at San Diego Sector's Headquarters and eight stations, to

1

detect and prevent the entry of illegal aliens, narcotics, contraband, terrorists, and weapons of terrorism into the United States between ports of entry. In order to accomplish its mission, BP relies on variety of investigative and law enforcement techniques, many of which are not known to the general public.

3. I make this declaration for the dual purposes of asserting the law enforcement privilege over the following documents in their entirety, or, where indicated, portions thereof, and explaining why, at a minimum, these documents must be filed under seal. As the Chief Patrol Agent, San Diego Sector, I am the head of the department having control over the information for which I assert the law enforcement privilege, below. I make this declaration based on personal consideration of these documents.

    a. AOL-DEF-00528691

    b. AOL-DEF-00516605

    c. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556921]

**AOL-DEF-00528691 Contains Law Enforcement Privileged Information**

4. AOL-DEF-00528691 is an intelligence report created on January 14, 2019 by a Border Patrol Agent (Intelligence) assigned to a specialty unit within San Diego Sector known as the Sector Intelligence Unit. I am asserting the law enforcement privilege over the entire document.

5. Certain individuals within CBP are responsible for collecting and analyzing intelligence, which is processed law enforcement information about a threat, adversary, or issue of concern in the CBP operational environment. Intelligence, in other words, is operational information that has been analyzed and interpreted, which can be (and is) used to identify information gaps, methods, trends, adversary intentions, threat capabilities, and vulnerabilities. This intelligence therefore provides CBP frontline operators and other decisionmakers with a distinct understanding of threats and trends within a given area of responsibility, and thus enables such decisionmakers to effectively plan and execute CBP's law enforcement and border security operations.

6. Within the San Diego Sector, the Sector Intelligence Unit provides station commanders with information to prioritize, plan for, and respond to threats against the security of the United States, and works with partners throughout the law-enforcement and intelligence community to preempt potential threats through intelligence-driven operational planning. Border

Patrol Agents (Intelligence) assigned to the Sector Intelligence Unit collect, refine, analyze, and disseminate strategic and tactical intelligence reports; identify and prepare reports on trends and patterns; utilize a variety of automated information systems to gather information for intelligence, enforcement, and prosecutions; and work together with law enforcement partners including U.S. Immigration and Customs Enforcement Homeland Security Investigations, the Federal Bureau of Investigations, and the Drug Enforcement Administration.

7.  Border Patrol Agents (Intelligence) may disseminate the intelligence they collect and analyze in various formats, including informational reports or other intelligence products. These reports are created and maintained in a system called Intelligence Reporting System-Next Generation (IRS-NG), which sits on CBP's Automated Targeting System (ATS) platform. ATS is a decision support tool that compares traveler, cargo, and conveyance information against law enforcement, intelligence, and other enforcement data, derived from a variety of sources, using risk-based scenarios and assessments. ATS compares information about travelers and conveyances arriving in, transiting through, or exiting the country against law enforcement and intelligence databases, compares existing information about individuals and cargo entering and exiting the country with patterns identified as requiring additional scrutiny, and allows users to search data across many different databases and systems to provide a consolidated view of data about a person or entity. ATS thus provides CBP with a critical tool in its border security mission, as it ensures that CBP has a comprehensive view of all types of potential threats to national and border security. CBP has published several publicly-available Privacy Impact Assessments on ATS.[1] Additionally, records in IRS-NG are covered by CBP's Intelligence Records System (CIRS), System of Records Notice.[2] CIRS contains information, including raw intelligence information, public source information, and other information collected by CBP pursuant to its statutory authorities, to support and enhance CBP's ability to identify individuals who pose a potential law enforcement or security risk; enforce immigration, customs, and other laws; and protect U.S. border security. Access to IRS-NG is restricted to individuals who have an official need to access IRS-NG, consistent with their official duties. Additionally, IRS-NG controls access

---

[1] https://www.dhs.gov/sites/default/files/publications/privacy-pia-cbp006-ats-december2019.pdf; https://www.dhs.gov/sites/default/files/publications/privacy_pia_cbp_ats006b_0.pdf
[2] *See* https://www.govinfo.gov/content/pkg/FR-2017-09-21/pdf/2017-19718.pdf.

to information and workspaces by provisioning users with access specific to their roles and responsibilities within CBP.

8.  AOL-DEF-00528691 contains identification codes and information about how the intelligence contained within the document is categorized, which reveal information about how the document is stored within CBP systems and the types of individuals who are able to access the document, and more broadly, about the structure, logic, and technical capabilities of that CBP system. A hostile actor could use this information to surreptitiously access CBP systems and acquire, modify, and/or remove information and intelligence records belonging to BP, other CBP components, other DHS components, and outside law enforcement partners. Such a manipulation of records and corruption of data integrity could have catastrophic implications, from undermining ongoing investigations and operations to risking the security of the United States.

9.  Additionally, AOL-DEF-00528691 contains detailed information about potentially unlawful activity of interest to the United States. AOL-DEF-00528691 identifies the specific sources, techniques and methods utilized to obtain information about this potentially unlawful activity; identifies individuals of interest and connections between those individuals; assesses the reliability of the information already known to law enforcement and any gaps in the available information; and discusses ongoing and anticipated needs for obtaining additional information. The disclosure of this information would alert individuals involved in this potentially unlawful activity to change their behavior or take steps to evade law enforcement, which would undermine CBP and other agencies' abilities to continue to obtain and develop information and intelligence about this potential unlawful activity and any related unlawful activities. The disclosure of this information would also provide hostile actors with insights into the law enforcement priorities of CBP and other agencies, as well as the techniques and methods utilized to obtain certain information. Such actors could exploit this knowledge to more effectively change their own behavior and actions to evade law enforcement activity.

10. I have reviewed the terms of the Protective Order, ECF No. 276, in this litigation. A "Confidential" or a "Highly Confidential – Attorneys' Eyes Only" designation under the Protective Order is not sufficient to prevent the harm to CBP's operations and its ability to execute its mission that would result from AOL-DEF-00528691 being disclosed for the purposes of this litigation. At a minimum, AOL-DEF-00528691 should be filed under seal to prevent this information from being disclosed to the public and to attempt to mitigate harm to CBP operations.

**AOL-DEF-00516605 and AOL-DEF-00556921 Contain Law Enforcement Privileged Information**

11. In late 2018, CBP activated the Region IX Emergency Operations Center (EOC) as part of Operation Secure Line, a multi-phased and flexible operational response designed to ensure that CBP was prepared for any attempted incursion of large groups of intending migrants, whether at or between ports of entry. CBP's Region IX EOC covered the entire southwest border in California and Arizona. It was staffed principally by CBP components—Office of Field Operations, U.S. Border Patrol, Air and Marine Operations, and Office of Intelligence—but also included representatives from other federal partners.

12. AOL-DEF-00516605 is a 19-page PowerPoint Presentation from CBP's Region IX Emergency Operations Center, titled "Region IX Update: 29 December 2018 (1800-0800)." AOL-DEF-00556921 is a single page extracted from a 19-page PowerPoint Presentation from CBP's Region IX Emergency Operations Center, titled "Region IX Update: 27 December 2018 (1800-0800)." Both AOL-DEF-00516605 and the document from which AOL-DEF-00556921 was extracted were created to brief CBP's Region IX EOC's leadership team on ongoing operational issues, to ensure that the CBP's Region IX Lead Field Commander and his team had sufficient awareness of the facts on the ground to make effective operational decisions.

13. I am asserting the law enforcement privilege over the information on Page 13 of AOL-DEF-00516605 (which is Bates stamped AOL-DEF-00516617) and over all of the information in AOL-DEF-00556921.

   a. AOL-DEF-00516605 and AOL-DEF-00556921 both contain information regarding the same potential unlawful activity of interest to the United States described at Paragraph 9, above:

      i. Page 13 of AOL-DEF-00516605 contains information about individuals of interest and reason(s) why they are individuals of interest, information maintained in CBP's systems regarding those individuals, and law enforcement techniques for further developing the information.

      ii. AOL-DEF-00556921 contains information about how CBP obtained certain information regarding this activity, information about individuals of interest, reason(s) why those individuals are of interest,

5

      associations between those individuals of interest, and references to law enforcement techniques used to develop that information.

    b. The disclosure of the information on Page 13 of AOL-DEF-00516605 and in AOL-DEF-00556921 would alert the individuals of interest, as well as any other individuals involved in the same potential unlawful activity, to take actions to evade law enforcement, thereby undermining CBP and other agencies' abilities to continue to obtain and develop information and intelligence about these individuals and the potential unlawful activity.

    c. The disclosure of the information on Page 13 of AOL-DEF-00516605 and in AOL-DEF-00556921 would also provide hostile actors with insights into the law enforcement priorities of CBP and other agencies, as well as the techniques and methods utilized to obtain certain information, permitting them to exploit this information to more effectively evade law enforcement.

14. Accordingly, I am asserting the law enforcement privilege over the information on Page 13 of AOL-DEF-00516605 and in AOL-DEF-00556921. At a minimum, however, the information on Page 13 of AOL-DEF-00516605 and in AOL-DEF-00556921 should be filed under seal to mitigate harm to CBP's operations that would result from public disclosure.

**AOL-DEF-00516605 (Pages 1-11 and 15-19) Must be Filed under Seal**

15. In Paragraphs 10-14, above, I assert that the information on Page 13 of AOL-DEF-00516605 is law enforcement privileged, and at a minimum, must be filed under seal. I understand that CBP's Deputy Executive Assistant Commissioner has asserted that certain information on Page 11 as well as the information on Pages 12 and 14 of AOL-DEF-00516605 is also law enforcement privileged, and at a minimum, must be filed under seal. I now assert that the remaining information in AOL-DEF-00516605—on Pages 1-11 and 15-19 (which are Bates stamped AOL-DEF-00516605-AOL-DEF-00516615 and AOL-DEF-00516619-AOL-DEF-00516623)—is law enforcement sensitive information and therefore should also be filed under seal.

16. Pages 1-11 and 15-19 of AOL-DEF-00516605 contain detailed statistical information about BP's apprehensions and CBP's Office of Field Operations' encounters of individuals associated with migrant caravans, broken down both by the numbers on a particular date and for the fiscal year up to that date. This data is set forth in various ways, including by

6

Office of Field Operations' Field Offices and BP Sectors. Additionally, Pages 1-11 and Pages 15-19 of AOL-DEF-00556921 contain statistical information about all apprehensions made by BP's San Diego and El Centro Sectors on a particular date, broken down by BP station, zone, and hour of the day. Further, Pages 1-11 and 15-19 in AOL-DEF-00516605 contain detailed maps for the BP's San Diego and El Centro Sectors, showing geographic locations of all BP activity in those sectors on a particular date, and detailing the number of apprehensions, as well as individuals who may have avoided apprehension.

17. If this information were to be publicly filed, hostile actors seeking to enter the United States between ports of entry, seeking to lead others to do so, or seeking to stage or participate in a mass incursion at or between ports of entry, would know where BP has been the most active, when BP has been the most occupied, which BP stations and zones have been the busiest, and how many individuals may have avoided apprehension. Even though this information is historical, this information can be combined with other information, including publicly-available information, to provide a roadmap of how BP deploys its staffing resources across Sectors, perceived vulnerabilities in BP's enforcement actions, and particular geographical areas where resources are and are not focused. Hostile actors could use this information to assign their own resources towards particular areas with perceived resource vulnerabilities, including sending large numbers of individuals towards those areas in order to undermine BP's ability to effectively carry out its mission.

18. Additionally, Pages 1-11 and 15-19 in AOL-DEF-00516605 contain detailed information about the potential formation of migrant caravans from multiple sources, including information from a foreign government partner. CBP relies on information of this sort to make informed decisions and strategically allocate resources. Public disclosure of this information could chill the willingness of sources and foreign governments alike to share information with CBP in the future, which would seriously undermine CBP's mission readiness.

19. Further, Pages 1-11 and 15-19 in AOL-DEF-00516605 contain information about subjects and events that CBP's Region IX EOC was monitoring relating to potential migrant caravans. The disclosure of this information would provide hostile actors with insights into the law enforcement priorities of CBP and other agencies, as well as the techniques and methods utilized to obtain certain information, permitting them to exploit this information to more effectively evade law enforcement and to undermine CBP's mission readiness.

7

20. Accordingly, Pages 1-11 and 15-19 in AOL-DEF-00516605 should be filed under seal.

**Conclusion**

21. For all of the foregoing reasons, on behalf of CBP, I am asserting the law enforcement privilege over AOL-DEF-00528691, AOL-DEF-00556921, and Page 13 of AOL-DEF-00516605.

22. At a minimum, AOL-DEF-00528691, AOL-DEF-00556921, and Pages 1-11, 13, and 15-19 of AOL-DEF-00516605 should be filed under seal.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on the 27th day of April, 2020

_____
Aaron Heitke
Chief Patrol Agent
San Diego Sector
U.S. Border Patrol
U.S. Customs and Border Protection