JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ARI NAZAROV (CT 414491)
DHRUMAN SAMPAT (NJ 270892018)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Karen S. Crawford |
| v. | **JOINT MOTION FOR ENLARGEMENT OF PAGE LIMIT OF JOINT MOTION FOR DETERMINATION OF PRIVILEGE DISPUTE** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*,[*] | |
| *Defendants* | |

---

[*] Acting Commissioner Morgan is automatically substituted as a Defendant for former Commissioner McAleenan pursuant to Federal Rule of Civil Procedure 25(d).

## INTRODUCTION

The parties respectfully move this Court for an enlargement of the page limit for their forthcoming joint motion for determination of a privilege dispute, from five pages each to ten pages each.

## BACKGROUND

On May 7, 2020, pursuant to this Court's Civil Pretrial Procedures, § VIII.C, the parties jointly called chambers to present a dispute regarding Defendants' assertion of the law-enforcement privilege over nineteen documents produced by Defendant U.S. Customs and Border Protection (CBP) in discovery and later clawed back. This Court requested that the parties file a joint motion for determination of privilege dispute. Defendants intend to provide their portion of the joint motion to Plaintiffs by May 19, 2020; Plaintiffs intend to provide their responsive portion of the motion to Defendants by May 29, 2020; and the parties intend to file the joint motion no later than June 3, 2020.

## ARGUMENT

The parties respectfully request an additional five pages each to present their arguments regarding Defendants' assertion of the law-enforcement privilege over the nineteen documents at issue to allow them to fully analyze and present the relevant issues to the Court. Defendants represent that they intend to present their arguments by categorizing the nineteen documents at issue into three separate groups: discrete portions of a PowerPoint presentation created by CBP's Region IX Emergency Operations Center (EOC) in late 2018 to brief the Region IX leadership on operational issues; an intelligence report created by the U.S Border Patrol in January 2019 relating to potentially unlawful activity in Tijuana; and an email chain and its embedded images relating to the revocation of Al Otro Lado employee Nicole Ramos's enrollment in CBP's SENTRI program. For each document, portion of a document, or set of documents, "the government 'must offer competent evidence about how the specific requested disclosure would harm governmental interests.'" *Dousa*

*v. DHS*, No. 19-cv-1255, No. 19-cv-1255, 2019 WL 6311990 (S.D. Cal. Nov. 22, 2019) (Crawford, M.J.) (quoting *Kelly v. City of San Jose*, 114 F.R.D. 653, 663, 669 (N.D. Cal. 1987)). "If the government makes the equivalent of a *prima facie* showing of harm, courts must conduct a situation specific analysis of the factors made relevant by the request in issue and the objection to it." *Id.* (internal quotation marks omitted). District courts in the Ninth Circuit have used the ten-factor test from *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973), to guide this inquiry. *See, e.g.*, *Wagafe v. Trump*, — F.R.D. —, 2020 WL 246693 (W.D. Wash. 2020). Under that test, courts consider:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*Frankenhauser*, 59 F.R.D. at 344.

There is good cause to enlarge the page limit for the joint motion from five pages each to ten pages each (resulting in twenty total pages) because it would allow the parties sufficient space to present arguments regarding the government's *prima facie* showing of harm and the balance of the ten-factor *Frankenhauser* test for each of the three sets of documents. Without such an enlargement, the parties will likely be unable to adequately develop their arguments as to the documents at issue.

## CONCLUSION

The parties respectfully request that this Court enlargement the page limit for their forthcoming joint motion for determination of privilege dispute.

DATED: May 15, 2020              Respectfully submitted,

                                 JOSEPH H. HUNT
                                 Assistant Attorney General
                                 Civil Division

                                 WILLIAM C. PEACHEY
                                 Director

                                 KATHERINE J. SHINNERS
                                 Senior Litigation Counsel

                                 */s/ Alexander J. Halaska*
                                 ALEXANDER J. HALASKA
                                 Trial Attorney
                                 United States Department of Justice
                                 Civil Division
                                 Office of Immigration Litigation
                                 District Court Section
                                 P.O. Box 868, Ben Franklin Station
                                 Washington, D.C. 20044
                                 Tel: (202) 307-8704 | Fax: (202) 305-7000
                                 alexander.j.halaska@usdoj.gov

                                 *Counsel for Defendants*

DATED: May 15, 2020              MAYER BROWN LLP
                                    Matthew H. Marmolejo
                                    Ori Lev
                                    Stephen M. Medlock

                                 SOUTHERN POVERTY LAW CENTER
                                    Melissa Crow
                                    Sarah Rich

Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Ghita Schwarz
Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
Karolina Walters


By: */s/ Stephen M. Medlock*
　　　Stephen M. Medlock
　　*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

*Al Otro Lado v. Wolf*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: May 15, 2020                Respectfully submitted,

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice