MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTION TO JUDGE CRAWFORD'S MAY 1, 2020 ORDER** |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| | [*Declaration of Stephen M. Medlock Filed Concurrently*] |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857


AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

1    Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file under seal limited portions of Plaintiffs' Opposition to Defendants' Objections to Magistrate Judge Crawford's May 1, 2020 Order to exclude sensitive law enforcement information contained therein.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, these documents consist of:

1) Pages 170 through 171 of the deposition transcript of CBP 30(b)(6) witness Randy Howe;

2) Page 187 of the rough deposition transcript of CBP 30(b)(6) witness Mariza Marin;

3) Descriptions of the testimony of Mr. Howe and Ms. Marin; and

4) Descriptions of "Documents 2-9," which were at issue in Magistrate Judge Crawford's May 1, 2020 Order.

Defendants designated the pages 170-171 of the Howe deposition transcript as "Confidential" or "Highly Confidential" under the Protective Order.[2] By operation of the Court's Protective Order, the deposition of Mariza Marin is automatically considered "Highly Confidential" until 30 days after the parties' receipt of the final deposition transcript. *See* Dkt. 276 at § V(B)(2)(c). Finally, Magistrate Judge Crawford previously ruled that motion papers summarizing the contents of Documents 2-9 should be sealed, *see* Dkt. 446 at 8; neither party disagrees with this conclusion.

Moreover, the excerpted deposition testimony of Mr. Howe and Ms. Marin contain detailed information concerning the operations of ports of entry on the U.S.-

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

Mexico border that is not publicly known. As a consequence, the Plaintiffs also seek to seal limited portions of Plaintiffs' Opposition to Defendants' Objection to Magistrate Judge Crawford's May 1, 2020 Order that reference and discuss these exhibits.

While Plaintiffs acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal. Fed. R. Civ. P. 26(c) sets forth the "good cause" standard for sealing documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988).

Here, Plaintiffs seek to seal two deposition transcripts, descriptions of that deposition testimony, and descriptions of documents, that would reveal sensitive CBP information regarding the physical layout, capacities, and operations of ports of entry on the U.S.-Mexico border. As the Government explains in prior motion to seal briefing, the disclosure of this sensitive information could compromise the

secure operations of those ports of entry and could expose the email accounts of CBP Officers to threats and harassment. *See* Dkt. 340-1 at 7-21; 370 at 3-13.

Plaintiffs have conferred with the Government, and understand that the Government does not oppose this motion.

Therefore, Plaintiffs request that the Court grant this unopposed motion to seal limited portions of Plaintiffs' Motion to Seal Portions of Plaintiffs' Opposition to Defendants' Objection to Magistrate Judge Crawford's May 1, 2020 Order.

Dated: June 1, 2020

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters

By: */s/ Stephen M. Medlock*
   Stephen M. Medlock

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2020, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*