MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE CRAWFORD'S MAY 1, 2020 ORDER** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | *DECLARATION OF STEPHEN M. MEDLOCK FILED CONCURRENTLY* |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

RELEVANT BACKGROUND ........................................................................... 2

STANDARD OF REVIEW .................................................................................. 5

ARGUMENT ........................................................................................................ 5

I.     DEFENDANTS' OBJECTION MISSTATES THE LEGAL
STANDARD AND IGNORES BINDING PRECEDENT ........................... 5

II.    MAGISTRATE JUDGE CRAWFORD PROPERLY DETERMINED
THAT DOCUMENTS 2-6 GO TO THE HEART OF THIS CASE
AND THAT PLAINTIFFS' NEED FOR THE DOCUMENTS
OUTWEIGHS DEFENDANTS' PRIVILEGE CLAIM ............................... 8

CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Otro Lado v. McAleenan*,
  394 F. Supp. 3d 1168 (S.D. Cal. 2019) ......................................................2, 3, 11

*Al Otro Lado v. Wolf*,
  952 F.3d 999 (9th Cir. 2020) ................................................................................3

*Anderson v. Bessemer City*,
  470 U.S. 564 (1985) ...........................................................................................14

*Ariz. Rehab. Hosp., Inc. v. Shalala*,
  185 F.R.D. 263 (D. Ariz. 1998)...........................................................................12

*Ayotte v. Am. Econ. Ins. Co.*,
  2010 WL 10862749 (D. Mont. 2010)....................................................................2

*Burka v. N.Y.C. Transit Authority*,
  110 F.R.D. 660 (S.D.N.Y.1986)..........................................................................10

*California Native Plant Society v. U.S. E.P.A.*,
  251 F.R.D. 408 (N.D. Cal. 2008) ..........................................................................6

*Carter v. U.S. Dep't of Commerce*,
  307 F.3d 1084 (9th Cir. 2002)...............................................................................7

*Computer Econ., Inc. v. Gartner Grp., Inc.*,
  50 F.Supp.2d 980 (S.D.Cal.1999) .........................................................................5

*Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*,
  508 U.S. 602 (1993) ...............................................................................................5

*Del Socorro Quintero Perez v. United States*,
  2016 WL 499025 (S.D. Cal. 2016) ........................................................11, 13, 14

*Fox News Network, LLC v United States Department of Treasury*
  911 F. Supp. 2d 261 (S.D.N.Y. 2012)...............................................................7, 8

*FTC v. Warner Commc'ns, Inc.*,
  742 F.2d 1156 (9th Cir. 1984)....................................................................*passim*

*USA ex rel. Hartpence v. Kinetic Concepts Inc.*,
    2018 WL 7568578 (C.D. Cal. 2018) .......................................................... 12

*Howard v. Sec'y of Health & Human Servs.*,
    932 F.2d 505 (6th Cir. 1991) ....................................................................... 2

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
    2012 WL 3637278 (S.D. Cal. 2012) ............................................................ 5

*Krueger v. Wyeth, Inc.*,
    2019 WL 4785862 (S.D. Cal. 2019) ......................................................... 5, 6

*L.H. v. Schwarzenegger*,
    2007 WL 2009807 (E.D. Cal. 2007) ............................................................ 9

*Maricopa Audubon Soc. v. U.S. Forest Serv.*,
    108 F.3d 1089 (9th Cir. 1997) ..................................................................... 7

*Mr. and Mrs. "B" v. Board of Ed. Of Syosset Cent. Sch. Dist.*,
    35 F.Supp.2d 224 (E.D.N.Y.1998) ............................................................ 10

*National Wildlife Fed'n v. United States Forest Serv.*
    2016 WL 499025, at *7 (S.D. Cal. 2016) .................................................. 13

*N.L.R.B. v. Sears, Roebuck & Co.* 421 U.S. 132 (1975) ......................................... 8

*N. Pacifica, LLC v. City of Pacifica*,
    274 F.Supp.2d 1118 (N.D. Cal 2002) ...................................................... 9, 12

*Price v. County of San Diego*,
    165 F.R.D. 614 (S.D. Cal. 1996) .............................................................. 13

*Sanchez v. Johnson*,
    2001 WL 1870308 ..................................................................................... 13

*Sierra Club Inc. v. U.S. Fish & Wildlife Serv.*
    925 F.3d 1000 (9th Cir. 2019) ..................................................................... 6

*Stoner v. Santa Clara Cnty. Office of Educ.*,
    502 F.3d 1116 (9th Cir. 2007) ................................................................... 12

*Thomas v. Cate*,
    715 F.Supp.2d 1012 (E.D. Cal. 2010) ....................................................... 12

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

*United States v. Working*,
224 F.3d 1093 (9th Cir. 2000) ........................................................................ 14

*Webb v. Ethicon Endo-Surgery, Inc.*,
2015 U.S. Dist. LEXIS 126282 (D. Minn. 2015) ............................................ 2

**Statutes**

5 U.S.C. § 552(b)(5) ...................................................................................... 13

8 U.S.C. §§ 1158 and 1225 ......................................................................... 2, 3

8 U.S.C. § 1158(a)(1) ..................................................................................... 3

8 U.S.C. § 1225 ............................................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 72(a) ....................................................................................... 5

# INTRODUCTION

On May 1, 2020, Magistrate Judge Crawford issued a careful opinion parsing each of Defendants' arguments that nine documents were privileged and should be clawed back.  Based on her analysis and *in camera* review of the documents, Magistrate Judge Crawford determined that Defendants had not carried their burden on showing that three of these documents (Documents 7-9) were covered by the deliberative process privilege and that although five of the documents (Documents 2-6) were pre-decisional and deliberative, the need for the evidence overrode Defendants' interest in non-disclosure.

In their objection Defendants misstate the law concerning when documents are predecisional, ignore binding precedent, and invite this Court to commit reversible error by endorsing a view of the deliberative process privilege that is contrary to decades of settled Ninth Circuit precedent.  Under Defendants' view, any document is predecisional if it was merely created at some point in time prior to a decision made by a government agency, regardless of whether the document was considered by the decisionmaker or drafted for consideration by the decisionmaker. This expansive view of the deliberative process privilege finds no support in Ninth Circuit law and would allow Government litigants to hide vast swaths of information behind this    privilege.  The Court should reject this dangerous and unfounded argument and deny the objection with respect to Documents 7-9.

The remainder of Defendants' objection boils down to making the same arguments, supported by the same declarations, and hoping for a different result. With respect to Documents 2-6, Magistrate Judge Crawford properly applied the four-part balancing test in *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).  Following the law, Magistrate Judge Crawford determined that the Plaintiffs' need for documents that go to the heart of the case outweighed the Government's qualified privilege claim.  Defendants evidently disagree with this decision, but simply repeating the same arguments in an objection and hoping for a

1    different result has no place in an objection to a magistrate judge's opinion.  *See,*
2    *e.g.*, *Webb v. Ethicon Endo-Surgery, Inc.*, 2015 U.S. Dist. LEXIS 126282, at *11 n.2
3    (D. Minn. 2015) ("Objections to a Magistrate Judge's order . . . are not merely a
4    chance to rehash the same arguments rejected by the Magistrate Judge."); *Ayotte v.*
5    *Am. Econ. Ins. Co.*, 2010 WL 10862749, at *1 (D. Mont. 2010) ("Congress created
6    this process to promote judicial economy and there is no net efficiency when the
7    losing party uses the objection process as a second bite at the apple."); *Howard v.*
8    *Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("This
9    duplication of time and effort wastes judicial resources, rather than saving them, and
10    runs contrary to the purpose of the Magistrates Act.").

11    Magistrate Judge Crawford's determinations are entitled to significant
12    deference, are supported by established case law and sound reasoning, and should
13    not be overturned.

14    **RELEVANT BACKGROUND**

15    This is a case about the Defendants' illegal policy of turning back asylum
16    seekers at land ports of entry between the United States and Mexico.  Discovery in
17    this case has revealed that the illegal turn back policy alleged in Plaintiffs' Second
18    Amended Complaint did occur.  Binding 30(b)(6) testimony has established that
19    ███████████████████████████████████████████████████████████
20    ███████████████████████████████████████████████████████████
21    ██████████████████████████████████████████.  *See* Ex. 1 (Howe Dep.)
22    at 170:8-171:13.[2]  This Court has previously analyzed 8 U.S.C. §§ 1158 and 1225
23    and determined that non-citizens, like those that Defendants have admitted to turning
24    back, are in the process of arriving in the United States and must be inspected and
25    processed at ports of entry.  *Al Otro Lado v. McAleenan*, 394 F. Supp. 3d 1168,
26    1199-1200 (S.D. Cal. 2019).  The Ninth Circuit recently confirmed that this Court's

27    ───────────────

28    [2] "Ex." refers to exhibits to the concurrently filed declaration of Stephen M.
Medlock.

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

reading of 8 U.S.C. §§ 1158 and 1225 is "likely correct." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1011 (9th Cir. 2020). And, last week, a Rule 30(b)(6) witness from U.S. Customs and Border Protection's ("CBP's") San Diego Field Office confirmed that ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████. *See* Ex. 2 (Marin Rough Dep.) at 187:5-11 ("██████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████") (objections omitted).

That alone should be sufficient for Plaintiffs to succeed on their claims. But this court has suggested that there may be "potentially legitimate factors" for this turn-back policy while recognizing plaintiffs' position that Defendants' "asserted concerns over capacity are merely a pretext to avoid discharging the duties set forth in 8 U.S.C. § 1158(a)(1) and 8 U.S.C. § 1225." *Al Otro Lado*, 394 F. Supp. 3d at 1212.

This question of whether Defendants' turnback policy is the result of "legitimate factors" or a "pretext" is where this privilege dispute arises. This dispute is the first arising from an ongoing series of strategic and unwarranted claw backs by Defendants that attempt to prevent Plaintiffs' from presenting documents showing that Defendants' capacity excuse is a pretext. As of today, Defendants have attempted to claw back 67 documents, many of which were attached to Plaintiffs' motions or that Plaintiffs attempted to mark as exhibits at depositions.

The basic facts of each of these claw backs are the same—a witness or brief submitted by Defendants provides a self-serving statement regarding port capacity in an effort to justify the Defendants' illegal turn back policy. Then, when Plaintiffs attempt to offer evidence calling that statement into serious question, Defendants assert that the evidence is privileged.

In the instant dispute, Plaintiffs supported their motion for class certification

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

1  with several key documents that collectively show that █████████████

2  █████████████████████████████████████████████████████████████

3  █████████████████████████████████████████████████████████████

4  █████████████████████████████████████████████████████████████

5  █████████████████████.  On January 30, more than two weeks after Plaintiffs

6  filed their class certification motion, Defendants told Plaintiffs that they intended to

7  claw back nine documents, many of which were attached to Plaintiffs' motion for

8  class certification.

9          Plaintiffs disputed the claw back, and on April 2, 2020 the parties' filed a joint

10  motion.  Dkt. 437.  In that joint motion, Defendants raised precisely the same

11  arguments that they present in their objection, i.e., that the documents contained

12  "preparation of an analysis to present to ultimate decision makers," Dkt. 456-1 at 1,

13  and that the deliberative process privilege should not give way to other

14  considerations.  *Id.* at 1.

15          On May 1, 2020, Magistrate Judge Crawford issued an order carefully parsing

16  each of the Defendants' arguments based on her *in camera* review of the documents

17  in question.  Dkt. 446.  She found that Defendants did not carry their burden of

18  establishing that Documents 7-9 were privileged.  *Id.* at 7.  She made the factual

19  finding that there was "no indication the substance of these emails was considered

20  by CBP decisionmakers."  *Id.*  She also noted that Defendants failed to "show[] the

21  communications were made in order to assist an agency decisionmaker in arriving

22  at his or her decision."  *Id.*  Magistrate Judge Crawford also found that Documents

23  2-6 were "pre-decisional and deliberative," but that "plaintiffs' need for the evidence

24  overrides the government's interest in non-disclosure" because the documents were

25  directly relevant to "the validity of the defendants' stated justification for" the

26  turnback policy.  *Id.* at 6.

27          On May 15, 2020, Defendants objected to Magistrate Judge Crawford's

28  opinion.  Dkt. 456 ("Defs' Obj.").  Citing the same exhibits, *see* Dkt. 456-2 at ¶¶ 6-

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

1  7, and making the same arguments, Dkt. 456-1 at 1, Defendants now hope for a

2  different result.

3  ## STANDARD OF REVIEW

4      A magistrate judge's opinion on a non-dispositive matter may only be

5  overturned when it is contrary to law or clearly erroneous. *See* Fed. R. Civ. P. 72(a).

6  The "clearly erroneous" standard applies to the magistrate judge's factual

7  determinations and discretionary decisions. *In re Hydroxycut Mktg. & Sales*

8  *Practices Litig.*, 2012 WL 3637278, at *2 (S.D. Cal. 2012) (citing *Computer Econ.,*

9  *Inc. v. Gartner Grp., Inc.,* 50 F.Supp.2d 980, 983 (S.D.Cal.1999)). The "contrary to

10  law" standard applies to a magistrate judge's purely legal determinations. *Id.* "Under

11  this standard, the district court gives significant deference to the magistrate judge's

12  ruling, and only overturns that ruling upon a 'definite and firm conviction that a

13  mistake has been committed.'" *Krueger v. Wyeth, Inc.*, 2019 WL 4785862, at *3

14  (S.D. Cal. 2019) (citing *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*,

15  508 U.S. 602, 623 (1993)).  Neither of those standards are satisfied here.

16  ## ARGUMENT

17  ## I.    DEFENDANTS' OBJECTION MISSTATES THE LEGAL STANDARD

18  ##     AND IGNORES BINDING PRECEDENT

19      In her May 1 Order, Magistrate Judge Crawford determined that Defendants

20  did not carry their burden of showing that Documents 7-9 were privileged because

21  there was no indication that the substance of the emails was considered by CBP

22  decisionmakers and because Defendants had "not shown the communications were

23  made in order to assist an agency decisionmaker in arriving at his or her decision or

24  otherwise explained what role the communications played in the decision-making

25  process." Dkt. 446 at 7.

26      In their objection, Defendants incorrectly argue that in the May 1 Order, "the

27  Magistrate Judge acknowledged that the emails were predecisional—because they

28  predated a policy decision."  (Defs.' Obj. at 8), and that "[t]here is no requirement

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

1    that the *particular emails* be considered by the ultimate decisionmaker, as the May
2    1 Order suggests." *Id.*  This argument fails for two reasons.

3         ***First***, Defendants argument is based on a misstatement of the legal standard
4    for when a  document is "predecisional."  On page 8 of their objection, Defendants
5    cite *California Native Plant Society v. U.S. E.P.A.*, 251 F.R.D. 408, 411 (N.D. Cal.
6    2008) as holding that "[a] document is predecisional if it predates the corresponding
7    decision."  Defs' Obj. at 8.  This is a misstatement of the holding of the case.
8    *California Native Plant Society* actually holds: "A document is 'pre-decisional' if it
9    predates a decision ***and was prepared to assist in making the decision.***" 251 F.R.D.
10   408, 411 (N.D. Cal. 2008) (portion omitted by Defendants' emphasized).  Not only
11   did Defendants' misstate the holding of *California Native Plant Society*, they also
12   ***failed to inform this court of recent binding Ninth Circuit precedent that***
13   ***undermines Defendants' definition of the term "predecisional."***  In *Sierra Club*
14   *Inc. v. U.S. Fish & Wildlife Serv.*, the Ninth Circuit found that "[a] document is pre-
15   decisional if it is 'prepared in order to assist an agency decision-maker in arriving at
16   his decision[.]'" 925 F.3d 1000, 1012 (9th Cir. 2019).[3]

17        Defendants' faulty statement of the law concerning when a document is
18   "predecisional" undermines their entire argument concerning Documents 7-9.
19   Defendants claim that Magistrate Judge Crawford found that Documents 7-9 were
20   predecisional because "they predated a policy decision."  Defs' Obj. at 8.  But that
21   is not the legal standard, and Magistrate Judge Crawford never held that the
22   documents were predecisional.  In fact, she specifically found that they *were not*
23   *predecisional* because "there is no indication that the[] emails [were] considered by
24   agency decision markers" and no showing that the "communications were made in
25   order to assist an agency decisionmaker in arriving at his or her decision."  Dkt. 446

26   ─────────────────────
27   [3] Troublingly, Defendants' failure to acknowledge the definition of predecisional in
     *Sierra Club* apparently is not the result of faulty legal research.  Defendants cite
28   *Sierra Club* twice in their brief (Defs.' Obj. at 11, 14), but ignore *Sierra Club* when
     it does not suit their purposes.

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

1   at 7. Because Defendants misstate the law, ignore mandatory authority, and attempt

2   to rewrite Magistrate Judge Crawford's opinion on predecisionality, Defendants'

3   objection should be rejected.

4       *Second*, Defendants are wrong when they state that "there is no requirement

5   that the *particular emails* be considered by the ultimate decisionmaker." Defs.' Obj.

6   at 8. Because a document must be a part of the decision-making process in order to

7   be "predecisional," the document must have been considered or drafted to assist the

8   decisionmaker in making his or her decision. *Carter v. U.S. Dep't of Commerce*,

9   307 F.3d 1084 (9th Cir. 2002) ("For the purpose of the deliberative process privilege

10  … a document may be considered 'predecisional' if it was prepared in order to assist

11  an agency decisionmaker in arriving at his decision; material which predates a

12  decision chronologically, but did not contribute to that decision, is

13  not predecisional in any meaningful sense."); *see also Maricopa Audubon Soc. v.*

14  *U.S. Forest Serv.*, 108 F.3d 1089, 1094 (9th Cir. 1997) ("The documents were

15  'predecisional' because Thomas relied on them in deciding what action, if any, he

16  was obligated to take in response to the particular allegations."). Defendants'

17  attempt to re-interpret the term "predecisional" to mean that a document need only

18  have been created prior to a decision would allow the Government to claim that vast

19  swaths of documents that have no bearing on a decisionmaking process are

20  nevertheless covered by the deliberative process privilege. The Court should reject

21  this invitation to overturn decades of Ninth Circuit law regarding predecisionality.

22      The cases that Defendants rely upon also highlight the fact that a document

23  must be considered by a decisionmaker, or at the very least have been drafted for

24  that purpose, in order to be predecisional. Defendants' citation to *Fox News*

25  *Network, LLC v United States Department of Treasury* does not undermine

26  Magistrate Judge Crawford's position that the documents need be actually

27  considered by CBP decisionmakers in order to be considered predecisional, and thus

28  eligible for the deliberative process privilege. 911 F. Supp. 2d 261 (S.D.N.Y. 2012).

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

1   Defendants highlight that the relevant documents in *Fox News* "reflected an

2   exchange of concerns and suggested approaches [which fell] squarely within the

3   protection of the deliberative process privilege" but fail to mention that the

4   documents thus described were actually "circulated for consideration of Treasury

5   decisionmakers." *Id.* at 283.

6        Likewise, *N.L.R.B. v. Sears, Roebuck & Co.*, cited by the Defendants for the

7   proposition that the deliberative process privilege was created to protect documents

8   "reflecting" the deliberations that are "part of a process by which governmental

9   decisions" are created, goes on to explain at length that the purpose of the privilege

10  "is to prevent injury to the quality of agency decisions[, which] will clearly be

11  affected by the *communications received by the decisionmaker* on the subject of the

12  decision prior to the time the decision is made." 421 U.S. 132, 151 (1975) (emphasis

13  added).

14       Therefore, Magistrate Judge Crawford's opinion that Documents 7-9 are not

15  privileged was correct, in line with binding law and should not be overturned.

16  **II.   MAGISTRATE JUDGE CRAWFORD PROPERLY DETERMINED**

17       **THAT DOCUMENTS 2-6 GO TO THE HEART OF THIS CASE AND**

18       **THAT PLAINTIFFS' NEED FOR THE DOCUMENTS OUTWEIGHS**

19       **DEFENDANTS' PRIVILEGE CLAIM**

20       Defendants assert that in determining that Documents 2-6 should be produced

21  even though they were entitled to deliberative process privilege, Judge Crawford

22  "failed to engage in an analysis of the non-exclusive factors under the governing

23  legal standard under *FTC*." Defs.' Obj., at 12. To the contrary, Magistrate Judge

24  Crawford's May 1 Order dealt concisely and correctly with this balancing test. It is

25  true that each step of the deliberative process privilege that was previously detailed

26  in Section B of the Order was not reprinted in this portion of the document, but the

27  factors were addressed in turn. Therefore, Defendants' objection fails for three

28  reasons.

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

*First*, Magistrate Judge Crawford properly noted that the deliberative process privilege is a qualified privilege and articulated the proper balancing test. *See* Dkt. 446 at 4-6. As with privileges generally, the deliberative process privilege should be narrowly construed because "confidentiality may impede full and fair discovery of the truth." *L.H. v. Schwarzenegger*, 2007 WL 2009807, at *2–3 (E.D. Cal. 2007), *see also N. Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1122 (N.D. Cal 2002) (deliberative process privilege is "strictly confined within the narrowest possible limits consistent with the logic of its principles.")

Because the deliberative process privilege is a qualified privilege rather than an absolute privilege, when the Court finds that the privilege applies a second inquiry begins. The Court must apply a balancing test to documents entitled to deliberative process privilege to determine whether a litigant may nevertheless obtain privileged documents "if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *L.H. v. Schwarzenegger*, 2007 WL 2009807, at *2–3 (E.D. Cal. 2007) (citing *FTC v. Warner Commc'ns., Inc.*, 742 F.2d 1156, 1161 (9th Cir.1984)).

*FTC v. Warner* laid out four factors that should be considered in this balancing test:

(1) the relevance of the evidence sought to the litigation;

(2) the availability of comparable evidence from other sources;

(3) the government's role in the litigation; and

(4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.

742 F.2d at 1161.

*Second*, Magistrate Judge Crawford properly applied the *Warner* factors. Following *Warner*, Magistrate Judge Crawford determined that the documents were "pre-decisional and deliberative in nature," and therefore entitled to deliberative process privilege. Dkt. 446 at 4-5. Next, Magistrate Judge Crawford considered the

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

*Warner* factors, namely (1) relevance, (2) availability by other means, (3) role of the government, and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.  Magistrate Judge Crawford found (1) that the documents were relevant to a key issue in the case, specifically "whether defendants' Turnback Policy is the result of legitimate factors that prevent CBP officers from immediately discharging [their mandatory duties] … or whether those asserted concerns over capacity are merely a pretext." Next Magistrate Judge Crawford found (2) that Defendants "have offered testimony in this case that their motivation for metering at the southern borders is due to capacity constraints at ports of entry, including specifically the San Ysidro Port of Entry," and that the documents at issue relate directly to the question of whether Defendants' motivation for implementing the Turnback Policy is due to capacity constraints or whether that proffered justification is pretextual, information that is not available via other means.  (3) The government is  a named party to this case, and as noted earlier in the Order, the deliberative process privilege "may be inapplicable where the agency's decision-making process is itself at issue."  *Id.* at 5 (citing *Mr. and Mrs. "B" v. Board of Ed. Of Syosset Cent. Sch. Dist.*, 35 F.Supp.2d 224, 230 (E.D.N.Y.1998); *Burka v. N.Y.C. Transit Authority*, 110 F.R.D. 660, 667 (S.D.N.Y.1986)).  Lastly, Magistrate Judge Crawford explicitly noted (4) that "plaintiffs' need for unredacted copies of Documents 2 through 6 outweighs defendants' interest in non-disclosure, particularly where the information is subject to a Protective Order restricting the scope of its disclosure, as is the case here." Dkt. 445 at 6.

**Third**, Defendants' objection offers no reason to depart from Magistrate Judge Crawford's analysis of the *Warner* factors.  Defendants argue that they have produced many thousands of documents and "Plaintiffs cannot show a need for predecisional information about every policy option explored that relates to the processing of aliens at ports of entry."  Defs.' Obj. at 1; *see also id.* at 13 ("there is

simply no basis to delve into the predecisional deliberations about every possible course of action relating to the processing of aliens at ports of entry."). This broad-brush argument misses the point. Documents 2-6 show that Defendants' senior management decided to reject proposals that would increase the capacity of ports of entry to process and inspect asylum seekers, directly undermining Defendants' claim that the Turnback Policy was the result of capacity limitations. *See Al Otro Lado*, 394 F. Supp. 3d at 1212.

Moreover, because these documents shed light on why Defendants' top officials decided against increasing the capacity of ports of entry on the U.S.-Mexico border and continued metering, neither the previous policy nor publicly available documents about the new policy are "comparable evidence" for the Plaintiffs' purposes. In *Del Socorro Quintero Perez v. United States*, this Court found that where the case was particularly concerned with the change in CBP's official use of force policy, both the earlier policy and the new revised policy were

> of limited importance if Plaintiffs cannot connect the dots as to why certain decisions were made, why certain provisions were added and others omitted. The final policy is not, by this Court's estimation, comparable evidence to the internal review of the original policy. Without more, Plaintiffs are left to conjecture regarding changes to the new policy and what knowledge Defendant Fisher had prior to authorizing such changes. **This factor weighs heavily in favor of disclosure**.

2016 WL 499025, at *6 (S.D. Cal. 2016) (emphasis added). This case is similarly concerned with the change in CBP policy – neither the official policy prior to queue management nor the current policy of queue management are sufficient to the needs of the Plaintiffs where the underlying question concerns whether the queue

management policy was implemented for rational or pretextual reasons. This factor is "perhaps the most important factor in determining whether the deliberative-process privilege should be overcome," and it weighs in Plaintiffs' favor, as Magistrate Judge Crawford concluded. *See N. Pacifica*, 274 F.Supp.2d at 1124.

The fact that the government is the "real party at interest in the underlying action" also weighs "heavily in favor of disclosure." *USA ex rel. Hartpence v. Kinetic Concepts Inc.*, 2018 WL 7568578, at *3 (C.D. Cal. 2018) (citing *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007)); *see also Thomas v. Cate*, 715 F.Supp.2d 1012, 1028 (E.D. Cal. 2010)("The fact that a government entity's action is the focal point of litigation weighs against upholding the deliberative process privilege."); *Ariz. Rehab. Hosp., Inc. v. Shalala*, 185 F.R.D. 263, 271 (D. Ariz. 1998) (finding under *Warner* that "the Government's role in the litigation is primary since the Agency's actions are challenged in this APA suit").

Next, Defendants also assert that other documents might shed light on whether the capacity justification is pretextual. Defs' Obj. at 12. That is not the case. No other documents that Plaintiffs are currently aware of undermine the capacity excuse so directly which is surely why Defendants are attempting to claw them back. The documents show that Defendants had the opportunity to increase the capacity of the largest land port of entry on the U.S.-Mexico border to process and inspect asylum seekers, but decided not to do so in order to continue turning back asylum seekers.[4]

Finally, Defendants claim that revealing the deliberative communications of senior officials would hinder frank discussions amongst them. But Defendants do not make any argument that revealing *these particular documents* would hinder frank and independent discussion beyond citing to the general proposition that revealing agency discussions has a chilling effect on the "open and frank discussions

---

[4] Therefore, Defendants' assertion that these documents do "not necessarily reflect the intent or motivation of the ultimate decisionmakers," Defs.' Obj. at 14, is also incorrect.

of the agency." *Del Socorro Quintero Perez v. United States*, 2016 WL 499025, at *7 (S.D. Cal. 2016) (finding that absent an articulation of how disclosure of the particular document at issue would chill agency discussion at CBP, a general proposition is not persuasive).  Indeed, Defendants offer nothing more than the recycled self-serving statement from Todd Owen that does nothing more than parrot the legal standard. This *ipse dixit* is not sufficient.  *See id.*

     *Del Socorro Quintero Perez* is further instructive as it distinguishes *National Wildlife Fed'n v. United States Forest Serv.*, upon which Defendants rely, because

> that case involves an exception to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(5), for "predecisional documents."  The FOIA exceptions were intended to prevent the disclosure of certain types of information from the public generally, not to create evidentiary privileges for civil discovery.  Under FOIA, a document that is predecisional and deliberative need not be disclosed.  In the context of civil discovery, however, the inquiry extends beyond those two factors to balance the interests of both parties.  As a result, the *National Wildlife Fed'n* case is not instructive to the current analysis.

2016 WL 499025, at *7 (S.D. Cal. 2016) (internal citations omitted).

     The Court in *Del Socorro Quintero Perez* instead was persuaded that "disclosure of certain documents 'intrude[d] minimally, and without prejudice, into agency deliberations,'"  and any "infringement upon the frank and independent discussions regarding contemplated policies and decisions by the County... [could] be alleviated through the use of a strict protective order." *Price v. County of San Diego,* 165 F.R.D. 614, 620 (S.D. Cal. 1996) (citing *Sanchez v. Johnson*, 2001 WL

1870308 *4 n. 7 *N.D. Cal. 2001)).

The Court in *Del Socorro Quintero Perez* faced a remarkably similar fact pattern and found that "Defendants' concerns regarding the frankness of agency discussion does not weigh strongly against disclosure and can be mitigated through the use of the protective order." 2016 WL 499025 at *9. Given this precedent and under the *Warner* balancing test, Magistrate Judge Crawford's decision to produce these documents is not contrary to law. Moreover, even if there were "two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985)).

Accordingly, Magistrate Judge Crawford correctly determined that these documents were entitled to deliberative process privilege, and correctly applied the 4-part *Warner* balancing test to determine that the Plaintiffs' need for unredacted copies of Documents 2-6 outweighed the Defendants' interest in non-disclosure. This determination is neither clearly erroneous nor contrary to law.

## **CONCLUSION**

Magistrate Judge Crawford's decision followed the law and there was no clear error in her reasoning. Defendants' objection concerning Documents 7-9 is based on a blatant misstatement of the law. Magistrate Judge Crawford properly held that Documents 2-6 should be disclosed pursuant to the *Warner* balancing test. Defendants' objection should be denied in full.

Dated: June 1, 2020

MAYER BROWN LLP
    Matthew H. Marmolejo
    Ori Lev
    Stephen M. Medlock

SOUTHERN POVERTY LAW

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

CENTER
    Melissa Crow
    Sarah Rich
    Rebecca Cassler

CENTER FOR CONSTITUTIONAL
RIGHTS
    Baher Azmy
    Ghita Schwarz
    Angelo Guisado

AMERICAN IMMIGRATION
COUNCIL
    Karolina Walters


By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*

MEM. IN OPPOSITION TO DEFS.'
OBJECTION TO MAY 1, 2020 ORDER

1

**CERTIFICATE OF SERVICE**

2   I certify that I caused a copy of the foregoing document to be served on all

3 counsel via the Court's CM/ECF system.

4 Dated: June 1, 2020       MAYER BROWN LLP

5

6              By _/s/ Stephen M. Medlock_

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28