JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ARI NAZAROV (CT 414491)
DHRUMAN SAMPAT (NJ 270892018)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Karen S. Crawford |
| v. | **JOINT MOTION TO SEAL PORTIONS OF THE PARTIES' JOINT MOTION FOR DETERMINATION OF PRIVILEGE DISPUTE** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*,[*] | |
| *Defendants* | |

---

[*] Acting Commissioner Morgan is automatically substituted as a Defendant for former Commissioner McAleenan pursuant to Federal Rule of Civil Procedure 25(d).

## I.      DEFENDANTS' SECTION

Defendants hereby move to seal portions of the parties' Joint Motion for Determination of Privilege Dispute that quote from or reveal the substance of Defendants' privilege assertions. That Joint Motion concerns Plaintiffs' challenge to Defendants' law-enforcement privilege assertions over nineteen documents or portions thereof, which Defendants sought to claw back on March 31, 2020. Although Defendants will lodge the 19 documents (or "Exhibits") with the Court for *in camera* review, the Joint Motion itself quotes and discusses the substance of those documents that Defendants maintain are privileged and should be protected from public disclosure. This Court should seal the portions of the Joint Motion that quote from and refer to the Exhibits. Publicly filing the Joint Motion would reveal the Exhibits' contents and moot Defendants' privilege assertions before this Court even has an opportunity to address them.

There are both compelling reasons and good cause to seal the portions of the Joint Motion that quote from or otherwise reveal the substance of the Exhibits. Allowing those portions of the Joint Motion to be filed publicly would reveal the substance of the documents and moot Defendants' privilege assertions to the same extent as revealing the Exhibits themselves would. Defendants have articulated the harms that would result from the disclosure of particular portions of each Exhibit, or the substance of those Exhibits, in the declarations of Deputy Executive Assistant Commissioner John P. Wagner, the second-highest ranking official in U.S. Customs and Border Protection's (CBP) Office of Field Operations (OFO), and Chief Patrol Agent Aaron Heitke, the highest ranking official in U.S. Border Patrol's San Diego Sector (attached hereto as Gov't Exhs. A and B, respectively).

Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party may still overcome the presumption of access, *Heldt v. Guardian Life Ins. Co. of America*, No. 16-cv-885, 2018 WL 5920029, at *1 (S.D. Cal. Nov. 13, 2018). The presumption

DEFS.' JOINT MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

of access is "based on the need for federal courts ... to have a measure of accounta-bility and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Thus, when the docu-ments to be protected are "more than tangentially related to the merits," parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety*, 809 F.3d 1092, 1096–98); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). "When the underlying motion does not surpass the tangential relevance threshold, the 'good cause' standard applies." *Heldt*, 2018 WL 5920029 at *1 (quot-ing *Ctr. for Auto Safety*, 809 F.3d at 1096–98).

This Court should seal any portions of the Joint Motion that discuss the con-tents or substance of Exhibits 1–17, which consist of an email chain and its sixteen embedded images sent on January 11, 2019, by a supervisory CBP officer to his superiors in the San Diego Field Office recommending the revocation of Secure Electronic Network for Travelers Rapid Inspection (SENTRI) privileges for Al Otro Lado employee Nicole Ramos. *First*, Defendants assert the law-enforcement privi-lege over the entirety of each document, *see* Gov't Ex. A, Wagner Decl. ¶¶ 3–9, and that dispute is currently pending before this Court. Even though Plaintiffs disagree with the assertions of privilege, Plaintiffs are prohibited from publicly disclosing the contents of those documents under the clawback provisions of the ESI Order entered in this case. *See* ESI Order § VI(G)(5)(b) (ECF No. 277) ("The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged."). *Second*, revealing the substance of Exhibits 1–17 would cause Defendants harm because it "would reveal the types and sources of information that CBP considers relevant for determining eligibility in its Trusted Traveler Programs, thereby undermining CBP's ability to use the same law enforcement techniques and

sources to assess future applicants for and participants in those Trusted Traveler Programs." Wagner Decl. ¶ 6; *see also id.* ¶ 7. It would also reveal a record from TECS, CBP's "principal law enforcement and anti-terrorism database," "known as a 'lookout.'" Wagner Decl. ¶¶ 8.a, 8.b. A TECS lookout "generally provides instructions to officers on how they should exercise their discretion in certain situations, such as how to handle the inspection of certain individuals who may pose a threat to the United States or who may be involved in unlawful activity." *Id.* ¶ 8.b. Disclosure of this document would cause the distinct harm of "undermin[ing] the[] utility [of TECS lookouts]" by "allowing hostile actors to tailor countermeasures in attempt to circumvent law enforcement. *Id.*

The Court should also seal the portions of the Joint Motion that discuss or refer to certain information contained in Exhibit 18, which consists of an intelligence report created on January 14, 2019, by a Border Patrol agent in Border Patrol's San Diego Sector. *First*, Defendants have asserted the law-enforcement privilege over the information highlighted in red on p. 703 of Exhibit 18, and sealing any portion of the Joint Motion that discusses or refers to that information is necessary to give this Court an opportunity to address the privilege dispute. *Second*, public disclosure of that information would cause Defendants harm. That part of the report:

> describes gaps in CBP's information and intelligence related to the potential marriage fraud scheme that was the subject matter of this Field Information Report. If the names in this section were disclosed, they—when read together with the remaining information in this section and throughout the Field Information Report itself—would reveal to a hostile actor precisely what information CBP had not been able to ascertain about the potential marriage-fraud scheme at that point in time. Even though this information is historical, a hostile actor could evaluate that assessment, along with other information in this Field Information Report and other publicly available information, to extrapolate sufficient information to gain general insights into the limits of CBP's abilities to acquire information and intelligence. The hostile actor could then exploit that knowledge to change its behavior or take other steps to evade CBP's efforts to collect intelligence and thus execute its mission.

Gov't Ex. B, Heitke Decl. ¶ 11. This constitutes a *prima facie* showing of harm that

DEFS.' JOINT MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

warrants sealing. *See, e.g.*, *Wagafe v. Trump*, — F.R.D. —, 2020 WL 246693, at *3 (W.D. Wash. 2020).

The Court should also seal the portions of the Joint Motion that discuss or refer to certain information contained in Exhibit 19, a PowerPoint presentation created in December 2018 by CBP's Region IX Emergency Operations Center (EOC) to brief the Region IX leadership about developments in Operation Secure Line, an operation "designed to ensure that CBP was prepared for any attempted incursion of large groups of intending migrants, whether at or between ports of entry." *See* Wagner Decl. ¶¶ 10–14. *First*, Defendants have asserted the law-enforcement privilege over the information highlighted in red on pp. 617 and 618 of the document. *Second*, public disclosure of the document would cause Defendants harm. The information on p. 617 "consists of TECS record IDs, which facilitate navigation through [] CBP's TECS database." Heitke Decl. ¶ 21. Page 617 also:

> describes specific law-enforcement actions and steps CBP took with regard to information about these individuals, including a description of with which entities the information was further shared and disseminated. Disclosure of this information would alert the individuals of interest, as well as [similarly situated individuals], of the types of actions CBP takes with certain types of sensitive information, which would permit such individuals to take actions to evade law enforcement, thereby undermining CBP and other agencies' abilities to continue to obtain and develop information and intelligence about these individuals and the potential unlawful activity.

*Id.* And the information on p. 618 consists of "detailed information regarding individuals of interest to law enforcement," including an individual not otherwise mentioned throughout the documents at issue. Wagner Decl. ¶ 13. Disclosure "would alert individuals that they may be of law enforcement interest, such that they may take steps to alter their behavior in order to evade such law enforcement activity and thereby undermine CBP's ability to obtain and develop further information and/or intelligence related to those individuals. That, in turn, could seriously undermine CBP's ability to perform its law enforcement mission." *Id.* This is a *prima facie*

showing of harm from disclosure. *See Wagafe*, 2020 WL 246693, at *3.

Because of the privileged nature of the documents described above, and the harm that would result from their contents' public disclosure, there are both compelling reasons and good cause to seal the portions of the Joint Motion that would reveal the content of these Exhibits.

## II.    PLAINTIFFS' SECTION

Although Plaintiffs disagree with Defendants' characterization above of the documents at issue as privileged, or as revealing particularly sensitive information or confidential law enforcement techniques or methods (as discussed more fully in the parties' substantive joint motion), Plaintiffs do not oppose the motion to seal.

//

//

DEFS.' JOINT MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

DATED: June 4, 2020                    Respectfully submitted,

                                       JOSEPH H. HUNT
                                       Assistant Attorney General
                                       Civil Division

                                       WILLIAM C. PEACHEY
                                       Director

                                       KATHERINE J. SHINNERS
                                       Senior Litigation Counsel

                                       */s/ Alexander J. Halaska*
                                       ALEXANDER J. HALASKA
                                       Trial Attorney
                                       United States Department of Justice
                                       Civil Division
                                       Office of Immigration Litigation
                                       District Court Section
                                       P.O. Box 868, Ben Franklin Station
                                       Washington, D.C. 20044
                                       Tel: (202) 307-8704 | Fax: (202) 305-7000
                                       alexander.j.halaska@usdoj.gov

                                       *Counsel for Defendants*

DEFS.' JOINT MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

**CERTIFICATE OF SERVICE**

*Al Otro Lado v. Wolf*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: June 4, 2020                    Respectfully submitted,

                                       */s/ Alexander J. Halaska*
                                       ALEXANDER J. HALASKA
                                       Trial Attorney
                                       United States Department of Justice

DEFS.' JOINT MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC