JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ARI NAZAROV (CT 414491)
DHRUMAN SAMPAT (NJ 270892018)
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
(San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Karen S. Crawford |
| v. | **GOVERNMENT EXHIBIT A** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Chad WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants*. | Case No. 3:17-cv-02366-BAS-KSC |

## DECLARATION OF JOHN P. WAGNER

I, John P. Wagner, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me in the course of my employment, hereby declare as follows relating to the above-captioned matter.

1. I am the Deputy Executive Assistant Commissioner, Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP), Department of Homeland Security (DHS). I have been employed in this role since April 16, 2014. I began my career with the U.S. Customs Service as a Customs Inspector in 1991, and I had several assignments in the field, including at the New Jersey seaport and Newark International Airport and the Laredo port of entry. I was also detailed to the Department of Homeland Security, Border and Transportation Security Directorate. I have been assigned to OFO at headquarters since 1999. I have worked on many different policy and operational issues during my time at headquarters, including serving as Executive Director, Admissibility and Passenger Programs. I am a member of the Senior Executive Service.

2. In my role as the Deputy Executive Assistant Commissioner, I am responsible for executing the missions of CBP and OFO, which is the largest sub-component of CBP. The CBP mission includes the enforcement of the customs, immigration, and agriculture laws and regulations of the United States and the enforcement of hundreds of laws at the border on behalf of numerous federal agencies. OFO is responsible for border security—including antiterrorism, immigration, anti-smuggling, trade compliance, and agriculture protection—while simultaneously facilitating lawful trade and travel through ports of entry. I oversee a staff of approximately 30,000

1

employees, including more than 24,000 CBP Officers, to implement the mission of CBP and, more specifically, of OFO, at 20 major field offices, 328 ports of entry, 10 industry-specific trade Centers of Excellence and Expertise, and 70 international locations in over 40 countries around the world. My major duties and responsibilities are extensive and varied, but at bottom, I work directly with the Executive Assistant Commissioner for OFO to implement OFO's operational mission and ensure that ports of entry are secured; threats and inadmissible aliens, goods, and conveyances are intercepted; legitimate trade and travel are facilitated; and operations and outcomes are consistent. My work includes overseeing units that identify known or potential terrorists and instruments of terror, criminals, smuggling patterns, trends, methods, and other threats to U.S. borders and national security; assess threats; and develop and disseminate tactical information and intelligence.

       3.    I make this declaration for the dual purposes of asserting the law enforcement privilege over the following documents in their entirety, or, where indicated, portions thereof, and explaining why, at a minimum, these documents, or where indicated, portions thereof, must be filed under seal. Some of these documents were created by, or utilized by, entities in OFO's San Diego Field Office and/or CBP's Region IX Emergency Operations Center, and others were created by entities at OFO's headquarters. Therefore, as the Deputy Executive Assistant Commissioner for OFO, I am a head of the department having control over the information for which I assert the law enforcement privilege. I make this declaration based on personal consideration of these documents.

         a. Email chain titled, "FWD: Recommendation for the Revocation of SENTRI Privileges for Nicole Ramos" [AOL-DEF-00556914]
         b. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556919]
         c. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556920]
         d. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556921]
         e. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556922]
         f. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556923]
         g. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556924]
         h. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556925]
         i. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556926]
         j. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556927]

  k. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556928]

  l. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556929]

  m. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556930]

  n. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556931]

  o. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556932]

  p. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556933]

  q. Extracted image from AOL-DEF-00556914 [AOL-DEF-00556934]

  r. U.S. Customs and Border Protection Emergency Operations Center, Region IX Update [AOL-DEF-00516605]

**AOL-DEF-00556914 and its extracted images at AOL-DEF-00556919 through AOL-DEF-00556934**

  4. AOL-DEF-00556914 consists of an internal CBP email chain detailing the reasons why CBP revoked Secure Electronic Network for Travelers Rapid Inspection (SENTRI) privileges for an individual named Nicole Ramos. AOL-DEF-00556919 through AOL-DEF-00556934 consist of the extracted images from AOL-DEF-00556914.

  5. SENTRI is one of four CBP Trusted Traveler Programs, which allow pre-enrolled, low-risk participants to receive expedited border processing, enabling CBP to direct additional scrutiny to unknown, potentially higher-risk travelers arriving at ports of entry. The SENTRI program in particular provides expedited CBP processing for pre-approved, low-risk travelers at southern land border ports of entry. All of ports of entry that participate in the SENTRI program have designated vehicle and/or pedestrian lanes with access restricted to SENTRI members.

  6. AOL-DEF-00556914 and its extracted images contain detailed information underlying CBP's determination that Ramos was not a low-risk traveler eligible for the SENTRI program, as well as the sources from which CBP obtained this information. Disclosure of this information would reveal the types and sources of information that CBP considers relevant for determining eligibility in its Trusted Traveler Programs, thereby undermining CBP's ability to use the same law enforcement techniques and sources to assess future applicants for and participants in those Trusted Traveler Programs. Individuals seeking to obtain or retain Trusted Traveler privileges for illicit purposes could use that information to identify any possible gaps in CBP's decision making, manipulate information provided to CBP, and change their behavior in order to inappropriately obtain Trusted Traveler privileges. Such manipulation could result in CBP being

3

unable to assess applicants for and participants in the Trusted Traveler Programs with the requisite confidence level, and could result in CBP incorrectly identifying individuals as low risk and thus eligible for Trusted Traveler Programs, when, for instance, they pose a threat to national security.

7. Additionally, AOL-DEF-00556914 and its extracted images contain information regarding areas and individuals of interest to CBP law enforcement efforts. This information reveals CBP's law enforcement priorities and areas of particular law enforcement focus. If this information were disclosed, individuals seeking to evade law enforcement activities could better assess the areas to which CBP has devoted significant resources, and conversely, the areas to which it may not devote significant resources, and thus implement more effective countermeasures to evade law enforcement. Those countermeasures could undermine CBP and other agencies' abilities to obtain and develop information and intelligence needed to carry out their law enforcement missions.

8. Further, two of AOL-DEF-00556914's extracted images—AOL-DEF-00556919 and AOL-DEF-00556922—are also law enforcement privileged for reasons apart from their consideration in the revocation of Ramos's SENTRI privileges.

  a. AOL-DEF-00556919 consists of a record from TECS, which is CBP's principal law enforcement and anti-terrorism database system. TECS is an overarching law-enforcement information collection, analysis, and sharing environment that securely links telecommunications devices and personal computers to a central system and database. This environment is comprised of several modules designed to collect, maintain, and vet data, and to conduct analyses, assess risk, and share information. TECS contains temporary and permanent enforcement, inspection, and intelligence records relevant to the law enforcement mission of CBP and numerous other federal agencies that CBP supports. TECS is described in further detail in the Federal Register at 73 Fed. Reg. 77778 (Dec. 19, 2008). DHS has also published a Privacy Impact Assessment on TECS.[1]

  b. AOL-DEF-00556919 is a TECS record known as a "lookout," which generally provides instructions to officers on how they should exercise their discretion in certain situations, such as how to handle the inspection of certain individuals

---

[1] https://www.dhs.gov/sites/default/files/publications/DHS-PIA-ALL-021%20TECS%20System%20Platform.pdf

who may pose a threat to the United States or who may be involved in unlawful activity. The disclosure of lookouts would not just undermine their utility, but allow hostile actors to tailor countermeasures in attempt to circumvent law enforcement. For example, an alien smuggler who learns that CBP has a lookout associated with his vehicle may start using a different vehicle. As another example, a narcotics trafficker who learns that CBP has a lookout associated with her name may then explore other methods for trafficking, such as paying others to do the transport.

c. Moreover, the disclosure of AOL-DEF-00556919 would reveal not only the law enforcement techniques and procedures associated with this particular lookout, but law enforcement techniques and procedures more generally. While some of the information contained within such records may appear innocuous taken in isolation, such information can place CBP law enforcement activities in a precise context, pinpoint certain players and events that are of particular interest to CBP, identify critical tools and resources, and reveal the extent of law enforcement's knowledge of certain potentially unlawful endeavors. Such information creates a basis for comparison of the handling of different individuals or factual scenarios, which could reveal the nature and extent of the government's law enforcement interest in particular facts. A hostile actor could use this information to tailor countermeasures in attempt to circumvent law enforcement, thereby undermining CBP's mission readiness and the security of the United States.

d. AOL-DEF-00556922 consists of Page 14 of AOL-DEF-00516605 (Bates stamped AOL-DEF-00516618), for which I assert the law enforcement privilege over in Paragraphs 13 and 14, below. I incorporate by reference all of the reasons set forth in Paragraph 13, below, to also assert the law enforcement privilege over AOL-DEF-00556922.

9. I have reviewed the terms of the Protective Order, ECF No. 276, in this litigation. A "Confidential" or a "Highly Confidential – Attorneys' Eyes Only" designation under the Protective Order is not sufficient to prevent the harm to CBP's operations that would result from these documents being disclosed in this litigation. At a minimum, AOL-DEF-00556914 and its

5

extracted images at AOL-DEF-00556919 through AOL-DEF-00556934 should be filed under seal for all of the reasons specified in Paragraphs 4-8, above.

**AOL-DEF-00516605:**

10. AOL-DEF-00516605 is 19-page PowerPoint Presentation created by CBP's Region IX Emergency Operations Center ("EOC"), titled "Region IX Update: 29 December 2018 (1800-0800)." CBP's Region IX EOC was temporarily activated in late 2018 as part of Operation Secure Line, a multi-phased and flexible operational response designed to ensure that CBP was prepared for any attempted incursion of large groups of intending migrants, whether at or between ports of entry. CBP's Region IX EOC covered the entire southwest border in California and Arizona. It was staffed principally by CBP components—Office of Field Operations, U.S. Border Patrol, Air and Marine Operations, and the Office of Intelligence—but included representatives from other federal partners.

11. CBP's Region IX EOC staff created AOL-DEF-00516605 to brief the Region IX leadership team on operational issues. I am asserting the law-enforcement privilege over certain information on Page 11, as well as the information on Pages 12 and 14 of AOL-DEF-00516605 (Bates stamped AOL-DEF-00516615, AOL-DEF-00516616, and AOL-DEF-00516618, respectively).

12. Page 11 details entities with which information regarding certain law-enforcement data pertaining to a migrant caravan was shared, as well as the purposes for such sharing. This information thus reveals details about CBP's law enforcement techniques and procedures, including, for instance, the types of entities to which certain information is provided, as well as CBP's practices relating to the sharing of certain law enforcement information. If disclosed, this information would assist hostile actors in the development of methods to evade detection and apprehension, and thereby impair the effectiveness of those law enforcement methods, techniques, and procedures.

13. Pages 12 and 14 contain detailed information regarding individuals of interest to law enforcement, including the specific reasons that those individuals are of interest to law enforcement, the specific techniques and methods utilized to obtain relevant information about those individuals, and information about those individuals contained in CBP systems and maintained by another federal agency. Additionally, Page 12 contains a discussion about the relative strengths and weaknesses of the information. Disclosure of such information would alert

6

individuals that they may be of law enforcement interest, such that they may take steps to alter their behavior in order to evade such law enforcement activity and thereby undermine CBP's ability to obtain and develop further information and/or intelligence related to those individuals. That, in turn, could seriously undermine CBP's ability to perform its law enforcement mission.

14. A "Confidential" or a "Highly Confidential – Attorneys' Eyes Only" designation under the Protective Order is not sufficient to prevent the harm to CBP's operations that would result from certain information on Page 11 and all of the information on Pages 12 and 14 of AOL-DEF-00516605 being disclosed in this litigation. At a minimum, certain information on Page 11 and all of the information on Pages 12 and 14 of AOL-DEF-00516605 should be filed under seal, for all of the reasons specified in Paragraphs 10-13, above.

**Conclusion**

15. For all of the foregoing reasons, on behalf of CBP, I am asserting the law enforcement privilege over: (1) AOL-DEF-00556914 and its extracted images contained at AOL-DEF-00556919 through AOL-DEF-00556934, and (2) certain information on Page 11 and all of the information on Pages 12 and 14 of AOL-DEF-00516605.

16. Additionally, at a minimum, (1) AOL-DEF-00556914 and its extracted images contained at AOL-DEF-00556919 through AOL-DEF-00556934, and (2) certain information on Page 11 and all of the information on Pages 12 and 14 of AOL-DEF-00516605, must be filed under seal.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on the __ day of May, 2020

JOHN P WAGNER
Digitally signed by JOHN P WAGNER
Date: 2020.05.04 11:40:32 -04'00'

_____
John P. Wagner
Deputy Executive Assistant Commissioner
Office of Field Operations
U.S. Customs and Border Protection

7