JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
ARI NAZAROV (CT 414491)
DHRUMAN Y. SAMPAT (NJ 270892018)
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4281 | Fax: (202) 305-7000
Trial Attorneys
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF RULE 72(A) OBJECTIONS TO PORTIONS OF THE MAGISTRATE JUDGE'S MAY 1 DISCOVERY ORDER (ECF No. 446)** |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | Hearing Date: June 15, 2020 |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................1

ARGUMENT .....................................................................................................2

    I.   Documents 7 through 9 Contain Predecisional, Deliberative
        Material..........................................................................................2

    II.  Plaintiffs Cannot Show a Need for Documents 2 through 6. ........7

CONCLUSION .................................................................................................10

i

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

# **TABLE OF AUTHORITIES**

## **Cases**

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Group, Inc.*,

   99 F.Supp.3d 1110 (C.D. Cal. 2015) ...................................................7

*Ames Construction v. Clark County*,

   2020 WL 1674327 (D. Nev. April 6, 2020)....................................5, 9

*Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*,

   410 F.3d 1173 (9th Cir. 2005) .............................................................7

*Carter v. U.S. Dep't of Commerce*,

   307 F.3d 1084 (9th Cir. 2002) .............................................................6

*Del Socorro Quintero Perez v. United States*,

   2016 WL 499025 (S.D. Cal. Feb. 9, 2016)......................................10

*EEOC v. Chipotle Mexican Grill, Inc.*,

   2019 WL 3811890 (N.D. Cal. Aug. 1, 2019) ................................ 8, 10

*EEOC v. Fred Meyer Stores, Inc.*,

   954 F.Supp.2d 1104 (D. Or. 2013) .....................................................2

*FTC v. Warner Commc'ns*,

   742 F.2d 1156 (9th Cir. 1984) .................................................. 2, 7, 8

*Gates v. United States*,

   2018 WL 3303019 (S.D. Cal. July 5, 2018) ....................................6, 7

*Hendon v. Baroya*,

   2012 WL 995757 (E.D. Cal. Mar. 23, 2012) ......................................2

*Lahr v. Nat'l Transp. Safety Bd.*,

   569 F.3d 964 (9th Cir. 2009) ..............................................................4

*N.L.R.B v. Sears, Roebuck & Co.*,

   421 U.S. 132 (1975).........................................................................2, 4

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

*Nat'l Wildlife Federation v. U.S. Forest Serv.*,

   861 F.2d 1114 (9th Cir. 1988) ....................................................................3, 6

*Paramount Pictures Corp. v. Replay TV*,

   2002 WL 32151632 (C.D. Cal. May 30, 2002) ......................................................2

*Rosenfeld v. United States Dep't of Justice*,

   57 F.3d 803 (9th Cir. 1995) ....................................................................................2

*Senate of the Commonwealth. of P.R. v. U.S. Dep't of Justice*,

   823 F.2d 574 (D.C. Cir. 1987) ...............................................................................4

*Sierra Club, Inc. v. United States Fish and Wildlife Serv.*,

   925 F.3d 1000 (9th Cir. 2019) ................................................................ 3, 4, 5, 6

*Motor Vehicl Mfrs. Ass'n v. State Farm*,

   463 U.S 29 (1983). ..................................................................................................8

*Stichting v. Pensioenfonds*,

   802 F.Supp.2d 1125 (C.D. Cal. 2011) ....................................................................6

*Sung Gon Kang v. Credit Bureau Connection, Inc.*,

   2019 WL 5862289 (E.D. Cal. Nov, 8, 2019) ..........................................................9

*Swartwood v. Cnty. of San Diego*,

   2013 WL 6670545 (S.D. Cal. Dec. 18, 2013) ........................................................8

*United States v. Dyanvac, Inc.*,

   6 F.3d 1407 (9th Cir. 1993) ....................................................................................4

*United States v. Fernandez*,

   231 F.3d 1240 (9th Cir. 2000) ................................................................................2

*Zimmerman v. City of Oakland*,

   255 F.3d 734 (9th Cir. 2001) ..................................................................................2

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

# INTRODUCTION

This Court should reject the arguments made by Plaintiffs in their Opposition and sustain Defendants' objections to portions of Judge Crawford's Order Denying Defendants' Motion to Claw-Back Documents and Granting in Part and Denying in Part Defendants' Motion to Seal (ECF No. 446) ("May 1 Order"). The documents at issue are protected by the deliberative process privilege, and Plaintiffs did not demonstrate—and have not demonstrated—that the privilege should yield.

Documents 7 through 9 contain precisely the type of material that the privilege is meant to cover: communications that reflect pre-decisional analysis and recommendations made in connection with a particular policy decision. Defendants' assertion of privilege over these documents is entirely consistent with the purpose of the privilege and with existing Supreme Court and Ninth Circuit precedent. The Magistrate Judge erred and ignored the language of the documents themselves in determining that the material contained in Documents 7 through 9 did not qualify for the protection of the privilege. Moreover, Plaintiffs have not argued that they have a need for these documents such that the privilege should yield. Accordingly, the Court should allow Defendants to claw back these three emails.

In their Opposition, Plaintiffs engage in the analysis that the Magistrate Judge never undertook to determine whether the deliberative process should yield for Documents 2-6. In doing so, Plaintiffs insert certain arguments never raised before Judge Crawford. Ultimately, however, Plaintiffs' Opposition does nothing to substantiate that their need for the documents outweighs Defendants' interest in protecting its internal deliberations that precede a final decision. This is especially true where Plaintiffs have a wealth of information available to them—including hundreds of thousands of emails and reports and the deposition transcripts of numerous CBP officials—to test Defendants' assertions regarding the capacity and resources of ports of entry. There is simply no need for Plaintiffs to delve into the predecisional policy discussions for each and every decision that may relate to these issues.

1

The Court should thus sustain Defendants' objections and allow Documents 2 through 9 to be clawed back pursuant to the agreed-upon and court-endorsed provisions of the ESI Order (ECF No. 277).

## **ARGUMENT**

### I.    Documents 7 through 9 Contain Predecisional, Deliberative Material.[1]

The Magistrate Judge's ruling that the deliberative process privilege did not protect the certain of the communications in these emails was contrary to the law and ignored the substance of the documents and the evidence submitted by Defendants. The relevant portions of these documents are on their face both predecisional and deliberative, and are thus privileged. *See United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000).

Defendants agree with Plaintiffs that, to qualify for the protections of the deliberative process privilege, the redacted material must "compris[e] part of a process by which governmental policies are formulated." *See N.L.R.B v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975); *FTC v. Warner Commc'ns,* 742 F.2d 1156, 1161 (9th Cir. 1984). The material must thus predate the decision and be deliberative in that

---

[1] Plaintiffs inexplicably attached and filed portions of two deposition transcripts that they did not attach to the original Joint Motion as purported "background" to the motion.  Interestingly, Plaintiffs do not even rely on the exhibits in support of their arguments.  The Court should decline to consider such evidence that was never presented to the magistrate judge, and which has no apparent purpose in the resolution of the matter presently before the Court. *Hendon v. Baroya*, 2012 WL 995757, at *2 (E.D. Cal. Mar. 23, 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Rosenfeld v. United States Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995)); *EEOC v. Fred Meyer Stores, Inc.*, 954 F.Supp.2d 1104, 1118 (D. Or. 2013) (striking an exhibit filed in conjunction with a summary judgment motion in part because it was not helpful); *Paramount Pictures Corp. v. Replay TV*, 2002 WL 32151632, at *1 (C.D. Cal. May 30, 2002) (holding that parties could not present affidavits containing evidence not presented before the magistrate judge).

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

its exposure would discourage candid discussions within the agency; deliberative materials include "*recommendations*, draft documents, *proposals*, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency' or that 'inaccurately reflect or *prematurely* disclose the views of the agency.'" *Sierra Club, Inc. v. United States Fish and Wildlife Serv.*, 925 F.3d 1000, 1015 (9th Cir. 2019) (emphasis added). Documents 7 through 9 contain such material. As Judge Crawford acknowledged, the context of these email chains demonstrate that the email discussion concerns preparation for a meeting with decisionmakers to discuss *potential* policy changes. May 1 Order, at 7 (stating that the emails were "generated as a result of a request for a meeting to discuss potential changes to CBP's queue management policies and practices with the DHS Deputy Secretary[.]"). Yet both Plaintiffs and the Magistrate Judge overlooked that these communications also quite clearly contain deliberative information because they recount recommendations and proposals that were part of this ongoing decisionmaking process. The portions of the documents over which Defendants assert the privilege: (1) identify the substance and focus of a non-final policy proposal/recommendation (Doc. 7, at page 358, second email from top; Doc. 8, at pages 556 and 557; and Doc. 99, at page 562, first email from top); and/or (2) make substantive recommendations on, or summarize the contents of, a briefing paper regarding the policy proposals that was prepared for the meeting (Doc. 7, at page 358, third email from top; Doc. 8, at page 556; and Doc. 9 at page 562, second email from top). Accordingly, this material "reveal[s] the substance of *non-final* or *tentative* proposals, which constituted recommendations." Defs.' Obj. at 9 (emphasis added). "So long as such recommendations do not represent final agency policy, it is clear that they fall within the deliberative process privilege." *Nat'l Wildlife Federation v. U.S. Forest Serv.*, 861 F.2d 1114, 1121 (9th Cir. 1988).

Plaintiffs' Opposition attempts to obfuscate these basic facts by accusing Defendants of misrepresenting the law. Yet their arguments are unavailing, because

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

there is no question that material over which Defendants assert the privilege falls within the purpose and contours of the deliberative process privilege. First, contrary to Plaintiffs' arguments, the predecisional prong of the analysis is focused on the "temporal" relationship of the document to the decision to which it relates. *Senate of the Commonwealth. of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987) (Ginsburg, J.), *declined to be followed on other grounds*, *United States v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir. 1993). A document that is prepared to assist the decisionmaker in arriving at a final decision is predecisional because it predates the corresponding decision. *Sierra Club*, 925 F.3d at 1012; *see also id.* at 1014 (holding that a document created by a final decisionmaker was *not* predecisional because it represented the *final* view of the agency). That is, the "prepared in order to assist an agency decision-maker" language in the Ninth Circuit's *Sierra Club* decision, helps distinguish between documents that predate the decision, and those that postdate the decision, which are not meant to assist with the decisionmaking process but are designed to explain a decision *already made*. *See Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 981 (9th Cir. 2009) (distinguishing between predecisional and post-decisional documents) (citing *N.L.R.B.*, 421 U.S. at 152). Defendants do not disagree that the document must relate to the decision at issue.

Judge Crawford clearly determined that the relevant emails were predecisional by acknowledging that they were "generated as a result of a request for a meeting to discuss *potential* changes to CBP's queue management policies and practices with the DHS Deputy Secretary[.]" May 1 Order at 7 (emphasis added). When one document "reflects an earlier position of the agency" compared to the final action taken, the document is predecisional. *Sierra Club*, 925 F.3d at 1013 (holding that the draft opinion document was clearly predecisional because it reflected an earlier position compared to the one eventually taken by the agency). Plaintiffs cloud the issues, however, by focusing on an incorrect, technical argument that the documents somehow do not qualify as predecisional because there is no evidence that the

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

emails themselves were presented to the ultimate decisionmaker or were drafted to present to the decisionmaker. Plaintiffs simply ignore that the emails relay a non-final policy recommendation that is part of the agency decisionmaking process, in preparation for a meeting to evaluate that potential policy change.

Indeed, Plaintiffs wrongly imply that a predecisional document *must* be one that was considered by the ultimate decisionmaker, or the precise document that was prepared to present to the decisionmaker.[2] This cannot be the case, because such a strict interpretation of the privilege would rob it of any protection. If emails reflect, recount, advise on, or summarize the substance of a predecisional recommendation prepared or devised for decisionmaking purposes, those emails should receive the same protection that any formal recommendation document receives. *Cf. Ames Construction v. Clark County*, 2020 WL 1674327, at *3 (D. Nev. April 6, 2020) (rejecting the contention that the deliberative process privilege applies only to documents, because "if only documents are protected [by the deliberative process privilege], oral communications discussing the contents of those documents would be subject to disclosure"). If emails like those at issue in Documents 7 and 9 that reflect policy recommendations are not afforded the same protection as formal policy recommendation documents, that would defeat the purpose of the deliberative process privilege.

In any event, the material at issue in Documents 7 through 9 was clearly prepared to assist in making the decision (and thus, to assist the decisionmaker), because all of the emails on their face were drafted for purposes of preparing for a meeting to evaluate potential policy changes. Further, as discussed above, the communications also reveal the agency's proposals, which constituted recommendations, and

---

[2] Plaintiffs themselves admit that there is a distinction between a requirement that the document be considered by the ultimate decisionmaker and a requirement that it was drafted to assist in the decisionmaking process. *See* Pls.' Opp. at 7 (using the disjunctive to argue that a document is predecisional if it is "considered *or* drafted to assist the decisionmaker in making his or her decision.") (emphasis added).

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

are therefore clearly deliberative. *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (a document is deliberative if it "would expose an agency's decisionmaking process in such a way to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its function"); *see also Sierra Club*, 925 F.3d at 1015 (deliberative materials include "'*recommendations*, draft documents, *proposals*, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency' or that 'inaccurately reflect or *prematurely* disclose the views of the agency.'") (quoting *Nat'l Wildlife Fed'n*, 861 F.2d at 1118-19) (emphasis added). Plaintiffs do not oppose Defendants' argument that the documents are deliberative, and therefore, this Court should find that the documents are protected by the deliberative process privilege. *See Gates v. United States*, 2018 WL 3303019, at *4 (S.D. Cal. July 5, 2018) (considering arguments waived because the party failed to address them in their opposition) (citing *Stichting v. Pensioenfonds*, 802 F.Supp.2d 1125 (C.D. Cal. 2011)). Accordingly, the Court should conclude that the Magistrate Judge's decision finding that the documents do not contain privileged information was contrary to law.[3]

By concluding that the documents were not privileged, the Magistrate Judge never addressed whether the privilege should yield. Plaintiffs also failed to raise this

---

[3] Defendants maintain that the Magistrate Judge's conclusion that these communications did not contain any privileged information is subject to *de novo* review. Defs.' Obj. at 6-7. Should the Court employ the clearly erroneous standard, it should still overrule the Magistrate Judge's conclusion because the Magistrate Judge ignored the language of the documents and the evidence submitted by Defendants that clearly demonstrate that portions of the documents are predecisional and deliberative. *Id.* at 10 n.3 (citing *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Group, Inc.*, 99 F.Supp.3d 1110, 1154 (C.D. Cal. 2015) (quoting *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005)).

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

argument and it should thus be deemed waived. *Gates*, 2018 WL 3303019, at *4. Even if not waived, this Court should still determine that the privilege should not yield. *See* Defs.' Obj. at 10-12.

Accordingly, the Court should sustain Defendants' objections pertaining to the referenced communications in documents 7 through 9 and overturn the Magistrate Judge's ruling that the aforementioned documents did not contain privileged communications.

## II.     Plaintiffs Cannot Show a Need for Documents 2 through 6.

Contrary to Plaintiffs' arguments, the May 1 Order failed to undertake the proper analysis required to determine whether the deliberative process should yield for Documents 2 through 6. As Defendants have already shown, the privilege should not yield because Defendants have a strong interest in protecting from disclosure the frank back-and-forth conversations regarding potential actions at the San Ysidro Port of Entry that outweighs Plaintiffs' need for the information. *See* Defs.' Obj. at 13-15.

In order for Plaintiffs to obtain information otherwise protected by the deliberative-process privilege, their need for the material and accurate fact-finding must override the government's interest in non-disclosure. *FTC,* 742 F.2d at 1161. In making this determination, the court can consider: (1) relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *Id*. Judge Crawford did not conduct this analysis, but simply concluded that Plaintiffs' need outweighed Defendants' interest in non-disclosure solely based on the incorrect conclusion that the documents "directly" related to the motivation in implementing what Plaintiffs refer to as the "Turnback Policy." May 1 Order at 6. Because Judge Crawford did not undertake the proper analysis, this Court must undertake the analysis itself. *EEOC v. Chipotle Mexican Grill, Inc.*, 2019 WL 3811890, at *4 (N.D. Cal. Aug. 1, 2019) (conducting

7

1    *de novo* review of the factors to determine whether the deliberative process privilege

2    should give way).

3            In their attempt to rewrite Judge Crawford's order, Plaintiffs misstate the is-

4    sues in this case to argue that the documents are relevant. The question is whether

5    the agency action that they challenge may be upheld "on the basis articulated by the

6    agency," *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 50 (1983), not

7    whether other courses of action were feasible or even optimal, making these docu-

8    ments irrelevant to the merits of the case. Plaintiffs continually assert that "motiva-

9    tion" is at issue, but subjective intent is not an element of any of their claims. More-

10   over, Documents 2 through 6 do not express any subjective intent or motivation.

11           The Magistrate Judge also did not consider the availability of other evidence

12   and made no finding that comparable evidence was available through other means.

13   *See* May 1 Order at 6. When determining whether other evidence is available, the

14   court is to actually look at the other evidence produced in the case. *See FTC*, 742

15   F.2d at 1161-62 (concluding that the requesting party had little need for the deliber-

16   ative materials because the requesting party was able to obtain and introduce evi-

17   dence without relying on the privileged document); *Swartwood v. Cnty. of San Di-

18   ego*, 2013 WL 6670545, at *4 (S.D. Cal. Dec. 18, 2013) (determining that the avail-

19   ability factor weighed in favor of disclosure because the government conceded that

20   this information was not available from other sources).

21           Plaintiffs' argument that comparable evidence is not available through other

22   sources is disingenuous and improper. Pls.' Opp. at 12. As an initial matter, Plaintiffs

23   failed to address this before the Magistrate Judge and therefore improperly raise their

24   arguments before this Court. *See Sung Gon Kang v. Credit Bureau Connection, Inc.*,

25   2019 WL 5862289, *2-3 (E.D. Cal. Nov. 8, 2019) (declining to consider arguments

26   never raised in the discovery motion before the magistrate judge). Even if the argu-

27   ment were properly before the Court, it ignores the wealth of evidence that Defend-

28

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

1   ants have produced to allow Plaintiffs to evaluate their stated objective: whether De-

2   fendants' capacity and operational concerns are valid. Defendants produced hun-

3   dreds of thousands documents that relate to metering practices, the capacity of ports

4   of entry, and CBP's policies and practices for processing aliens without documents

5   sufficient for lawful entry. Defs. Obj. at 13. Plaintiffs claim "[n]o other documents

6   that Plaintiffs are currently aware of undermine the capacity excuse so directly," *see*

7   Pls.' Opp. at 12, but they filed 100 *other* exhibits in support of their motion for class

8   certification, 40% of which were other internal agency documents. *See* Defs.' Obj.

9   at 11,13 (noting that Plaintiffs attached 43 internal agency documents as part of their

10  103 exhibits, only three of which are subject to this dispute). Documents 2-6 repre-

11  sent less than three percent of the documents relied upon in recent briefing to further

12  Plaintiffs' arguments. Plaintiffs have also deposed numerous CBP witnesses and had

13  the opportunity to ask them about the feasibility or advisability of options to increase

14  capacity at ports of entry. Plaintiffs cannot demonstrate a need for the documents in

15  part because they have had "'ample opportunity to obtain the information by discov-

16  ery in the action[.]'" *Ames Construction*, 2020 WL 1674327, at *6 (concluding that

17  the privilege did not yield).

18       Judge Crawford also did not engage in a meaningful analysis of the final *FTC*

19  factor, but merely provided an ultimate conclusion that Plaintiffs' need for the doc-

20  uments outweighed the government's interest in disclosure. *See* May 1 Order at 6.

21  Accordingly, the Court should conduct its *de novo* review of this factor. *Chipotle*

22  *Mexican Grill, Inc.*, 2019 WL 3811890, at *4. As already discussed, disclosure of

23  the communications in these documents would hinder the frank communications that

24  the deliberative process privilege is meant to protect, disclosure of which would dis-

25  courage the free-flow of ideas and frank discussions. *See* Defs.' Obj. at 14; *see also*

26  Owen Decl. ¶¶ 14, 15 (noting the importance of having "unfiltered" recommenda-

27  tions to arrive at a "reasoned, well-supported decision."); *Del Socorro Quintero Pe-*

28

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

1  *rez v. United States*, 2016 WL 499025, at *2 (S.D. Cal. Feb. 9, 2016) (internal cita-

2  tions omitted). And the existence of the Protective Order cannot adequately protect

3  the government's interests in preserving the privilege, particularly where Plaintiffs

4  seek to impute incorrect, negative interpretations to the government's deliberative

5  discussions and submit those discussions in support of their briefing.[4]

6        Accordingly, this Court should overturn the Magistrate Judge's determination

7  and rule that these documents should be protected from disclosure.

8                                    **<u>CONCLUSION</u>**

9        For the foregoing reasons, Defendants respectfully object to the Magistrate

10  Judge's conclusions that Documents 7 through 9 did not contain communications

11  that were protected by the deliberative process privilege and that Plaintiffs' need for

12  Documents 2 through 6 outweighed Defendants' interest in non-disclosure.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  [4] Defendants reiterate that the Magistrate Judge's conclusion that these communica-

28  tions were not privileged is subject to *de novo* review. Defs.' Obj. at 6-7. Even under
    the clearly erroneous standard, the outcome is no different. Defs.' Obj. at 14-15 n.4.

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC

Dated: June 8, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

ALEXANDER J. HALASKA
ARI NAZAROV
Trial Attorneys

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4281| Fax: (202) 305-7000
dhruman.y.sampat@usdoj.gov

*Counsel for Defendants*

11

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: June 8, 2020                    Respectfully submitted,

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section

*Counsel for Defendants*

DEFENDANTS' REPLY IN SUPPORT
OF RULE 72(a) OBJECTIONS
Case No. 3:17-cv-02366-BAS-KSC