JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation –
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259
Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
ARI NAZAROV
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, INC., *et al*, | Case No. 3:17-cv-02366-BAS-KSC |
| | Hon. Karen S. Crawford |
| Plaintiffs, | |
| | **[DISCOVERY MATTER]** |
| v. | **MEMORANDUM IN SUPPORT OF JOINT MOTION TO SEAL PLAINTIFFS' EXHIBIT 1 IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE CONCERNING SCOPE OF 30(b)(6) DEPOSITION** |
| CHAD F. WOLF, Acting Secretary, U.S. DHS, in his official capacity; *et al.*, | |
| Defendants. | |
| | **[*Declaration of Stephen M. Medlock Filed Concurrently*]** |

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), the parties jointly move this Court to file under seal Plaintiffs' Exhibit 1 in support of the parties' Joint Motion for Determination of Discovery Dispute Concerning Scope of 30(b)(6) Deposition.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, these documents consist of 30 nonconsecutive pages of the transcript of the deposition of Todd Hoffman. By operation of the Court's Protective Order, the deposition of Todd Hoffman is automatically considered "Highly Confidential" until 30 days after the parties' receipt of the final deposition transcript.

While Plaintiffs acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal. Fed. R. Civ. P. 26(c) sets forth the "good cause" standard for sealing documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988). *See* Dkt. 276 at § V(B)(2)(c).

1

Moreover, Defendants assert that here, "the underlying motion does not surpass the tangential relevance threshold," and, therefore, "the 'good cause' standard applies" for the sealing of the Hoffman transcript excerpts. *See Heldt v. Guardian Life Ins. Co. of America*, No. 16-cv-885, 2018 WL 5920029, at *1 (S.D. Cal. Nov. 13, 2018) (quoting *Ctr. for Auto Safety, LLC*, 809 F.3d 1092, 1096–98 (9th Cir. 2016)). That is, the underlying Joint Motion for Determination of Discovery Dispute to which the transcript excerpts are attached, and the reasons for which the transcript is cited, involve discovery and privilege issues unrelated to the merits of the case.  Good cause exists to seal the transcript excerpts because they are presumptively protected under the Protective Order for 30 days after receipt of the transcript on July 16, 2020, and because they reveal details surrounding privileged communications or information, the disclosure of which would be harmful to the assertion of the privilege as well as have a chilling effect on attorney-client communications and internal deliberative discussions within the government.[1]

Therefore, the parties jointly request that the Court grant this joint motion to seal Plaintiffs' Exhibit 1 in support of the parties' Joint Motion for Determination of Discovery Dispute Concerning Scope of 30(b)(6) Deposition.

Dated: June 18, 2020

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

---

[1] If the Court is inclined to deny the motion to seal, Defendants respectfully request the opportunity to submit a declaration concerning the harms of disclosure. Given the timing of the receipt of the transcript and Plaintiffs' portion of the joint motion, however, Defendants necessarily had only two days to contribute to this motion to seal.

2

1
2

WILLIAM C. PEACHEY
Director

3
4

SAMUEL P. GO
Assistant Director

5

*/s/ Katherine J. Shinners*

6

KATHERINE J. SHINNERS

7

Senior Litigation Counsel

United States Department of Justice

8

Civil Division

9

Office of Immigration Litigation

P.O. Box 868, Ben Franklin Station

10

Washington, D.C. 20044

11

Tel: (202) 598-8259 | Fax: (202) 305-7000

katherine.j.shinners@usdoj.gov

12
13

ALEXANDER J. HALASKA

ARI NAZAROV

14

DHRUMAN Y. SAMPAT

Trial Attorneys

15
16

*Counsel for Defendants*

17
18

MAYER BROWN LLP

19

    Matthew H. Marmolejo

    Ori Lev

20

    Stephen M. Medlock

21

SOUTHERN POVERTY LAW CENTER

22

    Melissa Crow

    Sarah Rich

23

    Rebecca Cassler

24

CENTER FOR CONSTITUTIONAL
RIGHTS

25

    Baher Azmy

    Ghita Schwarz

26

    Angelo Guisado

27
28

3

AMERICAN IMMIGRATION COUNCIL
Karolina Walters


By: */s/ Stephen M. Medlock*
Stephen M. Medlock

*Attorneys for Plaintiffs*

4