1  MAYER BROWN LLP
2    Matthew H. Marmolejo (CA Bar No. 242964)
    *mmarmolejo@mayerbrown.com*
3  350 S. Grand Avenue
   25th Floor
4  Los Angeles, CA 90071-1503
    Ori Lev (DC Bar No. 452565)
5    *olev@mayerbrown.com*
    Stephen M. Medlock (VA Bar No. 78819)
6    *smedlock@mayerbrown.com*
   1999 K Street, N.W.
7  Washington, D.C. 20006
   Telephone: +1.202.263.3000
8  Facsimile: +1.202.263.3300

9  SOUTHERN POVERTY LAW CENTER
   Melissa Crow (DC Bar No. 453487)
10 (*pro hac vice*)
   *melissa.crow@splcenter.org*
11 1101 17th Street, N.W., Suite 705
   Washington, D.C. 20036
12 Telephone: +1.202.355.4471
   Facsimile: +1.404.221.5857

13 *Additional counsel listed on next page*
   *Attorneys for Plaintiffs*

14

15                **UNITED STATES DISTRICT COURT**
16           **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
                            **(San Diego)**
17

| | |
|---|---|
| 18  AL OTRO LADO, INC., *et al*, | Case No. 3:17-cv-02366-BAS-KSC |
| 19      Plaintiffs, | Hon. Karen S. Crawford |
| 20      v. | **[DISCOVERY MATTER] MEMORANDUM IN SUPPORT OF JOINT MOTION TO SEAL PLAINTIFFS' EXHIBITS 2-4 IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |
| 21  CHAD F. WOLF, Acting Secretary, U.S. DHS, in his official capacity; *et al.*, | |
| 22      Defendants. | [*Declaration of Stephen M. Medlock Filed Concurrently*] |

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
*bazmy@ccrjustice.org*
Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
*gschwarz@ccrjustice.org*
Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
*aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
*sarah.rich@splcenter.org*
Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
*rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030

AMERICAN IMMIGRATION COUNCIL
Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
*kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

1 Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), the parties jointly move this Court to file under seal Plaintiffs' Exhibits 2-4 in support of the parties' Joint Motion for Determination of Discovery Dispute Regarding Request for Production 220 and 222.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, the parties seek to redact and seal the names of asylum seekers and A-file numbers contained in the aforementioned exhibits.

While the parties acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal. Fed. R. Civ. P. 26(c) sets forth the "good cause" standard for sealing documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. For instance, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation of City of N.Y.*, 856 F.2d 481, 484 (2d Cir. 1988). *See* Dkt. 276 at § V(B)(2)(c).

In this case, information pertaining to asylum applications are generally confidential, *see* 8 C.F.R. § 208.6(a), and "the sensitive nature of asylum applications

1

1  alleging fear of persecution or harassment" warrant sealing such information, *Kha-*
2  *ris v. Sessions*, 2018 U.S. Dist. LEXIS 190082, at *8-9 (N.D. Cal. 2018) (granting
3  motion to seal).
4      Therefore, the parties jointly request that the Court grant this joint motion to
5  seal Plaintiffs' Exhibits 2-4 in support of the parties' Joint Motion for Determina-
6  tion of Discovery Dispute Regarding Request for Production 220 and 222.

Dated: June 18, 2020

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
ARI NAZAROV
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

MAYER BROWN LLP
    Matthew H. Marmolejo
    Ori Lev
    Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
    Melissa Crow
    Sarah Rich
    Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy
    Ghita Schwarz
    Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters


By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*

3