MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **DECLARATION OF STEPHEN M. MEDLOCK IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING REQUESTS FOR PRODUCTION 220 AND 222** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

DECLARATION OF STEPHEN M. MEDLOCK

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# DECLARATION OF STEPEHEN M. MEDLOCK

I, Stephen M. Medlock, state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner at the law firm Mayer Brown LLP, a member of the Virginia State Bar, admitted *pro hac vice* to this Court for this action, and co-lead counsel for the Plaintiffs in this case.

2. Pursuant to Civ. L. R. 83.3(g), I make this declaration in support of the parties' Joint Motion for Determination of Discovery Dispute Regarding Requests for Production 220 and 222.

3. On April 8, 2020, Defendants served their responses and objections to Plaintiffs' Sixth Set of Requests for Production. On April 24, 2020, Plaintiffs sent Defendants a letter noting several apparent deficiencies in Defendants' responses and objections.

4. Plaintiffs and Defendants met and conferred via telephone concerning the present motion on May 1, 2020. This telephone conference, which touched on several other discovery issues, lasted approximately 2.5 hours. Counsel located in the District of Columbia, Virginia, Maryland, Georgia, and New York attended the telephone conference. Despite the parties' best efforts, they were unable to fully resolve the present dispute concerning Plaintiffs' Requests for Production 220 and 222.

5. Following May 1, 2020, the parties exchanged search terms, which enabled them to reach agreement on several disputed requests for production.

6. On May 8, 2020, the parties jointly moved this Court for additional time to raise disputes concerning Plaintiffs' Sixth Set of Requests for Production to enable them to complete their exchange of search terms. *See* Dkt. Nos. 451, 453.

7. However, despite reaching agreements on many other requests for production by exchanging search terms, the parties were still unable to resolve the

present dispute concerning Requests for Production 220 and 222.

8. On May 22, 2020, counsel contacted the Court to explain that they had a dispute concerning Requests for Production 220 and 22.

9. Attached hereto as Exhibit 1 is a true and accurate copy of the excerpts from the deposition transcript of CBP 30(b)(6) witness Randy Howe.

10. On January 8, 2020 at 9:17pm ET, approximately 12 hours before Mr. Howe's deposition was scheduled to begin, Defendants sent a letter to Plaintiffs admitting that Mr. Howe "has not retained personal, hard-copy notes that he took at daily internal operations meetings" from at least October 2017 to January 2020. Specifically, the letter stated: "I write to advise you that Defendants' counsel recently learned that Custodian Randy Howe has not retained personal, hard-copy notes that he has taken at daily internal operations meetings. A litigation hold notice was issued to Mr. Howe. Counsel has also again instructed Mr. Howe to retain any notes that are potentially relevant to the claims and defenses in the litigation." Pursuant to the Court's Local Rules, Plaintiffs will provide a copy of this letter to the Court upon request.

11. On April 20, 2020 Plaintiffs sent an email to Defendants alerting to Immigration Judge opinions that were inconsistent with Judge Bashant's November 19, 2019 preliminary injunction (the "preliminary injunction"). In response to this email, Defendants stated that they were complying with the preliminary injunction but declined to provide any guidance concerning compliance with the preliminary injunction, claiming that the guidance was privileged. However, Defendants stated that they were providing non-specified, additional guidance to the Immigration Judge at issue.

12. On May 15, 2020, Plaintiffs again emailed Defendants pointing them to additional Immigration Judge opinions that appeared to be inconsistent with the preliminary injunction. In response, Defendants again claimed that their guidance concerning compliance with the preliminary injunction was privileged. In response

to additional requests for information about Defendants' efforts to comply with the preliminary injunction, on June 5, 2020, Defense counsel emailed Plaintiffs stating, amongst other things: "On December 2, 2019, CBP's Office of Field Operations (OFO) instructed the Directors of Field Operations that when CBP officers encounter an alien who makes an affirmative claim to have been metered or subjected to queue management prior to July 16, 2019 or who requests to be recognized as an *Al Otro Lado* class member, CBP officers will annotate on the I-213 that the alien is a potential *Al Otro Lado* class member. The instruction is applicable to all ports of entry along the U.S.-Mexico border."

13. Attached hereto as Exhibit 2 is a true and accurate copy of an Immigration Judge opinion concerning the preliminary injunction in *In re Matter of E.T.M.* To protect the identity of the asylum applicant, the parties have separately moved to seal the name of the asylum applicant and his/her A-File number.

14. Attached hereto as Exhibit 3 is a true and accurate copy of an Immigration Judge opinion concerning the preliminary injunction in *In re Matter of A.N.A.* To protect the identity of the asylum applicant, the parties have separately moved to seal the name of the asylum applicant and his/her A-File number.

I declare under penalty of perjury under the laws of the United States of America that the proceeding declaration is true and correct.

Executed on this 18th day of June 2019 at Washington, D.C.


By: */s/ Stephen M. Medlock*
Stephen M. Medlock