JOSEPH H. HUNT
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
ARI NAZAROV (CT 414491)
DHRUMAN Y. SAMPAT (NJ 270892018)
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4281 | Fax: (202) 305-7000
Trial Attorneys
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SEAL DOCUMENTS FILED IN CONJUNCTION WITH THEIR OPPOSITION TO DEFENDANTS' RULE 72(a) OBJECTIONS (ECF No. 458)** |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

## INTRODUCTION

Defendants submit this response in partial support of Plaintiffs' Motion to Seal Portions of their Opposition to Defendants' Objections to Judge Crawford's May 1, 2020 Discovery Order. ECF No. 458.

Specifically, Defendants urge that the Court grant the Motion to Seal as it pertains to page four of Plaintiffs' opposition, which describes the contents of the privileged and confidential documents in dispute. Judge Crawford already found that good cause supported sealing portions of the joint motion that discussed privileged, confidential, and sensitive law-enforcement information that could harm the operations of U.S. Customs and Border Protection (CBP) and other governmental entities if disclosed.[1]

## RELEVANT BACKGROUND

On April 2, 2020, the parties filed a joint motion before Judge Crawford for resolution of a clawback dispute regarding the applicability of the deliberative process privilege to nine documents. ECF No. 437. On May 1, 2020, Judge Crawford issued an Order Denying Defendants' Motion to Claw-Back Documents and Granting in Part and Denying in Part Defendants' Motion to Seal. ECF No. 446. As it relates to Defendants' motion to seal, Judge Crawford determined that Documents 2-6 (numbered identically in Defendants' Rule 72(a) objections) were protected by the deliberative process privilege, which established good cause to seal portions of discussing or quoting those documents. *Id*. at 8. The Magistrate Judge went on to find that discussion of Documents 1 and 7 also warranted sealing because they contained "confidential and sensitive law-enforcement and other information that could

---

[1] Defendants have had the opportunity to review the portions of the transcripts of the Howe and Marin depositions that were cited by Plaintiffs and do not seek to keep those portions under seal. Defendants maintain, however, that the exhibits are not properly before the Court on this issue because they were not part of the record of the original joint discovery motion and are irrelevant to the current dispute.

1

DEFENDANTS' RESPONSE TO
PLAINTIFFS" MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

harm the operations of CBP and other governmental entities if disclosed." *Id*.

On May 15, 2020, Defendants filed objections to portions of Judge Crawford's discovery order, dated May 1, 2020. ECF No. 456. Defendants limited their objections to Judge Crawford's deliberative process ruling and whether the privilege should yield for Documents 2 through 9. *Id*. Plaintiffs filed their opposition on June 1, 2020. ECF No. 460. Plaintiffs moved to seal portions of that opposition because it cited and described the content of the documents over which Defendants are asserting a privilege, and cited and attached selected pages of deposition transcripts. ECF Nos. 458-1, 459. Defendants did not oppose the motion to seal at that time. ECF No. 458-2. As Plaintiffs acknowledged, the parties did not disagree with Judge Crawford's conclusion that the summaries of Documents 2-9 should be sealed. ECF No. 458-1 at 3.

Upon further review, Defendants do not assert confidentiality over the portions of the opposition that cite to the deposition transcripts or the transcript excerpts attached at exhibits 1 and 2, although Defendants maintain that exhibits were improper because they were not part of the record of the original joint discovery motion and are irrelevant to the current dispute.

## **ARGUMENT**

Defendants respectfully request that the Court grant Plaintiffs' motion to seal the portion of the opposition on page 4 that describes the contents of privileged and confidential documents. Judge Crawford has already determined that descriptions of and discussions about those documents warrant sealing, neither party objected to that determination, and there is no reason to disturb that ruling.

Although there is "a general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party may still overcome the presumption of access. *Heldt v. Guardian Life Ins. Co. of America*, 2018 WL 5920029, at *1 (S.D. Cal. Nov.

13, 2018). "'The presumption of access is based on the need for federal courts, although independent –indeed, particularly because they are independent –to have a measure of accountability and for the public to have confidence in the administration of justice.'" Judge Crawford's Discovery Order, dated May 1, 2020 at 7 (ECF No. 446) (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)). As Judge Crawford recognized, when parties seek to maintain confidentiality of documents attached to non-dispositive motions, like a discovery motion, they "must make a 'particularized showing' of 'good cause.'". ECF No. 446 at 8 (quoting *Kamakana v. City * Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).

Here, the Court should allow the portion of Plaintiffs' opposition that discusses the substance of the documents at issue to be filed under seal. *See* ECF No. 460 at 4.[2] As Judge Crawford determined, these documents are privileged, which provided good cause to seal the portions of the discovery motion that discusses these documents. ECF No. 446 at 8. Because neither party objected to that portion of Judge Crawford's order, *see* ECF No. 482-2 at 3, there is no reason to disturb it. *See La*

---

[2] The documents at issue in this sealing motion are the exact documents that Judge Crawford addressed in her May 1 Order. In the May 1 Order, Judge Crawford ordered that portions of the discovery motion that discussed particular documents should be sealed. ECF No. 446 at 8 (stating that Documents 1 through 7 should be sealed because the documents were either privileged or contained sensitive law enforcement and other information that could harm CBP and other governmental operations). In their opposition to Defendants' Rule 72(a) objections, Plaintiffs describe the contents of the documents at issue without citing to the specific document numbers. *See* Plaintiffs' Opposition to Defendants' Rule 72(a) Objections, ECF No. 460 at 4. It is clear from the context, however, that Plaintiffs are characterizing Documents 2 through 6, which Judge Crawford already determined were protected by the deliberative process privilege and should be sealed. *See* Plaintiffs' Opposition to Defendants' Rule 72(a) Objections, ECF No. 460 at 3-4 (stating that the documents being described were those filed in support of Plaintiffs' class certification motion, and this applies only to Documents 2 through 6).

1  *Jolla Spa MD, Inc. v. Avidas Pharmaceuticals*, 2019 WL 5088559, at *3 (S.D. Cal.
2  Oct. 10, 2019) ("Because a district court is under no obligations to review a portion
3  of a magistrate judge's report unless an objection to it has been filed, the belated
4  submission of plaintiff's objection is enough to *preclude* reexamination of those rel-
5  evant portions of the R&R.") (quoting *Maisonet v. Genett Grp., Inc.*, 863 F.Supp.2d
6  138, 143 (D.P.R. 2012); *United States EEOC v. MJC, Inc.*, 2019 WL 2505030, at *1
7  (D. Haw. June 17, 2019) (affirming the parts of the magistrate judge's order not
8  objected to); *McAllister v. Adecco USA Inc.*, 2017 WL 2818198, at *2 (D. Haw. June
9  29, 2017) (limiting its 72(a) review to the issues that were appealed).

10  Furthermore, the documents also contain law-enforcement sensitive infor-
11  mation and other sensitive information that could harm the operations of CBP and
12  other governmental entities. *See* ECF No. 435 at 2-3 (citing to paragraphs 18, 20, 21
13  of the Declaration of Vernon Foret in support of sealing Documents 2, 3 and 6 that
14  are subject to the ongoing discovery dispute). Ultimately, good cause exists to war-
15  rant sealing references to these privileged documents. ECF No. 446 at 8. Accord-
16  ingly, the Court should grant Plaintiffs' motion to seal page four of their opposition.

## CONCLUSION

18  For the foregoing reasons, the Court should allow the portion of Plaintiffs'
19  opposition discussing confidential and privileged documents to remain under seal.

| | | |
|---|---|---|
| 1 | Dated: June 22, 2020 | Respectfully submitted, |

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

ALEXANDER J. HALASKA
ARI NAZAROV
Trial Attorneys

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4281| Fax: (202) 305-7000
dhruman.y.sampat@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: June 22, 2020           Respectfully submitted,

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section

*Counsel for Defendants*