MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **DECLARATION OF ORI LEV IN SUPPORT OF MOTION FOR CLARIFICATION OF THE PRELIMINARY INJUNCTION** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

DECLARATION OF ORI LEV

1  CENTER FOR CONSTITUTIONAL RIGHTS
      Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
2     *bazmy@ccrjustice.org*
      Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
3     *gschwarz@ccrjustice.org*
      Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
4     *aguisado@ccrjustice.org*
5  666 Broadway, 7th Floor
   New York, NY 10012
6  Telephone: +1.212.614.6464
7  Facsimile: +1.212.614.6499

8  SOUTHERN POVERTY LAW CENTER
      Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
9     *sarah.rich@splcenter.org*
      Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
10    *rebecca.cassler@splcenter.org*
   150 E. Ponce de Leon Ave., Suite 340
11 Decatur, GA 30030
   Telephone: +1.404.521.6700
12 Facsimile: +1.404.221.5857

13
   AMERICAN IMMIGRATION COUNCIL
14    Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
      *kwalters@immcouncil.org*
15 1331 G St. NW, Suite 200
   Washington, D.C. 20005
16 Telephone: +1.202.507.7523
17 Facsimile: +1.202.742.5619

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ORI LEV

2

**DECLARATION OF ORI LEV**

I, Ori Lev, state the following pursuant to 28 U.S.C. § 1746:

1. I am a partner at Mayer Brown LLP, a member of the District of Columbia Bar, admitted *pro hac vice* to this Court for this action, and counsel for the Plaintiffs in this case.

2. Pursuant to Civ. L. R. 7.1(f), I make this declaration in support of Plaintiffs' Motion for Clarification of the Preliminary Injunction.

3. Plaintiffs and Defendants met and conferred via telephone concerning the present motion on June 2 and June 12, 2020. Despite the parties' best efforts, they were unable to fully resolve the present dispute concerning the scope of the preliminary injunction.

4. On April 20, 2020, Plaintiffs sent an email alerting Defendants to an immigration judge decision that was inconsistent with this Court's November 19, 2019 preliminary injunction (the "preliminary injunction"). In response to this email, Defendants stated that "EOIR [the Executive Office for Immigration Review] has agreed to comply with the PI and its position is also that the PI is currently in effect and that IJs [immigration judges] and Board Members [of the Board of Immigration Appeals] are not to apply the third-country transit rule to provisional class members." Defendants declined to provide Plaintiffs with any guidance that had been issued concerning compliance with the preliminary injunction, claiming that the guidance was privileged, but shared that "EOIR's Office of the General Counsel (OGC) issued legal guidance on March 5, 2020, which was disseminated the morning of March 6, 2020, to IJs and Board members." Defendants stated that they were providing non-specified, additional guidance to the immigration judge at issue.

5. On May 15, 2020, Plaintiffs again emailed Defendants pointing them to additional opinions from immigration judges in the same court denying class members' motions to reopen removal proceedings in light of the dissolution of the

administrative stay of the preliminary injunction. See Exhs. 1-2. In response, Defendants again claimed that EOIR guidance concerning compliance with the preliminary injunction was privileged, that EOIR provided supplemental guidance to one of the immigration judges at issue, and that EOIR would "continue to consider issuing supplemental guidance as circumstances may warrant."

6. In response to additional requests for information about the government's efforts to comply with the preliminary injunction, on June 5, 2020, Defense counsel emailed Plaintiffs summarizing the government's positions on the issues raised regarding the scope of the preliminary injunction and identifying and summarizing "the non-privileged aspects of guidance issued by the DHS component agencies" regarding the preliminary injunction. Defendants also identified guidance issued by EOIR, but claimed that all such guidance was privileged and therefore "decline[d] to share it or its substance with Plaintiffs."

7. In relevant part, Defense counsel stated the following with respect to the implementation of the injunction:

    a. "Although EOIR is not a party to the litigation and the preliminary injunction is not directed to it, EOIR has agreed to act consistently with the injunction."

    b. "The government agrees that asylum officers, immigration judges, and Board members are not to apply the transit rule to provisional class members at any stage of their removal proceedings, but disagrees with Plaintiffs' position that any non-final application of the transit rule to a class member violates the preliminary injunction while administrative proceedings remain ongoing."

8. In relevant part, Defense counsel provided the following information regarding guidance that was issued upon issuance of the injunction:

    a. "On November 25, 2019, U.S. Border Patrol (BP) instructed Field Chiefs and Field Deputies that Border Patrol agents should annotate I-

    213s with 'Potential AOL Class Member' if an alien encountered by Border Patrol affirmatively indicates that he or she is a potential Al Otro Lado class member, affirmatively states that he or she has been metered or subject to queue management, or provides information from which it is reasonable to infer that he or she has been metered or subject to queue management."

   b. "On December 2, 2019, CBP's Office of Field Operations (OFO) instructed the Directors of Field Operations that when CBP officers encounter an alien who makes an affirmative claim to have been metered or subjected to queue management prior to July 16, 2019 or who requests to be recognized as an Al Otro Lado class member, CBP officers will annotate on the I-213 that the alien is a potential Al Otro Lado class member. The instruction is applicable to all ports of entry along the U.S.-Mexico border."

9. In relevant part, Defense counsel provided the following information regarding guidance that was issued upon the Ninth Circuit's grant of an administrative stay:

   a. "On December 29, 2019, USCIS's Asylum Division notified asylum headquarters and field personnel of the Ninth Circuit's order staying the preliminary injunction and instructed them to return to pre-preliminary injunction procedures. For individuals who, on the date of the instructions, had not yet received credible-fear interviews, the guidance instructs personnel not to ask the metering questions, but to note in the record if the interviewee affirmatively asserted that they were metered or were an Al Otro Lado class member."

10. In relevant part, Defense counsel provided the following information regarding guidance that was issued after the Ninth Circuit denied the government's motion for a stay pending appeal and the administrative stay was dissolved:

a. "On March 5, 2020, USCIS's Asylum Division notified asylum headquarters and field office personnel of the Ninth Circuit's March 5, 2020 order lifting its stay of the preliminary injunction and instructed that Al Otro Lado processing guidance must resume for all prospective credible-fear applications. The Asylum Division notified asylum personnel that guidance for retrospective cases (i.e., cases decided between July 16, 2019 and March 5, 2020, where the third-country-transit rule was applied and metering questions had not been asked) was forthcoming."

b. "On March 5, 2020, EOIR OGC issued legal guidance regarding the Ninth Circuit's March 5, 2020 order lifting its stay of the preliminary injunction, which was disseminated to immigration judges and members of the Board of Immigration Appeals the morning of March 6, 2020. The guidance is attorney-client privileged, and Defendants therefore decline to share it or its substance with Plaintiffs."

c. "On March 6, 2020, ICE OPLA [Office of the Principal Legal Advisor] issued instructions to OPLA and headquarters and field personnel regarding the preliminary injunction. The guidance is attorney-client privileged, and Defendants therefore decline to share it or its substance with Plaintiffs."

d. "On March 16, 2019, USCIS's Asylum Division issued guidance regarding cases decided between July 16, 2019 and March 5, 2020 where the third-country-transit rule was applied and the metering questions had not been asked. The guidance instructs that local ICE ERO offices would be referring to USCIS for class membership screening the cases of potential class members *who were still in ICE custody* or who had been released or paroled from ICE custody (an estimated 670 individuals). The guidance instructs asylum personnel to

screen those individuals for class membership using the metering questions and to refrain from applying the transit rule to aliens who are more likely than not provisional class members." (emphasis added). Defendants subsequently clarified that this screening and referral was in fact limited to class members who were in ICE custody when the administrative stay was dissolved, and did not include those "who had been released or paroled from ICE custody".

e. "On March 16, 2019, ICE ERO instructed Field Office Directors and Deputy Field Office Directors to immediately suspend the removal of *detained* aliens currently pending the execution of their removal orders who had the transit rule applied to them beginning on July 16, 2019 through March 6, 2020. ERO personnel were instructed to refer those aliens to USCIS to be screened for Al Otro Lado class membership. The guidance also instructs ERO personnel to suspend the removal of an alien who received a negative credible fear determination prior to March 6, 2020, and *affirmatively claims* to be an Al Otro Lado provisional class member or to have been metered or subjected to queue management, and to refer that alien to USCIS to be screened for class membership." (emphasis added).

f. "On May 7, 2020, EOIR OGC issued supplemental guidance to the Chief Immigration Judge, which was disseminated to the Assistant Chief Immigration Judge overseeing the Tacoma Immigration Court that day and was further shared with the Tacoma immigration judges. The guidance is attorney-client privileged and Defendants thus decline to share it with Plaintiffs. However, following the dissemination of the guidance, Judges Fitting and Floyd sua sponte reopened the cases of three individuals who had been lawfully denied asylum based on the transit rule before the preliminary injunction was entered or while it

DECLARATION OF ORI LEV

5

   was stayed and had then unsuccessfully moved for reopening or reconsideration of those cases after the Ninth Circuit lifted the stay, and granted those individuals asylum."

  g. "On June 3, 2020, EOIR OGC issued supplemental guidance to the Board of Immigration Appeals. The guidance is attorney-client privileged and Defendants thus decline to share it with Plaintiffs."

11. During the parties' second meet-and-confer conference, on June 12, 2020, Defendants confirmed that the December 2, 2019 guidance to BP and OFO to annotate the I-213 forms of potential class members was never rescinded, but that CBP was not relying on this information or taking any other steps to identify potential class members. As noted above in paragraph 10(d), Defendants also confirmed that ICE's identification efforts applied only to individuals with final removal orders who were in ICE custody because those not in ICE custody likely are still in removal proceedings and remain eligible for relief under the preliminary injunction through the administrative review process. Finally, Defendants confirmed that ICE ERO screened for class members in its custody only once following the dissolution of the administrative stay and will not continue to screen for class members.

12. Defense counsel provided further information regarding the government's position on the preliminary injunction in an email sent on June 17, 2020, stating:

  a. "[T]he preliminary injunction does not obligate the government to take any action with respect to individuals who entered the United States, had the transit rule applied to them, and were removed from the United States between July 16 and November 19, 2019 [the date of the preliminary injunction], and December 20, 2019 [the date of the Ninth Circuit's administrative stay] and March 5, 2020 [the date the Ninth Circuit denied the motion for stay pending appeal and the

DECLARATION OF ORI LEV

6

1     administrative stay was dissolved]."

2  b. "[T]he government has affirmatively identified individuals who were denied asylum based on the transit rule during the pendency of the Ninth Circuit's stay order, did not have ongoing proceedings with EOIR, and were in ICE's custody when the stay was lifted and has referred those individuals to USCIS to be screened for class membership."

8  c. The government was "considering whether it can reasonably identify individuals who were denied asylum based on the transit rule while the preliminary injunction was stayed and who were not in ICE's custody when the stay order was lifted," but could not commit to such action.

12   13.   On June 24, 2020, Plaintiffs emailed Defendants with yet another example of an immigration judge denying a class member's motion to reopen and reconsider removal proceedings.  *See* Exh. 3.  In this instance, the class member's asylum application was denied based on application of the Asylum Transit Ban on April 21, 2020 (more than a month after the administrative stay was dissolved). Furthermore, in this instance, counsel for Defendant DHS opposed the class member's motion to reopen and reconsider before the Immigration Court. Defense counsel responded by email the same day stating that Defendants were considering the most recent example raised by Plaintiffs and considering additional action with respect to certain class members but could not commit to additional action at this time and "would not challenge Plaintiffs' assertion that the parties are at an impasse at this time."

24   14.   Attached hereto as Exhibit 1 are true and accurate copies of an immigration judge opinion concerning the preliminary injunction in *In re Matter of E.T.M.* and a subsequent sua sponte reversal of that decision, which Plaintiffs provided to Defense counsel on May 15, 2020 as described in paragraph 5 above. To protect the identity of the asylum applicant, the parties have separately moved to

seal the name of the asylum applicant and his/her A-File number.

15. Attached hereto as Exhibit 2 is a true and accurate copy of an immigration judge opinion concerning the preliminary injunction in *In re Matter of A.N.A*, which Plaintiffs provided to Defense counsel on May 15, 2020 as described in paragraph 5 above. To protect the identity of the asylum applicant, the parties have separately moved to seal the name of the asylum applicant and his/her A-File number.

16. Attached hereto as Exhibit 3 is a true and accurate copy of an immigration judge opinion concerning the preliminary injunction in *In re Matter of M.T.A*, which Plaintiffs provided to Defense counsel on June 24, 2020 as described in paragraph 13 above. To protect the identity of the asylum applicant, the parties have separately moved to seal the name of the asylum applicant and his/her A-File number.

17. Attached hereto as Exhibit 4 is a true and accurate copy of excerpts from the transcript of the June 2, 2020 deposition of Rodney Harris.

18. Attached hereto as Exhibit 5 is a true and accurate copy of Defendants-Appellants' Opening Brief on appeal of this Court's grant of the preliminary injunction, as filed in the Ninth Circuit Court of Appeals.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of July 2020 at Bethesda, Maryland.

By: */s/ Ori Lev*
    Ori Lev