MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Chad F. Wolf,[1] *et al.*, <br><br> Defendants. | Case No.:  17-cv-02366-BAS-KSC <br><br> **EXHIBIT 1 TO PLAINTIFFS' MOTION FOR CLARIFICATION OF THE PRELIMINARY INJUNCTION** <br><br> *FILED UNDER SEAL* |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  bazmy@ccrjustice.org
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  gschwarz@ccrjustice.org
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  aguisado@ccrjustice.org
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  sarah.rich@splcenter.org
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  rebecca.cassler@splcenter.org
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  kwalters@immcouncil.org
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1623 EAST J STREET, SUITE 3
TACOMA, WA  98421


Law Offices of Adam W. Boyd
Boyd, Adam William
621 Pacific Ave.
Suite 209
Tacoma, WA  98402

In the matter of              File                    DATE: May 5, 2020


  __ Unable to forward - No address provided.
  _X_ Attached is a copy of the decision of the Immigration Judge. This decision
    is final unless an appeal is filed with the Board of Immigration Appeals
    within 30 calendar days of the date of the mailing of this written decision.

    Your notice of appeal, attached documents, and fee or fee waiver request
    must be mailed to:    Board of Immigration Appeals
                       Office of the Clerk
                       5107 Leesburg Pike, Suite 2000
                       Falls Church, VA 22041
  __ Attached is a copy of the decision of the immigration judge as the result
    of your Failure to Appear at your scheduled deportation or removal hearing.
    This decision is final unless a Motion to Reopen is filed in accordance
    with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
    1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
    1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
    motion must be filed with this court:
                       IMMIGRATION COURT
                       1623 EAST J STREET, SUITE 3
                       TACOMA, WA  98421
  __ Attached is a copy of the decision of the immigration judge relating to a
    Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
    1208.31(g)(1), no administrative appeal is available. However, you may file
    a petition for review within 30 days with the appropriate Circuit Court of
    Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

  __ Attached is a copy of the decision of the immigration judge relating to a
    Credible Fear Review. This is a final order. No appeal is available.

  __ Other: _____

                                                      COURT CLERK
                                                      IMMIGRATION COURT                    FF
  cc: JASON STANLEY, ICE ASST. CHIEF COUNSEL
      1623 E   "J" STREET   SUITE #2
      TACOMA, WA, 98421

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**TACOMA IMMIGRATION COURT**
**TACOMA, WASHINGTON**

In the Matter of:

▮

Respondent

File Number: ▮
In Removal Proceedings

Motion:        Motion to Reopen

On Behalf of Respondent
Adam W. Boyd
Attorney at Law
621 Pacific Avenue, Suite 209
Tacoma, Washington 98402

On Behalf of DHS
Jason Stanley
Immigration and Customs Enforcement
1623 East J Street, Suite 2
Tacoma, Washington 98421

### Order of the Immigration Judge

On October 1, 2019, the court granted respondent's, ▮, application for withholding of removal under Immigration and Nationality Act (INA) § 241(b)(3)(A), but denied her application for asylum because she was "metered" at the southern land border of the United States and subject to the safe third country bar under 8 C.F.R. § 1208.13(c)(4). IJ Order (Oct. 1, 2019). On May 4, 2020, respondent filed an untimely Motion to Reopen in light of the Ninth Circuit's subsequent decision in *Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020), which declined to stay an injunction that precludes application of 8 C.F.R. § 1208.13(c)(4) to individuals who were metered and therefore prevented from entering the southern land border of the United States before July 16, 2019. *See Al Otro Lado, Inc., et al. v. McAleenan*, 17-CV-02366, 2019 WL 6134601 (S.D. Cal. Nov. 19, 2019) (granting preliminary injunctions for alien "metered" before July 16, 2019), *appeal docketed*, No. 19-56417 (9th Cir.

1

Dec. 5, 2019); Resp't Mot. at 3 ("[Respondent] is now eligible for asylum under this new case law because she was metered at the U.S.-Mexico border and she is a member of the provisional certified class.") (May 4, 2020).

The court denies respondent's Motion to Reopen because it is untimely and respondent has not established that the 90 day filing deadline should be equitably tolled. INA § 240(c)(7)(C)(i); *cf. United States v. Guzman-Ibarez*, 792 F.3d 1094, 1101 (9th Cir. 2015) ("The change wrought by our decision was one of substantive law about which clairvoyance could not have been expected of the IJ."); *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1017 (9th Cir. 2013) (reviewing an illegal reentry prosecution and explaining that "the IJ need not anticipate post-removal changes in the law."). Respondent waived appeal of the court's October 1, 2019, decision, and she was not prevented from pursuing asylum relief because of fraud, error, or deception—the court's prior decision properly applied the facts of respondent's case to the applicable law. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (articulating equitable tolling standard). Respondent also failed to establish that she exercised due diligence after the decision of the Ninth Circuit's motions panel in *Al Otro Lado* because respondent did not submit a declaration. *See Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements of counsel are not evidence). Because respondent failed to establish that she was prevented from reopening her case because of fraud, deception, or error or that she exercised due diligence to reopen her case, the court must deny her untimely Motion to Reopen. INA § 240(c)(7)(C)(i).

Moreover, the Ninth Circuit recently held that decisions of Ninth Circuit motions panels are not binding on subsequent merits panels. *See East Bay Sanctuary Covenant, Et al. v. Trump*, 950 F.3d 1242, 1264-65(9th Cir. 2020) ("Given the preliminary stage of the appellate process at which the motions panel issued the order denying the government's stay motion and the panel's

2

stated reservations, we treat the motions panel's decision as persuasive, but not binding."); *Innovation Law Lab v. Wolf*, 951 F.3d 1073, 1081 (9th Cir. 2020) ("we held that a motions panel's legal analysis, performed during the course of deciding an emergency motion for a stay, is not binding on later merits panels."). Because a published decision of a Ninth Circuit motions panel is a predictive decision that is not binding on later panels of the Ninth Circuit—which could reach a contrary legal determination—respondent cannot show a material change in law (or personal circumstances) because a merits panel in *Al Otro Lado* has not yet issued a decision.[1]

Given the unsettled state of the law, the court declines to reopen respondent's case under its *sua sponte* authority because that authority is reserved for truly exceptional situations, not established by the potential change in law articulated by respondent's motion, and should not be employed to circumvent the INA or regulations. *Matter of G–D–*, 22 I&N Dec. 1132, 1133–34 (BIA 1999); *Matter of J–J–*, 21 I&N Dec. 976, 984 (BIA 1997).

Accordingly, the following orders[2] shall enter:

## Order

Respondent's Motion to Reopen is **DENIED**.

Date  May 5, 2020

Tammy L. Fitting
Immigration Judge

---

[1] Oral argument is currently scheduled for July 10, 2020, but the Ninth Circuit could issue a decision based on paper briefs and filings at an earlier date.

[2] Respondent has the right to appeal this decision, using a Form EOIR-26, which must be *received* by the Board of Immigration Appeals within 30 calendar days after the mailing of this order. 8 C.F.R. §§ 1003.3(a)(1), 1003.38(b), 1240.15. Respondent has the right to an attorney of her choosing during her appeal at no expense to the United States government. A filing-fee may be required, but a fee-waiver is available. 8 C.F.R. § 1003.8(a)(3).

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1623 EAST J STREET, SUITE 3
TACOMA, WA  98421


Law Offices of Adam W. Boyd
Boyd, Adam William
621 Pacific Ave.
Suite 209
Tacoma, WA  98402

In the matter of                File                    DATE: May 12, 2020

___ Unable to forward - No address provided.
___ Attached is a copy of the decision of the Immigration Judge. This decision
    is final unless an appeal is filed with the Board of Immigration Appeals
    within 30 calendar days of the date of the mailing of this written decision.
    See the enclosed forms and instructions for properly preparing your appeal.
    Your notice of appeal, attached documents, and fee or fee waiver request
    must be mailed to:    Board of Immigration Appeals
                          Office of the Clerk
                          5107 Leesburg Pike, Suite 2000
                          Falls Church, VA 22041
___ Attached is a copy of the decision of the immigration judge as the result
    of your Failure to Appear at your scheduled deportation or removal hearing.
    This decision is final unless a Motion to Reopen is filed in accordance
    with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
    1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
    1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
    motion must be filed with this court:
                          IMMIGRATION COURT
                          1623 EAST J STREET, SUITE 3
                          TACOMA, WA  98421
___ Attached is a copy of the decision of the immigration judge relating to a
    Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
    1208.31(g)(1), no administrative appeal is available. However, you may file
    a petition for review within 30 days with the appropriate Circuit Court of
    Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

___ Attached is a copy of the decision of the immigration judge relating to a
    Credible Fear Review. This is a final order. No appeal is available.

_X_ Other: **PLEASE SEE ATTACHED ORDER OF THE IMMIGRATION JUDGE GRANTING ASYLUM.**

                                           COURT CLERK
                                           IMMIGRATION COURT                FF
    cc: JASON STANLEY, IKCE ASST. CHIEF COUNSEL
        1623 EAST J STREET, SUITE 2
        TACOMA, WA  98421

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**TACOMA IMMIGRATION COURT**
**TACOMA, WASHINGTON**

In the Matter of:

███████████████

Respondent

File Number: ███████
In Removal Proceedings

Motion:            Motion to Reopen

On Behalf of Respondent
Adam W. Boyd
Attorney at Law
621 Pacific Avenue, Suite 209
Tacoma, Washington 98402

On Behalf of DHS
Jason Stanley
Immigration and Customs Enforcement
1623 East J Street, Suite 2
Tacoma, Washington 98421

**Order of the Immigration Judge**

On October 1, 2019, the court granted respondent's, ███████████████ application for withholding of removal under Immigration and Nationality Act (INA) § 241(b)(3)(A), but denied her application for asylum because she was "metered" at the southern land border of the United States and subject to the safe third country bar under 8 C.F.R. § 1208.13(c)(4). IJ Order (Oct. 1, 2019). On May 4, 2020, respondent filed an untimely Motion to Reopen in light of the Ninth Circuit's subsequent decision in *Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020), which declined to stay an injunction that precludes application of 8 C.F.R. § 1208.13(c)(4) to individuals who were metered and therefore prevented from entering the southern land border of the United States before July 16, 2019. *See Al Otro Lado, Inc., et al. v. McAleenan*, 17-CV-02366, 2019 WL 6134601 (S.D. Cal. Nov. 19, 2019) (granting preliminary injunctions for alien "metered" before July 16, 2019), *appeal docketed*, No. 19-56417 (9th Cir.

1

Dec. 5, 2019); Resp't Mot. at 3 ("[Respondent] is now eligible for asylum under this new case law because she was metered at the U.S.-Mexico border and she is a member of the provisional certified class.") (May 4, 2020). On May 5, 2020, the court denied respondent's Motion to Reopen. IJ Order (May 5, 2020).

Based on further consideration, the court sua sponte reopens respondent's case. 8 C.F.R. §§ 1003.0(f), 1003.23(b)(1). Having satisfied the higher burden of proof for withholding of removal, it follows that respondent is entitled to asylum under INA § 208(b)(1)(B)(i). *Cf. Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001).

Accordingly, the following orders shall enter:

## Orders

Respondent's case is reopened sua sponte. 8 C.F.R. § 1003.23(b)(1)

Respondent's application for asylum under INA § 208 is **GRANTED**.

May 11, 2020  
Date

Tammy L. Fitting  
Immigration Judge