MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Chad F. Wolf,[1] *et al.*, <br><br> Defendants. | Case No.:  17-cv-02366-BAS-KSC <br><br> **EXHIBIT 3 TO PLAINTIFFS' MOTION FOR CLARIFICATION OF THE PRELIMINARY INJUNCTION** <br><br> *FILED UNDER SEAL* |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
LAS VEGAS, NV

FILE: A███████████                                         IN REMOVAL PROCEEDINGS

IN THE MATTER OF

███████████████ Respondent

MOTION TO REOPEN AND RECONSIDER

ON BEHALF OF THE RESPONDENT:            ON BEHALF OF THE DHS:
Susan Engonwei Tingwei, Esquire          Clay Plummer
8121 Georgia Avenue, Suite 340           Assistant Chief Counsel
Silver Spring, MD 20910                  501 Las Vegas Blvd., South, Suite 200
                                         Las Vegas, NV 89101

### ORDER OF THE IMMIGRATION JUDGE

The respondent has filed a motion to reopen and reconsider removal proceedings that concluded with the Immigration Judge's decision issued on April 21, 2020. In that decision, the Immigration Judge denied the respondent's application for asylum pursuant to 8 C.F.R. § 1208.13(c)(4), but granted her application for withholding of removal under section 241(b)(3) of the Act. The respondent did not appeal from that decision. On May 21, 2020, the respondent filed a motion asking to reopen her removal proceedings so that the Court may reconsider its denial of her application for asylum. The respondent argues that her request for admission to the United States occurred on June 16, 2019, which places her within the class membership of the Al Otro Lado litigation (*Al Otro Lado v. Wolf et al.*, No. 19-56417 (9th Cir. Filed March 5, 2020). The respondent has submitted evidence corroborating her claimed membership in the Al Otro Lado class since that she sought admission on June 16, 2020. The Court issued a decision on June 3, 2020, granting the respondent's motion, based in part, on the lack of opposition from the Department of Homeland Security. However, the Department of Homeland Security ("DHS") did file an opposition to the motion to reopen and reconsider on June 10, 2020.[1] The Court vacates its decision issued on June 3, 2020, so that it may fully consider the arguments raised by the DHS.

---

[1] The DHS motion, while untimely filed, will be considered. The timely filing of documents with the Court has been interrupted by the Covid-19 pandemic due to the safety measures adopted by the Court.

1

The respondent argues that she is within the class membership of the Al Otro Lado litigation and not subject to the safe third country bar in 8 C.F.R. § 1208.13(c)(4) (*Al Otro Lado v. Wolf et al.*, No. 19-56417 (9th Cir. Filed March 5, 2020).

The regulation at 8 C.F.R. § 1208.13(c) states as follows:

(4) Additional limitation on eligibility for asylum. Notwithstanding the provisions of 8 CFR 208.15, any alien who enters, attempts to enter, or arrives in the United States across the southern land border on or after July 16, 2019, after transiting through at least one country outside the alien's country of citizenship, nationality, or last lawful habitual residence en route to the United States, shall be found ineligible for asylum unless:

(i) The alien demonstrates that he or she applied for protection from persecution or torture in at least one country outside the alien's country of citizenship, nationality, or last lawful habitual residence through which the alien transited en route to the United States and the alien received a final judgment denying the alien protection in such country;

(ii) The alien demonstrates that he or she satisfies the definition of "victim of a severe form of trafficking in persons" provided in 8 CFR 214.11; or

(iii) The only country or countries through which the alien transited en route to the United States were, at the time of the transit, not parties to the 1951 United Nations Convention relating to the Status of Refugees, the 1967 Protocol, or the United Nations Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.

The respondent argues that she is not subject to the safe third country bar because she tried to apply for asylum at the United States border but was turned away by Mexican Immigration authorities. The respondent has submitted a Declaration from Nicole Ramos, Border Rights Project Director in which she states that the respondent may have presented herself for admission to the United States prior to the date of July 16, 2019, and therefore qualify for Al Otro Lado class membership. The Declaration states that Al Otro Lado "has limited capacity and opportunities to view the waitlist maintained by Mexican officials at the port of entry in Tijuana, Mexico," but based on the Border Rights Project's internal records they "determined that they placed their name on the waitlist on June 16th, 2019." The respondent has also attached an unspecified document with the apparent page number of 131 on it which the Director contends is part of the list maintained by the Mexican Immigration authorities.

The Court does not find the evidence submitted is sufficient to support reopening. The Director's Declaration is based on admittedly less than full access to the documents created and retained by Mexican authorities. There is no evidence to suggest that the Director personally inspected the original documents, where the documents were examined, or under whose custody the documents were held. Moreover, the photocopy of page 131 fails to provide a sufficient basis for this Court to conclude that this is from Mexican authorities, that page 131 is part of a larger, more complete document, or that this page has been verified by the maker of the document – namely a Mexican Immigration official. In sum, the Court is unable to conclude that the respondent may be considered a member of the Al Otro Lado class. Accordingly, the motion to reopen and reconsider is DENIED.

DATE: June 15, 2020

Glen R. Baker
Immigration Judge

3