MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Chad F. Wolf,[1] *et al.*, <br><br> Defendants. | Case No.:  17-cv-02366-BAS-KSC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL PLAINTIFFS' EXHIBITS 1-4 IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION OF THE PRELIMINARY INJUNCTION** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** <br><br> [*Declaration of Ori Lev Filed Concurrently*] |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL EXHIBITS 1-4 IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION OF THE PRELIMINARY INJUNCTION

Pursuant to Local Rule 79.2, the Court's Standing Order for Civil Cases ¶ 5. and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file under seal Exhibits 1-4 in support of Plaintiffs' Motion for Clarification of the Preliminary Injunction.

As is explained in the accompanying Declaration of Ori Lev, Plaintiffs seek to redact and seal the names of asylum seekers and A-file numbers contained in Exhibits 1-3 and seek to seal excerpts from the transcript of the June 2, 2020 deposition of Rodney Harris contained in Exhibit 4.

While the parties acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Plaintiffs nevertheless believe that these should be filed under seal because "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Federal Rule of Civil Procedure 26(c) sets forth the "good cause" standard for sealing documents attached to non-dispositive motions. *See id*. The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (internal quotations and citation omitted).

In this case, information pertaining to asylum applications is generally confidential, *see* 8 C.F.R. § 208.6(a), and "the sensitive nature of asylum applications

alleging fear of persecution or harassment" warrant sealing such information, *Kharis v. Sessions*, 2018 U.S. Dist. LEXIS 190082, at *8-9 (N.D. Cal. 2018) (granting motion to seal). In addition, courts "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, [and] to safeguard the privacy of individuals involved in an investigation." *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988). Thus, sealing is warranted where, as here, filing excerpts from the deposition transcript of one of Defendants' 30(b)(6) witnesses on the public docket would reveal sensitive law enforcement information regarding the operations of ports of entry on the U.S.-Mexico border.

The parties have conferred regarding this motion and Defendants do not oppose this motion. Therefore, Plaintiffs request that the Court grant this unopposed motion to seal Exhibits 1-4 to the Declaration of Ori Lev in support of Plaintiffs' Motion for Clarification of the Preliminary Injunction.

Dated: July 17, 2020

> MAYER BROWN LLP
>     Matthew H. Marmolejo
>     Ori Lev
>     Stephen M. Medlock
>
> SOUTHERN POVERTY LAW CENTER
>     Melissa Crow
>     Sarah Rich
>     Rebecca Cassler
>
> CENTER FOR CONSTITUTIONAL RIGHTS
>     Baher Azmy
>     Ghita Schwarz
>     Angelo Guisado
>
> AMERICAN IMMIGRATION COUNCIL
>     Karolina Walters

By: */s/ Ori Lev*
    Ori Lev

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 17, 2020, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Ori Lev*

*Counsel for Plaintiffs*