MAYER BROWN LLP
Matthew H. Marmolejo (CA Bar No. 242964)
*mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Ori Lev (DC Bar No. 452565)
*olev@mayerbrown.com*
Stephen M. Medlock (VA Bar No. 78819)
*smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
Melissa Crow (DC Bar No. 453487)
(*pro hac vice*)
*melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**JOINT STATUS CONFERENCE STATEMENT** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Pursuant to the Court's May 8, 2020 Minute Order (Dkt. 452), the parties provide the following Joint Status Conference Statement.

## JOINT STATUS REPORT

### A.   Pending Motions and Appellate Proceedings

On January 14, 2020, Plaintiffs filed their motion for class certification. *See* Dkts. 389, 390, 405, 406, 411, 412, 413, 425. On July 16, 2020, Judge Bashant issued a tentative ruling granting Plaintiffs' motion for class certification. *See* Dkt. 492. Judge Bashant has scheduled oral argument concerning the motion for class certification and her tentative ruling for July 30, 2020. *See id.* at 1.

On November 19, 2019, Judge Bashant granted Plaintiffs' motion for preliminary injunction. On March 5, 2020, the Ninth Circuit denied Defendants' motion to stay the preliminary injunction ruling. *See Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020); Dkt. 330. A Ninth Circuit merits panel heard oral argument regarding the appeal on July 10, 2020 and took the matter under submission.

On May 1, 2020, your honor issued an order denying Defendants' request to claw back certain documents based on the deliberative process privilege. On May 15, 2020, Defendants filed objections to certain aspects of that order. Those objections are currently pending before Judge Bashant. *See* Dkts. 446, 456, 459, 460, 464.

On June 18, 2020, the parties filed a joint motion for determination of a discovery dispute regarding whether the U.S. Department of Homeland Security ("DHS") will present a Fed. R. Civ. P. 30(b)(6) witness to testify concerning particular topics on inspections and investigations. On July 2, 2020, the Court heard oral argument on the motion. That joint motion is currently pending. *See* Dkts. 466, 467.

On June 18, 2020, the parties filed a joint motion for determination of a discovery dispute concerning whether the Defendants will produce documents

responsive to Plaintiffs' Requests for Production 220 and 222. On July 2, 2020, the Court heard oral argument on the motion. That joint motion is currently pending. *See* Dkts. 469, 470.

On July 17, 2020, Plaintiffs filed a motion to clarify the scope of Judge Bashant's November 19, 2019 preliminary injunction order. *See* Dkt. 494. The motion is noticed for a hearing date of August 17, 2020. *Id.* at 1. Defendants' opposition is due on August 3, 2020. Plaintiffs' reply is due on August 10, 2020.

### B.     Remaining Case Schedule

Under the current scheduling order, the fact discovery cut-off was June 19, 2020. Plaintiffs disclosed the merits expert report of Stephanie Leutert on July 10, 2020. Expert discovery will be completed by August 21, 2020.

The scheduling order provides that dispositive motions shall be filed on or before September 4, 2020. The parties intend to file cross-motions for summary judgment. The parties are currently conferring regarding the schedule and page limits for summary judgment briefing.

### C.     Anticipated or Potential Disputes

Plaintiffs anticipate filing a motion for sanctions due to document spoliation. Defendants deny that spoliation occurred and/or that sanctions are appropriate under the circumstances. Plaintiffs' motion for spoliation sanctions is currently due seven days after this Court rules on Dkt. 469.

The parties have also met and conferred regarding additional disputes concerning Defendants' privilege assertions over particular documents. Pursuant to Dkt. 480, Plaintiffs will notify the Court of these disputes on or before (a) August 3, 2020, or (b) seven days after Judge Bashant rules on Defendants' pending Fed. R. Civ. P. 72(a) objection (Dkt. 456).

Defendants are still evaluating whether there is any dispute between the parties regarding Plaintiff Al Otro Lado's objections and responses to Defendants' Requests for Production 70–72.

### D. Settlement Efforts

**Plaintiffs' Position**

On November 6, 2019, Plaintiffs sent a letter to Defendants expressing a willingness to resume settlement discussions. On July 24, 2020—261 days later, Defendants responded to the letter. Their delay and the content of their confidential letter were not particularly confidence-inspiring.

At any rate, a great deal has changed since the September 2019 Early Neutral Evaluation Conference. Plaintiffs believe that the discovery record has substantiated their claims and that Defendants' turnbacks of asylum seekers at ports of entry were clearly illegal. A motions panel of the Ninth Circuit has held that Judge Bashant's interpretation of the phrase "arrives in the United States" "is likely correct." *Al Otro Lado, Inc. v. Wolf*, 952 F.3d 999, 1011 (9th Cir. 2020). In addition, Judge Bashant has already found that Defendants' conduct "can be considered, at best, misleading, and at worst, duplicitous." *Al Otro Lado, Inc. v. McAleenan*, 423 F. Supp. 3d 848, 876 (S.D. Cal. 2019). In particular, a deposition witness in this case testified that CBP Officers routinely lied to asylum seekers regarding the capacity of ports of entry. *See, e.g.*, Adolfo Flores, *A Border Officer Said They Were Told to Lie About Not Having Enough Space to Process Asylum-Seekers*, Buzzfeed News (Feb. 14, 2020), https://www.buzzfeednews.com/article/adolfoflores/border-officer-space-asylum-seekers. Furthermore, discovery has demonstrated that Defendants' own internal statistics show that Defendants' excuse for turning back asylum seekers to Mexico—a supposed lack of capacity—is a pretext. *See, e.g.*, Elliot Spagat, *Holding-Cell Stats Raise Questions About Trump Asylum Policy*, Associated Press (Feb. 13, 2020), shorturl.at/hsBEH; *see also Al Otro Lado, Inc. v. McAleenan*, 2020 U.S. Dist. LEXIS 127649, at *20 n.15 (S.D. Cal. 2020) ("In any event, Plaintiffs have provided evidence to support [the conclusion] that Defendants' capacity-

related justifications for turnbacks are pretextual.").[2]

**Defendants' Position**

Defendants responded to Plaintiffs' November 2019 letter by accepting their offer of a conference as set forth in that letter, remain willing to respond to any updated correspondence regarding Plaintiffs' position on settlement, and remain willing to confer with Plaintiffs' counsel regarding the possibility of continuing settlement discussions. Further, Plaintiffs' cherry-picked representation of the discovery record ignores the significant evidence demonstrating that metering is a legitimate and reasonable method of managing the flow of travelers without documents sufficient for lawful entry to avoid unsafe, unsanitary, and overcrowded conditions; to manage finite resources—including finite staff—in order to ensure that CBP is also prioritizing certain statutory mission sets; and to allow for efficient and orderly processing of such travelers.

Dated: July 27, 2020

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL

---

[2] Below, Defendants accuse Plaintiffs of "cherry-pick[ing]" the record, but offer no support for their assertion.

1 | Karolina Walters
2 |
3 | By: */s/ Stephen M. Medlock*
    Stephen M. Medlock
4 |
    *Attorneys for Plaintiffs*
5 |
6 | JOSEPH H. HUNT
    Assistant Attorney General
7 | Civil Division
8 |
9 | WILLIAM C. PEACHEY
    Director, Office of Immigration
10 | Litigation
    District Court Section
11 |
12 | s/ *Katherine J. Shinners*
    KATHERINE J. SHINNERS
13 | Senior Litigation Counsel
    U.S. Department of Justice
14 | Civil Division
    Office of Immigration Litigation
15 |
16 | District Court Section
    P.O. Box 868, Ben Franklin Station
17 | Washington, D.C. 20044
    Tel: (202) 598-8259 | Fax: (202) 305-
18 | 7000
    katherine.j.shinners@usdoj.gov
19 |
20 |
21 | ALEXANDER J. HALASKA
    Trial Attorneys
22 |
23 |     *Counsel for Defendants*
24 |
25 |
26 |
27 |
28 |

7   JOINT STATUS CONFERENCE STATEMENT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 27, 2020 a copy of the foregoing joint status conference statement was served on all counsel of record via CM/ECF.

*s/Stephen M. Medlock*
Stephen M. Medlock

JOINT STATUS CONFERENCE STATEMENT