1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

AL OTRO LADO, INC., et al.

                     Plaintiffs,

v.

CHAD F. WOLF, Acting Secretary, U.S.
Department of Homeland Security, in his
official capacity, et al.,

                     Defendants.

Case No.:  3:17-cv-02366-BAS-KSC

**ORDER REGARDING SCOPE OF
30(b)(6) DEPOSITION; ORDER
GRANTING MOTION TO SEAL
[Doc. Nos. 465, 467, 497]**

18

19

20

21

22

23

24

25

26

27

28

     Before the Court is the parties' Joint Motion for Determination of Discovery
Dispute Concerning Scope of [Rule] 30(b)(6) Deposition (the "Joint Motion").  Doc. No.
467.  Defendants move therein for a protective order limiting the scope of the Rule
30(b)(6) deposition of defendant Department of Homeland Security ("DHS").  *Id.* at 3.
The parties also jointly move to seal one of the exhibits to their Joint Motion, consisting
of excerpts of a deposition taken in the matter (the "Motion to Seal").  Doc. No. 465.  The
parties' dispute was fully briefed on June 18, 2020, and the Court heard oral argument on
July 2, 2020.  Having considered the parties' submissions, the Court hereby DENIES
defendants' Motion for a Protective Order.  The Court GRANTS the parties' Motion to
Seal as amended.  *See* Doc. No. 497.

/ /

1

# I.  BACKGROUND

Plaintiffs have noticed a Rule 30(b)(6) deposition of DHS, seeking testimony on 43 topics.  *Id.* at 4; Doc. No. 467-2 (deposition notice).  At issue are four of the noticed topics, all of which concern investigations, inquiries and related activities by DHS, the Department's Office of Inspector General ("OIG"), and its Office for Civil Rights and Civil Liberties ("CRCL").[1]  Doc. No. 467 at 2.  Defendants explain that "OIG is an independent oversight entity charged with 'identifying and deterring fraud, waste and abuse' in DHS" and related agencies.  *Id.* at 4.  CRCL "[i]nvestigat[es] civil rights and civil liberties complaints filed by the public regarding [DHS] policies or activities, or actions taken by Department personnel."  Doc. No. 467-4 at 14.

According to defendants, allowing a deposition to proceed on the Investigations Topics would create "unnecessary burdens and intrusion into the independent and investigatory functions" of OIG and CRCL.  *Id.* at 3.  Specifically, defendants assert that "much of the decisionmaking behind OIG or CRCL inquiries" – including those that are the subject of the Investigations Topics – "will be protected by the deliberative process privilege."  *Id.* at 5.  Defendants anticipate that "drawing the line between" permissible inquiries and those that "will lead to a revelation of" privileged information will be "difficult," such that instructing the witness not to answer the latter is not sufficient to protect the privilege.  *Id.* at 6.  Defendants also complain that allowing plaintiffs to take an "expansive deposition" on the Investigations Topics would "potentially seed confusion" about OIG's position on the matters under investigation and "thereby undermine its function."  *Id.* at 7.

---

[1]  The four topics are: "Topic 10, which seeks testimony about an OIG inspection into practices at the Tecate port of entry, which resulted in a final public report; Topic 11, which seeks testimony about *any* other investigation (open or closed) by OIG, CRCL, and/or other entities concerning the allegations in this case; Topic 27, which seeks testimony about an OIG inspection for which a final report has not yet been issued; and Topic 34, which seeks information about 'communications between [a] CBP Officer [] and DHS OIG related to metering . . . at the Tecate POE.'" Doc. No. 467 at 4.  The Court will refer to these four topics collectively as the "Investigations Topics."

Weighed against a deposition that is "of little to no value to the case," defendants claim that allowing the deposition to go forward is not proportional to the needs of the case. *Id.* at 3, 5. That is particularly true here, defendants assert, because they have already produced documents, including case files and, where applicable, final investigation reports, "that should satisfy many non-privileged areas of inquiry." *Id.* at 7; *see also* Declaration of Joseph V. Cuffari ("Cuffari Decl.," Doc. No. 467-3) at ¶9 (describing documents produced in the litigation). Defendants suggest that any remaining non-privileged information plaintiffs seek regarding the Investigations Topics could be provided "more efficiently and fairly" through interrogatories and offer to respond to "five additional interrogatories containing specific inquiries" in lieu of preparing and producing a witness to give live deposition testimony. Doc. No. 467 at 6.

## II. LEGAL STANDARD

The Federal Rules provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …" Fed. R. Civ. P. 26(b)(1). The scope of relevance under these rules "is commonly recognized as one that is necessarily broad … in order 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Cancino Castellar v. McAleenan*, No. 3:17-CV-491-BAS-AHG, 2020 WL 1332485, at *5 (S.D. Cal. Mar. 23, 2020). Nevertheless, for good cause, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). "[T]he party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015).

/ /

/ /

## III.   DISCUSSION

**A. Defendants Have Not Established Good Cause to Limit the Deposition**

Defendants do not dispute that the requested testimony on the Investigations Topics is relevant – indeed, by defendants' own admission, much document discovery on the investigations in question has already taken place.  Doc. No. 467 at 3, 7; Cuffari Decl., ¶9.  As such, it is defendants' burden to demonstrate that inquiry into the Investigations Topics should be prohibited.  *Lofton*, 308 F.R.D. at 281.  Endeavoring to do so, defendants stress that navigating delicate issues of privilege will prove "difficult" for their counsel.  Doc. No. 467 at 6.  Likewise, at oral argument, defendants stressed that the deposition would be onerous due to the anticipated need for frequent objections and instructions not to answer.

The Court is not persuaded that these challenges impose an *undue* burden on defendants.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  "'Just because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome.'"  *Cancino Castellar*, 2020 WL 1332485 at *6.  Defendants' primary concern is the potential for the examiner to "press the boundaries of privilege."[2]  Doc. No. 467 at 6.  The Court finds that defendants' privilege can be adequately protected by raising objections to specific questions posed at the deposition and instructing the witness not to answer where that instruction is appropriate.  Fed. R. Civ. P. 30(c)(2).  True, repeated objections, instructions not to answer, and off-the-record conferences may make for a difficult deposition – as often transpires in litigation (and no doubt has already happened in *this* litigation).  But that is not a sufficient reason to prevent the deposition from going forward.  *See Avocent Redmond Corp. v. Rose Elecs*.,

---

[2] Defendants make a passing reference to the need to prepare the witness, who purportedly would be required to "memorize the underlying facts of a variety of different investigations and inspections" to be able to testify about them.  Doc. No. 467 at 6.  But, "[t]he need to adequately prepare a Rule 30(b)(6) designee does not, on its own, create undue burden" for defendants.  *Ellis v. Corizon*, No. 1:15-cv-00304-BLW, 2018 WL 1865158, at *5 (D. Id. Apr. 18, 2018).

No. C06-1711RSL, 2012 WL 4903272, at *2 (W.D. Wash. May 29, 2012) (overruling objections to deposition topic even though "much of the information sought" would be protected by privilege).  Moreover, defendants' assumption that the deposition "could potentially" or "may" intrude into privileged matters (Doc. No. 467 at 3, 5, 7) is simply too speculative to support a finding of good cause for a protective order.  *See Nationstar Mortg.*, *LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016) (finding that "[c]onclusory or speculative statements of harm …. are plainly insufficient" to show good cause under Rule 26).

Defendants also assert that OIG would "suffer specific harm" if plaintiffs are allowed to depose DHS on the Investigations Topics.[3]  Doc. No. 467 at 7.  In support, they offer the declaration of Joseph V. Cuffari, the current Inspector General of DHS, to "explain[] the harm that would befall DHS OIG should DHS OIG be required to submit to a deposition …".[4]  Cuffari Decl., ¶¶1-2.  As asserted regarding the investigations and inquiries that are the subject of Topics 10, 11, and 27, either a final investigative report has been issued, in which case the final report obviates the need for oral testimony, or there is no final report, in which case "any discussion" of the investigation "would intrude on the deliberative process privilege."  *Id.*, ¶¶9-10; *see also id.*, ¶13 ("the findings and recommendations contained in reports and congressional testimony represent the sum total of a final DHS OIG action").  The Court has already addressed defendants' privilege concerns, and is not persuaded by Mr. Cuffari's conclusory statement that allowing an oral deposition where documents have already been provided "would be disproportionate to the needs of the case, as each of the documents provided stands on its own."  *Id.*, ¶9.

---

[3] Defendants do not claim similar (or any) specific harms would befall CRCL if subjected to a deposition.

[4] Although Defendants noticed the deposition of DHS (and not DHS OIG specifically), DHS is defined in the deposition notice to include "any divisions, subdivisions, components or sections therein."  Doc. No. 467-2 at 4.  Topics 10, 27 and 34 relate exclusively to OIG's activities, and Topic 11 encompasses investigations and inquiries by OIG, among others.  *Id.* at 8-10, 12-13.

1    That defendants have produced documents related to the Investigations Topics "is

2    irrelevant to their obligation to provide testimony at a [Rule] 30(b)(6) deposition," and

3    defendants may not "designate" themselves "'mere document-gatherer[s].'"  *See*

4    *Westmoreland v. Regents of the Univ. of Cal.*, No. 2:17-CV-01922-TLN-AC, 2019 WL

5    932220, at *7 (E.D. Cal. Feb. 26, 2019); *see also Reno v. W. Cab Co.*, No. 2:18-cv-

6    00840-APG-NJK, 2019 WL 6310716, at *4 (D. Nev. Nov. 25, 2019) (noting that "a party

7    is generally entitled to engage in multiple forms of discovery as a means of testing the

8    opposing party's positions, such that it is generally permissible to obtain document-based

9    discovery and deposition testimony on the same subject").  Nor is DHS allowed to "take

10   the position that its documents state the [department's] position" in response to plaintiffs'

11   Rule 30(b)(6) deposition.  *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D.

12   534, 539 (D. Nev. 2008) (*citing In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172, 174

13   (D.D.C. 2003)).

14         The Court is likewise unconvinced by Mr. Cuffari's statements, unaccompanied by

15   evidence or analysis, that to permit deposition on the Investigations Topics would

16   "impair" or "undermine" OIG's ability to perform its oversight functions.  Cuffari Decl.,

17   ¶¶11-14.  Such "[b]road allegations of harm, unsubstantiated by specific examples or

18   articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus.*, *Inc. v. Int'l Ins.*

19   *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Furthermore, in assessing good cause, the Court

20   will "disregard conclusory speculation." *Cancino Castellar*, 2020 WL 1332485, at *6.

21   Here again, many of the harms articulated – that requiring DHS to submit to a deposition

22   on the Investigations Topics "*could* have a chilling effect" on future investigations or

23   "*could* be used to circumvent" them (Cuffari Decl., ¶¶11-12 (emphasis added)) – are too

24   speculative to warrant foreclosing the deposition. *Nationstar Mortg.*, 316 F.R.D. at 334.

25         Defendants have failed to support their objections with "competent evidence"

26   demonstrating the time, expense, burden, or specific, non-speculative harm that will

27   result from allowing plaintiffs to depose DHS on the Investigations Topics.  *Lofton* 308

28   F.R.D. at 281; *see also Colony Ins. Co. v. Sanchez*, No. 2:18-cv-01950-JCM-NJK, 2019

1   WL 3241160, at *6 (D. Nev. July 18, 2019) (finding party's failure to substantiate

2   claimed burden "heavily militate[d] against a finding of undue burden or

3   disproportionality").  As such, defendants have not "met [their] burden of establishing

4   that the areas of examination are so burdensome, cumulative, or duplicative so as to

5   justify denying [p]laintiff a Rule 30(b)(6) deposition on the topics at issue." *Kelly v.*

6   *Provident Life and Acc. Ins. Co.*, No. 04cv807–AJB (BGS), 2011 WL 2448276, at *6

7   (S.D. Cal. June 20, 2011).  The Court therefore denies defendants' Motion for a

8   Protective Order.

9   **B. Defendants' Requested Relief Amounts to a Request for an Advisory Opinion**

10           Defendants' requested relief is also "prospective" and therefore "improper." *Frias*

11   *Holding Co. v. Greenberg Traurig, LLP*, No. 2:11-CV-160-GMN-VCF, 2015 WL

12   4622591, at *5 (D. Nev. Aug. 3, 2015).  Plaintiffs have not yet deposed the witness.

13   Although defendants disavow a "formal[] assertion of privilege" (Doc. No. 467 at 6, n.

14   1), the basis for their requested relief is that plaintiffs' counsel's questioning "*could* result

15   in inadvertent revelation of privileged information."  *See id.* at 3 (emphasis added); *see*

16   *also id.* at 6, 7 (stating that deposition questioning "may" result in disclosure of

17   privileged information); Cuffari Decl., ¶10 (asserting that certain areas of inquiry would

18   "encroach on DHS OIG's deliberative process privilege").  The Court cannot

19   prospectively "enter an advisory opinion upholding the law of privileges" based on

20   defendants' speculation about questions that might touch on privileged matters.  *See*

21   *Frias Holding Co.*, 2015 WL 4622591at *5 (explaining that "the court cannot decide

22   whether a privilege should be upheld without a concrete dispute regarding a specific

23   communication").

24           The Court is aware the law protects certain governmental "advisory opinions,

25   recommendations, and deliberations" from disclosure.  *See Nat'l Wildlife Fed'n v. U.S.*

26   *Forestry Serv.*, 861 F.2d 1114, 1116-17 (9th Cir. 1988) (describing deliberative process

27   privilege).  Thus, defendants may be correct that because some of the Investigations

28   Topics concern ongoing investigations, "much of the decisionmaking behind" OIG's and

CRCL's ongoing investigations (as opposed to investigations for which a final report has been issued) will be protected by the deliberative process privilege.  Doc. No. 467 at 5-6. However, the application of the deliberative process privilege is "very fact-specific" and is to be "made on a case-by-case basis when considering specific communications …" *Kava Holdings*, *LLC*, *v. Rubin*, No. 2:16-cv-06955-PSG (GJSx), 2016 WL 6652706, at *1 (C.D. Cal. Nov. 10, 2016) (declining to issue order that *"all* testimony" on a topic "would be privileged") (emphasis in original).  While the Court believes that questions about ongoing investigations are more likely to fall within the scope of the privilege, the Court cannot make that determination preemptively.  *See id.*

For these reasons, Defendants' Motion for a Protective Order is denied on the alternative basis that it "concern[s] a dispute that is not ripe for review." *Slagowski v. Cent. Wash. Asphalt,* No. 2:11-CV-00142-APG, 2014 WL 3001951, at *6 (D. Nev. July 1, 2014).

**C. The Court Will Not Require Plaintiffs to Propound Interrogatories Instead of Taking DHS's Deposition**

Proceeding from the premise that the Rule 30(b)(6) witness will likely be instructed not to answer many questions on the Investigations Topics on the basis of privilege, defendants assert there is "little to no benefit" to a live deposition.  Doc. No. 467 at 5.  To the extent plaintiffs seek "specific, non-privileged facts," defendants offer to provide them in response to interrogatories, which they contend is a "more efficient[] and fair[]" method to convey the same information.  *Id.* at 3, 6-7.

The Court disagrees.  "The Federal Rules of Civil Procedure do not permit a party served with a Rule 30(b)(6) deposition notice or subpoena request 'to elect to supply the answers in a written response to an interrogatory' in response to a Rule 30(b)(6) deposition notice or subpoena request." *Great Am. Ins. Co.*, 251 F.R.D. at 539 (*quoting Marker v. Union Fid. Life Ins.*, 125 F.R.D. 121, 126 (M.D.N.C.1989)).  That is because "the two forms of discovery are not equivalent." *Kelly*, 2011 WL 2448276, at *5; *see also Colony Ins. Co.*, 2019 WL 3241160, at *3 (finding that written discovery and

depositions cannot "be easily substituted for one another").  As many courts have concluded, live testimony from a witness subject to cross-examination is "'favored'" over written discovery responses as "'a means to obtain more complete information.'"  *Great Am. Ins. Co.*, 251 F.R.D. at 539 (citation omitted); *see also La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) (same); *Kelly*, 2011 WL 2448276, at *3 (same, and collecting cases).

Defendants rely on *Gen-Probe Inc. v. Becton, Dickinson & Co.*, No. 09cv2319-BEN-NLS, 2012 WL 12845593 (S.D. Cal. Mar. 28, 2012), and *Cancino Castellar*, 2020 WL 1332485, in support of the broad proposition that interrogatories are to be preferred wherever they are "more efficient[]."  Doc. No. 467 at 6.  Defendants' reliance is misplaced.  In *Gen-Probe*, plaintiff sought deposition testimony regarding "facts" supporting defendant's contentions "that the patents in suit are invalid and that the accused products do not infringe."  2012 WL 12845593, at *1.  The court observed that in patent cases, "'the bases for contentions do not consist exclusively of relatively straightforward facts,'" but "'consist[] of quasi-legal argument'" about the "relationship" between those facts and the "principles of intellectual property law."  *Id.* at *2 (*quoting McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991)).  Finding that it would therefore be burdensome and inefficient to prepare a non-lawyer to testify adequately, the court denied the motion to compel.  *Id.* (collecting cases).  Defendants herein have made no showing that the same concerns are present here.  In *Cancino Castellar*, the court assessed thirteen Rule 30(b)(6) deposition topics.  2020 WL 1332485, at *3.  Of the thirteen topics, three topics were found to be both insufficiently specific and, based on the specific topic and the arguments of the parties, more appropriate for written discovery.  *Id.* at **18, 22 and 31.  Those three topics (two of which were identical but directed at different parties) related to defendants' costs, expenses and staffing levels.  *Id.*  Defendants do not explain how these topics are comparable those at issue here, and the Court does not find them to be.

/ /

The fact-specific holdings of *Gen-Probe* and *Cancino Castellar* underscore the need for the party seeking to limit discovery to make a *particularized* showing of burden or harm.  *See E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (party seeking protective order "must point to specific facts that support the request"). Defendants have not done so.  It may be true that responding to "a small number of additional interrogatories" would be less burdensome or more efficient for defendants than submitting to the deposition.  Doc. No. 467 at 7.  But, "there are strong reasons why a party strategically selects to proceed by oral deposition rather than alternate means." *Kress v. Pricewaterhouse Coopers, LLP*, No. 2:08–cv–0965 LKK AC, 2013 WL 2421704, at \*5 (E.D. Cal. June 3, 2013).  Given defendants' failure to establish good cause, the Court will not "interfere" with plaintiffs' choice of discovery methods.  *See Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 438 n.2 (D.P.R. 2016) (noting that "courts are generally unwilling to interfere with a party's decision to conduct a Rule 30(b)(6) deposition, even when other, more efficient, discovery options might be available").

## IV.   MOTION TO SEAL

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*citing Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)).  "'The presumption of access is 'based on the need for federal courts, although independent— indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'"  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (*quoting United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

/ /

The party requesting that documents be sealed bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. Where, as here, the documents to be sealed are attached to a non-dispositive discovery motion, the party requesting sealing must make a "'particularized showing'" of "'good cause.'" *Kamakana*, 447 F.3d at 1180 (*quoting Foltz*, 331 F.3d at 1137). "Good cause exists where the party seeking protection shows that specific prejudice or harm will result" if the request to seal is denied. *Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015). Even where good cause is shown, the Court should only seal the information that is necessary to protect the party from harm. *See In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th Cir. 2011) (in determining whether to seal documents, "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure"). Limited redactions are to be favored over the wholesale sealing of documents and transcripts. *See Foltz*, 331 F.3d at 1139 (reversing district court's order sealing records and remanding with instructions to redact confidential information and "release" the remaining information).

In conjunction with the Joint Motion, the parties jointly moved to seal "30 nonconsecutive pages of the transcript of the deposition of Todd Hoffman," taken June 10, 2020, in their entirety. *See* Doc. 465-1 at 2; Doc. No. 466. In support of the Motion to Seal, the parties stated that the deposition transcript was received June 16, 2020 (two days before the Joint Motion was filed) and, under the terms of the protective order in place in the litigation, was to be treated as "Highly Confidential" for 30 days thereafter. *See* Doc. Nos. 465-1 at 3, 465-2 at ¶4; *see also* Doc. No. 276 (protective order). Defendants further asserted that the testimony excerpts reveal sensitive details about government deliberations, the public disclosure of which would harm defendants. Doc. No. 465-1 at. Defendants did not support this assertion with a declaration or other competent evidence, explaining that they had "only two days" to address the need to seal Mr. Hoffman's testimony "[g]iven the timing of the receipt of the transcript and Plaintiffs' portion of the [J]oint [M]otion." *Id.* at 3, n. 1.

1    The parties' initial showing did not justify sealing the deposition excerpts in their

2    entirety.  The parties are cautioned that neither their agreement, nor the designation of the

3    material as confidential under a blanket protective order, is sufficient to meet the good

4    cause requirement.  *Anderson*, 312 F.R.D. at 594 (denying motion to seal); *see also Small*

5    *v. Univ. Med. Ctr. of S. Nevada*, No. 2:13–cv–00298–APG–PAL, 2015 WL 1281549, at

6    *3 (D. Nev. Mar. 20, 2015) (*citing Kamakana*, 447 F.3d at 1183) (noting that "[b]lanket

7    protective orders are entered to facilitate the exchange of discovery documents" and do

8    not make any "findings that a particular document is confidential or that a document's

9    disclosure would cause harm.").  Furthermore, neither plaintiffs nor defendants made any

10   effort to "identify and redact only [the] information that [defendants] claim[] is

11   confidential." *D'Agnese v. Novartis Pharms. Corp.*, No. 12–0749–PHX–JAT, 2012 WL

12   3744717, at *2 (D. Az. Aug. 27, 2012) (denying motion to seal).  The transcript excerpts

13   are largely comprised of defendants' counsel's objections and instructions to the witness

14   not to answer, colloquy between defendants' and plaintiffs' counsel regarding the basis

15   and scope of the objections, and questions to the witness confirming that he would follow

16   the instructions not to answer.  None of this is sealable.  *See CreAgri, Inc. v. Pinnaclife*

17   *Inc.,* No. 5:11-CV-06635-LHK, 2014 WL 27028, at *2 (N.D. Cal. Jan. 2, 2014), *aff'd*,

18   579 F. App'x 1003 (Fed. Cir. 2014) (denying motion to seal deposition transcript as

19   "overbroad" where proposed redactions included counsel's objections and the

20   identification of exhibits).  The Court will not endorse sealing entire documents where

21   "'limited and clear'" redactions would suffice.  *See In re NCAA Student-Athlete Name*

22   *and Likeness Licensing Litig.*, No. 09–cv–01967 CW (NC), 2012 WL 4497775, at *3

23   (N.D. Cal. Sept. 28, 2012) (*quoting Kamakana*, 447 F.3d at 1183).

24   Nevertheless, the parties have since filed a joint "notice" regarding their Motion to

25   Seal, in which they have supplemented their initial showing (the "Supplemental Motion

26   to Seal").  Doc. No. 497.  The parties reiterate their belief that "the presumptive

27   confidentiality of the transcripts under the protective order endorsed by this Court

28   provided good cause to seal" the deposition excerpts.  *Id.* at 2.  As noted above, the

parties are incorrect. *See Anderson*, 312 F.R.D. at 594. However, in the Supplemental Motion to Seal, defendants state they have "narrow[ed] their assertions of confidentiality" over Mr. Hoffman's deposition excerpts and propose narrow redactions to the transcript. Doc. No. 497 at 2. The Court finds good cause to seal the deposition transcript excerpts as proposed by defendants. *See* Doc. No. 497-2. Plaintiffs do not object to defendants' proposed redactions, and defendants have submitted a declaration describing the specific harm that may result if the limited substantive testimony were publicly disclosed. *See* Doc. No. 497-3.

Although belated, the Court appreciates that defendants "evaluate[d] their exhibits and … redact[ed] them in the narrowest way possible to preserve their confidential information while protecting the general right of the public to access court records." *Whitecryption Corp. v. Arxan Techs.*, *Inc.*, No. 15-cv-00754-WHO, 2016 WL7852471, at *2 (N.D. Cal. Mar. 9, 2016). For future motions to seal, however, the parties are advised that unsolicited submissions such as the Supplemental Motion to Seal will not be accepted without prior leave of Court. *See* Chambers Rules and Civil Pretrial Procedures for the Honorable Karen S. Crawford, § VIII.E.2.

For the foregoing reasons, the parties' Motion to Seal is GRANTED.

## **ORDER**

For the reasons set forth above, the Court hereby ORDERS as follows:

1.   Defendants' motion for a protective order (Doc. No. 467) is DENIED. Defendants are ordered to produce a witness to provide testimony on Topics 10, 11, 27 and 34 within 21 days of the date of this Order.

2.   The parties' Motion to Seal (Doc. Nos. 465, 497) is GRANTED.

**IT IS SO ORDERED.**

Dated: July 27, 2020

Hon. Karen S. Crawford
United States Magistrate Judge