ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 4** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br>　　*Plaintiffs,*<br><br>v.<br><br>Chad Wolf, *et al.*,<br>　　*Defendants.* | No. 3:17-cv-02366-BAS-KSC |

## DECLARATION OF ADAM V. LOIACONO

I, Adam V. Loiacono, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. This declaration is based on my personal knowledge and information made available to me in the course of my official duties.

2. I am the Deputy Principal Legal Advisor (DPLA) for Enforcement and Litigation for the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Office of the Principal Legal Advisor (OPLA). In this position, I oversee the work of over 100 attorneys and support personnel across six OPLA headquarters divisions that are responsible for advising Enforcement and Removal Operations (ERO), Homeland Security Investigations, Office of Professional Responsibility, and ICE leadership and personnel on a range of matters including the agency's criminal, customs, and immigration law enforcement authorities, as well as guiding the litigation strategy and appellate practice of OPLA's attorneys in the field.

3. OPLA is DHS's largest legal program, with more than 1,100 attorneys. The majority of OPLA's attorneys fall under Field Legal Operations and are stationed in more than 50 offices nationwide, where their day-to-day focus is litigating the nearly one million cases pending on

dockets of approximately 460 immigration judges located in 67 immigration courts and two adjudications centers across the country. By statute, OPLA serves as the exclusive representative of DHS in immigration removal proceedings before the Executive Office for Immigration Review (EOIR), litigating all removal cases including those against criminal aliens, terrorists, and human rights abusers.

4. OPLA also includes more than 10 headquarters divisions that, among other things, coordinate the agency's responses to federal court litigation challenging its law enforcement authorities and operations; assist in administrative litigation, including before the Board of Immigration Appeals; support investigations into and litigation against human rights violators and aliens posing a threat to national security; advise agency leadership on information-disclosure issues and related litigation; defend the Agency in Freedom of Information Act (FOIA) administrative appeals and support DOJ in federal court FOIA matters represent the Agency in contract-related protests; defend ICE in Government Accountability Office protests; support the Department of Justice (DOJ) in other contract-related cases and advise on contract and fiscal law issues; represent ICE before the U.S. Equal Employment Opportunity Commission and Merit System Protection Board; and support DOJ in employment-related federal court cases.

5. I am familiar with this Court's November 19, 2019 preliminary injunction (PI) enjoining Defendants from applying *Asylum Eligibility and Procedural Modifications*, 84 Fed. Reg. 33829 (July 16, 2019) ("the third-country transit IFR") to members of the provisional class in this case, *i.e.*, "all non-Mexican asylum seekers who were unable to make a direct asylum claim at a U.S. [port of entry] before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process." *Al Otro Lado,*

*Inc. v. McAleenan,* 423 F. Supp. 3d 848 (S.D. Cal. 2019) (order granting Plaintiffs' motion for provisional class certification and Plaintiffs' motion for PI).

6. As it relates to cases in immigration court, EOIR is responsible for adjudicating immigration cases, including the application of the third-country transit IFR and whether an individual in immigration proceedings is a provisional class member under this PI. OPLA does not adjudicate applications for relief or protection from removal ad does not apply bars to relief or protection.

7. On December 5, 2019, at the direction of myself and Kenneth Padilla, OPLA's DPLA for Field Legal Operations, an OPLA-wide email broadcast was issued to all OPLA headquarters and field personnel informing them of the November 19, 2019 PI issued in this case. The message, which was drafted by attorneys, provided both a summary of the PI and legal analysis and guidance regarding litigation strategy and prosecutorial discretion to OPLA attorneys. Accordingly, it is subject to the Attorney Work Product Doctrine.

8. On December 20, 2019, the U.S. Court of Appeals for the Ninth Circuit (Ninth Circuit) issued an order temporarily staying this Court's class certification and the November 29, 2019 PI pending a decision on the motion for stay pending appeal. *Al Otro Lado v. Wolf*, 945 F.3d 1223 (9th Cir. 2019).

9. On December 31, 2019, at the direction of myself and Mark P. Murphy, the Associate DPLA for Field Legal Operations, an OPLA-wide email broadcast was issued to all OPLA headquarters and field personnel advising of the Ninth Circuit's temporary stay of the PI. This message, which was drafted by attorneys, provided both a summary of the Ninth Circuit's decision and legal analysis and guidance regarding litigation strategy and

prosecutorial discretion to OPLA attorneys. Accordingly, it is subject to the Attorney Work Product Doctrine.

10. On March 6, 2020, at the direction of myself and Kenneth Padilla, an OPLA-wide email broadcast was issued to all OPLA headquarters and field personnel notifying them that, on the previous day, March 5, 2020, the Ninth Circuit had denied the Government's motion for a stay of the November 19, 2019 PI entered by this Court. *Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020). This message, which was drafted by attorneys, provided both a summary of the Ninth Circuit's decision and legal analysis and guidance regarding litigation strategy and prosecutorial discretion to OPLA attorneys. Accordingly, it is subject to the Attorney Work Product Doctrine.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 3, 2020

ADAM V LOIACONO
Digitally signed by ADAM V LOIACONO
Date: 2020.08.03 19:18:40 -04'00'

Adam V. Loiacono
Deputy Principal Legal Advisor for Enforcement and Litigation
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement