ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 6** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

**From:** ERO Assistant Directors <█████████████████>
**Sent:** Monday, March 16, 2020 1:44 PM
**Subject:** Suspension of Removals and USCIS Rescreening of Certain Detained Aliens in Compliance with the November 19, 2019 Order in Al Otro Lado v. Wolf [FOD]



## Enforcement and Removal Operations
## Assistant Director for Field Operations

To: Field Office Directors and Deputy Field Office Directors

On November 19, 2019, the U.S. District Court for the Southern District of California issued a nationwide preliminary injunction preventing application of the Interim Final Rule (IFR), "Asylum Eligibility and Procedural Modifications" (issued July 16, 2019)("Third-Country Transit IFR"), to members of a provisional class of aliens defined as follows:

(1) all non-Mexican asylum seekers,

(2) who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, ("metered")

(3) and who continue to seek access to the U.S. asylum process.

On December 20, 2019, the Ninth Circuit initially granted the Government's request for an emergency stay of the injunction but on March 5, 2020, the Ninth Circuit denied the Government's motion for a stay pending appeal. *Al Otro Lado v. Wolf*, --- F.3d ---, 2020 WL 1059682 (9th Cir. Mar. 5, 2020).

The attached data provides a listing of those aliens in ICE custody who entered the U.S. on or after July 16, 2019 thru March 6, 2020, for whom U.S. Citizenship and Immigration Services ("USCIS") applied the Third-Country Transit IFR and for whom USCIS made negative fear determinations.

**Please immediately take the following steps regarding the identified detained aliens included in the attached list:**

(1) Effective immediately, suspend all removals of the detained aliens in your AOR, who are subject to Z-Holds placed by HQERO NDM &DQI, identified in the attached list;

(2) Verify whether the aliens identified as detained in your AOR are still detained as indicated;
(3) Notify the USCIS counterparts with whom you liaise for your AOR that you are referring aliens listed in your AOR for *Al Otro Lado* rescreening in accord with procedures established by HQ USCIS;
(4) Add a note in EARM case comments that "on [ _date_ ] alien was referred to USCIS for screening as a possible *Al Otro Lado* class member"
    a. Please ensure documentation of class membership screening in EARM.
    b. ERO may verify documentation of class membership screening in the A-file. USCIS will indicate class membership screening via a memo to file or in Form I-870, Record of Determination/Credible Fear Worksheet.
(5) Reprocess aliens depending on the outcome of the USCIS class membership screening:
    a. If USCIS determines the alien is not an *Al Otro Lado* class member, re-initiate original handling of alien's case such as removal or continued immigration proceedings.
    b. If USCIS determines the alien is an *Al Otro Lado* class member, USCIS will conduct a new credible fear screening. Please handle in accordance with current credible fear procedures.

**Note: If an alien affirmatively claims to be an *Al Otro Lado* class member, or asserts that he or she was "metered" or otherwise prohibited from making an asylum claim prior to July 16, 2019 because of a metering delay, suspend execution of any removals and refer to USCIS for *Al Otro Lado* class membership screening.**

Moving forward, U.S. Customs and Border Protection ("CBP") and USCIS are charged with identifying class members; accordingly, since issuance of the Preliminary Injunction on November 19, 2019, CBP officers and USCIS asylum officers are to ask pre-determined questions to determine whether, and when, an alien was "metered." Class membership should be documented by CBP on the Form I-213, Record of Deportable/Inadmissible Alien, and by USCIS on the Form I-870, Record of Determination/Credible Fear Worksheet, or the Third-Country Transit Asylum IFR Worksheet. Class membership may also be determined by an immigration judge.

If an alien was screened for *Al Otro Lado* class membership previously and requests re-screening or otherwise contests the U.S. Government's determination, please contact OPLA for assistance.

**For any additional questions on this guidance, please contact your local OPLA.**

*This message includes guidance provided for internal ERO use only.*

Peter B. Berg
ERO Assistant Director, Field Operations

This message expires one year from the date it was sent, pursuant to ERO policy.

NOTICE: This communication may contain privileged or otherwise confidential information. If you are not an intended recipient or believe you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use this information. Please inform the sender that you received this message in error and delete the message from your system.