ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 8** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1623 EAST J STREET, SUITE 3
TACOMA, WA  98421


Menter Immigration Law PLLC
Menter, Meena Pallipamu
130 Andover Park East
#300
Tukwila, WA  98188

In the matter of            File A ███████            DATE: May 5, 2020
A███, A█████ N.

  __ Unable to forward - No address provided.
  _X_ Attached is a copy of the decision of the Immigration Judge. This decision
     is final unless an appeal is filed with the Board of Immigration Appeals
     within 30 calendar days of the date of the mailing of this written decision.

     Your notice of appeal, attached documents, and fee or fee waiver request
     must be mailed to:   Board of Immigration Appeals
                          Office of the Clerk
                          5107 Leesburg Pike, Suite 2000
                          Falls Church, VA 22041

  __ Attached is a copy of the decision of the immigration judge as the result
     of your Failure to Appear at your scheduled deportation or removal hearing.
     This decision is final unless a Motion to Reopen is filed in accordance
     with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
     1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
     1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
     motion must be filed with this court:
                        IMMIGRATION COURT
                        1623 EAST J STREET, SUITE 3
                        TACOMA, WA  98421

  __ Attached is a copy of the decision of the immigration judge relating to a
     Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
     1208.31(g)(1), no administrative appeal is available. However, you may file
     a petition for review within 30 days with the appropriate Circuit Court of
     Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

  __ Attached is a copy of the decision of the immigration judge relating to a
     Credible Fear Review. This is a final order. No appeal is available.

  __ Other: _____

                                              _____
                                              COURT CLERK
                                              IMMIGRATION COURT                              FF
    cc: ANTHONY M. CAPECE, ASSISTANT CHIEF COUNSEL
        1623 EAST J. STREET, SUITE 2
        TACOMA, WA, 98421

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
TACOMA IMMIGRATION COURT
TACOMA, WASHINGTON

In the Matter of:

A▮▮▮, A▮▮▮ N.

Respondent

File Number: ▮▮▮▮
In Removal Proceedings

Motion:        Motion to Reopen

On Behalf of Respondent
Meena Pallipamu Menter
Menter Immigration Law PLLC
130 Andover Park East, Suite 300
Tukwila, Washington 98188

On Behalf of DHS
Anthony M. Capece
Immigration and Customs Enforcement
1623 East J Street, Suite 2
Tacoma, Washington 98421

**Order of the Immigration Judge**

On September 24, 2019, the court granted respondent's, A▮▮▮ N. A▮▮▮'s, application for withholding of removal under Immigration and Nationality Act (INA) § 241(b)(3)(A), but denied her application for asylum because she was "metered" at the southern land border of the United States and subject to the safe third country bar under 8 C.F.R. § 1208.13(c)(4). IJ Order (Sept. 24, 2019). On May 1, 2020, respondent filed an untimely Motion to Reopen in light of the Ninth Circuit's subsequent decision in *Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020), which declined to stay an injunction that precludes application of 8 C.F.R. § 1208.13(c)(4) to individuals who were metered and therefore prevented from entering the southern land border of the United States before July 16, 2019. *See Al Otro Lado, Inc., et al. v. McAleenan*, 17-CV-02366, 2019 WL 6134601 (S.D. Cal. Nov. 19, 2019) (granting preliminary injunctions for alien "metered" before July 16, 2019), *appeal docketed*, No. 19-56417 (9th Cir. Dec. 5,

1

2019); Resp't Mot. at 3 ("[Respondent] is now eligible for asylum under this new case law because she was metered at the U.S.-Mexico border and she is a member of the provisional certified class.") (May 1, 2020).

The court denies respondent's Motion to Reopen because it is untimely and respondent has not established that the 90 day filing deadline should be equitably tolled. INA § 240(c)(7)(C)(i); *cf. United States v. Guzman-Ibarez*, 792 F.3d 1094, 1101 (9th Cir. 2015) ("The change wrought by our decision was one of substantive law about which clairvoyance could not have been expected of the IJ."); *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1017 (9th Cir. 2013) (reviewing an illegal reentry prosecution and explaining that "the IJ need not anticipate post-removal changes in the law."). Respondent waived appeal of the court's September 24, 2019, decision, and she was not prevented from pursuing asylum relief because of fraud, error, or deception the court's prior decision properly applied the facts of respondent's case to the law. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (articulating equitable tolling standard). Respondent also failed to establish that she exercised due diligence after the decision of the Ninth Circuit's motions panel in *Al Otro Lado* because respondent did her declaration does not discuss her actions after the court's September 24, 2019, decision. Resp't Mot. at 14 (respondent's declaration); *see Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (statements of counsel are not evidence). Because respondent failed to establish that she was prevented from reopening her case because of fraud, deception, or error or that she exercised due diligence to reopen her case, the court must deny her untimely Motion to Reopen. INA § 240(c)(7)(C)(i).

Moreover, the Ninth Circuit recently held that decisions of Ninth Circuit motions panels are not binding on subsequent merits panels. *See East Bay Sanctuary Covenant, Et al. v. Trump*,

950 F.3d 1242, 1264-65(9th Cir. 2020) ("Given the preliminary stage of the appellate process at which the motions panel issued the order denying the government's stay motion and the panel's stated reservations, we treat the motions panel's decision as persuasive, but not binding."); *Innovation Law Lab v. Wolf*, 951 F.3d 1073, 1081 (9th Cir. 2020) ("we held that a motions panel's legal analysis, performed during the course of deciding an emergency motion for a stay, is not binding on later merits panels."). Because a published decision of a Ninth Circuit motions panel is a predictive decision that is not binding on later panels of the Ninth Circuit—which could reach a contrary legal determination—respondent cannot show a material change in law (or personal circumstances) because a merits panel in *Al Otro Lado* has not yet issued a decision.[1]

Given the unsettled state of the law, the court declines to reopen respondent's case under its *sua sponte* authority because that authority is reserved for truly exceptional situations, not established by the potential change in law articulated by respondent's motion, and should not be employed to circumvent the INA or regulations. *Matter of G–D–*, 22 I&N Dec. 1132, 1133 34 (BIA 1999); *Matter of J- J-*, 21 I&N Dec. 976, 984 (BIA 1997).

Accordingly, the following orders[2] shall enter:

**Order**

Respondent's Motion to Reopen is **DENIED**.

Date May 5, 2020

Tammy L. Fitting
Immigration Judge

---

[1] Oral argument is currently scheduled for July 10, 2020, but the Ninth Circuit could issue a decision based on paper briefs and filings at an earlier date.
[2] Respondent has the right to appeal this decision, using a Form EOIR-26, which must be *received* by the Board of Immigration Appeals within 30 calendar days after the mailing of this order. 8 C.F.R. §§ 1003.3(a)(1), 1003.38(b), 1240.15. Respondent has the right to an attorney of her choosing during her appeal at no expense to the United States government. A filing-fee may be required, but a fee-waiver is available. 8 C.F.R. § 1003.8(a)(3).

3