ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 13** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1623 EAST J STREET, SUITE 3
TACOMA, WA  98421


McHaffey & Nice, LLC
Nice, Robin Nicole
176 Federal Street
Suite 502
Boston, MA  02110

In the matter of           File ▮▮▮▮▮▮▮▮          DATE: May 5, 2020
N▮▮▮▮▮, ▮▮▮▮

\_\_ Unable to forward - No address provided.
_X_ Attached is a copy of the decision of the Immigration Judge. This decision
is final unless an appeal is filed with the Board of Immigration Appeals
within 30 calendar days of the date of the mailing of this written decision.

Your notice of appeal, attached documents, and fee or fee waiver request
must be mailed to:      Board of Immigration Appeals
Office of the Clerk
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041
\_\_ Attached is a copy of the decision of the immigration judge as the result
of your Failure to Appear at your scheduled deportation or removal hearing.
This decision is final unless a Motion to Reopen is filed in accordance
with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
motion must be filed with this court:
IMMIGRATION COURT
1623 EAST J STREET, SUITE 3
TACOMA, WA  98421
\_\_ Attached is a copy of the decision of the immigration judge relating to a
Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
1208.31(g)(1), no administrative appeal is available. However, you may file
a petition for review within 30 days with the appropriate Circuit Court of
Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

\_\_ Attached is a copy of the decision of the immigration judge relating to a
Credible Fear Review. This is a final order. No appeal is available.

\_\_ Other: _____

COURT CLERK
IMMIGRATION COURT                    FF
cc: WILLIAM P. HOLLERICH, DHS ASSISTANT CHIEF COUNSEL
1623 EAST J STREET, SUITE 2
TACOMA, WA,  98421

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**TACOMA IMMIGRATION COURT**
**TACOMA, WASHINGTON**

In the Matter of:

N█████████, R████                                    File Number: ████████████
                                                      In Removal Proceedings
Respondent

Motion:          Motion to Reopen

On Behalf of Respondent              On Behalf of DHS
Robin N. Nice                        William P. Hollerich
McHaffey & Nice, LLC                 Immigration and Customs Enforcement
176 Federal Street, Suite 502        1623 East J Street, Suite 2
Boston, Massachusetts 02110          Tacoma, Washington 98421

**Order of the Immigration Judge**

On January 28, 2020, the court granted Respondent's, R███ N███████'s,

application for withholding of removal under Immigration and Nationality Act (INA)

§ 241(b)(3)(A), but denied his application for asylum because he was "metered" at the southern

land border of the United States and subject to the safe third country bar under 8 C.F.R.

§ 1208.13(c)(4). IJ Order (Jan. 28, 2020). On April 27, 2020, Respondent filed a timely Motion

to Reopen in light of the Ninth Circuit's subsequent decision in *Al Otro Lado v. Wolf*, 952 F.3d

999 (9th Cir. 2020), which declined to stay an injunction that precludes application of 8 C.F.R.

§ 1208.13(c)(4) to individuals who were metered and therefore prevented from entering the

southern land border of the United States before July 16, 2019. *See Al Otro Lado, Inc., et al. v.*

*McAleenan*, 17-CV-02366, 2019 WL 6134601 (S.D. Cal. Nov. 19, 2019) (granting preliminary

injunctions for alien "metered" before July 16, 2019), *appeal docketed*, No. 19-56417 (9th Cir.

1

Dec. 5, 2019); Resp't Mot. at 2 ("Respondent respectfully requests that his order of removal be rescinded and that his case be reopened so that he may be granted asylum.") (Apr. 27, 2020).

The court denies Respondent's timely Motion to Reopen because it does not state "the new facts that will be proven at a hearing to be held if the motion is granted[.]"  INA § 240(c)(7)(B); *see* Resp't Mot. at Exhibit A (Respondent's declaration).  Respondent waived appeal of the court's January 28, 2020, decision, and, at its core, Respondent's motion challenges the court's prior application of undisputed facts to law  a legal determination that must be challenged within 30 days through a Motion to Reconsider.  INA § 240(c)(6)(B); *see Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012) (explaining that mixed questions of law and fact are reviewed *de novo*).  Notably, the Ninth Circuit recently held that decisions of Ninth Circuit motions panels are not binding on subsequent merits panels.  *See East Bay Sanctuary Covenant, Et al. v. Trump*, 950 F.3d 1242, 1264-65(9th Cir. 2020) ("Given the preliminary stage of the appellate process at which the motions panel issued the order denying the government's stay motion and the panel's stated reservations, we treat the motions panel's decision as persuasive, but not binding."); *Innovation Law Lab v. Wolf*, 951 F.3d 1073, 1081 (9th Cir. 2020) ("we held that a motions panel's legal analysis, performed during the course of deciding an emergency motion for a stay, is not binding on later merits panels.").  Because a published decision of a Ninth Circuit motions panel is a predictive decision that is not binding on later panels of the Ninth Circuit  which could reach a contrary legal determination  Respondent cannot show a material change in law (or personal circumstances) because a merits panel in *Al Otro Lado* has not yet issued a decision.[1]  Restated, the court properly applied the facts of Respondent's case to the law, and ongoing litigation about the validity of 8 C.F.R.

---

[1] Oral argument is currently scheduled for July 10, 2020, but the Ninth Circuit could issue a decision based on paper briefs and filings at an earlier date.

§ 1208.13(c)(4) does not justify reopening his case. *See INS v. Abudu*, 485 U.S. 94, 110 (1988) ("The appropriate analogy is a motion for a new trial in a criminal case on the basis of newly discovered evidence, as to which court have uniformly held that the moving party bears a heavy burden."); *cf. United States v. Guzman-Ibarez*, 792 F.3d 1094, 1101 (9th Cir. 2015) ("The change wrought by our decision was one of substantive law about which clairvoyance could not have been expected of the IJ.");.

Given the unsettled state of the law, the court declines to reopen Respondent's case under its *sua sponte* authority because that authority is reserved for truly exceptional situations, not established by the potential change in law articulated by Respondent's motion, and should not be employed to circumvent the INA or regulations. *Matter of G D*, 22 I&N Dec. 1132, 1133 34 (BIA 1999); *Matter of J J*, 21 I&N Dec. 976, 984 (BIA 1997).

Accordingly, the following orders[2] shall enter:

**Order**

Respondent's Motion to Reopen is **DENIED**.

5-5-2020

Date

Charles N. Floyd
Immigration Judge

---

[2] Respondent has the right to appeal this decision, using a Form EOIR-26, which must be *received* by the Board of Immigration Appeals within 30 calendar days after the mailing of this order. 8 C.F.R. §§ 1003.3(a)(1), 1003.38(b), 1240.15. Respondent has the right to an attorney of his choosing during his appeal at no expense to the United States government. A filing-fee may be required, but a fee-waiver is available. 8 C.F.R. § 1003.8(a)(3).

3