ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 17** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
**Notice of Appeal from a Decision of an Immigration Judge**

1. List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

   F███ S██████ S███  A#███████

   For Official Use Only

   **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

2. I am  [✓] the Respondent/Applicant     [ ] DHS-ICE *(Mark only one box.)*

3. I am  [ ] DETAINED     [✓] NOT DETAINED *(Mark only one box.)*

4. My last hearing was at 10250 Rancho Rd., Adelanto, CA 92301 _____ *(Location, City, State)*

5. **What decision are you appealing?**

   *Mark only one box below.* If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).

   [✓] I am filing an appeal from the Immigration Judge's decision *in* **merits** *proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated February 13, 2020_____.

   [ ] I am filing an appeal from the Immigration Judge's decision *in* **bond** *proceedings* dated _____. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? [ ] Yes. [ ] No.)

   [ ] I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated _____.

   *(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

RECEIVED
MAR 2020
EOIR
BIA

Form EOIR-26
Revised Sept. 2019

6. **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

Please see Attachment One to Form EOIR-26, setting forth the factual and legal basis for this appeal.

Please see Attachment Two to Form EOIR-26, explaining why this appeal is inappropriate for summary affirmance and merits three-member panel review with the benefit of oral argument.

*(Attach additional sheets if necessary)*

! **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7. Do you desire oral argument before the Board of Immigration Appeals?  ✓ Yes   ☐ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal?  ✓ Yes   ☐ No

! **WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule..

9. Sign Here ➡  X      3/13/2020
Signature of Person Appealing        Date
*(or attorney or representative)*

Form EOIR-26
Revised Sept. 2019

RECEIVED
MAR 2020
EOIR
BIA

**10.** Mailing Address of Respondent(s)/Applicant(s)

P─ S─── S─
(Name)

████████████████
(Street Address)

████████████████
(Apartment or Room Number)

████████████████
(City, State, Zip Code)

(Telephone Number)

**11.** Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)

Edward Hillenbrand
(Name)

555 S. Flower St.
(Street Address)

Suite 3700
(Suite or Room Number)

Los Angeles, CA 90071
(City, State, Zip Code)

(213) 680-8296
(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.** PROOF OF SERVICE (You Must Complete This)

I Stephanie Rosa _____ mailed or delivered a copy of this Notice of Appeal
(Name)

on 3/16/2020 _____ to Assistant Chief Counsel of DHS-ICE
(Date)                          (Opposing Party)

at 10250 Rancho Road, ADELANTO, CA 92301
(Number and Street, City, State, Zip Code)

SIGN HERE ➤  X _____/s/_____
                      Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

**HAVE YOU?**

- ✓ Read all of the General Instructions
- ✓ Provided all of the requested information
- ✓ Completed this form in English
- ✓ Provided a certified English translation for all non-English attachments
- ✓ Signed the form

- ✓ Served a copy of this form and all attachments on the opposing party
- ✓ Completed and signed the Proof of Service
- ✓ Attached the required fee or Fee Waiver Request
- ✓ If represented by attorney or representative, attach a completed and signed EOIR-27

Page 3 of 3

Form EOIR-26
Revised Sept. 2019

## ATTACHMENT ONE TO FORM EOIR-26

Respondent, S█████ F█ S███ ("█████"), through her *pro bono* counsel and in connection with her concurrently-filed Motion to Remand for Further Proceedings Before the Immigration Judge, appeals the decision of the Immigration Judge ("IJ")'s denial of her application for asylum for the reasons set forth below.

1. **The IJ Committed Legal Error in Denying █████'s Asylum Claim Based Solely on the Third Country Transit Ban.**

In its February 13, 2020 order, the IJ determined that █████ was ineligible for asylum under the Third Country Transit Ban. *See* 8 C.F.R. § 208.13(c)(4). The IJ, however, found █████ provided credible testimony and afforded her testimony and declaration full evidentiary weight. *See* App. A at 8–10. The IJ further found that (1) █████ is entitled to a presumption that her life or freedom would be threatened because she suffered past persecution at the hands of the Cameroonian government "because of" her imputed political opinion, (2) DHS failed to rebut the presumption that █████'s life or freedom would be threatened by showing a fundamental change in circumstances or by establishing that █████ could reasonably relocate to avoid future harm, and (3) "[b]ecause [█████'s] life or freedom would be threatened because of a protected ground in Cameroon, the court grant[ed] her application for withholding of removal." *Id.* at 8–10.

The IJ acknowledged in her order that there are two pending cases before the Ninth Circuit addressing the Third Country Transit Ban's validity and applicability. *Id.* at 7. At the time of █████'s merits hearing, the Supreme Court and Ninth Circuit had stayed two injunctions concerning the Third Country Transit Ban. *See Barr v. East Bay Sanctuary Covenant*, 140 S. Ct. 3 (2019); *Al Otro Lado v. Wolf*, 945 F.3d 1223 (9th Cir. 2019), *stay denied, Al Otro Lado v. Wolf*, No. 19-56417, 2020 WL 1059682, at *12 (9th Cir. Mar. 5, 2020). Based on these

A# █████

decisions, the IJ concluded that she was required to apply the Third Country Transit Ban to ▮'s asylum claim. *See id.* at 7 (citing *Barr v. East Bay Sanctuary Covenant*, 140 S. Ct. 3 (2019); *Al Otro Lado v. Wolf*, 945 F.3d 1223 (9th Cir. 2019)). The IJ determined that ▮ was not eligible for asylum because (1) ▮ left Cameroon and traveled through Ecuador, Colombia, Panama, Costa Rica, Nicaragua, Honduras, Guatemala, and Mexico, but did not apply for asylum or refugee status in any of those countries, and (2) ▮ entered into the United States on August 17, 2019, after the Third Country Transit Ban went into effect. *Id.* at 8.

Nonetheless, the IJ also found that on June 5, 2019—more than one month before the Third Country Transit Ban went into effect—▮ attempted to enter the United States to seek asylum and was told by a U.S. immigration officer that she could not enter the country. *Id.* at 8. She thereafter was metered by Mexican authorities. *See id.*; Apps. B, C (evidence from the record supporting ▮'s membership in the provisionally certified class).

The IJ's decision denying ▮'s application for asylum requires reversal for two reasons: (1) the Third Country Transit Ban is unlawful, and (2) the Third Country Transit Ban is unlawful as applied to ▮, who attempted to enter the United States prior to July 16, 2019 but was subjected to the Government's metering policy and forced to wait to enter the country until after the Third Country Transit Ban was in effect.

### A. The Third Country Transit Ban Is Unlawful and, Therefore, It Cannot be the Basis for Denying ▮'s Asylum Application.

The IJ denied ▮ asylum due to the Third Country Transit Ban. *See* 8 C.F.R. § 208.13(c)(4). The current administration's Third Country Transit Ban is unlawful and unenforceable for several reasons. For example, it is inconsistent with the statutes governing asylum, including the firm resettlement bar and the safe third country bar. *See* 8 C.F.R. § 1208.14; 8 U.S.C. §§ 1158(a)(1), (a)(2)(A), (b)(2)(A)(iv). It is procedurally invalid under the

Administrative Procedure Act's notice and comment requirements. *See* 5 U.S.C. § 553(b)–(d). And it is procedurally invalid because the agencies failed to articulate a reasoned explanation for their decision. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co*, 463 U.S. 29, 52 (1983).

Indeed, two Ninth Circuit district courts have held that the Third Country Transit Ban is unlawful. **First**, the Northern District of California granted a nationwide preliminary injunction of the Third Country Transit Ban. *E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922, 960 (N.D. Cal. 2019), *order reinstated*, 391 F. Supp. 3d 974 (N.D. Cal. 2019). **Second**, the Southern District of California granted a preliminary injunction enjoining the Government from applying the Third Country Transit Ban to members of the provisionally certified class: "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the Government's metering policy, and who continue to seek access to the U.S. asylum process." *See Al Otro Lado, Inc. v. McAleenan*, 2019 WL 6134601, at *20 (S.D. Cal. Nov. 19, 2019).

In *E. Bay Sanctuary*, the Supreme Court of the United States granted certiorari and stayed the July 24, 2019 preliminary injunction and the September 9, 2019 order restoring the nationwide scope of the injunction, pending disposition of the Government's appeal. *See Barr v. E. Bay Sanctuary Covenant*, 140 S. Ct. 3 (2019). In *Al Otro Lado*, the Ninth Circuit granted the Government's motion for an emergency temporary stay of the district court's order until the Ninth Circuit decided the Government's motion for a stay pending appeal. *See Al Otro Lado v. Wolf*, 945 F.3d 1223, 1224 (9th Cir. 2019).

On March 5, 2020, the Ninth Circuit Motions Panel denied the U.S. Government's motion to stay the issued injunction pending its appeal in *Al Otro Lado v. Wolf. See* App. D. at

3                                               A#

76. Therefore, the U.S. Government is enjoined from enforcing the Third Country Transit Ban against members of the provisionally certified class of non-Mexican asylum seekers who arrived at the U.S. border seeking asylum before July 16, 2019, but were denied entry and prevented from making an asylum claim under the Government's metering policy.

    **B.**    **The Ninth Circuit Motions Panel's Recent Decision in *Al Otro Lado v. Wolf*, Coupled with the IJ's Factual Findings, Make Clear that the Third Country Transit Ban Cannot Apply to ▇▇▇'s Application for Asylum.**

In its February 13, 2020 order, the IJ found that ▇▇▇, a Cameroonian asylum seeker, attempted to enter the United States on June 5, 2019 and was turned away by a U.S. immigration officer and issued a metering number by Mexican authorities. *See* App. A at 8. Had the Government's unlawful metering practice not been in effect, ▇▇▇ would have gained entry to the United States prior to the Third Country Transit Ban's implementation. Accordingly, under the Ninth Circuit Motions Panel's March 5, 2020 decision in *Al Otro Lado v. Wolf*, No. 19-56417, 2020 WL 1059682 (9th Cir. Mar. 5, 2020), ▇▇▇ is a member of the provisionally certified class, and the Government is enjoined from enforcing the Third Country Transit Ban to defeat her asylum claim. *See* App. D at 72, 76. Because (1) the IJ found ▇▇▇ to be credible, (2) the IJ concluded that ▇▇▇ met the higher burden required to grant her alternative relief of withholding of removal, and (3) the IJ cited the Third Country Transit Ban as the only basis for denying ▇▇▇'s application for asylum, the Board should remand the case back to the IJ with instructions to grant ▇▇▇'s asylum claim.

* * * *

In addition to the specific grounds of appeal outlined above, ▇▇▇ reserves the right—as required by due process—to present additional legal arguments in her brief based on a thorough review of the transcript of proceedings, the decision below, and decisions in the pending Ninth Circuit cases described above.

## ATTACHMENT TWO TO FORM EOIR-26

███████, through her *pro bono* counsel, submits that this case is inappropriate for summary affirmance because it does not fall within the parameters set forth in 8 C.F.R. § 1003.1(e)(4). Rather, because this appeal meets the criteria of 8 C.F.R. § 1003.1(e)(6)–(7), a three-member panel of the Board should review this case with the benefit of oral argument. Under 8 C.F.R. § 1003.1(e), cases may only be assigned for review by a three-member panel if the case presents one of these circumstances.

In order for a decision to be summarily affirmed, it must meet three distinct regulatory requirements. *See* 8 C.F.R. § 1003.1(e)(4). This case is inappropriate for affirmance without opinion because it fails to meet these three demands.

***First***, a decision meriting summary affirmance must have arrived at the correct result. 8 C.F.R. § 1003.1(e)(4)(i). In this case, the result was clearly wrong. ███████ is plainly deserving of a grant of asylum. As detailed in Attachment One, and contrary to the IJ's decision, ███████ is eligible for asylum because the Third Country Transit Ban is unlawful and, even if it were not unlawful as a whole, the Ninth Circuit Motions Panel recently enjoined the Ban's application to individuals—like ███████—who were metered before the new rule took effect on July 16, 2019. Moreover, the IJ found ███████ credible and determined that she suffered past persecution on account of protected grounds and has a well-founded fear of future persecution on account of protected grounds. *See* App. A at 8–10. ███████ is eligible and deserving of a grant of asylum. The IJ's decision to the contrary cannot stand.

***Second***, a decision cannot be summarily affirmed unless "any errors in the decision . . . were harmless or nonmaterial." 8 C.F.R. § 1003.1(e)(4)(i). The IJ's errors were material to

A# ███████

▇▇▇'s case. Absent the IJ's application of the Third Country Transit Ban, ▇▇▇'s application for asylum likely would have been granted.

**Third**, a decision can be summarily affirmed only if "[t]he issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel fact situation" or "[t]he factual and legal questions raised on appeal are not substantial that the case warrants the issuance of a written opinion in the case." 8 C.F.R. § 1003.1(e)(4)(i)(A)–(B). The issues on appeal involve a need to resolve a matter of first impression. Challenges to the enforceability of the Third Country Transit Ban are pending. There is therefore no established precedent determining whether the Ban as a whole is valid or invalid. However, there has been "a change in law that affects an IJ's prior decision." Immigration Court Practice Manual 5.8(a); *see also* 8 C.F.R. § 1003.23(b)(2). As noted above, the Ninth Circuit Motions Panel issued an opinion denying the Government's motion to stay the injunction issued in *Al Otro Lado* just prior to the filing of this appeal. *See* App. D. As a result, the Government is prevented from enforcing the Third Country Transit Ban against members of the provisionally certified class, including ▇▇▇. Because this case calls for application of a newly issued decision in *Al Otro Lado*, it cannot be summarily affirmed.

Moreover, ▇▇▇'s appeal merits three-member panel review because it falls squarely within several of the circumstances set forth in 8 C.F.R. § 1003.1(e)(6). As set forth in Attachment One, the IJ's decision "is not in conformity with the law or with applicable precedents" relating to asylum. 8 C.F.R. § 1003.1(e)(6)(iii), (v). The legal errors committed by the IJ require reversal of her decision. 8 C.F.R. § 1003.1(e)(6)(vi). This case merits three-member panel review because it presents an opportunity to apply a newly issued opinion,

6                                    A# ▇▇▇

improve consistency among IJs, and establish precedent in an area of major national import. 8 C.F.R. § 1003.1(e)(6)(i), (ii), (iv).

* * * *

███  reserves the right—protected by due process—to present additional legal arguments in her brief after a thorough review of the transcript and the IJ's decision to further demonstrate why this case: (1) is inappropriate effort summary affirmance; and (2) merits review by a three-member panel aided by oral argument.

7                                                              A# ███