ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 18** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

555 South Flower Street
Los Angeles, CA 90071
United States

To Call Writer Directly:
+1 213 680 8236
edward.hillenbrand@kirkland.com

+1 213 680 8400

www.kirkland.com

Facsimile:
+1 213 680 8500

April 13, 2020

**Federal Express**

Board of Immigration Appeals
5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

Office of the Principle Legal Advisor
Adelanto Detention Facility
10250 Rancho Road
Adelanto, CA 92301

Re:   F█ S█████ S███ (A# ████████)

Dear Board of Immigration Appeals Clerk:

On behalf of Ms. F█ S█████ S███, enclosed please find for filing: (1) an original Form EOIR-26 Notice of Appeal with fee payment, (2) its accompanying attachments, (3) a copy of the Immigration Judge's March 17, 2020 order denying motion to reconsider, (4) a copy of the Immigration Judge's February 13, 2020 order denying application for asylum and granting withholding of removal, (5) copies of Form EOIR-27 Notices of Entry of Appearance as Attorney before the Board of Immigration Appeals, which were previously filed with the Board, (4), and a copy of a change of address form, which was filed previously with the Board..

Enclosed is a conformed copy of this appeal packet. Please return the conformed copy to me in the enclosed self-addressed and stamped envelope. If you have any questions regarding this filing, please contact me at (213) 680-8236. Thank you for your assistance.

Sincerely,

Edward Hillenbrand

Enclosures

Beijing   Boston   Chicago   Dallas   Hong Kong   Houston   London   Munich   New York   Palo Alto   Paris   San Francisco   Shanghai   Washington, D.C.

David I. Horowitz                                                 **NON-DETAINED**
Edward Hillenbrand
Maria Monica Beltran
**KIRKLAND & ELLIS LLP**
555 South Flower Street
Los Angeles, CA 90071
Tel:   (213) 680-8400
Fax:  (213) 680-8500
Email: dhorowitz@kirkland.com
        edward.hillenbrand@kirkland.com
        maria.beltran@kirkland.com

*Pro Bono Attorneys for Respondent F*█ *S*█████ *S*█

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE OF IMMIGRATION REVIEW
## IMMIGRATION COURT
## ADELANTO, CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>F█ S█████ S█<br><br>In Removal Proceedings | File No.: A# ██████ |

Immigration Judge Tammy L. Fitting           Hearing Date: None Scheduled

**RESPONDENT F█ S█████ S█'S NOTICE OF APPEAL FROM A DECISION OF AN IMMIGRATION JUDGE**

A# ██████

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002

**Notice of Appeal from a Decision of an Immigration Judge**

1. List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

   F█ S█████ S██, A# ██████████

   For Official Use Only

   ⚠ **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

   *(Left margin: Staple Check or Money Order Here. Include _____(s) and "A" Number(s) on the face of the check or money order.)*

2. I am  [✓] the Respondent/Applicant    [ ] DHS-ICE *(Mark only one box.)*

3. I am  [ ] DETAINED    [✓] NOT DETAINED *(Mark only one box.)*

4. My last hearing was at  10250 Rancho Rd., Adelanto, CA 92301  *(Location, City, State)*

5. **What decision are you appealing?**

   *Mark only one box below.* If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).

   [ ] I am filing an appeal from the Immigration Judge's decision *in* **merits** *proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated_____.

   [ ] I am filing an appeal from the Immigration Judge's decision *in* **bond** *proceedings* dated _____. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court?  [ ] Yes.  [ ] No.)

   [✓] I am filing an appeal from the Immigration Judge's decision **denying a motion to reopen or a motion to reconsider** dated March 17, 2020 .

   *(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Form EOIR-26
Revised Sept. 2019

Page 1 of 3

6. State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

Please see Attachment One to Form EOIR-26, setting forth the factual and legal basis for this appeal.

Please see Attachment Two to Form EOIR-26, explaining why this appeal is inappropriate for summary affirmance and merits three-member panel review with the benefit of oral argument.

*(Attach additional sheets if necessary)*

**WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7. Do you desire oral argument before the Board of Immigration Appeals? ✓ Yes ☐ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal? ✓ Yes ☐ No

**WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule..

9. Sign Here → X _____     4/13/2020
Signature of Person Appealing     Date
*(or attorney or representative)*

Form EOIR-26
Revised Sept. 2019

Page 2 of 3

**10.** Mailing Address of Respondent(s)/Applicant(s)

F█ S█████ S█████
(Name)

██████████████████
(Street Address)

██████████████████
(Apartment or Room Number)

██████
(City, State, Zip Code)

_____
(Telephone Number)

**11.** Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)

Edward Hillenbrand
(Name)

555 S. Flower St.
(Street Address)

Suite 3700
(Suite or Room Number)

Los Angeles, CA 90071
(City, State, Zip Code)

(213) 680-8296
(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.**

### PROOF OF SERVICE (You Must Complete This)

I Edward Hillenbrand _____ mailed or delivered a copy of this Notice of Appeal
       (Name)

on 4/13/2020 to Assistant Chief Counsel of DHS-ICE
   (Date)        (Opposing Party)

at 10250 Rancho Road, ADELANTO, CA 92301
   (Number and Street, City, State, Zip Code)

SIGN HERE ➤  X _____[signature]_____
                        Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

### HAVE YOU?

- [✓] Read all of the General Instructions
- [✓] Provided all of the requested information
- [✓] Completed this form in English
- [ ] Provided a certified English translation for all non-English attachments
- [✓] Signed the form

- [✓] Served a copy of this form and all attachments on the opposing party
- [✓] Completed and signed the Proof of Service
- [✓] Attached the required fee or Fee Waiver Request
- [✓] If represented by attorney or representative, attach a completed and signed EOIR-27

Page 3 of 3

Form EOIR-26
Revised Sept. 2019

## ATTACHMENT ONE TO FORM EOIR-26

On March 5, 2020, in a published decision, a three-judge Ninth Circuit Motions Panel denied the Government's motion for stay of an injunction pending the outcome of its appeal (the "Stay Order"). *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1015–16 (9th Cir. 2020). As a result, the nationwide injunction issued in *Al Otro Lado, Inc. v. McAleenan*, No. 17-cv-02366-BAS-KSC, 2019 WL 6134601, at *20 (S.D. Cal. Nov. 19, 2019), is again in effect and prevents the Government from applying the Third Country Transit Ban, 8 C.F.R § 1208.13(c)(4) (the "Ban"), to members of the provisionally certified class: "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. [port of entry] before July 16, 2019 because the Government's metering policy, and who continue to see access to the U.S. asylum process."

On March 6, 2020—one day later—Respondent ▮ S▮ S▮ ("▮") moved the Immigration Judge ("IJ") to reconsider its February 13, 2020 order denying her application for asylum (the "Asylum Order") because (1) ▮ is a member of the *Al Otro Lado* provisionally certified class and (2) as a result of the Stay Order, the Ban no longer applies to her case. The Government did not oppose the motion. By March 16, 2020, the IJ had not yet decided ▮'s motion to reconsider. Accordingly, ▮ filed an appeal with the Board of Immigration Appeals ("the Board") along with a motion to remand based in part on her pending motion to reconsider before the IJ. On March 17, 2020, the next day, the IJ issued an order denying ▮'s motion to reconsider (the "Reconsideration Order"). *See* App. A.

▮, through her *pro bono* counsel, appeals the Reconsideration Order for the reasons set forth below. ▮ also requests that the Board consolidate this appeal with her previously-filed March 16, 2020 appeal of the Asylum Order.

1   A#

1. **The IJ Failed to Recognize that a Change in Law Occurred and Is a Proper Basis for a Motion to Reconsider.**

In the Reconsideration Order, the IJ denied ▆▆▆'s motion in part because she "has not identified an error of fact or law at the time of the [Asylum Order]." App. A at 2. However, a subsequent change in law that affects an IJ's prior decision is a proper basis for a motion to reconsider. *See* Immigration Practice Manual 5.8(a) ("change in law that affects an Immigration Judge's prior decision").

Here, ▆▆▆'s motion was based on a change in law that affected the Asylum Order, which stated that she was ineligible for asylum under the Ban due in part to an emergency temporary stay issued by the Ninth Circuit. *See Al Otro Lado v. Wolf*, 945 F.3d 1223 (9th Cir. 2019); App. B. at 6–7. Indeed, at the time of ▆▆▆'s merits hearing, the Ban was enforceable against members of the provisionally certified class in *Al Otro Lado* solely because of the emergency temporary stay—which was merely "intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits, and [did] not constitute in any way a decision as to the merits of the motion for stay pending appeal." *Id.* at 1224. However, on March 5, 2020, the Ninth Circuit issued the Stay Order and denied the Government's motion for a stay pending appeal. *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1003 (9th Cir. 2020). Therefore, the emergency temporary stay has been lifted, the injunction is again in effect, and the Government is prohibited from enforcing the Ban against members of the provisionally certified class during the pendency of its appeal.

As stated in the Asylum Order and acknowledged in the Reconsideration Order, the IJ has made the requisite factual findings to establish that ▆▆▆ is a member of the *Al Otro Lado* provisionally certified class. More specifically, the IJ has found that on June 5, 2019— more than one month before the Ban went into effect—▆▆▆ attempted to enter the United

2

A# ▆▆▆

States to seek asylum, was told by a U.S. immigration officer that she could not enter the country, and was thereafter metered by Mexican authorities. *See* App. B at 7. Accordingly, because ▉ is a member of the *Al Otro Lado* provisionally certified class, the Stay Order constitutes a change in law that impacts the IJ's previous denial of her application for asylum. Therefore, it is a proper basis for a motion to reconsider.

2.  **The IJ Failed to Recognize that the Stay Order, a Three-Judge Published Decision, Is the Law of the Circuit and Binding on Lower Courts.**

In the Reconsideration Order, the IJ states that "[b]ecause a published decision of a Ninth Circuit motions panel is a predictive decision that is not binding on later panels of the Ninth Circuit—which could reach a contrary legal determination—respondent cannot show that the court erred because a merits panel in *Al Otro Lado* has not yet issued a decision." App A. at 2.

Regardless of whether, when, or how the merits panel rules, the Ninth Circuit has established that "a published decision of this court constitutes binding authority and must be followed unless and until it is overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1053 (9th Cir. 2017) (internal quotations omitted); *see also Laird v. Bullock*, 798 F.3d 736, 747 (9th Cir. 2015) ("we are bound by a prior three-judge panel's published opinions" and "a motions panel's published opinion binds future panels the same as does a merits panel's published opinion" (citing Circuit Rule 36-1)). "If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if it considered the rule unwise or incorrect." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).

The cases cited by the IJ as support for its position are silent as to the binding effect of a published Ninth Circuit opinion on lower courts, which is well established by Ninth Circuit precedent, and are otherwise distinguishable from the circumstances presented here. *See East*

3

A# ▉

*Bay Sanctuary Covenant, et al. v. Trump*, 950 F.3d 1242 (9th Cir. Feb. 28, 2020); *Innovation Law Lab v. Wolf*, 951 F.3d 1073 (9th Cir. Feb. 28, 2020).

Although the merits panel has not yet issued a decision in *Al Otro Lado*, the Stay Order is the law of the circuit and the IJ must adhere to it. Therefore, ▮ requests that the Board reverse the IJ's order and find that the Ban does not apply to her case and she is entitled to asylum. Alternatively, ▮ requests that the Board remand the case to the IJ with instructions to adhere to the Stay Order and reach the merits of ▮'s application for asylum.

\* \* \* \*

In addition to the specific grounds of appeal outlined above, ▮ reserves the right—as required by due process—to present additional legal argument in her brief based on a thorough review of the transcript of the proceedings, the decision below, and decisions in pending Ninth Circuit cases that concern the validity and enforceability of the Ban and Stephanie's eligibility for asylum.

4

A# ▮