ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 20** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

SANDRA ANDERSON
Chief Counsel
DION MORWOOD
Deputy Chief Counsel
CLAY PLUMMER
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
501 S. Las Vegas Blvd., Suite 200
Las Vegas, NV 89101

**NON DETAINED**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
LAS VEGAS, NEVADA

| | |
|---|---|
| In the Matter of: | |
| M████ T. A████ | File Nos.   A ████ |
| In removal proceedings | IJ: Baker |

**DEPARTMENT OF HOMELAND SECURITY'S MOTION TO REOPEN, RECONSIDER AND DENY ASYLUM**

## INTRODUCTION

On June 3, 2020, the Immigration Judge (IJ) granted the respondent's motion to reopen and granted the respondent's application for asylum after finding that she may be a member of the Al Otro Lado class action lawsuit. The Department disagrees as currently no one has been afforded class status in that lawsuit. Thus, the respondent is not currently eligible for asylum and may not be granted such relief at this time.

## STATEMENT OF FACTS

On September 6, 2019, the respondent applied for admission into the United States. On April 21, 2020 the court granted the respondent withholding of removal, denied asylum based on 8 CFR 1208.13(c)(4) and both sides waived appeal. On May 22, 2020 the department received the respondent's motion to reopen and request for asylum. On June 3, 2020 the IJ granted the respondent's motion and application for asylum. Due to an administrative oversite,[1] the DHS attorney assigned to this case did not receive the motion to reopen, and the Department did not respond prior to the issuance of the Immigration Judge's decision.

## ARGUMENT

Pursuant to 8 C.F.R. § 1003.23(b)(2), a motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the Immigration Judge's prior decision and shall be supported by pertinent authority. A party seeking reconsideration requests that the original decision be reexamined in light of additional legal arguments, a change of law, or an argument or aspect of the case that was overlooked. *See Matter of O-S-G-*, 24 I&N Dec. 56 (BIA 2006); *Matter of Cerna*, 20 I&N Dec. 399 (BIA 1991). A motion to reconsider must state the reasons for reconsideration by specifying the errors of fact or law in the prior decision and be

---

[1] Two members of the support staff left the office only two days before this motion was received. The sole remaining support staff inadvertently sent this motion directly to the file without notifying the assigned attorney.

supported by any pertinent precedent decisions. 8 C.F.R. § 1003.2(b)(1). Here, it is legal error to grant asylum to the respondent because there is currently no exception to the third-country transit IFR bar that applies to her case. Further, the respondent has not provided proper evidence to show that she could be considered for an exception in the future if current litigation is successful.

### The respondent did not meet her burden to show she is eligible for asylum pursuant to INA §§ 208(b)(1)(B); 240(c)(4).

Respondents always bears the burden to establish eligibility for asylum. *See* INA §§ 208(b)(1)(B); 240(c)(4). Establishing such eligibility includes showing that any bars, including the third-country transit IFR, do not apply. In cases in which the applicant bears the burden of proof, the burden of proof never shifts and is always on the applicant. *Matter of M-*, 3 I&N Dec. 777 (BIA 1949); *Matter of Rivero-Diaz*, 12 I&N Dec. 475 (BIA 1967). Where the evidence is of equal probative weight, the party having the burden of proof cannot prevail. *Id.* Foreign documents require certification by an authorized official. *See* 8 CFR § 287.6.

The evidence submitted by the respondent is a photocopy of what is presumably a partial picture of a list kept by the Mexican government of all those who are waitlisted with a declaration from the Director of the "Al Otro Lado" organization, Ms. Nicole Ramos. Ms. Ramos claims 1) the list is managed by Mexican authorities; 2) asylum seekers who are assigned to be list managers write the names on the lists; 3) that Al Otro Lado has limited capacity to view the waitlist maintained by Mexican officials. Ms. Ramos is not attesting to the authenticity of the list or that she personally viewed the original. Ms. Ramos makes no claim on where the purported photocopy came from. Even if Ms. Ramos could attest to the authenticity, she is not an authorized official under 8 CFR § 287.6.

The respondent has not presented any evidence that these lists are authentic, there is no chain of custody, there is no signed affidavit from the Mexican government, and we don't have

the original list. It is also clear on the copy provided that the alleged metering number given has either been highlighted or whited out and re-written. At this point, the clear weight of evidence indicates that the respondent is not an Al Otro Lado class member. The IJ should require a copy of the entire un-redacted list with a signed declaration from a Mexican Government official attesting that it is an official copy of the original on hand with the Mexican Government and that it is the full and complete list of individuals who were waitlisted from the date metering started until July 16, 2019 at the San Ysidro Port of Entry.[2] The regulation 8 CFR § 287.6 must be followed for the list provided to be admitted into evidence. In this case it was not.

### Even if the respondent could authenticate the list, the third country bar still applies, and she is not eligible for asylum.

Even if the respondent were able to prove that she had been waitlisted prior to July 16, 2019, she remains ineligible for asylum under the third-country transit IFR bar and it is legal error to grant her asylum at this time. On December 4, 2019, the Government filed an appeal and a request to stay the preliminary injunction issued by the U.S. District Court for the Southern District of California with the U.S. Court of Appeals for the Ninth Circuit, and on December 20, 2019, the Ninth Circuit issued an order temporarily staying the district court's class certification and the November 29, 2019 preliminary injunction pending a decision on the motion for stay pending appeal. Al Otro Lado v. Wolf, --- F.3d ---, 2019 WL 7046371 (9th Cir. Dec. 20, 2019). In light of the temporary stay of the preliminary injunction, there is currently no class

---

[2] It is important to note that Al Otro Lado has either been unwilling or unable to provide such a list to the District Court in the on-going federal litigation. Yet here, Ms. Ramos claims that Al Otro Lado has access to the government list and internal records relating to the waitlist numbers given out by CBP. Decl. of Ms. Ramos at p.2. Ms. Ramos also intimates that up to 10,000 individuals were on the waitlist as of July 16, 2019, and she states that Al Otro Lado has "limited capacity and opportunities to view the [lengthy] waitlist." Yet, interestingly, the respondent provides to this court an uncorroborated, unauthenticated, altered, partial photocopy of a document that is proposedly part of the official government list. The Department would like to view the complete un-redacted version of the list that Al Otro Lado has access to in order to verify with the Mexican government the authenticity of the list and to verify that indeed the respondent's name is found on that list.

4

certification no exceptions to the third-country transit bar related to metering. The respondent is not eligible for asylum and may not be granted this form of relief at this time.

## CONCLUSION

The Department respectfully requests that the Court reconsider and deny the respondent's application for asylum.

Respectfully submitted

*Clay Plummer*
Clay Plummer, Assistant Chief Counsel


M█████ T. A█████

**PROOF OF SERVICE**

On _06/10/2020____, I, Clay Plummer, Assistant Chief Counsel, mailed a copy of this **DEPARTMENT OF HOMELAND SECURITY'S MOTION** to the respondent's counsel of record at:

    SUSAN TINGWEI, Esq.
    8121 Georgia Ave ste 340
    Silver Spring, MD 20910

by placing said copy in an envelope and placing said envelope in my office's receptacle designated for official "out-going" regular mail, said envelope having been addressed to the name and address indicated.

*Clay Plummer*
Clay Plummer, Assistant Chief Counsel

5

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**OFFICE OF THE IMMIGRATION JUDGE**

In the Matter of: M███ T. A███                    File No.: A███

ORDER OF THE IMMIGRATION JUDGE

Upon consideration of DHS' Motion to Reconsider, it is HEREBY ORDERED that the motion be ☐ GRANTED ☐ DENIED because:
☐ The respondent does not oppose the motion.
☐ A response to the motion has not been filed with the court.
☐ Good cause has been established for the motion.
☐ The court agrees with the reasons stated in the opposition to the motion.
☐ The motion is untimely per _____.
☐ Other: The court agrees with the reason stated in the motion.

Deadlines:
☐ The application(s) for relief must be filed by _____.
☐ The respondent must comply with DHS biometrics instructions by _____.

Date: _____              _____
                                          Glen R. Baker
                                          Immigration Judge

---

Certificate of Service
This document was served by:  [ ] Mail       [ ] Personal Service
To:    [ ] Alien     [ ] Alien c/o Custodial Officer     [ ] Alien's Atty/Rep    [ ] DHS
Date: _____              By: Court Staff _____

6