ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 22** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
LAS VEGAS, NV

FILE: ███████                                           IN REMOVAL PROCEEDINGS

IN THE MATTER OF

M████ T. A████, Respondent

MOTION TO REOPEN AND RECONSIDER

ON BEHALF OF THE RESPONDENT:              ON BEHALF OF THE DHS:
Susan Engonwei Tingwei, Esquire           Clay Plummer
8121 Georgia Avenue, Suite 340            Assistant Chief Counsel
Silver Spring, MD 20910                   501 Las Vegas Blvd., South, Suite 200
                                          Las Vegas, NV 89101

## ORDER OF THE IMMIGRATION JUDGE

The respondent has filed a motion to reopen and reconsider removal proceedings that concluded with the Immigration Judge's decision issued on April 21, 2020. In that decision, the Immigration Judge denied the respondent's application for asylum pursuant to 8 C.F.R. § 1208.13(c)(4), but granted her application for withholding of removal under section 241(b)(3) of the Act. The respondent did not appeal from that decision. On May 21, 2020, the respondent filed a motion asking to reopen her removal proceedings so that the Court may reconsider its denial of her application for asylum. The respondent argues that her request for admission to the United States occurred on June 16, 2019, which places her within the class membership of the Al Otro Lado litigation (*Al Otro Lado v. Wolf et al.*, No. 19-56417 (9th Cir. Filed March 5, 2020). The respondent has submitted evidence corroborating her claimed membership in the Al Otro Lado class since that she sought admission on June 16, 2020. The Court issued a decision on June 3, 2020, granting the respondent's motion, based in part, on the lack of opposition from the Department of Homeland Security. However, the Department of Homeland Security ("DHS") did file an opposition to the motion to reopen and reconsider on June 10, 2020.[1] The Court vacates its decision issued on June 3, 2020, so that it may fully consider the arguments raised by the DHS.

---

[1] The DHS motion, while untimely filed, will be considered. The timely filing of documents with the Court has been interrupted by the Covid-19 pandemic due to the safety measures adopted by the Court.

1

The respondent argues that she is within the class membership of the Al Otro Lado litigation and not subject to the safe third country bar in 8 C.F.R. § 1208.13(c)(4) (*Al Otro Lado v. Wolf et al.*, No. 19-56417 (9th Cir. Filed March 5, 2020).

The regulation at 8 C.F.R. § 1208.13(c) states as follows:

(4) Additional limitation on eligibility for asylum. Notwithstanding the provisions of 8 CFR 208.15, any alien who enters, attempts to enter, or arrives in the United States across the southern land border on or after July 16, 2019, after transiting through at least one country outside the alien's country of citizenship, nationality, or last lawful habitual residence en route to the United States, shall be found ineligible for asylum unless:

(i) The alien demonstrates that he or she applied for protection from persecution or torture in at least one country outside the alien's country of citizenship, nationality, or last lawful habitual residence through which the alien transited en route to the United States and the alien received a final judgment denying the alien protection in such country;

(ii) The alien demonstrates that he or she satisfies the definition of "victim of a severe form of trafficking in persons" provided in 8 CFR 214.11; or

(iii) The only country or countries through which the alien transited en route to the United States were, at the time of the transit, not parties to the 1951 United Nations Convention relating to the Status of Refugees, the 1967 Protocol, or the United Nations Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.

The respondent argues that she is not subject to the safe third country bar because she tried to apply for asylum at the United States border but was turned away by Mexican Immigration authorities. The respondent has submitted a Declaration from Nicole Ramos, Border Rights Project Director in which she states that the respondent may have presented herself for admission to the United States prior to the date of July 16, 2019, and therefore qualify for Al Otro Lado class membership. The Declaration states that Al Otro Lado "has limited capacity and opportunities to view the waitlist maintained by Mexican officials at the port of entry in Tijuana, Mexico," but based on the Border Rights Project's internal records they "determined that they placed their name on the waitlist on June 16th, 2019." The respondent has also attached an unspecified document with the apparent page number of 131 on it which the Director contends is part of the list maintained by the Mexican Immigration authorities.

2

The Court does not find the evidence submitted is sufficient to support reopening. The Director's Declaration is based on admittedly less than full access to the documents created and retained by Mexican authorities. There is no evidence to suggest that the Director personally inspected the original documents, where the documents were examined, or under whose custody the documents were held. Moreover, the photocopy of page 131 fails to provide a sufficient basis for this Court to conclude that this is from Mexican authorities, that page 131 is part of a larger, more complete document, or that this page has been verified by the maker of the document – namely a Mexican Immigration official. In sum, the Court is unable to conclude that the respondent may be considered a member of the Al Otro Lado class. Accordingly, the motion to reopen and reconsider is DENIED.

DATE: June 15, 2020

Glen R. Baker
Immigration Judge

██████

## CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:        MAIL (M)        PERSONAL SERVICE (P)

TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [M] ALIEN'S ATTY/REP  [P] DHS

DATE: 6/15/2020        BY: COURT STAFF _____

Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

4

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
110 N. CITY PARKWAY, STE. 400
LAS VEGAS, NV  89106


Law office of SUSan E Tingwei
TINGWEI, SUSAN ENGONWEI
8121 Georgia Ave ste 340
Silver Spring, MD  20910


In the matter of                File A                DATE: Jun 15, 2020
A____, M____ T.

\_ Unable to forward - No address provided.
\_ Attached is a copy of the decision of the Immigration Judge. This decision
  is final unless an appeal is filed with the Board of Immigration Appeals
  within 30 calendar days of the date of the mailing of this written decision.
  See the enclosed forms and instructions for properly preparing your appeal.
  Your notice of appeal, attached documents, and fee or fee waiver request
  must be mailed to:    Board of Immigration Appeals
                        Office of the Clerk
                        5107 Leesburg Pike, Suite 2000
                        Falls Church, VA 22041
\_ Attached is a copy of the decision of the immigration judge as the result
  of your Failure to Appear at your scheduled deportation or removal hearing.
  This decision is final unless a Motion to Reopen is filed in accordance
  with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
  1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
  1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
  motion must be filed with this court:
                        IMMIGRATION COURT
                        110 N. CITY PARKWAY, STE. 400
                        LAS VEGAS, NV  89106
\_ Attached is a copy of the decision of the immigration judge relating to a
  Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
  1208.31(g)(1), no administrative appeal is available. However, you may file
  a petition for review within 30 days with the appropriate Circuit Court of
  Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

\_ Attached is a copy of the decision of the immigration judge relating to a
  Credible Fear Review. This is a final order. No appeal is available.
X Other: _____


                                                COURT CLERK
                                                IMMIGRATION COURT            FF
  cc: CLAY PLUMMER, ESQUIRE
      501 Las Vegas BLVD. S. STE 200
      Las Vegas, NV, 89101