ETHAN P. DAVIS
Acting Asst. Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation – District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
ARI NAZAROV (CT 414491)
DHRUMAN Y. SAMPAT (NJ 270892018)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-4120 | Fax: (202) 305-7000
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>Chad F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br>*Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br>**DEFENDANTS' RESPONSE TO THIS COURT'S AUGUST 6, 2020 ORDER (ECF No. 510)** |

Defendants hereby respond to this Court's August 6, 2020 order (ECF No. 510), which granted in part and denied in part the Motions to Seal the Class Certification Papers and Opposition (ECF Nos. 388, 404), and denied without prejudice Plaintiffs' Motion to Seal the Reply (ECF No. 410). In addition, Defendants attach hereto redacted exhibits as instructed by this Court in the August 2020 order.

**Additional Proposed Redactions/Reasons for Sealing**

As permitted by this Court's order, Defendants propose additional redactions for a small number of exhibits. The proposed redactions are set forth in the versions of these exhibits that are attached to this filing.

First, Defendants propose additional redactions (beyond those addressed in Appendix A) to the name and identifying information of the whistleblower in Exhibit 3 to Plaintiffs' Motion. Defendants have also proposed an additional redaction to page 258 to redact specific capacity information for the San Ysidro Port of Entry, consistent with the court's order permitting the redaction of this information in other exhibits. Defendants also propose redacting the whistleblower's name from the deposition stamp included on Exhibit 49.

Next, Defendants propose redactions to Exhibit 23 to the Motion to protect information covered by the deliberative-process privilege. Exhibit 23 to the Motion is an email chain between individuals at DHS, CBP, and the U.S. Department of State relating to ongoing diplomatic discussions related to the 2016 Haitian migrant surge. Defendants maintain that the redacted portions of the discussion is protected from disclosure by the deliberative process privilege because they reflect high-level, inter-agency, predecisional discussions regarding whether and how to engage in certain diplomatic discussions regarding Haitian migration. As noted in Defendants' Response in support of sealing (ECF No. 424, at p. 4 n. 4), Defendants clawed back portions of this document as privileged, and Plaintiffs did not pursue any challenge to the privilege assertion over the redacted material. These portions of the email

1  chain were not relied upon in the parties' briefs. Indeed, the parties previously agreed
2  to replace the original Exhibit 23 with a version that is redacted to protect those
3  predecisional deliberations. Defendants propose filing that redacted version and
4  have attached it to this response.
5       Third, the last page (number 4) of Exhibit 42 to the Motion (Internal email
6  chain discussing response to inquiry from Senator Leahy) contains information
7  about the capacity of the Brownsville POE. This Court has permitted Defendants to
8  redact similar capacity information based on the risk that this information would
9  pose to operations in other documents. *See* August 6 Order (ECF No. 510) at
10 Appendix A (*e.g.*, Exhibit 31 to Motion, ECF No. 389-33). Accordingly, Defendants
11 propose redacting capacity information on page four of Exhibit 42.
12      Fourth, with respect to Exhibit 9 to the Opposition (10/16 Incident
13 Management Report), Defendants propose redacting the first bullet point on page 2,
14 as it reflects communications with the government of Mexico. This Court has
15 indicated that similar information could be redacted in this document (*see* August 6
16 Order (ECF No. 510) at Appendix A.
17      Also, in addressing Exhibit 62 to the Motion (internal email regarding rate of
18 processing at SYS) this Court indicated that Defendants could redact the "total
19 number of detainees" in custody. This document does not discuss the total number
20 of detainees in custody, however, but rather notes the number of individuals
21 processed in a day. The court has permitted redactions to similar information in
22 other exhibits, such as Exhibit 61 to the Motion and Exhibit 9 to the Opposition.
23 Accordingly, Defendants propose redacting the reference to the number of
24 individuals processed per day.
25      Additionally, the Court did not appear to address Exhibit 96 to the motion in
26 the order itself. This Exhibit is a Field Queue Management Report that is virtually
27 identical to Exhibit 37 to the Motion and Exhibits 3-5 to the Reply. Thus,
28 Defendants have made consistent redactions to this Exhibit.

2

DEFENDANTS' RESPONSE
TO THIS COURT'S AUGUST 6, 2020 ORDER
Case No. 3:17-cv-02366-BAS-KSC

|   |   |
|---|---|
| 1 | Finally, as noted in Defendants' response in support of sealing (ECF No. 424, at p. 4 n.3), Exhibits 59, 60, and 61 to the Motion (AOL-DEF-00028473-75; AOL-DEF-00028469-70; and AOL-DEF-00050247-50), are the subject of a privilege dispute.  That dispute is currently pending before this Court on Rule 72(a) Objections.  *See* Rule 72(a) Objections (ECF No. 456).  These Exhibits contain discussions covered by the deliberative process privilege that Defendants sought to claw back; the parties filed a Joint Motion for Determination of Discovery Dispute regarding that dispute in of March 2020 and Magistrate Judge Crawford agreed that the documents were covered by the deliberative process privilege.  *See*  May 1 Privilege Order (ECF No. 446) at 6.  Thus, even if this Court ultimately upholds Judge Crawford's determination that the qualified privilege should yield for these documents for the purposes of this particular case, the documents are at a minimum entitled to confidential treatment.  Accordingly, Defendants respectfully renew their request that, at a minimum, the Court allow the filing of these documents under seal and allow the redaction of any portions of the public class certification briefing that refer to those documents, for the reasons stated in their briefing on their Rule 72(a) Objections.  *See* Mem. in Supp. of Rule 72(a) Objections (ECF No. 456-1) at 14 (citing Declaration of Todd Owen). |

### Redacted Exhibits Attached Hereto

Defendants attach the following exhibits to this response,[1] with additional targeted redactions as permitted by the Court's Order or as otherwise noted above:

1. Ex. 2 to Motion (ECF No. 389-4) (Owen Deposition)
2. Ex. 3 to Motion (ECF No. 389-5) (Whistleblower Deposition)
3. Ex. 2 to Opposition (ECF No. 405-1) (Owen Deposition)
4. Ex. 1 to Motion (ECF No. 389-1)

---

[1] Defendants adjusted various ECF numbers from the August 6, 2020 order as some appeared to be in error.

1. 5. Ex. 4 to Motion (ECF No. 389-6)
2. 6. Ex. 5 to Motion (ECF No. 390-7)
3. 7. Ex. 16 to Motion (ECF No. 390-18)
4. 8. Ex. 17 to Motion (ECF No. 390-19)
5. 9. Ex. 19 to Motion (ECF No. 390-21)
6. 10. Exs. 20–23 to Motion (ECF No. 390-22 through ECF No. 390-25)
7. 11. Ex. 26 to Motion (ECF No. 390-28)
8. 12. Exs. 30–33 to Motion (ECF No. 390-32 through ECF No. 390-35)
9. 13. Exs. 36–37 to Motion (ECF No. 390-38 through ECF No. 390-39)
10. 14. Exs. 40–43 to Motion (ECF No. 390-42 through ECF No. 390-45)
11. 15. Ex. 45 to Motion (ECF No. 390-47)
12. 16. Exs. 49–57 to Motion (ECF No. 390-51 through ECF No. 390-59)
13. 17. Exs. 59–63 to Motion (ECF No. 390-61 through ECF No. 390-65)
14. 18. Ex. 96 to Motion (ECF No. 390-98)
15. 19. Exs. 6–10 to Opposition (ECF No. 406-2 through ECF No. 406-6)
16. 20. Ex. 26 to Opposition (ECF No. 405-8)
17. 21. Ex. 30 to Opposition (ECF No. 405-10)
18. 22. Exs. 2–6 to Reply (ECF No. 413-3 through ECF No. 413-7)

//

//

| | |
|---|---|
| Dated: August 27, 2020 | Respectfully Submitted, |
| | ETHAN P. DAVIS<br>Acting Assistant Attorney General<br>Civil Division |
| | WILLIAM C. PEACHEY<br>Director |
| | KATHERINE J. SHINNERS<br>Senior Litigation Counsel |
| | ALEXANDER J. HALASKA<br>DHRUMAN Y. SAMPAT<br>Trial Attorneys |
| | */s/ Ari Nazarov*<br>ARI NAZAROV<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 514-4120 | Fax: (202) 305-7000<br>ari.nazarov@usdoj.gov |
| | *Counsel for Defendants* |

# CERTIFICATE OF SERVICE

Case No. 3:17-cv-02366-BAS-KSC

I certify that on August 27, 2020, I served a copy of this motion on the following persons by ECF:

| | |
|---|---|
| **Matthew Ellis Fenn**<br>mfenn@mayerbrown.org | **Stephen Medlock**<br>smedlock@mayerbrown.com |
| **Matthew M. Marmolejo**<br>mmarmolejo@mayerbrown.com | **Angelo R. Guisado**<br>aguisado@ccrjustice.org |
| **Micah D. Stein**<br>mstein@mayerbrown.com | **Baher Azmy**<br>bazmy@ccrjustice.org |
| **Ori Lev**<br>olev@mayerbrown.com | **Ghita R. Schwarz**<br>gschwarz@ccrjustice.org |
| **Rebecca Cassler**<br>rebecca.cassler@splcenter.org | **Karolina J. Walters**<br>kwalters@immcouncil.org |
| **Sarah Marion Rich**<br>sarah.rich@splcenter.org | **Melissa E. Crow**<br>melissa.crow@splcenter.org |

*/s/ Ari Nazarov*
Ari Nazarov
Trial Attorney

DEFENDANTS' RESPONSE
TO THIS COURT'S AUGUST 6, 2020 ORDER
Case No. 3:17-cv-02366-BAS-KSC