ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL EXHIBITS 1–4 TO PLAINTIFFS' MOTION FOR CLARIFICATION OF THE PRELIMINARY INJUNCTION** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants** | |

---

* Acting Commissioner Morgan is automatically substituted as a Defendant for former Commissioner McAleenan pursuant to Federal Rule of Civil Procedure 25(d).

## INTRODUCTION

Defendants respectfully respond in support of Plaintiffs' Motion to Seal Exhibits 1–4 in Support of Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 495). For the reasons discussed in Plaintiffs' Motion to Seal and this Response in Support, Defendants join Plaintiffs' request to redact and seal portions of Exhibits 1–4 to the Motion to Clarify (ECF Nos. 494-3–494-6).

## BACKGROUND

On July 17, 2020, Plaintiffs filed a Motion for Clarification of the Preliminary Injunction (ECF No. 494). As exhibits in support of their motion, Plaintiffs filed certain orders issued by immigration judges in removal proceedings for E.T.M., *see* Pls.' Ex. 1 (ECF No. 494-3); for A.N.A., *see* Pls.' Ex. 2 (ECF No. 494-4); and for M.T.A., *see* Pls.' Ex. 3 (ECF No. 494-5); and excerpts of the June 2, 2020 deposition of Rodney Harris, the Deputy Assistant Director of Field Operations – Border Security for the Laredo Field Office, Office of Field Operations (OFO), U.S. Customs and Border Protection (CBP), *see* Pls.' Ex. 4 (ECF No. 494-6). Plaintiffs moved to seal portions of Exhibits 1–3 to prevent the public disclosure of the names and A-file numbers (A numbers) of the individuals who are respondents to the removal proceedings to which Exhibits 1–3 relate.[1] *See* Pls.' Mem. in Support of Mot. to Seal 1–2 (Mot. to Seal; ECF No. 495-1). Plaintiffs moved to seal portions of Exhibit 4 to prevent the public disclosure of "sensitive law enforcement information regarding the operations of ports of entry on the U.S.-Mexico border." *Id.* at 2.

On August 6, 2020, this Court issued an Order granting in part and denying in part the parties' motions to seal various portions of the class-certification briefing. *See* Order Granting in Part and Denying in Part Mots. to Seal Class Certification

---

[1] Defendants have also redacted names and A numbers from Exhibits 8–23 to Defendants' Opposition to Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF Nos. 508-9–508-24) for the same reasons discussed in Plaintiffs' Motion to Seal and this Response in Support.

Mot. and Opp'n Br. and Denying Without Prejudice Mot. to Seal Reply Brief (Sealing Order; ECF No. 510).

## ARGUMENT

While the parties acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Defendants nevertheless agree with Plaintiffs that Exhibits 1–4 to Plaintiffs' Motion for Clarification of the Preliminary Injunction should be filed under seal.

"The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Federal Rule of Civil Procedure 26(c) sets forth the "good cause" standard for sealing documents attached to non-dispositive motions. *See id*. The test applied is whether "good cause exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (internal quotations and citation omitted).

This Court should seal the names and A numbers contained in Exhibits 1–3 (and Government Exhibits 8–23) because personal identifying information pertaining to asylum applications is generally kept confidential. *See* 8 C.F.R. § 208.6(a). Courts, including this Court, have held that an asylum seeker's personal identifying information should be kept sealed in public filings. *See Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-2366, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017). Accordingly, this Court should permit the narrow redactions that the parties have proposed to protect the identities of the individuals discussed in the parties' briefing.

This Court should also seal the sensitive law-enforcement information contained in Exhibit 4, which consists of excerpts of the June 2, 2020 deposition of

Rodney Harris, a high-level CBP official in OFO's Laredo Field Office.[2] At his deposition, Deputy Assistant Director Harris provided testimony relating to the lists of migrants waiting in shelters to enter the United States, "including communications between individuals in the Laredo Field Office and the Department of State, whether there was operational utility in the obtaining these lists, and whether the Field Office received copies of such lists." Ex. 1, Harris Decl. ¶ 3; *see also* Ex. 1 ¶ 4. This testimony warrants sealing because it "reveals the substance of communications between CBP and the Department of State relating to efforts to work to manage the relationship between the United States and Mexico on the southern border." Ex. 1 ¶ 5. "Given the fluidity of operations on the southern border, and the need for close communications between individuals in the U.S. government and governmental and non-governmental actors in Mexico, CBP works closely with the State Department and other agencies to ensure the most efficient and effective communication with Mexican partners. In this context, it is particularly important that CBP is able to exchange regular, open, and candid communications with its federal partners, so that officials can make appropriate and timely decisions impacting the safety and security of the border. Officials on the ground must often make quick decisions, and it is critical that they are able to freely share all relevant information for purposes of making those decisions, without concern about how the decision would be perceived by the public." Ex. 1 ¶ 5. Disclosure of the testimony "may stifle the willingness of officials in the government of Mexico, or Mexico-based non-governmental organizations to share information with officials in the State Department and with CBP." Ex. 1 ¶ 5.

Further, Deputy Assistant Director Harris's testimony reveals "specific information about interactions between officials from the U.S. government and NGOs and officials in Mexico, including the manner and type of communications and specific topics discussed." Ex. 1 ¶ 6. These communications "are critical to ensuring

---

[2] The government's proposed redactions to Plaintiffs' Exhibit 4 are attached as Exhibit 2 to this Response.

that the United States and Mexico are able to work together to address common issues on their shared border. It is critical that individuals on both sides of the border are able to communicate openly, regularly, and candidly, as such communication ensures that the United States and Mexico are able to work together to address common issues." Ex. 1 ¶ 6. This testimony should remain sealed because, if it were made public, it "would draw public scrutiny to whether and what type of information was shared related to these waitlists, and would impact the willingness of individuals on both sides of the border to share relevant information in a free and open manner and would impair the utility of working-level relationships between these individuals. This would significantly impact the ability of the two countries to jointly address security risks and other issues in the future." Ex. 1 ¶ 6.

Deputy Assistant Director Harris's testimony also "reveals specific operational details regarding the manner in which Mexico operates shelter systems along the border and specific actions taken by the Mexican government to regulate the flow of migrants who intend to approach ports of entry." Ex. 1 ¶ 7. "These operational details could, if disclosed publicly, harm the ability of both Mexico and the United States to manage operations on both sides of the U.S.-Mexico border. Specifically, the United States and Mexico have a joint interest in ensuring that their joint border is safe and secure, and thus regularly share information regarding their respective actions to maintain security and manage the flow of trade and travel across the border. This information is shared with sufficient detail to enable officials on both sides of the border to maintain sufficient situational awareness and to be prepared to work together to address any security or other concerns. Release of these operational details to the public would harm intergovernmental and intragovernmental communications." Ex. 1 ¶ 7. This Court has already granted the government's request to seal similar testimony relating to communications between U.S. and Mexican government officials based on the sensitivity of those communications and

should do so again here. *See* Sealing Order 5–6 ("[T]he Court largely grants Defendants' request to seal Owen's testimony concerning internal memos and communications with the Government of Mexico.").

## CONCLUSION

For good cause shown, this Court should grant Plaintiffs' Motion to Seal portions of Exhibits 1–4 to Plaintiffs' Motion for Clarification of the Preliminary Injunction.

DATED: August 3, 2020            Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

*Al Otro Lado v. Wolf*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: August 3, 2020   Respectfully submitted,

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice

*Counsel for Defendants*