MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | **EXHIBIT 5 IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO EXCLUDE DEFENDANTS' PURPORTED EXPERT TESTIMONY** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | **REDACTED VERSION** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

1

2

3

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOSEPH H. HUNT
Assistant Attorney General, Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ARI NAZAROV (CT 414491)
ALEXANDER J. HALASKA (IL 6327002)
DHRUMAN Y. SAMPAT(NJ 270892018)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-4120 | Fax: (202) 305-7000
*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs,* | |
| v. | **DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' SIXTH SET OF INTERROGATORIES TO ALL DEFENDANTS** |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, in their official capacities, hereby submit objections and responses to Plaintiffs' Sixth Set of Interrogatories to All Defendants (Nos. 22-25).

Defendants' objections and responses are based on the information known to Defendants at this time and are made without prejudice to the assertion of additional objections should Defendants identify additional grounds for objection. Defendants specifically reserve the right to amend, further supplement, clarify, revise, or correct any or all of their responses to these Interrogatories. By responding to and supplementing these Interrogatories, Defendants do not waive, and specifically preserve, their right to assert any and all objections to the admissibility of any documents on any and all grounds, including, but not limited to, competency, relevance, materiality, and privilege.

Furthermore, Defendants respond herein without in any manner admitting or implying that Plaintiffs' Interrogatories (or Defendants' responses) are relevant to any party's claim or defense or proportional to the needs of the case. None of Defendants' responses herein should be construed or understood as an admission or denial of any legal issues, nor an agreement with any of Plaintiffs' characterizations of legal or factual issues.

## <u>GENERAL OBJECTION</u>

Defendants object to these Interrogatories (and all discovery requests) as facially improper in this APA case. "[I]t is black-letter administrative law that in an APA case, a reviewing court 'should have before it neither more nor less information than did the agency when it made its decision.'" *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)); *First Nat. Bank & Trust v. Dep't of Treasury*, 63 F.3d 894, 897 (9th Cir. 1995) ("Generally, judicial review of an agency decision is limited to the administrative record." (citing *Camp v. Pitts*,

411 U.S. 138, 142 (1973)).  These Interrogatories are proper only to the extent they seek information that is absolutely necessary "to ascertain the contours of the precise policy at issue," *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 530 F.3d 925, 928 (D.C. Cir. 2008), and only to the extent they seek the information the agency had before it when it made its decision, *Hill Dermaceuticals, Inc.*, 709 F.3d at 47. Defendants are not withholding any information on the basis of this objection, however.

## OBJECTIONS TO DEFINITIONS

1.     Defendants object to the definition of "You" and "Your," as defined in "Definition A," as overbroad and unduly burdensome in the context of this litigation and these interrogatory responses. Unless otherwise specified, Defendants interpret the definition of "You" or "Your" as referring to the named Defendants in their official capacities, and individual employees of the U.S. Department of Homeland Security (DHS) or U.S. Customs and Border Protection (CBP) from whom CBP or DHS has the legal right to obtain upon demand information relevant to the claims and defenses in this case. Defendants do not interpret the definition of "You" or "Your" to include DHS or CBP components or subcomponents that are not relevant to this litigation.

2.     Defendants object the definition of "Port of Entry," as defined in "Definition B," as overly broad, unduly burdensome, and not proportional to the needs of the case in the context of these Interrogatories.  The putative class representatives alleged that they applied for admission or attempted to apply for admission at only the San Ysidro, Otay Mesa, Hidalgo, and Laredo ports of entry. Thus, even assuming for argument's sake that the Court certifies the broadest possible class the representative parties might be legally permitted to represent, they still cannot challenge actions taken by other ports of entry.

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

To the extent that Plaintiffs argue that specific information about other ports of entry beyond San Ysidro, Otay Mesa, Hidalgo, and Laredo is relevant to the requirements for class certification, Defendants maintain their objection that such an inquiry is disproportionate to the needs of the case in light of the overall burden of investigation to fully respond to these Interrogatories, because these Interrogatories seek highly specific information about numerous crossings at numerous ports of entry along the U.S.-Mexico Border. It is unduly burdensome and not proportional to the needs of the case to require CBP to provide information that accounts for each specific practice of each land port of entry along the U.S-Mexico Border. However, in accordance with the parties' discussions following the Court's October 9, 2019 Order [Doc. No. 304], Defendants construe this topic as seeking information regarding the port-specific practices at the following eight POEs: San Ysidro, Otay Mesa, Hidalgo, Laredo, El Paso, Brownsville, Nogales, and Calexico. *See* Order re: Joint Motion for Determination of Discovery Dispute [Doc. No. 304] (stating that it is allowing document discovery as to four additional *ports of entry*).

Again, and without waiving this objection, Defendants construe the definition of "Port of Entry" to include the eight ports of entry cited by the Court in its October 9, 2019 Order, namely, the San Ysidro, Otay Mesa, Laredo, Hidalgo, Calexico, Nogales, Brownsville, and El Paso ports of entry. Defendants' responses to each and every Interrogatory will be limited accordingly.

3.     Defendants object to the definition of "Class," as defined in Definition D, as vague and ambiguous. The U.S. District Court for the Southern District of California has not certified any class or sub-class in this action, and therefore, this term lacks concrete meaning as defined by Plaintiffs. Defendants instead interpret this term as Plaintiffs' proposed class of aliens who "seek or will seek to access the U.S. asylum process by presenting themselves at a Class A POE on the U.S.-Mexico border, and were or will be denied access to the U.S. asylum process by or at the

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

instruction of U.S. Customs and Border Protection officials on or after January 1, 2016," and Plaintiffs' proposed sub-class of aliens who "were or will be denied access to the U.S. asylum process at a Class A POE on the U.S.-Mexico border as a result of CBP's metering policy during that same time." Pls.' Mot. For Class. Cert. at 1.

## SPECIFIC OBJECTIONS AND RESPONSES

### Interrogatory No. 22

If you contend that Plaintiffs or the Class have not suffered an irreparable injury, identify all facts, documents, discovery responses, and deposition testimony supporting your contention with as much specificity as possible.

**Objections:** Defendants object to Interrogatory No. 22 to the extent that it seeks to compel Defendants to reveal their legal strategies and all evidence upon which Defendants may intend to rely. *See Moser v. Health Ins. Innovations, Inc.*, No. 17cv1127-WQH (KSC), 2018 U.S. Dist. LEXIS 215901, at *22-23 (S.D. Cal. Dec. 21, 2018) (noting that contention interrogatories are too often used to harass the opposition knowing that the responses at that stage will produce little useful information"); *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *see also Susquehanna Comm. Fin., Inc. v. Vascular Resources, Inc.*, 2010 U.S. Dist. LEXIS 127125, at *25-37 (M.D. Pa. 2010) (denying motion to compel detailed response to interrogatories requesting "all facts" supporting plaintiffs' contentions, holding that defendants' demand for specific and "narrative response[s]" to contention interrogatories was "little more than a makework request . . . since they do not only have the information, they have the written materials themselves"); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs. v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases); *Grynber v. Total S.A.*, 2006 U.S. Dist. LEXIS 28854, at *16 (D. Colo. 2006) ("blockbuster interrogatories" that seek all facts related to a theory of liability have been "repeatedly condemned by the trial courts" because they "constitute an unduly burdensome request as a matter of law and are an abuse of the discovery process. Interrogatories should not require a party to provide a narrative account of his case."). By requesting Defendants to produce all documents "supporting [the] contention with as much specificity as possible" that "Plaintiffs or the Class have not suffered an irreparable injury[,]" Plaintiffs are seeking quintessential information that is protected by the work-product doctrine. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("[T]he work product doctrine is intended . . . to guard against divulging the attorney's strategies and legal impressions . . . .").

Defendants object to Interrogatory No. 22 as premature because no class has been certified with respect to the merits of Plaintiffs claims. *See generally Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501–02 (9th Cir.1996) (recognizing that "injunctive relief generally should be limited to apply only to named plaintiffs where there is no class certification"). Further, if a class were certified, the claims of the class should be limited "to those fairly encompassed by the named plaintiff's claims." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Accordingly, Defendants will not respond to this Interrogatory to the extent it seeks information about harms to members of the putative/proposed class(es), including specific harms to specific members.

Defendants also object to Interrogatory 22 as vague and ambiguous, as Plaintiffs do not clearly define the phrase "irreparable injury." Specifically,

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

Plaintiffs indicate that "irreparable injury" shall have the same meaning as used in *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006). In *eBay*, the Supreme Court reviewed a request for a permanent injunction in a patent infringement dispute, and rejected the general rule applied by the Court of Appeals that an injunction should issue once patent infringement has been established. The case provides no clear or relevant definition of "irreparable injury," beyond merely mentioning it and the court's discussion of this concept is neither applicable nor relevant to the facts present in this case. Defendants construe "irreparable injury" as certainty of immediate harm perpetrated by one party on another in which no amount of reparations could return the injured party to its original condition. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) (explaining that "[t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . . are not enough . . ."); *Nken v. Holder*, 556 U.S. 418, 435 (2009) (holding that the burden of removal from the United States "alone cannot constitute the requisite irreparable injury"); *Herb Reed Enters., LLC v. Fla. Ent. Mgmt.*, Inc., 736 F.3d 1239, 1250 (9th Cir. 2013) (finding speculation on future harm does not meet the standard of showing "likely" irreparable harm).

Defendants also object to this Interrogatory in accordance with General Objections Number 1 and Objections to Definitions Number 1.

**Response:** Subject to, and without waiving their objections, Defendants respond as follows:

Defendants contend that none of the individual Doe Plaintiffs or the putative class members were irreparably injured because they were not denied access to the U.S. asylum process as a result of the actions alleged in the Second Amended Complaint. Within days of their being anonymously named as individual Plaintiffs in the complaint and amended complaint, respectively, Emiliana Doe, Bianca Doe, Ingrid Doe, Maria Doe, Juan Doe, Ursula Doe, Victoria Doe, Dinora Doe, Cesar

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

Doe, Carolina Doe, and Abigail Doe presented themselves at U.S. ports of entry, were processed as applicants for admission, and were provided the opportunity to access the asylum process in the U.S. These facts are evidenced in these Plaintiffs' A files, electronic immigration records, and deposition transcripts.

Further, Beatrice and Roberto Doe, can return to a port of entry to be processed as an arriving alien at any time, should they choose to do so. *See* ECF No. 58-1; 8 U.S.C. §§ 1225(b)(1), (2); 8 C.F.R. § 253.3; *see also* Emails (ECF No. 67-2) (agreement that all Plaintiffs can present themselves at the ports of entry and be processed as applicants for admission consistent with the INA).

In fact, there is no evidence at this point in any documents, discovery responses, or deposition testimony that shows that the individual Plaintiffs have suffered an "irreparable injury." There is also no evidence to suggest that the individual Plaintiffs suffered unreasonable delay. *See Independence Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (claims of unreasonable delay under 5 U.S.C. § 706(1), are governed by the fact-intensive *TRAC* factors[1]).

Defendants also contend that Plaintiff Al Otro Lado, Inc. has not suffered any injury, let alone irreparable injury, because Al Otro Lado's organizational mission

---

[1] Those factors are: (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Independence Min. Co.*, 105 F.3d at 507 n.7 (citing *Telecomms. Research and Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984)).

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

has not been frustrated because it is continuing its mission of "provid[ing] legal services and . . . uplift[ing] [its] immigrant communities by defending the rights of migrants against systemic injustices in the legal system."[2].  In fact, Defendants contend that the documents produced in discovery by Al Otro Lado demonstrate that Al Otro Lado's funding and operations have increased since 2017, and that it has not suffered harm to its mission.  Even assuming, *arguendo*, that Defendants' actions have caused a diversion of Plaintiffs' resources, as Plaintiffs' contend, the diversion or loss of financial resources does not constitute irreparable harm.  *See Cesca Therapeutics Inc. v. SynGen Inc., No*. 2:14-CV-2085-TLN-KJN, 2017 WL 1174062, at *2 (E.D. Cal. Mar. 30, 2017) (explaining that in the preliminary injunction context, loss of financial resources does not rise to irreparable harm).

Defendants reserve the right to supplement these responses following the development of additional information in discovery, including but not limited to the deposition of Plaintiff Al Otro Lado.

## Interrogatory No. 23

If you contend that remedies available at law, such as monetary damages, are adequate to compensate for any injury suffered by Plaintiffs or the Class, identify all facts, documents, discovery responses, and deposition testimony supporting your contention with as much specificity as possible.

**Objections:**  Defendants object to this Interrogatory as exceeding the number of interrogatories permitted without leave of court under Federal Rule of Civil Procedure 33, because Plaintiffs' Interrogatory No. 21 contained four discrete subparts and thus should have been counted as Interrogatories Nos. 21-24.  *See also* L.R. 33.1 ("No party will serve on any other party interrogatories, which, including

---

[2] Al Otro Lado Webpage, *available at*: alotrolado.org/who-we-are/ (last visited June 16, 2020).

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

discrete subparts, number more than twenty-five interrogatories without leave of court."). Specifically, Plaintiffs' Interrogatory No. 21 contained four discrete subparts: (a) whether arriving noncitizens were permitted to step onto U.S. soil before they were metered and the number of times that this occurred, (b) whether arriving noncitizens were escorted from U.S. soil back to Mexican soil and the number of times that this occurred, (c) whether arriving noncitizens were permitted to stay in the space between the limit line and the POE building and the number of times that this occurred, and (d) when you began metering/queue management at the POE. These subparts are not "logically or factually subsumed within and necessarily related to the primary question" and therefore must be construed as separate interrogatories. *See White v. Cinemark USA, Inc.*, No. 04CV0397 GEB CMK, 2005 U.S. Dist. LEXIS 41814, 2005 WL 3881658, at *2-3 (E.D. Cal. Mar. 28, 2005) (holding that asking for "each and every fact" relating to each affirmative defense should be treated as separate interrogatories since each defense may be both factually and logically different); *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 U.S. Dist. LEXIS 17006, 2011 WL 719206, at *2 (S.D. Cal. Feb. 22, 2011) (holding that an interrogatory that seeks a response as to multiple affirmative defenses is counted as a separate interrogatory for each affirmative defense . . . ). Accordingly, Plaintiffs have exceeded the number of interrogatories allowed by the rules and no response by the Defendants is required.

Defendants object to Interrogatory No. 23 to the extent that it seeks to compel Defendants to reveal their legal strategies and all evidence upon which Defendants may intend to rely. *See Moser v. Health Ins. Innovations, Inc.*, No. 17cv1127-WQH (KSC), 2018 U.S. Dist. LEXIS 215901, at *22-23 (S.D. Cal. Dec. 21, 2018) (noting that contention interrogatories are too often used to harass the opposition knowing that the responses at that stage will produce little useful information"); *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367,

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

369 (S.D.N.Y. 2010); *see also Susquehanna Comm. Fin., Inc. v. Vascular Resources, Inc.*, 2010 U.S. Dist. LEXIS 127125, at *25-37 (M.D. Pa. 2010) (denying motion to compel detailed response to interrogatories requesting "all facts" supporting plaintiffs' contentions, holding that defendants' demand for specific and "narrative response[s]" to contention interrogatories was "little more than a makework request . . . since they do not only have the information, they have the written materials themselves"); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs. v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases); *Grynber v. Total S.A.*, 2006 U.S. Dist. LEXIS 28854, at *16 (D. Colo. 2006) ("blockbuster interrogatories" that seek all facts related to a theory of liability have been "repeatedly condemned by the trial courts" because they "constitute an unduly burdensome request as a matter of law and are an abuse of the discovery process. Interrogatories should not require a party to provide a narrative account of his case."). By requesting Defendants to produce all documents "supporting [the] contention with as much specificity as possible" that "Plaintiffs or the Class have not suffered an irreparable injury[,]" Plaintiffs are seeking quintessential information that is protected by the work-product doctrine. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("[T]he work product doctrine is intended . . . to guard against divulging the attorney's strategies and legal impressions . . . .").

Further, Defendants object to Interrogatory No. 22 as premature because no class has been certified with respect to the merits of Plaintiffs claims. *See generally*

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

*Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501–02 (9th Cir.1996) (recognizing that "injunctive relief generally should be limited to apply only to named plaintiffs where there is no class certification"). Further, if a class were certified, the claims of the class should be limited "to those fairly encompassed by the named plaintiff's claims." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Accordingly, Defendants will not respond to this Interrogatory to the extent it seeks information about harms to members of the putative/proposed class(es), including specific harms to specific members.

In addition, Defendants also object to Interrogatory 22 as vague and ambiguous, as Plaintiffs do not clearly define the phrases "[r]emedies available at law, such as monetary damages." Specifically, Plaintiffs indicate that the phrase shall have the same meaning as used in *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006). In *eBay*, the Supreme Court reviewed a request for a permanent injunction in a patent infringement dispute, and rejected the general rule applied by the Court of Appeals that an injunction should issue once patent infringement has been established. The case provides no clear or relevant definition, beyond merely mentioning it, of "[r]emedies available at law, such as monetary damages" that would appear applicable to the facts of this case.

Defendants also object to this Interrogatory in accordance with General Objections Number 1 and Objections to Definitions Numbers 1and 3.

**Response:** Subject to, and without waiving, the foregoing objections, Defendants respond as follows:

Defendants hereby incorporate their response to Interrogatory No. 22.

## Interrogatory 24

Describe with as much specificity as possible the efforts that you undertook to preserve documents, electronically stored information, and things relevant to the claims and defenses in this litigation, including, but not limited to, the date on which

11

CBP employees and third-parties were advised to preserve such materials, the names of the individuals that received a notice to preserve such materials, the steps that you undertook to ensure that such materials were not destroyed, deleted, overwritten, modified, or discarded, and instances where you learned that such materials were destroyed, deleted, overwritten, modified, or discarded.

**Objections:** Defendants object to this Interrogatory as exceeding the number of interrogatories permitted without leave of court under Federal Rule of Civil Procedure 33, because Plaintiffs' Interrogatory No. 21 contained four discrete subparts and thus should have been counted as Interrogatories Nos. 21-24. *See also* L.R. 33.1 ("No party will serve on any other party interrogatories, which, including discrete subparts, number more than twenty-five interrogatories without leave of court."). Specifically, Plaintiffs' Interrogatory No. 21 contained four discrete subparts: (a) whether arriving noncitizens were permitted to step onto U.S. soil before they were metered and the number of times that this occurred, (b) whether arriving noncitizens were escorted from U.S. soil back to Mexican soil and the number of times that this occurred, (c) whether arriving noncitizens were permitted to stay in the space between the limit line and the POE building and the number of times that this occurred, and (d) when you began metering/queue management at the POE. These subparts are not "logically or factually subsumed within and necessarily related to the primary question" and therefore must be construed as separate interrogatories. *See White v. Cinemark USA, Inc.*, No. 04CV0397 GEB CMK, 2005 U.S. Dist. LEXIS 41814, 2005 WL 3881658, at *2-3 (E.D. Cal. Mar. 28, 2005) (holding that asking for "each and every fact" relating to each affirmative defense should be treated as separate interrogatories since each defense may be both factually and logically different); *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 U.S. Dist. LEXIS 17006, 2011 WL 719206, at *2 (S.D. Cal. Feb. 22, 2011) (holding that an interrogatory that seeks a response as to multiple affirmative

defenses is counted as a separate interrogatory for each affirmative defense . . . ). Accordingly, Plaintiffs have exceeded the number of interrogatories allowed by the rules and no response by the Defendants is required.

Defendants object to this Interrogatory to the extent it calls for communications, information, and documents protected by the attorney-client privilege and work product doctrine, including communications from counsel providing legal advice regarding preservation and documents reflecting the mental impressions of counsel concerning information that may be relevant to claims or defenses.

Defendants object to this Interrogatory as vague and ambiguous as Plaintiffs have not defined what they mean by "efforts." Defendants construe the term "efforts" as actions.

Defendants additionally object to this Interrogatory as vague and ambiguous, and potentially overbroad, because Plaintiffs have not defined "things." Defendants construe the term "things" as "tangible things" within the scope of Defendants' preservation obligations.

Defendants object to the term "modified" as used in this Interrogatory as vague and overly broad, given that certain documents may be modified as part of the drafting/creation process in the ordinary course of business.

Defendants also object to this Request as outside the proper scope of discovery because it seeks discovery about discovery, rather than seeking information relevant to the claims and defenses in this case. To the extent Plaintiffs argue that they are seeking this information because Defendants' disclosures and related evidence with respect to preservation make a "preliminary showing of spoliation," which Defendants dispute, the Request is still disproportionate to the needs of the case. It is not narrowly tailored to address the preservation issues but instead seeks information far beyond that related to any preservation issues identified. In

13

particular, Defendants object to providing preservation instructions related to DHS or any of its components other than CBP.  Relatedly, Defendants object to this Interrogatory as unduly burdensome and disproportionate to the needs of the case because it purports to require Defendants to provide the name of every individual who received notice to preserve relevant documents and electronically stored information (ESI) for this litigation.  Given the scope of the case, which alleges a border-wide policy or practices of CBP's Office of Field Operations along the Southwest border, as well as the amendments made to the complaint over time and the changes to Plaintiffs' arguments and requests for relief, it would be unduly burdensome to provide the name of every individual within CBP who received a notice to preserve relevant documents and ESI, including individuals who do not possess information or documents that are ultimately deemed not relevant to the claims or defenses in this case or responsive to any of Plaintiffs' document requests.

Defendants object to this Interrogatory to the extent it purports to exceed the requirements of the September 17, 2018, Order Granting in Part and Denying in Party Defendants' Motion for a Protective Order, Dkt. 170, which required Defendants to preserve video, *not otherwise overwritten in the ordinary course of business*, of (1) specific incidents of an individual's withdrawal of their application for admission, if identified by plaintiffs within 45 days; (2) other specific "incidents between alleged asylum seekers and the government," if identified by plaintiffs within 45 days; (3) "surveillance ESI of lines of individuals attempting to enter the San Ysidro POE between December 18, 2017 and December 26, 2017"; and (4) other incidents of "surveillance ESI" if identified by the plaintiffs within 45 days.

Defendants also object to this request in accordance with General Objection Number 1.

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC



15

CONFIDENTIAL



16

CONFIDENTIAL



17

CONFIDENTIAL



18

CONFIDENTIAL



19

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC



20

CONFIDENTIAL



21

CONFIDENTIAL



DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

CONFIDENTIAL



23

CONFIDENTIAL



24

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

court.").    Specifically, Plaintiffs' Interrogatory No. 21 contained four discrete subparts: (a) whether arriving noncitizens were permitted to step onto U.S. soil before they were metered and the number of times that this occurred, (b) whether arriving noncitizens were escorted from U.S. soil back to Mexican soil and the number of times that this occurred, (c) whether arriving noncitizens were permitted to stay in the space between the limit line and the POE building and the number of times that this occurred, and (d) when you began metering/queue management at the POE.  These subparts are not "logically or factually subsumed within and necessarily related to the primary question" and therefore must be construed as separate interrogatories.  *See White v. Cinemark USA, Inc.*, No. 04CV0397 GEB CMK, 2005 U.S. Dist. LEXIS 41814, 2005 WL 3881658, at *2-3 (E.D. Cal. Mar. 28, 2005) (holding that asking for "each and every fact" relating to each affirmative defense should be treated as separate interrogatories since each defense may be both factually and logically different); *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS, 2011 U.S. Dist. LEXIS 17006, 2011 WL 719206, at *2 (S.D. Cal. Feb. 22, 2011) (holding that an interrogatory that seeks a response as to multiple affirmative defenses is counted as a separate interrogatory for each affirmative defense . . . ). Accordingly, Plaintiffs have exceeded the number of interrogatories allowed by the rules and no response by the Defendants is required.

Defendants object to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.  Defendants incorporate by reference Paragraphs 6 through 11 of ADFO Marin's October 9, 2019, declaration in this litigation and Paragraphs 6 through 12 of Area Port Director Michael Humphries' February 11, 2020 declaration, which detail numerous factors that impact operational capacity.  Defendants also incorporate by reference the deposition transcripts of Todd Owen, Randy Howe,  Sam Cleaves, Mariza Marin, and Rodney Harris.  The operational capacity of a POE is based on numerous factors, many of

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

which are fluid.  For any given POE, these factors may include the spatial constraints of that POE to inspect and hold inadmissible and deportable aliens; whether the port has sufficient space to hold individuals in custody overnight and ensure safe conditions for all in custody; the demographics and characteristics of the population in custody at any given time;  the length of time that individuals have been and are expected to remain in CBP's custody at that POE at any given time, commonly referred to as "TIC times"; how frequently and to what extent U.S. Immigration and Customs Enforcement, Enforcement Removal Operations, and, where applicable, other third-party agencies, are expected to assume custody of individuals in CBP's custody at that POE; staffing and budgetary resources and allocations; the volume of trade and travel flowing through a particular POE; law enforcement operations and significant incidents occurring or expected to occur at or near a particular POE; and significant events impacting society at large, such as the current COVID-19 pandemic.  Given the fluidity of these factors, the operational capacity of a POE can and often does change throughout the course of a single day.  Owen Dep. 74:12-22, 186: 22, 187: 1-3, 189:14-17, Dec. 13, 2019; Howe Dep. 104:10-22, Jan. 9, 2020; Cleaves Dep. 50: 20-21, 53: 5-20; 56:8-25, 57: 1-15, 59: 24-25, 60: 1-2; 65: 11-25; 66: 1-9; 193:11-15, 222: 16-25, 223: 1-4, May 20, 2020.

Additionally, CBP does not track or conduct an analysis of its operational capacity in real time, or otherwise maintain a system of records indicating the operational capacity at a POE any given point in time.  As described above, because operational capacity is fluid and is based on a range of different factors, it is not feasible to track such operational capacity in real time or in any systematic form. *See* Cleaves Dep. 61: 4-8. 66: 10-17; 67: 19-25; Owen Dep. 186: 11-21, 189: 18-22; 190: 1-15 .  Accordingly, responding to this Interrogatory in full would require CBP to retrieve information about the demographics and characteristics of each individual in its custody at each minute of every day for the last 4.5 years at each of the eight

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

POEs at issue; to comprehensively compile information about all of the other factors relevant to operational capacity for each minute of every day for the last 4.5 years at each of the eight POEs at issue; and then to have an operational expert analyze all of this data in the aggregate for each minute of every day for the last 4.5 years at each of the eight POEs at issue to assess each and every maximum operational capacity during that timespan, regardless of whether that maximum operational capacity remained in effect for any significant period of time.

Defendants object to this Interrogatory as exceeding the number of interrogatories permitted without leave of court under Federal Rule of Civil Procedure 33, because Plaintiffs' Interrogatory No. 21 contained four discrete subparts and thus should have been counted as Interrogatories Nos. 21-24.  *See also* L.R. 33.1 ("No party will serve on any other party interrogatories, which, including discrete subparts, number more than twenty-five interrogatories without leave of court.").  Specifically, Plaintiffs' Interrogatory No. 21 contained four discrete subparts: (a) whether arriving noncitizens were permitted to step onto U.S. soil before they were metered and the number of times that this occurred, (b) whether arriving noncitizens were escorted from U.S. soil back to Mexican soil and the number of times that this occurred, (c) whether arriving noncitizens were permitted to stay in the space between the limit line and the POE building and the number of times that this occurred, and (d) when you began metering/queue management at the POE.  These subparts are not "logically or factually subsumed within and necessarily related to the primary question" and therefore must be construed as separate interrogatories.  *See White v. Cinemark USA, Inc.*, No. 04CV0397 GEB CMK, 2005 U.S. Dist. LEXIS 41814, 2005 WL 3881658, at *2-3 (E.D. Cal. Mar. 28, 2005) (holding that asking for "each and every fact" relating to each affirmative defense should be treated as separate interrogatories since each defense may be both factually and logically different); *Bovarie v. Schwarzenegger*, No. 08CV1661 LAB NLS,

27

2011 U.S. Dist. LEXIS 17006, 2011 WL 719206, at *2 (S.D. Cal. Feb. 22, 2011) (holding that an interrogatory that seeks a response as to multiple affirmative defenses is counted as a separate interrogatory for each affirmative defense . . . ). Accordingly, Plaintiffs have exceeded the number of interrogatories allowed by the rules and no response by the Defendants is required.

Defendants also object to this Interrogatory in accordance with General Objections Number 1 and Objections to Definitions Number 2.

**Response:**    Subject to and based on the foregoing objections, Defendants respond as follows:

Defendants will not provide a response to this Interrogatory.  As explained in their objections, CBP does not track or conduct an analysis of its operational capacity in real time, or otherwise maintain a system of records indicating the operational capacity at a POE any given point in time.   The operational capacity of a POE is based on numerous factors, many of which are fluid.  For any given POE, these factors may include, but are not limited to: the spatial constraints of that POE to inspect and hold inadmissible and deportable aliens; whether the port has sufficient space to hold individuals in custody overnight and ensure safe conditions for all in custody; the demographics and characteristics of the population in custody at any given time;  the length of time that individuals have been and are expected to remain in CBP's custody at that POE at any given time, commonly referred to as "TIC times"; how frequently and to what extent U.S. Immigration and Customs Enforcement, Enforcement Removal Operations, and, where applicable, other third-party agencies, are expected to assume custody of individuals in CBP's custody at that POE; staffing and budgetary resources and allocations; the volume of trade and travel flowing through a particular POE; law enforcement operations and significant incidents occurring or expected to occur at or near a particular POE; and significant events impacting society at large, such as the current COVID-19 pandemic.  Given

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

the fluidity of these factors, the operational capacity of a POE can and often does change throughout the course of a single day. Owen Dep. 74:12-22, 186: 22, 187: 1-3, 189:14-17, Dec. 13, 2019; Howe Dep. 104:10-22, Jan. 9, 2020; Cleaves Dep. 50: 20-21, 53: 5-20; 56:8-25, 57: 1-15, 59: 24-25, 60: 1-2; 65: 11-25; 66: 1-9; 193:11-15, 222: 16-25, 223: 1-4, May 20, 2020.

//

//

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

Dated: June 17, 2020

Submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Ari Nazarov*
ARI NAZAROV
ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-4120 | Fax: (202) 305-7000
ari.nazarov@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC

1
2
3

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

4
5
6
7
8
9
10
11

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **CERTIFICATION OF DEFENDANTS' RESPONSES TO PLAINTIFFS' SIXTH SET OF INTERROGATORIES TO ALL DEFENDANTS** |
| CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

12

    I, Rodney Harris, hereby declare that I am the Deputy Assistant Director of

13  Field Operations (Border Security), Laredo, TX, for U.S. Customs and Border

14  Protection. Based upon reasonable inquiry, I certify that the information regarding

15  the Laredo Field Office in Defendants' response to Plaintiffs' Interrogatory No. 24,

16  is true and correct to the best of my knowledge, information, and belief.

17
18
19  Dated: June 17, 2020
20
                                        RODNEY HARRIS
21                                      Deputy Assistant Director of Field
                                        Operations (Border Security), Laredo, TX
22                                      Office of Field Operations
                                        U.S. Customs and Border Protection
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

AL OTRO LADO, Inc., *et al.*,

                    *Plaintiffs*,

        v.

CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,

                    *Defendants*

Case No. 3:17-cv-02366-BAS-KSC

**CERTIFICATION OF DEFENDANTS' RESPONSES TO PLAINTIFFS' SIXTH SET OF INTERROGATORIES TO ALL DEFENDANTS**

I, Christopher Pignone, hereby declare that I am the Senior Advisor, Office of Professional Responsibility, U.S. Customs and Border Protection, Headquarters. Based upon reasonable inquiry, I certify that the information regarding the Office of Professional Responsibility (Headquarters) in Defendants' response to Plaintiffs' Interrogatory No. 24, is true and correct to the best of my knowledge, information, and belief.

Dated: June 17, 2020

Christopher Pignone
Senior Advisor
Office of Professional Responsibility, HQ
U.S. Customs and Border Protection

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

AL OTRO LADO, Inc., *et al.*,

Plaintiffs,

v.

CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,

Defendants

Case No. 3:17-cv-02366-BAS-KSC

**CERTIFICATION OF DEFENDANTS' RESPONSES TO PLAINTIFFS' SIXTH SET OF INTERROGATORIES TO ALL DEFENDANTS**

I, Samuel B. Cleaves, hereby declare that I am an Assistant Port Director for the El Paso Port of Entry, U.S. Customs and Border Protection. Based upon reasonable inquiry, I certify that the information regarding the El Paso Field Office in Defendants' response to Plaintiffs' Interrogatory No. 24, is true and correct to the best of my knowledge, information, and belief.

Dated: June 17, 2020

_____
SAMUEL B. CLEAVES
Assistant Port Director
Office of Field Operations
U.S. Customs and Border Protection

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

AL OTRO LADO, Inc., *et al.*,

                      *Plaintiffs,*

           v.

CHAD WOLF, Acting Secretary, U.S.
Department of Homeland Security, in his
official capacity, *et al.*,

                    *Defendants*

Case No. 3:17-cv-02366-BAS-KSC

**CERTIFICATION OF
DEFENDANTS' RESPONSES TO
PLAINTIFFS' SIXTH SET OF
INTERROGATORIES TO ALL
DEFENDANTS**

      I, Mariza Marin, hereby declare that I am Assistant Director of Office of Field Operations (Border Security), San Diego, for U.S. Customs and Border Protection. Based upon reasonable inquiry, I certify that the information regarding the San Diego Field Office in Defendants' response to Plaintiffs' Interrogatory No. 24 is true and correct to the best of my knowledge, information, and belief.

Dated: June 16, 2020

                              MARIZA MARIN
                              Assistant Director of Field Operations
                              (Border Security), San Diego
                              Office of Field Operations
                              U.S. Customs and Border Protection

1
2
3

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

4
5
6
7
8
9
10
11

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>*Defendants* | Case No. 3:17-cv-02366-BAS-KSC<br><br>**CERTIFICATION OF DEFENDANTS' RESPONSES TO PLAINTIFFS' SIXTH SET OF INTERROGATORIES TO ALL DEFENDANTS** |

12
13
14
15
16
17

I, Allison Suliveras, hereby declare that I am the Chief of Staff, Office of Field Operations, U.S. Customs and Border Protection. Based upon reasonable inquiry, I certify that the information regarding the Office of Field Operations headquarters in Defendants' response to Plaintiffs' Interrogatory No. 24 is true and correct to the best of my knowledge, information, and belief.

18
19
20
21
22

Dated: June 17, 2020

_____
**ALLISON SULIVERAS**
Chief of Staff
Office of Field Operations
U.S. Customs and Border Protection

23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>                                *Plaintiffs*,<br><br>                    v.<br><br>CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>                                *Defendants* | Case No. 3:17-cv-02366-BAS-KSC<br><br>**CERTIFICATION OF DEFENDANTS' RESPONSES TO PLAINTIFFS' SIXTH SET OF INTERROGATORIES TO ALL DEFENDANTS** |

I, Guadalupe H. Ramirez, hereby declare that I am the Director of Field Operations, Office of Field Operations, U.S. Customs and Border Protection, Tucson. Based upon reasonable inquiry, I certify that the information regarding the Tucson Field Office in Defendants' response to Plaintiffs' Interrogatory No. 24, is true and correct to the best of my knowledge, information, and belief.


Dated: June 17, 2020

_____
Guadalupe H. Ramirez
Director of Field Operations, Tucson
Office of Field Operations
U.S. Customs and Border Protection

1
2

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

3
4

AL OTRO LADO, Inc., *et al.*,

5
                                                *Plaintiffs*,

6
              v.

7
CHAD WOLF, Acting Secretary, U.S.
8
Department of Homeland Security, in his
official capacity, *et al.*,
9
                                                *Defendants*

10

Case No. 3:17-cv-02366-BAS-KSC

**CERTIFICATION OF
DEFENDANTS' RESPONSES TO
PLAINTIFFS' SIXTH SET OF
INTERROGATORIES TO ALL
DEFENDANTS**

11
12
        I, Alma Cole, hereby declare that I am the Executive Director, Cybersecurity
13
Directorate, Office of Information and Technology, U.S. Customs and Border
14
Protection. Based upon reasonable inquiry, I certify that the information regarding
15
the Office of Information and Technology in Defendants' response to Plaintiffs'
16
Interrogatory No. 24, is true and correct to the best of my knowledge, information,
17
and belief.

18
19
20
Dated: June 17, 2020

ALMA R COLE   Digitally signed by ALMA R
                     COLE
                     Date: 2020.06.17 12:01:54
                     -04'00'

21
Alma R. Cole
22
Chief Information Security Officer
Office of Information and Technology, HQ
23
U.S. Customs and Border Protection
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

AL OTRO LADO, Inc., *et al.*,

*Plaintiffs*,

v.

CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,

*Defendants*

Case No. 3:17-cv-02366-BAS-KSC

**CERTIFICATION OF DEFENDANTS' RESPONSES TO PLAINTIFFS' SIXTH SET OF INTERROGATORIES TO ALL DEFENDANTS**

I, Heather M. Robertson, hereby declare that I am the Branch Chief, Border Security Deployment Program, Integrated Logistics Division, Office of Information Technology, U.S. Customs and Border Protection. Based upon reasonable inquiry, I certify that the information regarding the San Ysidro Port of Entry's purchase of NVRs for PedWest in Defendants' response to Plaintiffs' Interrogatory No. 24 is true and correct to the best of my knowledge, information, and belief.

Dated: June 17, 2020

*Heather M. Robertson*

HEATHER M. ROBERTSON
Branch Chief
Border Security Deployment Program
Integrated Logistics Division (ILD)
Office of Information Technology
U.S. Customs and Border Protection

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

AL OTRO LADO, Inc., *et al.*,

        *Plaintiffs*,

    v.

CHAD WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,

        *Defendants*

Case No. 3:17-cv-02366-BAS-KSC

**CERTIFICATION OF DEFENDANTS' RESPONSES TO PLAINTIFFS' SIXTH SET OF INTERROGATORIES TO ALL DEFENDANTS**

I, Vernon Foret, hereby declare that I am the Executive Director, Operations, Office of Field Operations, U.S. Customs and Border Protection. Based upon reasonable inquiry, knowledge, information, and belief, I certify that Defendants' response to Plaintiffs' Interrogatory No. 25 is true and correct to the best of my knowledge.

Dated: June 16, 2020

                _____

                VERNON FORET
                Executive Director, Operations
                Office of Field Operations
                U.S. Customs and Border Protection

# CERTIFICATE OF SERVICE

Case No. 3:17-cv-02366-BAS-KSC

I certify that on June 17, 2020, I served a copy of Defendants' Objections and Responses to Plaintiffs' Sixth Set of Interrogatories to All Defendants (Nos. 22-25) on the following persons by email:

**Mary Catherine Bauer**
mary.bauer@splcenter.org

**Matthew Ellis Fenn**
mfenn@mayerbrown.org

**Matthew M. Marmolejo**
mmarmolejo@mayerbrown.com

**Micah D. Stein**
mstein@mayerbrown.com

**Ori Lev**
olev@mayerbrown.com

**Rebecca Cassler**
rebecca.cassler@splcenter.org

**Sarah Marion Rich**
sarah.rich@splcenter.org

**Stephen Medlock**
smedlock@mayerbrown.com

**Angelo R. Guisado**
aguisado@ccrjustice.org

**Baher Azmy**
bazmy@ccrjustice.org

**Ghita R. Schwarz**
gschwarz@ccrjustice.org

**Karolina J. Walters**
kwalters@immcouncil.org

**Melissa E. Crow**
melissa.crow@splcenter.org

*/s/ Ari Nazarov*
Ari Nazarov
Trial Attorney

31

DEFENDANTS' RESPONSE TO PLAINTIFFS'
SIXTH SET OF INTERROGATORIES TO ALL
DEFENDANTS
Case No. 3:17-cv-02366-BAS-KSC