**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br>Chad F. Wolf, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 17-cv-02366-BAS-KSC<br><br>**ORDER:**<br><br>**(1) OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S DISCOVERY ORDER (ECF No. 456);**<br><br>**AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' UNOPPOSED MOTION TO SEAL (ECF No. 458)** |

Before the Court is Defendants challenge Magistrate Judge Crawford's discovery order under Rule 72(a) of the Federal Rules of Civil Procedure. (Order Denying Defs.' Mot. to Claw-Back Documents ("Discovery Order"), ECF No. 446; Defs.' Notice of Mot. to Object ("Objections" or "Obj."), ECF No. 456.) Plaintiffs respond, and Defendants reply. (Opp'n, ECF No. 460; Reply, ECF No. 464.) For the reasons stated below, the Court **OVERRULES** the Objections and adopts the Magistrate Judge's Discovery Order with respect to privilege. Additionally, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Seal. (ECF No. 458.)

## I. BACKGROUND

At issue in this case are Documents 2–9, submitted to the Court *in camera* for review, and whether these documents are subject to the deliberative process privilege.

Documents 2–3 and 5–6 consist of email chains between officials of the Department of Homeland Security ("HSI") and U.S. Customs and Border Protection ("CBP") discussing plans to process an influx of border crossers and outlining the San Ysidro Port of Entry's capacity capabilities. Document 4 is an Operation Order dated November 2018 again detailing plans for dealing with an increase in border crossers including current and anticipated processing capabilities and capacity for asylum seekers. Magistrate Judge Crawford found that although these documents are subject to the deliberative process privilege, Plaintiffs' need for unredacted copies of the documents outweighs Defendants' interest in non-disclosure. (Discovery Order at 6.)

With respect to Documents 7–9, these are email chains between officials at HSI and CBP discussing the purpose of an upcoming meeting/briefing. The Magistrate Judge found these documents were not subject to the deliberative process privilege because

> there is no indication the substance of [these three documents] was considered by CBP decision makers. Additionally, Defendants have not shown the communications were made in order to assist an agency decision maker in arriving and his or her decision or otherwise explained what role the communications played in the decision-making process.

(*Id.* at 7.)

This Court agrees with both of those conclusions.

## II. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure allows a district judge to refer any non-dispositive motion to a Magistrate Judge for determination. "[T]he magistrate's decision on a non-dispositive issue will be reviewed by the district judge under the clearly erroneous standard." *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). "A finding of fact is clearly erroneous if [the court has] a definite and firm conviction that a mistake has been committed." *Burdick v. Comm's Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir.

1992) (citing *Dollar Rent-a-Car, Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985)). "'[T]he magistrate's legal conclusions are reviewed de novo to determine whether they are contrary to law.'" *U.S. Equal Employment Opportunity Comm. v. Chipotle Mexican Grill, Inc.*, No. 17-cv-05382-BLF, 2019 WL 3811890, at *2 (N.D. Cal. Aug. 1, 2019) (quoting *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010)).

The party asserting a privilege has the burden of establishing the application of that privilege. *North Pacific, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003). In the case of the deliberative process privilege, asserted here, the "privilege should be 'strictly confined within the narrowest possible limits consistent with the logic of its principles.'" *Id.* (quoting *Sanchez v. Johnson*, No. C-00-1593 CW (JCS), 2001 WL 1870308, at *6 (N.D. Cal. Nov. 19, 2001)).

**III.   ANALYSIS**

    **A.   Documents 7–9**

The Magistrate Judge found Documents 7–9 were not subject to the "deliberative process" privilege. Defendants argue this decision was erroneous.

The deliberative process privilege shields from discovery those documents that are related to the process by which policies are formulated. *U.S. v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000). "By shielding such documents from discovery, the deliberative process privilege encourages forthright and candid discussion of ideas and, therefore, improves the decision-making process." *Id.* (citing *Assembly of the State of Calif. v. U.S. Dept of Commerce,* 968 F.2d 916, 920 (9th Cir. 1992) (holding that the purpose of the deliberative process privilege is "to allow agencies freely to explore possibilities, engage in internal debates or play devil's advocate without fear of public scrutiny.")). "Thus, the privilege covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Carter v. U.S. Dept. of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (quoting *Dep't of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 8 (2001)). Documents subject to the deliberative process privilege are those made "'in order

to assist an agency decisionmaker in arriving at his decision,' and may include . . . subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Carter*, 307 F.3d at 1089 (quoting *Assembly*, 968 F.2d at 920).

Although the two factors tend to overlap, "[i]n order to be protected by the deliberative process privilege, a document must be both 'predecisional' . . . and . . . 'deliberative.'" *Fernandez*, 231 F.3d at 1246. A document is "predecisional" if it is "'prepared in order to assist an agency decisionmaker in arriving at his decision.'" *Carter*, 307 F.3d at 1089 (quoting *Assembly*, 968 F.2d at 920). "Material which predates a decision chronologically, but did not contribute to that decision, is not predecisional in any meaningful sense." *Id.*

The document is "deliberative" if is actually "related to the process by which policies are formulated." *National Wildlife Fed. V. U.S. Forest Service*, 861 F.2d 1114, 1117 (9th Cir. 1988). "'[T]he key question [when determining if a document is deliberative] . . . is whether the disclosure of materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" *Carter*, 307 F.3d at 1089 (quoting *Assembly*, 968 F.2d at 920). Thus, documents "'are privileged to the extent that they reveal the mental processes of decision-makers.'" *Id*.

In this case, the Magistrate Judge found that while the emails contained in Documents 7–9 concern "potential future agency actions and potential changes to agency policy[,]" there was "no indication" that they were considered by CBP decisionmakers, "assist[ed] an agency decisionmaker in arriving at his or her decision[,]" or "otherwise explained what role the communications played in the decision-making process." (Discovery Order at 7.)

Defendants do not argue that the Magistrate Judge applied the wrong legal standard or misinterpreted the law with respect to the deliberative process privilege. Instead, they argue her factual conclusion that these email strings were not made to assist the agency

decisionmaker in arriving at a decision is incorrect. Thus, this Court reviews the Magistrate Judge's factual findings for clear error.

After reviewing Documents 7–9, the Court agrees that the documents are not subject to the deliberative process privilege. All three consist of a string of emails, many of which are duplicative, sent between July 31 and August 7, 2018, setting up a meeting and outlining what will be discussed at the meeting with respect to queue management. None of the emails involve the discussion of ideas, internal debates, explore various possibilities, or offer subjective opinions about policy. They are primarily concerned with what documents will be needed for the meeting and what is likely to be discussed at the meeting. Therefore, the Court concludes the Magistrate Judge did not clearly err when she concluded that these documents are not subject to the deliberative process privilege.

Defendants argue that these emails somehow reveal the "deliberative, consultative process of the government" and "tend to reveal the substance of non-final or tentative proposals." (Obj. at 5–6.) The Court disagrees. The emails discuss the purpose of an upcoming meeting/briefing but do not discuss any proposals for that meeting or reveal any governmental processes—other than the fact of a meeting. The documents are not subject to the deliberative process privilege.

### B. Documents 2–6

The Magistrate Judge concluded that Documents 2–6 are subject to the deliberative process privilege but found that the Plaintiffs' need for the documents outweighs the Defendants' interest in non-disclosure. Defendants object to this conclusion.

"The deliberative process privilege is a qualified one. A litigant may obtain deliberative materials if his or her need for the material and the need for accurate fact-finding override the government's interest in non-disclosure." *F.T.C. v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *U.S. v. Leggett & Platt, Inc.*, 542 F.2d 655, 658 (6th Cir. 1976), *cert. denied* 430 U.S. 945 (1977)). Among the factors to be considered in determining whether the need for the materials outweighs the government's interest in non-disclosure are: "(1) the relevance of the evidence; (2) the

availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.* "Other factors courts may consider include '(5) the interests of the litigant and ultimately society in accurate judicial fact finding, (6) the seriousness of the litigation and the issues it involved, (7) the presence of issues concerning alleged government misconduct, and (8) the federal interest in enforcement of federal law.'" *Del Socorro Quintero Perez v. U.S.*, No. 13-cv-1417-WQH-BGS, 2016 WL 499025, at *2 (S. D. Cal. Feb. 9, 2016) (quoting *North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003)).

After reviewing Documents 2–6, the Magistrate Judge concluded, "[a] key issue in this case is the validity of Defendants' stated justification for metering—operational capacity constraints."  Since the documents at issue relate directly to this issue, the Plaintiffs' need for unredacted copies of these documents outweighs Defendants' interest in non-disclosure. (Discovery Order at 6.)  Defendants argue the Magistrate Judge erred because she failed to analyze each of the factors in the *F.T.C. v. Warner Communications* case.  This Court disagrees and finds that analysis of those factors is implicit in her decision.  However, for the edification of Defendants, the Court has reviewed the documents and will now consider each of those factors de novo.

As the Magistrate Judge concludes, the documents are relevant to a key issue in this case, that is, whether capacity constraints at the ports of entry were valid justification for the metering rules imposed (factor 1).  Although Defendants argue that thousands of additional documents have been produced to Plaintiffs, they point to no evidence that any of those thousands of documents specifically address the issues discussed in Documents 2–6, that is, the capacity constraints and whether those constraints were manufactured to support the President's proclamation (factor 2).  The government's role in the litigation is paramount since the allegations are that the government committed misconduct when it failed to follow constitutional law and international law (factors 3 and 7).  Disclosure is unlikely to hinder frank and independent discussion regarding contemplated policies and

decisions (factor 4). Given the seriousness of the allegations, both the litigants and the American public have a strong interest in accurate judicial fact-finding (factors 5 and 6). And turning over documents involving discussions of capacity constraints and the plan for dealing with those constraints is not likely to hinder federal law enforcement efforts (factor 8).

Therefore, considering all the factors under *F.T.C. v. Warner Communications* and *North Pacifica*, the Court concludes that the Plaintiffs' need for the documents outweighs any interest the Defendants have in non-disclosure.

### C. Motion to Seal

Plaintiffs file an unopposed motion to seal two exhibits reflecting three pages of deposition transcripts and more detailed summaries of Documents 2–9. (Mot. to Seal, ECF No. 458.) Defendants have filed a response in support of the Motion stating that they no longer seek to retain under seal the portions of the deposition transcripts contained in Exhibits 1 and 2 to the Opposition. (Resp. at 1 n.1, ECF No. 472.) Thus, the Court reviews the Motion only for good cause related to sealing the summaries of Documents 2–9.

A party moving to seal a document attached to a non-dispositive motion, such as the Objections to the discovery order at issue here, must make a "particularized showing" of "good cause" for the sealing request. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Since the Court finds that Documents 2–6 are subject to the deliberative process privilege, the Court finds Plaintiffs have shown good cause for redacting a detailed description of those documents. Additionally, the Court will permit sealing of Document 7 based on Magistrate Judge Crawford's previous finding. (*See* Discovery Order at 8.) However, because Documents 8–9 are not privileged, the Court finds no good cause to seal the descriptions of these documents.

### IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendants' Objections to Magistrate Judge's Order. (ECF No. 456.) The Court adopts the Magistrate Judge's

Decision in full (ECF No. 446) and finds that Documents 2–6, although subject to the deliberative process privilege, should be produced since Plaintiffs' need for the disclosure outweighs Defendants' interest in non-disclosure. The Court further finds that Documents 7–9 are not subject to the deliberative process privilege.

Further, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Seal (ECF No. 458.) The Clerk shall accept the unredacted, lodged document (ECF No. 459) under seal. Plaintiffs shall file a revised redacted version on the docket, conforming to the rulings in Section III.C, by **September 17, 2020**.

**IT IS SO ORDERED.**

**DATED: September 10, 2020**

Hon. Cynthia Bashant
United States District Judge