MAYER BROWN LLP
   Matthew H. Marmolejo (CA Bar No. 242964)
   *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
   Ori Lev (DC Bar No. 452565)
   (*pro hac vice*)
   *olev@mayerbrown.com*
   Stephen M. Medlock (VA Bar No. 78819)
   (*pro hac vice*)
   *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
   Melissa Crow (DC Bar No. 453487)
   (*pro hac vice*)
   *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION SEEKING LEAVE TO ALLOW NON-ELECTRONIC FILING OF EXHIBIT IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: October 19, 2020<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

1   CENTER FOR CONSTITUTIONAL RIGHTS
        Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
2       *bazmy@ccrjustice.org*
        Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
3       *gschwarz@ccrjustice.org*
        Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
4       *aguisado@ccrjustice.org*
    666 Broadway, 7th Floor
5   New York, NY 10012
    Telephone: +1.212.614.6464
6   Facsimile: +1.212.614.6499

7   SOUTHERN POVERTY LAW CENTER
        Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
8       *sarah.rich@splcenter.org*
        Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
9       *rebecca.cassler@splcenter.org*
    150 E. Ponce de Leon Ave., Suite 340
10  Decatur, GA 30030
    Telephone: +1.404.521.6700
11  Facsimile: +1.404.221.5857

12

13  AMERICAN IMMIGRATION COUNCIL
        Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
14      *kwalters@immcouncil.org*
    1331 G St. NW, Suite 200
15  Washington, D.C. 20005
    Telephone: +1.202.507.7523
16  Facsimile: +1.202.742.5619

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION SEEKING LEAVE TO ALLOW NON-ELECTRONIC FILING OF EXHIBIT NOT CAPABLE OF ELECTRONIC FILING IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

4    Pursuant to this Court's Electronic Case Filing Administrative Policies &

5   Procedures Manual, Section 2(k) and Local Rule 5.1(e)-(f), Plaintiffs move the Court

6   for an order allowing the non-electronic filing of Exhibit 18 of the Declaration of

7   Stephen M. Medlock in support of Plaintiffs' Motion for Summary Judgment (Dkt.

8   535), filed September 4, 2020.

9    **I.    BACKGROUND**

10    On September 4, 2020, Plaintiffs filed the Declaration of Stephen M. Medlock

11   in support of Plaintiffs' Motion for Summary Judgment and attendant exhibits.

12   However, Exhibit 18 could not be uploaded for electronic filing through the Court's

13   Case Management/Electronic Case Files ("CM/ECF") system.    Declaration of

14   Stephen M. Medlock, ¶ 7.

15    **II.    ARGUMENT**

16    The Court's Electronic Case Filing Administrative Policies and Procedures

17   Manual (the "Manual") Section 2(k) requires parties to seek leave of the Court to

18   allow the non-electronic filing of exhibits when they are not convertible to electronic

19   form.    An .mp3 file is an electronic form of evidence and so Section 2(k) of the

20   manual appears not to apply here.  However, the problem is that the CM/ECF system

21   does not allow parties to upload all forms of electronic evidence.

22    The CM/ECF system limits parties to uploading only one form of electronic

23   evidence: portable document formatted documents, commonly known as PDFs.

24   Section 2(k) of the manual could require leave of Court for filing all non-PDF

25   exhibits, but it does not.  Plaintiffs are in a situation in which an exhibit is electronic

26   evidence, which can be uploaded and accessed via the Internet, however, due to the

27   technicalities of the CM/ECF system, they are unable to upload the exhibit

28

1  themselves.  Plaintiffs do not know of any means by which an .mp3 file can be

2  converted or reduced to a .pdf file, suitable for uploading through the CM/ECF

3  system.  *Id.* at ¶ 6.  A true and complete copy of the .mp3 file can be committed to a

4  CD-ROM for non-electronic filing with the Court.  *Id.* at ¶ 8.

5       Good cause exists to permit the filing of Exhibit 18 through non-electronic

6  means. Exhibit 18 consists of an .mp3 file, namely an audio recording of an encounter

7  between an asylum seeker, a CBP officer, and a human rights monitor at the San

8  Ysidro Port of Entry.  *Id.* at ¶ 3.  The interaction between the CBP officer and asylum

9  seeker at the border addresses issues central to this case and the .mp3 file contains

10 evidence that cannot be captured or presented to the Court through any other means,

11 specifically the tone and demeanor of the parties on the recording.  *Id.* at ¶ 4.  Exhibit

12 18 is a necessary part of Plaintiffs' Motion for Summary Judgment.  *Id.* at ¶ 5.

13      The parties have conferred regarding this motion and Defendants do not

14 oppose this motion.  *Id.* at ¶ 9.  On September 11, 2020, Defendants advised that

15 without waiving, and specifically preserving, any objections to the admissibility of

16 the evidence, Defendants do not oppose the relief requested in this motion, provided

17 that Defendants are expeditiously provided with a copy of the recording.  *Id.*

18      **III.    <u>CONCLUSION</u>**

19      For the reasons set forth herein, Plaintiffs respectfully request that the Court

20 allow Plaintiffs to file Exhibit 18 via CD-ROM as part of the Plaintiffs' Motion for

21 Summary Judgment.

22 Dated: September 11, 2020                    MAYER BROWN LLP

23                                                            Matthew H. Marmolejo
                                                               Ori Lev
24                                                            Stephen M. Medlock

25                                                            SOUTHERN POVERTY LAW

26                                                            CENTER
                                                               Melissa Crow
27                                                            Sarah Rich

28                                              2         PLS' MEMO OF P & A ISO MOT. SEEKING
                                                            LEAVE TO ALLOW NON-ELEC. FILING OF
                                                            EXH. ISO PLS. MOT. FOR SJ

1

Rebecca Cassler

2

CENTER FOR CONSTITUTIONAL
RIGHTS

3

Baher Azmy
Ghita Schwarz

4

Angelo Guisado

5

6

AMERICAN IMMIGRATION
COUNCIL

Karolina Walters

7

8

By: */s/ Stephen M. Medlock*

9

Stephen M. Medlock

10

11

*Attorneys for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3          PLS' MEMO OF P & A ISO MOT. SEEKING
LEAVE TO ALLOW NON-ELEC. FILING OF
EXH. ISO PLS. MOT. FOR SJ

1

## **CERTIFICATE OF SERVICE**

2          I certify that on September 11, 2020, I served a copy of the foregoing document

3   by filing it with the Clerk of Court through the CM/ECF system, which will provide

4   electronic notice and an electronic link to this document to all attorneys of record.

5                                                    */s/ Stephen M. Medlock*

6                                                    *Counsel for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4          PLS' MEMO OF P & A ISO MOT. SEEKING
LEAVE TO ALLOW NON-ELEC. FILING OF
EXH. ISO PLS. MOT. FOR SJ