MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **EXHIBIT 6 IN SUPPORT OF JOINT MOTION CONCERNING SPOLIATION SANCTIONS** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

1  CENTER FOR CONSTITUTIONAL RIGHTS
       Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
2      *bazmy@ccrjustice.org*
       Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
3      *gschwarz@ccrjustice.org*
       Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
4      *aguisado@ccrjustice.org*
5  666 Broadway, 7th Floor
   New York, NY 10012
6  Telephone: +1.212.614.6464
7  Facsimile: +1.212.614.6499

8  SOUTHERN POVERTY LAW CENTER
       Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
9      *sarah.rich@splcenter.org*
       Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
10     *rebecca.cassler@splcenter.org*
   150 E. Ponce de Leon Ave., Suite 340
11 Decatur, GA 30030
12 Telephone: +1.404.521.6700
   Facsimile: +1.404.221.5857
13
   AMERICAN IMMIGRATION COUNCIL
14     Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
       *kwalters@immcouncil.org*
15 1331 G St. NW, Suite 200
16 Washington, D.C. 20005
   Telephone: +1.202.507.7523
17 Facsimile: +1.202.742.5619

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
 1                United States District Court

 2            for the Southern District of California

 3                                    )
    AL OTRO LADO, Inc., et al.,       )
 4                                    )   No. 17cv2366-BAS
          Plaintiffs,                 )
 5                                    )   July 2, 2020
             v.                       )
 6                                    )   San Diego, California
    CHAD F. WOLF, etc., et al.,       )
 7                                    )
          Defendants.                 )
 8                                    )

 9           TRANSCRIPT OF TELEPHONIC MOTION HEARING
             BEFORE THE HONORABLE KAREN S. CRAWFORD
10                 United States Magistrate Judge

11  APPEARANCES:

12  For the Plaintiffs:      MAYER BROWN LLP
                             STEPHEN M. MEDLOCK
13                           Attorney at Law

14  For the Defendants:      U.S. DEPARTMENT OF JUSTICE
                             KATHERINE J. SHINNERS
15                           Attorney at Law

16

17

18

19
    Court Reporter:          Dana Peabody, RDR, CRR
20                           District Court Clerk's Office
                             333 West Broadway, Suite 420
21                           San Diego, California 92101
                             DanaPeabodyCSR@gmail.com
22

23

24

25
```

1  that the notes were typically just nonsubstantive, one or two
2  words to trigger his memory.
3          THE COURT: Right, but without having the benefit of
4  actually seeing those notes, how can you make a determination
5  on whether or not they were relevant or at least partially
6  relevant?
7          MS. SHINNERS: The -- yes, Your Honor. Again, I mean
8  I -- I think that's a difficult question. We can't concede
9  that they were relevant. Again, it's very likely that
10 they -- given the nature of these notes, one or two words,
11 they're not something that would have been responsive given the
12 nature of the meeting; however, yeah, I mean, we acknowledge
13 that we don't have the particular notes in front of us.
14     Plaintiffs have also had the opportunity to depose Mr. Howe
15 and depose other individuals who were at these daily
16 operational meetings, received numerous documents about the
17 case, and so they -- you know, they could have asked specific
18 questions of these witnesses about what was discussed or if
19 there are things that they think they wanted to know, they've
20 had the opportunity to ask those witnesses.
21          THE COURT: Yeah, I guess I'm -- I'm trying to drill
22 down a little bit more. If you were to ask me where I had
23 lunch last Tuesday, I wouldn't have any idea how to respond,
24 but if I had my calendar open, and it said, you know, "lunch
25 with Cindy" or "Milton's," I would remember exactly where I was

1   and who I met and everything else, and it would just be maybe
2   one word that would trigger that.  The defense -- excuse me,
3   the plaintiff was precluded from being able to trigger the
4   witness' memory because they didn't have those notes.  That's
5   the problem.  So when you respond by saying they could have
6   asked questions in the deposition, true, but he still might not
7   know where he had lunch last Tuesday because he doesn't have
8   the notes to jog his memory, so that's the problem with it.
9   What I'm --
10            MS. SHINNERS:  Yeah.
11            THE COURT:  What I'm concerned about is that there's a
12  statement from the defense that these notes aren't relevant,
13  they're just little notes, and they're not substantive, but you
14  haven't actually seen the notes, so how can you determine
15  whether they're relevant or not or partially relevant?  I don't
16  understand that.
17            MS. SHINNERS:  Sure.  I mean, again, I think it's a
18  difficult question.  Your point is -- is understood,
19  Your Honor, but I think the point we're making is that they are
20  likely not to have been relevant or that the information is
21  likely not to have been responsive and beyond what has already
22  been produced.  I mean, I think the fact that we did produce
23  notes from Todd Hoffman, who took notes at those meetings, and
24  also the fact that, you know, other things could have been used
25  to jog his memory about things that he might have talked about

1  such as reportable incidents, emails that Mr. Howe would have
2  sent after those meetings. I don't know -- I don't -- while I
3  see your point, and I don't know that that relates to the need
4  for the litigation hold. The point that we were making with
5  the nonsubstantive nature of the notes was -- went to
6  Mr. Howe's mental state, and so regardless of -- regardless of
7  this issue, I don't think that it goes to a necessity for
8  production of the litigation hold with respect to this request
9  for production.
10         THE COURT: Okay. Thank you.
11     Let's move on to request Number 222.
12     Mr. Medlock.
13         MR. MEDLOCK: Yes, Your Honor. Happy to move on to
14  222.
15         THE COURT: Hold on. Before doing so, did you have
16  any response to Ms. Shinners' arguments with respect to 220?
17         MR. MEDLOCK: Very, very briefly.
18     First, Your Honor raised the idea of an in camera review of
19  the litigation holds. Plaintiffs are fine with that. We think
20  that's a -- if Your Honor's willing to take on that task, we
21  would agree to it.
22     Second, Ms. Shinners made a reference to notes
23  produced -- a witness -- a custodian named Todd Hoffman and
24  that those somehow could have been used to refresh Mr. Howe's
25  recollection. The only way I could have done that at