1  JOSEPH H. HUNT
2  Assistant Attorney General
   Civil Division
3  WILLIAM C. PEACHEY
4  Director, Office of Immigration Litigation –
   District Court Section
5  KATHERINE J. SHINNERS (DC 978141)
6  Senior Litigation Counsel
   United States Department of Justice
7  Civil Division
8  Office of Immigration Litigation – District
   Court Section
9  P.O. Box 868, Ben Franklin Station
10 Washington, D.C. 20044
   Tel: (202) 598-8259 | Fax: (202) 305-7000
11 ALEXANDER J. HALASKA (IL 6327002)
12 DHRUMAN Y. SAMPAT(NJ 270892018)
13 Trial Attorneys

14
15 *Counsel for Defendants*

16           **UNITED STATES DISTRICT COURT**
17        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
                          **(San Diego)**
18

| | |
|---|---|
| 19  AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| 20                  *Plaintiffs*, | Hon. Cynthia A. Bashant |
| 21            v. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO SEAL PORTIONS OF THEIR CROSS-MOTION FOR SUMMARY JUDGEMENT/OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT** |
| 22  CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| 23 | |
| 24 | |
| 25                  *Defendants* | |
| 26 | |

27
28

Defendants hereby move to Seal Portions of their Cross-Motion for Summary Judgment/Opposition to Plaintiffs' Motion for Summary Judgment ("Defendants' MSJ"). Specifically, Defendants seek to seal: (1) confidential documents and testimony that will be attached as Exhibits to Defendants' MSJ; (2) sections of the Memorandum in Support of Defendants' MSJ, or of Plaintiffs' briefing, that substantively discuss or quote from those confidential portions of the Exhibits; and (3) sections of the Memorandum in Support of Defendants' MSJ that substantively discuss or quote from Plaintiffs' Exhibits to their Motion for Summary Judgment ("Plaintiffs' MSJ Exhibits") that are the subject of another pending motion to seal (ECF No. 532).

Defendants request to file under seal the following Exhibits to Defendants' MSJ, as well as portions of the parties' brief that rely on them,

1) Portions of the San Diego Field Office ("SDFO") 2016 Report (AOL-DEF-00216804-00216847), at Defendants' MSJ Exhibit 10;

2) Reproduced version of the March 25, 2016 email regarding "Due NLT 12:00 pm Friday March 25th" (AOL-DEF-00237660-00237660.0001), at Defendants' MSJ Exhibit 12;

3) Portions of the November 11, 2016 email regarding "PCS Activity Report, 0800-1600, 11/11/16" (AOL-DEF-00799100-00799101), at Defendants' MSJ Exhibit 13;

4) Portions of the September 14, 2016 email regarding "Spike in CF/FAMU cases at Port of El Paso in month of September" (AOL-DEF-00797893-00797894), at Defendants' MSJ Exhibit 14;

5) Portions of the September 9, 2016 email regarding "PCS Activity 09/09/2016 07:30 hours" (AOL-DEF-00797737-00797738), at Defendants' MSJ Exhibit 15;

6) Portions of September 21, 2016 email regarding "Overflow Staging Area – Port of TOR – TDY" (AOL-DEF-00798098-00798101), at Defendants' MSJ Exhibit 16;

7) Portions of September 27, 2016 email regarding "Spike in CF/FAMU cases at Port of El Paso in month of September – Update" (AOL-DEF-00806817-00806819), at Defendants' MSJ Exhibit 17;

8) Portions of September 28, 2016 email regarding "Implementations to address Credible Fear workload" (AOL-DEF-00890684), at Defendants' MSJ Exhibit 18;

9) Portions of September 29, 2016 email regarding "PCS Activity 9/28/2016 0000-0800 Shift" (AOL-DEF-00891856-00891868), at Defendants' MSJ Exhibit 19;

10) Portions of October 3, 2016 email regarding "Limited Distribution EAC Bullets – El Paso, TX: Surge of UAC and FAMUs Impacting POEs in the El Paso Field Office" (AOL-DEF-00893755-00893756), at Defendants' MSJ Exhibit 21;

11) Portions of October 3, 2020 email regarding "USBP requesting Port to cease using PDT" (AOL-DEF-00802270-00802271), at Defendants' MSJ Exhibit 22;

12) Portions of October 3, 2016 email regarding "INFLUX of detainees at Brownsville, Texas Port of Entry 10/03/16 @ 1800" (AOL-DEF-00896692), at Defendants' MSJ Exhibit 23;

13) Portions of October 14, 2016 email containing a report from the Laredo Field Office and regarding "Daily Snapshot of Laredo Field Office Immigration Case Processing – FAMU and UAC for Oct. 15, 2016" (AOL-DEF-00903363-00903364), at Defendants' MSJ Exhibit 24;

14) Portions of October 16, 2016 email containing a report from the Port of Hidalgo and regarding "ICE/ERO Traffic (Pending Placement)-Hidalgo POE" (AOL-DEF-00906636-00906639), at Defendants' MSJ Exhibit 25;

15) Portions of October 25, 2016 email regarding "Hidalgo Port of Entry-10/25/2016 09:45 a.m." (AOL-DEF-00896989-00896990), at Defendants'

MSJ Exhibit 26;

16) Portions of October 19, 2016 email regarding "Situational Awareness 29 Adult Male Haitian Nations in Nogales AZ" (AOL-DEF-01266827-01266828), at Defendants' MSJ Exhibit 28;

17) Portions of October 25, 2016 email regarding "Pending Placement" at San Luis and Nogales Port of Entries (AOL-DEF-01393904), at Defendants' MSJ Exhibit 29;

18) Portions of October 5, 2016 email regarding "Two Urgent Issues" (AOL-DEF-00044527-000444528), at Defendants' MSJ Exhibit 30;

19) Portions of October 18, 2016 Office of Field Operations, Southwest Border Daily Operations Report for the Executive Assistant Commissioner (AOL-DEF-00793584-00793586), at Defendants' MSJ Exhibit 31;

20) Portions of October 21, 2016, Southern Border Inadmissibility Processing Report (AOL-DEF-00035554-00035562), at Defendants' MSJ Exhibit 32;

21) Portions of November 12, 2016 CBP Crisis Action Team Daily Report (AOL-DEF-00522433-00522436), at Defendants' MSJ Exhibit 35;

22) Portions of November 12, 2016 email from Laredo Field Office to Port Directors regarding "Meeting with INM" (AOL-DEF-00814130-00814132), at Defendants' MSJ Exhibit 36;

23) Portions of November 18, 2016 email regarding "SWB Metering.pptx"(AOL-DEF-00562927), at Defendants' MSJ Exhibit 37;

24) Portions of November 18, 2016 email regarding "SWB Metering" (AOL-DEF-00370791-00370791.001), at Defendants' MSJ Exhibit 38;

25) Portions of November 22, 2016 email regarding "Appointments" (AOL-DEF-00022783-00022784), at Defendants' MSJ Exhibit 39;

26) Portions of August 27, 2019 letter from Anne Maricich, Deputy Director of Field Operations, San Diego Field Office to CBP Officer (AOL-DEF-01408293-01408297), at Defendants' MSJ Exhibit 64;

27) Portions of December 8, 2016 email regarding "CBP Migration CAT-COB 12/8/2016" (AOL-DEF-00089288-00089289), at Defendants' MSJ Exhibit 42;

28) Portions of April 14, 2017 email regarding "AEU Detention Space and Asylum Seekers" (AOL-DEF-00090443), at Defendants' MSJ Exhibit 45;

29) Portions of April 4, 2018 email from the OFO – El Paso Assistant Director of Field Operations (AOL-DEF-00801853), at Defendants' MSJ Exhibit 50;

30) Portions of April 3, 2018 email regarding "Leadership Cadence Call" (AOL-DEF-00909574), at Defendants' MSJ Exhibit 51;

31) Portions of April 18, 2018 email regarding "Emergency AEU support" (AOL-DEF-00729220-00729221), at Defendants' MSJ Exhibit 52;

32) Portions of April 25, 2018 email regarding "SYS AEU Custody Report for 4/25/2018" (AOL-DEF-00010711-00010713), at Defendants' MSJ Exhibit 53;

33) Portions of April 25, 2018 email regarding "Migrant Caravan Pulse Reporting" (AOL-DEF-00704631-00704635), at Defendants' MSJ Exhibit 55;

34) Portions of April 26, 2018 email regarding "SYS AEU Custody Report 04/26/2018" (AOL-DEF-00011644-00011646), at Defendants' MSJ Exhibit 56;

35) Portions of September 11, 2020 Declaration of Assistant Director Field Operations, Border Security, San Diego Field Office, Office of Field Operations, Mariza Marin, at Defendants' MSJ Exhibit 60;

36) Portions of September 25, 2020 Declaration of Assistant Port Director Samuel Cleaves, at Defendants' MSJ Exhibit 58;

37) Portions of September 14, 2016 email regarding "Haitian Migration Surge Briefing" (AOL-DEF-00023711-00023711.0001), at Defendants' MSJ Exhibit 62;

28) 38) Portions of June 16, 2018 email regarding "Increase Intake at the Ports"

(AOL-DEF-00380555), at Defendants' MSJ Exhibit 63;

39) Portions of September 14, 2016 email regarding "TDY Personnel to Tornillo" (AOL-DEF-00806910-00806911), at Defendants' MSJ Exhibit 65;

40) Portions of September 28, 2016 email regarding "Implementation to address Credible Fear workload" (AOL-DEF-00806828-00806829), at Defendants' MSJ Exhibit 66.

As the Court largely determined in its August 6, 2020 Order (ECF No. 510) ("Sealing Order"), there are compelling reasons to seal the confidential information contained in these exhibits and testimony, as well as any portions of the parties' briefs that discuss or rely on them. The national security, diplomatic, and sensitive law enforcement information and communications which Defendants are seeking to seal include information about operations of land ports of entry that expose vulnerabilities of those ports and threaten their integrity and security. Public release of such information will also have a chilling effect on open communications within the government and with foreign governments, and would further compromise the ports' operations and expose ports to higher risk of criminal activity—such as drug and weapons trafficking—which in turn would threaten the public health and safety of the United States. These documents also contain private or sensitive information concerning employees and individual travelers that, if disclosed, would compromise their privacy interests and potentially threaten their own safety or the security of the agency; communications with foreign governments that, if disclosed, would chill international cooperation; and internal operational communications, disclosure of which would chill frank discussions that are crucial to agency operations and foreign relations.

## ARGUMENT

### A. Legal Standards

Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party may

still overcome the presumption of access. *Heldt v. Guardian Life Ins. Co. of America*, No. 16-cv-885, 2018 WL 5920029, at *1 (S.D. Cal. Nov. 13, 2018). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Thus, when the documents to be protected are "more than tangentially related to the merits," parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety*, 809 F.3d 1092, 1096–98); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). Compelling reasons include "when [] 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In certain circumstances, courts have allowed the *government* to file under seal material that contains confidential and sensitive government information that might endanger or undermine law enforcement's activities . . . where the government identifies the particular harm that may result from the specific disclosure." *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015) (internal citations omitted; emphasis in original); *see Hesterberg v. United States*, No. C-13-01265 JSC, 2013 WL 6057068, at *2 (N.D. Cal. Nov. 15, 2013) (finding compelling reasons to seal portions of documents that could "empower criminal suspects who come in contact with . . . officers because they will be able to predict the officer's actions."). As shown below, Defendants' request to file law enforcement sensitive materials under seal satisfies the "compelling reasons" standard. Defendants have provided specific information regarding the harm that could occur if the information were to be disclosed. *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-

LHK, 2019 WL 1206748, at *1 (N.D. Cal. Mar. 14, 2019). The public interest in the information at issue is far outweighed by the interest in confidentiality. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

### *B. The Risk to Port and Border Security Presents Compelling Reasons to Seal Information about Port Capacity, Operations, and Processing.*

For the reasons stated in the Court's prior Sealing Order, as well as the September 04, 2020 Declaration of Vernon Foret, Executive Director for Operations, Office of Field Operations (OFO) ("Foret Decl."), attached hereto as Exhibit A, the Court should seal the portions of Defendants' MSJ Exhibits that relate to specific port capacity and related operational details: MSJ Exh.13, AOL-DEF-00799100; MSJ Exh.14, AOL-DEF-00797893; AOL-DEF-00797737; MSJ Exh.17, AOL-DEF-00806817; MSJ Exh.21, AOL-DEF-00893755; MSJ Exh.22, AOL-DEF-00802270; MSJ Exh.32, AOL-DEF-00035554; MSJ Exh.35, AOL-DEF-00522433; MSJ Exh.23, AOL-DEF-00896692; MSJ Exh.24, AOL-DEF-00903363; MSJ Exh.25, AOL-DEF-00906636; MSJ Exh.26, AOL-DEF-00896989; MSJ Exh.28, AOL-DEF-01266827; MSJ Exh.29, AOL-DEF-01393904; MSJ Exh.30, AOL-DEF-00044527; MSJ Exh.36, AOL-DEF-00814130; MSJ Exh.31, AOL-DEF-00793584; MSJ Exh.38, AOL-DEF-00370791; MSJ Exh.42, AOL-DEF-00089288; MSJ Exh.51, AOL-DEF-00909574; MSJ Exh.54, AOL-DEF-00704631; MSJ Exh.62, AOL-DEF-00023711; MSJ Exh.65, AOL-DEF-00806910; MSJ Exh.66, AOL-DEF-00806828; MSJ Exh.60, the Declaration of Mariza Marin (Sept. 11, 2020); and MSJ Exh.58, the Declaration of Samuel Cleaves (Sept. 25, 2020).

The Disclosure of the specific capacity information contained in these documents would compromise port security because they cite, discuss and analyze several factors that reveal law enforcement vulnerabilities about OFO operations, such as specific detention capacities of certain ports of entry along the Southwest border, as well as an analysis of trends and changes to detention custody, capacity rates, and processing. *See* Foret Decl. ¶¶ 7-14 (citing harms of these types of information). The

same type of harms to border security and immigration enforcement would arise from disclosing similar information about ICE or other CBP detention, holding, and processing capacities as set forth in MSJ Exh.21, AOL-DEF-00893755, MSJ Exh.22, AOL-DEF-00802270, and MSJ Exh.23, AOL-DEF-00896692. In its August 6 Sealing Order, this Court has permitted "targeted redactions" of similar detailed information about different POEs' infrastructure, "including specifics about its detention capacity and staffing." *See* Sealing Order at 14, 18-19 & Appendix A.

### C. The Risk to Port and Border Security Presents Compelling Reasons to Seal Information about Contingency Planning.

The Court should also seal the portions of the Exhibits that contain specific contingency planning information similar to that the Court found compelling reasons to seal in its Sealing Order (at 20): the entirety of MSJ Exh.12, AOL-DEF-00237660; portions of MSJ Exh.14, AOL-DEF-00797893; portions of AOL-DEF-0126827; and portions of MSJ Exh.17, AOL-DEF-00806817.  Revelation of operational vulnerabilities and resource constraints at ports of entry of the type included in these documents—such as the impact of the migration surge on operations and mission requirements, resource allocations, perspectives, and trigger points for taking particular actions, as well as references to certain trigger points referenced in agency contingency plans —would allow hostile actors such as criminal organizations or smuggling organizations to take advantage of CBP's operational vulnerabilities and overwhelm operations.  Foret Decl. ¶¶ 16-20.

### D. The Risk to Border Security and International Cooperation Also Presents a Compelling Reason to Seal Communications or Coordination with Foreign Governments.

The Court should also seal information reflecting communications and coordination with the Mexican or Honduran governments: MSJ Exh.28, AOL-DEF-01266827; MSJ Exh.30, AOL-DEF-00044527; MSJ Exh.36, AOL-DEF-00814130; MSJ Exh.38, AOL-DEF-00370791; MSJ Exh.50, AOL-DEF-00801853; MSJ

Exh.54, AOL-DEF-00704631. Revelation of CBP's communications with, and information shared by, the Mexican or other foreign governments, would similarly threaten law enforcement operations by discouraging the free sharing of information to conduct law enforcement operations at the shared border. *Id.* ¶¶ 6-9. This court has previously recognized "both the importance of confidentiality to both the U.S. Government and the Government of Mexico concerning migration efforts" and found compelling reasons to seal such information. *See* Sealing Order at 11.

The Court should also seal information reflecting intelligence received from foreign partners contained in MSJ Exh.51, AOL-DEF-00909574, MSJ Exh.62, AOL-DEF-00023711. As set forth in the Declaration of John Wagner, former Deputy Executive Assistant Commissioner, Office of Field Operations (OFO) ("Wagner Decl."), attached hereto as Exhibit B, shared intelligence information, if disclosed, would "assist hostile actors in the development of methods to evade detection and apprehension, and thereby impair the effectiveness of those law enforcement methods, techniques, and procedures." Wagner Decl. ¶ 12

### E. The Risk to Law Enforcement and International Operations Provides Compelling Reasons to Seal Law Enforcement Techniques and Database Information.

The Court should seal information about law enforcement methods contained in the document bearing bates number AOL-DEF-00801853 for the reasons set forth in the Declaration of Albert Barnes ("Barnes Decl."), attached hereto as Exhibit C. "The email contains a discussion of [CBP Office of Field Operations'] efforts to investigate and combat fraud schemes employed by Honduran nationals, the law enforcement techniques and methods [CBP] OFO uses to investigate such fraud, and the El Paso Field Office's communications with the Honduran Government." Barnes Decl. ¶ 2. The revelation of this information would provide outside entities into the operational issues that are particularly important to the ports in the El Paso Field Office and would "provide hostile actors with information regarding how and when

a port is vulnerable and susceptible to manipulation" and will alert individuals who intend to use a particular fraud scheme of the counter-measures that CBP uses to detect such fraud, thereby decreasing the effectiveness of law enforcement. Barnes Decl. ¶ 5.

The Court should also seal information about law enforcement databases contained in MSJ Exh.51, AOL-DEF-00909574. As set forth in the Wagner Declaration, information from these databases would reveal specific law enforcement techniques and information, which would enable hostile actors to "tailor countermeasures in attempt to circumvent law enforcement." Wager Decl. ¶ 8(b).

**F.** *Privacy and Security Interests Also Present Compelling Reasons to Seal the Portions of the Exhibits Containing Employees or Private Actors' Personal Information or Identifying Characteristics.*

As permitted in the Court's prior Order (ECF No. 510, at p. 21) should seal the employee email addresses and other personal information contained in the following documents, the disclosure of which would raise genuine security concerns: MSJ Exh.13, AOL-DEF-00799100; MSJ Exh.14, AOL-DEF-00797893; MSJ Exh.15, AOL-DEF-00797737; MSJ Exh.16, AOL-DEF-00798098; MSJ Exh.17, AOL-DEF-00806817; MSJ Exh.18, AOL-DEF-00890684; MSJ Exh.19, AOL-DEF-00891856; MSJ Exh.21, AOL-DEF-00893755; MSJ Exh.22, AOL-DEF-00802270; Exh.23, AOL-DEF-00896692; MSJ Exh.24, AOL-DEF-00903363; MSJ Exh.25, AOL-DEF-00906636; MSJ Exh.26, AOL-DEF-00896989; MSJ Exh.28, AOL-DEF-01266827; MSJ Exh.29, AOL-DEF-01393904; MSJ Exh.35, AOL-DEF-00522433; MSJ Exh.36, AOL-DEF-00814130; MSJ Exh.37, AOL-DEF-00562927; MSJ Exh.38, AOL-DEF-00370791; MSJ Exh.39, AOL-DEF-00022783; MSJ Exh.64, AOL-DEF-01408293; MSJ Exh.45, AOL-DEF-00090443; MSJ Exh.51, AOL-DEF-00909574; MSJ Exh.52, AOL-DEF-00729220; MSJ Exh.53, AOL-DEF-00010711; MSJ Exh.54, AOL-DEF-00704631; MSJ Exh.56, AOL-DEF-00011644; MSJ Exh.62, AOL-DEF-

00023711; MSJ Exh.63, AOL-DEF-00380555; MSJ Exh.65, AOL-DEF-00806910; MSJ Exh.66, AOL-DEF-00806828).

As detailed in the February 11, 2020 Buckley Declaration ("Buckley Decl."), the Director of Security and Technology Division at CBP, which is attached to this pleading as Exhibit D, there are genuine security concerns regarding the disclosure of CBP employees' email addresses, including "significant cyber security threats to both the individual employee and CBP as a whole." Buckley Decl.¶¶ 3-5. These security threats are not hypothetical. Buckley Decl. ¶¶ 6-8. Indeed, the Court has already found these reasons compelling and has allowed Defendants to seal the personal and work email address and other contact information of CBP employees to the extent that they appear in any of the exhibits. *See* Sealing Order at 21.

Further, the Court should also permit the sealing of identifying information of to protect the privacy of employees and travelers. Thus, Defendants respectfully request to seal the identifying information of individuals who are subject to agency discipline, as in MSJ Exh. 64, AOL-DEF-01408293, as well as the photographed faces of individuals who are awaiting processing at CBP facilities, as in MSJ Exh.19, AOL-DEF-00891856; MSJ Exh.23, AOL-DEF-00896692; MSJ Exh.24, AOL-DEF-00903363; MSJ Exh.26, AOL-DEF-00896989. As with the above-described documents, the sensitive nature of this information warrants filing these documents under seal.

**G.** *The Court Should Permit Sealing of Defendants' References to this Material in their Briefs.*

Defendants also respectfully request that the Court permit the sealing of their Memorandum in Support of Defendants' MSJ, or of Plaintiffs' briefing, that substantively discuss or quote from those confidential portions of the above-discussed Exhibits. Defendants also seek to seal the sections of their Memorandum in Support of Defendants' MSJ that substantively discuss or quote from Plaintiffs' Exhibits to

their Motion for Summary Judgment ("Plaintiffs' MSJ Exhibits"); that information is the subject of a separate pending motion to seal (ECF No. 532), to which Defendants intend to submit a response in support.

## CONCLUSION

For the compelling reasons discussed above the Court should seal the above-listed sensitive documents and testimony and the portions of the parties' briefs that discuss them.

Dated: September 25, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.shinners@usdoj.gov

ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: September 25, 2020             Respectfully submitted,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*