JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | **DEFENDANTS' EXHIBIT 40** |
| v. | [Redacted Public Version] |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants*. | |

THIS COPY MAY AT YOUR OPTION BE FURNISHED TO YOUR NTEU
REPRESENTATIVE

August 27, 2019

███

Customs and Border Protection Officer
U.S. Customs and Border Protection
Otay Mesa, California

Mr. Orrell:

By letter dated March 26, 2019, which you received on March 27, 2019, you were notified of a proposal to suspend you from your position as a Customs and Border Protection Officer, GS-1895-12, for 30 calendar days based on the following charges:

**Charge 1: CONDUCT UNBECOMING A CUSTOMS AND BORDER PROTECTION**
**Charge 2: FAILURE TO FOLLOW PROCEDURES**

You were also advised of your right to reply to the proposed action orally, in writing, or both, and to furnish affidavits and other documentary evidence in support of your reply. On July 8, 2019, you and your representatives, Chapter 105 President Jorge Llanos and Chief Steward Derrick Arnold, presented your oral reply.

During the oral reply, Mr. Arnold, spoke about the incident that occurred on January 2, 2017, which led to the proposal to suspend you from duty for 30 days. Mr. Arnold stated that you received direction from supervisors to turn back subjects who were "posturing" as asylum seekers and to refer them to the BETA group. Mr. Arnold stated that you "showed the utmost restraint" when dealing with the non-compliant subject. Mr. Arnold stated that you chose to isolate the subject by moving him to an area with less likelihood of escape, instead of moving up the use of force ladder to subdue and gain control of the subject. He stated that you should be commended instead of being punished. Mr. Arnold went on to explain that individuals seeking asylum are currently being turned away at the direction of supervisors and are being sent to other ports of entry. Mr. Arnold also stated that the Agency failed to show that you failed to follow procedures. He stated that "multiple people deemed experts in use of force" stated that you were "correct and within rights" to act the way you did. Mr. Arnold stated that you were acting within the guidance provided by management. Mr. Arnold contended that your actions were within policy and that there was no wrongdoing. Your representatives stated that your time on administrative duties should be considered as a mitigating factor and that your penalty should be reduced to "time served in administrative duties."

When given an opportunity to add to your reply, you stated that you were on administrative duties from January 2018 to March 2019. When the Agency determined that it would not

propose your removal, your firearm was returned to you and you were returned to working overtime. You stated that you could not be "averaged in" so you had to work a lot of overtime. The union requested that you be compensated for the loss of overtime and differential pay while you were on administrative duties. Chapter President Llanos stated that investigators are short-staffed and take too long to investigate cases. Mr. Llanos added that it is not the fault of the employee or management, but that the lengthy investigations "cause a lot of heartache."

After clarification, your representatives requested that I consider as an alternative sanction, the loss of overtime compensation due to your inability to work overtime while unarmed and on administrative duties pending investigation.

I have carefully reviewed the proposal to suspend you for 30-days, the evidence upon which it was based, your oral response, and all of the materials of this case. I have concluded that you committed the misconduct as charged and have determined that the charges are sustained.

With respect to the appropriateness of the penalty, I have considered all of the relevant factors bearing on this matter. I considered the nature and seriousness of the misconduct and its relationship to your duties and responsibilities as a CBPO. As a CBPO, you are held to a higher standard of conduct than employees who do not exercise law enforcement duties. A CBPO carries and must be prepared to use a government issued firearm. A CBPO also apprehends, searches, detains, and arrests violators of the criminal laws of the United States. In addition, CBPO's have access to highly sensitive law enforcement information and must often work independently. You occupy a position of great responsibility, which requires trust, honesty, integrity, and the exercise of sound judgment, all while following Agency policies and procedures. You have a prominent positon with regular contact with the public. We must maintain the public's confidence in the accomplishment of our mission. As a law enforcement officer, both your employer and the public must have complete trust in your judgment. Your misconduct, by its very nature, strikes at the core of your position.

I find your misconduct to be very serious. Contrary to your representatives' assertion, I find that your actions were not in compliance with the Agency's use of force policies and procedures. As a CBPO with law enforcement duties, you are expected to follow the Agency procedures concerning applicants for asylum and to issue lawful and appropriate orders to carry out the Agency's law enforcement mission. You are expected to treat travelers with respect and dignity and exercise reasonable judgment. In this case, I find that the actions you took were unreasonable and not in accordance with any enforcement tactics or techniques trained to CBPOs. The video of the incident shows you interacting with the subject alone, pushing him backwards, and when the subject dropped to the ground, you proceeded to grab him by the legs and drag him many yards towards Mexico. You did not have control of the situation. You left your post and allowed four other individuals in that group to walk past your booth without proper inspection. I took into consideration that you are not a supervisor but have extensive knowledge in dealing with asylum seekers based upon your approximately seven years of experience in the Admissibility Enforcement Unit (AEU). Although not considered for progressive discipline, I considered, for notice purposes, that

Confidential

AOL-DEF-01408294

you have been issued three prior reprimands for violations of the Agency's Standards of Conduct. This offense diminishes my confidence in your ability to use sound judgment and follow clear directions and procedures. You received multiple musters, on July 27, 2016, September 1, 2016, and November 15, 2016, that provided the same, clear instructions to all "Limit Line" and "Primary" personnel. The instructions were that asylum seekers would be "taken into custody, escorted to the security office, and transported to the PedWest facility for proper intake and processing." Instead of taking the subject into custody as indicated, you pushed and dragged him many yards back towards Mexico, released him, and returned to your post without documenting or reporting the event. Although this incident did not receive media attention, the Agency became aware of this incident through an ongoing civil lawsuit that has not yet been resolved. I considered that your actions exposed the Agency to significant civil liability and could potentially tarnish the reputation of CBP if publicized. I noted that you did not express remorse or accept responsibility for your actions. Instead, you blamed supervisors and managers of the Agency. I agree with your representative that there were no comparator cases to consider similar to the discipline at issue here. I considered the Agency's Table of Offenses and Penalties, paragraph J4, which recommends a penalty range of 30-days to removal for charge one and paragraph K2 which recommends a penalty of a reprimand to a 14 days for charge two.

As mitigating factors, I considered your approximately 12 years of service with the Agency and your otherwise satisfactory performance.

After considering the above mitigating factors, I have determined that they do not outweigh the seriousness of your misconduct. I gave serious consideration to the possibility of alternative sanctions, such as what was suggested by your representative. However, given the complexity of the investigation, the numerous interviews that were conduct across the country, and the contractual obligations outlined in Article 43 of the Collective Bargaining Agreement (CBA), I find that the length of time you were on administrative duties was reasonable given the circumstances of this case and the investigative efforts. I find that the loss of overtime and night differential compensation due to your unarmed status, pending the outcome of the investigation was inevitable. Given the serious nature of the allegations against you, it was reasonable to believe that you would be proposed removal after the conclusion of the investigation.

Accordingly, I have decided that a 30-day suspension is warranted and will promote the efficiency of the service. You will be notified of your suspension date under separate cover.

A Standard Form (SF) 50, Notification of Personnel Action, documenting this action will be placed in your electronic official personnel folder (eOPF).

You have the right to contest this action through one of the avenues outlined below. You may elect **only one** option and your election will be considered final on the date any grievance, appeal, or complaint is filed.

Confidential

AOL-DEF-01408295

1. You have the right to appeal this action to the Merit Systems Protection Board (MSPB). Your appeal may also include allegations that the action is based on discrimination or in reprisal for whistleblowing.

   Appeals to MSPB must be filed no later than 30 days after the effective date, if any, of this action, or 30 days after the date of receipt of this letter, whichever is later. 5 C.F.R. §1201.22. If you do not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide you an opportunity to show why the appeal should not be dismissed as untimely.

   You may access the MSPB appeal form and MSPB regulations at www.mspb.gov. Paper copies are available upon request. If you decide to appeal to MSPB, you may file your appeal electronically via MSPB's online appeal system (https://e-appeal.mspb.gov), by facsimile at 510-273-7136, by mail, commercial overnight delivery, or personal delivery to the Regional Director, Merit Systems Protection Board, 1301 Clay Street, Suite 1380N Oakland, CA 94612-5217. You must submit two copies of both your appeal and all attachments. To assist MSPB in processing your appeal, your petition should inform them to send the Acknowledgment Order and a copy of the appeal to Associate Chief Counsel Mary Cupp, One World Trade Center, Suite 1200 Long Beach, CA 90831. Fax 562-982-3152.

2. If you believe that this action is based on discrimination because of your race, color, religion, national origin, sex (including sexual orientation), age, disability, genetic information, or reprisal for prior EEO activity, you may file a complaint with CBP's Privacy and Diversity Office (PDO), in accordance with the Equal Employment Opportunity (EEO) discrimination complaint procedures found in 29 C.F.R. Part 1614. If you believe this action is based on discrimination because of your status as a parent, you may file a complaint pursuant to DHS's modified complaint procedure.

   You must seek EEO counseling from PDO within **45** calendar days of the date of receipt of this letter. You can initiate EEO counseling by calling (1-877) MY-EEO-HELP (1-877-693-3643), sending an email to: cbpeeocomplaintfiling@cbp.dhs.gov, or by contacting your servicing EEO Officer.

3. If you allege that this personnel action is being taken against you because of reprisal for whistleblowing, you may seek corrective action by filing a complaint with the Office of Special Counsel (OSC).

   If OSC fails to complete its review of your whistleblower reprisal allegation within 120 days after it receives your complaint, or it closes your complaint without seeking corrective action on your behalf, you may appeal this action to MSPB within 65 days from the date of OSC's written notice, or 60 days from your receipt of OSC's written notice, whichever is later.

Confidential

AOL-DEF-01408296

You may access the OSC complaint form (OSC-11) and OSC procedures at www.osc.gov. If you decide to file a complaint with OSC, you may file electronically via OSC's online complaint system (www.osc.gov), by facsimile at (202-254-3711), by mail or commercial overnight delivery to: Complaints Examining Unit, Office of Special Counsel, 1730 M Street, NW, Suite 218, Washington, DC 20036-4505. To assist OSC in its investigation of your complaint, your complaint should inform them to send the Acknowledgment Order and a copy of the appeal to: Associate Chief Counsel, to Associate Chief Counsel Mary Cupp, One World Trade Center, Suite 1200 Long Beach, CA 90831. Fax 562-982-3152.

4. If you are a union bargaining member, the union may request arbitration on your behalf using arbitration procedures set forth in Article 28 (Arbitration) of the National Collective Bargaining Agreement between U.S. Customs and Border Protection and the National Treasury Employees Union. A request by the union to refer the matter to arbitration must be filed within thirty (30) days of receipt of this decision letter. The union's request for arbitration must be in writing and filed with the Director, Labor-Management Relations, 1400 L Street NW, 7th Floor, Washington, D.C. 20229-1146.

In accordance with 5 C.F.R. § 1201.155, an employee who elects the negotiated procedures and believes he or she has been subjected to prohibited discrimination may request review of the arbitrator's final decision to the MSPB.

If you have any questions concerning this letter, or your rights or procedures regarding this action, you may contact Patrick Gengarelli, Labor and Employee Relations Specialist at ▉▉▉.

Please sign the receipt acknowledgment copy of this letter as evidence that you have received it.

*Anne Maricich*

Anne Maricich
Deputy Director of Field Operations
San Diego Field Office

Receipt of the original notice is hereby acknowledged.

_Employee Refused to Sign_           _Sep 27, 2019_
Signature                            Date

Employee notified + issued @ 0500 on Sep 27, 2019
with Union Rep CBPO Nevarez and SCBPO Williams

Confidential                                      AOL-DEF-01408297