JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
ARI NAZAROV (CT 414491)
HAYDEN WINDROW (NY 4384749)
DHRUMAN Y. SAMPAT(NJ 270892018)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-4120 | Fax: (202) 305-7000

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO SEAL EXHIBITS FILED WITH DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE** |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

## INTRODUCTION

Defendants hereby respectfully request that the Court seal portions of exhibits filed with Defendants' opposition to Plaintiffs' motion to exclude Defendants' expert witnesses. Specifically, Defendants ask the Court to seal: (1) portions of the Declaration of Samuel Cleaves (Exhibit 2 to Defendants' Opposition to Plaintiffs' Motion to Exclude); (2) portions of Rodney Harris's resume (Exhibit 3 to Defendants' Opposition to Plaintiffs' Motion to Exclude); and (3) portions of the Declaration of Mariza Marin (Exhibit 4 to Defendants' Opposition to Plaintiffs' Motion to Exclude). The Court has already determined that the information contained in these exhibits that reflect port capacity or government-employee contact information should be sealed, and there is no reason to disturb that ruling.

## ARGUMENT

Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party may still overcome the presumption of access. *Heldt v. Guardian Life Ins. Co. of America*, No. 16-cv-885, 2018 WL 5920029, at *1 (S.D. Cal. Nov. 13, 2018). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Thus, when the documents to be protected are "more than tangentially related to the merits," parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety*, 809 F.3d 1092, 1096–98; *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). Compelling reasons include "when [] 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."

1

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In certain circumstances, courts have allowed the *government* to file under seal material that contains confidential and sensitive government information that might endanger or undermine law enforcement's activities . . . where the government identifies the particular harm that may result from the specific disclosure." *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015) (internal citations omitted; emphasis in original); *see Hesterberg v. United States*, No. C-13-01265 JSC, 2013 WL 6057068, at *2 (N.D. Cal. Nov. 15, 2013) (finding compelling reasons to seal portions of documents that could "empower criminal suspects who come in contact with . . . officers because they will be able to predict the officer's actions."). As shown below, Defendants' request to file law enforcement sensitive materials and employee contact information under seal satisfies the "compelling reasons" standard. Defendants have provided specific information regarding the harm that could occur if the information were to be disclosed. *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *1 (N.D. Cal. Mar. 14, 2019). The public interest in the information at issue is far outweighed by the interest in confidentiality. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

## I. The Risk to Port and Border Security Presents Compelling Reasons to Seal Information about Port Capacity, Operations, and Processing

The Court should seal portions of the declarations of Samuel Cleaves and Mariza Marin. In its August 6 Sealing Order, this Court has permitted "targeted redactions" of similar detailed information about different POEs' infrastructure, "including specifics about its detention capacity and staffing." *See* Sealing Order (ECF No. 510) at 14, 18-19 & Appendix A. The redacted information reflects the individual port's physical capacity. Therefore, this information should be sealed.

DEFS.' MEM. IN SUPPORT OF
MOT. TO SEAL

## II. Employees' Contact Information Should Be Sealed

The Court should seal portions of Rodney Harris's resume that reveal his contact formation as well as contact information of other CBP employees. The Court has already found compelling reason to seal personal and work email addresses along with other contact information of CBP employees. ECF No. 510 at 21. There is no reason to depart from the Court's prior order.

## **CONCLUSION**

For the aforementioned reasons, the Court should seal the referenced material found in the exhibits filed with Defendants' opposition to Plaintiffs' motion to exclude Defendants' expert witnesses.

Dated: October 5, 2020          Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4281| Fax: (202) 305-7000
dhruman.y.sampat@usdoj.gov

3

DEFS.' MEM. IN SUPPORT OF
MOT. TO SEAL

*Counsel for Defendants*

4

DEFS.' MEM. IN SUPPORT OF
MOT. TO SEAL

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: October 5, 2020

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4281| Fax: (202) 305-7000
dhruman.y.sampat@usdoj.gov

*Counsel for Defendants*

5

DEFS.' MEM. IN SUPPORT OF
MOT. TO SEAL