MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>Defendants. | Case No.: 17-cv-02366-BAS-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' EX PARTE EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION AND TEMPORARILY ENJOIN REMOVAL OF PRELIMINARY INJUNCTION CLASS MEMBER** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

738436474.6

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file limited portions of their Ex Parte Emergency Motion to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member ("Emergency Motion") and supporting documents under seal, in order to protect confidential and personally identifying information contained in those documents from public disclosure.

As is explained in more detail in the accompanying Declaration of Ori Lev, the references that Plaintiffs move to seal occur in the Emergency Motion, the Memorandum of Law in Support of the Emergency Motion, and the accompanying Declarations of Rebecca Cassler, Nicole Ramos, and Melissa Crow, namely:

1) The Alien Registration Number ("A-Number") of the Preliminary Injunction Class Member, on page 3 of the Memorandum of Law;

2) The Preliminary Injunction Class Member's name, found on page 3 of the Emergency Motion, page 3 of the Memorandum of Law, paragraph 2 of the Declaration of Rebecca Cassler, paragraphs 10, 11, 16 and 17 of the Declaration of Nicole Ramos, and paragraphs 2, 7 and 9 of the Declaration of Melissa Crow; and

3) The photocopy of the waitlist maintained by the Instituto Nacional de Migración, containing full names of asylum seekers including the Preliminary Injunction Class Member, who were metered in Mexico, attached to the Declaration of Nicole Ramos.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)

738436474.6

1    MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

(quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet that burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is related to the merits of the case, a party must offer "compelling reasons" to seal particular information. *Id.* at 1096-98.

Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing records exist when such 'court files might . . . become the vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. Therefore, the party seeking to seal documents must "make a particularized showing . . . supported by specific factual findings that outweigh the important public policies favoring disclosure of the document." *Unknown Parties v. Johnson*, 2016 WL 8199309, at *4 (D. Ariz. 2016) (citation omitted). Thus, "blanket claims of privacy or law enforcement [need] are insufficient." *Al Otro Lado, Inc. v. Wolf*, 2020 U.S. Dist. LEXIS 141152, at *10 (S.D. Cal. 2020).

Here, the document that Plaintiffs seek to file under seal would reveal confidential and personally-identifying information of a class member who is seeking asylum. Further, the identifying information has no bearing on the merits of the action, and the proposed redactions are narrowly tailored to only the name and A-Number of the Preliminary Injunction class member. *Gonzalez v. Barr*, No. 18-CV-01869-JSC, 2020 WL 3402227, at *10 (N.D. Cal. June 19, 2020) ("Compelling

reasons justify sealing that identifying information because the information has no bearing on the merits of this action, and the public's interest in the identities of class members is minimal to non-existent and outweighed by the risk of harm to those individuals given that many are seeking asylum."). Accordingly, Plaintiffs move to seal these materials.

The parties have conferred, and Defendants do not oppose this motion. Therefore, Plaintiffs request that the Court grant this unopposed motion to seal.

Dated: October 12, 2020

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters

By: */s/ Ori Lev*
   Ori Lev

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 12, 2020, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Ori Lev*

*Counsel for Plaintiffs*