MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' *EX PARTE* EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION AND TEMPORARILY ENJOIN REMOVAL OF PRELIMINARY INJUNCTION CLASS MEMBER** |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | *PORTIONS FILED UNDER SEAL* |

---

[1]  Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS

    Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
    *bazmy@ccrjustice.org*
    Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
    *gschwarz@ccrjustice.org*
    Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
    *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
    Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
    *sarah.rich@splcenter.org*
    Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
    *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
    *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

MEMORANDUM IN SUPPORT EX PARTE
MOTION TO ENFORCE PI

## __INTRODUCTION__

█████████████████████████████████████████ ("Applicant"), an Al Otro Lado (AOL) class member, is scheduled to be deported to Cameroon as soon as midnight Central Time tonight in plain violation of this Court's November 19, 2019 preliminary injunction ("AOL PI").    Plaintiffs respectfully request immediate and emergency Court intervention to stay her removal until this Court and Plaintiffs receive proof that she has received a credible fear determination based on the merits of her asylum claim (i.e., without application of the Asylum Transit Ban).[2]

On November 19, 2019, this Court issued a preliminary injunction that prohibits Defendants from applying the Asylum Transit Ban, 84 Fed. Reg. 33,829 (July 16, 2019), codified at 8 C.F.R. §§ 208.13(c)(4), 1208.13(c)(4), to "all non-Mexican asylum seekers who were unable to make a direct asylum claim" at a port of entry before July 16, 2019 "because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process." Dkt. 330 at 36.[3]  Because Applicant was unable to seek asylum  prior to July 16, 2019 because of the U.S. Government's metering policy, placed her name on the waiting list on June 5, 2019, and was not inspected and processed at the San Ysidro port of entry until July 29, 2019, she is entitled to the protections of the preliminary injunction. Nevertheless, Plaintiffs understand that the Government intends to remove her as

---

[2] Because Plaintiffs are seeking emergency *ex parte* relief, Plaintiffs understand that this motion does not require a conference of counsel under this Court's Standing Order for Civil Cases § 4.A. Plaintiffs have nevertheless contacted Defendants' counsel to seek the possibility of relief without court intervention. To the extent a conference is required, Plaintiffs respectfully request that the Court waive the requirement that the conference take place seven days prior to the filing of the motion.

[3] On March 5, 2020, the Ninth Circuit denied Defendants' motion to stay the preliminary injunction pending appeal and dissolved its prior administrative stay of the injunction.  The government's appeal of the preliminary injunction remains pending before the Ninth Circuit, and the preliminary injunction remains in effect. Separately, the United States District Court for the District of Columbia has vacated the Asylum Transit Ban. *See CAIR v. Trump,* 2020 WL 3542481 (D.D.C. June 30, 2020).

MEMORANDUM IN SUPPORT EX PARTE
                                               MOTION TO ENFORCE PI

soon as tonight without ever having made a credible fear determination based on the merits of her claim. Ex 1, Declaration of Rebecca Cassler ¶ 4 (Cassler Decl.).

## FACTS

Applicant, a Cameroonian national currently detained at the Prairieland detention facility in Alvarado, TX, meets the facial requirements for class membership and accordingly merits relief under the injunction.  Applicant added her name to the waiting list in Tijuana on June 5, 2019, and was issued #3295 on the waitlist.  *See* Cassler Decl. ¶ 3; Ex. 2, Declaration of Nicole Ramos ¶¶ 11, 17. She was subsequently inspected and processed on or around July 29, 2019. Cassler Decl., ¶ 3.  Applicant was deemed to be ineligible for asylum based on 8 CFR 208.13(c)(4) (i.e., the Asylum Transit Ban) and thus received a negative credible fear determination on October 23, 2019.  *Id*.  That determination was affirmed by an immigration judge on November 14, 2019.  *Id.*

On October 12, 2020, counsel for the government informed Plaintiffs' counsel that Applicant "received a screening interview from USCIS" to determine whether she was an AOL PI class member on March 25, 2020. Ex. 3, Declaration of Melissa Crow ¶ 7 (Crow Decl.).  Counsel for the government also indicated that Applicant "did not establish during her screening interview that she was subject to metering." *Id*., ¶ 9. Accordingly, the Government's position is that Applicant is not entitled to the protections of the preliminary injunction.

Applicant has indicated that the only additional "interview" she had with the Government occurred in March and did not include any questions regarding metering.  *See* Cassler Decl., ¶ 3.

## DEFENDANTS SHOULD BE ENJOINED FROM REMOVING APPLICANT TO CAMEROON

In light of the above, it is clear that Applicant was subject to the Government's metering policy prior to July 16, 2019 and is entitled to the protections of the preliminary injunction.  It is also clear that—at least in this

1   instance—the Government's screening process to identify AOL PI class members
2   failed.   Plaintiffs' counsel has provided the Government with evidence of
3   Applicant's having been on the Tijuana waitlist prior to July 16, 2019, Crow Decl.
4   ¶ 4 , but the Government has not indicated that it would halt Applicant's removal.

5         Accordingly, in order to prevent a violation of this court's prior order,
6   Plaintiffs request an emergency order temporarily enjoining Applicant's removal
7   until Defendants provide proof that Applicant has received a credible fear
8   determination on the merits of her case. *See Armstrong v. Brown*, 857 F. Supp.
9   2d 919, 950-51 (N.D. Cal. 2012) (granting motion to enforce injunction where
10  plaintiffs "submitted additional evidence of ongoing harm to class members" that
11  constituted "prima facie evidence that class members continued to suffer harm as
12  Defendants delay their compliance with the Court's order").

13                              **CONCLUSION**

14        For the reasons set forth above, Plaintiffs request that the Court grant the
15  instant motion.

16

17  Dated: October 12, 2020                    MAYER BROWN LLP
18                                               Matthew H. Marmolejo
                                                 Ori Lev
19                                               Stephen M. Medlock

20                                             SOUTHERN POVERTY LAW
21                                             CENTER
                                                 Melissa Crow
22                                               Sarah Rich
23                                               Rebecca Cassler

24                                             CENTER FOR CONSTITUTIONAL
25                                             RIGHTS
                                                 Baher Azmy
26                                               Ghita Schwarz
                                                 Angelo Guisado
27

28                                             AMERICAN IMMIGRATION

MEMORANDUM IN SUPPORT EX PARTE
                                             MOTION TO ENFORCE PI

COUNCIL
Karolina Walters

By: */s/ Ori Lev*
Ori Lev

*Attorneys for Plaintiffs*

1

## **CERTIFICATE OF SERVICE**

2      I HEREBY CERTIFY that on October 12, 2020 a copy of the foregoing joint

3   status conference statement was served on all counsel of record via CM/ECF.

4                    *s/Ori Lev*
                    Ori Lev
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28