MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  mmarmolejo@mayerbrown.com
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  olev@mayerbrown.com
  Stephen M. Medlock (VA Bar No. 78819)
  smedlock@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  melissa.crow@splcenter.org
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>　　　　　Defendants. | Case No.: 17-cv-02366-BAS-KSC<br><br>**SUPPLEMENTAL DECLARATION OF MELISSA CROW IN SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION AND TEMPORARILY ENJOIN REMOVAL OF PRELIMINARY INJUNCTION CLASS MEMBER** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

## DECLARATION OF MELISSA CROW

I, Melissa Crow, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney with the Southern Poverty Law Center and counsel for the Plaintiffs in this case.

2. This declaration supplements my declaration that was filed on October 12, 2020, in support of Plaintiffs' *Ex Parte* Emergency Motion to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member ("Emergency Motion") and provides further details regarding plaintiffs' counsel's efforts to confer with counsel for the government regarding the substance of the Emergency Motion.

3. As recounted in my prior declaration, counsel for the parties exchanged email messages during the afternoon and evening of October 12, 2020, concerning the substance of Plaintiffs' Emergency Motion.

4. Because October 12, 2020 was a federal holiday and due to the urgent nature of the relief requested, I was unable to reach Defendants' counsel by phone. The parties were not able to meet and confer in person due to the COVID-19 pandemic.

<u>Previously recounted communications</u>

5. In my email of 1:30 pm[2] on October 12, 2020, I informed Alexander Halaska and Katherine Shinners, both of whom represent the government in this case, that counsel for Plaintiffs in this case had learned that the Applicant (identified in prior filings under seal), who is currently detained at the Prairieland detention facility in Alvarado, Texas, is scheduled for imminent deportation to Cameroon. I also noted that the Applicant fears that she will be killed if forced to return to Cameroon.

6. My email indicated that the Applicant was metered at the San Ysidro

---

[2] All times set forth herein are Eastern time.

port of entry on June 4, 2019, and inspected and processed on July 29, 2019. I attached a declaration from Nicole Ramos, the director of Al Otro Lado's Border Rights Project, indicating that the Applicant was #3295 on the San Ysidro waitlist and attaching a photo of the page of the waitlist that includes the Applicant's name.

7. My email stated further that the Applicant was deemed to be ineligible for asylum based on 8 CFR § 208.13(c)(4) and thus received a negative credible fear determination on October 23, 2019, which was affirmed by the immigration judge on November 14, 2019.

8. Based on Plaintiffs' counsel's understanding that the Applicant had not received an Al Otro Lado screening, as required by Defendants' guidance regarding the implementation of the November 19, 2019 preliminary injunction in this case, I requested that DHS take immediate action to stay the Applicant's impending deportation until they provide evidence that she has received the required screening and a subsequent credible fear determination on the merits of her case.

9. At 4:55 pm on October 12, 2020, Mr. Halaska responded that the Applicant "received a screening interview from USCIS on March 25, 2020."

10. At 5:10 pm on October 12, 2020, I sent Mr. Halaska a follow up email asking if USCIS had determined that the Applicant is an Al Otro Lado class member and, if so, whether she received a subsequent credible fear determination based on the merits of her case. I requested a response as soon as possible, along with any available documentation.

11. At 6:19 pm on October 12, 2020, Mr. Halaska responded that the Applicant "did not establish during her screening interview that she was subject to metering."

Additional Communications

12. At 6:33 pm on October 12, 2020, I sent Mr. Halaska an email asking if DHS would agree to stay the Applicant's removal given that Plaintiffs had now provided evidence that she was on the San Ysidro metering list.

13. At 7:10 pm on October 12, 2020, my co-counsel, Ori Lev, emailed Mr. Halaska to inform him that, in light of the evidence that the Applicant was on the metering wait list prior to July 16, 2019, Plaintiffs consider her removal prior to her having a credible fear determination on the merits of her claim to be a violation of the preliminary injunction in this case. Mr. Lev copied me on his email.

14. At 8:33 pm on October 12, 2020, Ms. Shinners responded that she and Mr. Halaska were unlikely to be able to provide DHS's position on a voluntary stay before the morning of October 13, 2020.

15. At 8:40 pm on October 12, 2020, Mr. Lev indicated that, in light of Ms. Shinners' response, Plaintiffs would soon be filing an emergency motion to enjoin the Applicant's removal. Mr. Lev copied me on his email.

16. At 8:55 pm on October 12, 2020, Ms. Shinners asked if Mr. Lev could clarify the precise relief Plaintiffs were seeking in the ex parte application.

17. At 8:51 pm on October 12, 2020, Mr. Lev responded that Plaintiffs were seeking to stay the Applicant's removal pending her having a credible fear determination on the merits (i.e. without the Asylum Transit Ban being applied), as required by the preliminary injunction. Mr. Lev copied me on his email.

18. At 8:53 pm on October 12, 2020, Ms. Shinners asked Mr. Lev and me if Plaintiffs had produced an authenticated or other version of the waitlist referenced in Nicole Ramos's declaration to Defendants.

19. Plaintiffs filed their Emergency Motion to enjoin the Applicant's removal via ECF at 9:44 pm on October 12, 2020, and forwarded unredacted versions of the documents filed under seal to Defendants' counsel at 9:57 pm.

20. At 9:59 pm on October 12, 2020, Ms. Shinners informed Plaintiffs' counsel that she intended to notify Judge Bashant's chambers that Defendants would oppose Plaintiffs' motion.

21. At 10:00 pm on October 12, 2020, Mr. Lev sent Ms. Shinners an email indicating, in response to her email sent at 8:53 pm, that a copy of the waitlist was

attached as an exhibit to the Ramos declaration. Mr. Lev copied me on his email.

22. At 10:15 am on October 13, 2020, Mr. Lev sent Ms. Shinners an email following up on Ms. Shinners' email from 8:33 pm the night before, asking whether DHS has agreed to stay the Applicant's removal pending a credible fear determination on the merits of her case. Mr. Lev also requested to meet and confer with Defendants' counsel today to further discuss Plaintiffs' pending Emergency Motion. Mr. Lev copied me on his email.

23. At 11:54 am on October 13, 2020, Ms. Shinners responded that Defendants' counsel did not yet have DHS's position on a voluntary stay of removal.

I declare under penalty of perjury under the laws of the United States of America that the proceeding declaration is true and correct.

Executed on this 13th day of October 2020 at North Potomac, Maryland.

*/s/ Melissa Crow*

Melissa Crow