# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, Acting Secretary of Homeland Security, *et al.*,<br><br>   Defendants. | Case No. 17-cv-02366-BAS-KSC<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE EMERGENCY MOTION AND SETTING MATTER FOR FURTHER BRIEFING AND ORAL ARGUMENT**<br><br>**(ECF No. 574)** |

On October 12, 2020, Plaintiffs filed an Ex Parte Emergency Motion to Enforce Preliminary Injunction and Temporarily Enjoin the Removal of a Preliminary Injunction Class Member ("Ex Parte Motion" or "Motion"). (ECF No. 574.) The Court construes this as a Request for Temporary Restraining Order ("TRO") under Federal Rule of Civil Procedure 65(b). Plaintiffs seek to enjoin the Government from removing a Cameroonian national ("Applicant")[1] from the United States on the basis that Applicant is a member of the class subject to this Court's Preliminary Injunction (ECF No. 330) and is therefore entitled to a credible fear determination based on the merits of her claim. (Mem. of P. &

---

[1] Plaintiffs have also filed an unopposed Motion to Seal seeking to conceal the personally identifying information of the Applicant in the Ex Parte Motion. (ECF No. 572.) The Court finds compelling reasons to seal this information and **GRANTS** the Motion to Seal.

- 1 -

17cv2366

A. in supp. of Mot. ("Mem. of P. & A.") at 3–4, ECF No. 574-1.)  For the reasons stated below, the Court **GRANTS** Plaintiff's Ex Parte Motion until the hearing set forth below.

## I. BACKGROUND

Applicant is a Cameroonian national currently detained at the Prairieland detention facility in Alvarado, Texas.  (Mem of P. & A. at 4.)  Plaintiffs allege that Applicant added her name to a waitlist[2] in Tijuana, Mexico, on or around June 5, 2019 and subsequently entered the United States and was inspected at the San Ysidro port of entry on or around July 29, 2019.  (Decl. of Rebecca M. Cassler ¶ 3a–b ("Cassler Decl."), Ex. 1 to Mot., ECF No. 574-2; Ramos Decl. ¶¶ 10–11.)  She was ultimately deemed ineligible for asylum based on 8 C.F.R. 208.13(c)(4)—also known as the Asylum Transit Rule or the Asylum Ban—and received a negative credible fear determination on that basis on October 23, 2019.  (Cassler Decl. ¶ 3b.)  An immigration judge affirmed that determination on November 14, 2019.  (*Id.* ¶ 3c.)

This Court granted Plaintiffs' Motion for Class Certification and Motion for Preliminary Injunction on November 19, 2019.  (ECF No. 330.)[3]  According to Plaintiffs, the Government's position is that Applicant "received a screening interview from USCIS" to determine whether she was a class member on March 25, 2020, but "did not establish during her screening interview that she was subject to metering."  (Decl. of Melissa Crow ¶¶ 7–9, Ex. 3 to Mot., ECF No. 574-4.)  Applicant contests this, claiming that the one additional interview she had with the Government in March did not include any questions about metering.  (Cassler Decl. ¶ 3d–e.)

Plaintiffs represent that Applicant's removal to Cameroon was scheduled to take place as early as midnight central time on October 13, 2020.  (Cassler Decl. ¶ 4.)  For this

---

[2] Plaintiffs have attached to their Motion a copy of a waitlist bearing Applicant's name.  (*See* Decl. of Nicole Ramos ("Ramos Decl.") ¶ 17, Ex. 2 to Mot., ECF No. 574-3.)

[3] The Court enjoined Defendants from applying the Asylum Ban to a provisional class and required them "to return to the pre-Asylum Ban practices for processing the asylum applications" of class members.  (*Id.* at 36.)  The class consisted of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process."  (*Id.*)

reason, Plaintiffs request an emergency order temporarily enjoining Applicant's removal until Defendants provide proof that Applicant has received a credible fear determination on the merits of her case. (Mem. of P. & A. at 3.) Plaintiffs have separately filed a Notice of the Parties' Continued Conferral Efforts regarding this Ex Parte Motion, stating that they have communicated via email with Defendants' counsel regarding the substance of the motion and understand that Defendants plan to file an opposition. (ECF No. 575; Supp. Decl. of Melissa Crow, ¶¶ 13–23, ECF No. 575-1.) Further, according to Plaintiffs, Defendants' counsel "do not yet have Defendants' position on a voluntary stay of removal." (*Id.* ¶¶ 14, 23.)

## II. LEGAL STANDARD

The standards for a TRO and preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Am. Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 21 (2008)). A TRO's "underlying purpose [is to] preserv[e] the status quo and prevent[] irreparable harm" until a preliminary injunction can be held. *See Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).

Under Federal Rule of Civil Procedure 65(b), a court may grant a TRO:

> without written or oral notice to the adverse party . . . only if (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

These stringent requirements are imposed because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc.*, 415 U.S.

at 439. When granting a TRO without an opportunity for the opposing party to respond, the court can consider whether time is a pressing factor, as well as craft an order with a narrow scope and limited duration to justify the lack of notice. *Cf. Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984) (finding time was not pressing and, thus, a TRO without notice was not necessary); *see In the Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979) (stating that petitioner's justification was sufficient to support an order "narrow in scope and brief in its duration").

## III. DISCUSSION

The Court grants Plaintiffs' Motion without hearing formal oral or written opposition from Defendants. The Court finds that this is necessary given the pressing time factor because there is evidence that Applicant is indeed a class member and that the Government nevertheless intends to deport Applicant on or after October 13, 2020. If the Motion is not granted, Applicant will be irreparably harmed. Further, Plaintiffs have sufficiently demonstrated in writing the efforts made to give notice to the Government; indeed, given its intention to oppose, it appears the Government has notice of this Motion.

Further, the Court enforces this TRO only until the hearing on the Motion, which is set for the following week, by which time Defendants will have an opportunity to object both in writing and in person. *See Granny Goose Foods, Inc.*, 415 U.S. at 438–39 ("[U]nder federal law [ex parte TROs] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.").

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Seal (ECF No. 572) and Ex Parte Motion (ECF No. 574). **IT IS HEREBY ORDERED** that the Government is temporarily restrained and enjoined from relocating Applicant outside the United States pending the Court's consideration of the issues in this action. This Order extends to Defendants and any other federal officials and personnel involved in the removal process.

**IT IS FURTHER ORDERED** that the Government shall file an Opposition to the Ex Parte Motion by **October 16, 2020**. A hearing on the issues raised in the Motion is set for **Monday, October 19, 2020** at **11:30 a.m.** in **Courtroom 4B**. This Order shall remain in effect until this date.

**IT IS SO ORDERED.**

DATED: October 13, 2020

Hon. Cynthia Bashant
United States District Judge