MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  mmarmolejo@mayerbrown.com
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  olev@mayerbrown.com
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  smedlock@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  melissa.crow@splcenter.org
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION AND OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |
| | Hearing Date: December 7, 2020 |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

738463614.2

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857


AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

738463614.2

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file under seal limited portions of their Reply Memorandum of Points and Authorities In Support of Their Motion to Exclude Expert Testimony, Plaintiffs' Opposition to Defendants' Cross-Motion For Summary Judgment, and the exhibits attached to both motions, in order to protect sensitive law enforcement information contained in those documents from public disclosure.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, the documents attached to Plaintiffs' Opposition to Defendants' Cross-Motion For Summary Judgment consist of:

1) Reply Exhibit 1, exhibit 34 to the deposition of Todd C. Owen, portions of which Defendants have designated as Confidential under the Court's Protective Order;

2) Reply Exhibit 2, a document bates stamped AOL-DEF-00014724, portions of which Defendants have designated Confidential under the Court's Protective Order;

3) Reply Exhibit 3, a document bates stamped AOL-DEF-00014779, portions of which Defendants have designated Confidential under the Court's Protective Order;

4) Reply Exhibit 4, a document bates stamped AOL-DEF-00014822, portions of which Defendants have designated Confidential under the Court's Protective Order;

5) Reply Exhibit 5, exhibit 84 to the deposition of Randy Howe, portions of which Defendants have designated as Confidential under the Court's Protective Order;

6) Op. Ex. 1, the transcript to the November 21, 2019 deposition of the whistleblower, portions of which Defendants have designated Confidential

under the Court's Protective Order;

7) Op. Ex. 3, the transcript of the June 12, 2020 deposition of David Atkinson, portions of which Defendants have designated as Confidential under the Court's Protective Order;

8) Op. Ex. 7, Exhibit 209 to the May 28, 2020 deposition of Mariza Marin, which Defendants have designated Confidential under the Protective Order;

9) Op. Ex. 10, the transcript of the December 13, 2019 deposition of Todd Owen, portions of which Defendants have designated Confidential under the Court's Protective Order;

10) Op. Ex. 12, a document bates stamped AOL-DEF-00046740, portions of which Defendants have designated Confidential under the Court's Protective Order;

11) Op. Ex. 14, the transcript of the June 2, 2020 deposition of Rodney Harris, portions of which Defendants have designated Confidential under the Court's Protective Order;

12) Op. Ex. 17, the transcript of the May 28, 2020 deposition of Mariza Marin, portions of which have been designated Confidential under the Court's Protective Order;

13) Op. Ex. 20, the December 12, 2019 Expert Report of Stephanie Leutert, which Plaintiffs have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order;

14) Op. Ex. 21, Exhibit 200 to the May 28, 2020 Deposition of Mariza Marin, which Defendants have designated Confidential under the Court's Protective Order;

15) Op. Ex. 22, Exhibit 201 to the May 28, 2020 Deposition of Mariza Marin, which Defendants have designated Confidential under the Court's Protective Order;

16) Op. Ex. 23, Exhibit 202 to the May 28, 2020 Deposition of Mariza Marin, which Defendants have designated Confidential under the Court's Protective Order;

17) Op. Ex. 24, Exhibit 163 to the May 20, 2020 Deposition of Samuel Cleaves, which Defendants have designated Confidential under the Court's Protective Order;

18) Op. Ex. 25, Exhibit 231 to the June 2, 2020 Deposition of Rodney Harris, which Defendants have designated Confidential under the Court's Protective Order;

19) Op. Ex. 28, a document bates stamped AOL-DEF-00094256, which Defendants have designated Confidential under the Court's Protective Order;

20) Op. Ex. 30, a document bates stamped AOL-DEF-00011011, which Defendants have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order;

21) Op. Ex. 93, a document bates stamped AOL-DEF-00074316, which Defendants have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order;

22) Op. Ex. 94, a document bates stamped AOL-DEF-00095574, which Defendants have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order;

23) Op. Ex. 95, a document bates stamped AOL-DEF-00277294, which Defendants have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order;

24) Op. Ex. 96, a document bates stamped AOL-DEF-00288009, which Defendants have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order;

25) Op. Ex. 97, a document bates stamped AOL-DEF-00288011, which Defendants have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order;

26) Op. Ex. 98, Ex. 39 to the December 13, 2019 deposition of Todd Owen, which Defendants have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order;

27) Op. Ex. 100, transcript for the June 18, 2020 deposition of Frank Longoria, which Defendants have designated Confidential under the Court's Protective Order;

28) Op. Ex. 104, Exhibit 234 to the June 2, 2020 deposition of Rodney Harris, which Defendants have designated Confidential under the Court's Protective Order;

29) Op. Ex. 105, a document bates stamped AOL-DEF-00039597, which Defendants have designated Confidential under the Court's Protective Order;

30) Op. Ex. 117, a document bates stamped AOL-DEF-00038620, which Defendants have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order;

31) Op. Ex. 118, the transcript to the August 13, 2020 deposition of Joseph Eaton, which Defendants have designated Confidential under this Court's Protective Order.

Defendants designated many of these documents as "Confidential" or "Attorneys' Eyes Only" under the Protective Order.[2] Moreover, the referenced deposition testimony contains detailed information concerning the operations of ports

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

4   MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

738463614.2

of entry on the U.S.-Mexico border that is not publicly known. As a consequence, the parties also seek to seal limited portions of Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion to Exclude Expert Testimony, Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Cross-Motion for Summary Judgment, and the exhibits thereto that reference, discuss, and consist of these documents.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet that burden depend upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is related to the merits of the case, a party must offer "compelling reasons" to seal particular information. *Id.* at 1096-98.

Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing records exist when such 'court files might . . . become the vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. Therefore, the party seeking to seal documents must "make a particularized showing . . . supported

by specific factual findings that outweigh the important public policies favoring disclosure of the document." *Unknown Parties v. Johnson*, 2016 WL 8199309, at *4 (D. Ariz. 2016) (citation omitted). Thus, "blanket claims of privacy or law enforcement [need] are insufficient." *Al Otro Lado, Inc. v. Wolf*, 2020 U.S. Dist. LEXIS 141152, at *10 (S.D. Cal. 2020).

Here, the documents that Plaintiffs seek to file under seal would reveal confidential and sensitive information concerning how U.S. Customs and Border Protection ("CBP") deploys resources and its procedures for inspecting, processing, and detaining asylum seekers. Further, the documents contain categories of information that the Court has already rule should be sealed, such as "the times and frequencies of meetings," "internal memos and communications with the Government of Mexico," a "[w]histleblower['s] name and other identifying information," and "information related to port capacity." *Al Otro Lado*, 2020 U.S. Dist. LEXIS 141152, at *12-21. Accordingly, Plaintiffs move to seal these materials.[3]

Plaintiffs have conferred with the Government, and understand that the Government does not oppose this motion. In an effort to obviate the need for this Court to conduct a similar redaction exercise as in Dkt. 510, the parties will meet and confer about proposed redactions to these materials.

Therefore, Plaintiffs request that the Court grant this unopposed motion to seal limited portions of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Their Motion to Exclude Expert Testimony, Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Cross-Motion for Summary Judgment, and the exhibits thereto that reference, discuss, and consist of these documents.

---

[3] Where the Court has already ruled on which portions of a document or deposition transcript should be sealed, Plaintiffs have complied with that Order.

6   MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

738463614.2

Dated: October 16, 2020

    MAYER BROWN LLP
      Matthew H. Marmolejo
      Ori Lev
      Stephen M. Medlock

    SOUTHERN POVERTY LAW CENTER
      Melissa Crow
      Sarah Rich
      Rebecca Cassler

    CENTER FOR CONSTITUTIONAL RIGHTS
      Baher Azmy
      Ghita Schwarz
      Angelo Guisado

    AMERICAN IMMIGRATION COUNCIL
      Karolina Walters

By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*

738463614.2

7   MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

## CERTIFICATE OF SERVICE

I certify that on October 16, 2020, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*