JEFFREY BOSSERT CLARK
Acting Assistant Attorney General,
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL PORTIONS OF THEIR OPPOSITION TO PLAINTIFFS' *EX PARTE* EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION AND TEMPORARILY ENJOIN REMOVAL OF PRELIMINARY INJUNCTION CLASS MEMBER** |
| CHAD F. WOLF, Acting Secretary of Homeland Security, *et al.*, in their official capacities, | |
| *Defendants*. | |

Defendants respectfully move this Court, without opposition, to seal portions of their Opposition to Plaintiffs' *Ex Parte* Emergency Motion to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member. Specifically, Defendants seek to seal the following documents that contain protected information pertaining to Applicant[1]:

- Ex. 1-A: Notes from U.S. Citizenship and Immigration Services' (USCIS) credible-fear interview with Applicant on August 30, 2019;
- Ex. 1-B: Notes from USCIS's credible-fear interview with Applicant on October 23, 2019;
- Ex. 1-C: Form I-870, Record of Determination/Credible Fear Worksheet, relating to Applicant;
- Ex. 1-D: Form I-869A, Record of Negative Credible/Reasonable Fear Finding and Request for Review by Immigration Judge for Aliens Barred from Asylum Pursuant to 8 CFR 208.13(c)(4), relating to Applicant;
- Ex. 1-E: Form I-863, Notice of Referral to Immigration Judge, relating to Applicant;
- Ex. 1-F: "Request/Motion for Reconsideration of Negative Reasonable Fear Finding," dated December 23, 2019;
- Ex. 1-G: Letter from USCIS to Applicant's Counsel, dated January 14, 2019;
- Ex. 1-H: Notes from USCIS's *Al Otro Lado* screening interview with Applicant on March 19, 2020;
- Ex. 1-I: Notes from USCIS's *Al Otro Lado* screening interview with Applicant on March 25, 2020;
- Ex. 2-A: Applicant's Motion to Reopen and Grant a Credible Fear Interview, dated August 24, 2020;

---

[1] "Applicant" refers to the individual who is the subject of Plaintiffs' *Ex Parte* Motion. This Court held that there are compelling reasons to seal Applicant's true identity from public filings. *See* Order 1 n.1 (ECF No. 576).

- Ex. 2-B: Notice of Rejected Filing, dated September 8, 2020; and
- Portions of Defendants' Opposition brief that rely on these materials or that reveal Applicant's identity or personal identifying information.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet that burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is related to the merits of the case, a party must offer "compelling reasons" to seal particular information. *Id.* at 1096–98. Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing records exist when such 'court files might ... become the vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. Therefore, the party seeking to seal documents must "make a particularized showing ... supported by specific factual findings that outweigh the important public policies favoring disclosure of the document." *Unknown Parties v. Johnson*, 2016 WL 8199309, at *4 (D. Ariz. 2016) (citation omitted).

1  Here, the documents that Defendants seek to file under seal would reveal con-
2  fidential and personally-identifying information of an alien who sought asylum in
3  the United States, including sensitive and confidential details about the basis for her
4  asylum claim, which is protected from disclosure under 8 C.F.R. §§ 208.6 and
5  1208.6. Further, the identifying information or the information underlying the asy-
6  lum claim has no bearing on the merits of the action. *Gonzalez v. Barr*, No. 18-cv-
7  01869, 2020 WL 3402227, at *10 (N.D. Cal. June 19, 2020) ("Compelling reasons
8  justify sealing that identifying information because the information has no bearing
9  on the merits of this action, and the public's interest in the identities of class members
10 is minimal to non-existent and outweighed by the risk of harm to those individuals
11 given that many are seeking asylum."). Accordingly, Defendants move to seal these
12 materials.[2]

13 The parties have conferred, and Plaintiffs do not oppose this motion. There-
14 fore, Defendants request that the Court grant this unopposed motion to seal.

---

[2] Defendants move to seal the Exhibits in their entirety because this motion has been briefed on an expedited timeline, without sufficient time to confer with Plaintiffs' counsel regarding narrower redactions. Defendants would provide narrower redactions should the Court determine that the exhibits do not merit sealing in their entirety.

3    MEM. IN SUPPORT OF DEFS.'
MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

| | |
|---|---|
| DATED: October 16, 2020 | Respectfully submitted,<br><br>JEFFREY BOSSERT CLARK<br>Acting Deputy Assistant Attorney General<br>Civil Division<br><br>WILLIAM C. PEACHEY<br>Director<br><br>KATHERINE J. SHINNERS<br>Senior Litigation Counsel<br><br>*/s/ Alexander J. Halaska*<br>ALEXANDER J. HALASKA<br>Trial Attorney<br>United States Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 307-8704 | Fax: (202) 305-7000<br>alexander.j.halaska@usdoj.gov<br><br>*Counsel for Defendants* |