MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Chad F. Wolf,[1] *et al.*, <br><br> Defendants. | Case No.:  17-cv-02366-BAS-KSC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO SEAL PORTIONS OF NOTICE OF ADDITIONAL EXHIBITS IN SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION AND TEMPORARILY ENJOIN REMOVAL OF PRELIMINARY INJUNCTION CLASS MEMBER** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

738493449.2

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857


AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Pursuant to Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file limited portions of their Notice of Additional Exhibits in Support of Plaintiffs' *Ex Parte* Emergency Motion to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member ("Notice") and accompanying declarations under seal, in order to protect confidential and personally identifying information contained in those documents from public disclosure.

As is explained in more detail in the accompanying Declaration of Ori Lev, the references that Plaintiffs move to seal occur in the Notice and the accompanying Declarations of the Applicant and of Applicant's immigration attorney, Shoshana Kushner, namely:

1) In the Notice—excerpts from the screening interview of the Applicant conducted by the Government, previously filed under seal by Defendants at ECF 587-1, and a parenthetical referencing the attachment to Shoshana Kushner's Declaration (discussed at point 3 below);

2) In the Applicant's Declaration—the Applicant's name and the summary of facts regarding her experience in her home country found in paragraph 4 of her Declaration; and

3) In Shoshana Kushner's Declaration—the attachment, which consists of a version of Form I-870 from U.S. Immigration and Customs Enforcement's records pertaining to the Applicant dated April 14, 2020, which was provided to Ms. Kushner in the course of her representation of the Applicant.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting

1   MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

738493449.2

point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet that burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is related to the merits of the case, a party must offer "compelling reasons" to seal particular information. *Id.* at 1096-98.

Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing records exist when such 'court files might . . . become the vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. Therefore, the party seeking to seal documents must "make a particularized showing . . . supported by specific factual findings that outweigh the important public policies favoring disclosure of the document." *Unknown Parties v. Johnson*, 2016 WL 8199309, at *4 (D. Ariz. 2016) (citation omitted). Thus, "blanket claims of privacy or law enforcement [need] are insufficient." *Al Otro Lado, Inc. v. Wolf*, 2020 U.S. Dist. LEXIS 141152, at *10 (S.D. Cal. 2020).

Here, the portions of documents that Plaintiffs seek to file under seal would reveal confidential and personally-identifying information of a class member who is seeking asylum. The identifying information has no bearing on the merits of the action, and the proposed redactions are narrowly tailored to only the name of the Applicant and the circumstances that caused her to flee her home country. *Gonzalez*

*v. Barr*, No. 18-CV-01869-JSC, 2020 WL 3402227, at *10 (N.D. Cal. June 19, 2020) ("Compelling reasons justify sealing that identifying information because the information has no bearing on the merits of this action, and the public's interest in the identities of absent class members is minimal to non-exist and outweighed by the risk of harm to those individuals given that many are seeking asylum."). Accordingly, Plaintiffs move to seal these materials. In addition, Plaintiffs move to seal materials found in the Government's files concerning the Applicant. The Government has either labeled these materials as Highly Confidential under the Protective Order entered in this case (excerpts from ECF 587-1) or they reveal confidential information regarding the Applicant (attachment to Kushner Declaration).

    The parties have conferred and Defendants do not oppose this motion. Therefore, Plaintiffs request that the Court grant this unopposed motion to seal.

Dated: October 19, 2020

                                           MAYER BROWN LLP
                                              Matthew H. Marmolejo
                                              Ori Lev
                                              Stephen M. Medlock

                                           SOUTHERN POVERTY LAW CENTER
                                              Melissa Crow
                                              Sarah Rich
                                              Rebecca Cassler

                                           CENTER FOR CONSTITUTIONAL RIGHTS
                                              Baher Azmy
                                              Ghita Schwarz
                                              Angelo Guisado

                                           AMERICAN IMMIGRATION COUNCIL
                                              Karolina Walters

                                           By: */s/ Ori Lev*
                                              Ori Lev

                                           *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on October 19, 2020, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Ori Lev*

*Counsel for Plaintiffs*

4   MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

738493449.2