JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
ALEXANDER J. HALASKA (IL 6327002)
DHRUMAN Y. SAMPAT(NJ 270892018)
Trial Attorneys

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMOY AND MOTION FOR SUMMARY JUDGEMENT** |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

## **INTRODUCTION**

Defendants hereby respond in support of Plaintiffs' Motion to Seal Portions of their Motion to Exclude Expert Testimony ("Plaintiffs' MTE") and Motion for Summary Judgment ("Plaintiffs' MSJ"). ECF No. 532. The Exhibits attached to Plaintiffs' MTE and MSJ (ECF Nos. 535-536) contain sensitive material that should be protected from public disclosure. For the reasons discussed in Plaintiffs' Motion to Seal and this Response in Support, Defendants join Plaintiffs' request to redact and seal all or portions of Exhibits 2-3, 6-8, 10, 15-16, 18-20, 22-24, 26-27, and 29 to Plaintiffs' MTE and Exhibits 1, 3-11, 13-14, 16-17, 20, 25-50, 52-62, 64-72, 74-75, 80-81, 84-97, 99-102, 104-112, 115, 117-120 to Plaintiffs' MSJ.

First, Defendants submit additional argument and facts supporting the sealing of the following documents attached to Plaintiffs' MTE, and any portions of the parties' briefing that discuss or rely on them:

1)    Portions of the transcript of the deposition of David Atkinson, at Plaintiffs' MTE Exhibit 2, as set forth in the page:line designations attached hereto in Appendix 1;

2)    Portions of the transcript of the deposition of Frank Longoria, at Plaintiffs' MTE Exhibit 3, as set forth in Appendix 1;

3)    Portions of the transcript of the deposition of Mariza Marin, at Plaintiffs' MTE Exhibit 6, as set forth in Appendix 1;

4)    Portions of the transcript of the deposition of Samuel Cleaves, at Plaintiffs' MTE Exhibit 7, as set forth in Appendix 1;

5)    Portions of the transcript of the deposition of Rodney Harris, at Plaintiffs' MTE Exhibit 8, as set forth in Appendix 1;

6)    Portions of the Expert Report of Stephanie Leutert dated December 10, 2019, at Plaintiffs' MTE Exhibit 10, as set forth in Appendix 2;

7)    Portions of Exhibit 231 to the deposition of Rodney Harris, at Plaintiffs' MTE Exhibit 15;

8)     Portions of the document bearing the Bates number AOL-DEF-00041453, at Plaintiffs' MTE Exhibit 16;

9)     Portions of the document bearing the Bates number AOL-DEF-01037408, at Plaintiffs' MTE Exhibit 18;

10)     Portions of the document bearing the Bates number AOL-DEF-00039597, at Plaintiffs' MTE Exhibit 19;

11)     Portions of Exhibit 27 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00762746, at Plaintiffs' MTE Exhibit 20;

12)     The entirety of the document bearing the Bates number AOL-DEF-00288009, at Plaintiffs' MTE Exhibit 22;

13)     Portions of the transcript of the deposition of the whistleblower, at Plaintiffs' MTE Exhibit 23, as set forth in the redacted version filed by Plaintiffs and in Appendix 1;

14)     Portions of the transcript of the deposition of Joseph Eaton, at Plaintiffs' MTE Exhibit 24, as set forth in Appendix 1;

15)     Portions of the document bearing the Bates number AOL-DEF-00038620, at Plaintiffs' MTE Exhibit 26;

16)     Portions of the document bearing the Bates number AOL-DEF-0001404, at Plaintiffs' MTE Exhibit 27;

17)     The entirety of the document bearing the Bates number AOL-DEF-0074316, at Plaintiffs' MTE Exhibit 29;

Second, Defendants submit additional argument and facts supporting documents attached to Plaintiffs' MSJ, and any portions of the parties' briefing that discuss or rely on them:

1)     Portions of the transcript of the deposition of the whistleblower, at Plaintiffs' MSJ Exhibit 1, as set forth in Appendix 1 and the redacted version filed by plaintiffs (same as MTE Exhibit 23);

2)     Portions of the transcript of the deposition of David Atkinson, at Plaintiffs'

2

1    MSJ Exhibit 3, as set forth in Appendix 1 (same as MTE Exhibit 2);

2    3)    Portions of the transcript of the deposition of Randy Howe, at Plaintiffs' MSJ

3    Exhibit 4, as set forth in Appendix 1;

4    4)    Portions of the document bearing the Bates number AOL-DEF-00210364, at

5    Plaintiffs' MSJ Exhibit 5;

6    5)    Portions of the document bearing the Bates number AOL-DEF-0035388, at

7    Plaintiffs' MSJ Exhibit 6;

8    6)    Portions of Exhibit 209 to the deposition of Mariza Marin which bears the

9    Bates number AOL-DEF-00069611, at Plaintiffs' MSJ Exhibit 7;

10    7)    Portions of the document bearing the Bates number AOL-DEF-00014041, at

11    Plaintiffs' MSJ Exhibit 8 (same as MTE Exhibit 27);

12    8)    Portions of the transcript of the deposition of Todd Hoffman, at Plaintiffs'

13    MSJ Exhibit 9, as set forth in Appendix 1;

14    9)    Portions of the transcript of the deposition of Todd Owen, at Plaintiffs' MSJ

15    Exhibit 10, as set forth in Appendix 1;

16    10)    Portions of the document bearing the Bates number AOL-DEF-00030298, at

17    Plaintiffs' MSJ Exhibit 11;

18    11)    Portions of Exhibit 35 to the deposition of Todd Owen, which bears the Bates

19    number AOL-DEF-00575507, at Plaintiffs' MSJ Exhibit 13;

20    12)    Portions of the transcript of the deposition of Rodney Harris, at Plaintiffs'

21    MSJ Exhibit 14, as set forth in Appendix 1 (same as MTE Exhibit 8);

22    13)    Portions of the transcript of the deposition of Michael Humphries, at Plain-

23    tiffs' MSJ Exhibit 16, as set forth in Appendix 1;

24    14)    Portions of the transcript of the deposition of Mariza Marin, at Plaintiffs' MSJ

25    Exhibit 17, as set forth in Appendix 1 (same as MTE Exhibit 6);

26    15)    Portions of the Expert Report of Stephanie Leutert, dated December 10, 2019,

27    at Plaintiffs' MSJ Exhibit 20, as set forth in Appendix 2 (same as MTE Exhibit

28    10);

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

16)     Portions of Exhibit 231 to the deposition of Rodney Harris, at Plaintiffs' MSJ
Exhibit 25 (same as MTE Exhibit 15);

17)     Portions of the document bearing the Bates number AOL-DEF-00030002, at
Plaintiffs' MSJ Exhibit 26;

18)     Portions of the document bearing the Bates number AOL-DEF-00023574, at
Plaintiffs' MSJ Exhibit 27;

19)     The entirety of the document bearing the Bates number AOL-DEF-00094256,
at Plaintiffs' MSJ Exhibit 28;

20)     Portions of the document bearing the Bates number AOL-DEF-000237660, at
Plaintiffs' MSJ Exhibit 29;

21)     The entirety of the document bearing the Bates number AOL-DEF-00011011,
at Plaintiffs' MSJ Exhibit 30;

22)     The entirety of the document bearing the Bates number AOL-DEF-00050864,
at Plaintiffs' MSJ Exhibit 31;

23)     The entirety of the document bearing the Bates number AOL-DEF-00056315,
at Plaintiffs' MSJ Exhibit 32;

24)     Portions of the document bearing the Bates number AOL-DEF-00031442, at
Plaintiffs' MSJ Exhibit 33;

25)     Portions of Exhibit 26 to the deposition of Todd Owen, which bears the Bates
number AOL-DEF-00761338, at Plaintiffs' MSJ Exhibit 34;

26)     Portions of the document bearing the Bates number AOL-DEF-00030271, at
Plaintiffs' MSJ Exhibit 35;

27)     Portions of the document bearing the Bates number AOL-DEF-00018639, at
Plaintiffs' MSJ Exhibit 36;

28)     Portions of the document bearing the Bates number AOL-DEF-00020023, at
Plaintiffs' MSJ Exhibit 37;

29)     Portions of the document bearing the Bates number AOL-DEF-00243099, at
Plaintiffs' MSJ Exhibit 38;

30) Portions of the document bearing the Bates number AOL-DEF-00034741, at Plaintiffs' MSJ Exhibit 39;

31) Portions of the document bearing the Bates number AOL-DEF-00063869, at Plaintiffs' MSJ Exhibit 40;

32) Portions of the document bearing the Bates number AOL-DEF-00067551, at Plaintiffs' MSJ Exhibit 41;

33) Portions of the document bearing the Bates number AOL-DEF-00243127, at Plaintiffs' MSJ Exhibit 42;

34) Portions of the document bearing the Bates number AOL-DEF-0030657, at Plaintiffs' MSJ Exhibit 43;

35) Portions of the document bearing the Bates number AOL-DEF-00321316, at Plaintiffs' MSJ Exhibit 44;

36) Portions of the document bearing the Bates number AOL-DEF-00741876, at Plaintiffs' MSJ Exhibit 45;

37) Portions of the document bearing the Bates number AOL-DEF-00321325, at Plaintiffs' MSJ Exhibit 46;

38) The entirety of the document bearing the Bates number AOL-DEF-00525116, at Plaintiffs' MSJ Exhibit 47;

39) Portions of Exhibit 279 to the deposition of Todd Hoffman, which bears the Bates number AOL-DEF-00090986, at Plaintiffs' MSJ Exhibit 48;

40) Portions of the document bearing the Bates number AOL-DEF-00023715, at Plaintiffs' MSJ Exhibit 49;

41) Portions of Exhibit 27 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00762746, at Plaintiffs' MSJ Exhibit 50;

42) Portions of the document bearing the Bates number AOL-DEF-00069150, at Plaintiffs' MSJ Exhibit 52;

43) Portions of Exhibit 29 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00761290, at Plaintiffs' MSJ Exhibit 53;

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

44) The entirety of Exhibit 322 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00802340, at Plaintiffs' MSJ Exhibit 54;

45) Portions of Exhibit 323 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00258173, at Plaintiffs' MSJ Exhibit 55;

46) Portions of a document bearing the Bates number AOL-DEF-00019314, at Plaintiffs' MSJ Exhibit 56;

47) The entirety of Exhibit 256 to the deposition of Todd Hoffman, which bears the Bates number AOL-DEF-00043575, at Plaintiffs' MSJ Exhibit 57;

48) Portions of the document bearing the Bates number AOL-DEF-00258210, at Plaintiffs' MSJ Exhibit 58;

49) Portions of the document bearing the Bates number AOL-DEF-00272845, at Plaintiffs' MSJ Exhibit 59;

50) Portions of the document bearing the Bates number AOL-DEF-00815228, at Plaintiffs' MSJ Exhibit 60;

51) Portions of the document bearing the Bates number AOL-DEF-00904527, at Plaintiffs' MSJ Exhibit 61;

52) Portions of the document bearing the Bates number AOL-DEF-00272790, at Plaintiffs' MSJ Exhibit 62;

53) Portions of the transcript of the deposition of Scott Glabe, at Plaintiffs' MSJ Exhibit 64, as set forth in Appendix 1;

54) Portions of Exhibit 327 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00272878, at Plaintiffs' MSJ Exhibit 65;

55) Portions of the document bearing the Bates number AOL-DEF-00314214, at Plaintiffs' MSJ Exhibit 66;

56) Portions of Exhibit 31 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00272936, at Plaintiffs' MSJ Exhibit 67;

57) Portions of Exhibit 328 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00353880, at Plaintiffs' MSJ Exhibit 68;

58)  Portions of Exhibit 167 to the deposition of Samuel Cleaves, which bears the Bates number AOL-DEF-00272935, at Plaintiffs' MSJ Exhibit 69;

59)  Portions of the document bearing the Bates number AOL-DEF-0126662, at Plaintiffs' MSJ Exhibit 70;

60)  The entirety of Exhibit 166 to the deposition of Samuel Cleaves, which bears the Bates number AOL-DEF-01267496, at Plaintiffs' MSJ Exhibit 71;

61)  Portions of Exhibit 329 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00272938, at Plaintiffs' MSJ Exhibit 72;

62)  Portions of Exhibit 175 to the deposition of Samuel Cleaves, which bears the Bates number AOL-DEF-00799450, at Plaintiffs' MSJ Exhibit 74;

63)  Portions Exhibit 171 to the deposition of Samuel Cleaves, which bears the Bates number AOL-DEF-00038270, at Plaintiffs' MSJ Exhibit 75;

64)  The entirety of the document bearing the Bates number AOL-DEF-00280783, at Plaintiffs' MSJ Exhibit 80;

65)  Portions of Exhibit 93 to the deposition of Randy Howe, which bears the Bates number AOL-DEF-00041777, at Plaintiffs' MSJ Exhibit 81;

66)  Portions of the document bearing the Bates number AOL-DEF-00010764, at Plaintiffs' MSJ Exhibit 84;

67)  Portions of the document bearing the Bates number AOL-DEF-00010718, at Plaintiffs' MSJ Exhibit 85;

68)  Portions of the document bearing the Bates number AOL-DEF-00010722, at Plaintiffs' MSJ Exhibit 86;

69)  Portions of Exhibit 336 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00048757, at Plaintiffs' MSJ Exhibit 87;

70)  Portions of Exhibit 335 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00047694, at Plaintiffs' MSJ Exhibit 88;

71)  The entirety of the document bearing the Bates number AOL-DEF-00041825, at Plaintiffs' MSJ Exhibit 89;

72)   The entirety of Exhibit 97 to the deposition of Randy Howe, which bears the Bates number AOL-DEF-00063246, at Plaintiffs' MSJ Exhibit 90;

73)   The entirety of Exhibit 207 to the deposition of Mariza Marin, which bears the Bates number AOL-DEF-00073676, at Plaintiffs' MSJ Exhibit 91;

74)   The entirety of Exhibit 208 to the deposition of Mariza Marin, which bears the Bates number AOL-DEF-00072964, at Plaintiffs' MSJ Exhibit 92;

75)   The entirety of the document bearing the Bates number AOL-DEF-00074316, at Plaintiffs' MSJ Exhibit 93;

76)   The entirety of the document bearing the Bates number AOL-DEF-00095574, at Plaintiffs' MSJ Exhibit 94;

77)   The entirety of the document bearing the Bates number AOL-DEF-00277294, at Plaintiffs' MSJ Exhibit 95;

78)   The entirety of the document bearing the Bates number AOL-DEF-00288009, at Plaintiffs' MSJ Exhibit 96;

79)   The entirety of the document bearing the Bates number AOL-DEF-00288011, at Plaintiffs' MSJ Exhibit 97;

80)   Portions of the document bearing the Bates number AOL-DEF-00812864, at Plaintiffs' MSJ Exhibit 99;

81)   Portions of the transcript of the deposition of Frank Longoria, at Plaintiffs' MSJ Exhibit 100, as set forth in Appendix 1 (same as MTE Exhibit 3);

82)   Portions of Exhibit 185 to the deposition of Mariza Marin, which bears the Bates number AOL-DEF-00749854, at Plaintiffs' MSJ Exhibit 101;

83)   Portions of the transcript of the deposition of Samuel Cleaves, at Plaintiffs' MSJ Exhibit 102, as set forth in Appendix 1 (same as MTE Exhibit 7);

84)   Portions of Exhibit 234 to the deposition of Rodney Harris, which bears the Bates number AOL-DEF-01037408, at Plaintiffs' MSJ Exhibit 104;

85)   Portions of the document bearing the Bates number AOL-DEF-00039597, at Plaintiffs' MSJ Exhibit 105;

86)    Portions of Exhibit 33 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00081089, at Plaintiffs' MSJ Exhibit 106;

87)    Portions of Exhibit 47 to the deposition of Todd Owen, at Plaintiffs' MSJ Exhibit 107;

88)    Portions of the document bearing the Bates number AOL-DEF-00566881, at Plaintiffs' MSJ Exhibit 108;

89)    Portions of the document bearing the Bates number AOL-DEF-00028473, at Plaintiffs' MSJ Exhibit 109;

90)    Portions of the document bearing the Bates number AOL-DEF-00028469, at Plaintiffs' MSJ Exhibit 110;

91)    Portions of the document bearing the Bates number AOL-DEF-00050247, at Plaintiffs' MSJ Exhibit 111;

92)    Portions of the document bearing the Bates number AOL-DEF-00602802, at Plaintiffs' MSJ Exhibit 112;

93)    Portions of Plaintiffs' Consolidated Responses and Objections to First Set of Interrogatories, at Plaintiffs' MSJ Exhibit 115;

94)    Portions of the document bearing the Bates number AOL-DEF-00038620, at Plaintiffs' MSJ Exhibit 117;

95)    Portions of the transcript of the deposition of Joseph Eaton, at Plaintiffs' MSJ Exhibit 118, as set forth in Appendix 1 (same as MTE Exhibit 24);

96)    The entirety of the document bearing the Bates number AOL-DEF-00043545, at Plaintiffs' MSJ Exhibit 119; and

97)    Portions of Exhibit 272 to the deposition of Todd Hoffman, which bears the Bates number AOL-DEF-00560270, at Plaintiffs' MSJ Exhibit 120.[1]

---

[1] As is apparent from the list, Defendants maintain that many of the documents listed do not need to be filed entirely under seal, but could be filed with targeted redactions to cover the sensitive material contained therein. Defendants are ready to provide

As the Court largely determined in its August 6, 2020 Order (ECF No. 510) ("Sealing Order"), there are compelling reasons to seal the confidential information contained in these exhibits and testimony, as well as any portions of the parties' briefs that discuss or rely on them. The national security, diplomatic, and sensitive law enforcement information and communications which the parties are seeking to seal include information about operations of land ports of entry that would expose vulnerabilities of those ports and threaten their integrity and security. Public release of such information would also have a chilling effect on open communications within the government and with foreign governments, and would further compromise the ports' operations and expose ports to higher risk of criminal activity—such as drug and weapons trafficking—which in turn would threaten the public health and safety of the United States. These documents also contain private or sensitive information concerning witnesses to law enforcement investigations, employees, and individual travelers that, if disclosed, would compromise their privacy interests and potentially threaten their own safety or the security of the agency; communications with foreign governments that, if disclosed, would chill international cooperation; and internal operational and deliberative communications, disclosure of which would chill frank discussions that are crucial to agency operations, decisionmaking, and foreign relations.

## **ARGUMENT**

While the parties acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Defendants agree with Plaintiffs that Exhibits 2-3, 6-8, 10, 15-16, 18-20, 22-24, 26-27, and 29 to Plaintiffs'

---

redacted versions in line with their arguments for sealing as outlined below, at the Court's request.

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

MTE and Exhibits 1, 3-11, 13-14, 16-17, 20, 25-50, 52-62, 64-72, 74-75, 80-81, 84-97, 99-102, 104-112, 115, 117-120 to Plaintiffs' MSJ should be filed either partially or entirely under seal.

The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Thus, when the documents to be protected are "more than tangentially related to the merits," parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety*, 809 F.3d 1092, 1096–98); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). Compelling reasons include "when [] 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In certain circumstances, courts have allowed the *government* to file under seal material that contains confidential and sensitive government information that might endanger or undermine law enforcement's activities . . . where the government identifies the particular harm that may result from the specific disclosure." *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015) (internal citations omitted; emphasis in original); *see Hesterberg v. United States*, No. C-13-01265 JSC, 2013 WL 6057068, at *2 (N.D. Cal. Nov. 15, 2013) (finding compelling reasons to seal portions of documents that could "empower criminal suspects who come in contact with . . . officers because they will be able to predict the officer's actions."). As shown below, Defendants' request to file law enforcement sensitive materials under seal satisfies the "compelling reasons" standard. Defendants have provided specific

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

information regarding the harm that could occur if the information were to be disclosed. *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *1 (N.D. Cal. Mar. 14, 2019). The public interest in the information at issue is far outweighed by the interest in confidentiality.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

### A. This Court Should Seal the Documents Attached to Plaintiffs' Motion to Exclude Expert Testimony.

Compelling reasons support the request to seal the information contained in the above-listed Exhibits attached to Plaintiffs' MTE, and the portions of the parties' briefs that cite them.

*Law-Enforcement Sensitive Material Regarding CBP and Port Operations and Communications with Mexico.* The following Exhibits contain detailed information on port capacity, contingency plans, shifts and staffing, limit line positions, as well as information about communications with Mexican officials: MTE Exh. 2, the deposition testimony of David Atkinson; MTE Exh. 3, the deposition testimony of Frank Longoria; MTE Exh. 6, the deposition testimony of Mariza Marin; MTE Exh. 7, the deposition testimony of Samuel Cleaves; MTE Exh. 8, the deposition testimony of Rodney Harris; MTE Exh. 10, the Expert Report of Stephanie Leutert dated December 10, 2019; MTE Exh 15, Exhibit 231 to the Harris deposition; MTE Exh. 20, AOL-DEF-00762746; and MTE Exh. 26, AOL-DEF-00038620.

The public release of this sensitive law enforcement information would harm CBP's operations and impair cross-border security, for the reasons stated in the Court's prior Sealing Order (ECF 510), as well as the September 4, 2020 Declaration of Vernon Foret, Executive Director for Operations, Office of Field Operations (OFO) ("Foret Decl."), attached hereto as Exhibit A, and the February 12, 2020 Declaration of Randy Howe, former Executive Director for Operations, OFO ("Howe Decl."), attached hereto as Exhibit B. *See generally* Foret Decl.; Howe Decl. ¶¶ 8-12. This Court has already recognized that there are compelling reasons

12

to seal the type of information about port infrastructure, staffing, contingency planning, and information relating processing and detention capacity that is contained in the portions of these documents that Defendants propose to seal. *See* Sealing Order at 13, 17, 20.  Indeed, in its August 6 Sealing Order, this Court permitted "targeted redactions" of similar detailed information about the infrastructure and operations of specific ports of entry, "including specifics about its detention capacity and staffing." *See* Sealing Order at 14, 18-19 & Appendix A. The Court has also recognized that there are compelling reasons to seal communications with, or information shared by, the Government of Mexico.  Sealing Order at 5-6, 9, 10-11 ("The Court will also allow redactions related to communications from the Government of Mexico."). "All of this information should remain confidential, as disclosure to the public would stifle the free flow of information that is critical to maintaining a safe and secure border." *See* Foret Decl. ¶ 4. Disclosure of these communications may stifle the willingness of officials in the government of Mexico, or Mexico-based non-governmental organizations to share information with officials in CBP. *See* Foret Decl. ¶ 6.

For example, the Expert Report of Stephanie Leutert warrants partial sealing because it reveals information relating to capacity and staffing numbers as well as sensitive communications with Mexico. *See* Appendix 2. Similarly, the depositions of David Atkinson and others include testimony relating to communications with Mexican authorities and information obtained from the government of Mexico. MTE Exh. 2 at 146; *see also, e.g.*, MTE Exh. 3 at 104, 106-07, 109-10, 112-13, 115, 117-120, 122-28, 140; MTE Exh. 26 at 621.

Further, both the testimony of former Assistant Director of Field Operations Longoria and Deputy Assistant Director of Field Operations Harris include information about capacity and communications with Mexico, as well as specific details contained within the Laredo Field Office's Mass Migration Contingency Plan, including the maximum number of individuals that a particular port can process and

hold in a crisis situation and an assessment of potential operational vulnerabilities. Sealing Order at 20 (granting motion to seal the information contained in the Mass Migration Contingency Plan); *see also* Howe Decl. ¶¶ 18-22.

The testimony of these and other deponents also include sensitive information about limit line operations, staffing levels, steps taken to mitigate officer safety concerns or protect officer safety, and infrastructure (as contained in, for example, MTE Exh. 3 at 47-48, 50, 82, 88-89, and 136-37, or MTE Exh. 6, at 61-62), disclosure of which would "jeopardize officer safety and the safety of travelers approaching the limit line." Foret Decl. ¶ 22; *see also* Sealing Order at 13 (finding that similar information warranted sealing of prior exhibit), 14, 18-19 & Appendix A. As explained in the declaration of Rodney Harris (Harris Decl.), attached as Exhibit C hereto, the deposition transcripts of Mr. Harris and Mr. Longoria (MTE Exhibits 8 & 3) reveal particularly sensitive information about the presence or absence of security cameras at particular areas of particular ports of entry, the availability of radio or cell phone coverage, and other issues, that "reveal vulnerabilities about the ports of entry in the Laredo Field Office that can be used by hostile actors to harm operations and endanger the safety of CBP officers." Harris Decl. ¶¶ 4-5. Finally, the documents and transcripts also contain the type of specific capacity and processing information that this Court has already permitted sealing. *See* Sealing Order at 14, 17-19 & Appendix A; *see also, e.g.*, MTE Exh. 3 at 101-03, 181, 190, 193-94, 198-200, 209, 211-14, 216-18, 225-26, 238-42, 247, 258, 259-60, 262, 263-64; MTE Exh. 15 (total number of detainees column); and MTE Exh. 16 at 454. There thus exist compelling reasons to seal the identified portions of these documents.

***Governmental Policy Deliberations.*** The following Exhibits to Plaintiffs' MTE should be sealed in their entirety because they constitute internal deliberations regarding governmental decisions, which are protected from disclosure under the rationales underlying the deliberative process privilege:  MTE Exh. 22, AOL-DEF-

00288009; and MTE Exh. 29, AOL-DEF-00074316. Both of these documents are iterations of the email discussions that are subject to a privilege dispute pending before Judge Crawford. *See* ECF 521 (Joint Motion). Further, portions of the deposition testimony of Rodney Harris (MTE Exhibit 8) warrant sealing for similar reasons, because Mr. Harris inadvertently testified regarding the contents of predecisional legal advice. MTE Exh. 8 at 75, 80; *see also* Appendix 1.

The material at issue in these documents is protected from public disclosure because it recounts or reflects "deliberations comprising part of the process by which government decisions and policies are formulated." *Oceana Inc. v. Ross*, 2018 WL 5276297, at *2 (C.D. Cal. Aug. 20, 2018) (citing *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). Material is deliberative if it "would expose an agency's decisionmaking process in such a way to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its function." *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002). Ultimately, such information is protected from disclosure so as to "protect[] and encourage[] the agency's ability to have candid discussions." *California Native Plant Society v. EPA*, 251 F.R.D. 408, 411 (N.D. Cal. 2008). MTE Exh. 22 and Exh. 29 constitute communications reflecting the consideration of particular factors in an ongoing decisionmaking process regarding how to implement queue management, and are thus protected from disclosure under this rationale. Although Plaintiffs argue before Judge Crawford that the privilege should yield, they do not dispute that the documents are covered by the deliberative process privilege. *See* ECF No. 521 at 15-16. Indeed, Plaintiffs suggest in their briefing that a confidentiality designation provides sufficient protection for these documents. *Id.* at 16. Thus, although the deliberative process privilege is a qualified one, the documents must at least receive confidential treatment to protect against broader disclosure and resulting harm to governmental decisionmaking processes.

***Sensitive Employee and Witness Information.*** As permitted in the Court's

prior Sealing Order (ECF No. 510, at p. 21) the Court should also seal the employee email addresses and other personal information, as well as the names of subjects and witnesses to investigations contained in the following documents, the disclosure of which would raise genuine security concerns: MTE Exh. 16, AOL-DEF-00041453; MTE Exh. 18, AOL-DEF-01037408; MTE Exh. 19, AOL-DEF-00039597; MTE Exh. 20, AOL-DEF-00762746; MTE Exh. 26, AOL-DEF-00038620; and MTE Exh. 27, AOL-DEF-00014041.

As detailed in the February 11, 2020 Buckley Declaration ("Buckley Decl."), the Director of Security and Technology Division at CBP, which is attached hereto as Exhibit D, There are genuine security concerns regarding the disclosure of CBP employees' email addresses, including "significant cyber security threats to both the individual employee and CBP as a whole." Buckley Decl. ¶¶ 3-5. These security threats are not hypothetical. Buckley Decl. ¶¶ 6-8. Indeed, the Court has already found these reasons compelling and has allowed Defendants to seal the personal and work email address and other contact information of CBP employees to the extent that they appear in any of the exhibits. *See* Sealing Order at 21. The Court should thus permit the sealing of government employee contact information to protect the privacy of employees and the security of agency operations.

Further, the Court should permit the sealing of identifying information of subjects of and witnesses to law enforcement and internal investigations, such as the whistleblower and other witnesses to an OIG investigation identified in MTE Exh. 10 (the Leutert Report); MTE Exh. 23 (the whistleblower deposition transcript); the employee witness to an OIG investigation identified in MTE Exh. 24 (Eaton deposition transcript); the employees and witnesses identified in the CBP investigation

in MTE Exh. 27 (AOL-DEF-00014041); and the employee subject to potential discipline in MTE Exhibit 2 (at 131-32).[2] In addition to the reasons provided above for sealing CBP employees' addresses, case law supports sealing this information. The Special Master in *Hewlett-Packard Co. S'holder Derivative Litig.* recommended sealing similar whistleblower identifying information in a criminal investigation because "the case law is clear that, while public access to court records is important, some documents are not subject to the public right of access because they have traditionally been kept secret for important policy reasons." *In re Hewlett-Packard Co. S'holder Derivative Litig.,* No. 12-CV-6003, 2015 WL 8570883, at *6 (N.D. Cal. Nov. 18, 2015), *report and recommendation adopted*, No. 12-CV-6003-CRB, 2015 WL 8479543 (N.D. Cal. Dec. 10, 2015), *aff'd*, 716 F. App'x 603 (9th Cir. 2017) (internal citations omitted). The Special Master in *Hewlett-Packard* explained that important public policy considerations including interference with an investigation, "by making the whistleblower a target of intimidation or harassment" was a "compelling reason[]" constituting "court files [] becom[ing] a vehicle for improper purposes." *Id.* (internal citations omitted). Similar public policy reasons support sealing identifying information regarding other witnesses to the whistleblower investigation, as well as witnesses to, and subjects of, other internal investigations. *See also* Sealing Order at 6-7 & Appendix C thereto (permitting redaction of whistleblower's identity). Defendants respectfully request to seal the names of subjects of and witnesses to investigations due to the risks to employee privacy and safety.

---

[2] This document is identical to the report submitted as Plaintiffs' Class Certification Exhibit 5, and to which the Court also permitted targeted redactions over the regarding vetting and detecting potential terrorist and public safety threats that is attached to the report. Sealing Order at 19-20 (referencing Mot. Ex. 5). The Court should again permit such redactions to MTE Exhibit 17 to protect against revelation of law enforcement procedures. *See* ECF 424, at 21; Declaration of John P. Wagner (Wagner Decl.) ¶ 8, attached hereto as Exhibit E.

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B. This Court Should Seal the Documents Attached to Plaintiffs' Motion for Summary Judgment.**

Compelling reasons support the request to seal the information contained in the above-listed Exhibits attached to Plaintiffs' MSJ, and the portions of the parties' briefs that cite them.

*MSJ Exhibits that are Duplicative of MTE Exhibits*.  The following exhibits to Plaintiffs' MSJ are duplicative of their MTE Exhibits, and the reasons for sealing are thus addressed in Section A above: MSJ Exh. 1 (duplicative of MTE Exh. 23); MSJ Exh. 3 (duplicative of MTE Exh. 2); MSJ Exh. 8 (duplicative of MTE Exh. 27); MSJ Exh. 14 (duplicative of MTE Exh. 8); MSJ Exh. 17 (duplicative of MTE Exh. 6); MSJ Exh. 20 (duplicative of MTE Exh. 10); MSJ Exh. 25 (duplicative of MTE Exh. 15); MSJ Exh. 100 (duplicative of MTE Exh. 3); MSJ Exh. 102 (duplicative of MTE Exh. 7); and MSJ Exh. 118 (duplicative of MTE Exh. 24).

*MSJ Exhibits that the Court Has Already Permitted Sealing.* The following exhibits to Plaintiffs' MSJ are duplicative of prior exhibits that the Court has already allowed to be filed under seal, and Defendants respectfully submit that the same compelling reasons support their sealing for purposes of the MSJ:

- MSJ Exh. 30, which bears the Bates number AOL-DEF-00011011, is the same document as in Plaintiffs' Class Certification Exhibit 44, which the Court previously determined should be sealed.  *See* Sealing Order at 9-10 & Appendix A, referencing Mot. Ex. 44.

- MSJ Exh. 47, which bears the Bates number AOL-DEF-00525116, is duplicative of Plaintiffs' Class Certification Exhibit 24, which the Court previously determined should be sealed.  *See* Sealing Order at 9-10 & Appendix A, referencing Mot. Ex. 24.

- MSJ Exhibit 54, which bears the Bates number AOL-DEF-00802340, is almost entirely duplicative of Plaintiffs' Class Certification Exhibit 24, which the Court previously determined should be sealed. *See* Sealing Order

18

at 9-10 & Appendix A, referencing Mot. Ex. 24.

- MSJ Exhibit 80, which bears the Bates number AOL-DEF-00280783, is almost entirely duplicative of Plaintiffs' Class Certification Exhibit 29, which the Court previously determined should be sealed. *See* Sealing Order at 10-11 & Appendix A, referencing Mot. Ex. 29.

- MSJ Exhibit 89, which bears the Bates number AOL-DEF-00041825, is duplicative of Plaintiffs' Class Certification Exhibit 29, which the Court previously determined should be sealed. *See* Sealing Order at 10-11 & Appendix A, referencing Mot. Ex. 29.

- MSJ Exhibit 90, which bears the Bates number AOL-DEF-00063246, is duplicative of Plaintiffs' Class Certification Exhibit 34, which the Court previously determined should be sealed. *See* Sealing Order at 18 & Appendix A, referencing Mot. Ex. 34.

***Governmental Policy Deliberations.*** The following Exhibits to Plaintiffs' MSJ should be sealed in their entirety because they constitute internal deliberations regarding governmental decisions, which are protected from disclosure under the rationales underlying the deliberative process privilege: MSJ Exh. 57, AOL-DEF-00043575; MSJ Exh. 93, AOL-DEF-00074316; MSJ Exh. 94, AOL-DEF-00095574; MSJ Exh. 95, AOL-DEF-00277294; MSJ Exh. 96, AOL-DEF-00288009; MSJ Exh. 97, AOL-DEF-00288011; and MSJ Exh. 119, AOL-DEF-00043545. Additionally, the following exhibits are partially deliberative: MSJ Exhibit 40, AOL-DEF-0063869, contains potions of a non-final draft email at page 874; MSJ Exhibit 56, AOL-DEF-00019314, contains deliberative information regarding then-ongoing policy discussions at page 319; MSJ Exhibit 60, AOL-DEF-00815228, contains deliberative information regarding then-ongoing policy discussions at page 233; and MSJ Exhs. 109-111 (AOL-DEF-00028473, AOL-DEF-00028469, and AOL-DEF-00050247), all contain deliberative discussions weighing potential policy options. And portions of the deposition transcript of Scott Glabe

warrant sealing for this reason, as Mr. Glabe testified to the information contained in Exhs. 110 and 111.  MSJ Exh. 64, at 51-53; *see also* Appendix 1. Further, portions of the deposition testimony of Todd Hoffman (MSJ Exh. 8) warrant sealing for similar reasons, because Mr. Hoffman testified about predecisional options that were considered in relation to this litigation, as well as about internal decisionmaking underlying the development and implementation of certain policies, revealing both work product and deliberations. MSJ Exh. 9 at 304-305, 308-309, 315-17, 319, 321, 324; *see also* Appendix 1.

The Court should thus seal these documents, or portions thereof. The material at issue is protected because it recounts or reflects "advisory opinions, recommendations, and deliberations comprising part of the process by which government decisions and policies are formulated." *Oceana Inc.*, 2018 WL 5276297, at *2 (citing *Warner Comm'ns, Inc.*, 742 F.2d at 1161). Material is deliberative if it "would expose an agency's decisionmaking process in such a way to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its function." *Carter*, 307 F.3d at 1089. Ultimately, such information is protected from disclosure so as to "protect[] and encourage[] the agency's ability to have candid discussions." *California Native Plant Society*, 251 F.R.D. at 411. Each of the documents listed in this section contain information that is protected from disclosure under this rationale.  Indeed, this Court has already determined that MSJ Exhibits 109 to 111 are covered by the deliberative process privilege and warrant some protection from disclosure. *See* ECF 543 at 7. Thus, even though the deliberative process privilege is a qualified one, and these and the other documents have been produced to the Plaintiffs, the documents must at least receive confidential treatment to protect against broader disclosure and resulting harm to governmental decisionmaking processes.

### Law-Enforcement Sensitive Material Regarding CBP and Port Operations

***and Communications with Mexico.*** The following Exhibits to Plaintiffs' MSJ contain some detailed and sensitive information about port capacity, contingency plans, staffing information, and limit line positions: MSJ Exh. 4, deposition transcript of Randy Howe; MSJ Exh. 9, deposition transcript of Todd Hoffman; MSJ Ex. 10, deposition transcript of Todd Owen; MSJ Exh. 11, AOL-DEF-00030298; MSJ Exh. 13, Exhibit 35 to the deposition of Todd Owen; MSJ Exh. 16, deposition transcript of Michael Humphries; MSJ Exh. 26, AOL-DEF-00030002; MSJ Exh. 29, AOL-DEF-000237669; MSJ Exh. 33, AOL-DEF-00031442; MSJ Exh. 34, AOL-DEF-00761338; MSJ Exh. 35, AOL-DEF-00030271; MSJ Exh. 36, AOL-DEF-00018639; MSJ Exh. 37, AOL-DEF-00020023; MSJ Exh. 38, AOL-DEF-00243099; MSJ Exh. 41, AOL-DEF-00067551; MSJ Exh. 43, AOL-DEF-00303657; MSJ Exh. 44, AOL-DEF-00321316; MSJ Exh. 46, AOL-DEF-00321325; MSJ Exh. 48, AOL-DEF-00090986; MSJ Exh. 49, AOL-DEF-00023715; MSJ Exh. 50, AOL-DEF-00762746; MSJ Exh. 55, AOL-DEF-00258173; MSJ Exh. 56, AOL-DEF-00019314; MSJ Exh. 58, AOL-DEF-00258210; MSJ Exh. 59, AOL-DEF-00272845; MSJ Exh. 62, AOL-DEF-00272790; MSJ Exh. 64, deposition transcript of Scott Glabe; MSJ Exh. 65, AOL-DEF-00272878; MSJ Exh. 66, AOL-DEF-00314214; MSJ Exh. 67, AOL-DEF-00272936; MSJ Exh. 68, AOL-DEF-00353880; MSJ Exh. 69, AOL-DEF-00272935; MSJ Exh. 70, AOL-DEF-01266662; MSJ Exh. 71, AOL-DEF-01267496; MSJ Exh. 72, AOL-DEF-00272938; MSJ Exh. 74, AOL-DEF-00799450; MSJ Exh. 75, AOL-DEF-00038270; MSJ Exh. 80, AOL-DEF-00280783; MSJ Exh. 81, AOL-DEF-00041777; MSJ Exh. 87, AOL-DEF-00048757; MSJ Exh. 88, AOL-DEF-00047694; MSJ Exh. 90, AOL-DEF-00063246 (entire document); MSJ Exh. 91, AOL-DEF-00073676 (entire document)[3]; MSJ

---

[3] MSJ Exhibits 91 and 92 are substantially similar to MSJ exhibit 90, which the Court already approved sealing in full. *See* Sealing Order at 18 & Appendix A, referencing Mot. Ex. 34.

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

Exh. 93, AOL-DEF-00074316; MSJ Exh. 101, AOL-DEF-00749854, at 858, 860-861, 865-866; MSJ Exh. 104, Exhibit 234 to the deposition of Rodney Harris; MSJ Exh. 106, Exhibit 33 to the deposition of Todd Owen; MSJ Exh. 107, Exhibit 47 to the deposition of Todd Owen; and MSJ Exh. 120, Exhibit 272 to the deposition of Todd Hoffman.

The deposition testimony and corresponding deposition exhibits reveal information on the physical capacity of POEs, the physical layout of the facilities, granular operational details (such as specific shift staffing information and the number of detainees being transferred, processed, or present on site at any given time), and vulnerabilities of CBP. Information on addressing the needs of individuals in custody, and attempting to move those individuals out of the POE, takes officers away from other inspection and enforcement duties including detecting and seizing drug and other contraband. "This, in turn, makes the port more vulnerable to outside threats such as drugs, weapons, contraband, and individuals a tempting to enter the port without inspection." *See* Howe Decl. ¶ 9. "Therefore, publicly releasing port-level capacity data, especially data covering a period of several days or weeks, would provide outside entities with a picture of when certain ports are operating below, at, or above capacity., and thus how resources may be allocated at those ports." *See* Howe Decl. ¶ 11. Similarly, information about a port's "processing rate . . . provides insight into how resources may or could be allocated towards processing," which, when "cross-referenced with other information, such as staffing levels and budgetary information," would permit others to understand "vulnerabilities in the port's resource allocation that may be able to be exploited." Foret Decl. ¶ 15. For these reasons, the Court has permitted sealing in their entirety documents that are substantially the same as MSJ Exhibit 91, AOL-DEF-00073676 and Plaintiffs' MSJ Exh. 92, AOL-DEF-00072964. *See* Sealing Order at 18 & Appendix A, referencing Mot. Ex. 34. This Court has also permitted "targeted redactions" of similar detailed information about different ports' infrastructure, "including specifics about its detention

capacity and staffing." *See* Sealing Order at 14, 18-19 & Appendix A.

These and other Exhibits also reveal communications with Mexican officials and information provided by the Mexican government. *See, e.g.*, MSJ Exh. 6, AOL-DEF-00353883, at 884; MSJ Exh.9, Todd Hoffman Transcript; MSJ Exh. 10, Owen Deposition Transcript; MSJ Exh. 11, AOL-DEF-00030298; MSJ Exh.16, Michael Humphries Transcript; MSJ Exh. 26, AOL-DEF-00030002, at 002, 003; MSJ Exh. 37, AOL-DEF-00020023; MSJ Exh. 50, AOL-DEF-00762746 at 746; MSJ Exh. 53, AOL-DEF-00761290, at 290, 291; MSJ Exh. 65, AOL-DEF-00272878; MSJ Exh. 66, AOL-DEF-00314214; MSJ Exh. 68, AO-DEF-00353880; MSJ Exh. 69, AOL-DEF-00272935; MSJ Exh. 70, AOL-DEF-01266662; MSJ Exh. 71, AOL-DEF-01267496; MSJ Exh. 80, AOL-DEF-00280783 (reflecting, in its entirety, communications with Mexican government); MSJ Exh. 88, AOL-DEF-00047694; and MSJ Exh. 92, AOL-DEF-00072964. As noted above, revelation of these communications would may stifle the free flow of information across the border and the willingness of officials in the government of Mexico, or Mexico-based non-governmental organizations to share information with officials in CBP. *See supra* at 13; Foret Decl. ¶¶ 3-6 (providing rationale for sealing communications with the Mexican Government). This Court has already granted the government's request to seal similar testimony relating to communications between U.S. and Mexican government officials based on the sensitivity of those communications and should do so again here. *See, e.g.*, Sealing Order at 5–6 ("[T]he Court largely grants Defendants' request to seal Owen's testimony concerning internal memos and communications with the Government of Mexico."), 9, 10-11.

Moreover, this Court should seal the following Exhibits in their entirety because they are contingency plans or planning emails containing sensitive operational details about processing capacity and related topics, and are similar to those that the Court has already determined may be sealed (*see* Sealing Order at 20): MSJ Exh. 28, AOL-DEF-00094256; MSJ Exh. 31, AOL-DEF-00050864; MSJ Exh. 32, AOL-

DEF-00056315; MSJ Exh. 57, AOL-DEF-00043575. And both MSJ Exhibit 56, (AOL-DEF-00019314) and MSJ Exhibit 101 (AOL-DEF-00749854, at §§ 11, 14.7.1-15.7.10) contain information about contingency planning that should be redacted for the same reasons. Sealing is warranted because these documents provide detailed information, for specific ports of entry as well as broader entities, that, if known, could allow bad actors to exploit operational vulnerabilities. *See* Howe Decl. ¶¶ 18-22 (discussing risks of disclosure of similar contingency plans); Foret Decl. ¶¶ 16-20 (same).

The Court should also seal information about law enforcement techniques and methods used to vet individuals who may be terrorist or pose a threat to the United States, as contained in MSJ Exhibit 101 (AOL-DEF-00749854, at § 7.3). Such information, if publicly disclosed, could be used by hostile actors to "tailor countermeasures in attempt to circumvent law enforcement, thereby undermining CBP's mission readiness and the security of the United States." *See* Wagner Decl. ¶ 8.

***Sensitive Employee and Witness Information.*** Finally, as permitted in the Court's prior Order (ECF No. 510, at p. 21), and for the same reasons discussed above (*supra* at 15-17), the Court should also seal the employee email addresses and other personal information, as well as the names of subjects of and witnesses to investigations contained in the following documents, the disclosure of which would raise genuine security concerns: MSJ Exh. 5, AOL-DEF-00210364; MSJ Exh. 7, AOL-DEF-00069611; MSJ Exh. 11, AOL-DEF-00030298; MSJ Exh. 13, AOL-DEF-00575507; MSJ Exh. 27, AOL-DEF-00023574; MSJ Exh. 29, AOL-DEF-00237660; MSJ Exh. 33, AOL-DEF-00031442; MSJ Exh. 34, AOL-DEF-00761338; MSJ Exh. 35, AOL-DEF-00761338; MSJ Exh. 36, AOL-DEF-00018639; MSJ Exh. 37, AOL-DEF-00020023; MSJ Exh. 38, AOL-DEF-00243099; MSJ Exh. 39, AOL-DEF-00034741; MSJ Exh. 40, AOL-DEF-00063869; MSJ Exh. 41, AOL-DEF-00067551; MSJ Exh. 42, AOL-DEF-00243127; MSJ Exh. 43, AOL-DEF-0030657; MSJ Exh. 44, AOL-DEF-00321316;

MSJ Exh. 45, AOL-DEF-00741876; MSJ Exh. 46, AOL-DEF-00321325; MSJ Exh. 47, AOL-DEF-00525116; MSJ Exh. 50, AOL-DEF-00762746; MSJ Exh. 52, AOL-DEF-00069150; MSJ Exh. 53, AOL-DEF-00761290; MSJ Exh. 55, AOL-DEF-00258173; MSJ Exh. 56, AOL-DEF-00019314; MSJ Exh. 58, AOL-DEF-00258210; MSJ Exh. 59, AOL-DEF-00272845; MSJ Exh. 60, AOL-DEF-00815228; MSJ Exh. 61, AOL-DEF-00904527; MSJ Exh. 62, AOL-DEF-00272790; MSJ Exh. 65, AOL-DEF-00272878; MSJ Exh. 66, AOL-DEF-00314214; MSJ Exh. 67, AOL-DEF-00272936; MSJ Exh. 72, AOL-DEF-00272938; MSJ Exh. 74, AOL-DEF-00799450; MSJ Exh. 81, AOL-DEF-00041777; MSJ Exh. 84, AOL-DEF-00010764; MSJ Exh. 85, AOL-DEF-00010718; MSJ Exh. 86, AOL-DEF-00010722; MSJ Exh. 88, AOL-DEF-00041825; MSJ Exh. 99, AOL-DEF-00812864; MSJ Exh. 104, AOL-DEF-01037408; MSJ Exh. 105, AOL-DEF-00039597; MSJ Exh. 106, AOL-DEF-00081089; MSJ Exh. 107, Exhibit 47 to the deposition of Todd Owen; MSJ Exh. 108, AOL-DEF-00566881; MSJ Exh. 109, AOL-DEF-00028473; MSJ Exh. 110, AOL-DEF-00028469; MSJ Exh. 111, AOL-DEF-00050247; MSJ Exh. 112, AOL-DEF-00602802; MSJ. Exh. 115, Plaintiffs' Consolidated Responses and Objections to First Set of Interrogatories; MSJ Exh. 117, AOL-DEF-00038620; MSJ Exh. 119, AOL-DEF-00043545; and MSJ Exh. 120, AOL-DEF-00560270.

## CONCLUSION

This Court should grant Plaintiffs' Motion to Seal Portions of Plaintiffs' Motion to Exclude Expert Testimony and Motion for Summary Judgment because compelling reasons exist to protect the sensitive material described herein from public disclosure.

Dated: October 19, 2020                    Respectfully submitted,

                                           JEFFREY BOSSERT CLARK
                                           Acting Assistant Attorney General
                                           Civil Division

                                           WILLIAM C. PEACHEY
                                           Director

                                           */s/ Katherine J. Shinners*
                                           KATHERINE J. SHINNERS
                                           Senior Litigation Counsel
                                           U.S. Department of Justice
                                           Civil Division
                                           Office of Immigration Litigation
                                           District Court Section
                                           P.O. Box 868, Ben Franklin Station
                                           Washington, D.C. 20044
                                           Tel: (202) 598-8259 | Fax: (202) 305-7000
                                           katherine.j.shinners@usdoj.gov

                                           ALEXANDER J. HALASKA
                                           DHRUMAN Y. SAMPAT
                                           ARI NAZAROV
                                           HAYDEN WINDROW
                                           Trial Attorneys

                                           *Counsel for Defendants*

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

# **CERTIFICATE OF SERVICE**

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: October 19, 2020          Respectfully submitted,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

Appendix 1

# APPENDIX 1 –DESIGNATIONS
## OF CONFIDENTIAL DEPOSTION TESTIMONY

*David Atkinson (MTE Ex. 2; MSJ Ex. 3)*

| Page | Lines |
|------|-------|
| 131 | 17 (employee name only) |
| 132 | 10, 11, 23 (employees' names and spelling of name only) |
| 146 | 12-17, 22-23 |
| 147 | 1-2 |
| 150 | 13-14 |
| 151 | 13-15 |
| 153 | 10 (number of officers only) |

*Frank Longoria (MTE Ex. 3, MSJ Ex. 100)*

| Page | Lines |
|------|-------|
| 82 | 16-18 |
| 89 | 10-12, 15-17, 24-25 |
| 101 | 15 |
| 102 | 13 (number only), 14 (number only) |
| 103 | 15 (number only), 16 (number only) |
| 104 | 14, 18-19, 22-23 |
| 106 | 20-21 |
| 107 | 9-12 |
| 109 | 10-16, 20-21, 23-24 |
| 110 | 1-3, 5-9, 14-15 |
| 111 | 18-21 |
| 112 | 1-19, 23-25 |
| 113 | 1 |
| 115 | 16-17, 21-23 |
| 116 | 21-24 |
| 117 | 5-9 |
| 118 | 5, 7-10, 12-18 |
| 119 | 5-10, 15-18 |
| 120 | 1-2, 5-10 |
| 122 | 9-15, 13-15 |
| 123 | 3-5, 16-19 |
| 124 | 5-8, 15-17, 19-24 |
| 125 | 13-15 |
| 126 | 17-18 |
| 127 | 3-6, 12-25 |
| 128 | 1-2, 11-22 |

Appendix 1

| 181 | 17 (words between "If" and "allows" only) |
| 190 | 13 (number only) |
| 193 | 22, 25 (numbers only) |
| 194 | 5 (number only) |
| 198 | 8, 24 (numbers only) |
| 199 | 10, 11, 15, 19-20, 25 (numbers only) |
| 240 | 3, 4, 7, 9, 10, 15, 17, 18, 21, 22, 24 (numbers only) |
| 241 | 11, 12 (numbers only) |
| 242 | 16 (number only) |

## *Mariza Marin (MTE Ex. 6, MSJ Ex. 16)*

| Page | Lines |
|------|-------|
| 10 | 4-5 |
| 60 | 20-25 |
| 61 | 1-3, 10 |
| 62 | 1 |
| 97 | 23 (number only) |
| 98 | 18 (number only) |
| 99 | 3, 6 (number only) |
| 100 | 7-10, 13-16, 24-25 (numbers only) |
| 123 | 24 (numbers only) |
| 127 | 12, 18, 25 (numbers only) |
| 128 | 10, 13, 17, 19 (numbers only) |
| 131 | 25 (number only) |
| 142 | 8-10, 13-17 (numbers only) |
| 145 | 2, 4,10, 14 (numbers only) |
| 146 | 15 |
| 147 | 24, 25 (numbers only) |
| 148 | 3, 4, 12, 22 |
| 149 | 5, 13-17 |
| 150 | 7-8, 10-12, 17 |
| 152 | 7, 15-17 |
| 153 | 10, 20 |
| 154 | 7, 12, 14 |
| 162 | 5, 17, 19, 20, 16-17, 19-20 |
| 163 | 18, 23 |
| 165 | 21 |
| 166 | 12, 14, 15 |
| 167 | 5 |
| 170 | 5, 18, 20, 23 |
| 174 | 12, 14 |

2

Appendix 1

| | |
|---|---|
| 179 | 14, 23 |
| 180 | 14 |
| 181 | 18 |
| 183 | 4 |
| 187 | 20 |
| 209 | 19-25 |
| 210 | 13-18 |
| 211 | 1-7 |
| 220 | 18, 19 |
| 225 | 2-8 |
| 226 | 4-10, 13-14, 16-17, 19-22 |
| 232 | 6 |
| 248 | 22-25 |
| 249 | 1-2, 6-9, 24-25 |
| 251 | 14-25 |
| 252 | 1-25 |
| 253 | 1-25 |
| 254 | 1-25 |
| 255 | 1-25 |
| 256 | 1-25 |
| 257 | 1-8, 21-24 |
| 258 | 23-25 |
| 259 | 1, 4-5, 8-9 |
| 260 | 1-24 |
| 261 | 4-8 |
| 265 | 11-12, 15-22, 25 |
| 266 | 15-25 |
| 268 | 9-11, 13-15, 17-18 |
| 269 | 5-6, 11 |
| 271 | 4-25 |
| 272 | 1-25 |
| 273 | 1-24 |
| 274 | 3-6, 10-25 |
| 275 | 1-21 |
| 276 | 14 |
| 277 | 10-12, 17-18 |
| 278 | 4-13 |
| 279 | 2-4, 9-25 |
| 280 | 1-25 |
| 281 | 1-18, 20-25 |
| 282 | 2-25 |
| 283 | 1-8 |
| 284 | 5-25 |
| 285 | 1-5, 16-19 |

Appendix 1

| 295 | 8-18 |
| 296 | 9-15, 20-24 |
| 298 | 13-17, 24 |
| 302 | 9-25 |
| 303 | 1-3 |

### *Samuel Cleaves (MTE Ex. 7, MSJ Ex. 102)*

| Page | Lines |
|------|-------|
| 64 | 10, 12, 22 (numbers only) |
| 65 | 1, 2 (numbers only) |
| 71 | 1, 6, 13, 18, 19 (numbers only) |
| 72 | 7, 11 (numbers only) |
| 73 | 20 (number only) |
| 74 | 13, 21, 23, 25 (number only) |
| 75 | 15, 23 |
| 76 | 1 (number only) |
| 82 | 5 (number only) |
| 83 | 12, 18 (numbers only) |
| 86 | 22-25 |
| 87 | 3-6, 10-12, 17-18 |
| 92 | 1 (following word "which")-2, 10 (following word "approximately") |
| 93 | 5 (following word "them")-9, 14 (measurement only), 24 (measurement only) |
| 94 | 9, 16, 18, 22, 25 (measurements only) |
| 95 | 6 (measurement only) |
| 97 | 15 (words between "is" and "behind" only), 25 (measurement only) |
| 98 | 1, 14, 21 (measurements only) |
| 99 | 5 (measurement only), 15-21 |
| 100 | 22-23 (measurement only) |
| 101 | 16 (measurement only) |
| 102 | 9 (measurement only), 15-16, 17-18 |
| 103 | 1 |
| 111 | 1-14 |
| 113 | 5 (measurement only) |
| 114 | 25 (number only) |
| 117 | 9, 10, 11 (measurements only) |
| 133 | 14-15, 17-22 |
| 160 | 23-25 |
| 161 | 1 |
| 165 | 21-22 |
| 172 | 12 (number only) |

Appendix 1

| 177 | 24-25 |
|-----|-------|
| 189 | 5-10 |
| 190 | 16-20 |
| 196 | 7-11 |
| 197 | 4-12 |
| 203 | 19-24, 25 |
| 204 | 1, 2-12, 22-25 |
| 205 | 1-10 |
| 208 | 24-25 |
| 209 | 1-4, 21-25 |
| 210 | 6-10, 18-25 |
| 211 | 1-2, 9-13, 17-25 |
| 212 | 1-7, 12-14, 22-25 |
| 213 | 1-2, 11-13, 18-25 |
| 214 | 1-3 |
| 216 | 2-12, 23 |
| 217 | 1-21 |
| 218 | 1, 16-20, 25 |
| 219 | 1, 4-22, 24 |
| 220 | 1-25 |
| 221 | 1-10, 1-16 |
| 222 | 1-10, 16-19 |
| 224 | 15-20 |
| 225 | 11-16 |
| 226 | 4-5, 22, 25 |
| 227 | 3-4, 6-7, 18-25 |
| 228 | 1-17, 24 |
| 229 | 2-5, 7 |
| 232 | 11-12, 16-20 |
| 233 | 1-2, 6, 8-9, 10-11, 17-21, 25 |
| 234 | 1, 7-9, 12-19, 21-23, 25 |
| 235 | 3-5 |
| 240 | 1-2 |
| 242 | 9-10, 12-16 |
| 246 | 1-2, 4 |

*Rodney Harris (MTE Ex. 8, MSJ Ex. 14)*

| Page | Lines |
|------|-------|
| 65 | 19 (starting after "demarcation line) -25 |
| 66 | 7-19 |
| 67 | 7-10 |
| 70 | 1-2, 5-7 |
| 75 | 7-13 |
| 80 | 17-19 |

Appendix 1

| 104 | 20-22 |
|---|---|
| 105 | 3-16 |
| 106 | 7-13 |
| 108 | 3-5, 7-8, 10 |
| 109 | 6-7, 19-24 |
| 114 | 20-25 |
| 115 | 1-10 |
| 125 | 24 (number only) |
| 126 | 1 (number only) |
| 157 | 23-24 |
| 158 | 12-13 |
| 159 | 4-6 |
| 183 | 5-6 (numbers only), 9 (number only), 10-11, 13 (number only), 14-15 |
| 184 | 2-3 |
| 187 | 2 (first two words only) |
| 204 | 17-20, 23 |
| 205 | 2,  4 |
| 216 | 12-20 |
| 218 | 9-12, 16-18 |
| 219 | 5 |
| 220 | 2-9, 22 (first word only) |
| 221 | 1 (word between "what" and "they're" only) |
| 225 | 5-10, 12-20, 22-25 |
| 226 | 1-4 |
| 241 | 20-24 |
| 242 | 7 |
| 243 | 17-19 |
| 244 | 14-18, 21-24 |
| 245 | 1-6, 10-14 |
| 248 | 15-16 |
| 249 | 1-2 |
| 251 | 18-19 |
| 252 | 18-23 |
| 253 | 16, 20, 23-24 |
| 260 | 4-5 |
| 271 | 5-14 |
| 280 | 12-18 |
| 281 | 9-10, 14-16, 19-21 |
| 282 | 3-14, 16-25 |
| 283 | 4-9, 14-23 |
| 284 | 1-20 |
| 285 | 8-11 |

Appendix 1

*Whistleblower (MTE Ex. 23, MSJ Ex. 1)*

| Page | Lines |
|------|-------|
| 1 | N/A |
| 3 | 2 |
| 4 | 22 |
| 5 | 3-4, 13 |
| 6 | 15-17 |
| 18 | 1-5, 13-25 |
| 19 | 2 |
| 23 | 15, 17, 22 |
| 24 | 20 |
| 25 | 23 |
| 27 | 5, 17 |
| 35 | 15-24 |
| 36 | 5-25 |
| 37 | 1-15 |
| 38 | 1-25 |
| 42 | 23 |
| 43 | 4 |
| 78 | 9, 12, 15 |
| 90 | 23-24 |
| 91 | 6-9 |
| 110 | 21 (number only) |
| 116 | 20-21 |
| 117 | 10-11 |
| 123 | 1-25 |
| 135 | 12 (number only) |
| 137 | 21 (number only) |
| 140 | 18 (number only) |
| 142 | 18 (number only) |
| 146 | 3-22 |
| 162 | 18-22 |
| 164 | 1-8 |
| 166 | 5-25 |
| 167 | 1-25 |
| 168 | 7-10 |
| 170 | 1-25 |
| 171 | 1-4 |
| 181 | 3-26 |
| 182 | 1, 12-25 |
| 183 | 1-25 |
| 184 | 18 (name only) |
| 186 | 25 (name only) |
| 187 | 4 (name only) |

Appendix 1

| | |
|---|---|
| 189 | 1-25 |
| 190 | 14-16 |
| 191 | 1-25 |
| 192 | 1-25 |
| 193 | 1-25 |
| 194 | 1-25 |
| 195 | 1-25 |
| 196 | 1-25 |
| 197 | 1-25 |
| 198 | 1-25 |
| 199 | 1-25 |
| 200 | 1-25 |
| 201 | 1-25 |
| 202 | 1-25 |
| 203 | 1-25 |
| 204 | 1-25 |
| 205 | 1-25 |
| 206 | 1, 9, 24 (names only) |
| 207 | 22, 23 (names only) |
| 209 | 1-25 |
| 210 | 1-25 |
| 211 | 1-25 |
| 212 | 1-25 |
| 213 | 1-25 |
| 214 | 1-25 |
| 217 | 21-25 |
| 218 | 2-25 |
| 222 | 24 (name only) |
| 223 | 2, 5-6, 9 (names only) |
| 225 | 6-25 |
| 226 | 1-3 |
| 230 | 23-24 (name only |
| 231 | 23 (name only) |
| 233 | 13-14, 17, 20 (names only) |
| 234 | 8 (name only) |
| 240 | 14-15 |
| 242 | 10-14 |
| 246 | 24 (name only) |
| 247 | 7-9 |
| 248 | 3 (name only) |
| 256 | 9 (number only) |
| 258 | 25 (number only) |
| 259 | 16 (number only) |
| 260 | 4 (number only) |
| 262 | 24 (name only) |

Appendix 1

| 265 | 3, 11 (name only) |
|---|---|
| 266 | 2 (name only) |
| 269 | N/A |
| 276 | N/A |
| 289 | N/A |

*Joseph Eaton (MTE Ex. 24; MSJ Ex. 118)*

| Page | Lines |
|---|---|
| 5 | 18 (employee name) |
| 17 | 21 |
| 44 | 11 |
| 49 | 2 |
| 50 | 7 |
| 50 | 13 |
| 51 | 10 |
| 89 | 13 |

*Randy Howe (MSJ Ex. 4)*

| Page | Lines |
|---|---|
| 105 | 21, 22 (numbers only) |
| 106 | 22 (number only) |
| 107 | 8 (number only) |
| 115 | 15 (two words in between "take" and "at" only) |
| 116 | 16 (two words in between "If" and "a" only) |
| 136 | 21 (two words in between "of" and "at" only) |
| 155 | 11 (last word) – 12 |
| 159 | 6 (following word "reads") – 12, 17 (following word "would)- 21 |
| 160 | 18-20 |
| 161 | 1-2, 6, 8-10, 13 (last word)-14, 17-18, 21-22 |
| 162 | 1-3, 5-8, 11-19 |
| 163 | 1-4, 6 (following question mark)- 17, 21-22 |
| 164 | 1-5 |
| 179 | 6-7 (numbers only) |
| 185 | 20-22 |
| 186 | 1 |
| 188 | 12, 19 (numbers only) |

Appendix 1

| | |
|---|---|
| 189 | 7 (number only |
| 191 | 2, 8, 15, 17, 22 (numbers only) |
| 192 | 1, 4, 5, 9 (numbers only) |
| 194 | 2, 7, 9, 10 (numbers only) |
| 260 | 17-22 |
| 261 | 1-2 |
| 262 | 4 (last word only) – 7 |
| 264 | 20-22 |
| 265 | 15-22 |
| 266 | 1-16 |
| 267 | 21-22 |
| 268 | 1-3 |
| 270 | 22 |
| 271 | 1, 4-6, 13 |
| 272 | 6-7, 9-13, 17-22 |
| 273 | 1-12, 14-15, 17-18, 19-22 |
| 275 | 9-14 |
| 276 | 10-11 |
| 279 | 21-22 |
| 280 | 1 (first word only) |
| 283 | 7-9, 12-15 |
| 284 | 6-7, 10 (word following "CBP") – 15 |
| 285 | 11-13, 18-21 |
| 286 | 1-7 |
| 287 | 21-22 |
| 288 | 1-2 |
| 291 | 18 (following word "says")-22 |
| 292 | 1-4, 11 (following word "why") – 18 |
| 293 | 1-10 |
| 295 | 2-6, 15-16 |
| 296 | 2-4 |
| 299 | 9 (following "pedestrian lanes")- 12 |
| 301 | 1-10 |

*Todd Hoffman (MSJ Ex. 9)*

| Page | Lines |
|---|---|
| 125 | 7 (starting following word "with") -10 |
| 126 | 7 (starting following word "writes") – 8 (first word only) |
| 127 | 11 (following word "office") – 14 |
| 128 | 8 – 10, 13 (following word "office") - 16 |
| 129 | 5 (following word "office") – 7, 12 (following  word "fact") -14 |
| 130 | 8 (following word "entry") – 9 |

Appendix 1

| 162 | 9, 15 (numbers only) |
|-----|----------------------|
| 166 | 11, 15 (numbers only) |
| 170 | 5, 7, 13, 18 (numbers only) |
| 186 | 6-8, 22 |
| 187 | 1-4 |
| 272 | 1-10 |
| 276 | 21 (following word "quote") – 22 |
| 277 | 1-6, 12-22 |
| 278 | 1-4, 10-11, 13-22 |
| 279 | 1-22 |
| 282 | 21-22 |
| 292 | 10 (following word "states") -16 |
| 293 | 1, 10 (following word "that") – 22 |
| 294 | 1, 4-22 |
| 295 | 1-22 |
| 296 | 1-2, 6-7, 13-19 |
| 304 | 9-14, 20-22 |
| 305 | 7-18 |
| 306 | 4-22 |
| 307 | 1-4 |
| 308 | 10-14, 19-22 |
| 309 | 1-4 |
| 312 | 11, 22 (officer name only) |
| 314 | 6, 10 (officer name only) |
| 315 | 20-22 |
| 316 | 1-22 |
| 317 | 1-9 |
| 319 | 12-22 |
| 321 | 8-10 |
| 324 | 7-13 |

**Todd Owen (MSJ Ex. 10)**

| Page | Lines |
|------|-------|
| 11 | 3-10 |
| 40 | 8-18 |
| 42 | 2 (following word "this") - 4 |
| 43 | 8 (following word "the") – 9 |
| 45 | 21 |
| 46 | 9-14 |
| 47 | 5 (following word "meeting") -6, 8 (following word "discussed"), 19-22 |
| 48 | 1-4 (through word "Do"), 17-21 |
| 49 | 1-4 |
| 88 | 1-22 |

Appendix 1

| 89 | 13-22 |
|---|---|
| 90 | 1-6, 10-22 |
| 91 | 1-5 |
| 126 | 1-22 |
| 127 | 1-8, 13-15 |
| 128 | 16-22 |
| 129 | 1-22 |
| 130 | 1-19 |
| 131 | 15-22 |
| 132 | 1-8 |
| 219 | 2-12 |
| 250 | 4-12 |

*Michael Humphries (MSJ Ex. 16)*

| Page | Lines |
|---|---|
| 50 | 24 (number only) |
| 66 | 12 (following word "were") -14 |
| 75 | 24 |
| 76 | 1-9, 11 (starting after word "metering")-12, 17 (following word "later")-19, 21 (following word "seekers") |
| 80 | 17 (following word "been")- 18 (before word "at") |
| 81 | 1 |
| 88 | 1-9, 12-15 |
| 89 | 13 (following word "call") – 14 (prior to word "as"), 22-25 |
| 90 | 1-2, 8-11, 13-18, 21 (following word "to") -22 |
| 91 | 1 (following word "waiting") – 3, 7-15 |
| 93 | 1 (number only) |
| 94 | 8, 10, 12 (numbers only) |
| 96 | 8, 10 (numbers only) |
| 98 | 6, 7, 11, 18 (numbers only) |
| 100 | 7, 13, 14, 17, 20 (numbers only) |
| 101 | 2, 9, 12, 14, 17 (numbers only) |
| 102 | 10 (number only) |
| 110 | 14 (number only) |
| 116 | 6 (number only) |
| 120 | 9 (number only) |
| 124 | 8-11, 14-20 |
| 125 | 24-25 |
| 126 | 1-2 |
| 128 | 6-25 |

12

Appendix 1

| 129 | 1-5 |
|---|---|
| 132 | 2-12 |
| 133 | 12 (following word "quote") – 14, 24-25 |
| 134 | 1, 9-10, 13-16, 21-15 |
| 135 | 6 (following word "positive") – 25 |
| 136 | 1-5 |
| 137 | 6 (following word "that") - 11 |
| 139 | 2, 9-10, 15 (following word "is")-17, 20-21 |
| 140 | 1-4, 14-16, 19-25 |
| 141 | 3-6 |

*Scott Glabe (MSJ Ex. 64)*

| Page | Lines |
|---|---|
| 51 | 13-19 |
| 52 | 10-16 |
| 53 | 5-8 |
| 61 | 1-3 (through word "who") |
| 80 | 5 |
| 81 | 15-16 (following "support") |
| 82 | 10 |
| 106 | 8 (following "mid-bridge") – 9 (through "we") |
| 147 | 22 (number only) |
| 148 | 8 (number only) |
| 150 | 5, 8, 9 (number only) |
| 155 | 22 (number only) |
| 156 | 19 (number only) |
| 157 | 6, 7, 13, 17 (numbers only) |
| 158 | 21 (number only) |
| 159 | 2, 9, 17, 19 (numbers only) |
| 160 | 4 (number only) |
| 163 | 8 (following word "that")-12 |
| 164 | 15 (to words following "as many as" only) |
| 165 | 1 (number only), 3 (two words following "evidence of" only) |
| 169 | 7, 9, 12 (numbers only) |
| 170 | 19, 20 (numbers only) |
| 172 | 11 (number only) |
| 183 | 22 (number only) |
| 184 | 19 (number only) |

13

## APPENDIX 2 – EXPERT REPORT OF
## STEPHANIE LEUTERT (DECEMBER 10, 2019)

*Leutert Report (MTE Exh. 10; MSJ Exh. 20)*

| Page | Paragraph(s) |
|------|--------------|
| 10 | 23 n.12 (name of deponent) |
| 11 | 23 n. 16 (name of deponent) |
| 15 | 34 n. 22(name of deponent) |
| 16 | 34-35 n. 23-26 (name of deponent) |
| 18 | 39 (fifth sentence) |
| 21 | 42 (portions of third and fourth sentences) |
| 27 | 48 n. 61(name of deponent) |
| 28 | 49 (parenthetical in third sentence) |
| 35 | 55 |
| 37 | 58 n. 86, n. 88 (name of deponent) |
| 40 | 63 (names of ports) |
| 41 | 64-65 (names of ports; specific capacity numbers) |
| 42 | 65 (Graph 2 contents) |
| 43 | 66 (Graph 3 contents) |
| 43-44 | 67 (Table 4 capacity percentages) |
| 44-45 | 68 (port names) |
| 46 | 69 (Table 5 data) |
| 46 | 70 n.106 |
| 47 | 71 |
| 47-48 | 72 |
| 48 | 73 (number in custody) |
| 49 | 73 n. 114 |
| 49 | 74 n. 116 (name of deponent) |
| 50 | 75 and n. 118 (name of deponent) |
| 51 | 76 and n. 121 (name of deponent) |
| 62 | 91 (name of deponent) |
| 64 | Attachment, MCAT Reports (11/30/2016 – 7/13/2019) (Table 8) |
| 64 | Footnotes 146-149 (port capacity numbers) |
| 65 | Attachment, MCAT Reports (11/30/2016 – 7/13/2019) (Table 9) |
| 66 | Attachment, MCAT Reports (11/30/2016 – 7/13/2019) (Table 10) |
| 74 | Exhibit C: Materials Considered (name of deponent/whistleblower) |