1
2
3
4
5
6
7

8                        **UNITED STATES DISTRICT COURT**

9                   **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11   AL OTRO LADO, Inc., *et al.*,              Case No. 17-cv-02366-BAS-KSC

12                              Plaintiffs,      **ORDER GRANTING MOTIONS**
                                                 **FOR LEAVE TO FILE BRIEFS**
13                  v.                           ***AMICI CURIAE***

14   CHAD F. WOLF, *et. al.*,                    **(ECF Nos. 600, 601)**

15                              Defendants.

16

17          Before the Court are two motions for leave to file *amici curiae* briefs in connection

18   with Plaintiffs' pending motion for summary judgment.  (ECF Nos. 600, 601.)  The first

19   is filed by Haitian Bridge Alliance, Institute for Justice & Democracy in Haiti, Ira

20   Kurzban, and Irwin Stotzky.   These amici indicate that both parties' counsel have

21   consented to its filing and that Defendants consented to the filing of a brief not exceeding

22   20 pages no later than October 27, 2020.  (*Id.*)  The second motion is filed on behalf of

23   fourteen organizations advocating for asylum seekers.[1]  (ECF No. 601.)  These amici also

24

25   _____
[1] The organizations are: Asian Law Alliance; Bet Tzedek; Catholic Charities Community Services,
26   Archdiocese of New York Division of Immigrant & Refugee Services; City Bar Justice Center; HIAS
     and Council Migration Services, Inc. of Philadelphia, d/b/a HIAS Pennsylvania; Immigrant Defense
27   Project; International Refugee Assistance Project; LatinoJustice PRLDEF; The Legal Project; Michigan
     Immigrant Rights Center; Pangea Legal Services; The Public Law Center; University of California Irvine
28   School of Law Immigrant Rights Clinic; and UnLocal, Inc.

                                                                        17cv2366

represent that the motion is unopposed and Defendants have consented to amicus curiae briefs filed by October 27, 2020.  (*Id.*)

"The district court has broad discretion to appoint amici curiae."  *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  This discretion is exercised with "great liberality" and "it is within [the Court's] discretion to allow it in any case when justified by the circumstances."  *N. Sec. Co. v. U.S.*, 191 U.S. 555, 556 (1903).  "Even when a party is very well represented, an amicus may provide important assistance to the court."  *Jamul Action Comm. v. Stevens*, No. 13-CV-01920-KJM-KJN, 2014 LEXIS 107582, at *18 (E.D. Cal. 2014) (quotation omitted).  "District courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the party are able to provide.'"  *NGV Gaming, Ltd. V. Upstream Point Molate, LLC*, 335 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)); *see also Cmty. Ass'n for Restoration of Env't (CARE) v. Deruyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

After reviewing the motion for leave and the proposed *Amici Curiae* briefs and in view of the parties' consent, the Court **GRANTS** both motions (ECF Nos. 600, 601).

**IT IS SO ORDERED.**

**DATED: October 28, 2020**

**Hon. Cynthia Bashant**
**United States District Judge**

- 2 -

17cv2366