MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  mmarmolejo@mayerbrown.com
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  olev@mayerbrown.com
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  smedlock@mayerbrown.com
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  melissa.crow@splcenter.org
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | Hearing Date: December 14, 2020 |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Defendants have represented that Mr. Wolf is the Acting Secretary of the U.S. Department of Homeland Security ("DHS"). Numerous courts disagree. *Casa de Md., Inc. v. Wolf*, 2020 WL 5500165, at *23 (D. Md. 2020); *Immigrant Legal Res. Ctr. v. Wolf*, 2020 WL 5798269, at *7-9 (N.D. Cal. 2020); *N.W. Immigrant Rts. Project v. USCIS*, 2020 WL 5995206, at *24 (D.D.C. 2020).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857


AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file under seal limited portions of their Reply Memorandum of Points and Authorities in Support of their Motion for Summary Judgment, and certain exhibits attached thereto, in order to protect sensitive law enforcement information contained in those documents from public disclosure.

As is explained in more detail in the accompanying Declaration of Stephen Medlock, the documents attached to Plaintiffs' Reply Memorandum of Points and Authorities in Support of their Motion for Summary Judgment consist of:

1) A document bearing the Bates number AOL-DEF-00090275;
2) A document bearing the Bates number AOL-DEF-00356565;
3) A document bearing the Bates number AOL-DEF-00023065;
4) A document bearing the Bates number AOL-DEF-00062658;
5) A document bearing the Bates number AOL-DEF-00238845;
6) A document bearing the Bates number AOL-DEF-00243111;
7) A document bearing the Bates number AOL-DEF-00539629;
8) A document bearing the Bates number AOL-DEF-00632354;
9) A document bearing the Bates number AOL-DEF-00632364;
10) A document bearing the Bates number AOL-DEF-00067823;
11) A document bearing the Bates number AOL-DEF-00067827;
12) A document bearing the Bates number AOL-DEF-00272878;
13) A document bearing the Bates number AOL-DEF-00242587;
14) A document bearing the Bates number AOL-DEF-00014800;
15) A document bearing the Bates number AOL-DEF-00210387;
16) A document bearing the Bates number AOL-DEF-00014832;
17) A document bearing the Bates number AOL-DEF-00014822;
18) A document bearing the Bates number AOL-DEF-00036065;

19) A document bearing the Bates number AOL-DEF-00040005;

20) A document bearing the Bates number AOL-DEF-00090819;

21) A document bearing the Bates number AOL-DEF-00210387;

22) A document bearing the Bates number AOL-DEF-00031410;

23) A document bearing the Bates number AOL-DEF-00030508;

24) A document bearing the Bates number AOL-DEF-00249063;

25) A document bearing the Bates number AOL-DEF-00249075;

26) A document bearing the Bates number AOL-DEF-00247296;

27) A document bearing the Bates number AOL-DEF-00247309;

28) A document bearing the Bates number AOL-DEF-00247380;

29) A document bearing the Bates number AOL-DEF-00247381;

30) A document bearing the Bates number AOL-DEF-00030448;

31) A document bearing the Bates number AOL-DEF-00280782;

32) A document bearing the Bates number AOL-DEF-00047694;

33) A document bearing the Bates number AOL-DEF-01272477;

34) A document bearing the Bates number AOL-DEF-01205190;

35) A document bearing the Bates number AOL-DEF-00235276;

36) A document bearing the Bates number AOL-DEF-00547009;

37) The July 10, 2020 Expert Report of Stephanie Leutert, which Plaintiffs have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order.

Defendants designated many of these documents as "Confidential" or "Attorneys' Eyes Only" under the Protective Order.[2] Moreover, the referenced documents contain detailed information concerning the operations of ports of entry

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

2   MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

on the U.S.-Mexico border that is not publicly known. As a consequence, the parties also seek to seal limited portions of Plaintiffs' Memorandum of Points and Authorities in Support of their Motion for Summary Judgment and the exhibits thereto that reference, discuss, and consist of these documents.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet that burden depend upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is related to the merits of the case, a party must offer "compelling reasons" to seal particular information. *Id.* at 1096-98.

Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing records exist when such 'court files might . . . become the vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. Therefore, the party seeking to seal documents must "make a particularized showing . . . supported by specific factual findings that outweigh the important public policies favoring disclosure of the document." *Unknown Parties v. Johnson*, 2016 WL 8199309, at *4

3       MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

(D. Ariz. 2016) (citation omitted). Thus, "blanket claims of privacy or law enforcement [need] are insufficient." *Al Otro Lado, Inc. v. Wolf*, 2020 U.S. Dist. LEXIS 141152, at *10 (S.D. Cal. 2020).

Here, the documents that Plaintiffs seek to file under seal would reveal confidential and sensitive information concerning how U.S. Customs and Border Protection ("CBP") deploys resources and its procedures for inspecting, processing, and detaining asylum seekers. Accordingly, Plaintiffs move to seal these materials.

Plaintiffs have conferred with the Government, and understand that the Government does not oppose this motion. In an effort to obviate the need for this Court to conduct a similar redaction exercise as in Dkt. 510, the parties will meet and confer about proposed redactions to these materials.

Therefore, Plaintiffs request that the Court grant this unopposed motion to seal limited portions of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Their Motion to for Summary Judgment and the exhibits thereto that reference, discuss, and consist of these documents.

Dated: October 30, 2020

    MAYER BROWN LLP
        Matthew H. Marmolejo
        Ori Lev
        Stephen M. Medlock

    SOUTHERN POVERTY LAW CENTER
        Melissa Crow
        Sarah Rich
        Rebecca Cassler

    CENTER FOR CONSTITUTIONAL RIGHTS
        Baher Azmy
        Ghita Schwarz
        Angelo Guisado

    AMERICAN IMMIGRATION COUNCIL

Karolina Walters

By: /s/ Stephen M. Medlock
Stephen M. Medlock

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on October 30, 2020, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*