# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>CHAD F. WOLF, *et. al.*, <br><br>　　　　　　　Defendants. | Case No. 17-cv-02366-BAS-KSC <br><br> **ORDER GRANTING MOTION FOR LEAVE TO FILE BRIEF AS** ***AMICI CURIAE*** <br><br> **(ECF No. 602)** |

Before the Court is a motion for leave to file a brief as *amici curiae* ("Motion") in connection with Plaintiffs' pending motion for summary judgment. (ECF No. 602.) Movants are The Center for Gender & Refugee Studies, Harvard Immigration & Refugee Clinical Program, and Boston University School of Law Immigrants' Rights and Human Trafficking Program ("Proposed Amici"). Defendants have not consented to filing an amicus brief after October 27, 2020, but the Proposed Amici state that because of delays caused by COVID-19 and other litigation, they were unable to submit the brief by that deadline.

"The district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). This discretion is exercised with "great liberality" and "it is within [the Court's] discretion to allow it in any case when justified by the circumstances." *N.*

1  *Sec. Co. v. U.S.*, 191 U.S. 555, 556 (1903).  "Even when a party is very well represented, an amicus may provide important assistance to the court." *Jamul Action Comm. v. Stevens*, No. 13-CV-01920-KJM-KJN, 2014 LEXIS 107582, at *18 (E.D. Cal. 2014) (quotation omitted).  "District courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the party are able to provide.'" *NGV Gaming, Ltd. V. Upstream Point Molate, LLC*, 335 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)); *see also Cmty. Ass'n for Restoration of Env't (CARE) v. Deruyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

The Court finds it appropriate to permit the filing of this brief.  The Proposed Amici seek to address "the status of the principle of non-refoulement under international law, including whether non-refoulement is an actionable norm of international law under the Alien Tort Statute and whether the Government's Turnback Policy violates this principle." (Mot. at 2.)  Considering that non-refoulement forms a distinct legal basis for Plaintiffs' claims and, according to Proposed Amici, is not briefed in detail by the parties in their briefs, the Court finds that the brief would assist the Court in the resolution of the issue on summary judgment.  (*Id.*; *see also* Second Am. Compl. ¶¶ 227–235, 294–303.)  Accordingly, the Court **GRANTS** the Motion (ECF No. 602).

**IT IS SO ORDERED.**

**DATED: November 2, 2020**

Hon. Cynthia Bashant
United States District Judge