MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **JOINT MOTION TO SEAL PORTIONS OF JOINT STATEMENT OF UNDISPUTED FACTS CONCERNING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

**INTRODUCTION**

The Parties respectfully request that this Court seal portions of the Joint Statement of Undisputed Material Facts (Joint Statement). The information to be sealed is the content of documents or other exhibits that are already subject to other motions to seal filed with the parties' motions for and oppositions to summary judgment. *See* ECF Nos. 532; 561; 583.

**I.  DEFENDANTS' ARGUMENT**

The Court should seal the proposed information. Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a party may still overcome the presumption of access. *Heldt v. Guardian Life Ins. Co. of America*, No. 16-cv-885, 2018 WL 5920029, at *1 (S.D. Cal. Nov. 13, 2018). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Thus, when the information to be protected is "more than tangentially related to the merits," parties must show compelling reasons to keep the information sealed. *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety*, 809 F.3d 1092, 1096–98); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). Compelling reasons include "when [] 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In certain circumstances, courts have allowed the *government* to file under seal material that contains confidential and sensitive government information that might endanger or undermine law enforcement's activities . . . where the government identifies the particular harm that

1  may result from the specific disclosure." *Music Grp. Macao Commercial Offshore*
2  *Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30,
3  2015) (internal citations omitted; emphasis in original); *see Hesterberg v. United*
4  *States*, No. C-13-01265 JSC, 2013 WL 6057068, at *2 (N.D. Cal. Nov. 15, 2013)
5  (finding compelling reasons to seal portions of documents that could "empower
6  criminal suspects who come in contact with . . . officers because they will be able to
7  predict the officer's actions.").

8      Defendants have set out their positions as to why the contents of certain ex-
9  hibits cited in the Joint Statement warrant sealing. *See* ECF Nos. 532 (motion to seal
10 exhibits filed with Plaintiffs' motions for summary judgment and to exclude Defend-
11 ants' expert testimony); 561 (motion to seal exhibits filed in conjunction with De-
12 fendants' opposition/cross-motion for summary judgment); 583 (motion to seal ex-
13 hibits filed with reply in support of Plaintiffs' motion to exclude Defendants' expert
14 testimony and opposition to Defendants' motion for summary judgment); 594 (re-
15 sponse in support of ECF No. 532). Defendants incorporate their reasoning and ar-
16 guments into this motion to seal. Accordingly, the Court should seal portions of the
17 Joint Statement of Undisputed Material Facts.

## II. PLAINTIFFS' ARGUMENT

19     Plaintiffs do not dispute Defendants' argument that certain sections of the
20 Joint Statement of Undisputed Fact should be filed under seal.

21 Dated: November 6, 2020                 Respectfully submitted,

MAYER BROWN LLP
    Matthew H. Marmolejo
    Ori Lev
    Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER

3

        Melissa Crow
        Sarah Rich
        Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
        Baher Azmy
        Ghita Schwarz
        Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
        Karolina Walters


By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*


JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation

4

JOINT MOT. TO SEAL
PORTIONS OF JOINT STATEMENT
OF UNDISPUTED FACTS

District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4281| Fax: (202) 305-7000
dhruman.y.sampat@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: November 6, 2020

        *s/ Dhruman Y. Sampat*
        DHRUMAN Y. SAMPAT
        Trial Attorney
        U.S. Department of Justice
        Civil Division
        Office of Immigration Litigation
        District Court Section
        P.O. Box 868, Ben Franklin Station
        Washington, D.C. 20044
        Tel: (202) 532-4281| Fax: (202) 305-7000
        dhruman.y.sampat@usdoj.gov

        *Counsel for Defendants*