1  JEFFREY BOSSERT CLARK
2  Acting Assistant Attorney General,
   Civil Division
3  WILLIAM C. PEACHEY
4  Director, Office of Immigration Litigation –
   District Court Section
5  KATHERINE J. SHINNERS (DC 978141)
6  Senior Litigation Counsel
   United States Department of Justice
7  Civil Division
8  Office of Immigration Litigation
   P.O. Box 868, Ben Franklin Station
9  Washington, D.C. 20044
10 Tel: (202) 307-8704 | Fax: (202) 305-7000
   katherine.j.shinners@usdoj.gov
11 ALEXANDER J. HALASKA (IL 6327002)
12 DHRUMAN Y. SAMPAT
13 Trial Attorneys

14
   *Counsel for Defendants*
15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL PORTIONS OF THEIR MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| CHAD F. WOLF, Acting Secretary of Homeland Security, *et al.*, in their official capacities, | |
| *Defendants*. | |

Defendants respectfully move this Court, without opposition, to seal portions of their Memorandum of Contentions of Fact and Law. Defendants seek to seal port-specific capacity and processing information and contingency planning, information regarding intelligence shared with foreign governments, information about internal governmental deliberations, and personal contact information for government employees. Defendants will contemporaneously file a public version of the Memorandum with this sensitive information redacted.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet that burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is related to the merits of the case, a party must offer "compelling reasons" to seal particular information. *Id.* at 1096–98. Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing records exist when such 'court files might ... become the vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. Therefore, the party

seeking to seal documents must "make a particularized showing ... supported by specific factual findings that outweigh the important public policies favoring disclosure of the document." *Unknown Parties v. Johnson*, 2016 WL 8199309, at *4 (D. Ariz. 2016) (citation omitted).

Here, the information that Defendants seek to file under seal consists of the type of information that the Court previously held warranted sealing, specifically:

- Sensitive information about the specific operations of specific POEs, including specifics regarding capacity, processing, and intake numbers (*e.g.*, Contentions of Fact ¶¶ 72, 78-79, 127, 130);
- Contact information of individual U.S. government employees;
- Intelligence obtained from foreign governments (*e.g.*, Contentions of Fact ¶¶ 124-125);
- Internal agency deliberations about potential courses of action (*e.g.*, Contentions of Fact ¶ 102);
- Contingency planning for ports of entry to the United States, including details regarding how to respond to emergency events (*e.g.*, Contentions of Fact ¶ 103); and
- Communications and coordination between CBP and the government of Mexico (*e.g.*, Contentions of Fact ¶¶ 124-125, 130).

The Court previously determined that this type of information warranted sealing when submitted in connection with Plaintiffs' Motion for Class Certification. *See* Order on Motions to Seal Class Certification Papers (Aug. 6, 2020), ECF No. 510, at 10-11, 14, 18-19, 20, 21 & Appendix A; Order on Rule 72(a) Objections (2020), ECF No. 543 at 7.  Defendants submit that the information thus should be permitted to be filed under seal in this context as well, to prevent the same harms set forth in Defendant's prior submissions in support of sealing: disclosure of sensitive information that could compromise port and border security, threaten the personal safety of government employees, and have a chilling effect on internal deliberations and

cross-border cooperation and communication.

 The parties have conferred, and Plaintiffs do not oppose the relief sought in this motion. Therefore, Defendants request that the Court grant this unopposed motion to seal.

DATED: November 9, 2020    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
Katherine.j.shinners@usdoj.gov

*Counsel for Defendants*