JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | **EXHIBIT 2** |
| v. | *Lodged Under Seal* |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants.* | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Al Otro Lado, Inc., *et al.*,     )
     *Plaintiffs,*     )
     )
     )
v.     )     No. 3:17-cv-02366-BAS-KSC
     )
Chad F. Wolf, *et al.*,     )
     *Defendants.*     )
_____)

## DECLARATION OF Karla Moya

I, Karla Moya, pursuant to 28 U.S.C. § 1746, and based upon personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows relating to the above-captioned matter.

1.     I am employed by the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Office of the Principal Legal Advisor (OPLA) San Diego office as a Legal Assistant.  I have worked as a Legal Assistant since March 2018.  In my position, I assist with receiving filings and orders via mail and eService from opposing parties and the Executive Office of Immigration Review (EOIR).

2.     Attached hereto as Exhibit A is a true and accurate copy of the Respondent's Motion to Reopen and Grant a Credible Fear Interview as received by the Office of Chief Counsel, U.S. Immigration and Customs Enforcement.

3.     Attached hereto as Exhibit B is a true and accurate copy of the Rejected Filing, Notice to Attorney or Representative from the Executive Office for Immigration Review (EOIR) as received by the Office of Chief Counsel, U.S. Immigration and Customs Enforcement.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my

knowledge and belief.

Executed this 16th day of October 2020.

_____

Karla Moya
Legal Assistant
OPLA San Diego
U.S. Immigration and Customs Enforcement
Department of Homeland Security

# EXHIBIT A

Shoshana Kushner (EOIR ID: UU784403)
IMMIGRANT DEFENDERS LAW CENTER
303 A Street, Suite 305
San Diego, CA 92101
Tel: (213) 475-9639
Fax: (619) 550-3851
Email: SKushner@immdef.org

**DETAINED**

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## OTAY MESA, CALIFORNIA

| | |
|---|---|
| In the Matter of | ) File No. A ██████████ |
| | ) |
| ███████████████████████ | ) Immigration Judge: Olga Attia |
| | ) |
| Respondent, | ) Next Hearing: |
| | ) |
| In Removal Proceedings | ) Time: |
| | ) |

## RESPONDENT'S MOTION TO REOPEN AND GRANT A CREDIBLE FEAR INTERVIEW

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**OTAY MESA, CALIFORNIA**

| | |
|---|---|
| In the Matter of ) | File No. A ███████████ |
| ███████████████████ ) | |
| ) | Immigration Judge: Olga Attia |
| Respondent, ) | |
| ) | |
| In Removal Proceedings ) | |

## RESPONDENT'S MOTION TO REOPEN AND GRANT A CREDIBLE FEAR INTERVIEW

### I.     INTRODUCTION

Respondent Ms. ███████████████████ through undersigned counsel,

hereby moves the Otay Mesa Immigration Court to reopen her removal proceedings and grant a

credible fear interview based on the recent change of law applicable to her case.

### II.     FACTS AND PROCEDURAL HISTORY

Ms. Wouagou Leumbou is a 32-year-old native and citizen of ███████ On November

14, 2019, she appeared for a hearing for review of DHS Credible Fear Determination before

Judge Attia of the Immigration Court in Otay Mesa, California. Ms. ███████████████

requested that the Judge Attia review the DHS' negative credible fear finding at that hearing.

The court affirmed DHS' negative credible fear determination finding that Ms. ███████

█████████ was subject to the safe third country bar under 8 C.F.R. § 208.13(c)(4). The safe third

country bar was one of the reasons Ms. ███████████████ negative credible fear finding was

affirmed.

On June 30, 2020, the District Court for the District of Columbia issued an order finding

the rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July

16, 2019), unlawful and invalid due to a failure to comply with the Administrative Procedure

Act's notice-and-comment requirements. *Capital Area Immigrants' Right Coalition v. Trump*,

Case No. 1:19-cv-02117-TJK, Dkt. No. 71; Dkt. No. 72 at 2 (June 30, 2020). *See* Tab B. The

entire rule was vacated. *Id.*, Dkt. No. 71; Dkt. No. 72 at 52. The court declined the government's

invitation to remand without vacatur or issue a stay of vacatur. *Id.*, Dkt. No. 72 at 52.

Accordingly, the Asylum Ban, codified at 8 C.F.R. § 208.13(c)(4), and contained within the rule

entitled "Asylum Eligibility and Procedural Modifications," should no longer be considered a bar

to requesting asylum.

## III.   VENUE AND JURISDICTION

Venue is proper where the case last rested. The last action in this case was the November

14, 2019 order signed by Judge Attia at the Otay Mesa Immigration Court. *See* Tab A. Therefore,

venue is proper at the Otay Mesa Immigration Court.

Respondent files this motion to reopen pursuant to 8 C.F.R. § 1003.23(b)(1) and § 5.7 of

the Immigration Court Practice Manual. In the alternative, Respondent requests that the Court

reopen this case *sua sponte*, under the same regulation. 8 C.F.R. § 1003.23(b)(1). The Court may

*sua sponte* reopen this case at any time. *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116 (9th

Cir. 2019).

### a.   The 90-day Deadline For Filing The Motion To Reopen Should Be Equitably Tolled

In general, a motion to reopen must be filed within 90 days of the date of entry of a final

administrative order of removal, deportation, or exclusion. *See* 8 C.F.R. § 1003.21(b)(1).

However, the 90-day deadline is amendable to equitable tolling. *Socop-Gonzalez v. Lynch*, 798

F.3d 917, 920 (9th Cir. 2015) (holding that the deadline for filing a motion to reopen is subject to equitable tolling).

The filing deadline may be tolled until the petitioner, exercising due diligence, discovers the fraud, deception, or error. *Sun v. Mukasey*, 555 F.3d 802, 806 (9th Cir. 2009) (concluding that petitioner was entitled to equitable tolling where she acted with due diligence). In *Avagyan v. Holder*, the Ninth Circuit set for the test for determining whether a petitioner has exercised due diligence:

> [T]o assess whether petitioner exercised due diligence, [the court] consider[s] three issues. First, we determine if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen. Second, we ascertain whether petitioner took reasonable steps to investigate the suspected fraud or error, or, if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief. ... Third, we assess when the tolling period should end; that is when petitioner definitively learns of the harm resulting from counsel's deficiency, or ***obtains vital information*** bearing on the existence of his claim.

*Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (emphasis added).

This motion to reopen is outside of the normal 90-day filing window since the Respondent's order of removal was signed on November 14, 2019. However, the District Court for the District of Columbia's order vacating the safe third country bar to asylum was entered on June 30, 2020. This recent ruling and change in law make Ms. ███████████████ eligible for asylum. She is accordingly filing this motion to reopen after learning of her new eligibility within 90 days of the aforementioned order. Ms. ███████████████ has exercised due diligence to bring this motion to reopen, as it was not possible to file a motion to reopen prior to entry of this order on June 30, 2020.

Ms. ███████████ and the undersigned *pro bono* counsel worked diligently, amongst counsel's other deadlines and the difficulties posed by the COVID-19 outbreak, to

gather the pertinent evidence, and prepare this motion for submission before the court.

Respondent has acted diligently to protect her rights and the 90-day deadline should be equitably

tolled on account of the basis for the motion only becoming possible  on June 30, 2020 when

there was a change in asylum law and this motion being filed within 90 days of the date the law

changed.

## IV.   AUTHORITY AND ARGUMENT

### a.   A Motion to Reopen Is Warranted Because the trict Court of the District of Columbia's Recent Decision, Now Makes Respondent Eligible For Asylum

A motion to reopen is proper when there is new law or intervening circumstances that

might change the result in the case. Immigration Court Practice Manual § 5.7; *INS v. Rios-*

*Pineda*, 471 U.S. 444 (1985); *Matter of S-Y-G-*, 24 I&N Dec. 247 (BIA 2007). As of June 30,

2020, the Respondent is newly eligible for asylum under the ruling of the District Court of the

District of Columbia's ruling in *Capital Area Immigrants' Right Coalition v. Trump*, Case No.

1:19-cv-02117-TJK, Dkt. No. 71; Dkt. No. 72 at 2 (June 30, 2020). A brief and relevant

overview of the litigation follows.

On July 16, 2019, the Department of Homeland Security (DHS) altered years of asylum

law by requiring asylum seekers to seek protection elsewhere prior to entering the United States.

The U.S. Government instituted a ban on asylum eligibility for all individuals who transited

through a third country before reaching the United States at the southern land border (the "Safe

Third Country Bar to Asylum"). It states in relevant part:

> [A]n alien who enters or attempts to enter the United States across the
> southern border after failing to apply for protection in a third country
> outside the alien's country of citizenship, nationality, or last lawful
> habitual residence through which the alien transited en route to the
> United States is ineligible for asylum.

Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829, 33,843 (July 16, 2019)

(codified at 8 C.F.R. § 208.13(c)(4)).

On November 14, 2019, the date of Ms. ████████████ Review of Credible Fear

Determination hearing with the Immigration Judge, the Safe Third Country Bar to Asylum was

in effect. Judge Attia held that the bar applied to Ms. ████████████ and she affirmed the

negative credible fear determination by DHS based partially on 8 CFR 1208.13(c)(4). *See* Tab A,

IJ's Order.

      **b. Given The Recent Change In Law, The Immigration Court Should Reopen This
Case And Exercise Its Discretion To Grant Ms. ██████████████ Another
Credible Fear Interview**

The asylum bar codified at 8 C.F.R. 1208(c)(4) was one of the reasons Ms. ████████

████████ received a negative credible fear finding and was issued a final order of removal. *See*

Tab C. The court affirmed the negative credible fear finding in part based on discrepancies

between Ms. ████████████ credible fear interviews and previous visa applications from

several years earlier. However, based on the recent change in law allowing Ms. ████████

████████ to become eligible for asylum, she should be given an opportunity to clear up any

misunderstandings at her credible fear interview.

Ms. ████████████ now moves the court to reopen her removal proceedings and

grant her another credible fear interview. As the immigration court has previously found that Ms.

████████████ was not credible based in part on the now-vacated regulation codified at

8 C.F.R. § 208.13(c)(4)), Ms. ████████████ respectfully requests the Court reopen these

proceedings and exercise its discretion to grant Ms. ████████████ another credible fear

interview.

## V.    CONCLUSION

For the foregoing reasons, the Court should reopen Ms. ██████████████ removal

proceedings and grant her another credible fear interview based on the newly issued order in

*Capital Area Immigrants' Right Coalition v. Trump*, Case No. 1:19-cv-02117-TJK, Dkt. No. 71;

Dkt. No. 72 at 2 (June 30, 2020). If the Court finds that it requires additional fact finding on the

issues before it, Respondent requests that the Court schedule a Master Calendar Hearing to take

further testimony.


Dated: August 24, 2020

Respectfully submitted,

Shoshana Kushner
*Pro Bono Attorney for Respondent*

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**OTAY MESA, CALIFORNIA**

| | |
|---|---|
| In the Matter of | ) File No. A ███████ |
| | ) |
| ███████████████████ | ) Immigration Judge: Olga Attia |
| | ) |
| Respondent, | ) |
| | ) |
| In Removal Proceedings | ) |
| | ) |

## ORDER OF THE IMMIGRATION JUDGE

Upon consideration of the Respondent's Motion to Reopen, it is HEREBY ORDERED that the motion be □ **GRANTED** □ **DENIED** because:

       □ DHS does not oppose the motion.
       □ The Respondent does not oppose the motion.
       □ A response to the motion has not been filed with the court.
       □ Good cause has been established for the motion.
       □ The court agrees with the reasons stated in the opposition to the motion.
       □ The motion is untimely per _____.
       □ Other:

Deadlines:

       □ The application(s) for relief must be filed by _____.
       □ The respondent must comply with DHS biometrics instructions by _____.

_____
Date

_____
Immigration Judge: Olga Attia

Certificate of Service
This document was served by:    [ ] Mail    [ ] Personal Service [ ] E-service
To:   [ ] Alien   [ ] Alien c/o Custodial Officer    [ ] Alien's Atty/Rep    [ ] DHS
Date: _____      By: Court Staff _____

# TAB A

IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA  92154

In the Matter of:                        Case No:  A▮▮▮▮▮

▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮     IN: CREDIBLE FEAR REVIEW PROCEEDINGS

_____ Respondent

ORDER OF THE IMMIGRATION JUDGE

On Nov 14, 2019 at 08:30 A.M. a review of the DHS Credible Fear Determination
was held in the matter noted above.  Testimony [X] was  [ ] was not
taken regarding the background of the Applicant and the Applicant's fear
of returning to his/her country of origin or last habitual residence.

After consideration of the evidence, the Court finds that the Applicant
[ ] has  [X] has not established a significant possibility that he/she
would be persecuted on the basis of his/her race, religion, nationality,
membership in a particular social group, or because of his/her political
opinion.

The Court further finds that the Applicant [ ] has [X] has not
established a significant possibility that he/she would be intentionally
subjected to serious physical or mental harm inflicted by, or at the
instigation of, or with the consent or acquiescence of, a government official
or other person acting in an official capacity.

ORDER:  It is hereby ordered that the decision of the immigration officer is:

[X]  Affirmed, and the case is returned to the DHS for removal of the
     alien.

[ ]  Vacated.

This is a final order.  There is no appeal available.

DONE and ORDERED this ___14th___ day of ___November___ 20 _19_.

* Respondent not
credible in totality
of circumstances.

ATTIA, OLGA E.
Immigration Judge

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (P)
TO:  [X] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: _11/14/19_  BY:  COURT STAFF _OSH_
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

U2

# TAB B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAPITAL AREA IMMIGRANTS' RIGHTS
COALITION *et al.*,

      *Plaintiffs*,

    v.

DONALD J. TRUMP *et al.*,

      *Defendants*.

Civil Action No. 19-2117 (TJK)

I.A. *et al.*,

      *Plaintiffs*,

    v.

WILLIAM BARR *et al.*,

      *Defendants*.

Civil Action No. 19-2530 (TJK)

## ORDER

For the reasons stated in the Court's Memorandum Opinion, *Capital Area Immigrants' Rights Coalition (CAIR) v. Trump,* No. 19-cv-2117, ECF No. 72 (D.D.C. June 30, 2020), *I.A. v. Barr*, No. 19-cv-2530, ECF No. 55 (D.D.C. June 30, 2020), it is hereby **ORDERED** that Plaintiffs' Motions for Summary Judgment, *CAIR* ECF No. 41, *I.A.* ECF No. 6, are **GRANTED**; it is further

**ORDERED** that Defendants' Cross-Motions for Summary Judgment, *CAIR* ECF No. 43, *I.A.* ECF No. 17, are **DENIED**; and it is further

**ORDERED** that the interim final rule, Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829 (July 16, 2019), is **VACATED.**

This is a final, appealable Order.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 30, 2020

**TAB C**

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services

**Record of Negative Credible/Reasonable Fear Finding and Request For Review by Immigration Judge for Aliens Barred From Asylum Pursuant to 8 CFR 208.13(c)(4)**

Alien File Number: ▆▆▆▆▆▆

**1.    To be explained to the alien by the asylum officer:**

A. U.S. Citizenship and Immigration Services (USCIS) has determined that you are an alien described in 8 CFR 208.13(c)(4) and therefore, you have not established a credible fear because you cannot show a significant possibility of establishing eligibility for asylum.

B. You have not established a reasonable fear with respect to your application for withholding of removal under INA 241(b)(3) or withholding or deferral of removal under the Convention Against Torture pursuant to 8 CFR 208.16 for the following reason(s):

☐   You have not established a reasonable fear of persecution in a country to which you have been ordered removed because:
- ☐   You have not indicated that you were harmed in the past and you have not expressed fear of future harm.
- ☐   There is no reasonable possibility that the harm you experienced and/or the harm you fear is on account of your race, religion, nationality, political opinion, or membership in a particular social group.
- ☐   You have not indicated that you were harmed in the past, or there is no reasonable possibility that the past harm or the harm you fear in the future constitutes persecution.
- ☐   There is no reasonable possibility that you would suffer the harm you fear.
- ☐   You could reasonably avoid persecution by relocating within your country.

**AND**

☐   You have not established a reasonable fear of torture in a country to which you may be removed because you have not established that there is a reasonable possibility that:
- ☐   You would suffer severe physical or mental pain or suffering.
- ☐   The harm you fear would be specifically intended to inflict severe physical or mental pain or suffering.
- ☐   The harm you fear would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity.
- ☐   The harm you fear would be inflicted while you are in the custody or physical control of the offender.
- ☐   The harm you fear would not arise only from, would not be inherent in, and would not be incidental to, lawful sanctions.

C. ☒   Considering the totality of the circumstances and all relevant factors, you have not established that your testimony is credible.

Therefore, you are ordered removed from the United States. You may request that an Immigration Judge review this decision.

If you request that an Immigration Judge review this decision, you will remain in detention until an Immigration Judge reviews your case. That review could occur as long as 7 days after you receive this decision.

If you indicate below that do not request that an Immigration Judge review the decision, you may be removed from the United States immediately.

**2.    To be completed by the alien:**

☒   Yes, I request Immigration Judge review of the decisions that I do not have a credible fear of persecution or torture and that I do not have a reasonable fear of persecution or torture.

☐   No, I do not request Immigration Judge review of the decisions that I do not have a credible fear of persecution or torture and that I do not have a reasonable fear of persecution or torture.

| | | |
|---|---|---|
| ▆▆▆▆▆▆ | | ▆▆▆▆▆▆ |
| Applicant's Last Name/ Family Name (Print) | Applicant's First Name (Print) | Applicant's Signature |
| Cronley | B | 11/8/19 |
| Asylum Officer's Last Name (Print) | Asylum Officer's First Name, (Print) | Date |

The contents of this form were read and explained to the applicant in the _____French_____ language.

Interpreter used:   LL 207211

By telephone (list interpreter service /ID number used _____ ).

In person (I, _____ , certify that I am fluent in both the _____ and English languages. I interpreted the above information completely and accurately to the alien.)

_____        _____
Interpreter's Signature                      Date

Form I-869A (7/16/19)

**In the Matter of:** 
**A#:**

## PROOF OF SERVICE

On <u>08/24/2020</u>, I, <u>Shoshana Kushner</u> served a copy of this RESPONDENT'S MOTION TO
REOPEN and any attached pages to the Department of Homeland Security, Office of the Chief
Counsel at 7488 Calzada de La Fuente, San Diego, CA 92154 by [ ] personal delivery [ ] first-
class mail [ X ] ICE eService.

<u>Signature</u>

<u>08/24/20</u>
Date

# EXHIBIT B



**U.S. Department of Justice**

Executive Office for Immigration Review

*Immigration Court*

*San Diego Immigration Court*
*401 West "A" Street, Suite 800*
*San Diego, California 92101*

**Shoshana Kushner**                          **Office Of Chief Counsel**
**Immigrant Defenders Law Center**           **Otay Mesa Detention Center**
**303 A Street Suite 305**                    **PO Box 438150**
**San Diego, CA 92101**                       **San Diego, CA 92193-8150**

Name: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

A ▮▮▮▮▮▮▮                                      **Date of Notice: September 8, 2020**

## REJECTED FILING
## NOTICE TO ATTORNEY OR REPRESENTATIVE

*This notice is to inform you that the filing received by the Immigration Court on  September 2, 2020,*
*is being rejected for the reasons given below. We have returned your filing and all attachments for*
*correction of the defects. If you return the documents, you must return them promptly to the*
*Immigration Court. See Practice Manual Chapter 3.1(d)(i). You must also attach this rejection*
*notice to the documents. In addition, you must serve a copy of the corrected filing on the*
*Department of Homeland Security.*

**Documents being rejected:** **MOTION TO REOPEN AND GRANT CREDIBLE FEAR**
**INTERVIEW.**

☐ **No Proof of Service** – The filing did not include a proof of service. An exact copy of
your filing must be served on the opposing party. *See Practice Manual Chapter 3.2 and*
*Appendix G.*

☐ **Improper Proof of Service** – The Proof of Service does not comply with the applicable
requirements. *See Practice Manual Chapter 3.2 and Appendix G.*

☐ **No Fee Receipt, Other Proof of Payment, or Fee Waiver Request** – There is a fee
required for this filing. The fee must be paid to the Department of Homeland Security.
You did not provide a fee receipt, other proof of payment, or fee waiver request. *See*
*Practice Manual Chapter 3.4.*

☐ **Fee Incorrectly Paid to Court** – You have attached a check or money order to this
filing. The Immigration Court does not accept fees. For filings that require fees, you
must submit the fee to the Department of Homeland Security. *See Practice Manual*
*Chapter 3.4.*

☐ **No Name** – The filing is missing the respondent's name. *See Practice Manual Chapter*
*3.3 and Appendix F.*

☐ **No A-Number** – The filing is missing the respondent's A-number. *See Practice Manual*
*Chapter 3.3 and Appendix F.*

☐ **No Notice of Entry of Appearance** – No Notice of Entry of Appearance (Form EOIR-28) has been filed indicating that you are the attorney or representative of record. Until you have filed a Form EOIR-28 with the court, you cannot represent this respondent before the court. *See Practice Manual Chapter 2.1.*

☐ **Other Counsel Entered** – A properly filed Form EOIR-28 indicates that the respondent is presently being represented by another attorney or accredited representative. The court cannot accept your Form EOIR-28 until you either file a motion to substitute or annotate your Form EOIR-28 to reflect an "on-behalf-of" appearance or an appearance as co-counsel, as appropriate. *See Practice Manual Chapter 2.3.*

☐ **Incorrect Filing Location (Case at Court)** This Immigration Court is not, at this time, the correct filing location. Our records indicate that the _____ Immigration Court is the correct filing location.

☐ **Incorrect Filing Location (Case at BIA)** – This Immigration Court is not, at this time, the correct filing location. Our records indicate that the Board of Immigration Appeals is the correct filing location.

☐ **Case not Pending** – According to our records, this case is not pending before this Immigration Court, nor does it appear in our national computer database as pending before any Immigration Court. Please check the A-number and name of the respondent and/or contact the Department of Homeland Security regarding the filing of a Notice to Appear. The Immigration Court cannot schedule a hearing or take any action unless the Department of Homeland Security has filed the charging document with the Immigration Court.

☐ **Missing or Improper Signature** – The filing is not properly signed. Most filings require an original signature by the filing party. *See Practice Manual Chapter 3.3(b).*

☐ **No Translation or Improper Translation** – You did not provide an English translation for a foreign language document, or you provided an improper translation. *See Practice Manual Chapter 3.3(a).*

☐ **No Cover Page** – You did not provide a cover page. *See Practice Manual Chapter 3.3(c)(vi) and Appendix F.*

☐ **Not Two-Hole Punched** – The filing was not two-hole punched. *See Practice Manual Chapters 3.3(c)(iv) and 3.3(c)(viii).*

☐ **No Pagination** – The filing was not page-numbered. *See Practice Manual Chapter 3.3(c)(iii).*

☐ **No Proposed Order** – You filed a motion seeking a ruling but did not provide a proposed order. *See Practice Manual Chapter 5.2(b) and Appendix Q.*

☒ **Other: <u>An Immigration Judge's negative credible fear decision is final, but the Department of Homeland Security may reconsider a negative credible fear finding. 8 C.F.R. § 1208.30(g)(2)(iv)(A)</u>**

*The Immigration Court Practice Manual may be found at <u>www.usdoj.gov/eoir</u>.*

---

Certificate of Service

This document was served by:    ☒ Mail    ☐ Personal Service
To:    ☐ Alien    ☐ Alien c/o Custodial Officer    ☒ Alien's Att/Rep    ☒ DHS
Date: **September 8, 2020**    By: Court Staff _VM_
Attachments: ☐ EOIR-33    ☐ EOIR-28    ☐ Legal Services List    ☐ Other

Shoshana Kushner (EOIR ID: UU784403)
IMMIGRANT DEFENDERS LAW CENTER
303 A Street, Suite 305
San Diego, CA 92101
Tel: (213) 475-9639
Fax: (619) 550-3851
Email: SKushner@immdef.org

**DETAINED**

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## OTAY MESA, CALIFORNIA

| | |
|---|---|
| In the Matter of ) | File No. A█████████ |
| ) | |
| ███████████████████ ) | Immigration Judge: Olga Attia |
| ) | |
| Respondent, ) | Next Hearing: |
| ) | |
| In Removal Proceedings ) | Time: |
| ) | |

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

SEP 0  2020

IMMIGRATION COURT
OTAY MESA (OTM)

## RESPONDENT'S AMENDED MOTION TO REOPEN AND GRANT A CREDIBLE
## FEAR INTERVIEW