MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**NOTICE OF ADDITIONAL EXHIBITS IN SUPPORT OF PLAINTIFFS' *EX PARTE* EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION AND TEMPORARILY ENJOIN REMOVAL OF PRELIMINARY INJUNCTION CLASS MEMBER**<br><br>***PORTIONS FILED UNDER SEAL*** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

NOTICE RE: ADDITIONAL EXHIBITS IN SUPPORT
OF EMERGENCY MOTION

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

NOTICE RE: ADDITIONAL EXHIBITS IN
SUPPORT OF EMERGENCY MOTION

## NOTICE OF ADDITIONAL EXHIBITS IN SUPPORT OF PLAINTIFFS' *EX PARTE* EMERGENCY MOTION

With this Notice, Plaintiffs provide additional exhibits in support of their *Ex Parte* Emergency Motion to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member (Emergency Motion). ECF 574. Plaintiffs will address the legal arguments raised in Defendants' Opposition to the Emergency Motion (Opposition) at the hearing scheduled for October 19, 2020. *See* ECF 576.

Defendants' Opposition challenges the evidence presented by Plaintiffs to demonstrate the Applicant's status as a member of the class certified by the Court for purposes of preliminary injunctive relief (AOL PI Class). *See* ECF 330 at 21 (certifying a class consisting of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the Government's metering policy, and who continue to seek access to the U.S. asylum process"). While Plaintiffs believe the evidence already before the court is sufficient to grant Plaintiffs' Emergency Motion, in light of the evidentiary challenges raised by the Defendants,[2] Plaintiffs hereby provide the following additional evidence:

- Exhibit 1 is the Declaration of the Applicant. This declaration confirms the facts that demonstrate that she is a member of the AOL

---

[2] Defendants' assumption that the rules of evidence should be applied in the context of a request for preliminary relief as they would be at trial is simply wrong. *See* ECF 576 at 10-12. TROs and preliminary injunctions are "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas v. Camensich*, 451 U.S. 390, 395 (1981). As a result, the Ninth Circuit and district courts routinely reject challenges to the admissibility of evidence offered in support of a motion for a temporary restraining order or preliminary injunction. *See, e.g.*, *Flynt Distributing Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984); *Johnston v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009); *Republic of Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988); *Herb Reed Enters., LLC v. Fla. Entm't Mgmt.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013); *Earth Island Inst. v. Nash*, 2020 U.S. Dist. LEXIS 71185, at *22 (E.D. Cal. 2020); *Doe v. Barr*, 2020 U.S. Dist. LEXIS 64459, at *2, n.4 (N.D. Cal. 2020).

NOTICE RE: ADDITIONAL EXHIBITS IN
SUPPORT OF EMERGENCY MOTION

1    PI Class.

2    • Exhibit 2 is the Declaration of Karen Galvan. This declaration further

3    authenticates photos of the Tijuana waitlist showing Applicant's

4    name and waitlist number listed on June 5, 2019;[3]

5    • Exhibit 3 is the Declaration of Shoshana Kushner. This declaration

6    attaches the Applicant's Form I-870 dated April 14, 2020, which was

7    not included in Defendants' voluminous filing of documents related

8    to Applicant's case, showing that as of April 14, 2020, Defendants

9    had determined the Applicant's identity "with a reasonable degree of

10   certainty" based on the "Applicant's own credible statements" and

11   "DHS Records."

12   Defendants' misleading, confusing, and incomplete questioning of the

13   Applicant on March 25, 2019, does not contradict Plaintiffs' evidence of the

14   Applicant's class membership. *Compare* ECF 587-1 at 148-49 (records from

15   Defendants' interview of the Applicant noting she "tried to cross the border in

16   San Ysidro" once, on July 29, 2019; that she did not "place [her] name on a list to

17   enter the US through a port of entry *besides* San Ysidro on July 29, 2019"

18   (emphasis added); and that she "never *wrote [her] name down* on a list")

19   (emphasis added) *with* Declaration of the Applicant ¶¶ 6-10, 12-14 (explaining

20   that the Applicant never attempted to enter the United States "either at the port or

21   away from the port" on her own because she "wanted to follow the proper

22   process," so she had her name added to the list on June 5, 2019, and waited her

23   turn; that a list manager, not the Applicant, wrote the Applicant's name on the

24   waitlist; that she is very familiar with the Tijuana waitlist process because she

25   _____

26   [3] The file size of the photos of the Tijuana waitlist for the period from March 24, 2019 to July 17, 2019 and the Mexicali waitlist for the period from April 2019 to July 2019 (*see* Declaration of Karen Galvan ¶¶ 5, 10; ECF 574-3 ¶ 17) is too large

27   to be filed on the CM/ECF system. If the Court and Defendants would like a copy of these files, Plaintiffs will provide the files in another format, such as a CD or a

28   link to download the files from a cloud-based file storage system such as Box.com.

NOTICE RE: ADDITIONAL EXHIBITS IN
SUPPORT OF EMERGENCY MOTION

1  volunteered with Mexican immigration to help manage the lines of people waiting
2  to put their names on the list; that she did not understand the purpose of the March
3  25, 2019 interview; and that if she had been asked about putting her name on the
4  waitlist in Tijuana she would have been able to explain that process).

5        Defendants' cavalier attitude to ascertaining whether individuals are
6  members of the AOL PI Class—and their asserted position that AOL PI Class
7  members such as Applicant who had a final order of removal prior to November
8  19, 2019 but had not yet been removed at the time of the preliminary injunction
9  are not entitled to relief under the injunction—highlights the importance of the
10 Court clarifying the scope of the preliminary injunction and Defendants'
11 concomitant obligations under it. *See* ECF 494 (Plaintiffs' Motion for
12 Clarification of the Preliminary Injunction). Plaintiffs will be prepared to address
13 Defendants' legal arguments—including explaining why the evidence is
14 sufficient to demonstrate that the Applicant is a member of the AOL PI Class,
15 why the Applicant is entitled to the protections of the preliminary injunction, and
16 the importance of a ruling on the pending Motion for Clarification of the
17 Preliminary Injunction—at the hearing on the Emergency Motion.

18
19 Dated: October 19, 2020                    MAYER BROWN LLP
20                                                Matthew H. Marmolejo
                                                 Ori Lev
21                                               Stephen M. Medlock
22                                            SOUTHERN POVERTY LAW
23                                            CENTER
                                                 Melissa Crow
24                                               Sarah Rich
25                                               Rebecca Cassler
26                                            CENTER FOR CONSTITUTIONAL
27                                            RIGHTS
                                                 Baher Azmy
28                                               Ghita Schwarz

5                    NOTICE RE: ADDITIONAL EXHIBITS IN
                     SUPPORT OF EMERGENCY MOTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Angelo Guisado

AMERICAN IMMIGRATION
COUNCIL
Karolina Walters

By: */s/ Ori Lev*
Ori Lev

*Attorneys for Plaintiffs*

NOTICE RE: ADDITIONAL EXHIBITS IN
SUPPORT OF EMERGENCY MOTION

1

## **CERTIFICATE OF SERVICE**

2          I HEREBY CERTIFY that on October 19, 2020 a copy of the foregoing joint

3   status conference statement was served on all counsel of record via CM/ECF.

4                    *s/Ori Lev*

5                    Ori Lev

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE RE: ADDITIONAL EXHIBITS IN SUPPORT
OF EMERGENCY MOTION