MAYER BROWN LLP
Matthew H. Marmolejo (CA Bar No. 242964)
*mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Ori Lev (DC Bar No. 452565)
*olev@mayerbrown.com*
Stephen M. Medlock (VA Bar No. 78819)
*smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
Melissa Crow (DC Bar No. 453487)
(*pro hac vice*)
*melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

Al Otro Lado, Inc., *et al.*,

Plaintiffs,

v.

Chad F. Wolf,[1] *et al.*,

Defendants.

Case No.: 17-cv-02366-BAS-KSC

**Exhibit 3**

**DECLARATION OF SHOSHANA KUSHNER IN SUPPORT OF PLAINTIFFS' *EX PARTE* EMERGENCY MOTION TO ENFORCE PRELIMINARY INJUNCTION AND TEMPORARILY ENJOIN REMOVAL OF PRELIMINARY INJUNCTION CLASS MEMBER**

***PORTIONS FILED UNDER SEAL***

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# DECLARATION OF SHOSHANA KUSHNER

I, Shoshana Kushner, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a Staff Attorney at the Immigrant Defenders Law Center, located in San Diego California.

2. I represent the individual referred to as "the Applicant" in Plaintiffs' *Ex Parte* Emergency Motion to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member.

3. As the Applicant's immigration attorney, I requested documents from U.S. Immigration and Customs Enforcement (ICE) regarding the Applicant's immigration proceedings. On August 24, 2020, I received an email from Duty Attorney Lauren Ommanney, ICE Assistant Chief Counsel. Attached to that email was a Form I-870 "Record of Determination/Credible Fear Worksheet" pertaining to the Applicant with a signature date of April 14, 2020. A true and correct copy of that document is attached to this Declaration as Exhibit A.

I declare under penalty of perjury that the proceeding declaration is true and correct.

Executed on this 18th day of October 2020 at Oceanside, California.

_____/s/Shoshana Kushner_________________

Shoshana Kushner

# Exhibit A

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Record of Determination/Credible Fear Worksheet

| IRA | Arlington (ZAR) | [redacted] | [redacted] |
|---|---|---|---|
| District Office Code | Asylum Office Code | Alien's File Number | Alien's Last/ Family Name |
| Shin | Sophie | Cameroon | |
| Asylum Officer's Last Name | Asylum Officer's First Name | Alien's Nationality | |

***All statements in italics must be read to the applicant***

**SECTION I:** **INTERVIEW PREPARATION**

1.1 07/29/19
Date of arrival [MM/DD/YY]

1.2 At SYS - SAN YSIDRO, CA
Port of arrival

1.3 07/29/19
Date of detention [MM/DD/YY]

1.4 Otay Mesa Detention Center, 7488 Calzada de la Fuente, San Diego, CA 92154
Place of detention

1.5 08/02/19
Date of AO orientation [MM/DD/YY]

1.6 N/A
If orientation more than one week from date of detention, explain delay

1.7 08/30/19, 10/23/19, 03/19/20, 03/25/20
Date of interview [MM/DD/YY]

1.8 ZAC (Telephonic)
Interview site

1.9 ☒ Applicant received and signed **Form M-444** and relevant *pro bono* list on 08/02/19
Date signed [MM/DD/YY]

1.10 Does applicant have consultant(s)? ☒ Yes ☐ No

1.11 If yes, consultant(s) name, address, telephone number and relationship to applicant
Carolina Castro; 619-245-4106; 642 Third Ave. Ste. K, Chula Vista, CA 91910; Luis Macias, 619-274-2673 (attorneys)

1.12 Persons present at the interview (check which apply)

1.13 ☐ Consultant(s)

1.14 ☐ Other(s), list:

1.15 ☒ No one other than applicant and asylum officer

1.16 Language used by applicant in interview: French

| | Interpreter Service, Interpreter ID Number. | Interpreter Has Forms | Time Started | Time Ended |
|---|---|---|---|---|
| 1.17 | Language Line : 222566 | ☒ Yes ☐ No | 10:54 AM EST | 12:41 PM EST |
| 1.18 | | ☐ Yes ☐ No | | |
| 1.19 | | ☐ Yes ☐ No | | |

1.20 ☒ Interpreter **was not changed** during the interview

1.21 ☐ Interpreter **was changed** during the interview for the following reason(s):

1.22 ☐ Applicant requested a female interpreter replace a male interpreter, or *vice versa*

1.23 ☐ Applicant found interpreter was not competent

1.24 ☐ Applicant found interpreter was not neutral

1.25 ☐ Officer found interpreter was not competent

1.26 ☐ Officer found interpreter was not neutral

1.27 ☐ Bad telephone connection

1.28 ☒ Asylum officer read the following paragraph to the applicant at the beginning of the interview:

**Alien's File Number:** A█████

*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

## SECTION II: BIOGRAPHIC INFORMATION

2.1 [redacted] Last Name/ Family Name [ALL CAPS]

2.2 [redacted] First Name

2.3 [redacted] Middle Name

2.4 [redacted] Date of birth [MM/DD/YY]

2.5 Female — Gender

2.6 [redacted] Other names and dates of birth used

2.7 Cameroon — Country of birth

2.8 CAMEROON — Country (countries) of citizenship (list all)

2.9 [redacted], Cameroon — Address before coming to the U.S. (List Address, City/Town, Province, State, Department, and Country).

2.10 Black — Applicant's race or ethnicity

2.11 Catholic — Applicant's religion

2.12 French — All languages spoken by applicant

2.13 Marital status: ☒ Single  ☐ Married  ☐ Legally separated  ☐ Divorced  ☐ Widowed

2.14 Did spouse arrive with applicant?  ☐ Yes  ☐ No

2.15 Is spouse included in applicant's claim?  ☐ Yes  ☐ No

2.16 If currently married (including common-law marriage) list spouse's name, citizenship, and present location **(if with applicant, provide A-Number)**:
N/A

2.17 Children:  ☒ Yes  ☐ No

2.18 List any children (*Use the continuation section to list any additional children*):

| Date of birth (MM/DD/YY) | Name | Citizenship | Present location (if w/ PA, list A-Numbers) | Did child arrive with PA? | | Is child included in PA's claim? | |
|---|---|---|---|---|---|---|---|
| | | | | Yes | No | Yes | No |
| [redacted] | [redacted] | Cameroon | Cameroon | ☐ | ☒ | ☐ | ☒ |
| [redacted] | [redacted] | Cameroon | Cameroon | ☐ | ☒ | ☐ | ☒ |
| | | | | ☐ | ☐ | ☐ | ☐ |
| | | | | ☐ | ☐ | ☐ | ☐ |
| | | | | ☐ | ☐ | ☐ | ☐ |

**Alien's File Number:** A[redacted]

2.19 Does applicant claim to have a medical condition (physical or mental), or has the officer observed any indication that a medical condition exists? If YES, answer questions 2.20 and 2.21 and explain below. ☐ Yes ☒ No

2.20 Has applicant notified the facility of medical condition? ☐ Yes ☐ No

2.21 Does applicant claim that the medical condition relates to torture? ☐ Yes ☐ No

2.22 Does the applicant have a relative, sponsor, or other community ties, including spouse or child already listed above? ☒ Yes ☐ No

2.23 If YES, provide information on relative or sponsor (use continuation section, if necessary):

Name: [redacted] — Relationship: Sister

Address: [redacted] — Telephone Number: [redacted]

☒ Citizen ☐ Legal Permanent Resident ☐ Other ______

## SECTION III: CREDIBLE-FEAR INTERVIEW

**The following notes are not a verbatim transcript of this interview.**
**These notes are recorded to assist the individual officer in making a determination**
**and the supervisory asylum officer in reviewing the determination.**
**There may be areas of the individual's claim that were not explored or documented for purposes of this threshold screening.**

The asylum officer must elicit sufficient information related to both credible fear of persecution and credible fear of torture to determine whether the applicant meets the threshold screening. Even if the asylum officer determines in the course of the interview that the applicant has a credible fear of persecution, the asylum officer must still elicit any additional information relevant to a fear of torture. Asylum officers are to ask the following questions and may use the continuation sheet if additional space is required. If the applicant replies YES to any question, the asylum officer must ask follow-up questions to elicit sufficient details about the claim in order to make a credible fear determination.

3.1 a. *Have you or any member of your family ever been mistreated or threatened by anyone in any country to which you may be returned?*

☒ Yes ☐ No

See Q&A

b. *Do you have any reason to fear harm from anyone in any country to which you may be returned?*

☒ Yes ☐ No

See Q&A

c. If YES to questions *a* or *b*: *Was it or is it because of any of the following reasons*? (Check each of the following boxes that apply.)

☐ Race ☐ Religion ☐ Nationality ☐ Membership in a particular social group ☐ Political Opinion

See Q&A

**Alien's File Number:** A

3.2 ☒ At the conclusion of the interview, the asylum officer must read the following to applicant:

*If the Department of Homeland Security determines you have a credible fear of persecution or torture, or, where applicable, a reasonable fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. If the asylum officer determines that you do not have a credible fear of persecution or torture, and, where applicable, you do not have a reasonable fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and, where applicable, you do not have a reasonable fear of persecution or torture, you do not request review, you* ***may be removed*** *from the United States as soon as travel arrangements can be made. Do you have any questions?*

No

3.3 ☒ At the conclusion of the interview, the asylum officer must read a summary of the claim, consisting of the responses to Questions 3.1 a-c and information recorded in the Additional Information/Continuation section, to applicant.

****Typed Question and Answer (Q&A) interview notes and a summary and analysis of the claim must be attached to this form for all negative credible fear decisions. These Q&A notes must reflect that the applicant was asked to explain any inconsistencies or lack of detail on material issues and that the applicant was given every opportunity to establish a credible fear.

## SECTION IV: CREDIBLE FEAR FINDINGS

### A. Credible Fear Determination (and reasonable fear determination, where applicable):

Credibility

4.1 ☐ Applicant found credible.

4.2 ☒ Applicant found **not** credible.

Nexus

4.3 ☐ Race 4.4 ☐ Religion 4.5 ☐ Nationality 4.6 ☐ Membership in a Particular Social Group

(Define the social group): ____________________

4.7 ☐ Political Opinion 4.8 ☐ Coercive Family Planning [CFP] 4.9 ☐ No Nexus

Credible Fear Finding

4.10 ☐ Credible fear (or in the case of an alien determined to have no credible fear of persecution because he or she is barred from asylum pursuant to 8 CFR 208.13(c)(4), reasonable fear) of **persecution** established.

**OR**

4.11 ☐ Credible fear (or in the case of an alien determined to have no credible fear of persecution because he or she is barred from asylum pursuant to 8 CFR 208.13(c)(4), reasonable fear) of **torture** established.

**OR**

4.12 ☐ No fear of persecution or torture established.

### B. Possible Bars:

4.13 ☐ Applicant could be subject to a bar(s) to asylum or withholding of removal (check the box(es) that applies and explain on the continuation sheet):

4.14 ☐ Particularly Serious Crime 4.15 ☐ Security Risk 4.16 ☐ Aggravated Felon

4.17 ☐ Persecutor 4.18 ☐ Terrorist 4.19 ☐ Firmly Resettled

4.20 ☐ Serious Non-Political Crime Outside the United States

4.21 ☒ Applicant does **not** appear to be subject to a bar(s) to asylum or withholding of removal.

**Alien's File Number:** A[redacted]

**C. Identity:**

4.25 ☒ Applicant's identity was determined with a reasonable degree of certainty (check the box(es) that applies):

4.26 ☒ Applicant's own credible statements. (If testimony is credible overall, this will suffice to establish the applicant's identity with a reasonable degree of certainty.)

4.27 ☐ Passport, which appears to be authentic.

4.28 ☒ Other evidence presented by applicant or in applicant's file (List): DHS Records

4.29 ☐ Applicant's identity was **not** determined with a reasonable degree of certainty. (Explain on the continuation sheet.)

**SECTION V: ASYLUM OFFICER / SUPERVISOR NAMES AND SIGNATURES**

| | | | | | |
|---|---|---|---|---|---|
| 5.1 | Sophie Shin<br>Asylum officer name and ID CODE (print) | 5.2 | *Sophie Shin*<br>Asylum officer's signature | 5.3 | 4/14/2020<br>Decision date |
| 5.4 | C. Generous, ZAR674<br>Supervisory asylum officer name | 5.5 | [signature]<br>Supervisor's signature | 5.6 | 4/14/2020<br>Date supervisor approved decision |

## ADDITIONAL INFORMATION/CONTINUATION

Alien did not establish that it is more likely than not that she meets the provisional class definition in Al Otro Lado v. Wolf.

Alien is barred from asylum pursuant to 8 CFR 208.13(c)(4) and therefore the alien has not established a significant possibility of establishing eligibility for asylum and has received a negative credible fear of persecution determination. Alien was then screened for potential entitlement to withholding under INA 241 or CAT protection under a 'reasonable possibility of persecution' and 'reasonable possibility of torture' standard.

Additional Interpreters Used:
Date: 8/30/19
Language: French
Provider: Language Line Code 209644
Start Time: 2:49 pm
End Time: 5:34 pm

Date: 10/23/19
Language: French
Provider: Lionbridge ID59990 and ID5099
Start Time: 9:40am
End Time: 11:29pm

Date: 03/19/2020
Language: French
Provider: Transperfect #174112
Start Time: 12:37 PM
End Time: 12:53 PM

**Alien's File Number:** A