JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
ALEXANDER J. HALASKA (IL 6327002)
DHRUMAN Y. SAMPAT(NJ 270892018)
Trial Attorneys

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT [ECF No. 583]** |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

# **INTRODUCTION**

Defendants hereby respond in support of Plaintiffs' Motion to Seal Portions of their Opposition to Defendants' Cross-Motion for Summary Judgment (ECF No. 583).[1] For the reasons discussed in Plaintiffs' Motion to Seal and this Response in Support, Defendants join Plaintiffs' request to redact and seal all or portions of Exhibits 1-5 to Plaintiffs' Opposition (designated in the Motion to Seal as "Reply Exhibits"), as well as the references to certain material in Exhibits 1, 3, 7, 10, 14, 17, 20, 25, 28, 30, 93-97, 100, 104, 105, and 117-118 to Plaintiffs' Motion for Summary Judgment (designated in the Motion to Seal as "Op. Exs.").

Specifically, Defendants submit additional argument and facts supporting the sealing of the following exhibits/portions thereof, and information derived therefrom and described and/or referenced in the Plaintiffs' briefing:

1)      The portions of exhibit 34 to the deposition of Todd C. Owen, at "Reply Exhibit 1," that contain employee contact information;

2)      The portions of exhibit 84 to the deposition of Randy Howe, at "Reply Exhibit 5," that contain employee contact information;

3)      Portions of the transcript of the deposition of the whistleblower, at Plaintiffs' Op. Ex. (MSJ Exhibit) 1, as set forth in Appendix 1;

4)      Portions of the transcript of the deposition of David Atkinson, at Plaintiffs' Op. Ex. (MSJ Exhibit) 3, as set forth in Appendix 1;

5)      The portions of Exhibit 209 to the deposition of Mariza Marin which bears

---

[1] Although the Motion is titled, "Motion to Seal Portions of Plaintiffs' Reply in Support of their Motion and Opposition to Defendants' Cross-Motion for Summary Judgment," the material listed for sealing consist of five exhibits submitted with Plaintiffs' Opposition to Defendants' Cross Motion for Summary Judgment ("Opposition"), titled "Reply Exhibits" 1 through 5, as well as several exhibits that were previously attached to Plaintiffs' Motion for Summary Judgment, titled "Op. Exs.," and which were referenced in that Opposition.

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

the Bates number AOL-DEF-00069611, at Plaintiffs' Op. Ex. (MSJ Exhibit) 7, that contain employee contact information;

6)   Portions of the transcript of the deposition of Todd Owen, at Plaintiffs' Op. Ex. (MSJ Exhibit) 10, as set forth in Appendix 1 and ECF No. 530-2;

7)   Portions of the transcript of the deposition of Rodney Harris, at Plaintiffs' Op. Ex. (MSJ Exhibit) 14, as set forth in Appendix 1[2];

8)   Portions of the transcript of the deposition of Mariza Marin, at Plaintiffs' Op. Ex. (MSJ Exhibit)17, as set forth in Appendix 1;

9)   Portions of the Expert Report of Stephanie Leutert, dated December 10, 2019, at Plaintiffs' Op. Ex. (MSJ Exhibit 20), as set forth in Appendix 2;

10)   The portions of Exhibit 231 to the deposition of Rodney Harris, at Plaintiffs' Op. Ex. (MSJ Exhibit) 25, that concern total number of detainees in custody;

11)   The entirety of the document bearing the Bates number AOL-DEF-00094256, at Plaintiffs' Op. Ex. (MSJ Exhibit) 28;

12)   The entirety of the document bearing the Bates number AOL-DEF-00011011, at Plaintiffs' MSJ Exhibit 30;

13)   The portions of the document bearing the Bates number AOL-DEF-00074316, at Plaintiffs' Op. Ex. (MSJ Exhibit) 93, that contain employee contact information and details regarding port-specific operations[3];

14)   The portions of the document bearing the Bates number AOL-DEF-

---

[2] Defendants have amended their redaction designations for Mr. Harris's deposition to conform to the Court's Order at ECF No. 605. *See* Appendix 1.

[3] Defendants have amended their confidentiality and privilege assertions over Plaintiffs' Op. Exs. 93-97 (MSJ Exhibits 93-97) in light of the DHS OIG's October 30, 2020 report publicly disclosing the general substance of the documents at issue. Defendants retain their confidentiality designations over port-specific operational information, such as the number of individuals a port could expect to hold at the line each day, physical detention capacity data, and staffing projections.

2

00095574, at Plaintiffs' Op. Ex. (MSJ Exhibit) 94, that contain employee contact information and details regarding port-specific staffing and operations;

15) The portions of the document bearing the Bates number AOL-DEF-00277294, at Plaintiffs' Op. Ex. (MSJ Exhibit) 95, that contain employee contact information and details regarding port-specific staffing;

16) The portions of the document bearing the Bates number AOL-DEF-00288009, at Plaintiffs' Op. Ex. (MSJ Exhibit) 96 that contain employee contact information;

17) The portions of the document bearing the Bates number AOL-DEF-00288011, at Plaintiffs' Op. Ex. (MSJ Exhibit) 97, that contain employee contact information;

18) Portions of the transcript of the deposition of Frank Longoria, at Plaintiffs' Op. Ex. (MSJ Exhibit) 100, as set forth in Appendix 1[4];

19) The portions of Exhibit 234 to the deposition of Rodney Harris, which bears the Bates number AOL-DEF-01037408, at Plaintiffs' Op. Ex. (MSJ Exhibit) 104, that contain employee contact information;

20) The portions of the document bearing the Bates number AOL-DEF-00039597, at Plaintiffs' Op. Ex. (MSJ Exhibit) 105, that contain employee contact information and number of detainees in custody[5];

21) The portions of the document bearing the Bates number AOL-DEF-00038620, at Plaintiffs' Op. Ex. (MSJ Exhibit) 117, that contain employee contact information; and

---

[4] Defendants have amended their redaction designations for Mr. Longoria's deposition to conform to the Court's Order at ECF No. 605. *See* Appendix 1.

[5] Defendants inadvertently failed to note that this Exhibit (Plaintiffs' Op. Ex./MSJ Exhibit 105) contained sensitive information about port capacity and detention numbers that warranted sealing when it previously submitted its arguments in support of sealing portions of this document (*see* ECF No. 594).

22)    Portions of the transcript of the deposition of Joseph Eaton, at Plaintiffs' Op.
Ex. (MSJ Exhibit) 118, as set forth in Appendix 1.

As the Court largely determined in its August 6, 2020 Order (ECF No. 510)
("Sealing Order"), there are compelling reasons to seal the confidential information
contained in these exhibits and testimony, as well as any portions of the parties'
briefs that discuss or rely on them.  The sensitive law enforcement information and
communications which the parties are seeking to seal include information about op-
erations of land ports of entry that would expose vulnerabilities of those ports and
threaten their integrity and security.  Public release of such information would also
have a chilling effect on open communications within the government and with for-
eign governments, and would further compromise the ports' operations and expose
ports to higher risk of criminal activity—such as drug and weapons trafficking—
which in turn would threaten the public health and safety of the United States.  These
documents also contain private or sensitive information concerning witnesses to law
enforcement investigations and employees that, if disclosed, would compromise
their privacy interests and potentially threaten their own safety or the security of the
agency. These documents also contain communications with foreign governments
that, if disclosed, would chill international cooperation.

## ARGUMENT

While Defendants acknowledge the presumptive right of access to court rec-
ords based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v.
Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd
v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Defendants agree with
Plaintiffs that the above-listed material should be filed under seal.

The presumption of access is "based on the need for federal courts . . . to have
a measure of accountability and for the public to have confidence in the administra-
tion of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th
Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

Thus, when the documents to be protected are "more than tangentially related to the merits," parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at \*1 (quoting *Ctr. for Auto Safety*, 809 F.3d 1092, 1096–98); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at \*2 (S.D. Cal. July 31, 2018). Compelling reasons include "when [] 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In certain circumstances, courts have allowed the *government* to file under seal material that contains confidential and sensitive government information that might endanger or undermine law enforcement's activities . . . where the government identifies the particular harm that may result from the specific disclosure." *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at \*3 (N.D. Cal. June 30, 2015) (internal citations omitted; emphasis in original); *see Hesterberg v. United States*, No. C-13-01265 JSC, 2013 WL 6057068, at \*2 (N.D. Cal. Nov. 15, 2013) (finding compelling reasons to seal portions of documents that could "empower criminal suspects who come in contact with . . . officers because they will be able to predict the officer's actions."). As shown below, Defendants' request to file law enforcement sensitive materials under seal satisfies the "compelling reasons" standard. Defendants have provided specific information regarding the harm that could occur if the information were to be disclosed. *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at \*1 (N.D. Cal. Mar. 14, 2019). The public interest in the information at issue is far outweighed by the interest in confidentiality. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

## A. The Court Should Seal Law-Enforcement Sensitive Material Regarding CBP and Port Operations and Communications with Mexico.

The following Exhibits contain details about port capacity, contingency

plans, shifts and staffing, limit line positions, as well as information about communications with the government of Mexico, the details of which warrant sealing: Op. Ex. 1, the deposition testimony of the whistleblower; Op. Ex. 3, the deposition testimony of David Atkinson; Op. Ex. 10, the deposition testimony of Todd Owen; Op. Ex. 14, the deposition testimony of Rodney Harris; Op. Ex. 17, the deposition testimony of Mariza Marin; Op. Ex. 20, the Expert Report of Stephanie Leutert dated December 10, 2019; Op. Ex. 25, Exhibit 231 to the Harris deposition; Op. Ex. 28, the DHS Southwest Border Land Migration Contingency Plan; Op. Ex. 30, the Laredo Field Office Contingency Plan; Op. Exs. 93-95, various emails with the subject line "Info Needed by 1600"; Op. Ex. 100, the deposition testimony of Frank Longoria; and Op. Ex. 105, the document bearing the Bates number AOL-DEF-00039597.

The public release of this sensitive law enforcement information would harm CBP's operations and impair cross-border security, for the reasons stated in the Court's prior Sealing Order (ECF 510), as well as the September 4, 2020 Declaration of Vernon Foret, former Executive Director for Operations, Office of Field Operations (OFO) ("Foret Decl."), attached hereto as Exhibit A, and the February 12, 2020 Declaration of Randy Howe, former Executive Director for Operations, OFO ("Howe Decl."), attached hereto as Exhibit B. *See generally* Foret Decl.; Howe Decl. ¶¶ 8-12; Harris Decl.. Publicly releasing port-level capacity data, especially data covering a period of several days or weeks, would provide outside entities with a picture of when certain ports are operating below, at, or above capacity, and thus how resources may be allocated at those ports." *See* Howe Decl. ¶ 11. "[D]etention capacity provide[s] critical information about [a] port's capability to process and hold individuals," which can be exploited by outside individuals to take certain actions to harm operations. Foret Decl. ¶¶ 9-10. Similarly, information about a port's "processing rate . . . provides insight into how resources may or could be allocated towards processing," which, when "cross-referenced with other information, such as

staffing levels and budgetary information," would permit others to understand "vulnerabilities in the port's resource allocation that may be able to be exploited." *Id.* ¶ 15. For these reasons, the Court has permitted "targeted redactions" of similar detailed information about different ports' operations, "including specifics about its detention capacity and staffing." *See* Sealing Order at 14, 18-19 & Appendix A. This Court has thus already recognized that there are compelling reasons to seal the type of information about port infrastructure, staffing, contingency planning, and information relating to processing and detention capacity that is contained in the portions of these documents that Defendants propose to seal. *See* Sealing Order at 13, 17, 20.

The Court has also recognized that there are compelling reasons to seal communications with, or information shared by, the Government of Mexico. Sealing Order at 5-6, 9, 10-11 ("The Court will also allow redactions related to communications from the Government of Mexico."). "All of this information should remain confidential, as disclosure to the public would stifle the free flow of information that is critical to maintaining a safe and secure border." *See* Foret Decl. ¶ 4. Disclosure of these communications may stifle the willingness of officials in the government of Mexico, or Mexico-based non-governmental organizations to share information with officials in CBP. *See* Foret Decl. ¶ 6.

Thus, the Expert Report of Stephanie Leutert warrants partial sealing because it reveals information relating to port capacity, staffing numbers, contingency planning, and sensitive communications with Mexico. *See* Appendix 2. The depositions of David Atkinson and others also include testimony relating to communications with Mexican authorities and information obtained from the government of Mexico. Op. Ex. 3 at 146-147; Op. Ex. 10 at 126-132, 219; Op. Ex 14 at 133, 160-161, 177; Op. Ex. 17 at 249-285, 295-298; Op. Ex. 100 at 118-119, 123-128.

Two exhibits (Op. Exs. 28 and 30) are contingency plans with specific operational details. The Court has already permitted sealing contingency plans in their

entirety to prevent disclosure of DHS and CBP's operational vulnerabilities in the entirety to prevent disclosure of DHS and CBP's operational vulnerabilities in the event of a crisis situation. Indeed, Op. Ex. 30, which bears the Bates number AOL-DEF-00011011, is the same document as in Plaintiffs' Class Certification Exhibit 44, which the Court previously determined should be sealed. *See* Sealing Order at 9-10 & Appendix A, referencing Mot. Ex. 44. And Op. Ex. 28 similarly contains the type of planning information that warrants sealing. *See* Sealing Order at 20.

Further, both the testimony of former Assistant Director of Field Operations Longoria and Deputy Assistant Director of Field Operations Harris include information about capacity and communications with Mexico, as well as specific details contained within the Laredo Field Office's Mass Migration Contingency Plan, including the maximum number of individuals that a particular port can process and hold in a crisis situation and an assessment of potential operational vulnerabilities. Sealing Order at 20 (granting motion to seal the information contained in the Mass Migration Contingency Plan); *see also* Howe Decl. ¶¶ 18-22; Foret Decl. ¶¶ 16-20; Op. Ex. 100 at 104, 106-07, 109-10, 112-13, 115, 117-120, 122-28, 140.

The testimony of these and other deponents also include sensitive information about limit line operations, staffing levels, steps taken to mitigate officer safety concerns or ensure officer safety, and infrastructure (as contained in, for example, Op. Ex. 100 at 47-48, 50, 82, 88-89, and 136-37; Op. Ex. 1 at 146; or Op. Ex. 17, at 60-62), disclosure of which would "jeopardize officer safety and the safety of travelers approaching the limit line." Foret Decl. ¶ 22; *see also* Sealing Order at 13 (finding that similar information warranted sealing of prior exhibit), 14, 18-19 & Appendix A; *see also* Op. E. As explained in the declaration of Rodney Harris (Harris Decl.), attached as Exhibit C hereto, the deposition transcripts of Mr. Harris and Mr. Longoria (Op. Exs. 14 and 100) reveal particularly sensitive information about the presence or absence of security cameras at particular areas of particular ports of entry, the availability of radio or cell phone coverage, and other

issues, that "reveal vulnerabilities about the ports of entry in the Laredo Field Office that can be used by hostile actors to harm operations and endanger the safety of CBP officers." Harris Decl. ¶¶ 4-5. And the emails at Op. Exs. 93-95 similarly contain specific projections concerning limit-line staffing and operations at the limit line that warrant protection to prevent exploitation of ports' vulnerabilities. Finally, the documents and transcripts also contain the type of specific capacity and processing information that this Court has already permitted sealing. *See* Sealing Order at 14, 17-19 & Appendix A; *see also* Op. Ex. 25 (information about detainees in custody, which, when coupled with percentages, would reveal specific port capacity information); Op. Ex. 105.[6] There thus exist compelling reasons to seal the identified portions of these documents.

## B. The Court Should Seal Sensitive Employee and Witness Information.

As permitted in the Court's prior Sealing Order (ECF No. 510, at p. 21) the Court should also seal government employee email addresses and other personal information, as well as the names of subjects and witnesses to investigations contained in the following documents, the disclosure of which would raise genuine privacy and security concerns: Reply Exhibit 1; Reply Exhibit 5; Op. Ex. 7; Op. Exs. 93-97; Op. Ex. 104; Op. Ex. 105; Op. Ex. 117; and Op. Ex. 118.

As detailed in the February 11, 2020 Buckley Declaration ("Buckley Decl."), the Director of Security and Technology Division at CBP, which is attached hereto as Exhibit D, there are genuine security concerns regarding the disclosure of CBP employees' email addresses, including "significant cyber security threats to both the

---

[6] Mr. Owen's deposition testimony also contains references to classified meetings (Op. Ex. 10 at 40, 42, 43, 45-49), which this Court has already determined warranted sealing. Sealing Order at 5-6. And Mr. Harris's deposition testimony also contains references to deliberative attorney-client advice (Op. Ex. 14 at 75, 80), that should be sealed for the reasons stated in Defendants' Response in Support of Motion to Seal Plaintiffs' Motion to Exclude and Motion for Summary Judgment. ECF No. 594, at 14-15.

1   individual employee and CBP as a whole." Buckley Decl.¶¶ 3-5. These security

2   threats are not hypothetical. Buckley Decl. ¶¶ 6-8. Indeed, the Court has already

3   found these reasons compelling and has allowed Defendants to seal the personal and

4   work email address and other contact information of CBP employees to the extent

5   that they appear in any of the exhibits. *See* Sealing Order at 21. The Court should

6   thus permit the sealing of government employee contact information to protect the

7   privacy of employees and the security of agency operations.

8           Further, the Court should permit the sealing of identifying information of sub-

9   jects of and witnesses to law enforcement and internal investigations, such as the

10  whistleblower and other witnesses to an OIG investigation identified in Op. Ex. 20

11  (the Leutert Report) and Op. Ex. 1 (the whistleblower deposition transcript); the em-

12  ployee witness to an OIG investigation identified in Op. Ex. 118 (Eaton deposition

13  transcript); and the employee subject to potential discipline in Op. Ex. 3 (Atkinson

14  Deposition transcript, at 131-32). In addition to the reasons provided above for seal-

15  ing CBP employees' addresses, case law supports sealing this information. The Spe-

16  cial Master in *Hewlett-Packard Co. S'holder Derivative Litig.* recommended sealing

17  similar whistleblower identifying information in a criminal investigation because

18  "the case law is clear that, while public access to court records is important, some

19  documents are not subject to the public right of access because they have tradition-

20  ally been kept secret for important policy reasons." *In re Hewlett-Packard Co.*

21  *S'holder Derivative Litig.,* No. 12-CV-6003, 2015 WL 8570883, at \*6 (N.D. Cal.

22  Nov. 18, 2015), *report and recommendation adopted*, No. 12-CV-6003-CRB, 2015

23  WL 8479543 (N.D. Cal. Dec. 10, 2015), *aff'd*, 716 F. App'x 603 (9th Cir. 2017)

24  (internal citations omitted). The Special Master in *Hewlett-Packard* explained that

25  important public policy considerations including interference with an investigation,

26  "by making the whistleblower a target of intimidation or harassment" was a "com-

27  pelling reason[]" constituting "court files [] becom[ing] a vehicle for improper pur-

28  poses." *Id.* (internal citations omitted). Similar public policy reasons support sealing

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

identifying information regarding other witnesses to the whistleblower investigation, as well as witnesses to, and subjects of, other internal investigations. *See also* Sealing Order at 6-7 & Appendix C thereto (permitting redaction of whistleblower's identity). Defendants respectfully request to seal the names of subjects of and witnesses to investigations due to the risks to employee privacy and safety.

**CONCLUSION**

This Court should grant Plaintiffs' Motion to Seal Motion to Seal Portions of Plaintiffs' Opposition to Defendants' Cross-Motion for Summary Judgment because compelling reasons exist to protect the sensitive material described herein from public disclosure.

Dated: November 23, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

11

1

*Counsel for Defendants*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2
No. 17-cv-02366-BAS-KSC

3
I certify that I served a copy of this document on the Court and all parties by

4
filing this document with the Clerk of the Court through the CM/ECF system, which

5
will provide electronic notice and an electronic link to this document to all counsel

6
of record.

7

8
DATED: November 23, 2020          Respectfully submitted,

9
*/s/ Katherine J. Shinners*

10
KATHERINE J. SHINNERS
Senior Litigation Counsel

11
U.S. Department of Justice

12
Civil Division
Office of Immigration Litigation

13
District Court Section

14

15
*Counsel for Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' RESPONSE IN SUPPORT OF
PLS' MOT. TO SEAL
Case No. 3:17-cv-02366-BAS-KSC

APPENDIX 1 –DESIGNATIONS
OF CONFIDENTIAL DEPOSTION TESTIMONY

# APPENDIX 1 –DESIGNATIONS
## OF CONFIDENTIAL DEPOSTION TESTIMONY

*Whistleblower (Op. Ex./MSJ Ex. 1)*

| Page | Lines |
|------|-------|
| 1 | N/A |
| 3 | 2 |
| 4 | 22 |
| 5 | 3-4, 13 |
| 6 | 15-17 |
| 18 | 1-5, 13-25 |
| 19 | 2 |
| 23 | 15, 17, 22 |
| 24 | 20 |
| 25 | 23 |
| 27 | 5, 17 |
| 35 | 15-24 |
| 36 | 5-25 |
| 37 | 1-15 |
| 38 | 1-25 |
| 42 | 23 |
| 43 | 4 |
| 78 | 9, 12, 15 |
| 90 | 23-24 |
| 91 | 6-9 |
| 110 | 21 (number only) |
| 116 | 20-21 |
| 117 | 10-11 |
| 123 | 1-25 |
| 135 | 12 (number only) |
| 137 | 21 (number only) |
| 140 | 18 (number only) |
| 142 | 18 (number only) |
| 146 | 3-22 |
| 162 | 18-22 |
| 164 | 1-8 |
| 166 | 5-25 |
| 167 | 1-25 |
| 168 | 7-10 |
| 170 | 1-25 |
| 171 | 1-4 |
| 181 | 3-26 |
| 182 | 1, 12-25 |

APPENDIX 1 –DESIGNATIONS
OF CONFIDENTIAL DEPOSTION TESTIMONY

| | |
|---|---|
| 183 | 1-25 |
| 184 | 18 (name only) |
| 186 | 25 (name only) |
| 187 | 4 (name only) |
| 189 | 1-25 |
| 190 | 14-16 |
| 191 | 1-25 |
| 192 | 1-25 |
| 193 | 1-25 |
| 194 | 1-25 |
| 195 | 1-25 |
| 196 | 1-25 |
| 197 | 1-25 |
| 198 | 1-25 |
| 199 | 1-25 |
| 200 | 1-25 |
| 201 | 1-25 |
| 202 | 1-25 |
| 203 | 1-25 |
| 204 | 1-25 |
| 205 | 1-25 |
| 206 | 1, 9, 24 (names only) |
| 207 | 22, 23 (names only) |
| 209 | 1-25 |
| 210 | 1-25 |
| 211 | 1-25 |
| 212 | 1-25 |
| 213 | 1-25 |
| 214 | 1-25 |
| 217 | 21-25 |
| 218 | 2-25 |
| 222 | 24 (name only) |
| 223 | 2, 5-6, 9 (names only) |
| 225 | 6-25 |
| 226 | 1-3 |
| 230 | 23-24 (name only |
| 231 | 23 (name only) |
| 233 | 13-14, 17, 20 (names only) |
| 234 | 8 (name only) |
| 240 | 14-15 |
| 242 | 10-14 |
| 246 | 24 (name only) |
| 247 | 7-9 |
| 248 | 3 (name only) |
| 256 | 9 (number only) |

APPENDIX 1 –DESIGNATIONS
OF CONFIDENTIAL DEPOSTION TESTIMONY

| | |
|---|---|
| 258 | 25 (number only) |
| 259 | 16 (number only) |
| 260 | 4 (number only) |
| 262 | 24 (name only) |
| 265 | 3, 11 (name only) |
| 266 | 2 (name only) |
| 269 | N/A |
| 276 | N/A |
| 289 | N/A |

### *David Atkinson (Op. Ex./MSJ Ex. 3)*

| Page | Lines |
|---|---|
| 131 | 17 (employee name only) |
| 132 | 10, 11, 23 (employees' names and spelling of name only) |
| 146 | 12-17, 22-23 |
| 147 | 1-2 |
| 150 | 13-14 |
| 151 | 13-15 |
| 153 | 10 (number of officers only) |

### *Todd Owen (MSJ Ex. 10)*

| Page | Lines |
|---|---|
| 11 | 3-10 |
| 40 | 8-18 |
| 42 | 2 (following word "this") - 4 |
| 43 | 8 (following word "the") – 9 |
| 45 | 21 |
| 46 | 9-14 |
| 47 | 5 (following word "meeting") -6, 8 (following word "discussed"), 19-22 |
| 48 | 1-4 (through word "Do"), 17-21 |
| 49 | 1-4 |
| 88 | 1-22 |
| 89 | 13-22 |
| 90 | 1-6, 10-22 |
| 91 | 1-5 |
| 126 | 1-22 |
| 127 | 1-8, 13-15 |
| 128 | 16-22 |
| 129 | 1-22 |
| 130 | 1-19 |

APPENDIX 1 –DESIGNATIONS
OF CONFIDENTIAL DEPOSTION TESTIMONY

| 131 | 15-22 |
|-----|-------|
| 132 | 1-8 |
| 219 | 2-12 |
| 250 | 4-12 |

*Rodney Harris (MTE Ex. 8, MSJ Ex. 14)*

| Page | Lines |
|------|-------|
| 65 | 19 (starting after "demarcation line) -25 |
| 66 | 7-19 |
| 67 | 7-10 |
| 70 | 1-2, 5-7 |
| 75 | 7-13 |
| 80 | 17-19 |
| 104 | 20-22 |
| 105 | 3-16 |
| 106 | 7-13 |
| 108 | 3-5, 7-8, 10 |
| 109 | 6-7, 19-24 |
| 114 | 20-25 |
| 115 | 1-10 |
| 125 | 24 (number only) |
| 126 | 1 (number only) |
| 157 | 23-24 |
| 158 | 12-13 |
| 159 | 4-6 |
| 183 | 5-6 (numbers only), 9 (number only), 10-11, 13 (number only), 14-15 |
| 184 | 2-3 |
| 187 | 2 (first two words only) |
| 204 | 17-20, 23 |
| 205 | 2, 4 |
| 216 | 12-20 |
| 218 | 9-12, 16-18 |
| 219 | 5 |
| 220 | 2-9, 22 (first word only) |
| 221 | 1 (word between "what" and "they're" only) |
| 225 | 5-10, 12-20, 22-25 |
| 226 | 1-4 |
| 241 | 20-24 |
| 242 | 7 |
| 243 | 17-19 |
| 244 | 14-18, 21-24 |
| 245 | 1-6, 10-14 |

APPENDIX 1 –DESIGNATIONS
OF CONFIDENTIAL DEPOSTION TESTIMONY

| 248 | 15-16 |
| 249 | 1-2 |
| 251 | 18-19 |
| 252 | 18-23 |
| 253 | 16, 20, 23-24 |
| 260 | 4-5 |
| 271 | 5-14 |
| 280 | 22 |
| 281 | 24 |
| 282 | 2 |
| 283 | 2 6, 9, 19, 20 |

*Mariza Marin (Op. Ex./MSJ Ex. 17)*

| Page | Lines |
| --- | --- |
| 10 | 4-5 |
| 60 | 20-25 |
| 61 | 1-3, 10 |
| 62 | 1 |
| 97 | 23 (number only) |
| 98 | 18 (number only) |
| 99 | 3, 6 (number only) |
| 100 | 7-10, 13-16, 24-25 (numbers only) |
| 123 | 24 (numbers only) |
| 127 | 12, 18, 25 (numbers only) |
| 128 | 10, 13, 17, 19 (numbers only) |
| 131 | 25 (number only) |
| 142 | 8-10, 13-17 (numbers only) |
| 145 | 2, 4,10, 14 (numbers only) |
| 146 | 15 |
| 147 | 24, 25 (numbers only) |
| 148 | 3, 4, 12, 22 |
| 149 | 5, 13-17 |
| 150 | 7-8, 10-12, 17 |
| 152 | 7, 15-17 |
| 153 | 10, 20 |
| 154 | 7, 12, 14 |
| 162 | 5, 17, 19, 20, 16-17, 19-20 |
| 163 | 18, 23 |
| 165 | 21 |
| 166 | 12, 14, 15 |
| 167 | 5 |
| 170 | 5, 18, 20, 23 |

APPENDIX 1 –DESIGNATIONS
OF CONFIDENTIAL DEPOSTION TESTIMONY

| | |
|---|---|
| 174 | 12, 14 |
| 179 | 14, 23 |
| 180 | 14 |
| 181 | 18 |
| 183 | 4 |
| 187 | 20 |
| 209 | 19-25 |
| 210 | 13-18 |
| 211 | 1-7 |
| 220 | 18, 19 |
| 225 | 2-8 |
| 226 | 4-10, 13-14, 16-17, 19-22 |
| 232 | 6 |
| 248 | 22-25 |
| 249 | 1-2, 6-9, 24-25 |
| 251 | 14-25 |
| 252 | 1-25 |
| 253 | 1-25 |
| 254 | 1-25 |
| 255 | 1-25 |
| 256 | 1-25 |
| 257 | 1-8, 21-24 |
| 258 | 23-25 |
| 259 | 1, 4-5, 8-9 |
| 260 | 1-24 |
| 261 | 4-8 |
| 265 | 11-12, 15-22, 25 |
| 266 | 15-25 |
| 268 | 9-11, 13-15, 17-18 |
| 269 | 5-6, 11 |
| 271 | 4-25 |
| 272 | 1-25 |
| 273 | 1-24 |
| 274 | 3-6, 10-25 |
| 275 | 1-21 |
| 276 | 14 |
| 277 | 10-12, 17-18 |
| 278 | 4-13 |
| 279 | 2-4, 9-25 |
| 280 | 1-25 |
| 281 | 1-18, 20-25 |
| 282 | 2-25 |
| 283 | 1-8 |
| 284 | 5-25 |

APPENDIX 1 –DESIGNATIONS
OF CONFIDENTIAL DEPOSTION TESTIMONY

| | |
|---|---|
| 285 | 1-5, 16-19 |
| 295 | 8-18 |
| 296 | 9-15, 20-24 |
| 298 | 13-17, 24 |
| 302 | 9-25 |
| 303 | 1-3 |

*Frank Longoria (Op. Ex./MSJ Ex. 100)*

| Page | Lines |
|---|---|
| 82 | 16-18 |
| 89 | 10-12, 15-17, 24-25 |
| 101 | 15 |
| 102 | 13 (number only), 14 (number only) |
| 103 | 15 (number only), 16 (number only) |
| 118 | 12-18 |
| 119 | 5-10, 15-18 |
| 123 | 3-5, 16-19 |
| 124 | 5-8, 15-17, 19-24 |
| 125 | 13-15 |
| 126 | 17-18 |
| 127 | 3-6, |
| 128 | 1-2, 11-22 |
| 181 | 17 (words between "If" and "allows" only) |
| 190 | 13 (number only) |
| 193 | 22, 25 (numbers only) |
| 194 | 5 (number only) |
| 198 | 8, 24 (numbers only) |
| 199 | 10, 11, 15, 19-20, 25 (numbers only) |
| 240 | 3,  4, 7, 9, 10, 15, 17, 18, 21, 22, 24 (numbers only) |
| 241 | 11, 12 (numbers only) |
| 242 | 16 (number only) |

*Joseph Eaton (Op. Ex/MSJ Ex. 118)*

| Page | Lines |
|---|---|
| 5 | 18 (employee name) |
| 17 | 21 |
| 44 | 11 |
| 49 | 2 |
| 50 | 7 |

7

APPENDIX 1 –DESIGNATIONS
OF CONFIDENTIAL DEPOSTION TESTIMONY

| 50 | 13 |
|----|----|
| 51 | 10 |
| 89 | 13 |

# APPENDIX 2 – EXPERT REPORT OF
# STEPHANIE LEUTERT (DECEMBER 10, 2019)

*Leutert Report (MTE Exh. 10; MSJ Exh. 20)*

| Page | Paragraph(s) |
|---|---|
| 10 | 23 n.12 (name of deponent) |
| 11 | 23 n. 16 (name of deponent) |
| 15 | 34 n. 22(name of deponent) |
| 16 | 34-35 n. 23-26 (name of deponent) |
| 18 | 39 (fifth sentence) |
| 21 | 42 (portions of third and fourth sentences) |
| 27 | 48 n. 61(name of deponent) |
| 28 | 49 (parenthetical in third sentence) |
| 35 | 55 |
| 37 | 58 n. 86, n. 88 (name of deponent) |
| 40 | 63 (names of ports) |
| 41 | 64-65 (names of ports; specific capacity numbers) |
| 42 | 65 (Graph 2 contents) |
| 43 | 66 (Graph 3 contents) |
| 43-44 | 67 (Table 4 capacity percentages) |
| 44-45 | 68 (port names) |
| 46 | 69 (Table 5 data) |
| 46 | 70 n.106 |
| 47 | 71 |
| 47-48 | 72 |
| 48 | 73 (number in custody) |
| 49 | 73 n. 114 |
| 49 | 74 n. 116 (name of deponent) |
| 50 | 75 and n. 118 (name of deponent) |
| 51 | 76 and n. 121 (name of deponent) |
| 62 | 91 (name of deponent) |
| 64 | Attachment, MCAT Reports (11/30/2016 – 7/13/2019) (Table 8) |
| 64 | Footnotes 146-149 (port capacity numbers) |
| 65 | Attachment, MCAT Reports (11/30/2016 – 7/13/2019) (Table 9) |
| 66 | Attachment, MCAT Reports (11/30/2016 – 7/13/2019) (Table 10) |
| 74 | Exhibit C: Materials Considered (name of deponent/whistleblower) |