JEFFREY BOSSERT CLARK
Acting Assistant Attorney General,
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 4** |
| CHAD F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants.* | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Al Otro Lado, Inc., *et al.*, ) | | |
|    *Plaintiffs,* ) | | |
| ) | | |
| ) | | |
| v. ) | | No. 3:17-cv-02366-BAS-KSC |
| ) | | |
| Chad Wolf, *et al.*, ) | | |
|    *Defendants.* ) | | |
| ) | | |

**DECLARATION OF JAY VISCONTI**

     I, Jay Visconti, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows, relating to the above-captioned matter:

     1.    I am the Director (Associate Chief) for the CBP STAT Division within Operations Support, U.S. Customs and Border Protection (CBP), Department of Homeland Security, where I manage CBP STAT's creation and delivery of high-level analysis and reporting into CBP's immigration and seizure data. I understand that on November 19, 2019, this Court certified a provisional class of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process" and enjoined Defendants in this case from applying the third-country transit rule to those individuals. I understand that Plaintiffs have filed a motion to clarify the preliminary injunction and ask this Court, among other things to order Defendants to make all reasonable efforts to identify class members, including by reviewing CBP's records for notations regarding class membership made in accordance with guidance issued by U.S. Border Patrol (USBP) and the Office of Field

1

Operations (OFO). I am providing this declaration in support of Defendants' opposition to Plaintiffs' motion.

2. I have formally served as the Director of the CBP STAT Division since August 2019. Previously, I served as a Senior Advisor to the Chief Operating Officer and Senior Official Performing the Functions and Duties of the Commissioner. In that role, I performed similar functions to those I am performing now with respect to providing reports and high-level analysis. Prior to serving in that position, I was the Assistant Chief over Border Patrol's Statistics and Data Integrity (SDI) Branch, where I provided day-to-day statistics and analysis to USBP senior leadership and worked to ensure data quality within the USBP data. Prior to serving as the Assistant Chief over the USBP SDI Branch, I was an Operations Officer and played a key role in the development of the Border Patrol's e3 electronic system of records. I have been a U.S. Border Patrol agent since January 2, 1996.

3. CBP STAT provides CBP senior leadership with aggregate statistics related to alien apprehensions, inadmissible aliens, drug seizures, use of force and assault data, in the form of both recurring and ad hoc reports. In my role as the Director of CBP STAT, I am able to run reports of, and retrieve data from, CBP's electronic systems of records, including Border Patrol's e3 system and OFO's SIGMA and Unified Secondary (USEC) systems. Many of these reports combine data from the e3 system and the SIGMA or USEC systems. In Fiscal Year 2020 through June, CBP STAT performed over 2,900 recurring reports (representing a 190% increase compared to the same time last year) and over 1,000 ad hoc reports (representing a 97% increase compared to the same time last year). I have general familiarity with SIGMA and USEC and their capabilities, and particular familiarity with e3 and its capabilities.

4.      CBP completes a Form I-213, Record of Deportable/Inadmissible Alien, for each alien who is encountered by a Border Patrol agent or CBP officer and is determined to be inadmissible or deportable. I was recently asked to retrieve the number of Forms I-213 created by Border Patrol and OFO along the southwest border for the following date ranges: (1) for Border Patrol, from July 16 to November 18, 2019; November 19 to November 24, 2019; November 25 to December 19, 2019; December 20, 2019 to March 4, 2020; and March 5 to July 25, 2020; and (2) for OFO, from July 16 to November 18, 2019; November 19 to December 1, 2019; December 2 to December 19, 2019; December 20, 2019 to March 4, 2020; and March 5 to July 25, 2020. On July 31, 2020, CBP STAT completed this data pull, which returned the following results:

*Border Patrol*

| Date Range | Number |
| --- | --- |
| July 16, 2019 – Nov. 18, 2019 | 181,097 |
| Nov. 19, 2019 – Nov. 24, 2019 | 7,188 |
| Nov. 25, 2019 – Dec. 19, 2019 | 29,315 |
| Dec. 20, 2019 – Mar. 4, 2020 | 74,086 |
| Mar. 5, 2020 – July 25, 2020 | 26,742 |

*OFO*

| Date Range | Number |
| --- | --- |
| July 16, 2019 – Nov. 18, 2019 | 44,301 |
| Nov. 19, 2019 – Dec. 1, 2019 | 3,895 |
| Dec. 2, 2019 – Dec. 19, 2019 | 4,853 |
| Dec. 20, 2019 – Mar. 4, 2020 | 17,094 |
| Mar. 5, 2020 – July 25, 2020 | 6,193 |

This data shows the number of inadmissible aliens apprehended between ports of entry along the southwest border and processed by Border Patrol under Title 8 of the U.S. Code and the number of inadmissible aliens encountered at land border ports of entry along the southwest border and processed by the Office of Field Operations under Title 8 of the U.S. Code. The data does not

3

include the number of individuals processed under Title 42 of the U.S. Code, as CBP does not generate a Form I-213 for such individuals.

5. I understand that, following the issuance of the preliminary injunction in this case in November 2019, both USBP and OFO issued guidance instructing agents and officers to annotate the Form I-213 of an individual who affirmatively claims to be a member of the provisional class in this case. Generally, information included on a Form I-213 is not able to be tracked in any automated way in CBP's electronic systems of records. Therefore, in order to determine whether a particular Form I-213 includes such an annotation, CBP would generally be required to manually retrieve and review the Form I-213 to determine if the annotation was included.

6. I understand that, on November 26, 2019, OFO updated its USEC electronic system of record to include an equivalent annotation in the electronic system of record itself. In other words, I understand that if an individual claims to be a class member, that information is recorded on both the Form I-213 and recorded in the electronic system. I understand that OFO is able to pull data about the number of times that this annotation was utilized in the system. I have verified that this annotation has been utilized twelve times. However, such a data pull only applies to individuals encountered by OFO, as there is no equivalent flag in the e3 system that records USBP encounters. Thus, CBP would still be required to manually review over 130,000 Forms I-213 created by Border Patrol since November 25, 2019, to determine whether they included an annotation that an individual claimed to be a class member.

//

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this  3rd  day of August, 2020.

Jay Visconti
Director (Associate Chief)
CBP STAT Division
Operations Support
U.S. Customs and Border Protection