# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CHAD F. WOLF, Acting Secretary of Homeland Security, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 17-cv-02366-BAS-KSC<br><br>**ORDER DENYING DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR AN EXPEDITED BRIEFING SCHEDULE AND DECISION ON THE MOTION TO STAY**<br><br>**(ECF No. 638)** |

　　　Before the Court is Defendants' *Ex Parte* Application for an order shortening the time for Plaintiffs to respond to, and for the Court to issue a decision on, Defendants' Motion to Stay the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction Pending Appeal ("Stay Motion"). (Stay Mot., ECF No. 637; *Ex Parte* App., ECF No. 638.) Defendants claim that this *ex parte* relief is necessary because of the "substantial burdens" involved in their compliance with this Court's October 30, 2020 Order granting Plaintiffs' Motion for Clarification of the Preliminary Injunction ("Order"). (ECF No. 605.) Plaintiffs take no position regarding the application. (*Ex Parte* App. at 1.)

　　　*Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Id.* at 492. Defendants have failed to make either showing in their Application.

As to the first element, Defendants offer only conclusory statements about preventing irreparable harm, which does not satisfy the *ex parte* standard. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (holding that a party's "perception of the urgency" to obtain relief is insufficient under the *ex parte* standard). Defendants offer no other argument, including by reference to any specific merits of their Stay Motion. *See Mission Power*, 883 F. Supp. at 492 ("A showing of irreparable prejudice usually requires reference to the merits of the underlying motion.").

In any case, the irreparable injury argument in the Stay Motion does not provide a basis for the requested *ex parte* relief because, as this Court has found on multiple occasions, the alleged injury was caused by Defendants. In their Stay Motion, Defendants allege that the steps specified in the Order to identify all class members is "immensely," "extremely," and even "prohibitively" burdensome because "the government does not electronically track" the reasons for asylum denials or whether someone was subject to metering. (*See generally*, Mem. of P. & A. in support of Stay Mot., ECF No. 637-1.) Consequently, Defendants claim, manual review of all records would require a substantial amount of time and resources and may not even reveal information relevant to class membership. (*Id.*) Further, the Government states that the waitlists they relied on for metering "would not be an efficient tool for identifying" class members. (*Id.* at 9.)

The Court has addressed these same arguments before and finds, as it has previously, that these reasons are insufficient to satisfy the standard for *ex parte* relief. As stated in a previous motion for expedited briefing, "the class is defined by the very system Defendants created to advance their own metering policy. The consequent burden of identifying those class members is therefore the result of Defendants' own making." (Order Denying Ex Parte for Expedited Br. on Mot. to Stay Prelim. Inj. at 2, ECF No. 347; *see also* Order Granting Mot. for Prelim. Inj. at 27, ECF No. 330; Order at 23 n.6.) Similarly, any deficiency in Defendants' recordkeeping is also of their own making. Thus, Defendants have also failed to satisfy the second element for *ex parte* relief.

      Accordingly, the Court **DENIES** Defendants' *Ex Parte* Application for an Expedited Briefing Schedule (ECF No. 638) and **SETS** the Stay Motion for hearing on <u>**February 8, 2021**</u>.  This hearing date is solely for purposes of setting the briefing schedule for the Stay Motion.  *See* Judge Bashant's Standing Order for Civil Cases, § 4B.  The Court will inform the parties if appearances for oral argument will be necessary.  *Id.* § 4C.  The schedule for filing the Opposition and Reply must comply with Civil Local Rule 7.1(e).

      **IT IS SO ORDERED.**

**DATED: December 7, 2020**

Hon. Cynthia Bashant
United States District Judge