MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **EXHIBIT 2 TO PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
   *gschwarz@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Plaintiff's Proposed Section VI.B. to the Protective Order covering "Asylum Material"

**VI. ACCESS TO AND USE OF ASYLUM MATERIAL**

…

**B. Disclosure of Asylum Material**

Unless otherwise ordered by this Court or permitted in writing by the Producing Party, a Receiving Party may disclose Asylum Material to:

**1.** Counsel of Record who are actively engaged in the action, including their associates, clerks, paralegals, in-house investigators, stenographic personnel, litigation support contractors, and such other regular and temporary employees who assist Counsel of Record in connection with the Action, including employees of any firm retained to reproduce the Asylum Material for use in accordance with this order;

**2.** Plaintiff Al Otro Lado, including any of its regular or temporary employees, volunteers, or contractors, in accordance with the terms of this order;

**3.** Any court adjudicating this matter, including its judges, law clerks, judicial assistants, clerks, interpreters, and stenographic personnel in connection with the Action, in accordance with the terms of this order;

**4.** The individual to whom the Asylum Material solely pertains, or to ~~members of such individual's family, or to~~ such individual's attorney or accredited representative (including his or her associates, clerks, paralegals, in-house investigators, stenographic personnel, litigation support contractors, and such other regular and temporary employees who assist the individual's attorney or accredited representative), provided that the attorney or accredited representative has submitted a Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative; Form EOIR-27, Notice of Entry of Appearance as Attorney or Accredited Representative Before the Board of Immigration Appeals; or Form EOIR-28, Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court, as appropriate;

**5.** Any person who the individual to whom the Asylum Material

> **Commented [KJS1]:** Defendants can agree to share with family members subject to authorization, as addressed in paragraph 8 CFR 208.6 does not permit the disclosure of this information to family members other than derivatives.
>
> If an individual to whom the asylum material pertains could not be reached for technological or other reasons (as set forth in Plaintiffs' counsel's email as an example of the reason for this request), couldn't the family member then be treated under Paragraph 6, and, if Defendants and EOIR agreed, that family member would then agree to the terms of the protective order?

> **Commented [KJS2]:** The government does not agree to delete this material that removes the G028/E-28/E-27 requirement because asylum information is to be shared only with an attorney who is associated with the asylum claim. Again, other attorneys could be covered by the disclosure provision under Paragraph 5 below.

Plaintiff's Proposed Section VI.B. to the Protective Order covering "Asylum Material"

solely pertains has given written ~~or oral~~ consent to share such material with. , as ~~well as any person who~~ an individual listed in paragraph VI.B.4. ~~has given written or oral consent to share such material with~~, in accordance with the terms of this order. Written consent must be evidenced by the individual's completion of [Form DOJ-361, including the section titled "Authorization to Release Information to Another Person,"; DHS Privacy Act Waiver], or by a written statement by the individual authorizing release of asylum information to a specific person or people, that includes the signature of the individual who is authorizing release;

> **Commented [KJS3]:** The government does not agree to oral authorization, because 208.6 requires waiver to be in writing.
>
> **Commented [KJS4]:** The government does not agree to this edit because only the asylum applicants can waive disclosure obligations.

**6.** Any other person or entity upon such terms and conditions as the Parties and the Executive Office for Immigration Review may agree or as the Court may hereafter order, subject to that person or entity's written agreement to the terms of this order.

Records of each disclosure provided for in Sections VI.B.4, VI.B.5, and VI.B.6 shall be preserved by each of the Parties while the Action is pending and shall be provided to the Parties or the Executive Office for Immigration Review upon request and to the Court upon its order.

> **Formatted:** Indent: First line: 0.5"
>
> **Commented [KJS5]:** The government does not agree to remove this (which would now pertain to disclosures under VI.B.4, 5, and 6). The requirement to obtain written authorization above should assist in this tracking requirement, which should be a list of those to whom information was disclosed to.