MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **EXHIBIT 3 TO PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | *FILED UNDER SEAL* |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
830 PINEHILL ROAD
JENA, LA  71342


THE ANYERE LAW FIRM, LLC
Anyere, Nji
6305 IVY LANE
SUITE 260
GREENBELT, MD  20770

In the matter of                    File A                    DATE: Jun 30, 2020

\_\_ Unable to forward - No address provided.
\_\_ Attached is a copy of the decision of the Immigration Judge. This decision
is final unless an appeal is filed with the Board of Immigration Appeals
within 30 calendar days of the date of the mailing of this written decision.
See the enclosed forms and instructions for properly preparing your appeal.
Your notice of appeal, attached documents, and fee or fee waiver request
must be mailed to:     Board of Immigration Appeals
                       Office of the Clerk
                       5107 Leesburg Pike, Suite 2000
                       Falls Church, VA 22041
\_\_ Attached is a copy of the decision of the immigration judge as the result
of your Failure to Appear at your scheduled deportation or removal hearing.
This decision is final unless a Motion to Reopen is filed in accordance
with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
motion must be filed with this court:
                       IMMIGRATION COURT
                       830 PINEHILL ROAD
                       JENA, LA  71342
\_\_ Attached is a copy of the decision of the immigration judge relating to a
Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
1208.31(g)(1), no administrative appeal is available. However, you may file
a petition for review within 30 days with the appropriate Circuit Court of
Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

\_\_ Attached is a copy of the decision of the immigration judge relating to a
Credible Fear Review. This is a final order. No appeal is available.

x  Other: _____order of IJ_____


                                          ____jb_____
                                          COURT CLERK
                                          IMMIGRATION COURT                FF

        cc: CHIEF COUNSEL
            830 Pinehill Road
            Jena, LA, 71342

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LASALLE IMMIGRATION COURT
JENA, LOUISIANA

|  |  |  |
|---|---|---|
| IN THE MATTER OF | ) | IN REMOVAL PROCEEDINGS |
|  | ) |  |
| ███████████████ | ) | File No. A████████ |
|  | ) |  |
| Respondent | ) |  |
|  | ) |  |

**MOTION:** Respondent's Motion to Reopen and Reconsider

**ON BEHALF OF RESPONDENT**
Nji Anyere
The Anyere Law Firm, LLC
6305 Ivy Lane, Suite 260
Greenbelt, Maryland 20770

**ON BEHALF OF THE DEPARTMENT**
Assistant Chief Counsel
DHS/ICE/Litigation Unit
P.O. Box 410
Trout, Louisiana 71371

## DECISION OF THE IMMIGRATION JUDGE

### I.   PROCEDURAL & FACTUAL HISTORY

On September 30, 2019, the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("Department") served Respondent with a Notice to Appear ("NTA"), alleging he is a native and citizen of Cameroon; entered the U.S. at San Ysidro, California, Port of Entry on August 28, 2019; and did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document. Exh. 1. Based on these allegations, the Department charged Respondent as inadmissible pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("Act"). *Id.*

On November 13, 2019, the Court provided Respondent with his rights and Respondent indicated he understood his rights. Respondent declined the opportunity to seek counsel and indicated he wished to proceed with his case. Respondent admitted to all allegations in the NTA and conceded removability, and the Court found him removable. Respondent declined to designate a country of removal, the Department requested Cameroon, and the Court designated Cameroon as the country of removal. Respondent indicated he fears return to Cameroon, the Court provided him an I-589, Application for Asylum and Withholding of Removal, and the Court reset Respondent's case to give him time to complete his application. On December 11, 2019, the Court held a master reset hearing. At that hearing, the Court indicated it received Respondent's I-589 application and evidence in support of Respondent's application. The Court then set a date for Respondent's individual hearing.

On January 24, 2020, the Court held Respondent's individual hearing. At that hearing, the Department indicated it planned to discuss Respondent's ineligibility due to the Third-Country Transit Bar, and the Court instructed Respondent's counsel to develop the record with this in mind. Concerning

the Third-Country Bar, Respondent testified he left Cameroon on March 2, 2019, and entered the U.S. on August 28, 2019. He stated he traveled through Nigeria, Ecuador, Colombia, Panama, Costa Rica, Nicaragua, Honduras, Guatemala, and Mexico before he entered the U.S. He noted he stayed in Mexico for approximately five months because immigration authorities at Tijuana gave him a number and made him wait in line. Respondent testified he arrived at Tijuana on June 5, 2019. Respondent's counsel proffered that the Third-Country Bar should not apply because Respondent was present at the U.S. – Mexico border prior to July 16, 2019. Respondent testified regarding his treatment in Cameroon and indicated the Cameroonian government persecuted him based on a protected ground. The Department contended Respondent is ineligible for asylum based on the Third-Country Bar and emphasized that Respondent did not apply for asylum in any country he traveled through before he entered the U.S. on August 28, 2019.

The Court then denied Respondent's asylum application based on the Third-Country Transit Bar, but granted Respondent's application for withholding of removal. The Court found Respondent passed through many countries without applying for asylum, Respondent did not enter the U.S. before the application of the Third-Country Bar, and none of the exceptions to the Third-Country Bar apply to Respondent. The Court then acknowledged ongoing Ninth Circuit district court litigation concerning the application of the Third-Country Bar, but noted the Court is bound to apply the Third-Country Bar as it is written. The Department reserved appeal and Respondent, through counsel, waived appeal.

On June 16, 2020, Respondent, through counsel, submitted a Motion to Reopen and Reconsider Eligibility for Asylum. The Court now addresses Respondent's Motion.

## II.   STATEMENT OF LAW

An Immigration Judge may upon his or her own motion at any time, or upon motion of the Department or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.23(b)(1). A motion to reopen "seeks to reopen proceedings so new evidence can be presented and so a new decision can be entered, normally after a further evidentiary hearing." *Matter of Cerna*, 20 I&N Dec. 399, 403 (BIA 1991).

A motion to reopen must state the new facts that will be proven if the motion is granted and must be supported by affidavits and other evidentiary material. 8 C.F.R. § 1003.23(b)(3). Any motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents. *Id.* A motion to reopen will not be granted unless the Court is satisfied the evidence sought to be offered is "material and was not available and could not have been discovered or presented at the former hearing." *Id.* The Court cannot grant a motion to reopen seeking to apply for relief if the Immigration Judge fully explained the right to apply for such relief and provided an opportunity to apply for the relief. *Id.*

Additionally, a motion to reopen is subject to time and numerical limitations. A respondent can only file one motion to reopen. 8 C.F.R. § 1003.23(b)(1). The motion must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later. *Id.* These limitations shall not apply if the basis of the motion is to apply for asylum or withholding of removal under the Convention Against Torture, and is based on

2

changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding. *Id.* at § 1003.23(b)(4)(i).

### III. ANALYSIS & CONCLUSION

After a thorough review, the Court denies Respondent's Motion to Reopen. Federal regulations require that a motion to reopen be filed within ninety days of a final administrative order of removal. 8 C.F.R. § 1003.23(b)(1). The Court granted Respondent withholding relief on January 24, 2020. Respondent waived appeal and the Department reserved appeal. The Court's order became administratively final on February 24, 2020, when the Department did not file an appeal within thirty days of the Court's Decision. *See* 8 C.F.R. § 1241.1(b). Respondent did not file his Motion to Reopen until June 19, 2020, approximately 116 days later. Consequently, his Motion is impermissibly untimely and denied.

Moreover, the Court denies Respondent's Motion because he failed to establish the evidence he now seeks to submit "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). Respondent, through counsel, submitted a declaration and an untranslated receipt to establish he arrived at the U.S. – Mexico border on June 5, 2019. However, Respondent did not indicate he was not able to submit this information at his individual hearing. Further, Respondent did not request time to submit evidence to show he was not subject to the Third-Country Transit Bar at any point during his removal proceedings. Additionally, instead of asserting his right to appeal the Immigration Judge's decision to the Board of Immigration Appeals based on the Immigration Judge's alleged error, Respondent waived his right to appeal and accepted the Immigration Judge's decision as final.

In addition, Respondent contends the Ninth Circuit's decision in *Al Otro Lado v. Wolf* results in changed law that is applicable to his case; however, Respondent's contention is misguided in that this Ninth Circuit decision does not govern Fifth Circuit law. For the foregoing reasons, the Court finds Respondent did not establish new, relevant evidence or a reason to reopen his removal proceedings. Thus, the Court denies Respondent's Motion to Reopen.

Accordingly the following order shall be entered:

3

ORDER:    IT IS HEREBY ORDERED THAT Respondent's Motion to Reopen is DENIED.

6-30-20
Date

Angela Munson
Immigration Judge

### CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:    MAIL (M)    PERSONAL SERVICE (P)

TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [X] ALIEN'S ATTY/REP   [X] DHS

DATE: 6-30-20    BY: COURT STAFF

Attachments: [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

4