MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | **EXHIBIT 4 TO PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | *FILED UNDER SEAL* |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA  92154

Rozas & Rozas LLC
Chauvin, Rachel
343 3rd Street
Ste. 500
Baton Rouge, LA  70801

In the matter of                    File A                    DATE: Jul 16, 2020

___ Unable to forward - No address provided.
___ Attached is a copy of the decision of the Immigration Judge. This decision
is final unless an appeal is filed with the Board of Immigration Appeals
within 30 calendar days of the date of the mailing of this written decision.
See the enclosed forms and instructions for properly preparing your appeal.
Your notice of appeal, attached documents, and fee or fee waiver request
must be mailed to:     Board of Immigration Appeals
                       Office of the Clerk
                       5107 Leesburg Pike, Suite 2000
                       Falls Church, VA 22041

___ Attached is a copy of the decision of the immigration judge as the result
of your Failure to Appear at your scheduled deportation or removal hearing.
This decision is final unless a Motion to Reopen is filed in accordance
with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
1229a(b)(5)(C) in removal proceedings. If you file a motion to reopen, your
motion must be filed with this court:
                       IMMIGRATION COURT
                       7488 CALZADA DE LA FUENTE
                       SAN DIEGO, CA  92154

___ Attached is a copy of the decision of the immigration judge relating to a
Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
1208.31(g)(1), no administrative appeal is available. However, you may file
a petition for review within 30 days with the appropriate Circuit Court of
Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

___ Attached is a copy of the decision of the immigration judge relating to a
Credible Fear Review. This is a final order. No appeal is available.

X Other: IJ Decision

COURT CLERK
IMMIGRATION COURT                                              FF
    cc: Ratana, Alvin S., Assistant Chief Counsel
        880 Front Street, Suite 2246
        San Diego, CA, 92101

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
SAN DIEGO, CALIFORNIA

FILE: A█████████          )
                          )
IN THE MATTER OF          )    IN REMOVAL PROCEEDINGS
                          )
█████████████████         )
        Respondent        )
                          )

CHARGE: § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA" or "the Act")—No valid immigrant visa

APPLICATIONS: Asylum; Withholding of Removal; Protection under the Convention Against Torture (CAT)

ON BEHALF OF THE RESPONDENT:        ON BEHALF OF THE DHS:

Britton Evers, Esquire              Deborah Romo, Assistant Chief Counsel

## WRITTEN DECISION OF THE IMMIGRATION JUDGE

The respondent is a 26-year-old male who is a native and citizen of Cameroon. On September 25, 2019, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") against the respondent. The respondent's counsel admitted the factual allegations and conceded that the respondent is inadmissible as charged in the NTA. Based upon this concession, the Court concludes that the charge of inadmissibility under § 212(a)(7)(A)(i)(I) of the Act has been sustained. See section 240(c)(2) of the Act. The respondent declined to designate a country for removal, and the Court initially designated Cameroon as the country for removal.

As relief from removal, the respondent filed an applications for asylum with the Immigration Court, on or about February 18, 2020. The Form I-589 also constitutes a request for withholding of removal pursuant to section 241(b)(3) of the Act, and for protection under Article 3 of the CAT. A hearing on the merits of these applications was conducted on July 9, 2020. The hearing was conducted by videoconference with the respondent and his counsel appearing from the Winn Correctional Facility in Winnfield, Louisiana; the undersigned Immigration Judge and the interpreter were sitting at the San Diego Immigration Court; DHS Counsel appeared telephonically. The respondent was the sole witness at the hearing. In addition to the testimony of the respondent, the Court has considered the supplemental documents submitted by the respondent, to include the most recent edition of the Human Rights Report for Cameroon for the Year 2018.

## ANALYSIS AND FINDINGS

The respondent has established that he filed the asylum application within 1 year of arrival in the United States. See section 208(a)(2)(B) of the Act. He claims to be a "metered" asylum applicant who first arrived at the border of the United States before July 16, 2019; however, the Court finds that it is unnecessary to address the amended regulation at 8 C.F.R. § 1208.13(c)(4).

The respondent can demonstrate eligibility for asylum by showing "past persecution" within the meaning of the regulations, so as to give rise to a presumption of future persecution in Cameroon; alternatively, the respondent could demonstrate eligibility for asylum by showing a "well-founded fear" of persecution on account of one of the five grounds enumerated at section 101(a)(42)(A) of the Act. See 8 C.F.R. § 1208.13(b). The Court will leap over the issue of

statutory eligibility for asylum, based upon the decision below that the respondent does not warrant asylum as a matter of discretion. See INS v. Bagamasbad, 429 U.S. 24 (1976).

The Attorney General has reiterated the discretionary factors to be considered by Immigration Judges with respect to asylum applicants: "Relevant discretionary factors include, *inter alia*, the circumvention of orderly refugee procedures; whether the alien passed through any other countries or arrived in the United States directly from her country; whether orderly refugee procedures were in fact available to help her in any country she passed through; whether she made any attempts to seek asylum before coming to the United States; the length of time the alien remained in a third country; and her living conditions, safety, and potential for long-term residency there." Matter of A-B-, 27 I&N Dec. 316, 345 n.12 (A.G. 2018); see also Matter of Pula, 19 I&N Dec. 467, 473-74 (BIA 1987); Kalubi v. Ashcroft, 364 F.3d 1134, 1140 n. 6 (9th Cir. 2004).

The respondent in the present case passed through the following countries en route to the United States: Benin, Ecuador, Colombia, Panama, Costa Rica, Nicaragua, Honduras, Guatemala, and Mexico. He admittedly made no request for asylum or refugee protection in any of these countries, prior to arrival in United States. After departing Cameroon, his longest stay in a third country appears to have been in Mexico, where he stayed for approximately 76 days; he added that he was present in Benin for about 11 days after he arrived there from Cameroon.

The respondent's only family tie to the United States is a cousin who lives in ███████. The only reason offered for the decision not to apply for refugee status in Benin was, according to the respondent, that he would have been returned from there to Cameroon. The Court takes administrative notice of the 2019 Human Rights Report for Benin, which plainly

3

provides that a refugee procedure is available to persons in that country. Moreover, the regulations implementing the third country asylum bar specifically noted that Mexico and all of the Central American countries which the respondent passed through are signatories to the U.N. Conventions concerning refugees. See 84 *Federal Register* 33829, 33839 (July 16, 2019). The respondent accordingly has passed through at least eight countries without availing himself of the orderly refugee procedure pertaining to those countries. As to Mexico, the respondent presented a document reflecting that he registered with the National Immigration Institute in Tapachula on June 21, 2019, and that he was invited to "initiate regularization procedures" within the next 20 days. See Respondent's supplemental documents at 48. The respondent apparently did not seek to "regularize" his status in Mexico by applying for asylum; instead, he traveled north to Tijuana so that he could apply for admission to the United States.

Another adverse factor concerning the exercise of discretion is the respondent's claim that he lost his passport in Tijuana, Mexico. The claim as to a lost passport prevents the Court from verifying the countries that the respondent passed through, as well as the length of time he spent in any such country. Furthermore, the respondent's claim that he received a passport in 2015, but that he did not travel with it until he left Cameroon in April 2019, cannot be verified in the absence of his passport.

The Board also emphasized in Matter of Pula, supra, that if the asylum applicant is eligible for asylum but has not shown that he qualifies under the higher standard for withholding of removal, then asylum should be denied in the exercise of discretion only where "egregious" adverse factors are present. Id. at 474. This is not such a case because, as will be explained below, the respondent will be granted withholding of removal as to Cameroon.

Accordingly, after considering the totality of the circumstances surrounding the respondent's travel to the United States, and his failure to request refugee status in any country prior to arrival here, the Court concludes that the application for asylum will be denied in the exercise of discretion. Id. The respondent's explanation that he waited until arriving in the United States to apply for asylum because this country protects human rights is insufficient to overcome his bypassing of the orderly refugee procedures that were available to him.

However, the Court concludes with respect to the "past persecution" claim that the respondent was a credible witness. His testimony was generally consistent with his written application for asylum, and in the totality of the circumstances, no discrepancies were identified in the course of his examination that would warrant an adverse credibility finding. The Court further concludes that the respondent has satisfied the "a reason" standard for withholding of removal. He explained that he was ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████ He accordingly has established "past persecution" on account of a political opinion, and there is a presumption under the regulations as to a future threat to his life or freedom. See 8 C.F.R. § 1208.16(b). When the Court considers the most recent information concerning the mistreatment of persons suspected to be involved with ████████████████ n Cameroon, the presumption as to a clear probability of future persecution has not been rebutted.

The respondent's application for withholding of removal as to Cameroon will be granted. The application for protection under the Convention Against Torture is moot.

When the Immigration Court grants withholding of removal but denies asylum, the Court must enter an order of removal to some country other than the one for which withholding of removal is being granted. See Matter of I-S- & C-S-, 24 I&N Dec. 432, 434 (BIA 2008)("[W]hen an Immigration Judge decides to grant withholding of removal, an explicit order of removal must be included in the decision"). The Act provides in the case of "arriving aliens" such as the respondent, that they should be removed to the country from which they departed to reach the United States, unless that country is contiguous to the United States, and the alien is not a native and citizen of that country. See section 241(b)(1)(B) of the Act; 8 C.F.R. § 1240.10(f). Under the circumstances presented here, the Court will order removal to any country that is willing to accept the respondent, pursuant to section 241(b)(1)(C)(iv) of the Act. See also 8 C.F.R. § 1240.12(d). Based on the foregoing, the following orders will be entered:

## ORDERS

IT IS HEREBY ORDERED that the respondent's application for asylum be DENIED.

IT IS FURTHER ORDERED that the respondent's application for withholding of removal to Cameroon pursuant to section 241(b)(3) of the Act be GRANTED.

IT IS FURTHER ORDERED that the respondent's application for withholding of removal to Cameroon under the CAT is MOOT.

IT IS FURTHER ORDERED that the respondent shall be removed to any country that is willing to accept him, other than Cameroon, pursuant to the charge contained in the NTA.

APPEAL RIGHTS: Both parties have the right to appeal. Any appeal is due at the Board of Immigration Appeals on or before 30 calendar days from the date of service of this decision.

July 16, 2020

Date

Jeffrey L. Romig
Immigration Judge