JEFFREY BOSSERT CLARK
Acting Assistant Attorney General,
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
SAMUEL P. GO (NY 4234852)
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
ALEXANDER J. HALASKA (IL 6327002)
DHRUMAN Y. SAMPAT(NJ 270892018)
Trial Attorneys

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHAD F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*,<br><br>*Defendants*. | Case No. 3:17-cv-02366-BAS-KSC<br><br>Hon. Cynthia A. Bashant<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER CONCERNING ASYLUM INFORMATION OF POTENTIAL PRELIMINARY-INJUNCTION CLASS MEMBERS** |

**INTRODUCTION**

Defendants seek the entry of a protective order to place reasonable limits on Plaintiffs' use and disclosure of asylum information about preliminary-injunction class members or potential class members contained in the government's records that will be shared with Plaintiffs in connection with implementation of the Court's October 30 Order (ECF No. 605) and Preliminary-Injunction Order (ECF No. 330). Compliance with the October 30 Order in particular will involve disclosure of sensitive, private asylum information for which special protection is warranted.

Shortly after the Court entered its October 30 Order, Defendants and non-party the Executive Office for Immigration Review (EOIR) proposed to Plaintiffs that the parties seek the Court's approval of a protective order to facilitate information-sharing about potential preliminary-injunction class members with Plaintiffs. A protective order would enable Defendants and EOIR to share such asylum information—the confidentiality of which is protected by regulation, *see* 8 C.F.R. §§ 208.6, 1208.6—in compliance with the October 30 Order, while ensuring limitations on use and further disclosure to third parties that mirror the limitations set forth in those regulations.

Plaintiffs have stated that they do not oppose the entry of a protective order governing the use and disclosure of asylum information of preliminary-injunction class members or potential preliminary-injunction class members. But the parties have been unable to agree on the specific conditions for disclosure of asylum information to third parties (such as class members' family members or other third parties). Defendants' proposed terms generally condition disclosure of information to third parties on specific, written authorization from the individual to whom the information pertains. Defendants' proposed terms also make an exception to allow disclosure absent such written authorization from the asylum-seeker, so long as Defendants and EOIR agree or the Court so orders, and so long as the third party agrees in writing to comply with the terms of the protective order.  Defendants' proposed

terms also ask Plaintiffs to retain records of such disclosures. Plaintiffs take exception to these limitations on, and accountability for, disclosures of asylum information to third parties. However, allowing disclosure to third parties on the terms Plaintiffs request would remove the safeguards established by regulations to protect asylum applicants.

Defendants thus respectfully request that the Court enter Defendants' proposed protective order, including these reasonable conditions on disclosure to third parties.

## BACKGROUND

### A. Regulatory Protections for Asylum Information

"Mindful . .. that the public disclosure of [information pertaining to an asylum application] could subject an applicant to retaliatory measures in his country of origin and endanger his relatives still residing abroad, the Attorney General has issued regulations providing that federal officials must, with limited exceptions, maintain in confidence information relating to applicants' asylum applications." *Owino v. Holder*, 771 F.3d 527, 533 (9th Cir. 2014) (citing, *inter alia*, 8 C.F.R. § 208.6). These regulations provide that, with limited exceptions, "[i]nformation contained in or pertaining to any asylum application, records pertaining to any credible fear determination conducted pursuant to [8 C.F.R.] § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to [8 C.F.R.] § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General." 8 C.F.R. § 208.6(a); *see also* 8 C.F.R. § 1208.6(a) (same language as applied to EOIR). The government is also required to protect from disclosure the confidentiality of other records kept by DHS or EOIR "that indicate that a specific alien has applied for asylum, received a credible fear or reasonable fear interview, or received a credible fear or reasonable fear interview." 8 C.F.R. §§ 208.6(b), 1208.6(b). To preserve this confidentiality, third-party recipients of such asylum information are to be "bound by the confidentiality

1  regulations under 8 C.F.R. 208.6," and "must not disclose the asylum-related infor-
2  mation to other parties, except pursuant to the regulations." Memorandum from Jo-
3  seph E. Langlois, Director, Asylum Division, USCIS, "Fact Sheet on Confidential-
4  ity" (June 15, 2005) ("Fact Sheet"), *available at* https://www.uscis.gov/sites/de-
5  fault/files/document/memos/fctsheetconf061505.pdf.

### B. Implementation of The Court's October 30 Order

The Court's preliminary-injunction order ("PI Order," ECF No. 330) enjoined Defendants from applying the Third-Country Transit Rule to a provisional subclass of "non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE [port of entry] before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process." PI Order at 36. Thus, members of the class are by definition seeking asylum in the United States, and their identities and information relating to their claims to protection are protected from public disclosure by 8 C.F.R. §§ 208.6, 1208.6.

The Court's subsequent Order on Plaintiffs' Motion for Clarification ("October 30 Order," ECF No. 605), which orders specific acts to be taken in connection with its PI Order, contemplates information-sharing between Defendants and Plaintiffs about preliminary-injunction class members and potential preliminary-injunction class members, and requires Defendants to "shar[e] information regarding class members' identities with Plaintiffs." October 30 Order at 22-25 & ¶ 4. The October 30 Order provides that "Defendants must make all reasonable efforts to identify class members, including but not limited to . . . sharing information regarding class members' identities with Plaintiffs." *Id.* at 25 ¶ 4; *see also id.* at 23 ("Defendants must share the information in their custody regarding the identities of class members with Plaintiffs."). This provision does not by its terms require EOIR to share information from its records.

The parties, through counsel, have been engaging in conferences regarding implementation of the Court's October 30 Order. Shinners Decl. ¶ 3. In light of the

information-sharing contemplated by the October 30 Order, as well as to facilitate the provision of other information to Plaintiffs related to the PI Order's implementation if necessary, the parties engaged in negotiations beginning on November 11, 2020, concerning a protective order to govern the use of information about class members of potential class members by Plaintiffs.[1] Shinners Decl. ¶¶ 4-14. Defendants' Proposed Protective Order—which incorporates many provisions requested by Plaintiffs during the course of negotiations—is attached hereto as Exhibit A. *See* Shinners Decl. ¶¶ 14, 17 & Ex. A.

Plaintiffs have stated that they do not oppose the entry of a protective order to govern the use and treatment of asylum information. *See* Shinners Decl. ¶ 14. However, Plaintiffs oppose the conditions on disclosure to third parties that are set forth in Section VI.B of Defendants' Proposed Protective Order (highlighted for the Court's reference in the attached Exhibit A). Defendants' proposed terms in Section VI.B, which are specifically tailored to the disclosure of asylum information in the government's immigration records, allow disclosure to the following individuals on the following conditions:

(1) The individual to whom the asylum information solely pertains. *See* Proposed Protective Order § VI.B.4.
   a. Plaintiffs do not oppose this term.
(2) Attorneys who have officially entered their appearance in the immigration case of the individual to whom the information pertains (thus evidencing the asylum applicant's specific authorization to disclose asylum information to that attorney). *See* Proposed Protective Order § VI.B.4.

---

[1] The parties to the litigation had previous entered into a confidentiality protective order governing conditions on the use and disclosure of confidential information produced by either side in discovery. *See* ECF No. 276. That protective order did not specifically allow the government to produce asylum information, nor was it tailored to the circumstances of sharing asylum information from the government's immigration records for purposes of the preliminary injunction.

      a. Plaintiffs maintain that they should be permitted to disclose asylum information to any attorney of the asylum applicant without specific authorization from the applicant, and that the attorney need not have entered his/her appearance in the applicant's immigration case.

(3) Any individual to whom the asylum applicant has specifically authorized disclosure in writing. *See* Proposed Protective Order § VI.B.5. This language tracks the language of the regulation that provides that such information "shall not be disclosed without the written consent of the applicant." *See* 8 C.F.R. §§ 208.6(b), 1208.6(b).

      a. Plaintiffs maintain that they should be permitted to share asylum information with the asylum applicant's undefined "family members," without evidence of the applicant's authorization;

      b. Plaintiffs also maintain that applicants' family members and attorneys should be permitted to provide written or oral consent to further authorize sharing of that information with still other third parties;

      c. Plaintiffs also maintain that they should be permitted to share asylum applicants' information with an individual based on the applicant's oral consent, and without making any record of such disclosures (see below).

(4) Any individual to whom the parties agree the information may be disclosed, or to whom the Court orders information to be disclosed, and who agrees to abide by the terms of the protective order. *See* Proposed Protective Order § VI.B.6.

      a. Plaintiffs do not object to this term.

*See* Shinners Decl. ¶ 15. Defendants' Proposed Protective Order also includes a provision in the final paragraph of Section VI.B that the receiving party retain records of disclosures made to third parties. Plaintiffs object to this term as burdensome and

1  unnecessary, *see* Shinners Decl. ¶ 9, but these record-keeping requirements are in-
2  cluded to ensure accuracy and accountability in making third-party disclosures.

3       Defendants maintain that these provisions are appropriate in light of the reg-
4  ulatory protections of confidentiality, and that the restrictions on disclosure are nar-
5  rowly tailored to permit disclosure in accordance with those regulations.  On De-
6  cember 7, 2020, the parties determined that they were at an impasse on these provi-
7  sions. Shinners Decl. ¶¶ 13-15. To facilitate the provision of information about pre-
8  liminary-injunction class members and potential preliminary-injunction class mem-
9  bers in the meantime, Defendants offered that the parties seek entry of a temporary
10 protective order that includes Defendants' proposed terms pending resolution of the
11 parties' dispute about further sharing of information with third parties, but Plaintiffs
12 declined.

## ARGUMENT

Upon a showing of good cause, the Court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Protective orders governing the handling of confidential information exchanged in discovery are routinely approved by courts in civil cases." *Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.*, 2010 WL 2889178, at *1 (N.D. Cal. July 22, 2010); *see also Satmodo, LLC v. Whenever Commc'ns, LLC,* No. 3:17-cv-192-AJB-NLS, 2018 WL 1071707, at *3 (S.D. Cal. Feb. 27, 2018). As this Court has recognized, asylum information warrants special limitations on disclosure to the public and third parties. *See, e.g.*, Order on Motion to Enforce (ECF No. 607) at 13-14 & n.4; *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012) (granting motion for a protective order to conceal the identities of Plaintiff asylum applicants). "An asylum-seeker's interest in ensuring their personal safety by preventing public disclosure of this information is critically important." Order on Motion to Enforce (ECF No. 607) at 13-14.

Good cause exists for entry of the protective order that Defendants request to facilitate information-sharing required and contemplated by this Court's orders with respect to its preliminary injunction. The Court's orders contemplate that Defendants will need to share lists of potential preliminary-injunction class members, which will identify individuals as asylum applicants. *See* October 30 Order at 22-23. Based on prior requests from Plaintiffs, Defendants also anticipate that the sharing of other asylum information pertaining to potential preliminary –injunction class members— including information from EOIR's records—will aid information-sharing between the parties and assist in implementation of the PI Order and/or the October 30 Order. The Proposed Protective Order's terms are meant to ensure that the parties maintain confidentiality over this sensitive, private asylum information. If such information— which includes the fact that an individual has sought asylum or similar protection as well as the details of the claim—is, even inadvertently, shared with individuals who do not have the asylum applicant's interests in mind, it "could subject an applicant to retaliatory measures in his country of origin and endanger his relatives still residing abroad." *Owino*, 771 F.3d at 533. For these reasons, other district courts have approved the entry of similar protective orders governing information-sharing about class members as required by injunctive-relief orders. *See* Shinners Decl. Ex. B (protective order entered in *Martinez-Banos v. Godfrey*, No. 2:16-cv-01454-JLR (W.D. Wash. May 24, 2018) & Ex. C (protective order entered in *Aleman-Gonzalez v. Barr*, No. 3:18-cv-01869 (N.D. Cal. July 13, 2018).

Because the protective order is designed to address only the sharing of asylum information from the government's records that is subject to 8 C.F.R. §§ 208.6 and 1208.6, Defendants' proposed limitations on disclosure to third parties mirror the conditions and limitations set forth in the applicable regulations. These provisions are designed to further the safeguards set forth in these regulations by obtaining Plaintiffs' agreement not to disclose information to third parties, absent specific, written authorization from the asylum applicant to whom the information pertains.

1  In some respects, these conditions are thus less restrictive than the prior confidenti-
2  ality order, in that disclosure may be made in accordance with the asylum applicant's
3  specific, written authorization without requiring the party to whom the information
4  is disclosed to adhere to the terms of the protective order. *Compare* Stipulated Pro-
5  tective Order (ECF No. 276) § VI.C with Ex. A, Proposed Protective Order § VI.B;
6  *see also* Model Protective Order for the Southern District of California ¶¶ 7-10 (set-
7  ting forth restrictions on disclosure), *available at*
8  https://www.casd.uscourts.gov/_assets/pdf/forms/Model%20Protective%20Or-
9  der.pdf.

10  Further, the Proposed Protective Order also allows for disclosure to others
11  without obtaining such authorization from the applicant, if Defendants and EOIR or
12  the Court approves, and if the individual to whom the information will be disclosed
13  signs on to the terms of the protective order.

14  Plaintiffs claim that these disclosure conditions are too rigid. But the excep-
15  tions that Plaintiffs request would undermine the safeguards for an individual's asy-
16  lum information by allowing disclosures without evidence that the individual spe-
17  cifically authorized such disclosures. Nor can Plaintiffs demonstrate a need for such
18  unprecedented and liberal disclosure terms.

19  First, Plaintiffs maintain that they should be permitted to share asylum infor-
20  mation with the asylum applicant's undefined "family members," without *any* au-
21  thorization from the applicant. But without written, specific authorization from the
22  asylum applicant, there is no way to determine whether the disclosure to the family
23  member would potentially subject the applicant or the applicant's other relatives or
24  associates to retaliation based on the asylum claim. The same reasoning holds true
25  for allowing disclosure to attorneys to whom the applicant has not specifically au-
26  thorized disclosure of *asylum-related* information (as would be evidenced by the
27  attorney's entry of appearance in the immigration case to which the asylum applica-
28  tion pertains). And Plaintiffs' request that family members or attorneys should in

turn be permitted to authorize disclosure of this information to yet *other* third parties—again with no consent of the applicant—only compounds the possibility of harm resulting from disclosure.

Second, Plaintiffs maintain that they should be permitted to share asylum information after obtaining only the oral consent of the potential preliminary-injunction class member. This would again remove the safeguards for asylum information by allowing approval to be given under circumstances where the asylum applicant may not understand the import of the authorization and may not realize that he is authorizing disclosure of information related to his asylum claim. Moreover, there is no way for the government to establish the authenticity of the oral consent or document such consent that would comply with the regulations that specifically limits authorization to "written consent of the applicant." 8 C.F.R. §§ 208.6(b), 1208.6(b). A written, signed disclosure as required by the regulations will ensure that the applicant specifically authorizes specific disclosure to specific individuals.

Third, Plaintiffs object to the Proposed Protective Order's requirement that they keep records of disclosures to third parties. *See* Proposed Protective Order § VI.B (last paragraph). This provision is meant to ensure accountability for disclosures and adherence to the terms of the Protective Order, as well as to retain records for purposes of tracking future unauthorized disclosures by those third parties, if any. *See* Proposed Protective Order § VIII (governing steps to take to remedy unauthorized disclosure).

Plaintiffs posit that these terms are too restrictive and that they must have more flexibility in divulging asylum information to third parties because they anticipate "logistical challenges in communicating with and getting signed documents from PI class members." Shinners Decl. ¶ 8. Yet, even if this turned out to be true—and Plaintiffs have not yet cited any instance in which they were unable to obtain a written disclosure authorization from a potential preliminary-injunction class member—they could then obtain approval to disclose the information to specific third

1  parties under Section VI.B.6 of Defendants' Proposed Protective Order on a case-
2  by-case basis, as needed. Plaintiffs and their counsel are also not prevented from
3  obtaining information from potential preliminary-injunction class members' family
4  members, they are merely asked not to divulge asylum information to those family
5  members unless the terms of disclosure are met. And Plaintiffs' claim that Class
6  Counsel's "professional ethical obligations" will require them to act with adequate
7  care is belied by their insistence on disclosing asylum information to individuals
8  without the asylum applicant's written permission or other safeguards, thereby po-
9  tentially exposing the applicant to a risk of retaliation.

10  Defendants' Proposed Protective Order reasonably balances the needs of
11  Class Counsel with the safeguards for the asylum information of class members.

## **CONCLUSION**

13  For the foregoing reasons, this Court should enter Defendants' Proposed Pro-
14  tective Order.

DATED: December 15, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General,
Civil Division

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

*Al Otro Lado v. Wolf*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document and its attachments on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: December 15, 2020          Respectfully submitted,

                                             */s/ Katherine J. Shinners*
                                             KATHERINE J. SHINNERS
                                             Senior Litigation Counsel
                                             United States Department of Justice