1  JEFFREY BOSSERT CLARK
2  Acting Assistant Attorney General
   Civil Division
3  WILLIAM C. PEACHEY
4  Director, Office of Immigration Litigation –
   District Court Section
5  SAMUEL P. GO
6  Assistant Director
   KATHERINE J. SHINNERS (DC 978141)
7  Senior Litigation Counsel
8  United States Department of Justice
   Civil Division
9  Office of Immigration Litigation – District Court Section
10 P.O. Box 868, Ben Franklin Station
   Washington, D.C. 20044
11 Tel: (202) 598-2859 | Fax: (202) 305-7000
12 katherine.j.shinners@usdoj.gov
13 *Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DECLARATION OF KATHERINE J. SHINNERS IN SUPPORT OF DEFENDANTS' MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER CONCERNING ASYLUM INFORMATION OF POTENTIAL PRELIMINARY-INJUNCTION CLASS MEMBERS** |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

## DECLARATION OF KATHERINE J. SHINNERS

I, Katherine J. Shinners, declare as follows:

1. I am Senior Litigation Counsel with the District Court Section of the U.S. Department of Justice, Office of Immigration Litigation. I represent the federal defendants in their official capacities in the case entitled *Al Otro Lado, Inc. v. Wolf*, No. 3:17-cv-02366-BAS-KSC, which is currently pending in the U.S. District Court for the Southern District of California.

2. I make this declaration to provide information with respect to Defendants' Motion for Confidentiality Protective Order Concerning Asylum Information of Potential Preliminary-Injunction Class Members, which requests that the Court enter Defendants' Proposed Protective Order Regarding Preliminary-Injunction Subclass Members' Protected Information. These statements are based on my personal knowledge.

**Negotiations Between the Parties and Current Dispute**

3. Plaintiffs' and Defendants' counsel have conferred over the telephone and via email and letter concerning implementation of the Court's October 30 Order on Plaintiffs' Motion to Clarify (ECF No. 605), which contains requirements for identification of, notice to, and particular relief to be afforded to, members of the subclass certified in the Court's prior Preliminary Injunction Order (ECF No. 330), referred to herein as the "preliminary-injunction subclass."

4. On November 11, 2020, in response to a request from Plaintiffs' counsel for information about the substance of certain individuals' immigration cases, Defendants proposed via email to Plaintiffs' counsel that the parties "file a joint motion to amend the Protective Order (ECF No. 276) or for entry of a discrete protective order to expressly allow Defendants to share with Plaintiffs' counsel information [about preliminary-injunction subclass members] that is protected under 8 C.F.R. §§ 208.6 or 1208.6."

5.  On Friday, November 13, 2020, Plaintiffs' counsel provided Defendants' counsel with a draft joint motion to amend the Protective Order.

6.  On Wednesday, November 18, 2020, Defendants' counsel provided a draft of a new, separate protective order for Plaintiffs' consideration. This draft was created from scratch—rather than as an amendment to the prior confidentiality protective order—to tailor the confidentiality provisions to facilitate the sharing of asylum information for purposes of the Court's October 30 Order.

7.  Counsel for the parties continued to exchange drafts of the proposed protective order, and they met and conferred regarding the proposed terms via telephone on November 24, 2020.

8.  On November 25, 2020, Plaintiffs' counsel sent Defendants' counsel a letter stating, among other things, that they disagree with certain features of the protective order.  As relevant to the current dispute, Plaintiffs expressed disagreements with certain limitations on disclosure of class members' asylum information to third parties: "Plaintiffs do not agree to limit those with whom they may share 'Asylum Material' to Counsel of Record, court personnel, the individual noncitizen to whom such information pertains and his or her attorney or accredited representative as demonstrated by a filed G-28, a filed EOIR-27, or a DHS Privacy Waiver." The letter stated that Plaintiffs were "not willing to prematurely limit the individuals with whom they may share 'Asylum Material,' given the anticipated logistical challenges in communicating with and getting signed documents from PI class members. The requirement that Plaintiffs may only use 'Asylum Material' for the limited purpose of facilitating compliance with the Court's orders, coupled with the independent professional ethical obligations that apply to Plaintiffs' counsel serving the role of class counsel, already require Plaintiffs to proceed with appropriate care in the storage and use of class member information."  Plaintiffs' November 25 letter made no mention of the other provisions of the protective order that allowed for disclosure to other individuals as the need arises, upon agreement of the parties or order of the Court,

1  so long as those individuals sign on to the terms of the protective order.

2      9.    In their November 25, 2020 letter, Plaintiffs' counsel also stated that
3  "Plaintiffs do not agree to maintain records of disclosures to PI class members or
4  their representatives to be produced at Defendants' request." At the November 24,
5  2020, telephone conference, as well as at subsequent telephone conferences, Plain-
6  tiffs' counsel argued that this requirement was burdensome and unnecessary.

7      10.    Plaintiffs requested a response to their November 25, 2020 letter by
8  December 2, 2020. Defendants served a response letter on December 2, 2020.

9      11.    On Friday, December 4, 2020, the parties again conferred via telephone
10  concerning numerous topics, including the proposed protective order.

11      12.    The evening of Friday, December 4, 2020, Plaintiffs proposed revised
12  language concerning the conditions for disclosure to third parties.  On Monday, De-
13  cember 7, 2020, I sent Plaintiffs an email providing Defendants' response to those
14  revisions and offering that, if the parties could not come to an agreement, "the parties
15  could agree to ask the Court to enter the more stringent version of the protective
16  order pending resolution of those disputes, to facilitate Defendants' disclosure of
17  information in the meantime."

18      13.    Plaintiffs' counsel responded via email on December 8, 2020, that "it
19  is clear that the parties are at an impasse."

20      14.    On December 8, 2020, I sent Plaintiffs' counsel an email attaching a
21  proposed protective order that incorporated recent revisions, stating that Defendants
22  intended to seek the entry of a protective order in substantially the form of the at-
23  tached order, and seeking to confirm Plaintiffs' position that "Plaintiffs do not gen-
24  erally oppose the entry of a protective order governing the use and disclosure of
25  208.6 information concerning class members and potential class members," but that
26  Plaintiffs' counsel take issue with certain conditions of disclosure to third parties
27  contained in the version attached.

28      15.    Based on the conferences of counsel and the exchanged drafts, emails

and letters, I understand Plaintiffs' disagreement with Defendants' requested conditions on disclosure of asylum information of preliminary-injunction subclass members to third parties to be as follows:

  a. Plaintiffs maintain they should be permitted to disclose asylum information to any attorney of the asylum applicant to which the information pertains, regardless of whether that attorney has entered their appearance in the applicant's immigration case.

  b. Plaintiffs maintain they should be permitted to share asylum information with the asylum applicant's "family members" without obtaining the applicant's prior consent.

  c. Plaintiffs maintain that asylum applicants' family members and attorneys should be permitted to consent to further sharing of asylum information to still other individuals.

  d. Plaintiffs maintain that they should be permitted to share asylum information with third parties based only on the applicant's oral (vs. written) consent.

  e. Plaintiffs maintain that they should not be required to retain records of disclosures of asylum information to third parties.

16. At no point have Defendants refused to comply with the information-sharing provisions of the Court's October 30, 2020 Order. Defendants have merely requested that the parties agree to reasonable limitations on further disclosure of that information prior to its production. Until recently, the parties were actively engaged in negotiations regarding such limitations. Defendants have also offered to facilitate the sharing of such information by seeking the entry of a temporary protective order pending resolution of the current dispute.

**Defendants' Exhibits**

17. Attached hereto as Exhibit A is a copy of Defendants' Proposed Pro-

tective Order Regarding Preliminary-Injunction Subclass Members' Protected Information, with the disputed provisions highlighted in yellow. This version of the protective order is substantially the same as the version shared with Plaintiffs on December 8, 2020, with minor changes to the preamble but no changes to the substantive terms.

18. Attached hereto as Exhibit B is a true and correct copy of a protective order entered in *Martinez-Banos v. Godfrey*, No. 2:16-cv-01454-JLR (W.D. Wash. May 24, 2018).

19. Attached hereto as Exhibit C is a true and correct copy of a protective order entered in *Aleman-Gonzalez v. Barr*, No. 3:18-cv-01869 (N.D. Cal. July 13, 2018).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration was executed on December 15, 2020, in Washington, D.C.

*s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel

*Counsel for Defendants*