# EXHIBIT A

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

AL OTRO LADO, Inc., *et al.*,

                    *Plaintiffs*,

             v.

CHAD F. WOLF, Acting Secretary of Homeland Security, *et al.*, in their official capacities,

                  *Defendants*.

Case No. 3:17-cv-02366-BAS-KSC

**PROTECTIVE ORDER REGARDING PRELIMINARY-INJUNCTION SUBCLASS MEMBERS' PROTECTED INFORMATION**

739003048.1

## I.    **PREAMBLE**

### A.    **Background**

On November 19, 2019, this Court entered a preliminary injunction prohibiting Defendants from applying the interim final rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019), to a provisional subclass of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process." Order Granting Pls.' Mot. for Provisional Class Certification and Granting Pls.' Mot. for Prelim. Inj. 36 (ECF No. 330). On October 30, 2020, this Court entered a further order concerning the preliminary injunction. *See* Order Granting Pls.' Mot. for Clarification of the Prelim. Inj. (ECF No. 605). Among other things, that order states: The Executive Office for Immigration Review "is bound by the terms of the preliminary injunction"; and, "Defendants must make all reasonable efforts to identify class members ... and shar[e] information regarding class members' identities with Plaintiffs." *Id.* at 25.

By regulation, "[i]nformation contained in or pertaining to any asylum application, records pertaining to any credible fear determination ... , and records pertaining to any reasonable fear determination ... shall not be disclosed without the written consent of the applicant." 8 C.F.R. §§ 208.6(a), 1208.6(a). Further, "[t]he confidentiality of other records kept by the Service and the Executive Office for Immigration Review that indicate that a specific alien has applied for asylum, received a credible fear or reasonable fear interview, or received a credible fear or reasonable fear review shall also be protected from disclosure." 8 C.F.R. §§ 208.6(b), 1208.6(b). Defendants and the Executive Office for Immigration Review are thus prohibited from sharing information with Plaintiffs that would indicate whether an alien, including a known or potential preliminary-injunction subclass member, seeks or sought asylum

739003048.1

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

1    in the United States and thus may be a member of the Preliminary-Injunction Sub-

2    class.

3    **B.    Purposes and Limitations**

4    The purpose of this order is to permit Defendants and the Executive Office for

5    Immigration Review to share information protected under 8 C.F.R. §§ 208.6 and

6    1208.6 with Plaintiffs' Counsel for the purpose of facilitating Defendants' and the

7    Executive Office for Immigration Review's compliance with the Order Granting

8    Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Mo-

9    tion for Preliminary Injunction (ECF No. 330) and the Order Granting Plaintiffs'

10   Motion for Clarification of the Preliminary Injunction (ECF No. 605). Further, the

11   purpose of this order is to establish limits on Plaintiffs' Counsel's use of information

12   protected under 8 C.F.R. §§ 208.6 and 1208.6 and to establish procedures governing

13   Plaintiffs' Counsel's maintenance and use of such information during the pendency

14   of this Action, including any appellate review, and after this Action concludes.

15   This order does not supersede, limit, expand, or otherwise alter the stipulated

16   Protective Order (ECF No. 276) that governs the treatment of confidential or highly

17   confidential information in this litigation, except as expressly stated herein. This or-

18   der does not supersede, limit, expand, or otherwise alter Defendants' and the Exec-

19   utive Office for Immigration Review's obligations under 8 C.F.R. §§ 208.6 and

20   1208.6 except as expressly provided for herein.

21   **C.    Good Cause Statement**

22   Good cause exists to grant this Protective Order because the Court's Order

23   Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No.

24   605) requires Defendants to "shar[e] information regarding class members' identi-

25   ties with Plaintiffs," and such information is prohibited from disclosure, and its con-

26   fidentiality is protected, by 8 C.F.R. §§ 208.6 and 1208.6. Accordingly, to expedite

27   the flow of information and facilitate compliance with the Court's Order Granting

28   Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605), to

739003048.1

adequately protect confidential and sensitive personal asylum-seeker information, to address its handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

## II.    **DEFINITIONS**

**A.**    <u>Action</u>: *Al Otro Lado, Inc., et al. v. Chad F. Wolf, Acting Secretary of Homeland Security, et al., in their official capacities*, No. 3:17-cv-02366-BAS-KSC (S.D. Cal.), and any appellate proceedings.

**B.**    <u>Agency Counsel</u>: Attorneys who are employees of an agency that a Defendant to this Action leads, or of the Executive Office for Immigration Review. Agency Counsel does not include Counsel of Record or any other outside counsel.

**C.**    <u>Asylum Material</u>: Any documents, information, or items containing any information that is protected from disclosure under 8 C.F.R. § 208.6 or 8 C.F.R. § 1208.6, including, but not limited to, any material that indicates that an individual has applied for asylum, withholding of removal, or protection under the Convention Against Torture in the United States.

**D.**    <u>Challenging Party</u>: A Party that challenges the designation of information or items under this Order.

**E.**    <u>Counsel</u>: Counsel of Record and Agency Counsel (as well as their support staff), and specifically excluding all Parties.

**F.**    <u>Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but represent or advise a Party to this Action or the Executive Office for Immigration Review and have appeared in this Action on behalf of that Party or are employed by the organization or law firms who represent that Party, including support staff.

**G.**    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**H.**    <u>Party</u>: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, Counsel of Record, and Agency Counsel.

3

**I.**    Producing Party: A Party or Non-Party that produces Asylum Material in this Action.

**J.**    Preliminary-Injunction Subclass: The provisional subclass defined in the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330).

**K.**    Receiving Party: A Party that receives Asylum Material from a Producing Party.

## III.    SCOPE

The protections and procedures conferred by this order apply to Asylum Material, any information copied or extracted from Asylum Material, all copies, excerpts, summaries, or compilations of Asylum Material, and any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Asylum Material.

## IV.    DURATION

The protections and procedures conferred by this order shall remain in effect during the pendency of this Action, including any appellate review, and after this Action concludes, unless and until the Producing Party agrees in writing or a court orders or directs otherwise. The Parties and any other person(s) or entity(ies) subject to the terms of this order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this order.

## V.    PRODUCING ASYLUM MATERIAL

### A.    Producing Asylum Material

Defendants and the Executive Office for Immigration Review may produce to Plaintiffs' Counsel information that is protected from disclosure by 8 C.F.R. § 208.6 and 8 C.F.R. § 1208.6, to the extent that the information relates to an alien who is known to be or may be a member of the Preliminary-Injunction Subclass, and where producing such information would facilitate Defendants' and the Executive Office for Immigration Review's compliance with the Order Granting Plaintiffs' Motion

739003048.1

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

1   for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary

2   Injunction (ECF No. 330) or the Order Granting Plaintiffs' Motion for Clarification

3   of the Preliminary Injunction (ECF No. 605).

4   **B.    Designating Asylum Material**

5       Designation in conformity with this order requires the following:

6       **1.    For information in documentary form** (*e.g.*, paper or elec-

7   tronic documents, including emails sent between counsel, but excluding transcripts

8   of depositions or other pretrial or trial proceedings): The Producing Party shall, at

9   the time it produces or otherwise discloses Asylum Material pursuant to this order,

10  affix the term "Asylum Material" to each page that contains such material, designate

11  the document or portions thereof as "Asylum Material" by subsequent written notice,

12  or designate as "Asylum Material" the document or portions thereof by written no-

13  tice identifying the document's or documents' Bates number(s), or other identifying

14  characteristics.

15      **2.    For information produced in some form other than docu-**

16  **mentary and for any other tangible items**: The Producing Party shall affix the

17  term "Asylum Material" in a prominent place on the exterior of the container or

18  containers in which the information is stored. If only a portion or portions of the

19  information warrants protection, the Producing Party, to the extent practicable, shall

20  identify the protected portion(s).

21  **C.    Inadvertent Failure to Designate**

22      If timely corrected, an inadvertent failure to designate information or items as

23  Asylum Material does not waive the Producing Party's right to secure protection

24  under this order for such material. Upon timely correction of a designation, the Re-

25  ceiving Party shall make reasonable efforts to assure that the material is treated in

26  accordance with the provisions of this order. Upon receipt of new copies of any doc-

27  uments or materials bearing corrected "Asylum Material" designations, the Receiv-

28  ing Party shall destroy the original material and certify in writing to the Producing

739003048.1

1  Party that such original material has been destroyed.

2  **VI.    ACCESS TO AND USE OF ASYLUM MATERIAL**

3       **A.    Use of Asylum Material**

4       A Receiving Party may use Asylum Material to facilitate compliance with any

5  Party's or Non-Party's obligations, if any, under the Order Granting Plaintiffs' Mo-

6  tion for Provisional Class Certification and Granting Plaintiffs' Motion for Prelimi-

7  nary Injunction (ECF No. 330) and the Order Granting Plaintiffs' Motion for Clari-

8  fication of the Preliminary Injunction (ECF No. 605). A Receiving Party may not

9  use Asylum Material in any other manner or for any other purpose. Notwithstanding

10  the foregoing limitation on use of Asylum Material, people listed in subsection

11  VI.B.4 shall not be limited in their use of Asylum Material disclosed to them under

12  that subsection.

13       **B.    Disclosure of Asylum Material**

14       Unless otherwise ordered by this Court or permitted in writing by the Produc-

15  ing Party, a Receiving Party may disclose Asylum Material to:

16            **1.**    Counsel of Record who are actively engaged in the action, in-

17  cluding their associates, clerks, paralegals, in-house investigators, stenographic per-

18  sonnel, litigation support contractors, and such other regular and temporary employ-

19  ees who assist Counsel of Record in connection with the Action, including employ-

20  ees of any firm retained to reproduce the Asylum Material for use in accordance with

21  this order;

22            **2.**    Plaintiff Al Otro Lado, including any of its regular or temporary

23  employees, volunteers, or contractors, in accordance with the terms of this order;

24            **3.**    Any court adjudicating this matter, including its judges, law

25  clerks, judicial assistants, clerks, interpreters, and stenographic personnel in connec-

26  tion with the Action, in accordance with the terms of this order;

27            **4.**    The individual to whom the Asylum Material solely pertains, or

28

739003048.1

1  to such individual's attorney or accredited representative (including his or her asso-

2  ciates, clerks, paralegals, in-house investigators, stenographic personnel, litigation

3  support contractors, and such other regular and temporary employees who assist the

4  individual's attorney or accredited representative), provided that the attorney or ac-

5  credited representative has submitted a Form G-28, Notice of Entry of Appearance

6  as Attorney or Accredited Representative; Form EOIR-27, Notice of Entry of Ap-

7  pearance as Attorney or Accredited Representative Before the Board of Immigration

8  Appeals; or Form EOIR-28, Notice of Entry of Appearance as Attorney or Repre-

9  sentative Before the Immigration Court, as appropriate;

10  **5.** Any person who the individual to whom the Asylum Material

11  solely pertains has given written consent to share such material with.  Written con-

12  sent must be evidenced by the individual's completion of Form DOJ-361, including

13  the section titled "Authorization to Release Information to Another Person"; or by a

14  written statement by the individual authorizing release of asylum information to a

15  specific person or people, that includes the signature of the individual who is author-

16  izing release;

17  **6.** Any other person or entity upon such terms and conditions as the

18  Parties and the Executive Office for Immigration Review may agree or as the Court

19  may hereafter order, subject to that person or entity's written agreement to the terms

20  of this order.

21  Records of each disclosure provided for in Sections VI.B.4, VI.B.5, and

22  VI.B.6 shall be preserved by each of the Parties while the Action is pending and

23  shall be provided to the Parties or the Executive Office for Immigration Review upon

24  request and to the Court upon its order.

25  **C.    Filing Asylum Material**

26  To the extent that a Receiving Party wishes to include Asylum Material or

27  information derived from Asylum Material in any court filing or other court presen-

28  tation in this Action, the Receiving Party shall obtain the advance written consent of

7

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

the Producing Party to the disclosure of such materials; obtain an order of the Court, after reasonable written notice and a reasonable opportunity for the Producing Party to be heard, permitting the disclosure of such materials; or apply to file, and then, if permission is granted by the Court, subsequently file the materials under seal pursuant to Civil Local Rule 79.2 and the Court's Standing Order.

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the Party with appropriate notice to the opposing Party(ies). The Parties shall follow and abide by applicable law, including Civil Local Rule 79.2, ECF Administrative Policies and Procedures § II.j, and the Judge's standing order or chamber's rules, with respect to filing documents under seal.

## VII.  ASYLUM MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party receives a subpoena or other compulsory process from a person or entity that is not a Defendant in this Action or the Executive Office for Immigration Review seeking production or other disclosure of Asylum Material, then that Party: (a) shall give electronic notice to the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the Asylum Material sought and enclosing a copy of the subpoena or other compulsory process; (b) shall promptly notify in writing the party who caused the subpoena or other compulsory process to issue that some or all of the material sought is subject to this Order; (c) shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party, including objecting and seeking a protective order in the litigation in which the subpoena or other compulsory process issued; and (d) if a protective order is sought or another form of objection to production is made, shall not produce the Asylum Material called for prior to receiving a court order or

739003048.1

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

the consent of the Producing Party. In the event that such Asylum Material is pro-
duced, such material shall still be treated as Asylum Material as appropriate by the
Parties to this order.

## VIII.  UNAUTHORIZED DISCLOSURE OF ASYLUM MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it or a person
or entity to whom it has disclosed Asylum Material in accordance with this order
has disclosed Asylum Material to any person or entity or in any circumstance not
authorized under this order, the Receiving Party shall upon learning of the unauthor-
ized disclosure:

1.    promptly notify the person(s) or entity to whom the unauthorized
disclosure was made that the unauthorized disclosure contains Asylum Material sub-
ject to this order;

2.    promptly make all reasonable efforts to obtain the return of the
Asylum Material and to prevent further unauthorized disclosure of the Asylum Ma-
terial , including requesting the person(s) or entity who received the unauthorized
disclosure to agree to be bound by the terms of this order by executing a declaration
in the form included at the end of this order; and

3.    within five (5) business days notify the Producing Party and all
other Parties to this order of the identity of the person(s) or entity to whom the un-
authorized disclosure was made, the circumstances surrounding the disclosure, and
the steps taken to prevent any use or further disclosure of the Asylum Materialthat
was the subject of unauthorized disclosure.

## IX.    DISPOSITION OF ASYLUM MATERIAL

### A.    Disposition of Materials Relating to Aliens Who Are Not Members of the Provisional Subclass

If Plaintiffs learn, by notification from Defendants or the Executive Office for
Immigration Review or otherwise, that Defendants or the Executive Office for Im-
migration Review have produced Asylum Material that relates to an alien whom the

9

Parties agree or the Court determines is not a member of the Provisional Subclass, Plaintiffs, within thirty (30) days, shall take reasonable steps to destroy or return to the Producing Party the Asylum Material that relates to the alien.

## B.    Final Disposition

Unless otherwise agreed in writing, within 90 days of the conclusion of the Action (defined as the exhaustion of all appeals by any Party to the Action) or the conclusion of all efforts to comply with the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330) and the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605), whichever is later, Plaintiffs must take reasonable steps to destroy or return Asylum Material to the Producing Party.

## C.    Permissible Retention

In disposing of Asylum Material as provided for in Sections IX.A and IX.B, counsel may retain that counsel's work-product materials and their file copies of all expert reports, papers filed with the Court, correspondence, transcripts, or deposition or trial exhibits. Any such work-product materials or papers shall continue to be treated pursuant to the terms of this order.

Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, Plaintiffs' Counsel shall take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

Nothing in Section IX permits or shall be construed to permit the use of Asylum Material in any manner except as permitted in Section VI.A.

## X.    MISCELLANEOUS

### A.    Right to Further Relief

Nothing stated herein shall preclude any Party or the Executive Office for

10

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

1    Immigration Review from applying to the Court for any modification of the terms

2    provided herein, as it may deem appropriate under the circumstances; provided,

3    however, that prior to such application, the Parties and the Executive Office for Im-

4    migration Review shall make a good faith effort to resolve the matter by agreement.

5    **B.    Non-Waiver**

6    Entering into, agreeing to, producing or receiving Asylum Material, or other-

7    wise complying with the terms of this order shall not operate as or constitute a waiver

8    by any Party or the Executive Office for Immigration Review of any right to chal-

9    lenge, seek clarification of, or seek modification of the Order Granting Plaintiffs'

10   Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Pre-

11   liminary Injunction (ECF No. 330) or the Order Granting Plaintiffs' Motion for Clar-

12   ification of the Preliminary Injunction (ECF No. 605), nor shall it prevent the Parties

13   or the Executive Office for Immigration Review from agreeing to alter or waive the

14   provisions or protections provided for herein with respect to particular Asylum Ma-

15   terial.

16   Nothing herein shall be construed to affect in any way the evidentiary admis-

17   sibility of any document, testimony, or other material at any proceeding related to

18   this Action. The designation of certain information as Asylum Material pursuant to

19   this order shall not, for that reason alone, bar its introduction or use in the Action;

20   provided, however, that every effort shall be made to preserve the confidentiality of

21   the Asylum Material.

22   Neither the taking of any action in accordance with the provisions of this order

23   nor the failure to object thereto shall be construed as a waiver of any claim or defense

24   in this case, and the entry of this order shall not be construed as the waiver of any

25   right to object to the furnishing of information in response to discovery and, except

26   as expressly provided, shall not relieve any Party of the obligation of producing in-

27   formation in the course of discovery.

28   Nothing in this order shall limit or reduce the Parties' or the Executive Office

11

739003048.1

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

1    for Immigration Review's appellate rights arising from any order or judgment aris-

2    ing from or in connection with the Action.

3         Nothing in this order shall bar counsel from rendering advice to their clients

4    with respect to this litigation and, in the course thereof, relying upon any information

5    designated as Asylum Material.

6    **C.    Modification by the Court**

7         The Court may modify this order in the interests of justice or for public policy

8    reasons.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING PRELIMI-NARYINJUNCTION SUBCLASS MEMBERS' PROTECTED INFORMATION** |
| v. | |
| CHAD F. WOLF, Acting Secretary of Homeland Security, *et al.*, in their official capacities, | |
| *Defendants*. | |

I, _____, have read and understood the Protective Order Regarding Preliminary Injunction Subclass Members' Protected Information entered in the case of *Al Otro Lado, Inc. v. Chad F. Wolf*, No. 3:17-cv-02366-BAS-KSC (S.D. Cal.). I agree to be bound by all of its terms, and further agree, without limitation, to be subject to the jurisdiction of the Court in all matters relating to the enforcement of the Protective Order.


Dated: _____        _____
                                SIGNATURE

739003048.1