# EXHIBIT B

The Honorable James L. Robart
United States Magistrate Judge Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTURO MARTINEZ BAÑOS, et al.,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>ELIZABETH GODFREY, et al.,<br><br>Defendants-Respondents. | CASE NO. C16-1454-JLR-BAT<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING ITEMS DISCLOSED BY RESPONDENTS TO COMPLY WITH THE COURT'S FINAL ORDER GRANTING INJUNCTIVE RELIEF |



1. PURPOSES AND LIMITATIONS

No discovery took place during the pendency of this case. However, on April 4, 2018, this Court issued a final order in this case ("Final Order") imposing compliance requirements on Defendants-Respondents ("Respondents"). *See* Order, ECF. No. 83 ("Final Order"), adopting in its entirety Proposed Order Accompanying R. & R, ECF No. 77-1 ¶¶ 8-14 ("Proposed Order") (setting forth the compliance requirements). Therefore, the parties seek a limited protective order regarding compliance with the Final Order. *See id.* The Court, here, ordered Respondents to grant

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 1

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

bond hearings to class members who had reached 180 days of detention as of the date of this order and to grant bond hearings to class members at every 180-day mark of their detention thereafter; to provide a one-time report to the Court regarding Respondents' compliance with the Court's Order; and to provide notice to class members and class counsel of the custody hearings. *See id.* The Final Order also provides that this Court may "enter further orders as may be necessary or appropriate to implement and enforce the provisions of this Order and Judgment." *See* ECF No. 77-1 ¶ 15. Compliance with the Final Order in this case, specifically the requirements to file information with the Court and share information with opposing counsel, will involve disclosure of sensitive, confidential, and/or private information for which special protection is warranted. *See* ECF No. 77-1 ¶¶ 8-14.

Accordingly, to adequately and reasonably protect and preserve the confidentiality of such information; to expedite the flow of information between the parties; and to serve the ends of justice, a protective order for such confidential information is justified. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order is consistent with LCR 26(c). It does not confer blanket protection on all information provided by Respondents to Plaintiffs-Petitioners ("Petitioners"); the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL INFORMATION"

"Confidential Information" shall include any information that is not publicly available and qualifies for protection under applicable law, statutes or regulations, including, but not limited to: (1) the names, addresses, and alien registration number ("A number") of the particular individual(s) to whom information relates and any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.2(a); (2) any personally

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 2

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

identifiable information related to third parties other than the individual whose information is being sought; and, (3) any other information protected or restricted from disclosure by state or federal statute or regulation which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.[1]

Notwithstanding the general limitations on disclosure to third parties set out in 8 C.F.R. §§ 208.6 and 1208.6, this Court finds that the exceptions in 8 C.F.R. §§ 208.6(c)(2) and 1208.6(c)(2) apply and direct Respondents to provide the limited information required to be disclosed to Petitioners, per the Court's Final Order (ECF No. 83), in this case.

3.  <u>SCOPE</u>

This Stipulated Protective Order governs only disclosures undertaken to comply with the Court's Final Order in this case. It thus applies only to documents and information that the Final Order requires Respondents to provide to the Court and to Petitioners. *See* ECF Nos. 77-1 ¶¶ 8-14 & 83. It does not apply to any other information or authorize or require any broader disclosure.

The protections conferred by this Stipulated Protective Order cover not only those portions of such documents containing Confidential Information (as defined above), but also (1) any information copied or extracted from those portions of documents containing Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information.

However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain.

---

[1] The existence of this Stipulated Protective Order does not necessarily authorize or require the disclosure of all or any information protected from disclosure by statute or regulation. Further, as set forth in Part 3, this Stipulated Protective Order applies only to information that the Court's Final Order specifically requires Respondents to provide to the Court and Petitioners, and does not authorize or require broader disclosure to Petitioners. *See* ECF Nos. 77-1 ¶¶ 8-14, 83.

[PROPOSED] STIPULATED PROTECTIVE ORDER  
[Case No. C16-1454-JLR-BAT] - 3

Department of Justice, Civil Division  
Office of Immigration Litigation  
P.O. Box 868 Ben Franklin Station  
Washington, D.C. 20044  
(202) 305-7181

1  This Stipulated Protective Order binds the Parties and their respective agents, successors, personal representatives and assignees.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

 4.1 Basic Principles. Petitioners may use Confidential Information that is disclosed in connection with the Final Order in this case, including all information derived therefrom (subject to applicable rules of evidence and subject to the confidentiality of such information being maintained) only for purposes of litigating this class action. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Confidential Information must be stored and maintained by Petitioners at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

 4.2 Disclosure of "Confidential" Information. Unless otherwise ordered by the Court or permitted in writing by the Respondents, Petitioners may disclose any Confidential Information only to:

 (a) Petitioners' Counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any of Petitioners' Counsel, support staff, or other employees cease to represent Petitioners in this action for any reason, such individual shall no longer have access to or be authorized to receive any Confidential Information;

 (b) the Court, court personnel, and court reporters and their staff;

 (c) copy or data imaging services retained by counsel to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information and protect Confidential Information in accordance with provisions of this Stipulated Protective Order;

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 4

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

      (d)    the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information;

      (e)    any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know.

All persons listed in subparagraphs 4.2(c)-(e) to whom Confidential Information is disclosed shall first be required to read the terms of this Stipulated Protective Order and sign a copy of the Acknowledgment and Agreement to be Bound, attached hereto as EXHIBIT A. Counsel for each party shall retain copies of the acknowledgment form for 120 days from the conclusion of the litigation (including any appeals). This requirement does not apply to the disclosure of Confidential Information to the Court and its personnel, including court reporters.

Nothing in this Stipulated Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, and this Stipulated Protective Order does not prohibit or absolve the Parties from complying with such other obligations. This Stipulated Protective Order is limited to the Final Order regarding compliance in this case. *See* ECF No. 77-1 ¶¶ 8-12.

4.3    <u>Filing Confidential Information</u>. Before filing Confidential Information with the Court, or discussing or referencing such material in court filings, the filing party shall confer with the Respondents' counsel (where practical, at least seven days prior to the intended filing date) to determine whether Respondents' counsel will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The Parties will attempt, to the extent possible, to minimize the volume of material that must be filed under seal.

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 5

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

5. DESIGNATING PROTECTED INFORMATION

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Respondents must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to impose unnecessary expenses and burdens on other parties) expose Respondents to sanctions.

If it comes to Respondents' attention that information or items that it designated for protection do not qualify for protection, Respondents must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed.

The Respondents must affix the word "CONFIDENTIAL" to each page of paper or electronic documents that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

5.3 <u>Inadvertent Failures to Designate</u>. If Respondents inadvertently fail to designate material as Confidential Information at the time of production, they shall take reasonable steps to notify Petitioners' counsel of its failure within five business days of discovery. Respondents shall

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 6

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

promptly supply Petitioners with new copies of any documents bearing corrected confidentiality designations, and Petitioners' counsel shall return or destroy the original materials, and certify in writing to the producing party that such information has been destroyed. Production of such Confidential Information, in and of itself, shall not constitute waiver of any claim of confidentiality.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

  6.1 <u>Timing of Challenges</u>. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Respondents' confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

  6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the Respondents may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Respondents . Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 7

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the Respondents in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Respondents whose confidential Information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order issued; and

(d) decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who received Confidential Information shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If Petitioners' counsel learn that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 8

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

agreement, Petitioners' counsel must immediately (a) notify in writing Respondents' counsel of the unauthorized disclosure(s), (b) use their best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When Respondents give notice to Petitioners that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Petitioners are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an order that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502(d), if deemed necessary.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, the Petitioners shall destroy all Confidential Information obtained and in its possession, custody, or control, except as this Court may otherwise order. The parties shall agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, and attorney work product, even if such materials contain Confidential Information.

The confidentiality obligations imposed by this agreement shall remain in effect until Respondents agree otherwise in writing or a court orders otherwise.

11. MISCELLANEOUS

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 9

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

11.1 **Enforceability Upon Signing.** By signing the Stipulated Protective Order, the parties agree to be bound by its terms and until those terms are modified by order of the Court.

11.2 **Right to Further Relief.** Nothing in this Stipulated Protective Order abridges the right of any party to seek its modification by the Court in the future.

11.3 **Right to Assert Other Objections.** By stipulating to entry of this Stipulated Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____                             NORTHWEST IMMIGRANT RIGHTS PROJECT

*s/ Matt Adams*
MATT ADAMS
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

*s/ Leila Kang*
LEILA KANG
615 Second Avenue
Seattle, WA 98104
(206) 957-8608

*s/ Glenda M. Aldana Madrid*
GLENDA M. ALDANA MADRID
615 Second Avenue
Seattle, WA 98104
(206) 957-8648

Attorneys for Plaintiffs-Petitioners

DATED: _____                             CHAD A. READLER
Acting Assistant Attorney General
Civil Division

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 10

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

WILLIAM C. PEACHEY
Director

GISELA A. WESTWATER
Assistant Director

By: *s/ Sairah G. Saeed*
SAIRAH G. SAEED
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4067
Facsimile: (202) 305-7000
E-mail: sairah.g.saeed@usdoj.gov

Attorneys for Defendants-Respondents

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: 24 May 2018

James L. Robart
United States District Court Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 11

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Martinez Baños v. Asher*, C16-1454JLR (W.D. Wash. April 4, 2018) . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 12

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181