MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**DECLARATION OF REBECCA M. CASSLER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING ASYLUM INFORMATION OF POTENTIAL PRELIMINARY-INJUNCTION CLASS MEMBERS** |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

DECLARATION OF REBECCA M. CASSLER

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
*bazmy@ccrjustice.org*
Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
*gschwarz@ccrjustice.org*
Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
*aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
*sarah.rich@splcenter.org*
Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
*rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
*kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

DECLARATION OF REBECCA M. CASSLER

### DECLARATION OF REBECCA M. CASSLER

I, Rebecca M. Cassler, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am an attorney with the Southern Poverty Law Center and counsel for the Plaintiffs in this case.

2.      Pursuant to Civ. L.R. 7.1(f), I make this declaration in support of Plaintiffs' Opposition to Defendant's Motion for Protective Order Concerning Asylum Information of Potential Preliminary-Injunction Class Members ("the Motion").

3.      In the course of conferrals between the parties' counsel following the government's insistence on a protective order governing asylum-related information of preliminary injunction (PI) class members, described in detail in the Declaration of Ori Lev, Dkt. 644-2, Plaintiffs' counsel repeatedly requested legal authority for the government's argument that the limitations on information-sharing in 8 C.F.R. §§ 208.6 and 1208.6 extend to Plaintiffs' use of such information. The government did not provide any such authority during a month of conferrals beginning in early November 2020. The government's stated position was that because, in the government's view, its proposed protective order was consistent with the "purpose" of the regulations, the government would not provide the information ordered by the Court to Plaintiffs without Plaintiffs first agreeing to the government's terms. The government repeatedly stated over the course of the conferrals that it did not believe the Court's existing order to share information with Plaintiffs, *see* Dkt. 330, was sufficient to authorize the government to share the specified information with Plaintiffs, and therefore the government would not produce asylum-related information of PI class members to Plaintiffs without an additional order from the Court.

4.    In its Motion for Protective Order, filed on December 15, 2020, the government for the first time pointed to the Memorandum from Joseph E. Langlois, Director, Asylum Division, USCIS, "Fact Sheet on Confidentiality" (June 15, 2004),[2] , as the purported legal basis for extending the substantive requirements of the regulations to private parties such as Plaintiffs.

5.    In the course of preparing filings in relation to Plaintiffs' *Ex Parte* Emergency Motion to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member (Dkt. 574), I encountered multiple logistical issues that inhibited my ability to meaningfully and confidentially communicate with the affected class member ("Applicant") in a timely manner. At that time, the Applicant was in the custody of Immigration and Customs Enforcement (ICE) at Prairieland Detention Facility in Alvarado, Texas.

6.    First, due to the emergency nature of that matter, in-person and telephonic attorney visits on the weekend were necessary. When I inquired with the facility about whether weekend attorney calls or visits were possible, I received inconsistent answers, which caused me to spend significant time investigating how to arrange such visits. After making repeated requests to detention facility staff and ICE to arrange an attorney visit at Prairieland over a weekend, I ultimately was permitted to do so on one occasion. However, over the following weekend, facility personnel denied my request to conduct a weekend legal visit or obtain signatures. I received approval for this second weekend visit, which occurred telephonically, only after contacting Defendants' counsel in this case to ensure confidential access to the Applicant. I estimate that I spent well over an hour making inquiries necessary to set up these two legal visits.

7.    Second, because of the configuration of the attorney visitation room at Prairieland, I was unable to conduct a confidential in-person visit with the Applicant

---

[2]
https://www.uscis.gov/sites/default/files/document/memos/fctsheetconf061505.pdf

in a language she understood. The Applicant does not speak fluent English, and I do not speak any of her languages. There was no way to dial in a telephonic interpreter because there was no telephone in the attorney visitation room and I was not permitted to bring my cell phone with me. Thus, in order to communicate with me, the Applicant first had to agree to communicate with the assistance of another detained person who was not trained as an interpreter. Although my normal practice is to communicate confidentially with clients, I exercised my professional judgment to make an exception in this case, with the Applicant's oral agreement, in order to zealously protect her interests. Plaintiffs' counsel would have never discovered that the Applicant was a class member if the Applicant had not agreed to communicate in this manner, which was necessitated by the conditions in the ICE facility.

8.     Third, it was impossible to obtain the Applicant's signature in a timely manner (i.e., without going through the mail, which can take many days or even weeks depending on the facility) while maintaining confidentiality. During my in-person visit, I spoke with the Applicant through a telephone, while we were on opposite sides of a glass panel. The only option for obtaining the Applicant's signature was to hand documents to a guard who would deliver them to the Applicant for signature outside of my view. Remotely, the only option for obtaining the Applicant's signature was to email a document to facility staff to print, deliver to the Applicant for signature, scan, and send back to me. Because obtaining the Applicant's signature on an English-language DHS form was necessary before Defendants would agree to share information about the Applicant's case with Plaintiffs' counsel, I exercised my professional judgment to obtain her signature in a non-confidential manner in order to zealously protect her interests.

9.     Fourth, it would have been impossible for Plaintiffs' counsel to identify the Applicant as a PI class member to whom the Asylum Ban had been applied without communicating with the Applicant's sister about the details of the Applicant's case. I thus communicated multiple times with the Applicant's sister by

email and telephone in order to prepare filings in connection with the *Ex Parte* Emergency Motion. Some such communications occurred even before I had the chance to communicate with the Applicant through a trained interpreter. Although my normal practice is to obtain informed oral consent in a language my client understands prior to communicating with a third party about a case, and to obtain written consent where appropriate, I exercised my professional judgment to communicate with the Applicant's sister in order to zealously protect the Applicant's interests.

10.     Because of the logistical barriers to scheduling legal visits, bringing a professional interpreter into the detention facility, and obtaining signatures in a timely manner, I was forced to resort to filing a declaration in my own name documenting my conversations with the Applicant to support the *Ex Parte* Emergency Motion. *See* Dkt. 574-2.

11.     Attached here to as Exhibit A is a true and correct copy of a protective ordered entered in *Ms. L v. U.S. Immigration & Customs Enforcement*, No. 3:18-cv-00428-DMS-MDD (S.D. Cal. July 8, 2018)).

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of January 2021 at Fort Worth, Texas.


By: */s/ Rebecca M. Cassler*
Rebecca M. Cassler

DECLARATION OF REBECCA M. CASSLER

**Exhibit A**

CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director
SARAH B. FABIAN
Senior Litigation Counsel
NICOLE N. MURLEY
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 616-047
 Fax: (202) 616-8962
*Attorneys for Federal Respondents- Defendants*

ADAM L. BRAVERMAN
Acting United States Attorney
SAMUEL W. BETTWY
Assistant U.S. Attorney
California Bar No. 94918
CAROLINE J. PRIME
Assistant U.S. Attorney
California Bar No. 220000
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MS. L., et al.,

    Plaintiffs/Petitioners

        v.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.,

    Respondents/Defendants.

Case No.: 3:18-cv-00428-DMS

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL**

Case 3-18-cv-00428-DMS-MDD    Document 90    Filed in CASD on 07/08/2018    Page 2 of 19

I.     Plaintiffs and Defendants (collective, the "Parties") in the above captioned action *Ms. L., et al., v. U.S. Immigration and Customs Enforcement, et al.*, Case No. 3:18-cv-00428-DMS ("Litigation" or "Action") recognize that information about putative or confirmed class members and their children exchanged by the Parties in the Litigation for the purpose of facilitating compliance with the Court's preliminary injunction order may include private information related to individuals in the custody and care of the United States Government and that such materials may reasonably, in good faith, be confidential and protected from disclosure to the public or to one or more of the Parties under Rule 26(c) of the Federal Rules of Civil Procedure.

II.     The Parties desire to enter into this stipulation to facilitate the exchange of documents and information while protecting against the unauthorized disclosure of confidential documents and information.

IV. The Parties believe good cause exists for approving the stipulation because it seeks to protect against injury caused by the dissemination of protected materials. The materials to be protected include personally identifiable information, the disclosure of which could be prohibited by the Privacy Act or other law. However, the Privacy Act provides, as an exception, that such materials may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). An order of this Court, therefore, would provide a basis for release of the requested materials pursuant to the Privacy Act and Fed. R. Civ. P. 26(c). The parties also seek to protect other personal information regarding putative or confirmed class members or their children.

### Stipulation

NOW, THEREFORE, the Parties stipulate and agree, through their undersigned counsel, to the following terms and conditions to govern the

1  production of information that the producing party reasonably and in good faith
2  deems confidential, and request that the Court enter a protective order (hereafter
3  "Protective Order" or "Order") consistent with the terms of this stipulation.

4      **1.    Scope.** The following terms govern with respect to class information
5  exchanged by the Parties in the Litigation for the purpose of facilitating compliance
6  with the Court's preliminary injunction order (collectively "Protected Material").

7      **2.    Protected Material.** The categories of Protected Material include:

8          **a.**    Information, documents or tangible things protected by the
9  Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information that would be covered by the
10  Privacy Act if the subject of the information had been a U.S. citizen or a person
11  lawfully admitted for permanent residence.

12          **b.**    Personally Identifying Information (PII), Protected Health
13  Information (PHI), and any information that is protected or restricted from
14  disclosure by statute or regulation.

15          **c.**    All other protected documents, information or tangible things
16  not identified above that the parties agree in writing or the Court orders qualify for
17  protection under Federal Rule of Civil Procedure 26(c).

18          **d.**    Defendants do not waive their right to assert other or further
19  privileges over the information and redact such information.    For instance,
20  Defendants may withhold or redact information that is protected by statute for
21  which no exceptions permitting disclosure apply or exist or information that is
22  subject to a claim of privilege or exemption from disclosure such as withholding
23  classified national security information the Deliberative Process Privilege, Law
24  Enforcement Privilege, Attorney-Client Privilege or Attorney Work Product.

25      **3. Designations.** It shall be the duty of the party producing the Protected
26  Material ("Producing Party") to give notice of material that is to be considered
27  covered by this Protective Order in the manner set forth in paragraphs 5, 8 and 11
28  below.  Protected Material may be designated as "PROTECTED MATERIAL" if

1   the Producing Party believes in good faith that such material is covered by this

2   Protective Order. A Party may designate material that it obtained from a Third

3   Party pursuant to this Protective Order, if it believes in good faith that it qualifies as

4   Protected Material under this Order.

5       **4.**    **Duties.**   The duty of the Party or Parties receiving the Protected

6   Material ("Receiving Party") and of all other persons bound by this Protective

7   Order to maintain the confidentiality of Protected Material so designated shall

8   commence with such notice. Protected Material shall be designated by the

9   Producing Party, subject to the provisions of this Order, with the designation of

10   "PROTECTED MATERIAL." No person subject to this Protective Order may

11   disclose, in public or private, any Protected Material designated by a Party as

12   "PROTECTED MATERIAL," except as provided for in this Protective Order or as

13   further ordered by the Court.

14       **5.**    **Method Of Designation.**  Each page of any material the Producing

15   Party wishes to designate as Protected Material must be labeled PROTECTED

16   MATERIAL, at the time the material, or a copy thereof, is provided to the

17   Receiving Party. In the case of material contained in or on media other than paper,

18   the Producing Party shall affix such a label to the material or use its best efforts to

19   identify the material as Protected Material and affix the applicable designation.

20       **6.**    **Access To Protected Material.**  Only the following persons shall have

21   access to or retain material designated as PROTECTED MATERIAL pursuant to

22   this Order:

23            **a.**    The Court and its official personnel;

24            **b.**    Counsel for any Party and any of Defendants' personnel with

25   whom Counsel for Defendants determines it is appropriate to share such

26   information for the purpose of this litigation. For the purposes of this Protective

27   Order, "Counsel" means the attorneys representing the Parties for this Action,

28

1    including paralegals, office clerks, secretaries, and other support staff assisting
2    those attorneys, working on the Action;

3         **c.**    For information designated as PROTECTED MATERIAL
4    relating to an individual member of the class, to the individual class member and
5    counsel who represent individual class members, or any prospective counsel that is
6    evaluating whether to take on the representation of a class member. The individual
7    class member and counsel shall only be provided PROTECTED MATERIAL
8    relating to the individual class member, and the individual may not be provided any
9    information pertaining to other class members. Prospective counsel must execute
10   Exhibit A, the Acknowledgment Regarding the Order before receiving this limited
11   PROTECTED MATERIAL;

12        **d.**    Outside experts, consultants retained by the Receiving Party's
13   Counsel to assist in this Litigation (and the experts' or consultants' staff whose
14   duties and responsibilities require access to such materials);

15        **e.**    Court reporters and translators;

16        **f.**    Outside litigation support personnel retained by Counsel to
17   assist in the preparation and/or litigation of the Action, including contract attorneys
18   or outside copying service vendors or electronic document management vendors;

19        **g.**    Any person not otherwise covered by subparagraph (a), (b), (c),
20   or (d) who was involved in the preparation of such material or who received or
21   reviewed such material for purposes other than this Action or who has been alleged
22   to have received or reviewed such material for purposes other than this Action;

23        **h.**    Witnesses at deposition not otherwise covered by subparagraphs
24   (a), (b), (c) or (d);

25        **i.**    Persons whom the Producing Party agrees in writing or on the
26   record at a deposition may be shown PROTECTED MATERIAL.

27        **j.**    Any individuals or persons who Class Counsel designates for
28   the purpose of facilitating the reunification of Class Members and their children,

1  including (but not limited to) nonprofit organizations, lawyers, faith-based groups,
2  shelters, or any other organization or individuals who may be able to assist in the
3  reunification process. Given the urgency of the deadlines in the Court's preliminary
4  injunction order, the individuals or persons described in this paragraph may receive
5  a limited set of PROTECTED MATERIAL as follows prior to executing Exhibit A,
6  the Acknowledgment, as long as the information is treated as protected under this
7  Order, and an Acknowledgment is signed within a reasonable time thereafter.
8  Information which may be shared for the purpose of facilitating the reunification of
9  Class Members and their children includes Class Members' names and the name(s)
10  of the class member's child(ren); Alien Number for the Class Member and his or
11  her child(ren); detention location or other location information regarding the Class
12  Member and his or her child(ren). The individuals or persons described in this
13  paragraph may receive any additional PROTECTED MATERIAL necessary to
14  assist in facilitating reunification related to the class member(s) they are serving or
15  being consulted to serve after signing the Acknowledgment. The individual or
16  organization may not receive information about any other class members.

17      7.    **Agreement By Persons Accessing Protected Materials.** All persons
18  identified in paragraph 6 (d), (e), (f), (g), (h) (i), and (j) who in the course of the
19  case may be given access to Protected Material shall be required to read this
20  Protective Order and agree, in writing, to be bound by this Protective Order by
21  executing an acknowledgment in the form of Exhibit A that is annexed to this
22  Protective Order. All such acknowledgments shall be maintained in the files of the
23  counsel allowing access by such person to the Protected Material.

24      8.    **Treatment Of Protected Material During Inspection Of**
25  **Documents.** It is contemplated that a Party might make available certain of its files
26  for inspection by other Parties, which files may contain protected material as well
27  as non-protected material, and that following such inspection, the inspecting party
28  will designate documents to be copied and the copies will be furnished or produced

1   to it.  All documents and their contents made available for such inspection shall be
2   treated as PROTECTED MATERIAL until the Party allowing inspection has had a
3   reasonable opportunity, not to exceed twenty one (21) calendar days absent an
4   agreement by the parties, to designate and mark those documents which were
5   copied as PROTECTED MATERIAL.

6       9.    **Copies, Summarizations, Extracts Protected.**  Protected Material
7   designated under this Order shall include, without limitation: (a) all copies, extracts,
8   and complete or partial summaries prepared from such documents, things, or
9   information so designated; (b) portions of deposition transcripts and exhibits to
10  deposition transcripts that contain, summarize, or reflect the content of any such
11  documents, things, or information; and (c) portions of briefs, memoranda, or any
12  other writings filed with the Court and exhibits thereto that contain, summarize, or
13  reflect the content of any such documents, things, or information. The Parties agree
14  that information regarding the aggregated numbers for any category of individuals
15  contained in the chart may be excluded from this paragraph. Moreover, a Party may
16  make a request to the producing Party that certain material contained in such
17  copies, extracts, and complete or partial summaries not be treated as PROTECTED
18  MATERIAL. The Parties will meet and confer in good faith within five days of any
19  such request to resolve the request.

20      10.   **Pleadings And Briefs Containing Protected Material.**  Before any
21  materials produced in discovery, answers to interrogatories, responses to requests
22  for admissions, deposition transcripts, or other documents which are designated as
23  confidential information are filed with the Court for any purpose, the party seeking
24  to file such material must seek permission of the Court to file the material under
25  seal, unless the Parties agree that the documents can be redacted to remove the
26  Protected Material. The receiving party shall meet and confer with the producing
27  party regarding any proposed redactions before seeking leave from the Court, and
28

1  the producing party shall not unreasonably withhold its consent to the filing of a
2  redacted copy of the Protected Material.

3       11.  **Court Hearings And Other Proceedings.**  Nothing contained in this
4  Protective Order shall be construed to prejudice any Party's right to use before the
5  Court any Protected Material.  Before doing so, however, and to the extent not
6  otherwise authorized to be so used hereunder, the Party intending to use Protected
7  Material shall so inform the Court and the Producing Party, so that any Party or
8  Third Party may apply to the Court for appropriate protection, including clearing
9  the hearing room or courtroom of persons not entitled to receive Protected Material
10  pursuant to paragraph 6.

11       12.  **Testimony At Pretrial Court Hearings And Other Proceedings.**
12  All testimony elicited during hearings and other proceedings that counsel for a
13  Party or Third Party indicated on the record may be subject to the protections of this
14  Order shall be deemed PROTECTED MATERIAL until the expiration of twenty
15  one (21) calendar days after delivery of a copy of the transcript of the testimony by
16  the court reporter to counsel who requested a copy of the transcript.  Within the
17  twenty one (21) calendar day period following such mailing of the transcript, any
18  Party may move to seal the transcript under LRCiv 79-5, designating all or any
19  portion of the testimony as PROTECTED MATERIAL.  Upon being informed that
20  certain portions of a transcript are designated as PROTECTED MATERIAL, each
21  Party must have each copy in their custody, possession or control immediately
22  marked with the appropriate designation at the appropriate pages.  Such designation
23  must remain until the Court rules on the motion to seal.

24       13.  **This Order Only Applies To The Exchange of Information About**
25  **Putative or Confirmed Class Members and Their Children For The Purpose**
26  **Of Facilitating Compliance With The Court's Preliminary Injunction Order.**
27  Nothing contained in this Order shall restrict or limit any Party's right to present
28

1    Protected Material to the Court during a trial in the Action. The use of Protected
2    Material at trial shall be governed by the pretrial order.

3        14. **This Order Does Not Apply To Non-Private Information.** The
4    restrictions set forth in this Protective Order shall not apply to documents, things, or
5    information that: (a) have been publicly disclosed by either Party; or (b) have been
6    independently obtained by the Receiving Party through lawful means. If the
7    Producing Party challenges the Receiving Party's invocation of this provision, then
8    the Receiving Party shall provide written documentation showing the material falls
9    within categories of non-private information referenced in this provision. This
10   paragraph does not purport to waive or in any other way limit any protection that
11   exists under law, including the Privacy Act, 5 U.S.C. § 552a, *et seq.*

12       15. **Challenge To Designations.** If a Party may objects to a designation
13   of the materials as Protected Material on the ground that such protection is not
14   warranted under controlling law, the following procedure shall be used: The Party
15   objecting to the designation of Protected Material must notify, in writing, counsel
16   for the other Party of the objected-to materials and the grounds for the objection.
17   The writing shall be by email to all counsel for the other Party, followed by a hard
18   copy sent next business day courier. The objecting Party shall request to meet and
19   confer with the other Party prior to submitting the dispute to the Court for a ruling.
20   If the dispute is not resolved consensually between the parties within ten (10)
21   business days of receipt of such a notice of objections, the objecting party may
22   move the Court for a ruling on the objection. The materials at issue must be treated
23   as Protected Material, until the Court has ruled on the objection or the matter has
24   been otherwise resolved.

25       16. **No Waiver By Failure To Challenge Designation.** For purposes of
26   the Action or any other action, no Party concedes that any material designated as
27   PROTECTED MATERIAL does in fact contain or reflect Protected Material. A
28   Party shall not be obligated to challenge the propriety of the designation of

1    Protected Material at the time made, and failure to do so shall not preclude a
2    subsequent challenge.

3        17.    **Inadvertent Disclosure Of Protected Material.**    The failure by a
4    Producing Party to designate specific documents or materials as Protected Material
5    shall not, by itself, be deemed a waiver in whole or in part of a claim of
6    confidentiality as to such documents or materials.    Upon written notice to the
7    Receiving Party of such failure to designate, or of incorrect designation, the
8    Receiving Party shall cooperate to retrieve disseminated copies, and restore the
9    confidentiality of the inadvertently disclosed information beyond those persons
10   authorized to review such information pursuant to paragraph 6, and shall thereafter
11   take reasonable steps to ensure that the Protected Material is treated in accordance
12   with the designation.    No person or Party shall incur any liability under this
13   Protective Order with respect to disclosure that occurred prior to the receipt of
14   written notice of the mistaken designation.

15       18.    **Disclosure To Producing Party's Personnel.**    Nothing in this
16   Protective Order shall affect the right of the Producing Party to disclose to its client
17   agency personnel, employees, consultants, or experts, any documents, things, or
18   information designated by it as Protected Material pursuant to this Order; such
19   disclosure shall not waive the protection of this Protective Order and shall not entitle
20   other Parties or their attorneys to disclose such information, documents, things, or
21   information in violation of this Order.

22       19.    **Disclosure To Unauthorized Persons.**    If information subject to this
23   Protective Order is disclosed to any unauthorized person either through
24   inadvertence, mistake, or otherwise without authorization by the Producing Party,
25   or other than in the manner authorized by this Protective Order, the person
26   responsible for the disclosure shall immediately (a) inform the Producing Party of
27   all pertinent facts relating to such disclosure, including without limitation, the
28   name, address, and telephone number of the recipient and his or her employer;

1   (b) use his or her best efforts to retrieve the disclosed information and all copies
2   thereof; (c) advise the recipient of the improperly disclosed information, in writing,
3   of the terms of this Protective Order; (d) make his or her best efforts to require the
4   recipient to execute an agreement to be bound by the terms of this Protective Order
5   in the form of the declaration attached to this Protective Order as Exhibit A; and
6   (e) take all other reasonable steps to prevent further disclosure by or to the
7   unauthorized person who received the Protected Material.

8       20.    **"Admissibility" Of Protected Material.**  This Protective Order shall
9   not constitute a waiver of any Party's or non-party's right to object to the
10  admissibility into evidence of any Protected Material under Federal law.

11      21.    **All Objections Preserved.**   This Protective Order is intended to
12  provide a mechanism for handling the disclosure or production of Protected
13  Material to which there is no objection other than confidentiality.  The protection
14  afforded by this Order shall in no way affect a Producing Party's right to withhold
15  or redact documents as:  (a) privileged under the attorney-client or other privilege,
16  (b) protected by the work product doctrine, or (c) otherwise exempted from
17  discovery under Rule 26 of the Federal Rules of Civil Procedure or under any law.
18  Additionally, this Protective Order shall not prejudice the right of a Party to:
19  (a) seek additional protective treatment for any information it considers to be very
20  highly sensitive, or otherwise exempt from disclosure, such  that the protections in
21  this Protective Order would be insufficient, (b) object to the designation of any
22  document  or  information  as  PROTECTED  MATERIAL,  or  (c) seek  any
23  modification of or relief from any provision of this Protective Order, either
24  generally or as to any particular Protected Material, by properly noticed motion
25  with notice to all Parties and their respective counsel.

26      22.    **Advice To Client.**  Nothing in this Protective Order shall prevent or
27  otherwise restrict counsel from rendering legal advice to the clients in this
28  Litigation and, in the course of this Litigation, relying generally on examination of

1    designated p Protected Material; provided, however, that in rendering such advice
2    and otherwise communicating with such client, counsel shall not disclose the
3    specific contents of Protected Materials to persons not authorized to receive such
4    material pursuant to the Protective Order.

5       23.    **Inadvertent Disclosure Of Privileged Information.**

6       **a.**    The inadvertent disclosure of Material covered by the attorney-
7    client privilege, the work-product doctrine, or any other recognized privilege shall
8    be governed by Federal Rule of Evidence 502 and this Protective Order.

9       **b.**    If, in connection with the pending Litigation, a Producing Party
10   inadvertently discloses information subject to a claim of a privilege or protection
11   described in paragraph 26(a) ("Inadvertently Disclosed Information"), such
12   disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of
13   privilege or work-product protection that the Producing Party would otherwise be
14   entitled to assert with respect to the Inadvertently Disclosed Information and its
15   subject matter.

16      **c.**    If a claim of inadvertent disclosure is made by a Producing Party
17   with respect to Inadvertently Disclosed Information, the Receiving Party shall,
18   within five (5) business days, return or destroy all copies of the Inadvertently
19   Disclosed Information and provide a certification of counsel that all such
20   Inadvertently Disclosed Information has been returned or destroyed.

21      **d.**    Within twenty-one (21) calendar days of the notification that
22   such Inadvertently Disclosed Information has been returned or destroyed, or within
23   a different time upon written agreement of the Parties or order of the Court, the
24   Producing Party shall produce a privilege log with respect to the Inadvertently
25   Disclosed Information.

26      **e.**    Nothing in this Protective Order shall limit the right of any Party
27   to petition the Court for an order compelling production of such Inadvertently
28

1  Disclosed Information, or for an in-camera review of the Inadvertently Disclosed
2  Information.

3      **24.    Good Faith Designations.**  Each Party agrees that designation of
4  Protected Material and responses to requests to permit further disclosure of
5  Protected Material shall be made in good faith and not:  (a) to impose burden or
6  delay on an opposing Party, or (b) for tactical or other advantage in litigation.
7  Further, each Party agrees to make best efforts to avoid as much as possible
8  inclusion of Protected Material in briefs and other captioned documents filed in
9  court, in order to minimize sealing and designating such documents as Protected
10  Material.

11      **25.    Use Of Information Subject To Protective Order.**  The Receiving
12  Party's use of any information or documents obtained from the Producing Party
13  subject to this Protective Order, including all information derived therefrom, shall
14  be restricted to use in this Litigation (subject to the applicable rules of evidence and
15  subject to the confidentiality of such materials being maintained) and shall not be
16  used by anyone subject to the terms of this agreement, for any purpose outside of
17  this Litigation or any other proceeding between the Parties, except as otherwise
18  provided in this Order.

19      **26.    Meet And Confer.**  Prior to filing any motion or application before the
20  Court to enforce this Protective Order, the moving party shall notify the other
21  Party(ies) in writing and meet and confer in good faith in an attempt to resolve their
22  dispute(s).

23      **27.    Injunctive Relief.**  In the event anyone violates or threatens to violate
24  any of the terms of this Protective Order, the Parties and Third Parties agree that the
25  aggrieved party may, subject to the "meet and confer" requirement set forth above,
26  apply to the Court to obtain injunctive relief against any such person violating or
27  threatening to violate any of the terms of this Protective Order.  In the event the
28  aggrieved party brings such motion or application, the responding person subject to

-13-

Case 3:17-cv-00428-BMS-BSO Document 93 Filed 07/09/18 Page 1 of 19
Case 3-18-cv-00428-DMS-MDD Document 92 Filed in CASD on 07/08/2018 Page 14 of 19
Page 21 of 26

1  the provisions of this Protective Order shall not employ as a defense the claim that
2  the aggrieved party possesses an adequate remedy at law. The Parties and Third
3  Parties shall not use or reveal, directly or indirectly, any information in violation of
4  this Protective Order. Because of the confidential and proprietary nature of the
5  information contemplated to be covered by this Protective Order, the Parties and
6  Third Parties' agree that legal remedies are inadequate. Therefore, the Parties and
7  Third Parties stipulate that injunctive relief is an appropriate remedy to prevent any
8  person from using or disclosing Protected Material in violation of this Protective
9  Order. The Parties and Third Parties waive and release any and all requirements for
10  a bond or undertaking to support any injunctive relief for enforcement of this
11  Protective Order.

12       **28.    Other Actions.**  If any Party is (a) subpoenaed in another action,
13  (b) served with a demand in another action to which it is a Party, or (c) served with
14  any legal process by one not a party to this action, seeking information or material
15  which was produced or designated as Protected Material by someone other than that
16  Party, the Party shall give prompt actual written notice, by hand or facsimile
17  transmission, within ten (10) calendar days of receipt of such subpoena, demand, or
18  legal process, to those who produced the Protected Material prior to compliance
19  with the subpoena so as to allow the Producing Party to seek protection from the
20  relevant court(s). Nothing in this Protective Order shall be construed as requiring
21  the Party or anyone else covered by this Protective Order to challenge or appeal any
22  order requiring production of information or material covered by this Protective
23  Order, or to subject itself to any penalties for noncompliance with any legal process
24  or order, or to seek any relief from this Court.

25       **29.    Survival And Final Disposition Of Designated Material.**  Final
26  termination of the Litigation, including exhaustion of appellate remedies, shall not
27  terminate the limitations on use and disclosure imposed by the Protective Order.
28

-14-

1         **a.**    Within sixty (60) days of the final termination of the Litigation

2 by final judgment (whether by settlement, trial, or otherwise), including the time for

3 filing and resolution of all appeals, or within such other period as the Parties may

4 agree upon, all Protected Material and copies of Protected Material, including such

5 material in the hands of outside experts or consultants or attorneys who considered

6 or accepted representation of a class member or child, shall be delivered by counsel

7 of record for the Receiving Party to counsel of record for the Producing Party of

8 such material or destroyed, with confirmation of that destruction to the producing

9 Party in writing.

10         **b.**    Any Protected Material filed or lodged with and retained by the

11 Court shall not be subject to the provisions of this paragraph 32.

12         **c.**    Notwithstanding the foregoing, counsel may retain copies of

13 briefs and other papers filed with the Court, deposition transcripts, discovery

14 responses, and attorney work product that contains or constitutes Protected

15 Material. Further, counsel are not required to delete information that may reside on

16 their firm's electronic back-up systems that are over-written in the normal course of

17 business. Any such archival copies that contain or constitute Protected Material

18 remain subject to this Protective Order and shall be maintained in a safe and secure

19 manner.

20    **30.**    **Amendment Or Termination Of Protective Order.**  No part of the

21 restrictions imposed by this Protective Order may be terminated, except by written

22 stipulation executed by counsel of record for each Producing Party or by an Order

23 of this Court for good cause shown. The terms of this Protective Order shall

24 survive termination of the Action.

25    **31.**    **Jurisdiction For Enforcement.**   The Court retains jurisdiction

26 subsequent to settlement or entry of judgment to enforce the terms of this Protective

27 Order. Each person to whom disclosure of any Protected Information is made

28 agrees to subject himself to the jurisdiction of the Court in which this action is

1   pending for the purpose of proceedings relating to the performance under,
2   compliance with, or violation of this Protective Order.

3       **32.**    **Limitations**. Nothing in this Order shall be deemed to restrict in any
4   manner the use by any party of its own documents or materials.  Nothing in this
5   Protective Order should be construed as prohibiting a non-party from seeking
6   additional protections of records or information that it owns or controls.

7   Dated:     July 8, 2018          AMERICAN CIVIL LIBERTIES UNION
8                                    FOUNDATION
                                     IMMIGRANTS' RIGHTS PROJECT
9
10                                   /s/ Lee Gelernt
                                     LEE GELERNT
11                                   Email: LGELERNT@aclu.org

12                                   Counsel for Plaintiffs
13

14

15  Dated:     July 8, 2018          UNITED STATED DEPARTMENT OF
16                                   JUSTICE, OFFICE OF IMMIGRATION
                                     LITIGATION
17
18                                   /S/ Sarah B. Fabian
                                     SARAH B. FABIAN
19                                   Email: Sarah.B.Fabian@usdoj.gov

20                                   Counsel for Defendants

21  **[CONTINUED ON THE NEXT PAGE]**
22

23

24

25

26

27

28

-16-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

For good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or Third Parties, or filed with the Court, in *Ms. L, et al., v. U.S. Immigration and Customs Enforcement et al.*, 3:18-cv-00428 (S.D. Cal.) shall be provided subject to the conditions set forth in the foregoing Stipulated Protective Order. This order shall be construed as a lawful order pursuant to the Privacy Act permitting release consistent with the terms of this Order.

**IT IS SO ORDERED**

Date: __7-8-18__     _____
Hon. Dana M. Sabraw
United States District Judge

-17-

## STIPULATION EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT CONCERNING PROTECTED INFORMATION

1.   My name is _____ (first, middle initial, last).

2.   I live at _____ (street address), _____ (city), _____ (state) _____ (zip code).

3.   I   am   employed   as   a/an   _____   by _____ (company),   which   is   located   at _____ (street   address), _____ (city), _____ (state) _____ (zip code). Its telephone number is _____.

I have read the attached Stipulated Protective Order entered in the action of *Ms. L, et al. v. U.S. Immigration and Customs Enforcement et al.*, pending in the Southern District of California and bearing Case No. 3:18-cv-00428, and a copy of the Stipulated Protective Order has been given to me.

4.   I agree to be bound by the terms of the Stipulated Protective Order, and agree that any Protected Material, within the meaning of the Stipulated Protective Order, will be used by me only to assist counsel in connection with the above-referenced litigation or as otherwise authorized by the Stipulated Protective Order.

5.   I agree that I will not disclose or discuss Protected Material so designated with anyone other than the persons described in paragraph 6 of the Stipulated Protective Order.

-18-

1    **6.**    I understand that any disclosure or use of Protected Material in any

2    manner contrary to the provisions of the Stipulated Protective Order may subject

3    me to sanctions for contempt of the Court's Order.

4    **7.**    I agree to be subject *in personam* to the jurisdiction of the Southern

5    District of California in connection with any proceeding relating to the enforcement

6    of the Stipulated Protective Order.

7

8        I declare under penalty of perjury that the foregoing is true and correct.

9

10   _____        _____

11           (date)                                        (signature)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-