# EXHIBIT C



**U.S. Department of Justice**
Executive Office for Immigration Review
*Office of the General Counsel*

5107 Leesburg Pike, Suite 2600
Falls Church, Virginia 22041

Re: ███████

I, <u>Elizabeth Burgus</u>, declare as follows:

    I am employed as a Paralegal Specialist by the Department of Justice, Executive Office for Immigration Review, Office of the General Counsel. I certify that the attached Written Decision and Orders of the Immigration Judge dated November 17, 2020 (5 pages), is a correct and complete copy of the original included in the Record of Proceeding maintained by EOIR for this case.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: <u>01/05/2021</u>     SIGNED: <u>ELIZABETH BURGUS</u> *Digitally signed by ELIZABETH BURGUS Date: 2021.01.05 11:23:32 -05'00'*
Elizabeth Burgus
Paralegal Specialist

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**106 SOUTH SAINT MARY'S STREET, SUITE 600**
**SAN ANTONIO, TX 78205**

|  |  |
|---|---|
| In the Matter of | ) |
|  | ) |
| ███████████████████████████ | ) Case No.: A ████████ |
|  | ) |
| RESPONDENT | ) |
|  | ) |
| In Removal Proceedings | ) |

**CHARGE:** Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA" or "Act"), as amended, in that you are an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, or other valid entry document required by the Act.

**APPLICATION:** 8 C.F.R. § 1003.23(b): Motion to Reopen.

### APPEARANCES

**ON BEHALF OF RESPONDENT**
*Pro Se*

**ON BEHALF OF THE DEPARTMENT**
U.S. Immigration & Customs Enforcement
Office of the Chief Counsel
1015 Jackson-Keller, Suite 100
San Antonio, Texas 78213

### WRITTEN DECISION AND ORDERS OF THE IMMIGRATION JUDGE

#### I. Procedural History

On July 23, 2019, the Department of Homeland Security ("DHS" or "Department") charged Respondent, ██████████████████████, as removable pursuant to section 212(a)(7)(A)(i)(I) of the Act, in that she was an immigrant who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, or other valid entry document required by the Act. *See* Exh. 1. After admitting all factual allegations and conceding the charge of removability contained in her Notice to Appear ("NTA"), the Court found removability was established by clear and convincing evidence and directed Venezuela, Respondent's country of citizenship and nativity, as the country of removal should removal become necessary. Respondent filed an I-589 application seeking Asylum, Withholding of Removal, and protection under the Torture Convention on October 22, 2019. *See* Exh. 2.

Thereafter, on November 6, 2019, Respondent appeared for her merits hearing and testified in support of her application for relief. At the conclusion of the hearing, the Court found Respondent was barred from Asylum pursuant to 8 CFR §1208.13(c)(4)—Third Country Transit Bar—, but granted Respondent's application for Withholding of Removal under the INA. *See* Decision of the Immigration Judge Meredith B. Tyrakoski (Nov. 6, 2019). Further, the Court found that Respondent's application for protection under the Convention against Torture was moot. *Id*. As such, the Court ordered Respondent removed from the United States to Venezuela but withheld that order. Both parties reserved appeal of the Court's decision, although neither party appealed that decision.

Subsequent to the Court's decision, the District Court in the Southern District of California in *Al Otro Lado v. McAleenan* certified a class of individuals defined as "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process" and enjoined the application of the Asylum Ban to members of said certified class. 423 F. Supp. 3d 848, 878 (S.D. Cal. 2019). On October 30, 2020, the District Court further clarified that DHS and the Executive Office for Immigration Review ("EOIR") "must take immediate affirmative steps to reopen or reconsider past determinations that potential class members were ineligible for asylum based on the Asylum Ban, for all potential class members in expedited or regular removal proceedings." *See Al Otro Lado v. Wolf*, 17-CV-02366, 2020 WL 6384357 (S.D. Cal. Oct. 30, 2020).

Moreover, in a separate case issued on June 30, 2020, the U.S. District Court in the District of Columbia vacated the Third Country Transit Rule. *Capital Area Immigrants' Rights Coalition ("CAIR") v. Trump*, 19-cv-2117, 2020 WL 3542481 (D.D.C. June 30, 2020).

While neither party has filed a motion to reopen or reconsider the Court's November 6, 2019 decision, pursuant to *Al Otro Lado v. Wolf*, which created an affirmative obligation for EOIR to *sua sponte* reopen or reconsider proceedings for potential class members, the Court will review its ruling in Respondent's case. 17-CV-02366, 2020 WL 6384357 at *13-14.

## II.    *Sua Sponte* Reopening

"An Immigration Judge may, upon [] her own motion at any time . . . reopen . . . any case in which [] she has made a decision." 8 C.F.R. § 1003.23(b)(1). However, *sua sponte* authority is not "a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations." *Matter of G-D-*, 22 I&N Dec. 1132, 1133-34 (BIA 1999). Rather, an Immigration Judge may exercise her discretion to reopen respondents' case in "exceptional situations." *Matter of J-J-,* 21 I&N Dec. 976, 984 (BIA 1997); *see also* 8 C.F.R. § 1003.23(b)(1), (3). "[I]t is the respondent's burden to demonstrate that such a situation exists." *Matter of Beckford*, 22 I&N Dec. 1216, 1218 (BIA 2000).

In the present case, pursuant to its authority under 8 C.F.R. § 1003.23(b), the Court will reopen Respondent's proceedings *sua sponte*, finding that *Al Otro Lado* preliminary injunction coupled with a change in the law pursuant to *CAIR* have created an exceptional situation which warrant the exercise of the Court's *sua sponte* authority. *See J-J-*, 21 I&N Dec. at 984; *see also* 8 C.F.R. § 1003.23(b).

To begin, the Court has reviewed the record of proceedings in Respondent's case and finds sufficient evidence to establish that Respondent was "metered" at the southern border, thereby establishing Respondent's *Al Otro Lado* class membership. *See* 423 F. Supp. 3d at 878. Specifically, at her merits hearing, Respondent testified that she arrived in the town of Miguel Aleman, Tamaulipas, Mexico on or about July 10, 2019 and had to wait eleven days before she could enter the United States. The Court takes administrative notice[1] that Miguel Aleman sits on the U.S.-Mexico border directly across from Roma, Texas where there is a Port of Entry. Respondent was not able to make entry into the United States until July 21, 2019, five days after the Third Country Transit Bar went into effect. As such, the Court is obligated, as a result of the preliminary injunction in *Al Otro Lado*, to reopen Respondent's case *sua sponte*.

Alternatively, even if Respondent were not found to be an *Al Otro Lado* class member, the Court finds that the change in law following *CAIR* and *East Bay Sanctuary Covenant East v. Barr*, 964 F.3d 832, 857-58 (9th Cir. 2020)—affirming the U.S. District Court for the Northern District of California's grant of a preliminary injunction against enforcement of the Third Country Transit Bar in the four states on the U.S.-Mexico border (including Texas)—in and of itself compels this Court to reopen Respondent's removal proceedings. These decisions, both issued in 2020, are material to Respondent's eligibility for asylum and could not have been discovered or presented at Respondent's merits hearing. *See* 8 C.F.R. § 1003.23(b)(3) (providing that a motion to reopen will not be granted unless the Immigration Judge is satisfied that "evidence sought to be offered is material and was not available and could not have been . . . presented at the former hearing"). At the conclusion of Respondent's merits hearing on November 6, 2019, the Court determined Respondent was not eligible for asylum pursuant to the Third Country Transit Bar. Notably, the Court granted Respondent's application for withholding of removal under the INA because Respondent demonstrated ███████████████████████████████████████████████████████████████████. *See* Decision of the Immigration Judge Meredith B. Tyrakoski. But for the Third Country Transit Bar, the Court would have granted Respondent's application for asylum. Case law set forth that the clear probability standard of proof for a grant of withholding of removal is a more stringent standard than the well-founded fear standard required for asylum. *INS v. Stevic*, 467 U.S. 407, 429-30 (1984); *see also Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004), *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Therefore, if an applicant has satisfied the higher burden to establish withholding of removal, she logically has met the lower burden of proof required for asylum. *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

In light of the foregoing, if Respondent's proceedings were reopened under *CAIR*, the outcome of her application for asylum would "manifestly turn on the cited change in the law"—namely, the invalidation of the third country transit bar. *See G-D-*, 22 I&N Dec. at 1135. Moreover, this change in law does not require the Court to "completely readjudicate

---

[1] An Immigration Judge may take "administrative notice" of "commonly known facts." *See* 8 C.F.R. § 1003.1(d)(3)(iv) (The BIA and, by implication, the Immigration Courts, may take administrative notice of commonly known facts such as current events or the contents of official documents); *see also Matter of J-W-S-*, 24 I&N Dec. 185, 189 (BIA 2007) ("We also consider and take administrative notice of recent reports issued by the United States Department of State."); *Matter of R-R-*, 20 I&N Dec. 547, 551 n.3 (BIA 1992) ("It is well established that administrative agencies and the courts may take judicial [or administrative] notice of commonly known facts").

[Respondent's] claim" to "discern whether [the change in law] would have any impact on the outcome of [Respondent's] claim." *Id.* at 1135-36. Instead, the change in law has an unambiguous effect on Respondent's application for asylum, and represents a "revision . . . so profound" that Respondent would "clearly acquire[] eligibility for relief by virtue of [the] particular change in law." *See id.* at 1135 (citing *Matter of X-G-W-*, 22 I&N Dec. 71 (BIA 1998)).

Lastly, the District Court's ruling specifically vacated the Third Country Transit Bar after finding that it was enacted unlawfully. *See CAIR*, 19-cv-2117, 2020 WL 3542481 at *23. The District of Columbia Circuit, where the District Court sits, has continuously held that "[w]hen a court vacates an agency's rules, the vacatur restores the status quo before the invalid rule took effect . . . . ." *Environmental Defense v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.C. Cir. 2004) (citing *Indep. U.S. Tanker Owners Comm. v. Dole*, 809 F.2d 847, 854 (D.C. Cir. 1987); *Sugar Cane Growers Co-op of Florida v. Veneman*, 289 F.3d 89, 97 (D.C. Cir. 2002)). Based on precedents in the District of Columbia Circuit, which requires the law to be restored to its state prior to the enactment of the vacated law, it is clear that the District Court intended for its decision to apply retroactively.

Accordingly, the Court will reopen Respondent's removal proceedings *sua sponte*.

### III. Asylum

An asylum applicant bears the evidentiary burden of establishing his claim for asylum. INA § 208(b)(1); 8 C.F.R. § 1208.13(a). To be eligible for asylum, an alien must be a "refugee" within the meaning of the Act. *See* INA § 208(b)(1)(A) (citing INA § 101(a)(42)(A)). To qualify as a refugee under the Act, an alien must establish past persecution or a well-founded fear of future persecution on account of one of the five statutory grounds: race, religion, nationality, membership in a particular social group, or political opinion. *Id.* § 101(a)(42)(A); 8 C.F.R. § 1208.13(b)(1). The applicant must establish that one of the five grounds was or will be at least one central reason for the claimed persecution. INA § 208(b)(1)(B)(i); *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).

Upon review of the record, the Court finds that Respondent is statutorily eligible for asylum and merits such relief as a matter of discretion. Previously, the Court found Respondent was credible and that she had met the "more likely than not" standard for withholding of removal, which is more stringent than the standard governing applications for asylum. As such, the Court finds that Respondent has necessarily met her burden of establishing that she has a well-founded fear of future persecution ▇▇▇▇▇▇. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996). In addition, the Court previously found that Respondent's fear of future persecution would be on account of a protected ground, ▇▇▇▇▇▇. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009); *Adebisi v. INS*, 952 F.2d 910, 914 (5th Cir. 1992). Finally, the Court finds Respondent merits asylum as a matter of discretion: general humanitarian considerations heavily weigh in Respondent's favor, and the record lacks evidence of any negative discretionary factors. *See* INA § 240(c)(4)(A); *Matter of H-*, 21 I&N Dec. 337, 347 (BIA 1996); *Matter of Pula*, 19 I&N Dec. 467, 473 (BIA 1987). Thus, the Court will vacate the Court's decision dated November 6, 2019 and grant Respondent's application for asylum.

Accordingly, after careful consideration, the following orders are hereby entered:

### ORDERS

**IT IS HEREBY ORDERED** that Respondent's removal proceedings are **REOPENED** *SUA SPONTE* pursuant to 8 C.F.R. § 1003.23(b)(1).

**IT IS FURTHER ORDERED** that the order of removal entered against Respondent on November 6, 2019, is **VACATED**.

**IT IS FURTHER ORDERED** that the order granting Respondent's application for withholding of removal under section 241(b)(3) of the Act entered on November 6, 2019, is **VACATED**.

**IT IS FURTHER ORDERED** that Respondent's application for asylum under section 208 of the Act is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent's application for withholding of removal under section 241(b)(3) of the Act be considered **MOOT**.

**IT IS FINALLY ORDERED** that Respondent's application for withholding of removal under the Convention against Torture be considered **MOOT**.

Date: 11/17/2020

MEREDITH TYRAKOSKI
Digitally signed by MEREDITH TYRAKOSKI
Date: 2020.11.17 17:10:03 -06'00'

Meredith B. Tyrakoski
United States Immigration Judge