# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Al Otro Lado, Inc., *et al.*, | ) | |
|     *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-02366-BAS-KSC |
| | ) | |
| Chad F. Wolf, *et al.*, | ) | |
|     *Defendants.* | ) | |
| | ) | |

**DECLARATION OF ELIZABETH E. MURA**

I, Elizabeth E. Mura, pursuant to 28 U.S.C. § 1746, and based upon personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows relating to the above-captioned matter.

1. I am currently the Branch Chief of the Operations Branch, in the Asylum Division, Refugee, Asylum & International Operations Directorate, within U.S. Citizenship and Immigration Services (USCIS), Department of Homeland Security (DHS). I have held this position since February 2016. Prior to becoming the Branch Chief of the Operations Branch, I served as an Operations Branch Asylum Officer at Asylum Headquarters, where I was responsible for various portfolios, such as the Asylum Division's case management systems, reporting, asylum-related employment authorization, and forms. I joined the Immigration and Naturalization Service as an Asylum Officer in the Chicago Asylum Office in 2002, and, in 2006, I became a Supervisory Asylum Officer. In my current position as the Operations Branch Chief, I have oversight of certain aspects of the administration of the credible fear determination process, including maintaining the policies and procedures that govern USCIS processing of credible fear cases nationwide. I am responsible for ensuring that those policies and procedures

are communicated to the asylum officers, overseen by supervisors, and implemented within the Asylum Division nationwide.

2. I understand that on December 15, 2020, Plaintiffs filed a "Motion to Enforce Preliminary Injunction" concerning the U.S. District Court for the Southern District of California's November 19, 2019 preliminary-injunction order and October 30, 2020 order granting Plaintiffs' "Motion for Clarification of the Preliminary Injunction."

3. Since issuance of the October 30, 2020 order, USCIS has developed detailed procedural guidance for asylum offices to conduct *Al Otro Lado v. Wolf* (*AOL*) preliminary-injunction class membership interviews for individuals with a final order of removal detained in U.S. Immigration and Customs Enforcement (ICE) custody who are referred to USCIS by ICE. The detailed guidance was carefully drafted in close consultation with CBP, ICE, and the Department of Justice (DOJ). The guidance was distributed to all asylum offices on December 22, 2020.

4. The detailed procedural guidance USCIS developed addresses the process of referral for class membership interviews (including that ICE will provide notice to individuals before the interview), how to consult evidence and make class member determinations for such referred individuals, and how to document the class member determinations.  USCIS also developed a supplemental and amended list of questions to be asked during the class membership interview to determine whether the individual sought to enter the United States at a port of entry to seek asylum before July 16, 2019.  The guidance instructs officers when making class member determinations to consult lists maintained by Mexican entities that are purportedly of individuals waiting in Mexican border cities or towns, to the extent such lists are available.  The guidance further notes that the lists maintained by Mexican entities do not contain Alien (A) numbers, some do not contain dates of birth or the dates that the names were added to the lists, and names

may be misspelled or contain differing variations. Without complete identifying information or unique identifiers, and without complete information about when names were added to a list, USCIS may be unable to reliably match particular individuals with names on the lists in many instances. As a result, USCIS is unable to conclude, based solely on the lists, that a particular individual whose name appears on a waitlist is an *AOL* preliminary injunction class member. Accordingly, in addition to consulting the lists, the USCIS guidance instructs officers to ask a set of questions to elicit testimony on whether the individual was subject to metering prior to July 16, 2019, consult DHS records and prior statements by the individual, note any discrepancies between the identifying information on the lists and in DHS records, and to ask class members whether they have additional documentary evidence to submit (while noting that such documentation is not required to demonstrate class membership), when determining if the individual has established they are more likely than not a class member.

5. USCIS also drafted a new template memo to file and class membership determination notice to document these activities and class membership determinations. Because some detained individuals referred to USCIS for a class membership interview may not be in USCIS's asylum pre-screening case management system, USCIS additionally developed a separate case management mechanism for recording information about these class membership interviews.

6. The USCIS guidance also provides instructions as to how to process the case depending on whether or not the individual establishes class membership. The guidance provides that asylum offices will coordinate with local ICE offices to schedule an *AOL* preliminary injunction class membership interview for all individuals referred by ICE for such interview. Although the guidance and the notice to be provided to potential class members do not specify the exact procedures for submitting documentary evidence or an exact timeframe for

conducting each interview, this allows local asylum offices the flexibility to receive documentary evidence from the individual based on local detention facility procedures and allows local asylum offices the flexibility to coordinate with their local ICE counterparts to schedule the interviews based on the volume of referrals, office-specific scheduling constraints, and logistical considerations, including asylum office capacity in light of other priority screening workloads and constraints due to the coronavirus pandemic.

      7.      The guidance provides that for individuals referred by ICE for an *AOL* preliminary injunction class membership interview, officers are to determine if the individual establishes they are more likely than not an *AOL* preliminary injunction class member. The guidance provides that if the individual establishes class membership and has a final order of expedited removal, officers will either: (a) if USCIS applied the Third Country Transit Asylum Bar Interim Final Rule ("TCT bar") in the prior credible fear determination, reopen the prior negative determination, conduct a new credible fear interview, and make a new credible fear determination without applying the TCT bar; or (b) if USCIS did not apply the TCT bar in the prior credible fear determination but an immigration judge did during review of the negative determination, re-issue the negative credible fear determination paperwork and re-refer the negative determination for new review by an immigration judge. Officers are to complete the required forms documenting the class membership determination to be placed in the A-file and update USCIS's asylum pre-screening case management system with the class membership determination and, if the individual is a class member, the new credible fear determination or new referral for immigration judge review; record the class member determination in the *AOL* class membership tracking mechanism; and notify ICE by email of the class membership determination and, if applicable, new credible fear determination or new referral for immigration judge review.

8. The guidance further provides that, if the individual establishes class membership and has a final order of removal issued in immigration proceedings before the Executive Office for Immigration Review (EOIR), officers are to complete the required forms documenting the class membership determination to be placed in the A-file, record the class membership determination in the *AOL* class membership tracking mechanism, and notify ICE by email of the class membership determination.

9. Additionally, following issuance of the October 30, 2020 order and to assist in developing a master list of potential class members, USCIS used a list of A numbers provided by CBP to identify matches with A numbers contained in the Asylum Division's asylum pre-screening case management system, which reflects individuals who have been referred to USCIS for different types of fear screenings and non-refoulement assessments, including, but not limited to, credible fear, and provided data about the determinations or assessments for those individuals to DOJ, CBP, ICE, and DHS.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 4th day of January, 2021.  **ELIZABETH E MURA** Digitally signed by ELIZABETH E MURA
Date: 2021.01.04 16:34:56 -05'00'

Elizabeth E. Mura
Branch Chief
Operations Branch, Asylum Division
Refugee, Asylum & International Operations Directorate
U.S. Citizenship and Immigration Services
Department of Homeland Security

5