# EXHIBIT E

# NOTICE OF POTENTIAL CLASS MEMBERSHIP IN CASES SUBJECT TO REMOVAL
*Al Otro Lado v. Wolf,* Case No. 17-02366 (S.D. Cal.)

**If you traveled to the U.S.-Mexico border through Mexico to enter the United States at a U.S. port of entry and to seek asylum, but had to put your name on a list or were told that you had to wait to cross the border *before* July 16, 2019, and you entered the United States *on or after* July 16, 2019, you may still be able to seek asylum.**

**Background:** *Al Otro Lado v. Wolf* is a lawsuit that challenges the government's use of "metering," among other practices, at ports of entry along the U.S.-Mexico border. Metering is the government's practice of controlling the intake into those ports of entry of individuals who do not possess entry documents (such as U.S. passports, U.S. visas, entry permits, or border-crossing cards) by telling such individuals that the port of entry is at capacity and that the port will permit them to enter for processing at a later time. Such individuals, including those who intend to seek asylum, must wait to enter the U.S. through the port of entry and often place their names on waitlists in Mexico. The Plaintiffs in the lawsuit claim that metering denied them access to the U.S. asylum process.

On July 16, 2019, the United States implemented a rule that stated that an individual is not eligible for asylum if he or she (1) is from a country other than Mexico; (2) did not seek asylum or other legal protection in Mexico or another country through which he or she traveled on his or her way to the United States; and (3) entered the United States through the U.S.-Mexico land border on or after June 16, 2019. The rule is officially called Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33829 (July 16, 2019), but is referred to as the "third-country transit rule."

**Court Decision:** On November 19, 2019, a federal court issued an order called a preliminary injunction (PI) **prohibiting the government from applying the third-country transit rule to non-Mexican asylum seekers who were unable to enter the United States before July 16, 2019, at a port of entry because they were subject to metering** ("PI class members"). Specifically, the PI applies to:

> all non-Mexican asylum seekers who were unable to make a direct asylum claim at a U.S. [Port of Entry] before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process.

*Al Otro Lado v. McAleenan,* 423 F. Supp. 3d 848 (S.D. Cal. 2019). This means that the government cannot apply the third-country transit rule to non-Mexican asylum seekers who, because of metering, were told they had to add their name to a wait list or otherwise wait in Mexico before July 16, 2019, and crossed into the United States on or after July 16, 2019.

On October 30, 2020, the same federal court issued another order, which states that *any* PI class member who was metered before July 16, 2019 and entered the U.S. on or after that date cannot have the third-country transit rule applied to them, regardless of when their asylum case was considered.

The court ordered the government to reopen or reconsider past decisions where PI class members were determined to be ineligible for asylum because of the application of the third-country transit rule.

You are receiving this notice because the government has temporarily stayed your removal to determine whether you are a PI class member who is entitled to have your case reopened.

This notice is **not** a determination of class membership or a determination that your case should be reopened. **You will likely be required to establish that you meet the requirements for class membership in order to receive the benefits of the PI.**  You will be interviewed by an asylum officer, who will ask you questions about whether you were subject to metering before July 16, 2019.  You may submit documentary evidence of class membership to the Asylum Office conducting your interview.  Such evidence could include, but is not limited to, documents showing the dates of your travels to and stays in Mexico, documentation regarding placement of your name on a waitlist, and declarations or affidavits regarding whether you may have been subject to metering before July 16, 2019.

You **may be** a PI class member, and your case **may be** subject to further review before removal, **if** it is determined that you:

- were subject to the U.S. government's metering practices (for example, had to put your name on a wait list or were told to wait to seek asylum) before July 16, 2019;
- did not cross the U.S.-Mexico border until on or after July 16, 2019; and
- the third-country transit rule was applied in your case to determine that you were ineligible for asylum.

If you are found to be a PI class member and it is determined that your case is subject to further review, your case could be reopened or reconsidered as follows: (1) if you received an order of expedited removal, you may receive a new credible fear interview from an asylum officer; or (2) if you received a final removal order in removal proceedings before the immigration court, your case may be eligible to be reopened before the Executive Office for Immigration Review, depending on the rulings in your case.

This notice is not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil or criminal manner.

**If you believe you are a PI class member, you may also contact lawyers who represent the class ("Class Counsel') or your attorney to tell them that you believe you are a PI class member.**

If you have questions about the *Al Otro Lado v. Wolf* lawsuit, you or your attorney may contact Class Counsel at the following email address: MeteringClass@splcenter.org.

Please note that Class Counsel do not represent individual asylum seekers in their cases before the government. You have the right to contact a separate legal representative of your choice at no expense to the government.