# EXHIBIT I



**U.S. Department of Justice**
Executive Office for Immigration Review
*Office of the General Counsel*

5107 Leesburg Pike, Suite 2600
Falls Church, Virginia 22041

Re: ███████

I, Elizabeth Burgus, declare as follows:

    I am employed as a Paralegal Specialist by the Department of Justice, Executive Office for Immigration Review, Office of the General Counsel. I certify that the attached Board of Immigration Appeal's Decision dated December 31, 2020 (8 pages), is a correct and complete copy of the original included in the Record of Proceeding maintained by EOIR for this case.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: 01/05/2021    SIGNED: ELIZABETH BURGUS
Digitally signed by ELIZABETH BURGUS
Date: 2021.01.05 11:35:20 -05'00'

Elizabeth Burgus
Paralegal Specialist

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Aranda Teixeira, Diego Javier
Al Otro Lado
511 E. San Ysidro Blvd
Suite #333
San Ysidro, CA 92173

DHS/ICE Office of Chief Counsel - JNA
PO Box 410
Trout, LA 71371

Name: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇    ▇▇▇▇▇▇▇

Date of this notice: 12/31/2020

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
O'Connor, Blair

Shariefm
Userteam: Docket

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**DHS/ICE Office of Chief Counsel - JNA**
**PO Box 410**
**Trout, LA 71371**

Name:

Date of this notice: 12/31/2020

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. §1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
O'Connor, Blair

Sharief,M
Userteam: **Docket**

**U.S. Department of Justice**  Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File: ▮▮▮▮▮▮ – Jena, LA            Date:        DEC 3 1 2020

In re: ▮▮▮▮▮▮▮▮▮▮

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Diego J. Aranda Teixeira, Esquire

APPLICATION: Reopen

The respondent, a native and citizen of Cameroon, appeals the Immigration Judge's June 30, 2020, decision denying his motion to reopen. The appeal will be sustained and the record will be remanded to the Immigration Judge.

We review the findings of fact, including the determination of credibility, made by the Immigration Judge under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including issues of law, discretion, or judgment, under the de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

On January 24, 2020, the Immigration Judge denied the respondent's application for asylum, on the basis that he had sought admission after July 16, 2019, and had not applied for protection in any country en route to the United States ("Third Country Transit Rule") (IJ at 1-2). *See* 8 C.F.R. § 1208.13(c)(4). However, on November 19, 2019, the United States District Court for the Southern District of California granted a preliminary injunction enjoining enforcement of the Third Country Transit Rule against a certified class of "all non-Mexican noncitizens who were denied access to the U.S. asylum process before July 16, 2019 as a result of the Government's metering policy." *Al Otro Lado v. McAleenan*, 423 F. Supp. 3d. 848, 861 (S.D. Cal. 2019).[1] On October 30, 2020, the United States District Court for the Southern District of California issued an order of clarification, explaining that the Executive Office for Immigration Review is bound by the nationwide injunction and that the agency should take immediate steps to reopen or reconsider past determinations for all members of the class found ineligible for asylum because of the Third Country Transit Rule. *Al Otro Lado v. Wolf*, No. 17-cv-02366-BAS-KSC, 2020 WL 6384357 at *13-14 (S.D. Cal. Oct. 30, 2020).

The respondent filed a motion to reopen before the Immigration Judge, asserting that he is a member of the certified class and is therefore eligible for asylum (Respondent's Mot. at 2-3). To

---

[1] We recognize the government has since appealed *Al Otro Lado v. McAleenan*. Initially, the United States Court of Appeals for the Ninth Circuit granted the government's emergency temporary stay of the district court's injunction pending the appeal. *Al Otro Lado v. Wolf*, 945 F.3d 1223 (9th Cir. 2019). However, the Ninth Circuit has since denied the government's motion to stay the injunction during the appeal, which remains pending. *Al Otro Lado v. Wolf*, 952 F.3d 999 (9th Cir. 2020).

A203-600-940

support his motion, the respondent provided evidence, including his name on the metering list, his own testimony before the Immigration Judge, and an affidavit from an attorney at the border with records of the metering process stating that the respondent approached the United States-Mexico border on June 5, 2019, and was denied entry due to the metering policy (IJ at 2; Respondent's Mot. at 105-109). *See Al Otro Lado v. McAleenan*, 423 F. Supp. 3d. at 874 (stating that an individual can submit proof of class membership through a declaration or by showing the list for the metering process). Therefore, because the respondent has met his burden that he is a non-Mexican alien who sought admission to apply for asylum before July 16, 2019, and was denied entry because of the metering process at the border, the respondent has demonstrated that he is a member of the *Al Otro Lado* class.

As such, we will sua sponte reopen the respondent's removal proceedings.[2] We note that the Immigration Judge granted the respondent's application for withholding of removal (IJ at 2). However, there is insufficient findings in the record regarding the respondent's eligibility for asylum as a matter of discretion. We therefore remand the record to the Immigration Judge to make such determinations regarding the respondent's asylum eligibility.

Accordingly, the following orders will be entered.

ORDER: The respondent's removal proceedings are reopened.

FURTHER ORDER: The record is remanded to the Immigration Judge for a new decision concerning the respondent's eligibility for asylum.

_____
FOR THE BOARD

---

[2] Additionally, we recognize that the Third Country Transit Rule has been vacated since the Immigration Judge's decision and therefore no longer impacts the respondent's eligibility for asylum, regardless of his class membership. *See Capital Area Immigrants' Rights Coal. v. Trump*, 471 F.Supp.3d 25 (D.D.C.2020).

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
LASALLE IMMIGRATION COURT
JENA, LOUISIANA

| | |
|---|---|
| IN THE MATTER OF ) | IN REMOVAL PROCEEDINGS |
| ) | |
| ▉ ) | File No. ▉ |
| ) | |
| Respondent ) | |
| ) | |

**MOTION:** Respondent's Motion to Reopen and Reconsider

**ON BEHALF OF RESPONDENT**
Nji Anyere
The Anyere Law Firm, LLC
6305 Ivy Lane, Suite 260
Greenbelt, Maryland 20770

**ON BEHALF OF THE DEPARTMENT**
Assistant Chief Counsel
DHS/ICE/Litigation Unit
P.O. Box 410
Trout, Louisiana 71371

## DECISION OF THE IMMIGRATION JUDGE

### I. PROCEDURAL & FACTUAL HISTORY

On September 30, 2019, the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("Department") served Respondent with a Notice to Appear ("NTA"), alleging he is a native and citizen of Cameroon; entered the U.S. at San Ysidro, California, Port of Entry on August 28, 2019; and did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document. Exh. 1. Based on these allegations, the Department charged Respondent as inadmissible pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("Act"). *Id.*

On November 13, 2019, the Court provided Respondent with his rights and Respondent indicated he understood his rights. Respondent declined the opportunity to seek counsel and indicated he wished to proceed with his case. Respondent admitted to all allegations in the NTA and conceded removability, and the Court found him removable. Respondent declined to designate a country of removal, the Department requested Cameroon, and the Court designated Cameroon as the country of removal. Respondent indicated he fears return to Cameroon, the Court provided him an I-589, Application for Asylum and Withholding of Removal, and the Court reset Respondent's case to give him time to complete his application. On December 11, 2019, the Court held a master reset hearing. At that hearing, the Court indicated it received Respondent's I-589 application and evidence in support of Respondent's application. The Court then set a date for Respondent's individual hearing.

On January 24, 2020, the Court held Respondent's individual hearing. At that hearing, the Department indicated it planned to discuss Respondent's ineligibility due to the Third-Country Transit Bar, and the Court instructed Respondent's counsel to develop the record with this in mind. Concerning

the Third-Country Bar, Respondent testified he left Cameroon on March 2, 2019, and entered the U.S. on August 28, 2019. He stated he traveled through Nigeria, Ecuador, Colombia, Panama, Costa Rica, Nicaragua, Honduras, Guatemala, and Mexico before he entered the U.S. He noted he stayed in Mexico for approximately five months because immigration authorities at Tijuana gave him a number and made him wait in line. Respondent testified he arrived at Tijuana on June 5, 2019. Respondent's counsel proffered that the Third-Country Bar should not apply because Respondent was present at the U.S. – Mexico border prior to July 16, 2019. Respondent testified regarding ████████████████████ ████████████████████████████████████████████████████████████. The Department contended Respondent is ineligible for asylum based on the Third-Country Bar and emphasized that Respondent did not apply for asylum in any country he traveled through before he entered the U.S. on August 28, 2019.

The Court then denied Respondent's asylum application based on the Third-Country Transit Bar, but granted Respondent's application for withholding of removal. The Court found Respondent passed through many countries without applying for asylum, Respondent did not enter the U.S. before the application of the Third-Country Bar, and none of the exceptions to the Third-Country Bar apply to Respondent. The Court then acknowledged ongoing Ninth Circuit district court litigation concerning the application of the Third-Country Bar, but noted the Court is bound to apply the Third-Country Bar as it is written. The Department reserved appeal and Respondent, through counsel, waived appeal.

On June 16, 2020, Respondent, through counsel, submitted a Motion to Reopen and Reconsider Eligibility for Asylum. The Court now addresses Respondent's Motion.

## II.    STATEMENT OF LAW

An Immigration Judge may upon his or her own motion at any time, or upon motion of the Department or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.23(b)(1). A motion to reopen "seeks to reopen proceedings so new evidence can be presented and so a new decision can be entered, normally after a further evidentiary hearing." *Matter of Cerna*, 20 I&N Dec. 399, 403 (BIA 1991).

A motion to reopen must state the new facts that will be proven if the motion is granted and must be supported by affidavits and other evidentiary material. 8 C.F.R. § 1003.23(b)(3). Any motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents. *Id.* A motion to reopen will not be granted unless the Court is satisfied the evidence sought to be offered is "material and was not available and could not have been discovered or presented at the former hearing." *Id.* The Court cannot grant a motion to reopen seeking to apply for relief if the Immigration Judge fully explained the right to apply for such relief and provided an opportunity to apply for the relief. *Id.*

Additionally, a motion to reopen is subject to time and numerical limitations. A respondent can only file one motion to reopen. 8 C.F.R. § 1003.23(b)(1). The motion must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later. *Id.* These limitations shall not apply if the basis of the motion is to apply for asylum or withholding of removal under the Convention Against Torture, and is based on

changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding. *Id.* at § 1003.23(b)(4)(i).

### III. ANALYSIS & CONCLUSION

After a thorough review, the Court denies Respondent's Motion to Reopen. Federal regulations require that a motion to reopen be filed within ninety days of a final administrative order of removal. 8 C.F.R. § 1003.23(b)(1). The Court granted Respondent withholding relief on January 24, 2020. Respondent waived appeal and the Department reserved appeal. The Court's order became administratively final on February 24, 2020, when the Department did not file an appeal within thirty days of the Court's Decision. *See* 8 C.F.R. § 1241.1(b). Respondent did not file his Motion to Reopen until June 19, 2020, approximately 116 days later. Consequently, his Motion is impermissibly untimely and denied.

Moreover, the Court denies Respondent's Motion because he failed to establish the evidence he now seeks to submit "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). Respondent, through counsel, submitted a declaration and an untranslated receipt to establish he arrived at the U.S. – Mexico border on June 5, 2019. However, Respondent did not indicate he was not able to submit this information at his individual hearing. Further, Respondent did not request time to submit evidence to show he was not subject to the Third-Country Transit Bar at any point during his removal proceedings. Additionally, instead of asserting his right to appeal the Immigration Judge's decision to the Board of Immigration Appeals based on the Immigration Judge's alleged error, Respondent waived his right to appeal and accepted the Immigration Judge's decision as final.

In addition, Respondent contends the Ninth Circuit's decision in *Al Otro Lado v. Wolf* results in changed law that is applicable to his case; however, Respondent's contention is misguided in that this Ninth Circuit decision does not govern Fifth Circuit law. For the foregoing reasons, the Court finds Respondent did not establish new, relevant evidence or a reason to reopen his removal proceedings. Thus, the Court denies Respondent's Motion to Reopen.

Accordingly the following order shall be entered:

3

**ORDER:** IT IS HEREBY ORDERED THAT Respondent's Motion to Reopen is DENIED.

6-30-20
Date

Angela Munson
Immigration Judge

---

**CERTIFICATE OF SERVICE**

THIS DOCUMENT WAS SERVED BY:   MAIL (M)   PERSONAL SERVICE (P)

TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [X] ALIEN'S ATTY/REP   [X] DHS

DATE: 6-30-20                BY: COURT STAFF

Attachments: [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other