MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **DECLARATION OF STEPHEN MEDLOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| Chad F. Wolf,[1] *et al.*, | |
| Defendants. | |

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

## DECLARATION OF STEPHEN MEDLOCK

I, Stephen Medlock, state the following pursuant to 28 U.S.C. § 1746:

1. I am a partner at Mayer Brown LLP, a member of the District of Columbia Bar, admitted *pro hac vice* to this Court for this action, and counsel for the Plaintiffs in this case.

2. Pursuant to Civ. L. R. 7.1(f), I make this declaration in support of Plaintiffs' Motion for Temporary Restraining Order.

3. On December 17, 2020, the Department of Homeland Security and the Department of Justice promulgated a final rule, Asylum Eligibility and Procedural Modification, 85 Fed. Reg. 82,260 ("Second Asylum Ban"), that is functionally identical to a previously issued interim final rule that required the government to deny asylum to "any alien who enters, attempts to enter, or arrives in the United States across the southern land border on or after July 16, 2019 after transiting through at least one country outside of the alien's country of citizenship, nationality, or last lawful habitual residence en route to the United States." *See* Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829, 33,844 (July 16, 2019), *codified at* 8 C.F.R. §§ 208.13(c)(4), 1208.13(c)(4) ("First Asylum Ban").

4. On November 19, 2019, this Court issued a preliminary injunction prohibiting the government from applying the First Asylum Ban to a certified provisional class consisting of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE [port of entry] before July 16, 2019 because of the Government's metering policy, and who continue to seek access to the U.S. asylum process." Dkt. 330 at 36.

5. On December 18, 2020, Plaintiffs sought confirmation by email from Defendants that the November 19, 2019, preliminary injunction applies with equal force to the Second Asylum Ban. Defendants responded by email on December 22, 2020 that that they did not agree that the preliminary injunction applies to the Second

Case 3:17-cv-02366-BAS-KSC   Document 658-2   Filed 01/06/21   PageID.56202
Page 4 of 4

Asylum Ban. This correspondence made clear that the parties were at an impasse regarding whether the preliminary injunction applies to the Second Asylum Ban.

6. On January 4, 2021, my co-counsel and I conferred by phone with Defendants' counsel regarding our intention to file a Motion for a Temporary Restraining Order on January 6, 2021, seeking to enjoin the government from enforcing the Second Asylum Ban with respect to provisional class members. We also indicated that, in the alternative, we would seek an order clarifying that the Court's November 19, 2019 preliminary injunction opinion applies to the Second Asylum Ban or amending the November 19, 2019 preliminary injunction to apply expressly to the Second Asylum Ban. In addition, we informed Defendants' counsel of our intention to seek an expedited briefing schedule in the hope that this matter could be resolved before the Second Asylum Ban's effective date of January 19, 2021.

7. Defendants' counsel did not dispute that the parties were at an impasse regarding whether the November 19, 2019 preliminary injunction applies to the Second Asylum Ban, but they expressed concern about the expedited briefing schedule.

8. Attached hereto as **Exhibit 1** is a true and correct copy of the deposition transcript of Mariza Marin. Plaintiffs have redacted non-germane material from the transcript that was designated as confidential under the Court's Protective Order has been redacted.

9. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' Rule 30(b)(6) deposition notice to U.S. Customs and Border Protection.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of January 2021 at Washington, D.C.

By:     /s/ *Stephen Medlock*
         Stephen Medlock

DECLARATION OF STEPHEN MEDLOCK
MOT. FOR TRO