MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**EXHIBIT 2 TO DECLARATION OF STEHEN M. MEDLOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

---

[1] Acting Secretary Wolf is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.561

1  MAYER BROWN LLP
     Matthew H. Marmolejo (CA Bar No. 242964)
2    mmarmolejo@mayerbrown.com
   350 S. Grand Avenue
3  25th Floor
   Los Angeles, CA 90071-1503
4    Ori Lev (DC Bar No. 452565)
     olev@mayerbrown.com
5    Stephen M. Medlock (VA Bar No. 78819)
     smedlock@mayerbrown.com
6  1999 K Street, N.W.
   Washington, D.C. 20006
7  Telephone: +1.202.263.3000
   Facsimile:  +1.202.263.3300
8
   SOUTHERN POVERTY LAW CENTER
9    Melissa Crow (DC Bar No. 453487)
     (pro hac vice)
10   melissa.crow@splcenter.org
   1101 17th Street, N.W., Suite 705
11 Washington, D.C. 20036
   Telephone: +1.202.355.4471
12 Facsimile: +1.404.221.5857

13 Additional counsel listed on next page
   Attorneys for Plaintiffs
14
           UNITED STATES DISTRICT COURT
15         SOUTHERN DISTRICT OF CALIFORNIA
16
   Al Otro Lado, Inc., et al.,          Case No.: 17-cv-02366-BAS-KSC
17
             Plaintiffs,
18                                      **PLAINTIFFS' NOTICE OF FED. R.
                                        CIV. P. 30(b)(6) DEPOSITION OF
19       v.                             U.S. CUSTOMS AND BORDER
                                        PROTECTION**
20 Kevin K. McAleenan,[1] et al.,
21           Defendants.
22
23
24
25
26
   ─────────────────────
27 [1] Acting Secretary McAleenan is automatically substituted for former Secretary Nielsen pursuant
   to Fed. R. Civ. P. 25(d).
28
                                        PLAINTIFFS' RULE 30(B)(6) DEPOSITION NOTICE

EXHIBIT
Howe #79
1/9/20

```
 1  CENTER FOR CONSTITUTIONAL RIGHTS
      Baher Azmy (NY Bar No. 2860740) (pro hac vice)
 2    bazmy@ccrjustice.org
      Ghita Schwarz (NY Bar No. 3030087) (pro hac vice)
 3    gschwarz@ccrjustice.org
      Angelo Guisado (NY Bar No. 5182688) (pro hac vice)
 4    aguisado@ccrjustice.org
 5  666 Broadway, 7th Floor
    New York, NY 10012
 6  Telephone: +1.212.614.6464
    Facsimile: +1.212.614.6499
 7
 8  SOUTHERN POVERTY LAW CENTER
      Sarah Rich (GA Bar No. 281985) (pro hac vice)
 9    sarah.rich@splcenter.org
      Rebecca Cassler (MN Bar No. 0398309) (pro hac vice)
10    rebecca.cassler@splcenter.org
    150 E. Ponce de Leon Ave., Suite 340
11  Decatur, GA 30030
12
    AMERICAN IMMIGRATION COUNCIL
13    Karolina Walters (DC Bar No. 1049113) (pro hac vice)
      kwalters@immcouncil.org
14  1331 G St. NW, Suite 200
    Washington, D.C. 20005
15  Telephone: +1.202.507.7523
    Facsimile: +1.202.742.5619
16
17
18
19
20
21
22
23
24
25
26
27
28
                                 2    PLAINTIFFS' RULE 30(B)(6) DEPOSITION NOTICE
```

1    PLEASE TAKE NOTICE that, in accordance with the Federal Rules of Civil
2    Procedure and any other applicable rules or Court orders, Plaintiffs will take the
3    deposition by oral examination of U.S. Customs and Border Protection ("CBP")
4    pursuant to Fed. R. Civ. P. 30(b)(6) on December 6, 2019 commencing at 9:30am
5    ET at Mayer Brown LLP, 1999 K Street, N.W., Washington, D.C. 20006-1101. The
6    deposition shall be taken before a notary public or some other person authorized by
7    law to administer oaths. The testimony will be recorded stenographically by a court
8    reporter and may be videotaped. This deposition is being taken for the purpose of
9    discovery, for use at trial, and/or for any other purpose permitted under the
10   applicable Federal and Local Rules of Civil Procedure.

12   Dated: October 31, 2019

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen S. Medlock

SOUTHERN POVERTY LAW
CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL
RIGHTS
   Baher Azmy
   Ghita Schwarz
   Angelo Guisado

AMERICAN IMMIGRATION
COUNCIL
   Karolina Walters

By: /s/ Stephen M. Medlock
   Stephen M. Medlock

*Attorneys for Plaintiffs*

3   PLAINTIFFS' RULE 30(B)(6) DEPOSITION NOTICE

## DEPOSITION TOPICS

### I. DEFINITIONS

A. "You," "your" and "CBP" shall mean and refer to U.S. Customs and Border Protection and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein; CBP offices at ports of entry, including any divisions, subdivisions or sections therein; or any other CBP organizational structures, including but not limited to U.S. Border Patrol, CBP's Office of Field Operations or private contractors hired by CBP.

B. "DHS" shall mean and refer to the U.S. Department of Homeland Security, and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein, or any other DHS organizational structures.

C. "ICE" shall mean and refer to U.S. Immigration and Customs Enforcement, and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein, or any other ICE organizational structures.

D. "Border Patrol" shall mean and refer to U.S. Border Patrol, and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein, or any other Border Patrol organizational structures.

E. "USCIS" shall mean and refer to U.S. Citizenship and Immigration Services, and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein, or any other USCIS organizational structures.

F. "Person(s)" shall mean and refer to any individual, including, without limitation, any government official (elected or appointed) or entity, including, without limitation, any government agency, division, subdivision or section therein,

1  sole proprietorship, association, company, partnership, joint venture, corporation,
2  trust, estate or any other entity that have in their possession, custody, or control
3  documents or electronically-stored information that is relevant to the claims and
4  defenses in this litigation.
5      G.   "Noncitizen" shall mean any individual who is not a citizen of the
6  United States and shall include, without limitation, "aliens" as that term is defined
7  in the Immigration and Nationality Act.
8      H.   "Communication(s)" shall mean and refer to the exchange of
9  information by or through any mode or medium including, but not limited to, spoken
10 word, written correspondence, any form of technology, face-to-face meetings or
11 conveying of information through third person(s) to some other intended recipient.
12 "Communication(s)" does not include intangible information that cannot be
13 physically collected.
14     I.   "Document(s)" is used in its customary broad sense, and includes, but
15 is not limited to, any written, printed, typed, recorded, videotaped, filmed, punched,
16 transcribed, taped, electronically-created or other graphic matter of any kind or
17 nature held or produced or reproduced, whether sent or received, including the
18 original, and includes, but is not limited to, all correspondence, emails, records,
19 drawings, calculations, memoranda, reports, financial statements, telegrams, cables,
20 contracts, tabulations, studies, analyses, evaluations, work appointment books,
21 diaries, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets,
22 booklets, articles, magazines, newspapers, microfilm, microfiche, photographs,
23 tapes or other recordings, punched cards, magnetic tapes, discs, printouts, computer
24 generated reports and printouts, other data compilations from which information can
25 be obtained, and includes all such document(s) that are in your possession, custody
26 or control, or to which you otherwise have access. The term document(s)
27 encompasses all communications available in the foregoing formats. The term
28

document(s) does not include intangible information that cannot be physically collected.

J. "Relating to" as used herein, shall mean constituting, comprising, pertaining to, in connection with, reflecting, respecting, regarding, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, setting forth, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in whole or in part.

K. "Metering" or "queue management" shall mean the procedures described in your Answer as metering or queue management and/or the procedures described in the April 27, 2018 memorandum from Todd C. Owen entitled "Metering Guidance." *See, e.g.*, Dkt. 283 at ¶¶ 3, 7, 10, 48, 54, 67, 68, 69.

L. "Port of Entry" or "POE" shall mean one or more of the following ports of entry on the U.S.-Mexico border that have a pedestrian entrance, including, but not limited to San Ysidro (including PedWest), Otay Mesa, Tecate, Calexico West, Calexico East, Andrade, San Luis, San Luis II, Lukeville, Sasabe, Nogales-Mariposa, Nogales-Grand Avenue, Nogales-Morley Gate, Naco, Douglas, Antelope Wells, Columbus, Santa Teresa, El Paso-PDN, El Paso-Stanton, El Paso-BOTA, El Paso-Ysleta, Tornillo, Fort Hancock, Presidio, Boquillas, Amistad Dam, Del Rio, Eagle Pass, Eagle Pass II, Laredo-Colombia Solidarity, Laredo-World Trade, Laredo Bridge 1, Laredo-Juarez/Lincoln, Falcon Dam, Roma, Rio Grande City, Los Ebanos, Anzalduas, Hidalgo, Pharr, Donna, Progreso, Los Indios, Brownsville-B&M, Brownsville-Gateway, and Brownsville-Veterans.

M. "Turnback" or "turned back" shall mean denying, unreasonably delaying, or withholding inspection and processing of asylum seekers at a port of entry on the U.S.-Mexico border, on the bridge leading to a port of entry on the U.S.-Mexico border, and/or at the international boundary between the U.S. and Mexico

by engaging in any of the following conduct: (a) lying, (b) using threats, intimidation, and coercion, (c) employing verbal abuse and/or physical force, (d) physically obstructing access to the POE or inspection station, (e) imposing unreasonable delays before granting access to the asylum process, and/or (f) metering or queue management.

## II.   INSTRUCTIONS

A.   The terms defined above are to be construed broadly and to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

B.   As used in these subjects, the singular is to be treated as plural and vice-versa.

C.   The words "and/or," "or," and "and" are used inclusively, not exclusively.

D.   The term "any" means any and all.

E.   Unless otherwise stated, these subjects for examination cover the period from January 1, 2016 to the date of this notice (the "Relevant Time Period").

## III.   TOPICS FOR EXAMINATION

1. The organization and structure of CBP, including the reporting relationships between CBP's leadership, DHS leadership, the Office of Field Operations, POEs, and CBP officers working at POEs.

2. Your practice of metering, queue management, and/or Turnbacks at Ports of Entry, including but not limited to the development of the practice, the reasons for its adoption, and its implementation.

3. The April 2018 memorandum drafted by Todd Owen entitled "Metering Guidance," including but not limited to the development of the memorandum, communications regarding the memorandum, and any additional guidance provided to POEs or CBP officers working at POEs with respect to the memorandum.

4. The Ports of Entry at which CBP inspects and processes non-citizens without proper travel documents to enter the United States.

5. Your definition of the term "capacity" when used in referenced to a Port of Entry's ability to inspect and process non-citizens without proper travel documents to enter the United States.

6. The capacity of each Port of Entry to inspect and process non-citizens without proper travel documents to enter the United States.

7. Changes in the capacity of each Port of Entry to inspect and process non-citizens without proper travel documents to enter the United States, including but not limited to, changes caused by construction projects or closures.

8. Your purported justifications, if any, for your policy of metering, queue management, and/or Turnbacks.

9. The September 26, 2019, report by the U.S. Department of Homeland Security's Office of Inspector General ("DHS OIG") entitled "Investigation of Alleged Violations of Immigration Laws at the Tecate, California, Port of Entry by U.S. Customs and Border Protection Personnel," including, but not limited to, the factual findings contained in the report and the basis for those findings, the identities of the individuals interviewed by DHS OIG during its investigation, the identities of the persons found to have violated U.S. immigration laws at the Tecate Port of Entry, and the identities of any CBP managers, port directors, assistant port directors, directors of field operations, or personnel employed at CBP Office of Field Operations that directed, condoned, or were aware of conduct at the Tecate, California Port of Entry that violated U.S. immigration law.

10. Any investigation, other than the investigation disclosed in the September 26, 2019 DHS OIG report, of metering, queue management, or Turnbacks at a Port of Entry conducted by DHS OIG, DHS Office of Civil Rights and Civil Liberties, DHS, CBP, the U.S. Department of Justice, or the United States Office of Special Counsel.

11. Any disciplinary proceedings brought by CBP or DHS concerning metering, queue management, or Turnbacks at a Port of Entry.

12. The creation of CBP's Migration Crisis Action Team, including the purpose of the Migration Crisis Action Team, its functions with respect to noncitizens attempting to seek asylum at Ports of Entry, and the identities of the members of the Migration Crisis Action Team.

13. Your plans, strategies, tactics, policies, or procedures for addressing increases in the number of noncitizens without proper travel documents presenting themselves for inspection and processing at Ports of Entry, including, but not limited to, the use of CBP and ICE detention facilities, extending the working hours of personnel at a Port of Entry, utilizing detention space at other Ports of Entry, constructing additional temporary detention space, paroling an increased number of noncitizens, and increasing the number of CBP officers inspecting and processing noncitizens.

14. The staffing of each Port of Entry, including, but not limited to, the number of CBP officers at each Port of Entry responsible for inspecting and processing noncitizens without proper travel documents presenting themselves at Ports of Entry.

15. Your communications with Instituto Nacional de Migración ("INM"), Comisión Mexicana de Ayuda a Refugiados ("COMAR"), Grupos Beta, or any other Mexican government agency concerning metering, queue management, or Turnbacks.

16. The data produced from your Consolidated Secondary Inspection System ("CSIS") for the period January 1, 2014 to the present, including the meaning of column headers, your practices for entering data into CSIS, how data is maintained in CSIS, and the meaning of figures contained in the columns of your CSIS data.

17. Statistics showing the number of inadmissibles encountered, processed,

or inspected at or near the U.S.-Mexico border between January 1, 2010 and the present, including, but not limited to, the definition of the term "inadmissible."

18. Any reason why you believe that you would incur a hardship as a result of being ordered to inspect and process all noncitizens in the order that they arrive at Ports of Entry at the U.S.-Mexico border.

19. Any reason why you believe that it would be against the public interest if you were ordered to inspect and process all noncitizens in the order that they arrive at Ports of Entry at the U.S.-Mexico border.

20. The effect of the interim final rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019) on noncitizens subject to metering, queue management, or Turnbacks.

21. Your knowledge of COMAR's staffing, funding, operations, or backlog in addressing asylum applications made in Mexico.

22. Your knowledge of the staffing, funding, operations, or backlog in addressing asylum applications of governmental agencies in Honduras, Guatemala, and/or El Salvador responsible for inspecting and processing noncitizens seeking asylum.

23. Any orders, directions, instructions, authorizations, or mandates that CBP received from the National Security Council, Domestic Policy Council, any White House staffer, a Cabinet Secretary or Acting Secretary, a special advisor to the President, or the President of the United States regarding metering, queue management, or Turnbacks.

24. Your awareness of President Trump's public statements concerning asylum and U.S. immigration policy.

25. The authenticity of the documents and ESI that You produced in response to Defendants' requests for production in this litigation.

26. The factual basis for whether the documents and ESI that You produced in response to Defendants' requests for production in this litigation constitute

1  records of regularly conducted business activity under Fed. R. Evid. 803(6),
2  including (a) whether the document or ESI in question was made at or near the time
3  by someone with knowledge of the matters discussed in the document or ESI, (b)
4  whether You kept the document or ESI in the course of Your regularly conducted
5  business activities, and (c) whether creating the document or ESI was a regular
6  practice of Your business.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2019, that a copy of the above deposition notice has been sent by electronic mail to each of the following:

Alexander James Halaska
202-307-8704
Email: alexander.j.halaska@usdoj.gov

Gisela Ann Westwater
202-532-4174
Fax: 202-616-8962
Email: gisela.westwater@usdoj.gov

Brian Ward
202-616-9121
Fax: 202-305-7000
Email: brian.c.ward@usdoj.gov

Danielle K. Schuessler
202-305-9698
Fax: 202-305-7000
Email: danielle.k.schuessler@usdoj.gov

Sairah G. Saeed
202-532-4067
Email: sairah.g.saeed@usdoj.gov

Katherine J. Shinners
202-598-8259
Email: Katerine.J.Shinners@usdoj.gov

Yamileth G. Davila
(202)305-0137
Fax: (202)616-4950
Email: yamileth.g.davila@usdoj.gov

s/Stephen M. Medlock
Stephen M. Medlock

PLAINTIFFS' DEPOSITION NOTICE