JEFFREY BOSSERT CLARK
Acting Assistant Attorney General,
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO SHORTEN THE BRIEFING SCHEDULE FOR THEIR MOTION FOR TEMPORARY RESTRAINING ORDER** |
| CHAD F. WOLF, Acting Secretary of Homeland Security, *et al.*, in their official capacities,[*] | |
| *Defendants*. | |

---

[*] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Morgan is automatically substituted as a Defendant for former Commissioner McAleenan, and Executive Assistant Commissioner Ferrara is automatically substituted as a Defendant for former Executive Assistant Commissioner Owen.

## RESPONSE TO *EX PARTE* APPLICATION

Defendants hereby respond to Plaintiffs' *Ex Parte* Application to Shorten the Briefing Schedule for Their Motion for Temporary Restraining Order (ECF No. 659) (hereinafter Appl.). Defendants are cognizant of Plaintiffs' desire for this matter to be fully briefed with enough time for this Court to issue a decision before January 19, 2021, but considering the upcoming deadlines in these and the appellate proceedings, it is not possible for the government to adequately respond to Plaintiffs' TRO Motion on or before Plaintiffs' proposed deadline of January 12, 2021. Instead, this Court should order the government to respond to the TRO Motion on or before January 14, 2021; and permit Plaintiffs to file a reply brief, if they choose to, on or before January 15, 2021.

## BACKGROUND

On July 16, 2019, the Departments of Justice and Homeland Security issued a joint interim final rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 3,829 (July 16, 2019). The Court is familiar with the interim final rule, which is establishes a substantive immigration rule under which an alien "who enters or attempts to enter the United States across the southern border after failing to apply for protection in a third country ... through which the alien transited en route to the United States is ineligible for asylum." *Id.* at 33,830. The interim final rule "also require[s] asylum officers and immigration judges to apply this new bar on asylum eligibility when administering the credible-fear screening process applicable to stowaways and aliens who are subject to expedited removal." *Id.* On November 19, 2019, this Court enjoined Defendants from applying the interim final rule to a provisional class of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process," and ordered Defendants "to return to pre-Asylum Ban practices for processing" provisional class members' "asylum applications." ECF No. 330, *Al Otro Lado, Inc. v.*

*McAleenan*, 423 F. Supp. 3d 848, 878 (S.D. Cal. 2019).

On December 17, 2020, the Departments of Justice and Homeland Security issued and published in the Federal Register a joint final rule entitled "Asylum Eligibility and Procedural Modifications," 85 Fed. Reg. 82,260 (Dec. 17, 2020). The final rule "responds to comments received on the IFR [interim final rule] and makes minor changes to regulations implemented or affected by the IFR for clarity and correction of typographical errors," *id.* at 82,260, and it adopted the IFR's amendments to the Code of Federal Regulations "as final," *id.* at 82,289. The final rule takes effect on January 19, 2021.

On January 6, 2021, at about 9:06 PM (Pacific) (*i.e.*, on January 7, 2021, at about 12:06 AM (Eastern)), Plaintiffs filed a 19-page motion that, while labeled a "Motion for Temporary Restraining Order," in sum and substance asks this Court to issue a preliminary injunction of the final rule with respect to the provisional class. *See, e.g.*, Mem. of Points and Authorities in Support of Pls.' Mot. for TRO (ECF No. 658-1) at 3, 7, 13.

Concurrently with their motion for preliminary injunctive relief, Plaintiffs filed the *Ex Parte* Application for an expedited briefing schedule. They ask that the government be ordered to respond to Plaintiffs' TRO Motion on or before January 12, 2021; and that Plaintiffs' reply in support of the Motion, "should they choose to file one," be due on or before January 14, 2021. Appl. at 1.

## ARGUMENT

This Court should decline to enter Plaintiffs' proposed briefing schedule. Instead, it should enter an expedited schedule that permits the government more than four business days to respond to Plaintiffs' 19-page motion for preliminary injunctive relief.

There are multiple deadlines in this litigation that make Plaintiffs' proposed schedule unworkable. The government's opening brief in the pending Ninth Circuit appeal, *Al Otro Lado v. Wolf*, No. 20-56287 (9th Cir.), is due on Friday, January 8,

2   DEFS.' OPP. TO PLS.' *EX PARTE* APP.
TO SHORTEN BRIEFING SCHEDULE
Case No. 3:17-cv-02366-BAS-KSC

2021. The government's opposition to Plaintiffs' motion for summary disposition in the same Ninth Circuit appeal is due on January 11, 2021. The government's reply in support of its motion for a protective order (ECF No. 647) is due on January 12, 2021. Considering these deadlines, it is not possible for the government to adequately respond to Plaintiffs' 19-page TRO Motion on or before January 12, 2021. Defendants thus respectfully request that the Court allow Defendants until January 14, 2021, to file their response.

Plaintiffs contend that the Court should disregard these litigation responsibilities when entering a briefing schedule because the "deadlines are a mess of Defendants' own making." App. 1–2. That is incorrect. The government's opening brief in its pending Ninth Circuit appeal is due on January 8, 2021 because that was an agreeable date for both Plaintiffs' and Defendants' counsel. On December 16, 2020, the government sought to modify the merits briefing schedule because significant briefing deadlines made it difficult for government counsel to file the opening brief by the original deadline of December 30, 2020. *See* Ex. 2 ¶¶ 4, 4.a–4.e. The government sought a schedule that would extend the opening brief deadline but that would not delay the overall briefing schedule. *See* Ex. 1; Ex. 2 ¶ 4. The government initially proposed to Plaintiffs a January 6 deadline for its opening brief, but, because Plaintiffs' counsel represented that Plaintiffs' counsel would then have a conflict for the answering brief deadline, the parties agreed upon a January 8 deadline for Defendant' opening brief. *See* Decl. of Alexander J. Halaska ¶¶ 2–5 (Jan. 7, 2021) (filed concurrently).

The government's opposition to Plaintiffs' Ninth-Circuit motion for summary disposition is due on January 11, 2021, and the government had no control over Plaintiffs' decision to file that motion or the opposition deadline. *See* FRAP 27(a)(3)(A) (setting 10-day response deadline for motions). Further, the government's reply in support of its Motion for Protective Order in these proceedings (ECF No. 647) is due on January 12, 2021, based on the January 19, 2021 hearing date.

CivLR 7.1(e)(3) (setting the reply deadline as seven (7) calendar days prior to the noticed motion date). Defendants noted the protective-order motion for the first available hearing date of January 19, 2021 in efforts to resolve that issue quickly to facilitate information-sharing with Plaintiffs as contemplated by the Court's October 30 Order (ECF No. 605).

## CONCLUSION

For the reasons discussed, Defendants respectfully request that the Court deny Plaintiffs' proposed schedule for expedited briefing and enter the government's proposed schedule instead.

//

DATED: January 8, 2021                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

*Al Otro Lado v. Wolf*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: January 8, 2021         Respectfully submitted,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice