UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHAD F. WOLF, *et al.*, <br><br> Defendants. | Case No. 17-cv-02366-BAS-KSC <br><br> **ORDER GRANTING IN PART PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO SHORTEN THE BRIEFING SCHEDULE FOR THE MOTION FOR A TEMPORARY RESTRAINING ORDER** <br><br> **(ECF No. 659)** |

Before the Court is Plaintiffs' *Ex Parte* Application for an order shortening the briefing schedule for Plaintiffs' Motion for a Temporary Restraining Order ("TRO Motion" or "Motion"). (TRO Mot., ECF No. 658; *Ex Parte* App., ECF No. 659.) Plaintiffs claim that this *ex parte* relief is necessary because class members "could imminently be denied meaningful access to the U.S. asylum system because they will become subject to" a newly promulgated Final Rule, Asylum Eligibility and Procedural Modification, 85 Fed. Reg. 82,260 (Dec. 17, 2020) ("Second Asylum Ban"), which is to take effect on January 19, 2021. (Ex Parte App. at 1.) They propose that Defendants respond to the Motion by January 12, 2021, and Plaintiffs reply by January 14, 2021. (*Id.*)

Defendants do not oppose expediting the briefing schedule, but do not agree to the scheduled proposed by Plaintiffs. Defendants allege they cannot respond by Plaintiffs' proposed deadline due to upcoming deadlines for their opening brief in the Ninth Circuit appeal of the Court's October 30, 2020 order in this case, their response to Plaintiff's

- 1 -

motion for summary dismissal of that appeal, and the deadline to file a reply in support of their motion for a protective order. (Defs.' Opp'n to *Ex Parte* App. at 1–2, ECF No. 660.) They contest Plaintiffs' argument that the "deadlines are a mess of Defendants' own making" by claiming that these dates were either agreed upon with Plaintiffs' counsel, out of Defendants' control, or set to expeditiously resolve pending issues. (*Id.* at 3–4.) On this basis, Defendants request that they be ordered to respond to the Motion by January 14, 2021, and Plaintiffs be required to reply on January 15, 2021.

*Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Id.* at 492.

First, Plaintiff's statement of irreparable harm is sufficient to meet the *ex parte* standard for a shortened schedule. The Court notes—and Defendants do not contest—that the new regulation seeks to implement the same eligibility restrictions found unlawful in the Court's November 19, 2019 Preliminary Injunction. (Mem. of P. & A. in supp. of TRO Mot. ("Mem. of P. & A.") at 6, ECF No. 658-1.) Days after its promulgation, Defendants addressed similar challenges to this regulation in an email to Plaintiffs' counsel, expressing that they "did not agree that the preliminary injunction applies to the Second Asylum Ban"; indeed, the regulation itself anticipates this challenge. (*See* Decl. of Stephen Medlock in supp. of TRO Mot. ¶ 5, ECF No. 658-2; Mem. of P. & A. at 2 (citing 85 Fed. Reg. at 82,268 n.22).) Lastly, Defendants have represented that "the Second Asylum Ban will operate as a mandatory bar to asylum for members of the PI class." (Mem. of P. & A. at 2.) Thus, Defendants' have acknowledged the application of the new rule to exclude the class members, creating the same type of emergency that warranted the Preliminary Injunction and previous expedited scheduling orders. The Court separately notes that these statements indicate Defendants were well aware of an impending legal challenge on the basis of previous orders in this case.

Second, Plaintiffs did not create the circumstances warranting *ex parte* relief and were diligent in bringing this Motion. Plaintiffs sought confirmation about the new rule from Defendants a day after it was promulgated. (Decl. of Stephen Medlock in supp. of Ex Parte App. ¶ 3, ECF No. 659-1.) The Motion for a TRO was filed two weeks later, despite the intervening holidays. Moreover, Plaintiffs filed this Application two days after learning of Defendants' opposition to expedited briefing. (*Id.* ¶ 4.)[1]

Considering the constraints on both parties, the Court **GRANTS IN PART** Plaintiffs' Ex Parte Application to Shorten the Briefing Schedule for their Motion for a TRO (ECF No. 659) and **SETS** the following briefing schedule for the Motion:

- Defendants' opposition shall be due on or before **January 13, 2021**;
- Plaintiffs' reply shall be due on or before **January 15, 2021**.

**IT IS SO ORDERED.**

**DATED: January 8, 2021**

Hon. Cynthia Bashant
United States District Judge

---

[1] The constraint posed by the effective date was imposed by the agencies responsible for this rule—including the Department of Homeland Security. They promulgated the Second Asylum Ban such that the effective date is January 19, 2021, thus warranting the accelerated briefing timeline. *See* 5 U.S.C. § 553(d) (requiring publication or service of a rule "shall be made not less than 30 days before its effective date," subject to certain exceptions).