JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
ALEXANDER J. HALASKA (IL 6327002)
DHRUMAN Y. SAMPAT (NJ 270892018)
Trial Attorneys
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PETER T. GAYNOR, Acting Secretary of Homeland Security, *et al.*, in their official capacities,[1] <br><br> *Defendants*. | Case No. 3:17-cv-02366-BAS-KSC <br><br> Hon. Cynthia A. Bashant <br><br> **REPLY IN SUPPORT OF MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER [ECF No. 647]** |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary Gaynor is automatically substituted as Defendant for former Secretary Wolf, Commissioner Morgan is automatically substituted for former Commissioner McAleenan, and Executive Assistant Commissioner Ferrara is automatically substituted for former Executive Assistant Commissioner Owen.

## INTRODUCTION

Plaintiffs cannot, and do not, dispute that potential class members' asylum-related information is worthy of protection. They themselves have requested and received anonymous treatment of the representative Plaintiffs to prevent harm from disclosure of their asylum information. In line with these protective concerns, Defendants have requested the entry of a protective order that places reasonable limitations on any further disclosure of asylum-related class member information by Plaintiffs and their counsel. There is simply no reason to exempt Plaintiffs and Class Counsel from the same limitations that regulations have placed on the government. Plaintiffs claim that these conditions burden them in cases where it is difficult to obtain written consent from the potential class member to share information with third parties, but they ignore the ways they can avoid those burdens. They also completely disregard the potential risk to asylum applicants if Plaintiffs or Class Counsel disclose asylum information to the wrong "family member," based on an incorrect assessment that the "family member" has the applicant's best interests in mind.

Further, the Court should decline Plaintiffs' seeming invitation to base its decision in this straightforward matter on unfounded assertions of bad-faith delay. Defendants worked diligently and in good faith with Plaintiffs to negotiate a protective order specifically tailored to the disclosure of asylum information—one that is in many respects *less* restrictive than the existing confidentiality protective order entered in this case. When negotiations broke down, Defendants immediately moved forward with seeking entry of the protective order. Defendants also immediately offered to Plaintiffs that the parties jointly ask the Court to enter Defendants' version of the order pending resolution of the parties' dispute so as to facilitate providing available class-member information to Plaintiffs more quickly. Declaration of Katherine Shinners (ECF No. 647-2) (Shinners Decl.) ¶ 12. Plaintiffs refused, *id.* ¶ 13, seemingly because rather than cooperate in a reasonable effort to accommodate both parties' interests, they determined they would rather use the opportunity to accuse

1  Defendants of delay. Plaintiffs' litigation tactics run counter to the class members'
2  interests, and their accusations are both baseless and irrelevant to the propriety of
3  the proposed protective order.
4      The Court should thus enter Defendants' proposed protective order, or a sub-
5  stantially similar order that affords levels of protection to potential class members'
6  confidential asylum information.

## ARGUMENT

### I. The Court Has Authority to Place Conditions on the Disclosure of Class Member Information to Third Parties.

Although the Court in its October 30 Order ordered Defendants to share certain class-member information from its records with *Plaintiffs*, it did not order EOIR to do so, nor did it address appropriate conditions *for Plaintiffs'* further disclosure of class-member information. Defendants thus now request that the Court endorse appropriate conditions on such disclosure. It has the authority to do so under Federal Rule of Civil Procedure 26(c). This rule has been used to set conditions on the use of other types of disclosures beyond those made in response to discovery requests, and courts have authorized confidentiality protective orders under Rule 26(c) in various litigation contexts where information may be shared, governing when and how to treat confidential settlement information in the conduct of litigation generally, *deBarros v. Walmart Stores, Inc.*, 857 F. Supp. 2d 1109, 1111 (D. Or. 2012) (referencing previously-entered protective order), the sharing of information in post-judgment settlement administration, *see* Supplemental Declaration of Katherine J. Shinners (Shinners Suppl. Decl.) Ex. D (order in *Lyon v. Immigration and Customs Enforcement*, No. 13-cv-05878 (N.D. Cal.)), as well as the administration of preliminary-injunctive relief, *see* Cassler Declaration (ECF No. 656-1), Ex. A (order in *Ms. L v. U.S. Immigration and Customs Enforcement*, No. 3:18-cv-00428 (S.D. Cal.)); Shinners Decl. Exs. B-C.

Plaintiffs insist that Defendants should have instead sought to amend or clarify

the Court's October 30 Order. *See* Pls.' Opposition (ECF No. 656) ("Opp.") at 7-8. Yet amendment is not necessary, because Defendants are not seeking to substantively amend the October 30 Order's requirement that Defendants provide Plaintiffs with certain information about potential class members. Nor would "clarification" be appropriate. Defendants are seeking instead to set conditions governing Plaintiffs' further use and treatment of that information so that Defendants and EOIR can share information with Plaintiffs under the October 30 Order while also ensuring that potential class members' asylum information remains confidential. Defendants see no impediment to the Court issuing a separate protective order that ensures that the potential-class-member information that the Court has required Defendants to share is treated in a confidential manner. If the Court does not view Rule 26(c) as the proper source of its authority to enter this order, it certainly may enter it as an order governing the conduct of the class action under Federal Rule 23(d)(1). *See* Fed. R. Civ. P. 23(d)(1) (allowing Court to enter orders that, among other things, impose conditions on representative parties and "deal with . . . procedural matters"); *Mitchell v. CoreLogic, Inc.*, No. 17-2274, 2019 WL 7171595, at *3 (C.D. Cal. July 19, 2019) ("A district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.") (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981)).

II. **Defendants' Proposed Terms are Reasonably Designed to Prevent Concrete Harms.**

Moreover, the terms of Defendants' proposed protective order place reasonable limitations on the further disclosure of asylum information, while at the same time provide flexibility to accommodate Plaintiffs' concerns that they may not be able to reach certain potential class members. Plaintiffs' arguments against these requirements are misplaced or overstated.

*First,* Defendants have met their burden to demonstrate specific prejudice or harm. As recognized by this Court and others, the disclosure of asylum information

to unknown individuals—including undefined "family members," or other third parties to whom those "family members" consent to disclosure—can result in very real harm to the asylum applicant in the form of future retaliation. Mot. for Protective Order at 2-3, 6-7. Having sought pseudonymous treatment for themselves on this very same ground, Plaintiffs cannot now deny these potential harms. *See* Mot. to Proceed Pseudonymously, ECF No. 128-1 (unopposed). Indeed, to support their arguments in their motion to proceed pseudonymously, Plaintiffs cited the very same regulations and 2005 USCIS Guidance document that Defendants rely on here. *Compare id.* at 2-5 *with* Mot. for Confidentiality Protective Order at 2-3, 6-7.

*Second*, Defendants rely on the regulations at 8 C.F.R. §§ 208.6, 1208.6, as well as on case law and agency guidance discussing those regulations, because they both set the baseline for appropriate conditions on disclosure and evidence the harms of wider disclosure of asylum information. Thus, while those regulations do not directly apply to private parties, there is no reason that private parties with whom the government is sharing asylum information should be exempt from regulatory requirements. This is because the government is sharing the information with Plaintiffs *without the express permission of the asylum applicant*. Again, the goal of these terms is to protect the asylum applicant's confidential material.

*Third*, the proposed terms reasonably protect those confidentiality interests, while Plaintiffs' proposed terms would undermine them.

As a global matter, contrary to Plaintiffs' assertions, Defendants are not "refusing" to allow Plaintiffs to share potential class members' asylum information with their attorneys or family members (Opp. at 11, 12). Instead, they are asking that Plaintiffs first obtain reasonable assurances that the potential class member has consented to sharing that information with the particular family member or attorney—either by a signed statement from the potential class member or a form evidencing the attorney's representation of that potential class member—or, if it proves difficult to obtain that written consent, that the family member or attorney agrees in writing

to adhere to the terms of the protective order and that Defendants consent to the disclosure.

When considering Plaintiffs' complaints about these proposed limitations on further disclosure, it is important to remember that the proposed protective order only limits the use and disclosure to third parties of information shared by the government with Plaintiffs. It does not limit Class Counsel's ability to have conversations with potential class members about individual immigration cases or asylum applications. Nothing in the protective order prevents a potential class member from independently disclosing information to Class Counsel or to her own family members. Nor does it prevent Class Counsel from contacting potential class members' family to assist in locating those class members, so long as Class Counsel does not, in doing so, divulge asylum information from the government's records without the applicant's written consent. Given this, it is unclear from Plaintiffs' Opposition why the Protective Order poses unique burdens on Class Counsel's ability to provide assistance to class members. While Plaintiffs cite to some practical difficulties in locating class members and to communicating with class members in detention under pandemic conditions, they do not provide concrete examples of why the proposed protective order's terms are an actual hindrance to assisting class members. For example, they do not explain why they would have to divulge asylum information to use family members' help to locate individuals, or even to assist in providing notice of the lawsuit and how to obtain the relief afforded. Such activities do not necessarily require disclosure that the potential class member has sought asylum or claimed fear, nor do they require revealing details about the individual's asylum records.

And, as already shown, Defendants' proposed requirements strike a reasonable balance between permitting disclosure and protecting class members' confidentiality interests. As Defendants have explained, their proposed requirement that a potential class member provide written consent to any further disclosure of her asylum information is meant to ensure that the potential class member has specifically

authorized disclosure of that information to the third party. Defendants are not "refusing" to allow Class Counsel to share asylum information with class members' relatives, or with attorneys who represent class members but for whatever reason have not filed or submitted an appearance form. Instead, they are asking for the intermediate, protective step of ensuring that the class member has first agreed to that disclosure. Written consent—as opposed to oral consent—better ensures and documents the class member's specific authorization. And again, if that consent cannot be obtained, then Class Counsel can obtain permission to disclose the information so long as the recipient agrees to adhere to the terms of the protective order.

Importantly, and troublingly, Plaintiffs maintain they should be able to share information with undefined "family members" of potential class members and attorneys with no proven connection to a potential class members' case without obtaining *any* consent (oral or written) from the potential class member.[1] They also maintain that those family members and attorneys should then be able to authorize further sharing of a class members' information. Plaintiffs do not explain how they would ensure that the family member is indeed a family member, or how they would know that the family member actually is "trustworthy" other than vague assurances of "professional judgment." Opp. at 13, 14. They also do not generally explain how

---

[1] The protective order entered in *Ms. L*—which was not tailored to the disclosure of asylum information, because, unlike here, the class members in that case were not by definition asylum-seekers—did permit disclosure of certain class member information without the class member's consent, but required that the third-party recipients adhere to the terms of the protective order. That is, prospective attorneys and other individuals assisting in reunification of class members and their children were permitted to receive limited class member information, none of which was designated as asylum material, but they were *also* required to sign on to the terms of the protective order. Cassler Decl. Ex. A, § 6(c), (j). Plaintiffs did not propose terms similar to those in the *Ms. L* protective order during negotiations over the protective order terms.

they would ensure that an attorney does in fact represent the potential class member in his immigration case without a form evidencing that representation.[2] There must be safeguards against such disclosures to protect the class members' interests, including conditions on further disclosure and requirements to document authorizations for further disclosure. Defendants' proposed protective order seeks to provide such safeguards.

## CONCLUSION

For the foregoing reasons and those stated in Defendants' motion, the Court should grant Defendants' Motion for Confidentiality Protective Order Concerning Asylum Information of Potential Preliminary-Injunction Class Members.

---

[2] Plaintiffs only cite an example of an attorney who filed a Petition for Review or a Petition for Habeas Corpus in federal court on behalf of a potential class member. Opp. at 12 n.7. Yet Plaintiffs did not propose including specific language in the protective order allowing for disclosures to attorneys who could document their representation in the class members' immigration cases through other means. *See* Ex. 2 to Plaintiffs' Mot. to Enforce (ECF No. 644-4). Defendants likely could have agreed to such other forms of documentation had Plaintiffs proposed them during the extensive meet and confer process.

| | |
|---|---|
| Dated: January 12, 2021 | Respectfully submitted, |
| | |
| | JEFFREY BOSSERT CLARK |
| | Acting Assistant Attorney General |
| | Civil Division |
| | |
| | WILLIAM C. PEACHEY |
| | Director |
| | |
| | SAMUEL P. GO |
| | Assistant Director |
| | |
| | *s/ Katherine J. Shinners* |
| | KATHERINE J. SHINNERS |
| | Senior Litigation Counsel |
| | U.S. Department of Justice |
| | Civil Division |
| | Office of Immigration Litigation |
| | District Court Section |
| | P.O. Box 868, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel: (202) 598-8259\| Fax: (202) 305-7000 |
| | katherine.j.shinners@usdoj.gov |
| | |
| | ALEXANDER J. HALASKA |
| | DHRUMAN Y. SAMPAT |
| | Trial Attorneys |
| | |
| | *Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: January 12, 2021              Respectfully submitted,

*s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section

*Counsel for Defendants*