# EXHIBIT D

BENJAMIN C. MIZER, Principal Deputy Assistant Attorney General
WILLIAM C. PEACHEY, Director, District Court Section
COLIN A. KISOR, Deputy Director, District Court Section
ELIZABETH J. STEVENS, Assistant Director, District Court Section
BRIAN C. WARD, Trial Attorney, Office of Immigration Litigation
U.S. Department of Justice – Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9121
Facsimile:  (202) 305-7000
Email: Brian.C.Ward@usdoj.gov

*Attorneys for Defendants*
[Additional Counsel appear on signature page]

ROBERT P. VARIAN (STATE BAR NO. 107459)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, California  94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759
Email: rvarian@orrick.com

*Attorneys for Plaintiffs*
[Additional Counsel appear on signature page]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDLEY BARRINGTON LYON, JR., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, *et al.*,[1]<br><br>Defendants. | No. 3:13-cv-05878-EMC<br><br>STIPULATED AND [PROPOSED] EXTENDED PROTECTIVE ORDER GOVERNING CONFIDENTIAL & HIGHLY CONFIDENTIAL INFORMATION |

[1] Sarah Saldaña, Director, ICE, is substituted under Fed. R. Civ. P. 25(d)for former Acting Director, John Sandweg, who was named as a defendant in this action in his official capacity but resigned from this position effective February 21, 2014.

STIPULATED AND [PROPOSED] EXTENDED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

# 1.   PURPOSES & LIMITATIONS

1.1     In the course of discovery, the parties exchanged documents, items, material, and other information that contain sensitive, confidential, proprietary, and/or private information that merits special protection from public disclosure.  Having reached a settlement of the litigation, the parties anticipate that they may continue to exchange sensitive, confidential, proprietary, and/or private information that merits special protection from public disclosure during the term of the settlement. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Extended Stipulated Protective Order.  Such sensitive and confidential information may include (a) security arrangements; security plans, practices, policies, procedures, protocols or guidelines; security audits or reviews; building layouts; or documents reflecting architectural plans, blueprints or schematics whose efficacy may be undermined by disclosure to the public, including but not limited to floor plans or plans specific to building security features, enhancements or vulnerabilities; (b) information subject to the Privacy Act (codified at 5 U.S.C § 552a) or the official information privilege that is protected from disclosure, in order to comply with the law; (c) material containing private and confidential third-party information protected by the right to privacy guaranteed in the Federal Constitution and the First Amendment, in order to protect the privacy interest of those third-parties; and (d) other information that Defendants are precluded from publicly disclosing by regulation or statute.[2]

---

[2] The existence of this protective order does not necessarily authorize or require the disclosure of all or any information protected from disclosure by statute or regulation.

STIPULATED AND [PROPOSED] EXTENDED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

1.2     The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in section 12, below, that this Extended Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.3     Pursuant to 5 U.S.C. § 552a(b)(11), this Extended Stipulated Protective Order authorizes the Producing Party to produce to the Receiving Party and the Court discoverable information pursuant to Fed. R. Civ. P. 26(c) sought during ongoing discovery containing unredacted confidential and highly confidential information.  To the extent the relevant statute or regulation allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes disclosure of that information.

1.4     The Parties agree that the terms of this Protective Order will govern the production of information as well as the safeguarding of such information by all individuals referenced in sections 7 and 12.

2.     **DEFINITIONS**

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  any information (regardless of how it is generated, stored or maintained) or tangible things that are not publicly available and qualify for protection under Federal Rule of Civil Procedure 26(c), pursuant to applicable laws, statutes, or regulations, [3] such as the Privacy Act, 5 U.S.C. § 552a including:  (a) the names and alien numbers of the particular individual(s) to whom the information relates and (b) any personally identifying information related to third parties other than the individual whose information is being sought, including, but not limited to, information regarding familial relatives of individuals.

2.3.    Consulting Counsel: attorneys who are not Counsel of Record, but are (1) affiliated with or employed by a law firm, agency, or organization that has appeared on behalf of a Party and (2) consulted by a Party or by Counsel of Record for the purpose of litigating this action.

2.4     Counsel of Record:  Counsel (as well as their support staff) who appear or have appeared in this action on behalf of a Party in this action.

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in

---

[3] The existence of this protective order does not necessarily authorize the disclosure of all or any information protected from disclosure by statute or regulation.

disclosures or responses to discovery or pursuant to the parties' settlement agreement in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    "HIGHLY CONFIDENTIAL" Information or Items:  any information (regardless of how it is generated, stored or maintained) or tangible things that are not publicly available that the Designating Party believes contains information that is so sensitive from a law enforcement perspective or privacy perspective that it should be destroyed or returned after final resolution of this action.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity who is not named as a Party to this action.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (including their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.13    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**   **SCOPE**

3.1     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do *not* cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2     Aggregate information that does not permit the identification of the particular individuals to whom the information relates is not protected even if it is derived from source documents that are designated "Confidential" or "Highly Confidential."

**4.**   **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands,

trials, or reviews of this action, including the time limits for filing any motions or

applications for extension of time pursuant to applicable law; or (3) five years after the

effective date of any settlement agreement that is signed by the parties and approved by

the Court .

## 5. DESIGNATION OF CONFIDENTIAL & HIGHLY CONFIDENTIAL INFORMATION

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each

Party or Non-Party that designates information or items for protection under this Order

must take care to limit any such designation to specific material that qualifies under the

appropriate standards.  The Designating Party must designate for protection only those

parts of material, documents, items, or oral or written communications that qualify – so

that other portions of the material, documents, items, or communications for which

protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that

are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

to unnecessarily encumber or retard the case development process or to impose

unnecessary expenses and burdens on other parties) may expose the Designating Party to

sanctions.

If it comes to a Designating Party's attention that information or items that it

designated for protection do not qualify for protection, the Designating Party must

promptly notify – within ten (10) business days – all other Parties that it is withdrawing

the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.3     <u>Designation in conformity with this Order requires</u>:

(a)  **for information in documentary form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  "Confidential Information" set forth in a response to an interrogatory may be so designated by including the word "Confidential" or "Highly Confidential" in the response.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or the "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.  If only

a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) **for information produced in some form other than documentary and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(c) **for testimony given in deposition proceedings**, that the Designating Party (or deponent), within thirty (30) calendar days after receiving a deposition transcript, designate pages of the transcript (and/or exhibits thereto) as Protected Material.  Until the expiration of the thirty-day period, the entire deposition transcript will be treated as subject to protection against disclosure under this Order. If no Party or deponent timely designates Protected Material in a deposition transcript, then none of the transcript will be treated as protected.  If a timely designation is made, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

5.4    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely

correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within ten (10) business days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the

Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty (20) business days of the initial notice of challenge or within ten (10) business days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by paragraph 6.2.  Failure by the Designating Party to make such a motion, including the required declaration, within the time allotted by this paragraph shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the paragraph 6.2.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those challenges made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as

described in this paragraph (paragraph 6.3), all parties shall continue to afford the material in question the level of protection due under this Order for Confidential Information until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for purposes of litigating this class action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (re: Maintaining Confidential Information).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information designated as "Confidential" or "Highly Confidential," including the portion of any document containing "Confidential" or "Highly Confidential" information, may be disclosed by a Receiving Party only to the following persons and only to the extent necessary to litigate this action:

(a)    Counsel of Record for Plaintiffs, Counsel of Record for Defendants, Consulting Counsel, and any support staff of such counsel assisting in this action with an appropriate need to know;

(b)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, including evaluation of settlement positions, subject to paragraph 7.3;

(c)     Witnesses in this action to the extent reasonably believed by counsel to be necessary in connection with their testimony or potential testimony; provided, however, that any such individual (i) shall not retain any documents marked as "Confidential" or "Highly Confidential"; (ii) shall be informed, prior to being shown material designated as "Confidential" or "Highly Confidential" that he/she is being shown such materials solely for use in the above-captioned Actions; and, (iii) prior to being shown material designated as "Confidential" or "Highly Confidential," executes an acknowledge and agreement to the bound by the terms of this Stipulated Protective Order in accordance with paragraph 7.3; and/or

(d)     The Court and its personnel, including court reporters.

All persons listed in paragraph 7.2(a) to whom "Confidential" information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in paragraph 7.2(b)-(d), any information designated as "Confidential" or "Highly Confidential," except as provided in this Stipulated Protective Order.

7.3     <u>Acknowledgment and Agreement to Be Bound</u> (Exhibit A).  All persons listed in paragraphs 7(b) and (c) to whom "Confidential" or "Highly Confidential" Information is disclosed shall first be required to read the terms of this Stipulated Protective Order and sign a copy of the Acknowledgment and Agreement to Be Bound by Protective Order,

attached hereto as Exhibit A.  Each signed Acknowledgment form shall be maintained by

counsel for the Plaintiffs or counsel for the Defendants as appropriate, depending on the

Party seeking to disclose Confidential information.

      7.4    <u>Use of Protected Material in Court Filings</u>.

      The parties agree to meet and confer over a Receiving Party's request for

permission to file Protected Material in the public record.  Without written permission

from the Designating Party or a court order secured after appropriate notice to all

interested persons, a Party may not file in the public record any Protected Material.  In the

event a Party wishes to use any Protected Material produced under this Stipulated

Protective Order in a court filing, such filings shall be filed in accordance with Civil Local

Rule 79-5.  This provision does not apply to the Parties' submission of Protected Material to

the Magistrate Judge assigned to proceed over settlement conferences in this case,

provided those submissions are not filed in the public record.

      7.5    <u>Use of Protected Material at Pre-Trial Hearings</u>.

      Should the need arise for a Receiving Party to use Protected Material at a Hearing

prior to trial, the Receiving party shall provide the Designating party with a written

explanation of its need – including an explanation as to the reason(s) that the Receiving

Party cannot present its argument and/or position without the use of material designated

as "Confidential" or "Highly Confidential" Information and precisely which "Protected

Material the Receiving Party plans to use – at least  seven (7) business days prior to the

hearing.  The intention of this advance notice is to allow the Designating Party sufficient

opportunity to request that the Court exclude the information from the public record.

Should the Receiving Party provide notice of its intent to use Protected Material at a hearing less than seven (7) business days prior to the hearing, the Receiving Party shall provide a detailed explanation as to the cause(s) behind its failure to provide timely notice and agree not to use any Protected Material at a hearing unless the Designating Party has had an opportunity to request that the Court exclude the information from the public record. The requirements of this paragraph shall not apply to any Protected Material that has been accepted into the public record through a process that complies with paragraph 7.4 or this paragraph prior to the Receiving Party's use of it at a subsequent hearing.

      7.6    Use of Protected Material at Trial.

      Procedures for introducing Protected Material at trial will be determined at or before the last pre-trial conference in this matter.

**8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

      (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection from the court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2  The Parties agree that any discovery sought from Non-Parties who owe a duty of confidentiality to one or more Parties can be disclosed without violating that duty of confidentiality if such discovery would otherwise be covered by this Protective Order and disclosure is made in accordance with this Protective Order.  This includes information otherwise protected by 8 C.F.R. § 236.6 if sought by Plaintiffs through a valid discovery request in this action.  Because this Protective Order is sufficient to protect such

confidential information, a duty of confidentiality to one of the Parties shall not be a basis

for any Non-Party to withhold covered records or information sought through third-party

discovery in this litigation.

9.3     In the event that a Party is required by a valid discovery request to produce a

Non-Party's confidential information in that Party's possession, and the Party is subject to

an agreement with the Non-Party not to produce the Non-Party's confidential information,

then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party

that some or all of the information requested is subject to a confidentiality agreement with

a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated

Protective Order in this litigation, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-

Party.

9.4     If the Non-Party fails to object or seek a protective order from this Court

within ten (10) business days of receiving the notice and accompanying information, the

Receiving Party may produce the Non-Party's confidential information responsive to the

discovery request and designate that information as "Confidential" or "Highly Confidential"

as otherwise appropriate under this Stipulated Protective Order.  If the Non-Party timely

seeks a protective order, the Receiving Party shall not produce any information in its

possession or control that is subject to the confidentiality agreement with the Non-Party

before a determination by the Court.[4]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person(s) execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A within ten (10) business days of learning of the unauthorized disclosure.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**12.  MAINTAINING CONFIDENTIAL INFORMATION**

The Parties shall maintain "Confidential Information" as follows:

---

[4]  The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

12.1    Counsel of Record and anyone to whom "Confidential" or "Highly Confidential" Information has been disclosed in accordance with section 7.2 shall maintain all remaining "Confidential" or "Highly Confidential" Information pursuant to the terms of this Stipulated Protective Order, subject to further order by this Court.  Within forty (40) business days after the final disposition of this action – as defined by section 4, including any and all appeals – all discovery and copies thereof in the possession of the Receiving Party and anyone to whom "Confidential Information" has been disclosed in accordance with section 7.2 shall be returned to the Producing Party or destroyed, except as this Court may otherwise order, in accordance with section 13, but excluding the complete set of discovery for counsel's records contemplated by paragraph 12.2.

12.2    Notwithstanding paragraphs 12.1 and 12.3, counsel of record for Plaintiffs and counsel of record for Defendants may each maintain one (1) set of discovery – excluding "Highly Confidential" Information, which must be returned or destroyed as contemplated by paragraph 12.1 – for their records, provided that such counsel maintain the confidential nature of the discovery.  Also notwithstanding paragraphs 12.1 and 12.3, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (Duration).

12.3    With the exception of the archival copies contemplated by paragraph 12.2, within sixty (60) days after the final disposition of this action, including any appeals and any ongoing and/or permanent injunctions and as defined in section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material but does not include aggregate information that does not permit the identification of the particular individuals to whom the information relates.  *See* paragraph 3.2 above.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the forty (40) calendar-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

13.    **MODIFICATIONS AND CONTINUING EFFECT**

13.1    Any Party may apply to this Court at any time, upon proper notice, for a modification of this Stipulated Protective Order with respect to the handling or designation of any document or for any other purpose.  This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this litigation.  This Parties shall take such reasonable measures

as are necessary and appropriate to prevent the disclosure of Protected Material, through inadvertence or otherwise, after the conclusion of this action.

13.2    This Stipulated Protective Order shall be binding upon any present or future party to the *Lyon, et al. v. ICE, et al.*, No. 13-cv-05878-EMC (N.D. Cal.), litigation.

13.3    The terms of this Stipulated Protective Order shall survive the termination of this action after its final disposition for purposes of enforcing this Stipulated Protective Order.

**14.    <u>RIGHTS OF PARTIES</u>**

14.1.    Nothing in this Stipulated Protective Order shall be construed as a waiver of any defense, right, or claim by either party, nor shall this Stipulated Protective Order affect the right of any Producing Party to seek additional protection against the disclosure of any documents or materials, or of any Receiving Party to seek additional disclosures.

14.2.    This Stipulated Protective Order shall be effective and enforceable upon entry by the Court, except that the Parties shall agree to abide by its terms prior to entry of any order.

14.3    Agreement to this Protective Order does not waive any rights of any Party to assert, and/or object to, a claim of any privilege or other protection from disclosure as to these or similar documents.

14.4    Nothing in this Stipulated Protective Order shall preclude the disclosure of any "Confidential" Information with respect to an individual who affirmatively consents in writing to the disclosure of his/her own private information.

14.5    This Stipulated Protective Order shall not preclude any Party from disclosing publicly-available information.

THE PARTIES SO STIPULATE, THROUGH COUNSEL OF RECORD.

Dated: November 18, 2016                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                            By:    /s/ Alexis Yee-Garcia
                                                   ROBERT P. VARIAN
                                                   CHARLES J. HA
                                                   ALEXIS YEE-GARCIA

Dated: November 18, 2016                    AMERICAN CIVIL LIBERTIES UNION
                                            FOUNDATION OF NORTHERN CALIFORNIA

                                            By:    /s/ Julia Harumi Mass
                                                   JULIA HARUMI MASS (SBN 189649)
                                                   MICHAEL T. RISHER (SBN 191627)
                                                   39 Drumm Street
                                                   San Francisco, CA 94111
                                                   Telephone:  (415) 621-2493
                                                   Facsimile:  (415) 255-8437
                                                   Email:  jmass@aclunc.org

Dated: November 18, 2016                    AMERICAN CIVIL LIBERTIES UNION
                                            NATIONAL PRISON PROJECT

                                            By:    /s/ Carl Takei
                                                   CARL TAKEI (SBN 256229)
                                                   915 15th Street N.W., 7th Floor
                                                   Washington, DC 20005
                                                   Telephone: (202) 393-4930
                                                   Facsimile: (202) 393-4931
                                                   Email: ctakei@aclu.org

                                            *Attorneys for Plaintiffs*

Dated: November 18, 2016                OFFICE OF IMMIGRATION LITIGATION,
                                        CIVIL DIVISION
                                        U.S. DEPARTMENT OF JUSTICE
                                        BENJAMIN C. MIZER
                                        Principal Deputy Assistant Attorney General
                                        WILLIAM C. PEACHEY
                                        Director, District Court Section
                                        COLIN A. KISOR
                                        Deputy Director, District Court Section
                                        ELIZABETH J. STEVENS
                                        Assistant Director, District Court Section

                                        By:     _/s/ Brian C. Ward_____
                                                BRIAN C. WARD
                                                JENNIFER A. BOWEN
                                                KATHERINE J. SHINNERS
                                                LAUREN C. BINGHAM
                                                VICTOR M. MERCADO-SANTANA
                                                Trial Attorneys
                                                P.O Box 868, Ben Franklin Station
                                                Washington, D.C. 20044
                                                Telephone: (202) 616-9121
                                                Email: Brian.C.Ward@usdoj.gov

                                        *Attorneys for Defendants*

1    IT IS SO ORDERED.

2

3

4

5    Dated: November____18____, 2016



HONORABLE EDWARD M. CHEN
United States District Court

## EXHIBIT A

## <u>ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER</u>

I, _____, am associated with the litigation in *Lyon, et al. v. ICE, et al.*, No. 13-cv-05878-EMC (N.D. Cal.) in the capacity of

_____.

I acknowledge reading and understanding the Stipulated Protective Order Governing Confidential Information issued in the *Lyon* action on _____, and I agree to be bound by all provisions thereof.

Executed this _____ day of _____ at _____.

SIGNATURE: _____

STIPULATED AND [PROPOSED] EXTENDED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

25

## CERTIFICATION OF CONCURRENCE FROM OTHER PARTIES

      I, Alexis Yee-Garcia, am the ECF user whose ID and password are being used to file this Plaintiffs' Unopposed Notice of Motion and Motion for Final Approval of Settlement Agreement.  In compliance with General Order 45, X.B., I hereby certify that Julia Mass, Carl Takei, and Brian Ward have concurred in the filing of this document and has authorized the use of their electronic signature.


Dated:   November 18, 2016            */s/ Alexis Yee-Garcia*
                                  Alexis Yee-Garcia (SBN 277204)