MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Pete T. Gaynor,[1] *et al.*,<br><br>Defendants. | Case No.: 17-cv-02366-BAS-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO SEAL EXHIBITS TO AND A PORTION OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO ENFORCE PRELIMINARY INJUNCTION**<br><br>Hearing Date: February 15, 2021<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Acting Secretary Gaynor is automatically substituted for former Acting Secretary Wolf pursuant to Fed. R. Civ. P. 25(d).

738436474.6

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file under seal part or all of three exhibits to Plaintiffs' Reply in Support of Their Motion to Enforce Preliminary Injunction ("Reply") and a portion of the Reply that describes one of the exhibits, in order to protect sensitive law enforcement information contained in those documents from public disclosure.

As is explained in in the accompanying Declaration of Karolina Walters, Plaintiffs seek to seal the following:

1) A document bearing the Bates number AOL-DEF-00028525 to AOL-DEF-00028531, which Defendants have designated Highly Confidential/Attorney's Eyes Only under the Court's Protective Order;

2) Portions of a document bearing the Bates number AOL-DEF-00851181, which Defendants have designated Highly Confidential/Attorneys' Eyes Only under the Court's Protective Order; and

3) Portions of a document bearing the Bates number AOL-DEF-00263553, which Defendants have designated Confidential under the Court's Protective Order.

Defendants designated these documents as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" under the Protective Order.[2] As a consequence Plaintiffs also seek to seal a limited portion of Plaintiffs' Reply in Support of Their Motion to Enforce the Preliminary Injunction that discusses one of these documents.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is

---

[2] Plaintiffs recognize that the mere fact that a document has been designated as confidential under a protective order is not determinative. *See, e.g.*, *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. 2011) (good cause "cannot be established simply by showing that the document is subject to a protective order" or by stating, in general terms, that "the material is considered to be confidential.").

1   MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

738436474.6

one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet that burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is related to the merits of the case, a party must offer "compelling reasons" to seal particular information. *Id.* at 1096-98.

Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing records exist when such 'court files might . . . become the vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. Therefore, the party seeking to seal documents must "make a particularized showing . . . supported by specific factual findings that outweigh the important public policies favoring disclosure of the document." *Unknown Parties v. Johnson*, 2016 WL 8199309, at *4 (D. Ariz. 2016) (citation omitted). Thus, "blanket claims of privacy or law enforcement [need] are insufficient." *Al Otro Lado, Inc. v. Wolf*, 2020 U.S. Dist. LEXIS 141152, at *10 (S.D. Cal. 2020).

Here, the document and portions of documents that Plaintiffs seek to file under seal would reveal confidential and sensitive information concerning how U.S. Customs and Border Protection ("CBP") deploys resources and its procedures for inspecting, processing, and detaining asylum seekers. Further, the documents contain

2   MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

categories of information that the Court already has ruled should be sealed, such as "the times and frequencies of meetings," "internal memos and communications with the Government of Mexico," and "information related to port capacity." *Al Otro Lado*, 2020 U.S. Dist. LEXIS 141152, at *12-21. Accordingly, Plaintiffs move to seal these materials.

The parties have conferred, and Defendants do not oppose this motion. Therefore, Plaintiffs request that the Court grant this unopposed motion to seal.

Dated: January 12, 2021

    MAYER BROWN LLP
       Matthew H. Marmolejo
       Ori Lev
       Stephen M. Medlock

    SOUTHERN POVERTY LAW CENTER
       Melissa Crow
       Sarah Rich
       Rebecca Cassler

    CENTER FOR CONSTITUTIONAL RIGHTS
       Baher Azmy
       Ghita Schwarz
       Angelo Guisado

    AMERICAN IMMIGRATION COUNCIL
       Karolina Walters

By: */s/ Stephen M. Medlock*
      Stephen M. Medlock

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on January 12, 2021, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*