# EXHIBIT D

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | **GOVERNMENT EXHIBIT 1** |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

Case 3:17-cv-02366-BAS-KSC Document 508-2 Filed 08/06/20 PageID.34614 Page 2 of 9
Case 3:17-cv-02366-BAS-KSC Document 667-5 Filed 07/02/21 PageID.54042 Page 12 of 9

Page 3 of 10

| | |
|---|---|
| **From:** | Caudill-Mirillo, Ashley B |
| **To:** | RAIO - Asylum Field Office Staff; RAIO - Asylum Field Office Managers; RAIO - Asylum HQ |
| **Cc:** | RAIO - Asylum HQ Leadership; RAIO - Executive Leadership; RefugeeAffairsTDY; Johnson, Bobbie L; Wright, Charles E |
| **Subject:** | RE: Updated Guidance on Credible Fear Processing Pursuant to Al Otro Lado Litigation - FOR INTERNAL USE ONLY |
| **Date:** | Monday, March 16, 2020 12:22:37 PM |
| **Attachments:** | Al Otro Lado Processing Guidance for Retrospective_Completed CF cases FINAL 2020-03-14.docx |
| | Not Metered Memo to File 2019-12-19 FINAL.docx |

**FOR INTERNAL USE ONLY**

Colleagues,

The guidance for completed ("retrospective") credible fear cases that have not already been screened for *Al Otro Lado* class membership has been finalized. This guidance applies to cases decided between July 16, 2019 and March 5, 2020 where the IFR Third Country Transit bar was applied and the metering questions have not already been asked. See attached guidance. Beginning today, ICE will be sending lists of approximately 670 individuals total who should be screened for AOL class to your pre-existing local APSO POCs. Individuals or their attorneys may also affirmatively assert *Al Otro Lado* class membership to ICE and/or USCIS. Please begin screening retrospective cases as described above pursuant to the attached guidance.

Please address any questions or concerns to Asylum HQ through your chain of command.

Thanks,
Ashley

Ashley Caudill-Mirillo
Deputy Chief
Asylum Division
Refugee, Asylum, and International Operations
U.S. Citizenship and Immigration Services

---

**From:** Caudill-Mirillo, Ashley B ▮▮▮▮▮▮@uscis.dhs.gov>
**Sent:** Thursday, March 5, 2020 10:57 PM
**To:** RAIO - Asylum Field Office Staff ▮▮▮▮@uscis.dhs.gov>; RAIO - Asylum Field Office Managers ▮▮▮▮▮@uscis.dhs.gov>; RAIO - Asylum HQ ▮▮▮▮▮@uscis.dhs.gov>
**Cc:** RAIO - Asylum HQ Leadership ▮▮▮▮▮@uscis.dhs.gov>; RAIO - Executive Leadership ▮▮▮▮▮@uscis.dhs.gov>; RefugeeAffairsTDY ▮▮▮▮▮@uscis.dhs.gov>; Johnson, Bobbie L ▮▮▮▮▮@uscis.dhs.gov>; Wright, Charles E ▮▮▮▮▮@uscis.dhs.gov>
**Subject:** RE: Updated Guidance on Credible Fear Processing Pursuant to Al Otro Lado Litigation - FOR INTERNAL USE ONLY
**Importance:** High

**FOR INTERNAL USE ONLY**

Dear Colleagues,

On March 5, 2020, the U.S. Court of Appeals for the Ninth Circuit issued the attached order in *Al Otro Lado v. Wolf* (AOL), No. 19-56417 (Mar. 5, 2020), denying the government's request for a stay, and allowing the district court's preliminary injunction to go into effect. The district court's injunction halted the application of the Third Country Transit Asylum Bar IFR, 8 CFR 208.13(c)(4), to individuals who attempted to enter at a POE before July 16, 2019, but were unable to do so because of "metering."

Effective immediately, we must implement the attached *AOL v. Wolf* processing guidance, which includes asking the AOL metering questions to all non-Mexican credible fear applicants. This guidance applies to all prospective cases (*i.e.,* new CF cases that have not been served a decision), and to any decisions already issued on March 5, 2020. Guidance for retrospective cases (*i.e.,* CF determinations served before March 5, 2020), will be provided at a later date.

The focus of these questions is on whether the individual was subject to CBP's queue management practices before July 16, 2019. If after answering these questions, the individual has established that it is more likely than not that he or she was metered before July 16, 2019, then the individual is determined to be an *Al Otro Lado* class member and USCIS <u>cannot</u> apply the Third Country Transit Asylum Bar IFR, and their claims will be assessed under the lower "significant possibility" standard consistent with pre-Third Country Transit Asylum Bar IFR procedures.

Attached please find the relevant guidance (as updated on December 19, 2019 and distributed on 12/21):

1. *Al Otro Lado* Guidance (Outlining New Case Processing) – 12.19.19
2. USCIS Metering Questions - 11.22.19
3. I-870 Annotated - 7.16.19 (updated)
4. Third-Country Transit Bar Worksheet (8 CFR 208.13(c)(4)) – 7.16.19

Please note that the previously updated guidance (dated 12/19/19) requires the following: The metering questions and the individual's responses must be documented in Q&A notes. The asylum officer must orally summarize the individual's responses to the metering questions, ask the individual to confirm the accuracy of the summary, and provide the individual the opportunity to make any corrections. Asylum officers must further document in the Q&A notes that the individual was provided a summary of their responses to the metering questions, was provided the opportunity to make corrections, and confirmed the accuracy of the summary.

Please raise any questions or concerns with this guidance through your chain of command to the Operations and Quality Assurance Branches at Asylum Division Headquarters.

Thanks,

Ashley

Ashley Caudill-Mirillo
Deputy Chief
Asylum Division
Refugee, Asylum, and International Operations
U.S. Citizenship and Immigration Services

**FOR INTERNAL USE ONLY**

---

**From:** Caudill-Mirillo, Ashley B
**Sent:** Sunday, December 29, 2019 3:28 PM
**To:** RAIO - Asylum Field Office Staff <████████@uscis.dhs.gov>; RAIO - Asylum Field Office Managers <████████@uscis.dhs.gov>; RAIO - Asylum HQ <████████@uscis.dhs.gov>
**Cc:** RAIO - Asylum HQ Leadership <████████@uscis.dhs.gov>; RAIO - Executive Leadership <████████@uscis.dhs.gov>; RefugeeAffairsTDY <████████@uscis.dhs.gov>; Johnson, Bobbie L <████████@uscis.dhs.gov>; Wright, Charles E <████████@uscis.dhs.gov>; Mura, Elizabeth E <████████@uscis.dhs.gov>
**Subject:** RE: Updated Guidance on Credible Fear Processing Pursuant to Al Otro Lado Litigation - FOR INTERNAL USE ONLY

**FOR INTERNAL USE ONLY**

Dear Colleagues,

On December 20, 2019, the U.S. Court of Appeals for the Ninth Circuit granted a temporary stay of the district court's injunction in *Al Otro Lado v. Wolf* (AOL), which halted the application of the Third Country Transit Asylum Bar IFR (8 CFR 208.13(c)(4)) to individuals who attempted to enter at a POE before July 16, 2019, but were unable to do so because of "metering."

Effective immediately, DHS must return to pre-AOL preliminary injunction processing (*i.e.*, CF processes before my 11/24/2019 email, titled "Updated Guidance on Credible Fear Processing Pursuant to *Al Otro Lado* Litigation – FOR INTERNAL USE ONLY.)" This guidance will be updated, as needed, in light of the AOL litigation.

For all prospective cases (*i.e.*, new CF cases that have not been served a decision):

1. CF Cases Pending Interview: Asylum officers should <u>NOT</u> follow the 11/24/2019 guidance. For example, do not ask the metering questions, do not update Global with the "no bar – AOL code," and do not update documentation as described in that guidance.
    - If an individual <u>affirmatively asserts</u>, either orally or in writing, that they were metered or are a part of the AOL case, the AO must enter in the Decision Notes, VOLUNTEERED METERED/AOL when completing the Decision card in Global. The AO should then continue to apply the Third Country Transit Asylum Bar IFR, including any relevant exceptions, and follow pre-11/24 processing instructions.

- If an individual <u>does not affirmatively assert</u>, either orally or in writing, that they were metered or are a part of the AOL case, the AO must continue to apply the Third Country Transit Asylum Bar IFR, including any exceptions, and follow pre-11/24 processing instructions.

2. Post-Interview CF Cases Pending Decision/Service (metering questions already asked):

    - If an AO found that the individual met the provisional class definition prior to service, the AO should enter in the Decision Notes, POTENTIAL METERED/AOL. However, the AO should apply the Third Country Transit Asylum Bar IFR, including any exceptions, and follow pre-11/24 processing instructions. In addition, retain the USCIS Metering questions in the A-file.

    - If an AO found that the individual <u>did not</u> meet the provisional class definition prior to service, the AO should enter in the Decision Notes, NOT METERED. The AO should apply the Third Country Transit Asylum Bar IFR, including any exceptions, and follow pre-11/24 processing instructions. In addition, retain the USCIS Metering questions in the A-file.

For retrospective cases (*i.e.,* previously served CF cases):

1. Do not schedule these individuals, who were previously served CF determinations, for additional metering screening until further notice.

Please raise any questions or concerns with this guidance through your chain of command to the Operations Branch at Asylum Division Headquarters.

Thanks,
Ashley

**FOR INTERNAL USE ONLY**

---

**From:** Caudill-Mirillo, Ashley B
**Sent:** Saturday, December 21, 2019 1:59 PM
**To:** RAIO - Asylum Field Office Staff <████████@uscis.dhs.gov>; RAIO - Asylum Field Office Managers <████████@uscis.dhs.gov>; RAIO - Asylum HQ <████████@uscis.dhs.gov>
**Cc:** RAIO - Asylum HQ Leadership <████████@uscis.dhs.gov>; RAIO - Executive Leadership <████████@uscis.dhs.gov>; RefugeeAffairsTDY <████████@uscis.dhs.gov>; Johnson, Bobbie L <████████@uscis.dhs.gov>; Wright, Charles E <████████@uscis.dhs.gov>; Mura, Elizabeth E <████████@uscis.dhs.gov>
**Subject:** RE: Updated Guidance on Credible Fear Processing Pursuant to Al Otro Lado Litigation - FOR INTERNAL USE ONLY

**FOR INTERNAL USE ONLY**

Dear colleagues,

Please see the attached *AOL v. Wolf* processing guidance for immediate implementation. First, the

Case 3:17-cv-02366-BAS-KSC Document 508-2 Filed 08/06/20 PageID.46318 Page 6 of 9
Case 3:17-cv-02366-BAS-KSC Document 667-5 Filed 07/03/21 PageID.54613 Page 6 of 9
Page 7 of 10

guidance for new ("prospective") credible fear cases has been updated. See attached guidance updated December 19, 2019. The updates include: The metering questions and the individual's responses must be documented in Q&A notes. The asylum officer must orally summarize the individual's responses to the metering questions, ask the individual to confirm the accuracy of the summary, and provide the individual the opportunity to make any corrections. Asylum officers must further document in the Q&A notes that the individual was provided a summary of their responses to the metering questions, was provided the opportunity to make corrections, and confirmed the accuracy of the summary.

Second, guidance for completed ("retrospective") credible fear cases that have not already been screened for *Al Otro Lado* class membership has been finalized. See attached guidance. We are also attaching ICE's preliminary master list of individuals who should be screened for AOL class membership for your reference. The password will follow under a separate subject heading. ICE will be updating this list and we will provide it when it's available. Please begin screening retrospective cases referred to you by ICE pursuant to the attached guidance.

Please address any questions or concerns to Asylum HQ through your chain of command.

Thanks,
Ashley

Ashley Caudill-Mirillo
Deputy Chief
Asylum Division
Refugee, Asylum and International Operations
U.S. Citizenship and Immigration Services

**FOR INTERNAL USE ONLY**

---

**From:** Mura, Elizabeth E <​@uscis.dhs.gov>
**Sent:** Tuesday, November 26, 2019 10:17 AM
**To:** Caudill-Mirillo, Ashley B <​@uscis.dhs.gov>; RAIO - Asylum Field Office Staff <​@uscis.dhs.gov>; RAIO - Asylum Field Office Managers <​@uscis.dhs.gov>; RAIO - Asylum HQ <​@uscis.dhs.gov>
**Cc:** RAIO - Asylum HQ Leadership <​@uscis.dhs.gov>; RAIO - Executive Leadership <​@uscis.dhs.gov>; RefugeeAffairsTDY <​@uscis.dhs.gov>
**Subject:** RE: Updated Guidance on Credible Fear Processing Pursuant to Al Otro Lado Litigation - FOR INTERNAL USE ONLY
**Importance:** High

**FOR INTERNAL USE ONLY**

Good morning,

Please see the following guidance from OCC for immediate implementation addressing how to handle cases of individuals who were interviewed on or after 11/20/19 and would have the bar applied, but who have not yet been served with a screening determination.



Please address any questions or concerns to Asylum HQ through your chain of command to Asylum HQ.

Thanks,
Beth

**FOR INTERNAL USE ONLY**

Elizabeth E. Mura
Operations Branch Chief - Asylum Division
Refugee, Asylum and International Operations Directorate
Dept. of Homeland Security/U.S. Citizenship & Immigration Services
@uscis.dhs.gov
Desk:
Mobile:

---

**From:** Caudill-Mirillo, Ashley B @uscis.dhs.gov>
**Sent:** Sunday, November 24, 2019 9:26 PM
**To:** RAIO - Asylum Field Office Staff @uscis.dhs.gov>; RAIO - Asylum Field Office Managers @uscis.dhs.gov>; RAIO - Asylum HQ @uscis.dhs.gov>
**Cc:** RAIO - Asylum HQ Leadership @uscis.dhs.gov>; RAIO - Executive Leadership @uscis.dhs.gov>; RefugeeAffairsTDY @uscis.dhs.gov>
**Subject:** Updated Guidance on Credible Fear Processing Pursuant to Al Otro Lado Litigation - FOR INTERNAL USE ONLY

**FOR INTERNAL USE ONLY**

Dear Colleagues,

On November 19th, the U.S. District Court for the Southern District of California issued an

order granting provisional class certification and a preliminary injunction in *Al Otro Lado v. Wolf*, a lawsuit that seeks to prevent DHS from applying the Third Country Transit Asylum bar to individuals who attempted to enter at a POE before July 16, 2019, but were unable to do so due to the CBP queue management practice known as "metering."

The Court's order is attached, and the pertinent language is copied below:

> For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Provisional Class Certification (ECF No. 293). The Court provisionally certifies a class consisting of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process."
>
> Furthermore, the Court **GRANTS** Plaintiffs' Motion for a Preliminary Injunction (ECF No. 294) and orders the following: Defendants are hereby **ENJOINED** from applying the Asylum Ban to members of the aforementioned provisionally certified class and **ORDERED** to return to the pre-Asylum Ban practices for processing the asylum applications of members of the certified class.
>
> **IT IS SO ORDERED.**

To comply with this order, asylum officers must immediately use the attached list of questions when conducting credible fear interviews for non-Mexican nationals. Consistent with the provisional class defined above, the focus of these questions is on whether the individual was subject to CBP's queue management practices before 7/16/19.

If, after answering these questions, the individual has established that it is more likely than not that he or she was metered before 7/16/19, then the individual is determined to be an *Al Otro Lado* class member and USCIS <u>cannot</u> apply the Third Country Transit Asylum Bar IFR, and their claims will be assessed under the lower "significant possibility" standard consistent with pre-Third Country Transit Asylum Bar IFR procedures.

As this order is effective immediately, asylum officers must be given time to review the attached guidance before conducting a credible fear interview of a non-Mexican national. The attached files include:
1. *Al Otro Lado* Guidance (Outlining Case Processing)
2. Al Otro Lado Court Order
3. USCIS Metering Questions
4. I-870 Annotated
5. Third-Country Transit Bar Worksheet (8 CFR 208.13(c)(4))

Additional guidance will be shared as soon as it is available. Please direct any questions or concerns to HQ Asylum through your chain of command.

Sincerely,
Ashley Caudill-Mirillo

**FOR INTERNAL USE ONLY**

Ashley Caudill-Mirillo
Deputy Chief
Asylum Division
Refugee, Asylum, and International Operations