BRIAN BOYNTON
Acting Assistant Attorney General,
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DAVID PEKOSKE[1], Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br> **JOINT MOTION TO CONVERT TEMPORARY RESTRAINING ORDER [ECF No. 671] TO PRELIMINARY INJUNCTION** |

---

[1] Acting Secretary Pekoske is automatically substituted as Defendant for former Acting Secretary Gaynor under Federal Rule of Civil Procedure 25(d).

The parties, through counsel, hereby submit that the Court may convert the Temporary Restraining Order issued on January 18, 2021 (ECF No. 671) ("Temporary Restraining Order"), to a preliminary injunction without further argument or briefing, and accordingly respectfully request that the Court vacate the oral argument currently scheduled for February 3, 2020 in this matter. In making this request, Defendants do not waive their right to appeal the order granting preliminary injunctive relief. Should the Court request oral argument despite the parties' agreement, the parties will be prepared to address any issues the Court believes are outstanding.

In support of this request, the parties state as follows:

On November 19, 2019, this Court provisionally certified a class of individuals for purposes of preliminary-injunctive relief enjoining Defendants from applying an interim final rule, "Asylum Eligibility and Procedural Modifications" (the IFR), published at 84 Fed. Reg. 33,829 (July 16, 2019). *See* PI Order (ECF No. 330). The provisional class was defined as "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process." *Id.* at 36.

On December 17, 2020, the Department of Justice (DOJ) and the Department of Homeland Security (DHS) published a joint final rule, "Asylum Eligibility and Procedural Modifications" (The Final Transit Rule), that modified and addressed comments and concerns related to the prior IFR. *See* 85 Fed. Reg. 82,260 (Dec. 17, 2020).

On January 6, 2021, Plaintiffs moved for a temporary restraining order, seeking to restrain application of the Final Transit Rule to the provisional class, and sought an expedited briefing schedule. *See* ECF Nos. 658 (TRO Motion), 659 (*ex parte* application to shorten briefing schedule). On January 8, 2021, the Court set an expedited briefing schedule, requiring Defendants to submit a response to the TRO

Motion by January 15, 2021. ECF No. 661.

Defendants submitted their response in opposition to Plaintiffs' TRO Motion on January 13, 2021. ECF No. 667. Plaintiffs filed a reply brief on January 15, 2021. ECF No. 670.

On January 18, 2021, this Court issued the Temporary Restraining Order, temporarily enjoining Defendants "and any other federal officials and personnel involved in the asylum and/or removal process" from applying the Final Transit Rule to the provisional class. *See* Temporary Restraining Order at 10. The Court set a telephonic oral argument for February 3, 2021, and stated that the Temporary Restraining Order would remain in effect until that date. *Id.*

Defendants consent to the conversion of the Temporary Restraining Order to a preliminary injunction, solely to promote efficiency and preserve judicial and party resources. As the Court noted, the standards for obtaining a temporary restraining order and preliminary injunction are the same. Temporary Restraining Order at 6; *see also Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010). Defendants submitted briefing on the preliminary-injunction factors and other issues raised by Plaintiffs' TRO Motion, and do not intend to make additional arguments. Further, the Temporary Restraining Order already goes beyond the 14-day period that Federal Rule of Civil Procedure 65 sets for temporary restraining orders issued without notice. Accordingly, the Court's Temporary Restraining Order can function procedurally as a preliminary injunction and be converted to a preliminary injunction without further briefing or argument. *See, e.g.*, *The North Face Apparel Corp. v. TC Fashions, Inc.* No. 05-CIV-9083 (RMB), 2006 WL 838993, at *2, 7 (S.D.N.Y. Mar. 30, 2006) (converting temporary restraining order to preliminary injunction upon defendants' consent); *Pangea Legal Servs. v. DHS*, No. 20-cv-7721, ECF No. 74 (N.D. Cal. Nov. 24, 2020) (same); *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1075 (S.D. Cal. 2019) ("[T]he

1 normal framework for a TRO doesn't apply here because AzurEngine is aware of the
2 action and has had chance to submit briefing in opposition.").
3     Defendants' agreement to conversion of the Temporary Restraining Order to
4 a preliminary injunction is based on the specific circumstances of this case, does not
5 represent Defendants' agreement with or consent to the holdings set forth in the
6 Temporary Restraining Order, and is without waiver of Defendants' right to appeal
7 any and all aspects of the Temporary Restraining Order as converted to a preliminary
8 injunction.
9     Furthermore, Plaintiffs agree to the conversion of the Temporary Restraining
10 Order to a preliminary injunction and submit that preliminary injunctive relief is
11 warranted under Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651, and for the
12 reasons explained in their briefing on the Temporary Restraining Order.
13     Based on the foregoing, the parties request that the Court convert the
14 Temporary Restraining Order to a preliminary injunction and vacate the oral
15 argument currently scheduled for February 3, 2020 in this matter.
16 //
17 //

| | |
|---|---|
| Dated: January 29, 2021 | Respectfully Submitted, |
| | BRIAN BOYNTON<br>Acting Assistant Attorney General,<br>Civil Division |
| | WILLIAM C. PEACHEY<br>Director, Office of Immigration Litigation –<br>District Court Section |
| | */s/ Katherine J. Shinners*<br>KATHERINE J. SHINNERS<br>Senior Litigation Counsel<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 598-8259 \| Fax: (202) 305-7000<br>katherine.j.shinners@usdoj.gov |
| | ALEXANDER J. HALASKA<br>DHRUMAN Y. SAMPAT<br>Trial Attorneys |
| | *Counsel for Defendants* |
| Dated: January 29, 2021 | MAYER BROWN LLP<br>    Matthew H. Marmolejo<br>    Ori Lev<br>    Stephen M. Medlock |
| | SOUTHERN POVERTY LAW CENTER<br>    Melissa Crow<br>    Sarah Rich<br>    Rebecca Cassler |
| | CENTER FOR CONSTITUTIONAL |

RIGHTS
   Baher Azmy
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters


By: */s/ Stephen M. Medlock*
    Stephen M. Medlock
*Attorneys for Plaintiffs*