BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
ALEXANDER J. HALASKA (IL 6327002)
DHRUMAN Y. SAMPAT(NJ 270892018)
Trial Attorneys

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL EXHIBITS TO AND A PORTION OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO ENFORCE PRELIMINARY INJUNCTION** |
| DAVID PEKOSKE, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

# INTRODUCTION

Defendants hereby respond in support of Plaintiffs' Motion to Seal Exhibits to and a Portion of Plaintiffs' Reply in Support of Their Motion to Enforce Preliminary Injunction ("Plaintiffs' MTE Reply"). ECF No. 663. For the reasons discussed in Plaintiffs' Motion to Seal and in this Response in Support, Defendants join Plaintiffs' request to redact and seal all or portions of Exhibits 1-3 to Plaintiffs' Reply in Support of Their Motion to Enforce.

Specifically, Defendants submit additional argument and facts supporting the sealing of the following exhibits/portions thereof, as well as the information derived therefrom and described and/or referenced in Plaintiffs' reply brief:

1) The entire document bearing the Bates number AOL-DEF-00028525 to AOL-DEF-00028531, at Plaintiffs' MTE Reply Exhibit 1, which contains detailed intelligence and communications from foreign governments concerning migration efforts; detailed and sensitive information about law enforcement operations and vulnerabilities, including specific operational planning and interdepartmental coordination and support to address an anticipated migration surge; and private employee contact information;

2) The portions of the document bearing the Bates number AOL-DEF-00851181, at Plaintiffs' MTE Reply Exhibit 2, that contain employee contact and information, the names of individuals not party to this suit, and the number of individuals who were approaching the Nogales port of entry; and

3) The portions of the document bearing the Bates number AOL-DEF-00263553, at Plaintiffs' MTE Reply Exhibit 3, that contain employee contact information and the names of individuals not party to this suit.

As the Court largely determined in its August 6, 2020 Order (ECF No. 510) ("Sealing Order"), and its October 30, 2020 Order ("October Order") (ECF No. 605), there are compelling reasons to seal the confidential information contained in these exhibits, as well as any portions of the parties' briefs that discuss or rely on them.

1  The sensitive law enforcement information and communications which the parties
2  are seeking to seal include information about operations of land ports of entry that
3  would expose vulnerabilities of those ports and threaten their integrity and security.
4  Public release of such information would also have a chilling effect on open com-
5  munications within the government and with foreign governments, and would fur-
6  ther compromise the ports' operations and expose ports to higher risk of criminal
7  activity—such as drug and weapons trafficking—which in turn would threaten the
8  public health and safety of the United States.  These documents also contain private
9  or sensitive information concerning employees, agency officials, and other individ-
10 uals not party to this suit that, if disclosed, would compromise their privacy interests
11 and potentially threaten their own safety or the security of the agency. These docu-
12 ments also contain communications with foreign governments that, if disclosed,
13 would chill international cooperation.

## ARGUMENT

15 While Defendants acknowledge the presumptive right of access to court rec-
16 ords based upon common law and First Amendment grounds, *see, e.g.*, *Nixon v.*
17 *Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd*
18 *v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Defendants agree with
19 Plaintiffs that the above-listed material should be filed under seal.

20 The presumption of access is "based on the need for federal courts . . . to have
21 a measure of accountability and for the public to have confidence in the administra-
22 tion of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th
23 Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).
24 Thus, when the documents to be protected are "more than tangentially related to the
25 merits," parties must show compelling reasons to keep those documents sealed.
26 *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety*, 809 F.3d 1092, 1096–
27 98); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL
28 3629945, at *2 (S.D. Cal. July 31, 2018). Compelling reasons include "when []

'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In certain circumstances, courts have allowed the *government* to file under seal material that contains confidential and sensitive government information that might endanger or undermine law enforcement's activities . . . where the government identifies the particular harm that may result from the specific disclosure." *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *3 (N.D. Cal. June 30, 2015) (internal citations omitted; emphasis in original); *see Hesterberg v. United States*, No. C-13-01265 JSC, 2013 WL 6057068, at *2 (N.D. Cal. Nov. 15, 2013) (finding compelling reasons to seal portions of documents that could "empower criminal suspects who come in contact with . . . officers because they will be able to predict the officer's actions."). As shown below, Defendants' request to file law enforcement sensitive materials under seal satisfies the "compelling reasons" standard. Defendants have provided specific information regarding the harm that could occur if the information were to be disclosed. *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *1 (N.D. Cal. Mar. 14, 2019). The public interest in the information at issue is far outweighed by the interest in confidentiality. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

**A. The Court Should Seal Sensitive Information Concerning Foreign Intelligence and Port Vulnerabilities Contained in Reply Exhibits 1 and 2.**

The following Exhibits to Plaintiffs' MTE Reply contain sensitive foreign intelligence concerning migration efforts and information about operational actions and responses across the border, the details of which reveal operational vulnerabilities, and warrant sealing: MTE Reply Ex. 1, AOL-DEF-00028525-31 and MTE Reply Ex. 2, AOL-DEF-00851181.

For the reasons stated in the Court's prior Sealing Order (ECF 510), and set

forth in the April 28, 2020 Declaration of Eric Moncayo, Acting Assistant Commissioner, Office of International Affairs, Operations Support ("Moncayo Decl."), attached hereto as Exhibit A, and the April 27, 2020 Declaration of Aaron Heitke, Chief Patrol Agent, San Diego Sector ("Heitke Decl."), attached hereto as Exhibit B, compelling reasons support the request to seal the information contained in the above-listed Exhibits attached to Plaintiffs' MTE Reply, and the portions of the parties' briefs that cite them. Further, the harm to border security and CBP operations that could result from disclosure of this type of sensitive information is also discussed in the November 30, 2020 Declaration of Joseph Draganac, Deputy Executive Director, Operations, Office of Field Operations (OFO) ("Draganac Decl."), attached hereto as Exhibit C, and the September 4, 2020 Declaration of Vernon Foret, Executive Director for Operations, Office of Field Operations (OFO) ("Foret Decl."), attached hereto as Exhibit D.

   Plaintiffs' MTE Reply Exhibit 1 contains intelligence obtained from foreign governments concerning the numbers of migrants potentially traveling to the United States, *see* MTE Reply Ex. 1 at 526-30, and the progress of a migrant caravan, *see* MTE Reply Ex. 1 at 527-29. This Court has already granted the government's request to seal similar documents relating to the migrant caravan and CBP's communications with the Mexican government, recognizing the "importance of confidentiality to both the U.S. Government and the Government of Mexico concerning migration efforts." *See* Sealing Order at 10-11. Further, as explained in the Moncayo declaration, information like that contained in this exhibit is compiled based on information from foreign law enforcement partners and other partners with situational awareness. Moncayo Decl. ¶ 4. Updates like these that "contain a discussion of specific actions taken by both domestic and foreign law enforcement related to the activities of interest" should not be publicly disclosed, as it would "reveal the extent of law enforcement interest into the activities." *Id.* ¶ 5. They pro-

vide a snapshot of "potential areas of concern to law enforcement and other government officials, law enforcement's priorities and the priorities of other government officials, and the relative resources devoted to these priorities," that would permit individuals to alter their behavior and evade law enforcement activity. *Id.* ¶ 6. Public disclosure would also chill law enforcement partners and foreign governments' willingness to share information with CBP. *Id.* ¶ 8.

Plaintiffs' MTE Reply Exhibit 1 also contains a detailed report of actions taken in response to planning for the migrant caravan in February 2019 and operational vulnerabilities at the ports of entry. *See generally* MTE Reply Ex. 1. The communication includes specific information about CBP apprehensions both at and between the ports of entry, tactics and the locations of law enforcement officials, and the number of individuals associated with the migrant caravan encountered in various locations. *See* MTE Reply Ex. 1 at 528-30. "If this information were to be publicly filed, hostile actors seeking to enter the United States between ports of entry, seeking to lead others to do so, or seeking to stage or participate in a mass incursion at or between ports of entry, would know where [C]BP has been the most occupied … and how individuals may have avoided apprehension." *See* Heitke Decl. ¶ 17. Additionally, Exhibit 1 contains a discussion of the law enforcement techniques of CBP's Area Command as well as the role of the Department of Defense in providing assistance to CBP. *See* MTE Reply Ex. 1 at 525-31. The revelation of this information would allow subjects wishing to avoid apprehension to change their behavior and circumvent enforcement operations. *See* Heitke Decl. ¶ 18 (explaining why U.S. Border Patrol intelligence-gathering and operational areas of focus should be protected from public disclosure). Disclosure of these increased enforcement actions and various operational vulnerabilities "would permit hostile actors to allocate their resources *away* from these ports of entry that had more enforcement actions and towards other ports that may be perceived as being easier to successfully penetrate." Draganac Decl. ¶ 6. There thus exist compelling reasons to

seal the entirety of Plaintiffs' MTE Reply Exhibit 1.

Finally, Plaintiffs' MTE Reply Exhibit 2 contains information regarding the number of Cuban migrants approaching the Nogales port of entry that would trigger certain actions by the port such as increased security or increased staffing. *See* MTE Reply Ex. 2 at 181. Disclosure of such port vulnerabilities related to a port's capacity to ensure a safe and secure international border and sensitive information about their limit line staffing and operations would allow hostile actors to exploit those vulnerabilities and "jeopardize officer safety and the safety of travelers approaching the limit line." Foret Decl. ¶ 22. These exhibits thus contain, in whole or in part, sensitive information that warrants sealing.

### B. The Court Should Seal Sensitive Employee and Non-Party Information.

As permitted in the Court's prior Sealing Order (ECF No. 510, at p. 21), as well as in the Court's October 30, 2020 Order grating in part and denying in part Plaintiffs' Motion to Seal (ECF 605), the Court should also seal government employee email addresses and other personal information, as well as the names of non-party individuals, the disclosure of which would raise genuine privacy and security concerns: MTE Reply Ex. 1, AOL-DEF-00028525-31; MTE Reply Ex. 2, AOL-DEF-00851181; MTE Reply Ex. 3, AOL-DEF-00263553.

As detailed in the February 11, 2020 Buckley Declaration ("Buckley Decl."), the Director of Security and Technology Division at CBP, which is attached hereto as Exhibit E, there are genuine security concerns regarding the disclosure of CBP employees' email addresses, including "significant cyber security threats to both the individual employee and CBP as a whole."  Buckley Decl.¶¶ 3-5. These security threats are not hypothetical.  Buckley Decl. ¶¶ 6-8. Indeed, the Court has already found these reasons compelling and has allowed Defendants to seal the personal and work email address and other contact information of CBP employees to the extent that they appear in any of the exhibits. *See* Sealing Order at 21. The Court should thus permit the sealing of government employee contact information to protect the

1 privacy of employees and the security of agency operations.

2 Further, the Court should permit the sealing of identifying information of non-parties to this suit, such as the shelter coordinators and other officials communicating with the port identified in MTE Reply Ex. 2 (name of the Nogales shelter coordinator and a "spokesperson" for a group of migrants), and MTE Reply Ex. 3 (name of INAMI officer communicating with the port of entry). In its October 30, 2020 Order on Plaintiffs' Motion to Seal their preliminary injunction papers and on Defendants' Response in support of the motion, the Court allowed Defendants "to redact the names of the State Department and other non-party contact to maintain their privacy." ECF No. 605 at p. 24. Thus, in addition to the reasons provided above for sealing CBP employees' addresses, this Court's prior Order supports sealing this information. *Id.* Defendants respectfully request to seal the names of non-party individuals due to the risks to their privacy and safety.

## CONCLUSION

This Court should grant Plaintiffs' Motion to Seal Exhibits to and a Portion of Plaintiffs' reply in Support of their Motion to Enforce Preliminary Injunction because compelling reasons exist to protect the sensitive material described herein from public disclosure.

Dated: February 1, 2021            Respectfully submitted,

                                   BRIAN M. BOYNTON
                                   Acting Assistant Attorney General
                                   Civil Division

                                   WILLIAM C. PEACHEY
                                   Director

                                   */s/ Katherine J. Shinners*
                                   KATHERINE J. SHINNERS
                                   Senior Litigation Counsel
                                   U.S. Department of Justice

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

No. 17-cv-02366-BAS-KSC

      I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: February 1, 2021        Respectfully submitted,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section

*Counsel for Defendants*