**MAYER BROWN LLP**
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

**SOUTHERN POVERTY LAW CENTER**
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO SEAL EXHIBITS IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION FOR DISCOVERY CONCERNING COMPLIANCE WITH PRELIMINARY INJUNCTION** |
| v. | |
| Alejandro Mayorkas,[1] *et al.*, | |
| Defendants. | |

---

[1] Secretary Mayorkas is automatically substituted for former Acting Secretary Wolf pursuant to Fed. R. Civ. P. 25(d).

740093474.1

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file limited portions of four exhibits in support of their Expedited Motion for Discovery Concerning Compliance with Preliminary Injunction ("Motion for Discovery") under seal, in order to protect confidential and personally identifying information contained in those documents from public disclosure.

As is explained in in the accompanying Declaration of Stephen M. Medlock, the references that Plaintiffs move to seal consist of limited portions of three declarations to the Motion for Discovery. Plaintiffs seek to seal the following:

1. The potential Preliminary Injunction Class Members' names, found in full in paragraphs 5, 14 and 25 of Exhibit 1 (Declaration of Rebecca Cassler),[2] paragraphs 6, 7, 8, and 9 of Exhibit 2 (Declaration of Katrina Huber); and paragraph 2 of Exhibit 3 (Declaration of Cindy Escoto);

2. The potential Preliminary Injunction Class Members' Alien Registration Numbers ("A-Number"), in paragraphs 5, 14 and 25 of Exhibit 1 and paragraphs 6, 7, 8, and 9 of Exhibit 2; and

3. Details about various potential Preliminary Injunction Class Members' immigration cases, shared with Plaintiffs' Counsel by Defendants' Counsel and subject to the existing Protective Order, *see* Dkt 276, and found in paragraphs 22-23, 27, 29-33, and 38-39 of Exhibit 1.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

---

[2] "Exhibit" refers to Exhibits to the Declaration of Stephen M. Medlock in Support of the Motion for Discovery.

1   MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

740093474.1

2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet that burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is related to the merits of the case, a party must offer "compelling reasons" to seal particular information. *Id.* at 1096-98.

Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing records exist when such 'court files might . . . become the vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179. Therefore, the party seeking to seal documents must "make a particularized showing . . . supported by specific factual findings that outweigh the important public policies favoring disclosure of the document." *Unknown Parties v. Johnson*, 2016 WL 8199309, at *4 (D. Ariz. 2016) (citation omitted). Thus, "blanket claims of privacy or law enforcement [need] are insufficient." *Al Otro Lado, Inc. v. Wolf*, 2020 U.S. Dist. LEXIS 141152, at *10 (S.D. Cal. 2020).

Here, the portions of the documents that Plaintiffs seek to file under seal would reveal confidential and personally-identifying information of potential Preliminary Injunction ("PI") class members who are seeking asylum. Further, the identifying information has no bearing on the merits of the action, and the proposed redactions are narrowly tailored to only the name, A-Number, and other personally-identifying information of the potential PI class members. *Gonzalez v. Barr*, No. 18-CV-01869-JSC, 2020 WL 3402227, at *10 (N.D. Cal. June 19, 2020) ("Compelling reasons

justify sealing that identifying information because the information has no bearing on the merits of this action, and the public's interest in the identities of class members is minimal to non-existent and outweighed by the risk of harm to those individuals given that many are seeking asylum."); *see also* Dkt. 605 at 23-24 ("The Court has previously allowed targeted redactions for this purpose and adopts the same reasoning to allow the parties to do so here."); Dkt. 607 at 14 (directing the parties to redact a PI class member's name, date of birth, family member details, and details regarding experiences in her home country).  Accordingly, Plaintiffs move to seal these materials.

The parties have conferred, and Defendants do not oppose this motion. Therefore, Plaintiffs request that the Court grant this unopposed motion to seal.

Dated: February 16, 2021

        MAYER BROWN LLP
         Matthew H. Marmolejo
         Ori Lev
         Stephen M. Medlock

        SOUTHERN POVERTY LAW CENTER
         Melissa Crow
         Sarah Rich
         Rebecca Cassler

        CENTER FOR CONSTITUTIONAL RIGHTS
         Baher Azmy
         Angelo Guisado

        AMERICAN IMMIGRATION COUNCIL
         Karolina Walters

       By: */s/ Ori Lev*
         Ori Lev

       *Attorneys for Plaintiffs*

3  MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4     MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

## **CERTIFICATE OF SERVICE**

I certify that on February 16, 2021, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Ori Lev*

*Counsel for Plaintiffs*