MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006
Telephone:   +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Alejandro Mayorkas,[1] *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br><br> **PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING ASYLUM INFORMATION OF POTENTIAL PRELIMINARY-INJUNCTION CLASS MEMBERS** <br><br> *Declaration of Ori Lev Filed Concurrently* |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

## APPLICATION FOR LEAVE TO FILE SUR-REPLY

Pursuant to Paragraphs 4.F and 6 of this Court's Standing Order for Civil Cases, Plaintiffs hereby seek leave to file a Sur-Reply in Further Opposition to Defendants' Motion for Protective Order Concerning Asylum Information of Potential Preliminary-Injunction Class Members (Dkt. 647). "A decision to grant or deny leave to file a sur-reply is generally committed to the 'sound discretion' of the court." *Mendell v. Am. Med. Response, Inc.*, 2021 WL 347690, at *5 (S.D. Cal. 2021) (Bashant, J., permitting sur-reply). "A court may permit a sur-reply 'in the interest of fairness' even where the 'reply brief [is] largely responsive to issues raised by [the opposing party] in its opposition' brief." *Id.* (quoting *Sherman v. Yahoo! Inc.*, 2015 WL 5604400, at *3 (S.D. Cal. Sept. 23, 2015)).[2]

Defendants' reply seeks to defend the provision of their proposed protective order that would require Plaintiffs to obtain a written privacy waiver from every individual whose information is at issue before sharing such information further. In this regard, Defendants' reply brief asserts that "[w]hile Plaintiffs cite to some practical difficulties in locating class members and to [sic] communicating with class members in detention under pandemic conditions, *they do not provide concrete examples of why the proposed protective order's terms are an actual hindrance to assisting class members*." Dkt. 662 at 5 (emphasis added).

Plaintiffs seek leave to file a sur-reply to provide just such a concrete example. After a family member of a potential PI class member[3] reached out to Plaintiffs' counsel, the government refused to share any information regarding the potential PI

---

[2] Plaintiffs acknowledge that "proposed surreplies are strongly discouraged absent exigent circumstances." *Am. GNC Corp. v. LG Elecs., Inc.*, 2018 WL 400346, at *2 n.1 (S.D. Cal. 2018). For that reason, Plaintiffs have refrained from seeking leave to file a sur-reply in other briefing before this Court. However, Plaintiffs believe that because the evidence cited in their proposed sur-reply only became available after the government filed its reply, and directly undermines one of the government's arguments for a protective order set forth for the first time in the government's reply, a sur-reply is warranted in this instance.

[3] A "PI class member" is a member of the class this Court certified in connection with its November 2019 preliminary injunction ruling.

class member without a written privacy waiver. Plaintiffs made repeated efforts to contact that individual but were unable to do so because the government detention facility where he is detained did not answer the phone or return calls. The proposed sur-reply describes these facts in greater detail. The "interests of fairness" support leave to file the sur-reply so that the Court may consider this evidence in deciding the pending Motion for Protective Order. *Mendell*, 2021 WL 347690, at *5.

Dated: February 18, 2021

    MAYER BROWN LLP
        Matthew H. Marmolejo
        Ori Lev
        Stephen M. Medlock

    SOUTHERN POVERTY LAW CENTER
        Melissa Crow
        Sarah Rich
        Rebecca Cassler

    CENTER FOR CONSTITUTIONAL RIGHTS
        Baher Azmy
        Angelo Guisado

    AMERICAN IMMIGRATION COUNCIL
        Karolina Walters

By: */s/ Ori Lev*
    Ori Lev

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: February 18, 2021         MAYER BROWN LLP

By */s/ Ori Lev*