SARAH HARRINGTON
Deputy Assistant Attorney General
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
(San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO SHORTEN THE BRIEFING SCHEDULE FOR THEIR MOTION FOR LEAVE TO TAKE DISCOVERY** |
| ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*, in their official capacities,* | |
| *Defendants*. | |

---

* Under Federal Rule of Civil Procedure 25(d), Secretary Alejandro Mayorkas is automatically substituted as a Defendant for former Acting Secretary Pekoske, Commissioner Troy Miller is automatically substituted for former Acting Commissioner Morgan, and Executive Assistant Commissioner William A. Ferrara is automatically substituted for former Executive Assistant Commissioner Owen.

## OPPOSITION TO *EX PARTE* APPLICATION

Defendants hereby oppose Plaintiffs' "*Ex Parte* Application to Shorten the Briefing Schedule for Their Motion For Discovery Concerning Compliance with Preliminary Injunction" (ECF No. 681) (hereinafter Appl.). Plaintiffs ask the Court to order Defendants and various non-party respondents to respond within a mere seven days to their lengthy motion seeking leave to take discovery (ECF No. 680) (the "discovery motion"). That discovery motion alleges that the government has not complied with a Court order, and it asks for permission to engage in costly, burdensome, and time-consuming discovery that thus has serious consequences for the implicated government agencies and, if granted, will only serve to detract from the government's ongoing efforts to implement and comply with the Court's preliminary-injunction orders. Plaintiffs' one-page application makes no real attempt to explain why expedited briefing on their discovery motion is necessary. Accordingly, Plaintiffs have not justified a departure from the standard briefing schedule, under which Defendants' opposition to the discovery motion would be due March 8, 2021.

The Court should deny expedited briefing. First, there is no emergency. Plaintiffs could have—and still can—more quickly obtain information about class members without seeking discovery, let alone without expedited treatment for their discovery motion. Defendants have proposed reasonable approaches to facilitate information-sharing that would get Plaintiffs this information sooner. But Plaintiffs have repeatedly declined Defendants' offer to ask the Court to enter a conditional protective order pending resolution of the parties' dispute over the appropriate conditions for sharing individuals' asylum information with third parties. And despite requesting expedited briefing here, Plaintiffs have not asked this Court to expedite a decision on their pending motion to enforce or on Defendants' motion for entry of a proposed protective order, which would more directly address the concerns Plaintiffs raise in their discovery motion. Finally, Plaintiffs could have avoided seeking expedited briefing on their discovery motion simply by filing their discovery motion

sooner or by agreeing to forego the filing of a reply in further support of their motion. Plaintiffs engaged in telephone conferences and emails with Defendants over the preceding two weeks and never once expressed an intent to seek expedited briefing on their discovery motion until the afternoon of the day they filed that motion.

Further, the truncated schedule Plaintiffs request is highly prejudicial to Defendants because an adequate response to the discovery motion requires refutation of allegations of non-compliance with this Court's orders and the synthesis of a great deal of information pertaining to numerous government components. Seven days is insufficient to accomplish this, particularly given the government's other litigation responsibilities.

Nor do Plaintiffs point to irreparable harm that would be avoided by entering the particular briefing schedule they request. Plaintiffs allege that "15 individuals" are slated for removal once their stays of removal expire, but Defendants have never represented that these individuals are slated for removal "as soon as their temporary stays of removal" are lifted, and Plaintiffs' own evidence refutes that assertion. *See* Pls.' Discovery Mot. Ex. 2 (ECF No. 680-4) ¶ 11 (asserting that some of the individuals "have since been released" from immigration detention). Moreover, Plaintiffs do not explain the connection between the relief they seek in this discovery motion and the removal status of these "15 individuals," nor have they asked the government to extend any of these individuals' stays of removal pending further investigation or litigation. Accordingly, Plaintiffs have not substantiated any claim of harm that would be addressed by expediting the briefing on this discovery motion.

For these reasons, Plaintiffs fall short of satisfying the high standard for *ex parte* relief. If, however, the Court is inclined to depart from the standard briefing schedule for Plaintiffs' discovery motion, Defendants respectfully request that the Court provide Defendants with a minimum of 14 days to respond to the motion.

# BACKGROUND[1]

The Court is familiar with its orders regarding the interim final rule, which established a substantive immigration rule known as the "third-country transit rule" or "third-country transit bar" under which an alien "who enters or attempts to enter the United States across the southern border after failing to apply for protection in a third country ... through which the alien transited en route to the United States is ineligible for asylum." *Id.* at 33,830. The interim final rule "also require[s] asylum officers and immigration judges to apply this new bar on asylum eligibility when administering the credible-fear screening process applicable to stowaways and aliens who are subject to expedited removal." *Id.* On November 19, 2019, this Court enjoined Defendants from applying the interim final rule to a provisional class of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process," and ordered Defendants "to return to pre-Asylum Ban practices for processing" provisional class members' "asylum applications." ECF No. 330 ("PI Order"), *Al Otro Lado, Inc. v. McAleenan*, 423 F. Supp. 3d 848, 878 (S.D. Cal. 2019).

On October 30, 2020, the Court granted Plaintiffs' Motion to Clarify the Preliminary Injunction. ECF No. 605 ("October 30 Order"). That Order required, among other things, that Defendants and non-party the Executive Office for Immigration Review (EOIR) "take immediate affirmative steps to reopen or reconsider past determinations that potential class members were ineligible for asylum based

---

[1] Given the nature of Plaintiffs' *ex parte* application and the expedited time frame for a response—as well as the need to turn their focus toward responding to the discovery motion itself—Defendants provide only the most pertinent background information here. Due to time constraints, Defendants are of course unable here to fully recount the history of their implementation of the PI orders or to address each and every one of Plaintiffs' factual assertions or characterizations contained in their discovery motion and declarations.

on the [Transit Rule], for all potential class members in expedited or regular removal proceedings." October 30 Order at 25.

On December 15, 2020, Plaintiffs filed a "Motion to Enforce Preliminary Injunction," asking the Court to require Defendants to submit an implementation plan and engage in status reporting, as well as seeking clarification on certain points of dispute with respect to the proper implementation of the Court's October 30 Order. ECF Nos. 644, 646.

Also on December 15, 2020, Defendants filed a motion seeking entry of a confidentiality protective order to facilitate the sharing of asylum-related information—both the information in Defendants' possession about the identities of potential class members required by the Court's October 30 Order, as well as other types of information in Defendants' or EOIR's possession that Plaintiffs may request in order to assist the preliminary-injunction class. *See* ECF No. 647-1 at 3-7. Plaintiffs do not in principle oppose the entry of such a protective order, but they disagree with certain of the government's proposed conditions for disclosure to third parties, which are rooted in the regulations that protect sensitive asylum information and to which the government is bound. *See id.* at 2-7; ECF No. 647 at 1. To date, the protective order has not been entered, and as a result, such information has not been shared with Plaintiffs.

On Wednesday, February 3, 2021, Plaintiffs notified Defendants via email that they intended to "file a motion allowing them to take discovery concerning the government's compliance with the Court's November 2019 preliminary injunction and subsequent orders clarifying the scope of the preliminary injunction." Shinners Decl. ¶ 4. The parties arranged to meet and confer on Friday, February 5, 2021 regarding that motion. *Id.* In advance of that conference, Defendants requested information about the procedures Plaintiffs intended to follow in filing that motion. *Id.* ¶ 5. The morning of Friday, February 5, 2021 Plaintiffs responded: "On February

12th, Plaintiffs intend to move Judge Bashant for an order permitting limited discovery concerning the government's compliance with the November 2019 preliminary injunction and subsequent orders clarifying or enforcing that preliminary injunction," and provided additional information about the relief Plaintiffs intended to seek. *Id.* ¶ 6. Plaintiffs did not indicate an intent to seek expedited briefing, nor did they do so at the parties' conference. *Id.* ¶¶ 6-7.

Eleven days then passed, during which the parties exchanged emails concerning these and related issues. *Id.* ¶ 8. For the first time the afternoon of February 16, 2021, Plaintiffs notified Defendants that they intended to file an *ex parte* application that evening seeking an aggressive expedited briefing schedule on their proposed discovery motion. *Id.* ¶ 9. Defendants requested a conference to discuss the basis for Plaintiffs' request. *Id.* ¶ 10. At that conference, Plaintiffs' counsel stated that the reason they did not notify Defendants sooner of their intent to seek expedited briefing is because Plaintiffs' counsel only decided that morning that they needed to do so. *Id.* ¶ 11. Plaintiffs' counsel provided no other reasons for Plaintiffs' failure to inform Defendants of a desire to seek expedited briefing. *Id.*

On February 16, 2021, at 10:58 PM (Eastern), Plaintiffs filed their 19-page discovery motion, seeking leave to serve discovery requests concerning compliance with the PI Order and October 30 Order. *See, e.g.*, Mem. of Points and Authorities in Support of Pls.' Discovery Mot. (Pls.' Mem. (ECF No. 680-1). Attached to that motion are 3 substantive declarations totaling approximately 17 pages. *See* Pls.' Discovery Mot. Exs. 1-3 (ECF Nos. 680-3 through 680-5).

## ARGUMENT

This Court should deny Plaintiffs' request for expedited briefing. This Court has previously held that "*[e]x parte* relief is rarely justified," and must be supported by a showing of "irreparable harm if the motion is not heard on an expedited schedule" and that the party seeking relief "did not create the circumstances warranting *ex parte* relief." Order Denying Defendants' *Ex Parte* Application for an Expedited

1  Briefing Schedule (ECF No. 641) (citing *Mission Power Eng'g Co. v. Cont'l Cas.
2  Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)). Plaintiffs' Application does not estab-
3  lish irreparable harm, and Plaintiffs had multiple opportunities to avoid the need for
4  the highly expedited request.

5      ***First***, there is no emergency that warrants expedited briefing on the discovery
6  motion. Plaintiffs' claimed need for discovery could have been—and could still be—
7  achieved through other reasonable approaches. For example, Defendants have re-
8  peatedly proposed that the parties jointly ask the Court to enter a conditional, tem-
9  porary protective order pending resolution of the parties' dispute over certain condi-
10 tions for information-sharing, but Plaintiffs have repeatedly declined to do so. Shin-
11 ners Decl. ¶ 13. This would have enabled Defendants and EOIR to share certain
12 information about class members that Plaintiffs now request, while awaiting a ruling
13 on the parties' disputed terms.  Plaintiffs also have not proposed asking this Court
14 to expedite a decision on their pending motion to enforce or on Defendants' pending
15 motion for a protective order, either of which would more directly address the con-
16 cerns about implementation of the Court's orders that Plaintiffs raise in their discov-
17 ery motion.

18     Further, Plaintiffs' claim of urgency is not well taken, when they could have
19 filed their motion sooner, could have offered to forego a reply, and previously ex-
20 pressed no intent to expedite their briefing. Because the parties met and conferred
21 on Friday, February 5, 2021, Plaintiffs could have filed their discovery motion as
22 soon as Friday, February 12, 2021. This would have allowed them to notice the mo-
23 tion for March 15 and cause Defendants' opposition to be due on Monday, March 1.
24 Plaintiffs also could have offered to forego their reply brief as a means to expedite
25 their discovery motion. Further, Plaintiffs only raised the issue of expedited treat-
26 ment for their discovery motion the day they filed it. Shinners Decl. ¶ 11.  These
27 facts undermine Plaintiffs' assertion that expedited briefing is warranted.
28

***Second***, the truncated schedule Plaintiffs request is highly prejudicial to Defendants. Plaintiffs' discovery motion accuses the government of bad-faith noncompliance with the Court's Orders (Pls.' Mem. in Supp. of Discovery Mot. (ECF No. 680-1) at 3, 4-6, 16), which is a serious allegation. Although this allegation is incorrect, Defendants must be provided sufficient time to adequately respond to Plaintiffs' accusations. Moreover, the discovery motion contains numerous other factual assertions regarding implementation of the PI and October 30 Orders, the parties' communications, and particular class members, which again require time to carefully investigate and explain. *See id.* at 7-14. It is not reasonable for Plaintiffs to ask for multiple government agencies to respond to and address those allegations and factual assertions, and synthesize them into a cohesive response, within seven days. Further, as noted herein, Plaintiffs present no compelling reason to require such an aggressive briefing schedule.

***Third,*** Plaintiffs do not point to irreparable harm that would or could be avoided by entering the particular briefing schedule that they request. Plaintiffs claim that they require a shortened briefing schedule because "15 individuals"[2] are "slated for removal as soon as their temporary stays of removal granted to them on or around February 2, 2021 are lifted." Appl. at 1. But Defendants have never represented that these individuals are "slated for removal as soon as their temporary stays of removal" are lifted, and Plaintiffs have not inquired whether this is the case. And Plaintiffs' own evidence belies their assertion that these individuals are imminently slated for removal, given that some of them have been released from immigration detention and at least one individual does not yet have a final removal order. *See* Pls.' Discovery Mot. Ex. 2 (ECF No. 680-4) ¶ 11(asserting that some of the individuals "have since been released" from immigration detention); Pls.' Discovery Mot. Ex. 1 ¶ 38; *see also* Shinners Decl. ¶ 8. Further, Defendants have specifically

---

[2] Plaintiffs do not specify which 15 individuals they are referring to, as they had inquired about 17 individuals. *See, e.g.*, Pls.' Discovery Mot. Ex. 1 ¶ 34.

1 invited Plaintiffs to submit requests for updates about stays of removal and detention
2 status of these individuals on an as-needed basis, Shinners Decl. ¶ 8, but Plaintiffs
3 have preemptively declined this invitation as not "workable," *id.* ¶ 12. Finally, Plain-
4 tiffs do not explain how briefing this discovery motion will influence the removal
5 status of these individuals. Nor have they directly asked the government to extend
6 any of these individuals' discretionary stays of removal pending further investiga-
7 tion of their cases, pending resolution of the parties' dispute over the appropriate
8 terms for a confidentiality protective order, or pending further litigation.

9  Plaintiffs' discovery motion and their application for expedited briefing tned
10 to suggest that the Department of Homeland Security is not permitted to execute the
11 valid removal orders (that did not rely on the transit rule) of individuals simply be-
12 cause they are or may be preliminary-injunction class members. *E.g.*, Appl. at 1;
13 Pls.' Mem. at 3, 6, 12-13. This is incorrect. As Plaintiffs must (and do at times)
14 acknowledge, the PI Order and the October 30 Order only prevent, or seek to rem-
15 edy, the application of the transit rule to PI class members. Neither order prevents
16 the removal of class members to whom the transit rule was never applied, or those
17 who ultimately received a determination on the merits of their asylum claims. Ac-
18 cordingly, that potential PI class members may have been scheduled for removal
19 does not indicate noncompliance with the Court's Orders. Discovery is simply not
20 necessary, nor is an expedited briefing schedule on Plaintiffs' request to seek dis-
21 covery.

## CONCLUSION

23  For the reasons discussed, Defendants respectfully request that the Court deny
24 Plaintiffs' request for expedited briefing. If, however, the Court is inclined to depart
25 from the standard briefing schedule for Plaintiffs' discovery motion, Defendants re-
26 spectfully request that the Court provide a minimum of 14 days for them to respond.
27 //
28

| | | |
|---|---|---|
| 1 | DATED: February 18, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | SARAH HARRINGTON<br>Deputy Assistant Attorney General |
| 4 | | |
| 5 | | AUGUST E. FLENTJE<br>Special Counsel |
| 6 | | |
| 7 | | WILLIAM C. PEACHEY<br>Director |
| 8 | | |
| 9 | | KATHERINE J. SHINNERS<br>Senior Litigation Counsel |

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

*Al Otro Lado v. Mayorkas*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: February 18, 2021         Respectfully submitted,

/s/ *Alexander J. Halaska*
ALEXANDER J. HALASKA
Trial Attorney
United States Department of Justice