SARAH HARRINGTON
Deputy Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-2859 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DECLARATION OF KATHERINE J. SHINNERS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO SHORTEN THE BRIEFING SCHEDULE FOR THEIR MOTION FOR LEAVE TO TAKE DISCOVERY** |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

**DECLARATION OF KATHERINE J. SHINNERS**

I, Katherine J. Shinners, declare as follows:

1. I am Senior Litigation Counsel with the District Court Section of the U.S. Department of Justice, Office of Immigration Litigation. I represent the federal defendants in their official capacities in the case entitled *Al Otro Lado, Inc. v. Mayorkas*, No. 3:17-cv-02366-BAS-KSC, which is currently pending in the U.S. District Court for the Southern District of California.

2. I submit this declaration in connection with Defendants' Opposition to Plaintiffs' *Ex Parte* Application filed in this matter.

3. Beginning on February 2, 2021, I corresponded with counsel for Plaintiffs via email regarding their inquiries concerning certain individuals who they claimed were class members or potential class members and were scheduled to be removed from the United States via a flight departing on February 3.

4. On Wednesday, February 3, 2021, Plaintiffs' counsel sent Defendants' counsel an email stating that Plaintiffs intended to "file a motion allowing them to take discovery concerning the government's compliance with the Court's November 2019 preliminary injunction and subsequent orders clarifying the scope of the preliminary injunction." Counsel for the parties arranged to meet and confer on Friday, February 5, 2021 concerning Plaintiffs' intended discovery motion.

5. On Wednesday, February 3, 2021, I sent an email to Plaintiffs' counsel asking, among other things: "As a threshold question, what procedures are Plaintiffs following for this motion?"

6. On Friday, February 5, Plaintiffs' counsel responded via email stating, among other things: "On February 12th, Plaintiffs intend to move Judge Bashant for an order permitting limited discovery concerning the government's compliance with the November 2019 preliminary injunction and subsequent orders clarifying or enforcing that preliminary injunction." This email also recounted some information about the relief Plaintiffs intended to seek. In this email, Plaintiffs did not express

1

1  an intent to seek expedited briefing for their discovery motion.

2  7. At the telephone conference among Defendants' and Plaintiffs' counsel on February 5, 2021, Plaintiffs' counsel did not express an intent to seek expedited briefing for their discovery motion.

8. Over the next few days, counsel for the Parties exchanged emails about issues relating to Plaintiffs' proposed discovery motion. On February 12, 2021, I sent an email to Plaintiffs' counsel providing some additional information in response to certain of Plaintiffs' inquiries about individuals who they claimed had been scheduled for a February 3 removal referenced in response to Paragraph 3. In that email, I stated, among other things, that one of the individuals about whom Plaintiffs had inquired does not yet have a final removal order. I also stated that Defendants "can provide an update about detention status and/or stays of removal should Plaintiffs request, unless such individuals are clearly not class members. (It's likely best to allow 24-48 hours for us to respond to that request, just in case our clients are not able to get us that information quickly due to other duties.)."

9. On February 16, 2021, at 1:29 PM (Eastern), I received an email from Plaintiffs' counsel stating, in part: "In connection with filing a motion seeking discovery regarding compliance with the preliminary injunction and clarification order, plaintiffs intend to file an ex parte application seeking to shorten time for briefing on the motion.  We propose that the opposition to the brief would be due on February 23, 2021 and the reply would be due on February 26, 2021."

10. I responded via email requesting a telephone conference for 4:00 p.m. that day.

11. At the telephone conference, Plaintiffs' counsel stated that Plaintiffs did not inform Defendants' counsel of their intent to expedite briefing sooner because Plaintiffs only came to a decision that morning that they needed to move their discovery motion along on an expedited basis.  Plaintiffs' counsel provided no other

1 | reason for not earlier expressing an intent to expedite briefing. At the telephone conference, Plaintiffs' counsel did not request any other information regarding stays of removal or removal status for any individuals.

12. On February 18, 2021, Plaintiffs' counsel sent an email stating, among other things: "while we appreciate the government's offer that Plaintiffs seek 'updates' on the status of the identified individuals, that is not a workable solution." Plaintiffs' counsel went on to state: "The burden is not on Plaintiffs to continuously seek "updates" as to these individuals' status to ensure that they are not removed in violation of the preliminary injunction. While we reserve our right to seek such updates or seek further court intervention with respect to any or all of these individuals, we also note that in the event that any of these individuals are removed in violation of the preliminary injunction we will seek sanctions against the government."

13. Defendants' counsel has repeatedly proposed that the parties jointly seek the entry of a temporary, or conditional, protective order, to facilitate the sharing of information about conditional class members pending the Court's resolution of the parties' disputes over particular terms. Defendants first made this proposal via email dated December 7, 2020. Defendants reiterated their proposal via email on February 10, 2021, attaching a slightly revised proposed protective order, which removes certain recordkeeping requirements. In emails dated February 11 and 12, 2021, Defendants yet again offered entry of a conditional protective order to allow Defendants to more fully respond to Plaintiffs' requests for information about potential class members. Plaintiffs have declined this proposal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration was executed on February 18, 2021, in Washington, D.C.

*s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
*Counsel for Defendants*