1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11    AL OTRO LADO, INC., et al.,              Case No.: 3:17-cv-02366-BAS-KSC
12                            Plaintiffs,
                                              **ORDER GRANTING MOTION TO**
13    v.                                      **SEAL [Doc. Nos. 547, 677]**
14    ALEJANDRO MAYORKAS, Secretary,
      U.S. Department of Homeland Security, in
15    his official capacity, et al.,
16                            Defendants.
17

18        Before the Court is the parties' Corrected Joint Motion to Seal Exhibits Filed in

19   Support of Joint Motion Regarding Spoliation Dispute (the "Motion to Seal" or "Mot.").[1]

20   Doc. No. 677.  Having considered the parties' submissions and the arguments of counsel,

21   and for the reasons set forth below, the Court **GRANTS** the parties' Motion to Seal.

22                            **I.  BACKGROUND**

23        On September 11, 2020, the parties filed a Joint Motion Concerning Spoliation

24   Sanctions, in which plaintiffs requested the imposition of evidentiary sanctions at trial for

25
26
27   [1] The Motion to Seal corrects and supersedes the parties' earlier-filed motion to seal.  *See* Doc. No. 547.
     Defendants have withdrawn their requests to seal information that was redacted in the publicly-filed
28   version of the Joint Motion at pages 5 & n. 4, 12, 13 (first redaction), and 22 n.12.  Mot. at 2.

the destruction of handwritten meeting notes by two of defendants' officers (the "Sanctions Motion"). *See* Doc. No. 548 (sealed), Doc. No. 549 (redacted, public version). In connection with the Sanctions Motion, the parties request sealing of the following exhibits and information: (1) a litigation hold notice defendants' counsel distributed in this litigation; (2) references to and discussions of the San Ysidro Processing Plan; and (3) an excerpt of the deposition of Todd Owen. Mot. at 2-3.

## II. LEGAL STANDARDS

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*citing Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). Where the underlying motion is "more than tangentially related to the merits," there must be "compelling reasons" to overcome the public's right of access. *Id*. at 1096–98. Where the underlying motion does not surpass the tangential relevance threshold, materials may be sealed only upon a showing of "good cause." *Id*.

## III.   ANALYSIS

In determining which standard should govern a request to seal judicial records, the Ninth Circuit cautions against adopting a "bright line rule" that would employ the "compelling reasons" standard only where the underlying motion is "technically dispositive." *Ctr. for Auto Safety*, 809 F.3d at 1101-02. Instead, the Court should consider whether the motion is "'more than tangentially related to the merits of [the] case.'" Here,

the Court finds that the Sanctions Motion satisfies this standard, because the relief requested by plaintiffs would, if granted, require the District Court to adopt presumptions as to the merits of plaintiffs' claims at trial. *See Harris v. Kyle*, Case No. 1:19-cv-00462-EPG (PC), 2019 WL 4596607, at *3 (E.D. Cal. Sept. 23, 2019) (noting that "[i]n some instances," a motion for sanctions "may be governed by the 'compelling reasons' test"); *Keating v. Jastremski*, Case No. 3:15-cv-00057-L-AGS, 2020 WL 1813549, at *2 (S.D. Cal. Apr. 9, 2020) (applying compelling reasons standard to motion for terminating sanctions). Therefore, the Court will evaluate the parties' sealing request under the "compelling reasons" standard, rather than the lesser good cause standard. Even applying the more rigorous standard, however, the Court finds the documents and information at issue are sealable.

**A.  The Litigation Hold Notice Is Sealable**

The Court requires compelling reasons (or good cause) to seal only those documents that are "'not traditionally kept secret.'" *Kamakana*, 447 F.3d at 1178. As defendants correctly note, the litigation hold notice is an attorney-client communication. Mot. at 2. In the Ninth Circuit, such communications are considered "archetypical examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). Thus, neither good cause nor compelling reasons are necessary to support filing such the litigation hold notice under seal, because there is no presumptive right of access to such material. *See Hernandez v. Creative Concepts*, Case. No. 2:10–cv–02132–PMP–VCF, 2013 WL 3864066, at *8 (D. Nev. Jul. 24, 2013); *see also Am. Claims Mgmt.*, *Inc. v. Allied World Surplus Lines Ins. Co.*, Case No. 18-CV-925-JLS (MDD), 2020 WL 3078397, at *2 (S.D. Cal. June 9, 2020). Accordingly, the Motion to Seal is **GRANTED** as to the litigation hold notice (Plaintiffs' Exhibit 1 to the Sanctions Motion) and any portion of the Joint Motion that reveals its contents.

**B.  References to the San Ysidro Processing Plan Are Sealable**

Defendants also request that a portion of the Joint Motion that discusses defendants' queue management plan for the San Ysidro Port of Entry. Mot. at 3. Both this Court and

the District Court have already found documents that reveal the details of this plan sealable. *See* Doc. No. 446 at 8; Doc. No. 543 at 7.  Furthermore, the Court finds that the parties' proposed redactions – consisting of two lines of a 28-page brief – are narrowly drawn, and will not obscure more than is necessary to protect the defendants' confidential information. *See Whitecryption Corp. v. Arxan Techs.*, *Inc.*, No. 15-cv-00754-WHO, 2016 WL7852471, at *2 (N.D. Cal. Mar. 9, 2016) (noting that records should be redacted "in the narrowest way possible to preserve their confidential information while protecting the general right of the public to access court records").  Accordingly, the Motion to Seal is **GRANTED** as to the San Ysidro Processing Plan information (Sanctions Motion at page 15, lines 19-20).

**C. The Deposition Excerpt Is Sealable**

Finally, the parties request sealing of a one-page excerpt of the deposition of Todd Owen.  Mot. at 3.  The District Court has already deemed this excerpt sealable to assuage defendants' "safety concerns."  *See* Doc. No. 510 at 5-6, 27.  The Court finds the same reasoning applies here.  Accordingly, the Motion to Seal is **GRANTED** as to Todd Owen's deposition (Defendants' Exhibit D to the Sanctions Motion, at page 40, lines 8-18).

## ORDER

For the reasons set forth above, the Motion to Seal [Doc. No. 677] is **GRANTED**. The Clerk of Court is respectfully requested to terminate the motion pending at Doc. No. 547.

**IT IS SO ORDERED.**

Dated:  February 19, 2021

Hon. Karen S. Crawford
United States Magistrate Judge