# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>Defendants. | Case No. 17-cv-02366-BAS-KSC<br><br>**ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR AN EXPEDITED BRIEFING SCHEDULE ON MOTION FOR DISCOVERY**<br><br>**(ECF No. 681)** |

Before the Court is Plaintiffs' *Ex Parte* Application for an order shortening the time for Defendants to respond to Plaintiffs' Motion for Discovery Concerning Compliance with the Preliminary Injunction ("Discovery Motion"). (Discovery Mot., ECF No. 680; *Ex Parte* App., ECF No. 681.) Plaintiffs claim that this *ex parte* relief is necessary because Defendants allegedly have not taken sufficient steps to comply with this Court's November 19, 2019 Preliminary Injunction. (*Id.*) Specifically, Plaintiffs state that 15 members of the class certified by the Preliminary Injunction "are slated for removal as soon as the temporary stays of removal granted to them on or around February 2, 2021 are lifted." (*Id.*) In a lengthy opposition, Defendants oppose the Application because, among other reasons, there are no emergency conditions warranting ex parte relief. (Opp'n, ECF No. 686.)

*Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To warrant *ex parte* relief, the moving party must show that it will suffer irreparable harm if the motion is not heard on an expedited schedule

and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect. *Id.* at 492. Defendants have failed to make either showing in their Application.

Here, Plaintiffs fail to satisfy the first element. To the extent they claim the emergency is precipitated by the imminent removal of the 15 class members, Plaintiffs offer no support for this proposition or explain how expedited briefing will resolve this issue. Further, Defendants state that they never represented that these individuals were slated for removal. (Opp'n at 7.) Thus, Plaintiff's mere "perception of urgency" is not sufficient to obtain *ex parte* relief. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001). Accordingly, the Court **DENIES** Plaintiffs' *Ex Parte* Application for an Expedited Briefing Schedule. (ECF No. 681.) The noticed hearing date shall remain in place and the parties shall file their respective briefings in accordance with Civil Local Rule 7.1(e). *See id.*

Notwithstanding this Order, the Court is aware that the Discovery Motion and pending Motion to Enforce the Preliminary Injunction (ECF No. 644) are intended by Plaintiffs to bring Defendants into full compliance with the Court's Preliminary Injunction. The Court reiterates that it assumes that the Government will, in good faith, await this Court's decision on the merits of these pending motions and avoid taking steps that could complicate or preclude its compliance with a court order.

**IT IS SO ORDERED.**

**DATED: February 23, 2021**

Hon. Cynthia Bashant
United States District Judge