SARAH HARRINGTON
Deputy Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL PORTIONS OF THEIR OPPOSITION PAPERS TO PLAINTIFFS' MOTION FOR DISCOVERY CONCERNING COMPLIANCE WITH PRELIMINARY INJUNCTION** |
| ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*, in their official capacities, | |
| *Defendants*. | |

## INTRODUCTION

Defendants hereby respectfully request that the Court seal portions of their Opposition to Plaintiffs' Motion for Discovery Concerning Compliance with Preliminary Injunction. Defendants move this Court to file limited portions of the memorandum and the below-listed exhibits under seal, in order to protect from public disclosure confidential, sensitive, and personally identifying information of noncitizens who have or may have sought asylum.

Specifically, Defendants seek to seal the following:

1. Portions of their Opposition memorandum of law, which contains identifying and potentially identifying information concerning asylum-seekers;

2. Portions of Exhibit B to the Declaration of Katherine J. Shinners, which contains identifying and potentially identifying information concerning asylum-seekers;

3. Portions of Exhibit D to the Declaration of Katherine J. Shinners, which contains identifying and potentially identifying information concerning asylum-seekers;

4. Portions of Exhibit E to the Declaration of Katherine J. Shinners, which contains identifying and potentially identifying information concerning asylum-seekers, including details of their asylum claims or claims from protection from removal.

## ARGUMENT

While Defendants acknowledge the presumptive right of access to court records based upon common law and First Amendment grounds, *see e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), Defendants believe that compelling reasons warrant protecting sensitive identifying information from disclosure.

1

The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Thus, when the documents to be protected are "more than tangentially related to the merits," parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety*, 809 F.3d 1092, 1096–98). Courts have applied the compelling reasons standard when determining to seal documents filed in support or in opposition of motions to exclude expert testimony. *Whitewater West Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2019 WL 1590470, at *2 (S.D. Cal. Apr. 12, 2019); *Moussouris v. Microsoft Corp.*, 2018 WL 2016851, at *1 (W.D. Was. Apr. 16, 2018). Compelling reasons include "when [] 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "Compelling reasons justify sealing that identifying information because the information has no bearing on the merits of this action, and the public's interest in the identities of absent class members is minimal to non-exist and outweighed by the risk of harm to those individuals given that many are seeking asylum." *Gonzalez v. Barr*, No. 18-CV-01869-JSC, 2020 WL 3402227, at *10 (N.D. Cal. June 19, 2020). Furthermore, this Court has already allowed the parties to seal PII of a class member, including name, dates of birth, family member details, and details regarding experiences in her home country. ECF No. 607 at 14; *see also* ECF No. 605 at 23-24 ("The Court has previously allowed targeted redactions for this purpose and adopts the same reasoning to allow the parties to do so here.").

Here, the documents that Defendants seek to file under seal would reveal confidential and personally-identifying information of aliens who sought asylum in the

United States, including information that could tend to reveal their identities, which would reveal that they have sought asylum in the United States, and sensitive and confidential details about the basis for their asylum claims. This information is protected from disclosure under 8 C.F.R. §§ 208.6 and 1208.6. Further, the particular identities of these individuals has no bearing on the merits of the action. *Gonzalez v. Barr*, No. 18-CV-01869-JSC, 2020 WL 3402227, at *10 (N.D. Cal. June 19, 2020) ("Compelling reasons justify sealing that identifying information because the information has no bearing on the merits of this action, and the public's interest in the identities of class members is minimal to non-existent and outweighed by the risk of harm to those individuals given that many are seeking asylum."). Accordingly, Defendants move to seal portions of these materials.

       The parties have conferred, and Plaintiffs have stated that they take no position on this motion.

Dated: March 8, 2021        Respectfully submitted,

SARAH HARRINGTON
Deputy Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section

3

DEFS.' MEM. IN SUPPORT OF
MOT. TO SEAL

P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

DEFS.' MEM. IN SUPPORT OF
MOT. TO SEAL