SARAH HARRINGTON
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | **DEFENDANTS' EXHIBIT D** |
| v. | **[Public Redacted Version]** |
| ALEJANDRO MAYORKAS, Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants*. | |

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Al Otro Lado, Inc., *et al.*,

      Plaintiffs,

v.

Alejandro Mayorkas, *et al.*,

      Defendants.

Case No.: 17-cv-02366-BAS-KSC

## DECLARATION OF ROBERT GUADIAN

I, Robert Guadian, declare the following under 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

### I.    Personal Background

1. I am currently employed by the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) as the Interim Deputy Assistant Director of Field Operations - West.  I have held this position since March 1, 2021.  Prior to my current position, from October 1, 2020 through February 28, 2021, I served as the Acting Assistant Director (AD) for Field Operations within ERO.

2. I have been employed with ICE and its legacy agency Immigration and Naturalization Service since 1997.  Before my time as AD for Field Operations, I held the position of Deputy Assistant Director for Domestic Operations East, and prior to that, was Field Office Director for the ERO Chicago Field Office, and Deputy Field Office Director for the ERO Dallas Field Office.  I began my career as an Immigration Inspector in Laredo, Texas, and

later worked as a Deportation Officer in Harlingen, Texas, and at Port Isabel Detention Center in Los Fresnos, Texas, and Supervisory Detention and Deportation Officer and Assistant Field Office Director for the ERO San Antonio Field Office.

3. This declaration is based on my personal knowledge and experience as a law enforcement officer and on information provided to me in my official capacity.

## II. ERO's Screening Procedures and Referral Process for Potential *Al Otro Lado* Class Membership

4. As a part of my official duties, I am familiar with the Court's November 19, 2019 preliminary injunction and the subsequent October 30, 2020 Order. I submit this declaration in support of the Government's Opposition to the Plaintiffs' February 16, 2021 Motion for Discovery Concerning Compliance with the Preliminary Injunction.

5. On November 6, 2020, ERO disseminated a broadcast message to ERO personnel, directing ERO personnel to suspend all removals of detained noncitizens who appeared on an attached list of noncitizens pending further screening by United States Citizenship and Immigration Services (USCIS) to ascertain whether those noncitizens were *Al Otro Lado* class members. Attached hereto as Exhibit 1 is a true and accurate copy of the November 6 broadcast message.

6. On November 13, 2020, ERO updated the November 6 broadcast message and implemented interim removal screening criteria to facilitate the government's compliance with the second paragraph of the October 30, 2020 Order.[1] *See attached* Exhibit 2. ERO also disseminated a list of noncitizens whose cases were to be screened against the interim

---

[1] The second paragraph of the October 30, 2020 Order provides that "DHS and EOIR must take immediate affirmative steps to reopen or reconsider past determinations that potential class members were ineligible for asylum based on the Asylum Ban, for all potential class members in expedited or regular removal proceedings. Such steps include identifying affected class members and either directing immigration judges or the BIA to reopen or reconsider their cases or directing DHS attorneys representing the government in such proceedings to affirmatively seek, and not oppose, such reopening or reconsideration."

removal screening criteria prior to the removal of any noncitizen on that list. Attached hereto as Exhibit 2 is a true and accurate copy of this ERO interim removal screening criteria broadcast, issued on November 13, 2020.

7. Attached hereto as Exhibit 3 is a true and accurate copy of the ERO broadcast describing the referral process, issued on January 15, 2021.

8. On January 26, 2021, ERO updated the January 15 broadcast to include translated versions of the notice appended to the January 15 broadcast. The updated broadcast provided Spanish, French, and Haitian Creole translations for the notice. Attached hereto as Exhibit 4 is a true and accurate copy of the ERO updated broadcast issued on January 26, 2021.

9. Upon further review of the interim screening process, ERO intends on expanding the list of noncitizens who will be screened by ICE prior to removal. This expansion will include noncitizens who were denied asylum by an immigration judge between July 16, 2019 and June 30, 2020, who appealed the decision to the Board of Immigration Appeals (BIA), and who received a decision from the BIA affirming the asylum denial after June 30, 2020.

10. Additionally, ERO issued updated guidance temporarily pausing the application of interim removal screening criteria D, F, and J (as listed in the November 13, 2020 broadcast, attached hereto as Exhibit 2), pending resolution of the Plaintiffs' Motion to Enforce the Preliminary Injunction.

11. Attached hereto as Exhibit 5 is a true and accurate copy of the March 5, 2021 ERO broadcast.

12. I am aware that Plaintiffs inquired about the status of certain non-citizens, including a Mr. ████████. In my official capacity, I am aware that ICE did not refer Mr. ████ case to USCIS for further *Al Otro Lado* class membership screening because DHS databases show that Mr. ████ ██████████████████ ████████████ .

3

This declaration is based upon my personal and professional knowledge, information obtained from other individuals employed by ICE, and information obtained from various records and systems maintained by DHS. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry for the above captioned case.

Signed on this 8th day of March, 2021.

ROBERT
GUADIAN JR.

Digitally signed by
ROBERT GUADIAN JR.
Date: 2021.03.08
16:50:12 -05'00'

Robert Guadian
Interim Deputy Assistant Director of Field Operations - West
ICE Enforcement and Removal Operations

# EXHIBIT 1

**From:**          ERO Assistant Directors
**Sent:**          Friday, November 6, 2020 7:02 PM
**Subject:**       Guidance regarding Al Otro Lado v. McAleenan, 423 F. Supp. 3d 848 (Nov. 19, 2019) [FOD]
**Attachments:**   605 Order Granting 494 Mot. to Clarify Preliminary Injunction.pdf; Preliminary Injunction_20201106_LESA_FINAL_20200701.xlsx



To: Field Office Directors and Deputy Field Office Directors

*Please forward this message to Assistant Field Office Directors*

On October 30, 2020, the U.S. District Court for the Southern District of California granted Plaintiffs' motion for clarification on the Preliminary Injunction (PI) issued in *Al Otro Lado v. McAleenan*, 423 F. Supp. 3d 848 (Nov. 19, 2019), which enjoined the application of the Third County Transit Interim Final Rule (the IFR) to all provisional class members who were "metered" prior to July 16, 2019. *See Al Otro Lado v. Wolf*, No. 17-2366, 2020 WL 6384357 (S.D. Cal. Oct. 30, 2020).

The provisional class of aliens to whom the order applies is defined as follows:  (1) all non-Mexican asylum seekers, (2) who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, ("metered") (3) and who continue to seek access to the U.S. asylum process. On December 20, 2019, the Ninth Circuit initially granted the Government's request for an emergency stay of the injunction but on March 5, 2020, the Ninth Circuit denied the Government's motion for a stay pending appeal. *Al Otro Lado v. Wolf*, --- F.3d ---, 2020 WL 1059682 (9th Cir. 2020).

Because the order, in part, requires DHS and EOIR take "immediate affirmative steps to reopen or reconsider past determinations that potential class members were ineligible for asylum based on the [IFR], for all potential class members in expedited or regular removal proceedings," **ERO must not remove a potential class member to whom asylum was denied based on an application of the IFR, before complying with the notification/reopening aspects of the order.** ███████████████████████ AC
███████████████████████

The attached data provides a listing of those aliens who are (1) non-Mexican and (2) have a final order issued between 07/16/19 and 06/30/20 (excluding Expedited Removals and Administrative Removals).

**Please immediately take the following steps regarding the identified aliens included in the attached list:**

-
   1. Effective immediately, suspend all removals of the detained aliens in your AOR who are identified in the attached list (the potential class members);

2. Prior to removal of a potential class member please notify OPLA EROLD **LES**
   ████████████ and DCLD ████ **LES** ████ for further screening to determine
   whether the alien is in fact an *AOL* class member; and

3. Advise OPLA EROLD and DCLD if an alien comes into ICE custody who is not already on this list but
   meets the following criteria:
   a. non-Mexican;
   b. encountered by CBP or ICE between 07/16/19 and 06/30/20;
   c. issued an IJ order (any order, regardless of whether relief from removal was granted or
      denied) between 07/16/19 and 06/30/20; and
   d. are at risk of imminent removal.

Please note that HQERO NDM & DQI will be placing Z-Holds on the individuals identified in the attached list,
however, such Z-Holds may not have been placed yet at the time of this broadcast.

Further guidance regarding implementation of the court's order is forthcoming.  In the interim, please contact
OPLA EROLD ████████ **LES** ████████ and DCLD ████ **LES** ████ with further questions.

*This message includes guidance provided for internal ERO use only.*

**Robert Guadian**
Acting Assistant Director
Field Operations
**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**

This message expires one year from the date it was sent, pursuant to ERO [policy](#).



*To protect the homeland through the arrest and removal of aliens who undermine
the safety of our communities and the integrity of our immigration laws.*

**Enforcement and Removal Operations**
Integrity. Courage. Excellence.

NOTICE: This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be
exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted,
distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other
personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this
communication should be furnished to the media, either in written or verbal form.

# EXHIBIT 2

| | |
|---|---|
| **From:** | ERO Assistant Directors |
| **Sent:** | Friday, November 13, 2020 9:42 AM |
| **Subject:** | Review of Cases for Potential Membership in the Provisionally Certified Class in *Al Otro Lado v. McAleenan*, 423 F. Supp. 3d 848 (S.D. Cal. 2019) [FOD] |
| **Attachments:** | Copy of Preliminary Injunction_LESA_FINAL_COMBINED_11122020.xlsx |



To: Field Office Directors and Deputy Field Office Directors

*Please forward this message to Assistant Field Office Directors*

Please disseminate this message to your staff.

This message provides further guidance regarding the implementation of the November 19, 2019 preliminary injunction (PI) and the subsequent October 30, 2020 order clarifying that PI (PI Clarification Order), issued the U.S. District Court for the Southern District of California in the *Al Otro Lado* litigation.  *See Al Otro Lado v. McAleenan,* 423 F. Supp. 3d 848 (S.D. Cal. 2019); *Al Otro Lado v. Wolf*, No. 17-2366, 2020 WL 6381893 (S.D. Cal. Oct. 30, 2020).  Prior guidance on this issue was set forth in the November 6, 2020 broadcast which is available HERE. The attached spreadsheet represents an updated list of potential class members in this matter. HQERO NDM & DQI will soon place Z-holds on individuals identified in the attachment.

As noted in the prior guidance, on October 30, 2020, the U.S. District Court for the Southern District of California granted Plaintiffs' motion for clarification on the PI issued in *Al Otro Lado v. McAleenan*, 423 F. Supp. 3d 848 (Nov. 19, 2019), which enjoined the application of the *Asylum Eligibility and Procedural Modifications*, 84 Fed. Reg. 33829 (July 16, 2019) (the "IFR") to all provisional class members who were "metered" prior to July 16, 2019.  *See Al Otro Lado v. Wolf*, No. 17-2366, 2020 WL 6384357 (S.D. Cal. Oct. 30, 2020).  The provisionally certified class of aliens to whom the order applies consists of "all non-Mexican asylum seekers who were unable to make a direct asylum claim at a U.S. [port of entry (POE)] before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process."  *Al Otro Lado*, 423 F. Supp. 3d at 874.

Because the order, in part, requires that the Department of Homeland Security (DHS) and the Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR) take "immediate affirmative steps to reopen or reconsider past determinations that potential class members were ineligible for asylum based on the [IFR], for all potential class members in expedited or regular removal proceedings," **Enforcement and Removal Operations (ERO) must not remove a class member who was denied asylum based on application of the IFR, before complying with the notification/reopening aspects of the order.** Implementation procedures to address all of the requirements of the PI Clarification Order are being developed, and further guidance will be provided as soon as it is available.

LES

In the interim, in order to enable removal operations to proceed, it is imperative that ERO be able to identify those cases in which the alien is not a class member or the IFR did not affect the outcome of the alien's case, such that removal may proceed in those cases.

**Interim Removal Screening Criteria**

Although guidance on determining class membership is not yet available, ERO field offices must review all cases prior to removal to determine whether an alien may be determined **not** to be a potential class member or that the IFR did not affect the outcome of the alien's case, such that he or she may be removed.  Unless any of the following characteristics are present in a given case, removal should **not** proceed at this time:

A.  The alien is a native or citizen of Mexico;
B.  The alien last entered the United States before July 16, 2019;
C.  The alien last entered the United States other than across the southern land border (e.g., arrived by air or through the U.S.-Canada border);
D.  The alien never claimed a fear of return in expedited removal proceedings and never filed Form I-589, Application for Asylum and for Withholding of Removal before USCIS or EOIR;
E.  The alien applied for asylum and the IFR was never applied to his or her asylum application or credible fear processing by any adjudicator (e.g., USCIS, the immigration judge, or the BIA);
F.  The alien applied for asylum and, although the IFR was applied to his or her asylum application at an earlier stage of the proceedings, the final adjudicator expressly denied the asylum application on independent, alternative grounds, and the asylum denial was in no way based on the application of the IFR (e.g., asylum was expressly denied based upon lack of credibility or nexus);
   ◦ At this time, if the final adjudicator denied asylum based on the IFR and other grounds, the alien should not be removed. ██████████████ AC ██████████████████████
G.  The alien was clearly not subject to metering before July 16, 2019, based on statements in his or her Form I-589, Application for Asylum and for Withholding of Removal, reflecting he or she did not arrive at or near the U.S.-Mexico border until on or after July 16, 2019;
H.  The alien is subject to a final administrative removal order pursuant to Section 238(b) of the Immigration and Nationality Act (INA);
I.  The alien is subject to a reinstated order of removal under section 241(a)(5) of the INA, __and__ the underlying removal order that was reinstated became administratively final before July 16, 2019; or
J.  The alien is subject to an order of removal entered by an immigration judge in INA section 240 proceedings after June 30, 2020, or where the relevant BIA decision was issued after June 30, 2020 (absent an affirmative indication that the IFR was applied).  Note: The relevant factor here is the date of the final decision, not the date the removal order became administratively final.

**Reviewing Records for Information Relevant to the Interim Removal Screening Criteria**

Information in the alien's records may help determine whether any of the Removal Screening Criteria are met.

Certain statements made by the alien in his or her Form I-589, Application for Asylum and for Withholding of Removal, may establish that the alien either:  (1) last entered the United States before July 16, 2019; or (2) did not approach a POE on or before July 15, 2019.  Special note should be paid to the following questions:

• Part A.I, Question 19.a:  When did you last leave your country?

LES

- ◦ The response to this question may demonstrate that the alien could not have been present at or near a POE on the U.S.-Mexico border before July 16, 2019, and could not have been subject to metering.
- Part A.I, Question 19.c:  List each entry into the U.S. beginning with your most recent entry.
  - ◦ The response to this question may demonstrate that the alien's most recent entry was before July 16, 2019.
- Part C, Question 2.a:  After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?
  - ◦ The response to this question, particularly in conjunction with the response to Part A.I, Question 19.a, may demonstrate that the alien could not have been present at or near a POE on the U.S.-Mexico border before July 16, 2019.

Allegations on the Form I-862, Notice to Appear, regarding the alien's date of last entry may also be sufficient to establish date of entry before July 16, 2019, if the date of entry is conceded by the alien or otherwise sustained by the immigration judge.  Similarly, an alien's criminal record may include arrests on dates establishing that the alien was present in the United States prior to July 16, 2019, such that he or she would not have been subject to the IFR and would consequently not be a potential class member.

Regardless of information regarding the alien's date of entry and information regarding attempted entries, an alien may be removed if the relevant decisions of the immigration judge and the BIA (in cases in which an appeal was filed) indicate that the ultimate denial of asylum was in no way based upon the IFR.

**Recordkeeping**

In light of the likely need to justify such determinations, including through confirmatory discovery and oppositions to motions to enforce, ERO must maintain records of all determinations that an alien is not a potential class member or that the IFR did not affect the outcome of the alien's case. The attached list of potential class members will provide a method of recordkeeping. The attached list has been updated to include two columns marked, "Screening Criteria Category," which corresponds to the Interim Removal Screening Criteria set forth above, and "Date of Review."  As applicable, the Field Office will mark the appropriate category and date upon completing its review for removal. For example, Category A corresponds with, "The alien is a native or citizen of Mexico." Field Offices shall maintain an updated list locally.

Questions regarding application of this guidance should be referred to your local Office of the Principal Legal Advisor (OPLA) field location.  It is not the role of OPLA attorneys to determine whether an alien is a potential class member.  Instead, OPLA may advise with regard to the class definition and information that may be determinative that an alien is not a class member.  OPLA may also assist ERO by reviewing BIA and immigration judge decisions to establish whether allegations were sustained and whether the IFR was applied.

*This message includes guidance provided for internal ERO use only.*

**Robert Guadian**
Acting Assistant Director
Field Operations
**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**

This message expires one year from the date it was sent, pursuant to ERO policy.

LES



NOTICE: This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this communication should be furnished to the media, either in written or verbal form.

LES

# EXHIBIT 3

**From:**           ERO Assistant Directors
**Sent:**            Friday, January 15, 2021 8:08 PM
**Subject:**        Further Guidance on Al Otro Lado Compliance [FOD]
**Attachments:**   Nov 13 2020 AOL Broadcast.docx; AOL v Wolf - PI Class Notice ERO - v2 with
                    signature block (1.15.2021).docx; Interim Removal Screening Criteria Checklist
                    (1.15.21) - FINAL DRAFT.docx



To: Field Office Directors and Deputy Field Office Directors

***Please forward this message to Assistant Field Office Directors***

***Please disseminate this message to your staff and note it includes guidance provided for internal ERO use only.***

This message provides further guidance regarding the implementation of the November 19, 2019 preliminary injunction (PI) and the subsequent October 30, 2020 order concerning that PI (PI Clarification Order), both issued by the U.S. District Court for the Southern District of California in the *Al Otro Lado* litigation.  *See Al Otro Lado v. McAleenan,* 423 F. Supp. 3d 848 (S.D. Cal. 2019); *Al Otro Lado v. Wolf*, No. 17-02366, 2020 WL 6381893 (S.D. Cal. Oct. 30, 2020).  Prior guidance on this issue was set forth in the November 6, 2020 broadcast which is available HERE and the November 13, 2020 broadcast which is attached to this message..

The November 13, 2020 broadcast set forth interim removal screening criteria for ERO to use prior to removal of certain aliens (see attached Interim Removal Screening Criteria checklist  ) to determine (1) whether an alien is **not** a potential *Al Otro Lado* PI class member *or* that the third-country transit rule (IFR) did not affect the outcome of the alien's case such that he or she may be removed; or (2) whether further class membership screening is required and removal should not proceed at this time.

### Step 1 for ERO Officers – ERO Screening
Continue to screen cases at imminent risk of removal using the Interim Removal Screening Criteria set forth in the November 13 guidance, which is also available in the attached checklist.  Please note removal may only proceed if an alien's case meets one or more of the criteria.

### Step 2 for ERO Officers – Referral to USCIS
If an alien does not meet any of the exclusion criteria, that does not necessarily mean that the alien is an *Al Otro Lado* PI class member, and it does not necessarily mean the alien is entitled to have his or her immigration case reopened.  Instead, that alien is subject to further screening to determine whether they are a class member and, if so, whether their immigration case should be reopened or reconsidered.  If ERO determines that the case does not meet any of the criteria listed above, further class membership screening is required, and ERO must immediately begin the following referral process and recordkeeping requirements.

LES

**Please note if your office previously screened cases for AOL class membership and stayed the removal of those cases, please begin to refer those cases to USCIS via the process indicated below.**

1. Serve the alien with a copy of the Notice of Potential Class Membership in Cases Subject to Removal (attached) using a certified written translation of the notice where available or by utilizing language access resources available through the ICE Language Access Plan to have the notice orally interpreted to the alien and place a copy of the signed Notice in the A-file;

2. Notify the USCIS counterparts with whom you liaise for your AOR that you are referring the alien for *Al Otro Lado* class membership screening in accordance with procedures established by HQ USCIS. Include any Forms I-213, I-867 A/B, or sworn statements taken by CBP that discuss the alien's entry into the United States along with the referral as well as any evidence the alien requests be forwarded to USCIS which is not otherwise in the alien's possession but is held in the detention facility.

3. Add a note in EARM case comments that "on [ _date_] alien was served with the Notice of Potential Class Membership in Cases Subject to Removal and referred to USCIS for screening to determine whether he/she is an *Al Otro Lado* PI class member" and update the SharePoint site using this link  with the date the notice was served and the date of referral to USCIS; and

4. Once USCIS screening is complete, add a note in EARM case comments that "on [ _date_] USCIS advised that the alien [is/is not] an *Al Otro Lado* class member and USCIS determination documents served on alien" and serve the alien with a copy of the *AOL* class membership screening notes (Q&A) and the *AOL* Preliminary-Injunction Class Membership Determination form provided by USCIS. USCIS will also provide a Memo to File, but this Memo should not be served on the alien.

   a. If USCIS determines the alien is not an *Al Otro Lado* class member, re-initiate original handling of alien's case (e.g., removal).  Please ensure Z holds placed on the cases are lifted prior to removal.

   b. If USCIS determines the alien is an *Al Otro Lado* class member, the case may be eligible for reconsideration before USCIS (if a negative credible fear determination and order of expedited removal) or EOIR (if a final order issued by an immigration judge or the BIA) pursuant to the October 30, 2020 injunction, and ERO should continue staying the alien's removal.

**Robert Guadian**
Acting Assistant Director
Field Operations
**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**

This message expires one year from the date it was sent, pursuant to ERO policy.



NOTICE: This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other

LES

personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this communication should be furnished to the media, either in written or verbal form.

# EXHIBIT 4

**From:**              ERO Assistant Directors
**Sent:**              Tuesday, January 26, 2021 11:26 AM
**Subject:**           UPDATED: Further Guidance on Al Otro Lado Compliance [FOD]
**Attachments:**       ICE Translation Certification Form.pdf; AOL v Wolf - PI Class Notice
                       Ero_Spanish.docx; ICE Translation Certification Form 01252021.pdf; AOL v Wolf
                       - PI Class Notice ERO - v2 with signature block (1.15.2021) HC.docx; AOL v Wolf
                       - PI Class Notice ERO - v2 with signature block (1.15.2021)_FR.docx; translation
                       certificate 01.22.2021.pdf; Interim Removal Screening Criteria Checklist
                       (1.15.21) - FINAL DRAFT.docx; AOL v Wolf - PI Class Notice ERO - v2 with
                       signature block (1.15.2021).docx; Nov 13 2020 AOL Broadcast.docx



*This message has been updated to include class notices in English, Spanish, French and Creole.*

To: Field Office Directors and Deputy Field Office Directors

*Please forward this message to Assistant Field Office Directors.*

*Please disseminate this message to your staff and note it includes guidance provided for internal ERO use only.*

This message provides further guidance regarding the implementation of the November 19, 2019 preliminary injunction (PI) and the subsequent October 30, 2020 order concerning that PI (PI Clarification Order), both issued by the U.S. District Court for the Southern District of California in the *Al Otro Lado* litigation.  *See Al Otro Lado v. McAleenan,* 423 F. Supp. 3d 848 (S.D. Cal. 2019); *Al Otro Lado v. Wolf*, No. 17-02366, 2020 WL 6381893 (S.D. Cal. Oct. 30, 2020).  Prior guidance on this issue was set forth in the November 6, 2020 broadcast which is available HERE and the November 13, 2020 broadcast which is attached to this message..

The November 13, 2020 broadcast set forth interim removal screening criteria for ERO to use prior to removal of certain aliens (see attached Interim Removal Screening Criteria checklist  ) to determine (1) whether an alien is **not** a potential *Al Otro Lado* PI class member *or* that the third-country transit rule (IFR) did not affect the outcome of the alien's case such that he or she may be removed; or (2) whether further class membership screening is required and removal should not proceed at this time.

**Step 1 for ERO Officers – ERO Screening**
Continue to screen cases at imminent risk of removal using the Interim Removal Screening Criteria set forth in the November 13 guidance, which is also available in the attached checklist.  Please note removal may only proceed if an alien's case meets one or more of the criteria.

**Step 2 for ERO Officers – Referral to USCIS**

If an alien does not meet any of the exclusion criteria, that does not necessarily mean that the alien is an *Al Otro Lado* PI class member, and it does not necessarily mean the alien is entitled to have his or her immigration case reopened. Instead, that alien is subject to further screening to determine whether they are a class member and, if so, whether their immigration case should be reopened or reconsidered. If ERO determines that the case does not meet any of the criteria listed above, further class membership screening is required, and ERO must immediately begin the following referral process and recordkeeping requirements.

**Please note if your office previously screened cases for AOL class membership and stayed the removal of those cases, please begin to refer those cases to USCIS via the process indicated below.**

1. Serve the alien with a copy of the Notice of Potential Class Membership in Cases Subject to Removal (attached) using a certified written translation of the notice where available or by utilizing language access resources available through the ICE Language Access Plan to have the notice orally interpreted to the alien and place a copy of the signed Notice in the A-file;
2. Notify the USCIS counterparts with whom you liaise for your AOR that you are referring the alien for *Al Otro Lado* class membership screening in accordance with procedures established by HQ USCIS. Include any Forms I-213, I-867 A/B, or sworn statements taken by CBP that discuss the alien's entry into the United States along with the referral as well as any evidence the alien requests be forwarded to USCIS which is not otherwise in the alien's possession but is held in the detention facility.
3. Add a note in EARM case comments that "on [ _date_] alien was served with the Notice of Potential Class Membership in Cases Subject to Removal and referred to USCIS for screening to determine whether he/she is an *Al Otro Lado* PI class member" and update the SharePoint site using this link with the date the notice was served and the date of referral to USCIS; and
4. Once USCIS screening is complete, add a note in EARM case comments that "on [ _date_] USCIS advised that the alien [is/is not] an *Al Otro Lado* class member and USCIS determination documents served on alien" and serve the alien with a copy of the *AOL* class membership screening notes (Q&A) and the *AOL* Preliminary-Injunction Class Membership Determination form provided by USCIS. USCIS will also provide a Memo to File, but this <u>Memo should not be served on the alien.</u>
   a. If USCIS determines the alien <u>is not</u> an *Al Otro Lado* class member, re-initiate original handling of alien's case (e.g., removal). Please ensure Z holds placed on the cases are lifted prior to removal.
   b. If USCIS determines the alien <u>is</u> an *Al Otro Lado* class member, the case may be eligible for reconsideration before USCIS (if a negative credible fear determination and order of expedited removal) or EOIR (if a final order issued by an immigration judge or the BIA) pursuant to the October 30, 2020 injunction, and ERO should continue staying the alien's removal.

**Robert Guadian**
Acting Assistant Director
Field Operations
**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**

This message expires one year from the date it was sent, pursuant to ERO policy.

LES



NOTICE: This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this communication should be furnished to the media, either in written or verbal form.

# EXHIBIT 5

| | |
|---|---|
| **From:** | ERO Assistant Directors |
| **Sent:** | Friday, March 5, 2021 4:42 PM |
| **Subject:** | Pausing use of certain AOL interim removal screening criteria |
| **Attachments:** | Further Guidance on Al Otro Lado Compliance [FOD]; UPDATED: Further Guidance on Al Otro Lado Compliance [FOD]; Guidance regarding Al Otro Lado v. McAleenan, 423 F. Supp. 3d 848 (Nov. 19, 2019) [FOD]; Nov 13 2020 AOL Broadcast.docx; Interim Removal Screening Criteria Checklist (updated 3.3.21) - OPLA.docx |

## Assistant Director
## for Field Operations

Enforcement and Removal Operations



To: Field Office Directors and Deputy Field Office Directors

*Please forward this message to Assistant Field Office Directors.*

*Please disseminate this message to your staff and note it includes guidance provided for internal ERO use only.*

This message provides further guidance regarding the implementation of the November 19, 2019 preliminary injunction (PI) and the subsequent October 30, 2020 order concerning that PI (PI Clarification Order), both issued by the U.S. District Court for the Southern District of California in the *Al Otro Lado* litigation.  *See Al Otro Lado v. McAleenan,* 423 F. Supp. 3d 848 (S.D. Cal. 2019); *Al Otro Lado v. Wolf*, No. 17-02366, 2020 WL 6381893 (S.D. Cal. Oct. 30, 2020).  Prior guidance on this issue was set forth in the November 6, 2020 broadcast which is available <u>HERE</u> and the November 13, 2020 and January 15 and 26, 2021 broadcasts which are attached to this message.

The November 13, 2020 broadcast set forth interim removal screening criteria for ERO to use prior to removal of certain non-citizens to determine (1) whether an alien is **not** a potential *Al Otro Lado* PI class member *or* that the third-country transit rule (IFR) did not affect the outcome of the non-citizen's case such that he or she may be removed; or (2) whether further class membership screening is required and removal should not proceed at this time.

The January 15, 2021 broadcast set forth guidance on how to refer cases to USCIS that did not meet the exclusion criteria disseminated on November 13, 2020. The January 15, 2021 broadcast included a Class Notice to be disseminated to noncitizens upon referral to USCIS and delineated additional recordkeeping requirements for ERO.  The January 26, 2021 broadcast provided translated versions of the Class Notice that should continue to be utilized.

This updated broadcast is being disseminated because recent developments in the litigation merit a temporary change in the November 13, 2020 Interim Removal Screening Criteria Checklist pending the court's ruling on plaintiffs' Motion to Enforce.

**Until further notice, officers should immediately suspend the application of criteria (D), (F), and (J) from the November 13, 2020 Interim Removal Screening Criteria to determine that a non-citizen's removal may proceed.**  If any of the other criteria apply to the non-citizen's case, removal may continue as planned.  But if criteria (D), (F), and/or (J) are the only criteria applicable to the non-citizen's case, the non-citizen should be referred to USCIS for further screening pursuant to the January 15 broadcast.

**Additionally, to the extent criteria (D), (F), or (J) applied during the screening of a non-citizen's case and no other exclusion criteria applied, the case must be re-screened prior to removal.** For example, if during prior screening of a noncitizen's case, it was determined that criteria (B) and (D) applied, the noncitizen's case would not need to be rescreened or referred to USCIS. However, if during prior screening of a non-citizen's case, it was determined that only criterion (D) applied, the non-citizen's case must be rescreened and, if no other criteria apply, the case must be referred to USCIS.

LES

Please be aware that the group of cases that ERO must review for potential *Al Otro Lado* class membership before removal has expanded. These cases have been added to SharePoint and Z-Holds have been added if the noncitizen was in ICE custody.

Please continue to refer cases to USCIS that do not meet the updated Interim Removal Screening Criteria following the steps delineated in the January 15, 2021 guidance. All other guidance and processes set forth in the November 13, 2020, and January 15 and 26, 2021 broadcasts remain in effect.

As a reminder, it is critically important that ERO continue to maintain records of *Al Otro Lado* interim removal screening determinations and referrals to USCIS as set forth in prior broadcasts. Because additional cases have been added to SharePoint list for screening prior to removal in light of the temporary pause in the use of criteria (D), (F), and (J), please be sure you record your determinations and referrals on the updated SharePoint list.

Questions regarding application of this guidance should be referred to your local Office of the Principal Legal Advisor (OPLA) field location.  It is not the role of OPLA attorneys to determine whether an alien is a potential class member.  Instead, OPLA may advise with regard to the class definition and information that may be determinative that an alien is not a class member. OPLA may also assist ERO by reviewing BIA and immigration judge decisions to establish whether allegations were sustained and whether the IFR was applied.

**Michael Meade**
Acting Assistant Director
Field Operations
**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**

This message expires one year from the date it was sent, pursuant to ERO policy.



NOTICE: This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this communication should be furnished to the media, either in written or verbal form.

LES