MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:    +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Alejandro Mayorkas,[1] *et al.*,<br><br>Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**EXHIBIT 1 TO DECLARATION OF STEPHEN M. MEDLOCK** |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
    *bazmy@ccrjustice.org*
    Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
    *gschwarz@ccrjustice.org*
    Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
    *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
    Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
    *sarah.rich@splcenter.org*
    Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
    *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
    *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.561

MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.:  17-cv-02366-BAS-KSC |
| Plaintiffs, | **DECLARATION OF KAROLINA WALTERS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR EXPEDITED MOTION FOR DISCOVERY CONCERNING COMPLIANCE WITH PRELIMINARY INJUNCTION** |
| v. | |
| Alejandro Mayorkas,[1] *et al.*, | |
| Defendants. | |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
    *bazmy@ccrjustice.org*
    Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
    *gschwarz@ccrjustice.org*
    Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
    *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
    Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
    *sarah.rich@splcenter.org*
    Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
    *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
    *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

DECLARATION OF KAROLINA WALTERS

# DECLARATION OF KAROLINA WALTERS

I, Karolina Walters, state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a senior attorney at the American Immigration Council, a member of the District of Columbia Bar and the New York State Bar, admitted *pro hac vice* to this Court for this action, and counsel for the Plaintiffs in this case.

2. I make this declaration in support of Plaintiffs' Reply in Support of Their Expedited Motion for Discovery Concerning Compliance with the Preliminary Injunction.

3. The Declaration of Rebecca Cassler (Dkt. 680-3) attached in support of Plaintiffs' Expedited Motion for Discovery Concerning Compliance with the Preliminary Injunction reflects the beginning of recent communications between the parties resulting from questions sent to Plaintiffs' counsel by family and friends of potential PI class members concerning the next steps in their cases, after they received a document the government provides to certain noncitizens in government custody stating that they may be PI class members and that they will be subject to further screening. These communications continued over email to encompass inquiries from Plaintiffs' counsel about additional PI class members who received the document and who received a positive result upon further screening.

4. On February 26, 2021, Plaintiffs' counsel requested a meet-and-confer to more generally "discuss the procedures in place for PI class members following a positive result in a PI class member screening interview."

5. The parties met-and-conferred on March 3, 2021. During the meet-and-confer, the parties discussed: the procedures in place for PI class member screening; the procedures in place following either a positive or negative determination in a PI class member screening interview both for those with final expedited removal orders, conducted under Section 235 of the

Immigration and Nationality Act (INA) ("final ER orders"), and final orders from regular removal proceedings, conducted under Section 240 of the INA ("final orders from 240 proceedings"); and, the procedural options for two PI class members whose attorneys had contacted class counsel.

**Procedures in Place for PI Class Member Screening:**

6.  Government counsel generally explained the procedures in place for PI class member screening but was unable to respond to many questions about the screening interview asked by Plaintiffs' counsel.

7.  Government counsel did not know how much time elapses between the receipt of the PI class member screening notice and the screening interview itself.

8.  Government counsel did not know if the interviewee receives any advance notice of the date and time of the screening interview but stated she would get back to Plaintiffs on this question.

9.  Government counsel could not confirm whether it was standard procedure for the interviewee to receive a transcript of the PI class membership screening interview but stated she would inquire.

10. Government counsel affirmed that interviewees may have counsel present at the screening interview but did not know if interviewees were told this information.

11. Government counsel did not know whether the document informing the interviewee about the U.S. Citizenship and Immigration Services (USCIS) officer's determination regarding PI class membership was provided in any language besides English and/or if the document contained information on how to access translation services but stated she would get back to Plaintiffs on this question.

12. Previously, Government counsel had been unwilling to share the new USCIS screening interview questions with Plaintiffs' counsel. *See* Dkt. 644-2, Lev Decl. at ¶ 14. During the March 3 meet-and-confer, Government counsel

DECLARATION OF KAROLINA WALTERS

stated that she would try to get the USCIS written procedures for PI class member determination and relief to share with Plaintiffs, but Plaintiffs did not receive the USCIS screening interview questions or other USCIS written procedures prior to March 8, 2021, when the Government attached them to its brief in opposition to Plaintiffs' Expedited Motion for Discovery Concerning Compliance with the Preliminary Injunction.

**Procedures in Place Following a PI Class Member Determination for Individuals with Final ER Orders:**

13. Government counsel generally explained that if an interviewee who had a final ER order received a positive PI class membership determination, the PI class member would receive a new credible fear interview (CFI) or Immigration Judge (IJ) review of the PI class member's prior CFI determination, depending on whether the Asylum Ban was applied at the CFI stage or upon IJ review.

14. Government counsel could not provide the timeframe for conducting a new CFI.

15. Government counsel explained that an interviewee can indicate that they want a new CFI immediately, i.e., on the same call as the PI class membership screening interview, but Government counsel did not know whether the interviewee is given the option to proceed immediately with the CFI or if the interviewee had to affirmatively request such treatment.

**Procedures in Place Following a PI Class Member Determination for Individuals with Final Orders from 240 Proceedings:**

16. Government counsel generally explained that when a potential PI class member with a final order from 240 proceedings receives a positive PI class membership determination, the Executive Office for Immigration Review (EOIR) "reviews" the case to determine if the PI class member is eligible for reopening relief under paragraph 2 of this Court's Order Granting Plaintiffs'

3                    DECLARATION OF KAROLINA WALTERS

Motion for Clarification of the Preliminary Injunction ("Clarification Order"), Dkt. 605.

17. Government counsel indicated that EOIR is still working on the process for reopening cases with positive PI class membership determinations, but EOIR has provided guidance to officers on reviewing individual PI class member's cases, conducted a training on this guidance, and EOIR officers have begun reviewing individual PI class member's cases. Government counsel declined Plaintiffs' counsel's request to provide the EOIR guidance to Plaintiffs but indicated that, to the extent possible, she would provide EOIR's procedures to Plaintiffs in writing.

18. Government counsel could not answer what standard EOIR's determination of whether to reopen a case was based on, but stated that she would provide Plaintiffs what EOIR expressed the standard to be in writing.

19. In response to Plaintiffs' counsel's question inquiring how PI class members could submit argument or evidence in support of reopening, or in support of asylum if a case is reopened, prior to EOIR reaching a decision on both reopening and asylum, Government counsel stated that the Government's position is that the Clarification Order does not require respondent participation in the reopening and reconsideration process (including both the decision whether or not to reopen and also the decision whether or not to grant asylum). Government counsel explained that, in practice, this would mean that if EOIR determines that an individual's case should be reopened, he or she would receive a decision (a) stating that the case was reopened and (b) granting or denying asylum, without any opportunity for participation or argument from the PI class member. Plaintiffs' counsel expressed concern that proceeding this way would leave PI class members with no way to explain to EOIR how the application of the Asylum Ban affected other issues in the proceedings prior to the case being decided.

4                    DECLARATION OF KAROLINA WALTERS

20. Government counsel did not know which entity within EOIR was responsible for reopening PI class member cases.

21. Government counsel explained that the current thinking (as of March 3) was that if EOIR decided not to reopen a PI class member's case, the PI class member would not be notified. But Government counsel could not answer whether such a decision meant the PI class member became immediately subject to removal. Therefore, Plaintiffs' counsel asked whether there was a process in place to ensure that individuals entitled to notice under paragraph 3 of the Clarification Order received such notice prior to being removed. Government counsel responded by asking whether Plaintiffs' counsel believed the Clarification Order required the notice to be provided before someone is removed.

22. Government counsel did not know whether EOIR's determination that a case should be reopened pursuant to the Clarification Order counted as the individual's one, statutorily permitted motion to reopen, thus potentially prejudicing the individual's ability to file another motion to reopen. Therefore, Plaintiffs' counsel asked how a PI class member or the PI class member's attorney who wished to raise other arguments in a motion to reopen, apart from why the case should be reopened under the terms of the Clarification Order, could do so, given that the one statutorily permitted motion to reopen is available for such arguments. Government counsel did not know.

23. Plaintiffs' counsel did not receive any further information from Government counsel regarding the issues and questions left outstanding following the March 3 meet-and-confer before the Government attached responsive documents to its opposition to Plaintiffs' Expedited Motion for Discovery Concerning Compliance with the Preliminary Injunction. On Friday, March

DECLARATION OF KAROLINA WALTERS

1    12, 2021, Government counsel provided written responses further addressing

2    outstanding issues from the March 3 meet-and-confer.

3

4    I declare under penalty of perjury under the laws of the United States of

5    America that the proceeding declaration is true and correct.

6

7    Executed on this 15th day of March 2021 at Olney, Maryland.

8

9                                        By: *s/Karolina Walters*
10                                        Karolina Walters

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6                    DECLARATION OF KAROLINA WALTERS