SARAH HARRINGTON
Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS
Senior Litigation Counsel
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br> Hon. Cynthia A. Bashant <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL PLAINTIFFS' PREVIOUSLY FILED DOCUMENTS** <br><br> NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

## INTRODUCTION

Pursuant to Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual, Defendants move the Court for leave to seal Exhibit A to Plaintiffs' Motion for Leave to Lodge Supplemental Evidence (ECF No. 300-2) and Exhibit 19 to Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Summary Judgment (ECF No. 535-21).

## BACKGROUND

Plaintiffs filed their Motion for Leave to Lodge Supplemental Evidence with an attached Exhibit A (ECF No. 300-2) on October 2, 2019. On September 4, 2020, Plaintiffs filed their Memorandum of Points and Authorities in Support of Their Motion for Summary Judgment, with an Exhibit 19 attached (ECF No. 535-21). Both of Plaintiffs' filings contained a report from the Department of Homeland Security ("DHS") Office of Inspector General ("OIG") titled, "Investigation of Alleged Violations of Immigration Laws at the Tecate, California Port of Entry by U.S. Customs and Border Protection" ("Tecate Report"). DHS OIG Report 19-65 (September 26, 2019). The Tecate Report provides the results of the OIG's investigation into a whistleblower's disclosures raised to the U.S. Office of Special Counsel ("OSC") concerning possible violations of immigration law at the Tecate, California Port of Entry by U.S. Customs and Border Protection ("CBP"), Office of Field Operations ("OFO") personnel. The whistleblower personally identified in this report is a CBP Officer and did not consent to the public release of his identity. A version of the Tecate Report with the whistleblower's name was inadvertently published for a brief time, but was quickly replaced with a version with the whistleblower's name redacted. It is the unredacted version that was filed at ECF Nos. 300-2 and 535-21.

As this Court has previously recognized, (ECF No. 510 at 21), disclosure of the whistleblower's identity could subject the Officer to harassment or even risk his very security. Accordingly, Defendants have conferred with Plaintiffs to

replace the filed OIG report (ECF No. 300-2, 535-21) with a version redacting the whistleblower's identity. Plaintiffs take no position on Defendants' Motion to Seal. In consideration of the sensitive and confidential information at risk, Defendants request the Court's permission to seal ECF No. 300-2 and ECF No. 535-21. These exhibits can be replaced on the public docket with the redacted version of the Tecate Report, attached hereto as Exhibit A.

## ARGUMENT

Although there is "a general right to inspect and copy public records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, (1978), a party may still overcome the presumption of access. *Heldt v. Guardian Life Ins. Co. of America,* No. 16-cv-885, 2018 WL 592009, at *1 (S.D. Cal. Nov. 13, 2018). When the documents to be protected are "more than tangentially related to the merits," as is the situation here, parties must show compelling reasons to keep those documents sealed. *Heldt*, 2018 WL 5920029 at *1 (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–98 (9th Cir. 2016)); *see also McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-296, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). The Court has the discretion to seal documents "upon consideration of 'the relevant facts and circumstances of the particular case.'" *Heldt*, 2018 WL 5920029 at *1 (quoting *Nixon*, 435 U.S. at 599).

The specific and sensitive nature of the information contained within ECF Nos. 300-2 and 535-21 provides a compelling reason to grant this Motion to Seal Previously Filed Documents. Both documents are copies of an OIG report naming the whistleblower who raised concerns to the OSC about operations at the Tecate, California, Port of Entry. Although the originally published Tecate Report incorrectly stated that the whistleblower "consented to the release of his name by

OSC as well as the OIG," the Inspector General has since, pursuant to the Inspector General Act, redacted the report to protect the whistleblower's identity.[1]

Further, this Court's own analysis in past orders supports a ruling to seal the report included in ECF Nos. 300-2, 535-21. This Court has recognized personal privacy interests of CBP employees: "these agents retain some interest in their personal privacy." *See* ECF No. 332 (citing *Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001). The Court has noted public employees' "legitimate interest in keeping private matters that could conceivably subject them to annoyance or harassment." *See* ECF No. 332 (quoting *Lahr v. Nat'l Transp. Safety Bd.,* 569 F.3d 964, 977 (9th Cir. 2009) (citations and internal quotation marks omitted). And on August 6, 2020, this Court granted Defendants' request to seal the information about the whistlelower's identity in the Tecate Report attached as Exhibit 4 to Plaintiffs' Motion for Class Certification (ECF No. 390-6). *See* ECF No. 510 at 21 ("This Court further grants Defendants request to seal any identifying information—including names—regarding the Whistleblower, as well as the subject of and witnesses to [] investigations reflected in Exhibit[] … 4 to the Class Certification Motion."). Indeed, this Court has consistently permitted the redaction of the whistleblower's identity in various other documents and deposition testimony. *Id.* at 6, 21.

Finally, the Court should seal ECF Nos. 300-2 and 535-21 to protect the whistleblower's safety and welfare. As long as the whistleblower's identity is public knowledge, he remains at risk of harassment or even harm from hostile actors. *See In re: Bofi Holding, Inc. Sec. Litig.*, No. 315CV02324GPCKSC, 2016 WL 5390533, at *16 (S.D. Cal. Sept. 27, 2016) (granting a motion to seal two witnesses' identities, holding that, "confidential witnesses are typically *current or*

---

[1] *See* https://www.oig.dhs.gov/sites/default/files/assets/2020-04/OSC-File-No-DI-18-5034-Agency-Report-Redacted.pdf

*former employees* … who are *fearful of retaliation* if their identities are disclosed.")(emphasis added).

## CONCLUSION

For the compelling reasons discussed above, the Court should seal Exhibit A to the Plaintiffs' Unopposed Motion for Leave to Lodge Supplemental Evidence (ECF No. 300-2) and Exhibit 19 to Plaintiffs' Memorandum of Points and Authorities in Support of Their Motion for Summary Judgment (ECF No. 535-21), and replace them with the redacted version attached as Exhibit A hereto.

DATED: March 26, 2021              Respectfully submitted,

SARAH HARRINGTON
Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

ALEXANDER J. HALASKA
Trial Attorney

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: March 26, 2021                Respectfully submitted,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
*Counsel for Defendants*