UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., et al.,<br><br>                      Plaintiff,<br><br>   v.<br><br>ALEJANDRO MAYORKAS, Secretary of U.S. Department of Homeland Security, et al.,<br><br>                      Defendants. | Case No. 19-cv-01344-BAS-MSB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART MOTION FOR SANCTIONS**<br><br>**(ECF No. 685)** |

     A Report and Recommendation ("R&R") has been submitted to this Court proposing that Plaintiffs' request for spoliation sanctions be granted in part and denied in part. (ECF No. 685.) For the foregoing reasons, the Court **ADOPTS** the R&R.

**I.   BACKGROUND**

     Plaintiffs' underlying claims in this case arise out of Defendants' implementation of the "Turnback Policy," which Plaintiffs claim unlawfully obstructed individuals' ability to seek asylum in the United States. (Second Am. Compl. ¶¶ 3, 5, 72–83, ECF No. 189.) This policy allegedly included, in part, the use of "metering" or "queue management" measures in which government officials routinely instructed asylum seekers to put their name on a list and wait until their number was called before they could formally request asylum at a port of entry. (*Id.* ¶ 3.)

The instant discovery dispute concerns handwritten notes taken by Customs and Border Protection ("CBP") officials Randy Howe and Todd Owen during daily operational meetings with CBP leadership at its Office of Field Operations ("OFO"), during which queue management, metering and/or the Turnback Policy may have been discussed. (Joint Mot. Concerning Spoliation Sanctions ("Joint Mot.") at 4–6, 8, 19–20, ECF No. 549.) Neither Howe and Owen preserved these handwritten notes to exchange in discovery. (*Id.* at 3, 18–19.) Plaintiffs argue the "proper sanction" is for the Court to "adopt a rebuttable presumption that (a) at the daily OFO leadership meeting, Mr. Owen and Mr. Howe instructed CBP officers to turn back asylum seekers who were arriving at ports of entry on the U.S.-Mexico border and (b) the notes taken by Mr. Owen and Mr. Howe would show that the [T]urnback [P]olicy is based on pretext." (*Id.* at 13.) Defendants contend that although Owen and Howe disposed of these handwritten notes, the requested rebuttable presumption is not warranted because plaintiffs have failed to demonstrate that the notes contained information relevant to their claims and that they were prejudiced by the spoliation. (*Id.* at 23–28.)

On February 18, 2021, Magistrate Judge Karen S. Crawford issued an R&R recommending that this Court decline Plaintiffs' request for the rebuttable presumption and instead adopt an evidentiary exclusion sanction. (ECF No. 685.) The parties had until March 19, 2021 to file objections to the R&R. (*Id.* at 16.) No objections have been filed.

## II.   LEGAL STANDARD

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

"The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no

obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

### III. ANALYSIS

Because neither party has filed objections or requested additional time to do so, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the R&R, the Court concludes that Judge Crawford's reasoning is sound and agrees with the R&R's recommendation. The handwritten notes were clearly captured within the ambit of the litigation holds in this case, creating an obligation for both Howe and Owen to preserve them. Thus, the destruction of this evidence was unreasonable and negligent. Moreover, Defendants' contention that the notes contained no relevant matter is unpersuasive. As "contemporaneous record[s] of meetings attended by CBP's senior leadership, at which metering and queue management were admittedly topics of discussion[,]" the notes easily satisfy the relevance standard. (R&R at 12.)

However, given the volume of other contemporaneous documents produced in this case memorializing meetings and communications on these matters, the Court further agrees that any prejudice to Plaintiffs resulting from the destruction of the notes does not warrant the requested rebuttable presumption. Instead, the Court finds appropriate Judge Crawford's recommendation that this Court preclude Defendants from relying on testimony about the operations meetings at trial to support their defenses to Plaintiffs' claims.

## IV. CONCLUSION AND ORDER

Therefore, the Court hereby approves and **ADOPTS IN ITS ENTIRETY** the R&R granting in part and denying in part the parties' Joint Motion. *See* 28 U.S.C. § 636(b)(1). The Court declines to adopt rebuttable presumptions, due to the destruction of the subject evidence, that Howe and Owen instructed other CBP officers to turn back arriving asylum seekers and that the Turnback Policy is based on pretext.

However, the Court will impose the recommended evidentiary exclusion sanction. Defendants are therefore precluded from offering testimony or other evidence at trial about the discussions at the daily operations meetings in support of their defenses.

**IT IS SO ORDERED.**

**DATED: March 29, 2021**

Hon. Cynthia Bashant
United States District Judge