MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **PLAINTIFFS' [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING ASYLUM INFORMATION OF POTENTIAL PRELIMINARY-INJUNCTION CLASS MEMBERS** |
| v. | |
| Alejandro Mayorkas,[1] *et al.*, | |
| Defendants. | |
| | Hearing Date: January 19, 2021 |
| | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

To date, the government has refused to comply with this Court's order that it share information regarding the identities of preliminary injunction ("PI") class members[2] with Plaintiffs. Dkt. 605 at 23, 25. Instead, the government has insisted that the Court must enter a separate protective order authorizing the sharing of such information, Dkt 644-2 ¶¶ 6, 45, 51(f); Dkt. 647, and that in the interim Plaintiffs must provide a signed privacy waiver from an individual before the government will share information about that individual, Dkt. 680-3 at ¶ 10. Moreover, the government has proposed that once such information has been shared with Plaintiffs, Plaintiffs cannot further share such information to ensure compliance with this Court's orders—even with an individual's family members—without the written consent of the asylum seeker to whom the information pertains. Dkt. 647-1 at 5. In its reply in support of its motion for a protective order, the government states that "[w]hile Plaintiffs cite to some practical difficulties in locating class members and to [sic] communicating with class members in detention under pandemic conditions, *they do not provide concrete examples of why the proposed protective order's terms are an actual hindrance to assisting class members*." Dkt. 662 at 5 (emphasis added). Plaintiffs file this sur-reply to provide the Court with just such evidence, which only became available after the filing of the government's reply.

On Friday, January 22, 2021, Plaintiffs' counsel received an email from a family member of a detained individual ("SC") who had received a document from the government informing him that he may be a PI class member and providing an email address for Plaintiffs' counsel. Dkt. 680-3 at ¶¶ 3, 5.[3] The email from SC's family member stated that SC had received "a stay letter from the detention center

---

[2] "PI class members" are members of the class this Court certified in connection with its November 2019 preliminary injunction. The class consists of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process." Dkt. 330 at 36.

[3] The government did not provide Plaintiffs' counsel with the identities of the individuals who were to receive or did receive this notice. *Id.* at ¶ 4.

1

and is looking further to have another interview with the judge." *Id.* at ¶ 5. In the email, the family member asked whether he could do anything to support SC. *Id.*

After receiving the initial email from SC's family member, and without access to any details about SC's case, Plaintiffs' counsel wrote to government counsel on January 25, 2021, requesting that the government "proceed with sharing information with Plaintiffs to facilitate compliance with the Court's orders regarding relief for the PI class." *Id.* at ¶ 7. The email further stated: "Now that Defendants have distributed notice to potential class members with Plaintiffs' counsel's contact information, such information sharing is necessary to ensure that Plaintiffs' counsel may meaningfully respond to potential class members." *Id.*

Government counsel responded on January 26, 2021, stating that the government would not withdraw its request for a protective order, and stating that "if class members reach out to you they can also sign a Privacy Act Waiver or similar written statement authorizing disclosure, like the Applicant did." *Id.* at ¶ 8. On January 27, 2021, Plaintiffs' counsel responded, noting that a potential class member's family member had reached out on behalf of the detained individual and reiterating that Plaintiffs continue to believe that the Court's order requires the government to share the relevant information with Plaintiffs. *Id.* at  ¶ 9.

On January 28, 2021, government counsel responded that the government "do[es] not agree that the Court's orders contemplate providing Class Counsel with" the records Plaintiffs' counsel requested "for every potential class member," but that government counsel "can take back to the client agencies particular requests for information based on a particularized need." *Id.* at ¶ 10. The email further stated that the agencies would not provide any such information without either an appropriate protective order or authorization to release such information from the individual to whom the records pertain. *Id.*

Following that exchange, Plaintiffs' counsel attempted to schedule a legal call

2
PLS' [PROPOSED] SUR-REPLY IN OPP.
TO DEFS. MOT. FOR PROTECTIVE ORDER

with SC for the purpose of discussing whether SC would be willing to sign a privacy waiver as the government demanded. Beginning on January 27, 2021, a paralegal working for Plaintiffs' counsel has repeatedly sought to reach SC at the Immigrations and Customs Enforcement detention facility where he is detained, but to no avail. Dkt. 680-5 at ¶¶ 2-7. The paralegal has called the only phone number available for the facility on five separate occasions. *Id.* at ¶¶ 3-4. None of the calls were answered by a human being and there was no option to speak to a live operator. *Id.*at  ¶¶ 4-5. Instead, after receiving a message that "the main line mailbox is full," the calls were routed to an unknown mailbox. *Id.* at ¶ 6. The paralegal left voicemail messages requesting information about how to schedule a legal call on four separate occasions—on January 27, and February 1, 8 and 11, 2021. *Id.* at ¶ 4. As of February 12, 2021, none of those calls had been returned. *Id.*

This is, of course, but one example involving only one potential PI class member. Here, the potential PI class member had reached out to a family member for help upon receiving the government's notice that he may be part of the class, and that family member asked Plaintiffs' counsel for assistance. Nevertheless, the government has refused to share information about this asylum seeker with Plaintiffs absent a signed privacy waiver from the asylum seeker. Moreover, despite diligent attempts, Plaintiffs' counsel have been unable to access this potential PI class member within a reasonable time *because* he is in the custody of the government. Plaintiffs' futile efforts to contact this potential PI class member are a "concrete example" of how the government's insistence on written authorization from a potential PI class member before sharing information with Plaintiffs (or, under the government's proposed protective order, allowing Plaintiffs to share such information further) is "an actual hindrance to assisting class members." *See* Dkt. 662 at 5.

This Court has already determined that the government "must share the

information in [its] custody regarding the identities of class members with Plaintiffs." Dkt. 605 at 23; *see also id.* at 25. The government's unwillingness to do so absent difficult-to-obtain written privacy waivers from class members is untenable. This concrete example demonstrates the unreasonableness of the government's position—both with respect to its unwillingness to share information with Plaintiffs absent the entry of a protective order and with respect to the government's proposed limitations on Plaintiffs' sharing of information once the government is (again) ordered to share information with Plaintiffs.

     The government's proposed protective order that would impose such a hurdle before Plaintiffs could further share information they receive from the government in an effort to ensure compliance with the PI should be rejected.

Dated: February 19, 2021

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters

By: */s/ Ori Lev*
   Ori Lev

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: February 18, 2021                    MAYER BROWN LLP

                                            By /s/ Ori Lev