# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | **PROTECTIVE ORDER REGARDING ASYLUM-RELATED INFORMATION** |
| v. | |
| ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*, in their official capacities, | |
| *Defendants*. | |

## I. PREAMBLE

### A. Background

On November 19, 2019, the District Court entered a preliminary injunction prohibiting Defendants from applying the interim final rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019), to a provisional subclass of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process" (hereafter the "Preliminary Injunction Class"). Order Granting Pls.' Mot. for Provisional Class Certification and Granting Pls.' Mot. for Prelim. Inj. 36 (ECF No. 330). On October 30, 2020, this Court entered a further order concerning the preliminary injunction. *See* Order Granting Pls.' Mot. for Clarification of the Prelim. Inj. (ECF No. 605). Among other things, that order states: The Executive Office for Immigration Review "is bound by the terms of the preliminary injunction"; and, "Defendants must make all reasonable efforts to identify class members ... and shar[e] information regarding class members' identities with Plaintiffs." *Id.* at 25.

### B. Purposes and Limitations

The purpose of this Order is to permit Defendants and the Executive Office for Immigration Review to share information contained in or pertaining to any asylum applications, records pertaining to any credible fear determination, and records pertaining to any reasonable fear determination that would otherwise be protected from unilateral disclosure by the government under 8 C.F.R. §§ 208.6 and 1208.6 with Plaintiffs' Counsel for the purpose of facilitating Defendants' and the Executive Office for Immigration Review's compliance with the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330) and the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605).

///

This Order does not supersede, limit, expand, or otherwise alter the stipulated Protective Order (ECF No. 276) that governs the treatment of confidential or highly confidential information in this litigation, except as expressly stated herein. This Order does not supersede, limit, expand, or otherwise alter Defendants' and the Executive Office for Immigration Review's obligations under 8 C.F.R. §§ 208.6 and 1208.6 except as expressly provided for herein.

### C.   Good Cause Statement

Good cause exists to grant this Protective Order because the Court's Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605) requires Defendants to "shar[e] information regarding class members' identities with Plaintiffs," and such information is prohibited from unilateral disclosure, and its confidentiality is protected, by 8 C.F.R. §§ 208.6 and 1208.6. Accordingly, to expedite the flow of information and facilitate compliance with the Court's Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605), to adequately protect confidential and sensitive personal asylum-seeker information, to address its handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

## II.   DEFINITIONS

A.   Action: *Al Otro Lado, Inc., et al. v. Alejandro Mayorkas, Secretary of Homeland Security, et al., in their official capacities*, No. 3:17-cv-02366-BAS-KSC (S.D. Cal.), and any appellate proceedings.

B.   Agency Counsel: Attorneys who are employees of an agency that a Defendant to this Action leads, or of the Executive Office for Immigration Review. Agency Counsel does not include Counsel of Record or any other outside counsel.

C.   Asylum Material: Any documents, information, or items containing any information that is protected from disclosure by the government under 8 C.F.R. § 208.6 or 8 C.F.R. § 1208.6, including, but not limited to, any material that indicates that an individual has applied for asylum, withholding of removal, or protection

under the Convention Against Torture in the United States.

    **D.**    <u>Counsel</u>: Counsel of Record and Agency Counsel (as well as their support staff), and specifically excluding all Parties.

    **E.**    <u>Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but represent or advise a Party to this Action or the Executive Office for Immigration Review and have appeared in this Action on behalf of that Party or are employed by the organization or law firms who represent that Party, including support staff.

    **F.**    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

    **G.**    <u>Party</u>: Any Party to this Action, including its officers, directors, employees, consultants, retained experts, Counsel of Record, and Agency Counsel.

    **H.**    <u>Producing Party</u>: A Party or Non-Party that produces Asylum Material in this Action.

    **I.**    <u>Preliminary-Injunction Class</u>: The provisional subclass defined in the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330).

    **J.**    <u>Receiving Party</u>: A Party that receives Asylum Material from a Producing Party.

**III.   SCOPE**

The protections and procedures conferred by this Order apply to Asylum Material, any information copied or extracted from Asylum Material, all copies, excerpts, summaries, or compilations of Asylum Material, and any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Asylum Material.

**IV.   DURATION**

The protections and procedures conferred by this Order shall remain in effect during the pendency of this Action, including any appellate review, and after this

Action concludes, unless and until the Producing Party agrees in writing or a court orders or directs otherwise. The Parties and any other person(s) or entity(ies) subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

## V.     PRODUCING ASYLUM MATERIAL

### A.     Producing Asylum Material

Notwithstanding the provisions against the government's voluntary disclosure of asylum information set forth in 8 C.F.R. § 208.6 and 8 C.F.R. § 1208.6, defendants and the Executive Office for Immigration Review shall produce to Plaintiffs' Counsel asylum-related information to the extent that the information relates to an alien who is known to be or may be a member of the Preliminary-Injunction Class, and where producing such information would facilitate Defendants' and the Executive Office for Immigration Review's compliance with the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330) or the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605).

### B.     Designating Asylum Material

Designation in conformity with this Order requires the following:

   **1.     For information in documentary form** (*e.g.*, paper or electronic documents, including emails sent between counsel, but excluding transcripts of depositions or other pretrial or trial proceedings): The Producing Party shall, at the time it produces or otherwise discloses Asylum Material pursuant to this Order, affix the term "Asylum Material" to each page that contains such material, designate the document or portions thereof as "Asylum Material" by subsequent written notice, or designate as "Asylum Material" the document or portions thereof by written notice identifying the document's or documents' Bates number(s), or other identifying characteristics.

///

  **2.**   **For information produced in some form other than documentary and for any other tangible items**: The Producing Party shall affix the term "Asylum Material" in a prominent place on the exterior of the container or containers in which the information is stored. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  **C.**   **Inadvertent Failure to Designate**

 If timely corrected, an inadvertent failure to designate information or items as Asylum Material does not waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Upon receipt of new copies of any documents or materials bearing corrected "Asylum Material" designations, the Receiving Party shall destroy the original material and certify in writing to the Producing Party that such original material has been destroyed.

**VI.**   **ACCESS TO AND USE OF ASYLUM MATERIAL**

  **A.**   **Disclosure of Asylum Material**

 Unless otherwise ordered by this Court or permitted in writing by the Producing Party, a Receiving Party may disclose Asylum Material to:

  **1.**   Counsel of Record in the Action, including their associates, clerks, paralegals, in-house investigators, stenographic personnel, litigation support contractors, and such other regular and temporary employees who assist Counsel of Record in connection with the Action, including employees of any firm retained to reproduce the Asylum Material for use in accordance with this Order;

  **2.**   Plaintiff Al Otro Lado, including any of its regular or temporary employees, volunteers, or contractors, in accordance with the terms of this Order;

///

///

**3.** Any court adjudicating this matter, including its judges, law clerks, judicial assistants, clerks, interpreters, and stenographic personnel in connection with the Action, in accordance with the terms of this Order;

**4.** The individual to whom the Asylum Material solely pertains (the "Asylum Seeker");

**5.** Any other Party or Non-Party (including but not limited to members of the Asylum Seeker's family, friends, translators, nonprofit organizations, shelters, or other organizations or individuals), where the Receiving Party's Counsel determines that such disclosure is necessary to protect the Asylum Seeker's rights as a member or potential member of the Preliminary Injunction Class;

**6.** The Asylum Seeker's attorney or accredited representative (including his or her associates, clerks, paralegals, in-house investigators, stenographic personnel, litigation support contractors, and such other regular and temporary employees working under the attorney's or accredited representative's supervision), provided that the attorney or accredited representative may not receive Asylum Material pertaining to other members or potential members of the Preliminary Injunction Class;

**7.** Any person with whom the Asylum Seeker expressly consents to share his or her Asylum Material; and

**8.** Outside experts or consultants (including staff working under their supervision) retained by the Receiving Party's Counsel to assist in this Action, provided such experts or consultants agree in writing to be bound by this Order.

**B.    Filing Asylum Material**

Any party who wishes to include Asylum Material or information derived from Asylum Material in any court filing or other court presentation in this Action, must apply to file, and then, if permission is granted by the Court, subsequently file the materials under seal pursuant to Civil Local Rule 79.2 and the Court's Standing Order. Asylum Material is to be redacted from any document filed on the public

docket until such time as the Court has ruled upon the application to file under seal.

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the Party with appropriate notice to the opposing Party(ies). The Parties shall follow and abide by applicable law, including Civil Local Rule 79.2, ECF Administrative Policies and Procedures § II.j, and the Judge's standing order or chamber's rules, with respect to filing documents under seal.

## VII. ASYLUM MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party receives a subpoena or other compulsory process from a person or entity that is not a Defendant in this Action or the Executive Office for Immigration Review seeking production or other disclosure of Asylum Material, then that Party: (a) shall give electronic notice to the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the Asylum Material sought and enclosing a copy of the subpoena or other compulsory process; (b) shall promptly notify in writing the party who caused the subpoena or other compulsory process to issue that some or all of the material sought is subject to this Order; (c) shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party, including objecting and seeking a protective order in the litigation in which the subpoena or other compulsory process issued; and (d) if a protective order is sought or another form of objection to production is made, shall not produce the Asylum Material called for prior to receiving a court order or the consent of the Producing Party. In the event that such Asylum Material is produced, such material shall still be treated as Asylum Material as appropriate by the Parties to this Order.

///

///

## VIII. UNAUTHORIZED DISCLOSURE OF ASYLUM MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it or a person or entity to whom it has disclosed Asylum Material in accordance with this Order has disclosed Asylum Material to any person or entity or in any circumstance not authorized under this Order, the Receiving Party shall upon learning of the unauthorized disclosure:

    **1.** promptly notify the person(s) or entity to whom the unauthorized disclosure was made that the unauthorized disclosure contains Asylum Material subject to this order;

    **2.** promptly make all reasonable efforts to obtain the return of the Asylum Material and to prevent further unauthorized disclosure of the Asylum Material, including requesting the person(s) or entity who received the unauthorized disclosure to agree to be bound by the terms of this order by executing a declaration in the form included at the end of this Order; and

    **3.** within five (5) business days notify the Producing Party and all other Parties to this Order of the identity of the person(s) or entity to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Asylum Material that was the subject of unauthorized disclosure.

## IX. DISPOSITION OF ASYLUM MATERIAL

### A. Disposition of Materials Relating to Aliens Who Are Not Members of the Preliminary Injunction Class

If Plaintiffs learn, by notification from Defendants or the Executive Office for Immigration Review or otherwise, that Defendants or the Executive Office for Immigration Review have produced Asylum Material that relates to an alien whom the Parties agree or the Court determines is not a member of the Preliminary Injunction Class, Plaintiffs, within thirty (30) days, shall take reasonable steps to destroy or return to the Producing Party the Asylum Material that relates to the alien.

**B.     Final Disposition**

Unless otherwise agreed in writing, within 90 days of the conclusion of the Action (defined as the exhaustion of all appeals by any Party to the Action) or the conclusion of all efforts to comply with the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330) and the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605), whichever is later, Plaintiffs must take reasonable steps to destroy or return Asylum Material to the Producing Party.

**C.     Permissible Retention**

In disposing of Asylum Material as provided for in Sections IX.A and IX.B, counsel may retain that counsel's work-product materials and their file copies of all expert reports, papers filed with the Court, correspondence, transcripts, or deposition or trial exhibits. Any such work-product materials or papers shall continue to be treated pursuant to the terms of this Order.

Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, but instead may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, Plaintiffs' Counsel shall take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

Nothing in Section IX permits or shall be construed to permit the use of Asylum Material in any manner except as permitted in Section VI.A.

**X.     MISCELLANEOUS**

**A.     Right to Further Relief**

Nothing stated herein shall preclude any Party or the Executive Office for Immigration Review from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the Parties and the Executive Office for Immigration Review shall make a good faith effort to resolve the matter by agreement.

### B. Non-Waiver

Entering into, agreeing to, producing or receiving Asylum Material, or otherwise complying with the terms of this Order shall not operate as or constitute a waiver by any Party or the Executive Office for Immigration Review of any right to challenge, seek clarification of, or seek modification of the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330) or the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605), nor shall it prevent the Parties or the Executive Office for Immigration Review from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Asylum Material.

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other material at any proceeding related to this Action. The designation of certain information as Asylum Material pursuant to this Order shall not, for that reason alone, bar its introduction or use in the Action; provided, however, that every effort shall be made to preserve the confidentiality of the Asylum Material.

Neither the taking of any action in accordance with the provisions of this Order nor the failure to object thereto shall be construed as a waiver of any claim or defense in this case, and the entry of this Order shall not be construed as the waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

Nothing in this Order shall limit or reduce the Parties' or the Executive Office for Immigration Review's appellate rights arising from any order or judgment arising from or in connection with the Action.

Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information

designated as Asylum Material.

### C. Modification by the Court

The Court may modify this Order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated: April 7, 2021

Hon. Karen S. Crawford
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*, in their official capacities,<br><br>*Defendants*. | Case No. 3:17-cv-02366-BAS-KSC<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING ASYLUM-RELATED INFORMATION** |

I, _____, have read and understood the Protective Order Regarding Asylum-Related Information entered in the case of *Al Otro Lado, Inc. v. Alejandro Mayorkas*, No. 3:17-cv-02366-BAS-KSC (S.D. Cal.). I agree to be bound by its terms, and further agree, without limitation, to be subject to the jurisdiction of the Court in all matters relating to the enforcement of the Protective Order.

Dated: _____   _____
SIGNATURE

Name:_____