MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  (*pro hac vice*)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  (*pro hac vice*)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> Alejandro Mayorkas,[1] *et al.*, <br><br>  Defendants. | Case No.:  17-cv-02366-BAS-KSC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO SEAL PORTIONS OF PLAINTIFFS' MOTION TO FACILITATE CLASS NOTICE OF HUMANITARIAN EXCEPTION PROCESSES** |

---

[1] Secretary Mayorkas is automatically substituted for former Acting Secretary Wolf pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Ghita Schwarz (NY Bar No. 3030087) (*pro hac vice*)
  *gschwarz@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
  Gianna Borroto (IL Bar No. 6305516) (*pro hac vice*)
  *gborroto@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

Pursuant to Local Rule 2.2 and Section VI(D) of the Protective Order entered by the Court in this matter (Dkt. 276), Plaintiffs move this Court to file limited portions of the Memorandum of Law in Support of their Motion to Facilitate Class Notice of Humanitarian Exception Processes (the "Motion"), and two declarations in support thereof, under seal.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Therefore, a party seeking to seal a judicial record bears the burden of overcoming the presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). Where the underlying motion is "more than tangentially related to the merits," there must be "compelling reasons" to overcome the public's right of access. *Id.* at 1096-98. Where the underlying record does not surpass the tangential relevance threshold, materials may be sealed only upon a showing of "good cause." *Id.*

Under the "compelling reasons" standard, the moving party must "articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal citations and quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court

records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of the records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

Here, Plaintiffs seek to seal two categories of material: (1) materials for which other motions to seal are pending, and (2) declarations that reveal how the Biden administration is inspecting and processing certain categories of asylum seekers.

With respect to the first set of materials, Plaintiffs seek to seal references to information that the parties previously moved to seal in connection with summary judgment briefing and briefing on Plaintiffs' Motion to Enforce the Court's Clarification Order. If the Court grants the those motions to seal, these references should also be sealed.

With respect to the second sets of materials, the Declarations of Joanna Williams and Ursela Ojeda and quotations or summaries of the factual content of those declarations because they reveal sensitive details about how Defendants have partnered with certain aid organizations to create a series of humanitarian exemption processes that work around the existing pandemic-related limitations on inspecting and processing asylum seekers at ports of entry on the U.S.-Mexico border. Defendants have expressed concerns that the disclosure of this information to the general public could undermine these processes. In order to avoid a dispute as to this issue, Plaintiffs have elected to file these materials under seal.

The parties have conferred, and the Government does not oppose this motion.

Dated: June 17, 2021

        MAYER BROWN LLP
          Matthew H. Marmolejo
          Ori Lev
          Stephen M. Medlock

        SOUTHERN POVERTY LAW CENTER
          Melissa Crow

2    MEMO OF P. & A. IN SUPP. OF MOT. TO SEAL

       Sarah Rich
       Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
       Baher Azmy
       Ghita Schwarz
       Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
       Karolina Walters
       Gianna Borroto

By: */s/ Stephen M. Medlock*
       Stephen M. Medlock

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on June 17, 2021, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

*/s/ Stephen M. Medlock*

*Counsel for Plaintiffs*