BRIAN M. BOYNTON
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
alexander.j.halaska@usdoj.gov

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' EXHIBIT 3** |
| ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*, in their official capacities,[1] | |
| *Defendants*. | |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Mayorkas is automatically substituted as a Defendant for former Acting Secretary Wolf.

Page 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

-----------------------------x

AL OTRO LADO, INC., et al.,      :

    Plaintiff,                   :

   -vs-                            : Case No.

KEVIN K. McALEENAN, et al.,      : 17-cv-02366-BAS-KSC

    Defendants.                  :

-----------------------------x

CONFIDENTIAL

30(b)(6) Deposition of

U.S. CUSTOMS & BORDER PROTECTION

By and Through

RANDY J. HOWE

Washington, D.C.

Thursday, January 9, 2019

9:34 a.m.

Job No.: 541878

Pages 1 - 305

Reported by: Tammy S. Newton

Magna Legal Services
866-624-6221
www.MagnaLS.com



```
                                                              Page 2
 1
 2   30(b)(6) Deposition of Randy J. Howe held at the
 3   offices of:
 4       Mayer Brown
 5       1999 K Street, N.W.
 6       Washington, D.C. 20006
 7
 8
 9
10   Pursuant to agreement, before Tammy S. Newton, a
11   Notary Public in and for the District of
12   Columbia.
13
14
15
16
17
18
19
20
21
22
```



```
                                                       Page 3
 1                A P P E A R A N C E S
 2       ON BEHALF OF PLAINTIFFS:
 3              STEPHEN M. MEDLOCK, ESQUIRE
 4              Mayer Brown
 5              1999 K Street, N.W.
 6              Washington, D.C. 20006
 7              (202) 263-3221
 8              smedlock@mayerbrown.com
 9                  and
10              ANGELO GUISADO, ESQUIRE
11              Center for Constitutional Rights
12              666 Broadway, 7th Floor
13              New York, New York 10012
14              (212) 614-6454
15              aguisado@ccrjustice.org
16
17
18
19
20
21
22
```



```
                                                         Page 4
 1      ON BEHALF OF DEFENDANTS:
 2           KATHERINE J. SHINNERS, ESQUIRE
 3           SUSAN IMERMAN, ESQUIRE
 4           U.S. Department of Justice
 5           Office of Immigration Litigation
 6           Ben Franklin Square, P.O. Box 868
 7           Washington, D.C. 20044
 8           (202) 598-8259
 9           katherine.j.shinners@usdoj.gov
10                and
11           SARAH RICH, ESQUIRE
12           REBECCA CASSLER, ESQUIRE
13           Southern Poverty Law Center
14           1101 17th Street, N.W.
15           Suite 705
16           Washington, D.C. 20036
17           (202) 355-4471
18           sarah.rich@splcenter.org
19           (Appeared via Telephone)
20
21
22
```



Page 5

1        Also Present:
2              Louisa Slocum, Esquire, CBP
3              Kristine King, Esquire, CBP
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



Page 9

1              P R O C E E D I N G S

2                  Randy J. Howe,

3    having been sworn by the notary, testified as

4    follows:

5        EXAMINATION BY COUNSEL FOR THE PLAINTIFFS

6    BY MR. MEDLOCK:

7        Q    Good morning, sir.

8        A    Good morning.

9        Q    Will you please state and spell your

10   full name.

11       A    Sure.  Randy James Howe.  R-A-N-D-Y;

12   J-A-M-E-S; H-O-W-E.

13       Q    Have you ever gone by another name,

14   Mr. Howe?

15       A    No.

16       Q    Are you presently employed?

17       A    I am.

18       Q    Where are you employed?

19       A    U.S. Customs & Border Protection.

20       Q    What's your present job title?

21       A    I'm the executive director for

22   operations for the Office of Field Operations.



Page 170

1  operation was operation secure line where we had
2  731 officers from around the country that were on
3  temporary assignment to assist Border Patrol and
4  -- from the Canadian border, from airports, from
5  other Southern border locations, and the impact
6  was felt and -- from stakeholders and the like.
7  It comes at a cost.
8      Q    Understood.  I'd like to move to
9  talking a little bit more directly about the
10 metering policy.  Is it the case currently that
11 when metering is in effect, CBP officers are
12 placed in positions at or near the limit line
13 between the U.S. and Mexico?
14     A    Yes.
15     Q    And is it the case that when a port of
16 entry is engaged in metering, when a noncitizen
17 without proper travel documents arrives at the
18 border, they will be told that the port is at
19 capacity and that they should return to Mexico
20 and put their name on a wait list?
21     A    We do explain to the individual that
22 our port is at capacity and that we're not able



Page 171

```
 1   to process them at that time.
 2       Q    Okay.
 3       A    We do not refer them to somebody to
 4   get on a list.
 5       Q    Okay.  Let me ask the question again.
 6   I'll take that predicate out.
 7            Is it the case currently that when a
 8   port is engaged in metering, when a noncitizen
 9   without proper travel documents arrives at the
10   border, they will be told that the port is at
11   capacity and that they should return to be
12   processed later?
13       A    Yes.
14       Q    It has been the case there have been
15   instances where noncitizens without proper travel
16   documents have actually crossed onto U.S. soil
17   before being told by a CBP officer that they
18   should -- that the port's at capacity and they
19   should return later; is that right?
20       A    I'm aware of instances where
21   individuals did cross the boundary line and --
22   can you repeat your question to make sure I
```

