MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  mmarmolejo@mayerbrown.com
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *(pro hac vice)*
  olev@mayerbrown.com
  Stephen M. Medlock (VA Bar No. 78819)
  *(pro hac vice)*
  smedlock@mayerbrown.com
1999 K Street, N.W.
Washington, DC 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
Melissa Crow (DC Bar No. 453487)
  *(pro hac vice)*
  melissa.crow@splcenter.org
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No. 17-cv-02366-BAS-KSC |
| Plaintiffs, | **PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING DKT. 733** |
| v. | |
| Alejandro Mayorkas,[1] *et al.*, | |
| Defendants. | |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
*bazmy@ccrjustice.org*
Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
*aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
*sarah.rich@splcenter.org*
Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
*rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
*kwalters@immcouncil.org*
Gianna Borroto (IL Bar No. 6305516) (*pro hac vice*)
*gborroto@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

This Court may consider evidence beyond the administrative record because the "record rule" does not apply to Plaintiffs' Administrative Procedure Act ("APA") claims and because Defendants have waived any reliance on that rule. Moreover, even if the record rule did apply to Plaintiffs' claim that the Turnback Policy is arbitrary and capricious under 5 U.S.C. § 706(2)(A), where, as here, the challenged policy is unwritten, discovery outside of the administrative record on the existence of the policy would have been warranted. Accordingly, this Court may consider all the evidence before it when adjudicating the pending cross motions for summary judgment.

**I.      The Record Rule Does Not Apply**

The record rule does not apply to any of Plaintiffs' causes of action. *First*, the record rule does not apply to 5 U.S.C. § 706(1) claims that seek to compel agency action that has been denied or unreasonably delayed. *Second*, the record rule does not apply to Plaintiffs' claim that Defendants' acted in excess of their delegated statutory authority under 5 U.S.C. § 706(2) or to Plaintiffs' non-APA causes of action. *Third*, while the record rule typically applies to claims that an agency acted in an arbitrary and capricious manner, the rule does not apply here because Plaintiffs have offered ample evidence that Defendants acted in bad faith. *Finally*, the record rule does not apply because Defendants deny the existence of the turnback policy.

***The Record Rule does not apply to Plaintiffs' 5 U.S.C. § 706(1) Claim.*** An action to "compel agency action unlawfully withheld or unreasonably delayed," under § 706(1), "is not limited to the [administrative] record as it existed at any single point in time." *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000) (emphasis added). This makes sense because in such cases "there is often no official statement of the agency's justification for its actions or inactions." *Id.*[2]

---

[2] Courts have noted that they are faced with an "unpalatable choice" when considering the scope of extra-record evidence to rely upon based on *Friends of Clearwater* and *San Francisco Baykeeper v. Whitman*, 297 F.3d 877 (9th Cir. 2002).

Here, Plaintiffs challenge Customs and Border Patrol's ("CBP") failure to comply with its statutory mandate to inspect and process asylum seekers arriving at Ports of Entry ("POE") on the U.S.-Mexico border under § 706(1). *See* Dkt. 280 at 32, 46 (rejecting Defendants' motion to dismiss § 706(1) claims). Because each turnback amounts to the unlawful withholding of mandatory agency action in violation of § 706(1), discovery related to this claim was entirely proper, and consideration at summary judgment of the information obtained in discovery is likewise warranted. *See Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affs.*, 842 F. Supp. 2d 127, 130-31 (D.D.C. 2012) (recognizing district court's grant of summary judgment on a § 706(1) claim based on facts obtained through discovery and where the government never filed an administrative record).

**The Record Rule only applies, if at all, to Plaintiffs' arbitrary and capricious claim and does not apply to their § 706(2), Alien Tort Statute, and constitutional claims.** The rationale behind the record rule applies to "a prototypical APA challenge to agency action on the ground that it is arbitrary and capricious, an abuse of discretion, or unsupported by the evidence." *Cook Cty., Ill. v. Wolf*, 461 F. Supp. 3d 779, 794 (N.D. Ill. 2020). The rule's purpose is to limit extensive exploration into the agency's "explanation" and "reasons" for its action. *Dep't of Com. v. N.Y ("DOC")*, 139 S. Ct. 2551, 2573 (2019). But an agency's reasoning is not particularly relevant to APA challenges to an action's statutory or constitutional validity. Thus, the record rule does not apply to "challenges to agency action alleged to be 'contrary to constitutional right [or] without observance of procedure required by law'" under APA § 706(2)(B), (D). *Rueda Vidal v. U.S. Dep't of Homeland Sec.*, --- F. Supp. 3d

---

*See, e.g., Yurok Tribe v. U.S. Bureau of Reclamation*, 231 F. Supp. 3d 450, 470 (N.D. Cal. 2017). That choice is not presented here. Defendants never produced an administrative record, never moved to strike extra-record evidence, and never argued that this Court should confine its review to a subset of documents comprising an administrative record.

---, 2021 WL 1731606, at *2 (C.D. Cal. 2021) (quoting 5 U.S.C. ¶ 706(2)). For the same reasons, there is little reason to apply the record rule when a court is confronted with the purely legal question of whether an agency exceeded its statutory authority under APA § 706(2)(C). *See id.* Moreover, "the APA's administrative record requirement does not govern the availability of discovery" regarding Plaintiffs' standalone constitutional and statutory claims (and by logical extension, the use of information discovered), because those claims "exist[] outside of the APA." *California v. U.S. Dep't of Homeland Sec.*, --- F. Supp. 3d ---, 2020 WL 1557424, at *13 (N.D. Cal. 2020). Therefore, the record rule, and the fact that Defendants never produced an administrative record in this case, are irrelevant to Plaintiffs' claims under APA § 706(2)(B)-(D), their claim under the Due Process Clause, and their claim under the Alien Tort Statute.

***APA Review is not limited to the Administrative Record where, as here, the Government's asserted rationale is pretextual.*** As the Supreme Court recently re-affirmed, the ordinary rule that review of claims under § 706(2)(A) is limited to the administrative record does not apply where, as here, there is a strong showing of bad faith or improper behavior, including where the agency's asserted rationale for its actions is pretextual. *DOC,* 139 S. Ct. at 2573-76. *See also Sweet v. DeVos*, 495 F. Supp. 3d 835, 844 (N.D. Cal. 2020) ("Pretext is the paradigm of agency bad faith"). *DOC* is instructive in two respects. First, substantively, the Court held that where the evidentiary record (including material outside the administrative record) "reveal[s] a significant mismatch between the decision the Secretary made and the rationale [s]he provided," an agency's decision cannot stand. *DOC*, 139 S. Ct. at 2575. Just as in *DOC*, the evidence before this Court in the pending motions "tells a story that does not match the explanation the Secretary gave for [her] decision" and the "sole stated reason" for the policy at issue—capacity constraints, in this case—"seems to have been contrived." *Id.* Second, *DOC* makes clear that once such an "extra-record record" exists before a court, it is authorized to consider it in its decision, where, as

1  here, the evidence demonstrates that the bad faith exception applies. In *DOC*, the
2  Court held that although the district court "should not have ordered extra-record
3  discovery when it did," in light of what the expanded record demonstrated, the Court
4  would "review the District Court's ruling on pretext in light of all the evidence in the
5  record before the [C]ourt, including the extra-record discovery." *Id.* at 2574.
6  Regardless of whether this Court would have ordered extra-record discovery had the
7  government timely and properly objected to it, at this juncture it is entirely
8  appropriate for the Court to consider the extra-record discovery in determining that
9  the government's asserted rationale is pretextual and its conduct arbitrary and
10 capricious. *See also Sweet,* 495 F. Supp. 3d. at 846-47 (applying *DOC* to authorize
11 extra-record discovery).

12      ***The record rule does not apply to any aspect of Plaintiffs' APA claims***
13 ***because it would undermine the ability to challenge an unwritten or disputed***
14 ***policy.*** Courts must be able to consider evidence outside the administrative record
15 where Plaintiffs allege an unwritten policy and Defendants both deny the existence
16 of, and have failed to create a written record of, said policy. *See, e.g.*, *W. Watersheds*
17 *Project v. Pool*, 942 F. Supp. 2d 93, 100 (D.D.C. 2013) ("Because this case is about
18 agency inaction . . . rather than agency action, this case may not be resolved solely
19 based on the administrative record."). This is the corollary of caselaw allowing claims
20 of unwritten policies to satisfy the APA's "pragmatic" final agency action
21 requirement. *See Al Otro Lado v. McAleenan*, 394 F. Supp. 3d 1168, 1206-07 (S.D.
22 Cal. 2019) (collecting cases). As "a matter of policy or common sense," limiting
23 review of a policy the agency did not write down to an administrative record the
24 agency did not create would prevent plaintiffs from successfully challenging such
25 policies. *See Grand Canyon Tr. v. Pub. Serv. Co. of N.M.*, 283 F. Supp. 2d 1249,
26 1252 (D.N.M. 2003). Agencies "must 'disclose the basis'" of their actions to "permit
27 meaningful judicial review." *DOC*, 139 S. Ct. at 2573. Where an agency does not do
28 so, extra-record discovery must be permitted to enable such review. *See, e.g.*, *Cobell*

1  *v. Babbitt*, 91 F. Supp. 2d 1, 38 (D.D.C. 1999) (permitting extra-record evidence
2  when "the 'processes utilized and factors considered by the decisionmaker require
3  further explanation for effective review'") (quoting *Sokaogon Chippewa Cmty. v.*
4  *Babbit*, 929 F. Supp. 1165, 1172 (W.D. Wis. 1996)).

5      Here, the Court has already held that Plaintiffs "adequately identified a final
6  agency action in the form of the Turnback Policy" at the complaint stage, even though
7  it was an unwritten policy. *Al Otro Lado*, 394 F. Supp. 3d at 1208. Plaintiffs are now
8  arguing that the evidence they have developed establishes not only the existence of a
9  final agency action but all other elements of their APA claims. That evidence is not
10 from an administrative record—because Defendants never created or produced one.
11 Instead, it is the result of dogged discovery into Defendants' correspondence,
12 meetings, and actions. Without this evidence, Plaintiffs will have little to show the
13 Court to support their arguments in favor of summary judgment.

14     Other courts have considered evidence beyond the administrative record in
15 APA challenges. In *Garcia Ramirez v. ICE*, a class of immigrant teenagers
16 challenged ICE's failure to consider, as required by statute, less restrictive
17 placements when they aged out of the immigrant juvenile care system. *See* 471 F.
18 Supp. 3d 88, 92 (D.D.C. 2020). The *Garcia Ramirez* class brought APA § 706(1) and
19 (2) claims, including arbitrary and capricious claims. *See id.* at 171. In concluding
20 that the agency had violated the APA, the *Garcia Ramirez* court considered a wide
21 range of evidence, including agency forms, testimony from agency officials, the
22 content of agency trainings, and practices in different agency field offices. *See*
23 *generally id.* at 175-191.[3] And in *National Urban League v. Ross*, the district court

---

[3] Even if the Court were to apply the record rule to the question of whether the Turnback Policy is arbitrary and capricious under APA § 706(2)(A), it would make little sense to also exclude from consideration the evidence in the summary judgment record that demonstrates the policy's existence in the first place when Defendants deny the policy's existence. *See, e.g.*, *Am. Bar Assoc. v. U.S. Dep't of Educ.*, 370 F. Supp. 3d 1, 26-27 (D.D.C. 2019) (consulting evidence submitted by the plaintiffs

5

issued a preliminary injunction based on a record developed through discovery, where the defendants claimed that there was no administrative record because there was no APA action. *See* 977 F.3d 770, 775 (9th Cir. 2020).[4]

## II. Even If the Record Rule Applied, the Government Has Waived Its Reliance on the Rule

"Summary judgment is the 'put up or shut up' moment in a lawsuit." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citation omitted). The failure to raise an argument in a summary judgment briefing is a waiver of that argument. *See, e.g.*, *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 903 F.2d 612, 615 n.1 (9th Cir. 1990) (declining to consider argument that was not raised in summary judgment opposition brief); *Yonemoto v. McDonald*, 2015 U.S. Dist. LEXIS 53072, at *22 (D. Haw. 2015) ("It is well-settled that a party's failure to raise an issue in opposition to a motion for summary judgment operates as a waiver of that issue.").

Here, Defendants failed to raise any argument that this Court should consider only a limited administrative record when assessing summary judgment. Nor did they move to strike or object to any supposed extra-record evidence submitted by Plaintiffs. Instead, they submitted a 106-page, 269-paragraph Joint Statement of Undisputed Facts that cited depositions, interrogatories, and internal emails that would typically be considered outside the scope of an administrative record. *See* Dkt.

---

outside the administrative record to determine whether a policy change had occurred); *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 140-41 (D.D.C. 2018) (relying on the plaintiffs' evidence of an unwritten policy, which was not contained in an administrative record, to conclude that such a policy existed). Meaningful review would otherwise be impossible.

[4] Even if the Court were to find the record rule applies to Plaintiffs' arbitrary and capricious claim, the proper result would not be to ignore all the evidence in the summary judgment record, but rather, to consider those pieces of the summary judgment record that reflect "the reasons [Defendants] considered at the time [they] acted." *Friends of Clearwater*, 222 F.3d at 560.

619. Defendants also cited similar evidence in their summary judgment papers. *See* Dkt. 564 at 10-31. It is not as though Defendants were unaware of the administrative record rule. Defendants initially raised it as an objection to Plaintiffs' discovery requests in this case but elected not to withhold information from discovery on that basis. *See* Dkt. 536-7 at 2 (raising record rule objection, but then stating "Defendants are not withholding any information on the basis of this objection, however."). Instead, Defendants permitted Plaintiffs to take discovery of high-level officials at U.S. Customs and Border Protection and produced hundreds of thousands of documents to Plaintiffs because they made a conscious choice to abandon any reliance on a limited administrative record, tacitly acknowledging that the record rule does not apply in this case.

This Court should not revive the record rule arguments that Defendants knowingly abandoned. "In our adversarial system, we follow the principle of party presentation. . . . [W]e rely on the parties to frame the issues for decision and assign to the courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (citation and internal quotation marks omitted). And, "[i]n a case like this one—involving sophisticated litigants represented by able counsel—there is no reason to depart from the principle of party presentation." *PDVSA US Litig. Tr. v. Lukoil Pan Americas, LLC*, 991 F.3d 1187, 1193 (11th Cir. 2021); *see also AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1214 (9th Cir. 2020) (holding "we may entertain only those arguments 'bearing a fair resemblance to the case shaped by the parties'" and rejecting an argument that a party did not raise "until [the Ninth Circuit] ordered supplemental briefing" on that issue).[5]

Long ago, Defendants decided to abandon any reliance on a limited administrative record. The Court should hold them to that decision.

---

[5] And it almost goes without saying that the U.S. Department of Justice is highly sophisticated when it comes to defending agency action or inaction in federal court.

Dated: August 25, 2021

MAYER BROWN LLP
   Matthew H. Marmolejo
   Ori Lev
   Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
   Melissa Crow
   Sarah Rich
   Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy
   Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters
   Gianna Borroto

By: */s/ Stephen M. Medlock*
   Stephen M. Medlock

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: August 25, 2021                MAYER BROWN LLP

By <u>*/s/ Stephen M. Medlock*</u>