MAYER BROWN LLP
Matthew H. Marmolejo (CA Bar No. 242964)
*mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Ori Lev (DC Bar No. 452565)
*(pro hac vice)*
*olev@mayerbrown.com*
Stephen M. Medlock (VA Bar No. 78819)
*(pro hac vice)*
*smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
Melissa Crow (DC Bar No. 453487)
*(pro hac vice)*
*melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

Al Otro Lado, Inc., *et al.*,

Plaintiffs,

v.

Alejandro Mayorkas,[1] *et al.*,

Defendants.

Case No.: 17-cv-02366-BAS-KSC

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR COURT OVERSIGHT OF PRELIMINARY INJUNCTION COMPLIANCE**

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy (NY Bar No. 2860740)
(*pro hac vice*)
*bazmy@ccrjustice.org*
Angelo Guisado (NY Bar No. 5182688)
(*pro hac vice*)
*aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
Sarah Rich (GA Bar No. 281985)
(*pro hac vice*)
*sarah.rich@splcenter.org*
Rebecca Cassler (MN Bar No. 0398309)
(*pro hac vice*)
*rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
Karolina Walters (DC Bar No. 1049113)
(*pro hac vice*)
*kwalters@immcouncil.org*
Gianna Borroto (IL Bar No. 6305516)
(*pro hac vice*)
*gborroto@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

Plaintiffs would not ordinarily oppose a motion for a 2-day extension of time. But this is no ordinary case, and this is not an ordinary motion. Defendants have failed to offer any explanation for the need for an extension. They note only that "Government agencies are finalizing declarations about their procedures related to the implementation of the court's preliminary injunction and clarification orders." Dkt. 755 at 2. They do not assert that such declarations cannot be completed before the filing date or even explain why it would be difficult to complete the declarations in a timely manner, particularly given that Defendants were on notice of Plaintiffs' intent to file the motion as of August 4, 2021. *See* Dkt. 734-2 at ¶ 3. They have thus failed to establish any cause, let alone good cause, for an extension.

More fundamentally, the pending motion before the court relates to the Government's interminable and unconscionable delays in implementing this Court's prior orders. As discussed in Plaintiffs' Motion for Court Oversight, Defendants' continued intransigence in complying with the preliminary injunction, issued nearly two years ago, has deprived many class members of its benefits. *See* Dkt. 736-1. Further delay—even of a few days—is unwarranted and would serve to exacerbate the problems caused by the Government and reward their intransigence.

Defendants' request for an extension should be denied.

Dated: September 10, 2021

MAYER BROWN LLP
Matthew H. Marmolejo
Ori Lev
Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
Melissa Crow
Sarah Rich
Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
Karolina Walters
Gianna Borroto

By: *<u>/s/ Ori Lev</u>*
Ori Lev

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: September 10, 2021

MAYER BROWN LLP

By *<u>/s/ Ori Lev</u>*