# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | |
| v. | |
| Chad F. WOLF, Acting Secretary of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

## DECLARATION OF JILL W. ANDERSON, GENERAL COUNSEL, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

I, JILL W. ANDERSON, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that my testimony below is true and correct:

1. I serve as the General Counsel for the Executive Office for Immigration Review ("EOIR"). In this capacity, I manage the Office of General Counsel ("OGC") and provide legal counsel to the Agency on matters pertaining to the Immigration and Nationality Act and other laws and procedures as they relate to EOIR, among other duties. I have served in this position since December 2019.

2. Prior to December 2019, I served as Acting General Counsel beginning in June 2019. From September 2017 to June 2019, I served as Deputy General Counsel. My prior positions in EOIR were Supervisory Attorney for the Board of Immigration Appeals ("BIA") from May 2011 to September 2017, and Attorney Advisor for the BIA from December 2006 to May 2011.

3. I make this Declaration based on my own personal knowledge, on information contained in the records of EOIR, or information provided to me by EOIR employees.

4. On October 30, 2020, the Court issued an order binding EOIR to the terms of the November 19, 2019 preliminary injunction order in the Al Otro Lado ("AOL") litigation. Pursuant to that order, EOIR took immediate, affirmative steps toward identifying cases that are

eligible for reopening by generating a list of 2,117 individuals in Section 240 removal proceedings for whom EOIR's systems indicate that an application for asylum was denied between July 16, 2019 through June 30, 2020 and who were encountered by CBP between July 16, 2019 and June 30, 2020. To date, EOIR has completed its manual collection and review of the individual Record of Proceedings ("ROP") for 1,631 individuals on this list. EOIR is tracking the results of its ROP review, including which individuals were determined to be preliminary-injunction class members, which cases are reopened, and whether there is insufficient evidence in the ROPs to determine class membership.

5. The remaining 486 cases are at various stages of the review process. The review process consists of review of the record by the adjudicator to determine (1) whether the past determination that the potential class member was ineligible for asylum was based on the third-country transit rule, and (2) whether the individual is an AOL preliminary-injunction class member. The adjudicators have been advised to review the entire contents of the ROP in each case, including the I-213, if any, audio recording or transcript of the hearings for any evidence relevant to the class member determination, and application of the third-country transit rule. Once the adjudicator has completed review of the record and made a determination as to reopening, including application of the third-country transit rule and class membership, the results of the review are reported to EOIR's Office of the General Counsel ("EOIR-OGC") for second-line review.

6. EOIR-OGC reviews the results of the adjudicator-level review for each file, including a review of the adjudicator's notes and findings, and the individual file if necessary. EOIR-OGC provides counsel on any issues identified by the adjudicators. Where EOIR-OGC determines that additional review is required, the case is returned to the adjudicator for further consideration. In such cases, EOIR-OGC provides additional counsel and support to the adjudicators in completing the file review as needed.

7. Any preliminary-injunction class member may file an affirmative motion to reopen with any evidence they wish to provide regarding their class membership. The adjudicators have been advised that potential class members may file motions to reopen, and that if a motion to reopen is filed, and the individual meets the class membership criteria and the transit rule was applied, the case should be reopened per the court's October 30, 2020 order. If the individual does not qualify for reopening under the court's October 30, 2020 order, the adjudicators have been advised to adjudicate the motion to reopen as they would any motion to reopen that comes before the court. If an affirmative motion to reopen has been received from a potential class member, and the adjudicator determines that the motion contains insufficient evidence of class membership, EOIR-OGC has advised the adjudicator to solicit additional information pursuant to an order or by conducting a hearing on the motion.

8. Of the 1,631 cases for which review has been completed, 1,169 cases were determined to be ineligible for reopening and 462 were determined to be eligible for reopening. Of the 462 cases determined eligible for reopening, only 271 of those cases found (1) that the transit rule was applied and (2) that the individual is a class member.[1] The transit bar was applied in 1,194 of the 1,631 cases reviewed, 411 cases did not have the transit bar applied, and in 26 cases no finding was made. Of the 1,631 cases reviewed, 1,036 were found to be class members, 410 were found to not be class members, 152 cases contained insufficient evidence, and in 33 cases no finding was made. Of the cases that were determined to have insufficient evidence of class membership that were not otherwise reopened, only 46 had the transit bar applied. EOIR continues to explore whether and what further review procedures may be necessary for these 46 cases.

9. EOIR adjudicators only issue affirmative orders in sua sponte reopening proceedings when a case is reopened pursuant to the court's order. If an adjudicator determines that a case is ineligible for reopening, or that there is insufficient evidence of preliminary-injunction class membership, the adjudicator does not issue an order concerning that determination. This leaves open the option for the potential preliminary-injunction class member to file an affirmative motion to reopen under AOL, along with any evidence they wish to provide regarding their class membership, when they are ready to defend such a motion and proceed with their case. EOIR, through government counsel, has agreed to provide the results of its file review directly to plaintiffs, including whether the individual was identified as a class member or there was insufficient evidence, and whether the case was identified for reopening.

10. For cases that are reopened and re-calendared for further immigration proceedings, where the individual either does not appear at the initial hearing or where the hearing notice or order reopening the case is returned as undeliverable, EOIR-OGC has advised the adjudicators to place the case on the status docket or continue the case where possible, as permitted by law.

Signed this 13th day of September, 2021

**JILL ANDERSON**
Digitally signed by JILL ANDERSON
Date: 2021.09.13 12:30:49 -04'00'

Jill W. Anderson
General Counsel
Executive Office for Immigration Review

---

[1] In some cases, the adjudicator exercised their sua sponte authority to reopen for other reasons, even if the individual was determined to not be a preliminary-injunction class member or there was insufficient evidence of class membership.