# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Chad F. Wolf,[1] *et al.*,<br><br>　　　　Defendants. | Case No.: 17-cv-02366-BAS-KSC<br><br>**ORDER GRANTING MOTION TO ENFORCE PRELIMINARY INJUNCTION** |

## ORDER

Before the Court is Plaintiffs' Motion to Enforce Preliminary Injunction (ECF No. 644). For good cause shown, IT IS HEREBY ORDERED that the motion is GRANTED.

I.　<u>Additional Compliance Steps</u>

IT IS FURTHER ORDERED that Defendants and the Executive Office for Immigration Review ("EOIR") (collectively, the "Government") shall, in addition to other compliance steps, take the following steps in order to comply with the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction ("Clarification Order") (ECF No. 605):

1. With respect to paragraph (4) of the Clarification Order:
    a. Make reasonable and timely efforts to obtain metering waitlists from their Mexican counterparts within 10 days of the date of this Order, and report to the Court and Plaintiffs on those efforts within 14 days;

---

[1] Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d).

b. Develop a process to consult those waitlists in Defendants' possession (either received from Plaintiffs or from Defendants' efforts set forth in the prior paragraph) as part of the Government's efforts to identify PI class members;

c. Treat the inclusion of an individual's name on a metering waitlist in the Government's possession as presumptive evidence of PI class membership if the waitlist suggests the name was added to the list before July 16, 2019, absent an articulated reason to conclude that such evidence does not reflect that the individual was in a border city prior to July 16, 2019;

d. Make all reasonable efforts to identify the last waitlist number given out at each border city bordering a Port of Entry along the U.S.-Mexico border on July 15, 2019 ("the July 15 number"), and the date that the July 15 number was called for entry into the United States at the corresponding Port of Entry (the "last entry date"), and treat all individuals who entered the United States at a Port of Entry prior to that Port of Entry's last entry date who later sought asylum in the United States as presumptive PI class members absent an articulated reason to conclude that such individual was not in a border city prior to July 16, 2019;

e. Establish a process to ensure:
   i. That potential PI class members have an opportunity to provide evidence of PI class membership to the individual charged with making a PI class membership determination; and
   ii. That potential PI class members are informed of the process and the kind of evidence that can be submitted;

    f. Not rely on any statements made during, or conclusions reached based on, prior screening for PI class membership in determining whether an individual is a PI class member; and

    g. Provide Plaintiffs' counsel with information regarding all potential PI class members that Defendants identify pursuant to the Clarification Order, including the class members' names, A numbers, date and location of entry into the United States, current address and other contact information if known, and the current status of the individuals' asylum claims (e.g., granted, denied but withholding granted, denied in custody, denied but released (e.g. on parole or an Order of Supervision), denied and removed), provided that:

        i. Plaintiffs shall use such information solely to facilitate compliance with the Preliminary Injunction, Clarification Order, this Order, and any subsequent orders of the Court enforcing or clarifying the Preliminary Injunction; and

        ii. Plaintiffs may, for that purpose, provide such information to the individual to whom such information pertains, such individual's legal representative(s) or family member(s), and other individuals upon the written or oral consent of the individual to whom the information pertains, their legal representative, or family member.

This order constitutes authorization for Defendants to share such information with Plaintiffs notwithstanding 8 C.F.R. §§ 208.6, 1208.6.

2. With respect to paragraph (3) of the Clarification Order, ensure that the notice required by paragraph (3) plainly and simply:

    a. Informs recipients of the existence of the Preliminary Injunction and Clarification Order;

   b. Includes a summary of the process Defendants will use to identify PI class members,
   c. Informs recipients of the opportunity to submit evidence of PI class membership, provides a description of the kinds of evidence accepted and includes a date or specified time period by which recipients will be required to submit such evidence of PI class membership;
   d. Informs recipients of the criteria of eligibility for reopening/reconsideration relief;
   e. Includes a summary of the process for reopening/reconsidering past determinations of asylum eligibility; and
   f. Includes a phone number and email address where an individual can obtain additional information regarding the individual's case from the Government; and
3. With respect to paragraph (2) of the Clarification Order:
   a. Include in any review of past determinations of potential PI class members deemed ineligible for asylum based on the Asylum Ban those individuals with past determinations made after June 30, 2020;
   b. Treat PI class members deemed ineligible for asylum based on application of the Asylum Ban as subject to paragraph (2) of the Clarification Order and entitled to the reopening/reconsideration relief set forth therein regardless of whether the decision denying asylum also referenced or relied upon an alternative basis to deny asylum;[2]
   c. Treat PI class members to whom the Asylum Ban was applied at an intermediate stage of the process (e.g., by immigration court) as subject

---

[2] Defendants may propose specific categories of categorical bars to asylum eligibility that they propose to exclude from this requirement (i.e., cases that can be exempt from further review if asylum was denied for a specified alternative basis).

4                                    ORDER
                                     Case No. 3:17-cv-02366-BAS-KSC

to paragraph (2) of the Clarification Order and entitled to the reopening/reconsideration relief set forth therein regardless of whether the final adjudicator (e.g., BIA) denied asylum only on a basis other than the Asylum Ban; and

  d. Ensure that individuals whose cases are reopened or reconsidered pursuant to paragraph (2) of the Clarification Order are afforded an opportunity to submit substantive evidence of asylum eligibility.

II.   Implementation Plan

IT IS FURTHER ORDERED that:

1. The Government shall develop and provide to Plaintiffs a comprehensive plan (the "implementation plan") setting forth the steps it intends to take to comply with paragraphs (2)-(4) of the Clarification Order, and its proposed timeline for compliance, within 14 days of the date of this order. The implementation plan shall, at a minimum, include the following:

   a. With respect to paragraph (4) of the Clarification Order:

      i. A description of how the Government intends to identify potential members of the class certified in the Order Granting Plaintiffs' Motion for Provisional Class Certification (EFC No. 330) ("PI class members"), including:

         1. How the Government intends to use records of the dates on which individuals who have sought asylum in the United States were inspected at the various Ports of Entry ("POEs") along the southwest border;

         2. How the Government intends to use records of the dates on which metering was taking place at the various POEs along the southwest border;

    3. How the Government intends to identify and use the dates on which the last waitlist number handed out on July 15, 2019 in a particular border city was called for entry into the United States at the various POEs along the southwest border;

    4. How the Government intends to use metering waitlists maintained in Mexican border cities along the southwest border; and

    5. How the Government intends to review its records of notations regarding class membership made pursuant to the guidance issued on November 25, 2019 and December 2, 2019, to CBP and OFO, respectively;

ii. A process by which individuals may affirmatively assert PI class membership;

iii. A description of the evidence of PI class membership that will be accepted in making a determination of class membership, and what weight will be afforded to such evidence;

iv. The screening questions to be used in any interviews to screen for PI class membership;

v. The guidance to be provided to individuals conducting PI class membership screening interviews and/or making PI class membership determinations;

vi. A description of how Defendants intend to share information regarding potential PI class members with Plaintiffs for the purpose of providing notice of the PI and Clarification Order to those PI class members not covered by Defendants' notice obligations under paragraph (3) of the Clarification Order.

b. With respect to paragraph (3) of the Clarification Order:

  i. The text of the notice(s) the Government has provided or intends to provide to class members under paragraph (3) of the Clarification Order;

  ii. To the extent the Government plans to provide different notice to different subgroups of PI class members, a description of those groups and identification of the notice to be provided to each;

  iii. The languages into which Defendants intend to translate the notice(s) and the basis for having selected those languages;

  iv. A description of how Defendants intend to provide notice to illiterate individuals;

  v. A description of how and when Defendants intend to provide notice to PI class members in DHS custody;

  vi. A description of how and when Defendants intend to provide notice to PI class members in administrative proceedings before USCIS; and

  vii. A description of how and when Defendants intend to provide notice to PI class members in administrative proceedings before EOIR;

c. With respect to paragraph (2) of the Clarification Oder:

  i. A description of how Defendants intend to identify those PI class members with past determinations of asylum ineligibility based on the Application of the Asylum Ban, including:

    1. Which officials will make the class membership determination,

    2. How Defendants will provide potential class members an opportunity to provide evidence of class membership, and

    3. The process by which class membership determinations will be made;

  ii. A description of the steps Defendants and EOIR intend to take to reopen or reconsider past determinations that PI class members were ineligible for asylum; and

  iii. A description of the process that will be afforded to class members whose cases are reopened or reconsidered, including how such individuals will be afforded an opportunity to submit evidence of their eligibility for asylum;

 d. A date by which each of the steps outlined in the implementation plan will be completed.

2. The parties shall meet and confer regarding the implementation plan and make a good faith effort to reach agreement with respect to the steps necessary to comply with the Clarification Order.

3. No later than 14 days after Defendants provide the Plaintiffs with a copy of the implementation plan, the Parties shall jointly file a status report with the Court identifying any areas of disagreement.

III. <u>Further Proceedings</u>

IT IS FURTHER ORDERED that the Court will hold a hearing to consider any such areas of disagreement no later than 7 days after the filing of the status report; and the Court will schedule additional hearings on a bi-weekly basis to facilitate compliance with the Preliminary Injunction, Clarification Order and this Order.

SO ORDERED.

Dated: January __, 2021

              Hon. Cynthia A. Bashant
              United States District Judge