UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>　　　　　　　Defendants. | Case No. 17-cv-2366-BAS-KSC<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION (ECF No. 644);**<br><br>**(2) DENYING AS MOOT PLAINTIFFS' MOTION FOR ORAL ARGUMENT (ECF No. 653);**<br><br>**(3) GRANTING PLAINTIFFS' MOTION FOR DISCOVERY (ECF No. 680); AND**<br><br>**(4) GRANTING MOTIONS TO SEAL (ECF Nos. 643, 663, 678, 693, 696, 701)** |

**I.　MOTION FOR COURT OVERSIGHT**

　　Plaintiffs have filed a Motion to Enforce Preliminary Injunction (ECF No. 644) and a Motion for Court Oversight of Preliminary Injunction (ECF No. 736).  Because the first

motion is subsumed in the second, the Court **DENIES** the initial Motion to Enforce Preliminary Injunction and the Motion for Oral Argument on that Motion as moot. (ECF Nos. 644, 653.) The Court will address Plaintiffs' concerns regarding enforcement of the preliminary injunction in its ruling on the Motion for Court Oversight. (ECF No. 736.)

## II.   MOTION FOR DISCOVERY

Plaintiffs additionally move for discovery, to include 20 requests for production, 10 interrogatories, and an unspecified number of depositions of unspecified individuals. (ECF No. 680.) Specifically, Plaintiffs request information on who is a likely class member; how the Government determined who was a likely class member; and what the Government did after learning an individual was a likely class member. (*Id.*) Despite Defendants' outlining how the process is proceeding, Plaintiffs provide anecdotal evidence that Immigration Judges are refusing to apply the Preliminary Injunction and the Government has attempted to deport some individuals subject to the Preliminary Injunction without a credible fear interview. (*Id.*)

Additionally, on at least one occasion, the Government was poised to deport a planeload of individuals to Cameroon, which included several potential class members. (ECF No. 680–3, 680–4.) In October 2020, the Court granted Plaintiffs' Emergency Motion to enjoin removal of a Cameroonian asylum applicant who the Court determined was a member of the certified subclass. (ECF No. 607.) Despite the Government's argument in opposing this Emergency Motion that the applicant's asylum application had been denied for reasons beyond the Asylum Ban, the Court disagreed. Because the Immigration Court had determined the Asylum Ban applied, the Judge had only then applied a "reasonable fear" standard as opposed to the lesser "credible fear" standard. (*Id.*) Thus, the Court ordered the Government to allow this class member the required asylum hearing to determine if she had a "credible fear" if deported. (*Id.*)

Defendants oppose the request for discovery, arguing that Plaintiffs have or can obtain the information they request. (ECF No. 695.) Specifically, the Government will provide Plaintiffs with a list of class members once a protective order is signed, and

Defendants have shared their plans for implementing the Preliminary Injunction. Thus, the Defendants contend, further discovery is unnecessary. (*Id.*) Plaintiffs reply. (ECF No. 698).

"[A] court should give careful attention to a request for discovery to establish noncompliance with one of its judgments." *Calif. Dep't of Soc. Servs. v. Leavitt,* 523 F.3d 1025, 1033 (9th Cir. 2008). If the discovery could reveal "potentially favorable information," it should be ordered. *Id.* at 1034. "A movant who requested permission to engage in discovery as part of a motion to enforce a judgment need only show … that the request might have generated information that could raise significant questions concerning compliance." *Id.*; *see also Gen. Elec. Co. v. Liang,* No. CV 13-08670 DDP (VBKx), 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014) ("Discovery can be vital to enable a plaintiff to … evaluate the need for any further injunctive relief beyond that which has been ordered."); *Fraihat v. U.S. Immigr. & Customs Enf't*, No. EDCV 19-1546 JGB (SHKx), 2020 WL 2758553*,* at *3 (E.D. Cal. May 15, 2020) (holding district court's authority to monitor and enforce prior orders "extends to allowing post-judgment discovery to aid the court in determining whether a party has complied with that order" (citing *Richmark Corp. v. Timber Falling Consultants, Inc.,* 937 F.2d 1444, 1449 (9th Cir. 1991))).

The Court agrees with Plaintiffs that discovery would enable them to determine whether the Government has complied with the preliminary injunction. Therefore, the Court **GRANTS** the Motion for discovery in principle, but requests that Plaintiffs submit their discovery requests to the Court for approval. The Government may oppose the specific requests.

### III.   MOTION TO SEAL

Finally, in conjunction with the Motion to Enforce the Preliminary Injunction and the Motion for Discovery, the parties file various Motions to Seal. (ECF Nos. 643, 663, 678, 693, 696, 701.) Because the Court finds the redactions all address material the Court has previously found to be confidential and has previously sealed, the Motions are **GRANTED.**

Specifically, the parties move to seal names, A-file numbers, and other identifying information about the cases of asylum seekers. The Court has previously found such information is properly sealed. Therefore, the Court grants the Unopposed Motion to Seal portions of Exhibits 3 and 4 to Plaintiffs' Motion to Enforce the Preliminary Injunction (ECF Nos. 644-5, 644-6); grants the Unopposed Motion to Seal portions of Exhibits 1, 2 and 3 in Support of Plaintiffs' Motion for Discovery (ECF Nos. 680); grants the Unopposed Motion to Seal portions of the Reply brief supporting Plaintiff's Motion for Discovery (ECF No. 698); and grants the Unopposed Motion to Seal portions of the Points and Authorities and Exhibits B, D, E to Defendants' Opposition to the Motion for Discovery (ECF No. 695). (ECF Nos. 643; 678; 693; 696.)

Plaintiffs also move to seal portions of the Reply supporting Plaintiffs' Motion for a Preliminary Injunction and Exhibits 1, 2, and 3 thereto (ECF No. 662). (ECF No. 663.) Plaintiffs claim the redacted portions detail how the U.S. Customs and Border Protection deploys resources, meetings between the governments of the U.S. and Mexico and information about port capacity, all information the Court has previously sealed as confidential. Therefore, the Court grants this Motion to Seal. (*Id.*)

Finally, Defendants moved, unopposed, to seal Exhibit A to Plaintiffs' Unopposed Motion for Leave to Lodge Supplemental Evidence (ECF No. 300-2) and Exhibit 19 to Plaintiffs' Memorandum and Authorities in Support of Their Motion for Summary Judgment (ECF No. 535-21). (ECF No. 701.) Defendants claim that these documents reveal the identity of a whistleblower whose safety and security is potentially at risk through such public disclosure. Again, the Court has previously sealed this type of information as confidential. Therefore, the Court grants this Motion to Seal. (*Id.*)

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES as moot** the Motion to Enforce Preliminary Injunction (ECF No. 644); **DENIES as moot** the Motion for Oral Argument (ECF No. 653) and **GRANTS** the Motion for Discovery (ECF No. 680). Additionally, the Court **GRANTS** the Motions to Seal (ECF Nos. 643, 663, 678, 693, 696, 701), and directs

the clerk of court to accept and file under seal the proposed sealed lodged documents (ECF Nos. 645, 664, 679, 694, 697) and to seal two previously filed documents (ECF No. 300-2; ECF No. 535-21).

**IT IS SO ORDERED.**

DATED: September 24, 2021

Hon. Cynthia Bashant
United States District Judge