BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS
Senior Litigation Counsel
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **JOINT RESPONSE TO THIS COURT'S SEPTEMBER 3, 2021 ORDER (ECF No. 743)** |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

The parties hereby respond to this Court's September 3, 2021 Order (ECF No. 734) ("Sealing Order"), which granted in part and denied in part the motions to seal documents and information contained the parties' Motions to Exclude ("MTEs"), Plaintiffs' Reply in support of their Motion to Exclude ("Pls.' MTE Reply"), Plaintiffs' Motion for Summary Judgment ("Pls.' MSJ"), and Plaintiffs' Opposition to Defendants' Cross-Motion for Summary Judgment ("Pls.' Opp. to Defs.' MSJ"), (ECF Nos. 532, 537, 583), and which also granted the motions to seal documents and information contained in Defendants' Motion for Summary Judgment ("Defs.' MSJ"), Defendants' Opposition to Plaintiffs' Motion to Exclude[1], Plaintiffs' Reply in support of their Motion for Summary Judgment ("Pls.' MSJ Reply"), the parties' Joint Statement of Undisputed Facts ("JSUF"), and the parties' Memoranda of Contentions of Law and Fact (ECF Nos. 561, 568, 608, 620, 623). The parties have conferred, through counsel, and list the additional exhibits that Defendants maintain should be replaced with redacted versions in accordance with the Court's Sealing Order, and attach the redacted exhibits as instructed by this Court's Sealing Order.[2]

---

[1] Although the Court did not expressly address the specific exhibits to Defendants' Opposition to Plaintiffs' Motion to Exclude in its Order, Defendants publicly filed redacted versions of the exhibits it sought to seal, *see* Ex. 2 to Defs.' Opp. to Pls.' MTE (ECF No. 570-3); Ex. 3 to Defs.' Opp. to Pls.' MTE (ECF No. 570-4); and Ex. 4 to Defs.' Opp. to Pls.' MTE (ECF No. 570-5). As such, the parties are not submitting additional redacted versions of those documents but maintain that the unredacted versions of those exhibits should remain under seal.

[2] In the Sealing Order, the Court accepted Defendants' designated redactions for transcripts of deposition testimony and other reports attached to Plaintiffs' MSJ, (Appendix 1 to ECF No. 594; Appendix 1 to ECF No. 633), and ordered the Clerk to accept and file these documents under seal. Sealing Order at 3. To the extent the Court's Sealing Order requests submission of the redacted copies of these documents in accordance with those approved redactions, the parties will separately move for an extension of that requirement.

## A. **Proposed Redactions Under Sections D-E/Reasons for Sealing**

In the September 3, 2021 Sealing Order, this Court permitted the parties to submit proposed redactions to exhibits which contain employee contact information, numbers or statistics from which maximum port capacity can be inferred, or the names of subjects and witnesses to investigations. Sealing Order at 4-5 (Section D-E).

Accordingly, Defendants submit that the following exhibits should remain under seal and be replaced with the following versions containing Defendants' proposed targeted redactions as permitted by Sections D and E of the September 3, 2021 Sealing Order, consistent with the Court's prior August 6, 2020 Sealing Order, and to which Plaintiffs do not object:

1) Portions of the document bearing the Bates number AOL-DEF-00041453, at Plaintiffs' MTE Exhibit 16, which contains employee contact information;

2) Portions of the document bearing the Bates number AOL-DEF-01037408, at Plaintiffs' MTE Exhibit 18, which contains employee contact information;

3) Portions of Exhibit 27 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00762746, at Plaintiffs' MTE Exhibit 20, Plaintiffs' MSJ Exhibit 50, which contains employee contact information and communications with Mexico consistent with Section D of this Court's order[3];

---

[3] Section D of the Sealing Order is titled "Port Information and Communications with Government of Mexico"; states that it "will permit redactions of contact information and numbers or statistics from which maximum port capacity can be inferred; and also states that "these redactions shall comply with the guidelines set forth in the Court's August 6, 2020 Sealing Order [ECF No. 510]." Because that August 6, 2020 Sealing Order permitted targeted redactions of certain types of communications with officials from the Government of Mexico, August 6, 2020

4) The entirety of the document bearing the Bates number AOL-DEF-00288009, at Plaintiffs' MTE Exhibit 22; Plaintiff's MSJ Exhibit 96, which contains employee contact information;

5) Portions of the document bearing the Bates number AOL-DEF-00038620, at Plaintiffs' MTE Exhibit 26; Plaintiffs' MSJ Exhibit 117, which contains employee contact information;

6) Portions of the document bearing the Bates number AOL-DEF-0074316, Plaintiffs' MTE Exhibit 29; Plaintiffs' MSJ Exhibit 93, which contains employee contact information;

7) Portions of the document bearing the Bates number AOL-DEF-00210364, at Plaintiffs' MSJ Exhibit 5, which contains employee contact information as well as identifying information about witnesses and Office of the Inspector General investigators;

8) Portions of Exhibit 209 to the deposition of Mariza Marin which bears the Bates number AOL-DEF-00069611, at Plaintiffs' MSJ Exhibit 7, which contains employee contact information;

9) Portions of the document bearing the Bates number AOL-DEF-00030298, at Plaintiffs' MSJ Exhibit 11, which contains employee contact information;

10) Portions of Exhibit 35 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00575507, at Plaintiffs' MSJ Exhibit 13, which contains employee contact information;

11) Portions of the document bearing the Bates number AOL-DEF-00030002, at Plaintiffs' MSJ Exhibit 26, which contains numbers or statistics concerning port capacity or from which maximum port capacity

---

Sealing Order at 5, 9, and approved the sealing of  contingency planning information, *id.* at 20, the parties propose targeted redactions of the same type here.

can be inferred;

12) Portions of the document bearing the Bates number AOL-DEF-00023574, at Plaintiffs' MSJ Exhibit 27, which contains employee contact information;

13) Portions of the document bearing the Bates number AOL-DEF-00031442, at Plaintiffs' MSJ Exhibit 33, which contains numbers or statistics concerning port capacity or from which maximum port capacity can be inferred;

14) Portions of Exhibit 26 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00761338, at Plaintiffs' MSJ Exhibit 34, which contains employee contact information ;

15) Portions of the document bearing the Bates number AOL-DEF-00030271, at Plaintiffs' MSJ Exhibit 35, which contains employee contact information and numbers or statistics concerning port capacity or from which maximum port capacity can be inferred;

16) Portions of the document bearing the Bates number AOL-DEF-00034741, at Plaintiffs' MSJ Exhibit 39, which contains employee contact information;

17) Portions of the document bearing the Bates number AOL-DEF-00063869, at Plaintiffs' MSJ Exhibit 40, which contains employee contact information;

18) Portions of the document bearing the Bates number AOL-DEF-00067551, at Plaintiffs' MSJ Exhibit 41, which contains employee contact information and numbers or statistics concerning port capacity or from which maximum port capacity can be inferred;

19) Portions of the document bearing the Bates number AOL-DEF-00243127, at Plaintiffs' MSJ Exhibit 42, which contains employee contact information;

20) Portions of the document bearing the Bates number AOL-DEF-00303657, at Plaintiffs' MSJ Exhibit 43, which contains employee contact information;

21) Portions of the document bearing the Bates number AOL-DEF-00321316, at Plaintiffs' MSJ Exhibit 44, which contains employee contact information and numbers or statistics concerning port capacity or from which maximum port capacity can be inferred;

22) Portions of the document bearing the Bates number AOL-DEF-00741876, at Plaintiffs' MSJ Exhibit 45, which contains employee contact information;

23) Portions of the document bearing the Bates number AOL-DEF-00321325, at Plaintiffs' MSJ Exhibit 46, which contains employee contact information and numbers or statistics concerning port capacity or from which maximum port capacity can be inferred;

24) Portions of Exhibit 279 to the deposition of Todd Hoffman, which bears the Bates number AOL-DEF-00090986, at Plaintiffs' MSJ Exhibit 48, which contains numbers or statistics concerning port capacity or from which maximum port capacity can be inferred;

25) Portions of the document bearing the Bates number AOL-DEF-00023715, at Plaintiffs' MSJ Exhibit 49, which contains communications with foreign governments as well as photographs of migrants[4];

26) Portions of the document bearing the Bates number AOL-DEF-00069150, at Plaintiffs' MSJ Exhibit 52, which contains employee contact information;

27) Portions of Exhibit 29 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00761290, at Plaintiffs' MSJ Exhibit 53, which

---

[4] The parties propose redacting this information about non-parties consistent with the Court's rulings protecting privacy interests. *See, e.g.*, Sealing Order at 5, § E.

contains employee contact information;

28) Portions of Exhibit 323 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00258173, at Plaintiffs' MSJ Exhibit 55, which contains employee contact information and numbers or statistics from which maximum port capacity can be inferred;

29) Portions of a document bearing the Bates number AOL-DEF-00019314, at Plaintiffs' MSJ Exhibit 56, which contains employee contact information, numbers or statistics concerning port capacity or from which maximum port capacity can be inferred, and information about contingency planning, pursuant to Section D of the Court's Order;

30) Portions of Exhibit 256 to the deposition of Todd Hoffman, which bears the Bates number AOL-DEF-00043575, at Plaintiffs' MSJ Exhibit 57, which contains employee contact information;

31) Portions of the document bearing the Bates number AOL-DEF-00258210, at Plaintiffs' MSJ Exhibit 58 which contains employee contact information;

32) Portions of the document bearing the Bates number AOL-DEF-00272845, at Plaintiffs' MSJ Exhibit 59, which contains employee contact information and numbers or statistics concerning port capacity or from which maximum port capacity can be inferred;

33) Portions of the document bearing the Bates number AOL-DEF-00815228, at Plaintiffs' MSJ Exhibit 60, which contains employee contact information numbers or statistics concerning port capacity or from which maximum port capacity can be inferred, and contingency planning information under Section D;

34) Portions of the document bearing the Bates number AOL-DEF-00904527, at Plaintiffs' MSJ Exhibit 61, which contains employee contact information contingency planning information under Section D;

35) Portions of the document bearing the Bates number AOL-DEF-00272790, at Plaintiffs' MSJ Exhibit 62, which contains employee contact information, numbers or statistics from which maximum port capacity can be inferred and communications with Mexico consistent with Section D of this Court's order;

36) Portions of Exhibit 327 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00272878, at Plaintiffs' MSJ Exhibit 65; Plaintiffs' MSJ Reply Exhibit 13, which contains employee contact information, information shared by foreign governments, and numbers or statistics from which maximum port capacity can be inferred;

37) Portions of the document bearing the Bates number AOL-DEF-00314214, at Plaintiffs' MSJ Exhibit 66, which contains employee contact information, information shared by foreign governments, and numbers or statistics from which maximum port capacity can be inferred;

38) Portions of Exhibit 31 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00272936, at Plaintiffs' MSJ Exhibit 67, which contains employee contact information;

39) Portions of Exhibit 166 to the deposition of Samuel Cleaves, which bears the Bates number AOL-DEF-01267496, at Plaintiffs' MSJ Exhibit 71, which contains employee contact information;

40) Portions of Exhibit 329 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00272938, at Plaintiffs' MSJ Exhibit 72, which contains employee contact information, information shared by foreign governments, and numbers or statistics from which maximum port capacity can be inferred;

41) Portions of Exhibit 175 to the deposition of Samuel Cleaves, which bears the Bates number AOL-DEF-00799450, at Plaintiffs' MSJ Exhibit 74, which contains employee contact information;

42) Portions of Exhibit 171 to the deposition of Samuel Cleaves, which bears the Bates number AOL-DEF-00038270, at Plaintiffs' MSJ Exhibit 75, which contains employee contact information;

43) Portions of Exhibit 93 to the deposition of Randy Howe, which bears the Bates number AOL-DEF-00041777, at Plaintiffs' MSJ Exhibit 81, which contains employee contact information;

44) Portions of a document bearing the Bates number AOL-DEF-00010764, at Plaintiffs' MSJ Exhibit 84, which contains employee contact information;

45) Portions of a document bearing the Bates number AOL-DEF-00010718, at Plaintiffs' MSJ Exhibit 85, which contains employee contact information;

46) Portions of a document bearing the Bates number AOL-DEF-00010722, at Plaintiffs' MSJ Exhibit 86, which contains employee contact information;

47) Portions of Exhibit 366 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00048757, at Plaintiffs' MSJ Exhibit 87, which contains numbers or statistics from which maximum port capacity can be inferred;

48) Portions of Exhibit 335 to the deposition of Scott Glabe, which bears the Bates number AOL-DEF-00047694, at Plaintiffs' MSJ Exhibit 88, which contains employee contact information, numbers or statistics from which maximum port capacity can be inferred, and communications with Mexico consistent with Section D of this Court's order;

49) Portions of Exhibit 208 to the deposition of Mariza Marin, which bears the Bates number AOL-DEF-00072964, at Plaintiffs' MSJ Exhibit 92, which contains employee contact information;

50) Portions of a document bearing the Bates number AOL-DEF-00095574,

at Plaintiffs' MSJ Exhibit 94, which contains employee contact information, and numbers or statistics concerning capacity or from which maximum port capacity can be inferred;

51) Portions of a document bearing the Bates number AOL-DEF-00277294, at Plaintiffs' MSJ Exhibit 95, which contains employee contact information;

52) Portions of a document bearing the Bates number AOL-DEF-00288011, at Plaintiffs' MSJ Exhibit 97, which contains employee contact information;

53) Portions of a document bearing the Bates number AOL-DEF-00812864, at Plaintiffs' MSJ Exhibit 99, which contains employee contact information;

54) Portions of Exhibit 185 to the deposition of Mariza Marin, which bears the Bates number AOL-DEF-00749854, at Plaintiffs' MSJ Exhibit 101, which contains numbers or statistics from which maximum port capacity can be inferred, staffing information, contingency planning information, and emergency protocols in accordance with Section D of the court's order;

55) Portions of Exhibit 234 to the deposition of Rodney Harris, which bears the Bates number AOL-DEF-01037408, at Plaintiffs' MSJ Exhibit 104, which contains employee contact information;

56) Portions of Exhibit 33 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00081089, at Plaintiffs' MSJ Exhibit 106, which contains employee contact information;

57) Portions of Exhibit 47 to the deposition of Todd Owen, at Plaintiffs' MSJ Exhibit 107, which contains employee contact information;

58) Portions of Plaintiffs' Consolidated Responses and Objections to First Set of Interrogatories, at Plaintiffs' MSJ Exhibit 115, which contains

names of subjects and witnesses to investigations, numbers or statistics concerning port capacity or from which maximum port capacity can be inferred, communications with and intelligence from Mexico consistent with Section D of this Court's order, and the names and signatures of named Plaintiffs in accordance with the Court's order permitting Plaintiffs to proceed pseudonymously (ECF No. 138);

59) Portions of Exhibit 272 to the deposition of Todd Hoffman, which bears the Bates number AOL-DEF-00560270, at Plaintiffs' MSJ Exhibit 120, which contains employee contact information;

60) Portions of Exhibit 34 to the deposition of Todd Owen, which bears the Bates number AOL-DEF-00032389, at Plaintiffs' Opposition to Defendants' MSJ Exhibit 1, which contains employee contact information;

61) Portions of Exhibit 84 to the deposition of Randy Howe, which bears the Bates number AOL-DEF-00062658, at Plaintiffs' Opposition to Defendants' MSJ Exhibit 5, which contains employee contact information;

62) Portions of the document bearing the Bates number AOL-DEF-00090275, at Plaintiffs' MSJ Reply Exhibit 2, which contains employee contact information;

63) Portions of the document bearing the Bates number AOL-DEF-00356565, at Plaintiffs' MSJ Reply Exhibit 3, which contains employee contact information;

64) Portions of the document bearing the Bates number AOL-DEF-00023065, at Plaintiffs' MSJ Reply Exhibit 4, which contains employee contact information;

65) Portions of the document bearing the Bates number AOL-DEF-00062658, at Plaintiffs' MSJ Reply Exhibit 5, which contains employee

contact information;

66) Portions of the document bearing the Bates number AOL-DEF-00238845, at Plaintiffs' MSJ Reply Exhibit 6, which contains employee contact information;

67) Portions of the document bearing the Bates number AOL-DEF-00243111, at Plaintiffs' MSJ Reply Exhibit 7, which contains employee contact information;

68) Portions of the document bearing the Bates number AOL-DEF-00539629, at Plaintiffs' MSJ Reply Exhibit 8, which contains employee contact information;

69) Portions of the document bearing the Bates number AOL-DEF-00632354, at Plaintiffs' MSJ Reply Exhibit 9, which contains employee contact information;

70) Portions of the document bearing the Bates number AOL-DEF-00632364, at Plaintiffs' MSJ Reply Exhibit 10, which contains employee contact information;

71) Portions of the document bearing the Bates number AOL-DEF-0067823, at Plaintiffs' MSJ Reply Exhibit 11, which contains employee contact information;

72) Portions of the document bearing the Bates number AOL-DEF-00272878, at Plaintiffs' MSJ Reply Exhibit 13, which contains employee contact information and information from which maximum port capacity can be inferred;

73) Portions of the document bearing the Bates number AOL-DEF-00242587, at Plaintiffs' MSJ Reply Exhibit 14, which contains employee contact information;

74) Portions of the document bearing the Bates number AOL-DEF-00210387, at Plaintiffs' MSJ Reply Exhibit 16, which contains employee

contact information as well as identifying information about witnesses and Office of the Inspector General investigators;

75) Portions of the document bearing the Bates number AOL-DEF-00014832, at Plaintiffs' MSJ Reply Exhibit 17, which contains employee contact information;

76) Portions of the document bearing the Bates number AOL-DEF-00026065, at Plaintiffs' MSJ Reply Exhibit 19, which contains employee contact information;

77) Portions of the document bearing the Bates number AOL-DEF-00040005, at Plaintiffs' MSJ Reply Exhibit 20, which contains employee contact information and numbers and statistics from which maximum port capacity can be inferred;

78) Portions of the document bearing the Bates number AOL-DEF-00090819, at Plaintiffs' MSJ Reply Exhibit 21, which contains employee contact information and information from foreign governments from which maximum port capacity can be inferred;

79) Portions of the document bearing the Bates number AOL-DEF-00031410, at Plaintiffs' MSJ Reply Exhibit 23, which contains employee contact information and numbers and statistics from which maximum port capacity can be inferred;

80) Portions of the document bearing the Bates number AOL-DEF-00030508, at Plaintiffs' MSJ Reply Exhibit 24, which contains employee contact information and numbers and statistics from which maximum port capacity can be inferred;

81) Portions of the document bearing the Bates number AOL-DEF-00249063, at Plaintiffs' MSJ Reply Exhibit 25, which contains employee contact information and contingency planning information under Section D of the Court's Order;

82) Portions of the document bearing the Bates number AOL-DEF-00249075, at Plaintiffs' MSJ Reply Exhibit 26, which contains employee contact information;

83) Portions of the document bearing the Bates number AOL-DEF-00247296, at Plaintiffs' MSJ Reply Exhibit 27, which contains employee contact information;

84) Portions of the document bearing the Bates number AOL-DEF-00247309, at Plaintiffs' MSJ Reply Exhibit 28, which contains employee contact information;

85) Portions of the document bearing the Bates number AOL-DEF-00247380, at Plaintiffs' MSJ Reply Exhibit 29, which contains employee contact information;

86) Portions of the document bearing the Bates number AOL-DEF-00247381, at Plaintiffs' MSJ Reply Exhibit 30, which contains employee contact information;

87) Portions of the document bearing the Bates number AOL-DEF-00030448, at Plaintiffs' MSJ Reply Exhibit 31, which contains employee contact information and numbers and statistics from which maximum port capacity can be inferred;

88) Portions of the document bearing the Bates number AOL-DEF-00047694, at Plaintiffs' MSJ Reply Exhibit 33, which contains employee contact information;

89) Portions of the document bearing the Bates number AOL-DEF-01272477, at Plaintiffs' MSJ Reply Exhibit 34, which contains employee contact information and information from which maximum port capacity can be inferred;

90) Portions of the document bearing the Bates number AOL-DEF-01205190, at Plaintiffs' MSJ Reply Exhibit 35, which contains employee

contact information; and

91) Portions of the document bearing the Bates number AOL-DEF-00235276, at Plaintiffs' MSJ Reply Exhibit 36, which contains employee contact information and information from which maximum port capacity can be inferred.

92) Portions of the document bearing the Bates number AOL-DEF-00014041, at Plaintiffs' MTE Exhibit 27; Plaintiffs' MSJ Exhibit 8, which contains employee and witness information pertaining to an internal investigation (a redacted version of which is already publicly filed at ECF 535-10, and no further redactions are required);

Unless otherwise noted above, the redacted versions of these documents are attached to this filing.

**B.** **Proposed Deliberative-Process Redactions**

Under Section B of the September 3, 2021 Sealing Order, this Court denied Defendants' requests to seal several documents in their entirety based on the assertion of the governmental deliberative process privilege, on the grounds that Defendants had withdrawn their privilege claim after the public release of information contained in the documents. Sealing Order at 3. Yet, Defendants had asserted deliberative process protections over certain other communications that did not relate to the subject matter of the withdrawn privilege claim. Accordingly, Defendants attach the following exhibits to this response with additional proposed targeted redactions for purposes of protecting communications concerning or reflecting predecisional deliberations:

1) Portions of the document bearing the Bates number AOL-DEF-00019314, Exhibit 56 to Plaintiffs' MSJ, which contains predecisional discussions regarding non-final proposals;

2) Portions of the document bearing the Bates number AOL-DEF-00043575, Exhibit 57 to Plaintiffs' MSJ (Ex. 256 to the Hoffman

Deposition), which contains predecisional discussions regarding non-final proposals; and

3) Portions of the document bearing the Bates number AOL-DEF-00815228, Exhibit 60 to Plaintiffs' MSJ, which contains predecisional discussions regarding non-final proposals.

Plaintiffs take no position on these redactions.

## C. **Additional Document to be Unsealed**.

In the Sealing Order, the Court also requested the parties indicate which documents may be unsealed (other than those listed in Appendix A to the Sealing Order). Accordingly, the following exhibit that was initially filed under seal can be unsealed: The document bearing the Bates number AOL-DEF-00353883, Exhibit 6 to Plaintiffs' MSJ.


DATED: September 30, 2021           Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Acting Assistant Attorney General
                                    Civil Division

                                    WILLIAM C. PEACHEY
                                    Director

                                    */s/ Katherine J. Shinners*
                                    KATHERINE J. SHINNERS
                                    Senior Litigation Counsel
                                    U.S. Department of Justice
                                    Civil Division
                                    Office of Immigration Litigation
                                    District Court Section
                                    P.O. Box 868, Ben Franklin Station
                                    Washington, D.C. 20044
                                    Tel: (202) 598-8259 | Fax: (202) 305-7000
                                    katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

DATED: September 30, 2021        Respectfully submitted,

MAYER BROWN LLP
        Matthew H. Marmolejo
        Ori Lev
        Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
        Melissa Crow
        Sarah Rich
        Rebecca Cassler

CENTER FOR CONSTITUTIONAL
RIGHTS
        Baher Azmy
        Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
        Karolina Walters
        Gianna Borroto

By: */s/ Stephen M. Medlock*
        Stephen M. Medlock

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: September 30, 2021          Respectfully submitted,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*