MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *(pro hac vice)*
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *(pro hac vice)*
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
   Melissa Crow (DC Bar No. 453487)
   (*pro hac vice*)
   *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | |
| v. | **DECLARATION OF STEPHEN M. MEDLOCK IN SUPPORT OF PLAINTIFFS' BRIEF CONCERNING DECLARATIVE AND INJUNCTIVE RELIEF** |
| Alejandro Mayorkas,[1] *et al.*, | |
| Defendants. | |

---

[1] Secretary Mayorkas is automatically substituted for former Acting Secretary Wolf pursuant to Fed. R. Civ. P. 25(d).

DECLARATION OF STEPHEN M. MEDLOCK

CENTER FOR CONSTITUTIONAL RIGHTS
   Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
   *bazmy@ccrjustice.org*
   Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
   *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
   Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
   *sarah.rich@splcenter.org*
   Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
   *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
   Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
   *kwalters@immcouncil.org*
   Gianna Borroto (IL Bar No. 6305516) (*pro hac vice*)
   *gborroto@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# DECLARATION OF STEPHEN M. MEDLOCK

I, Stephen M. Medlock, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner with the law firm Mayer Brown LLP and co-lead counsel for the Plaintiffs in this case. Pursuant to Civil Local Rule 7.1(f), I make this declaration in support of Plaintiffs' Brief Concerning Declarative and Injunctive Relief.

2. Attached hereto as Exhibit 1 is a true and correct copy of the declaration of Erika Pinheiro.

3. Attached hereto as Exhibit 2 is a true and correct copy of the declaration of Gianna Borroto.

4. Attached hereto as Exhibit 3 is a true and correct copy of the declaration of Soraya Vazquez.

5. On September 2, 2021, this Court entered its summary judgment opinion and order. *See* Dkt. 742.

6. On September 3, 2021, I emailed defense counsel in this case stating: "In light of yesterday's ruling and the October 1 deadline for briefing on the scope of the remedy, can you please share with us the steps that DHS and CBP are taking to comply with the Court's summary judgment ruling? If you can't provide an immediate answer, can you please give me a date by which you will be able to provide the information?"

7. On September 8, 2021, Alexander Halaska, Trial Attorney for the Department of Justice, and part of Defendants' counsel, responded: "We do not believe there are any particular steps needed 'to comply with the Court's summary judgment ruling.' The Court's order denied both parties' motions with respect to Plaintiffs' requests for relief without prejudice and ordered the parties to submit further briefing on the question of '[w]hat remedy is appropriate in light of the Court's § 706(1) finding.' *See* MSJ Order, at 44–45. This is consistent with what the

Case 3:17-cv-02366-BAS-KSC   Document 768-1   Filed 10/01/21   PageID.67648
Page 4 of 4

Court said at oral argument: that it would issue an order on relief after receiving further briefing from the parties. We are happy to discuss compliance issues after the Court enters an order addressing remedies."

8. On September 8, 2021, I responded to Mr. Halaska: "I want to make sure that I understand you clearly. A federal court ruled that Defendants' conduct violates class members' Fifth Amendment rights and could not even be justified under Chevron Step 1, and Defendants do not believe that 'there are any particular steps' that it 'need[s]' to take at this point. Do I have that correct?"

9. On September 9, 2021, Mr. Halaska replied: "As explained, the Court expressly reserved ruling on relief. The government is happy to discuss compliance measures as appropriate after that order issues."

I declare under penalty of perjury under the laws of the United States of America that the proceeding declaration is true and correct.

Executed on this 30th day of September, 2021, in Washington, D.C.

*/s/ Stephen M. Medlock*

Stephen M. Medlock