```
 1  BRIAN M. BOYNTON
    Acting Assistant Attorney General
 2  Civil Division
 3  WILLIAM C. PEACHEY
    Director, Office of Immigration Litigation –
 4  District Court Section
 5  SAMUEL P. GO
    Assistant Director
 6  KATHERINE J. SHINNERS (DC 978141)
 7  Senior Litigation Counsel
    United States Department of Justice
 8  Civil Division
 9  Office of Immigration Litigation – District Court Section
    P.O. Box 868, Ben Franklin Station
10  Washington, D.C. 20044
11  Tel: (202) 598-8259 | Fax: (202) 305-7000
    ALEXANDER J. HALASKA (IL 6327002)
12  DHRUMAN Y. SAMPAT (NJ 270892018)
13  *Counsel for Defendants*
14
```

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE RESPONSE TO NEW MATERIAL PRESENTED IN PLAINTIFFS' REMEDY BRIEF AND PROPOSED ORDER** |
| ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | [Declaration of Katherine J. Shinners filed concurrently] |

Defendants respectfully request leave to file a response to new material presented by Plaintiffs in their Brief Concerning Declaratory and Injunctive Relief (ECF No. 768) ("Plaintiffs' Remedy Brief"), and the 11-page Proposed Order submitted in connection therewith, to which Defendants have not had the opportunity to respond. Specifically, Defendants seek leave to file the attached proposed responsive brief (at Exhibit 1 to the Declaration of Katherine J. Shinners), which includes arguments in response to particular requests for relief contained in Plaintiffs' Proposed Order that were not previously presented, and to the new arguments Plaintiffs make in support of those requests for relief in their Remedy Brief. The interests of fairness and completeness require allowing Defendants to file this responsive brief to provide the Court with a fuller record of the arguments before ordering classwide relief that may have a far-reaching impact on governmental operations. Further, Defendants must be provided an opportunity to be heard on the request for appointment of a Special Master as required by Federal Rule of Civil Procedure 53(b)(1).

Defendants submit this request via *ex parte* application in accordance with Section 4(F) of the Court's Standing Order for Civil Cases, which provides: "The parties must obtain leave of court by filing an ex parte request before filing any sur-replies or notices of supplemental authority." Although Defendants have not labeled this responsive brief a "sur-reply" because Plaintiffs' Remedy Brief is not labeled a "reply," Defendants' proposed brief operates just like a sur-reply in that it seeks to respond to argument presented in a brief (like a reply brief) to which the opposing party does not have a response as of right. *See also, e.g.*, *Bowell v. Montoya*, 2019 WL 11788643, at *1 (E.D. Cal. Feb. 15, 2019) ("A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed.").[1]

---

[1] Plaintiffs have stated their position that Section 4(f) does not apply and that Defendants should instead request a modified briefing schedule via a noticed motion. *See* Shinners Decl. ¶ 7. Defendants do not agree that this is the necessary or efficient

Defendants have conferred with Plaintiffs, through counsel, and Plaintiffs stated that they oppose the relief requested in this application. *See* Shinners Decl. ¶ 11. Defendants stated that that they currently take no position on a request for Plaintiffs to further respond to Defendants' proposed brief, but would likely not oppose such a request should the interests of fairness and completeness so require.

## PROCEDURAL BACKGROUND

On September 4, 2020, Plaintiffs filed their Motion for Summary Judgment. *See* ECF No. 535. That same date, they submitted via email to the Court a proposed order. *See* Shinners Decl. ¶ 3 & Ex. 2 (Initial Proposed Order).

On September 2, 2021, this Court issued its order on the parties' cross-motions for summary judgment. *See* ECF No. 742. In that order, the Court, *inter alia*, granted Plaintiffs summary judgment on two of their claims, denied without prejudice the parties' cross-motions with respect to Plaintiffs' requests for relief, and ordered the parties to each submit supplemental briefing by October 1, 2021, addressing the following questions: "What remedy is appropriate in light of the Court's § 706(1) finding?"; and "How does 42 U.S.C § 265 ("Title 42") affect the implementation of a remedy in this case?" *Id.* at 44-45.

On September 29, 2021, Defendants asked Plaintiffs whether they would agree to jointly and proactively request that the Court permit responsive briefing to the parties' supplemental remedy briefs. *See* Shinners Decl. ¶ 4 (describing email proposing that the parties "jointly ask the Court to permit each side a response brief within a reasonable amount of time after the submission of the opening briefs"). Plaintiffs stated in response that they "would oppose such a motion." *Id.* ¶ 5. Defendants responded the morning of October 1, 2021, stating that, as Plaintiffs had

---

approach to seek leave to file a response to particular, new material to which they have not had the opportunity to respond. If the Court disagrees that an *ex parte* application is the appropriate method to seek leave to file Defendants' response brief, Defendants will re-file this application as a noticed motion for leave to file.

1 declined to stipulate to a joint motion to proactively allow responsive briefing, "to the extent Plaintiffs make arguments in their brief to which Defendants have not had the opportunity to respond, Defendants may submit a request for leave to file a responsive brief in the same manner provided for requesting leave to submit a surreply: an ex parte application." *Id.* ¶ 6. Plaintiffs stated in response that they disagreed that an ex parte application would be the proper method for submitting such a request. *See id.* ¶ 7.

After this email exchange on October 1, 2021, the parties filed their remedy briefs. *See* Pls.' Remedy Brief (ECF No. 768); Defs.' Remedy Br. (ECF No. 770). Plaintiffs also submitted a proposed order ("New Proposed Order") via email to the Court's chambers, stating: "[P]lease find attached the Proposed Order Granting in Part Plaintiffs' Motion for Summary Judgment, which is being submitted in relation to Plaintiffs' Brief Concerning Declaratory and Injunctive Relief which was filed today in the above-referenced case, ECF No. 768." Shinners Decl. ¶ 8 & Ex. 3 ("New Proposed Order"). In Defendants' Remedy Brief, Defendants noted that Plaintiffs' Remedy Brief and Proposed Order asked for a number of particular measures that had not been requested in their Initial Proposed Order, and requested the opportunity to respond before the Court orders such measures. Defs.' Remedy Br. (ECF No. 770) at 2 n.2.

## **ARGUMENT**

Plaintiffs' Remedy Brief introduced new requests for relief that they had not previously requested in their complaint, their briefing on motions for summary judgment, or their initial proposed order on summary judgment. *Compare* Sec. Am. Complaint (ECF No. 189) (SAC) ¶ 304; Pls.' Mem. in Supp. of Mot. for Summ. J. (ECF No. 535-1) (Pls.' MSJ), at 36-40; Pls.' Reply in Supp. of Mot. for Summ. J. (ECF No. 610) (Pls.' MSJ Reply), at 16-20; and Shinners Decl. Ex. 2 (Initial Proposed Order), *with* Shinners Decl. Ex. 3 (New Proposed Order). Plaintiffs' New Proposed Order requests several new, specific measures—namely, substantive relief as

to how to apply immigration laws and public health orders to class members, the appointment of a Special Master under Federal Rule of Civil Procedure 53, and highly specific reporting and notice requirements—and Plaintiffs devoted several pages of argument in their Remedy Brief in support of granting such relief. *See id.*; Pls.' Remedy Br. at 10-11 & n.7, 11-12, 12-20. As Defendants have not had an opportunity to respond to these particular requests for relief, or the arguments Plaintiffs present in support thereof, Defendants respectfully request leave to respond.

Specifically, Defendants request leave to file the attached brief addressing the following provisions in the New Proposed Order, and the argument and evidence submitted by Plaintiffs in support thereof:

(1) The request for substantive relief concerning how rules and regulations—including the CDC public health orders promulgated under 42 U.S.C. § 265—should apply to Class Members, in Paragraph 3 of Plaintiffs' Proposed Order;

(2) The request for appointment of a Special Master in Paragraph 8 of the New Proposed Order; and

(3) The requests for monitoring in Paragraphs 6 and 8 of the New Proposed Order, including specific requests for inspections, reporting, and notice;

(4) The provisions in Paragraphs 1 and 2 of the New Proposed Order that carve out the government's ability to exercise independent, express statutory authority, but that limit that carve-out to authority "outside of Title 8"; and

(5) The requests in Paragraphs 8(d)(xvi) and (h) of the New Proposed Order regarding the exercise of such independent legal authority.

The Court should allow Defendants an opportunity to respond to these specific requests for relief.

*First*, the Court should grant leave to file because Defendants' proposed brief responds to new requests for relief, and new argument and evidence in support thereof. Allowing a response under these circumstances before ordering relief based

on any such new requests will not only address the unfairness to Defendants of not having an opportunity to be heard on these issues, but will also provide a more complete record for the Court in rendering a decision.

Defendants' proposed brief responds to particular requests for relief, and particular language of particular requests for injunctive relief, that had not previously been proposed, as well as new arguments in support thereof. Although the decision of whether to admit a sur-reply "is generally committed to the sound discretion of the court," *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 347690, at *5 (S.D. Cal. Feb. 2, 2021) (internal quotations omitted), where a party presents new evidence or argument in its last brief on an issue, it would be unfair for a court to consider them without providing the opposing party an opportunity to respond. *See, e.g., id.* at *4; *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that it would be "unfair" to consider evidence submitted in reply without providing an opportunity to respond); *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 968 (7th Cir. 2020) ("District courts abuse their discretion when they deny a party a chance to respond to new arguments or facts raised for the first time in a reply brief in support of a motion for summary judgment and subsequently enter judgment on the basis of those new arguments or facts."). This principle applies to new arguments and requests for relief as well as to new facts and evidence.[2] Indeed, when a reply brief or other filing introduces new arguments or requests for relief for the first time, or substantively modifies requests for relief, courts routinely permit the filing of a responsive brief both to prevent unfairness and to promote judicial efficiency by allowing the Court to obtain a fuller

---

[2] Plaintiffs also submitted new facts and evidence with their Remedy Brief to support both new and existing arguments, and to which Defendants have also not yet had the opportunity to respond. *See* ECF Nos. 768-1, 768-2, 768-3, 768-4. Defendants' proposed response brief responds to certain aspects of those new declarations. *See* Shinners Decl. Ex. 1, at 10-11 n.9, 16 n.10.

picture of the arguments. *See, e.g.*, *Mendell*, 2021 WL 347690, at *4-5 (admitting sur-reply to address opposing party's new class identification procedures set forth in reply); *United States v. Venture One Mortg. Corp.*, 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) (concluding that the "filing of a surreply is warranted in light of the fact that Defendant's reply brief appears to introduce new evidence and argument"); *Theia Techs. LLC v. Theia Grp., Inc.*, 2021 WL 291313, at *3 (E.D. Pa. Jan. 28, 2021) (noting that the court had permitted an additional round of briefing to address new evidence and newly-requested relief raised in proposed findings of fact and conclusions of law after initial briefing on a motion for preliminary injunction was completed), *appeal dismissed sub nom. Theia Techs. LLC v. Theia Grp. Inc.*, 2021 WL 3669376 (3d Cir. July 27, 2021); *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 393227, at *2 (N.D. Cal. Feb. 2, 2016) (granting leave to file sur-reply because it "helped to crystalize the disputed issues"); *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18, 2014) (granting leave to file sur-reply "in the interests of completeness and judicial efficiency"); *Albante Rooter & Plumbing, Inc. v. Alarm.com, Inc.*, 2017 WL 1806583 at *1, n.1 (N.D. Cal. May 5, 2017) (observing the court granted the defendant "leave to file a brief sur-reply in response to a modified class definition that plaintiffs first raised in their Reply"); *B.R. v. Cty. of Orange*, 2017 WL 10525878, at *6 (C.D. Cal. Dec. 11, 2017) (observing that the court permitted leave to file a sur-reply to respond to a new class definition that had been improperly raised in reply).

These principles favor allowing Defendants to file the attached responsive brief. The particular requests for relief in Paragraphs 3, 6, and 8, were not proposed previously on summary judgment or in their complaint. *See* Shinners Decl. Ex. 3 (Plaintiffs' Initial Proposed Order); SAC ¶ 304; Pls.' MSJ, at 36-40; Pls.' MSJ Reply, at 16-20. Plaintiffs did not previously ask the Court to order any reporting, notice, or monitoring (let alone the detailed requests set forth in Paragraph 8), or to appoint a Special Master. They also did not propose the particular substantive relief

in Paragraph 3 concerning how rules and regulations—including the CDC public health orders promulgated under 42 U.S.C. § 265—should apply to Class Members. And there is new language in Plaintiffs' proposed injunctive and declaratory relief paragraphs (Paragraphs 1 and 2 of Plaintiffs' Proposed Order), on which Defendants request the opportunity to provide their position. Defendants may be prejudiced if they are not permitted the opportunity to respond, as Plaintiffs are asking the Court to enter relief for the certified class that would impact the government's operations. As one example, and as detailed in the attached proposed response brief, if the Court were to enter the relief Plaintiffs request in Paragraph 3 of their Proposed Order, it would threaten CBP's ability to assist in the enforcement of public health orders issued under 42 U.S.C. § 265. Shinners Decl. Ex. 1 at 7-12 (Part III). Thus, Defendants will be prejudiced if they are not provided the opportunity to present argument as to why the Court should deny or modify the relief requested.

Plaintiffs may contend that Paragraph 3 is not a new request for relief because their reply brief on summary judgment asked the Court to "restor[e] those previously metered to their legal status quo ante." Pls.' Reply in Supp. of Mot. for Summ. J., (ECF No. 610), at 16; *see also id.* at 18-19. Yet Plaintiffs did not explain in their prior briefing what that meant in practice, nor did they propose the particular substantive relief set forth in Paragraph 3.[3] And Plaintiffs did not take the position in prior briefing that the "status quo ante" meant that public health orders issued under Title 42 did not apply to those individuals. *Compare* Pls.' Remedy Br. at 11 (arguing that "if any asylum seeker was turned back before the U.S. government issued orders

---

[3] Similarly, Plaintiffs' passing reference in their reply brief to the Court's ability to appoint a Special Master if "questions about interpretation and implementation arise with respect to any permanent injunction," Pls.' Reply in Supp. of Mot. for Summ. J. (ECF No. 610) at 19 n.13, does not constitute a request for appointment of a Special Master and does not put Defendants on notice of the particular arguments Plaintiffs would make in support thereof.

restricting the processing of asylum seekers under Title 42, then those orders should not apply to that individual."), *with, e.g.*, Pls.' MSJ at 1–39 & Pls.' MSJ Reply at 1–20 (no discussion of public health orders); *see also* Pls.' Reply in Supp. of Mot. to Facilitate Notice (ECF No. 724) ("[T]his case is not, and never has been, about those COVID-era restrictions."). Accordingly, Defendants have not had the opportunity to respond to this particular request for relief, and should be permitted to submit their arguments explaining why the particular parameters of Plaintiffs' proposed Paragraph 3 are problematic and not in accordance with the Court's ruling on summary judgment.[4]

Plaintiffs may also argue that the Court should deny leave to respond to these arguments, because the Court already ordered simultaneous briefing to address what remedy is appropriate to address the Court's holding that Defendants' metering/queue management practices resulted in a withholding of agency action under 5 U.S.C. § 706(1), and how 42 U.S.C § 265 affects the implementation of any remedy, and did not ask for responsive briefs. Yet Defendants are not requesting the opportunity to file a general response to all of Plaintiffs' arguments or requests for relief, but are merely requesting the opportunity to respond to particular requests for relief that they have not had the opportunity to address, which were never before raised and which are not fairly encompassed in prior requests. Defendants should receive this opportunity in the "interest[s] of fairness" before the Court enters class-wide relief in this case. *See Mendell*, 2021 WL 347690, at *5.

*Second*, Defendants' responsive brief should be allowed because Defendants are entitled to an opportunity to respond to Plaintiffs' request to appoint a Special Master under Federal Rule of Civil Procedure 53 to monitor compliance over any

---

[4] Alternatively, this Court may elect not to consider Plaintiffs' new requests for relief. *See Jones v. Am. Bankers Ins. Co. of Fla.*, 2014 WL 11788633, at *3 (D.N.M. May 1, 2014) (declining to consider requests for relief made for the first time in a response brief).

injunctive relief that may be entered by the Court. *See* New Proposed Order ¶ 8; Pls.' Remedy Br. at 12-16. That rule expressly contemplates that parties be provided "notice and an opportunity to be heard" before appointment of a Special Master. Fed. R. Civ. P. 53(b)(1).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants leave to file their proposed response brief, attached hereto as Exhibit 1.

Dated: October 22, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

*s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: October 22, 2021                    Respectfully submitted,

*s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel

*Counsel for Defendants*