BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>                    *Plaintiffs*,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>                    *Defendants* | Case No. 3:17-cv-02366-BAS-KSC<br><br>Hon. Cynthia A. Bashant<br><br>**DECLARATION OF KATHERINE J. SHINNERS IN SUPPORT OF DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE RESPONSE TO NEW MATERIAL IN PLAINTIFFS' REMEDY BRIEF** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DECLARATION OF KATHERINE J. SHINNERS

I, Katherine J. Shinners, declare as follows:

1.      I am Senior Litigation Counsel with the District Court Section of the U.S. Department of Justice, Office of Immigration Litigation. I represent the federal defendants in their official capacities in the case entitled *Al Otro Lado, Inc. v. Mayorkas*, No. 3:17-cv-02366-BAS-KSC, which is currently pending in the U.S. District Court for the Southern District of California. This declaration is based on my personal knowledge and my review of correspondence among counsel in this case.

2.      I make this declaration in connection with Defendants' *ex parte* application for leave to file a response to new material presented in Plaintiffs' Remedy Brief (ECF No. 768) and corresponding proposed order. Defendants lodge their proposed response brief as Exhibit 1 hereto.

3.      On September 4, 2020, Plaintiffs' counsel sent an email to the Court's designated email address copying certain of Defendants' counsel and attaching three proposed orders for three motions filed that day, including an order corresponding to Plaintiffs' Motion for Summary Judgment entitled "Plaintiffs_ Proposed Order Granting Motion for Summary Judgement_FINAL," a true and correct copy of which is attached hereto as Exhibit 2 (Initial Proposed Order).

4.      On September 29, 2021, I sent an email to Plaintiffs' counsel asking whether they would agree to proactively request that the Court permit responsive briefing to the parties' supplemental remedy briefs.  Specifically, I stated: "As the Court's order asking for supplemental briefing does not address responsive briefing, Defendants propose that the parties jointly ask the Court to permit each side a response brief within a reasonable amount of time after the submission of the opening briefs.  Would Plaintiffs agree to proactively ask the Court for this relief?"

5.      Plaintiffs' counsel responded via email on September 29, 2021, stating: "Plaintiffs would oppose such a motion for several reasons, including, but not lim-

ited to, those listed below. First, the Court has ruled that Defendants' conduct violated Section 706(1) of the APA and the due process clause of the Fifth Amendment. Any further delay in getting member of the class relief is unacceptable to us. Second, the Court ordered that the parties submit simultaneous briefs, not a back-and-forth briefing schedule. We don't think that the parties should be second-guessing what the Court thought was sufficient. Third, between the summary judgment motions and this supplemental briefing, the Court has already received a good deal of briefing on the proposed remedy. The current amount of briefing is more than sufficient for the Court to exercise its discretion in fashioning a remedy or remedies. Should you like to meet and confer about this issue pursuant to Section 4(A) of Judge Bashant's Standing Order for Civil Cases, please let me know."

6.     The morning of October 1, 2021, I responded to Plaintiffs' counsel's email, stating: "We had proposed the parties jointly seek the ability to submit responsive briefing to proactively address potential fairness concerns with not being able to respond to points made by the other side in simultaneous briefing. However, as Plaintiffs decline this approach, to the extent Plaintiffs make arguments in their brief to which Defendants have not had the opportunity to respond, Defendants may submit a request for leave to file a responsive brief in the same manner provided for requesting leave to submit a surreply: an ex parte application. *See* Standing Order Sec. 4(f)."

7.     Plaintiffs' counsel responded that same day, stating: "We disagree that an ex parte application is the proper means of seeking relief. The Court ordered that the parties submit one brief each on the issue of remedies and do so simultaneously. There is no sur-reply. If you are seeking to modify the briefing schedule in the Court's summary judgment order, you need to file a regularly-noticed motion, which we are happy to meet and confer about. Again, we do not think that a back-and-forth in briefing is warranted. Having found that Defendants' conduct was illegal, the Court has substantial discretion in fashioning remedies. We have also

DECLARATION OF
KATHERINE J. SHINNERS
Case No. 3:17-cv-02366-BAS-KSC

briefed this issue previously in the context of the cross-motions for summary judgment."

8.     Later on October 1, 2021, a Mayer Brown employee, on behalf of Plaintiffs' counsel, sent an email to this Court's chambers stating: "[P]lease find attached the Proposed Order Granting in Part Plaintiffs' Motion for Summary Judgment, which is being submitted in relation to Plaintiffs' Brief Concerning Declaratory and Injunctive Relief which was filed today in the above-referenced case, ECF No. 768." The proposed order attached to that email is attached hereto as Exhibit 3 (New Proposed Order).

9.     The morning of October 21, 2021, I emailed Plaintiffs' counsel to let them know that Defendants did intend to file an ex parte application for leave to file a responsive brief.  Specifically, I stated: "Defendants intend to file an ex parte application to seek leave to file a response to Plaintiffs' Remedy Brief to respond to particular requests for relief that had not previously been proposed, in order to provide the Court with a more complete record on certain issues. Specifically, the response brief would respond to the following requests for relief set forth in Plaintiffs' Proposed Order, and to the arguments in support thereof in Plaintiffs' Remedy Brief:

(1) The request for substantive relief concerning how rules and regulations—including the CDC public health orders promulgated under 42 U.S.C. § 265—should apply to Class Members, in Paragraph 3 of Plaintiffs' Proposed Order;

(2) The request for appointment of a Special Master in Paragraph 8 of Plaintiffs' Proposed Order; and

(3) The requests for monitoring in Paragraphs 6 and 8 of Plaintiffs' Proposed Order, including specific requests for inspections, reporting, and notice;

(4) The provisions in Paragraphs 1 and 2 that carve out the government's ability to exercise independent, express statutory authority, but that limit that carve-out to authority "outside of Title 8"; and

3

(5) The requests in Paragraphs 8(d)(xvi) and (h) regarding the exercise of such independent legal authority."

10.    Plaintiffs responded via email, stating that they "will oppose [Defendants'] request. The Court asked the parties to file simultaneous briefs and we do not think that the parties should be second-guessing the Court's schedule.  Moreover, we do not understand why the Government believes it is entitled to final word on this issue."

11.    The parties conferred via telephone on October 22, 2021, at which Defendants further discussed the grounds for the application, and Plaintiffs' counsel stated that they continued to oppose the motion. At that conference, Defendants' counsel also expressed that they currently take no position on a request for Plaintiffs to further respond to Defendants' proposed brief, but would likely not oppose such a request should the interests of fairness and completeness so require.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration was executed on October 22, 2021, in Washington, D.C.

Dated: October 22, 2021                    Respectfully submitted,

*s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel

*Counsel for Defendants*

DECLARATION OF
KATHERINE J. SHINNERS
Case No. 3:17-cv-02366-BAS-KSC