MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *(pro hac vice)*
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *(pro hac vice)*
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006
Telephone: +1.202.263.3000
Facsimile: +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  *(pro hac vice)*
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Alejandro Mayorkas,[1] *et al.*, <br><br> Defendants. | Case No.: 17-cv-02366-BAS-KSC <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO FILE RESPONSE TO PLAINTIFFS' REMEDIES BRIEF** |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

1  CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy (NY Bar No. 2860740)
2  (*pro hac vice*)
    *bazmy@ccrjustice.org*
3      Angelo Guisado (NY Bar No. 5182688)
    (*pro hac vice*)
4      *aguisado@ccrjustice.org*
    666 Broadway, 7th Floor
5  New York, NY 10012
    Telephone: +1.212.614.6464
6  Facsimile: +1.212.614.6499

7  SOUTHERN POVERTY LAW CENTER
    Sarah Rich (GA Bar No. 281985)
8  (*pro hac vice*)
    *sarah.rich@splcenter.org*
9      Rebecca Cassler (MN Bar No. 0398309)
    (*pro hac vice*)
10     *rebecca.cassler@splcenter.org*
    150 E. Ponce de Leon Ave., Suite 340
11 Decatur, GA 30030
    Telephone: +1.404.521.6700
12 Facsimile: +1.404.221.5857

13 AMERICAN IMMIGRATION COUNCIL
    Karolina Walters (DC Bar No. 1049113)
14 (*pro hac vice*)
    *kwalters@immcouncil.org*
15     Gianna Borroto (IL Bar No. 6305516)
    (*pro hac vice*)
16     *gborroto@immcouncil.org*
    1331 G St. NW, Suite 200
17 Washington, DC 20005
    Telephone: +1.202.507.7523
18 Facsimile: +1.202.742.5619

## I. Introduction

Briefing on summary judgment and remedies has concluded. This Court has received extensive argument and evidence, including supplemental briefing, to enable it to reach its decision. The case is fully submitted for decision. All that stands between thousands of class members and meaningful equitable relief is this Court's considered exercise of its discretion in formulating a remedy.

But Defendants are not ready to let go. Weeks after the close of the supplemental briefing this Court requested on remedies, they ask for yet another bite at the apple. But Defendants fail to recognize the grave implications of any further delay in this case. Thousands of people wishing to seek asylum in the United States have endured unsanitary conditions, assaults, rapes, disappearances, and killings in Mexican towns where the U.S. State Department warns that U.S. citizens should never go. They have been forced to live under these circumstances because Defendants adopted an illegal and unconstitutional practice of turning back asylum seekers at ports of entry. *See Al Otro Lado, Inc. v. Mayorkas*, 2021 WL 3931890, at \*16, \*18, \*20 (S.D. Cal. 2021). While Defendants seek to draw out the briefing schedule, they are doing absolutely nothing to remedy the ongoing harm they have caused. Dkt. 768-1 at ¶¶ 6-9. Indeed, Defendants are now asking the Court to accept an opposition brief that this Court did not invite, three weeks after the close of briefing on remedies for Defendants' conduct.

Justice delayed is justice denied. Every day that Defendants are allowed to continue engaging in their illegal and unconstitutional conduct is another day that asylum seekers on the Mexican side of the border face the impossible choice between struggling to survive under unsafe and unsanitary conditions and risking a life-threatening crossing of the Sonoran desert or the Rio Grande.

Defendants' *ex parte* motion should be rejected for at least three reasons. *First*, this is not a matter that can be decided via an expedited *ex parte* schedule. *Second*, Defendants' passing argument that this Court should ignore Plaintiffs' remedies brief

ignores the procedural posture of the case. *Third*, Defendants' Rule 53 argument ignores the parties' prior briefing on the issue.

## II.      Argument

### A.      Defendants Have Not Identified A Reason To Depart From Regular Briefing Procedures

As an initial matter, Defendants offer no reason why this issue should be dealt with via an expedited *ex parte* briefing schedule. *Ex parte* relief is rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). "[T]he plain truth" is that "ex parte motions are inherently unfair, and they pose a threat to the administration of justice." *Id.* "Though the adversary does have a chance to be heard, the parties' opportunities to prepare are grossly unbalanced. Often, the moving party's paper reflect days, even weeks, of investigation and preparation; the opposing party has perhaps a day or two." *Id.* The goal of this "gamesmanship . . . often appears to be to surprise opposing counsel or at least force him or her to drop all other work to respond on short notice." *Id.* "All of this detracts from a fundamental purpose of the adversary system, namely to give the court the best possible presentation of the merits and demerits of the case on each side." *Id.*

An *ex parte* motion "should address … why the regular noticed motion procedures must be bypassed." *Mission Power*, 883 F. Supp. at 492. In other words, the *ex parte* motion "must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Id.* Specifically, "the evidence must show that the moving party's cause will be irreparably prejudiced" if the *ex parte* motion "is heard according to the regular noticed motion procedures," and the moving party must establish that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

This Court allows parties to file *ex parte* motions only in a limited set of circumstances, including seeking permission to file a sur-reply, seeking oral

2

argument, setting deadlines for summary judgment briefing, and bringing electronic equipment into the courtroom. *See* Standing Order at §§ 4(C), 4(F), 4(G), 13(A). As such, *ex parte* motions practice is the exception, not the rule.

Defendants' request does not fit into any of those relatively narrow categories. Defendants attempt to dress up their response as a "sur-reply." *See* Dkt. 773 at 1-2. But that ignores reality. The Court sought briefing on two specific questions related to appropriate remedies following its summary judgment decision. Plaintiffs responded to these concrete questions with concrete requests and argument. Defendants chose to respond by arguing against the general remedy requests Plaintiffs presented in their summary judgment briefing, which presumed the Court granted Plaintiffs' entire summary judgment motion. Contrary to Defendants' argument in their *ex parte* motion, there is nothing unfair about Plaintiffs responding with arguments and specific remedy requests to the Court's targeted questions about relief based specifically on Plaintiffs' § 706(1) claim. What is unfair is Defendants' opportunist manipulation to benefit from their miscalculation about Plaintiffs' argument by suggesting that this Court-requested supplemental briefing is a "reply" to prior briefing on remedy.

The relief that Defendants seek is filing an opposition to Plaintiffs' supplemental brief, not filing a sur-reply to a reply brief. Nothing in this Court's Standing Order for Civil Cases permits Defendants to seek such relief via an *ex parte* motion.[2]

---

[2] The fact that Defendants are not seeking leave to file a sur-reply easily distinguishes each of Defendants' cited cases. *See, e.g.*, *Mendell v. Am. Med. Response, Inc.*, 2021 WL 347690, at *5 (S.D. Cal. 2021) (granting motion to file sur-reply on class identification in case with sequential motion briefing); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (addressing unfairness in sequential motion briefing); *Physicians Healthsource, Inc. v. A-S Medication Solutions, LLC*, 950 F.3d 959, 968 (7th Cir. 2020); *United States v. Venture One Mortg. Corp.*, 2015 WL 12532139, at *2 (S.D. Cal. 2015) (same); *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 393227,

Defendants' sole argument on this point, which they consign to a footnote, is that it would not be "efficient" to file a regularly-noticed motion. Dkt. 773 at 1 n.1. That is not the case. It is not efficient for Defendants to spend three weeks drafting a supplemental brief, file it as an attachment to an *ex parte* application, and then ask Plaintiffs to respond in two days. *See* Standing Order at § 6 (requiring an answer in two Court days). This Court is considering the remedy due to a class of vulnerable migrants who have been waiting years for relief. Although this Court clearly ordered that the parties file simultaneous supplemental briefing on this issue, Defendants—the party without the burden of proof or persuasion—are demanding the final word on this issue three weeks after the parties' simultaneous briefing closed. That is neither efficient nor equitable. And, as Defendants admit in a footnote, they could have filed a regularly-noticed motion, they simply chose not to do so. Dkt. 773 at 1 n.1. Defendants' *ex parte* motion should be denied.[3]

### B. Defendants' Suggestion That This Court Ignore Plaintiffs' Brief Is Meritless

In a footnote, Defendants suggest that this Court should reject Plaintiffs' remedies brief because it contains "new requests for relief." Dkt. 773 at 8 n.4. Setting

---

at *2 (N.D. Cal. 2016) (same); *In re Cathode Ray Tube Antitrust Litig.*, 2014 WL 7206620, at *1 n.2 (N.D. Cal. 2014) (discussing "judicial efficiency" in the context of sequential briefing). *Cf. Theia Techs. LLC v. Theia Grp., Inc.*, 2021 WL 291313, at *3 (E.D. Pa. 2021) (noting that additional briefing was allowed to address new evidence offered in reply filed in sequential briefing); *Albante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, 2017 WL 1806583, at *1 n.1 (N.D. Cal. 2017) (same); *B.R. v. County of Orange*, 2017 WL 10525878, at *6 (C.D. Cal. 2017 (same). The fact is that in the context of simultaneous briefing, a party always raises an argument that the other side did not think of. That is no reason to turn every simultaneous briefing into the first round of a new tit-for-tat motions practice.

[3] Even if Defendants' proposed brief is a "sur-reply," Defendants ignore this Court's Civil Local Rules, providing that "[n]o reply memorandum will exceed ten (10) pages without leave of the judge." L. Civ. R. 7.1(h). At the very least, this Court should require Defendants to file a sur-reply that is no longer than 10 pages.

1  aside the fact that an *ex parte* brief is no place for a substantive argument, Defendants
2  are mistaken. Although Defendants feign shock that Plaintiffs sought more specific
3  relief in their supplemental brief than they did in their motion for summary judgment,
4  that should have come as no surprise. This Court denied Plaintiffs' motion for
5  equitable relief without prejudice and ordered further briefing on the issue. *Al Otro*
6  *Lado, Inc.*, 2021 WL 3931890, at *23. Specifically, the Court asked the parties to
7  brief the effect of 42 U.S.C. § 265 and the proper remedy in light of the Court's
8  findings on 5 U.S.C. § 706(1). *Id.* The September 2020 proposed order that
9  Defendants cite in their motion papers was mooted by this Court's opinion denying
10 Plaintiffs' motion for summary judgment on equitable relief without prejudice. And
11 it was perfectly permissible for Plaintiffs to tailor their remedies brief and proposed
12 order to this Court's summary judgment opinion; indeed that was what this Court
13 ordered. *Id.*

14 Plaintiffs did exactly what this Court ordered, and now—three weeks later—
15 Defendants are trying to draw out briefing and get the last word. That should not be
16 countenanced.

### C. Defendants' Rule 53 Argument Ignores the Record

18 Defendants' Rule 53 argument again mischaracterizes the procedural posture
19 of this case. In the Reply In Support of Their Motion for Summary Judgment,
20 Plaintiffs invited this Court to name a Special Master to address "questions about the
21 interpretation and implementation" of "any permanent injunction." Dkt. 610 at 19
22 n.13. Defendants admit as much in their *ex parte* motion. *See* Dkt. 773 at 7 n.3.
23 Cryptically, Defendants argue that this request for the Court to name a Special Master
24 "does not constitute a request for appointment of a Special Master." Dkt. 773 at 7
25 n.3. But Defendants offer nothing beyond their own *ipse dixit* to support the argument
26 that "naming" a Special Master is distinct from "appointing" one. Indeed, Defendants
27 cite no case holding that Plaintiffs must utter certain "magic words" to request the
28 appointment of a special master, and Plaintiffs are aware of no such authority. The

5

fact is that, by the time they submitted their remedies brief, Defendants had been aware that Plaintiffs were requesting the appointment of a special master for nearly a year. *See* Dkt. 610 at 19 n.13. Defendants could have offered their objections to a special master in their October 1, 2021 supplemental brief. They simply failed to do so and have offered no explanation for their oversight. Defendants do not deserve a second chance.

### III. Conclusion

Class members have waited long enough in deplorable conditions for equitable relief. They are on the precipice of a long-hoped-for victory. Defendants' *ex parte* motion is a meritless request to delay proceedings further. It is an improper vehicle for relief, and should be denied.

Dated: October 25, 2021

MAYER BROWN LLP
    Matthew H. Marmolejo
    Ori Lev
    Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
    Melissa Crow
    Sarah Rich
    Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy
    Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters
    Gianna Borroto

By: */s/ Stephen M. Medlock*
    Stephen M. Medlock

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on all counsel via the Court's CM/ECF system.

Dated: October 25, 2021                              MAYER BROWN LLP

                                                     By */s/ Stephen M. Medlock*