# Exhibit A

MAYER BROWN LLP
   Matthew H. Marmolejo (CA Bar No. 242964)
   *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
   Ori Lev (DC Bar No. 452565)
   *(pro hac vice)*
   *olev@mayerbrown.com*
   Stephen M. Medlock (VA Bar No. 78819)
   *(pro hac vice)*
   *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006
Telephone:  +1.202.263.3000
Facsimile:  +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
   Melissa Crow (DC Bar No. 453487)
   *(pro hac vice)*
   *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
|          Plaintiffs, | **PLAINTIFFS' FIRST SET OF INTERROGATORIES CONCERNING PRELIMINARY INJUNCTION COMPLIANCE** |
|     v. | |
| Alejandro Mayorkas,[1] *et al.*, | |
|          Defendants. | |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740)
  (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688)
  (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985)
  (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309)
  (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113)
  (*pro hac vice*)
  *kwalters@immcouncil.org*
  Gianna Borroto (IL Bar No. 6305516)
  (*pro hac vice*)
  *gborroto@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

**PROPOUNDING PARTIES:**     Plaintiffs Al Otro Lado, Inc., *et al.*

**RESPONDING PARTIES:**     All Respondents

**SET NO.:**     Supplemental

Pursuant to Federal Rule of Civil Procedure 34 and the Court's Order Granting Plaintiffs' Motion for Discovery (Dkt. 760), Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Roberto Doe, Maria Doe, Juan Doe, Úrsula Doe, Victoria Doe, Bianca Doe, Emiliana Doe, and César Doe (collectively, "Plaintiffs") hereby request that Defendants Alejandro Mayorkas, Troy A. Miller, William A. Ferrera, or their respective successors pursuant to Fed. R. Civ. P. 25(d) (collectively, "Defendants") as well as EOIR and USCIS, within 30 days of service hereof, respond to the following interrogatories. Unless otherwise agreed upon by counsel, production of responsive documents and other materials pursuant to Fed. R. Civ. P. 33(d) shall be made at the law offices of Mayer Brown LLP, 1999 K Street, N.W., Washington, D.C. 20006-1101 or via email to Plaintiffs' counsel Stephen Medlock, at smedlock@mayerbrown.com.

## <u>DEFINITIONS</u>

The following definitions shall apply to each of the interrogatories set forth below.

A.    "Asylum Ban" shall mean the interim final rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019), *codified at* 8 C.F.R. § 208.13(c)(4).

B.    "CBP" shall mean and refer to U.S. Customs and Border Protection and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein; CBP offices at ports of entry, including any divisions, subdivisions or sections therein; or any other CBP organizational structures, including but not limited to U.S. Border Patrol, U.S. Office of Field Operations or private contractors hired by CBP.

C.     "CFI" shall mean the credible fear interview required by 8 U.S.C. § 1225(b) and its implementing regulations and guidance.

D.     "Class Member" shall mean a member of the class provisionally certified by the District Court on November 19, 2019 (*see* Dkt. 330), as clarified by the District Court's order granting Plaintiffs' Motion for Clarification of the Preliminary Injunction, issued on October 30, 2020 (*see* Dkt. 605).

E.     "Communication(s)" shall mean and refer to the exchange of information by or through any mode or medium including, but not limited to, spoken word, written correspondence, any form of technology, face-to-face meetings or conveying of information through third person(s) to some other intended recipient.

F.     "DHS" shall mean and refer to the U.S. Department of Homeland Security, and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein, or any other DHS organizational structures.

G.     "District Court" shall mean the U.S. District Court for the Southern District of California.

H.     "Document(s)" is used in its customary broad sense, and includes, but is not limited to, any written, printed, typed, recorded, videotaped, filmed, punched, transcribed, taped, electronically-created or other graphic matter of any kind or nature held or produced or reproduced, whether sent or received, including the original, and includes, but is not limited to, all correspondence, emails, records, drawings, calculations, memoranda, reports, financial statements, telegrams, cables, contracts, tabulations, studies, analyses, evaluations, work appointment books, diaries, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets, articles, magazines, newspapers, microfilm, microfiche, photographs, tapes or other recordings, punched cards, magnetic tapes, discs, printouts, computer generated reports and printouts, other data compilations from which information can be

obtained, and includes all such document(s) that are in your possession, custody or control, or to which you otherwise have access. The term document(s) encompasses all communications available in the foregoing formats.

I.      "EOIR" shall mean the Executive Office for Immigration Review, and, where appropriate in the context, its headquarters and employees, including any divisions, subdivisions, components or sections therein; immigration judges; or any other EOIR organizational structures, including but not limited to the Board of Immigration Appeals or private contractors hired by EOIR.

J.      "Group 1" shall mean persons whom any of the Respondents ordered or otherwise directed to be removed from the United States on the basis of a Negative CFI Determination, who are in the custody of DHS, and whose removal is Imminent.

K.      "Group 2" shall mean persons whom any of the Respondents ordered or otherwise directed removed from the United States on the basis of a Negative CFI Determination, who are in the United States (whether in the custody of DHS or not), and whose removal is not Imminent.

L.      "Group 3" shall mean persons whom any of the Respondents ordered or otherwise directed removed from the United States on the basis of a Negative CFI Determination, who are presently outside the United States.

M.      "Group 4" shall mean persons whom EOIR deemed ineligible for asylum, including, by way of example, persons whom an immigration judge or the Board of Immigration Appeals determined were subject to the Asylum Ban, who are in the custody of DHS, and whose removal is Imminent.

N.      "Group 5" shall mean persons whom EOIR deemed ineligible for asylum, including, by way of example, persons whom an immigration judge or the Board of Immigration Appeals determined were subject to the Asylum Ban, who are in the United States (whether in the custody of DHS or not), and whose removal is not Imminent.

O.      "Group 6" shall mean persons whom EOIR deemed ineligible for asylum, including, by way of example, persons whom an immigration judge or the Board of Immigration Appeals determined were subject to the Asylum Ban, and are presently outside the United States.

P.      "Imminent" shall have the same meaning as the term is used in Dkt. 695-5 at 15.

Q.      "Negative CFI Determination" shall mean a final determination under 8 U.S.C. § 1225(b)(1)(B)(iii), either by an asylum officer or an immigration judge in the event of review under 8 U.S.C. § 1225(b)(1)(B)(iii)(III), (a) that a person did not have a credible fear of persecution or torture in their home country *or* (b) that the person was ineligible for asylum under 8 C.F.R. § 208.13(c)(4) and failed to establish a "reasonable fear of persecution or torture," as described in the version of 8 C.F.R. § 208.30(e)(5)(iii) in existence between July 16, 2019, and December 10, 2020. *See* 84 Fed. Reg. 33829, 33844 (July 16, 2019).

R.      "OFO" shall mean the CBP Office of Field Operations, and, where appropriate in the context, its headquarters and employees, including any divisions, subdivisions, components or sections therein; CBP officers working at POEs; directors and assistant directors of field operations; or any other OFO organizational structures.

S.      "Person(s)" shall mean and refer to any individual, including, without limitation, any government official (elected or appointed), or entity, including, without limitation, any government agency, division, subdivision or section therein, sole proprietorship, association, company, partnership, joint venture, corporation, trust, estate or any other entity.

T.      "POE" shall mean all Class A Ports of Entry on the U.S.-Mexico border during the Relevant Time Period.

U.     "Preliminary Injunction" shall mean the District Court's preliminary injunction order issued on November 19, 2019 (Dkt. 330), and all subsequent orders staying, clarifying, or implementing that preliminary injunction order, including, but not limited to, the Ninth Circuit's administrative stay issued on December 20, 2019, the Ninth Circuit's order denying Defendants' motion for a stay pending appeal issued on March 5, 2020, and the District Court's order granting Plaintiffs' motion for Clarification of the Preliminary Injunction, issued on October 30, 2020.

V.     "Relating To" as used herein, shall mean constituting, comprising, pertaining to, in connection with, reflecting, respecting, regarding, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, setting forth, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in whole or in part.

W.     "Respondents" shall mean DHS, CBP, OFO, EOIR, and USCIS.

X.     "USCIS" shall mean United States Citizenship and Immigration Services, and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein, or any other USCIS organizational structures.

Y.     "You" and "Your" shall mean and refer to each Respondent to whom these requests are directed and, where appropriate in the context, its agents, representatives, employees, and investigators.

## **INSTRUCTIONS**

1.     To the extent that You elect to produce documents in response to all or a portion of an interrogatory, all Documents shall be produced in accordance with the Court's Order Governing Discovery of Electronically Stored Information (Dkt. 277) and Protective Orders (Dkt. 276, 709).

2.      If you object to any term or phrase as vague, ambiguous, or indefinite, then provide your understanding of the term or phrase and respond accordingly.

3.      Unless otherwise specified, each request seeks information from the period July 16, 2019 to the present (the "Relevant Time Period").

4.      Plaintiffs reserve the right to propound additional interrogatories as authorized by the District Court.

## **INTERROGATORIES**

1.      Describe with as much specificity as possible the guidance, musters, orders, implementation plans, memoranda, policies, or procedures, whether written or unwritten, that You plan to use, are using, or have used, to determine if persons in Groups 1-6 are Class Members and for providing such Class Members the relief granted under the Preliminary Injunction, including whether such guidance, musters, orders, implementation plans, memoranda, policies, or procedures vary by Group, the date that such guidance, musters, orders, implementation plans, memoranda, policies, or procedures were, will be, or have been in effect, and the identity of any Document describing such guidance, musters, orders, implementation plans, memoranda, policies, or procedures.

2.      Identify with as much specificity as possible all steps that each Respondent has taken to review, assess or oversee compliance with any guidance, musters, orders, implementation plans, memoranda, policies, or procedures that any Respondent has adopted, or will adopt, for determining whether persons in Groups 1-6 are Class Members, and how such Class Members are meant to access relief to which they are entitled under the Preliminary Injunction, including but not limited to a description of any findings of such review, assessment or oversight exercised and a description of any corrective action taken in response to such review, assessment or oversight exercised.

3.      Describe with as much specificity as possible the "further review

procedures" that EOIR plans to take, is taking, or has taken upon identifying cases of Class Members in Groups 4-6, as referenced in Dkt. 758-3 at ¶ 8.

4.      Describe with as much specificity as possible the guidance, musters, orders, implementation plans, memoranda, policies, or procedures that You plan to use, are using, or have used to return persons in Group 3 or Group 6 to the United States upon later determining that they are likely to be Class Members, including but not limited to the use of advance parole or any similar process.

5.      Describe with as much specificity as possible the steps or actions You plan to take, are taking, or have taken to inform potential Class Members in DHS custody or in administrative proceedings before USCIS or EOIR of their potential class membership and the existence and import of the Preliminary Injunction, including, but not limited to, the dates when You began undertaking such efforts, when and why You stopped undertaking particular efforts, the identities of the people involved in such efforts, the types of "administrative proceedings" deemed to give rise to an obligation to provide notice to potential Class Members, and the date(s) a potential Class Member had to be in custody or proceedings to receive this notice.

6.      Identify each Person at any Respondent that was charged with ensuring compliance with the Preliminary Injunction, including that Person's name, title, agency affiliation (e.g., DHS, CBP, OFO, etc.), contact information (e.g., email address and work telephone number), and that Person's role in ensuring compliance with the Preliminary Injunction.

7.      Describe with as much specificity as possible the steps or actions that any Respondent plans to take, is taking, or has taken to obtain copies of waitlists, including, but not limited to, a description of any waitlists that are currently in the possession, custody, or control of any Respondent and an explanation of how the Respondent came to be in possession, custody, or control of each waitlist.

8.      Identify by name, A-number, date of removal or expulsion, country of

origin, country of removal or expulsion, any available contact information, date of the version of USCIS screening questions and procedures used (if any), and ERO "Interim Removal Screening Criteria" deemed to permit removal (if any), any person who was removed or expelled from the United States (a) following an interview by USCIS that included questions to determine if that person is a Class Member or was eligible for such relief using any version of USCIS screening questions and procedures other than the version dated December 22, 2020 (*see* Dkt. 695-3 at 14-26); (b) following a determination without a USCIS interview that such a person purportedly is not a Class Member and/or was ineligible for relief under the Preliminary Injunction based on any criteria other than ERO's "Interim Removal Screening Criteria" A, B, C, E, G, H, or I, as listed in Dkt. No. 695-5 at 11; or (c) following a determination by any Respondent that the Asylum Ban applied to that person and who did not receive any sort of screening interview or file review to determine whether they were a Class Member.

Dated: November 5, 2021

MAYER BROWN LLP
Matthew H. Marmolejo
Ori Lev
Stephen M. Medlock

SOUTHERN POVERTY LAW CENTER
Melissa Crow
Sarah Rich
Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
Karolina Walters
Gianna Borroto

By: */s/ Stephen M. Medlock*
Stephen M. Medlock

*Attorneys for Plaintiffs*

-9-

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served on counsel for Defendants.

Dated: November 5, 2021                    MAYER BROWN LLP

By  */s/ Stephen M. Medlock*

PLS' RFPS RE PRELIMINARY INJUNCTION COMPLIANCE