# Exhibit B

MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *(pro hac vice)*
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *(pro hac vice)*
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  *(pro hac vice)*
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, DC 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*, | Case No.: 17-cv-02366-BAS-KSC |
| Plaintiffs, | **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION CONCERNING PRELIMINARY INJUNCTION COMPLIANCE** |
| v. | |
| Alejandro Mayorkas,[1] *et al.*, | |
| Defendants. | |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740)
  (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688)
  (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985)
  (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309)
  (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113)
  (*pro hac vice*)
  *kwalters@immcouncil.org*
  Gianna Borroto (IL Bar No. 6305516)
  (*pro hac vice*)
  *gborroto@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

1  **PROPOUNDING PARTIES:**     Plaintiffs Al Otro Lado, Inc., *et al.*

2  **RESPONDING PARTIES:**      All Respondents

3  **SET NO.:**                 Supplemental

4    Pursuant to Federal Rule of Civil Procedure 34 and the Court's Order Granting

5  Plaintiffs' Motion for Discovery (Dkt. 760), Plaintiffs Al Otro Lado, Inc., Abigail

6  Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Roberto Doe, Maria Doe,

7  Juan Doe, Úrsula Doe, Victoria Doe, Bianca Doe, Emiliana Doe, and César Doe

8  (collectively, "Plaintiffs") hereby request that Defendants Alejandro Mayorkas, Troy

9  A. Miller, William A. Ferrera, or their respective successors pursuant to Fed. R. Civ.

10 P. 25(d) (collectively, "Defendants") as well as EOIR and USCIS, within 30 days of

11 service hereof, respond to the following requests. Unless otherwise agreed upon by

12 counsel, production of responsive documents and other materials shall be made at the

13 law offices of Mayer Brown LLP, 1999 K Street, N.W., Washington, D.C. 20006-

14 1101  or   via   email   to   Plaintiffs'   counsel   Stephen   Medlock,   at

15 smedlock@mayerbrown.com.

16                           <u>**DEFINITIONS**</u>

17    The following definitions shall apply to each of the requests for production

18 of documents set forth below.

19    A.    "Asylum Ban" shall mean the interim final rule entitled "Asylum

20 Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019),

21 *codified at* 8 C.F.R. § 208.13(c)(4).

22    B.    "CBP" shall mean and refer to U.S. Customs and Border Protection and,

23 where appropriate in the context, its headquarters and offices, including any

24 divisions, subdivisions, components or sections therein; CBP offices at ports of entry,

25 including any divisions, subdivisions or sections therein; or any other CBP

26 organizational structures, including but not limited to U.S. Border Patrol, U.S. Office

27 of Field Operations or private contractors hired by CBP.

28

1   C.   "CFI" shall mean the credible fear interview required by 8 U.S.C. §
2   1225(b) and its implementing regulations and guidance.

3   D.   "Class Member" shall mean a member of the class provisionally
4   certified by the District Court on November 19, 2019 (*see* Dkt. 330), as clarified by
5   the District Court's order granting Plaintiffs' Motion for Clarification of the
6   Preliminary Injunction, issued on October 30, 2020 (*see* Dkt. 605).

7   E.   "Communication(s)" shall mean and refer to the exchange of
8   information by or through any mode or medium including, but not limited to, spoken
9   word, written correspondence, any form of technology, face-to-face meetings or
10  conveying of information through third person(s) to some other intended recipient.

11  F.   "DHS" shall mean and refer to the U.S. Department of Homeland
12  Security, and, where appropriate in the context, its headquarters and offices,
13  including any divisions, subdivisions, components or sections therein, or any other
14  DHS organizational structures.

15  G.   "District Court" shall mean the U.S. District Court for the Southern
16  District of California.

17  H.   "Document(s)" is used in its customary broad sense, and includes, but
18  is not limited to, any written, printed, typed, recorded, videotaped, filmed, punched,
19  transcribed, taped, electronically-created or other graphic matter of any kind or nature
20  held or produced or reproduced, whether sent or received, including the original, and
21  includes, but is not limited to, all correspondence, emails, records, drawings,
22  calculations, memoranda, reports, financial statements, telegrams, cables, contracts,
23  tabulations, studies, analyses, evaluations, work appointment books, diaries,
24  comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets,
25  articles, magazines, newspapers, microfilm, microfiche, photographs, tapes or other
26  recordings, punched cards, magnetic tapes, discs, printouts, computer generated
27  reports and printouts, other data compilations from which information can be
28

obtained, and includes all such document(s) that are in your possession, custody or control, or to which you otherwise have access. The term document(s) encompasses all communications available in the foregoing formats.

I.      "EOIR" shall mean the Executive Office for Immigration Review, and, where appropriate in the context, its headquarters and employees, including any divisions, subdivisions, components or sections therein; immigration judges; or any other EOIR organizational structures, including but not limited to the Board of Immigration Appeals or private contractors hired by EOIR.

J.      "Group 1" shall mean persons whom any of the Respondents ordered or otherwise directed to be removed from the United States on the basis of a Negative CFI Determination, who are in the custody of DHS, and whose removal is Imminent.

K.      "Group 2" shall mean persons whom any of the Respondents ordered or otherwise directed removed from the United States on the basis of a Negative CFI Determination, who are in the United States (whether in the custody of DHS or not), and whose removal is not Imminent.

L.      "Group 3" shall mean persons whom any of the Respondents ordered or otherwise directed removed from the United States on the basis of a Negative CFI Determination, who are presently outside the United States.

M.      "Group 4" shall mean persons whom EOIR deemed ineligible for asylum, including, by way of example, persons whom an immigration judge or the Board of Immigration Appeals determined were subject to the Asylum Ban, who are in the custody of DHS, and whose removal is Imminent.

N.      "Group 5" shall mean persons whom EOIR deemed ineligible for asylum, including, by way of example, persons whom an immigration judge or the Board of Immigration Appeals determined were subject to the Asylum Ban, who are in the United States (whether in the custody of DHS or not), and whose removal is not Imminent.

1      O.     "Group 6" shall mean persons whom EOIR deemed ineligible for

2    asylum, including, by way of example, persons whom an immigration judge or the

3    Board of Immigration Appeals determined were subject to the Asylum Ban, and are

4    presently outside the United States.

5      P.     "Imminent" shall have the same meaning as the term is used in Dkt. 695-

6    5 at 15.

7      Q.     "Negative CFI Determination" shall mean a final determination under 8

8    U.S.C. § 1225(b)(1)(B)(iii), either by an asylum officer or an immigration judge in

9    the event of review under 8 U.S.C. § 1225(b)(1)(B)(iii)(III), (a) that a person did not

10    have a credible fear of persecution or torture in their home country *or* (b) that the

11    person was ineligible for asylum under 8 C.F.R. § 208.13(c)(4) and failed to establish

12    a "reasonable fear of persecution or torture," as described in the version of 8 C.F.R.

13    § 208.30(e)(5)(iii) in existence between July 16, 2019, and December 10, 2020. *See*

14    84 Fed. Reg. 33829, 33844 (July 16, 2019).

15      R.     "OFO" shall mean the CBP Office of Field Operations, and, where

16    appropriate in the context, its headquarters and employees, including any divisions,

17    subdivisions, components or sections therein; CBP officers working at POEs;

18    directors and assistant directors of field operations; or any other OFO organizational

19    structures.

20      S.     "Person(s)" shall mean and refer to any individual, including, without

21    limitation, any government official (elected or appointed), or entity, including,

22    without limitation, any government agency, division, subdivision or section therein,

23    sole proprietorship, association, company, partnership, joint venture, corporation,

24    trust, estate or any other entity.

25      T.     "POE" shall mean all Class A Ports of Entry on the U.S.-Mexico border

26    during the Relevant Time Period.

27

28

U.    "Preliminary Injunction" shall mean the District Court's preliminary injunction order issued on November 19, 2019 (Dkt. 330), and all subsequent orders staying, clarifying, or implementing that preliminary injunction order, including, but not limited to, the Ninth Circuit's administrative stay issued on December 20, 2019, the Ninth Circuit's order denying Defendants' motion for a stay pending appeal issued on March 5, 2020, and the District Court's order granting Plaintiffs' motion for Clarification of the Preliminary Injunction, issued on October 30, 2020.

V.    "Relating To" as used herein, shall mean constituting, comprising, pertaining to, in connection with, reflecting, respecting, regarding, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, setting forth, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in whole or in part.

W.    "Respondents" shall mean DHS, CBP, OFO, EOIR, and USCIS.

X.    "USCIS" shall mean United States Citizenship and Immigration Services, and, where appropriate in the context, its headquarters and offices, including any divisions, subdivisions, components or sections therein, or any other USCIS organizational structures.

Y.    "You" and "Your" shall mean and refer to each Respondent to whom these requests are directed and, where appropriate in the context, its agents, representatives, employees, and investigators.

## INSTRUCTIONS

1.    All Documents shall be produced in accordance with the Court's Order Governing Discovery of Electronically Stored Information (Dkt. 277) and Protective Orders (Dkt. 276, 709).

-5-

2.     If you object to any term or phrase as vague, ambiguous, or indefinite, then provide your understanding of the term or phrase and respond accordingly.

3.     Unless otherwise specified, each request seeks information from the period July 16, 2019 to the present (the "Relevant Time Period").

4.     Plaintiffs reserve the right to propound additional requests for production as authorized by the District Court

## REQUESTS FOR PRODUCTION

1.     Documents sufficient to show Your guidance, musters, orders, implementation plans, memoranda, policies, or procedures, whether written or unwritten, that You plan to use, are using, or have used, to determine if persons in Groups 1-6 are Class Members, for providing such Class Members the relief granted under the Preliminary Injunction, and/or how such Class Members are meant to access relief to which they are entitled under the Preliminary Injunction, including whether such guidance, musters, orders, implementation plans, memoranda, policies, or procedures vary by Group, and the date that such guidance, musters, orders, implementation plans, memoranda, policies, or procedures were, will be, or have been in effect during the Relevant Time Period.

2.     Documents sufficient to show Your guidance, musters, orders, implementation plans, memoranda, policies, or procedures, whether written or unwritten, that You used to determine if persons in Groups 1-6 were Class Members and for providing such Class Members the relief granted under the Preliminary Injunction.

3.     All Documents Relating To waitlists kept by persons on the Mexican side of the U.S.-Mexico border, including, but not limited to, all waitlists in Respondents' possession, custody or control (excluding those provided by Plaintiffs); Documents Relating To which waitlist numbers were issued at POEs prior to July 16, 2019, Documents Relating To which waitlist numbers were being called for entry

at a POE on a particular date on or after July 16, 2019; Communications with persons in Mexico regarding the waitlists between July 16, 2019 and the present; any Respondent's consideration of obtaining or efforts to obtain such waitlists; and Documents Relating To how any Respondent treats the inclusion of a person's name or personal identifying information on a waitlist kept on the Mexican side of the U.S.-Mexico border for purposes of determining whether that person is a Class Member.

4.      Documents sufficient to identify the steps, measures, plans, guidance, policies, or procedures that any Respondent proposed or considered to comply with the Preliminary Injunction but that the Respondent declined to take or implement, including, but not limited to, Documents explaining why the Respondent decided not to take or implement those steps, measures, plans, guidance, policies, or procedures.

5.      All Documents Relating To internal or external investigations of any type Relating To compliance with the Preliminary Injunction, including, but not limited to, investigations undertaken by the DHS Office of Inspector General or the DHS Office for Civil Rights and Civil Liberties.

6.      All Documents Relating To Your determinations that any individual was not a Class Member and/or was ineligible for relief under the Preliminary Injunction based on (a) an interview by USCIS that included questions to determine if that person is a Class Member or was eligible for such relief using any version of USCIS screening questions and procedures other than the version dated December 22, 2020 (*see* Dkt. 695-3 at 14-26); or (b) a determination without a USCIS interview that such a person purportedly is not a Class Member and/or was ineligible for relief under the Preliminary Injunction based on any criteria other than ERO's "Interim Removal Screening Criteria" A, B, C, E, G, H, or I, as listed in Dkt. No. 695-5 at 11.

7.      All Documents Relating To the names and other identifying information of persons who were on, or are scheduled to be on, removal flights from the United States from July 16, 2019 to March 5, 2021, including flight manifests and

information on the flight's point of origin, destination, and the date and time the flight was or is scheduled to take off from the United States.

8.     All Documents Relating To any review or assessment of compliance with any guidance, muster, order, implementation plans, memoranda, policies, or procedures that any Respondent has adopted, or will adopt, for determining whether persons in Groups 1-6 are Class Members, and how such Class Members are meant to access relief to which they are entitled under the Preliminary Injunction, including but not limited to any reports, memoranda, data, or other summaries or descriptions of the findings of any such review or assessment and any Documents Relating To any corrective action taken in response to such review or assessment.

9.     Document sufficient to show the guidance, musters, orders, implementation plans, memoranda, policies, or procedures that You plan to use, are using, or have used to return persons in Group 3 or Group 6 to the United States upon later determining that they are likely to be Class Members, including but not limited to the use of advance parole or any similar process.

1   Dated: November 8, 2021                    MAYER BROWN LLP
2                                              Matthew H. Marmolejo
                                               Ori Lev
3                                              Stephen M. Medlock

4                                              SOUTHERN POVERTY LAW
                                               CENTER
5                                              Melissa Crow
                                               Sarah Rich
6                                              Rebecca Cassler

7                                              CENTER FOR CONSTITUTIONAL
                                               RIGHTS
8                                              Baher Azmy
                                               Angelo Guisado

9                                              AMERICAN IMMIGRATION
                                               COUNCIL
10                                             Karolina Walters
                                               Gianna Borroto
11

12                                             By: */s/ Stephen M. Medlock*
                                               Stephen M. Medlock
13
                                               *Attorneys for Plaintiffs*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

1

## CERTIFICATE OF SERVICE

2       I certify that I caused a copy of the foregoing document to be served on counsel

3   for Defendants.

4   Dated: November 8, 2021                    MAYER BROWN LLP

5
                                               By  */s/ Stephen M. Medlock*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28