BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-2859 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants*. | Case No. 3:17-cv-02366-BAS-KSC <br><br> Hon. Cynthia A. Bashant <br><br> **DECLARATION OF KATHERINE J. SHINNERS IN SUPPORT OF GOVERNMENT'S MOTION TO AMEND/CORRECT GOVERNMENT'S OPPOSITION TO MOTION FOR COURT OVERSIGHT AND DECLARATION FILED IN SUPPORT** |

## DECLARATION OF KATHERINE J. SHINNERS

I, Katherine J. Shinners, declare as follows:

1. I am Senior Litigation Counsel with the District Court Section of the U.S. Department of Justice, Office of Immigration Litigation. I represent the federal defendants in their official capacities in the case entitled *Al Otro Lado, Inc. v. Mayorkas*, No. 3:17-cv-02366-BAS-KSC, which is currently pending in the U.S. District Court for the Southern District of California. I also represent non-party the Executive Office for Immigration Review (EOIR), an agency of the U.S. Department of Justice, with respect to this litigation. EOIR and the Defendants are referred to collectively herein as "the Government."

2. I make this declaration to provide information with respect to the Government's "Motion to Amend/Correct Government's Opposition to Motion for Court Oversight and Declaration Filed In Support." These statements are based on my personal knowledge, insofar as in my role as counsel for the government, I am aware of the filings made by the Government in this case, the communications between counsel concerning the implementation of Court's November 19, 2019 Preliminary Injunction Order (ECF No. 330) ("PI Order") and its October 30, 2020 Order Granting Plaintiffs' Motion for Clarification of Preliminary Injunction (ECF No. 605) ("October 30 Order"), as well as information reported to me by the agencies and departments impacted by those orders, including EOIR.

3. In Paragraph 24 of my prior declaration submitted in support of the Government's Opposition to Plaintiffs' Motion for Court Oversight (ECF No. 768-1), I recounted the contents of an April 22, 2021 letter as follows: "As stated in the April 22 letter, the production included what the government refers to as the 'Master List' of potential PI class members. This list includes 'inadmissible or deportable non-Mexican noncitizens who were encountered by CBP—either OFO [Office of Field Operations] or U.S. Border Patrol (USBP) between July 16, 2019 and June 30,

1

2020, inclusive, and processed under the Immigration and Nationality Act for expedited removal, expedited removal/credible fear (ER/CF), or a Notice to Appear, and who: (1) as of January 29, 2021, the electronic records of the Executive Office for Immigration Review (EOIR) indicated that the individual filed for Asylum, Withholding of Removal, or the Convention Against Torture before EOIR on or after July 16, 2019; (2) were noted as being originally processed by CBP for ER/CF [expedited removal/credible fear]; or (3) as of January 11, 2021, USCIS has an electronic record of the individual in the Asylum Division's case management system (other than records reflecting a Migrant Protection Protocols case or a Reasonable Fear case).'"

4. EOIR has since reported to counsel for the Government that there was a logic error in the data pull conducted by EOIR that the Government had used to identify those inadmissible or deportable non-Mexican noncitizens who were encountered by CBP—either OFO [Office of Field Operations] or U.S. Border Patrol (USBP) between July 16, 2019 and June 30, 2020, inclusive, as to whom EOIR's electronic records indicated that they had filed for Asylum, Withholding of Removal, or the Convention Against Torture before EOIR on or after July 16, 2019. EOIR reported that its data pull only included records that indicated both that such an application had been filed *and* that a decision had been recorded by an immigration judge on the application.

5. I notified Plaintiffs' counsel of this issue by email on November 16, 2019, and sought a conference on the relief requested in the Government's Motion to Amend/Correct as well as on potential supplementation of the Master List. On November 19, 2019, I and other Government counsel conferred with Plaintiffs' counsel regarding the relief sought in the Government's Motion to Amend/Correct. Plaintiffs' counsel stated that Plaintiffs do not oppose the relief sought.

6. Attached hereto as **Exhibit 1** is a true and correct copy of the November 19, 2021 Declaration of Benjamin McDowell, program analyst with

EOIR.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration was executed on November 23, 2021, in Washington, D.C.

<u>s/ Katherine J. Shinners</u>
KATHERINE J. SHINNERS
Senior Litigation Counsel
*Counsel for the Government*