# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Alejandro MAYORKAS, Acting Secretary of Homeland Security, in his official capacity, *et al.*,<br><br>*Defendants* | Case No. 3:17-cv-02366-BAS-KSC |

**DECLARATION OF BENJAMIN MCDOWELL,**
**PROGRAM ANALYST, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

I, BENJAMIN MCDOWELL, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that my testimony below is true and correct:

1. I am a program analyst with the Department of Justice, Executive Office for Immigration Review ("EOIR") in Falls Church, Virginia, a position I have held since February 1, 2010. I am familiar with, and routinely use and rely on, the Court Access System for EOIR ("CASE"). My official duties include creating reports and statistics derived from data contained in the CASE tracking and management application.

2. This declaration describes the searches conducted by me of CASE, and is submitted in support of Defendants and EOIR in the matter captioned Al Otro Lado, Inc., *et al.* v. , Alejandro Mayorkas, Secretary of Homeland Security, in his official capacity, *et al.*, Case No. 3:17-cv-02366-BAS-KSC filed in the U.S. District Court for the Southern District of California. The statements contained in this declaration are based on my personal knowledge, my review of relevant documents kept by EOIR in the course of ordinary business, and upon information provided to me by EOIR employees in the course of my official duties.

3. CASE is the informational resource management system that provides EOIR with case tracking and management information, office automation, Internet/Intranet, and automated legal research service. CASE allows users to access database information about various

1

aspects of an individual's proceedings before the Immigration Courts and the Board of Immigration Appeals ("Board").

4.  The majority of the information contained in CASE is derived from the filings, documents, and decisions from the Immigration Courts and the Board contained in the record of proceedings for the individual proceeding.  It includes, for example, legal representation information for each noncitizen in immigration court proceedings before EOIR, the charges of removability issued against them, any forms of relief sought, motions, and decisions rendered. CASE also includes information regarding the dates of all of the hearings scheduled in each case, and the location where each of the noncitizen's hearings are held.

5.  EOIR counsel provided me with a file named "CBP DATA MASTER LIST UPDATED 12.21.20 - CBP SBO USBP OFO OTMs by Req Dispositions 071619-063020V3.xlsx" that contained a column named "ALIEN_FILE_NUMBER" as well as other data elements. This list of ALIEN_FILE_NUMBER values in the file were compared to the data in the CASE database to obtain data from CASE for those individuals with matching alien numbers. The data obtained from CASE was compiled on February 1, 2021, and it included a list of applications for relief entered in the CASE database (including, but not limited to, applications for asylum, withholding of removal, and protection under the Convention Against Torture).  Due to the logic used to create that list of applications for relief, the list only included those records of applications that had a value in the field denoting an application decision. (Types of application decisions reflected in the data included: abandonment, admin closure, COV/transfer, deny, full grant, grant, grant WCAT, in court stipulated grant, not adjudicated, reserved, and withdrawn.) As a result, this list only contained applications for relief that had a recorded decision by an immigration judge in CASE, and did not include  applications for relief that were reflected in CASE as pending as of February 1, 2021.

6.  On September 24, 2021, EOIR counsel notified me that the list of applications for relief described in Paragraph 5 appeared to have inadvertently excluded applications for relief that were pending before the immigration judge at the time the data was compiled, and requested a new report that would include pending applications as well as completed applications. I compiled the new data on October 7, 2021, based on the same alien numbers listed; that new data included a list of applications for relief included both applications that were pending as of October 7, 2021 and applications that were completed.

Signed this 19th day of November, 2021

_____

Benjamin McDowell
Program Analyst
Executive Office for Immigration Review

2