BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
DHRUMAN Y. SAMPAT (NJ 270892018)
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4281 | Fax: (202) 305-7000
Trial Attorney
dhruman.y.sampat@usdoj.gov
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, <br><br> *Defendants* | Case No. 3:17-cv-02366-BAS-KSC <br><br> Hon. Cynthia A. Bashant <br><br> **DECLARATION OF DHRUMAN Y. SAMPAT IN SUPPORT OF GOVERNMENT'S OPPOSITION TO SPECIFIC DISCOVERY REQUESTS SET FORTH IN PLAINTIFFS' NOTICE OF FILING DISCOVERY REQUESTS** |

# DECLARATION OF DHRUMAN Y. SAMPAT

I, Dhruman Y. Sampat, declare as follows:

1. I am a trial attorney in the District Court Section of the U.S. Department of Justice, Office of Immigration Litigation and represent the federal defendants in their official capacities in the case entitled *Al Otro Lado, Inc. v. Mayorkas*, No. 3:17-cv-02366-BAS-KSC, which is currently pending in the U.S. District Court for the Southern District of California. I also represent non-party, the Executive Office for Immigration Review ("EOIR"), in the context of that litigation. Defendants and EOIR are collectively referred to herein as "the Government."

2. I make this declaration in support of the Government's opposition to specific discovery requests set forth in Plaintiffs' notice of filing discovery requests (Dkt. No. 776). These statements are based on my personal knowledge. In my role as counsel for the Government, I am aware of communications between counsel concerning the implementation of the Court's November 19, 2019 Preliminary Injunction Order (ECF No. 330) ("PI Order") and its October 30, 2020 Order Granting Plaintiffs' Motion for Clarification of Preliminary Injunction (ECF No. 605) ("October 30 Order"), as well as information reported to me by the agencies and departments impacted by those orders, including EOIR, U.S. Citizenship and Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE"). USCIS, CBP, and ICE are all component agencies of the Department of Homeland Security ("DHS").

3. On April 22, 2021, the Government produced to Plaintiffs information regarding potential PI class members—including contact information, detention status, and removal status—as well as other lists that had been requested by Plaintiffs or referenced in the Court's October 30 Order.

4. The Government indicated that it was producing what it refers to as the "Master List" of potential PI class members. This list included inadmissible or deportable non-Mexican noncitizens who were encountered by CBP—either by Office

of Field Operations ("OFO") or U.S. Border Patrol (USBP) between July 16, 2019, and June 30, 2020, inclusive, and processed under the Immigration and Nationality Act for expedited removal/credible fear (ER/CF), or a notice to Appear, and who: (1) as of February 1, 2021, the electronic records of EOIR indicated that the individual had filed for Asylum, Withholding of Removal, or the Convention Against Torture before EOIR on or after July 16, 2019, and that a decision had been entered on that application[1]; (2) were noted as being originally processed by CBP for ER/CF or (3) as of January 11, 2021, USCIS has an electronic record of the individual in the Asylum Division's case management system (other than records reflecting the Migrant Protection Protocols case or a Reasonable Fear case). In its production, the Government produced data about these individuals, including but not limited to: name, A-number, date and place of encounter, initial processing information, USCIS records indicating whether or not the transit rule was applied at the credible fear stage, whether and when the individual's removal order had been executed ("departure date of removal"), the country of removal, detention status, attorney contact information from EOIR and USCIS, and available address information from ICE, USCIS, and EOIR.

5. With respect to the ICE data regarding the date of an individual's departure on a removal order and country of removal, ICE had reported to counsel of record for the Government that the data was accurate as of April 3, 2021.

6. On June 18, 2021, counsel for the Government provided supplemental responses to inquiries from Class Counsel regarding the data production. In that email, Government counsel represented that it was "looking into the best ways to provide updated detention/removal/address information before Plaintiffs start disseminating notice."

---

[1] This sentence represents the correction noted in the Government's Unopposed Motion to Amend/Correct Government's Opposition to Motion for Court Oversight and Declaration Filed in Support. *See* Dkt. No. 784.

7.    Government counsel has since reiterated numerous times that they agree to provide updated detention and removal information, including by written correspondence, on July 16, 2021.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration was executed on November 29, 2021, in Arlington, Virginia.

Dated: November 29, 2021            Respectfully submitted,

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Trial Attorney

*Counsel for Defendants*