MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>            Plaintiffs,<br><br>     v.<br><br>Alejandro Mayorkas,[1] *et al.*,<br><br>            Defendants. | Case No.:  17-cv-02366-BAS-KSC<br><br>**DECLARATION OF MELISSA CROW IN SUPPORT OF PLAINTIFFS' EMERGENCY EX PARTE APPLICATION FOR INJUNCTIVE RELIEF FOR NAMED PLAINTIFF ROBERTO DOE** |

---

[1] Secretary Mayorkas is automatically substituted for former Acting Secretary Wolf pursuant to Fed. R. Civ. P. 25(d).

DECLARATION OF MELISSA CROW

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
  *sarah.rich@splcenter.org*
  Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
  Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
  *kwalters@immcouncil.org*
  Gianna Borroto (IL Bar No. 6305516) (*pro hac vice*)
  *gborroto@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# DECLARATION OF MELISSA CROW

I, Melissa Crow, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney with the Southern Poverty Law Center and counsel for the Plaintiffs in this case. Pursuant to Civ. L. R. 7.1(f), I make this declaration in support of Plaintiffs' Emergency Motion for Injunctive Relief for Named Plaintiff Roberto Doe.

2. In early October 2018, Plaintiff Roberto Doe attempted to present himself at the Reynosa-Hidalgo Port of Entry (POE) to seek asylum in the United States. CBP officers at the POE refused to let him cross the international boundary because the POE was "all full." Defendants told Roberto Doe that he would have to wait, possibly for weeks, before he could apply for asylum.

3. A CBP officer at the Hidalgo POE then contacted Mexican immigration officials from the *Instituto Nacional de Migración* (National Institute of Migration, or "INM"), who escorted Roberto Doe and several other asylum seekers back to Mexico and detained them. INM agents told them that they had no right to apply for asylum in the United States and that if they came back to the POE, they would be deported.

4. On October 17, 2018, Defendants agreed to inspect and process Plaintiff Roberto Doe at a POE, along with seven other named plaintiffs who, at the time, were outside the United States and continued to seek access to the U.S. asylum process. Plaintiffs' counsel and Defendants' counsel agreed on the date, time, and POE where Roberto Doe would present himself, and Plaintiffs' counsel informed Defendants' counsel that a U.S.-based attorney, Jennifer Harbury, would accompany Roberto Doe. Defendants' counsel informed Plaintiffs' counsel that if there were any issues, Ms. Harbury could seek help from CBP Assistant Watch Commander Diaz. Plaintiffs' counsel also informed Defendants' counsel that INM officials had

been preventing asylum seekers from approaching the POE and that Plaintiffs' counsel believed this was at Defendants' request. Plaintiffs' counsel asked Defendants' counsel to ensure that U.S. officials at the Hidalgo POE informed their Mexican counterparts in Reynosa of the agreement to allow Roberto Doe and two other named plaintiffs to present themselves at the POE the next day. Defendants' counsel did not agree or refuse to do so, but later that evening Defendants' counsel confirmed via email that Customs and Border Protection (CBP) officials at the Hidalgo POE were prepared to allow Roberto Doe and the two other named plaintiffs to cross at 11 am on October 18, 2018, accompanied by Ms. Harbury. Defendants' counsel also stated in the email that "there shouldn't be any issues."

5. On October 18, 2018, at the agreed-upon time, Roberto Doe, accompanied by Ms. Harbury, attempted to present himself at the Hidalgo POE. He was stopped and detained by INM officials as he was approaching the international bridge on the Mexican side. Ms. Harbury called and texted Watch Commander Diaz, as Defendants' counsel had instructed, but Commander Diaz never answered the phone or responded to her text messages.

6. Plaintiffs' counsel spoke with an INM official at the office in Reynosa where Roberto Doe was being detained. That official, Mr. Jorge Mora, informed Plaintiffs' counsel that INM needed proof from the U.S. government that Roberto Doe was allowed to cross the bridge, and that such proof would likely lead to Roberto's release from INM custody. Plaintiffs' counsel asked Mr. Mora to call CBP officials to confirm the existence of that agreement, but Mr. Mora said that he was not authorized to make such a call at that time.

7. Plaintiffs' counsel spoke with Defendants' counsel various times throughout the day on October 18, 2018, in an effort to facilitate Roberto Doe's release from INM custody. Plaintiffs' counsel specifically asked Defendants' counsel to call the INM officials in Reynosa to confirm the existence of an agreement

to allow Roberto Doe to cross the international bridge and enter the Hidalgo POE. Defendants' counsel refused to coordinate or allow such a call from CBP to INM; however, Defendants' counsel repeatedly stated that if INM officials called CBP, CBP would confirm the agreement allowing Roberto Doe to present himself at the POE. Plaintiffs' counsel sent INM officials our email communications with Defendants' counsel in an attempt to demonstrate the existence of an agreement to allow Roberto Doe to present himself.

8. INM did not release Roberto Doe, but instead continued to detain him, initially in the basement of an INM facility in Reynosa (at the U.S.-Mexico border) and later at an immigration detention facility in Acayucan, Veracruz.

9. Plaintiffs' counsel engaged in extensive advocacy with a number of human rights groups active in Mexico, including the United Nations High Commissioner for Refugees ("UNHCR"), Amnesty International, the Washington Office on Latin America, and the *Comisión Nacional de Derechos Humanos* (National Human Rights Commission, or "CNDH"), a quasi-governmental Mexican human rights organization in Reynosa that works with migrants, as well as with INM.

10. Following this advocacy, INM agreed to transport Roberto Doe back to Reynosa so he could present himself at the Hidalgo POE. Plaintiffs' counsel informed Defendants' counsel of this arrangement on October 24, 2018. Plaintiffs' counsel also informed Defendants' counsel that INM had reached out to CBP officers at the Hidalgo POE to coordinate, but CBP had told INM that they had no knowledge of Roberto's case. Plaintiffs' counsel learned, and communicated to Defendants' counsel on the morning of October 25, 2018, that the CBP official who was unable to confirm the existence of this agreement was McAllen Port Director Sylvia Briones.

11. Plaintiffs' counsel communicated with Defendants' counsel on October

25, 2018, in an attempt to overcome any additional hurdles preventing INM from returning Roberto Doe to Reynosa to present himself at the Hidalgo POE. Plaintiffs' counsel requested a name and phone number for a CBP contact who could confirm the existence of the agreement, as well as written acknowledgement of the agreement from Defendants that Plaintiffs' counsel could provide to INM. Defendants' counsel refused to provide anything in writing and did not provide a reason for their refusal. Later that day, Defendants' counsel provided the name and phone number of a CBP contact who would confirm the agreement—Sylvia Briones.

12. Plaintiffs' counsel provided Sylvia Briones' information to our contacts at UNHCR who were in touch with INM about this matter, but our UNHCR contacts informed us that INM now wanted some sort of written confirmation, other than forwarded emails between Plaintiffs' counsel and Defendants' counsel, of the agreement to allow Roberto Doe to present himself at the Hidalgo POE.

13. Plaintiffs' counsel continued to communicate with Defendants' counsel on October 26, 2018, informing them that CBP had in fact failed to confirm the existence of an agreement to allow Roberto Doe to present himself at the POE and that INM now required official written confirmation of such an agreement in order to transport Roberto Doe to Reynosa. Defendants' counsel refused to provide written confirmation.

14. INM continued to detain Roberto Doe in Acayucan, Veracruz and later deported him to Nicaragua, where he was forced to live in hiding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of December 2021 in North Potomac, Maryland.

*/s/ Melissa Crow*

Melissa Crow