MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 South Grand Avenue
25th Floor
Los Angeles, California  90071-1503
United States of America
  Ori Lev (DC Bar No. 452565)
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, District of Columbia  20006-1101
United States of America71
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3000

SOUTHERN POVERTY LAW CENTER
  Melissa Crow (DC Bar No. 453487)
  (*pro hac vice*)
  *melissa.crow@splcenter.org*
1101 17th Street, N.W., Suite 705
Washington, D.C. 20036
Telephone: +1.202.355.4471
Facsimile: +1.404.221.5857

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc. , *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>Alejandro Mayorkas,[1] *et al.*,<br><br>Defendant. | Case No. 17-cv-02366-BAS-KSC<br><br>**EXHIBIT 2 TO PLAINTIFFS' NOTICE CONCERNING DKT. 775** |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
    Baher Azmy (NY Bar No. 2860740) (*pro hac vice*)
    *bazmy@ccrjustice.org*
    Angelo Guisado (NY Bar No. 5182688) (*pro hac vice*)
    *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
    Sarah Rich (GA Bar No. 281985) (*pro hac vice*)
    *sarah.rich@splcenter.org*
    Rebecca Cassler (MN Bar No. 0398309) (*pro hac vice*)
    *rebecca.cassler@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857

AMERICAN IMMIGRATION COUNCIL
    Karolina Walters (DC Bar No. 1049113) (*pro hac vice*)
    *kwalters@immcouncil.org*
    Gianna Borroto (IL Bar No. 6305516) (*pro hac vice*)
    *gborroto@immcouncil.org*
1331 G St. NW, Suite 200
Washington, D.C. 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

# DECLARATION OF ANGELO R. GUISADO

I, Angelo R. Guisado, hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746:

    1.    I am an attorney at the Center for Constitutional Rights and counsel for the Plaintiffs in this case.

    2.    I interviewed an asylum seeker[1] ("Applicant") telephonically on December 16, 2021. Based on my discussions with Applicant, my understanding is as follows:

    a.    Applicant is a citizen and native of Mexico. She has two sons, aged 12 and 15. The fifteen-year-old is a U.S. citizen by birth, the twelve-year-old is a Mexican citizen. They are currently staying at a shelter in Tijuana, Mexico.

    b.    Applicant and her two sons most recently lived in Puebla, Mexico. The three fled Puebla because of the violent threats made by the father of Applicant's children, a known member of a dangerous local drug cartel. In addition to repeatedly threatening the family with violence, the father sexually abused Applicant's fifteen-year-old year old son. Upon learning that Applicant had filed a complaint with the regional investigative agency accusing the father of sexual abuse, the father bribed the agency officials to ensure that they did not investigate the matter further, threatened and bribed Applicant's lawyer, and threatened to have the local child services agency take Applicant's children away. The father regularly sent other cartel members to Applicant's home to intimidate them.  Applicant stated that this type

---

[1] Applicant's name is omitted for confidentiality purposes and to ensure her safety. Her name is available upon request.

of bribery and extortion occurs frequently in the area because of the cartel's profile and influence.

c.  Applicant and her sons fled Puebla and arrived in Tijuana on August 21, 2021. They went immediately to the San Ysidro Port of Entry around 4:00 pm to present themselves to U.S. authorities in order to seek asylum. They met two U.S. immigration officials with dark blue uniforms outside of a gate. They allowed the fifteen-year-old, U.S.-passport bearing son to pass through the gate, but stopped Applicant and her twelve-year-old son. The officials asked them in Spanish if they had visas allowing them to enter. Applicant responded no, and stated that the U.S. officials ordered them to leave immediately.

d.  Applicant explained to them that they were there to seek asylum after being threatened with violence by a narco-trafficking cartel, one member of which had sexually assaulted her son. The U.S. officials responded that they "could not help them right now," and instructed them to move out of the way because they were blocking pedestrian traffic.

e.  Applicant and her sons were forced to leave the port of entry and seek refuge at a shelter in Tijuana. Throughout their stay, Applicant's parents have called her repeatedly, informing them that her sons' father repeatedly threatens the family with violence and knows that they are staying in Tijuana. They live in constant fear for their lives.

f.  Applicant and her sons returned to the San Ysidro Port of Entry on November 23, 2021. They approached the gate and explained to a U.S. officer that they were there to seek political asylum. The official told the family to wait while she got a supervisor. That official never came back. Instead, Applicant and her sons waited off to the side of

the gate for three hours while other U.S. immigration officials guarded the gate.

g. Eventually, two more officers came to inspect travelers' documents at the gate. Applicant's son pleaded with the officers to get someone to help them, but they responded that they did not speak Spanish. Towards the end of their wait, the family encountered two individuals who were in line to be processed: one was a man from Cuba, the other a man from Chile. The man from Cuba told the U.S. officials, in Spanish, that he was there to seek political asylum, and they let him past the gate. The man from Chile presented his visa, and they also let him past the gate, saying something to him in Spanish.

h. Before he entered, the Cuban asylum seeker told Applicant's fifteen-year-old son what words to say in English to allow the family to seek asylum. When he did, the officials called for a Spanish-speaking U.S. official. This official told the family that they could not apply for asylum, that there was nothing they could do, that they could not stand and wait there, and that they had to leave immediately.

i. On Sunday, December 13, 2021, Applicant and her sons took a bus to Mexicali to try again to seek asylum. When they were approaching the border in Mexicali, they encountered several people Applicant assumed to be narcotraffickers. This group of individuals proceeded to kidnapped one of the families that had traveled with them on the bus from Tijuana. Applicant has not heard from that family since. Applicant and her sons were able to escape and approached a U.S. immigration official located on the U.S. side of the border wall, who directed them to go to the port of entry to apply for asylum.

j. Once the family reached the port, they waited in line and entered what

appeared to be a building for immigration processing. After
approximately fifteen minutes, a female U.S. immigration official
asked them where they were from and what they were doing there.
Applicant told them that they were from Mexico and that they were
there to seek political asylum. The U.S. official informed them that
there was no political asylum right now and ordered them to leave.
Applicant informed her that her son is a U.S. citizen and had a right to
be there. The U.S. official said she did not care and physically forced
the family out of the building.

k.  Applicant still wants to seek asylum in the United States. The family
does not feel safe in Tijuana, and Applicant is worried about her
fifteen-year-old son who is showing signs of psychological harm due
to the abuse he suffered from his father. They live in constant fear for
their lives and need to seek protection in the United States.

I declare under penalty of perjury under the laws of the United States of
America that the proceeding declaration is true and correct.

Executed on this 17th day of December at New York, New York.

Angelo R. Guisado