1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*,<br><br>                              Plaintiffs,<br><br>      v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>                              Defendants. | Case No. 17-cv-02366-BAS-KSC<br><br>**ORDER:**<br><br>**(1) TERMINATING PLAINTIFF ROBERTO DOE'S EMERGENCY APPLICATION AS MOOT (ECF No. 786); AND**<br><br>**(2) DIRECTING PARTIES TO SUBMIT JOINT STATUS REPORT** |

Before this Court is Plaintiff Roberto Doe's *ex parte* emergency application for injunctive relief ("Application") in the form of an order requiring the Government (1) to provide him "with the necessary documents and/or approvals to travel on a commercial airline [from Nicaragua] to the United States so that he may access the asylum process" and (2) "to grant him access to the asylum process under the rules and regulations . . . that would have applied in [October of 2018]," when Plaintiff was illegally turned back at a Texas port of entry ("Application").  (App., ECF No. 786; *see* Mem., Ex. 1 to Mot., ECF

- 1 -

No. 786-1.)[1]  Plaintiff avers that it is no longer safe for him to continue to live in Nicaragua given the worsening political unrest in his home country.  (Doe Decl. ¶ 10, Ex. 2 to Mot., ECF No. 786-2.)  Specifically, he fears that if he remains in Nicaragua, even in hiding, his life will be in jeopardy given his past political opposition to the current regime.  (*Id.*)  He attests that his name was listed among a group of the regime's political opponents, many of whom have been rounded up and arrested by the police, and that "paramilitaries are looking for [him] in [his] hometown."  (*Id.*)

The Government states that it has reached an agreement in principle with Plaintiff that would provide him the relief he seeks by his Application.  (Opp'n 7, ECF No. 790.)  Specifically, the Government represents to the Court that it will provide Plaintiff with "the necessary permission and documentation" to enter the United States, subject to Plaintiff's submission to the Government of "certain basic application information" and "barring the revelation of derogatory national security information."  (*Id.* 10.)[2]  The Government has agreed to "process" Plaintiff's application "within two weeks" of its receipt.  (Halaska Decl. ¶ 53.)  Furthermore, the Government avers that the Migrant Protection Protocols ("MPP") memorandum and the CDC Order promulgated under Title 42 of the United States Code, which "prevents the introduction of certain covered noncitizens," will not apply to Plaintiff if he arrives in the United States by air.  (Opp'n 10 (citing Public Health Reassessment and Order Suspending the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists, 86 Fed. Reg. 42,828, 42,829 (Aug. 5, 2021) (CDC Order) ("The instant Order continues the suspension of the right to introduce 'covered noncitizens' . . . into the United States along the U.S. land and adjacent coastal borders.")) and 8 U.S.C. § 1225(b)(2)(C) (permitting the government to

---

[1] Plaintiffs seek identical relief in their Motion for Court Oversight of the Preliminary Injunction (*See* ECF No. 736), but were compelled to bring *ex parte* this Application due to the purportedly exigent circumstances described above (Mem. 4).

[2] Specifically, the Government has conditioned its offer on Plaintiff first providing an application packet consisting of '[a] completed and signed USCIS form I-131, Application for Travel Document,' a 'clear photocopy of a valid, unexpired passport/travel document biographic data page . . .' and a 'proposed flight itinerary.'"  (Opp'n 6–7 (quoting Halaska Decl. ¶ 53, Ex. 1 to Opp'n, ECF No. 790-1).)

1  return to a contiguous territory a noncitizen "who is arriving on land . . . from a foreign

2  territory contiguous to the United States).)

3    The Government avers that, in light of its acquiescence to the demands in Plaintiff's

4  Application, the Court need not issue an order compelling the relief Plaintiff seeks in the

5  interest of judicial economy and to conserve the parties' resources.  (Opp'n 10 (citing *Leyva*

6  *v. Certified Grocers of Calif., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *Lopez v. Am. Express*

7  *Bank, FSB*, No. 09-CV-7335, 2010 WL 3637755, at *4 (C.D. Cal. Sept. 17, 2010)).)

8  Moreover, although it agrees to provide Plaintiff with the relief he seeks, the Government

9  does not concede that the relief Plaintiff seeks is legally "appropriate to address any

10  violation found by this Court."  (Mem. 1.)

11    In lieu of a substantive reply, Plaintiff now requests the Court to "hold further

12  briefing and ruling on [h]is [A]pplication in abeyance" and to direct the parties to file a

13  joint status report.  (Reply 1, ECF No. 791.)  Plaintiff requests the Court to afford him an

14  opportunity to file a substantive reply if the Government fails to facilitate Plaintiff's travel

15  and entry into the United States.  (*Id.*)

16    Accordingly, the Court **TERMINATES AS MOOT** Plaintiff's Application and

17  **ORDERS** the parties to submit a joint report concerning Plaintiff's status **by no later than**

18  **January 31, 2022**.  That report **shall be no longer than five (5) pages** and **shall indicate**

19  whether (1) a resolution has been reached, (2) the parties seek additional time to reach a

20  resolution, or (3) Plaintiff seeks to renew his Application.  If Plaintiff indicates that he

21  seeks to renew his Application, he shall file a substantive reply to the Government's

22  Opposition (ECF No. 790) **by no later than February 4, 2022**.

23    **IT IS SO ORDERED.**

24

25  **DATED: December 21, 2021**

26               **Hon. Cynthia Bashant**

             **United States District Judge**

27

28

17cv2366