BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **JOINT STATUS REPORT** |
| ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*, in their official capacities,* | |
| *Defendants*. | |

---

* Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Mayorkas is automatically substituted as a Defendant for former Acting Secretary Wolf.

The parties respond to the Court's request for an update on "any developments that affect . . . the Motion for Oversight or the issue of remedies." Dkt. 802 at 2.

### I.   Plaintiffs' Statement

***Issues affecting Motion to Enforce and Motion for Oversight.*** Most of the disputes raised in the Motion to Enforce, *see* ECF 646 at 6-7, and the Motion for Oversight, *see* ECF 736-1 at 15-25, remain unresolved. These include:

1. Defendants' refusal to provide a timeline for fully complying with the PI and Clarification Order, ECF 646 at 14-17;

2. Defendants' refusal to obtain additional metering waitlists, *id.* at 17-18;

3. Defendants' unwillingness to treat an individual's name on a metering waitlist prior to July 16, 2019 as presumptive (instead of probative) evidence of PI class membership, *id.* at 18-20;

4. Defendants' unwillingness to treat an individual's inspection at a POE on a date when the waitlist numbers being called for entry at that POE were issued prior to July 16, 2019 as presumptive evidence of PI class membership, *id.* at 20-21;

5. Defendants' unwillingness to disclaim reliance on statements made during Defendants' faulty prior efforts at PI class membership screening, *id.* at 21-22;

6. Defendants' exclusion from reopening/reconsideration relief PI class members deemed ineligible for asylum based on the Asylum Ban, where the decision also identifies an alternative non-categorical reason for denial, *id.* at 28-29;

7. Defendants' exclusion from reopening/reconsideration relief PI class members to whom the Asylum Ban was applied at an intermediate stage of the process, where the final adjudicator denied asylum only on a basis other than the Asylum Ban, *id.* at 29-30; and

8. Defendants' refusal to screen individuals with final asylum determinations after June 30, 2020 for PI class membership or relief, *id.* at 30.

The following issues identified in the Motion for Oversight remain in dispute:

9. Defendants have not adopted procedures for PI class members located outside the United States to return to the United States if their proceedings are reopened, ECF 736-1 at 11;

10. Defendants' failure to establish a process by which individuals potentially eligible for reconsideration of negative credible fear determinations who are outside the United States can submit evidence of class membership equivalent to the procedures adopted for those in DHS custody, *id.* at 15.

11. Defendants have not finished providing notice of the PI to individuals outside DHS custody and subject to imminent removal. Moreover, Defendants deny that their notice obligation extends to individuals who were in DHS custody or administrative proceedings as of the date of the Clarification Order or to individuals with pending motions to reopen before EOIR or pending petitions for review of final removal orders, *id.* at 12-13, 21-22;

13. Defendants do not intend to solicit class membership information from, or affirmatively review and reopen or reconsider the cases of potential PI class members outside the United States unless such individuals self-identify as PI class members, *id.* at 16;

14. Defendants' process for reviewing the Record of Proceedings is flawed as it does not include review of other relevant information (such as metering information) in DHS's possession, *id.* at 17-18;

15. Defendants are not informing potential class members whose asylum claims were denied that their cases are being reviewed or soliciting PI class membership information from these individuals, *id.* at 18;

16. Defendants have not undertaken a systematic review of all I-213 notations for evidence of class membership, *id.* at 24-25.

***Issues affecting remedies.*** In the seven months since this Court issued its summary judgment order, the justification for the relief sought in Plaintiffs' remedies brief (Dkt. 768) has only gotten stronger. As indicated in the notice Plaintiffs

1  filed on December 20, 2021 (Dkt. 792), CBP officers have repeatedly turned back
2  asylum seekers in the process of arriving at certain ports of entry along the U.S.-
3  Mexico border—despite this Court's order finding that practice illegal. Moreover,
4  the government announced it will end the use of Title 42 on May 23, 2022.[1] The
5  lifting of Title 42, with its narrow exemptions prioritizing some groups over others,[2]
6  will mean a marked change in procedures applicable to the thousands of class mem-
7  bers waiting in Mexico and will render moot certain of Defendants' arguments op-
8  posing Plaintiffs' proposed relief. *See* Dkt. 773-2 at 7-12.
9       Although Defendants claimed that reporting and monitoring requirements
10 were unnecessary, *see id.* at 12-19, the parties' experience with PI enforcement
11 proves otherwise. As outlined above, in the 864 days since this Court issued its pre-
12 liminary injunction, Defendants have yet to fully comply.

### II. Defendants' and EOIR's Statement.

*Motion for Oversight*. The disputes Plaintiffs assert in their Motion for Oversight and their prior Motion to Enforce concerning interpretation and implementation of the PI Orders have been narrowed as follows:

As to the identification and reopening or reconsideration of what Plaintiffs term "Immigration Court Denial Cases" (*see* ECF 736-1, at 17–18)—the cases of individuals who were placed in or referred to removal proceedings before EOIR—the parties have been working together on a template motion to reopen. Further, EOIR has agreed to post the template motion on its website with instructions and a

---

[1] *See* Centers for Disease Control and Prevention, *Public Health Determination and Order Regarding the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease Exists* (Apr. 1, 2022), https://bit.ly/3LwybKX.
[2] *See, e.g.*, Camilo Montoya-Galvez, *Ukrainians Can Be Considered for Asylum at U.S. Border, Despite Pandemic Restrictions*, CBS News (March 17, 2022), https://www.cbsnews.com/news/ukraine-asylum-us-mexico-border/.

link to Class Counsel's website to obtain additional information. The template motion and instructions will provide potential PI class members with additional information about their existing right to file motions to reopen to submit additional evidence of class membership and seek reopening or reconsideration. This available resource should also resolve or narrow any dispute over whether DHS should provide notice to those with pending motions to reopen or petitions for review. *See supra* Plffs.' Issue 11. Further, on February 25, 2022, the Government produced an annotated Master List containing, among other things, the results of EOIR's on-going review of records of proceedings (ROPs), including annotations for 1,842 individuals indicating whether the transit rule was applied to deny asylum, the results of any class membership determination, whether there was insufficient ROP evidence to make a class membership determination, and whether the case was reopened.[3]

As to the identification and reopening or reconsideration of "Negative CFI Cases" to whom the transit rule was previously applied (*see* ECF 736-1, at 15), the parties have worked cooperatively to finalize the notice aspects of the procedures for conducting class-membership interviews of those non-detained individuals whose expedited removal orders have not been executed. U.S. Citizenship and Immigration Services (USCIS) has been working to accommodate Plaintiffs' requested changes to the two notices that will be sent to potential PI class members under those procedures. The parties finalized the notice language on February 23, 2022, and are working on remaining translation issues.

As to the provision of notice to potential PI Class Members (*see supra* Plffs.' Issue 11; ECF 736-1, at 21), notice has been posted in all ICE detention facilities as

---

[3] Although the parties disagree over whether the PI Orders *require* reopening or reconsideration of an asylum denial that is based both on the transit rule and on independent, alternative grounds (*see supra* Plffs.' Issue 6), EOIR adjudicators have been instructed to reopen cases if the transit rule was part of the basis for the final denial. *See* ECF 695-6, at 4 ¶¶ 12-13. EOIR's ROP review also includes cases of individuals whose removal orders have been executed. *See supra* Plffs.' Issue 13.

of October 5, 2021, and DHS has also worked with Plaintiffs on language for a notice to those in U.S. Customs and Border Protection (CBP) custody and on a general class action notice that has been published on DHS components' websites. *See* https://www.uscis.gov/laws-and-policy/other-resources/uscis-class-action-settlement-notices-and-agreements; https://www.cbp.gov/document/rulings/al-otro-lado-v-mayorkas. Notably, the transit rule is still not in effect, and thus cannot be applied to anyone at any stage of their proceedings, regardless of PI class membership. *See* ECF 758, at 6.

***Remedy.*** On November 1, 2021, DHS and CBP rescinded all prior metering and queue management memoranda, and CBP issued guidance concerning processing of undocumented noncitizens at Southwest border land ports of entry. *See* ECF 775; https://www.cbp.gov/document/guidance/guidance-management-and-processing-undocumented-non-citizens-southwest-border-land. Meanwhile, the Centers for Disease Control and Prevention's Order under 42 U.S.C. § 265 (the CDC Order), which prohibits the introduction into the United States of certain noncitizens due to COVID-19 concerns—including undocumented noncitizens seeking to enter at Ports of Entry at or near the U.S. land or adjacent coastal borders —has remained in place.[4] Today, the CDC terminated that Order, providing that the implementation of the termination will begin on May 23, 2022. *See* https://www.cdc.gov/coronavirus/2019-ncov/cdcresponse/Final-CDC-Order-Prohibiting-Introduction-of-Persons.pdf. Any resulting surge in undocumented noncitizens seeking to enter the United States by land along the Southwest border will compound the already-significant harms to the government's border operations and the public interest from any injunction that are described in prior briefing. *See* ECF 770, at 14–16.

---

[4] The CDC Order was amended on March 11, 2022 to terminate its application to unaccompanied children, although unaccompanied children had already been excepted from its application. *See* 86 Fed. Reg. 42828 (Aug. 5, 2021); 87 Fed. Reg. 15243 (Mar. 17, 2022)

| | | |
|---|---|---|
| 1 | DATED: April 1, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| 4 | | |
| 5 | | WILLIAM C. PEACHEY<br>Director |
| 6 | | |
| 7 | | SAMUEL P. GO<br>Assistant Director |
| 8 | | |
| 9 | | */s/ Katherine J. Shinners*<br>KATHERINE J. SHINNERS |
| 10 | | Senior Litigation Counsel<br>United States Department of Justice |
| 11 | | Civil Division |
| 12 | | Office of Immigration Litigation<br>District Court Section |
| 13 | | P.O. Box 868, Ben Franklin Station |
| 14 | | Washington, D.C. 20044<br>Tel: (202) 307-8704 \| Fax: (202) 305-7000 |
| 15 | | alexander.j.halaska@usdoj.gov |
| 16 | | |
| 17 | | ALEXANDER J. HALASKA<br>DHRUMAN Y. SAMPAT |
| 18 | | Trial Attorneys |
| 19 | | *Counsel for Defendants* |
| 20 | | |
| 21 | | MAYER BROWN LLP |
| 22 | |    Matthew H. Marmolejo |
| 23 | |    Ori Lev<br>   Stephen M. Medlock |
| 24 | | |
| 25 | | CENTER FOR GENDER & REFUGEE STUDIES |
| 26 | |    Melissa Crow |
| 27 | | SOUTHERN POVERTY LAW CENTER |
| 28 | | |

        Sarah Rich
        Rebecca Cassler

CENTER FOR CONSTITUTIONAL RIGHTS
        Baher Azmy
        Angelo Guisado

AMERICAN IMMIGRATION COUNCIL
        Karolina Walters
        Gianna Borroto

By: */s/ Stephen M. Medlock*
Stephen M. Medlock

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

*Al Otro Lado v. Mayorkas*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: April 1, 2022            Respectfully submitted,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice