BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS
Senior Litigation Counsel
ALEXANDER J. HALASKA (IL 6327002)
Trial Attorney
DHRUMAN Y. SAMPAT (NJ 270892018)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4281 | Fax: (202) 305-7000
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING *GARLAND v. ALEMAN GONZALEZ*** |
| ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*, in their official capacities,* | |
| *Defendants*. | |

---

* Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Mayorkas is automatically substituted as a Defendant for former Acting Secretary Wolf.

The Supreme Court's recent decision in *Garland v. Aleman Gonzalez*, --- S. Ct. ---, 2022 WL 2111346 (June 13, 2022), confirms that 8 U.S.C. § 1252(f)(1) forecloses, at minimum, the injunctive relief Plaintiffs seek in this case.

The Court granted summary judgment for Plaintiffs on their Administrative Procedure Act (APA) and procedural due process claims on the ground that, absent express statutory authority, U.S. Customs and Border Protection (CBP) cannot defer its obligations to inspect and refer asylum seekers under 8 U.S.C. §§ 1225(a)(3), 1225(b)(1)(A)(ii). MSJ Order (ECF No. 742) at 33. It held that "turning back asylum seekers . . . without inspecting and referring them upon their arrival unlawfully withholds Defendants' statutory duties" in violation of the APA, 5 U.S.C. § 706(1), and that due process thus also requires fulfillment of these duties because they are required by statute. MSJ Order at 33-34, 37-38. The Court held that CBP owed these duties even to asylum-seekers who have yet to enter U.S. territory because, it reasoned, 8 U.S.C. §§ 1158(a)(1) and 1225 "appl[y] to migrants who are 'in the process of arriving'" in the United States at Class A ports of entry (POEs) along the U.S.-Mexico border, which the Court held to include "aliens who have not yet come into the United States, but who are attempting to do so and may still be physically outside the international boundary line at a POE." *Id.* at 19. The Court solicited briefing on the appropriate remedy in light of its § 706(1) finding. MSJ Order at 45.

As Defendants argued in their remedy brief, 8 U.S.C. § 1252(f)(1) bars the broad injunctive relief Plaintiffs seek. *See* ECF No. 770 at 2-6. That section provides that "no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of" 8 U.S.C. §§ 1221–1232, "other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated." 8 U.S.C. § 1252(f)(1). It thus bars Plaintiffs' proposed injunction requiring Defendants to inspect all noncitizens under § 1225(a)(3) before they enter the United States. *See* Pls.' Prop. Order (ECF No. 773-4) ¶ 2 (requesting an injunction to prohibit Defendants from "denying access to

inspection and/or asylum processing to noncitizens who . . . are in the process of arriving in the United States at Class A Ports of Entry"). It also bars those aspects of an injunction that dictate what procedures apply in removal proceedings or during inspection and expedited removal. *See* ECF No. 770 at 6; Pls.' Prop. Order ¶¶ 3-4 (seeking such relief). The Supreme Court's decision in *Aleman Gonzalez* reinforces each of Defendants' arguments on the applicability of § 1252(f)(1).

*First*, the Supreme Court confirmed that § 1252(f)(1) bars mandatory and prohibitory injunctions that impose affirmative obligations on the government with respect to the operation of covered provisions like § 1225. *See Aleman Gonzalez*, 2022 WL 2111346 at *4. It "generally prohibits lower courts from entering injunctions that order federal officers *to take or to refrain from taking* actions to enforce, implement, or otherwise carry out the specific statutory provisions," including the provisions at issue here related to "the inspection" and "examination" of noncitizens. *Id.* (emphasis added). Orders "prohibiting all forms of turnbacks," ECF No. 535-1 at 3, and requiring Defendants to inspect noncitizens who are still outside the United States thus would run afoul of this bar because they would require Defendants "to take actions that [they] do[] not believe are required by [the statute]." *Id.* at *5.

*Second*, the Supreme Court rejected Plaintiffs' argument (at ECF No. 610 at 19) that § 1252(f)(1) is not implicated when the injunction seeks to remedy the violation of the relevant statute. *See Aleman Gonzalez*, 2022 WL 2111346 at *6. It held that the term "operation" as used in § 1252(f)(1) is not limited to the proper or lawful operation of the statute. *Id.* Section 1252(f)(1) thus prohibits injunctions, like the one Plaintiffs seek here, that purport to enforce "the operation of [§§ 1221–1232] 'as *properly* interpreted.'" *Id.* Plaintiffs' reading of § 1252(f)(1) is also contrary to the statutory context, as it would "make a court's jurisdiction to entertain a request for class-wide injunctive relief dependent upon the merits of the claim." *Id.* at *7.

*Third*, the Supreme Court's reasoning confirms that § 1252(f)'s bar on class-wide relief does not depend on the nature of the underlying claim. For example,

1   Plaintiffs may claim that § 1252(f)(1) does not bar injunctive relief here because the
2   Court indicated that the scope of Defendants' duties under § 1225 is in part defined
3   by 8 U.S.C. § 1158(a)(1), *see* MSJ Order at 25, which is not a covered provision of
4   § 1252(f)(1). That is incorrect. As explained, Plaintiffs did not base their § 706(1)
5   claim on § 1158. *See* ECF No. 770 at 3 n.3; *see also* ECF No. 768 at 19 (conceding
6   that Plaintiffs "seek to enjoin agency action that violates duties under § 1225"). And
7   this Court already determined that § 1158(a)(1) "does not identify any specific obli-
8   gations placed on an immigration officer and therefore, may not serve as the basis
9   for [§] 706(1) relief." *Al Otro Lado v. McAleenan*, 327 F. Supp. 3d 1284, 1310 n.12
10  (S.D. Cal. 2018). In any event, an injunction that purports to protect noncitizens'
11  ability to apply for asylum under § 1158(a)(1) is still barred if, as here, it imposes
12  direct requirements on the operation of § 1225 or other covered provisions. *See Ale-*
13  *man Gonzalez*, 2022 WL 2111346 at *5-7 & n.4.

14       Any argument that Plaintiffs' due process claim permits the Court to enter
15  classwide requirements related to the inspection of noncitizens similarly "clashes
16  with § 1252(f)(1) prefatory clause," which states that the bar applies "'regardless of
17  the nature of the action or claim.'" *Id.* at *7. Congress did not evidence any intent to
18  treat constitutional claims differently from statutory claims in this context. *See id*.
19  Moreover, here, the Court's finding of a due process violation is entirely based on
20  its finding that Defendants withheld *statutory* duties from the certified class; it is not
21  rooted in any independent due process rights. MSJ Order at 37-38.

22       Section 1252(f)(1) bars the injunctive relief Plaintiffs seek.[1]

---

[1] Vacatur of agency action or coercive declaratory relief is also prohibited. *See Aleman Gonzalez*, 2022 WL 2111346 at *4 (defining an injunction as an order that "'tells someone what to do or not to do.'") (quoting *Nken v. Holder*, 556 U.S. 418, 428 (2009)). Here, the Court no longer needs to address the propriety of a vacatur remedy because Defendants have rescinded the relevant agency memos. *See* ECF No. 775. Defendants recognize that the Ninth Circuit has held that § 1252(f)(1) permits classwide declaratory relief, *Rodriguez v. Hayes*, 591 F.3d 1105, 1119–20 (9th Cir. 2010), but reserve arguments opposing such relief.

| | | |
|---|---|---|
| 1 | DATED: June 29, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| 4 | | WILLIAM C. PEACHEY |
| 5 | | Director |
| 6 | | SAMUEL P. GO |
| 7 | | Assistant Director |
| 8 | | KATHERINE J. SHINNERS |
| 9 | | Senior Litigation Counsel |
| 10 | | ALEXANDER J. HALASKA |
| 11 | | Trial Attorney |
| 12 | | *s/ Dhruman Y. Sampat* |
| 13 | | DHRUMAN Y. SAMPAT |
| 14 | | Trial Attorney<br>U.S. Department of Justice |
| 15 | | Civil Division |
| 16 | | Office of Immigration Litigation<br>District Court Section |
| 17 | | P.O. Box 868, Ben Franklin Station |
| 18 | | Washington, D.C. 20044<br>Tel: (202) 532-4281 | Fax: (202) 305-7000 |
| 19 | | dhruman.y.sampat@usdoj.gov |
| 20 | | |
| 21 | | *Counsel for Defendants* |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# CERTIFICATE OF SERVICE

*Al Otro Lado v. Mayorkas*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: June 29, 2022              Respectfully submitted,

*s/ Dhruman Y. Sampat*
DHRUMAN Y. SAMPAT
Trial Attorney
U.S. Department of Justice