MAYER BROWN LLP
  Matthew H. Marmolejo (CA Bar No. 242964)
  *mmarmolejo@mayerbrown.com*
350 S. Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
  Ori Lev (DC Bar No. 452565)
  *(pro hac vice)*
  *olev@mayerbrown.com*
  Stephen M. Medlock (VA Bar No. 78819)
  *(pro hac vice)*
  *smedlock@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006
Telephone:  +1.202.263.3000
Facsimile:   +1.202.263.3300

CENTER FOR GENDER & REFUGEE STUDIES
  Melissa Crow (DC Bar No. 453487)
  *(pro hac vice)*
  *crowmelissa@uchastings.edu*
1121 14th Street, NW, Suite 200
Washington, DC 20005
Telephone: +1.202.355.4471
Facsimile: +1.415.581.8824

*Additional counsel listed on next page*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Al Otro Lado, Inc., *et al.*,<br><br>                Plaintiffs,<br><br>        v.<br><br>Alejandro Mayorkas,[1] *et al.*,<br><br>                Defendants. | Case No. 3:17-cv-02366-BAS-KSC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING *GARLAND V. ALEMAN GONZALEZ*** |

---

[1] Secretary Mayorkas is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

CENTER FOR CONSTITUTIONAL RIGHTS
  Baher Azmy (NY Bar No. 2860740)
  (*pro hac vice*)
  *bazmy@ccrjustice.org*
  Angelo Guisado (NY Bar No. 5182688)
  (*pro hac vice*)
  *aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

SOUTHERN POVERTY LAW CENTER
  Sarah Rich (GA Bar No. 281985)
  (*pro hac vice*)
  *sarah.rich@splcenter.org*
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
Telephone: +1.404.521.6700
Facsimile: +1.404.221.5857
  Rebecca Cassler (MN Bar No. 0398309)
  (*pro hac vice*)
  *rebecca.cassler@splcenter.org*
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: +1.504.486.8982
Facsimile: +1.504.486.8947

AMERICAN IMMIGRATION COUNCIL
  Gianna Borroto (IL Bar No. 6305516)
  (*pro hac vice*)
  *gborroto@immcouncil.org*
1331 G St. NW, Suite 200
Washington, DC 20005
Telephone: +1.202.507.7523
Facsimile: +1.202.742.5619

CENTER FOR GENDER & REFUGEE STUDIES
  Annie Daher (CA Bar No. 294266)
  *daherannie@uchastings.edu*
UC Hastings College of Law
200 McAllister Street
San Francisco, CA 94102
Telephone: +1.415.890.5448
Facsimile: +1.415.581.8824

The Supreme Court's decision in *Garland v. Aleman Gonzalez*, 596 U.S. __, 2022 WL 2111346 (June 13, 2022), does not affect this Court's holding that Defendants' turnbacks of asylum seekers at POEs unlawfully deprived Plaintiffs of access to the U.S. asylum process and only minimally impacts the remedies available to address that conduct. *Aleman Gonzalez* leaves intact this Court's authority to order Defendants to comply with 8 U.S.C. § 1158(a)(1) on a class-wide basis and to end turnbacks, which are arbitrary and capricious and not statutorily authorized.

In holding turnbacks of asylum seekers at ports of entry unlawful, this Court found that Defendants had violated both 8 U.S.C. § 1158(a)(1) and 8 U.S.C. § 1225. Dkt. 742 at 33-34. In accordance with then-prevailing Ninth Circuit law on § 1252(f)(1), *see, e.g.*, *Rodriguez v. Hayes*, 591 F.3d 1105, 1120 (9th Cir. 2010), this Court understandably saw no need to parse the relief available under each of these two distinct statutory provisions and instead analyzed their collective effect. *See, e.g.*, Dkt. 742 at 8, n. 7 ("The Court refers to the asylum provision in 1158(a)(1) and the specific actions listed in 1225(a)(1)(3) and 1225(b)(1)(A)(i)-(ii) as the 'inspection and referral duties.'"); *id.* at 25 ("duties to inspect and refer contained in 1158(a)(1) and 1225 are mandatory ministerial duties under 706(1)"). However, the Supreme Court's decision in *Aleman Gonzalez*, which precludes class-wide injunctive relief mandating compliance with § 1225 but not § 1158, requires a more nuanced analysis of the scope of relief available pursuant to each of these provisions.

The Court had no need at the time to consider the relief to which Plaintiffs are entitled under the APA based solely on Defendants' violations of § 1158 or failures to comply with a mandatory duty stemming from § 1158. But these claims are obviously encompassed by the operative complaint, as are Plaintiffs' claims that no statute authorizes turnbacks and that turnbacks, and the Turnback Policy, are arbitrary and capricious. *See* Dkt. 189, ¶¶ 3, 76-80, 84-118, 204, 205, 207, 220, 222-224, 245, 270-82; Dkt. 210 at 20-21 n.20. *Aleman Gonzalez* does not affect relief available to remedy these violations, given that § 1158 is not a provision covered by

1

§ 1252(f)(1) and the government argues that its authority to turn back asylum seekers flows from provisions not covered by § 1252(f)(1). *See* § 1252(f)(1) (covering only "part IV of this subchapter," or 8 U.S.C. §§ 1221-1231); Dkt. 192-1 at 12-14 (government asserting turnbacks occur pursuant to 6 U.S.C. § 202 and 8 U.S.C. § 1103); *Aleman Gonzalez*, 2022 WL 2111346, at *7 n.4. Thus, *Aleman Gonzalez* leaves untouched the Court's power to order that the government comply with § 1158(a)(1)'s mandate that "[a]ny [noncitizen] who is physically present in the United States or arrives in the United States . . . may apply for asylum," without regard to whether the government is specifically complying with the process set out in § 1225(b). *Aleman Gonzalez* also leaves untouched the Court's power to put a stop to turnbacks because they are arbitrary and capricious and not statutorily authorized.

Specifically, the Court retains authority to issue a variety of relief to remedy the violations of § 1158 and the APA and the ultra vires nature of turnbacks, including (a) declaratory relief; (b) relief under the APA (such as ordering compliance with mandatory duties in § 1158[2] under 5 U.S.C. § 706(1), Dkt. 742 at 25, or holding unlawful and setting aside the Turnback Policy or any portion of it under 5 U.S.C. § 706(2)—a claim the Court has not yet reached); and (c) a traditional equitable injunction compelling the government to conform its conduct with § 1158, cease conduct that is in violation of § 1158, or otherwise cease ultra vires action.[3]

---

[2] As the Court has previously noted, 6 U.S.C. § 211(g)(3)(B)—which is not covered by § 1252(f)(1)—also imposes an inspection duty on CBP at ports of entry. Dkt. 742 at 21.

[3] This Court previously rejected Plaintiffs' claim that the Court retains traditional equitable power to enjoin ultra vires agency action. Doc. 742 at 13; *see Cal. v. Trump*, 379 F. Supp. 3d 928, 942-43 (N.D. Cal. 2019) (noting the "presumptive availability of equitable relief to enforce federal law" and that "*ultra vires* review exists outside of the APA framework"). The Court's decision turned on the notion, which is incorrect as a matter of law, that if § 702 waives sovereign immunity, the only claim available is an APA claim. *Compare* Dkt. 742 at 13, *with Navajo Nation v. Dep't of Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017) (holding that § 702 broadly waives sovereign immunity for all non-monetary claims, not just APA claims). The Court's prior decision flowed from a misreading of *E.V. v. Robinson*, 906 F.3d 1082 (9th Cir. 2018), which is not on-point and addressed *only* whether the pre-§ 702 judicial framework for determining whether a suit was barred

Furthermore, if relief to enjoin ultra vires action, arbitrary and capricious action, or § 1158 violations has any effect on the "operation" of § 1225, it is a permissible "collateral effect." *Aleman Gonzalez*, 2022 WL 2111346, at \*7 n.4. The majority in *Aleman Gonzalez* rejected the argument that §1252(f)(1) bars injunction of "the unlawful operation of a provision *that is not specified in §1252(f)(1)* even if that injunction has some collateral effect on the operation of a covered provision," as in *Gonzales v. DHS*, 508 F.3d 1227, 1233 (9th Cir. 2007). 2022 WL 2111346, at \*7 n.4 (noting that *Gonzales*, 508 F.3d at 1233, stands for an "unresponsive proposition" relative to the case before the Court). In *Gonzales*, which *Aleman Gonzalez* leaves untouched, the Ninth Circuit found §1252(f)(1) inapplicable where an injunction "directly implicate[d]" a provision of the INA not covered by §1252(f)(1), notwithstanding that a covered provision could be affected as a "collateral consequence." *Gonzales,* 508 F.3d at 1233.

In addition to the full gamut of remedies available to address the government's ultra vires action and violations of § 1158 and due process, *Aleman Gonzalez* also specifically leaves intact the Court's power to issue some relief pursuant to § 1225, including APA vacatur and declaratory relief. *Aleman Gonzalez*, 2022 WL 2111346, at \*5 n.3; *id.* at \*16 & n.9 (Sotomayor, J., concurring).

---

by sovereign immunity remained intact with regard to claims against a person who is not an "agency or officer or employee thereof." *See* § 702 (waiving sovereign immunity from claims for nonmonetary relief regarding the actions of an "agency or officer or employee thereof"). *Robinson* ensured § 702 did not perversely expand sovereign immunity; it contains no holding displacing courts' traditional equitable powers. Indeed, the *Robinson* decision acknowledged that "[t]he scope of the [§] 702 waiver is expansive—indeed, the waiver applies even when there is not 'final agency action' under APA [§] 704." *Robinson*, 906 F.3d at 1094.

Accordingly, Plaintiffs respectfully request reconsideration of this erroneous decision regarding the availability of traditional equitable relief, which provides an additional basis to support Plaintiffs' claims that turnbacks and the Turnback Policy are ultra vires and violate § 1158 and the Due Process Clause. Reconsideration is particularly appropriate, in light of Justice Sotomayor's acknowledgment of this residual equitable power in *Aleman Gonzalez*. *See* 2022 WL 2111346, at \*9, \*11, \*16 (Sotomayor, J.) (explaining the majority opinion results in displacement of courts' traditional equitable authority to require agency compliance with the provisions covered by § 1252(f)(1), implying this traditional authority otherwise remains intact).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: June 29, 2022

MAYER BROWN LLP
Matthew H. Marmolejo
Ori Lev
Stephen M. Medlock

CENTER FOR GENDER & REFUGEE
STUDIES
Melissa Crow
Annie Daher

SOUTHERN POVERTY LAW
CENTER
Sarah Rich
Rebecca Cassler

CENTER FOR CONSTITUTIONAL
RIGHTS
Baher Azmy
Angelo Guisado

AMERICAN IMMIGRATION
COUNCIL
Gianna Borroto

By: */s/ Stephen M. Medlock*
Stephen M. Medlock

*Attorneys for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that on June 29, 2022, I served a copy of the foregoing document by filing it with the Clerk of Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

By  */s/ Stephen M. Medlock*

Stephen M. Medlock