# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC.; ABIGAIL DOE, BEATRICE DOE, CAROLINA DOE, DINORA DOE, INGRID DOE, ROBERTO DOE, MARIA DOE, JUAN DOE, VICTORIA DOE, BIANCA DOE, EMILIANA DOE, AND CESAR DOE, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>   v.<br><br>ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity; TROY A. MILLER, Acting Commissioner, U.S. Customs and Border Protection, in his official capacity; WILLIAM A. FERRERA, Executive Assistant Commissioner, Office of Field Operations, U.S. Customs and Border Protection, in his official capacity,<br><br>                      Defendants.[1] | Case No. 17-cv-02366-BAS-KSC<br><br>**FINAL JUDGMENT** |

Having decided this matter on summary judgment, after consideration of the parties' cross-motions for summary judgment, oral argument on the parties' cross-motions for summary judgment, and the parties' subsequent briefing on remedies, this Court enters final judgment, resolving all claims in the operative Second Amended

---

[1] Because all Defendants are sued in their official capacities, the successors for these public offices are automatically substituted as Defendants per Fed. R. Civ. P. 25(d).

Complaint (ECF No. 189), in accordance with its opinions and orders entered on September 2, 2021 (ECF No. 742) and on August 5, 2022 (ECF Nos. 816 and 817), as follows:

Judgment is entered in favor of Defendants on Plaintiffs' First Claim for Relief ("Violation of the Right to Seek Asylum Under the Immigration and Nationality Act") and Fifth Claim for Relief ("Violation of the Non-Refoulement Doctrine").

Judgment is entered in favor of Plaintiffs and the Class[2] on their Second Claim for Relief ("Violation of Section 706(1) of the Administrative Procedure Act") and Fourth Claim for Relief ("Violation of Procedural Due Process").

Plaintiffs' Third Claim for Relief ("Violation of Section 706(2) of the Administrative Procedure Act—Agency Action in Excess of Statutory Authority and Without Observance of Procedures Required by Law") is **DISMISSED** as **MOOT**.

The Court grants the following relief concerning Plaintiffs' Second and Fourth Claims for Relief:

(1) The Court **ORDERS** Defendants to restore the *status quo ante* for the named Plaintiffs prior to Defendants' unlawful conduct, including by taking the necessary steps to facilitate Beatrice Doe's entry into the United States, including issuing any necessary travel documents to allow her to travel to the United States (by air if necessary) and to ensure her inspection and asylum processing upon arrival.

(2) The Court **DECLARES** that, absent any independent, express, and lawful statutory authority, Defendants' denial of inspection or asylum processing to Class Members who have not been admitted or paroled, and who are in the process of arriving in the United States at Class A Ports of Entry, is unlawful regardless of the purported justification for doing so.

---

[2] The "Class" is the class certified by this Court on August 6, 2020, defined as "all noncitizens who seek or will seek to access the U.S. asylum process by presenting themselves at a Class A [Port of Entry] on the U.S.-Mexico border, and were or will be denied access to the U.S. asylum process by or at the instruction of [U.S. Customs and Border Protection] officials on or after January 1, 2016" (ECF No. 513).

    (3)    The Court **CONVERTS** its prior preliminary injunctive-relief orders (ECF Nos. 330, 605, 671, 674) to a **PERMANENT INJUNCTION**, as follows:

        a.    Defendants and the Executive Office for Immigration Review ("EOIR") are permanently **ENJOINED** from applying the interim final rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019) (the "Interim Final Transit Rule") or the final rule entitled Asylum Eligibility and Procedural Modifications, 85 Fed. Reg. 82,260 (Dec. 17, 2020) ("Final Transit Rule") to members of the "Preliminary Injunction Class"—defined as "all non-Mexican asylum seekers who were unable to make a direct asylum claim at a U.S. [Port of Entry] before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process"—and **ORDERED** to return to the pre-Transit Rule practices for processing the asylum applications of members of the Preliminary Injunction Class.[3]

        b.    The Department of Homeland Security ("DHS") and EOIR must take immediate affirmative steps to reopen or reconsider past determinations that potential Preliminary Injunction Class Members were ineligible for asylum based on the Interim Final Transit Rule, for all potential Preliminary Injunction Class Members in expedited or regular removal proceedings. Such steps include identifying

---

[3] Defendants suggest in their proposed Final Judgment that by this Court's order at ECF No. 815, it did not convert to a permanent injunction the preliminary injunction enjoining the Final Transit Rule, entered at ECF No. 674. This Court had temporarily restrained application of the Final Transit Rule to the Preliminary Injunction Class Members on January 18, 2021, reasoning that this Rule was, in essence, "an extension of the [Interim Transit Rule] previously enjoined" (ECF No. 671); the parties jointly moved to convert the Court's temporary restraining order into a preliminary injunction on January 29, 2021 (ECF No. 674). Although Plaintiffs did not explicitly seek conversion of the Court's order at ECF No. 674, it would be illogical given the substantial similarity between the Interim Final Transit Rule and the Final Transit Rule, were the permanent injunction entered at ECF No. 816 incorporate the former but not the latter.

|   |   |   |
|---|---|---|
| 1 |   | affected Preliminary Injunction Class Members and either directing immigration judges or the Board of Immigration Appeals to reopen or reconsider their cases or directing DHS attorneys representing the government in such proceedings to affirmatively seek, and not oppose, such reopening or reconsideration. |
| 6 | c. | Defendants must inform identified Preliminary Injunction Class Members in administrative proceedings before United States Citizenship and Immigration Services or EOIR, or in DHS custody, of their class membership, as well as the existence and import of the Preliminary Injunction (ECF No. 330), Clarification Order (ECF No. 605), and Order Converting Preliminary Injunction into a Permanent Injunction (ECF No. 816). |
| 13 | d. | Defendants must make all reasonable efforts to identify Preliminary Injunction Class Members, including but not limited to reviewing their records for notations regarding class membership made pursuant to the guidance issued on November 25, 2019, and December 2, 2019, to U.S. Customs and Border Protection and sharing information regarding Class Members' identities with Plaintiffs. |

The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED: August 23, 2022**

Hon. Cynthia Bashant
United States District Judge