BRETT A. SHUMATE
Acting Assistant Attorney General
AUGUST FLENTJE
Deputy Director
ALEXANDER J. HALASKA (IL 6327002)
Senior Litigation Counsel
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

AL OTRO LADO, Inc., *et al.*,

*Plaintiffs*,

v.

KRISTI NOEM, Secretary of Homeland Security, *et al.*, in their official capacities,[*]

*Defendants*.

Case No. 3:17-cv-02366-BAS-KSC

Hon. Cynthia A. Bashant

**DEFENDANTS' RESPONSE TO PLAINTIFFS' RULE 60(b) MOTION AND REQUEST FOR INDICATIVE RULING (ECF No. 842)**

**HEARING DATE: Feb. 14, 2025**

---

[*] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Noem is automatically substituted as a Defendant.

Plaintiffs' Motion seeks an indicative ruling on a request for relief under Rule 60(b)(5) from the permanent injunction previously entered by this Court. The Court entered this injunction as a permanent remedy after ruling that Defendants, by engaging in metering at ports of entry, unlawfully withheld inspection and asylum processing from aliens who approached the border. *See* ECF Nos. 742, 816, 819. The injunction prohibited Defendants and non-party the Executive Office for Immigration Review (EOIR) (collectively, the "Government") from applying the Third-Country Transit Rule ("Transit Rule") to certain aliens who were unable to enter the country before the Rule's effective date due to metering (the "PI Class Members"). *See* ECF No. 819 at 3–4 (Final Judgment). The injunction also imposed affirmative identification, notice, and reopening requirements on the Government. *See id.* The Court also entered a declaratory judgment that applies to a broader class of aliens who are or will be denied access to the asylum process at ports of entry along the U.S.-Mexico border on or after January 1, 2016, declaring it generally unlawful to deny such access regardless of the justification for doing so. *Id.* at 2; *see also* ECF No. 817 (Remedies Opinion). Plaintiffs do not propose vacating this Court's class-wide declaratory judgment, which causes substantial ongoing harm to the Government's operations.

On appeal, the Ninth Circuit affirmed this Court's declaratory judgment and most aspects of this Court's permanent injunction, concluding that the asylum and expedited removal statutes impose mandatory duties on immigration officers to inspect and process the asylum claims of aliens who approach a port of entry. *Al Otro Lado v. EOIR*, 120 F.4th 606, 614–22, 625-29 (9th Cir. 2024).

Now that Plaintiffs have largely prevailed before a panel of the court of appeals, they ask this Court to approve dissolution of almost all aspects of the permanent injunction—although they wish to retain the negative prohibition on application of the Transit Rule as to "the few class-members who have been positively identified and who are currently seeking relief from immigration authorities." Mot. (ECF No.

842) at 1, 11 n.7, 17–18. In other words, the requested relief would serve to extinguish any PI Class Members' claims for relief from application of the Transit Rule that have not already been presented to or decided by immigration officials or adjudicators. Of course, the Government would not oppose vacatur of this Court's permanent injunction if the Court acquires jurisdiction to do so, assuming Plaintiffs have made the required showing. But this Court's class-wide declaratory judgment, which Plaintiffs do not propose to vacate, causes ongoing harm to the United States. Accordingly, dissolution of the injunction would not moot the controversy or eliminate the need for further review. Notably, the time for the Government to petition for certiorari from the Ninth Circuit's ruling was extended to February 20, 2025. *See* ECF No. 845. And a Judge of the Ninth Circuit has called for a vote on whether the case should be reheard by that court en banc. *See* ECF No. 843. If the Ninth Circuit denies rehearing en banc, that will restart the deadline for seeking certiorari. *See* S. Ct. R. 13.3.

The Government agrees with Plaintiffs that the Court currently lacks authority to grant any relief from the judgment under Rule 60(b)(5) because the appeal from the judgment is still pending. *See* Mot. at 17; *Mariscal-Sandoval v. Ashcroft,* 370 F.3d 851, 856 (9th Cir. 2004) ("Until the mandate issues, we retain jurisdiction."). Under Rule 62.1, the Court may defer consideration of Plaintiffs' Rule 60(b)(5) motion, deny the motion, or "state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). The Government does not oppose the request for an indicative ruling or the underlying relief—dissolution of the injunction on the terms set forth in Plaintiffs' Motion—but it submits this response to clarify its position on certain points raised by Plaintiffs.[1]

[1] Contrary to Plaintiffs' suggestion (Mot. at 1), Government counsel did not indicate that it would oppose the Motion; instead, as noted in the Certificate of Conference, counsel stated that the Government would file a response to the Motion.

### I. The Government Does Not Oppose Relief from the Injunction Under Rule 60(b)(5).

The Government agrees with Plaintiffs that, with the passage of time, the Department of Homeland Security's and EOIR's injunction-implementation procedures and the parties' notice and outreach efforts have yielded fewer and fewer positive identifications of PI Class Members who are entitled to relief. The Government likewise agrees with Plaintiffs that, under these circumstances, it would be appropriate to eliminate or modify any remaining injunction obligations under Rule 60(b)(5), if the Court had jurisdiction to do so.[2] The Government notes, however, as Plaintiffs acknowledge, that there may yet be unidentified class members who have not availed themselves of relief under the current injunction. *See* Mot. at 11 (acknowledging that it is possible that there are unidentified class members who have not sought or obtained relief). For example, there are likely PI Class Members who were removed and who have not sought reopening of their cases from abroad, despite the availability of procedures to do so. As another example, USCIS continues to review cases of potential PI Class Members with unexecuted expedited removal orders to determine whether to send individualized notice and schedule a class membership screening interview. *See* Crow Decl. (ECF No. 842-1) ¶¶ 17, 44; Ex. A, Declaration of Ebbed Joseph ¶¶ 4–7. If the injunction were vacated, USCIS's review and notice process would not continue in any respect. The Government nonetheless agrees that the equities favor dissolution of the injunction's remaining obligations.

### II. The Requested Relief is Not the Product of a Settlement and Would Not Moot the Controversy.

Because a class has been certified, to determine whether it would grant Plaintiffs' request for relief under Rule 60(b)(5) if it had jurisdiction to do so, the Court

[2] The Government also maintains, as it has throughout the litigation, that the injunctive relief was improper and should be reversed and vacated on legal grounds. However, Rule 60(b)(5) is not "used to challenge the legal conclusions on which a prior judgment or order rests." *Horne v. Flores*, 557 U.S. 433, 447 (2009).

must also determine that the dismissal of claims to injunctive relief would be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Government does not oppose the requested dismissal of injunctive relief, but writes separately to clarify its position on two points concerning the factors Plaintiffs cite in support of Rule 23(e) approval.

First, the Government is not a participant in any of the relief requested. *See* Mot. 16–17. While Defendants agree that dissolution of the injunction is warranted, the relief requested here is not the result of any settlement; it is instead Plaintiffs' unilateral action. The fact that Defendants do not (and cannot in good faith) oppose substantive relief from the permanent injunction does not make this a settlement.

Second, Defendants acknowledge that dissolution of the injunction would "streamline" the case but not that it would necessarily "eliminate further litigation." *See* Mot. at 15. This injunctive relief is not the only remedy at issue in this case. On appeal from this Court's judgment, the Ninth Circuit interpreted the asylum and expedited removal statutes to entitle a noncitizen on the Mexican side of the U.S.-Mexico border to be inspected by immigration officers and to apply for asylum in the United States. *Al Otro Lado*, 120 F.4th at 615–21. It affirmed this Court's expansive, classwide declaratory judgment declaring metering practices at Class A Ports of Entry to be unlawful regardless of their justification, absent independent, express statutory authority. *See id.* at 614, 625; ECF No. 819 at 1; ECF No. 817 at 6, 28–29. This prospective declaratory judgment, which the Ninth Circuit affirmed in a precedential opinion, is causing continuing harm to the United States. *See ASARCO, Inc. v. Kadish*, 490 U.S. 605, 618–19 (1989).

Accordingly, although dissolution of the injunction could potentially streamline further review by obviating the need to challenge the propriety of that particular remedy, it would not eliminate the Government's ability to challenge the remainder of the Ninth Circuit's ruling. The time to seek further review has not expired. On

January 8, 2025, the Ninth Circuit *sua sponte* requested briefing on the parties' positions on whether the case should be reheard en banc. *See* ECF No. 843 (January 8, 2025 Order in Ninth Circuit Nos. 22-55988, 22-56036). On Plaintiffs' motion, the Ninth Circuit extended the time for the parties to file their briefs setting forth their positions on rehearing to February 28, 2025. *See Al Otro Lado v. EOIR*, No. 22-55988, Dkt. Nos. 147 (Jan. 15, 2025), 148 (Jan. 16, 2025). Before the Ninth Circuit issued its order concerning rehearing, the Government had already sought a 30-day extension of the then-existing January 21, 2025 deadline to petition for certiorari, *see* S. Ct. App. 24A674 (filed Jan. 3, 2025), which was granted by the Circuit Justice, extending the deadline to petition for certiorari to February 20, 2025, *see* ECF No. 845 (January 10, 2025, Letter from Supreme Court in S. Ct. App. 24A674). And a rehearing denial would restart that deadline. S. Ct. R. 13.3.

DATED: January 31, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

AUGUST FLENTJE
Deputy Director

ALEXANDER J. HALASKA
Senior Litigation Counsel

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

*Al Otro Lado v. Mayorkas*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: January 31, 2025

Respectfully submitted,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice