MAYER BROWN LLP
Matthew H. Marmolejo (CA Bar No. 242964)
mmarmolejo@mayerbrown.com
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071-1503
Telephone: +1.213.229.9500

VINSON & ELKINS LLP
Stephen M. Medlock (VA Bar No. 78819)
(*pro hac vice*)
smedlock@velaw.com
2200 Pennsylvania Ave., N.W., Ste. 500 W
Washington, DC 20037
Telephone:  +1.202.639.6500
Facsimile:   +1.202.879.8939

CENTER FOR GENDER AND REFUGEE STUDIES
Melissa Crow (DC Bar No. 453487)
(*pro hac vice*)
crowmelissa@uclawsf.edu
1121 14th Street, N.W., Suite 200
Washington, DC 20005
Telephone: +1.202.355.4471
Facsimile:  +1.415.581.8824

*Additional Attorneys for Plaintiffs Listed on signature block*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 17-CV-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia Bashant |
| v. | |
| KRISTI NOEM,[1] *et al.*, | **PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B) MOTION FOR RELIEF FROM THE JUDGMENT AND REQUEST FOR INDICATIVE RULING** |
| *Defendants* | |

---

[1] Secretary Noem is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

The parties largely agree about the facts and the merits of Plaintiffs' Motion for Relief from the Judgment (ECF No. 842) (the "Motion"). Indeed, Defendants "do[] not oppose the request for an indicative ruling or the underlying relief." Resp. at 2. Plaintiffs provide the following reply to clarify two remaining points.

First, Defendants agree that very few PI class members have been identified in recent years, and further screening is unlikely to result in any tangible benefit to class members. Defendants' attached declaration suggests that of the approximately 3,225 cases of potential PI class members with unexecuted expedited removal orders whose cases had been reviewed as of December 18, 2024, only eight individuals, or 0.2% of screened cases, have been positively identified as PI class members. In fact, Plaintiffs' review of that evidence shows that only half of those—four PI class members, or 0.1% of screened cases—were eligible for any relief under the injunction after having been identified through the screening procedures Defendants put in place in September 2022.

Second, Defendants do not dispute that the requested relief is fair to the PI class. While Defendants suggest that they disagree about how to weigh the Rule 23(e) fairness factors in the abstract, those arguments do not actually challenge the fairness of Plaintiffs' proposed vacatur of the Court's injunction.

At any rate, these abstract disagreements do not detract from the central premise of the Motion, upon which all parties agree—that the continued burden and expense to locate and screen potential PI class members is unlikely to produce any practical benefit for class members, but does impose real burdens on the parties. Mot. at 11-14. Because the Permanent Injunction has achieved its purposes and all parties agree that the equities favor dissolution of its remaining obligations, Plaintiffs request that this Court enter an indicative ruling that when it has jurisdiction, it will grant Plaintiffs' motion for relief from the Permanent Injunction and vacate the injunction's requirements to identify new class members as to all parties.

## I. The parties agree that the Permanent Injunction is unlikely to further benefit unknown class members.

The parties agree that very few PI class members have been identified in recent years, and further outreach is unlikely to produce significant positive results for class members. *See* Resp. at 3. That is consistent with Plaintiffs' assertion that the Permanent Injunction has run its course and achieved the "object which the [Court] intend[ed] to accomplish," and applying it prospectively would be inequitable. Mot. at 10-14 (citing *Jeff D. v. Otter*, 643 F.3d 278, 284 (9th Cir. 2011)).

While Defendants speculate that there may be unknown PI class members who could still be identified, Resp. at 3, experience shows that very few, if any, would actually be entitled to relief, *see* Mot. at 9-10. For example, Defendants' evidence shows that Defendants identified a total of eight PI class members out of 3,225 unexecuted expedited removal order cases screened, or about 0.2% of cases. Resp. Ex. A, Joseph Decl. ¶ 5, ECF No. 846-1. However, Plaintiffs' review of that data determined that only four of these eight class members (0.1% of cases screened) were ultimately deemed eligible for relief after being identified through the currently operative screening procedures. Cassler Decl.[1] ¶¶ 5-7. And as stated previously, the last positive screening by Defendants was on May 4, 2023. Crow Decl. ¶ 44. Likewise, despite diligent and ongoing efforts, Plaintiffs have identified only two PI class members who were previously removed from the country. Crow Decl. ¶ 40. Indeed, Plaintiffs are aware of only one class member who was previously removed and is currently seeking relief, and that class member has already moved for reopening of his immigration proceedings and returned to the United States. Crow Decl. ¶ 40 & n.4; Cassler Decl. ¶ 9. The low success rate, combined with the passage of time—

---

[1] The Declaration of Rebecca M. Cassler in Support of Plaintiffs' Rule 60(b) Motion for Relief from the Judgment and Request for Indicative Ruling ("Cassler Decl.") is filed concurrently herewith. The Declaration of Melissa Crow in Support of Plaintiffs' Rule 60(b) Motion for Relief from the Judgment and Request for Indicative Ruling ("Crow Decl.") was filed with Plaintiffs' Motion.

which makes it more and more difficult to identify and contact potential class members—indicate that further screening would be unlikely to produce tangible benefits for the PI class.

In sum, the parties agree that further outreach is unlikely to yield significant benefits to the PI class, but it will impose heavy burdens on Plaintiffs and Defendants. Relieving the parties of their burdens would also better serve the public interest and preserve party and judicial resources. Mot. at 12-14. Accordingly, this Court should grant relief from the judgment and enter an indicative ruling to that effect.

## II. The requested relief is fair to the PI class.

Defendants do not dispute that vacating the Permanent Injunction would be fair to the PI class. *Compare* Resp. at 3-5, *with* Mot. at 14-17. The parties agree that because this motion involves a certified class, this Court must determine whether dismissal of the injunction would be "fair, reasonable, and adequate." Resp. at 4 (quoting Fed. R. Civ. P. 23(e)(2)). Defendants do not address most of the factors that go into a Rule 23(e) fairness analysis, and thus waive those arguments. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (discussing the factors). While Defendants quibble with two of the factors, they do not cast doubt on the fairness of the Motion.

First, Defendants assert vaguely that the Rule 60(b) motion "is not the result of any settlement." Resp. at 4. That point is not disputed, and Rule 23(e) applies equally to a "voluntary dismissal." Fed. R. Civ. P. 23(e). Defendants' lack of procedural or substantive objections should assure this Court that the relief Plaintiffs seek is fair.

Second, Defendants agree that granting relief from the Permanent Injunction could streamline the issues for further review. Resp. at 4. Given the complexity of this long-running dispute, streamlining issues would at least mitigate the "risk, expense, complexity, and likely duration of further litigation." *Hanlon*, 150 F.3d at

1026. Defendants contend that granting relief may not moot the appeal entirely because of this Court's declaratory judgment. Resp. at 4. That remains an open question, as all three members of the Ninth Circuit panel suggested that the case was already moot or that the mootness analysis with respect to the vacated metering policy hinged on the presence of injunctive relief "to ameliorate past and present harms stemming from the policy." *Al Otro Lado v. Executive Office for Immigration Review*, 120 F.4th 606, 614 n.3 (9th Cir. 2024); *id.* at 644 (Nelson, J., dissenting). But even without addressing the question of mootness, all agree that the existing injunction will be a major point of contention in any further appellate proceedings that will require significant attention and briefing, including in the briefs due to the Ninth Circuit on February 28, 2025 on the subject of whether the case should be reheard en banc. Resp. at 5. Vacating the requirements imposed by the Permanent Injunction would alleviate the fact-intensive and legal questions raised by that relief and preserve resources for Plaintiffs, Defendants, and the courts.

In any event, the other factors confirm that vacating the Permanent Injunction is fair. Mot. at 14-17. Plaintiffs have already obtained as much relief for the PI class as is likely ever to be obtained.[2] Because the purposes of the Permanent Injunction have been fulfilled—and in light of the ever-decreasing chance of locating additional PI class members—relief from the Permanent Injunction's requirements to locate and screen unknown class members is certainly fair.

## **CONCLUSION**

This Court's Permanent Injunction has served its core purpose of restoring the status quo to a time-limited class of Plaintiffs. That injunction is unlikely to provide

---

[2] The Permanent Injunction has benefitted the individuals with final removal orders that the government has identified through various screening procedures, *see* Crow Decl. ¶¶ 43-46, the few individuals Plaintiffs identified through their extensive outreach efforts, *id.* ¶ 41, and an unknown number of class members who were in removal proceedings at the time the injunction was issued and thus benefitted, in the form of not having the Asylum Transit Rule applied in their cases, without additional screening by the parties.

1  any further relief, but does impose continuing burdens on Plaintiffs' counsel and
2  Defendants. Accordingly, Plaintiffs request that this Court enter an indicative ruling
3  under Rule 62.1(a)(3) that when it has jurisdiction, it will grant Plaintiffs' Rule 60(b)
4  motion for relief from the Permanent Injunction and vacate the injunction's require-
5  ments to identify new class members as to all parties.

Dated: February 7, 2025                Respectfully submitted,

By: /s/ *Matthew E. Fenn*
 Matthew E. Fenn (NY Bar No. 5391149)
(*pro hac vice*)
*Mfenn@mayerbrown.com*
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
Telephone: +1.312.782.0600
Facsimile: +1.312.706.8139

Matthew H. Marmolejo (CA Bar No. 242964)
*mmarmolejo@mayerbrown.com*
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071-1503
Telephone: +1.213.229.9500

VINSON & ELKINS LLP
Stephen M. Medlock (VA Bar No. 78819)
(*pro hac vice*)
*smedlock@velaw.com*
2200 Pennsylvania Ave., N.W., Ste. 500 W
Washington, DC 20037
Telephone:  +1.202.639.6500
Facsimile:   +1.202.879.8939

CENTER FOR GENDER AND REFUGEE STUDIES
Melissa Crow (DC Bar No. 453487)
(*pro hac vice*)
*crowmelissa@uclawsf.edu*
1121 14th Street, N.W., Suite 200
Washington, DC 20005
Telephone: +1.202.355.4471
Facsimile:  +1.415.581.8824

Neela Chakravartula (CA Bar No. 254746)
*neela@uclawsf.edu*
UC College of the Law, San Francisco
200 McAllister Street
San Francisco, CA 94102
Telephone: +1.415.565.4877
Facsimile: +1.415.581.8824

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy (NY Bar No. 2860740)
(*pro hac vice*)
*bazmy@ccrjustice.org*
Angelo Guisado (NY Bar No. 5182688)
(*pro hac vice*)
*aguisado@ccrjustice.org*
666 Broadway, 7th Floor
New York, NY 10012
Telephone: +1.212.614.6464
Facsimile: +1.212.614.6499

AMERICAN IMMIGRATION COUNCIL
Rebecca Cassler (DC Bar No. 91007398)
(*pro hac vice*)
*rcassler@immcouncil.org*
PMB 2026
2001 L St. NW, Ste. 500
Washington, DC 20036
Telephone: +1.202.507.7514

DEMOCRACY FORWARD FOUNDATION
Sarah M. Rich (GA Bar No. 281985)
(*pro hac vice*)
*srich@democracyforward.org*
P.O. Box 34553
Washington, DC 20043
Telephone: +1.202-448-9090

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: February 7, 2025          Respectfully submitted,

*s/ Matthew E. Fenn*
Matthew E. Fenn

*Attorney for Plaintiffs*