MAYER BROWN LLP
Matthew H. Marmolejo (CA Bar No. 242964)
*mmarmolejo@mayerbrown.com*
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071-1503
Telephone: +1.213.229.9500

VINSON & ELKINS LLP
Stephen M. Medlock (VA Bar No. 78819)
(*pro hac vice*)
*smedlock@velaw.com*
2200 Pennsylvania Ave., N.W., Ste. 500 W
Washington, DC 20037
Telephone:  +1.202.639.6500
Facsimile:   +1.202.879.8939

CENTER FOR GENDER AND REFUGEE STUDIES
Melissa Crow (DC Bar No. 453487)
(*pro hac vice*)
*crowmelissa@uclawsf.edu*
1121 14th Street, N.W., Suite 200
Washington, DC 20005
Telephone: +1.202.355.4471
Facsimile:  +1.415.581.8824

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
**(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 17-CV-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia Bashant |
| v. | |
| KRISTI NOEM,[1] *et al.*, | **DECLARATION OF REBECCA M. CASSLER IN SUPPORT OF PLAINTIFFS' RULE 60(B) MOTION FOR RELIEF FROM THE JUDGMENT AND REQUEST FOR INDICATIVE RULING** |
| *Defendants*. | |

---

[1] Secretary Noem is automatically substituted pursuant to Fed. R. Civ. P. 25(d).

# DECLARATION OF REBECCA M. CASSLER

I, Rebecca M. Cassler, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a Senior Litigation Attorney at the American Immigration Council and counsel for the Plaintiffs in this case.

2. My co-counsel, Melissa Crow, submitted a declaration (the "Crow Declaration") in support of Plaintiffs' Rule 60(b) Motion on December 27, 2024 (ECF No. 842-1). The government submitted a declaration from Ebbed Joseph (the "Joseph Declaration") of United States Citizenship and Immigration Services ("USCIS") on January 31, 2025, in support of its Response to Plaintiffs' Motion. (ECF No. 846-1).

3. The Joseph Declaration provides slightly different data than the Crow Declaration regarding USCIS's past efforts to screen for relief non-detained individuals with unexecuted expedited removal orders under the injunction in this case. *Compare* Crow Decl. ¶ 44, *with* Joseph Decl. ¶¶ 5-6. These differences are marginal and do not affect the conclusion in the Crow Declaration that where the government's screening efforts "have not been completed, it is Plaintiffs' counsel's understanding that additional notice and screening efforts appear to be largely futile." Crow Decl. ¶ 42.

4. The Joseph Declaration states that 205 people received class member screening and eight were identified as class members, Joseph Decl. ¶ 5, whereas the Crow Declaration states that 201 people were screened and seven were identified as class members, Crow Decl. ¶ 44.

5. The spreadsheet that the government provided to Plaintiffs' counsel on December 19, 2024, reflecting the status of these USCIS screenings, has a column entitled "AOL Screening Not Needed," and another entitled "Interview Completed." If all entries with a "yes" in the "AOL Screening Not Needed" column are filtered out, 201 names remain with a "yes" in the "Interview Completed" column. However,

1

Cassler Decl. ISO Pls.' Rule 60(b) Motion for Relief
Case No. 3:17-cv-02366-BAS-KSC

1  without that filtering, there are 205 names with a "yes" in the "Interview Completed"
2  column. Thus, the government's data shows that four names were recorded as both
3  not needing an AOL screening and having a completed screening interview, which
4  accounts for the discrepancy between 201 and 205 screenings completed. One of
5  these four names was determined to be a class member, which accounts for the
6  difference between seven and eight identified class members in the two declarations.
7  This particular class member's "AOL Interview Date," according to the spreadsheet,
8  was March 11, 2021, 1.5 years before the current screening process was put in place
9  on September 12, 2022. Joseph Decl. ¶ 3.

10      6.      Two more of the eight total identified class members also had their
11 screening interviews completed before September 2022, and one was determined to
12 be entitled to relief under the injunction while one other was not. Of the five class
13 members who have been identified since the September 2022 procedures were put
14 into place, one of them was also determined not to be entitled to any relief under the
15 injunction. Thus, under the current procedures in place since September 2022, as of
16 December 18, 2024, the government had identified only four class members whom
17 the government had not already identified in a prior round of screening who were
18 eligible for relief under the injunction. And, as previously stated, Crow Decl. ¶ 44,
19 the last fruitful screening was on May 4, 2023.

20      7.      The Joseph Declaration also states that USCIS has reviewed all 3,225
21 of the cases listed on the spreadsheet the government produced to Plaintiffs in
22 December 2024, Joseph Decl. ¶ 5, whereas Plaintiffs previously made the more
23 conservative assumption that approximately 3,000 of those cases had been reviewed,
24 based on various notations in the spreadsheet, Crow Decl. ¶ 44 (assuming review
25 was complete in only 2,999 cases). In light of the government's declaration that
26 3,225 cases have been reviewed, the relevant rates of positive outcome are as
27 follows:
28          •   0.24% of cases reviewed are class members (eight out of 3,225);

2

- 0.18% of cases reviewed are class members who were entitled to relief under the PI (six out of 3,225); and
- 0.12% of cases reviewed are class members entitled to relief under the PI who were first identified as a result of the screening procedures implemented in September 2022 (four out of 3,225).

8. Additionally, the spreadsheet the government produced illustrates that USCIS did relatively little screening pursuant to the injunction in this case in 2024, and that screening tapered off significantly as the year went on. Based on the government's own data, USCIS conducted only ten screening interviews in 2024 (through December 18 of that year)—eight total in January and February, one in July, and one in September. An additional 17 interviews were scheduled between January and July where the interviewee did not show up. This represents a sharp drop in screening activity from prior years: USCIS completed 87 interviews in 2023 and 98 interviews in 2022.

9. Since the filing of the Crow Declaration, the second of two PI class members that Plaintiffs' counsel identified outside the United States, Crow Decl. ¶ 40 n.4, has returned to the United States, where he continues to await a decision on his motion to reopen removal proceedings.

10. I declare under penalty of perjury under the laws of the United States of America that the preceding declaration is true and correct.

Executed on this 7th day of February 2025 in Silver Spring, Maryland.

/s/ *Rebecca M. Cassler*
Rebecca M. Cassler

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: February 7, 2025         Respectfully submitted,

*s/ Matthew E. Fenn*
Matthew E. Fenn

*Attorney for Plaintiffs*