# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL OTRO LADO, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, *et al.*,<br><br>Defendants. | Case No. 17-cv-2366-BAS-KSC<br><br>**ORDER:**<br>　1. **DENYING PLAINTIFFS'**<br>　　　**REQUEST FOR INDICATIVE**<br>　　　**RULING,**<br>　2. **GRANTING PLAINTIFFS'**<br>　　　**MOTION FOR RELIEF FROM**<br>　　　**JUDGMENT**<br><br>**(ECF No. 842)** |

　　　Before this Court is Plaintiffs' Motion for Relief from Judgement and Request for Indicative Ruling. (ECF No. 842.)

　　　Now that the Ninth Circuit has issued its final mandate (ECF No. 852), this Court once again retains jurisdiction over the action, *Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 856 (9th Cir. 2004) ("Until the mandate issues, [the circuit court] retain[s] jurisdiction."). Therefore, Plaintiffs' Request for Indicative Ruling is **DENIED** as moot because an appeal is no longer pending in this case. *See* Fed. R. Civ. P. 62.1(a)(3) (authorizing indicative rulings when "the court lacks authority" because of a "pending" appeal).

As to the Motion for Relief from Judgment, Federal Rule of Civil Procedure ("Rule") 60(b)(5) permits a court to relieve a party from a final judgment or order if the court finds "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." This Rule "codifies the long-established principle of equity practice that a court may, in its discretion, take cognizance of changed circumstances and relieve a party from a continuing decree." *Gilmore v. California*, 220 F.3d 987, 1007 (9th Cir. 2000).

The Permanent Injunction at issue here was entered on August 5, 2022, nearly three years ago. (ECF No. 816.) Plaintiffs seek relief from judgment because "facts on the ground have changed since then" with the formalized metering policies being rescinded. (ECF No. 842 at 4.) Plaintiffs seek relief from the affirmative part of the injunction that requires the Government to take specific steps to identify class members, notify them of the injunction, and then take steps to re-open and re-adjudicate certain of the class members' asylum claims. *Al Otro Lado v. Exec. Off. for Immigr. Rev.*, No. 22-55988, 2024 WL 5692756, at *14 (9th Cir. May 14, 2025). Plaintiffs and their counsel were also ordered to facilitate this process. (ECF No. 605 at 22.) Plaintiffs seek relief from this portion of the injunction because the parties have struggled to identify class members since the injunction was entered, have identified very few since implementing screening procedures (fewer than ten), and the chances of identifying class members are diminishing as time passes (the most recently identified class member was found in May 2023). (ECF No. 842 at 4–5; ECF No. 847 at 2.) Bearing the burden to show relief from judgment is warranted, *Harvest v. Castro*, 531 F.3d 737, 748 (9th Cir. 2008), Plaintiffs argue the purposes of the Permanent Injunction have been satisfied and it is no longer equitable to apply the injunction prospectively given that the circumstances on the ground have changed so much, (ECF No. 842 at 6–10). Defendants do not oppose vacatur of the Court's Permanent Injunction. (ECF No. 846 at 2.)

The Court finds that Plaintiffs have made the required showing under Rule 60(b)(5), and that the purposes of the Permanent Injunction have been satisfied and applying it

prospectively is no longer equitable given the burdens on the parties and the minimal success of screening procedures in identifying additional potential class members. The Court therefore **GRANTS** the Motion for Relief from Judgment and **VACATES** the Permanent Injunction's requirements that the parties identify new class members. (ECF No. 842.)

     **IT IS SO ORDERED.**

**DATED: June 4, 2025**

                                                **Hon. Cynthia Bashant, Chief Judge**
                                                **United States District Court**